# FTC GUIDE CONCERNING USE OF THE WORD ``FREE'' AND SIMILAR REPRESENTATIONS

**§251.1 The guide.**

(a) General. (1) The offer of ``Free'' merchandise or service is a promotional device frequently used to attract customers. Providing such merchandise or service with the purchase of some other article or service has often been found to be a useful and valuable marketing tool.

(2) Because the purchasing public continually searches for the best buy, and regards the offer of ``Free'' merchandise or service to be a special bargain, all such offers must be made with extreme care so as to avoid any possibility that consumers will be misled or deceived. Representative of the language frequently used in such offers are ``Free'', ``Buy 1-Get 1 Free'', ``2-for-1 Sale'', ``50% off with purchase of Two'', ``1 Sale'', etc. (Related representations that raise many of the same questions include ``XX Cents-Off'', ``Half-Price Sale'', ``\1/2\ Off'', etc. See the Commission's ``Fair Packaging and Labeling Regulation Regarding `Cents-Off' and Guides Against Deceptive Pricing.'')

(b) Meaning of ``Free''. (1) The public understands that, except in the case of introductory offers in connection with the sale of a product or service (See paragraph (f) of this section), an offer of ``Free'' merchandise or service is based upon a regular price for the merchandise or service which must be purchased by consumers in order to avail themselves of that which is represented to be ``Free''. In other words, when the purchaser is told that an article is ``Free'' to him if another article is purchased, the word ``Free'' indicates that he is paying nothing for that article and no more than the regular price for the other. Thus, a purchaser has a right to believe that the merchant will not directly and immediately recover, in whole or in part, the cost of the free merchandise or service by marking up the price of the article which must be purchased, by the substitution of inferior merchandise or service, or otherwise.

(2) The term regular when used with the term price, means the price, in the same quantity, quality and with the same service, at which the seller or advertiser of the product or service has openly and actively sold the product or service in the geographic market or trade area in which he is making a ``Free'' or similar offer in the most recent and regular course of business, for a reasonably substantial period of time, i.e., a 30-day period. For consumer products or services which fluctuate in price, the ``regular'' price shall be the lowest price at which any substantial sales were made during the aforesaid 30-day period. Except in the case of introductory offers, if no substantial sales were made, in fact, at the ``regular'' price, a ``Free'' or similar offer would not be proper.

(c) Disclosure of conditions. When making ``Free'' or similar offers all the terms, conditions and obligations upon which receipt and retention of the ``Free'' item are contingent should be set forth clearly and conspicuously at the outset of the offer so as to leave no reasonable probability that the terms of the offer might be misunderstood. Stated differently, all of the terms, conditions and obligations should appear in close conjunction with the offer of ``Free'' merchandise or service. For example, disclosure of the terms of the offer set forth in a footnote of an advertisement to which reference is

Plaintiff's Exhibit 35

made by an asterisk or other symbol placed next to the offer, is not regarded as making disclosure at the outset. However, mere notice of the existence of a ``Free'' offer on the main display panel of a label or package is not precluded provided that (1) the notice does not constitute an offer or identify the item being offered ``Free'', (2) the notice informs the customer of the location, elsewhere on the package or label, where the disclosures required by this section may be found, (3) no purchase or other such material affirmative act is required in order to discover the terms and conditions of the offer, and (4) the notice and the offer are not otherwise deceptive.

(d) Supplier's responsibilities. Nothing in this section should be construed as authorizing or condoning the illegal setting or policing of retail prices by a supplier. However, if the supplier knows, or should know, that a ``Free'' offer he is promoting is not being passed on by a reseller, or otherwise is being used by a reseller as an instrumentality for deception, it is improper for the supplier to continue to offer the product as promoted to such reseller. He should take appropriate steps to bring an end to the deception, including the withdrawal of the ``Free'' offer.

(e) Resellers' participation in supplier's offers. Prior to advertising a ``Free'' promotion, a supplier should offer the product as promoted to all competing resellers as provided for in the Commission's ``Guides for Advertising Allowances and Other Merchandising Payments and Services.'' In advertising the ``Free'' promotion, the supplier should identify those areas in which the offer is not available if the advertising is likely to be seen in such areas, and should clearly state that it is available only through participating resellers, indicating the extent of participation by the use of such terms as ``some'', ``all'', ``a majority'', or ``a few'', as the case may be.

(f) Introductory offers. (1) No ``Free'' offer should be made in connection with the introduction of a new product or service offered for sale at a specified price unless the offeror expects, in good faith, to discontinue the offer after a limited time and to commence selling the product or service promoted, separately, at the same price at which it was promoted with the ``Free'' offer.

(2) In such offers, no representation may be made that the price is for one item and that the other is ``Free'' unless the offeror expects, in good faith, to discontinue the offer after a limited time and to commence selling the product or service promoted, separately, at the same price at which it was promoted with a ``Free'' offer.

(g) Negotiated sales. If a product or service usually is sold at a price arrived at through bargaining, rather than at a regular price, it is improper to represent that another product or service is being offered ``Free'' with the sale. The same representation is also improper where there may be a regular price, but where other material factors such as quantity, quality, or size are arrived at through bargaining.

(h) Frequency of offers. So that a ``Free'' offer will be special and meaningful, a single size of a product or a single kind of service should not be advertised with a ``Free'' offer in a trade area for more than 6 months in any 12-month period. At least 30 days should elapse before another such offer is promoted in the same trade area. No more than three such offers should be made in the same area in any 12-month period. In such period, the offeror's sale in that area of the product in the size promoted with a ``Free'' offer should not exceed 50 percent of the total volume of his sales of the product, in the same size, in

Plaintiff's Exhibit 35

the area.

(i) Similar terms. Offers of ``Free'' merchandise or services which may be deceptive for failure to meet the provisions of this section may not be corrected by the substitution of such similar words and terms as ``gift'', ``given without charge'', ``bonus'', or other words or terms which tend to convey the impression to the consuming public that an article of merchandise or service is ``Free''.

(38 Stat. 717, as amended; 15 U.S.C. 41 - 58)
[36 FR 21517, Nov. 10, 1971]

Plaintiff's Exhibit 35