## IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC.     )
     )
    Plaintiff     )
    v.     )     Case No.PJM 08 cv 0921
     )
WORLD AVENUE USA, LLC, et al. )
    Defendants     )
_____ )

### DEFENDANT WORLD AVENUE USA, LLC'S MOTION FOR LEAVE TO AMEND ANSWER AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, WORLD AVENUE USA, LLC ("World Avenue"), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Rule 103(6) of the Local Rules of the District of Maryland, and Rule C (8) of the Revised Electronic Filing Requirements and Procedures for Civil Cases, hereby moves the Court for entry of an Order granting World Avenue Leave to Amend its Answer to Plaintiff, BEYOND SYSTEMS, INC.'s ("BSI"), Amended Complaint on the grounds set forth in the following Memorandum of Law:

### MEMORANDUM OF LAW

1.    This is an action brought by a serial spam litigator masquerading as an internet service provider, BSI, for $134 million in supposed damages that it inflicted upon itself. BSI posits itself as a victim of unsolicited commercial e-mail. On December 22, 2008, BSI filed the Amended Complaint. On May 27, 2009, World Avenue filed an Answer to the Amended Complaint ("Answer"). In this motion, World Avenue seeks to amend the Answer to correct its response to Paragraph 3 of the Amended Complaint. Amendment of pleadings is expressly

favored, and World Avenue should be permitted to amend the Answer for these purposes. For the following reasons, this Court should grant World Avenue's Motion for Leave to Amend.

2.      Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading, after twenty days from the date of serving the original pleading, with leave of court, which "shall be freely given when justice so requires." The United States Supreme Court has declared that "this mandate is to be heeded" so that cases are decided on their full merits. *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Thus, while district courts are afforded discretion to deny amendment, "that discretion is *limited* by the interpretation given Rule 15(a) in *Foman*, 'and by the general policy emodied in the Federal Rules favoring resolution of cases on their merits.'" *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (emphasis added)). Accordingly, "[a] court may not then use its discretion either arbitrarily, or in a way that undermines the basic policy of the rule." *Davis*, 615 F.2d at 1980.

3.      So strong is the policy favoring amendments that leave to amend will be denied *only* in cases marked by bad faith, dilatory motive, undue delay, futility or repeated failure to cure pleading deficiencies, or in which the opposing party will suffer prejudice. *Foman*, 471 U.S. at 182; *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001); *Westport Ins. Corp. v. Albert*, No. Civ. A. AW-04-2315, 2005 WL 1308534 (D. Md. May 31, 2005) (considering a motion for leave to amend answer). "Thus, in exercising its discretion in the matter the Court should focus 'on prejudice or futility or bad faith as the *only* legitimate concerns in denying leave

to amend, since only these truly relate to protection of the judicial system or other litigatants.'" *Island Creek*, 832 F.2d at 279 (citing *Davis*, 615 F.2d at 613)). A substantial showing is required to overcome the presumption in favor of allowing amendments. *See Cuffy v. Getty Refining & Marketing Co.*, 648 F. Supp. 802, 806 (D. Del. 1986) ("Prejudice does not mean inconvenience to a party."). As long as they do not unfairly surprise the opposing party or prevent it from presenting its case, amendments should be freely allowed as the case develops. *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir.), *cert. denied*, 493 U.S. 944 (1989).

4.     No reason for denial of leave to amend exists in this case. World Avenue has acted in good faith. Moreover, World Avenue has not unduly delayed requesting leave to amend, nor will BSI be unduly prejudiced if leave is granted.

5.     Pursuant to Local Rule 103(6)(a) and Rule C (8) of the Revised Electronic Filing Requirements and Procedures for Civil Cases, a copy of proposed Amended Answer and a copy of the Answer highlighting the amendment is attached hereto as Exhibit A and B respectively.

### Conclusion

6.     For the foregoing reasons, World Avenue requests that this Court enter an order granting World Avenue leave to amend its Answer.


**WHEREFORE**, Defendant World Avenue USA, LLC, moves this Court for entry of an Order accepting the attached Amendment Answer as duly filed, and requests such other and further relief as this Court deems appropriate.

3

August 3, 2009

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

_____/s/_____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477