# EXHIBIT B

## IN THE U.S. DISTRICT COURT FOR MARYLAND,
## SOUTHERN DIVISION

BEYOND SYSTEMS, INC.    )
           )
  Plaintiff      )
  v.          )   Case No.PJM 08 cv 0921
           )
WORLD AVENUE USA, LLC, et al. )
  Defendants    )
_____)

## DEFENDANT WORLD AVENUE USA, LLC'S
## ANSWER TO THE AMENDED COMPLAINT

Defendant, World Avenue, USA, LLC (hereinafter referred to as "World Avenue"), by and through its undersigned counsel answers the Amended Complaint of Plaintiff, Beyond Systems, Inc. as set forth below. Notwithstanding Plaintiff's use of the term "World Avenue" to refer collectively to the Defendants, *see* Amended Complaint, ¶6, in the Answer "World Avenue" refers solely to the individual named Defendant. Unless expressly admitted, the allegations are denied as explained in the answer to each paragraph, as follows:

### I.  INTRODUCTION

1. The allegations in Paragraph 1 are legal conclusions, to which no response in required. To the extent that a response is required, World Avenue admits that the Amended Complaint purports to seek relief based on alleged violations of MD-CEMA and FL-CEMA, but denies that Plaintiff is entitled to any of the relief set forth in its Amended Complaint.

## II.    THE PARTIES

2. World Avenue is without sufficient knowledge or information to form a belief as to the truth of the first sentence of Paragraph 2 and, therefore, the allegations of that sentence should be deemed denied.  World Avenue affirmatively denies the remaining allegations of this Paragraph, including the assertion that BSI is an "interactive computer service provider or an "interactive computer service."

3. World Avenue admits that it is a limited liability company formed under the laws of Delaware and that it maintains its principal business offices in Sunrise, Florida, and that it ~~is~~was the successor in interest to Niutech, LLC through Articles of Merger.   World Avenue denies the remaining allegations of this Paragraph.

4. Paragraph 4 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent that a response is necessary, World Avenue admits that WAH is a limited liability company, and denies the remaining allegations of this Paragraph.

5. Paragraph 5 does not contain any allegations concerning World Avenue and therefore, no response is necessary.  To the extent that a response is necessary, World Avenue admits that JI is the chairman of World Avenue, and denies the remaining allegations of this Paragraph.

6. World Avenue admits that JI is the chairman of World Avenue and a signatory of the Articles of Merger, and denies the remaining allegations of the Paragraph 6.

7. Paragraph 7 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent that this Paragraph is directed at World Avenue, the allegations are denied.

### III.   JURISDICTION AND VENUE

8. World Avenue admits that the Court has subject matter jurisdiction over this matter in that Plaintiff avers there exists diversity among the parties and the amount in issue is over $75,000.   World Avenue denies that it regularly conducts business in the State of Maryland, and is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations concerning other Defendants set forth in Paragraph 8 and therefore the allegations should be deemed denied.

9. World Avenue is without knowledge, and therefore denies, the location where the "events giving rise to the present claims occurred," as Plaintiff improperly manipulated said location.   World Avenue denies the remaining allegations of the Paragraph 9.

### IV.   UNSOLICITED, COMMERCIAL EMAIL

**A.    Unsolicited Commercial Email Unfairly Shifts the Cost Burden from Sender to Recipient.**

10. The allegations in Paragraph 10 set forth a legal conclusion and, therefore, no response is required.   To the extent a response is necessary, World Avenue is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations and the allegations should be deemed denied.

11. Plaintiff sets forth an interpretation of the law in Paragraph 11, accordingly, no response is required.   To the extent that a response is required, World Avenue admits that Plaintiff purports to quote selected portions of the Maryland Code Ann., Commercial Law §14-3001(b)(1), and denies the remaining allegations of this Paragraph.

12. Plaintiff sets forth an interpretation of the law in Paragraph 12, accordingly, no response is required.   To the extent that a response is required, World Avenue admits that

3

Plaintiff purports to quote selected portions of the Maryland Code Ann., Commercial Law §14-3002(b), and denies the remaining allegations of this Paragraph.

