IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.        )
                            )
    Plaintiff           )
v.                          )        Case No. PJM 08 cv 0921
                            )
WORLD AVENUE USA, LLC, et al.)
    Defendants          )
_____ )

### DEFENDANT WORLD AVENUE HOLDINGS, LLC'S MOTION TO QUASH PLAINTIFF'S AMENDED NOTICE OF FED. R. CIV. P. 30(b)(6) CORPORATE DEPOSITION, FOR PROTECTIVE ORDER AND FOR SANCTIONS

Pursuant to Rules 26(c), 30(a),(b), 34, 37(b), and Rule 8(b), Discovery Guidelines of the United States District Court for the District of Maryland, Defendant, World Avenue Holdings, LLC, ("Holdings") through its undersigned counsel, respectfully moves to quash Plaintiff, Beyond Systems, Inc.'s ("BSI") Amended Notice of Fed. R. Civ. P. 30(b)(6) Corporate Deposition of Holdings in Support of Jurisdictional Discovery ("Second Deposition Notice"), for a protective order preventing same, and for sanctions against Plaintiff for violations of the discovery rules and the Court's order.

The Second Deposition Notice should be quashed and a protective order entered on the grounds that (1) Plaintiff failed to seek leave of the Court to convene a second deposition of a party, (2) Plaintiff failed to provide Holdings reasonable notice of the deposition, (3) the Second Deposition Notice was filed outside of the 10 day requirement for filing written discovery set forth in the Court's July 14, 2009 Order

(DKT# 81), (4) the topics therein are beyond the scope of jurisdictional discovery and some are duplicative of matters already asked and answered, are unduly burdensome, overly board, and not reasonable drafted to develop evidence relevant to personal jurisdiction over Holdings and constitute harassment of Holdings, (5) the request for production violates Rule 34, F.R.Civ.P. and they also go beyond the bounds of reasonable jurisdictional discovery. Furthermore, any "need" Plaintiff has for a second Holdings' deposition is directly attributable to Plaintiff's failure to sufficiently notice and conduct the first deposition and Holdings should not have to bear additional costs for a second deposition.

In support of its Motion, Defendant, World Avenue Holdings, LLC submits the accompanying Memorandum of Points and Authorities, which is incorporated by reference herein.

**WHEREFORE,** Defendant, World Avenue Holdings, LLC respectfully requests that the Court grant its Motion to Quash Plaintiff's Amended Notice of Fed. R. Civ. P. 30(b)(6) Corporate Deposition of World Avenue Holdings, LLC in Support of Jurisdictional Discovery, issue a protective order enjoining repeated deposition of World Avenue Holdings, LLC and grant World Avenue Holdings, LLC reasonable attorneys' fees and costs for filing this motion.

Respectfully submitted,

GREENBERG TRAURIG, LLP

_____/s/_____
Sanford M. Saunders, Jr., Esq.

USDC, MD #4734
GREENBERG TRAURIG, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
202-331-3100
202-331-3101

Attorney for World Avenue Holdings, LLC

DATED: September 9, 2009

**Of Counsel:**

Kenneth Horky, Esq.
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

Nicoleta Burlacu, Esq. (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
Telephone: 202-530-8536
Facsimile: 202-331-3100