IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC. )
 )
    Plaintiff )
v. ) Case No. PJM 08 cv 0921
 )
WORLD AVENUE USA, LLC, et al.) 
    Defendants )
_____ )

### DEFENDANT WORLD AVENUE HOLDINGS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH PLAINTIFF'S AMENDED NOTICE OF FED. R. CIV. P. 30(b)(6) CORPORATE DEPOSITION, FOR PROTECTIVE ORDER AND FOR SANCTIONS

Pursuant to Rules 26(c), 30(a)-(b), 34, 37(b), Fed. R. Civ. P., and Rule 8(b), Discovery Guidelines of the United States District Court for the District of Maryland ("Discovery Guidelines[1]"), Defendant World Avenue Holdings, LLC, ("Holdings") through its undersigned counsel, respectfully moves to quash Plaintiff Beyond Systems, Inc.'s ("BSI") Amended Notice of Fed. R. Civ. P. 30(b)(6) Corporate Deposition of Holdings in Support of Jurisdictional Discovery ("Second Deposition Notice[2]"), for a protective order preventing the second 30(b)(6) deposition of Holdings on jurisdictional issues, and for sanctions against Plaintiff for violations of the discovery rules and the Court's order.

The Second Deposition Notice should be quashed and a protective order entered because Plaintiff failed to seek leave of this Court to convene a second 30(b)(6) deposition of Holdings. In addition, Plaintiff failed to provide Holdings reasonable notice of the

---

[1] Compliance with the Guidelines will be considered by the Court in resolving discovery disputes including whether sanctions should be awarded pursuant to Fed. R. Civ. P. 37. *See* Discovery Guideline 1(b).

[2] Although Plaintiff titled its second Rule 30(b)(6) Notice of Deposition as being an "amended notice" it is in fact a new notice of two depositions which includes ninety (19) definitions, sixty (60) topics and fifteen (15) document production requests. A copy of Plaintiff's Second Deposition Notice is attached as Exhibit 1.

deposition -- three (3) and eight (8) days, respectively. Furthermore, the Second Deposition Notice was filed outside of the 10 day requirement for filing written discovery set forth in the Court's July 14, 2009 Order (DKT# 81) ("Court Order"). The Second Deposition Notice also should be quashed based on its content. The topics therein are beyond the scope of jurisdictional discovery and some are duplicative of matters already asked and answered. Thus, they are unduly burdensome, overly board, and not reasonable drafted to develop evidence relevant to whether Holdings is subject to the personal jurisdiction of the Court and constitute harassment of Holdings.

The categories of documents to be produced suffer from similar deficiencies. Plaintiff's request for production violates Rule 34, Fed. R. Civ. P., in that it seeks documents from a party in less than 30 days' notice. The production requests also go beyond the bounds of reasonable jurisdictional discovery.

Plaintiff's violation of the discovery rules and the Court Order is another example of Plaintiff's failure to properly respond to Holding's Motion to Dismiss. Plaintiff rushed to convene the Holdings deposition and did not adequately prepare to address the relevant issues. It now improperly seeks a second, and third, bite at the apple. Plaintiff's Second Notice of Deposition demonstrates that it either wasted Holding's time and forced it to incur unnecessary expense preparing for and appearing at the first deposition or constitutes a willful abuse of the discovery rules in order to compensate for its prior ill-fated efforts.

## I. PROCEDURAL BACKGROUND

Plaintiff filed an Amended Complaint naming Holdings as a Defendant for alleged violations of the Maryland Commercial Electronic Mail Act § 14-3001 *et seq.* and Florida Commercial Electronic Mail Act, § 668.601 *et seq.* On April 15, 2009, Holdings filed a Motion

to Dismiss, in part, for lack of personal jurisdiction. Plaintiff failed to properly respond to Holdings' Motion to Dismiss for Lack of Personal Jurisdiction and the Court, *sua sponte,* granted Plaintiff's limited jurisdictional discovery. *See* Court Order. At the hearing on this Motion, the Court stated:

> You know you folks are becoming regular visitors of my court in a way that somehow inappropriately, I think, monopolizes the time of the Court. You're back on jurisdictional issues again and again. I think you've got to tighten your game a little bit. This time around certainly is a good example of it, because we have to scramble through to see exactly how these folks get into the case. ... I think you guys have been sloppy on this, I really do. You may have a case to make, but you've just let it go on this jurisdictional issue ... You folks seem to be in this business right now of suing spammers so-to-speak, what you believe to be spammers. If you're in the business, you've got to be much more careful on the jurisdictional issue because it's tortuous."

