IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.              )
                                  )
    Plaintiff                     )
v.                                )   Case No. PJM 08 cv 0921
                                  )
WORLD AVENUE USA, LLC, et al.)
    Defendants                    )
_____    )

**DEFENDANT WORLD AVENUE HOLDINGS, LLC'S REPLY IN SUPPORT
OF ITS MOTION TO QUASH PLAINTIFF'S AMENDED NOTICE OF FED. R. CIV.
P. 30(b)(6) CORPORATE DEPOSITION, FOR PROTECTIVE ORDER
AND FOR SANCTIONS**

Defendant World Avenue Holdings, LLC, ("Holdings") submits its Reply in Support of its Motion to Quash Plaintiff's Amended Notice of Fed. R. Civ. P. 30(b)(6) Corporate Deposition, For Protective Order, and For Sanctions ("Motion") [DE 104], and states:

Holdings' Motion sought to quash a Rule 30(b)(6) deposition notice issued on a federal holiday by Plaintiff Beyond Systems, Inc. ("BSI") requiring Holdings to appear three (3) and eight (8) days later, respectively, for its second and third jurisdictional depositions to cover nineteen (19) definitions, sixty (60) topics and fifteen (15) document requests that BSI neglected to ask for in its first Court-ordered 30(b)(6) jurisdictional deposition notice. *See* DE 104.

BSI's second and third 30(b)(6) jurisdictional deposition notices:

- violated Rule 30(a)(2)(A)(ii), Fed. R. Civ. P. by noticing the second and third 30(b)(6) depositions of Holdings without leave of Court;

- violated Rule 30(b)(1), Fed. R. Civ. P., and Section 8(b) of the Discovery Guidelines of the Local rules by providing three (3) and eight (8) days' notice of the second and third 30(b)(6) jurisdictional depositions of Holdings;

- violated Rule 34(b)(2), Fed. R. Civ. P., by providing insufficient time for a document production on the fifteen (15) new categories;

- violated this Court's July 15, 2009 Order by issuing jurisdictional discovery 42 days after the Court-mandated deadline; and

- are facially unreasonable.

*See* Memorandum of Law in Support of Motion, DE 104.

BSI has not responded to the substance of the Motion.

Instead, it has lifted wholesale pages of another entire Motion to Compel that it has served -- but has yet to file -- as its Opposition to the Motion. *See* DE 109. As Pages 1 through 12 of Plaintiff's Opposition to Defendant Holdings' Motion to Quash [DE 109], BSI has unabashedly lifted the substance of its to-be-filed Motion and Memorandum In Support of Plaintiff's Motion For Order to Compel Defendant Holdings To Provide Complete Jurisdictional Discovery ("Motion to Compel") that it has served under Local Rule 104(8)(a), and to which Holdings will respond on Monday, October 5, both of which BSI will later file with the Court. *See* DE 109, p. 13, ¶ 1 ("This relief may be redundant with that sought in Plaintiff's motion to compel, which Plaintiff plans to file after the response time runs, and after the additional steps required by the rules").

BSI's actions both violate and circumvent the Local Rules. The Motion to Compel alleges *Holdings'* supposed discovery violations. BSI effectively circumvented Local Rule 104(8)(a) by filing the contents of an as-yet unfiled and un-briefed Motion to Compel prior to the expiration of the L.R. 104(8)(a) time periods and the filing of the Certificate required by Local Rule 104(8)(a).

More importantly, *Holdings'* purported non-compliance with *other* discovery does not excuse *BSI's* violations of this Court's Order, the Federal Rules of Civil Procedure, and the Local Rules. *Cf.* L.R. 104(3).

BSI does not even contest Holdings' prayer for sanctions. *See* DE 104. Holdings

2

asked BSI to withdraw the abusive second and third 30(b)(6) deposition notices, and BSI would not do so. When the time came to defend *its* own actions, it pointed to *Holdings'* alleged non-compliance with other discovery and, in what appears to be a recurring pattern,[1] again violated the Local Rules. *See*, *e.g.*, L.R. 104(8)(a); L.R. 104(3).

As noted above, the purpose of the Holdings (30(b)(6) deposition was to allow BSI to take discovery in support of a supplemental opposition to Holdings' Motion to Dismiss for, *inter alia*, lack of personal jurisdiction. BSI has now filed its last brief on Holdings' Motion to Dismiss for Lack of Personal Jurisdiction. *See* DE 108 filed 9/14/09 (Supplemental Opposition of BSI to Motion to Dismiss for Lack of Personal Jurisdiction). In the Supplemental Opposition, BSI claimed that it "has alleged sufficient facts that would permit this Court to exercise personal jurisdiction against Holdings", but did not detail in its Supplemental Opposition any of the discovery deficiencies it now claims or ask the Court to delay its decision on the Motion to Dismiss pending a need for discovery. *Id*., at p. 1, ¶ 2. Thus, BSI's second and third 30(b)(6) jurisdictional deposition notice is not only violative of Court Orders, the Federal Rules and the Local Rules, but is also -- by BSI's own statement -- irrelevant to the adjudication of the Motion to Dismiss for Lack of Personal Jurisdiction. *Id*.

At bottom, there are two core issues for the Court to decide. One is whether Holdings failed to provide required responsive information for the topics BSI listed and discovery BSI served by Judge Messitte's July 27, 2009 deadline. The answer is "no", but as mentioned above, that issue will be addressed in Holdings' October 5, 2009 response to BSI's Motion to Compel.

---

[1] *See* DE 110, p. 2, ¶ 1 ("While the Court is far more troubled by Mr. Burton's failure to comply with Local Rule 104.7, which requires a conference of counsel and supporting certificate regarding counsel's efforts to resolve the conflict, the Court will rule on the merits on this occasion").

The second issue is whether BSI is entitled to depose Holdings' corporate representative for two more days to cover the dozens of new topics and document requests BSI issued in September 2009. That discovery was issued 42 days after the deadline set by Judge Messitte, and the answer here is also "no". BSI's failure to make the required effort by July 27 to deduce the new topics it now wants to cover was a failure to obey the Court's Order. It should not be rewarded. The entire point of the July 27 deadline was to give BSI a second chance to "tighten its game" and properly address the jurisdictional issues in this case. *See* DE 104. What BSI now asks for is a third and fourth chance, and its belated requests violate numerous Rules and the Court's prior Order.

Holdings respectfully prays that its Motion be granted, a protective order issued, and sanctions be awarded.

Dated:  October 2, 2009.

                Respectfully submitted,

                *Attorneys for World Avenue USA, LLC*

                GREENBERG TRAURIG, LLP

                */s Sanford M. Saunders, Jr.*
                Sanford M. Saunders, Jr., Esq.
                USDC, MD #4734
                saunderss@gtlaw.com
                Nicoleta Burlacu, Esq.
                BurlacuN@gtlaw.com
                *Admitted Pro Hac Vice*
                GREENBERG TRAURIG, LLP
                2101 L Street, NW, Suite 1000
                Washington, DC 20037
                Telephone:  202-331-3100
                Facsimile:  202-331-3101

                --and--

                */s John L. McManus*
                Kenneth Horky, Esq.
                Florida Bar No. 691194
                horkyk@gtlaw.com
                John L. McManus, Esq.
                Florida Bar No. 0119423
                mcmanusj@gtlaw.com
                *Admitted Pro Hac Vice*
                GREENBERG TRAURIG, LLP
                401 East Las Olas Boulevard, Suite 2000
                Fort Lauderdale, FL 33301
                Telephone: 954-765-0500
                Facsimile:  954-765-1477