IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.          )
                              )
        Plaintiff             )
v.                            )      Case No. PJM 08 cv 0921
                              )
WORLD AVENUE USA, LLC, et al.)
        Defendants            )
_____)

## THIRD PARTY PLAINTIFF WORLD AVENUE USA, LLC'S SUR-REPLY TO THIRD PARTY DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS[1]

Third Party Plaintiff WORLD AVENUE USA, LLC ("World Avenue") hereby files its Sur-Reply in Opposition to the Reply of Third Party Defendants JOSEPH WAGNER ("Wagner") and HYPERTOUCH, INC. ("Hypertouch") In Support of Their Motion to Quash Service of Process [see DE 111, 106] ("Reply"), and respectfully states as follows:

### The New Declaration Misses The Point

Wagner still submits no Declaration and hides behind his papers. He now adds to his prior story that his five year old daughter was served (see Reply, DE 111, ¶ 2), and, admits that another resident at the service address was served (see id, ¶ 3), without explaining his position on how both the 5 year old and the 70 year old were served with the same process. This time, they quibble with the 70 year old's authority to accept service. Id., ¶ 3.

Her authority to accept service for Wagner is irrelevant since service at Wagner's abode is enough under the Massachusetts caselaw, which Wagner does not rebut. See Mass. R. Civ. P.

---

[1] Although styled as a Motion to Quash Summons, the Motion is, in substance, a 12(b)(5) motion to dismiss for insufficiency of service of process, which Third Party Defendants implicitly admit. See DE 111, Reply, p. 2 ("Third-Party Defendants deny the sufficiency of service of process . . ."). As such, the Court should deny it and require the filing of an Answer and Affirmative Defenses as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(a)(4)(A).

FTL 107,460,780v1 10-2-09


EXHIBIT A

4(d)(1); *Christian Book Distributors, Inc. v. Wallace*, 760 N.E.2d 735, 737 (Mass. App. Ct. 2001); DE 107, Ex. 4, Affidavit of Thomas Cabral, ¶ 9; DE 107, Ex. 7, p. 2 (containing United States Postal Service's handwritten response to Third Party Plaintiff's public records request identifying the forwarding address for U.S. Mail for Wagner and Hypertouch as 17 Greenfield Street, Lowell, Massachusetts -- the location where they were served). Wagner is apparently hoping that the Court will overlook the fact that neither his Reply nor the new Declaration deny that he resides at the address where he was served. *See* DE 111, pp. 1-2, ¶¶ 1-4.

Likewise, her authority to accept service for Hypertouch is also irrelevant for two reasons. First, service at Wagner's abode is enough under the Massachusetts caselaw cited by World Avenue which Wagner does not rebut. *See* DE 107, p. 8 (*citing Conant v. Sherwin L. Kartovitz, P.C.*, 563 N.E.2d 247, 248 (Mass. Ct. App. 1991) ("[i]t is undisputed that the complaint and summons were served on the defendant by a deputy sheriff leaving copies at the residence of Sherwin L. Kantrovitz, the sole stockholder, officer and director of the defendant")); DE 107, Ex. 4, Affidavit of Thomas Cabral, ¶ 9; DE 107, Exhibit 7, p. 1 (U.S. Postal Service Public Records Response for forwarding address for Hypertouch). Again, Wagner does not deny that he resides at the address served. *See* DE 111, pp. 1-2, ¶¶ 1-4. Second, the person served had ostensible authority under the Massachusetts law cited by World Avenue, and not addressed by Wagner. *See* DE 107, p. 9 (*citing Meskell v. Bertone*, Case No. 04-0295-F, 2004 WL 2451354, at *1, *4 (Mass. Super. Ct. 2004) (unpublished); *Foreign Car Center, Inc. v. Essex Process Service, Inc.*, Case No. 03-P-667, 2005 WL 167977, at *1, *1 (Mass. App. Ct. 2005)).[2]

---

[2] Likewise, Wagner and Hypertouch do not quarrel with the caselaw establishing that even a supposed misnomer in a service return does not affect the propriety of process. *See* DE 107, p. 10, fn. 6.

