# IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC.    )
    Plaintiff    )
                      )
    v.    )    Case No.PJM 08 cv 0921
                      )
WORLD AVENUE USA, LLC, et al. )
    Defendants    )
_____ )

## DEFENDANT WORLD AVENUE USA, LLC'S MOTION FOR ORDER TO SHOW CAUSE WHY NON-PARTY ALTON K. BURTON SHOULD NOT BE HELD IN <u>CONTEMPT OF COURT</u>

Pursuant to Federal Rule of Civil Procedure 45(e) and 28 U.S.C. § 636(e), Defendant WORLD AVENUE USA, LLC ("World Avenue"), hereby moves this Court for issuance of an Order to Show Cause Why Non-Party ALTON K. BURTON should not be held in Contempt of Court for violating this Court's Order dated September 23, 2009, and respectfully states:

    1.    On June 29, 2009, World Avenue issued a Subpoena Duces Tecum for production of documents without deposition to Non-Party Alton K. Burton ("Burton"). On July 17, 2009, Burton filed a Motion to Quash or Modify Subpoena. *See* DE 82. On August 3, 2009, World Avenue responded to the Motion. *See* DE 84.

    2.    On September 23, 2009, the Court entered an Order denying Burton's Motion to Quash or Modify Subpoena, and ordered Burton to comply. *See* DE 110 ("As to any responsive documents in Mr. Burton's possession, custody or control, he will be required to produce responsive, non-privileged documents for inspection, unless a contrary agreement between Mr. Burton and Defendant is reached").

    3.    To date, Burton has failed to comply with the Court's September 23, 2009 Order despite efforts to compel him to do so.

1

4. Contempt is a fitting remedy for his misconduct. *See* Rule 45(e), Fed. R. Civ. P. ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena"). "Indeed, the judicial power to hold a non-party in contempt is the primary mechanism by which a court can enforce a subpoena . . . Thus, the court has power to now issue an order of civil contempt under Rule 45(e), although the powers of a magistrate judge in that regard are limited by 28 U.S.C. § 636(e)." *See Mauro v. Countrywide Home Loans, Inc.*, Case No. 2009 WL 3463570, at *1, *1 (E.D.N.Y. 2009). As the *Mauro* court explained:

> An order of civil contempt may issue pursuant to 18 U.S.C. § 401, which authorizes the court to punish "by fine or imprisonment, or both, at its discretion" any contempt of the court's authority, such as "misbehavior of any person in the court's presence or so near thereto as to obstruct the administration of justice," or "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." Three elements must be established before a party can be held in civil contempt: (1) there must be an order that is clear and unambiguous; (2) the proof of non-compliance with that order must be clear and convincing; and (3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered.

5. 28 U.S.C. § 636(e)(1) provides that "[a] United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection." 28 U.S.C. § 636(e)(2) provides: "A magistrate judge shall have the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice."

6. Prior to filing this Motion, Defendant attempted to work out the subject matter of this Motion with counsel for Non-Party Burton, but was unsuccessful in doing so.

**WHEREFORE**, Defendant WORLD AVENUE USA, LLC respectfully moves the

Court for issuance of the attached ORDER TO SHOW CAUSE against Non-Party ALTON K. BURTON requiring to personally appear and show cause why he should not be held in comtempt of Court.

Dated: November 23, 2009.

                                  Respectfully submitted,

                                  Sanford M. Saunders, Jr., Esq.
                                USDC, MD #4734
                                saunderss@gtlaw.com
                                Nicoleta Burlacu, Esq.
                                BurlacuN@gtlaw.com
                                *Admitted Pro Hac Vice*
                                GREENBERG TRAURIG, LLP
                                2101 L Street, NW, Suite 1000
                                Washington, DC 20037
                                Telephone: 202-331-3100
                                Facsimile: 202-331-3101

                                --and--

                                _____/s/_ John L. McManus__
                                Kenneth Horky, Esq.
                                Florida Bar No. 691194
                                horkyk@gtlaw.com
                                John L. McManus, Esq.
                                Florida Bar No. 0119423
                                mcmanusj@gtlaw.com
                                *Admitted Pro Hac Vice*
                                GREENBERG TRAURIG, P.A.
                                401 East Las Olas Boulevard, Suite 2000
                                Fort Lauderdale, FL 33301
                                Telephone: 954-765-0500
                                Facsimile: 954-765-1477

                                *Attorneys for World Avenue USA, LLC*