IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.PJM 08 cv 0921 |
| | ) | |
| WORLD AVENUE USA, LLC, et al. | ) | |
|     Defendants | ) | |
| _____ | ) | |

**DEFENDANT WORLD AVENUE USA, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE WHY NON-PARTY ALTON K. BURTON SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Defendant WORLD AVENUE USA, LLC ("World Avenue") hereby submits its Reply Memorandum in Support of its Motion For Order to Show Cause Why Non-Party ALTON K. BURTON ("Burton") Should Not Be Held In Contempt of Court and in opposition to Burton's Opposition to Motion for Sanctions [DE 132], and respectfully states:

**I.     Burton Fails To Explain His Wilful Non-Compliance With The Subpoena.**

Burton fails to explain to this Court why he failed to comply with this Court's Order dated September 23, 2009 [DE 110].  Burton does not quarrel that each of the elements for a contempt order are present, to wit:  (1) "an order that is clear and unambiguous;" (2) "the proof of non-compliance with that order must be clear and convincing;" and (3) "it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *See Mauro v. Countrywide Home Loans, Inc.*, Case No. 2009 WL 3463570, at \*1, \*1 (E.D.N.Y. 2009).  Instead, Burton claims, after filing a lengthy Motion to Quash, that he has no responsive documents at all.  Because the elements for a contempt finding under Rule 45(e) are all present, the Court should issue a contempt Order forthwith.

A contempt Order is all the more appropriate because Burton has engaged in an abuse of

the discovery process and his obligations of compliance with a Rule 45 subpoena. After being served with the subpoena on June 30, 2009, Burton filed an untimely Motion to Quash on July 17th asserting various objections and asserting that a search for the documents would require 'considerable time and effort.'  Burton did not retreat from his objections, and required World Avenue to file a Response to the Motion on August 3.  *See* DE 84.  Burton never filed a Reply, and in the absence of same, the Court denied his Motion on September 23.  *See* DE 110.  After Burton again ignored the subpoena and ignored the September 23 Order, despite requests for compliance, Burton again forced World Avenue to file the Show Cause Motion on November 23rd.  *See* DE 121.  On November 30, with his objections overruled, Burton then finally claimed that no responsive documents exist based on his re-wording of the content of the Subpoena. Burton carefully couched his response so he never represented that the documents were not in his "possession, custody, or control."  *See* DE 132.  A clearer case of an abuse of the discovery process could scarcely be imagined.

## II. Burton Has The Documents In His Possession, Custody, Or Control.

Paul Wagner, the principal of Plaintiff Beyond Systems, Inc. ("BSI"), has sworn under penalty of perjury to this Court that Burton's residence at 9501 Anchorage Place, Bethesda, Maryland is the "Principal Office" of BSI.  *See* DE 3-5, Initial Declaration of Paul A. Wagner dated May 12, 2008 ("**Its [BSI's] principal offices are located at 9501 Anchorage Place, Bethesda, MD 20817**") (emphasis added).

Under Maryland law, a Maryland corporation must designate a "Principal Office."  *See* Md. Code, *Corporations & Associations*, § 2-108(a)(1) ("Each Maryland corporation shall have . . . a principal office in this State").  That "Principal Office" is the location where corporate documents must be inspected.  *See* Md. Code, *Corporations & Associations*, § 2-512 (c)(2).

Under Maryland law, a "Principal Office" is "**the office in the State where the business of the corporation is directed and managed**." *See* Md. Code, *Tax-Property*, § 1-101(x)(1) (emphasis added).

If Burton's Opposition is to be believed, the so-called "Principal Office" of BSI is nothing more than a sham so that BSI can claim a Maryland address to churn further spam litigation as a "Maryland"-based internet service provider when, in fact, its principal bases his activities out of Washington, D.C.[1]  This Subpoena is a focal point of this litigation.  BSI *has* to claim that it is a resident of Maryland and has a "Principal Office" in Maryland because BSI's cause of action can only be based on electronic mail that is "held by a resident of the state [of Maryland]." *See* Md. Stat. § 14-3002(b)(1).

More to the point, if Burton's home is the "Principal Office" of BSI in Maryland, then Burton must have BSI's documents in his possession, custody or control as defined by this Court in its September 23, 2009 Order.  *See* DE 110 (*citing Steele Software Sys. Corp. v. DataQuick Info. Sys.*, 237 F.R.D. 561 (D. Md. 2006)).  This Court held that Burton had to produce documents if he had any "legal right, authority, or practical ability to obtain the materials sought." *See* DE 110, pp. 2-3.  Burton ignores the Court's holdings, and instead just states that no responsive documents exist.  He does not address his "legal right, authority, or practical ability to obtain the materials sought."  At a bare minimum, Burton should be compelled to appear before the Court to explain why he has no such legal right, authority or practical ability to obtain responsive documents.

