IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC. )<br>　　Plaintiff　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>WORLD AVENUE USA, LLC, et al. )<br>　　Defendants　　　　　　　　)<br>_____ ) | Case No. PJM 08 cv 0921 |

**DEFENDANT WORLD AVENUE USA, LLC'S MOTION FOR EXTENSION OF TIME TO COMPLY WITH JOINT DEADLINE FOR RECIPROCAL EXCHANGE OF DISCOVERY AND ELECTRONICALLY STORED INFORMATION DEPOSITION AND FOR PROTECTIVE ORDER**

Defendants WORLD AVENUE USA, LLC ("WAUSA") and WORLD AVENUE HOLDINGS, LLC ("Holdings") pursuant to Rules 26(c), 33(b)(2), 34(b)(2)(a), Fed. R. Civ. P., hereby move for (i) a twenty-one (21) day extension of the deadlines jointly set with Plaintiff BEYOND SYSTEMS, INC. ("BSI") for: (a) a reciprocal exchange of responses to each Party's outstanding requests for production and interrogatories; and (b) the ESI Deposition of WAUSA, and, (ii) a protective order as to the WAUSA and Holdings ESI Depositions, as for good cause state:

**I.　　Introduction.**

This is a Motion for Extension of a production deadline for merits discovery and a second deadline for an electronically stored information (ESI) deposition. The extension is necessary to: (1) alleviate the prejudice caused by a four-week hiatus while serious, confidential discussions occurred that ended on the day that discovery was due; (2) alleviate the prejudice caused by the absence of WAUSA's General Counsel during the relevant time period; and (3) address three serious issues relating to the ESI Deposition that will prevent meaningful progress at such

deposition. For the reasons set forth, herein, WAUSA requests a brief twenty-one (21) day extension of these two deadlines.

This Motion also seeks a Protective Order as to a ESI deposition notice of WAUSA and Holdings, which far exceeds the permitted scope of the ESI deposition agreed to the parties in the ESI Agreement.

**II.     The Discovery At Issue.**

    **A.     The Reciprocal Merits Discovery.**

Throughout the course of this action, Defendant WAUSA and Plaintiff BSI have -- until now -- cooperated in extensions of deadlines. Plaintiff BSI has consented to eight extensions of time of record to the WAUSA, and WAUSA has consented to seven extensions of time of record to BSI.

The discovery process has been no exception, as WAUSA and BSI, have mutually consented to numerous extensions of time. Within days of one another, July 10 and 15, respectively, Plaintiff BSI and Defendant WAUSA served discovery upon one another.[1] Following a series of mutually-agreed extensions, on December 15th, the parties again by stipulation mutually stipulated to extend the merits discovery production until January 8th (DE 137, 141) as a condition of which WAUSA offered to even further stipulate to extend the

---

[1] During this time, BSI issued jurisdictional discovery to Holdings, which was contesting jurisdictional discovery. Holdings complied with the jurisdictional discovery within thirty (30) days, submitted to a jurisdictional deposition until 6 p.m. in the evening. Finding that their one attempt at a deposition was insufficient, BSI sought to take a second and third deposition. The second and third attempts are the subjects of DE 104 and 112. The Parties then closed the briefing on Holdings' Motion to Dismiss for Lack of Personal Jurisdiction [*see* DE 108 filed 9/14/09 and DE 121 filed 10/14/09]. In its Brief, BSI did not claim the need for further jurisdictional discovery. See DE 108 filed 9/14/09. Three months later, on December 18, BSI finally filed a Motion to Compel as to jurisdictional discovery, Holdings' response served two months earlier on October 5, and its Reply. *See* DE 138, 138-17.

deadline for amendment to January 26.[2]  Preliminary to that, WAUSA had agreed to extend the deadlines for amendment of pleadings, expert disclosures, and the discovery cutoff (which is now June 21, 2010).  *See* DE 127, 128.

### B. The Reciprocal Electronically Stored Information (ESI) Deposition.

Meanwhile, on October 6, 2009, BSI and WAUSA jointly submitted an Agreement Regarding the Discovery of Electronically Stored Information ("ESI Agreement").  *See* DE 114.  The ESI Agreement between BSI and WAUSA provided for reciprocal narrow depositions on ESI.

> Information relating to network design, the types of databases, database dictionaries, the access control list and security access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart for information systems personnel, or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy. **In addition, parties are entitled to a Rule 30(b)(6) deposition on this topic**.

*See* DE 114.

