IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC** | * | |
| successor by merger to NIUTECH, LLC., | * | |
| **DBA THE USEFUL, ET AL.** | * | |
| | * | |
| Defendants | * | |

## MOTION TO STRIKE, AND FOR EXPEDITED RULING

Plaintiff and Defendant WAUSA have set and confirmed the date of January 14, 2010, for the "ESI deposition" of WAUSA in Miami. In reliance on this agreement, arrangements have been made for this deposition. WAUSA now wants to postpone it, filing a "Motion for Extension of Time to Comply with Joint Deadline for Reciprocal Exchange of Discovery and Electronically Stored Information Deposition and for Protective Order." (d. 142). Plaintiff is attempting to press forward with discovery, and WAUSA is dragging its feet. The merits of WAUSA's arguments will be addressed in a separate filing.

The motion is fatally defective for failure to comply with Local Rule 104.7, which provides: "Conference of Counsel Required. Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court." A similar certificate is required under Fed. R. Civ. Proc. 26(c). No certificate is attached to the motion.

WAUSA has been dilatory and evasive as to virtually all of its discovery responses (see Plaintiff's motion to compel at docket 138), yet has received cooperation from Plaintiff including a lengthy deposition, thousands of pages of documents, and Plaintiff's responses to written discovery. WAUSA has also managed to delay these proceedings by more than a year by its motions to dismiss based on personal jurisdiction. Delaying the deposition will likely result in still more slippage, and compounded delays in ongoing discovery.

Plaintiffs respectfully refer the Court to FRCP 26, and Local Rule 104.7, excerpts of which are reprinted below.

Plaintiff requests an expedited ruling on this motion and a shortening of time for WAUSA' response, to 5:00 p.m. on Monday, January 11, 2010.

Plaintiff requests an order striking WAUSA's motion at docket 142.


　　　　　/s/
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249


　　　　　/s/
Michael S. Rothman
E. Jefferson Street
Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

# GROUNDS AND AUTHROTIES

Local Rule 104. Discovery

1. Limitation on Number of Requests for Production and Requests for Admission
Unless otherwise ordered by the Court, or agreed upon by the parties, no party shall serve upon any other party, at one time or cumulatively, more than 30 requests for production, or more than 30 requests for admission (other than requests propounded for the purpose of establishing the authenticity of documents or the fact that documents constitute business records), including all parts and sub-parts.

2. Timely Written Discovery Requests Required
Interrogatories, requests for production, motions for physical and mental examination, and written deposition questions must be made at a sufficiently early time to assure that they are answered before the expiration of the discovery deadline set by the Court. Unless otherwise ordered by the Court, no discovery deadline will be extended because written discovery requests remain unanswered at its expiration.

3. Discovery to Proceed Despite Existence of Disputes
<u>Unless otherwise ordered by the Court, the existence of a discovery dispute as to one matter does not justify delay in taking any other discovery</u>. . . .

. . .

7. Conference of Counsel Required
<u>Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate</u> reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court.

8. Procedure Regarding Motions to Compel
The following procedure shall be followed in litigating motions to compel answers to interrogatories and requests for production or entry upon land as to which a response has been served. This procedure shall not govern motions to compel (a) answers to interrogatories or to requests for production or entry upon land where no responses at all have been served, (b) answers to deposition questions or (c) responses to discovery requests directed to a non-party. Such latter motions shall be filed with the Court and treated as any non-discovery motion, except that, as to disputes concerning discovery directed to a non-party, unless otherwise directed by the Court, the Court will not consider the motion until a conference has been held under L.R. 104.8.b and a certificate has been filed under L.R. 104.8.c.

FRCP 26

. . .

(c) PROTECTIVE ORDERS. Upon motion by a party or by the person
from whom discovery is sought, <u>accompanied by a certification
that the movant has in good faith conferred or attempted
to confer with other affected parties in an effort to resolve the dispute</u>
without court action, and for good cause shown, the court in
which the action is pending or alternatively, on matters relating
to a deposition, the court in the district where the deposition is
to be taken may make any order which justice requires to protect
a party or person from annoyance, embarrassment, oppression, or
undue burden or expense, including one or more of the following:
(1) that the disclosure or discovery not be had;
(2) that the disclosure or discovery may be had only on specified
terms and conditions, including a designation of the time
or place;
(3) that the discovery may be had only by a method of discovery
other than that selected by the party seeking discovery;
(4) that certain matters not be inquired into, or that the
scope of the disclosure or discovery be limited to certain matters;
(5) that discovery be conducted with no one present except
persons designated by the court;
(6) that a deposition, after being sealed, be opened only by
order of the court;
(7) that a trade secret or other confidential research, development,
or commercial information not be revealed or be revealed
only in a designated way; and
(8) that the parties simultaneously file specified documents
or information enclosed in sealed envelopes to be opened as directed
by the court.
If the motion for a protective order is denied in whole or in part,
the court may, on such terms and conditions as are just, order
that any party or other person provide or permit discovery. The
provisions of Rule 37(a)(4) apply to the award of expenses incurred
in relation to the motion.

(d) TIMING AND SEQUENCE OF DISCOVERY. Except in categories of
proceedings exempted from initial disclosure under Rule
26(a)(1)(E), or when authorized under these rules or by order or
agreement of the parties, a party may not seek discovery from
any source before the parties have conferred as required by Rule
26(f). <u>Unless the court upon motion, for the convenience of parties
and witnesses and in the interests of justice, orders otherwise,</u>

<u>methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.</u>

[Emphasis added.]

## **Certificate of Service**

I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.

              /s/
Stephen H. Ring