IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. )<br>    Plaintiff )<br>)<br>v. )<br>)<br>WORLD AVENUE USA, LLC, et al. )<br>    Defendants )<br>_____ ) | | Case No. PJM 08 cv 0921 |

**DEFENDANT WORLD AVENUE USA, LLC'S AND WORLD AVENUE HOLDINGS, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendants WORLD AVENUE USA, LLC ("WAUSA") and WORLD AVENUE HOLDINGS, LLC ("Holdings") hereby submit their Memorandum of Law in Opposition to Plaintiff BEYOND SYSTEMS, INC.'s ("BSI") Motion to Strike [DE 143] ("Motion to Strike"), and state:[1]

At Docket Entry 142, WAUSA and Holdings have filed a Motion For Extension of Time to Comply With Joint Deadline for Reciprocal Exchange of Discovery and Electronically Stored Information Deposition and for Protective Order.

WAUSA and Holdings have requested a short extension of time for reciprocal merits discovery (requests for production of documents and interrogatories) exchanges between the parties and for the deposition of WAUSA and Holdings as to Electronically Stored Information ("ESI Deposition"). *See* DE 142. The merits of the Motion are fully briefed in the Motion and in Defendants' to-be-filed Reply Memorandum.

Plaintiff BSI has filed a Motion to Strike on the grounds that "the motion is fatally

---

[1] WAUSA and Holdings agree that an expedited hearing should be held on their Motion, but not for the reasons stated in the Motion to Strike.

1

defective for failure to comply with Local Rule 104.7." Motion to Strike, p. 1. The Court should note that BSI does not argue that a good faith effort was not made, but only that the certification of the good faith effort was not made in a separate certificate. *See* Opposition, p. 7. WAUSA and Holdings' full good faith effort was detailed at Page 5 of the Motion filed at DE 142:

> Given the approximately four-week hiatus in the case due to the intervening events, and the continued unavailability for full-time attention of WAUSA's General Counsel, counsel for WAUSA and World Avenue Holdings repeatedly consulted in early January with counsel for BSI to request an extension of the January 8 and January 14 deadlines, all to no avail. On January 7, 2009, counsel for WAUSA and World Avenue Holdings made, in writing, a good faith effort to obtain agreement to this motion, but counsel for BSI still refused.

*See* DE 142, p. 5, § D (footnote omitted).

Plaintiff BSI cites to Federal Rule 26, and states that the Motion is defective on the grounds that it does not contain a certification under Federal Rule 26(c). Once again, BSI does not claim that the conference has not occurred, but only that the separate certificate is missing. However, in its Opposition filed at DE 144, BSI admits that <u>the required conference has already occurred and the parties still disagree</u>. See Opposition, p. 7 ("Counsel have already conferred on this point [scope of WAUSA ESI Deposition], and have essentially agreed to disagree").

The certification contained at Page 5 of the Motion and quoted above satisfies both Federal Rule 26(c) and Local Rule 104.7. However, in an abundance of caution, Defendants have filed a Local Rule 104 certificate. *See* DE 147.

The merits of BSI's claims that WAUSA has been dilatory will be briefed on the merits in WAUSA's to-filed-filed Reply Memorandum. One comment in the Motion, however, deserves attention. BSI claims that "WAUSA has also managed to delay these proceedings by more than a year by its motions to dismiss based on personal jurisdiction." *See* DE 143, p. 2. The Court can search the docket of this action, but WAUSA has filed no "motions to dismiss

2

based on personal jurisdiction," as BSI claims.

In fact, BSI originally filed against another defendant for whom it subsequently voluntarily dropped as a party. Subsequently, BSI added a new defendant -- World Avenue Holdings, LLC -- for whom a jurisdictional challenge remains pending after the Court heard argument and determined that BSI must take additional time to conduct jurisdictional discovery if it was to salvage its claim against Holdings. In so ruling, the Court noted that BSI had been insufficiently careful in pleading and presenting to the Court the jurisdictional issue, and instructed BSI to "tighten up its game." DE 121-1. BSI eagerly accepted the Court's proposed extended schedule for jurisdictional discovery and supplemental briefing. Moreover, related motions on the jurisdictional discovery remain outstanding, in pertinent part, due to BSI's two month delay in filing its Reply Brief to Holding's Opposition to a Motion to Compel. *See* DE 138, 138-17 (containing Response to Motion to Compel served on October 5, 2009 and Reply served on December 18, 2009). Any blame for delay in resolving whether BSI's claim against Holdings can proceed lays solely at BSI's feet. Its effort to attribute such blame to WAUSA, or Holdings, is emblematic of its lack of support for its current position regarding discovery scheduling issues.

For the foregoing reasons, the Court should deny the Motion to Strike.

Dated: January 11, 2010.

Respectfully submitted,

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

--and--

        /s/ John L. McManus__
Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

*Attorneys for World Avenue USA, LLC and World Avenue Holdings, LLC*