**IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION**

| | |
|---|---|
| BEYOND SYSTEMS, INC. ) | |
| ) | |
|     Plaintiff ) | |
|     v. ) | Case No.PJM 08 cv 0921 |
| ) | |
| WORLD AVENUE USA, LLC, et al. ) | |
|     Defendants ) | |
| _____ ) | |

### DEFENDANT WORLD AVENUE USA, LLC'S MOTION TO QUASH EIGHTY-FIVE (85) UNKNOWN SUBPOENAS AND MEMORANDUM OF LAW IN SUPPORT

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), by its undersigned counsel, hereby files its Motion to Quash eighty-five (85) unknown Subpoenas purportedly issued by Plaintiff, BEYOND SYSTEMS, INC. ("BSI") in violation of Rule 45(b)(1) of the Federal Rules of Civil Procedure and, as for good cause, states:

1.    On December 29, 2009, Plaintiff served a "Notice of Issuance of Subpoenas To Non-Parties For Production Of Documents Without Depositions" and listed eighty-six non-parties to this action. The Notice stated that BSI "gives notice that subpoenas for the production of documents without depositions will be issued to the persons listed below, requiring the production of documents on January 15, 2010, at the locations indicated in the subpoenas, pursuant to Fed. R. Civ. P. 45." (emphasis added). A copy of the Notice is attached hereto as Exhibit "A."

2.    The Notice only attached a single Subpoena to a single party, Tiggee, LLC (a.k.a. DNSMadeEasy.com). *See* Exhibit "A". No other Subpoena was attached or has been served on WAUSA since this time. Instead, the Notice indicated that the Subpoenas "will be issued" for a

production "at the locations indicated in the subpoenas," again referring only to the one attached Subpoena.

3.      On February 1, 2010, after not having been served with any Subpoenas -- save the single Subpoena attached to the December 29th Notice -- WAUSA served a Request for Copies asking for signed copies of any Subpoenas issued in the case[1] and copies of all documents produced by third parties. A copy of the Request for Copies is attached as Exhibit "B."

4.      On February 1, 2010, WAUSA became aware for the first time that BSI had apparently issued unknown Subpoenas not attached to the Notice to one, some, or all of the 85 other listed non-parties. This occurred through an e-mail communication in which BSI's counsel mentioned that "some of the recipients have requested more time to comply."

5.      WAUSA attempted to obtain clarification of which non-parties had been issued Subpoenas by BSI on February 1, 2 and 3, 2010, and BSI's counsel refused, thus prompting the filing of this Motion.

6.      Federal Rule 45(b)(1) clearly requires the provision of prior Notice of the issuance of a Subpoena so that a party can move to quash or modify the Subpoena *based on its contents*. As such, this necessarily requires that effective Notice under Rule 45(b)(1) include a description of the documents requested or a copy of the Subpoena being served. Rule 45(b)(1) provides:

> If the subpoena commands the production of documents, electronically stored information, or tangible things before trial, then before it is served, a notice must be served on each party.

---

[1] With exceptions for another set of subpoenas not material here.

2

Fed. R. Civ. P. 45(b)(1).

7.    The Advisory Committee Notes to the 1991 Amendment to Rule 45(b)(1) explain

the purpose of the Notice in Rule 45(b)(1) as follows:

> A provision requiring service of prior notice pursuant to Rule 5 of compulsory
> pretrial production or inspection has been added to paragraph (b)(1).  The purpose
> of such notice is to afford other parties an opportunity to object to the production
> or inspection, or to serve a demand for additional documents or things.  **Such
> additional notice is not required with respect to a deposition because of the
> requirement of notice imposed by Rule 30 or 31.  But when production or
> inspection is sought independently of a deposition, other parties may need
> notice in order to monitor the discovery and in order to pursue access to any
> information that may or should be produced.**

*See* Rule 45, Advisory Committee Notes, 1991 Amendment (emphasis added).   And, the

Advisory Committee Notes to the 2007 Amendments to Rule 45(b)(1) state:

> Former Rule 45(b)(1) required "prior notice" to each party of any commanded
> production of documents and things or inspection of premises.   Courts have
> agreed that notice must be given "prior" to the return date, and have tended to
> converge on an interpretation that requires notice to the parties before the
> subpoena is served on the person commanded to produce or permit inspection.
> That interpretation is adopted in amended Rule 45(b)(1) to give clear notice of
> general present practice.

