## IN THE U.S. DISTRICT COURT FOR MARYLAND,
### SOUTHERN DIVISION

BEYOND SYSTEMS, INC.     )
                            )
   Plaintiff            )
   v.                     )     Case No.PJM 08 cv 0921
                            )
WORLD AVENUE USA, LLC, et al. )
   Defendants       )
_____ )

### DEFENDANT, WORLD AVENUE USA, LLC'S MOTION TO QUASH PLAINTIFF, BSI'S SUBPOENA ISSUED TO NON-PARTY DNS MADE EASY

    Defendant, WORLD AVENUE USA, LLC ("WAUSA"), by its undersigned counsel and pursuant to Fed. R. Civ. P. 45, hereby files its Motion to Quash or Modify the Subpoena (the "Subpoena") served by Plaintiff, BEYOND SYSTEMS, INC. ("BSI") on Non-Party, TIGGEE LLC, d/b/a DNS MADE EASY ("DNS Made Easy"), due to its personal interest in the confidential documents that are the subject of the Subpoena, and in support thereof, states:

## I.      INTRODUCTION

    WAUSA moves to quash a facially overbroad Subpoena served on DNS Made Easy that plainly seeks the production of confidential and proprietary information totally immaterial to this lawsuit. Specifically, BSI alleges, in its Amended Complaint, that WAUSA initiated, conspired in the initiation, or assisted in the transmission of at least 68,300 commercial electronic mail messages containing certain internet domain names (the "Emails at Issue") to its server(s) in Maryland in violation of the Maryland Commercial Electronic Mail Act, Section 14-3001 et seq. ("MD-CEMA"), and the Florida Electronic Mail Communications Act, Section 668.60 et seq., Fla. Stat.

1

While BSI's Amended Complaint arises out of the Emails at Issue that WAUSA allegedly transmitted to BSI's servers between 2005 and 2008[1], the Subpoena represents the quintessential fishing expedition -- it demands production of documents "related to" one hundred sixty-three (163) domain names, only forty-one (41) of which, according to BSI, appear in the Emails at Issue. A true and correct copy of the Subpoena is attached hereto as Exhibit "1". Further, the Subpoena requests documents created in 2009, even though the Emails at Issue were allegedly transmitted between 2005 and 2008. The recipient of the Subpoena -- DNS Made Easy -- is an internet service provider that confidentially translates domain names into numbered Internet Protocol ("IP") addresses. As detailed below, WAUSA has a personal, privacy interest in domain names, and thus, has standing to quash the facially overbroad Subpoena issued to DNS Made Easy.

## II.      STATEMENT OF FACTS.

In 2009, WAUSA retained DNS Made Easy to confidentially translate domain names to a corresponding IP address. On or about January 2, 2010, BSI served the Subpoena on DNS Made Easy demanding that it produce the requested documents on January 15, 2010. *See* Declaration of Steven Job, a copy of which is attached hereto as Exhibit "2", at ¶6. Among other things, the Subpoena requests that DNS Made Easy produce "[a]ll documents related to any of the following domain names" and then lists approximately one hundred sixty-three domain names. *See* Exhibit "1". However, only approximately forty-one (41) domain names of the domain names in the Subpoena allegedly appear in the Emails at Issue.  *See* Declaration of Paul A. Wagner dated

---

[1] The domain names that allegedly appear in the Emails at Issue are expressly set forth in the Declaration of Paul A. Wagner dated December 22, 2008, the founder of BSI, in Exhibit "23" to the Complaint, which is attached hereto as Exhibit "2".

2

December 22, 2008, attached as Exhibit "3".  By their absence in the December 22, 2008 Declaration of Paul A. Wagner, the remaining 122 domain names in the Subpoena ***do not*** appear in the Emails at Issue.  *Id*.

Additionally, the Subpoena seeks documents from 2009, which are completely irrelevant to this action.  As explained below, WAUSA had no relationship with DNS Made Easy until 2009, and thus, its documents relate exclusively to services provided in 2009.  There is a complete disconnect to the E-mails at Issue because BSI's Principal, Paul A. Wagner, has averred in a Declaration that WAUSA transmitted the Emails at Issue between 2005 and 2008. *See* Paul Wagner Declaration dated May 27, 2009 (mistakenly dated 2008), attached hereto as Exhibit "4".  In fact, Wagner avers that "more than 50,000" of the Emails at Issues were transmitted in 2005, 454 were transmitted in 2006, 331 were sent in 2007 and only 14 were sent in 2008. *See* Exhibit "4".  The Declaration does not mention any E-Mails At Issue in 2009, and concedes that Wagner has not even searched for them.  *Id*.

