IN THE U.S. DISTRICT COURT FOR MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| **BEYOND SYSTEMS, INC.** * <br> * <br> Plaintiff * <br> * <br> v. * <br> * <br> **WORLD AVENUE USA, LLC** * <br> successor by merger to NIUTECH, LLC., * <br> **DBA THE USEFUL, ET AL.** * <br> * <br> Defendants * <br> * | Case No. PJM 08 cv 0921 |

### PLAINTIFF'S OPPOSITION TO DEFENDANT WAUSA'S MOTION TO QUASH EIGHTY-FIVE (85) UNKNOWN SUBPOENAS

Plaintiff BEYOND SYSTEMS, INC. ("BSI"), by and through undersigned counsel, and pursuant to Rule 45 and Local Rule 105, hereby files this Opposition in response to Defendant WORLD AVENUE USA, LLC's ("WAUSA") Motion to Quash Eighty-Five (85) Unknown Subpoenas ("Motion") [DE 157], and on its behalf states as follows :

### I.  Factual Background

1. On December 29, 2009, BSI served a "Notice of Issuance of Subpoenas To Non-Parties For Production of Documents Without Depositions," as well as a copy of the subpoena issued to Tiggee, LLC (aka DNDMadeEasy.com).  A copy of the Notice and the Subpoena are attached to the Motion at Exhibit A.

2. On January 8th, BSI served Twenty-three (23) Non-Party Subpoenas *Duces Tecum* without deposition, all with a return date of February 19, 2010.

3. On February 1st and after the close of business, Defendant, by and through counsel McManus, contacted BSI by email regarding a number of matters of business between

1

the Parties. One of those matters was the issue of whether Defendant had received signed copies of all subpoenas *duces tecum* served on non-parties.

4. That same evening and also after business hours, BSI, by and through counsel Ring, responded to Defendant's requests for the first time, notifying him that he would make inquiry of co-counsel.

5. Also on February 1st, Defendant served a Request for Copies on Plaintiff. A copy of the Request is attached to the Motion at Exhibit B.

6. On February 3rd, Defendant filed the instant Motion.

7. On February 8th, BSI served a response to the Defendant's Request for Copies, which included electronic copies of the twenty-two (22) Non-Party Subpoenas Duces Tecum, along with any documents received pursuant to said subpoenas. A copy of the Response is attached to the present Opposition as Exhibit 1.

## II.     Governing Law

Pursuant to Rule 45, parties are to receive "notice" of a subpoena *duces tecum*. Specifically, the rule states as follows :

(b)     Service.

(1)     *By Whom; Tendering Fees; Serving a Copy of Certain Subpoenas.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. ***If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party***.

Fed. R. Civ. P. 45(b)(1) (italics emphasis in original, bolded italics emphasis added).

## III.     Application of Facts to the Law

On December 29, 2009, BSI provided Defendant with notice that it planned to serve subpoenas to Eighty-six non-parties to the action.  *See* Motion, Exhibit A.  Rule 45 contemplates "notice" to any party to the litigation.  *See* Rule 45(b)(1).  The term "notice" is not specifically defined in the Federal Rules of Civil Procedure.  Yet, Defendant claims that it has not properly received "notice" under Rule 45 until it has received signed copies of all subpoenas *duces tecum* issued to any entity by BSI.  Such an interpretation is not part of the plain language of Rule 45 or the 4th Circuit.

Rule 45(c) discusses the methods by which a party subject to the command of a subpoena may quash or modify that subpoena.  Defendant was not a party to any of the Twenty-Three (23) subpoenas served on non-parties by BSI.  Moreover, Defendant has provided no reason for this Court to consider WAUSA's claim that it has an interest in documents in the possession of non-parties.  Accordingly, Defendant has no standing to ask for this Court's intervention based on Rule 45.

Similarly, Defendant has suffered no prejudice from the "notice delay" it claims, and any damage to WAUSA can best be considered *de minimis*.  Defendant received copies of all the original signed subpoenas before the original return date listed in the subpoenas, as well as the documents received pursuant to those subpoenas.  *See* Exhibit 1.

## Conclusion

For all these reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Quash Eighty-Five (85) Unknown Subpoenas.

Respectfully submitted,

_____/s/_____
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249

_____/s/_____     \_\_\_2/23/10_____
Michael S. Rothman, Esq.                     Date
Law Office of Michael S. Rothman
401 E. Jefferson Street
Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610
USDC Bar # 14568

*Attorneys for Plaintiff*

## Certificate of Service

I certify that a copy of the foregoing documents was served on this 23rd day of February 2010, via the ECF system, on all counsel of record.

_____/s/_____
Michael S. Rothman