IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC, ET AL.** | * | |
| | * | |
| Defendants | * | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT WAUSA' MOTION TO QUASH PLAINTIFF, BSI's SUBPOENA
ISSUED TO NON-PARTY DNSMADEEASY, LLC**

Plaintiff served non-party DNSMadeEasy.com, LLC, dba "Tiggee," with a subpoena for production of documents only. Tiggee promised to produce certain documents, but was persuaded by Defendant World Avenue USA, LLC (WAUSA) to change its mind at the last minute. WAUSA has filed an untimely motion to quash the subpoena.

Plaintiff regards all of the "World Avenue companies," and the World Avenue "sister companies" (as they variously refer to themselves) as part of a single enterprise, with each entity acting as agent for the others.

Plaintiff incorporates by reference its Motion for Sanctions, Contempt and to Compel Tiggee at docket 166, and the Affidavit of Paul A. Wagner at docket 168, with exhibits.

**I.  Background.**

Defendants are in an e-mail-driven, "lead generation" business, which is to say that they rely on emails to "drive traffic" to websites where prospective customers are enticed by various means, including promises of "free gifts," to leave their names and contact information. This contact data is then placed in lists that are then sold to other marketers. In order to gather the

contact information Defendants enlist "affiliates" and assist them by providing "creatives" and other advertising content designed for use in commercial emails that are transmitted to millions of email addresses. The affiliates are paid by Defendants based on the outcome of the email campaigns, measured in various ways. Defendants are fully aware that email is the primary means used by the affiliates to promote Defendants' business.

To evade liability under state and federal anti-spam statutes, which impose substantial civil damages and criminal fines, Defendants avoid having their names placed in the emails. To minimize liability for their affiliates, Defendants assist them, as well, in remaining anonymous. To evade enforcement of the anti-spam laws, Defendants use hundreds of domain names and trade names, and hundreds of websites, for their "lead generation" activity. Most, if not all, of the domain names are registered to fictitious or false names, rendering the domain name registration of no use for purposes of identifying the real identities of the persons behind the emails or the marketing schemes which rely on them.

The named defendants in the Amended Complaint are two of the World Avenue companies and one individual. (World Avenue Holdings, Inc.; World Avenue USA, LLC; and Niuniu Ji, founder of the World Avenue companies.) By stipulation, the deadline for adding parties has been extended to February 27, 2010. Plaintiff has provided Defendants' counsel with a draft of a Second Amended Complaint naming new defendants. There are approximately 20 entities that Mr. Ji has created in connection with his email-based marketing ventures. Several additional entities, including "TheUseful, LLC," will be named in the new complaint. Plaintiff maintains it is entitled to discovery regarding the activities of all of the World Avenue companies related to the facts alleged in the complaint, regardless of whether they have yet been named as defendants.

## II. The Subpoena

BSI served Tiggee with the subpoena on January 2, 2010 by certified mail. Copies of the subpoena and certified mail receipt are attached as Exhibits 1 and 2, respectively. Tiggee responded through its president, Steven Job, acknowledging receipt of the subpoena. A copy of Mr. Job's statement of January 10, 2010, promising a "report," is attached as Exhibit 3. Mr. Job promised,

> Tiggee will provide a detailed report of all information regarding the DNS services for the domains in the "WorldAvenue" account within DNS Made Easy. To the best of my knowledge, this will provide all of the information available to us according our data records. Generating and delivering a report of this nature will take a significant amount of time and resources that Tiggee will expect to be reimbursed by Beyond Systems / Steven H. Ring PC.

Exhibit 3. Tiggee further responded through counsel in a series of emails that started out in cooperative fashion, but then took a sudden turn downward. Before going south, those emails included additional promises of cooperation and production of responsive documents as follows:

> Email Jan 21, 2010 from Mr. Etelson to Mr. Ring:
>
> So to confirm our conversation, we have agreed for now that we will produce, in response to the
> subpoena:
> 1. A sampling of 15 domain names from the list on your subpoena with associated DNS
> information (IP addresses)
> 2. We will produce the account information for World Ave, LLC that Tiggee has
> 3. We will produce name of the payor on the account, the address for the payor, along with the
> dates and amounts of payment. We also confirm payments were made by credit card, but will
> not produce the credit card number without a court order.

> Email January 25, 2010 from Mr. Etelson to Mr. Ring:
>
> Steve,

3

> I received your voicemail. While we are working on providing the information, which we are hoping to provide by the end of this week, as I told you, I cannot produce anything until you advise me of what counsel for the defendants received. Please advise whether they were sent a copy of the subpoena with the attachment and we it was sent to them.

Exhibit 7, attached. After January 25, 2010 Tiggee grew increasingly evasive. On February 5, 2010, a motion for protective order was filed, not by DNS, but by Defendant World Avenue. USA, LLC (WAUSA). Tiggee has made no production as of this writing.

The subpoena lists definitions, and seeks production of the following:

1. All DOCUMENTs RELATED to any of the following domain names:

[list of approximately 150 names linked to World Avenue, beginning with SuperbRewards.com, travel-ncs.com 123SpecialGifts.com, AmericanSurveyPanel.com, AmericasTopBrands.com, etc.]

