**IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION**

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No.PJM 08 cv 0921 |
| | ) | |
| WORLD AVENUE USA, LLC, et al. | ) | |
| Defendants | ) | |
| _____ | ) | |

**DEFENDANT WORLD AVENUE USA, LLC'S REPLY IN SUPPORT OF ITS MOTION
TO QUASH EIGHTY-FIVE (85) UNKNOWN SUBPOENAS**

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), by its undersigned counsel and

pursuant to Local Rule 105(2)(a), hereby submits this Reply in support of its Motion to Quash

Eighty-Five (85) Unknown Subpoenas (the "Motion") served by Plaintiff, BEYOND SYSTEMS,

INC. ("BSI"), and in support thereof, states:

## I.       INTRODUCTION

In its Opposition to the Motion (the "Response"), BSI advances the absurd proposition

that it complied with Fed. R. Civ. P. 45(b)(1) by serving a bare-bones Notice of Issuance of

Subpoenas to Non-Parties for Production of Documents Without Depositions, dated December

29, 2009 (the "Notice"), on WAUSA absent copies of the subpoenas ("Subpoenas") it later

served on some -- but not all -- of those eighty-five (85) non-parties.  BSI's Response ignores the

overwhelming federal precedent -- cited in the Motion -- that consistently interprets Rule

45(b)(1) to require a party to serve its adversary with copies of the proposed non-party

subpoenas or at a minimum, detailed descriptions of their proposed contents, and advocates a

strict, textual interpretation of the term "notice" that has not found favor in any federal circuit.

1

To put it plainly, BSI's interpretation would require WAUSA to serve objections to a Subpoena that it has never seen.

BSI's failure to *cite a single case* in support of its novel interpretation of "notice" under Rule 45(b)(1) is fatal to its cause.[1] Further, BSI's belated service of the Subpoenas -- merely days before the listed return date -- is not a panacea to its failure to follow Rule 45(b)(1). BSI's Response fails to reconcile how its cursory Notice could have possibly afforded WAUSA a "meaningful opportunity to object" when it neither attached copies of the Subpoenas nor disclosed their contents.[2] Accordingly, the Court should quash the Subpoenas as a matter of law.

## II.     MEMORANDUM OF LAW

### A.     "Notice" under Rule 45(b)(1) Contemplates Service of the Proposed Subpoena or a Detailed Description of its Contents on All Parties.

Rule 45 governs the issuance of a non-party subpoena. Rule 45(b)(1) provides that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things.......then before it is served, *a notice must be served on each party*." (emphasis added). It is well-settled that the "purpose behind the notice requirement is to provide opposing counsel an opportunity to object to the subpoena." *Biocore Medical Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 (D. Kan. 1998); *Schweizer* v. *Mulvehill*, 94 F. Supp. 2d 376, 411 (S.D.N.Y. 2000) (noting that "purpose of the requirement of prior notice is to afford the other parties an opportunity to object to the production or inspection").

---

[1] BSI was also well-aware of the requirement because it received a copy of the Subpoena for every Notice of Production issued by WAUSA to a third party served in this action to date.

[2] Save a single Subpoena that is the subject of separate motion practice.

FTL 107,600,231v1 3-1-10

Indeed, "[f]ailure to serve a copy of a subpoena upon an opposing party or to give notice of its content deprives that party of any meaningful right to object or to otherwise protect its interests." *Will-Drill Resources, Inc. v. J.R. Pounds, Inc.*, 2007 WL 609791 (S.D. Miss. 2007) (rejecting plaintiff's argument that it complied with Rule 45(b)(1) by providing defendant with a notice of service instead of a full copy of the subpoena). "A party's failure to serve a copy of the subpoena on his opponent, as required by Rule 45(b)(1), has been held to substantiate a decision to quash the subpoena." *Williams v. Weems Community Mental Health Center*, 2006 WL 905955 (S.D. Miss. 2006); *see also Fleet Business Credit Corp. v. Hill City Oil Co., Inc.*, 2002 WL 1483879 (W.D. Tenn. 2002) (quashing subpoena and noting that "[i]f subpoena is reissued….counsel….is reminded that full compliance with Rule 45 is necessary, and notice of the service of a subpoena coupled with a copy of the subpoena must be served on the opposing party"); *see also Florida Media, Inc. v. World Publications, LLC*, 236 F.R.D. 693, 695 (M.D. Fla. 2006) (holding that "prior notice to other parties is satisfied when notice is given simultaneously with service of the subpoena").

