## IN THE U.S. DISTRICT COURT FOR MARYLAND,
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | Case No.PJM 08 cv 0921 |
| | ) | |
| WORLD AVENUE USA, LLC, et al. | ) | |
|     Defendants | ) | |
| _____ | ) | |

## DEFENDANT WORLD AVENUE USA, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AS TO THE SCOPE OF THE ELECTRONICALLY STORED INFORMATION DEPOSITION

Defendant WORLD AVENUE USA, LLC ("WAUSA") hereby submits its Reply Memorandum in Support of its Motion for Protective Order concerning the now-completed February 18, 2010 Electronically Stored Information Deposition set by Plaintiff BEYOND SYSTEMS, INC. ("BSI"), and states:

### I.    Introduction.

BSI's Opposition [DE 165] to WAUSA's Motion for Protective Order ("Motion for Protective Order") makes little effort to defend BSI's disregard of the Agreement Regarding the Discovery of Electronically Stored Information ("ESI Agreement").  BSI and WAUSA, the only parties to the ESI Agreement, agreed to a limited-purpose deposition of each to allow discovery of their ESI.  *See* DE 114.  BSI and WAUSA carefully negotiated a succinct 74-word Paragraph describing the scope of the ESI Deposition.  In negotiating the ESI Agreement, BSI and WAUSA also specifically eliminated definitions of each of the two parties that would allow the other to inquire into other entities, subsidiaries, and affiliates.

In its Response, BSI asserts that it is entitled to violate the ESI Agreement that the Court adopted because "Plaintiff is entitled to inquire about" "shell corporations, corporate affiliates,

1

unnamed and unincorporated entities, and companies that conceal website operators" -- none of

which are the subject of the ESI Agreement.  *See* DE 165, p. 2.   In its Notice, BSI went to great

pains to ensure that it would be able to ask questions about the very same entities that it agreed

would *not* be included in the ESI Agreement.  *See* Motion for Protective Order, Exhibit 1.  The

ESI Deposition Notice defines "You" as "the party or entity to whom the request is addressed,

including all AGENTS, ASSOCIATED ENTITIES, AFFILIATES, predecessors, successors

and/or assignees, subsidiaries, attorneys, accountants, representatives, corporate affiliates, and/or

anyone over whom the person has had control during the relevant time period."  *See* Motion for

Protective Order, Exhibit 1, p. 6, ¶24.   The Notice contains similar definitions of the words

"Agents," "Associated Entity," and "Affiliate" to attempt to ensure that BSI would ask questions

that would violate the ESI Agreement.  *See* Motion for Protective Order, Exhibit 1.

BSI's Response concedes not only that these broad Definitions exist -- but concedes that

is exactly what it intended all along.  *See* DE 165.  BSI should be sanctioned for its intentional

violation of the ESI Agreement and the necessity of filing this Motion for Protective Order.  *See*

Fed. R. Civ. P. 26(c)(3) ("Rule 37(a)(5) applies to the award of expenses").[1]

---

[1] Rule 37(a)(5) states:

> If the motion is granted — or if the disclosure or requested discovery is provided after the motion
> was filed — the court must, after giving an opportunity to be heard, require the party or deponent
> whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay
> the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the
> court must not order this payment if:
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or
>> discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified;
>> or
>> (iii) other circumstances make an award of expenses unjust.

2

II.   **BSI Improperly Attempts To Inquire About Affiliated and Other Related Corporations That Were Excluded From The Scope of the Court-Ordered ESI Agreement.**

BSI asserts that it is entitled to disregard the terms of the ESI Agreement regarding ESI discovery about parties other than WAUSA.  The timeline of events -- not disputed by BSI in its Opposition -- is as follows:

- In the course of agreeing to the ESI Agreement, counsel spent significant time addressing the definition of the two signatory parties.  Specifically, WAUSA proposed that "BSI" include Hypertouch as well as Paul Wagner and James Wagner individually.  BSI opposed the definition as being overbroad.  *See* Motion for Protective Order.

- Similarly, BSI proposed to define WAUSA to include "World Avenue USA, LLC, World Avenue Holdings, LLC, World Avenue Management, Inc., World Avenue IP, LLC, World Avenue, Gift Reward Center, LLC, Niuniu Ji, and all related corporations and subsidiaries."  *See* Exhibit 2, attached to Motion for Protective Order (containing WAUSA's deletion of BSI's change on Page 3 of the ESI Agreement).  WAUSA rejected the broad scope of that definition.

- In order to resolve the dispute, BSI and WAUSA agreed to narrow the scope of the definition of each, and as a result, the ESI Agreement defines WAUSA as "World Avenue USA, LLC and its attorneys, employees, agents, and representatives, and all persons acting at its direction or on its behalf."  *See* DE 114.

- WAUSA issued a Deposition Notice to BSI confined to the ESI of BSI.  *See* Exhibit 3 to Motion for Protective Order.

- At the ESI Deposition of WAUSA, BSI objected to questions that exceeded the scope of the ESI Agreement.  *See* Exhibit 4 to Motion for Protective Order.

- Once the ESI Deposition of WAUSA was complete, BSI issued an abusive 16-page ESI Deposition Notice to WAUSA, complete with six (6) pages of 28 definitions, fifty (50) topics of examination spanning nine (9) pages of text, and five (5) document requests.  *See* Motion for Protective Order, Exhibit 1.

- During the ESI Deposition of WAUSA, BSI asked numerous questions about the very entities that it agreed to exclude from the scope of the ESI Agreement: World Avenue Holdings, LLC, Gift Reward Center, LLC, and "related corporations and subsidiaries."

