IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC. )
    Plaintiff )
     )
    v. )     Case No.PJM 08 cv 0921
     )
WORLD AVENUE USA, LLC, et al. )
    Defendants )
_____ )

### DEFENDANT WORLD AVENUE USA, LLC'S PARTIAL OPPOSITION TO PLAINTIFF BEYOND SYSTEMS, INC.'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [DE 177]

Defendant WORLD AVENUE USA, LLC ("WAUSA") hereby submits its Opposition to Plaintiff BEYOND SYSTEMS, INC. ("BSI"), and states:

**I.    Introduction.**

Defendant WAUSA has no objection to the concept of BSI filing a Second Amended Complaint.

However, WAUSA does object to BSI's position that this is not its final amendment. Instead, BSI is reserving the right to continue to amend *ad infinitum*.

**II.    Factual Background.**

BSI specifically alleges at Paragraphs 14 and 16 of the Second Amended Complaint that "JOHN DOES 1 through 20 are persons, organizations, and/or corporations who, along with the other Defendants, initiated, conspired in the initiation, or assisted in the transmission of the EMAILS AT ISSUE…Plaintiffs will seek leave to file another Amended Complaint alleging the true names of the John Doe Defendants once ascertained through discovery." *See* DE 177, DE 176, ¶¶ 14, 16. BSI further alleges that it "seeks damages for any continuing violations up to the time of entry of judgment, not limited to the quantities of violations known as of the filing of this

1

complaint, and such other and further relief as the Court deems appropriate." *See* DE 177, DE 176, p. 34. These are virtually the <u>same</u> allegations that BSI made in its Amended Complaint filed on December 22, 2008. *See* DE 34, p. 3, ¶ 7; p. 28, ¶ H. These are also the <u>same</u> allegations that BSI made in its first Complaint filed on April 11, 2008. *See* DE 1, p. 3, ¶ 7; p. 20, ¶ h. This Court's Scheduling Order has been extended to permit BSI to amend since June 12, 2009.

The Court should enter an Order granting the Motion, but conditioning the granting of the Motion on the Second Amended Complaint being the final amendment.

### III.     Argument.

#### A.     BSI Has Not Shown "Good Cause" For Further, Serial Extensions of the Amendment Deadline.

Under Rule 16 (b), where the court has previously issued a scheduling order, the moving party must establish good cause and seek leave of the district judge to amend the order. See Fed. R. Civ. P. 16 (b); *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002); *U.S. v. Goodwin*, 247 F.R.D. 503, 505 (E.D.N.C. 2007). The "good case" standard focuses on the timeliness of the amendment and the reasons for its tardy submission. *Maximus*, 209 F.R.D. at 374; *see also Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 F.R.D. 455, 460 (M.D.N.C. 2003) (quotation omitted) (noting that good cause under Rule 16 (b) exists "when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed."). The primary consideration of the Rule 16 (b) "good cause" standard is the diligence of the movant. *Maximus*, 209 F.R.D. at 374; *see also Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) ("[T]he focus of the inquiry is upon the moving party's reasons."). Thus, properly construed "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. *Potomac*

2

*Electric Power, Co. v. Electronic Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999). Lack of diligence and carelessness are "hallmarks of failure to meet good cause standard." *Id.*, citing *West Virginia Housing Dev. Fund. v. Ocwem Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W. Va. 2001).

Here, there is simply no reason to permit BSI to engage in serial extensions of the amendment deadline, which was already re-set from June 12, 2009 to March 8, 2010. The Parties have consented -- with one exception -- to serial extensions of the amendment deadline. BSI has not contended that the March 8, 2010 deadline that it requested is insufficient or requested more time. Thus, BSI should not be permitted to extend the deadline again.

      **B.**    <u>**BSI Is Not Entitled To Extend the Amendment Deadline *Ad Infinitem* To Name New Parties Or Assert New E-Mails.**</u>

BSI, a serial spam litigator that has earned an average of approximately $150,740.20 per year in non-litigation related revenue since 2000 and expended an average of approximately $156,992.13 per year in costs since 2000, for a net loss in non-litigation related profits of approximately $6,251.93 per year since 2000, seeks to continue this litigation *ad infinitem* to support its failing purported "business."[1]

The Federal Rules do not countenance this position. Federal Rule of Civil Procedure 15(d) states that "[o]n motion and reasonable notice, the court may, ***on just terms***, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." (emphasis added). "A plaintiff may add new defendants via a supplemental pleading, but only if the supplemental pleading relies "***in good part*** on transactions, occurrences, and events which had happened since the action had begun."

