IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC. )<br>    Plaintiff )<br>)<br>v. )<br>)<br>WORLD AVENUE USA, LLC, et al. )<br>    Defendants )<br>_____ ) | Case No.PJM 08 cv 0921 |

**DEFENDANT WORLD AVENUE USA, LLC'S OPPOSITION TO PLAINTIFF BEYOND SYSTEMS, INC.'S MOTION TO STRIKE [DE 181]**

Defendant WORLD AVENUE USA, LLC ("WAUSA") hereby responds to Plaintiff BEYOND SYSTEMS, INC.'s ("BSI") Motion to Strike [DE 181] and states:

First, BSI's Motion to Strike is without merit as there is no L.R. 104 Certificate that entitles the Court to consider the Motion.  *See* L.R. 104(7) ("The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court").  Since the Motion to Strike pertains to evidentiary materials supporting a discovery motion [DE 119], BSI violated the Local Rule.

Second, BSI cites to no legal authority permitting a filing to be stricken.

Third, assuming, for purposes of argument, that the Motion to Strike can be considered, the merits of the Motion are lacking.

BSI's Motion to Strike DE 174 is without merit as the attached document was only available to WAUSA on February 23, 2010, and was not filed in the *Kraft* Action, as BSI asserts in its Motion.  Thus, it is appropriate supplemental authority.

1

Likewise, Plaintiff's Motion to Strike as to DE 180 is meritless. DE 180 notifies the Court that BSI filed publicly e-mail addresses with its Second Amended Complaint that it asserted were Confidential in its Opposition and Declaration submitted in opposition to Defendant WAUSA's Motion to Challenge Plaintiff BSI's Designation of 68,000 Documents as Confidential. [DE 119]. Since the supposedly Confidential e-mail addresses were only filed yesterday, the Notice could not have been filed earlier.

Just as BSI "willy-nilly" designates or does not designate information as Confidential depending on whether the situation suits it, BSI demonstrates an unsuitable lack of reflection when filing Motion to Strike just twenty-nine (29) minutes after the filing of the Notice to which it was directed and without conferring on its merits as required by Local Rule. Taken together, these proclivities show that BSI regards the court system as a personal fulcrum to leverage parties with vexatious litigation.

Dated:  March 10, 2010.

Respectfully submitted,

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

_____/s/_John L. McManus__
Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

*Attorneys for World Avenue USA, LLC*