UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

March 12, 2010

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg Traurig
2101 L Street, NW, Suite 1000
Washington, DC 20037

John L. McManus, Esquire
Kenneth A. Horky, Esquire
Greenberg Traurig
401 E Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301

Re:   Beyond Systems, Inc. v. World Avenue USA, LLC.
      Civil Action No. PJM-08-921

Dear Counsel:

Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Defendant's Motion to Quash Plaintiff's Amended Notice of Fed. R. Civ. P. 30(b)(6) Corporate Deposition, for Protective Order and for Sanctions ("Defendant's Motion")(Docket Item No. 104). The Court has reviewed Defendant's Motion and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). The Court hereby GRANTS Defendant's Motion.

Plaintiff seeks to "reconvene" the deposition of a corporate designee in light of the limited scope of Defendant's answers to deposition questions. Defendant seeks to quash Plaintiff's effort to re-depose its representative. While Plaintiff may possess colorable and/or persuasive arguments about Defendant's inadequate answers in deposition, the vehicle to do so is not in the opposition to Defendant's Motion. Plaintiff should have filed a timely motion to compel.

Plaintiff was permitted to conduct jurisdictional discovery, which included the deposition of Defendant's designee on August 26, 2009. Within a matter of days following the conclusion of the deposition, Plaintiff issued second and third deposition notices for the purpose of inquiring deeper into the same subject areas. If permitted, Plaintiff could "reconvene" and "re-depose"

Defendant's designee a third, fourth, or fifth time, or until Plaintiff eventually obtained the answers it is looking for. This method of "death by deposition" cannot be blessed by the Court.

Federal Rule of Civil Procedure 26(c) requires the Court to protect a party from annoyance, undue burden, or undue expense when good cause has been demonstrated. Clearly, good cause exists here. Not only do the rules require Defendant to designate a representative for deposition and to have counsel present, but Defendant's designee is required to have the ability to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Given the laundry list of definitions, instructions and proposed topics, Defendant was faced with no small undertaking to satisfy its initial obligations under the Rules. Plaintiff has now "super-sized" its order, and unnecessarily multiplied the annoyance, burden and expense beyond permissible limits.

Defendant raises other, equally valid, concerns about Plaintiff's methods. First, after conducting the initial deposition, Plaintiff was obligated to obtain leave of the Court before attempting to re-depose Defendant again. Fed. R. Civ. P. 30(a)(2)(A)(ii). Plaintiff makes no effort to explain why it did not seek leave of the Court.

Second, Plaintiff failed to provide reasonable notice for the depositions. Under former Discovery Guideline 8(b), the Court's view of "reasonable notice" is eleven days in most instances. (Under current Discovery Guideline 9(b) "reasonable notice" is fourteen days.) While a shorter notice period can be envisioned, a good faith basis must exist to justify notices of merely three and eight days. The lack of good faith here is also apparent from the face of the notice of deposition to be held on September 15, 2009. Plaintiff was fully aware that the deadline for its filing a supplemental opposition to the Motion to Dismiss on the issue of personal jurisdiction was September 14, 2009. Plaintiff's opposition merely noted that it wanted to "fit in another session before the due date for the supplemental memorandum on September 14, 2010." This explanation does not make the notice "reasonable" and is inconsistent with the Court's Order.

Third, Plaintiff failed to provide Defendant with the requisite 30 day period to respond to Plaintiff's request for documents to be produced at the depositions planned for September. Fed. R. Civ. P. 30(b)(2). Once again, Plaintiff does not attempt to explain its failure to follow the Rules.

The Court need not reach Defendant's concerns about the substance of the inquiries set forth in the renewed notices of deposition. Plaintiff's approach is procedurally faulty.

Plaintiff's misconduct is not governed by Fed. R. Civ. P. 37. Rule 37 generally requires the Court to impose sanctions for specific categories of discovery violations, unless the non-prevailing party is able to demonstrate that its actions were "substantially justified." Defendant incorrectly cites various sections of Rule 37, and the Court has not discerned any section that

directly governs the issue at bar.  Accordingly, the Court is at liberty to issue sanctions given its inherent powers.

      Plaintiff was permitted to pursue discovery, and here, its approach was inappropriate.  Plaintiff's attempt at a "mulligan" was immediately frustrated by the quick action of Defendant.  As the Court will prohibit Plaintiff from conducting the depositions it seeks, the Court is satisfied that further Court action by way of sanctions, while extremely tempting, is not required.

      Despite the informal nature of this letter, it is nonetheless an Order of the Court, and the Clerk is directed to docket it as such.

      Very truly yours,

      /s/

      Charles B. Day
      United States Magistrate Judge

CBD/bab