IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC. )
)
    Plaintiff )
    v. )    Case No.PJM 08 cv 0921
)
WORLD AVENUE USA, LLC, et al. )
    Defendants )
_____ )

**DEFENDANT WORLD AVENUE USA, LLC'S RESPONSE IN OPPOSITION TO NON-PARTY ALTON K. BURTON'S MOTION FOR PROTECTIVE ORDER AND FOR POSTPONEMENT OF DEPOSITION**

Defendant WORLD AVENUE USA, LLC ("World Avenue"), by its undersigned counsel and pursuant to Rule 45, Fed. R. Civ. P. and Local Rule 105, hereby files this Response in Opposition to Non-Party ALTON K. BURTON's ("Burton") Motion to Quash or Modify the Subpoena ("Motion") [DE 188], and states:

### I.    INTRODUCTION

Burton's Motion to Protective Order and for Postponement of Deposition constitutes in essence a repetition of his Motion to Quash, [DE 82] that was denied by the Court. *See* DE 110. Therefore, World Avenue incorporates by reference the arguments made in opposition to that motion. *See* DE 84 attached hereto as Exhibit 1. Although the Court issued an Order denying Burton's arguments (that are repeated in the present motion) and permitting discovery, Burton and Beyond Systems, Inc. ("BSI" or "Plaintiff")[1] have been playing games in an effort to shield the witness from discovery. As will be explained below, World Avenue will be prejudiced by further delay of the Deposition.

---

[1] Counsel for Plaintiff, Mr. Ring also represents Burton.

Specifically, World Avenue has been faced with an ever-changing panoply of arm-waving excuses why this deponent should not appear for Deposition. Briefly stated, Plaintiff has listed Burton's residence/office as its principal business office in Maryland. World Avenue believes that the Deposition will demonstrate that BSI does not and has never conducted business from this Maryland address. It is beyond dispute and this Court has already articulated the relevance of and good cause for taking the Deposition. *See* DE 110. This is a key issue in the case. Plaintiff claims to be a Maryland-based interactive computer service in order to qualify to file a suit under the Maryland Commercial Electronic Mail Act, Section 14-3001 *et seq.* ("MD-CEMA").[2] It has listed its Principal Office in Maryland at Burton's house.

Although Burton argues the issue of inspection of the premises, this is a non-issue because World Avenue agreed to withdraw the notice for inspection of the premises until after the Deposition. *See* Exhibit 2, letter from Sanford M. Saunders dated March 11, 2010, p. 4.

## II.  FACTUAL BACKGROUND

On February 18, 2010, World Avenue issued a Subpoena and noticed the Deposition without production of documents) of Burton. *See* Exhibit 3, attached hereto. The Deposition was noticed on dates that Mr. Ring had previously indicated that he was available for depositions in the case. The February 18th Notice went with a cover letter stating that if counsel had a conflict, World Avenue would consider changing the date.

Mr. Ring responded on February 20th that he was "booked for depositions in Canada, and related travel, on March 16-19, 2010 ... I will ask Mr. Burton as to his availability on other dates for the proposed deposition." *See* Exhibit 4, attached hereto. Mr. Ring did not provide any

---

[2] MD-CEMA, among other things, regulates e-mail "sent to an electronic mail address that the sender knows or should have known is held by a resident of the state [of Maryland]." *See* Md. Stat. § 14-3002(b)(1).

2

dates. Counsel for World Avenue continued to follow up, and on March 7th, Mr. Ring indicated that he was returning on March 18th, but raised no conflict of the deponent.. See Exhibit 5.

On March 7th, Mr. Saunders responded to Mr. Ring:

> "*On February 18, there was a Notice and subpoena issued to Alton Burton on dates on which you previously indicated that you were available, missing from your list below. You then responded on February 20th that you were "booked for depositions in Canada, and related travel, on March 16-19, 2010...I will ask Mr. Burton as to his availability on other dates for the proposed deposition. Your e-mail now states that you are returning on March 18th, instead of the 19th; thus it appears that the date is open for the Burton deposition. You have not indicated any issue as to dates for Burton since February 20th.*"

On March 8, 2010, Mr. Ring submitted an e-mail stating that he expected to issue timely objections as of the substance to the Burton Deposition, again, not raising any conflict by the deponent. See Exhibit 6, attached hereto. Mr. Ring never raised any other issue, such as his own preparation time and did not dispute that he was available on March 19th.

