IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.                        *
                                            *
     Plaintiff                          *
                                            *
  v.                                        *          **Case No. PJM 08 cv 0921**
                                            *
WORLD AVENUE USA, LLC, ET AL.               *
                                            *
     Defendants                         *


## PLAINTIFF'S REPLY MEMORANDUM IN SUUPPORT OF MOTION TO COMPEL NON-PARTY DNSMADEEASY.COM, LLC TO RESPOND FULLY TO SUBPOENA FOR DOCUMENT PRODUCTION, AND FOR CONTEMPT, AND FOR SANCTIONS

Plaintiff, BSI, files this reply, addressing the issues raised by DNSMadeEasy, LLC dba "Tiggee" in its opposition at DE 184.  Tiggee argues 1) that it started DNS service for the World Avenue companies after the emails that give rise to this suit; 2) that information sought by BSI is publicly available; 3) that the search required for the information sought would be burdensome; and 4) that the information is confidential.  All of these arguments are in error.

There are two lines of filings that address the Tiggee subpoena: 1) Plaintiff's motion against Tiggee at DE 166 ("Motion"), and Tiggee's opposition at DE 184; and 2)Defendant WAUSA's motion to quash the Tiggee subpoena at DE 159, with Plaintiff's Opposition at DE 169, Plaintiff's affidavit at DE 168 and additional exhibits at DE 170.

## I.  Direct inquiry to WAUSA; incomplete responses.

In the Motion, BSI explained that information from the DNS service provider, concerning ownership of certain domain names, is needed in order to track emails to the

defendants.  Arguments that the information is publicly available are off the mark.  Publicly

available lookups of Defendants' domain names too often lead to "privacy services" that hide the

real owner; some registrations are in phony names; and the public lookups can only be done if

one knows the list of domain names to look up.  A relatively small number of Defendants'

domain names has been assembled by BSI using research tools, but it is far from complete.  The

DNS service provider (here, Tiggee) will normally be able to identify all the domain names

serviced for a particular client or group of clients, and will know the real name of that client

either by its own records of ownership, or by who pays for the service.

BSI asked WAUSA directly for its domain names in merits interrogatories served in July,

2009, and was rebuffed in responses dated January 29, 2010.  (The due date was extended by

agreement and stipulation.)  BSI will pursue appropriate relief; but in the meantime, BSI is

pursuing DNS service providers as alternative sources of the information needed.  It is

noteworthy that WAUSA seeks to forestall this inquiry by urging Tiggee to resist, and via

WAUSA's own motion to quash at DE 159.  The information would likely tie Defendants to

large quantities of emails, so it is understandable they would resist.

BSI's interrogatories include the following:

**<u>INTERROGATORY NO. 11.</u>**

IDENTIFY all domain names, trade names, fictitious names, and/or websites that YOU

have owned, operated, controlled, used, administered, or allowed others to use or operate by

proxy, since January 1, 2004, and the nature and dates of such activity.

The interrogatories define "YOU" as follows:

> "YOU and YOUR is understood to mean defendants WORLD AVENUE U.S.A.,
> LLC ("WAUSA");  WORLD AVENUE HOLDINGS, LLC ("WAH");  WORLD

AVENUE MANAGEMENT, INC. ("WAM");   and/or NIUNIU JI, both in their individual and/or collective capacity, as well as their former and current employees, attorneys, accountants, agents, affiliates and representatives, including corporate affiliates, subsidiaries and parent corporations.

See Exhibit xxx, interrogatories. WAUSA responded by re-defining "YOU"

narrowly to exclude affiliated entities, and then stating:

> Answer to Interrogatory 11:
> Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies.
> WAUSA has not owned, operated, controlled, or registered any trade names or fictitious names and no other company has required the permission of WAUSA to "allow" it to use any trade name or fictitious name. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Fed. R. Civ. P., WAUSA is producing a copy of the corporate Domain Names or Websites that WAUSA has owned, operated, controlled, administered, or allowed others to use or operate by proxy.

[Emphasis added.]  Tantalized by the phrase, "producing a copy," we turn to the responses to

document requests, which include the following:

Request for Production No.5:

All DOCUMENTS RELATING to any domain names, trade name, fictitious names, or websites used by YOU or on YOUR behalf from January 1,2004, to the present.

Response to Request No.5:

WAUSA objects to the time frame of this Request insofar as it did not exist prior to September 2006.

