**IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **Beyond Systems, Inc.** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Case No. PJM 08-cv-0921 |
| | * | |
| **World Avenue USA, LLC** | * | |
| successor by merger to NIUTECH, LLC., | * | |
| dba "The Useful" | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

**PLAINTIFF'S REPLY TO DEFENDANT WORLD AVENUE USA, LLC'S PARTIAL OPPOSITION TO PLAINTIFF BEYOND SYSTEMS, INC.'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [DE 177]**

Plaintiff Beyond Systems, Inc. ("BSI") hereby submits this Reply in Opposition to Defendant World Avenue USA, LLC's ("WAUSA") Partial Opposition to Plaintiff Beyond Systems, Inc.'s Motion for Leave to File Second Amended Complaint [DE 177], and on its behalf states as follows :

**I.   Defendants Do Not Oppose "the concept" of Plaintiff's Filing a Second Amended Complaint.**

In its Opposition, Defendants admit that it has no objection to "the concept" of BSI filing a Second Amended Complaint. *See* Partial Opp. [DE 178] at 1. Yet it disputes Plaintiff's "good cause" for exceeding the time for filing the Second Amended Complaint by mere hours. Clearly, Defendants misunderstand the meaning of good cause. *See* Fed. R. Civ. P. 11(b) ("Representations to the Court"). Plaintiff is not seeking to engage in "serial

1

extensions" of the amendment deadline.  Rather, Plaintiff is seeking to identify who is clogging its servers, misleading its customers, and wasting the Court's time with frivolous defenses.  And that is where the Defendant WAUSA comes in.

The original complaint,[1] filed on April 11, 2008, asserted claims against 23 (twenty-three) defendants :  (WORLD AVENUE USA, LLC, successor by merger to NIUTECH, LLC. dba "THE USEFUL";  WORLD AVENUE MANAGEMENT, INC. fka NIUTECH, INC.;  Niuniu Ji (an individual with a number of alias);  and John Doe (Nos. 1-20) (**hereinafter, "Complaint"**).

Plaintiff filed the Amended Complaint on December 22, 2008, naming WORLD AVENUE HOLDINGS, LLC ("HOLDINGS") as a defendant again, along with new allegations against the defendants  (**hereinafter, "Amended Complaint"**).  *See* DE 36 (Redline Copy).  Defendant WORLD AVENUE MANAGEMENT, INC. fka NIUTECH, INC. ("WAMI") was dismissed from the suit as per agreement between the parties on June 11, 2008.[2]  In that letter, WAMI's counsel made certain factual claims to BSI's counsel regarding WAMI's business activities to support its claim for a voluntary dismissal.  In the letter to BSI Counsel, WAMI did not support its representations with an oath or affirmation, did not support its representations with an affidavit, and specifically disclaimed that its letter

---

[1] DE 1 (filed 04/11/08).
[2] Plaintiff dismissed original defendant World Avenue Management, Inc. fka Niutech, Inc. as the result of representations made to Plaintiff and counsel.  *See* Notice of Voluntary Dismissal by BSI [DE 9] and the letter referred to therein.  ("In reliance on the representations made in a letter from its counsel dated June 11, 2008, Beyond Systems Inc. ("BSI"), hereby dismisses its claims against Defendant World Avenue Management, Inc. without prejudice.")

could function as an admission or a denial of any of BSI's allegations.  *See* **Exhibit A**, Saunders Ltr. 06/11/08, at 1.

After a jurisdictional deposition of HOLDINGS and an ESI deposition of WAUSA, Plaintiff sought leave to file its Second Amended Complaint on March 9, 2010.  *See* DE 177 (**hereinafter, "Second Amended Complaint"**).  In its Second Amended Complaint, BSI named WAUSA, HOLDINGS, WAMI, JI and JOHN DOES as parties again, along with 7 (seven) additional parties and a host of allegations against them.  These additional named parties included :  THEUSEFUL, LLC;  WORLD AVENUE IP, LLC;  NIUNIU JI dba JINIUS CORPORATION;  INTREPID INVESTMENTS, LLC;  Q INTERACTIVE, INC.; VENTE, INC.;  BRISTOL INTERACTIVE, LLC dba KITARA MEDIA.

