UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>CHARLES B. DAY<br>UNITED STATES MAGISTRATE JUDGE | U.S. COURTHOUSE<br>6500 CHERRYWOOD LANE<br>GREENBELT, MARYLAND 20770<br>(301) 344-0393<br>FAX (301) 344-0394 |

April 12, 2010

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg Traurig
2101 L Street, NW, Suite 1000
Washington, DC 20037

John L. McManus, Esquire
Kenneth A. Horky, Esquire
Greenberg Traurig
401 E Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301

Re:   Beyond Systems, Inc. v. World Avenue USA, LLC.
      Civil Action No. PJM-08-921

Dear Counsel:

      Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Defendant World Avenue USA, LLC's Motion to Quash Eight-Five (85) Unknown Subpoenas and Memorandum of Law in Support ("Defendant's Motion")(Docket Item No. 157). The Court has reviewed Defendant's Motion and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). The Court hereby GRANTS Defendant's Motion.

      It is believed that on various dates, Plaintiff has served subpoenas upon at least 85 non-parties requiring the production of documents without the scheduling of depositions pursuant to Federal Rule of Civil Procedure 45. With the exception of providing a copy of the subpoena with its attachment to Tiggee, LLC, Plaintiff has provided a mere "bare bones" notice of its subpoenas upon other non-parties to Defendant on December 29, 2009. The earliest subpoenas had a return date of January 15, 2010. Despite the best efforts of Defendant, its attempts to obtain full copies of the subpoenas and attachments have been less than complete.

      Federal Rule of Civil Procedure 45(b)(1) on its face provides that all parties are to be served with notice of the subpoena for documents before any non-party is to be served with the actual subpoena. Plaintiff has provided the required notice of entities to be served, but hardly any other descriptive information has been provided, which would make said notice meaningful. Plaintiff listed the names of various non-parties, without specification as to where they are being

served, which jurisdictions may be involved, what documents are sought, etc. Defendant was left to its own resources to identify and locate the non-parties. Plaintiff could just as easily have stated that the attachment for each of the non-parties was identical in form to the Tiggee, LLC attachment, if true. Once again however, Defendant was left to ask or guess about Plaintiff's approach. Here, it is far too easy to be complete, without generating another issue for dispute.

As pointed out by Defendant, the 1991 Advisory Committee Notes make clear that the intent of the notice is to provide "other parties an opportunity to object . . . or to serve a demand for additional documents." While the Rules speak to the ability of the non-party to raise objections, this Court concludes and the case law cited by Defendant supports the notion that parties to the litigation may have need to do likewise.

Plaintiff shall provide a listing of all non-party subpoenas issued, the status of production for each non-party, and a summary of any discussions held regarding the efforts to obtain the requested materials subsequent to the service or attempted service of each subpoena. Plaintiff shall also produce copies of all original subpoenas with attachments issued to all non-parties. For any non-party who has not responded to Plaintiff's subpoena, Plaintiff shall immediately notify said non-party that the Court has quashed the subpoena and that they should not produce the requested material. Plaintiff is not prohibited from seeking the same material, but must do so in full compliance with the rules of procedure as suggested herein. Plaintiff shall produce to all parties complete copies of materials received in response to any subpoenas issued.

Given the lack of clarity in the Rules, the Court finds that the award of fees and expenses to be inappropriate in these circumstances. Despite the informal nature of this letter, it is nonetheless an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Charles B. Day
United States Magistrate Judge

CBD/bab