UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>CHARLES B. DAY<br>UNITED STATES MAGISTRATE JUDGE | U.S. COURTHOUSE<br>6500 CHERRYWOOD LANE<br>GREENBELT, MARYLAND 20770<br>(301) 344-0393<br>FAX (301) 344-0394 |

April 16, 2010

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg Traurig
2101 L Street, NW, Suite 1000
Washington, DC 20037

John L. McManus, Esquire
Kenneth A. Horky, Esquire
Greenberg Traurig
401 E Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301

Re:   Beyond Systems, Inc. v. World Avenue USA, LLC.
      Civil Action No. PJM-08-921

Dear Counsel:

Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Defendant, World Avenue USA, LLC's Motion to Quash Plaintiff, BSI's Subpoena Issued to Non-Party DNS Made Easy ("Defendant's Motion")(Docket Item No. 159). The Court has reviewed Defendant's Motion and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). Defendant's Motion is hereby GRANTED IN PART.

Defendant seeks to quash or modify a subpoena for documents issued by Plaintiff to non-party Tiggee LLC, d/b/a DNS Made Easy ("DNS"). Defendant claims that the information sought is confidential, proprietary and immaterial to the claims and defenses asserted in the present litigation. DNS was retained by Defendant to translate domain names into IP addresses.

Defendant complains that the "emails at issue" were allegedly sent to Plaintiff between 2005 and 2008, yet Plaintiff seeks information regarding documents created in 2009. The Court does not find Defendant's position prevailing. In paragraph 69 of the Amended Complaint, filed on December 22, 2008, Plaintiff alleges,

> Defendant JI directed, participated in, stood to derive revenue, and actually
> derived revenue, as a result of the transmission of the EMAILS AT ISSUE. JI
> communicated with the managing agents and employees of WORLD AVENUE, and
> those entities under contract to him, on each of the dates of transmission of the EMAILS

AT ISSUE, beginning on or before July 20, 2004 and continuing up to the present, in furtherance of the campaigns to transmit those emails.

Plaintiff has further defined the "emails at issue" in paragraph 63 of the Amended Complaint as, "the unsolicited commercial emails that Plaintiff received from WORLD AVENUE, including all emails received up to the date of the entry of any final, non-appealable judgment." As set forth in Federal Rule of Civil Procedure 26(b)(1), the scope of discovery extends to any "nonprivileged matter that is relevant to any party's claim or defense." Accordingly, the scope of Plaintiff's concerns for purposes of discovery are those emails sent by Defendant from July 20, 2004 to present, limited to those entities identified in the Amended Complaint.

Plaintiff seeks information regarding approximately 163 domain names. Defendant points out however, that pursuant to Paul A. Wagner's declaration under oath, only approximately 41 of these domain names have appeared in the "emails at issue." While Defendant cannot suggest an interest in the balance of the domain names or in any burden of production, it is equally true that Plaintiff has not demonstrated an entitlement to the additional names under the rules of discovery. It is apparent that far more entities are identified in Plaintiff's subpoena for documents, than those attested to in Mr. Wagner's declaration as being related to this lawsuit. Plaintiff shall be limited to the discovery of those items set forth in the declaration until some other good faith basis has been established. Any effort by Plaintiff to go beyond the parameters of good faith discovery may run afoul of the principles of Fed. R. Civ. P. 11.

As Defendant has raised concerns about the confidential and proprietary nature of the information sought, the Court believes these concerns are outweighed by Plaintiff's legitimate discovery needs as set forth above. The Court is also persuaded that the terms of the Stipulated Confidentiality Order are sufficient to address the confidential and proprietary nature of the information sought. Should Plaintiff mishandle information covered by the Stipulated Confidentiality Order, the Court will address the issue by way of sanctions and/or other remedies at that time upon motion by the aggrieved party.

Despite the informal nature of this letter, it is nonetheless an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Charles B. Day
United States Magistrate Judge