IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC, ET AL.** | * | |
| | * | |
| Defendants | * | |

**PLAINTIFF'S MOTION FOR
DETERMINATION OF TIMELINESS AND SUFFICIENCY OF INITIAL RULE 26(a)(2)
EXPERT DESIGNATIONS, AND/OR FOR EXTENSION OF TIME**

Plaintiff moves for an order establishing that Plaintiffs' disclosures of findings and opinions on May 12, 2008 by John R. Levine, Ph.D. at DE 3-3, and Plaintiffs' disclosures of findings and opinions at DE 3-5, 34-15, 126, 159-3, 168 and 177-3, meet Plaintiff's initial expert disclosure obligations under Rule 26(a)(2). The issues addressed in this motion are discussed in part in the letter to Defendants' counsel attached as an exhibit to this motion.

The parties have repeatedly sought and obtained modification of the schedule by consent. The initial scheduling order was issued on April 28, 2009 at DE 58. The most recent pertinent modification, at DE 128 in November, 2009, set a deadline of March 1, 2010 for Plaintiff's Rule 26(a)(2) expert disclosures. Plaintiff's motion for leave to file a second amended complaint, naming additional corporate defendants related to the original corporate defendants, at DE 177, is now pending. Defendants have consented to that motion, on condition that Plaintiff is prohibited from filing any more amended complaints. DE 178. Both sides have confirmed that if the motion is granted they expect a new scheduling order. Discovery is grossly incomplete, and merits depositions of parties have not been taken, although Plaintiff has asked for dates for a

merits deposition of WAUSA.  The standstill on depositions is due in part due to the parties' anticipation that the second amended complaint will affect the scope of discovery.

Under all of these circumstances, Plaintiff did not serve a restatement of its expert disclosures, or a notice of such disclosures.  Defendant has taken the position in correspondence that Plaintiff has waived rights related to initial expert disclosures under these circumstances.

BSI disclosed its initial expert opinions at DE 3-3 (John R. Levine, Ph.D. Initial Report) and at 3-5 (Wagner initial declaration), both filed on May 12, 2008.  Dr. Levine will be an expert for plaintiff at trial, and is expected to state the findings and opinions in his initial report at DE 3-3.  In addition, Dr. Levine is expected to supplement his initial report based on information obtained during discovery, which is ongoing.

Paul Wagner, president of BSI (Plaintiff), has stated facts based on his review of the commercial emails that give rise to this suit, his experience in providing services related to Internet communications, and his review of data from Defendants and other sources, and has made some statements in his filings that may be regarded as opinions in addition to his findings and observations of fact. Mr. Wagner, who was deposed by Defendant WAUSA in ESI discovery in September, 2009,  is designated by Plaintiff as a hybrid expert, stating both fact and opinion testimony, although the latter is likely to be considerably less than the former. This designation is made as a matter of caution, as it may ultimately be found by the Court that Mr. Wagner's testimony consists almost entirely of facts, or the results of investigatory work, rather than expert opinion.  The issues on which Mr. Wagner is expected to render statements of findings and conclusions will be as stated in his Declarations and Affidavits at DE 3-5, 34-15, 77-2, 126, 159-3, 168 and 177-3, supplemented by his review of additional information obtained in discovery, which is ongoing.

As discovery is ongoing, and no trial date has been set, there has been no prejudice to defendant by virtue of the status of Plaintiff's expert disclosures.

Plaintiff requests a ruling that the disclosures addressed above, including the materials filed at the cited docket entries, are sufficient to meet Plaintiff's obligations to make its initial expert disclosures under Rule 26(a)(2).  In the alternative, Plaintiff requests an extension of time for such disclosures to a date no earlier than 15 days after the ruling on this motion.

_____/s/_____
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639


_____/s/_____
Michael S. Rothman
E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*


## **Authority**

Although a treating physician is the "quintessential example" of the hybrid fact/expert witness, "it is a mistake to focus solely on the status of the expert, instead of the nature of the testimony which will be offered at trial." Sullivan v. Glock, 175 F.R.D. 497, 500 (D. Md. 1997);

see also Elgas v. Colorado Belle Corp., 179 F.R.D. 296 (D. Nev. 1998); Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78 (D.N.H. 1998).

