UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

April 28, 2010

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg Traurig
2101 L Street, NW, Suite 1000
Washington, DC 20037

John L. McManus, Esquire
Kenneth A. Horky, Esquire
Greenberg Traurig
401 E Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301

Re:   Beyond Systems, Inc. v. World Avenue USA, LLC.
      Civil Action No. PJM-08-921

Dear Counsel:

    Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received the Motion of Third-Party Defendants Hypertouch, Inc. and James Joseph Wagner to Quash Affidavits of Service at Docket Entries 101 and 102 ("Defendants' Motion")(Docket Item No. 106). The Court has reviewed Defendants' Motion and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). Defendants' Motion is hereby DENIED.

    Third-Party Defendants move to quash the affidavits of service filed on the basis that the process of service was upon a person of unsuitable age. Third-Party Defendants also contend that no copies of the summonses were attached to the affidavit of service and that they are therefore seeking to have the "purported service on Third-Party Defendants Hypertouch, Inc. and James Joseph Wagner be declared void." The Court finds this position untenable.

    There is no dispute but that Third Party Defendant James Joseph Wagner ("Wagner") has advised government authorities that his personal address is 17 Greenfield Street, Lowell, Massachusetts. There is, likewise, no suggestion that the address of service for Wagner and Hypertouch, Inc. ("Hypertouch") is incorrect. Finally, there is no denial of the receipt of the summons and complaint by either Third Party Defendant.

While Third Party Defendants initially claim that service was upon a person of unsuitable age, this contention is of no import.  It is clear from the affidavits provided by both the Third-Party Plaintiff and the Third-Party Defendants that there was service of process upon Shirley Fitzgerald, a person of suitable age and a resident of the subject premises at the time.

Third-Party Plaintiff is entitled to a presumption of validity regarding the service of process.  It correctly notes that under Massachusetts law the return of service is generally viewed as *prima facie* evidence that service was valid.  SOM v. Daniels Law Offices, P.C., 573 F. Supp. 2d 349, 354 (D. Mass. 2008).  The only real question remaining is whether Wagner and Hypertouch have provided "strong and convincing evidence" to rebut the presumption of proper service.  Id. at 355.  The Court finds they have not.

As to Wagner, the service was effected at his place of abode.  Under Massachusetts law, leaving a copy of the complaint and summons at Wagner's residence is sufficient even though copies have not been served upon him personally.  Christian Book Distributors, Inc. v. Wallace, 760 N.E.2d 735, 737 (Mass. App. Ct. 2001).  This Wagner does not dispute.

As to Hypertouch, the law of Massachusetts also allows for effective service upon "delivery of a copy of the complaint and summons to an officer or manager or general agent" of a corporation.  Conant v. Sherwin L. Kartovitz, P.C., 563 N.E.2d 247, 248 (Mass. App. Ct. 1991).  There can be no dispute but that Wagner is an "officer or manager or general agent" on behalf of Hypertouch.

Hypertouch continues to suggest that California is the only location for proper service of process.  Hypertouch contends in part that because it "continues to maintain its server in California" that by inference the service at the home of its sole executive in Massachusetts is defective.  The location of Hypertouch's server is not, and has never been, the basis for service of process.

Hypertouch has also remained amazingly mute regarding the abandonment of its former address for its resident agent in California.  Hypertouch's representation that it "has an agent for service in California, as shown by the records of the California Secretary of State" is completely unsupported by affidavit or other record evidence.  Hypertouch has been properly served in Massachusetts.

Wagner and Hypertouch's positions are unsupported and are a far cry from the presentation of "strong and convincing evidence" necessary to prevail on their motion.  Accordingly, Defendants' Motion is DENIED.  Wagner and Hypertouch are ordered to file an Answer within ten (10) days of the date of this Order.

Despite the informal nature of this letter, it is nonetheless an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Charles B. Day
United States Magistrate Judge