**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
**SOUTHERN DIVISION**

BEYOND SYSTEMS, INC.          )
                              )
    Plaintiff             )
    v.                    )          Case No. PJM 08 cv 0921
                              )
WAUSA USA, LLC, et al.        )
    Defendants             )
_____ )

**DEFENDANTS WORLD AVENUE USA, LLC'S AND WORLD AVENUE HOLDINGS,
LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR
DETERMINATION OF TIMELINESS AND SUFFICIENCY OF INITIAL RULE 26(a)(2)
EXPERT DESIGNATIONS, AND/OR FOR EXTENSION OF TIME AND CROSS-
MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES**

Defendants WORLD AVENUE USA, LLC ("WAUSA") and WORLD AVENUE

HOLDINGS, LLC ("Holdings"), hereby submit their Memorandum of Law in Opposition to

Plaintiff BEYOND SYSTEMS, INC.'s ("BSI") Motion for Determination of Timeliness and

Sufficiency of Initial Rule 26(a)(2) Expert Designations, And/or For Extension of Time.

WAUSA and Holdings also request the Court to deny BSI's alternative request for extension of

BSI's Rule 26(a)(2) expert deadlines in the Scheduling Order as being untimely and for failing to

show good cause and excusable neglect.  WAUSA and Holdings also hereby move to preclude

BSI from providing expert testimony because BSI failed to timely disclose its any experts until

almost eight weeks after it was required to do so under Fed. R. Civ. P. 26(a)(2), Local Rule

104(10), and this Court's Scheduling Order entered at DE 128, which has prejudiced WAUSA

and Holdings in their defense of this case.

**I.  INTRODUCTION**

This case was filed by BSI over two (2) years ago on April 11, 2010.  To bring the case to

trial, the Court entered a Scheduling Order that, as modified, set March 1, 2010, as the deadline

for BSI to disclose its expert witnesses and provide the Expert Reports required by Rule 26(c)(2). BSI failed to disclose experts or ask to extend any deadline in the Scheduling Order.  After the March 1st deadline came and went with no expert disclosure, WAUSA and Holdings timely complied with their obligations by disclosing on April 1st a 228-page single-spaced Expert Report from their Expert Witness, Dr. Neal Krawetz.

Apparently realizing that it had violated Rule 26(a)(2), BSI attempted to confirm an after-the-fact agreement that all deadlines in the case had been somehow stayed -- which was rejected. After its initial attempt to confirm an after-the-fact stay of the case was unsuccessful, BSI made an abrupt about-face, and contended that it had *already made* its Rule 26(a)(2) disclosures.  BSI pointed to two documents filed nearly two (2) years ago on May 12, 2008 in support of its Motion for Expedited Discovery and a collection of Affidavits of Paul Wagner as its Rule 26(a)(2) disclosures.  The Fourth Circuit has already soundly rejected a strikingly similar attempt to pass-off a Report filed with a complaint a year earlier as an effective Rule 26(a)(2) disclosure. *Carr v. Deeds*, 453 F.3d 593, 604 (4th Cir. 2006).

BSI's Motion fails to demonstrate that its untimely disclosure of its experts is substantially justified and harmless under Fed. R. Civ. P. 37(c).  BSI's current violation of the Scheduling Order is part of a systematic disregard of the Federal and Local Rules, as well as of the Court's Orders.  However, BSI is not a novice in the litigation process and therefore the Court should infer from the facts that these *seriatim* violation of the deadlines are intentional. This time, the Court should deny BSI's Motion and preclude it from offering late-noticed expert testimony at trial.

## II.  FACTUAL BACKGROUND

### A.  The Court's Scheduling Order.

This Court's Scheduling Order originally required Plaintiff's Rule 26(a)(2) disclosures to be made on June 29, 2009, and provided that changes to the dates could only be made on a showing of "good cause."  DE 58.  On May 5, 2009, the parties *jointly* requested, and the Court later granted, an extension of the Plaintiff's Rule 26 expert disclosure deadline until August 25, 2009, thereby implicitly representing to the Court that such disclosure had not yet occurred.  *See* DE 64-65.  On November 13, 2009, the Court granted a *joint* motion extending the Plaintiff's Rule 26 expert disclosure deadline until March 1, 2010, again implicitly representing to the Court that such disclosure had not yet occurred.  *See* DE 127-128.  The discovery cutoff was set for June 21, 2010 after Defendant had the opportunity to submit its Rule 26 expert disclosures, and Plaintiff had the opportunity to submit its Rule 26 rebuttal disclosures.  *See* DE 127-128.

