**IN THE U.S. DISTRICT COURT FOR MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC** | * | |
| **successor by merger to NIUTECH, LLC.,** | * | |
| **DBA The Useful,  et al.** | * | |
| | * | |
| **Defendants** | * | |

| | | |
|---|---|---|
| **WORLD AVENUE USA, LLC** | * | |
| | * | |
| **Third Party Plaintiff** | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **JAMES JOSEPH WAGNER and** | * | |
| **HYPERTOUCH, INC.** | * | |
| | * | |
| **Third Party Defendants** | * | |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF THIRD-PARTY DEFENDANTS HYPERTOUCH, INC. AND JAMES JOSEPH WAGNER

COMES NOW, Third Party Defendants HYPERTOUCH, INC. ("Hypertouch") and  JAMES JOSEPH WAGNER ("Wagner"), by and through undersigned counsel, and hereby files the following Answer, Affirmative Defenses, and Counterclaims to the Third Party Complaint filed by Third Party Plaintiff WORLD AVENUE USA, LLC ("WAUSA"),  and on Third Party Defendants' behalf states as follows :

1

**PARTIES[1]**

1.      Third-Party Defendants are without sufficient information to either admit or deny the allegations contained in the paragraph, but believes the information contained therein to be correct, and therefore deemed admitted.

2.      Third-Party Defendant Hypertouch, Inc. is incorporated in the State of California, with its principal place of business located in San Mateo County.

3.      Third-Party Defendant James Joseph Wagner is the president of Hypertouch, Inc.  The remainder of the allegations in the paragraph are denied.

4.      Admitted.

**JURISDICTION AND VENUE**

5.      WAUSA's allegations regarding subjection matter jurisdiction constitute legal conclusions and require no response.

6.      WAUSA's allegations regarding personal jurisdiction constitute legal conclusions and require no response.  To the extent that a response is necessary, the allegations are denied.

7.      WAUSA's allegations regarding personal jurisdiction constitute legal conclusions and require no response.  To the extent that a response is necessary, the allegations are denied.

---

[1] For the sake of convenience, WAUSA's section headings are repeated in Third Party Defendants' answer.  To the extent that these headings are considered substantive allegations, they are hereby denied.

2

8.     WAUSA's allegations regarding venue constitute legal conclusions and require no response.  To the extent that a response is necessary, the allegations are denied.

## GENERAL ALLEGATIONS

9.     Beyond Systems, Inc. ("BSI") is a Maryland Internet Services Provider based in Maryland and run by Paul Wagner, the president and founder of BSI.  The remainder of the allegations in the paragraph are denied.

10.    Denied.

11.    Defendants admit that since 2004, BSI operated mail servers located in Maryland and elsewhere.  BSI's servers are configured to receive, relay and/or store all of the e-mails that BSI receives. To the extent the allegations in this Paragraph are inconsistent with the prior sentence, those allegations are denied. The remainder of the allegations in the paragraph are denied.

12.    Hypertouch, Inc. is a California Internet Services Provider founded by Wagner.  The remainder of the allegations in the paragraph are denied.

13.    Denied.

14.    Defendants admit that since 2004, Hypertouch operated mail servers located in California.  Hypertouch's servers are configured to receive, relay and/or store through an automatic technical process all of the e-mails that Hypertouch receives.  The remainder of the allegations in the paragraph are denied.

15.    Defendants' admit that Hypertouch is a California Internet Services Provider that provides a number of interactive computer services to its client BSI.

3

Defendants are without sufficient information to either admit or deny the remainder of
the allegations contained in the paragraph, and such allegations are therefore deemed
denied.

16.     Defendants' admit that Hypertouch is a California Internet Services
Provider.  Defendants are without sufficient information to either admit or deny the
remainder of the allegations contained in the paragraph, and such allegations are
therefore deemed denied.

17.     Defendants admit that BSI filed a complaint against WAUSA in the
United States District Court for the District of Maryland on April 11, 2008.  To the extent
that the second sentence of this Paragraph purports to summarize the content of the
original Complaint, First Amended Complaint or Second Amended Complaint in Beyond
Systems, Inc. v. World Avenue, LLC, et al., Third-Party Defendants refer to those
documents for the complete contents thereof, and any allegations inconsistent with the
Complaint(s) are denied.

