**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
**SOUTHERN DIVISION**

BEYOND SYSTEMS, INC.            )
                                )
    Plaintiff              )
    v.                     )   Case No.PJM 08 cv 0921
                                )
WORLD AVENUE USA, LLC, et al.   )
    Defendants             )
_____ )

**DEFENDANTS WORLD AVENUE USA, LLC AND WORLD AVENUE HOLDINGS, LLC'S AND NON-PARTY NIUNIU JI'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RE-ISSUE SUMMONS AND EXTEND TIME FOR SERVICE, AND CROSS-MOTION TO DISMISS FOR LACK OF SERVICE OF PROCESS AND FAILURE TO PROSECUTE**

Defendants WORLD AVENUE USA, LLC ("WAUSA") and WORLD AVENUE HOLDINGS, LLC ("Holdings") and Non-Party NIUNIU JI ("Ji"), appearing specially and without waiving any defense,[1] pursuant to Local Rule 105, hereby file their Response in Opposition to Plaintiff's BEYOND SYSTEMS, INC. ("BSI") Motion to Re-Issue Summons for Defendant Ji and to Extend the Time for Service (the "Motion"), and Ji hereby cross-moves to dismiss for lack of service of process pursuant to Federal Rules 4(m) and 6(b) and for failure to prosecute pursuant to Federal Rule 41(b) and in support thereof, state:

    **I.**    **INTRODUCTION.**

This Motion presents a case of first impression that will have substantial impacts throughout this Judicial District, the Fourth Circuit, and the federal court system. The question is

---

[1] Defendant Ji is appearing specially, without submitting to the jurisdiction of this Court, and without waiving existence or sufficiency of service of process, subject matter jurisdiction, personal jurisdiction, venue, or any other defense at law or in equity.

1

whether a plaintiff, having made a single invalid attempt at service by mail, may delay effecting service of process for at least twenty-five (25) months without *any* excuse -- good cause or otherwise.  The median time from civil case filing to trial in this Judicial District is 22 and 26.4 months for the two year period that BSI allowed service of process on Ji to languish in this case.[2]  If the answer to the question is "Yes," then the "just, speedy, and inexpensive" resolution of suits in this District -- evidenced by its median time to trial --  will be forever impaired.  *See* Rule 1, Fed. R. Civ. P. ("[These rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

In its Motion, BSI requests -- without excuse -- that its failure to serve Ji in the last two years be excused for "good cause," and, in the alternative, BSI requests a 21-month extension of time[3] beyond the 120-day deadline for service of process.  BSI does not cite -- and the undersigned has not located -- any case where good cause was found under Rule 4(m) where the plaintiff made one invalid[4] attempt at service of process by mail in 25 months, or where the plaintiff was granted a 21-month extension of time to effect service of process without *any* excuse.  BSI already had its opportunity to provide some authority -- any authority -- supporting its claim to a two-year extension of time, and it presented none.

BSI's Motion misconstrues the "good cause" test under Rule 4(m) by arguing that Ji's

---

[2] *See* http://www.uscourts.gov/cgi-bin/cmsd2009.pl.

[3] From the expiration of the 120-day period on August 9, 2008 to date.

[4] The attempted service was void *ab initio* for the reasons stated in Section III.C.1, *infra*.

alleged personal involvement in the purported unlawful transmission of commercial electronic mail messages to BSI establishes "good cause" or supports an exercise of discretion to allow BSI additional time to serve Ji.[5]  However, Rule 4(m)'s "good cause" standard does not probe the extent of the defendant's involvement in the acts at issue. Rather, "good cause" requires BSI to show it undertook "reasonable diligent efforts" to serve Ji.  In its Motion, BSI does not -- and cannot -- show the Court that it even *once* attempted to serve Ji beyond one invalid mailing, much less that it made "reasonable diligent efforts" to serve Ji.

