**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No.PJM 08 cv 0921 |
| | ) | |
| WORLD AVENUE USA, LLC, et al. | ) | |
| Defendants | ) | |
| _____ | ) | |

**THIRD PARTY PLAINTIFF WORLD AVENUE USA, LLC'S MOTION TO COMPEL**
**DISCOVERY FROM THIRD PARTY DEFENDANTS AND INCORPORATED**
**MEMORANDUM OF LAW**

Third Party Plaintiff, WORLD AVENUE USA, LLC ("WAUSA"), by its undersigned counsel and pursuant to Fed. R. Civ. P. 34 and 37, hereby files its Motion to Compel Discovery from Third Party Defendants, JAMES JOSEPH WAGNER ("Wagner") and HYPERTOUCH, INC. ("Hypertouch"), as a result of their complete failure to respond to WAUSA's First Request for Production of Documents. In support of its Motion, WAUSA states:

## I. INTRODUCTION

Wagner and Hypertouch (collectively "Third Party Defendants") have inexcusably ignored WAUSA's First Request for Production of Documents (the "First Request for Production") for ***approximately two (2) and three (3) months*** respectively*.* Their complete failure (and as shown below and in the accompanying Local Rule 104(7) Certificate, their refusal) to respond not only warrants an order compelling the requested discovery, but an order deeming their objections to the First Request for Production waived, as well as payment of WAUSA's fees incurred in filing this Motion.

1

Indeed, to the extent that Third Party Defendants assert that the pendency of their Motion to Quash service of process upon them [DE 106] warranted a stay of discovery, it was incumbent upon them to, at a minimum, file a motion to stay discovery concurrent with the Motion to Quash service of process. Their failure to even request a stay -- much less obtain an order staying discovery -- is fatal to any argument that the Motion to Quash service of process absolved the obligation to comply with the thirty (30) day requirement set forth in Fed. Civ. P. R. 34(b)(2)(A).

More specifically, on September 10, 2009, Third Party Defendants served the Motion to Quash, seeking to quash service of process upon them. [DE 106].  On February 18, 2010, WAUSA served their First Request for Production of Documents to Hypertouch. A true and correct copy of the First Request for Production to Hypertouch is attached as Exhibit "1".  On March 19, 2010, WAUSA served its First Request for Production of Documents to Wagner is attached as Exhibit "2."  It is undisputed that Third Party Defendants neither moved to stay discovery pending the Court's ruling on the Motion to Quash, nor moved for an extension of time to serve their responses to the First Request for Production. The parties also never entered into an agreement staying discovery for a certain period[1].

Third Party Defendants' failure to serve any responses or objections for such a prolonged period violates Fed. R. Civ. P. 34. Further, Third Party Defendants cannot establish "good cause" to preserve their objections to the First Request for Production. Indeed, Third Party Defendants' decision to ignore the First Request for Production justifies an award of attorneys' fees and costs pursuant to Rule 37.

---

[1] Third Party Defendants and WAUSA discussed a potential stipulation that would provide a limited extension of time for Third Party Defendants to serve responses to the First Request for Production. However, the parties never agreed on certain terms of the stipulation.  *See* Local Rule 104(7) Certification.

## II.   MEMORANDUM OF LAW

### A.   WAUSA is Entitled to an Order Compelling Third Party Defendants to Immediately Produce All Documents Responsive to the First Request for Production.

As a general rule, a party has thirty (30) days to serve its responses and objections to a request for production of documents. *See* Fed. R. Civ. P. 34(b)(2)(A).   Pursuant to Rule 37(a)(3)(B)(iv), "a party seeking discovery may move for an order….if…a party fails to respond that inspection will be permitted-or fails to permit inspection-as requested by Rule 34."   Here, Third Party Defendants failed and indeed, refused, to timely serve responses and objections to the First Request for Production.[2]

This situation is more than mere oversight and was a calculated means to deprive WAUSA of facts essential to its case.   At the time the discovery was served, Third Party Defendants had filed their Motion to Quash service of process.  DE 106.  The First Request for Production to Wagner included *at least seven (7) discrete Requests* that would directly bear on their Motion to Quash service of process that was pending before the Court.  Not wanting the Court to have the benefit of documentation that would better inform its decision on their Motion to Quash, these Third Party Defendants flouted Rule 34 and refused to respond to the two document requests.

