IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC. )<br>)<br>Plaintiff )<br>v. )<br>)<br>WORLD AVENUE USA, LLC, et al. )<br>Defendants )<br>_____ ) | Case No. PJM 08 cv 0921 |

### THIRD PARTY PLAINTIFF WORLD AVENUE USA, LLC'S
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THIRD PARTY
### DEFENDANT JAMES JOSEPH WAGNER

Third Party Plaintiff, WORLD AVENUE USA, LLC, pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 104, hereby requests that Third Party Defendant, JAMES JOSEPH WAGNER, produce those documents and other things enumerated in the following First Request for Production of Documents. Third Party Defendant shall further comply with Rule 34 by producing the documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories of this request.

### I.    INSTRUCTIONS

1.  If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.  Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

    A.  If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of

FTL 107,631,875v1 3-19-10                   1

document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

  B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶2.A, above, please state the reason for withholding the document.

3. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any

FTL 107,631,875v1 3-19-10      2

Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

5. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

6. Unless otherwise stated, the time frame is from January 1, 1997 to present.

## II. DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1. *Administrative Rights or Administrative Permissions*: The terms "Administrative Rights" or "Administrative Permissions" shall mean a local account or a local security group with complete and unrestricted access to create, delete and modify files, folders and settings on a particular computer, Server or other network device.

2. *BSI*. "BSI" shall mean Beyond Systems, Inc. and its agents, representatives, and attorneys.

3. *Comment Tags*. "Comment Tags" shall mean comments inserted into a web page's source code that are ignored by the browser and are delineated from other web page source code by the preceding "<!- -" anchor.

4. *Communication:* The term "communication" means the transmittal of information by any means.

5.  *Concerning:* The term "concerning" or "relating" means relating to, referring to, describing, evidencing, or constituting.

6.  *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document". The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document".

7.  *Domains/Domain Names.* The "Domains or Domain Names" shall mean one or more of the following domain names, including sub-domains/host names of the below: iepadvocate.com, beyo.us, bihn.org, colorverde.com, colorvivofilms.com, hypertouch.com, stlukeshouse.com, beyond-systems.com, beyondspam.com, beyondspam.net, beyondsys.net, beyondsystems.net, castalia.net, colorvivofilms.net, dceventslist.com, latindancer.com, legal.hypertouch.com, linkcenter.net, safemailbox.com, safemailbox.net, sherwoodroad.com, stockgard.com, stopbrowserwise.com, stopxupiter.com, videocastle.com, videofeast.com, videopalette.com, wepa.net, bihn.com, brianmangino.com, hasgreatfood.com, has-great-food.com, hasit.com, has-it.com, hoadley.org, hyperbackup.com, hypertouch.net, hypertouch.org, ibismed.com, jasonvenner.com, katka-steve.com, keewon.org, sticksoftware.com, matthewmcqueen.com, metrikproperties.com, mibed.com, motiongranted.com, ohcopyboy.com, peterwagner.com, peterwagner.org, princehotelhanoi.com,

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

prontolabels.com, reasonabledoubt.com, rehabrobotics.org, ringlaw.us, smaby.org, susan-jaime.us, vassallo.org, vietnamforum.com, ostendarp.org and ryanfitzgerald.org.

8. *EMAILS AT ISSUE.* The "EMAILS AT ISSUE" shall have the same meaning ascribed to them in Paragraph 63 of the Amended Complaint.

9. *Hypertouch.* "Hypertouch" shall mean Hypertouch, Inc., a California corporation, and its agents, representatives, and attorneys.

10. *IP Addresses.* The "IP Addresses" shall mean one or more of the following Internet Protocol Addresses: 66.88.123.229, 66.93.97.100, 67.115.175.254, 68.120.0.0-68.127.255.255 (68.120.0.0/16), 68.127.102.0.1, 68.127.102.0-68.127.103.255 (68.127.102.0/23), 68.127.102.94, 69.33.19.128-69.33.19.192 (69.33.19.128/26), 69.33.19.128.26, 71.126.162.32-71.126.162.47 (71.126.162.32/28), 71.126.162.32.1, 74.95.0.24 - 74.95.0.31 (74.95.0.24/29), 75.16.30.104.1, 75.16.30.104-75.16.30.111 (75.16.30.104/29), and any others used by Hypertouch.

