IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.         )
                             )
   Plaintiff                 )
   v.                        )   Case No.PJM 08 cv 0921
                             )
WORLD AVENUE USA, LLC, et al. )
   Defendants                )
_____)

**DEFENDANT, WORLD AVENUE USA, LLC'S MOTION TO ENFORCE COURT ORDER AT DOCKET ENTRY 212 AND FOR SANCTIONS**

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), pursuant to Rules 37, 45, and the inherent power of this Court, hereby moves to enforce this Court's Order at Docket Entry 212 and for an award of sanctions for violation of said Order by Plaintiff, BEYOND SYSTEMS, INC. ("BSI"):

1.    On April 12, 2010, the Court issued an Order at DE 212 quashing the 85 unknown Subpoenas and ordering compliance by BSI. A true and correct copy is attached as Exhibit "A." The Order arose out of the fact that BSI noticed its intent to issue approximately 85 Subpoenas without providing any notice of the content thereof to WAUSA. WAUSA's Motion was based on the fact that BSI was conducting secret discovery using the discovery powers conferred upon it by the Federal Rules of Civil Procedure without allowing simple due process to WAUSA.

2.    In the Order, the Court ordered that:

The Court hereby GRANTS Defendant's Motion.

\* \* \*

Plaintiff shall provide a listing of all non-party subpoenas issued, the status of production for each non-party, and a summary of any discussions held regarding the efforts to obtain the requested materials subsequent to the service or attempted

1

service of each subpoena. Plaintiff shall also produce copies of all original subpoenas with attachments issued to all non-parties. For any non-party who has not responded to Plaintiff's subpoena, Plaintiff shall immediately notify said non-party that the Court has quashed the subpoena and that they should not produce the requested material. Plaintiff is not prohibited from seeking the same material, but must do so in full compliance with the rules of procedure as suggested herein. Plaintiff shall produce to all parties complete copies of materials received in response to any subpoenas issued.

*See* DE 212.

3. Although the Court Order did not specify a time for compliance by BSI, a reasonable time was implied in the Order, particularly given the fact that one or more Subpoenas had been issued at the time of entry of the Order. This is particularly so where the Court used the words "*immediately*" regarding one of the obligations. Certainly, the Court did not expect that its Order would be ignored by BSI for over a month.

4. On April 15, WAUSA sent a letter to BSI memorializing the Court Order at DE 212 and reminding BSI that WAUSA expected that BSI's compliance would be forthcoming. A copy of the letter is attached as Exhibit "B."

5. Later, on April 29, WAUSA requested compliance with the Court Order, and warned that it would be filing a motion during the first week of May 2010. A true and correct copy is attached as Exhibit "C." In lieu of filing a Motion during the first week of May 2010, WAUSA allowed still further time for compliance by BSI with the Court's Order at DE 212.

6. When more time passed without compliance, WAUSA then sent a third communication on May 13, 2010 asking for BSI to account for its non-compliance with the Order. *See* Exhibit D.

7. When BSI's response again did not contain the information in compliance with the Order, WAUSA again granted more time to comply until Monday, May 17, 2010. The

response did not contain "the status of production for each non-party, and a summary of any discussions held regarding the efforts to obtain the requested materials subsequent to the service or attempted service of each subpoena." The response further did not contain "complete copies of materials received in response to any subpoenas issued." The response also did not contain "[f]or any non-party who has not responded to Plaintiff's subpoena, Plaintiff shall immediately notify said non-party that the Court has quashed the subpoena and that they should not produce the requested material."

8. WAUSA should not have had to raise this matter before the Court, but BSI has failed to comply despite four attempts to ensure compliance. Although its violation of the Order at DE 212 should be enough to merit an award of sanctions and an Order compelling immediate compliance, the fact that BSI has refused at least twice to comply with counsel's Local Rule 104(7) efforts to resolve this makes the violation willful. This is particularly so because, while ignoring WAUSA's Local Rule 104(7) efforts, BSI has continued to make filings with this Court.

**WHEREFORE**, WORLD AVENUE USA, LLC respectfully requests the entry of an Order immediately enforcing the Order at DE 212, awarding sanctions in the form of an award of attorneys' fees and costs, and for such other and further relief that this Court deems just and proper.

Dated:  May 17, 2010.

        Respectfully submitted,

        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        __/s John L. McManus_____
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone:  202-331-3100
        Facsimile:  202-331-3101

        --and--

        Kenneth Horky, Esq.
        Florida Bar No. 691194
        horkyk@gtlaw.com
        John L. McManus, Esq.
        Florida Bar No. 0119423
        mcmanusj@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, P.A.
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, FL 33301
        Telephone: 954-765-0500
        Facsimile:  954-765-1477