UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

May 17, 2010

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg Traurig
2101 L Street, NW, Suite 1000
Washington, DC 20037

John L. McManus, Esquire
Kenneth A. Horky, Esquire
Greenberg Traurig
401 E Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301

Re:   Beyond Systems, Inc. v. World Avenue USA, LLC.
      Civil Action No. PJM-08-921

Dear Counsel:

Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Defendant World Avenue, USA, LLC's Motion for Order to Show Cause Why Non-Party Alton K. Burton Should Not Be Held In Contempt Of Court ("Defendant's Motion")(Docket Item No. 131). The Court has reviewed Defendant's Motion and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). The Court hereby GRANTS IN PART Defendant's Motion.

On this record, the Court will not hold Mr. Burton in contempt. While Defendant has taken pains to set forth the standard for contempt of court and its belief that Mr. Burton has failed to comply with the Order of the Court to produce responsive documents, a closer reading of the requests as propounded does not show a glaring deficiency. In Mr. Burton's opposition, he has articulated his response to each document request, in effect indicating that he has no responsive documents. In its Reply, Defendant World Avenue takes issue specifically with only two of his responses. Given the breadth of Mr. Burton's articulation of his responses and the paucity of Defendant World Avenue's concerns, the Court is limiting its review to those set forth in Defendant's Reply Memorandum, namely Request No.1 and Request No. 9.

As to Request No. 1, Mr. Burton has fully responded. The Court has reviewed the original subpoena and its definitions and reads the interpretation consistently with Mr. Burton's view. The term "Services" by definition is limited to work done by Hypertouch for BSI, BSI for

Hypertouch, or either BSI or Hypertouch for the alleged subscribers or clients.  As drafted, Request No. 1 is inartful and ambiguous as it redefines "Services" to include documents reflecting work done by Hypertouch for Mr. Burton, or by Mr. Burton for Hypertouch.  No basis for being held in contempt of court exists here.

  A different result occurs for Mr. Burton's response to Request No. 9.  The document request stated "all e-mail correspondence, including tech support, between you, BSI and/or Hypertouch, relating to the operations of BSI and the setup of computers or servers at 9501 Anchorage Place, Bethesda, Maryland , 20817."  Here Mr. Burton's response is far too narrow.  Defendant World Avenue is correct in that its request required responsive documents reflecting "the operations of BSI" in addition to documents relating to "the set-up of computers."  Defendant is entitled to all responsive electronic mail correspondence.

  Given the resolution of this motion, the Court does not find sanctions to be appropriate.  Despite the informal nature of this letter, it is nonetheless an Order of the Court, and the Clerk is directed to docket it as such.

         Very truly yours,

         /s/

         Charles B. Day
         United States Magistrate Judge

CBD/bab