IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
|    Plaintiff | ) | |
|    v. | ) | Case No.PJM 08 cv 0921 |
| | ) | |
| WORLD AVENUE USA, LLC, et al. | ) | |
|    Defendants | ) | |
| _____ | ) | |

**DEFENDANT, WORLD AVENUE USA, LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO ENFORCE COURT ORDER AT DOCKET ENTRY 212 AND FOR SANCTIONS**

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), hereby files its Notice of Supplemental Authority in support of its Motion to Enforce Court Order at Docket Entry 212 And For Sanctions against Plaintiff, BEYOND SYSTEMS, INC. ("BSI"):

1. BSI has been in continuous, open, and contemptuous violation of this Court Order's at DE 212 since its entry on April 12, 2010. *See* DE 232-233.

2. The Court's Order was based on the fact that BSI was conducting secret discovery using the discovery powers conferred upon it by the Federal Rules of Civil Procedure without allowing simple due process to WAUSA by providing notice of the content of subpoenas to WAUSA. *See* DE 212.

3. On the afternoon of May 21, 2010, WAUSA became aware that BSI was not only flouting the Court's Order at DE 212 by completely ignoring it, but also affirmatively endeavoring to violate the Court Order. Specifically, on May 21, 2010, a third party notified WAUSA that a Subpoena had been personally served upon it earlier that day. *See* Exhibit 1.

4. In violation of the Court Order at DE 212, notice of the issuance of the Subpoena

or its contents was *never* served upon WAUSA.

5. The Subpoena was signed on May 19, 2010, which is thirty-seven (37) days *after* the Court Order at DE 212, five (5) days *after* BSI promised in writing to comply with the Court Order at DE 212, and two days *after* WAUSA filed its Motion at DE 232 seeking sanctions for the very same conduct arising from the violation of the Court's Order at DE 212.  Thus, not only has BSI violated the Court Order at DE 212 again, but BSI has gone a step further and failed to even issue rudimentary notice of issuance of the Subpoena before it was served on the non-party.

6. WAUSA submits that given the pattern of conduct outlined herein and at DE 237, pp. 9-11, nothing short of severe sanctions and a Contempt Order will remedy this misconduct and deter further misconduct.

Dated:  May 21, 2010.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

  */s John L. McManus*
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477