AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
Southern District of Florida

Beyond Systems, Inc., Plaintiff

V.

World Avenue U.S.A., LLC, et al., Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08-cv-0921 (PJM)(CBD)

TO:  UPS Store No. 4441
     13762 W. SR. 84
     Davie, FL 33325

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A included with this Subpoena.

| PLACE   Cohen & Owens, P.A., 3801 Hollywood Blvd., Ste. 200, Hollywood, FL 33021 | DATE AND TIME  6/21/2010 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  (Attorney for Plaintiff) | DATE  5/19/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen H. Ring, Esquire, 506 Main Street, Suite 215, Gaithersburg, MD 20878  Telephone: 301-563-9249

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

The Definitions and Instructions that appear below form an integral part of the specific requests for the production of documents that follow, and must be read in conjunction therewith. It is expected that the Definitions and Instructions set forth will be followed in searching for and producing documents responsive to the specific requests for production. Where any defined word or phrase is used in a specific request for the production of documents, it is to be interpreted as defined.

## DEFINITIONS

1. The terms "YOU" and "YOUR" means the person to whom the attached subpoena is addressed and any of its former and current employees, agents, owners or successor entities, including any mail box stores located at this address under any other name.

2. "DOCUMENT" means all written or graphic matter including all writings, however produced or reproduced, of every kind and description, however denominated, in your actual or constructive possession, custody, care, or control, including, but not limited to the originals (or copies where originals are unavailable), of notices, correspondence, papers, including working papers, electronic mail (including any attachments), telegrams, telexes, facsimiles, notes, or sound recordings or other memorials of any type of personal or telephone conversations or of meetings or conferences, minutes of committee meetings, memoranda, inter- or intra-office communications, calendars, diaries, daily logs, records, reports, studies, estimates, surveys, written forecasts, analyses, contracts, licenses, agreements, charts, graphs, indexes, database or other electronic records, statistical records, data sheets, data processing cards, computer printouts, computer discs, videotapes, motion pictures, or things similar to any of the foregoing, however denominated.

    a. Document is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.

    b. A draft or other non-identical copy is a separate document within the meaning of this term. Any document bearing any marks which are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests.

    c. If a document responsive to this subpoena is or was created, manipulated and/or stored as in an electronic format, you are to produce the electronic document in its original electronic form on CD-ROM or DVD media along with a detailed description of the files produced.

    d. Documents are to be produced in their native form with metadata attached,(including System Meta-Data, Substantive Meta-Data, and Embedded Meta-Data) whenever the documents exist in that format. If documents are not available in the format just described, they may be produced in PDF Normal format (with searchable, copyable text) where

the original document has symbolic content; the original document should be converted into PDF Normal format in a manner that preserves the symbolic content. If the original document does not contain symbolic digital content (such as documents existing on paper only), the document shall be scanned if necessary and produced in PDF Image Only format. Paper format shall only be used where specified by the requester, and at the requester's expense.

3. The term "PERSON" means any natural person, legal entity, or business entity, including, but not limited to, any corporation, partnership, unincorporated association, joint venture, sole proprietorship, government agency, or any other organization or group of individuals.

4. The term "IDENTITY" means the name, company, address, telephone number, fax number, e-mail address or other identifying information for a particular PERSON.

5. The term "RELATING TO" means concerning, relating to, referring to, describing, evidencing, or constituting.

6. "WORLD AVENUE" shall mean and of the following entities: 1) World Avenue USA, LLC t/a "The Useful"; 2) TheUseful, LLC "a World Avenue Company;" 3) World Avenue Holdings, LLC; 4) Niupercent, Inc.; 5) Net Radiance, LLC; 6) World Avenue Management, Inc., f/k/a Niupercent, Inc.; 7) World Avenue IP, LLC; 8) World Avenue, LLC; 9) Apercent, LLC; 10) World Avenue (Bermuda) Limited Corp.; 11) Infrastructure International Limited Corp.; 12) World Avenue Services, LLC; 13) Intrepid Investments, LLC; 14) Right Mail Marketing, LLC; 15) Q Holdings, Inc; 16) Vente Holdings, Inc.; 17) Magnacent, LLC; 18) Ji Holdings, LLC,;19) Magdalen Holdings, Inc.; 20) Bravatas LLC.; 21) Iadexpress, LLC; 22) Gift Reward Center, LLC; 23) Outonthenet LLC; 24) Jinius, Inc., 25) WA-BVI, Ltd.; 26) Warwick Interactive, LLC; 27) Bristol Interactive, LLC; 28) Island Interactive, Inc., or any persons acting on their behalf; and all persons acting under the names, America's Top Brands; Consumer Incentive Promotions; Exclusive Gift Cards; Get Special Gifts; Gift Online; Hot Gift Zone; Incentive Reward Center; Mesa Media; My Choice Rewards; My Cool Rewards; National Survey Panel; ProductOpinionPanel; Superb Rewards; Top Consumer Gifts; Your Smart Rewards or eMarket Research Group).

7. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the requested topic all responses that might otherwise be construed to be outside its scope and are not to be interpreted in such a manner as to exclude any information within the scope.

8. The terms "all," "any" and "each" are to be construed as all, any and each.

9. All singular terms include the plural, and all plural terms include the singular.

10. The relevant time period for documents to be produced is January 1, 2004 to present.

## INSTRUCTIONS

A. These instructions and definitions should be construed to require responses based upon the information available to your counsel as well as additional attorneys, representatives, investigators, and others acting on your behalf.

B. Documents to be produced include documents, wherever located, in your possession, custody, or control.

C. You are to produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices.

D. If a responsive document is or was created, manipulated and/or stored as in an electronic format, it is to be produced in its original electronic form on CD-ROM or DVD media along with a detailed description of the files produced.

E. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

F. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you.

G. If you object to any subpart of a request for information or object to providing certain information requested, state the objection and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

H. If you are unable to produce a document or property requested, state in writing why you cannot produce the document or the property and, if your inability to produce the document or the property is because it is not in your possession or the possession of a person from whom you could obtain it, state the name, address, and telephone number of any person you believe may have the original or a copy of any such document or property.

I. If any of the following requests for documents cannot be answered in full after exercising due diligence to secure the requested documents, you shall so state and answer to the extent possible, specifying reasons for any inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If any answers are qualified in any particular manner, you shall set forth the details of such qualification.

## DOCUMENT REQUESTS PURSUANT TO SUBPOENA

### DOCUMENT REQUEST NO. 1

All DOCUMENTs RELATING TO any PERSON who has rented or otherwise contracted for, used, received mail at, retrieved mail from or received any authorization in connection with the following private mail box: 13762 W. SR. 84, Suite 612, Davie, FL 33325 since January 1, 2004, including but not limited to USPS Form 1583, change of address or name forms, and any other DOCUMENTS that the PERSON filled out or provided to obtain the use of the private mail box.

### DOCUMENT REQUEST NO. 2

All DOCUMENTS relating to all of YOUR private mail box numbers rented or used by any PERSON purporting to be, or to be associated with, WORLD AVENUE, including but not limited to USPS Form 1583, change of address or name forms, and any other DOCUMENTS that the PERSON filled out or provided to obtain the use of the private mail box.

### DOCUMENT REQUEST NO. 3

All DOCUMENTS relating to WORLD AVENUE.

### DOCUMENT REQUEST NO. 4

DOCUMENTS sufficient to identify the owners, subscribers, lessors or users of any private mail boxes listed with you under the names shown in the definition of WORLD AVENUE, above.