IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC, ET AL.** | * | |
| | * | |
| Defendants | * | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR
DETERMINATION OF TIMELINESS AND SUFFICIENCY OF INITIAL RULE 26(a)(2)
EXPERT DESIGNATIONS, AND/OR FOR EXTENSION OF TIME**

Defendant argues that Plaintiff has failed to make the showing required to avoid exclusion of expert testimony under FRCP 37(c)(1) and points to Carr v. Deeds, 453 F. 3d 593 (4th Circ. 2006). Defendant has apparently not read the motion. Key factors here are that the current discovery deadline of June 21, 2010 is unworkable and should be extended; discovery needed for expert evaluation is grossly incomplete; no trial date has yet been set; merits depositions have not yet begun; expert disclosures have been made; and there has been no prejudice.

As this Court has noted:

> Fifth, in determining whether or not the automatic exclusion provisions of Rule 37(c)(1) should be applied to exclude expert testimony, the court should consider four factors in assessing whether there was substantial justification for the failure to disclose or harmlessness to the opposing party: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice.

Sullivan v. Glock, 175 F.R.D. 497, 508 (D. Md. 1997). The exclusion of evidence is a severe sanction which the court may be reluctant to impose despite Rule 37(c)(1). Id. To enumerate the points: 1) expert testimony is important due to the technical nature of some elements of

Defendants' email-based marketing operation, which relies heavily on concealment of identities, using networks of marketers who download content for their email advertisements promoting Defendants' business, from Defendants; all of which is supported by the reports and affidavits cited in the emotion and attached to the complaints; 2) the new reports from Levine and Resnick were not produced because merits discovery was so far from complete that the reports will need to be heavily supplemented after discovery is completed, and because it appeared that a new schedule was imminent; 3) there is no prejudice by virtue of the timing of the disclosures now made, or the extension requested; and 4) no continuance of trial is needed because no trial date has been set.

Plaintiff attempted to schedule a merits deposition of Defendant WAUSA and received the following initial response:

> . . . Given the above, a deposition of World Avenue USA at this point is
> premature . . . we feel that such a deposition would be premature until the Court
> has ruled upon your Motion to File a Second Amended Complaint and disposition
> of any motions directed to the Second Amended Complaint."

Email from Mr. Saunders to Mr. Ring, April 19, 2010, attached. Defendant only tried to set a merits deposition of Plaintiff after the email above, after first objecting to Plaintiff's effort to take Defendant's deposition, and then attempted to claim 6 days of the narrow window left, for that purpose. Thus, merits depositions have not even begun. Each side also accuses the other of failing to produce documents, as shown by the pending motions to compel.

Defendant misreads <u>Carr v. Deeds</u>, 453 F. 3d 593 (4th Circ. 2006), which states in part:

> Rule 37(c)(1) provides that "[a] party that without substantial justification
> fails to disclose information required by Rule 26(a) . . . is not,
> unless such failure is harmless, permitted to use as evidence at trial,
> at a hearing, or on a motion any witness or information not so disclosed."
> Fed. R. Civ. P. 37(c)(1) (emphasis added). It is the burden
> of the party facing sanctions to show that the failure to comply was
> either substantially justified or harmless. See Southern States, 318

> F.3d at 596. The district court has "broad discretion to determine
> whether a nondisclosure of evidence is substantially justified or harmless."
> Id. at 597.
> . . .
> Plaintiff, however, did not serve a Rule 26(a)(2)(B) disclosure for Dr. Cooper by
> the February 1 deadline, and in fact never filed the requisite disclosure.
> and that he faxed a letter in response. However, plaintiff's
> counsel made no belated effort to obtain the requisite information or
> serve a disclosure for Dr. Cooper. Instead, plaintiff's counsel pointed
> to the reports of Dr. Cooper attached to the complaint and advised
> defense counsel that "[i]f you believe more is required perhaps you
> should review the information you provided regarding Dr. Fowler."
> J.A. 409. Three days later, plaintiff's counsel faxed a second letter to
> defense counsel advising that the "Plaintiff's Rule 26 documents are
> being copied and will be mailed to you tomorrow provided you agree
> to do the same with your Rule 26 documents." J.A. 418. Despite this
> representation, and the fact that defendants had filed and supplemented
> their expert disclosure two months earlier, plaintiff still did
> not serve a disclosure or forward any documents containing the
> required information.

453 F. 3d at 599.  Defendant misleads the Court by stating that <u>Carr</u> is "strikingly similar" to the instant case.  In <u>Carr</u>, the producing attorney failed to produce expert disclosures at all, despite impending trial and despite warnings from his adversary.  Here, disclosures have been made, discovery is ongoing, and no trial date has been set.

   There is no basis for excluding Plaintiff's experts.  When merits discovery has been completed, the experts on both sides will likely have substantial modification and/or supplementation to make.  Depositions of experts will likely follow the completion of merits discovery, far down the road.  There has been no prejudice, and substantial justice is served by permitting the expert designations to stand.

       /s/
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639


       /s/
Michael S. Rothman
E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*


### Certificate of Service

I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.


       /s/
Stephen H. Ring