**IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION**

| | |
|---|---|
| **BEYOND SYSTEMS, INC.** | * |
| | * |
| Plaintiff | * |
| | * |
| v. | *  **Case No. PJM 08 cv 0921** |
| | * |
| **WORLD AVENUE USA, LLC, ET AL.** | * |
| | * |
| Defendants | * |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR REISSUANCE OF SUMMONS TO DEFENDANT NIUNIU JI,
AND OPPOSITION TO MOTION TO DISMISS FOR LACK OF PROSECUTION**

Plaintiff, Beyond Systems, Inc. (BSI) files this memorandum as a reply in support of its Motion for Reissuance of Summons to Defendant Niuniu Ji (DE215), and in opposition to Defendant's Motion To Dismiss For Lack of Prosecution (combined opposition and motion at DE 227, supplement at DE 236).

Plaintiff's motion, memorandum and exhibits demonstrate Mr. Ji's intimate involvement with the operations of his marketing enterprise.  It would be unfathomable to suggest that he is unaware of this suit, and World Avenue indeed makes no such suggestion.  Rather, World Avenue relies on a rigidly formalistic analysis.

As Defendant points out, Mr. Ji has taken up residence in the U.S. Virgin Islands.  As Plaintiff's motion and its exhibits, including the materials from the Florida Secretary of State, make clear, the prosecution of the AG suit in Florida was hurried in order to get at least some satisfaction from a defendant who appeared to be absconding, choosing between two tax havens (Bermuda and the U.S. Virgin Islands).  Although he apparently maintained a residence in a

gated community in Florida and in the USVI for a time, it appears that he no longer maintains a residence in Florida.

The Court has clearly not elected to dismiss the claims against Mr. Ji *sua sponte* for failure to prosecute, as it is empowered to do under FRCP 4(m).  Even if the Court were to exercise that power, the rule first requires "notice" to the plaintiff, allowing an opportunity for the plaintiff to seek another chance at service.  And even if a dismissal were to issue, it would be without prejudice.

The delays in this case have been largely due to defendants' motions.  World Avenue Holdings, LLC. filed a motion to dismiss for lack of personal jurisdiction at the outset of the case in 2008, and a renewal of that motion remains pending as of this writing. The first scheduling order was issued on April 28, 2009 at DE 58, after the denial of a defense motion.  The first answer filed by defendants was the Answer to Amended Complaint at DE 76 on May 27, 2009.  Plaintiff filed a motion for leave to file second amended complaint on March 9, 2010 at DE 176, 177, which was essentially unopposed, but remains pending.  Discovery motions have been served by both sides, and merits depositions of the parties have not even begun.  A new modification of the scheduling order was issued on May 27, 2010 at DE 244.  Thus, the non-service of Mr. Ji has been a non-factor in the progress of this case.

Service by certified mail was accepted by two of the three originally named defendants, who share the same business address with Mr. Ji.  As a sophisticated businessman involved with his companies, and an experienced litigant, Mr. Ji should be expected to learn of the contents of the nearly identical packages, at least within the time it took for his repeated failures to respond to the notices on May 14 and May 23, 2008, as indicated on the envelope marked "unclaimed."

Certainly, during the course of this litigation Mr. Ji has become aware of the claims asserted against him.

A dismissal of the claims against Mr. Ji would force BSI to file a separate state action, which would likely be removed by the defendant(s), followed by a motion to consolidate, putting the chess pieces back on the same board, in this Court.  Nothing would be accomplished by such a detour.

In addition to the Federal Rules of Civil Procedure, the rules of at least two jurisdictions might be considered  for purposes of service of process. In addition to personal service, Florida allows service via certified mail as one means of substitute service.  Section 48.161, Florida Statutes (2004).  <u>Smith v. Leaman</u>, 826 So. 2d 1077, 1078 (Fla. 2d DCA 2002); Chapman v. Sheffield, 750 So. 2d 140, 142 (Fla. 1st DCA 2000).  Monaco v. Nealon, 810 So. 2d 1084, 1085 (Fla. 4th DCA 2002) (emphasis in original) (citations omitted); see also Valliappan v. Cruz, 871 So. 2d 1035, 1036 (Fla. 4th DCA 2004); Smith, 826 So. 2d at 1078; Chapman, 750 So. 2d at 142; Wyatt v. Haese, 649 So. 2d 905, 907 (Fla. 4th DCA 1995).   Factors to consider include whether "the failure of delivery of process was . . .  caused by the defendant-addressee's rejection of the mail and where such failure might have resulted from a cause not chargeable to the defendant . . . "  Smith, 826 So. 2d at 1078-79 (citations omitted).

Florida provides for substituted service as follows:

48.161  Method of substituted service on nonresident.--

(1)  When authorized by law, substituted service of process on a nonresident <u>or a person who concealshis or her whereabouts</u> by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or

before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or a deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer's return showing service shall be filed on or before the return day of the process or within such time as the court allows. The fee paid by the plaintiff to the public officer shall be taxed as cost if he or she prevails in the action. The public officer shall keep a record of all process served on him or her showing the day and hour of service. . . .

Under the rules of the Superior Court of the U.S. Virgin Islands, service is governed as follows:

Rule 27. Service of process; by whom and how served

(a) Service of all process shall be made in any part of the territory by the marshal of the court and such other persons authorized by law to serve such process, or such other officers or persons designated by the court. The persons so designated shall receive in payment for their services the statutory fees allowed therefor.

(b) The summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of Civil Procedure, provided, however, that reference in the said Rule to "United States Marshal or Deputy United States Marshal" shall be read instead "Marshall or Deputy Marshal of the Territorial Court of the Virgin Islands", and that all references to "United States or any officer or agency of the United States" shall be read instead "Virgin Islands or any officer or agency of the Virgin Islands".--Amended May 28, 1957; Oct. 14, 1994, eff. Nov. 16, 1994.

Explanatory Notes

Amendment of Rule 4 of the Federal Rules of Civil Procedure. An order of the District Court of the Virgin Islands dated May 16, 1983, provided as follows:

"By virtue of the power vested in the District Court of the Virgin Islands by Section 23 of the Revised Organic Act of 1954, 48 U.S.C. ' 1613, the "Federal Rules of Civil Procedure Amendments Act of 1982' (Public Law 97-462; January 12, 1983) amending Rule 4 of the Federal Rules of Procedure be, and the same is hereby made applicable to the Territorial Court of the Virgin Islands, effective June 1, 1983, PROVIDED, HOWEVER, that reference in the aforesaid Act to "United States Marshal or Deputy United States Marshal' shall be read instead "Marshal or Deputy Marshal of the Territorial Court of the Virgin Islands', and that all reference to "United States or an officer or agency of the United States' shall be read instead "Virgin Islands or an officer or agency of the Virgin Islands.'

"FURTHER ORDERED that section (2)(B)(i) of the aforesaid Act be amended to insert the words "or the laws of the Virgin Islands,' after the comma following ' 1915."

As World Avenue argues: In considering whether to dismiss an action pursuant to Rule 41(b), the Fourth Circuit requires courts to consider the following factors: (1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal. Davis v. Williams, 588 F. 2d 69 (4th Cir. 1978).  We disagree, however: these factors do not support dismissal of the claims against Mr. Ji under the circumstances of this case.  There is no prejudice; he is on notice; the refusal of service was his own doing; and the delays in this case have been from other causes.

      /s/
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639


      /s/
Michael S. Rothman
E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

## Certificate of Service

    I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.


      /s/
Stephen H. Ring