**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
**SOUTHERN DIVISION**

BEYOND SYSTEMS, INC.              )
                                 )
    Plaintiff                   )
    v.                          )          Case No.PJM 08 cv 0921
                                 )
WORLD AVENUE USA, LLC, et al. )
    Defendants                  )
_____ )

**DEFENDANT, WORLD AVENUE USA, LLC'S MEMORANDUM OF LAW IN**
**OPPOSITION TO PLAINTIFF BEYOND SYSTEMS, INC.'S**
**MOTION TO SEAL FILING AT DE 250**
**AND CROSS-MOTION TO HOLD PLAINTIFF IN CONTEMPT OF COURT.**

Defendant, WORLD AVENUE USA, LLC ("WAUSA") hereby files its Memorandum

Of Law In Opposition to Plaintiff, BEYOND SYSTEMS, INC.'s ("BSI") Motion to Seal Filing

At DE 250 [filed at DE 252] (the "Motion"), and also in support of its Cross-Motion to hold BSI

in Contempt of Court, and states:

    **I.**    <u>**Introduction**</u>.

On June 1, 2010, Plaintiff BSI filed its Motion to seal a self-serving 17-page piece of

correspondence authored by BSI regarding discovery.  The Motion should be denied because:  (i)

it is a violation of and in contempt of this Court's May 17, 2010 Order [DE 235] that the 70,000

E-Mails At Issue are not confidential and cannot be sealed; (ii) it is a violation and contempt of

this Court's August 29, 2009 Confidentiality Order and Local Rule 105(11); and (iii) it fails to

meet the heavy standard in the Fourth Circuit in order to shield documents from public scrutiny.

BSI should be held in contempt of Court for its open violation of the Court's Order entered on

May 17, 2010.

1

## II.   The Motion Is A Violation Of And A Contempt Of The May 17, 2010 Order Of This Court [DE 235].

On May 17, 2010, this Court ruled, after voluminous briefing, that the E-Mails At Issue were not confidential.  *See* DE 235.  On a Local Rule 104(7) conference held on May 20-21, WAUSA specifically inquired when BSI was going to comply with the Court's Order regarding its numerous sealed filings.   Notwithstanding this Court's clear and concise Order, BSI has openly and actively violated this Court's Order by again designating as Confidential the very materials that the Court already ordered were not Confidential.  Specifically, BSI designated its references on Pages 1, 2, 3, 6, 7, and 8 of its letter to the E-Mails At Issue as Confidential when the Court ordered that they are not Confidential.  BSI is in willful contempt of Court.

## III.   The Motion Is A Violation Of The August 29, 2009 Confidentiality Order And Local Rule 105(11).

BSI also violated this Court's August 29, 2009 Confidentiality Order by designating counsel-crafted correspondence as Confidential when the Confidentiality Order only covers "discovery materials."   The August 29, 2009 Confidentiality Order does not protect the correspondence because it provides that a party producing <u>discovery material</u> may designate <u>such material</u> as confidential "<u>only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information</u>."  (emphasis added).   By any stretch of imagination, a self-serving piece of correspondence injected into the record by BSI's own voluntary act is neither "discovery material" nor "sensitive personal information, trade secrets or other confidential research, development, or commercial information."

2

Because the letter is not "discovery material", BSI must meet the stringent standards of

Local Rule 105(11) – which BSI has failed to do.  Local Rule 105(11) states:

> Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection.

BSI has failed to even attempt to meet the standards of Local Rule 105(11), which requires

denial of its Motion.

### IV.    BSI Fails To Meet The Fourth Circuit Test To Seal Public Records.

BSI's blanket assertion of confidentiality over its self-serving correspondence fails to

meet the heavy requirements for sealing public records.  The Fourth Circuit has held that

"proceedings in civil cases are traditionally open" and that "[s]ealing the discovery process in

civil proceedings … sacrifices the traditional interest of the public in obtaining access to civil

proceedings…" *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D.  Md. 2009) (*quoting

Virginia Dep't of State Police v. The Washington Post*, 386 F.3d 567, 580 (4th Cir. 2004) and *In

re: Grand Jury Subpoena*, 836 F.2d 1468, 1475 n.11 (4th Cir. 1988)).  Indeed, this Court has

recognized that "the mere existence of a confidentiality order protecting confidential

information, does not guarantee a right to seal all documents claimed to be sensitive." *Minter*,

258 F.R.D. at 123.

The public has a strong interest in full and fair disclosure of BSI's activities.  This

District Court has recognized the public interest:

> This is not the type of sensitive business information or trade secrets that courts shield. What the movant is essentially saying-stripped to its essentials-is that it does not want the information it uses in defense of this case to be public, as it feels it would be detrimental to its financial interests in the business community. This urge for secrecy is incompatible with the public resolution of business

3

disputes in our open judicial system. Lawsuits and their conduct are of interest to Main Street and Wall Street. Simply because information revealed or used in litigation is arguably detrimental to the financial or business interests of a party does not make that information "sensitive" or a trade secret.

*Minter*, 258 F.R.D. at 124.

BSI has set forth no compelling interest that justifies the sealing of its self-serving correspondence. Indeed, the Court should accord no interest whatsoever to the proposed filing because BSI filed it in violation of Local Rule 104(5), which states:

> Unless otherwise ordered by the Court, written discovery requests, responses thereto, notices of service of discovery requests or responses, depositions, and disclosures under Fed. R. Civ. P. 26(a) (1) and (2) shall not be filed with the Court. The party propounding written discovery or taking a deposition shall be responsible for retaining the original copies of the discovery materials (including the certificates of service) and shall make them available for inspection by any other party .

If the parties are prohibited from filing discovery materials with the Court, *a fortiorari*, filing a letter describing routine discovery productions is not permitted either.

BSI's only conceivable interest is to shield its activities from discovery from other litigants. This issue has been decided adversely to BSI in this Court's May 17, 2010 Order [DE 235] which BSI has chosen to blithely ignore. Since BSI has filed in excess of twenty (20) actions falsely claiming to be injured by unsolicited commercial e-mail that in truth it actively seeks to receive, the public has a strong, compelling interest in delving into precisely the type of discovery correspondence that BSI now seeks to wrongfully seal from public view.

Moreover, WAUSA has been prejudiced by BSI's violation of the Court Order as since the Fall of last year when the E-Mails At Issue were produced, BSI's wrongful designation of the E-Mails At Issue as Confidential has hampered WAUSA's ability to present its case and communicate with third parties. The prejudice continues to date as BSI's flouting of this Court's

4

Order requires WAUSA to file further Motions with the Court to enforce that which the Court has set forth in clear and unambiguous language.

**WHEREFORE**, Defendant WORLD AVENUE USA, LLC respectfully requests that the Court enter an Order:  (i) denying the Motion to Seal; (ii) unsealing any sealed filings made unilaterally by BEYOND SYSTEMS, INC.; (iii) holding BEYOND SYSTEMS, INC. in Contempt of Court for violation of this Court's May 17, 2010 Order; and (iv) imposing sanctions for violation of the May 17 Court Order after the subject was already discussed in a Rule 104(7) conference; and (v) for such other and further relief as this Court deems just and appropriate.

Dated:  June 2, 2010.

5

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

__/s John L. McManus_____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

FTL 107717554v1 June 2, 2010