UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

June 2, 2010

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg Traurig
2101 L Street, NW, Suite 1000
Washington, DC 20037

John L. McManus, Esquire
Kenneth A. Horky, Esquire
Greenberg Traurig
401 E Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301

Re:  Beyond Systems, Inc. v. World Avenue USA, LLC.
     Civil Action No. PJM-08-921

Dear Counsel:

Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Plaintiff's Motion for Order to Compel Defendant Holdings to Provide Complete Jurisdictional Discovery ("Plaintiff's Motion")(Docket Item No. 138).[1] The Court has reviewed Plaintiff's Motion and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). The Court hereby GRANTS IN PART Plaintiff's Motion.

Plaintiff complains that Defendant has wrongly re-defined Plaintiff's definition of "You" as used in Plaintiff's discovery requests to Defendant. By way of example, in Plaintiff's request for documents it provides the following instruction number 8:

> 8.  YOU and YOUR is understood to mean defendants World Avenue Holdings, LLC ("WAH") including its predecessors, successors and/or assignees, as well as WAH's current employees,

---

1 The events leading up to Plaintiff's Motion are framed by Defendant World Avenue Holdings, LLC's ("Holdings") filing of a motion to dismiss. The Court deferred ruling on Holdings' motion to dismiss and allowed Plaintiff to pursue jurisdictional discovery. Interestingly, Defendant points out that the Court's intent in allowing additional jurisdictional discovery was to give Plaintiff more opportunity to file an opposition to Defendant's motion to dismiss. Plaintiff has filed its opposition and did not claim the need for additional information or a delay of the Court's ruling on the present motion. This alone appears to be a very strong basis to deny Plaintiff's Motion. Nonetheless, the Court will require a supplementation of discovery consistent with this Letter Order.

> attorneys, accountants, agents, affiliates, contractors, representatives, corporate affiliates, publishers, vendors, advertisers, ad networks, an/or anyone else over whom WAH directly controls, directs or employs.
>
> In its responses, Holdings re-defined "YOU" as follows:
>
> 1. Holding objects to the definition of "YOU" and "YOUR," on the grounds that it is overly broad, unduly burdensome and oppressive, and beyond the scope of the limited discovery, permitted by the Court's order dated July 14, 2009, to support BSI's supplemental opposition to Holding's motion to dismiss for lack of personal jurisdiction. . . . For purposes of responding to these jurisdictional interrogatory requests. Holdings understands the terms "YOU" and "YOUR" to mean Defendant World Avenue Holdings, LLC.

See Plaintiff's Motion, p. 2.

Plaintiff's definition is far too broad as framed in that it uses overly expansive language for the purpose of jurisdictional discovery. Plaintiff is, however, entitled to full discovery regarding Defendant's "agents." Equally true, Defendant's willingness to provide information under the definition is far too limited. The Court finds the Local Rules of the Court instructive on this issue. The Court requires Defendant to provide responsive information in the hands of its officers, directors, employees, agents, representatives and attorneys. See Appendix D, Standard Interrogatories, Local Rules of the United States District Court for the District of Maryland. Until the Court rules upon the jurisdictional issue, Defendant is not required to produce jurisdictional discovery held by "corporate affiliates" generally.

Defendant concedes that it was formed on July 1, 2006, and that one of its subsidiaries, World Avenue USA, LLC ("USA"), was formed on September 22, 2006. USA is engaged Internet marketing. Defendant provides management oversight to all of its subsidiaries, "high level coordination as to what the entities are trying to achieve in the marketplace," and developed a "Purchasing Policies and Procedures Manual" for their use. Defendant also holds meetings with managers of USA, regarding management, strategy and purchasing decisions. Plaintiff notes that Defendant shares a common office, and common officers or directors with USA, World Avenue Management, Inc., World Avenue IP, LLC, World Avenue Services, LLC, and The Useful, LLC. While the pantheon of corporate entities may be intriguing, the only identified potential parties of the present lawsuit are Holdings and USA.

In the present case, Plaintiff alleges that Defendant violated Maryland and Florida statutes regulating electronic mail.  This Court's authority is based upon diversity jurisdiction.  28 U.S.C. §1332.  A conflict of laws analysis results in this Court adopting the law of Maryland in deciding the applicable standards regarding jurisdictional issues involving a corporate parent and its related entities.

In a particularly relevant decision by the Honorable Alexander Williams, this Court seized upon the controlling law regarding Maryland corporations.  Iceland Telecom v. Information Systems and Networks Corp., 268 F. Supp. 2d 585, 589 (D. Md. 2003), involved a breach of contract by the parent company in which the plaintiff also sought to hold responsible an individual and a subsidiary corporation.  Neither the individual, nor the subsidiary, were parties to the contract.  The relationships between the target defendants were greatly intertwined.  When faced with the motion for summary judgment regarding the individual and the subsidiary corporation, the Court reasoned that neither were liable under a "piercing of the corporate veil" theory or agency law.  Under Maryland law, a parent corporation will not be liable for the debts and obligations of its subsidiary corporation in the absence of "fraud or the need to enforce a paramount equity."  Effectively, this piercing of the corporate veil has only been enforced under the fraud prong.  No fraud is alleged in the present case.  Even assuming that the Complaint relies upon statutes that are tantamount to claims of fraud, Maryland law will not support a piercing of the corporate veil on these facts.  See Bart Arconti & Sons, Inc. v. Ames-Ennis, Inc., 275 Md. 295, 310 (1975); Dixon v. Process Corp., 38 Md. App. 644, 654 (1978); and, Hildreth v. Tidewater Equip. Co., Inc., 378 Md. 724, 838 A 2d 1204 (2003).

