**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
Southern Division

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No. PJM 08-cv-0921 |
| | * | |
| **WORLD AVENUE U.S.A., LLC** | * | |
| successor by merger to **NIUTECH, LLC.**, | * | |
| dba "The Useful"et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO DEFENDANT WORLD AVENUE U.S.A., LLC's MOTION TO ENFORCE ORDER AT DE 212 AND FOR SANCTIONS.

Plaintiff BEYOND SYSTEMS, INC. ("BSI"), by and through undersigned counsel, files the instant Memorandum of Law in Support of Its Opposition to Defendant WORLD AVENUE USA, LLC's ("WAUSA") Motion to Enforce Order at DE 212, and for Sanctions. As discussed more fully below, Defendant's motions should be denied pursuant to Rules 37, 45, and the Local Rules. Defendant argues that Plaintiff's compliance with the Court's Order at DE 212 was untimely or not timely enough for its tastes. However, Defendant's selective memory regarding the events preceding the present motion are both misleading and disingenuous.

Defendant made no meaningful effort to resolve this matter with the Plaintiff before involving the Court in its petty dispute. Instead, Defendant issued edicts and demanded compliance without regard for the fact that Plaintiff had already responded to

1

its prior requests – numerous times.  As Plaintiff has fully complied with all aspects of the Order at DE 212 in a prompt and reasonable fashion and under any interpretation, Defendant's claims are without merit and its motion denied.

**[DE 212] CBD Order (4/12/10) re:  WAUSA MOTION TO QUASH EIGHTY-FIVE (85) UNKNOWN SUBPOENAS [DE 157]**

On April 12, 2010 at DE 212, the Court issued an order containing the following language :

> Plaintiff shall provide a listing of all non-party subpoenas issued, the status of production for each non-party, and a summary of any discussions held regarding the efforts to obtain the requested materials subsequent to the service or attempted service of each subpoena.  Plaintiff shall also produce copies of all original subpoenas with attachments issued to all non-parties.  For any non-party who has not responded to Plaintiff's subpoena, Plaintiff shall immediately notify said non-party that the Court has quashed the subpoena and that they should not produce the requested material.  Plaintiff is not prohibited from seeking the same material, but must do so in full compliance with the rules of procedure as suggested herein.  Plaintiff shall produce to all parties complete copies of materials received in response to any subpoena issued.

**I.     Plaintiff's May 21st Letter to Defendant.**

On May 21st, just four days after the present motion was filed, Plaintiff attempted one last time to avoid briefing the present motion.  *See* **Exhibit A** (and attached exhibits). In that letter, undersigned counsel described the efforts it had made to comply with the Court's April 12th Order at DE 212.  In that letter, Plaintiff noted its efforts to keep the Defendant informed as to the non-party subpoenas it issued, as well as the results.  These efforts included the following :

1.  On December 29, 2009, Plaintiff served a Notice of Issuance of Subpoenas to Non-Parties For Production of Documents without Deposition."  *See* Exhibit A-1

[DE 157-1], attached as an exhibit with the present letter. The list contained the names of non-parties whom BSI intended to issue subpoenas for production of documents without deposition. BSI also attached to the Notice a copy of a subpoena to Tiggee, LLC (aka DNSMadeEasy.com). *See* Exhibit A-1 [DE 157-1].

2. On February 1, WAUSA counsel McManus certified that he sent by email to Plaintiff's counsel a Request for Copies. *See* Exhibit A-2 [DE 157-2], attached as an exhibit with the present letter.

3. On Feburary 3 (not two days later), WAUSA, filed a Motion to Quash 85 Unknown Subpoenas. *See* DE 157.

4. On February 8 (***three business days later if you don't count the intervening weekend***) BSI produced copies of all the previously served subpoenas to WAUSA counsel of record by email as well as a Notice of Response to Defendant WAUSA's Request for Copies filed not seven days earlier. *See* Exhibit A-3 [Rothman 02/08/10 email to all WAUSA Counsel of Record sending copies of served subpoenas and Notice], attached as an exhibit with the present letter.

