## IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC. )
        )
 Plaintiff    )
 v.      )   Case No.PJM 08 cv 0921
         )
WORLD AVENUE USA, LLC, et al.)
 Defendants   )
_____)
         )
WORLD AVENUE USA, LLC, )
         )
 Third Party Plaintiff, )
         )
         )
HYPERTOUCH, INC. and JAMES )
JOSEPH WAGNER,   )
         )
 Third Party Defendants, )
         )
         )
_____)

### THIRD PARTY PLAINTIFF WORLD AVENUE USA, LLC'S ANSWER TO THE THIRD PARTY DEFENDANTS' COUNTERCLAIMS

Third Party Plaintiff, World Avenue, USA, LLC (hereinafter referred to as "WAUSA"), by and through its undersigned counsel answers the Counterclaims of Third Party Defendants Hypertouch, Inc. and James Joseph Wagner ("Third Party Defendants"), as set forth below.

### ANSWER

1. WAUSA admits that Beyond Systems sued Third Party Plaintiff WAUSA.

2. WAUSA admits that it filed claims against Third Party Defendants for Contribution and Indemnification, and denies the remaining allegations of Paragraph 2.

3. WAUSA admits that Third Party Defendants have answered, and denied the remaining allegations of Paragraph 3.

1

4.      WAUSA denies Paragraph 4.  WAUSA denies that Third Party Defendants are entitled to any of the relief set forth in the *ad damnum* clause.  Unless otherwise stated above, the allegations of the Counterclaims are denied.

## AFFIRMATIVE DEFENSES

Subject to its Reponses to the allegations set forth in Third Party Defendants' Counterclaims, and without waiving its right to raise additional defenses at a later time, WAUSA identifies the following affirmative defenses to Third Party Defendants' claims against WAUSA.

## AFFIRMATIVE DEFENSE No. 1

The Third Party Defendants' Counterclaim fails to state a claim upon which relief may be granted.

## AFFIRMATIVE DEFENSE No. 2

The Third Party Defendants lack standing to bring a claim.

## AFFIRMATIVE DEFENSE No. 3

WAUSA did not send, initiate, or assist in the transmission of the emails at issue in this case, or conspire to initiate the transmission of such e-mails.

## AFFIRMATIVE DEFENSE No. 4

Third Party Defendants claim is barred because Plaintiff has sued the wrong party in bad faith, without substantial justification because Plaintiff knew or should have known that WAUSA did not send, initiate, or assist in the transmission of the emails at issue in this case, or conspire to initiate the transmission of such e-mails.

## AFFIRMATIVE DEFENSE No. 5

All or some portions of the Plaintiff's claim or the statutes on which Plaintiff bases its claims, and all or some portions of the Third Party Defendants' Counterclaim, are preempted by

2

the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. §§ 7701 *et seq*.

### AFFIRMATIVE DEFENSE No. 6

Third Party Defendants' claims are barred, in whole or in part, by the doctrine of laches.

### AFFIRMATIVE DEFENSE No. 7

Third Party Defendants' claims are barred, in whole or in part, by the doctrine of waiver.

### AFFIRMATIVE DEFENSE No. 8

Third Party Defendants' claims are barred, in whole or in part, by the doctrine of estoppel.

### AFFIRMATIVE DEFENSE No. 9

Third Party Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands.

### AFFIRMATIVE DEFENSE No. 10

Third Party Defendants' claimed injury is self-inflicted.  In addition, if any damages have resulted, Third Party Defendants failed to mitigate.

### AFFIRMATIVE DEFENSE No. 11

Third Party Defendants' claims are barred, in whole or in part, by the applicable statute of limitations.

### AFFIRMATIVE DEFENSE No. 12

To the extent that any of the subject emails contain any representations, such representations are rendered immaterial as a matter of law and, therefore, non-actionable, by disclosures contained within the body of the email and accompanying links.

3

## AFFIRMATIVE DEFENSE No. 13

To the extent that any of the subject emails contain any representations, WAUSA did not transmit or procure the transmittal of the E-Mails At Issue and is not responsible for any deceptive or misleading information in said emails.  WAUSA cannot be held liable for the unilateral acts or omissions of independent third parties.

## AFFIRMATIVE DEFENSE No. 14

Plaintiff is not a Maryland Interactive Computer Service Provider under Maryland Commercial Law Code §§ 14-3001, *et seq.*, and Third Party Defendants are not California Interactive Computer Service Providers under California law or the Communications Decency Act.

