**IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC, ET AL.** | * | |
| | * | |
| Defendants | * | |

**PLAINTIFF'S MOTION TO AMEND REPLY MEMORANDUM AT DE 202**

Plaintiff filed a motion to compel non-party DNSMadeEasy, LLC to produce documents pursuant to a subpoena for production of documents, at DE 166. DNS responded at DE 184. Plaintiff filed a reply memorandum at DE 202.

The full name of DNS' filing at DE 184 is "NON-PARTY DNSMADEEASY.COM LLC'S OPPOSITION AND MEMORANDUM OF AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT AND FOR SANCTIONS AND MOTION TO QUASH." In that memorandum, at p. 3, DNS defines the phrase, "Motion to Quash" as the motion to quash filed by Defendant World Avenue USA, LLC (DE 159), and essentially repeats the same arguments that were made in that motion, without differentiating between arguments by way of opposition, or arguments for affirmative relief. Plaintiff filed an opposition (DE 169, 168) to World Avenue's motion, and the Court ruled at DE 213.

Plaintiff's reply memorandum at DED 202, and its initial motion to compel DNS at DE 166, state Plaintiff's arguments on the issues addressed in DNS' combination opposition/motion. In order to remove any doubt as to whether DNS' motion is ripe for a ruling, BSI wishes to add

the words, "and Opposition to Motion to Quash" to the title of the reply memorandum at DE 202.

The Court ruled on the same issues addressed in DNS' filing at DE 184 in its ruling on World Avenue's motion to quash. (Motion at DE 159; order at DE 213.) Plaintiff has filed a motion for reconsideration (DE 217) as to the order at DE 213 seeking to expand the scope of the documents beyond those pertaining to a list of 41 domain names, reserving its right, meanwhile, to enforce the subpoena at least as to the narrowed scope.

After the order at DE 213, Plaintiff asked DNS to produce the documents under the subpoena as modified by the ruling. DNS produced 23 pages on May 27, 2010, and copies were provided to Defendant's counsel. Plaintiff contends the production is incomplete. Due to the stalemate over production of documents by DNS, in May, 2010 BSI noted the deposition of DNS for June 1, 2010, and as a safety measure, also for June 21, 2010, both depositions to require production of essentially the same documents sought in the December 29, 2009 subpoena as modified by the ruling at DE 213.

DNS announced its intention not to appear for the deposition on June 1, 2010, relying in part on its "still pending" motion to quash, which was directed exclusively at document production under the December 29, 2009 subpoena. Thus, DNS is arguably in contempt. Plaintiff's motion to compel DNS at DE 166 seeks sanctions and a finding of contempt, but in view of what appeared to be progress in working toward a cooperative solution, BSI withdrew its request for sanctions for non-production of documents in its reply at DE202. Now, the production remains incomplete, and the need for enforcement under Plaintiff's motion remains. Still, based on discussions with DNS's counsel, Plaintiff prefers to work toward a cooperative solution rather than seek sanctions.

It is uncertain at this point whether DNS intends to appear for the deposition set for June 21, 2010. No motion for protective order has been filed as to that deposition, and there is no agreement that any of the prior motions addressing the December 29, 2009 document subpoena would apply to the deposition. Plaintiff now relies on a notice to depose DNS on June 21, 2010 that has been properly served on DNS, and counsel for the parties are properly on notice.

The undersigned wrote a letter to the court (DE 248) seeking a ruling on Plaintiff's motion to compel at DE 166. The instant motion is intended to provide a more complete request for relief, and to cure any lack of ripeness as to the motion at DE 166.

Plaintiff's counsel has requested the consent of counsel for Defendants and counsel for DNS, for the amendment sought in this motion. As of this writing, the undersigned is not aware of any response stating consent.

For all of the above reasons Plaintiff moves for an order amending the title of the reply memorandum at DE 202 to read: "PLAINTIFF'S MOTION TO COMPEL NON-PARTY DNSMADEEASY.COM, LLC TO RESPOND FULLY TO SUBPOENA FOR DOCUMENT PRODUCTION, AND FOR CONTEMPT, AND FOR SANCTIONS<u>; AND OPPOSITION TO MOTION TO QUASH,</u>" with the newly added wording indicated by underlining, and further requests that the reply memorandum be treated as Plaintiff's opposition to the motion to quash that was part of DNS' dual filing at DE 184.

/s/

Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639

/s/

Michael S. Rothman
E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

**Certificate of Service**

I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.

/s/

Stephen H. Ring