IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC.　　　　) | |
| 　　　　　　　　　　　　　　) | |
| 　Plaintiff　　　　　　　　　) | |
| 　v.　　　　　　　　　　　　) | Case No. PJM 08 cv 0921 |
| 　　　　　　　　　　　　　　) | |
| WORLD AVENUE USA, LLC, et al.) | |
| 　Defendants　　　　　　　　) | |
| _____) | |

**DEFENDANT, WORLD AVENUE USA, LLC'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby moves for partial summary judgment on Count One of the Amended Complaint filed by Plaintiff, BEYOND SYSTEMS, INC. ("BSI") on grounds set forth in its Memorandum of Law.

Defendant WAUSA is entitled to summary judgment on Count I of BSI's Amended Complaint because the pleadings, the Depositions of Alton K. Burton, William J. Wagner, and Paul A. Wagner, and the Declarations of Sanford M. Saunders, Jr., Nolan Church, Jason Levin, Jozef Przygrodzki, and Neal Krawetz, Ph.d being filed herewith conclusively show that there is no genuine issue of material fact and WAUSA is entitled to judgment as a matter of law. Specifically, WAUSA is entitled to judgment as a matter of law that none of the e-mails that are the subject of this case (the "E-Mails At Issue") were sent to an electronic mail address that is held by a resident of Maryland.

BSI's claim in Count I is predicated on an alleged violation of the Maryland Commercial Electronic Mail Act, Maryland Code, *Commercial Law*, § 14-3001 et seq. The touchstone of liability under MD-CEMA is that an electronic mail be "sent to an electronic mail address that the sender knows or should have known is *held* by a *resident* of the State of Maryland." *Id.*

1

(emphasis added).

Specifically, WAUSA is entitled to judgment as a matter of law that neither BSI nor any of the fictitious electronic mail addresses in the E-Mails At Issue qualify as residents of Maryland. BSI's operations, if any, are conducted from Paul A. Wagner's residence in Washington, D.C., rather than the collection of mail drop boxes, mail forwarding agents, and empty offices with a computer that BSI claims are its "offices." *See Hertz Corp. v. Friends*, 130 S. Ct. 1181, 1192 (2010). Moreover, because the electronic mail addresses in the E-Mails At Issue are fictitious, non-existent, or unused accounts, such electronic mail addresses cannot qualify as Maryland "resident[ts]" as a matter of law. Finally, BSI itself cannot claim to be a Maryland recipient of any E-Mail At Issue. BSI's claimed ownership of the hypertouch.com domain and other domains, including castalia.net and linkcenter.net, which comprise the vast majority of the domains used in the electronic mail addresses in the E-Mails At Issue, is a sham.

**WHEREFORE**, Defendant WORLD AVENUE USA, LLC respectfully requests that the Court enter an Order granting summary judgment on Count I of the Amended Complaint against Plaintiff BEYOND SYSTEMS, INC. and for such other and further relief as this Court deems just and appropriate.

Dated: June 11, 2010.

        Respectfully submitted,

        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        /s/ *(N.B.)*
        Sanford M. Saunders, Jr., Esq.
        USDC, MD # 4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone: 202-331-3100
        Facsimile: 202-331-3101

        --and--

        Kenneth Horky, Esq.
        Florida Bar No. 691194
        horkyk@gtlaw.com
        John L. McManus, Esq.
        Florida Bar No. 0119423
        mcmanusj@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, P.A.
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, FL 33301
        Telephone: 954-765-0500
        Facsimile: 954-765-1477