# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC.      ) | |
| ) | |
|     Plaintiff,      ) | |
| ) | |
| v.      ) | Case No. 8:08-cv-00921 (PJM) (CBD) |
| ) | |
| WORLD AVENUE USA, LLC, *et al.* ) | |
| ) | |
|     Defendants.      ) | |

## DEFENDANT WORLD AVENUE USA, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO FOURTH REQUEST FOR PRODUCTION

Defendant World Avenue USA, LLC ("WAUSA") hereby submits its Memorandum of Points and Authorities in Support of its Motion to Compel Production of Documents Responsive to Fourth Request for Production issued to Plaintiff Beyond Systems, Inc. ("BSI"), and states:

## I. INTRODUCTION

More than two (2) years ago, BSI, a serial spam litigator, filed this case against WAUSA seeking in excess of $100 Million based on WAUSA's alleged transmission to it of approximately 68,300 unsolicited commercial electronic mails that purportedly violate Maryland and Florida law.[1] In its Amended Complaint, BSI alleged that it is an "[i]nteractive computer service provider" or an "[i]nteractive computer service" that enables "multiple users to access computer servers and a variety of services simultaneously." *See* DE 34, p. 10, ¶ 27. BSI further alleged that it "operates specialized computers with a dedicated connection to the Internet ("servers") that process email messages and otherwise support its email services to multiple

---

[1] Maryland Commercial Electronic Mail Act, Section 14-3001 *et seq*. ("MD-CEMA"), and the Florida Electronic Mail Communications Act, Section 668.60 *et seq*., Fla. Stat. ("FL-CEMA").

users at the same time." *Id.*, ¶ 28.  In its public filings, as an attempt to support its claimed status as an interactive computer service or interactive computer service provider, BSI has openly and repeatedly disclosed the names of its claimed clients.  *See* Declaration of Paul A. Wagner filed 2/23/10 in *Beyond Systems v. World Avenue USA, LLC*, Case No. 08-civ-0921 (D. Md.), DE 168 (disclosing 7 client names and supposed services for clients); *Beyond Systems, Inc. v. Kraft Foods, Inc.*, Civil Action No. PJM-08-0409 (D. Md.) ("*Kraft* Action"), DE 295-42, p. 5, ¶ 15 (disclosing 13 client names and purported services for clients); Declaration filed 2/7/05 in *Beyond Systems, Inc. v. Keynetics*, Inc., Civil Action No. PJM-04-00686 (D. Md.), DE 65-2 (disclosing 13 client names and claimed services for clients); Affidavit signed 1/24/04 in *Beyond Systems, Inc. v. Aesop Marketing Corp.*, Case No. 248499V (Montgomery County Circuit Court) (disclosing 13 client names and supposed services for clients).  By definition, because BSI openly published the names of its so-called customers in court papers, discovery regarding those purported "customers" is relevant.

To test these assertions, WAUSA served non-party subpoenas on a number of BSI's so-called customers, and not surprisingly, the vast majority of these so-called customers stated that they had no documents or did not know BSI.  *See, e.g.*, Exhibits I, M, and N.  The remaining BSI "customers" produced documents about Hypertouch, Inc., but not BSI.  *See, e.g.*, J, K, and L.  As a result, WAUSA served the Fourth Request for Production upon BSI, seeking the production of documents showing the rendition of these services to these same so-called "customers" of BSI. *See* Exhibit A.

After lodging a barrage of objections to each document request, BSI then represented that it would be producing responsive documents as to most of the document requests.  *See* Exhibit B.  BSI has produced *no* responsive documents.  Even if it did, it would be unclear how

2

BSI had narrowed that production due to its barrage of objections levied at each request. Moreover, BSI has repeatedly violated Rule 34 by failing to produce documents in the ordinary course of business or label them to correspond to the categories of the request. BSI's objections should be overruled, and BSI should be forced to produce responsive documents. If BSI is unwilling to provide responsive documents, BSI's claims against WAUSA should be dismissed. Accordingly, for these reasons and those addressed below, WAUSA respectfully requests that the Court overrule BSI's objections, and order BSI to produce responsive documents to the Fourth Request for Production. The Court should also issue an award of sanctions pursuant to Rule 37 because even if BSI produced documents after the service of the Motion, such production would only be due to the service of the Motion.

## II. ARGUMENT

**A.** **BSI Should Be Compelled To Provide Responsive Documents to WAUSA's Avenue's Document Requests.**

### 1. BSI'S GENERAL OBJECTIONS ARE IMPROPER

### OBJECTIONS TO DEFINITIONS

\*\*\*

2. BSI objects to the definition or use of "Hypertouch" insofar as the definition or use is not limited to Hypertouch, Inc. or includes persons or entities not known to BSI.

3. BSI objects to the definitions of "person(s)" as vague, ambiguous and overly broad. BSI further objects to the extent "person(s)" encompasses natural persons or entities not within the control of BSI.

4. BSI objects to the definitions of "defendant," "World Avenue" or "WAUSA" to the extent the definitions include persons or entities not known to BSI.

5. BSI objects to the definition of the word "identify" as unduly burdensome. BSI further objects to the extent it purports to impose upon BSI obligations beyond those set forth in the Federal Rules of Civil Procedure and/or applicable case law.

