IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC** | * | |
| successor by merger to NIUTECH, LLC., | * | |
| **DBA "THE USEFUL," ET AL.** | * | |
| | * | |
| Defendants | * | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT WAUSA'S
MOTION TO COMPEL AS TO PLAINTIFF'S RESPONSES TO
WAUSA'S FOURTH SET OF DOCUMENT REQUESTS**

Plaintiff Beyond Systems, Inc. ("BSI") hereby submits this memorandum of law in opposition to World Avenue U.S.A., LLC's ("WAUSA") Motion to Compel Plaintiff's Responses to WAUSA's Fourth Set of Document Requests, Docket Entries 271 and 272, and on its behalf states as follows :

**I.  Overview**

The discovery requests at issue are part of WAUSA's campaign to impeach BSI's credibility, its status as an ISP, and its standing to sue.  They amount to a fishing expedition for minutia to support WAUSA's theory that  BSI "conspired" to "fabricate" the claims asserted in this  case.

This Court has already ruled on some of the issues addressed in the motion, by its rulings on other motions in this case and in the related case of Beyond Systems, Inc. v.

1

Kraft Foods, Case No. 8:08-cv-00409-PJM.  BSI has made supplemental production of documents responsive to the document requests and consistent with the Court's discovery rulings, and otherwise stands on its responses and objections.  BSI incorporates by reference its opposition to WAUSA's motion to compel regarding BSI's responses to interrogatories, set 3.

Many of WAUSA's requests seek documents pertaining mainly to some of BSI's customers from years ago.  (Declaration of Paul Wagner, attached as Exhibit G-2, at paragraph 2)

## II. Summary of Requests

For ready reference, the topics of the discovery requests at issue are summarized as follows:  Document requests, set 4, issued 3/29/10, 1-23.

1.      "Game Plan" document.  The Court has ruled in Kraft that this document is covered by attorney-client privilege and is not subject to discovery.  See order in Kraft at DE 370.

2.      Services by BSI to Prince Hanoi Hotel.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.  The Hotels first used the web site http://www.princehotelhanoi.com in 2005.  (Exhibit G-2, at paragraphs 4 and 5)

3.      Services by BSI to WEPA Productions. To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

4.      Services by BSI to Salsa Web. Supplemental documents have been or will be produced.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

5.      Services by BSI to Motorola. Supplemental documents have been or will be produced.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

6.      Services by BSI to IBM.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

7.      Services by BSI to NASD.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

8.      Services by BSI to Feshenko.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

9.      Services by BSI to St. Luke's House.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.  Diane Wagner accurately responded to the subpoena.  (Exhibit G-2, at paragraph 10)

10.      Power outage at St. Luke's House. To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

11.      Services by BSI to Pronto Labels.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

12.      Services by BSI to Pronto Labels, more.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

13.      Services by BSI to C3 Stats.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.  Between November 1997 and October 1999, C3 Stats paid BSI initially $00 and later $325 per month for Internet services.  BSI has no such checks today.  (Exhibit G-2, at paragraph 3)

14.      Services by BSI to Exhibits, Inc.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

15.     Services by BSI to Flybuddies, Inc.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

16.     Services by BSI to  Jason Venner.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

17.     Services by BSI to  YWCH.   To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.  The resident director responded appropriately to the subpoena.  (Exhibit G-2, at paragraph 11)

18.     Services by BSI to YWCH; knowledge of BSI as provider.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

19.     Services by BSI to Barcroft Human Power Vehicles.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

20.     Services by BSI to customers.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

21.      Payment by Khalichi.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.

22.      First invoice to Khalichi.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI otherwise stands on its prior objections.   BSI has no checks from Khalichi today.  (Exhibit G-2, at paragraph 6)

23.      Address from which BSI mails invoices.  To the extent that responsive non-privileged documents created after January 1, 2004 are in BSI's possession, supplemental production will be made.  BSI's stands on its prior objections that the term "address" is vague and overbroad in the context of this Request.  Such term could include street addresses, email addresses, web addresses and IP addresses.  Plaintiff further objects to this Request in that by seeking the equivalent of all documents showing a BSI address is vague and hugely overbroad.

Respectfully submitted,

_____/s/_____
Stephen H. Ring
STEPHEN H. RING, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249

6

_____/s/_____
Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

### Certificate of Service

I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.

_____/s/_____
Michael S. Rothman