13. Plaintiff sets forth an interpretation of the law in Paragraph 13, accordingly, no response is required. To the extent that a response is required, World Avenue admits that Plaintiff purports to quote selected portions of the Florida Statutes Annotated § 668.602(14), and denies the remaining allegations of this Paragraph.

14. Plaintiff sets forth an interpretation of the law in Paragraph 14, accordingly, no response is required. To the extent that a response is required, World Avenue admits that Plaintiff purports to quote selected portion of the Florida Statutes Annotated § 668.603, and denies the remaining allegations of this Paragraph.

15. Paragraph 15 does not contain any allegations concerning World Avenue and, therefore, no response is required. To the extent a response is necessary, World Avenue is without sufficient knowledge or information to form a belief as to the truth of the first sentence of the Paragraph 15 and therefore the allegations should be deemed denied. As to the second sentence of the Paragraph 15, World Avenue admits that Plaintiff purports to quote selected portion of a FTC report, and denies the remaining allegations of this Paragraph.

16. Paragraph 16 does not contain any allegations concerning World Avenue and, therefore, no response is required. To the extent a response is necessary, World Avenue admits that Plaintiff purports to quote selected portion of a FTC report, and denies the remaining allegations of this Paragraph.

17. Paragraph 17 does not contain any allegations concerning World Avenue and, therefore, no response is required. To the extent a response is necessary, World Avenue

admits that Plaintiff purports to cite to an Act of Congress intended to regulate email and a Barracuda Networks Annual Spam Report, and denies the remaining allegations of this Paragraph.

18. Paragraph 18 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent that a response is necessary, World Avenue is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations and therefore the allegations should be deemed denied, and denies the remaining allegations of this Paragraph.

19. Paragraph 19 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent that a response is necessary, World Avenue is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations and therefore the allegations should be deemed denied.

20. Paragraph 20 does not contain any allegations concerning World Avenue and, therefore, no response is required.  Furthermore, the allegations in the first sentence constitute a legal conclusion to which no response is required.  To the extent that a response is necessary, World Avenue is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations and therefore the allegations should be deemed denied.

21. Paragraph 21 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent that a response is necessary, World Avenue is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations and therefore the allegations should be deemed denied.

**B.      Recent Litigation.**

22. Paragraph 22 does not contain any allegations concerning World Avenue and, therefore, no response is required.   To the extent that a response is necessary, World Avenue admits that Plaintiff purportedly cites *Facebook, Inc. v. Guerbuez, et al.*, Case No. C08003889 HRL (N.D.Cal,, Nov. 10, 2008).   World Avenue  is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations and therefore the allegations should be deemed denied.

23. Paragraph 23 does not contain any allegations concerning World Avenue and, therefore, no response is required.   To the extent a response is necessary, World Avenue admits that Plaintiff purportedly cites a USDOJ Press Release.   World Avenue is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations and therefore the allegations should be deemed denied.

24. Paragraph 24 does not contain any allegations concerning World Avenue and, therefore, no response is required.   To the extent a response is necessary, World Avenue admits that Plaintiff purportedly cites a USDOJ Press Release.   World Avenue is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations and therefore the allegations should be deemed denied.

25. Paragraph 25 does not contain any allegations concerning World Avenue and, therefore, no response is required.   To the extent a response is necessary, World Avenue admits that Plaintiff purportedly cites to a FTC press release. World Avenue  is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations and therefore the allegations should be deemed denied.

26. Paragraph 26 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent that a response is necessary, World Avenue admits that Plaintiff purportedly cites to a FTC press release. As to the rest of the allegations, World Avenue  is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations and therefore the allegations should be deemed denied.

## V.    FACTUAL BACKGROUND

### A.    Plaintiff Beyond Systems, Inc.

27. World Avenue denies that BSI is an "interactive computer service provider" or an "interactive computer service," and denies the remaining allegations of the Paragraph 27.