A copy of the transcript pages are attached hereto as Exhibit 2.

> Specifically, in the Court Order, the Court ordered:
>
> Plaintiff shall **SERVE** Holdings with jurisdictional discovery requests within ten (10) days from the date of this Order [July 14, 2009], with Defendant having thirty (30) days thereafter to respond; and Plaintiff shall **FILE** a supplemental response to World Avenue Holding's Motion to Dismiss within sixty (60) days from the date of this Order, and Defendant shall file any reply within thirty (30) days thereafter.

*See* Court Order, DKT # 81 (emphasis in original).

On July 24, 2009, Plaintiff served on Holdings Jurisdictional Document Requests, Interrogatories, a Notice of Entry upon Land, and a Notice of Rule 30(b)(6) deposition.[3] Holdings timely responded to Plaintiff's jurisdictional discovery. The Notice of Rule 30(b)(6) Deposition noticed the deposition of the corporate designee of Holdings on August 26, 2009 and provided for thirteen (13) subject matters and fifteen (15) categories of documents to be produced. On August 26, Plaintiff deposed Holdings' corporate representative, Fidel D. Dhana. The Court has some familiarity with this deposition since it resulted in 2 conference calls with

---

[3] A copy of the Notice is attached as Exhibit 3.

3

the Court. During the calls, Holdings raised the problem of deficiencies in Plaintiff's first Notice, including some deficiencies in the definitions, and the Court advised the parties the deposition was limited to the topics in the Notice. The Court stated:

```
24   THE COURT: Well, the second part -- the last
25   sentence you just offered clearly is prohibited by
 1   the law; that is, he doesn't have to answer any
 2   questions that are off the beaten path of the topics
 3   noted. That part is easy; that is, you can't note
 4   the 30B6 deposition on one subject and ask questions
 5   about another subject.
```

*See* Excerpted transcript of August 26, 2009 hearing, p 22-23, attached as Composite Exhibit 4.

The Court also stated that the co-Defendant to Holdings, World Avenue USA, LLC, was not going to be subjected to multiple Rule 30(b)(6) depositions:

```
17      THE COURT: I understand, but what I've heard
18   is that USA doesn't have the jurisdictional problem
19   that you're seeking information on with respect to
20   Holdings. So in one sense you want to take USA's
21   deposition as a party opponent.
22      They don't have to stand up to multiple
23   depositions upon every little issue that comes up.
24   If you want to take their deposition about
25   everything, that's fine. But here you've already
 1   circumscribed the scope of your examination.
 2      If you take the deposition now, I don't know
 3   that on the backside you're going to have another
 4   opportunity to take USA's deposition as to the scope
 5   and the merits of this case.
```

*See* Excerpted transcript of August 26, 2009 hearing, p 7-8, attached as part of Composite Exhibit 4 (emphasis added).

The deposition ended after 6:00 p.m. As stated on the record, Plaintiff concluded the deposition, subject to any court ruling on questions that the deponent was instructed not to answer. Plaintiff did *not* reserve the right to re-ask or re-visit specific questions that the deponent *did* answer. Holdings agreed to continue to answer questions and if the Plaintiff chose

4

to stop it, it would deem the deposition completed subject to any motion to compel an answer to a question which counsel instructed the witness not to answer:

```
 8   Q   All right. Last question for you. ....
 9       ....
10       MR. SAUNDERS: Objection to the question as
11   beyond the scope of the Notice. I'll ask Counsel to
12   proffer which topic this is responsive to.
13       MR. ROTHMAN: I'll withdraw on that basis. I
14   have nothing further. We'll keep this open to
15   address my questions remaining. I think I'm done
16   for today.
17       MR. SAUNDERS: If you have questions remaining
18   that you haven't asked, I suggest you ask them.
19       MR. ROTHMAN: No. The questions I have you've
20   instructed him not to answer, so I think that we're
21   sort of at an impasse in that regard.
22       MR. SAUNDERS: As to the questions that I've
23   instructed him not to answer if the Judge says he
24   has to answer them, then we'll answer them. Thank
25   you.
 1       MR. ROTHMAN: Thank you. Thank you for your
 2   time.
 3   (Thereupon, the deposition was concluded at
 4   6:00 o'clock p.m.).
```

*See* Excerpted Transcript of Rule 30(b)(6) Deposition of World Avenue Holdings, LLC taken August 26, 2009, p. 129-130, attached as Composite Exhibit 5.