2

## Third Party Defendants' Statements Lack Candor.

Third Party Defendants continue to lack candor in their statements to the Court, to wit:

- *"Service via the alleged delivery to a woman in her 70's was not valid as to Hypertouch, Inc., a California corporation that continues to maintain its servers in California and has no offices in Massachusetts."* See DE 111, p. 1.

- *"Hypertouch has an agent for service of process in California, as shown by the records of the California Secretary of State."* See DE 111, p. 1.

The first statement -- unsupported by a declaration or evidence -- lacks candor because Hypertouch represented to the U.S. Postal Service that its forwarding address for mail is at the subject address in Lowell, Massachusetts, where it was served. See DE 107, Ex. 7, p. 1.

The second statement -- again unsupported by evidence -- ignores the Declaration of Leonard Leavitt, a process server with 18 years experience, that the address of the so-called "agent for service of process" in California is an empty apartment. See DE 107, Ex. 2, ¶¶ 5-6.

Worse still, on the very day -- September 29, 2009 -- that the Reply [DE 111] was filed in this case, the California records showed the empty and abandoned apartment as the place where Hypertouch claims it has an "agent for service of process in California" [DE 111, p. 1]. *Compare* DE 107, Ex. 1 (California record dated September 11, 2009 showing address as 417A Oak Grove Ave, Menlo Park, CA 94025), http://kepler.sos.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C2074243 (same information as of October 2, 2009) *with* DE 107, Ex. 2, ¶¶ 4, 5-6 (Leavitt Declaration showing that "417A Oak Grove Avenue, Menlo Park, California 94025" is an empty apartment whose occupants moved "back east"). More to the point, the unspecified "agent" is none other than Wagner himself, who was validly served in Massachusetts. See DE 107, Ex. 1.

Finally, although not relevant to the issues because the undisputed facts and unquestioned

caselaw establish the validity of service as a matter of law (*see* Section A, *supra*.), the new Declaration questions the "attribution of statements to the woman,"[3] but does not deny the material facts that establish the proprietary of service. *See* Declaration, attached.

Dated: October 7, 2009.

        Respectfully submitted,

        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone: 202-331-3100
        Facsimile: 202-331-3101

        --and--

        */s John L. McManus*
        Kenneth Horky, Esq.
        Florida Bar No. 691194
        horkyk@gtlaw.com
        John L. McManus, Esq.
        Florida Bar No. 0119423
        mcmanusj@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, FL 33301
        Telephone: 954-765-0500
        Facsimile: 954-765-1477

---

[3] Among other issues attested to in the Cabral Declaration that were not addressed in the Shirley FitzGerald Declaration is the mystery of how Declarant FitzGerald could possibly mistake a process server for a brown-uniformed UPS delivery person.

### IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC. )<br>)<br>Plaintiff )<br>v. )<br>)<br>WORLD AVENUE USA, LLC, et al.)<br>Defendants )<br>_____ ) | Case No. PJM 08 cv 0921 |

### SUPPLEMENTAL DECLARATION OF THOMAS CABRAL

I, THOMAS CABRAL, being of full age, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. My name is Thomas Cabral. I am over 18 years of age and have personal knowledge of all of the facts set forth herein.

2. I have reviewed the Declaration of Shirley FitzGerald Pursuant To 28 U.S.C. § 1746, and I stand by each of the statements made in my original Declaration.

3. Although she claims that there was a UPS truck behind me, she did not deny that there was also a UPS delivery person was delivering approximately 3-4 UPS boxes to her and that she was dealing with the UPS person.

4. The UPS person was wearing a brown outfit. I was not wearing a brown outfit. I was not delivering UPS parcels. I did identify myself. I did not tell her that I was with UPS. I gave her no reason whatsoever to think that I was with UPS

5. She also claims that I asked her granddaughter her name and this is not true. She also claims that she and her husband answered with their first names only, but she doesn't explain how it was that I came to know the last name "Fitzgerald."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 7th day of October 2009.

_____
THOMAS CABRAL