Moreover, Burton rewords the document requests so that he does not need to produce

---

[1] *See* DE 84, Exhibit A.

anything.  Request 1, for example, requests documents concerning Services rendered by BSI or its *alter ego* affiliate corporation, Hypertouch, or their respective principals, Paul and Joseph Wagner, to Burton, or by Burton to BSI, Hypertouch or the Wagner brothers.  Although the Request is plain enough, Burton disingenuously rewords it to escape from any production by claiming that it refers only to such services provided by Burton himself.  That is not what it says.  Such facile rewording of the request to escape complying demonstrates contempt.

As another example, Request 9 of the Subpoena requests all e-mail correspondence between Burton and BSI "relating to the operations of BSI…at 9501 Anchorage Place, Bethesda, Maryland 20817."  Burton rewords the request to ask for "All e-mail correspondence…relating to the setup of computers…"  Opposition, p. 2.  Again, that is simply not what the request says.  The intent is clear -- to escape complying by misrepresenting to the Court what was requested. It is remarkable that Burton is willing to make an affirmative misrepresentation to the Court in a response to a Motion for an Order to Show Cause.  If Burton is to be believed, then there is not one single piece of paper about BSI at BSI's "Principal Office" and Burton has never even communicated by e-mail with BSI about its "Principal Office."

Without further belaboring the point, Burton should be compelled to produce all documents responsive to the Requests. The Court should impose whatever sanctions it deems appropriate to ensure thorough, unstinting compliance without further ado.

### III.     Burton's Reference to Other Subpoenas Is Irrelevant And Misplaced.

In an attempt to divert attention from the clear relevance of a subpoena directed to him as the owner of the office housing BSI's purported "Principal Office," Burton points to other Subpoenas served on other non-parties in the Maryland Action.  Although his criticism is misdirected because Burton lacks standing to address subpoenas directed to other non-parties in

a proceeding in which he is not yet a party,[2] his criticism is also flawed. Although the gist of his complaint is that the Subpoena is part of abusive campaign of subpoenas, Burton failed to timely object the Subpoena, or raise this particular objection, and therefore waived the entire argument made in his Opposition. *See* § IV, *infra*.

### IV. <u>Burton Waived The Right to Seek A Protective Order And/Or Sanctions</u>.

Burton's belated request for sanctions should be denied because he failed to object or move for a protective order within the fourteen (14) day period following service of the subpoena provided by 45(c)(2)(B), as found by this court in its September 23, 2009 Order. *See* DE 110. Burton seeks sanctions pursuant to Rule 45(c)(1). *See* Opposition, p. 4. That sub-section only protects a non-party from "undue" burden and generally requires a showing of bad faith. *See Alexander v. F.B.I.*, 196 F.R.D. 188, 197 (D.D.C. 1999) (denying Rule 45(c)(1) sanctions where, *inter alia*, motion to compel on subpoena was not brought in bad faith). The prior sub-section of Rule 45 -- subsection 45(c)(2)(B) -- provides the timing for such a request for sanctions (within fourteen (14) days of service). *See North American Rescue Products, Inc. v. Bound Tree Medical, LLC*, 2009 WL 4110889, at *1, *14 (S.D. Ohio 2009) (denying motion for sanctions pursuant to Rule 45(c)(1) where, among other things, moving party did not object or move for protective order within fourteen days of service). This Court already ruled in its September 23, 2009 Order that (i) Burton filed his objections too late and in particular (ii) that Burton's "undue burden" objection was overruled.

---

[2] Since a party may not object or move to quash a subpoena issued to a non-party, *Novak v. Capital Management & Development Corp.*, 241 F.R.D. 389, 394 (D.D.C. 2007), *a fortiorari*, a non-party may not object to a subpoena issued to another non-party.

## V.    **Conclusion.**

Accordingly, because Burton has failed to show why he should not be held in contempt of Court -- and sidesteps the entire issue -- this Court should enter an Order holding Burton in contempt of Court, or, in the alternative, require Burton to file an amended response to the Subpoena in compliance with the Court's September 23, 2009 Order thereon and reserve ruling on the Show Cause Motion.

The Court should further reserve jurisdiction to conduct further proceedings relating to the May 12, 2008 averment under penalty of perjury of BSI's principal, Paul A. Wagner, that the 9501 Anchorage Place, Bethesda, Maryland 20817 address is the "principal offic[e]" of BSI in Maryland.

Dated:  December 16, 2009.

Respectfully submitted,


Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

_____/s/_ John L. McManus__
Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

*Attorneys for World Avenue USA, LLC*