On October 7, 2009, BSI noticed the ESI Deposition of WAUSA unilaterally for October 27, 2009, and noted that "I picked a date and location.  Either can be moved as necessary."  WAUSA informed BSI that October 27 did not work, and on October 8, 2009, suggested that November 5 and 6 would be appropriate dates.  A week later, BSI rejected those dates and proposed others in November that did not work.[3]

On November 4, BSI suggested that the "ESI depo of *WAUSA*" be taken telephonically.  On November 9, BSI "decided to stay with the original plan for a live *deposition of WAUSA for*

---

[2] The Parties also commenced what turned out to be four (4) weeks of extensive settlement discussions.

[3] As BSI's counsel explained, BSI's availability to conduct the WAUSA ESI Deposition was limited by the demands of the Kraft litigation, also pending before this Court.  *See* Case No. 8:08-cv-00409-PJM.

*ESI* purposes," and asked for dates other than November 5 and 6, indicating that BSI was booked from November 23 to December 1. On November 18, WAUSA proposed December 9th and 10th. BSI did not respond to the e-mail until December 1, when it responded in a manner indicating that it had forgotten about the November 18 e-mail. After being reminded of it, BSI and WAUSA agreed that the WAUSA ESI deposition would be during the first or second week of January 2010. On December 15, BSI and WAUSA agreed that the WAUSA ESI Deposition would be on January 14. As noted above, at the same time, the parties commenced protracted settlement negotiations.

On December 19, BSI noticed the WAUSA ESI Deposition for January 14th on a broad range of topics far exceeding what was agreed to in the ESI Agreement. BSI also noticed co-Defendant Holdings for an ESI Deposition despite the fact that Holdings is a non-party to the ESI Agreement. Holdings has already been deposed in this case for jurisdictional purposes, and Holdings has already had to file a motion for protective order as to BSI's subsequent attempts to depose Holdings a second and third time. *See* DE 104, 112. This notice is the <u>fourth</u> time that BSI has tried to depose Holdings. While that ESI Deposition Notice was pending, the intervening events below occurred.

    **C.**    **The Intervening Events**.

From December 14 through January 7, the parties engagement in substantial confidential discussions to resolve this case. These included many phone discussions lasting hours and countless other communications exchanged throughout the Christmas holiday period. The negotiations also included an in-person meeting at WAUSA's counsel's office lasting into the evening of New Year's Eve. Those confidential discussions required exceedingly substantial time commitments from WAUSA's counsel and their client. Those discussions ended on

January 8.

Moreover, BSI was informed during December 2009, that in late November 2009, WAUSA's General Counsel was hospitalized for hip replacement surgery. WAUSA's General Counsel has not yet returned to full-time weekly status at WAUSA, and is still undergoing ongoing physical therapy. BSI was informed in December 2009 that the participation of WAUSA's General Counsel was necessary to complete the discovery responses and to prepare for the ESI Deposition. At the time, it was believed that General Counsel's recovery would be speedier than has in fact turned out to be the case. *See* the Declaration of Homer Appleby, Esq. to be filed separately in connection herewith (immediately upon Mr. Appleby's availability).

      **D.**    **The Good Faith Efforts.**

Given the approximately four-week hiatus in the case due to the intervening events, and the continued unavailability for full-time attention of WAUSA's General Counsel, counsel for WAUSA and World Avenue Holdings repeatedly consulted in early January with counsel for BSI to request an extension of the January 8 and January 14 deadlines, all to no avail.[4] On January 7, 2009, counsel for WAUSA and World Avenue Holdings made, in writing, a good faith effort to obtain agreement to this motion, but counsel for BSI still refused.

**III.**    **Argument.**

      **A.**    **The Court Should Grant An Extension Of The Reciprocal Merits Discovery Deadline and the WAUSA ESI Deposition.**

The Court should grant an extension of the reciprocal merits discovery deadline and the WAUSA ESI Deposition. The case has been in effective hiatus during the four-week period

---

[4] WAUSA would be pleased at any hearing on this Motion to explain to the Court exactly what it believes was the interplay between BSI's refusal of the good faith effort, the bearing of ongoing settlement negotiations, and its General Counsel's unavailability on that refusal.

described above, and the hiatus has prejudiced WAUSA in its preparation of merits discovery responses and for the WAUSA ESI Deposition. Moreover, since late November, WAUSA has been without the full time services of its General Counsel, who only returned to work *this week* on a part-time basis. An extension of time would serve the purposes of the Federal Rules, which is "to secure the *just*, speedy, and inexpensive determination of every action and proceeding." *See* Rule 1, Fed. R. Civ. P. (emphasis added).