8.    In turn, Rule 30, referred to in the Advisory Committee Notes to Rule 45,

provides in Subsection (b)(2) that "[i]f a subpoena *duces tecum* is to be served on the deponent,

**the materials designated for production, as set out in the subpoena, must be listed in the**

**notice or in an attachment.**  The notice to a party deponent may be accompanied by a request

under Rule 34 to produce documents and tangible things at the deposition."  *See* Rule 30(b)(2),

Fed. R. Civ. P. (emphasis added).   It would be incongruous indeed if Rule 30 on deposition

notices required a copy of the documents to be produced in a subpoena to be included in the

3

notice, but Rule 45 on production of documents without deposition did not require a specification of the documents to be produced to be included in the notice.  Indeed, that is precisely what the applicable cases and authorities have recognized.

9.    A notice under Rule 45(b)(1) must include a copy of the subpoena or a specification of the documents to be produced.  David Siegels' *Practice Commentaries*, included in the United States Code Annotated copy of the Federal Rules of Civil Procedure, states the following concerning the notice provision of Rule 45(b)(1):

> Under the last sentence of subdivision (b)(1) of Rule 45, the party who seeks a pretrial production of documents from a nonparty through use of a subpoena *duces tecum* must serve notices on all the other parties. **The notice should spell out for the parties the essentials of the directed production, so that any interested party can attend at the time and place of the discovery, review the produced documents or other things itself, and otherwise monitor the proceedings**. These notices may be served on the other parties through the usual within-the-action methods of Rule 5(b) (mail to the other parties' attorneys being the most common method).

> **This requirement of notice of a pretrial subpoena *duces tecum* is analogous to what Rule 30(b)(1) requires when it is a deposition that is sought of a person (a party or nonparty): all the other parties must be given notice of the time and place of the examination and of all related particulars. Indeed, Rule 30(b)(1) may even be repetitive of Rule 45 when the person being deposed is a nonparty witness from whom document production is also sought. It says that if the person to be examined is also served with a subpoena *duces tecum* seeking tangible materials, the notice of the deposition served on the other parties must also identify the materials that the subpoena *duces tecum* has demanded**.

> **The requirement that other parties be notified enables them to object to the production of the documents or other things if they find ground, as with a motion to quash or modify the subpoena under subdivision (c)(3), or to take their own steps to secure the production of yet other documents that they deem important in conjunction with the pending discovery**. It enables them in any event to monitor proceedings so as to protect their own interests.

*See* Federal Rule of Civil Procedure 45, David Siegel, *Practice Commentaries*, § C45-6 (emphasis added).

      10.    Federal courts construing Rule 45(b)(1) have reached a similar conclusion:

> **It would have been helpful for the Court to know whether Honda was served with a copy of the document subpoena directed to Ms. McPherson at or before the time set for production. Such service is, of course, required by Rule 45(b)(1).**  One of the reasons the Rule incorporates this requirement is to "afford the other party the opportunity to object to the production or inspection" of documents described in the subpoena....Here, if Honda was not served with a copy of the subpoena *duces tecum*, Honda's first opportunity to object to any production of privileged documents would have come only after it viewed the documents on December 6, 2007.