The Subpoena also demands that DNS Made Easy produce "all documents related to" the following topics:

(a)     the registration of the [one hundred sixty-three domain names];

(b)     the purchase, lease or use of [one hundred sixty-three domain names];

(c)     the sale, resale, exchange or ownership of the [one hundred sixty-three domain names];

(d)     the hosting or provision of DNS service or any service for the [one hundred sixty-three domain names];

(e)     complaint related to the [one hundred sixty-three domain names];

(f)     the identification of, or communications with any person …that received or paid any services related to the [one hundred sixty-three domain names];

(g)     any person besides YOU who….received any service for the [one hundred sixty-three domain names]; and

(h)     WAUSA.

The Subpoena broadly defines WAUSA to include its officers, employees, representatives and various affiliates. Upon receipt of the Subpoena, Steven Job ("Job"), DNS Made Easy's President, timely objected to its oppressive scope. *See* Exhibit "2" at ¶7.

In short, the Subpoena is a subterfuge to obtain WAUSA's confidential and proprietary information for a time frame having no relevance to this case.   Further, BSI's proposed Stipulated Order Regarding Confidentiality of Discovery Material (the "Stipulated Confidentiality Order") does not alleviate WAUSA's privacy concerns in light of BSI's pattern of non-compliance with similar orders in other actions in this district. *See* D.E. #209, *Beyond Systems, Inc. v. Kraft Foods, Inc.*, Case No.: 8:08-cv-00409-PJM, U.S. District Court for the District of Maryland. Indeed, in the matter *sub judice*, BSI filed a Motion to Compel that attached three unredacted, interrogatory responses -- Nos. 1, 8 and 12 (the "Confidential Interrogatory Responses") --  that were previously marked confidential pursuant to the Court's August 20, 2009, Protective Order and Confidentiality Agreement (the "August 20, 2009 Protective Order"). Due to BSI's flagrant breach of the August 20, 2009 Protective Order, WAUSA's Confidential Interrogatory Responses are now accessible for anyone registered to use the Court's PACER system.

Accordingly, WAUSA is entitled to an Order quashing the Subpoena, or, if the Court

4

finds that documents relating to a relationship created in 2009 are relevant to E-Mails At Issue received from 2005 to 2008 only, the Court should substantially narrow its scope to require the production of documents referencing only those 41 domain names that, according to BSI, appear in the Emails at Issue.

### III.    SUMMARY OF ARGUMENT.

The Court should quash the Subpoena as it demands WAUSA's confidential and proprietary information that is irrelevant to this lawsuit. WAUSA has standing to quash the Subpoena in light of its personal interest in the documents sought therein. The Subpoena demands the production of documents "relating to" domain names that are not in the Emails at Issue. The Court should not require DNS Made Easy to produce the documents subject to the August 20, 2009 Protective Order given that the information requested in the Subpoena is entirely irrelevant, as well as the fact that BSI has a pattern of disclosing privileged and confidential materials, both in this action, and other lawsuits.

### IV.    MEMORANDUM OF LAW

#### A.    WAUSA Has Standing to Quash the Subpoena.

Fed. R. Civ. P. 45(c)(3) authorizes the issuing Court to quash or modify a subpoena "if it requires disclosing a trade secret or other confidential research, development, or commercial information." Pursuant to Fed. R. Civ. P. 45(c)(3)(b), the Court may order this relief "to protect a person subject to *or affected by a subpoena.*" (emphasis added). The Advisory Committee Notes to Rule 45 emphasize that:

> In instances where a *subpoena requires disclosure of a trade secret or other confidential or commercially sensitive information it should be quashed unless the party serving the subpoena shows a substantial need* and the court can devise an

5

> appropriate accommodation to protect the interests of the party
> opposing such potentially harmful disclosure.
> Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment.

Further, it is well-settled that a party has standing to quash a subpoena issued to a non-party, if the party "claims some personal right or privilege in the information sought by the subpoena." *U.S. v. Idema*, 118 Fed. Appx. 740 (4th Cir. 2005) (unpublished); *Carolina Materials, LLC v. Continental Casualty Co.*, 2009 WL 4611519 (W.D.N.C. 2009) (noting that a party may quash a subpoena served on third party upon making "specific showing of privilege or privacy" regarding the subject documents); *Green v. Sauder Moldings, Inc.*, 223 F.R.D. 304 (E.D. Va. 2004) (observing that party has standing to challenge subpoena served on non-party where "movant claims some personal right or privilege to the documents sought").