2. All DOCUMENTs RELATED to the registration of the domain names listed above.

3. All DOCUMENTs RELATED to the purchase, lease or use of the domain names listed above.

4. All DOCUMENTs RELATED to the sale, resale, exchange or ownership of the domain names listed above.

5. All DOCUMENTs RELATED to hosting or provision of DNS service or any other service for the domain names listed above.

6. All DOCUMENTs RELATED to or complaints related to the domain names listed above.

7. All DOCUMENTs RELATED to the identification of, or communications with, any person who registered, purchased, leased, sold, resold, owned or used any of the domain names listed above, or received or paid for any service related to those domain names.

8. All DOCUMENTs RELATED to any person besides YOU who registered, purchased, leased, sold, resold, owned or used any of, or received any service for, the domain names listed in the previous document request, including any records of domain name registrations.

9. All DOCUMENTs RELATED to WORLD AVENUE not produced in the previous requests, including any records of any other domain name registrations.

10. All DOCUMENTs RELATED to WORLD AVENUE.

The subpoena was reasonably tailored to these 10 subject areas to minimize the inconvenience to Tiggee. The information sought from DNSMadeEasy.com, LLC is an important part of connecting the emails that give rise to this case with Defendants, due in large part to the deception used in the marketing scheme to obscure the path of responsibility.

### III.  The Need for Domain Name and DNS Information

Plaintiff relies on its discussion of this topic in the Motion for Sanctions at docket 166.

### IV.  Internet Terminology

Plaintiff relies on its discussion of this topic in the Motion for Sanctions at docket 166.

### V.  WAUSA's Objections

WAUSA argues that the subpoena is overbroad because it seeks domain name and DNS information regarding some 160 names. WAUSA and its "sister companies" use a multitude of names to keep their operation hard to catch. The 10 document requests in the subpoena are reasonably tailored to capture relevant information with minimum imposition on anyone.

WAUSA has not quantified any burden it might want to attribute to the alleged overbreadth, and has failed to specify why, if it uses many domain names in its email marketing practices, discovery should not be permitted as to all of those domain names so that its emails might be more fully identified.

WAUSA tries to cap the time interval for which discovery applies, referring to the time frame variously as 2004 - 2005, or 2005 - 2008, and argues about the dates when "most" of the emails occurred.  WAUSA denies association with the emails, which prompts the need for more complete information about the domain names.  WAUSA seeks to confine the case to a short time frame, and tries to evade having to disclose the information needed for complete matching of emails to World Avenue's operations. The Amended Complaint clearly alleges that the claims arise from emails that began in 2004 and have continued up to the present.  The Affidavit of Paul Wagner of May 27, 2009 states that Mr. Wagner had not yet reviewed emails for the year 2009; the absence of a count for 2009, or a count up to the present, is irrelevant.  Discovery is ongoing, and the critical information for full identification of all emails that are attributable to Defendants has been withheld as of this point in time.  As more information is obtained, more emails will be identified, and the features that reinforce the matching will be known with greater certainty.

WAUSA claims standing based on the private nature of the information.  The privacy stems not from customary medical or financial secrecy, but from the desire to conceal ties to a business operation that rests on unlawful email transmissions.  WAUSA needs to make up its mind: it has argued that the information sought in the subpoena is publicly available and that Plaintiff should do its own lookups rather than serve subpoenas on DNS providers; but now, in a reversal, it argues that the information sought is in fact concealed.

WAUSA argues as if competition is its concern, stating that its competitors could essentially hijack its domain names. The imagined threat from competitors is nonsensical: domain names are rotated rapidly by WAUSA as by its competitors. There has been no demonstration as to how a domain name, especially one 3 or 4 years old as WAUSA is fond of stating, might provide economic incentive for misuse. WAUSA cites no instance where the feared abuse has ever occurred, and fails to state how or why Plaintiff might misuse the information to WAUSA's detriment. Finally, the protective order provides the protection needed. There has been no showing that the sensitive nature is so extremely high that production should be forbidden.

WAUSA argues that the domain names served by Tiggee belong to its sister company, TheUseful, LLC, rather than WAUSA. Plaintiff has framed the requests to include all of the World Avenue companies, as well as their agents and affiliated entities, and TheUseful is clearly within that scope.

WAUSA's last-ditch inclusion of a letter from counsel at Steptoe & Johnson on a claw-back issue concerned a few emails between Plaintiff's counsel and Plaintiff's experts, and has no ramifications for purposes of any anti-competitive harm that might be imagined.

## VI.  Conclusion

WAUSA has demonstrated no grounds that would justify quashing the subpoena. Any protection needed is available under the protective order.

WAUSA's keen interest in stifling the production, pressing Tiggee to reverse course at the last minute, is testimony to the effect that the information sought strikes a nerve: it would reveal the multitude of domain names and IP addresses tied to the defendants, which would in

turn expose the information necessary to attribute with greater certainty, a large number of actionable emails to Defendants.

/s/
_____
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639

/s/
_____
Michael S. Rothman
E. Jefferson Street
Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

## Certificate of Service

      I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.


_____/s/_____
Stephen H. Ring