Thus, service of the purported subpoenas, or at a minimum, a detailed description as to the contents, is a *sine qua non* to satisfying the notice requirement under Rule 45(b)(1). In the matter *sub judice*, BSI's cursory Notice plainly violates the notice contemplated by Rule 45(b)(1). The Notice did not include copies of the Subpoenas. Further, the Notice did not meticulously describe the Subpoena's contents. Hence, the Notice did not provide WAUSA with a "meaningful opportunity to object", and is insufficient under Rule 45(b)(1).

3

**B.**   **BSI's Alleged Last Minute Service of the Subpoenas on WAUSA Before the Return Date is Irrelevant.**

BSI's Response also asserts that "Defendant received copies of all the original signed subpoenas before the original return date listed in the subpoenas." *See* Response at p. 3. However, federal courts have soundly rejected this "no harm, no foul" argument. *See e.g. Butler v. Biocore Medical Technologies, Inc.*, 348 F. 3d 1163 (10th Cir. 2003) (holding that "for an objection to be reasonably possible, notice must be given ***well in advance of the production date***"); *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000) ("[t]he requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, ***not prior to its return date***"); *Biocore Medical Technologies, Inc.*, 181 F.R.D. at 667 (holding that Rule 45(b)(1) requires service of notice on parties prior to service of the subpoena on the non-party); *Zinter Handling, Inc. v. General Elec. Co.*, 2006 WL 3359317 (N.D.N.Y. 2006) (noting that "law appears well-settled that prior service means prior to service of the subpoena, not prior to its return date").

In contrast, BSI fails to cite any authority supporting its position. WAUSA was deprived of a meaningful opportunity to object to the Subpoenas as the Notice did not describe their contents or attach copies of the Subpoenas. BSI's eleventh-hour service of the Subpoenas does not -- as a matter of a law -- cure its earlier failure to provide sufficient notice. Thus, the Court should quash the Subpoenas because the Subpoenas were void when issued.

The Court should also issue sanctions.  BSI could have -- but did not -- avoid this unnecessary motion practice by simply re-issuing the Subpoenas when the issue of the voidness of the *ex parte* Subpoenas was raised by WAUSA.  Instead of rectifying the invalidity of its Subpoenas, BSI forced WAUSA to serve a formal discovery request (Request for Copies) on

February 1, 2010 of the discovery that BSI had issued *ex parte* to assorted non-parties.  After waiting a full week to respond to a simple request for a copy of discovery process issued in this case, BSI e-mailed copies of 23 of the 85 Subpoenas.  *See* Exhibit 1, attached hereto, Response to Request for Copies.

BSI's Response was deliberately evasive on the status of the other sixty-two (62) subpoenas.  The Response does not state that the other Subpoenas have not been issued and does not state whether the Subpoenas will be issued *ex parte* after the service of the Response. Indeed, BSI alludes in a Declaration filed under penalty of perjury to a subpoena issued to a third party "Enom" that was not produced as part of the 23 Subpoenas in its Response at all, which calls into question the veracity of the Response, the Declaration, or both.  *See* DE 168, p. 8, ¶ 21 ("The domain name registration data from eNom…"); ¶ 24 ("I expect this information from eNom … will be more reliable and complete than what World Avenue would provide"); ¶ 12 ("…the World Avenue Companies (collectively, "World Avenue") rely on a corporation known as eNom…").

BSI also continues to capitalize on its issuance of *ex parte* Subpoenas by being evasive on whether any of the 23 non-parties complied with its *ex parte* Subpoenas.  BSI's email producing the 23 Subpoenas purported to produce copies of "any documents its [sic] has received thus far pursuant to said subpoena [sic]." *See* Exhibit 1.  However, the e-mail produced no documents -- only the Subpoenas.  In its representations to the Court filed with its Opposition BSI again stated that it had produced "any documents received pursuant to said subpoenas."  See Opposition, DE 167, p.  2, ¶ 7.  On that same day, WAUSA again requested the elusive "documents received pursuant to said subpoenas." *See* Exhibit 1, attached hereto.  BSI has never

5

responded.  WAUSA asked yet a third time in written correspondence on February 27th.  Again, BSI did not answer the question.

**WHEREFORE,** WORLD AVENUE USA, LLC respectfully requests the entry of an Order quashing the eighty six (86) *ex parte* and unknown Subpoenas and imposing attorneys' fees and costs incurred in the bringing of this Motion, as well as enjoining BSI to comply with the Federal Rules of Civil Procedure, and for such other and further relief that this Court deems just and proper.

*FTL 107,600,231v1 3-1-10*

Respectfully submitted,

Attorneys for *World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

   /s John L. McManus
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

FTL 107,600,231v1 3-1-10