Notwithstanding, BSI asserts that it is entitled to violate the ESI Agreement and inquire concerning the "family of World Avenue Companies." *See* DE 165, p. 2. Consistent with Rule 11 of the Federal Rules of Civil Procedure, BSI was obligated to know exactly how WAUSA sent the approximately 68,300 e-mails that are the subject of this case (the "E-Mails At Issue") prior to filing suit. That BSI failed to do so prior to bringing its claims is no excuse for its violation of the ESI Agreement.

Second, BSI claims that WAUSA's deposition of BSI exceeded the scope of the ESI Agreement, and proceeds to list a variety of categories (*see* DE 165, p. 4) -- all of which relate to the ESI of BSI. However, at no point did WAUSA exceed the objections of BSI's counsel. *See* Motion, Exhibit 4, reflecting BSI's objections to the scope of the deposition. For example, BSI argues that WAUSA inquired about "the status of a separate, unrelated entity named Hypertouch." *See* DE 165, p. 4. In fact, the record shows that the first time that the word "Hypertouch" was used in the deposition, BSI immediately made a scope objection -- the first of a multitude of scope objections made during the deposition. *See* Transcript of ESI Deposition, p. 9, attached as Exhibit 1. BSI's laundry list of the topics that were addressed by WAUSA at the BSI ESI Deposition all related to BSI's ESI -- not the ESI of some distant non-party to this action. *See* DE 165, p. 4. The questions related to *BSI's* servers, *BSI's* e-mails, *BSI's* IP Addresses, *BSI's* host names, *BSI's* primary and secondary servers, *BSI's* DNS servers, *BSI's* systems parameters, *BSI's* domain names, *BSI's* mailboxes, *BSI's* storage and handling of e-mails, and *BSI's* document destruction policy. BSI's Notice (and the questions at the deposition) focus very little on WAUSA, and almost exclusively on other non-parties to this case.

Because BSI clearly exceeded the scope of the ESI Agreement -- and tacitly admits as much in its Opposition -- a protective order should issue and BSI should be sanctioned.

4

**III.** **BSI's Deposition Notice Obliterated The Distinction Between Merits and ESI Discovery.**

BSI makes little effort to defend the fact that its ESI Deposition Notice obliterates the distinction between ESI discovery and merits discovery, which undermines the purpose of having an ESI Deposition in the first instance.   First, BSI does this through an overbroad definition of the word "ESI Subjects."   *See* Motion for Protective Order, Exhibit 1, p. 4, ¶ 12. Second, the ESI Notice essentially takes a topic that could be asked in a merits deposition and asks for all ESI relating to that topic of merits discovery.  *See id.*, pp. 7-14, ¶¶ 15-50.  BSI claims that it is entitled to ask this because the "Subject Matters for an ESI Deposition should be broad enough to cover the categories of information that may be relevant for purposes of merits discovery later on."   *See* DE 165, p. 6.   BSI's argument misses the point:   BSI negotiated a limited purpose ESI Deposition scope that purposefully ***did not*** include a broad description to which BSI refers.   Thus, a protective order should issue.

**IV.** **The Time Frame of The ESI Deposition Notice Exceeds The Bounds of Relevance.**

The Court should also issue the Protective Order because the time period of the Notice exceeded the scope of the ESI Agreement.   By BSI's own admission, e-mails transmitted during 2009 are not at issue.   *See* Paul Wagner Declaration dated May 27, 2009 (mistakenly dated 2008), attached to the Motion for Protective Order as Exhibit "5".   In the Declaration, Wagner avers that "more than 50,000" of the Emails at Issues were transmitted in 2005, 454 were transmitted in 2006, 331 were sent in 2007 and only 14 were sent in 2008.   The Declaration does not mention any E-Mails At Issue in 2009, and concedes that Wagner has not even searched for them.  *Id*.

BSI fails to respond to this argument and, for this reason alone, a protective order should

5

issue.

### V.     The Topics of The ESI Deposition Notice Are Overbroad.

BSI makes little effort to defend the overbreadth of its ESI Deposition Notice.  Although this case is confined to e-mails sent to BSI, BSI's Notice covers any "Promotional Campaign," "Lead Generation Campaign," "Commercial E-Mail," and "Products," regardless of whether they relate to the E-Mails At Issue.  *See* Motion for Protective Order, Exhibit 1.  These topics are overbroad, irrelevant, and not within the scope of the ESI Deposition.

BSI asserts that WAUSA "cannot honestly or reasonably claim that the information requested is irrelevant, overbroad or duplicative, as they have been instrumental in stonewalling Plaintiffs and their request for information."  *See* DE 165.  The argument is a non-sequitur, as BSI points to WAUSA's Motion to Dismiss (which was granted), World Avenue Holdings, LLC's Motion to Dismiss for Lack of Personal Jurisdiction (which is not a discovery motion), and WAUSA's Motion to Quash 85 Unknown Subpoenas (which seeks to compel BSI to comply with the simple terms of Rule 45).  Essentially, BSI does not defend that the Notice is irrelevant, overbroad, or duplicative, but contends that it should be able to violate the ESI Agreement because WAUSA is somehow "stonewalling" it on other issues -- which, as pointed out above -- is not the case.

Accordingly, World Avenue USA, LLC requests that the Court issue a protective order and an award of sanctions pursuant to Rules 26 and 37.

Dated:  March 8, 2010.

Respectfully submitted,

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

_____/s/_John L. McManus__
Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

*Attorneys for World Avenue USA, LLC*

FTL 107616453v1 March 8, 2010