---

[1] *See Beyond Systems, Inc. v. Kraft Foods, Inc.*, Case No. 8:08-cv-00409-PJM (District of Maryland), DE 295-42, ¶ 18 (BSI's tendered Declaration disclosing non-litigation revenue of $1,507,402.00 since 2000, and $1,569.921.34 in expenses).

3

*See Rush v. American Home Mortg., Inc.*, 2009 WL 2591342, at *1 (D. Md. 2009) (emphasis added) (*quoting Griffin v. County School Bd. of Prince Edward Coun*ty, 377 U.S. 218, 226, 84 S. Ct. 226, 12 L. Ed. 256 (1964)).  If the supplemental pleading does not seek to add the new parties "in good part" on transactions, occurrences and events which had happened since the action had begun, then a supplemental pleading should be denied.  *Rush*, 2009 WL 2591342, at *2 ("These allegations obviously concern the origination of Plaintiff's ARM, an event that Plaintiff alleges happened on April 3, 2006, Compl. ¶ 5, one year before her Complaint was filed on April 3, 2007. Thus, these allegations to do not permit the addition of defendants through a supplemental pleading and Plaintiff's motion to reopen will be denied as to her request to amend her Complaint").

Here, BSI seeks to add new Parties -- and reserve the right to add further new Parties -- that do not depend "***in good part*** on transactions, occurrences, and events which had happened since the action had begun."  Instead, BSI alleges that <u>each and every one of the new Defendants is responsible for all of the E-Mails At Issue</u>, which it alleges began in January 1, 2005.  In this regard, *Rush*, 2009 WL 2591342, is directly on point and counsels that supplemental amendment to add parties that does not depend "in good part" on post-filing transactions is wholly improper.

Likewise, WAUSA will be prejudiced by further extensions of the amendment deadline to add as-yet unspecified e-mails.

### C.     <u>BSI Has Avoided Conferring On The Issue</u>.

BSI has avoided conferring on the issue of the finality of its amendment in order to perpetuate its ability to tie WAUSA up in Court indefinitely.  On March 1, 2010, BSI filed a Motion requesting additional time to file its Second Amended Complaint until March 8, 2010 with the Honorable Court stating that "Plaintiff's counsel (Mr. Ring) has exchanged emails with

4

Defendants' counsel (Mr. Saunders) on the subject of this motion [to extend the deadline for amendment], seeking his consent. Mr. Ring interprets Mr. Saunders' communications as requiring ***concessions regarding unrelated issues*** before the requested consent will be given. Rather than overstate or misstate consent from the opposing party, Plaintiff has elected to file this motion is filed without any representation as to consent from the opposition." *See* DE 171, p. 2, ¶ 5 (emphasis added).

In fact, WAUSA's counsel had, among other things, tried to ascertain whether BSI's amendment was the final amendment, and BSI never conferred on the issue. Specifically, on February 26, 2010, WAUSA's counsel inquired:

> Prior to finalizing a decision here, we would like to confirm that we are discussing the final amendment extension pursuant to Federal Rule 15. In other words is this the final amendment and will now have a definitive count on emails "at issue" and will they be produced.

*See* Exhibit 1, attached herewith. Instead of conferring on the issue, BSI just filed its Motion [DE 171], representing to the Honorable Court that WAUSA's counsel sought "concessions regarding unrelated issues." The Court then granted the relief sought. *See* DE 172.

**WHEREFORE**, Defendant World Avenue USA, LLC requests that the Court grant the requested leave to file the Second Amended Complaint, but condition such leave on the finding that no further extensions of the amendment deadline shall be granted.

5

Dated:  March 9, 2010.

Respectfully submitted,

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

_____/s/_ John L. McManus__
Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

*Attorneys for World Avenue USA, LLC*