On March 10, 2010, Mr. Ring wrote that he was now available for the date, but that the deponent objected to the Deposition on the merits. See Exhibit 7, attached hereto. Burton's counsel advised that: "However, Burton objects to the taking of his Deposition regardless of the date." Burton's counsel did not advise of any specific conflict for the deponent for the date, but instead relied on the substantive objection.

By letter dated March 11, 2010, World Avenue advised that it sought to hold the date for the Deposition, and provided Burton until 3:00 p.m. Friday, March 12th, to agree in writing to appear for the Deposition on March 19th. See Exhibit 2, attached hereto. Again, Burton's counsel ignored the request and let the deadline pass. Counsel for World Avenue spoke with Mr. Ring on the late afternoon of March 12th after the expiration of the deadline and again over the weekend on March 14th. Again, no resolution was reached.

On March 15th, counsel advised in writing again that Burton objected to the Deposition. For the first time, on Monday, March 15, 2010, Burton's counsel asserted that, although he previously indicated that he was available, he needed to reschedule to allow time for preparation. *See* Exhibit 8, attached hereto. He further argued, for the first time that: "the Deposition should be re-scheduled to a date after April 15, 2010 when his work load will decline." *See* Motion, DE 188 at pp. 1, 8.

### III.   ARGUMENT

#### 1. The Subpoena Seeks Relevant Evidence Regarding Plaintiff's Activities And This Court's Order at DE 110 Is Law Of The Case

This Court should deny Burton's Motion for Protective Order because the Deposition seeks relevant evidence regarding BSI's activities -- or lack thereof -- at its Principal Office in Maryland, which is the state where BSI alleges it received the e-mails at issue. Burton's objections as his previous objections and Motion to Quash, are both untimely and without merit. *See* Fed. R. Civ. P. 45 (c)(2)(B). The objection raised by the deponent is the exact same issue already decided by the Court, and that Order is law of the case and cannot be re-litigated by Burton. *See* DE 110. Specifically, the Court already decided this matter in an Order dated September 23, 2009 the last time that Mr. Burton filed a Motion to Quash:

> Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Motion by Non-Party Respondent Alton K. Burton to Quash or Modify Subpoena ("Burton's Motion") (Docket Item No. 82). The Court has reviewed Burton's Motion and the opposition thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). The Court hereby DENIES Burton's Motion.
> . . . .
> Defendant World Avenue USA, LLC ("World Avenue") has served a subpoena duces tecum upon Mr. Burton seeking his testimony and production of documents regarding Plaintiff and Paul Wagner, Plaintiff's President, sole shareholder and Director.
> . . . .

> Mr. Burton has failed to set forth specific facts detailing the extent of his claim of "undue burden."
>
> . . . .
>
> During the deposition, Mr. Burton is free to assert any claim of privilege where appropriate regarding oral communications.
>
> . . . .
>
> Defendant has produced documentation to support its contention that Plaintiff maintains its "Principle Office" at the residential address of Mr. Burton. Furthermore, Mr. Burton has served as the registered agent for Plaintiff, and has provided legal advice and accounting services for both Plaintiff and Mr. Wagner. Defendant seeks information from Mr. Burton regarding the conduct of Plaintiff's business in Maryland, which allegedly violates Maryland's prohibition on certain types of commercial electronic mail. **Defendant's request appears on its face to be within the boundaries of permissible discovery.**

(emphasis added).