WAUSA further objects to the Definition of "YOU" or "YOUR" as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. WAUSA construes this Request to seek information from World Avenue USA, LLC, the named Defendant in this case formed on September 22, 2006.

WAUSA further objects to the time scope as including "to Present" insofar as Plaintiff has not disclosed any e-mails or internet advertising at issue in 2009.

WAUSA further objects to any domain names, trade names, fictitious names, or websites that are not listed in the E-MAILS AT ISSUE or in the Paul A. Wagner Affidavit filed in Opposition to the Motion to Dismiss filed by World A venue Holdings, LLC insofar as such documents are a "fishing expedition" not related to the E-MAILS AT ISSUE.

WAUSA further objects to the Request for websites "used by" WAUSA as overbroad insofar as this could potentially cover every website that any WAUSA employee ever visited.  Subject to and without waiving these objections, as explained in the Answer to Interrogatory lion this subject and the objections therein, <u>WAUSA will produce responsive documents relating to fictitious names and to domain names</u>.

Responses to Document Requests, attached.  We then turn to the documents themselves, to see what might be responsive to the request for domain names.  The documents produced in response to document request 5 consist of several pages, beginning at WAUSA000142, showing registrations of fictitious names and domain names.  See Exhibit xxx, attached.  It is noteworthy that the domain names shown in this exhibit were registered under the 'Owner Names" of "Niutech, LLC,"  "Jinius Corporation," and "TheUseful, LLC," thus creating an admission that the domain names responsive to the interrogatory and the request for production indeed cover domain names owned by other entities among the "World Avenue companies."  The domain names provided on WAUSA 000142-156 are far fewer than those lists on pages 4 and 5 of the subpoena.  BSI contends that the listing on these pages from Dfendants is grossly incomplete, and that it is impossible to tell from the circuitous response (interrogatory redirecting to document response, without specifying documents or stating which documents comprise the complete body of information requested) what additional domain names belong to the World Avenue companies.

## II.  Re-definition of "YOU"

Defendant re-defines and shrinks the definition of "YOU" to suit its own purposes. The's interrogatories define "YOU" as follows:

> "8. YOU and YOUR is understood to mean defendants WORLD AVENUE U.S.A., LLC ("WAUSA"); WORLD AVENUE HOLDINGS, LLC ("WAH"); WORLD AVENUE MANAGEMENT, INC. ("WAM"); and/or NIUNIU JI, both in their individual and/or collective capacity, as well as their former and current employees, attorneys, accountants, agents, affiliates and representatives, including corporate affiliates, subsidiaries and parent corporations."

In its responses, WAUSA re-defined "YOU" as follows:

> 1. WAUSA objects to the definition of "YOU" and "YOUR," on the grounds that it is overly broad, unduly burdensome and oppressive. . . . For purposes of responding to these interrogatory requests, WAUSA understands the terms "YOU" and "YOUR" to mean Defendant World Avenue USA, LLC, the named Defendant in this case formed on September 22, 2006.

Responses at 5 - 6.

The re-definition of "YOU" is an artifice by which WAUSA seeks to dodge legitimate questions designed to elicit information about its collaboration with other defendants, and with non-parties. Both WAUSA and Holdings pretend to wear blinders, acting as if they have no knowledge of information about anyone but themselves. The complaint alleges conspiracy under the applicable statutes, which specifically create a private cause of action for initiating, assisting, or conspiring to initiate violative emails. The defendants operate under a single roof in Sunrise, FL, and recently under a second roof in St. John's USVI, in a joint business venture based on bulk emails for the purpose of "lead generation." WAUSA's re-definition of defined terms in the discovery requests is entirely improper.

The curtailment of "YOU" to mean only, "World Avenue USA, LLC, the named Defendant in this case formed on September 22, 2006," is disingenuous for another reason: the precursor of World Avenue USA, LLC was another entity by that same name.

The argument is raised that World A venue USA, LLC was formed for the first time on September 22, 2006, and the time frame covered by the subpoena precedes that date. The "new WAUSA" is really just a reincarnation of the "old WAUSA."  On September 21, 2006 the "old WAUSA" was renamed TheUseful, LLC and, on the same day, a "new WAUSA" was created in Delaware, and just 4 days later (on 9/25/2006) its foreign registration form was filed in Florida.  See Docs WAUSA 000086 – 100 attached. This serves to illustrate further the need to treat all of the World Avenue companies as a unit: the domain names sought in the subpoena are those used by all of these companies, not just WAUSA.