**II.     Defendant's Hypocrisy Knows No Bounds.**

Defendants and their counsel must marvel at the conglomerate they have created known as, "THE WORLD AVENUE COMPANIES."  Defendants have the temerity to suggest that the Plaintiff's are not being diligent in their efforts to identify and locate new defendants and new spam being sent by defendants.  Nothing could be further from the truth. It is, in fact, Defendant's intransigence and obfuscation that has prevented Plaintiffs from adding the new parties any earlier.

**A.     Defendants Have Deliberately Named their Entities in Similar Fashions to Obscure Who Is the Real Party In Interest.**

The Useful.com was originally registered as a fictitious name by Niupercent, LLC. *See* WAUSA000153.  In the Complaint, Plaintiff named WORLD AVENUE USA, LLC, successor by merger to NIUTECH, LLC. dba "THE USEFUL";  WORLD AVENUE

MANAGEMENT, INC. fka NIUTECH, INC.; and Niuniu Ji (an individual with a number of business aliases) as Defendants. THE WORLD AVENUE COMPANIES carefully and crafted their corporate names and structure to be confusing to outsiders. And who was their counsel of record at the time? Greenberg Traurig. The same counsel raising the current defenses of mistaken identity.

The trade name, "TheUseful" is a perfect example of the Defendant's deliberate maze of obfuscation and avoidance. TheUseful is a fictitious trade name registered in the State of Florida by a company called NIUTECH, LLC, with a business location at 6001 BROKEN SOUND PARKWAY, 2ND FLOOR, BOCA RATON, FL 33487. *See* **Exhibit B**. The fictitious name was used in twenty-three (23) of the EMAILS AT ISSUE. *See* DE 177-3 [Affidavit of Paul Wagner Regarding Count of Emails Containing Certain Business Names and Domain Names]. The fictitious business name is still active in the State of Florida and will not expire until the end of 2010. However, the Company NIUTECH, LLC is no longer active, having merged into another company on July 29, 2006. *See* **Exhibit C**.

The surviving company was known as WORLD AVENUE U.S.A., LLC with a principal business location of 6001 BROKEN SOUND PARKWAY, 2ND FLOOR, BOCA RATON, FL 33487, the same location as NIUTECH, LLC. *See* **Exhibit D**. Yet, WAUSA continues to respond that it does not send emails and does not know who sent the emails. *See* **Exhibit E**. Now, Defendant refuses to respond to discovery requests for events involving WAUSA prior to September 22, 2006. *See* WAUSA Resp. RPD, Resp. # 4 ("WAUSA objects to the time frame stated in certain requests to the extent that World Avenue USA,

LLC was formed for the first time on September 22, 2006, and the time scope precedes that time.")

On or about February 5, 2008, the "new WASA", TheUseful, WAMI, and HOLDINGS collectively changed their common address from 6001 BROKEN SOUND PARKWAY, 2ND FLOOR, BOCA RATON, FL 33487 to 1613 NW 136th Avenue, Suite 100, Sunrise, Florida 33323.

### B. Defendant Has Deliberately Evaded and Misled Plaintiff about the Nature and Involvement of Its Companies and Subsidiaries.

One particularly wasteful episode occurred during Plaintiff's most recent deposition of HOLDINGS on August 26, 2009 in Miami, Florida (a mere twenty minutes from the principal place of business of THE WORLD AVENUE COMPANIES). Plaintiff's president and BSI counsel flew to Miami to take Defendant HOLDINGS' jurisdictional deposition. Prior to the deposition, Defendant claimed that HOLDINGS was a mere holding company and performed no managerial or oversight functions over the day-to-day business of WAUSA.

However, at the deposition HOLDINGS own vice president of finance and corporate controller, Fidel Dhana, testified that HOLDINGS provides strategic direction to all the subsidiaries, for which it receives compensation. *See* DE 138-12 [Dhana Depo. Tr. 35:2-3] Moreover, HOLDINGS engages in "high level coordination as to what the entities are trying to achieve in the marketplace," but he would elaborate no further. *See* DE 138-12 [Dhana Depo. Tr. 34:1-12 (*Dhana cannot think of an example of how his company may provide strategic direction to one of its subsidiaries*)].

While HOLDINGS' prior interrogatory responses noted that HOLDINGS simply provided "management oversight services to World Avenue USA, LLC and other World Avenue companies." *See* DE 138-4:26 (Response to Interrogatory 21), the Dhana deposition revealed that HOLDINGS had financial control over all subsidiary purchases over $ 10,000. S*ee* DE 138-12 [Dhana Depo. Tr. 40:3-6].