The Sullivan opinion offers an excellent analysis of issues involving "hybrid" witnesses: It is noteworthy that Rule 26(a)(2) creates two distinct types of disclosures: (1) disclosure of the identity of any witness who may provide opinion testimony at trial in accordance with Fed. R. Evid. 702, 703, and 705; and (2) the far more comprehensive written and signed report which Rule 26(a)(2)(B) requires for "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony" (hereinafter, "retained experts"). This distinction, often overlooked in practice, is of critical importance. Rule 26(a)(2)(A) is colloquially said to apply to "hybrid" fact/expert witnesses, the most frequent example being a treating physician in a personal injury case. [Footnote omitted.] As to these witnesses, the comprehensive disclosures of the written report set forth in Fed. R. Civ. P. 26(a)(2)(B) are not required....

The Sullivan court adopted the approach taken in Shapardon v. West Beach Estates, 172 F.R.D. 415, 416-17 (D. Haw. 1997): To the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient--as opposed to being subsequently supplied by an attorney involved in litigating a case involving the condition or injury--then no Rule 26(a)(2)(B) statement should be required. Sullivan v. Glock, Inc., 175 F.R.D. at 501. The court went on to observe that the failure to appreciate the distinction between a hybrid witness and retained expert can be a trap for the unwary. A plaintiff is not required to disclose any more than the identity of the hybrid witnesses under Rule 26(a)(2)(A). Thus, the exclusion provision of Rule 37(c)(1) is inapplicable. Under an overly rigid reading of the rules of procedure, the trap for the defendant

would be that it would now be required to go to trial without any knowledge of the plaintiff's hybrid witnesses' opinions, because the discovery deadline has passed, and, without leave of the Court, the defendant would be unable to depose them. Id. at 501-502.

After discussing the case law and certain tactical problems associated with Rule 37 sanctions, the Sullivan court reached the following "rules of reason" concerning the disclosure of hybrid expert testimony: The first rule of reason is that the entire structure of the rules of procedure governing pretrial preparation, expert disclosures under Rule 26(a)(2) and discovery in general, underscore the need for a fixed period of discovery which ends at a date certain well before trial. Thus, last minute discovery should be strongly discouraged, absent truly exigent circumstances. Second, there is an important interrelationship between the expert disclosures required by Rule 26(a)(2) and the other forms of discovery which must be recognized by counsel, who are obligated to comply with all of the requirements for each component, or risk the adverse consequences of failing to do so. Therefore, it is incumbent upon counsel to make full and timely disclosures of information regarding their retained experts, supplement them promptly when required, responsively answer interrogatories directed towards experts, and supplement these answers if warranted. Failure to do so may well result in the exclusion of the testimony of the expert at trial, in whole or in part.... Counsel must be prepared to provide full and meaningful disclosure and discovery at the times required by the rules of procedure and the pretrial scheduling order.

Third, counsel must be familiar with the distinction between hybrid witnesses and expert witnesses, and the significance of this difference with respect to the required disclosures of Rule 26(a)(2). The written report required by Rule 26(a)(2)(B) is inapplicable to hybrid witnesses, and counsel must be prepared to obtain information about the opinions and bases of their testimony

by interrogatories and/or depositions. The failure to pursue these alternative means of discovering the expected opinion testimony of hybrid witnesses is not a basis for excluding that testimony at trial. Fourth, when faced with a situation where no required expert disclosures have been made, or materially incomplete disclosures have been made, counsel must make a tactical decision. If the most important goal is to avoid surprise at trial or last minute discovery about expert testimony on the eve of trial, then counsel should consider filing a motion to compel adequate disclosures or in the alternative to exclude expert testimony as soon as possible following the discovery cutoff, so that if the court declines to exclude the expert's testimony, the opinions of that expert may be discovered, and a rebuttal expert engaged as far as possible ahead of trial. Alternatively, if the most important goal of the attorney is to preclude the expert from testifying at trial by evoking the automatic exclusion provisions of Rule 37(c)(1), he or she should remember that this course is not risk free, and that the exclusion of evidence is a severe sanction which the court may be reluctant to impose despite Rule 37(c)(1).

Fifth, in determining whether or not the automatic exclusion provisions of Rule 37(c)(1) should be applied to exclude expert testimony, the court should consider four factors in assessing whether there was substantial justification for the failure to disclose or harmlessness to the opposing party: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice.

The final factor the court should consider is whether a continuance may be granted to cure the effects of prejudice caused by a failure to disclose, or a late disclosure.  If the issue arises months before a scheduled trial date, this remedy is far more palatable than if it arises on the eve of trial. Sullivan v. Glock, Inc., 175 F.R.D. at 506-508

          /s/
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639


          /s/
Michael S. Rothman
E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*


## Certificate of Service

       I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.


          /s/
Stephen H. Ring