### B.  BSI's First Attempt to Re-Write History.

BSI has incorrectly represented to the Court:  "Both sides have confirmed that if the motion is granted they expect a new scheduling order."  Motion, DE 214, p. 1.  This representation is directly contrary to the facts.  BSI failed to disclose any expert for trial and failed to timely move for extension of any deadline to disclose experts.  WAUSA and Holdings timely served their Rule 26 Disclosure and Report on April 1, in accordance with the Scheduling Order.  Within hours of the disclosure, BSI attempted to confirm that, due to a pending motion, "all prior deadlines should be considered suspended."  *See* Exhibit A.  WAUSA responded that none of the deadlines "in the Scheduling Order have been stayed."  *See* Exhibit A.  WAUSA further advised:

> If you would like to propose modifying any still-pending deadlines please prepare
> a proposed scheduling order and motion and provide it for our review.  However,

*for the avoidance of doubt, please note that we oppose extending any deadline*
*that has already expired at this time.*

*See* Exhibit A (emphasis added).  Thus, BSI's representation to the Court is incorrect  -- to say

the least.

### C.  <u>BSI's Second Attempt to Re-Write History</u>.

After its attempt to craft an after-the-fact "stay" that would obviate its need to serve its

Rule 26 disclosures failed, BSI then resorted to claiming that -- despite its having twice jointly

moved to extend the time for disclosure of experts to March 1, 2010 (DE 64-65, 127-128) -- it

had *already disclosed* its experts almost two (2) years earlier in May 2008.  BSI points to a "First

Report of Dr. John R. Levine" and an Initial Report of Paul A. Wagner dated May 12, 2008 that

were filed as Exhibits to BSI's Motion to Expedite Discovery.  *See* DE 3-3, 3-5.  Neither

document is or purports to be a Rule 26(a)(2) disclosure or report.  Indeed, the documents are

strictly confined to supporting a motion to take expedited discovery.  *See* DE 3-3 ("I was asked

by Stephen H. Ring, counsel for the plaintiff in the above-captioned case, to provide this report

on Internet marketing, including the use of bulk e-mail and affiliate-based marketing systems,

and the kinds of records and data normally generated by these activities").

BSI also points to various Declarations and Affidavits of Paul A. Wagner filed in support

of various motions.  Again, none of these are or purport to be a Rule 26 Disclosure or Report.

*See* DE 34-15 ("Affidavit of Paul A. Wagner Regarding Count of Emails Containing Certain

Business Names and Domain Names"); DE 159-3 ("Affidavit of Paul A. Wagner Regarding

Count of Emails Containing Certain Business Names and Domain Names"); DE 126 ("Affidavit

of Paul A. Wagner Regarding Confidentiality of the E-Mails At Issue"); DE 158 ("Affidavit of

Paul A. Wagner Regarding Domain Name Registration and DNS Service"); DE 177-3

("Affidavit of Paul A. Wagner Regarding Count of Emails Containing Certain Business Names and Domain Names").[1]

## III.  SUMMARY OF ARGUMENT

BSI failed to serve its Rule 26(a)(2) Expert Disclosures or Reports within the time set in the Scheduling Order, and its undue delay has prejudiced WAUSA and Holdings.  Moreover, because BSI has -- and has not even attempted -- to show that its non-compliance was substantially justified or harmless under Rule 37, BSI should be precluded from presenting any expert testimony at trial.  BSI's expert, Paul Wagner, was also required to -- but did not -- serve a Rule 26(a)(2)(B) Report because he is a specially retained expert that BSI attempts to pass-off as a hybrid fact-expert witness.  BSI's untimely alternative request for an extension of the expert witness deadline should be denied because it has shown neither "good cause" under Rule 16, or "excusable neglect" under Rule 6.