18.     Plaintiff has created two indivisible entities (Paul Wagner/BSI and
Wagner/Hypertouch) out of two distinct people and two distinct companies.   As a result,
the paragraph contains allegations without sufficient specificity to either be admitted or
denied and such allegations are therefore deemed denied. To the extent a response is
required, Third-Party Defendants deny that any emails at issue in the underlying case are
characterized as "Hypertouch Emails."

19.     To the extent the allegations in this Paragraph are a restatement of the
printed material in Exhibit 3, the document speaks for itself.  Further answering,

4

Defendants admit that Hypertouch is the owner of hasit.com, registered via a registrar dba Joker.com. The remainder of the allegations in the paragraph are denied.

20.     To the extent the allegations in this Paragraph are a restatement of the printed material in Exhibits F and G, the documents speak for themselves.   Further answering, Defendants admit that Hypertouch's mail servers handle email through an automatic technical process;  admit that the domains reasonabledoubt.com and hasit.com share the same registrar;  and admit that Lisa Wagner is "aka Lisa FitzGerald Wagner." The remainder of the allegations in the paragraph are denied.

21.     Denied.

### COUNT 1
**(Indemnification against Hypertouch and James Joseph Wagner)**

22.     No response required.  Defendants incorporate their objections from paragraphs 1 through 21 below.

23.     The allegations in this paragraph constitute a legal conclusion and therefore no response is required.  To the extent that a response is required, the allegations in the paragraph are denied.

24.     The allegations in this paragraph constitute a legal conclusion and therefore no response is required.  To the extent that a response is required, the allegations in the paragraph are denied.

25.     The allegations in this paragraph constitute a legal conclusion and therefore no response is required.  To the extent that a response is required, the allegations in the paragraph are denied.

26.     The allegations in this paragraph constitute a legal conclusion and therefore no response is required.  To the extent that a response is required, the allegations in the paragraph are denied.

## COUNT II
### (Contribution against Hypertouch and James Joseph Wagner under the Maryland Uniform Contribution Among Joint Tort-Feasors Act)

27.     No response required.  Defendants incorporate their objections from paragraphs 1 through 26 below.

28.     The allegations in this paragraph constitute a legal conclusion and therefore no response is required.  To the extent that a response is required, the allegations in the paragraph are denied.

29.     The allegations in this paragraph constitute a legal conclusion and therefore no response is required.  To the extent that a response is required, the allegations in the paragraph are denied.

30.     The allegations in this paragraph constitute a legal conclusion and therefore no response is required.  To the extent that a response is required, the allegations in the paragraph are denied. Third-Party Defendants admit that World Avenue and its business relations had an obligation to refrain from sending emails that violate Section 668.60 et seq., Florida Statutes and Maryland Commercial Law Code § 14-3002.

31.     The allegations in this paragraph constitute a legal conclusion and therefore no response is required.  To the extent that a response is required, the allegations in the paragraph are denied.

6

32.    The allegations in this paragraph constitute a legal conclusion and therefore no response is required.  To the extent that a response is required, the allegations in the paragraph are denied.

33.    The allegations in this paragraph constitute a legal conclusion and therefore no response is required.  To the extent that a response is required, the allegations in the paragraph are denied.

The Third-Party Defendants deny each and every allegation not heretofore controverted and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    This Court does not have personal jurisdiction over either Third-Party Defendant.

2.    The Third-Party Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

3.    Third-Party Plaintiff's claims are barred in whole or in part by Third-Party Plaintiff's own fault and the doctrines of unclean hands and bad faith.

4.    Third-Party Plaintiff is estopped from maintaining its claims. Equitable estoppel precludes the present third-party complaint because of their voluntary action, silence and concealment of material facts.

5.    Third-Party Defendants are immune from suit pursuant to the Communications Decency Act, 47 U.S.C. § 230 *et seq*., as well as applicable Maryland and Florida analogues.

7

6.     The Third-Party Complaint fails to state a claim upon which relief can be granted and Third-Party Plaintiffs may not recover any damages from Third-Party Defendants because the Third-Party Defendants are interactive computer service providers. *See* Maryland Commercial Law Code § 14-3002(a).

7.     Third-Party Complaint fails to state a claim upon which relief can be granted because Third-Party Defendant Hypertouch is an electronic mail service provider.