Indeed, for the two (2) plus years, BSI has failed to personally serve Ji with its Complaint. It is undisputed that BSI has not once *attempted* to validly serve Ji.  *See* § III.C.1, *infra.*, for discussion of invalidity of attempted service.  BSI's failure to serve Ji for this prolonged period is inexcusable given its knowledge that Ji -- at all material times -- has resided in the United States Virgin Islands. *See* D.E. 215, p. 5.  BSI's Motion completely fails to show "good cause" under Rule 4(m) for its failure to serve Ji during the two (2) years of this litigation. Moreover, having failed to file a motion for extension of the 120-day deadline for more than 21 months, Rule 6(b) requires BSI prove "excusable neglect", which it cannot.

At a minimum, Rules 4(m) and 6(b) require the Court to dismiss Ji from this lawsuit without prejudice. However, considering that BSI has been derelict in its responsibility to serve Ji for such an extended period, the Court should exercise its discretion under Rule 41(b) and

---

[5] In the Motion's Conclusion, BSI clearly shows its misunderstanding of the "good cause" standard by asserting "there is good cause to believe that he is responsible for sending or conspiring to send the unsolicited commercial email identified in the Complaint." *See* D.E. 215, p. 22.

3

dismiss Ji from this action with prejudice. The undersigned have not located any federal decision that has granted the extraordinary relief of a twenty-five month extension on these facts and BSI has not cited any such decisions. Thus, this court should not depart from the precedent.

## II.     FACTUAL BACKGROUND.

BSI filed this action more than two years ago on or about April 11, 2008. Pursuant to Rule 4(m), Fed. R. Civ. P., BSI had until August 9, 2008 to perfect service of process on Ji. The Summons to Ji was issued on April 23, 2008. DE 2. After delaying nineteen (19) days, on May 12, 2008, BSI mailed from Maryland a Priority Mail Package marked "Restricted Delivery" to Ji to an address that is obscured (but purports to be a business address in Sunrise, Florida). *See* DE 215, Exhibit D-1, p. 1. On June 4, 2008, BSI received back the package containing the unserved Summons stamped "Unclaimed". *See* DE 215, Exhibit D-1, p. 1.

During the next sixty-six (66) days, BSI did nothing further to serve the summons in its possession on Ji or alert this Court to extend the 120-day deadline under Rule 4(m). The 120-day deadline then expired on August 9, 2008. BSI made no further attempt to serve Ji during the next one-hundred thirty five (135) days. On December 22, 2008, BSI filed an Amended Complaint, again naming Ji. DE 34. However, although motions were filed, hearings were held, orders were issued, and discovery proceeded, BSI did nothing to serve Ji and continued to forego seeking an extension of the 120-day deadline.

On August 9, 2009 -- the one-year anniversary of the expiration of the 120-day deadline, nearly nine months after the filing of its Amended Complaint -- BSI penned a one-line letter to the Clerk of Court asking for a new summons as to Ji. DE 89. BSI did not ask the Court to

4

extend the time for service of process. On August 27, BSI filed another short letter asking for a new summons. DE 100. The record discloses no further efforts by BSI to serve process, to consult with the Clerk of Court, to alert this Court, to file a Motion, to ask for an extension, or to ask to be heard. Instead, for the two-hundred forty two (242) day period from its letter to the date of its Motion, BSI did nothing further to serve Ji or request that the 120-day deadline that had elapsed almost twenty-one (21) months earlier be extended.

BSI now comes before this Court pleading -- six weeks before the discovery cutoff -- that the foregoing facts show good cause such that it should be excused from failing to serve Ji for the preceding twenty-five months, and that it should be given an extension of time of at least 21 months to now to try to serve Ji. BSI neither has alleged Ji has evaded service of process, nor offered facts from which the Court could infer that he had.

### III.    ARGUMENT.

#### A.    Rule 4(m) Required BSI to Serve Ji Within 120 Days of Filing its Complaint.

Federal Rule of Civil Procedure 4(m) sets forth the time period for the plaintiff to effect service of process, and states, in pertinent part, that:

> If a defendant is not served **within 120 days** after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows **good cause** for the failure, the court must extend the time for service for an appropriate period.