As shown in the accompanying Local Rule 104(7) Certification, Third Party Defendants refused to respond to the discovery even when it was brought to their attention two months ago in March of 2010.  And, when the issue was brought to their attention yet again at the end of April, Third Party Defendants refused to even dignify the Local Rule 104(7) effort to resolve the

---

[2] Specifically, as of the filing of the instant motion, Hypertouch's responses were due *twenty-five days ago*, while Wagner's responses are *forty-five (45) days* past due.

3

issue with a response.  Instead, these Third Party Defendants have flouted their violation of Rule 34.  Although these Third Party Defendants refuse to respond to the Requests for Production, they have raised the very defense on which they have studiously avoided discovery by raising a jurisdictional defense in their First Affirmative Defense of their Affirmative Defenses filed just earlier this week.  *See* DE 225.

### B.   Third Party Defendants Have Waived Objections to the First Request for Production.

Further, it is well-settled that a party's failure to timely respond or object to a request for production constitutes a waiver of all objections, except for privilege. *See e.g., Jayne H. Lee, Inc. v. Flagstaff Industries Corp.*, 173 F.R.D. 651 (D. Md. 1997) (holding that plaintiff's total failure to respond within requisite period constitutes waiver of non-privileged objections); *Allstate Insurance Co. v. Santa Ana, LLC*, 2008 WL 4826092 (S.D. Fla. 2008) (holding that insured's failure to respond to insurer's discovery requests "constitutes a waiver of any objections that may have been available to it"); *Sweeney v. UNLV Research Foundation*, 2010 WL 1756875 (D. Nev. 2010) (noting that "[a]lthough Rule 34 does not expressly state that objections to requests for production are waived if not timely asserted, it has been interpreted consistent with Rule 33"); *Meredith v. Great Wolf Lodge of Kansas City, LLC*, 2008 WL 4305110 (D. Kan. 2008) (holding that "[b]ecause Plaintiffs have failed to serve any timely objections to the interrogatories or requests for production, all objections are deemed waived…no objections to the interrogatories or requests for production shall be asserted").

In the instant matter, Third Party Defendants failed to serve any responses or objections to the First Request for Production. The above precedent establishes such failure results in the waiver of all of their objections, except for privilege. Moreover, in *Beyond Systems, Inc. v. Kraft*

4

*Foods, Inc.*, Civil Action No. PJM-08-040 (D. Md.) (the "*Kraft* Action"), the Court has ruled that any "common interest privilege" is limited to "privileged communications occurring between December 1, 2004 and May 30, 2005, regarding the litigation against KWU [Kennedy-Western University] and Gevalia," *see Kraft* Action, DE # 344, attached as Exhibit "3".

The waiver of objections is particularly appropriate where Third Party Defendants have delayed responding to discovery until six week to the discovery cutoff. If Third Party Defendants are permitted to file discovery objections (excepting privilege), WAUSA will be prejudiced by being forced to file motions to compel to wade through the objections to obtain documents that should have been produced long ago.

C.     **The Filing of a Motion to Quash Does Not Establish Good Cause to Avoid Waiver of Discovery Objections.**

Federal courts will excuse an untimely objection where "good cause" is shown. *See e.g.*, *Brackens v. Shield*, 2007 WL 2122428, at *1 (D.Kan. July 20, 2007) (noting that "[i]n the absence of *good cause* to excuse a failure to timely object to interrogatories or requests for production of documents, all objections not timely asserted are waived"); *Talevski v. Carter*, 2007 WL 1797634 (N.D. Ind. 2007) (observing that "courts uniformly conclude that an objection may be waived if it is not timely raised and *good cause* for the delay is not shown").