11. *Meta Elements.* "Meta Elements" shall mean HTML or XHTML elements used to provide structured metadata about a web page and are found within the <head></head> section of an HTML or XHTML document.

12. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

13. *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and crossdefendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

14. *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

15. *Restricted Rights or Restricted Permissions*: The terms "Restricted Rights" or "Restricted Permissions" shall mean a local account or a local security group with restricted access to create, delete and modify files, folders and settings on a particular computer, Server or other network device.

16. *Sebastian Barale*: The term "Sebastian Barale" means Sebastian Barale, MailCompanyX, Inc., Internet Endeavours, or any other entity Sebastian Barale owned in whole or in part, worked for (whether as an officer, director, partner, employee, member or managing member) or in which he held any ownership interest or which he otherwise operated or controlled.

17. *Selected Domains*. "Selected Domains" shall mean beyondsystems.net, hypertouch.com, legal.hypertouch.com, icorr2011.org, hypertouch.net, metrikproperties.com, senderagreestopay500dollarspermessage.hypertouch.net, katka-steve.com, motiongranted.com, reasonabledoubt.com, bihn.org, rehabrobotics.org, serenitychair.com, and theserenitychair.com, including all web pages available and viewable when accessing the Selected Domains via an internet browser now and in the past and all source code created or compiled applicable to all such web pages.

18. *Server/Servers*. "Server" or "Servers" shall mean all Computers dedicated to providing one or more services over a computer network, including but not limited to, Email services, Domain Name Resolution services (DNS services), Web Hosting services (storing and

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

serving web pages), Internet Connectivity services, Database services, Data Backup services, Data Storage services, FTP services, NNTP services and E-commerce services.

19. *Specifications.* "Specifications" shall mean the brand, series, model, recommended usage, processor, processor features, memory, memory capacity, hard drive, hard drive capacity, backup media, optical drive, graphics, audio, Ethernet, current and past IP Addresses assignments, power supply, operating system, installed software, purpose of the installed software, motherboard and chipset, CPU type, number of installed CPUs, CPU speed, cache per CPU, dimensions, weight and peripheral devices of the Server or Computer.

20. *Subject Servers:* The term "Subject Servers" shall mean the Servers, as defined above, located at 1612 Sherwood Road, Silver Spring, Maryland 20902; 417 Oak Grove Avenue, Apartment A, Menlo Park, California 94025-3246; 1837 R Street N.W., Washington, D.C.; 9501 Anchorage Place, Bethesda, Maryland 20817, Suite L15-1000; 11160 Veirs Mill Road, Wheaton, MD 20902; 801 Woodside Rd. #14-235, Redwood City, CA 94061-3758; 359 Port Royal Avenue, Foster City, CA 94404; 235 Belmont Ave, Redwood City, CA 94061; 751 Upland Road, Redwood City, CA 94062, and any other place where BSI or Hypertouch conduct business.

21. *Verizon.* "*Verizon*" shall mean Verizon Online-Maryland, LLC, Verizon Online, LLC, Verizon Broadband, Verizon Communications, Inc., Verizon Wireless, and the company from which BSI leased or purchased Verizon FIOS for Business and Verizon DSL.

22. *Verizon FIOS for Business Service.* *Verizon FIOS for Business Service* shall mean the Verizon FIOS for Business Service purchased by BSI or one William Wagner from Verizon on December 21, 2005, as more fully set forth by Paul Wagner in Affidavits filed in this and other actions and more fully defined in the Verizon Terms of Service produced in this action.

GREENBERG TRAURIG, P.A. ▪ ATTORNEYS AT LAW ▪ WWW.GTLAW.COM

23.     *Verizon DSL Service.* *Verizon DSL Service* shall mean the Verizon DSL Service purchased by Paul Wagner from Verizon on December 21, 2005, as more fully set forth by Paul Wagner in Affidavits filed in this and other actions and more fully defined in the Verizon Terms of Service produced in this action.