Consistent with the current pleadings and arguments of counsel, a discussion regarding the remaining prong of liability under the principles of agency law is appropriate.  As present counsel are most intimately aware, Beyond Systems, Inc. v. Realtime Gaming Holding Co., LLC, 388 Md. 1, 878 A.2d 567 (2005) provides the operative definitions for agency principles and their applications to holding companies.  Borrowing from the Restatement (Second) of Agency § 1, cmt. (1958), the court noted that an agency relationship "is a legal concept which depends upon the existence of required factual elements: the manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking and the understanding of the parties that the principal is to be in control of the undertaking."  Id., at 582.  Additionally, the court will look to the following factors: "(1) The agent's power to alter the legal relations of the principal; (2) The agent's duty to act primarily for the benefit of the principal; and (3) The principal's right to control the agent."  Id., at 583.  In doing so, the court will look to the totality of the circumstances, not necessarily the presence of all factors.  To the extent Plaintiff is seeking information relating to these principles of agency, Plaintiff is entitled to said information.  See also, Myland Laboratories, Inc. v. Akzo, N.V., 2 F.3d 56 (4th Cir. 1993); and Burns & Russell Co. of Baltimore v. Oldcastle, Inc., 198 F. Supp. 2d 687 (D. Md. 2002).

Plaintiff's reliance on Billman v. State of Maryland Deposit Ins. Fund Corp., 88 Md. App. 79, 593 A. 2d 684 (1991) is misplaced.  In Billman, Crysopt Corporation ("Crysopt") was

challenging the Court's exercise of personal jurisdiction. Crysopt was a holding company controlled by Billman. Through Crysopt and other holding companies, Billman and Crysopt caused tortious injury to Community Savings and Loan, Inc., ("CSL"). CSL wrongly paid monies to the holding companies, which in turn deposited huge amounts into the account of Crysopt. There was no issue concerning the Court's exercise of jurisdiction over Billman, and it was alleged that Billman used Crysopt to violate his fiduciary duty to CSL. In doing so, the Court reasoned that "Crysopt was acting in Maryland to the same extent that Billman was. The nexus here between the contacts supporting an exercise of personal jurisdiction and the nature of the action brought is extremely strong. . . . There was personal jurisdiction over Crysopt." Id. at 689 (internal citation omitted).

In Billman it is clear that the holding company was used as the instrument of the tortious events. While Crysopt had subsidiaries with significant Maryland property, the Court's reasoning relied upon the "nexus here between the contacts . . . and the nature of the action," that is, the tortious activity involving Billman's use of Crysopt, not the Court's power to exercise general jurisdiction over Crysopt due to any consistent and continuous activities within the state. Plaintiff's claim in the present case is far more attenuated. Should it be determined that Holdings was directing USA to conduct activities that violate the laws regarding unsolicited electronic mail, such would be a parallel to the "nexus" concerns in Billman. Plaintiff is entitled to discovery of how Holdings may "direct" the activities of USA regarding electronic mail.

On the present facts, Plaintiff is limited to jurisidictional discovery regarding Defendant, as well as Defendant's agency relationship to USA. Defendant correctly states that the gist of the jurisdictional discovery permitted by the Court relates to the relationship between Defendant and USA. To allow otherwise, would in effect permit unlimited discovery on the question of jurisdiction in that Plaintiff could make inquiries about the relationships between Defendant and all of its subsidiaries, as well as all of the activities of every subsidiary regardless of factual underpinnings of the present case. On the present facts, Plaintiff has two options. First, Plaintiff may discover information about Holdings for the Court to exercise general jurisdiction over Holdings or specific jurisdiction arising out of the activities alleged in the Complaint. Second, Plaintiff may discover information to demonstrate an agency relationship between Holdings and USA, that justifies the exercise of jurisdiction over Holdings. See Md. Code Ann., Cts. & Jud. Proc., §6-103; Beyond Systems, Inc. v. Keynetics, Inc., 422 F. Supp. 2d 523 (D. Md. 2006); and Beyond Systems, Inc. v. Kennedy Western University, DKC 2005-2446, 2006 WL 1554847, at *5 (D. Md. May 31, 2006).

In light of the Court's clarification of Plaintiff's definitions, Defendant is required to supplement all discovery within 21 days. Holdings shall produce responsive information for the entire periods requested. In all other respects, Plaintiff's Motion is denied.[2] Despite the

---

2   The Court previously granted Defendant's Motion to Quash Plaintiff's Amended Notice of Fed. R. Civ. P. 30(b)(6) Corporate Deposition under Docket Item #183.

*Beyond Systems v World Avenue*
June 1, 2010
Page 5 of 5

informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

        Very truly yours,

        /s/

        Charles B. Day
        United States Magistrate Judge

CBD/bab