5. On February 23, BSI filed its Opposition to WAUSA's Motion to Quash, in which it also attached a copy of the Notice. *See* Exhibit A-4 [DE 167-1], attached as an exhibit with the present letter.

6. Twenty-three (23) subpoenas were previously served, and the remainder remained <u>unserved</u> prior to the filing of the Motion to Quash 85 Unknown Subpoenas. Plaintiff did not serve the remainder of the subpoenas prior to the entry of the Court's Order, as stated in the email and certified to by the Notice. *See* Exhibit A-4 [DE 167-1].

7. On April 7, 2010, Plaintiff sent WAUSA by email copies of the Notice and Subpoenas for Documents sent to Enom, Western Digital, and Computer Spirit. *See* Exhibit A-5 [Rothman 04/07/10 email], attached as an exhibit with the present letter. These were the first subpoenas sent by the Plaintiff after Defendant's Request for Copies was sent on February 7th.

8. The file attached to the April 7, 2010 email (Exhibit A-5) contained a copy of the Notice of Production of Documents without Deposition, as well as the three Subpoenas noted in the Notice. *See* Exhibit A-6 [Notice of Production of Documents without Deposition].

9. On April 12, the Court issued the Order at DE 122.

10. WAUSA continued to send letters on April 15, 29, and May 13 seeking compliance with the Court's Order at DE 122, although Plaintiff, by and through counsel, had previously communicated the requested information.

11. I attempted to avert yet another WAUSA motion on a Friday afternoon, by emailing Mr. Saunders of my intention to respond to any remaining concerns when I got back to town Monday morning. *See* Exhibit A-7.

12. Nevertheless, bright and early Monday morning, before BSI or I had a chance to respond more fully as promised the prior Friday afternoon, WAUSA filed its Motion to Enforce [DE 232].

*See* **Exhibit A** (and associated exhibits).

## II.     Status Update

In the May 21st letter, Plaintiff went to the additional steps of including: (1) a Status Update Chart of all subpoenas sent; (2) re-sending all documents Plaintiff had previously received pursuant to all non-party subpoenas in the case to date; and (3) notifying all original subpoena recipients by letter (whether previously contacted or not) that they should not send any documents pursuant to the previously issued subpoena. *See* **Exhibit A** (and associated exhibits). Nevertheless, Defendant has refused to withdraw the present motion. *See* **Exhibit B**.

As the Court noted in its Order at DE 212, "the 1991 Advisory Committee Notes make clear that the intent of the notice is to provide 'other parties the opportunity to object . . . or to serve a demand for additional documents.'" BSI was not attempting to conduct any secret discovery program, as there could be nothing to gain. Defendant received copies of all subpoenas issued once it sought a Request for Copies. Plaintiff has repeatedly fought for open discovery throughout this entire discovery period. Defendant,

on the other hand, has zealously fought to compartmentalize its operations to shield them from view by the Plaintiff. It is hypocritical of the Defendant to demand openness from the Plaintiff while simultaneously limiting Plaintiff's discovery.

In any case, WAUSA's rights to object or to serve a demand for additional documents were never jeopardized, and Defendant's Motions should be denied. The Local Rules admonish that a Motion for Sanctions should not be filed as a matter of course. *See* L.R. 105.8. Unfortunately, Defendant has chosen to do just that with the filing of the present motion.

## Conclusion

For all these reasons, Plaintiff respectfully requests that this Court deny Defendant World Avenue USA, LLC's motion for entry of an order enforcing DE 212, as well as an award of sanctions for attorney's fees and costs, and such other relief requested.

Respectfully submitted,

_____/s/_____
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249

_____/s/_____        \_\_\_06/03/10\_\_\_\_\_
Michael S. Rothman, Esq.                            Date
401 E. Jefferson Street
Suite 201

Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

## Certificate of Service

    I certify that a copy of the foregoing documents was served on this 3rd day of June 2010, via the ECF system, on all counsel of record.

        /s/
    Michael S. Rothman