## AFFIRMATIVE DEFENSE No. 15

Plaintiff and Third Party Defendants are not Interactive Computer Services under the Florida Electronic Communications Act, Section 668.60 *et seq.*

## AFFIRMATIVE DEFENSE No. 16

Third Party Defendants' claim is barred because Plaintiff's claims under the Florida Electronic Communications Act, Section 668.60 *et seq.* are barred to the extent that the emails were not sent from a computer in Florida.  Conversely, Plaintiff's claims under Maryland Commercial Law Code §§ 14-3001 *et seq.* are barred to the extent that the emails were not sent to Maryland, but instead to California or elsewhere.

## AFFIRMATIVE DEFENSE No. 17

Third Party Defendants' claim is barred because Plaintiff's claims for relief under the Florida Electronic Communications Act, Section 668.60 *et seq.* and Maryland Commercial Law Code §§ 14-3001 *et seq.* are barred to the extent that the penalties contained therein and the

application thereof, facially and as applied, violate the Due Process clause of the United States Constitution and the Florida Constitution.

## AFFIRMATIVE DEFENSE No. 18

Third Party Defendants' claim is barred because Plaintiff's claim under the Florida Electronic Communications Act, Section 668.60 *et seq*. is precluded to the extent that WAUSA did not either substantially assist or support the transmission of any email that violated the Act, and was without knowledge, actual or imputed, that any third party was engaged or about to engage in an act or practice that violated the Act.

## AFFIRMATIVE DEFENSE No. 19

Third Party Defendants and Plaintiff voluntarily accepted receipt of some or all of the emails at issue in the Amended Complaint, because its business objective is to facilitate the receipt of alleged unsolicited e-mails for the purpose of filing lawsuits to secure money based on such emails.  Based on the foregoing and other conduct and activities to be determined during the course of this action, any and all violations and/or damages claimed by Plaintiff were caused, in whole or in part, by Plaintiff's own conduct, by the conduct of persons or entities with regard to whom Plaintiff is legally responsible, and/or by the conduct of persons or entities with regard to whom WAUSA is not legally responsible, and not by any alleged conduct on the part of WAUSA.

## AFFIRMATIVE DEFENSE No. 20

Third Party Defendants and Plaintiff coordinated efforts to facilitate the receipt of the E-Mails At Issue in the Amended Complaint, and their mutual business objective is to generate the purported basis to file lawsuits and secure money from lawsuits based on such emails.   Based on the foregoing and other conduct and activities to be determined during the course of this action,

5

any and all violations and/or damages to Plaintiff and Third Party Defendants were caused, in whole or in part, by Third Party Defendants' and Plaintiff's own conduct, by the conduct of persons or entities with regard to whom WAUSA is not legally responsible, and not by any alleged conduct on the part of WAUSA.

### AFFIRMATIVE DEFENSE No. 21

Third Party Defendant and Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative negligence or fault or contributory negligence.

### AFFIRMATIVE DEFENSE No. 22

Third Party Defendants and Plaintiff are not recipients under Maryland Commercial Law Code Sections 14-3001 *et seq*.

### AFFIRMATIVE DEFENSE No. 23

Third Party Defendants' claim is barred because Third Party Defendants, Plaintiff, and Paul A. Wagner, individually, conspired to manufacture and churn spam litigation and to concoct this lawsuit against WAUSA. Plaintiff, in conjunction with Third Party Defendants, sued the wrong party in bad faith without substantial justification because Plaintiff, together with Third Party Defendants, knew or should have known that WAUSA did not transmit, conspire to transmit, or assist in the transmission of the E-Mails At Issue.

**WHEREFORE,** Third Party Plaintiff WAUSA requests entry of judgment in its favor, an award of its attorneys' fees and costs, and such other and further relief as this Court deems appropriate.

6

Dated: June 4, 2010.

Respectfully submitted,

GREENBERG TRAURIG, LLP


/s/ John L. McManus_____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
Nicoleta Burlacu, Esq.
New York Bar No. 4570305
(Admitted *Pro Hac Vice*)
GREENBERG TRAURIG, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
202-331-3100
202-331-3101

Attorneys for World Avenue USA, LLC

--and--

Kenneth A. Horky, Esq.
Florida  Bar No. 691194
(Admitted *Pro Hac Vice*)
John L. McManus
Florida Bar No. 0119423
(Admitted *Pro Hac Vice*)
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

7