## OBJECTIONS TO INSTRUCTIONS

1.      BSI objects to the Instructions to the extent that they purport to impose upon BSI obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Maryland and/or applicable case law.

2.      BSI objects to the Instructions to the extent they are vague, ambiguous, overly broad, unduly burdensome, oppressive, and/or not reasonably calculated to lead to the discovery of admissible evidence.

## GENERAL OBJECTIONS TO DOCUMENT REQUESTS

1.      BSI objects to the Document Requests to the extent they purport to impose upon BSI obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Maryland and/or applicable case law.

2.      BSI objects to the Document Requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, oppressive, and/or not reasonably calculated to lead to the discovery of admissible evidence.

***

5.      BSI objects to these Document Requests to the extent that they seek any information the production of which would violate any guaranteed right of privacy afforded to third parties by law, rule or regulation.

6.      BSI objects to the Document Requests to the extent they seek information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or any other doctrine or privilege.

7.      BSI objects to the Document Requests to the extent that they seek any information the production of which would violate any right of privacy afforded to third parties by law, rule or regulation.

8.      BSI objects to these Document Requests to the extent that they seek discovery concerning Hypertouch, Inc and thereby seek to evade applicable limitations on discovery in the Beyond Systems, Inc. v. World Avenue USA, LLC, et al. matter.

9.      BSI objects to these Document Requests to the extent that they seek documents prior to the date range specified in the Agreement Regarding Discovery of Electronically Stored Information ("ESI Agreement").

***

## WAUSA'S ARGUMENT AS TO GENERAL OBJECTIONS

Pursuant to Rule 34(b)(2), Fed. R. Civ. P, the grounds for objecting to a document request must be stated with specificity. Additionally, the courts have held general objections to discovery requests, e.g., overbroad, vague, ambiguous, and unduly burdensome, are improper because they are not sufficiently specific to allow a court to ascertain the objectionable character

4

of discovery requests, nor does a general objection fulfill a party's burden to explain its objection.[2]

BSI, as the party resisting discovery, must show specifically how each document request is deficient based upon each asserted objection, e.g., what extraordinary effort is required to respond to an interrogatory designated "overbroad" or "unduly burdensome."  See Local Rules, Discovery Guideline 10(e).  Plaintiff's mere repetition of "general objections" in response to each document request does not cure this defect and magically convert the same words into a viable specific objection.  Plaintiff must demonstrate the applicability of each objection within the context of each document response in which it is asserted.  BSI fails to do so.

In particular, BSI's objections that all document requests seek information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, other related doctrines or privileges, or rights of privacy are insufficient.  BSI has not identified the specific privilege or privacy rights applicable to a specific responsive fact, the requisite facts to establish the asserted privilege, or the nexus between the right and the responsive information.  *See* Fed. R. Civ. P. 26(b)(5); Local Rules, Discovery Guideline 10(d).  Moreover, in the *Kraft* Action, the Court has limited any "common interest privilege" to "privileged communications occurring between December 1, 2004 and May 30, 2005, regarding the litigation against KWU [Kennedy-Western University] and Gevalia, are also protected from discovery under the common interest rule."  *See Kraft* Action, DE 344, attached as Exhibit C.

The Response objects to the time frame of the Request based on the Agreement Regarding Discovery of Electronically Stored Information ("ESI Agreement").  *See* General

---

[2] *See e.g.*, *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996); *Chubb Integrated Sys. Ltd. v. National Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984).

Objections, ¶ 9.  To be clear, the ESI Agreement does not limit the discovery time frame in other, unrelated discovery.  Section C.1 of the ESI Agreement provides for a time frame for discovery titled "Initial Disclosures," but that time frame does not apply to Rule 34 Requests for Production.

Finally, Plaintiff's general objections to the document requests on the grounds that they seek discovery concerning its sister company and alter ego, Hypertouch, Inc. ("Hypertouch"), are inapposite because a) BSI has no basis to withhold information it has regarding the party that appears to have forwarded the overwhelming majority, if not all, of the so-called "Emails at issue" to BSI so that BSI could sue on them; b) Hypertouch is a party to this case and c) BSI and Hypertouch maintain a special relationship driven by familial bonds and an co-dependent business model.  For example, Plaintiff has attested to how Hypertouch and BSI implemented a protocol for rerouting the Emails at issue to BSI, how BSI has access to Hypertouch's servers, and how Hypertouch has performed "click-throughs" on certain frequently appearing links and tried to tie such emails to Defendants.  Hypertouch, an active participant in creating the claims being litigated in this case, is clearly relevant and BSI should produce information it has in its possession, custody and control.  Based on the relationship between them, including admissions that it has certain types of administrative access to Hypertouch's servers, BSI should be deemed to have possession, custody and control over Hypertouch's files and servers and in any event should be compelled to produce every single responsive item in its possession, custody or control.  Accordingly, Plaintiff's general objections should be overruled.