28. Denied.

### B.    World Avenue

29. Denied.

30. World Avenue admits the existence of the Florida Attorney General press release of August 23, 2007.  To the extent directed at World Avenue, the allegations in Paragraph 30 are denied.

31. World Avenue admits that in Paragraph 31 Plaintiff purportedly cites to the Better Business Bureau Company Report.  To the extent directed at World Avenue, the allegations in Paragraph 31 are denied. To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

32. World Avenue admits that the Exhibit 19 purportedly depicts a San Francisco Chronicle article. To the extent directed at World Avenue, the allegations in Paragraph 32

7

are denied.  To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

33. World Avenue admits that Exhibit 20 purportedly depicts a copy of a page of the Rip Off report.  To the extent directed at World Avenue, the allegations in Paragraph 33 are denied. To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

### 1.    Highly-Incentivized Lead Generation Business Model.

34. To the extent directed at World Avenue, World Avenue admits that Exhibit 22A purportedly depicts a copy of http://www.theuseful.com website and denies the remaining allegations in Paragraph 34. To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

35. To the extent directed at World Avenue, World Avenue admits that it is an internet marketing company and denies the remaining of allegations in Paragraph 35.

36. Denied.

37. World Avenue admits that Exhibit 23 purports to reflect information regarding email allegedly received by Plaintiff, and denies the remaining allegations of the Paragraph 37.

38. Denied.

39. Denied.

40. Denied.

41. World Avenue admits that the Florida Attorney General issued a press release on August 23, 2007 and that Plaintiff attaches a purported copy to the Amended Complaint, but World Avenue denies the remaining allegations of the Paragraph 41.

42. World Avenue admits that the Florida Attorney General issued a press release on August 23, 2007 and that Plaintiff attaches a purported copy to the Amended Complaint, but denies the remaining allegations of the Paragraph 42.

43. Denied.

44. Paragraph 44 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent a response is necessary, World Avenue admits that Plaintiff purports to quote an FTC document and denies the remaining allegations of this Paragraph.

## 2. WORLD AVENUE Employs Third Party Marketing Agents to Send Spam on its Behalf

45. World Avenue admits that Plaintiff purports to quote Homer Appleby and denies the remainder of the allegations.

46. To the extent that the allegations in Paragraph 46 are directed at World Avenue, World Avenue admits that Plaintiff purports to cite http://www.theuseful.com website and denies the remaining allegations of this Paragraph.

47. To the extent that the allegations in Paragraph 47 are directed at World Avenue, World Avenue admits that Plaintiff purports to cite http://www.theuseful.com website and denies the remainder of the allegations.

**3.     WORLD AVENUE Conducts Business Using Fictitious and/or Assumed Names to Conceal Its Identity.**

48. To the extent directed at World Avenue, World Avenue admits that, pursuant to Florida Department of State, Division of Corporations it registers fictitious names and denies the remaining allegations in Paragraph 48.

49. To the extent directed at World Avenue,  World Avenue denies the allegations in Paragraph 49.  To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

50. World Avenue admits that Plaintiff purportedly cites a GAO Report to the Subcommittee  on  Courts,  the  Internet,  and  Intellectual  Property,  House  of Representatives, November 2005, and therefore no response is required.  To the extent a response is necessary, World Avenue is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore they should be deemed denied.

51. To the extent directed at World Avenue, World Avenue admits that Plaintiff attaches what it purports to be Whois queries and denies the remaining of the allegations in Paragraph 51.  To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

52. To the extent directed at World Avenue, allegations in Paragraph 52 are denied.

53. Paragraph 53 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent a response is necessary, denied.

54. Paragraph 54 does not contain any allegations concerning World Avenue and, therefore, no response is required. To the extent a response is necessary, World Avenue admits that Plaintiff purports to attach a copy of one of the "Terms and Conditions" and denies the remaining allegations.