Plaintiff served the Second Deposition Notice on Holdings on Labor Day, September 7, 2009, requesting two more 30(b)(6) jurisdictional depositions of Holdings' corporate representative on September 10, 2009 and September 15, 2009 and designating sixty (60) subject matters and requesting production of sixteen (16) categories of documents. Counsel for Holdings and BSI conferred, in good faith, but without success to resolve the dispute.

## II. ARGUMENT

Discovery is not limitless; it has "ultimate and necessary boundaries." *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Della McDougal-Wilson v. Goodyear Tire and Rubber Company*, 232 F.R.D. 246, 249 (E.D.N.C. 2005). The Court has the discretion, for good cause, to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expenses, including ... (A) forbidding the disclosure or discovery." *See* Fed. R. Civ. P. 26 (c). If the threshold for good cause is made, the Court has broad discretion to fashion an appropriate order and should deny the request only if the opposing party can show that the protective order will substantially prejudice them. *M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1992). As in demonstrated below, good cause exists to bar Plaintiff's second and third attempts to conduct a 30(b)(6) jurisdictional deposition of Holdings. Holdings satisfied its obligations under the Federal Rules and the Court Order by properly responding to Plaintiff's Requests for Production of Documents, Interrogatories, and by appearing for a 30(b)(6) jurisdictional deposition and should not have to appear for yet another deposition or respond to additional document requests because of Plaintiff's prior omissions. In particular, it should not have to do so in three (3) or eight (8) days notice.

### 1. PLAINTIFF'S VIOLATIONS OF THE FEDERAL RULES

#### i. Pursuant to Rule 30(a)(2)(A)(ii), Plaintiff Failed to Obtain Leave of Court

Pursuant to Rule 30(a)(2)(A)(ii), Fed. R. Civ. P. , "a party must obtain leave of Court ... if the parties have not stipulated to the deposition and ... the deponent has already been deposed in the case." The language of Rule is neither vague, nor fluid. *See in Re Sulfuric Acid Antitrust Litigation*, MDL No. 1536, 2005 WL 1994105, at *1, *2 (N.D. Ill., Aug. 19, 2005) (unreported) (denying motion to compel second deposition of the defendants on the

grounds that plaintiff failed to seek leave of court). Rule 30(b)(6) depositions are not excepted from the Rule 30(a)(2)(A)(ii) leave of court requirement. "The rule requiring leave of court to take a second deposition applies to an entity that is deposed pursuant to Rule 30(b)(6). Even though a party may be deposing a different corporate representative, it is still seeking a 'second' deposition of the entity." 7 Moore's Federal Practice, § 30.05[1][c] at 30-30.3 (3rd ed. 2005).

Thus, pursuant to the plain language of the Rule, Plaintiff's Second Deposition Notice is improper because Plaintiff failed to seek leave of court in order to take the second and third 30(b)(6) jurisdictional depositions of Holdings. *See State Farm Mutual Automobile Insurance Co. v. New Horizont*, Inc., 254 F.R.D. 227 (E.D. Pa., 2008) (granting plaintiffs' motion for protective order on the grounds that defendants did not seek leave of court to conduct an additional deposition); s*ee also Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) (affirming the district court's decision to grant a motion for protective order on the ground that the issuance of the second Rule 30(b)(6) deposition without leave of court was improper); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (denying motion seeking leave to re-depose a party for failure to comply with Rule 30(a)(2)(A)(ii)).

### ii. Pursuant to Rule 30(b)(1) and the Rule 8(b) of the Discovery Guidelines, Plaintiff Failed to Provide Reasonable Notice of Deposition to Holdings

Pursuant to Rule 30(b)(1), Fed. R. Civ. P., a party seeking to depose any person upon oral examination shall give reasonable notice, in writing, to every other party to the action. Although Rule 30 does not specifically define reasonable notice, the Discovery Guidelines published by the Court provide: "eleven (11) days notice shall be deemed to be 'reasonable

notice' within the meaning of the Fed. R. Civ. P. 30(b)(1)." *See* Discovery Guidelines, 8(b).