      B.    **An Extension Would Enable The Issues At The ESI Deposition To Be Narrowed.**

A short extension of the discovery deadlines would enable the parties and, if necessary, the Court, to resolve in advance the following three issues without which the Court will need to be called upon pending issues during the ESI Deposition. First, although BSI and WAUSA agreed to a narrow scope of ESI issues, BSI has issued a grossly-overbroad ESI Deposition Notice.

Second, although the parties agreed to dates for a "WAUSA *ESI Deposition*" and only WAUSA is a party to the ESI Agreement, BSI has noticed a <u>Holdings</u> ESI Deposition. Holdings is not a party to the ESI Agreement, its deposition has already been taken, and a pending Motion exists as to a proposed second and third deposition of Holdings. The ESI Agreement applies only to WAUSA, by agreement.

Third, BSI has also issued -- but did not serve -- ESI Subpoenas to other entities affiliated with WAUSA also on January 14th. None of those parties are parties to the ESI Agreement. None agreed to be deposed for ESI purposes. None of those parties agreed to the January 14th date. Instead, counsel unilaterally noticed the depositions on December 19th during settlement

negotiations without first coordinating the dates.[5]

Finally, the Court should note that the subpoenas to the third parties have been issued to circumvent Federal Rule 30(a)(2)(A)(ii), which limits the deposition of deponent to one deposition. *See* Rule 30(a)(2)(A)(ii), Fed. R. Civ. P. Although styled as a "Notice of FRCP 30(b)(6) Corporate Deposition of Non-Parties For Purposes of ESI and Merits Discovery," all of the attached Requests relate to ESI and none relate to merits discovery. BSI has also indicated its intention to amend to add some or all of these non-parties. Thus, contrary to Magistrate Judge Day's rulings at one of two hearings held on August 26, BSI will seek to depose the non-parties twice, once for ESI purposes, and once for merits purposes, all in violation of the Federal Rules.

In any event, no subpoenas have been served securing the appearance of those non-parties.

### C. **Plaintiff Will Not Be Prejudiced By The Extension of Deadlines That It Mutually Agreed To Extend Since August And October, Respectively.**

BSI will not be prejudiced in any way by a short extension of the foregoing deadlines. BSI and WAUSA mutually agreed to extend the reciprocal discovery deadline seven (7) times. As explained above, before settlement discussions commenced, BSI ignored proposed dates for the setting of the WAUSA ESI Deposition for weeks starting on November 18, resulting in the earlier dates being lost due to conflicts. At the moment, WAUSA's General Counsel remains partially incapacitated and is just returning to part-time work. BSI can hardly now complain that it can be prejudiced under these circumstances.

---

[5] At the same time that settlement negotiations proceeded, counsel also served a draft Second Amended Complaint adding numerous additional individuals and entities, and served a notice of intent to subpoena approximately 50 non-parties.

### D. The Court Should Issue A Protective Order As To The WAUSA and Holdings ESI Depositions.

The Court should also issue a Protective Order as to the WAUSA and Holdings ESI Depositions. The WAUSA ESI Deposition is grossly overbroad and contains fifty-two grossly-overbroad categories of topics of examination and requesting production of documents relating to each of the 52 categories. The list far exceeds the scope of permitted discovery under the ESI Agreement quoted above. Pursuant to the procedure under the ESI Agreement, WAUSA requests hearing on this issue.

Finally, BSI has issued an ESI Deposition Notice to Holdings, which should be quashed. First, BSI has already deposed Holdings once on jurisdictional grounds, and has noticed it for a second and third deposition on jurisdictional grounds. BSI's second and third attempts to depose Holdings are the subjects of a Motion to Quash found at DE 104 and 112 that has been fully-briefed since October 2. This would be the *fourth* try at deposing Holdings, all in violation of Rule 30(a)(2)(A)(ii), which prohibits multiple depositions. Second, Holdings is not a signatory to the ESI Agreement, and did not consent to be separately deposed on ESI. Third, BSI did not coordinate any date for a Holdings ESI Deposition, but instead just unilaterally noticed it.

WAUSA and Holdings will file a more-comprehensive Motion addressing these defects in the ESI Notice.

**WHEREFORE,** Defendants WORLD AVENUE USA, LLC and WORLD AVENUE HOLDINGS, LLC, respectfully request (a) a twenty-one (21) day extension of time for (i) the mutual exchange of merits discovery and (ii) the WAUSA ESI Deposition, (b) a protective order as to the WAUSA and Holdings ESI Deposition Notices, and for such other and further relief as the Court deems just and appropriate.

Dated: January 8, 2010.

Respectfully submitted,

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

--and--

_____/s/\_John L. McManus\_\_
Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

*Attorneys for World Avenue USA, LLC and World Avenue Holdings, LLC*