*See EEOC v. Honda of America Mfg., Inc.*, 2008 WL 3340437, at *1 (S.D. Ohio Feb. 13, 2008) (unpublished) (emphasis added); *McCurdy v. Wedgewood Capital Mgmt. Co., Inc.*, Case No. 97-4304, 1998 WL 964185, at *1, *7 (E.D. Pa. 1998) (finding a violation of Rule 45(b)(1) where "Plaintiff's counsel has served at least seven (7) additional subpoenas on third parties and **failed to serve any of the subpoenas on Defendant's counsel** prior to the time they were served on third parties," but finding no prejudice because much of the information covered in the subpoenas was discoverable) (emphasis added); *Omikoshi Japanese Restaurant v. Scottsdale Ins. Co.*, Case No. 08-3657, 2008 WL 4829583, at *1, *2 (E.D. La. 2008) (unpublished) (denying unopposed motion to compel where it violated Rule 45(b)(1) as "[t]he subpoena was not filed electronically in this court, by which plaintiff would have received notice, nor do either defendant's cover letter to J & J Accounting Services or **the subpoena itself indicate that they were ever served on plaintiff's counsel**") (emphasis added); *Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, 2009 WL 3242561, at *1, *2 (D. Del. 2009) ("In viewing the subpoena the court cannot discern whether Devito or other parties were given notice of the

subpoena before it was served as required by Rule 45(b)(1). Devito states in her motion that the parties were not given notice. She indicates that it was Delaware Sterling who provided her with **a copy of the subpoena**") (emphasis added); *cf. Paradigm Alliance, Inc. v. Celeritas Technologies, LLC*, 2008 WL 4891241, at *1, *4 (D. Kan. 2008) ("Celeritas intentionally served a version of the subpoena on Accudata on July 17 **which was different from the one sent to Paradigm on July 8, a violation of the notice requirement in Rule 45(b)(1)**. Accordingly, Paradigm's motion to quash shall be granted") (emphasis added).

11.    "Courts generally respond to Rule 45(b)(1) violations by striking the subpoenas" "or allowing opposing counsel an opportunity to object." *McCurdy v. Wedgewood Capital Mgmt. Co., Inc.*, Case No. 97-4304, 1998 WL 964185, at *1, *7 (E.D. Pa. 1998) (multiple citations omitted).

12.    Here, WAUSA has been clearly prejudiced by the lack of the inclusion of the documents requested in the Subpoena, the contact information of the non-party, or the location of production.  It was impossible for WAUSA to know, prior to the purported production date of January 15, 2010 whether to object to any of the 85 Subpoenas because it had never seen any of them.  WAUSA could not know which Court in which to file any motion because it did not know from which Court the Subpoenas were issued. *See* Fed. R. Civ. P. 45(a)(2)-(3).  WAUSA could not, in good faith and within the confines of Rule 11, file motions to quash 86 subpoenas that it had never seen and did not suspect had been issued *ex parte*.  Clearly also, the spirit of Rule 45(b)(1) has been undermined as WAUSA has had no opportunity to (i) review the documents requested; (ii) determine whether to file a protective order or motion to quash; (iii) monitor whether and where the production is occurring; (iv) know the non-parties to whom the subpoena

was actually issued; and, (v) in the case of non-parties that are multi-national or national corporations, or for non-parties whose contact information is unknown to WAUSA, know the corporate location to which the subpoena was issued.  Even after the *ex parte* issuance of the Subpoenas came to light, BSI refused to shed light on any of these issues.

13.     Moreover, granting an extension of time to object to the production responsive to the Subpoenas is too little, too late as some of these parties may have already or be about to be producing documents responsive to the *ex parte* Subpoenas.

**WHEREFORE,** WORLD AVENUE USA, LLC respectfully requests the entry of an Order quashing the eighty five (85) *ex parte* and unknown Subpoenas and imposing attorneys' fees and costs incurred in the bringing of this Motion, and for such other and further relief that this Court deems just and proper.

Dated:  February 3, 2010.

Respectfully submitted,

Attorneys for *World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

_____/s/_____

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477