For example, in *Chemical Bank v. Dana*, 149 F.R.D. 11 (D. Conn. 1993), the defendant moved for a protective order with respect to a subpoena issued by the plaintiff to the defendant's opponent in a prior action that sought discovery of financial documents clearly unrelated to the case. The Court rejected the defendant's contention that the plaintiff lacked standing to challenge the non-party subpoena. Specifically, the Court emphasized that "[c]ompliance with the subpoena might infringe on certain privacy rights, in that [the plaintiff] would have easy access to unrelated financial and business dealings in detail, even though most of the documents are already a matter of public record." *Id*. at 13.  In fact, the Court granted the defendant's motion for protective order. In doing so, the Court underscored that the subpoena requested detailed information regarding defendant's unrelated business or personal affairs, and "the right to obtain relevant discovery is outweighed by the privacy interests in these documents." *Id*. at 14.

6

Further, in *Hoover v. Florida Hydro, Inc.,* 2008 WL 4467661 (E.D. La. 2008), the plaintiff moved to quash the defendant's third-party subpoenas issued to his friend and mother for certain computer files claiming they were unduly burdensome, and sought only to harass the witnesses. The defendants alleged that the plaintiff did not have standing to challenge the non-party subpoenas. In holding that the plaintiff had standing to challenge the subpoenas, the Court reasoned that "[while] the subpoenas were issued to his mother and to his friend, they seek information that may have been sent by or for [plaintiff] on their computers." *Id.*; *see also Jones v. Connecticut Community Technical Colleges*, 258 F.R.D. 192 (D. Conn. 2009) (holding that plaintiff had standing to challenge a subpoena issued to her health care provider requesting production of mental health records for "[she] clearly has a personal privacy right and privilege with respect to the information contained in his psychiatric and mental health records"); *Ace Hardware Corp. v. Celebration Ace Hardware, LLC,* 2009 WL 3242561 (D. Del. 2009) (granting defendant's motion to quash subpoena served on non-party due to its privacy rights in financial information that was the subject of the subpoena).

Applying these principles, WAUSA has standing to quash the Subpoena in light of its privacy interest in the confidential information it furnishes to DNS Made Easy on behalf of its sister company.   WAUSA confidentially discloses domain names to DNS Made Easy for the purposes of translating human-friendly domain names and host names into IP addresses. *See* Declaration of Rob Erie at ¶3, hereinafter referred to as Exhibit "5". WAUSA requires that DNS Made Easy maintain the confidential domain names in the strictest confidence. *Id.*, ¶8.  Indeed, DNS Made Easy has a Privacy Policy that prohibits disclosure of customers' "personally identifiable information".  *See* Exhibit "5" at ¶8.

7

Further, internet marketing is a cutthroat business, and the privacy and confidentiality of domain names is critical to developing, maintaining and increasing market share. WAUSA and its sister company register domain names only after significant due diligence, including competitive and market analysis. *See* Exhibit "5" at ¶7. In short, the analysis must reflect that a specific domain name is likely to draw customers to the corresponding website. *See* Exhibit "5" at ¶9. DNS Made Easy is required to provide services that do not include disclosure of confidential information. If such information was disclosed, it would be exploited by competitors, including the registration of similar domain names to confuse consumers and to divert those consumers to the competitors' web pages. *See* Exhibit "5" at ¶¶10-12. Hence, substantial financial harm would ensue if DNS Made Easy discloses the confidential domain names. *See* Exhibit "5" at ¶¶10-12.   Accordingly, the Subpoena should be quashed as it is confidential and proprietary information.

**B.      BSI Cannot Show Any Substantial Need That Outweighs The Privacy Interest in the Confidential Information Because The Information Sought in the Subpoena Has No Relevance to this Case.**

BSI has not shown any substantial need to obtain the documents from DNS Made Easy that would outweigh the privacy interest in the confidential documents.  As a general rule, courts apply a balancing test to determine if a party's privacy rights in the materials outweigh the relevance of the information. *See e.g. Del Campo v. American Corrective Counseling Services, Inc.,* 2009 WL 3458298 (N.D. Cal. 2009) (noting that "the right of privacy is not an absolute bar to discovery…courts balance the need for the information against the claimed privacy right"). Here, the Court need not conduct a balancing test as the Subpoena seeks information completely unrelated to this action.

8

Specifically, WAUSA engaged DNS Made Easy in 2009 to provide services to domain names owned by its sister company. *See* Declaration of Rob Erie, attached as Exhibit "5". The Emails at Issue, on the other hand, were only purportedly transmitted between 2005 and 2008. *See* Declaration of Paul A. Wagner, attached as Exhibit "4". As DNS Made Easy only has documents pertaining to WAUSA since 2009, none of the documents in its possession, custody or control bear any relevance to the Emails at Issue. Further, the Subpoena requests documents "related to" 163 domain names, approximately 122 of which do not appear in the Emails at Issue. *Compare* Subpoena attached as Exhibit "1" to Declaration of Paul A. Wagner, attached as Exhibit "3". Accordingly, the 122 domain names that are not in the Emails at Issue have no relevance whatsoever to this case.