Burton's offer to submit an Affidavit "describing the use or non-use of his business space by BSI ...in lieu with the Deposition" and the fact that the ISP status of BSI was discussed in *Kraft* litigation are inapposite. First, World Avenue, as defendant in a action seeking in excess of $120 million in damages has a fundamental right to depose witnesses on an issue that goes to the core of Plaintiff's right to bring its claims. Second, it appears from publicly available information that Burton was not deposed in the *Kraft* matter, thus he might posses relevant information that is not being presented to the Court in that action. Third, Burton's suggestion that the information in the *Kraft* matter will assist World Avenue on the issue is disingenuous as his counsel is well-aware that BSI has not produced the *Kraft* documents and depositions and has opposed World Avenue's attempt to obtain the *Kraft* documents and depositions.

### 2. <u>Burton Fails to Demonstrate That The Deposition Should be Further Delayed</u>

Since his refusal to respond to World Avenue's subpoena, Burton has offered a never-ending series of excuses to avoid this Deposition. First, it was the issue of relevance, then privilege, then counsel's schedule and, most recently, at the eleventh hour and after a month of

stalling tactics, the excuse is now Burton's convenience and that the Deposition should be further delayed until after April 15, 2010 when work loads will decline. *See* DE 188 at pp. 1, 8. In addition to being untimely, the argument is unpersuasive. For almost a month, Burton's counsel first completely ignored, then actively avoided coordination of the date and attempted to reargue points that this Court had already decided. Burton's assertion is legally insufficient as unsupported by any Affidavit or Declaration, and Burton wholly fails to make out any case for further delay of the deposition.

Moreover, World Avenue will be severely prejudiced by further delay to access to the information in Burton's possession and such prejudice outweighs the alleged and undemonstrated burden to Burton. *See* DE 110.

Specifically, Burton has knowledge going to the issue of whether Plaintiff satisfies the statutory requirements to bring claims under MD-CEMA. BSI is stalling World Avenue's discovery on this issue to delay World Avenue from filing a motion for summary judgment. In addition, Burton is a potential third party Defendant, having participated in the course of conduct conducted by BSI. World Avenue's deadline to include him in a Counterclaim/Third Party Complaint is approaching, and as a result World Avenue will be prejudiced by any further delay in taking this witness' testimony.

The most recent argument -- the burden of work until April 15, 2010 -- is an 11th hour maneuver to delay this relevant Deposition. If Burton has as little to say as BSI claims, the Deposition should not be a significant distraction from his professional practice. More to the point, Burton created this situation by ignoring all efforts to coordinate until the last minute, then trying to simply announce his refusal to appear. The same applies to the convenience of counsel. This date was selected because it was one for which counsel said he was available. Moreover,

BSI has two counsel handling this case and no one has ever indicated that co-Counsel Mike Rothman is unavailable. Co-Counsel Rothman has taken an active role in the case. He argued co-Defendant World Avenue Holdings, LLC's ("Holdings") Motion to Dismiss, he took the Holdings jurisdictional Deposition, he argued two hearings during the Holdings Deposition, he has appeared at other depositions, and he has made many of the filings.

Therefore, Mr. Ring's schedule change, coupled with his failure to provide any alternate dates when requested by World Avenue upon setting the deposition, further coupled with his attempt to wait until nearly a month had gone by before announcing his intention to refuse to appear at all, coupled with - when challenged - offering to change his mind and appear after all, but only if the deposition was postponed to some indefinite date after April 15, should not be a reason for delaying the Deposition. Rather, these antics speak volumes about the real intention here, which certainly seems to be to somehow manage not to appear at all.

This conduct should not be rewarded. Anything other than requiring this deposition to proceed as scheduled would be rewarding this conduct, and in turn encouraging some form of its repetition. Under the circumstances that occurred here, Burton should simply be ordered to appear for deposition as scheduled on Friday, March 19th.

**WHEREFORE** World Avenue USA, LLC respectfully requests the entry of an Order denying Non-Party Alton K. Burton's Motion for Protective Order, overruling Burton's objections, and for such other and further relief that this Court deems just and proper.

Dated: March 16, 2010

                                          Respectfully submitted,

                                          *Attorneys for World Avenue USA, LLC*

                                          GREENBERG TRAURIG, LLP

___/s/___

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477