### III. Tiggee's Various Arguments: Burden

At DE166-3 Steven Job's response of Jan 10 2010 states,

> A complete response to any section of this subpoena specifying "WORLD AVENUE" would require information not in our possession regarding whether or not any person or  corporate entity is a former or current employee, officer, consultant, agent, affiliate, representative, corporate affiliate, subsidiary, or parent corporation of World Avenue U.S.A., LLC (including, but not limited to, World Avenue Holdings, LLC; World Avenue Management, Inc.; [| FOLLOWED BY A LIST OF 25 ADDITIONAL COMPANY NAMES (deleted here for brevity)...]).

Mr. Job is mistaken.  A complete answer to this request would require only that Tiggee identify those persons it knows to be "a former or current employee, officer, consultant, ..." of World Avenue or its sister companies.

## IV. Public Availability of Information

Mr. Job further states, at the same DE 166-3:

> we have no contact information under this (World Avenue) account that is any
> way different from what is publicly available on the World Avenue web site (e.g.
> addresses,  phone numbers, etc.).

Mr. Job fails to identify the website and URL to which this narrow comment applies, and he is

apparently redefining "World Avenue" to mean the account that contains that precise name,

rather than the group of entities in the definition supplied in the subpoena.  Further, he

contradicts his own promise:

> Tiggee will provide a detailed report of all information regarding the DNS
> services for the domains in the "WorldAvenue" account within DNS Made Easy.
> To the best of my knowledge, this will provide all of the information available to
> us according our data records. Generating and delivering a report of this nature
> will take a significant amount of time and resources that Tiggee will expect to be
> reimbursed by Beyond Systems / Steven H. Ring PC.

DE 166-7.  Clearly this promise indicates that Tiggee has substantial information, more than

what would result from a mere public look-up.  That message is further reinforced by the

Email Jan 21, 2010 from Mr. Etelson to Mr. Ring:

> So to confirm our conversation, we have agreed for now that we will produce, in
> response to the subpoena:
> 1. A sampling of 15 domain names from the list on your subpoena with associated
> DNS information (IP addresses)
> 2. We will produce the account information for World Ave, LLC that Tiggee has
> 3. We will produce name of the payor on the account, the address for the payor,
> along with the dates and amounts of payment. We also confirm payments were
> made by credit card, but will not produce the credit card number without a court
> order.

Email January 25, 2010 from Mr. Etelson to Mr. Ring:

Mr. Job states further:

7

Tiggee provides no electronic mail services or web hosting services of
any kind to any of the 163 internet domain names listed in this
subpoena.

BSI does not dispute this point, which is nicely worded, but off the mark. World Avenue's

corporate affiliates provide email services to World Avenue, and the other World Avenue

companies (primarily Bravatas LLC, purportedly defunct since 2006) provide web hosting

services to World Avenue.  However, Tiggee provides <u>DNS services</u> to World Avenue; hence

BSI's request for information.

Tiggee argues:   "Information regarding corporate entities that provided domain

registration services for each and every domain listed in this subpoena is publicly available on

the internet and can be queried, quite easily, from any internet connected computer using the

internet whois system."   BSI agrees that those queries can be made.  It is clear, for example, that

that eNom provides domain registration services for many domains to World Ave.  This is also

off point.  However, BSI needs the names to look up, and the true owner information (versus

phony registrations or privacy services).

Tigee further argues:

Information regarding corporate entities that provided Domain Name
System (DNS) services for each and every domain listed in this
subpoena is publicly available on the internet and can be queried,
quite easily, from any internet connected computer using the internet
DNS system.

BSI agrees.  It is clear that Tiggee provides DNS, for many domains to World Avenue.  But this

is off point.  Tigge argues further:

Most of the information requested in this subpoena is publicly
available and easily queried from any internet connected computer.

BSI agrees that most of the requested information is publicly available from disparate sources if one knows what to ask for, but only the source of such publication (Tiggee) knows what it is publicizing.