Regardless, BSI's Motion to Compel Defendant HOLDINGS' Responses to Jurisdictional Discovery [DE 138] remains outstanding.

### C.  BSI Still Continues to Receive Spam from Defendant and Its Affiliates Even as this Reply Is Being Filed.

Even the filing of the instant case does not deter the Defendants from their relentless barrage of unwanted and misleading commercial email.  Plaintiff continues to receive spam from the Defendants and their affiliates.  However, THE WORLD AVENUE COMPANIES' operation is morphing as this case progresses.  These operations have now moved to the U.S. Virgin Islands.  In addition, Defendant's have fought Plaintiff's attempts to explore the activities of any World Avenue entity except WAUSA, even as Defendants may be draining the company of assets and moving them out of the country.  *See* DE 85 at ¶3 [Defendant WAUSA requests leave from the Court to amend its Answer to the Amended Complaint to indicate that WAUSA "was" the successor in interest to Niutech, LLC].  If the Defendant is going to move assets and change entities while the present case is occurring, it is going to have to expect that Plaintiff will reserve the right to amend until The World Avenue Companies provide complete responses and documents in discovery.  Regardless, all The

6

World Avenue Companies should be on notice by the filing of this lawsuit that they could be named as parties once discovered.

### III. Defendant Will Suffer No Prejudice as a Result of the Addition of the New Defendants.

It is significant to note that of the eleven (11) named defendants in the Second Amended Complaint seven of the entities (if you include Defendant NiuNiu Ji, the leader and creator of this conglomerate, is included) have their principal place of business located at The World Avenue Companies complex at 1613 NW 136th Avenue, Suite 100, Sunrise, Florida 33323.  The remaining newly named defendants are either recently purchased companies by Defendants that have not yet been folded into The World Avenue Companies conglomerate, or they are companies that the Defendant is now locating in the U.S. Virgin Islands.

Regardless, the Defendants will suffer no prejudice by the filing of the Second Amended Complaint, and they admit so candidly.  But there is little room for disagreement when companies, subsidiaries, affiliates, and publishers are all conspiring together to develop campaigns to transmit misleading and commercial email to unsuspecting recipients. Moreover, there can be little room for disagreement when The World Avenue Companies are currently being run out of identical locations, under identical management, using identical services, and employing identical people.  The only things that not identical about The World Avenue Companies were the legal and fictitious names which serves as the Defendant's face to the public.  The World Avenue Companies guard these quite jealously.

### **CONCLUSION**

For all these reasons, Plaintiff Beyond Systems, Inc. respectfully requests that the Court grant its request for leave to file the Second Amended Complaint and accept the Second Amended Complaint for Filing as of March 8, 2010.

Respectfully submitted :

| | |
|---|---|
| /s/ | |
| Michael S. Rothman, Esq. | Date |
| USDC MD Bar No. 14568 | |
| 401 E. Jefferson Street | |
| Suite 201 | |
| Rockville, MD 20850 | |
| Phone: (301) 251-9660 | |
| Fax: (301) 251-9610 | |

| | |
|---|---|
| /s/ | |
| Stephen H. Ring, Esq. | Date |
| Stephen H. Ring, P.C. | |
| USDC MD Bar No. 00405 | |
| 506 Main Street, Suite 215 | |
| Gaithersburg, MD 20878 | |
| Phone: (301) 540-8181 | |

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March 2010, a copy of the foregoing Reply was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the counsel named below via the Court's electronic filing notification system :

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734

GREENBERG TAURIG, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
202-331-3100
202-331-3101

John L McManus, Esq.
Greenberg Traurig PA
401 E Las Olas Blvd Ste 2000
Fort Lauderdale , FL 33301
19547688291
Fax: 19547651477
Email: mcmanusj@gtlaw.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

Kenneth A Horky
Greenberg Traurig PA
401 E Las Olas Blvd Ste 2000
Fort Lauderdale , FL 33301
19547688273
Fax: 19547651477
Email: horkyk@gtlaw.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

Nicoleta Burlacu
Greenberg Traurig LLP
2101 L Str NW Ste 1000
Washington , DC 20037

Attorney[s] for World Avenue USA, LLC

_____/s/_____
Michael S. Rothman

9