## IV.  ARGUMENT

### A.  The Documents Referenced By BSI Are Not, And Never Were Intended To Be, Rule 26(a)(2) Disclosures.

Rule 26(a)(2)(A) requires disclosure of the "identity of any witness [a party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Rule 26(a)(2)(B)

---

[1] BSI's subsequent actions put the lie to its claim that it disclosed and intended to disclose its experts in May of 2008.  On the evening of May 3, 2010, BSI served a collection of reports from other cases and an new, abridged report under the style of this case from Mr. Levine and one Pete Resnick -- an individual who was not disclosed in May of 2008 or at any time prior to May 3, 2010.  BSI offers no excuse for its failure to timely disclose Mr. Resnick in the first place or its failure to timely disclose the new, abridged reports from Mr. Resnick and Mr. Levine.  BSI offers no excuse that Messrs. Resnick's and Levine's report refer to their conclusions as developing in nature.  BSI offers no excuse that Mr. Resnick himself admits that he is only "recently retained."  Certainly, if BSI is asking this Honorable Court for a declaration that BSI disclosed its experts in May of 2008, BSI has now answered that question in the *negative* -- by disclosing new opinions from at least one new individual and disclosing new opinions far outside the scope of the May 2008 reports.

requires a "written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  Local Rule 104(10) narrows the written report requirement to only as to experts retained or specially employed by a party to provide expert testimony," and does not require the report for "hybrid fact/expert witnesses such as treating physicians."  *See* § IV.C, *infra*.  The Rule 26(a)(2)(B) written report must contain:

> (i) a *complete* statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Rule 26(a)(2)(B), Fed. R. Civ. P. (emphasis added).

The filings noted by BSI (DE 3-3, 3-5, 35-15, 126, 159-3, 168, and 177-3) fail to meet any of these standards and are directed toward other discrete issues before the Court (*e.g.*, expedited discovery, confidentiality, discovery of DNS records, scope of discovery of domain names and trade names), as opposed to the merits of the case.  *Cf. Cambridge Capital Group. v. Pill*, Case No. 00-2244, 20 Fed. Appx. 121, 124, 2001 WL 733202, at *1, *2 (4th Cir. 2001) (unpublished) ("The district court concluded that the reports did not meet the requirements of Rule 26(a)(2)(B) because they were so vague that they did not permit Appellees to prepare a proper defense").

For this reason, the Fourth Circuit rejected a strikingly similar argument by a plaintiff who claimed that a physician's report filed with a complaint a year earlier was effectively a Rule 26(a) disclosure.  *Carr v. Deeds*, 453 F.3d 593, 601-04 (4th Cir. 2006) ("Every litigant in federal court is plainly entitled under Rule 26(a)(2)(B) to be given the information spelled out therein,

and none shoulder the burden to independently investigate and ferret out that information as best they can and at the expense of their client"). In that same opinion, the Fourth Circuit squarely rejected the plaintiff's argument that its Rule 26(a)(2) disclosure was excused by alleged non-compliance by the defendants -- an argument echoed by BSI in its Motion. Motion, pp. 1-2; *Carr*, 453 F.3d at 604 ("…litigants are not excused from their obligations under the rules of procedure merely because an opponent has failed to comply with his obligations"); *accord*, *Kimpel v. Bd. of Co. Commr's*, Case No. CCB-06-0097, 2009 WL 890092, at *1, *1 n. 3 (D. Md. 2009) (excluding experts where identities of experts were known for a long period of time by party charged with disclosure).

### B.  BSI's Violation of Rule 26(a)(2) Is Not Substantially Justified Or Harmless.

#### 1.      Legal Standard

Pursuant to Fed. R. Civ. P.  37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," and "may order payment of the reasonable expenses, including attorney's fees, caused by the failure" and "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." The sanctions listed in the Rule 37(b)(2)(A) include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).

Exclusion under Fed. R. Civ. P. 37(c)(1) is an "automatic sanction" and "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 n.

2 (4th Cir. 2003). Thus, exclusion pursuant to Rule 37(c)(1) "does not require a finding of bad faith or callous disregard of the discovery rules." *Southern States*, 318 F.3d at 596. To overcome the "automatic sanction," the non-disclosing party must demonstrate that its nondisclosure of evidence is "substantially justified" or "harmless." Fed. R. Civ. P. 37(c). The burden to show the violation was "substantially justified" or "harmless" rests squarely upon BSI. *Carr*, 453 F.3d at 602.