8.     Third-Party Plaintiff's indemnity claim fails to state a claim upon which relief can be granted because the Second Amended Complaint in *Beyond Systems, Inc. v. World Avenue USA, LLC., et al.*, alleges that Third-Party Plaintiff is an active tortfeasor.

9.     Third-Party Plaintiff's indemnity claim fails to state a claim upon which relief can be granted because there existed no legal relationship between Third-Party Plaintiff and Third-Party Defendants.

10.    Any unlawful representations contained in the Emails at Issue were not made by Third-Party Defendants.

11.    Third-Party Defendants cannot be held liable for the unilateral acts or omissions of independent third parties.

12.    Third-Party Defendants did not send or cause to be sent any of the "Hypertouch Emails.".

13.    Any injury sustained by Third-Party Plaintiff was caused by its own agents or those acting with its legal authority.

14.    The Third-Party Plaintiffs have failed to mitigate their damages, if any.

8

15.     Third-Party Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which it may become aware through discovery, other investigation or at trial.

16.     Any unlawful representations contained in the emails were not made by Third-Party Defendants.

18.     The Third-Party Complaint fails to state a claim upon which relief can be granted and Third-Party Plaintiffs may not recover any damages from Third-Party Defendants because the Third-Party Defendants are interactive computer service providers. See Florida Statutes § 668.606 (2).

**COUNTERCLAIM**
**(Indemnification against WAUSA )**

1.     Beyond Systems sued Third-Party Plaintiff WAUSA.

2.     WAUSa filed claims against Third-Party Defendants for Contribution and Indemnification, alleging that Third-Party Defendants sent and/or caused to be sent to BSI the Emails at Issue.  WAUSA share a common obligation to refrain from sending emails that violate the Maryland or Florida statutes.

3.     Third-Party Defendants have answered, denying any violation of Maryland Law, Florida Law, any liability to Beyond Systems for violation of these statutes, or any liability to WASA for Indemnity or Contribution.

4.     To the extent that Third-Party Defendants are found liable for any cause of action as to the Emails at Issue, Hypertouch and Wagner are entitled to indemnification from WAUSA under Maryland law, Florida law, and/or such other common law

9

principles as the Court may find applicable.

WHEREFORE, Third-Party Defendants demand judgment against World Avenue USA, LLC for:

(a)     The full amount of damages awarded against Third-Party Defendants, including, but not limited to, compensatory, incidental, and consequential damages;

(b)     Pre-judgment interest and post-judgment interest at the statutory rate; and

(c)     Such further relief as the Court deems just and proper.

## JURY DEMAND

Third-Party Defendants demand a jury trial on all issues so triable as a matter of right.  Therefore, having fully answered and set forth their defenses and counterclaim to the Third-Party Complaint, Third-Party Defendants Hypertouch, Inc. and James Joseph Wagner request that the Third-Party Complaint be dismissed, that judgment be entered in favor of Hypertouch, Inc. and James Joseph Wagner on all claims asserted, and that Third-Party Defendants recover their fees and expenses.


Respectfully submitted,


_____/s/_____
Stephen H. Ring, Esq.
MD Bar Id. No. 04731764; USDC, MD: #00405
**Stephen H. Ring, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Telephone: 301-563-9249

10

Facsimile: 301-563-9639
shr@ringlaw.us


_____/s/_____
Michael S. Rothman, Esq.
USDC Md. Bar No. 14568
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610
mike@mikerothman.com

*Attorneys for Third Party Defendants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of May 2010, a copy of the foregoing

was sent by via electronic mail by agreement and was filed electronically and served by

the Court's CM/ECF system and served electronically upon the counsel named below :

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
GREENBERG TRAURIG, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
202-331-3100
202-331-3101

John L McManus, Esq.
Greenberg Traurig PA
401 E Las Olas Blvd Ste 2000
Fort Lauderdale , FL 33301
19547688291
Fax: 19547651477
Email: mcmanusj@gtlaw.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

11

Kenneth A Horky
Greenberg Traurig PA
401 E Las Olas Blvd Ste 2000
Fort Lauderdale , FL 33301
19547688273
Fax: 19547651477
Email: horkyk@gtlaw.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

Nicoleta Burlacu
Greenberg Traurig LLP
2101 L Str NW Ste 1000
Washington , DC 20037

Attorneys for Third Party Plaintiff World Avenue USA, LLC

_____/s/_____
Michael S. Rothman