(emphasis added).

"In transferring the burden of service to the litigants and imposing on them a 120-day period for service, the amendments also serve to encourage more efficient, speedy and

5

inexpensive litigation, values espoused by Rule 1 [of the Federal Rules of Civil Procedure].” *Mendez v. Elliot*, 45 F. 3d 75 (4th Cir. 1995). "Generally speaking, in determining whether to dismiss the complaint for a violation of Rule 4(m), the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Giacomo-Tano v. Levine*, 199 F. 3d 1327, 1999 WL 976481, at *1 (4th Cir. 1999) (unpublished) (affirming order dismissing complaint without prejudice given "relative inactivity of counsel in attempting to locate the defendants so that they might be served").

In determining good cause, the inquiry is narrow and focused: the "Court must focus first on whether plaintiff can show good cause for not effectuating valid service prior to … the end of the 120-day period." *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 659 (D. Md. 1986). Here, BSI failed to serve Ji not only during the initial 120-day period, but its failure spanned for more than two (2) years. Accordingly, BSI must show "good cause" to warrant an extension of time to effect service of process on Ji.

### B. Fourth Circuit Precedent Requires BSI to Show Good Cause And Excusable Neglect.

#### 1. Good Cause.

In *Mendez*, the Fourth Circuit held that "Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." *Mendez*, 45 F.3d at 79. BSI goes to great pains to argue that it need not show "good cause" -- since none exists -- due to *dicta* in a U.S. Supreme Court case and unpublished Fourth Circuit cases, and other district court decisions. *See* Motion, p. 4.

However, two days after BSI filed its Motion, the Fourth Circuit decided *Robinson v.*

*Clipse*, -- F.3d --, 2010 WL 1709371, at *1-*2 (4th Cir. April 28, 2010), and, in the course of deciding whether an amendment related back to an original filing, specifically construed Rule 4(m). In *Robinson*, the Fourth Circuit stated: "Rule 4(m) requires service of the summons and complaint within 120 days of the complaint's filing, unless good cause is shown for extending the service." The *Robinson* Court further stated: "Rule 4(m) requires the district court to 'extend the time for service to an appropriate period' *if* there is 'good cause' for not servicing the defendant 'within 120 days after the complaint is filed.' Fed. R. Civ. P. 4(m)." *Robinson*, 2010 WL 1708371, at *3 (emphasis added). Accordingly, BSI must show "good cause" in order to avoid dismissal or to obtain a discretionary extension of the 120-day service period.[6]

### 2. Excusable Neglect.

In addition to good cause under Rule 4(m), BSI still must show "excusable neglect" under Rule 6(b) because it has filed its motion for extension 21 months after the expiration of the 120-day deadline. *Knott v. Atlantic Bingo Supply, Inc.*, Case No. JFM-05-1747, 2005 WL 3593743, at *1, *2 (D. Md. 2005) ("In this case, the showing required of Plaintiff is even higher because the 120-day period has already expired. Where an extension is sought after expiration of 120 days, Rule 6(b) requires that the party show that the delay in service resulted from "excusable neglect"); *Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp.2d 432, 439 (D. Md. 2001) ("Moreover, where a request for extension is made outside of the 120-day period, plaintiffs are required by Fed. R. Civ. P. 6(b) to demonstrate "excusable neglect"); *Ender*

---

[6] To be certain, *Robinson* did not cite *Mendez*. However, as discussed below in Section D, even if the Court has discretion to extend the 120-day period in the absence of good cause, BSI has failed to meet the standard for an exercise of that discretion.

7

*v. Cloonan*, Case No. CIV B-94-1591, 1995 WL 328323, at *1, *2 (D. Md. 1995). Rule 6(b) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." "A showing of excusable neglect is a demanding standard, which the Fourth Circuit has noted "is not easily demonstrated, nor was it intended to be." *Knott,* 2005 WL 3593743, at *2. BSI did not cite Rule 6(b) or even mention "excusable neglect," and thus, its Motion must be denied for this reason alone.