Third Party Defendants will no doubt claim that the pendency of the Motion to Quash constitutes "good cause" for their failure to respond to the First Request for Production. Third Party Defendants ignore that "the proper course of action is to request that the district court enter a stay of discovery until….issues are decided; *it is not proper* to unilaterally forgo discovery." *Daniel J. Hartwig Associates, Inc. v. Kanner*, 913 F. 2d 1213 (7th Cir. 1990). Indeed, "a party cannot take it upon itself to determine that its own motion will ultimately be granted by the court.

5

Refusing to provide discovery because it is believed certain claims will be dismissed is inappropriate ***absent a court order staying such discovery***." *Brown v. LaSalle Northwest National Bank*, 1993 WL 313563 (N.D. Ill. 1993) (awarding attorney's fees and expenses to plaintiff for defendant's refusal to provide certain discovery during the pendency of its motion).

In fact, Third Party Defendants failed to even file a motion for a stay of discovery, much less obtain a court order staying discovery.  "Where…a party does not even move for a stay, the pendency of a motion to dismiss is ***not*** a reason for noncompliance with discovery." *Dickson v. Chicago Allied Warehouses, Inc.*, 1993 WL 362450, at *1 (N.D. Ill. 1993) (granting plaintiff's motion to compel responses to discovery requests after defendants refused to furnish responses during the pendency of their motion to strike). Accordingly, Third Party Defendants' reliance on the pendency of the Motion to Quash -- in the absence of a court-ordered stay -- does not excuse their non-compliance or constitute "good cause" to preserve their objections to the First Request for Production.

> **D.    WAUSA Is Entitled to Recover Reasonable Attorneys' Fees and Costs from Third Party Defendants.**

Rule 37(d)(1)(A) provides, in pertinent part, that:

> The court where the action is pending may, on motion, order sanctions if….
>
> (ii) a party, after being properly served….with a request for inspection under Rule 34, ***fails to serve its answers, objections, or written response***.
> (Emphasis Added).

*Dickson v. Chicago Allied Warehouses, Inc* is instructive. There, the defendants failed to furnish responses to the plaintiff's discovery requests citing their pending motion to dismiss. Similar to Hypertouch and Wagner, the defendants in *Dickson* did not move the Court to stay

6

discovery. The Court granted the motion to compel, and in doing so, ordered the defendants to pay the plaintiff reasonable attorneys' fees and costs for their failure to provide any responses. The Court emphasized that "Rule 37(d) allows the imposition of sanctions without a prior order to compel if a party does not…make a written response to a proper request for production." *Id.* at *12. Likewise, here, Third Party Defendants did not serve any response to the First Request for Production. They failed to request a stay of discovery pending resolution of the Motion to Quash. Under *Dickson*, WAUSA should be allowed to recover from Third Party Defendants its reasonable attorneys' fees and costs incurred in filing the instant motion. *Accord*, *Brown*, 1993 WL 313563, at *1 (awarding attorneys' fees and expenses to plaintiff for defendant's refusal to provide certain discovery during the pendency of its motion)

## III.    GOOD FAITH CERTIFICATE

Pursuant to Local Rule 104(7), WAUSA will file contemporaneously its Local Rule Certificate in Support of its Motion to Compel Discovery from Third Party Defendants that documents its good faith efforts to resolve this matter without judicial intervention.

**WHEREFORE,** WORLD AVENUE USA, LLC respectfully requests the entry of an Order: (1) compelling Third Party Defendants HYPERTOUCH, INC. and JAMES JOSEPH WAGNER to produce all documents responsive to the First Request for Production within five (5) days from the entry of this Order; (2) in accordance with Rule 34, produce such documents in the ordinary course of business or label such documents to correspond to the categories of the Request; (3) deeming all objections to the First Request for Production waived; (4) awarding WAUSA its reasonable attorneys' fees and costs; and (5) for such other and further relief that this Court deems just and proper.

*FTL 107692698v1 May 13, 2010*

Dated:  May 13, 2010.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

 __/s John L. McManus_____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

*FTL 107692698v1 May 13, 2010*