24.     *You/Your:* The terms "you" or "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives and attorneys.

25.     *Zone Files*: The terms "Zone File" or "Zone Files" shall mean a text file containing information that defines relationships and mappings between domain names and IP Addresses and other resources, organized in the form of resource records on a Server.

26.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

27.     If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

### III.     REQUESTS FOR PRODUCTION

1.      All documents and correspondence concerning your state of residence, including Massachusetts or California, from July 1, 2009 through August 31, 2009, including Wednesday, August 19, and Friday, August 21, 2009.

2.      All documents and correspondence relating to whether you have ever lived, resided, or stayed, or planned to live, reside, or stay at 17 Greenfield Street, Lowell, Massachusetts during the period from July 1, 2009 through August 31, 2009, including on Wednesday, August 19, and Friday, August 21, 2009.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

3.  A redacted copy of your cellular telephone records for the month of or covering August 2009 reflecting your location, including billing address, on Wednesday, August 19, 2009, and Friday, August 21, 2009. (All non-responsive information may be redacted).

4.  All documents submitted to any governmental agency or third party providing your address or the address of Hypertouch for any day during the month of August 2009, including all Postal Forwarding cards filled out by you or on your behalf or on behalf of Hypertouch pertaining to your move from 417 Oak Grove Avenue, Apartment A, Menlo Park, California 94025-3246.

5.  All documents and correspondence relating to whether Hypertouch has ever maintained any records, received mail, received communications at, or designated as its place of business, 17 Greenfield Street, Lowell, Massachusetts.

6.  All documents and communications exchanged between you and Shirley M. Fitzgerald and/or Leonard Fitzgerald concerning service of process upon you or concerning your plans to stay, temporarily or permanently reside or live at 17 Greenfield Street, Lowell, Massachusetts.

7.  All documents, communications and correspondence that specify the exact location(s), including the postal address, where Hypertouch now or in the past has physically housed or houses, or has installed any Servers, computers, computer networks, peripheral devices and Internet connectivity/bandwidth services.

8.  Full, un-redacted original electronic versions of all of the EMAILS AT ISSUE that reside on any Server, computer, network device, external hard drive, CD-ROM, DVD or other storage device owned and/or operated by Hypertouch in native file format, with metadata

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

intact, including full, un-redacted email headers and source code of each individual email, together with all embedded hyperlinked files in either native format or screenshot format.

9. All mail server logs and log files located on any Server, computer, network device, external hard drive, CD-ROM, DVD or other storage device owned and operated by Hypertouch showing the SMTP session(s), HELO/EHLO, the connecting IP address, destination email address, sending email address, whereby the EMAILS AT ISSUE were delivered.

10. All documents, communications and correspondence evidencing the Person or Persons that have Administrative Rights or Administrative Permissions or Restrictive Rights or Restrictive Permissions to access any Hypertouch owned Server for the purpose of creating email accounts @hypertouch.com, @reasonabledoubt.com, @hasit.com, @has-it.com and Zone Files for any Domain Name on the DNS server identified as dns1.hypertouch.com having the assigned IP address of 75.16.30.108.

11. All documents, communications and correspondence evidencing all business relationships between Hypertouch, Lisa Fitzgerald Wagner and the domain name reasonabledoubt.com owned by Lisa Fitzgerald.

12. All documents, communications and correspondence evidencing the Person or Persons responsible for the development of the web pages and the web page's source code found now and in the past on the Selected Domain Names.

13. All documents, communications and correspondence evidencing the purpose of the email addresses embedded in the web page's source code, including within various HTML Meta Elements and Comments Tags, found now and in the past on the Selected Domain Names.

14. All documents evidencing the Hypertouch privacy policy that discloses the gathering of, use of, disclosure of and management of a Hypertouch customer's data.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

15. All documents, communications and correspondence of any kind concerning your access to and registration of any email address on any web site defined in any of Paul Wagner's Declarations filed in this action.