## 2.   WAUSA'S DOCUMENT REQUESTS REGARDING THE PRINCE HANOI HOTEL.

**WAUSA'S DOCUMENT REQUEST 2:**

All documents evidencing services rendered by BSI to the Prince Hanoi Hotel, including Prince Hanoi Hotel I, II, and III, and showing that the Prince

Hanoi Hotel is aware that BSI, as opposed to Hypertouch, is rendering said services.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome. Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation. Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the grounds that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that Defendant has not identified any compelling reason why its request for this information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S ARGUMENT ON DOCUMENT REQUEST 2:**

Request 2 asks about a purported major "customer" of BSI, the Prince Hanoi Hotel in Vietnam. As support for its claimed status as an interactive computer service, BSI has submitted a Declaration of Paul Wagner that "BSI provides upstream connectivity for the websites belonging to businesses named … Prince I and Prince II Hotels in Vietnam (at http://www.princehanoihotel.com). This means BSI hosts the servers on high-speed lines that enable these and other businesses to acquire and transact with customers." *See* DE 168, ¶ 5; *see also* DE 295-42 in *Kraft* Action, p. 4, ¶ 13. Despite its deliberately injecting its own purported customer into the case as a reason to find that BSI is an interactive computer service, BSI objects that the request is not relevant and invades unspecified confidentiality and privacy concerns.

The request for documents relating to the Prince Hanoi Hotel is directly relevant as

BSI's sister company and *alter ego* Hypertouch, Inc., has testified that it -- not BSI -- is the company with the Prince Hanoi Hotel as its customer. *See* Arbitration Award in *In the Matter of Arbitration between Hypertouch, Inc. v. Stamps.com*, p. 10, attached hereto as Exhibit D. Indeed, Hypertouch's own website *currently* claims that Prince Hanoi Hotel is *its* customer. *See* http://www.hypertouch.com/index2.html ("'*We* liked the place so much, *we* made their *first* website…' *They* have recently upgraded *their* on-site internet capabilities, so drop on in and drop them a line") (emphasis added).

More importantly, the facts put the lie to Wagner's claim that he currently provides internet services to the Prince Hanoi Hotel. The claimed website of http://www.princehotelhanoi.com, is a non-functional website from which no customer could interact with the hotel. *See* Figure 1 below for screen shot of Prince Hanoi Hotel at http://www.princehotelhanoi.com.



Figure 1: Screenshot of http://princehotelhanoi.com.

8

If an internet user tries to book a room on the bogus http://www.princehotelhanoi.com site, then it only allows the internet user to select a room for the year 2005 or the year 2006.   *See* Figure 2 below for screen shot of Prince Hanoi Hotel registration page at http://www.prince hotelhanoi.com/booking_room.html.



Figure 2:   Screen Shot of http:princehotelhanoi.com/booking_room.html with extended drop-down box for the only years that a customer can book a room at the hotel.

The *real* website for the Prince Hotels I, II, and II is http://hanoiprincehotel.com, and, as shown in Figure 3, the website is fully functional.   *See* Figure 3.   That website is not hosted in any way that is apparent by BSI or Hypertouch.



Figure 3:  Screen Shot of http:hanoiprincehotel.com.

From the foregoing, it should be clear that documents relating to BSI's supposed rendition of services to the Prince Hanoi Hotel -- injected into the case by BSI's own Declaration filed in this Court under penalty of perjury, are directly relevant.  BSI has asserted that it would produce responsive documents, but it has produced none.  Even if the documents were produced, those documents would still be produced subject to the objections.  Without a Court Order overruling the objections, WAUSA could never be certain what BSI was obligated to produce.  Given Paul Wagner's sworn statement that BSI actually provides Internet connectivity to the Prince Hotel (*see* DE 168, ¶ 5), the

Defendants' defense that BSI is not a real ISP, but rather a sham company pretending to have customers it does not have in order to pretend to be an ISP, and the apparent falsity of Paul Wagner's sworn statement given the evidence demonstrated above, BSI should be required to produce every single responsive item in its possession, custody or control.

3.     **WAUSA'S DOCUMENT REQUESTS REGARDING THE KHALACHI DOCUMENTS AND THE INVOICE-MAILING DOCUMENTS.**

**WAUSA'S DOCUMENT REQUEST 21:**

A copy of the front and back of the check, credit card receipt, cash receipt, or wire transfer for the payments of any invoice to Keivan Khalachi.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request on the ground that it is duplicative of other Requests herein.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S DOCUMENT REQUEST 22:**

A copy of the first invoice rendered to Keivan Khalchi by BSI.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that

it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request on the ground that it is duplicative of other Requests herein.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

### WAUSA'S ARGUMENT ON DOCUMENT REQUESTS 21 AND 22:

WAUSA's request 21 seeks documents showing the payments by one Keivan Khalachi, whom BSI claims is its "customer."  In response to a Rule 45 Subpoena that WAUSA was unable to serve upon Khalachi because he evaded service, BSI produced an incomplete set of documents purportedly from Khalachi.  See, e.g., Exhibit E.



Specifically, the documents included an ▬▬▬▬▬▬▬▬▬▬ where BSI pays for the right to list the address – but conducts no business operations there.  Id. ▬▬▬▬▬▬▬▬▬▬. Id.  Curiously, BSI produced no proof of payment. ▬▬▬▬▬▬▬. BSI's meritless objections should be overruled, and full production should be compelled.

### WAUSA'S DOCUMENT REQUEST 23:

All documents showing the address from which BSI mails invoices and the address to which BSI directs "customers" or "clients" to direct payments.

### BSI'S  RESPONSE:

BSI objects to this Request on the grounds that it is vague, overbroad, compound, and unduly burdensome.  Furthermore, BSI objects to the Request on the grounds that BSI is a Maryland corporation and cannot "mail" invoices.