55. Paragraph 55 does not contain any allegations concerning World Avenue and, therefore, no response is required. To the extent a response is necessary, World Avenue admits that Plaintiff purports to cite the registration information regarding Net Radiance LLC from the Florida Secretary of State and denies the remaining allegations. To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

56. Paragraph 56 does not contain any allegations concerning World Avenue and, therefore no response is required. To the extent directed at World Avenue and a response is required, World Avenue admits that World Avenue Holdings is the Managing Member of World Avenue and that Plaintiff purports to attach a copy of certain registration information regarding World Avenue Holdings, LLC from the Florida Secretary of State, but denies that Niupercent, Inc. is currently the Managing Member of World Avenue Holdings and denies the remaining allegations of this Paragraph.

57. Paragraph 57 does not contain any allegations concerning World Avenue, and, therefore, no response is required. To the extent a response is necessary, World Avenue admits that Plaintiff purports to attach a copy of a website called *SuperbRewards.com* website and denies the remainder of the allegations. To the extent the allegations are

11

directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

58. Paragraph 58 does not contain any allegations concerning World Avenue and, therefore, no response is required. To the extent a response is necessary, World Avenue admits that Plaintiff purports to cite a San Francisco Chronicle article and denies the remaining allegations.

**4.    WORLD AVENUE is Non-Compliant with Advertising Laws and Ethical Guidelines.**

59. World Avenue admits that the Florida Attorney General sued World Avenue and that Plaintiff purports to attach a press release of August 23, 2007 and denies the remaining allegations of the Paragraph 59.

60. World Avenue admits that it signed an Assurance of Voluntary Compliance with the Florida Attorney General and that Plaintiff purports to attach a press release of January 16, 2008, and denies the remaining allegations of the Paragraph 60.

61. To the extent that the allegations in Paragraph 61 are directed at World Avenue, World Avenue admits that Plaintiff purports to attach a copy of a Direct Marketing Association list, and denies the remaining allegations.

**C.    THE EMAILS AT ISSUE**

62. To the extent that the allegations in Paragraph 62 are directed at World Avenue, World Avenue denies the allegations and notes that many of the emails Plaintiff is referring to were sent to it by a relative of one of the individuals who owns Plaintiff.

63. Denied.

64. Denied.

12

65. To the extent that the allegations in Paragraph 65 are directed at World Avenue, World Avenue admits that Plaintiff purports to attach 4 emails and denies the remaining allegations.

66. To the extent that the allegations in Paragraph 66 are directed at World Avenue, World Avenue denies the allegations.  World Avenue notes that many of the emails Plaintiff is referring to were sent to it by a relative of one of the individuals who owns Plaintiff.

67. To the extent that the allegations in Paragraph 67 are directed at World Avenue, World Avenue denies the allegations. To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they are denied.

68. To the extent that the allegations in Paragraph 68 are directed at World Avenue, World Avenue admits that Plaintiff attaches a declaration of Paul A. Wagner and denies the remaining allegations. To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they are denied.

69. To the extent that the allegations in Paragraph 69 are directed at World Avenue, World Avenue admits that JI is the chairman of World Avenue and denies the remaining allegations.

70. Paragraph 70 does not contain any allegations concerning World Avenue, and, therefore, no response is required.  To the extent a response is necessary, Paragraph 70 is denied.

13

## VI.    FALSITY AND DECEPTION

71. Denied.

### A.    Deceptive Subject Lines

72. Paragraph 72 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent a response is necessary, World Avenue admits that Plaintiff purports to cite to a FTC report and denies the remaining allegations. To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

73. Denied.

74. Denied.

75. Paragraph 75 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent a response is necessary, World Avenue admits that Plaintiff purports to attach some, but not all, of the FTC guidelines on the use of the word "Free", and denies the remaining allegations.

76. Paragraph 76 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent a response is necessary, World Avenue admits that Plaintiff purports to cite to some, but not all, of the FTC guidelines on the use of the word "Free," and denies the remaining allegations.

77. Paragraph 77 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent a response is necessary, World Avenue admits that Plaintiff purports to cite to a FTC report and denies the remaining allegations.

**B.**     **Deceptive Sender Names**

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. As to the e-mails referenced in the Amended Complaint, denied, and as to all other unproduced e-mails alleged by Plaintiff, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they are denied.