Plaintiff served the Second Deposition Notice on Holdings on Labor Day, September 7, 2009, noticing the Rule 30(b)(6) deposition for September 10 and 15, 2009. The three (3) days and eight (8) days notice provided is unreasonable under the Federal Rules and the Discovery Guidelines. *See In re Polyester Staple Antitrust Litigation*, 03:03CV1516, N4, 2007 WL 1232223, at *1 (W.D.N.C, April 25, 2007) (unreported) (finding that four (4) days notice is unreasonable).

Moreover, the September 15 date is also deficient on the grounds that it is outside the period granted by the Court Order for Plaintiff to file a supplemental opposition. Specifically, the Court ordered Plaintiff to file a supplemental response to Holdings' Motion to Dismiss within sixty (60) days from the date of this Order. The term set forth by the Court expires on September 14, 2009. Therefore, the Court should quash the Second Deposition Notice and issue a protective order because the period of notice was unreasonable and the Notice was issued in violation of this Court's Order.

### iii. Plaintiff's Document Production Request Violates Rule 34 of the Federal Rules of Civil Procedure.

Pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure, any request for the production of documents made in a notice of deposition is governed by Rule 34. Rule 34(b) permits 30 days to respond to a production request. The production request attached to Plaintiff's Second Deposition Notice requests that Holdings produce responsive document within three (3) and eight (8) days and thus violates the Rule. *See Sheehy v. Ridge Tool Co.*, 05-cv-01614, 2007 WL 1548976, at *1 (D. Conn., May 24, 2007) (unreported) (granting defendants' motion for protective order on the grounds that the production requests violate Rule 34).

## 2. PLAINTIFF'S VIOLATION OF THE COURT ORDER

As stated above, the Court granted Plaintiff the opportunity to conduct jurisdictional discovery from Holdings subject to clear limitations. The Court specifically provided that all written discovery was to be served by July 24, 2009. Plaintiff's Second Deposition Notice clearly is filed outside this deadline. The Court set the deadline to ensure that discovery was addressed in a certain manner, and that such discovery was completed prior to the supplemental briefing on the jurisdictional issue. The Second Deposition Notice violates the specific deadline, and accordingly, the Court should quash the Second Deposition Notice.

## 3. THE CONTENT OF THE SECOND DEPOSITION NOTICE IS UNREASONABLE

Plaintiff's Second Deposition Notice, including the requests for document production, are beyond the scope of the jurisdictional discovery, duplicative of matters already asked and answered, are unduly burdensome, overly board, not reasonably drafted to develop evidence relevant to Holdings' contacts with the state of Maryland and constitutes harassment of Holdings. The previous thirteen (13) topics have been put on steroids and now appear to be incorporated within the sixty (60) topics. This transformation is, essentially, a clear admission and acknowledgment that the first notice of deposition was insufficient. Plaintiff goes beyond simply seeking response to insufficiently answered questions, but rather seeks to completely "redo" the Holdings 30(b)(6) jurisdictional deposition.

Under similar circumstances, federal judges have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) Notices. For example, in *Nicholas v. Wyndham International, Inc.*, the Fourth Circuit denied a repeat Rule 30(b)(6) deposition on the grounds that the discovery sought by plaintiff was cumulative, duplicative and unduly burdensome and harassing. 373 F.3d 537, 543 (4th Cir. 2004). Similarly,

in *Smithkline Beecham Corp. v. Apotex Corp*, regarding a Rule 30(b)(6) notice requesting designation of a witness to testify regarding plaintiff's responses to defendants' interrogatories and requests for production, the Court found that the deposition notice "[i]n its present form" is "overbroad, unduly burdensome, and an inefficient means through which to obtain otherwise discoverable information." Case No. 98c3952, 2000 WL 116082, at *1, *9-10 (N.D. Ill., Jan. 24, 2000); *see also Lapenna v. Upjohn*, 110 F.R.D. 15, 21 (E.D. Pa., 1986) (no answers were required where the breadth of the questions asked was "troubling[,]" there had been "no attempt to tailor them to the facts ... involved in this case[,]" and were "so broad that they would have called for an answer that could amount to a treatise") (internal quotations & citation omitted).