Finally, the Subpoena for the 122 domain names to DNS Made Easy has no relevance to this case because WAUSA is not the owner of any of those domain names. The domain names owned by WAUSA have been produced in discovery, and are attached in the Declaration of Chadd Schlotter, filed as Exhibit "6" hereto. None of those domain names are the subject of the DNS Made Easy Subpoena, and thus, the Subpoena seeks completely irrelevant information to this action.

### C.    **WAUSA's Privacy Interests In the Confidential Information Are Not Alleviated By The August 20, 2009 Protective Order.**

#### 1.    **A Protective Order Is No Substitute For A Showing of Substantial Need to Obtain Documents Or Relevance.**

WAUSA's strong interest in protecting the confidential and proprietary nature of its information is not mitigated by the existence of the August 20, 2009 Protective Order in this action. As a general rule, the issuance of the August 20, 2009 Protective Order does not obviate a

party's objections to a subpoena in that the Protective Order is "not a substitute for establishing relevance or need." *See Micro Motion, Inc. v. Kane Steel Co.*, 894 F. 2d 1318, 1324 (Fed. Cir. 1990); *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F. 2d 422, 424 (Fed. Cir. 1993) (quashing subpoena and holding that protective order does not eliminate the requirements of relevance and need for the information) (emphasis added); *R & D Business Systems, Inc. v. Xerox Corp.*, 152 F.R.D. 195, 198 (D. Colo. 1993) (granting motion to quash despite protective order where the discovery party "must still meet the burden of showing the necessity for the information sought"). Rather, a protective order is designed "to prevent harm by limiting disclosure of relevant and necessary information." *Micro Motion*, 894 F. 2d at 1324 (emphasis in original).

Accordingly, the August 20, 2009 Protective Order cannot mollify WAUSA's objections as BSI has utterly failed to show that denial of discovery will cause it to suffer undue hardship. *Am. Standard v. Pfizer, Inc.*, 828 F. 2d 734, 740 (Fed. Cir. 1987); *see Caver v. City of Trenton*, 192 F.R.D. 154, 157 & 164 (D.N.J. 2000) (issuing protective order against subpoena based on irrelevance and privilege, despite plaintiffs' offer of an attorneys' eyes only protective order). In fact, BSI's Subpoena requests documents from a time period that -- according to the Declaration of Paul A. Wagner -- is clearly outside the scope of the Emails at Issue. *See* Declaration of Paul A. Wagner, attached as Exhibit "4". BSI cannot show that the requested materials are relevant at all, and thus, the Court should refrain from requiring DNS Made Easy to produce the documents subject to the August 20, 2009 Protective Order.

**2.     The August 20, 2009 Protective Order Is No Guarantee of Protection Under The Circumstances.**

Assuming that the Court finds the domain names warrant protection under Fed. R. Civ. P. 45(c)(3)(B)(iii), the August 20, 2009 Protective Order does not mitigate the harm to WAUSA. In particular, WAUSA has no assurances that BSI would strictly follow the August 20, 2009 Protective Order given it produced privileged documents in other lawsuits. In *Beyond Systems, Inc. v. Kraft Foods, Inc.*, Case No.: 8:08-cv-00409-PJM, BSI admitted that it produced "three documents which contain privileged communications." [D.E. #62, Exhibit "10", attached as Exhibit "7"].  BSI's disclosure of ***its own*** privileged communications in that action casts doubt upon its ability to preserve the confidentiality of the documents at issue here.

Moreover, BSI has disclosed confidential materials of its adversaries. Indeed, in this ***very case***, BSI filed Confidential Interrogatory Responses with the Court in contravention of the August 20, 2009 Protective Order. BSI cannot be expected to honor a Stipulated Confidentiality Order given its dubious track record. [*See* DE 138-4, pp. 5, 11, 15, containing Interrogatory Answers that were designated Confidential, but were nonetheless filed in the public record in violation of the August 20, 2009 Protective Order]. BSI's prior transgressions suggests that the domain names -- an invaluable asset to WAUSA and its sister entity -- would be at substantial risk if they were disclosed pursuant to the August 20, 2009 Protective Order. Considering that BSI cannot even show the information requested in the Subpoena is germane to its claims against WAUSA, the Court should refrain from ordering the disclosure of the domain names, and instead, quash the Subpoena.

11

**WHEREFORE,** WORLD AVENUE USA, LLC respectfully requests the entry of an Order quashing or modifying the Subpoena issued by BSI on DNS Made Easy, and for such other and further relief that this Court deems just and proper.

Dated:  February 5, 2010.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

   /s John L. McManus
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

12