### V. Nice wording; evasion.

Tiggee is attempting to side-step the production sought by pointing to publicly available sources of information that do not allow recovery of the information sought, unless one first knows the names to index.  For example, as illustrated in the Affidavit of Paul A. Wagner, attached, by performing DNS, Tiggee "resolves" or maps the hostnames containing World Ave's domains into IP addresses, e.g., for any recipient of the millions of World Ave emails who clicks on a URL containing such hostnames.  The following are typical hostnames containing a World Ave domain name (for which Tiggee provides DNS) and the IP address that Tiggee provides (in that DNS):

```
mail.superbrewards.com  = [ 213.200.112.198  ]
www.superbrewards.com  = [ 213.200.112.198  ]
superbrewards.com  = [ 213.200.112.198  ]
```

Source:
http://samspade.org/whois/mail.superbrewards.com
http://samspade.org/whois/www.superbrewards.com
http://samspade.org/whois/superbrewards.com

The IP address, 213.200.112.198, in turn is allocated to "Bravatas LLC," listed as inactive by the Florida Secretary of State.

The source of the above information are the following websites:
http://samspade.org/whois/213.200.112.198
http://www.sunbiz.org/scripts/cornamelis.exe and search for "Bravatas LLC" (official Florida Secretary of State corporate records repository.)  Last visited March 28, 2010.

World Avenue affiliates, vendors and numerous email recipients enjoy access to the World Ave websites by virtue of the mapping that is publicized by Tiggee. Anyone who has the hostname can obtain the IP address from Tiggee. BSI does not know most of World Avenue's hostnames -- but other members of the public, and World Avenue affiliates and vendors, do know them. Thus, it is the list of hostnames that BSI seeks, to allow complete matching of emails to the World Avenue enterprise.

Tiggee argues,

Many of the domains and information requested in the subpoena have nothing to do with Tiggee or related to the services that Tiggee provides.

Tiggee should simply specify which ones <u>are</u> related to the World Avenue companies, instead of putting up such resistance.

At DE 185 WAUSA argues:

the Subpoena sought irrelevant information because 122 of the Domain names referenced in the Subpoena were not in the E-Mails At Issue

The list attached to the subpoena includes domains known to be associated with World Avenue, regardless of whether they have yet appeared in emails produced to date. By the number of fictitious names and domain name registrations illustrated in the attached exhibits, as well as the number appearing in the emails that give rise to this suit, it is clear that the World Avenue companies have developed a practice of rotating through large numbers of domain names on a regular basis. World Avenue has also operated under false or expired corporate names, such as "Bravatas LLC." This use of defunct, expired and invalid names justifies the inquiry into additional domain names beyond those displayed in the emails that have been produced.

## VI.  Declaration of Todd Schlotter

Mr. Schlotter's declaration goes beyond mere statement of fact based on personal

knowledge, and asserts arguments, such as:

4.  The Declaration of Paul Wagner takes great liberties

9.  ...  Tiggee rightfully...

10.  ...  BSI's theoretical musing about...

Mr. Schlotter admits that BSI is not a competitor of the entity that uses the domain names
(i.e., TheUseful, LLC) after all:

10. BSI is not engaged in the same business as WAUSA's Sister Company,
TheUseful, LLC ("TheUseful"). BSI's theoretical musings about why the information it seeks
has no value to a competitor of WAUSA's Sister Company, TheUseful, demonstrates BSI's
lack of knowledge about the business. Contrary to BSI's assertion, a competitor's knowledge of
domain names can be very detrimental to WAUSA's Sister Company, TheUseful's, business.

This refutes the argument that BSI might misuse confidential information, via competition.

Tiggee also expresses fears that BSI would steal Tiggee's DNS customers. BSI contends that any

such "customers" would be limited to the World Avenue companies, as they are the topic of the

inquiry.

Tiggee gives several far-flung examples of its concerns.  All can be secured via the

existing protective order.

## VII.  Relief Sought

Tiggee has acted in clear derogation of its obligations under a subpoena.  It clearly

reversed course after having agreed to produce responsive material and information.  Its conduct

is unjustified.  BSI seeks an order compelling Tiggee to provide the information and materials requested in the subpoena, and further requests a finding that Tiggee has violated its obligations under Rule 45, and awarding costs and attorneys fees related to the Motion, an d such other relief as the Court deems just.

/s/

_____

Stephen H. Ring
STEPHEN H. RING, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639

/s/

_____

Michael S. Rothman
E. Jefferson Street
Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*


## Exhibits

1 Plaintiff's Interrogatories to WAUSA

2 WAUSA's Resposnes and Objections to Interrogatories (Confidential)

3  WAUSA's Responses to Document Requests

4  Fictitious name registrations

5  WAUSA 00086 – 100, corporate filings for WAUSA

**<u>Certificate of Service</u>**

I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.


_____/s/_____
Stephen H. Ring