In determining whether the violation is "substantially justified" or "harmless", the district court must look to the following factors: (1) "the surprise to the party against whom the witness was to have testified;" (2) "the ability of the party to cure that surprise;" (3) "the extent to which allowing the testimony would disrupt the trial;" (4) "the explanation for the party's failure to name the witness before trial;" and (5) "the importance of the testimony." *Southern States*, 318 F.3d at 597.

Further, pursuant to Fed. R. Civ. P. 16(f)(1)(c), the sanctions authorized by Fed. R. Civ. P. 37 are appropriate if a party or its attorney "fails to obey a scheduling or pretrial order." *Nourison Rug Corp. v. Abdi Parvizian*, No. 07-1973, 2008 U.S. App. Lexis 17820 at *1, *9 (4th Cir. July 28, 2008)). Thus, "[b]ecause a court's scheduling order is not a frivolous piece of paper a movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." *Rassoull v. Maximus, Inc.,* 209 F.R.D. 372, 374 (D. Md. 2002) (quotation and citation omitted).

## 2. Plaintiff's Rule 26(a)(2) Violation is Not Substantially Justified or Harmless.

### i. BSI Has Failed to Meet Its Burden.

BSI does not even cite to Rule 37(c)(1) and makes no effort to address even a single one of the five-factor test that governs whether its Rule 26(a)(2) violation is substantially justified or

harmless.   Since it is BSI's burden to show its conduct was "substantially justified" or "harmless", and neither the Court nor WAUSA/Holdings need to make excuses for it, BSI's failure to address any one of these factors is alone reason to exclude the expert testimony.  *Cf. Main Street America Group v. Sears, Roebuck & Co.*, Case No. JFM-08-3292, 2010 WL 956178, at *1, *2 (D. Md. March 11, 2010) (excluding new expert opinions) (*citing Perkins v. U.S.*, 626 F. Supp.2d 587, 591-92 (E.D. Va. 2009) ("excluding expert testimony where proponent failed to address the third and fourth factors of the five-factor test and did not offer a justifiable explanation for the disclosure")).   For this reason alone, the Motion should be denied and the Cross-Motion should be granted.

There is no question that BSI's Rule 26(a)(2) violation is not substantially justified or harmless under Federal Rule 37(c)(1).   Paul Wagner is BSI's sole employee, and its President and is no stranger to the legal system through the dozens of previously filed lawsuits that are posted on BSI's website.   Indeed, it appears that in litigation styled *Beyond Systems, Inc. v. Kraft Foods, Inc.*, Case No. 8:08-CV-00409-PJM, District of Maryland ("Kraft"), BSI also failed to disclose Wagner as an expert until well after the Rule 26(a)(2) deadline had expired.  *See* 8/25/09 Motion to Preclude Expert Testimony from Paul Wagner.[2]  Thus, BSI was on heightened notice of the Rule 26(a)(2) deadline, but ignored it until a few weeks before the close of discovery.   BSI has no excuse for failing to have designated him by no later than the Court imposed deadline -- much less almost eight weeks thereafter. Thus, BSI cannot show that its untimely disclosure was substantially justified.

---

[2] As the Court is aware BSI also failed to timely disclose its expert in the Kraft litigation, but Defendants there agreed to withdraw their motion in exchange of an additional deposition of Paul Wagner.  *See* DE 224.

Similarly, John Levine's so-called report is not an expert report, but rather observations and opinions that are generic in nature. The same statement included in the so-called report were made in the declaration of John Levine attached to BSI's Motion for Expedited Discovery in the Kraft matter. *See* DE 8-4 in Kraft. Simply burying this statement in the case pleadings does not meet the standard for disclosure under Rule 26(a)(2).

The Fourth Circuit has emphasized the importance of Rule 37(c)(1) and has held that "[a] party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278 (4th Cir. 2005). For these very reasons, BSI's untimely disclosure is not harmless, and BSI should be barred from introducing expert opinion evidence from Mr. Wagner.

ii.    <b>Surprise and Ability to Cure</b>.