    **C.**    **BSI's Motion Did Not Establish Good Cause Under Rule 4(m).**

        **1.**    **BSI's Attempted Service on Ji Was Void As A Matter of Law.**

BSI's attempted service on Ji by Priority Mail (Restricted Delivery) sent from Maryland to Florida was invalid, and, therefore, cannot prove that BSI had good cause to delay 24- months to try to serve him again. Rule 4(e) governs service of process upon individuals. Rule 4(e)(1) provides, *inter alia*,[7] that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located [Maryland] or where service is made [Florida]." *See* Rule 4(e)(1), Fed. R. Civ. P. In Florida, the jurisdiction where service was attempted to be "made," service by mail is invalid as a matter of law. *Atizol v. American Express Travel Related Services Company, Inc.*, Case No. 08-60262-CIV, 2008 WL 5070275, at *1, *2 (S.D. Fla. 2008) ("Service by mail is generally insufficient under Florida law…Thus, Plaintiff's attempt to effect service on the Individual Defendants via

---

[7] Rule 4(e)(2)(A)-(C) provides for methods of service that were not attempted by BSI here.

8

certified mail is not in compliance with Florida law or Federal Rule of Civil Procedure 4(e)").

Likewise, Maryland law did not authorize BSI to serve Ji in Florida by certified mail. Md. Rules, Rules 2-121, which covers *in personam* service for Maryland state circuit courts, states:

> Service of process may be made within this State ***or, when authorized by the law of this State, outside of this State*** … (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery" --show to whom, date, address of delivery."

*See* Md. Rules, Rule 2-121 (emphasis added).

By its plain terms, for out of state service, Rule 2-121 is not self-executing and requires another law to authorize certified mail for out-of-state service. It requires service of process "outside of this State [Maryland]" be "authorized by the law of this State."[8] Thus, for example, MD Code, Courts and Judicial Proceedings, § 6-313, authorizes certified mail as a method of service of process on non-resident drivers who have elected the privilege of having a Maryland driver's license. Here, there is no Maryland law -- and BSI cites to none -- that would independently authorize the use of certified mail to a defendant outside of Maryland under Rule 2-121. Consequently, BSI's attempt to serve Ji was void *ab initio*, and BSI cannot rely on its invalid attempted service as an excuse for its 25-month delay in serving Ji. *See Vincent v. Reynolds Memorial Hospital*, 141 F.R.D. 436, 437 (N.D.W.V. 1992) ("half-hearted attempts at service have generally been waived as insufficient to show good cause"); *Profit,* 248 F.R.D at

---

[8] The subject language was added by an amendment effective October 5, 1999.

9

295 (dismissing based on eleven month, eight day delay from filing of action where plaintiff invalidly attempted to serve by mail).

### 2. BSI Also Fails to Show Good Cause.

Nowhere in its Motion does BSI explain any circumstances that are recognized as good cause to explain its two-year delay in serving Ji. Rule 4(m)'s good cause standard is "as strict or even more stringent than the excusable neglect standard." *Davis v. Trans Union, LLC*, 526 F. Supp. 577 (W.D.N.C. 2007); *see also Despain v. Salt Lake Area Metro Gang Unit,* 13 F. 3d 1436 (10th Cir. 1994) (noting that "[t]he good cause provision of Rule 4(j) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule").

It is axiomatic that good cause requires "reasonable diligent efforts to effect service", and "inadvertence or heedless[ness]" will not suffice. *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649 (D. Md. 1986). Attorney neglect "does not constitute good cause under the Rule." *White v. University of Maryland*, 1993 WL 454375 (D. Md. 1993); *see also Vincent v. Reynolds Memorial Hosp., Inc.*, 141 F.R.D. 436 (N.D.W.Va. 1992) (emphasizing that "[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause").