16. Full, un-redacted original electronic versions of all email you or Hypertouch sued upon in any other case that are also part of the EMAILS AT ISSUE is the present case (Case No.PJM 08 cv 0921) that reside on any Server, computer, network device, external hard drive, CD-ROM, DVD or other storage device, in native file format, with metadata intact, including full, un-redacted email headers and source code of each individual email, together with all embedded hyperlinked files in either native format or screenshot format.

17. All documents, communications and correspondence of any kind between you and Paul Wagner, Steven Wagner, William Wagner, Diane Wagner, Lisa Fitzgerald Wagner, Jaime Vargas, Timothy Walton, Daniel Balsam, James Gordon, David Cannon, Keivan Khalichi, Michael Whitley, Julie Lopez, any Stanford University staff or student, any mailing list you may be subscribed to or any other Person about the defendant, suing the defendant or this lawsuit.

18. All documents, communications and correspondence of any kind evidencing Hypertouch's purchase, installation and use of anti-spam software on any Server or computer owned or operated by Hypertouch.

19. All correspondence between you and Paul Wagner or BSI relating to the configuration of the Subject Servers.

20. All documents concerning the status of Hypertouch or BSI as an internet computer service, interactive computer service, or interactive computer service provider, including all invoices to clients of Hypertouch or BSI reflecting internet services provided to such customers.

21. All communications with Jaime Vargas and/or the owners or lessees at 751 Upland Road, Redwood City, California 94062, 801 Woodside Rd. #14-235, Redwood City, California 94061-3758, 359 Port Royal Avenue, Foster City, California 94404, and 235 Belmont Ave, Redwood City, California 94061, concerning the placement and operation of the Subject Servers.

22. All documents concerning Sebastian Barale; Sebastian Barale, LLC; Brainpower Group, Inc.; Planet Revenue, Inc., XpowerSoftware, Inc.; Internet Endeavors, Inc.; HostnetCA; domdaeoa.com; domdaeob.com; domdaeof.com; gatheringproducttesters.info; hcndifone.com; howdoyoulikeit.info; joinemailoffers.info; keepandtestthem.info; keepthemforfree.info; lngd-ll.com; neededproducttesters.info; needyouropinion.info; opinionsneeded.info; producttestersneeded.info; producttestersoffers.info; producttestersrecruit.info; producttesterswanted.info; producttestersweneed.info; producttesterswewant.info; recruitingproducttesters.info; testandkeepthem.info; testkeepfree.info; testourproducts.info; wantedproducttesters.info; weneedproducttesters.info; wewantproducttesters.info or youropinionwanted.info,

23. A mirror image copy of any Server in your possession, custody, or control belonging to or given to you or your agents by Sebastian Barale.

24. All documents concerning the ownership, licensing, payment for, registration, or allocation of the IP Addresses and the Domain Names.

25. A complete copy of any declaration, affidavit, report, or any deposition or trial transcript in which you testified in any proceeding, case, or arbitration brought by Hypertouch, BSI or in your individual capacity.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

26. A copy of all documents reflecting the allocation of litigation proceeds and non-litigation proceeds for Hypertouch, Inc. for the period from January 1, 2000 to present.

27. All documents reflecting your use and permission to use Verizon FIOS for Business and Verizon DSL Services.

28. A copy of all documents reflecting customers or third parties you provided access to the internet using Verizon FIOS for Business and/or Verizon DSL Services or that you permitted to use or granted access to use Verizon FIOS for Business and Verizon DSL Services.

29. A copy of the server logs for each Server that received the E-MAILS AT ISSUE.

30. All documents concerning any internet advertising campaign, internet site, landing page, or other mailing list wherein you signed up for any internet offer, sale, gift, or site.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

*[signature]*

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of March 2010, I served a true and correct copy of the foregoing by email upon:

Stephen H. Ring, Esq.
Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878

Michael S. Rothman, Esq.
Law Office of Michael S. Rothman
401 East Jefferson Street, Suite 201
Rockville, Maryland 20850

_____
JOHN L. MCMANUS