12

Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege.  Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential.  Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S ARGUMENT ON DOCUMENT REQUEST 23:**

BSI claims that it is a Maryland-based interactive computer service provider and that the e-mail addresses at issue are owned by residents of Maryland.  WAUSA's request 23 seeks production of documents showing the address from where BSI issues its invoices to customers, and the address to which the customers are directed to remit payment.  This is directly relevant to whether BSI is a Maryland interactive computer service provider.

 9501 Anchorage Place, Bethesda, Maryland, which is the address that is listed by BSI as its "Principal Office."  *See* Exhibit E.  The Court will no doubt recall BSI's desperate attempt to prevent the deposition of Alton K. Burton, the owner of 9501 Anchorage Place, which is listed as BSI's "Principal Office" in Maryland.  .  Instead, that is the office

.  *See* Composite Exhibit F, Deposition Transcript of Alton K. Burton, pp. 31, lines 21-22; p. 32, lines 1-3.  .  *Id.*, pp. 42, lines 21-22, p. 43, lines 1-8.  .  *Id.*

13

██████████████████████████████████████████. *Id.*, p. 86, lines 16-18.  Burton has never ███████████████████████████████████.  *Id.*, p. 86, lines 3-8.  In fact, Burton did not know ████████████████████████ ███████████████.  *Id.*, p. 88, lines 7-15.

As if that were not enough, Wagner approached if not crossed the line between truth and perjury in a September 22, 2004 deposition taken in this Court in which he claimed that it was Burton who helped send the invoices – ████████████████████████:

Q:    Is there anyone else who might do it [send out invoices for BSI]?
A:    I have an accountant.  He may well have sent invoices as well.
Q:    Who is this accountant.
A:    His name is Alton Burton.
* * *
Q:    And you believe Mr. Burton may on occasion send out invoices on behalf of Beyond Systems?
A:    Or at least have assisted in one way or another.

Deposition of Paul Wagner taken September 22, 2004 in *Beyond Systems, Inc. v. Dynamic Life Products, Inc.*, p. 43, lines 5-10; p. 44, lines 6-9, attached as Exhibit G.

All of this raises the critical question of why BSI is going to such extreme lengths to make it appear as though it is operating out of Maryland including issuing phony invoices ████████████████████████████████████████████████ ███████████████████████████.  The Court should overrule the objections, and order immediate production of responsive documents.

4.        **WAUSA'S DOCUMENT REQUESTS REGARDING ST. LUKE'S HOUSE.**

**WAUSA'S DOCUMENT REQUEST 9:**

All documents evidencing services rendered by BSI to St. Luke's House including documents showing the last date of said services, if any.

14

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this Request on the grounds that Defendant has not identified any compelling reason why its request for this information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S DOCUMENT REQUEST 10:**

All documents showing all power outages of St. Luke's House or other service interruptions within the last four (4) years in which it relied on secondary domain services provided by BSI.

**BSI'S RESPONSE:**

Plaintiff further objects to this Request in that "documents showing all power outages" is vague and nonsensical.  Plaintiff further objects in that the term "St. Luke's House" is undefined as an entity and necessarily does not correlate with the phrases "power outages" or "other service interruptions." Plaintiff further objects in that Defendant is seeking documents in the hands of third parties not subject to BSI control.

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this Request on the grounds that Defendant has not identified any compelling reason why its request for this

15

information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S ARGUMENT ON DOCUMENT REQUESTS 9 AND 10:**

WAUSA's document requests 9 and 10 seek information relating to BSI's alleged provision of services to St. Luke's House, a mental health facility. BSI builds the majority of its case around its supposed provision of internet services to St. Luke's House and claims that St. Luke's House has 219 employees that BSI provides services to as an interactive computer service. BSI submitted a Declaration of Paul Wagner on February 18, 2010 and again on February 23, 2010 claiming that St. Luke's House is a major customer of BSI, and that: "In cases of equipment failure or inclement weather BSI has connected St. Luke's House to the Internet and/or delivered its email. BSI also supports the IT department at St. Luke's House during emergencies to help restore service. BSI has assisted St. Luke's this way during two known outages in the past 5 months alone." *See* DE 168, ¶ 7; *Kraft* Action, DE 295-42, p. 5, ¶ 15.

Despite its direct injection of the relevance of St. Luke's House into this action, BSI objects to relevance and the definition of "St. Luke's House" and "outages" even though it was BSI's President who used those terms under pain of perjury in his Declaration. *See* DE 168, ¶ 7. The documents sought are directly relevant because -- contrary to Paul Wagner's Declaration -- St. Luke's House responded to a Rule 45 Subpoena and denied that it had any documents relating to any services that BSI supposedly provided to it. *See* Subpoena and Subpoena Response attached as Exhibits H and I. The Subpoena specifically requested: "[a]ll Documents relating to BSI, Wagner, or Hypertouch serving as a primary and/or

16

secondary web and/or e-mail server for you [St. Luke's House]."  *See* Exhibit H.  For this same reason, BSI's continuing effort to maintain the charade through its assertion that WAUSA is "seeking documents in the hands of third parties not subject to BSI control" is sanctionable because BSI knows that St. Luke's House has no such documents.  *Id.*, Exhibits H-I.