**D.**     **Deceptive Information about Origin or Transmission Path in Message Body**

86. Denied.

87. Denied.

88. Denied.

**E.**     **Forged Mailserver Information**

89. Paragraph 89 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent a response is necessary, World Avenue admits the first sentence and that Plaintiff purports to cite to a FTC report, and denies the remaining allegations of this Paragraph.

90. Paragraph 90 does not contain any allegations concerning World Avenue and, therefore, no response is required.  To the extent a response is necessary, World Avenue

15

admits that a transmitting computer sends a "HELO" and denies the remaining allegations of this Paragraph.

91. Denied.

92. Denied.

## VII.    MD-CEMA

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

## VIII.    FL-CEMA

101. Admitted that the Paragraph 101 cites to selected portions of FL-CEMA, but the remaining allegations of this Paragraph are denied.

102. World Avenue incorporates by reference its answers to Paragraphs 1-101 above, as if fully set forth herein.

103. Denied.

104. Denied.

16

## IX.   COUNTS

### Count I - MCEMA

105. World Avenue incorporates by reference its answers to Paragraphs 1-105 above, as if fully set forth herein.

106. Denied.

### Count II - FL CEMA

107. World Avenue incorporates by reference its answers to Paragraphs 1-107 above, as if fully set forth herein.

108. Denied.

### PRAYER FOR RELIEF

World Avenue denies that Plaintiff is entitled to any of the relief set forth in the ad *damnum* clause.

### AFFIRMATIVE AND OTHER DEFENSES

Subject to its Reponses to the allegations set forth in Plaintiff's Amended Complaint, and without waiving its right to raise additional defenses at a later time, World Avenue identifies the following affirmative defenses and other defenses to Plaintiff's claims against World Avenue.

### AFFIRMATIVE DEFENSE No. 1

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### AFFIRMATIVE DEFENSE No. 2

Plaintiff lacks standing to bring a claim.

### AFFIRMATIVE DEFENSE No. 3

All or some portions of the Plaintiff's claim or the statutes on which Plaintiff bases its claims are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. §§ 7701 *et seq.*

### AFFIRMATIVE DEFENSE No. 4

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches.

### AFFIRMATIVE DEFENSE No. 5

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### AFFIRMATIVE DEFENSE No. 6

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### AFFIRMATIVE DEFENSE No. 7

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### AFFIRMATIVE DEFENSE No. 8

Plaintiff's injury is self-inflicted. In addition, if any damages have resulted, Plaintiff failed to mitigate.

### AFFIRMATIVE DEFENSE No. 9

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AFFIRMATIVE DEFENSE No. 10

To the extent that any of the emails at issue contain any representations, such representations were not made for the purpose of misleading Plaintiff, inducing Plaintiff to rely on them, or to act or refrain from acting in reliance thereon.

## AFFIRMATIVE DEFENSE No. 11

To the extent that any of the emails at issue contain any representations, all such representations were made with a good faith belief in their truth.

## AFFIRMATIVE DEFENSE No. 12

World Avenue established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited, misleading or legally noncompliant commercial email advertisements.

## AFFIRMATIVE DEFENSE No. 13

To the extent that any of the subject emails contain any representations, such representations are rendered immaterial as a matter of law and, therefore, non-actionable, by other disclosures contained within the body of the email or in accompanying links.

## AFFIRMATIVE DEFENSE No. 14

To the extent that any of the subject emails contain any representations, World Avenue was not responsible for any deceptive or misleading information in the alleged emails. World Avenue cannot be held liable for the unilateral acts or omissions of independent third parties.

## AFFIRMATIVE DEFENSE No. 15

Plaintiff is not an Interactive Computer Service Provider under Maryland Commercial Law Code §§ 14-3001, *et seq.*

## AFFIRMATIVE DEFENSE No. 16

Plaintiff is not an Interactive Computer Service under the Florida Electronic Communications Act, Section 668.60 *et seq.*

19

## AFFIRMATIVE DEFENSE No. 17

Plaintiff's claims under the Florida Electronic Communications Act, Section 668.60 *et seq.* are barred to the extent that the emails were not sent from a computer in Florida. Conversely, Plaintiff's claims under Maryland Commercial Law Code §§ 14-3001 *et seq.* are barred to the extent that the emails were not sent to Maryland, but instead to California or elsewhere.