Plaintiff's document request is more problematic because it comes on top of Plaintiff's Jurisdictional Request for Production of Documents to which Holdings timely responded. It is a clear improper ruse to overcome the thirty (30) days period in Rule 34 and is, thus, similarly invalid. Therefore, Plaintiff's Second Notice Deposition constitutes an undue burden and expense and justifies the Court entering a protective order and enjoining Plaintiff from taking the deposition. *See also In re Polyester Staple Antitrust Litigation*, Case No. 03:03CV1516, 2007 WL 1232223, at *1 (W.D.N.C, April 25, 2007) (unreported) (finding that directing a corporate representative to appear and submit to examination once more, for the sole purpose of allowing defendant to inquire about a topic that has already been fully exhausted, would amount to an undue burden that does not outweigh the undue burden on the witness, or excuse the unreasonably late notice – a mere 4 days prior to the deposition).

### 4. THE COURT SHOULD IMPOSE SANCTIONS PURSUANT TO RULE 37, FED. R. CIV. P.

Pursuant to Rule 37 (2)(A) of the Federal Rules of Civil Procedure, if a party fails to obey a discovery order, the court may issue further just orders. The court must order the disobedient

party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(2)(c); *see Wilson v. Volkswagen of America Inc.*, 561 F.2d 494, 503 (4th Cir., 1977).

Plaintiff's pattern of blatant disregard to the Court's Order and the instructions of the Court justifies imposing sanctions against Plaintiff, granting Holdings reasonable attorneys' fees and costs incurred with filing this motion[4]. *See Snead v. Automation Industries, Inc.*, 102 F.R.D. 823, 829 (D. Md., 1984) (imposing Rule 37 sanctions against a plaintiff for failure to comply with oral court orders given during the court hearing ).

Plaintiff's Second Deposition Notice lacks any reason, let alone a good reason, why Holdings should be subjected to the burden of a second deposition. *Melhorn v. N.J. Transit Rail Operations, Inc.*, 203 F.R.D. 176, 180 (E.D.Pa., 2001) (absent some showing of need or good reason for doing so, a deponent should not be required to appear for a second deposition.).

Plaintiff clearly seeks to remedy its own problems with how it noticed the 30(b)(6) jurisdictional deposition of Holdings. This effort comes as no surprise, since Holdings' counsel asked Plaintiff's counsel, on August 24, whether he wanted to reschedule the deposition. *See* Saunders Declaration at ¶2.[5] Similarly, before the start of the 30(b)(6) deposition, Holdings' counsel asked Plaintiff's counsel again if he had a supplemental notice because of the narrow scope of the noticed topics. *Id.* at ¶3.

However, Plaintiff's failure to properly notice the deposition cannot constitute good cause. *New Horizont, Inc.*, 254 F.R.D. at 235. ("[T]he Federal Rules do not contemplate the

---

[4] Holdings will file with the Court a schedule with the attorneys' fees and costs at the appropriate time.
[5] The Declaration of Sanford M. Saunders, Jr. is attached as Exhibit 6.

11

"wait-and-see" approach to discovery taken by Defendants. Such an idiosyncratic approach would permit Defendants, without having demonstrated any good cause for doing so, to avoid drafting a comprehensive notice of deposition and instead conduct depositions seriatim, thereby shifting costs to the opposing side, which would be forced to expend resources preparing for several Rule 30 (b)(6) depositions, instead of one.").

As reflected by the authorization cited on page 3 above, the Court granted Plaintiff leave to conduct jurisdictional discovery subject to its doing so in an efficient and orderly manner. As outlined above, it clearly has not done so. Accordingly the court should quash the Second Deposition Motion and enter a Protective Order.

### III. CONCLUSION

For the reasons stated above, Defendant, World Avenue Holdings, LLC, respectfully requests the Court grant its Motion to Quash Plaintiff's Amended Notice of Fed. R. Civ. P. 30(b)(6) Corporate Deposition of World Avenue Holdings, LLC in Support of Jurisdictional Discovery, issue a protective order enjoining repeated deposition of World Avenue Holdings, LLC and grant World Avenue Holdings, LLC its reasonable attorneys' fees and costs.

Dated: September 9, 2009.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

*/s Sanford M. Saunders*
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477