WAUSA has been surprised and prejudiced by the testimony of Messrs. Wagner and Levine. Indeed, BSI's purported Rule 26(a)(2) disclosures of Messrs. Wagner and Levine in May of 2008 was such a closely-guarded secret that BSI *itself* twice jointly stipulated to extend its Rule 26(a)(2) deadline -- a move that would have been wholly unnecessary had it actually believed that it had already designated its experts. As to Mr. Wagner, WAUSA and Holdings do not  know whether the opinions Paul Wagner will testify about are within the scope of Rule 26 because BSI did not disclose them (other than by a fleeting reference to a pile of his affidavits). Attempting to determine the exact scope of the opinions will constitute an undue burden  for WAUSA and Holdings, especially just weeks before the discovery cut-off. Similarly, the Motion discloses that Mr. Levine will testify as to other opinions, but does not disclose what such opinions are. Given that the discovery cutoff is just six weeks away, it would impose an undue

burden on WAUSA and Holdings to ferret out each of Mr. Levine's opinions, depose him, and develop a responsive report. Further, if the Court accepts Mr. Wagner's position that he is a hybrid fact/expert witness (*see* § IV.C, *infra*.), WAUSA and Holdings are entitled to discover his opinions through interrogatories and document requests. The limited remaining time, together with the difficulty in obtaining straight answers from Mr. Wagner in prior discovery, render this alternative completely untenable.

Plaintiff's untimely disclosure of its experts prejudices WAUSA's right to defend itself. Specifically, WAUSA and Holdings' expert had to work on his report without the benefit of any report or disclosure from BSI. Furthermore, BSI got a free look at WAUSA and Holdings' expert's report and has garnered a competitive advantage not intended by the Federal Rules. WAUSA and Holdings are even more prejudiced in that BSI intends to now supplement its so-called expert testimonies after it had a free look at Defendants' expert's report.

With six weeks to the discovery cutoff, WAUSA should not be forced to undertake discovery concerning Paul Wagner's "opinions" and the bases for them (if any) simply because of BSI's ignorance of the Court's ordered deadlines. *Contech Stormwater Solutions, Inc. v. Baysaver Technologies, Inc.,* 534 F.Supp.2d 616, 625 (D. Md. 2008) (disruptive to reopen discovery and allow the defendants to rely on their late submissions and "precluding party from using information in support of affirmative defenses where the party was "in possession of information well before the close of discovery").

### iii.    Remaining Factors.

Permitting BSI to benefit from its Rule 26(a)(2) violations would most certainly disrupt trial as it would throw discovery into disarray just six weeks before the discovery cutoff. Likewise, its excuses refuted by the facts, the law or both (*see* § II.A-B, *supra*.), BSI offers

absolutely no coherent explanation for its failure to adhere to Rule 26(a)(2).  The testimony is likely to be of extreme importance to the case because of the open-ended nature of the description of the testimony in the Motion.

**B.   Wagner Was Required to Disclose A Rule 26(a)(2)(B) Report**.

BSI dedicates the majority of its Motion to arguing that Mr. Wagner is a hybrid fact/expert witness under Local Rule 104(10) who was not required to file an expert report under Rule 26(a)(2)(B).  Neither Local rule 104(10) nor *Sullivan v. Glock, Inc.*, 175 F.R.D. 497 (D. Md. 1997) hold that a person who merely *claims* that he is a hybrid fact/expert witness is necessarily excused from providing a Rule 26(a)(2)(B) report.  Instead:

> The message of the *Sullivan* case is that merely because a party designates a witness as a hybrid fact/expert witness under Rule 26(a)(2)(A), as opposed to a retained expert under Rule 26(a)(2)(B) does not necessarily make him or her so. The court should analyze the source of the information that forms the basis of the witness' opinion and determine whether the information was obtained in the ordinary course of the witness' responsibilities or was provided by litigation counsel in order for the witness to form an opinion for the case.
> . . . .
> Accordingly, the court will review the source of the facts relied upon and the scope of the opinions offered by TransCanada's hybrid fact/expert witnesses to determine if they are truly hybrid fact/expert witnesses, or are really retained expert wolves hiding in hybrid fact/expert sheep's clothing.

*In re: USGEN New England, Inc.*, Case No. 03-30465, 2007 WL 2363353, at *1, *11 (Bankr. D. Md. 2007).  "[A] witness can be a hybrid witness as to certain opinions, but a retained expert as to others."  *Sullivan v. Glock*, 175 F.R.D. 497, 500 (D. Md. 1997).  BSI bears the burden to show that Mr. Wagner qualifies for an exception to the requirement of a written report pursuant to Local Rule 104(10) and Rule 26(a)(2)(B).  *Desrosiers v. Giddings & Lewis Machine Tools, LLC*, Case No. WDQ-07-2253, 2009 WL 4406149, at *1, *2 (D. Md. 2009) ("A party cannot stand on conclusory assertions but, as in any discovery dispute, must support its position with facts and legal authorities").