Here, BSI made virtually *no effort* to personally serve Ji with its Complaint for more than two (2) years. BSI tried *once* invalidly in May of 2008 to serve Ji by Restricted Mail. Further, BSI does not expressly allege, or recite, any facts from which eth Court could find that Ji evaded service of process. While BSI asserts in a fleeting reference that Ji "has taken great pains to avoid service of process" (Motion, p. 22), it provides no description of those "pains" nor BSI's

10

diligence in attempting service. Certainly, the Court cannot find Ji tried to "avoid service of process" based on BSI's one void attempt a two-year period. Instead, the Motion purports to show "good cause" by detailing the degree to which Ji was allegedly involved in transmitting the Emails at Issue. *See* D.E. #215, p. 5. BSI goes as far as claim that "there is *good cause* to believe that [Ji] is responsible for sending or conspiring to send the unsolicited commercial email identified in the Complaint," as if that were a substitute for "good cause" under Rule 4(m) that would explain away BSI's more than two-year delay. Motion, p. 22.

However, the above precedent establishes that "good cause" relates to the efforts made by the plaintiff to serve the defendant *within the one hundred twenty (120) day period*, not the importance of the defendant to the acts at issue. "Good cause exists only when ***some outside factor***…prevented service." *Profit v. Americold Logistics, LLC,* 248 F.R.D 293, 295 (N.D. Ga. 2008). Thus, Ji's alleged involvement in the acts giving rise to BSI's Complaint is immaterial as a matter of law for the purposes of determining "good cause" under Rule 4(m).[9] Indeed, BSI fails to cite any case which remotely suggests that a plaintiff may show "good cause" under Rule 4(m) independent of its efforts -- or lack thereof -- to serve the defendant.

BSI's implicit reliance on its two August of 2009 letters is misplaced. First, the analysis focuses on the initial 120-day period. *Quann*, 112 F.R.D. at 659 (focusing on "whether plaintiff can show good cause for not effectuating valid service prior to … the end of the 120-day period"). Second, a full year passed after the expiration of the 120-day deadline before BSI even

---

[9] Although not directly relevant to the issue before the Court in BSI's Motion and the Cross-Motion, the Amended Complaint fails to plead in any way that Ji is anything more than a corporate agent.

11

authored its first letter, which hardly counts as diligence. Third, the record reveals that nothing -- not a visit to the courthouse, not a motion, not a request for hearing -- was done to rectify that from late August 2009 to the end of April 2010.

Hence, BSI's failure to attempt valid service on Ji is fatal to its Motion. *See e.g. Sullivan v. Newburgh Enlarged School Dist.*, 281 F. Supp. 2d 689 (S.D.N.Y. 2003) (dismissing the plaintiff's action against defendants under Rule 4(m) for failure to effect service on the defendants for eighteen months after filing her Amended Complaint). BSI failed to cite any external factor or circumstance justifying its more than two (2) year delay in serving Ji. Accordingly, at a minimum, the Court should dismiss Ji as a defendant in this lawsuit without prejudice.

### C. Assuming The Court Has Discretion To Extend The Time For Effecting Service Without A Showing Of Good Cause, The Court Should Decline To Exercise Such Discretion.

#### 1. Applicable Legal Standard.

Assuming that post-*Mendez* and post-*Robinson*, the court has the discretion to extend the time for service of process without proof of good cause, the Court should decline to exercise its discretion to grant a 21-month retroactive extension in order to cure BSI's twenty-five (25) month delay in serving Ji. Those authorities that recognize discretion to extend the Rule 4(m) deadline in the absence of good cause focus on the actions of the plaintiff in failing to meet the 120-day deadline -- not the defendant.