**5.      WAUSA'S    DOCUMENT    REQUEST    REGARDING PRONTO LABELS.**

**WAUSA'S DOCUMENT REQUEST 11:**

All correspondence and e-mails between you and Julienne Correa/Pronto Labels reflecting the Pronto Labels/Julienne Correa actually know or have knowledge that BSI, as opposed to Hypertouch, is providing services to Pronto Labels/Julienne Correa including, invoices by BSI, payments to BSI, correspondence acknowledging that BSI is a provider, contracts, and agreements.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, compound, overbroad, and unduly burdensome.  Plaintiff further objects to the Request on the grounds that it requests documents in the possession, custody, or control of third parties.  Plaintiff further objects on the grounds that the Request cannot be answered by Plaintiff because it inquires about subjective knowledge of a third person or party.

Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney- client privilege, attorney work product doctrine, or other related doctrine or privilege.  Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential.  Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request on the ground that it is duplicative of other Requests herein.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S DOCUMENT REQUEST 12:**

All documents reflecting services rendered by BSI to Pronto Labels/Julienne Correa, including documents showing the last date of said services, if any.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request on the ground that it is duplicative of other Requests herein.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S ARGUMENT ON DOCUMENT REQUEST 12:**

WAUSA's document requests 11 and 12 seek documents relating to a claimed BSI customer, Pronto Labels and its owner, Julienne Correa.  BSI publicly injected Pronto Labels into the case by filing a Declaration of Paul Wagner claiming that BSI "provides upstream connectivity for the websites belonging to businesses named Pronto Labels (at http://www.prontolabels.com...This means BSI hosts the servers on high-speed lines that enable these and other businesses to acquire and transact with customers."  *See* DE 168, ¶ 5; *see also Kraft* Action, DE 295-42, p. 4, ¶ 13.  Despite having itself made Pronto Labels a relevant customer and publicly disclosing the name of the so-called customer, BSI objects that the Request invades rights of privacy, violates unspecified confidentiality agreements, and is burdensome.

18

The Pronto Labels documents are clearly relevant to disproving that BSI is an interactive computer service, or for that matter has any customers.  Hypertouch itself claims that Pronto Labels is its customer -- *not* BSI.  *See* http://www.hypertouch.com/index2.html. In fact, according to documents produced by Pronto Labels in response to a subpoena issued by WAUSA, Hypertouch had:  (i) Pronto Labels sign an Affidavit in favor of Hypertouch in an arbitration against Stamps.com; (ii) Pronto Labels produce records of its relation with Hypertouch in the Stamps.com arbitration; (iii) Pronto Labels produced a record showing a after-the-fact payment to Hypertouch for two years of service.  *See* Exhibit J, K, and L, attached hereto.  Thus, the Pronto Labels and Julienne Correa documents are clearly relevant.  BSI has claimed it would produce documents, but has produced nothing, and even if it did produce documents, WAUSA would have no clarity as to BSI's obligation to produce due to the number of objections.  For this reason those objections should be overruled, and BSI ordered to produce all responsive documents.

### 6.   WAUSA'S DOCUMENT REQUEST REGARDING C3 STATS.

**WAUSA'S DOCUMENT REQUEST 13:**

All documents reflecting services rendered by BSI to C3 Stats, including documents showing the last date of said services, if any.

**BSI'S RESPONSE:**

Plaintiff further objects to this Request on the grounds that it is unaware of an entity whose legal name is "C3 Stats."

Furthermore, BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege.  Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential.  Plaintiff objects to this Request on the ground that it is

19

irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff has no responsive documents.

**WAUSA'S ARGUMENT ON DOCUMENT REQUEST 13:**

WAUSA's document request 13 seeks documents concerning BSI's supposed customer, C3 Stats. Similarly, in its Response to Request 13, BSI asserts that it does not know who C3 Stats is, despite Paul Wagner having signed a Declaration on February 7, 200**5** under penalty of perjury that C3 Stats was a customer for whom BSI provided internet access. *See* Declaration of Paul Wagner dated 2/7/05 filed in *Beyond Systems, Inc. v. Keynetics*, DE 65-2 ("BSI has provided the services listed above for numerous clients including the following: …C3Stats, located in Fulton, New York; provided Internet access (server co-location) and DNS service, and email service, for multiple users"). BSI claims that it has no responsive documents, yet five (5) full years ago Paul Wagner swore under oath this entity was BSI's customer.

In fact, in response to a Rule 45 Subpoena issued in this action, C3 represented: "There has been no communication between C3 and BSI since January 1, 2000" – which is more than five (5) years before BSI's President, Paul Wagner, swore that C3 was its customer. *See* Exhibit M. It is precisely these type of objections that have been levied by BSI in this case that enable BSI to concoct an imaginary world of customers who do not know they are customers, while filing false representations before the Court regarding these so-called customers, and then hiding from discovery of the truth under a blizzard of objections. The Court should overrule all the objections and let the Defendants get to the truth.

20

### 6.      WAUSA'S DOCUMENT REQUEST REGARDING FLYBUDDIES.

**WAUSA'S DOCUMENT REQUEST 15:**

All documents reflecting services rendered by BSI to Flybuddies, including documents showing the last date of said services, if any.