## AFFIRMATIVE DEFENSE No. 18

Plaintiff's claims for relief under the Florida Electronic Communications Act, Section 668.60 *et seq.* and Maryland Commercial Law Code §§ 14-3001 *et seq.* are barred to the extent that the penalties contained therein and the application thereof, facially and as applied, violate the Due Process clause of the United States Constitution and the Florida Constitution.

## AFFIRMATIVE DEFENSE No. 19

Plaintiff's claim under the Florida Electronic Communications Act, Section 668.60 *et seq.* is barred to the extent that World Avenue did not either substantially assist or support the transmission of any email that violated the Act, and was without knowledge, actual or imputed, that any third party was engaged or about to engage in an act or practice that violated the Act.

## AFFIRMATIVE DEFENSE No. 20

Plaintiff voluntarily accepted receipt of some or all of the emails at issue in the Amended Complaint, and one of its business objectives is to generate the purported basis to file

lawsuits and secure money from lawsuits based on such emails.[1]  Based on the foregoing

and other conduct and activities to be determined during the course of this action, any and

all violations and/or damages caused by Plaintiff were caused, in whole or in part, by

Plaintiff's own conduct, by the conduct of persons or entities with regard to whom

Plaintiff is legally responsible, and/or by the conduct of persons or entities with regard to

whom World Avenue is not legally responsible, and not by any alleged conduct on the

part of World Avenue.

## AFFIRMATIVE DEFENSE No. 21

Plaintiff took efforts to facilitate the receipt of the emails at issue in the Amended

Complaint, and one of its business objectives is to generate the purported basis to file

lawsuits and secure money from lawsuits based on such emails.   Based on the foregoing

and other conduct and activities to be determined during the course of this action, any and

all violations and/or damages caused by Plaintiff were caused, in whole or in part, by

Plaintiff's own conduct, by the conduct of persons or entities with regard to whom World

Avenue is not legally responsible, and not by any alleged conduct on the part of World

Avenue.

## AFFIRMATIVE DEFENSE No. 22

Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative

negligence or fault or contributory negligence.

---

[1] World Avenue reserves its right to file the counterclaims upon the development of additional facts.

21

## AFFIRMATIVE DEFENSE No. 23

To the extent that the alleged conduct was caused by third parties over which World Avenue has no control in violation of applicable agreements, World Avenue is entitled to contribution or indemnity from such third parties.

## AFFIRMATIVE DEFENSE No. 24

Plaintiff is not a recipient under Maryland Commercial Law Code Sections 14-3001 *et seq.*

## AFFIRMATIVE DEFENSE No. 25

World Avenue did not send or initiate the transmission of the emails at issue in this case.

## AFFIRMATIVE DEFENSE No. 26

Plaintiff has sued the wrong party in bad faith, without substantial justification because Plaintiff knew or should have known that World Avenue did not send or initiate the transmission of the emails at issue in this case.

**WHEREFORE,** Defendant World Avenue requests entry of judgment in its favor, an award of its attorneys' fees and costs, and such other and further relief as this Court deems appropriate.

Dated: May 27, 2009.

Respectfully submitted,

GREENBERG TRAURIG, LLP

_____/s/_____

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
GREENBERG TRAURIG, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
202-331-3100
202-331-3101

Attorney for World Avenue USA, LLC

--and--

Kenneth A. Horky, Esq.
Florida Bar No. 691194
(Admitted *Pro Hac Vice*)
John L. McManus
Florida Bar No. 0119423
(Admitted *Pro Hac Vice*)
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

Of Counsel:

Nicoleta Burlacu, Esq.
New York Bar No. 4570305
(Admitted *Pro Hac Vice*)
GREENBERG TRAURIG, LLP

23

2101 L Street, NW
Suite 1000
Washington, DC 20037
Telephone: 202-530-8536
Facsimile: 202-331-3100