In evaluating whether a witness is truly a hybrid fact/expert witness, Maryland district courts have looked to: (1) whether the expert is being compensated by the employer for the testimony; (2) whether there is a close nexus between the witness and his employer, such that "it could be found that there is no meaningful distinction between the employer and the defendants here"; (3) whether the expert is "interested" in the outcome; (4) whether the information on which the expert is testifying is derived from the litigation; (5) whether the witness has "reviewed information solely in preparation for litigation." *Desrosiers*, 2009 WL 4406149, at *5; *National Railroad Passenger Corp. v. Railway Express, LLC*, Case No. WDQ-08-1501, 2010 WL 724016, at *1, *3-*5 (D. Md. Feb. 24, 2010) (adopting majority view that "whenever an employee of a party gives expert testimony, even if outside the normal scope of his or her employment, the producing party must provide an expert report"). In short, "where a witness's testimony is not based on his personal observation gained in the ordinary course, but rather on information supplied to him related to the litigation, the hybrid witness exception will not shield him from the reporting requirement." *Desrosiers*, 2009 WL 4406149, at *5.

Applying these factors, it is clear that Mr. Wagner is not the type of hybrid/fact expert witness who is excused from presenting an expert report under Local Rule 104(10) and Rule 26(a)(2)(B). The telltale sign is BSI's continued insistence that "discovery is grossly incomplete" and more discovery is needed for Mr. Wagner to complete his opinions. BSI further claims that "the issues on which Mr. Wagner is expected to render statements of findings and conclusions will be as stated in his Declarations and Affidavits at DE 3-5, 34-15, 77-2, 126, 159-3, 168, and 177-3, *supplemented by his review of additional information obtained in discovery which is ongoing*." Even a cursory review of the filings cited by BSI reveals that these reports do not relate to the ordinary business operations of BSI, but instead relate to Mr. Wagner's

opinions on domain names, DNS services, and other topics relating to WAUSA.  BSI's statement itself admits that the source of its information will be "additional information obtained in discovery" by BSI's attorneys -- not information that is developed by Mr. Wagner in the ordinary course of his job responsibilities.  If Mr. Wagner's report was simply -- like the treating physician -- observations on facts observed in the ordinary course of BSI's business, then he would have no reason to scour discovery produced to him by his attorneys in the case.  Here, it is clear that (1) the source of materials on which Mr. Wagner will opine are generated in the discovery in the litigation; and (2) the opinions are not simply observations in the ordinary course of his business, but opinions that are specifically generated for purposes of this litigation.

Likewise, BSI cannot seriously contest that the remaining factors considered by Maryland courts are not present here (*e.g.*, compensation to Mr. Wagner, close ties to BSI as its sole shareholder, virtual identity of interest, interest in the outcome, etc).  Given that it is the burden of BSI to qualify for the exemption to the expert report requirement, and BSI has offered vague conclusions, and not facts relating to Mr. Wagner's testimony, BSI should be precluded from offering Mr. Wagner's testimony at trial because it failed to disclose a timely (or any) Rule 26(a)(2)(B) report from Mr. Wagner.

### C. BSI's Alternative Motion to Extension of Time to Disclose Its Experts Should be Denied as Being Untimely and for Failing to Demonstrate Excusable Neglect

This Court's Scheduling Order requires a showing of "good cause" to extend a scheduling deadline.  *Accord*, Rule 16(b)(4) ("A schedule may be modified only for *good cause* and with the judge's consent") (emphasis added).  BSI has not even cited to Rule 16 -- let alone attempted to make a showing of "good cause" under Rule 16 and the Scheduling Order.  Its failure to do so alone requires denial of its Motion.

BSI also seeks to modify a date in the Scheduling Order long after the expiration of the deadline under Rule 26(a)(2).  BSI's after-the-fact attempt to modify the Scheduling Order not only implicates Rule 16's "good cause" requirement, but also brings into play Rule 6(b)(1)(B), which governs when a court can extend a time limit by motion made long after the time limit expires.