Thus, in *Giacomo-Tano v. Levine*, 199 F.3d 1327, 1999 WL 976481, at *1, *2 (4th Cir. October 27, 1999) (unpublished), the court affirmed dismissal where the plaintiff failed to

perfect service during a period of approximately a year. Although the Fourth Circuit in this unpublished decision recognized that the court had discretion even in the absence of good cause, the Fourth Circuit held that nevertheless the "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id*. at *2. The court noted that although the plaintiff had filed an affidavit detailing unsuccessful service by mail and a request to the court to use a process server, the plaintiff did not "show the court that the process server had been retained." *Id*. The court also noted the "inactivity of counsel in attempting to locate the defendants so that they might be served." *Id*. Significantly, similar to BSI's single invalid attempt at service by mail, the Fourth Circuit further held that the plaintiff's "counsel's inability to effect service of process by mail on the first attempt" was insufficient to excuse the less than one-year delay. *Id*. In short, *Giacomo-Tano*, in which the plaintiff's delay for approximately a year and failed service attempt by mail resulted in dismissal, is dispositive of BSI's Motion, which seeks more than two years based on a single illegal service attempt by mail.

In *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524 (D. Md. 1999), the court declined to exercise its discretion to extend the 120-day period although the plaintiff had filed only eleven months earlier. In *Hammad*, the Court refused the *pro se* plaintiff's request for a discretionary extension of time after he failed to serve the defendant for seven months after the expiration of the deadline. In doing so, the Court underscored that the plaintiff made "no efforts to effect service on [the defendant] before the expiration of the prescribed time period." *Id.* at 528. In dismissing the action, the Court disregarded that the plaintiff was *pro se*. This precedent is particularly instructive in that if the *Hammad* court declined to exercise its discretion to allow

a *pro se* plaintiff an extension after failure to effect service for seven months, then *a fortiori*, this Court should refuse to exercise its discretion considering BSI is represented by counsel and had already two (2) years to serve the Complaint.

In *Lehner v. CVS Pharmacy*, Case No. RWT 08cv1170, 2010 WL 610755, at *1, *3 (D. Md. Feb. 17, 2010) (Titus, J.), the court assumed it had the discretion to grant an extension without good cause, but dismissed the case after the plaintiff delayed "fourteen months after the 120 day deadline had expired" to effect service. The court held that "Plaintiff's delay in service is not the result of excusable neglect and this Court will not make a mockery of the time requirements set forth in the Federal Rules of Civil Procedure". If anything, the facts before the Court are even stronger than in *Lehner* because the *Lehner* plaintiff at least applied for an extension of time, whereas BSI waited two years to apply for an extension and BSI delayed 21 months -- not merely 14 -- after the expiration of the 120-day period. If the 14 month delay with an extension in *Lehner* were enough to cause Judge Titus to consider a further extension to be a "mockery" of the Federal Rules, then words cannot describe the effect of granting BSI's request.

In short, none of the cases look to any factor other than the plaintiff's diligence, or lack thereof, in serving the defendant, or whether the plaintiff was affirmatively prevented from serving the defendant. *Accord*, *Burns*, 166 F. Supp.2d at 439 (declining to exercise discretion where plaintiff's "actions are inconsistent with both the letter and spirit of Fed. R. Civ. P. 4(m)").

14

### 2. BSI's Inaction Is Insufficient Cause For The Court To Set a New National Precedent By Granting A Twenty-Five Plus Month Retroactive Extension.

The same reasons that demonstrate BSI cannot show good cause support the denial of discretion to extend the time for service of process.  BSI's failure to provide any reason supporting BSI's request for a **twenty-five (25) month** retroactive total extension of time from the filing of the action and a **twenty-one (21) month** extension of time from the expiration of the 120-day period mandates dismissal against Ji.  *Giacomo-Tano*, 199 F.3d 1327, 1999 WL 976481, at *2 (affirming dismissal at approximately one year after filing); *Scruggs v. Spartanburg Regional Medical Center*, Case No. 98-2364, 198 F.3d 237, 1999 WL 957698, at *1, *2 (4th Cir. 1999) (affirming dismissal after 9 month delay after filing); *Lehner* 2010 WL 610755, at *3 (dismissing based on 14 month delay after the 120 day deadline had expired); *Hammad,* 31 F. Supp. 2d at 528 (dismissing based on failure to serve in 7 months after the expiration of the 120-day deadline); *Knott*, 2005 WL 3593743, at *1 (dismissing under 4(m) after 6 months); *Burns*, 166 F. Supp.2d at 439 (declining to exercise discretion where defendants were actually served three days after expiration of deadline); *Ender*, 1995 WL 328323, at *2 (dismissing based on failure to serve in 9 months after filing); *Sullivan*, 281 F. Supp. 2d at 689 (dismissing based on eighteen month delay after filing Amended Complaint); *Profit,* 248 F.R.D at 295 (dismissing based on eleven month, eight day delay from filing of action).  This is particularly true where, as here, in addition to failing to show good cause or due diligence, BSI has also failed to prove -- let alone even mention -- its excusable neglect.