**BSI'S RESPONSE:**

Plaintiff further objects to this Request on the ground that it is unaware of an entity known by the name of "Flybuddies."

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome. Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation. Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff has no responsive documents.

**WAUSA'S ARGUMENT ON DOCUMENT REQUEST 15:**

In its Response to Request 15, BSI pretends that it does not know who "Flybuddies" is, despite Paul Wagner having signed a Declaration on February 7, 2005 under penalty of perjury that Flybuddies is BSI's client for whom he "provided Web hosting, DNS and email services for multiple users." *See* DE 65-2, ¶ 8 in *Keynetics* Action ("BSI has provided the services listed above for numerous clients including the following: … Flybuddies, located in Virginia; provided Web hosting, DNS and email services for multiple users"). For this reason alone, the Court should overrule BSI's unsubstantiated objections, compel production, and issue sanctions for BSI's false representation.

### 7.   WAUSA'S DOCUMENT REQUEST REGARDING YOUNG WOMEN'S CHRISTIAN HOME.

**WAUSA'S DOCUMENT REQUEST 17:**

All documents reflecting services rendered by BSI to Young Woman's Christian Home, including all documents showing the last date of said services, if any.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request on the ground that it is duplicative of other Requests herein.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S DOCUMENT REQUEST 18:**

All documents showing that Young Woman's Christian Home actually knows that BSI is providing services to it.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request on the ground that it is duplicative of other Requests herein.

Plaintiff further objects to the Request to the extent that it requires Plaintiff to attempt to divine what knowledge another person has about BSI's services.

Subject to the foregoing objections, including the General Objections above, which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff has no responsive documents.

**WAUSA'S ARGUMENT ON DOCUMENT REQUESTS 17 AND 18:**

BSI places a central focus of its case on its supposed provision of services to the Young Woman's Christian Home. BSI refers back to services rendered in the early 2000's: "BSI provisioned and maintained high-speed wireless Internet access and business services for the Young Woman's Christian Home, a non-profit organization housing 120 residents, through 2004…BSI now provides occasional technical support for the network administration, such as wireless router and DNS issues." *See Kraft* Action, DE 295-42, ¶ 12; *Keynetics* Action, DE 513-3, p. 3, ¶ 8; Affidavit signed 1/24/04 in *Beyond Systems, Inc. v. Aesop Marketing Corp.*, Case No. 248499V (Montgomery County Circuit Court). Yet, in response to a Subpoena in this action, the Young Woman's Christian Home had ***no*** responsive documents. *See* Exhibit N. The Court should overrule all of BSI's unsubstantiated objections and order immediate production of documents as BSI has produced nothing.

**8.      WAUSA'S   DOCUMENT   REQUEST   REGARDING BARCROFT HUMAN POWER VEHICLES.**

**WAUSA'S DOCUMENT REQUEST 19:**

All documents reflecting services rendered by BSI to Barcroft Human Power Vehicles.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome. Plaintiff further objects to this Request

23

to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request on the ground that it is duplicative of other Requests herein.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S ARGUMENT ON DOCUMENT REQUEST 19:**

BSI relies on its purported relationship with "Barcroft Human Power Vehicles" to attempt to show that it is an interactive computer service provider.  In a February 2005, filing BSI claimed Barcroft Human Power Vehicles as a client.  *See* DE 65-2, ¶ 8 in *Keynetics* Action.  As recently as February 18, 2010, Paul Wagner signed a Declaration claiming that its "[c]lients have included..a custom bike shop."  *See* Declaration of Paul A. Wagner filed 2/23/10, DE 168, ¶ 4; *Kraft* Action, DE 295-42, p. 4, ¶ 11.   In response to a Rule 45 Subpoena in this action, Barcroft Human Power Vehicles conceded that BSI's services ended at the end of 2004 -- six years before Wagner signed his Declaration claiming it as a customer.  *See* Exhibit O.  Based on Wagner's palpable misrepresentations, the Court should overrule the objections, and order immediate production of documents.

9.   **WAUSA'S   DOCUMENT   REQUEST   REGARDING ALEXANDER FESHENKO D/B/A EAST REPUBLIC.**

**WAUSA'S DOCUMENT REQUEST 8:**

All documents evidencing services rendered by BSI to Alexander Feshenko d/b/a East Republic, including documents showing the last date of said services, if any, and all documents showing the 'facilities enabling" Feshenko to send weekly newsletters.

24

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome. It also makes requests for two sets of documents, and will be treated as two separate requests for purposes of the cap on discovery requests pursuant to agreement between the parties. Plaintiff further objects to this second Request on the grounds that the word "facilities" as used in the Request is not defined and cannot be narrowly construed as it is used in the context of the Request. Furthermore, the Response assumes facts not in evidence and presupposes information that is not within the knowledge of Plaintiff.

Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation. Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that Defendant has not identified any compelling reason why its request for this information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents to the first request in this compound Request. Those documents produced will be dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S ARGUMENT ON DOCUMENT REQUEST 8:**

In Request 8, WAUSA sought documents regarding the elusive[3] Alexander Feshenko d/b/a East Republic. BSI injected the relevance of Feshenko into the case when he signed his Declaration on February 18, 2010 under penalty of perjury averring that BSI provided "*facilities enabling a DC area events planner d/b/a "East Republic" to send weekly newsletters to over 3,600 recipients.*" *See Kraft* Action, DE 295-42, pp. 4-5, ¶ 14 (emphasis added). Amazingly, despite its own Declaration, BSI objects to the Request for information relating to the elusive

---

[3] WAUSA's repeated attempts to obtain these documents by serving the witness with a subpoena have been unsuccessful because the witness cannot be located.