Pursuant to Fed. R. Civ. P. 6 (b)(1)(B) "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of *excusable neglect*." (emphasis added).   Thus, after time has run to respond, a court may permit a response "where the failure to act was the result of excusable neglect."  *McLaughlin v. City of LaGrande*, 662 F.2d 1385, 1387 (11th Cir. 1981).

Excusable neglect under Fed. R. Civ. P. 6(b)(2) requires "a demonstration of good faith by the parties seeking the enlargement … [and] a reasonable basis for not complying within the specified period."  *In re Four Season Securities Law Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974).   Establishing excusable neglect is not easily demonstrated, nor was it intended to be. *Thomson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996).   The Supreme Court interpreted the phrase "excusable neglect" in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Part.*, 507 U.S. 380 (1993). Therein the Court said that the factors to consider include: "(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."  *Id*. at 295.   Although the rule at issue in the case before the Supreme Court was Bankruptcy Rule 9006(b)(1), the Fourth Circuit has said that the approach used by the Court in

*Pioneer* has "general application to the consideration of excusable neglect." *Skinner v. First Union Nat'l Banc*, No. 98-1627, 1999 WL 261944, at *2 (4th Cir. May 3, 1999). The most important factor is the third - the reason for the delay. *Thomson,* 76 F.3d at 534; *Colony Apartments v. Abacus Project Management, Inc.*, 197 Fed.Appx. 217, No. 05-2109, 2006 WL 2062875, at *6 (4th Cir. July 25, 2006) (finding that appellant could not demonstrate excusable neglect because it could not establish sufficient reason for delay). Lack of an acceptable explanation for failure to act earlier warrants denial of Fed. R. Civ. P. 6(b) relief. *See Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988) (court properly denied extension to object to magistrate judge's findings and recommendations given counsel's absence and attention to other motions and proceedings);  see also *Johnson v. Rinaldi,* No. 99cv170, 2000 WL 1229726, at *1 (M.D.N.C. July 21, 2000) (holding that plaintiff's busy schedule and inadvertence in missing the deadline does not constitute excusable neglect).  "[I]nadvertence, ignorance of the rules, or mistakes concerning construing the rules do not usually constitute 'excusable neglect.'" *Pioneer Investment Services Co.*, 507 U.S. at 391.

BSI fails to prove -- let alone address -- that its failure to seek an earlier extension of the court deadline constitutes an excusable neglect.  *See* Fed. R. Civ. P. 6 (b)(1)(B).  Nor can it meet the standard because BSI chose to completely ignore the Federal and Local Rules as well as the deadlines set forth in the Scheduling Order.  BSI attempts to reverse the order set forth for the participants in the legal process under Rule 26(a)(2) and egregiously defies the Court's authority.  This practice has to come to an end.

### D.  WAUSA And Holdings Should Be Awarded Fees And Costs.

Pursuant to Federal Rule 16(f)(2) "the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any

noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).   Similarly, Federal Rule 37(c)(1)(A) states that the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure." And, the Court has the inherent power to sanction parties who abuse the judicial process. *Davis v. Target Stores Div. Of Dayton Hudson Corp.*, 87 F.Supp.2d 492, 494 (D. Md. 2000). In light of BSI's continuous defiance of Court orders and rules to the detriment of WAUSA and Holdings, BSI should be ordered to pay WAUSA and Holdings their reasonable costs associated with litigating this motion in addition to the other relief they seek herein.  *Keithley v. Homestore.com, Inc.*, No. C-03-04447 SI (EDL), 2009 WL 55953, *10 (N.D. Cal. Jan. 7, 2009) (awarding fees and costs relating to witness fees, subpoenaing, preparing for, and retaking depositions incurred as a result of examining and trying to make use of late produced documents).

**WHEREFORE**, Defendants World Avenue USA, LLC and World Avenue Holdings, LLC respectfully request that the Court enter an Order denying Plaintiff's Motion for Determination of Timeliness and Sufficiency of Initial Rule 26(a)(2) Expert Designations, And/Or For Extension of Time and precluding Plaintiff from presenting any expert testimony at trial, and for an award of attorneys' fees and costs incurred pursuant to Rules 16 and 37.

Dated:  May 4, 2010

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP


_____/s/  John L. McManus_____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

        --and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477