15

### D. The Court Should Dismiss the Complaint Against Ji With Prejudice Under Rule 41(b).

Rule 41(b) provides, in pertinent part, that:

> ***If the plaintiff fails to prosecute***….a defendant may move to dismiss the action ***or any claim*** against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--***operates as an adjudication on the merits***.

(emphasis added).

It is well-settled that courts have the power to dismiss with prejudice under Rule 41(b) for a failure to prosecute when the underlying problem is a failure to timely serve a defendant. *See e.g. O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.,* 201 F. 3d 948 (7th Cir. 2000) (noting that "[i]n certain circumstances, a plaintiff's dereliction in not obtaining service may lead beyond Rule 4 and head off into territory covered by Rule 41(b)"); *see also Parker v. Beaufort County Sheriff's Dept,* 2008 WL 4646129 (D.S.C. 2008) (dismissing complaint under Rule 41(b) for failure to prosecute after plaintiff failed to serve defendants with process for approximately sixteen months); "Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations." *Grillo v. National Geographic Soc.,* 24 F. 3d 246 (9th Cir. 1994) (affirming district court's dismissal of action for failure to prosecute under Rule 41(b) for failure to serve defendant).

In considering whether to dismiss an action pursuant to Rule 41(b), the Fourth Circuit requires courts to consider the following factors: (1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in

16

proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal. *Davis v. Williams*, 588 F. 2d 69 (4th Cir. 1978). These factors support dismissal of Ji under Rule 41(b).

Specifically, BSI is solely responsible for failing to serve Ji for more than two (2) years. *Davis*, 588 F.2d at 69 (affirming dismissal with prejudice after two years and 13 days); *O'Rourke Bros, Inc.*, 201 F.3d at 949 (dismissing 223 days after filing of complaint); *Parker*, 2008 WL 4646129, at *2 (dismissing with prejudice one year and nine months after filing of complaint). Ji has suffered substantial prejudice in that the other defendants have been actively preparing their defense while he is uncertain as to whether the action will proceed against him. The discovery cutoff is 6 weeks away. Further, a less drastic sanction would provide no remedy to Ji, as BSI could simply re-file the action against Ji and suffer no harm despite its inexcusable delay in effecting service of process.

If there was ever a case calling for the sanction of dismissal with prejudice based on more than two years of delay with not one valid attempt at service, this is that case. Accordingly, the Court should dismiss Ji from this action with prejudice.

**WHEREFORE,** Defendants World Avenue USA, LLC and World Avenue Holdings, LLC and Non-Party Niuniu Ji, appearing specially and without consenting to jurisdiction, or waiving any defense, respectfully request the entry of an Order denying Plaintiff's BSI Motion to Re-Issue Summons for Defendant Ji and to Extend the Time for Service, dismissing Ji from this action with prejudice pursuant to Rule 41(b), or, in the alternative, dismissing Ji from this action

without prejudice pursuant to Rule 4(m) and Rule 6(b), and for such other and further relief that this Court deems just and proper.

*FTL 107685818v1 May 11, 2010*

Respectfully submitted,

Attorneys for *World Avenue USA, LLC, World Avenue Holdings, LLC, and Niuniu Ji (appearing specially, without consenting to service or jurisdiction, and without waiving any defenses, including, but not limited to subject matter jurisdiction, personal jurisdiction, venue, service of process, or any other defense cognizable at law or in equity).*

GREENBERG TRAURIG, LLP

   /s John L. McManus
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477