Alexander Feshenko as "assum[ing] facts not in evidence and presupposes information that is not within the knowledge of Plaintiff" and objects to the definition of the word "facilities" used in its own Declaration.   Without further ado, BSI should be compelled to produce responsive documents regarding its supposed services rendered to Feshenko.

### 10.   WAUSA's DOCUMENT REQUESTS REGARDING OTHER PURPORTED BSI "CUSTOMERS."

**WAUSA'S DOCUMENT REQUEST 3:**

All documents evidencing services rendered by BSI to WEPA Productions, including documents showing that last date of said services, if any.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation. Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this Request on the grounds that Defendant has not identified any compelling reason why its request for this information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows:  Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S DOCUMENT REQUEST 4:**

All documents evidencing services rendered by BSI to Salsa Web, including documents showing the last date of said services, if any.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome. Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation. Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the grounds that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that Defendant has not identified any compelling reason why its request for this information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows:  Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S DOCUMENT REQUEST 5:**

All documents evidencing services rendered by BSI to Motorola, including documents showing the last date of said services, if any.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome. Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation. Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the grounds that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that Defendant has not identified any compelling reason why its request for this information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S DOCUMENT REQUEST 6:**

All documents evidencing services rendered by BSI to IBM, including documents showing the last date of said services, if any.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that Defendant has not identified any compelling reason why its request for this information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S DOCUMENT REQUEST 7:**

All documents evidencing services rendered by BSI to NASD, including documents showing the last date of said services, if any.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this Request on the grounds that Defendant has not identified any compelling reason why its request for this

28

information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S DOCUMENT REQUEST 14:**

All documents reflecting services rendered by BSI to Exhibits, Inc., including documents showing the last date of said services, if any.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S DOCUMENT REQUEST 16:**

All documents reflecting services rendered by BSI to Jason Venner or Matthew McQueen, including documents showing the last date of said services, if any.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege. Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential. Plaintiff objects to this Request on the ground that it is irrelevant and seeks

29

information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties.

**WAUSA'S ARGUMENT ON DOCUMENT REQUESTS 3-7, 14, AND 16:**

WAUSA's document requests 3-7, 14, and 16 seek documents relating to WEPA Productions, Salsa Web, Motorola, IBM, NASD, Exhibits, Inc., Jason Venner and Matthew McQueen. In a February 2005 Declaration, Paul Wagner directly injected the relevance of the majority of these entities by asserting customer relationships with these companies as a hallmark of BSI's ISP [internet service provider] status. *See* Declaration filed 2/7/05 in *Beyond Systems, Inc. v. Keynetics*, Inc., Civil Action No. PJM-04-00686 (D. Md.), DE 65-2 (disclosing 13 client names and claimed services for clients, including IBM, NASD, St. Luke's House, Exhibits, Inc., WEPA Productions, and Motorola). BSI again raised the relevance of these entities in a February 18, 2010 Declaration in which he claimed that BSI's customers included "Fortune 500 companies", among others. *See Kraft* Action, DE 295-42, ¶ 6(f) ("Salsaweb/WEPA Productions"); ¶ 6(a) ("IBM, the NASD and Motorola, to advising St. Luke's House"). BSI again raised the relevance of these entities in a Declaration filed in this case on February 23, 2010. *See* DE 168, ¶ 4 (providing descriptions of clients). The supposed customer relationships with these companies is, by BSI's own admission, directly relevant to whether it is, in fact, an interactive computer service provider.

For example, BSI's February 2010 Declaration uses services rendered to IBM as a hallmark of BSI's ISP status (*see Kraft* Action, DE 295-42, ¶ 6(a)), but neglects to the inform the Court that whatever services that were rendered were completed thirteen (13) years ago:

Q:      Same question for IBM, does Beyond Systems or
Has it ever provided Internet access service or hosting
Services?
A:      Yes, we did briefly.
Q:      For IBM?
A:      Yes.  We ran a test server for them on their behalf.
Q:      When was that?
A:      That was in 1997 I think.
…
Q       And this was just a test for some short period of time?
A:      Right.  We ran a test bed on the server.
Q:      That was run through Beyond Systems' servers?
A:      Yes, that's right.
Q:      So IBM didn't use its own servers?
A:      That's right.  It was Beyond Systems' servers.

*See* Composite Exhibit P, Deposition of Paul Wagner taken September 22, 2004 in *Beyond Systems, Inc. v. Dynamic Life Products, Inc*., p. 131, lines 19-22, p. 132, lines 1-5, 10-17. Similarly, BSI's alleged services rendered to Motorola, MCI, and Exhibits, Inc. ended in 2000 and 2003, respectively.  *See* Composite Exhibit P, p. 135, lines 8-14; p. 133, lines 1-11; p.129, lines 21-22.

It is impossible to believe that such companies would not exchange written documents concerning services rendered to them.  The Court should overrule all objections and order the complete production of documents by BSI.

## 11.    WAUSA's DOCUMENT REQUEST ON ALL REMAINING CUSTOMERS.

### WAUSA'S DOCUMENT REQUEST 20:

For each person or entity that BSI claims as a "customer" or "client" as those terms are used in the Reports and Declarations of Paul A. Wagner, all documents showing that those "customers" or "clients" actually know that BSI is providing services to them, including agreements, contracts, invoices, and correspondence between BSI and the customer or client showing the customer's or client's knowledge of the services by BSI.

FTL 107,737,533v1  115318.010500

**BSI'S RESPONSE:**

BSI objects to this Request on the grounds that it is vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects on the grounds that the Request cannot be answered by Plaintiff because it inquires about subjective knowledge of a third person or party.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege.  Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential.  Plaintiff objects to this Request on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request on the ground that it is duplicative of other Requests herein.

Subject to the foregoing objections, including the General Objections above, which are all incorporated herein by reference, Plaintiff responds as follows:  Plaintiff has no responsive documents.

**WAUSA'S ARGUMENT ON DOCUMENT REQUEST 20:**

WAUSA's document request 20 is catch-all request for the documents that would tend to show that the so-called "customers" of BSI have knowledge that BSI is rendering services to them.  Although BSI objects that the Request calls for the knowledge of third parties, the Request specifically calls for the production of "agreements, contracts, invoices, and correspondence" between BSI and the customer.  These are the documents that would show that the customer knows that it is BSI who is providing it with services – as opposed to no services or some services provided by other entities.

For example, BSI's President declares that BSI has provided "email, web and DNS services for Colorvivo Films for over 8 years."  *See* DE 168, p. 3, ¶ 4; *Kraft* Action, DE 295-42, p. 4, ¶ 11.  But the websites, colorvivofilms.com and colorvivofilms.net, associated with BSI (*see* Exhibits Q and R) are dormant, while the website hosting Colovivo Films

http://www.achimkrebs.de/colorvivofilms/ (*see* Figure 4 below) has no apparent connection to BSI.  *See* Exhibit S, attached hereto.



Figure 4:  Screenshot of the Colorvivo Films site at http://www.achimkrebs.de/colorvivofilms/.

Based on the foregoing, BSI should be compelled to produce all of its documents with Colorvivo Films and its principals, Achim Krebs, Laura Elena Cordero, Guy Genniloud, and Stephane Genniloud, to explain the services rendered by BSI to Colorvivo Films.  This would include, as per the Request, all "agreements, contracts, invoices, and correspondence between BSI and the customer or client showing the customer's or client's knowledge of the services by BSI."  The same ruling should apply to all of the other BSI customers.  BSI's objections should be overruled and the Court should order immediate production.

33

12.     **WAUSA'S DOCUMENT REQUEST RELATING TO THE "GAME PLAN" DOCUMENT.**

**WAUSA'S DOCUMENT REQUEST 1:**

A copy of the game plan or document evidencing a game plan or plan of action for the action against World Avenue USA, LLC, including all documents related thereto.

**BSI'S RESPONSE:**

BSI objects to this Request on the ground that it is vague, overbroad, compound, and unduly burdensome.  Neither "game plan" nor "plan of action" are defined terms, and it is unclear what information the Request is seeking.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other related doctrine or privilege.  Plaintiff further objects to this Request to the extent that it violates any right of privacy afforded to Plaintiff by law, rule or regulation.  Plaintiff further objects to this Request to the extent that it seeks information subject to agreements with third parties the terms of which are confidential.  Plaintiff objects to this Request on the grounds that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this Request on the grounds that Defendant has not identified any compelling reason why its request for this information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows:  Plaintiff has no responsive documents.

**WAUSA'S ARGUMENT ON DOCUMENT REQUEST 1:**

BSI's Response that it does not have a "game plan" document is meritless.  The document was identified in the *Kraft* litigation, Case No. 8:08-cv-00409-PJM, as "Prospective Spam Cases-BSI-2008-01222" and was an attachment to a February 12, 2008 e-mail to John Levine that the Court ordered BSI to disclose.  *See* DE 257-1, pp. 9-20, attached hereto as Exhibit T.  The document is specifically referred to in the Kraft litigation as the "game plan." *See* Exhibit T, DE 257-1, pp. 9-10. ███████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████. *See* DE 305-9, p. 2, attached hereto as Exhibit U.  BSI's objections to Request 1

34

should be overruled and ███████████████████████████████████████████

███████████████████████████████████████. *See* Exhibit T, DE 257-1, pp. 9-10.[4]

**WHEREFORE**,   WORLD  AVENUE  USA,  LLC  respectfully  requests  that  the  Court

overrule  BEYOND  SYSTEMS,  INC.'s  objections,  compel  the  complete  production  of  all

responsive  documents  in  the  ordinary  course  of  business  or  label  them  to  correspond  to  the

categories of the Fourth Request, issue an award of sanctions under Rule 37, and for such other

and further relief as the Court deems just and appropriate.

---

[4] WAUSA understands that the "Game Plan" document is the subject of a pending briefing at DE 290, 305, 317 in the *Kraft* Action.

*FTL 107,737,533v1  115318.010500*

Dated:  Served on BSI on May 14, 2010.

Filed this 15th day of June 2010.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*


  __/s John L. McManus_____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

FTL 107,737,533v1  115318.010500