## IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC.      )
                                  )
      Plaintiff           )
v.                          )        Case No. PJM 08 cv 0921
                                  )
WORLD AVENUE USA, LLC, et al. )
      Defendants      )
_____ )

## DEFENDANT WORLD AVENUE USA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO COMPEL DEFENDANT WAUSA TO PROVIDE COMPLETE PRODUCTION OF DOCUMENTS/REQUEST FOR SANCTIONS PURSUANT TO RULE 37

Defendant World Avenue USA, LLC ("WAUSA") hereby submits its Memorandum of Law in Opposition to Plaintiff's Beyond Systems, Inc.'s ("BSI") Motion ("Motion to Compel") for Order to Compel Defendant WAUSA to Provide Complete Production of Documents, and hereby also requests an award of sanctions for repeated and demonstrably false statements made within the Motion to Compel, and states:

## PRELIMINARY STATEMENT[1]

Almost two years after it and its parent company (World Avenue Holdings, LLC ("Holdings")) were named in this lawsuit, WAUSA served a 55-page set of Answers to 18 Interrogatories consisting of over 100 sub-parts, and produced 7,024 pages of documents, 228 of which are specifically marked as responsive to specific Interrogatories. WAUSA further served a 50-page Response to the Request for Production.

In its discovery responses, WAUSA explained under oath that:

---

[1] BSI served a Motion that references Exhibits, but has not served any of the Exhibits with the Motion. Further, WAUSA has objected to the timeliness of the Motion to Compel, as BSI served it outside of the time permitted by the Local Rules. See L.R. 104(8)(a) ("If a party who has propounded interrogatories or requests for production is dissatisfied with the response to them and has been unable to resolve informally (by oral or written communications) any disputes with the responding party, that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response."). BSI's Motion is well outside the 30-day period. WAUSA's brief on this point is at DE 191.

- "WAUSA and no Sister Company or parent company to WAUSA transmitted the E-Mails At Issue;"

- "WAUSA did not, and based on this investigation, and to the best of WAUSA's knowledge, no other Sister Company of WAUSA received or paid any compensation as a result of any of the E-Mails At Issue;"

- "WAUSA does not engage in the transmission of commercial e-mail;"

- "WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendor[s] to send e-commercial e-mail on behalf of WAUSA";

- "WAUSA did not enter into any contracts or agreements with any Person relating to the E-Mails At Issue;"

- "WAUSA did not pay, agree to pay, receive, or expect to receive any funds relating to the E-Mails At Issue;"

- "WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf;"

- "WAUSA has not owned, operated, controlled, or registered any trade names or fictitious names…;"

- "WAUSA does not offer products via internet advertising or commercial e-mail."

*See* Answers to Interrogatories, pp. 16, 19, 21, 22, 24, 25, 27, 29, 38, 39, 40, 41, 43, 45, 46, 49.

Despite this, BSI filed a Motion to Compel, representing the following to the Court as to each of the Requests for Production of Documents:

> No responsive documents have been provided. Documents provided by Defendant in response to the Request are deficient in all respects. Defendant must supplement production to comply with the Request as written. Plaintiff demands full production of all document [sic] requested in their entirety and without redaction or interference and according to the terms of the ESI Agreement between the parties.

*See* Motion to Compel, pp. 13-18, 20-24, 26-32, 35, 37-43.

The statement, "**No responsive documents have been provided**," is a false statement as to 17 of the Document Responses. WAUSA has produced 7,066 documents Bates Labeled

2

WAUSA 00001-06675, WAUSA 06677-7015, WAUSA 7022-07024, and WAUSA 7080-07129. The documents were produced with Cover Sheets designating which categories of the Request for Production to which the documents were responsive.  A complete listing of the documents produced as responsive to each of the categories of the Request is attached as Exhibit "A."  The listing shows that WAUSA actually produced responsive documents to 17 of the 26 categories. Thus, BSI falsely repeated its representation seventeen (17) times to the Court that "No responsive documents have been provided."

The next statement, "Documents provided by Defendant in response to the Request are deficient in all respects," is contradictory to the prior repeated false statements that "No responsive documents have been provided."

BSI filed this action against WAUSA almost two years ago, alleging that WAUSA was responsible for sending the 68,300 e-mails ("E-Mails At Issue").  This Motion to Compel is an attempt to conduct a proverbial "fishing expedition" to create a case against WAUSA that does not exist.  The linchpin of that effort is its attempt to use an oppressive definition of the word "*You*."  BSI contends that, because it has propounded an overbroad definition of the word "*You*" in its discovery, it should be permitted free reign to obtain information related to distantly-related companies to WAUSA -- regardless of whether it relates to WAUSA having transmitted the E-Mails At Issue to BSI.

Setting aside the fact that its oppressive definition of the word "*You*" violates the Discovery Guidelines of the Local Rules, the Court must look at what BSI is really doing and why.  While advocating to this Honorable Court that its definition of the word "*You*" in *this* case is reasonable, BSI is simultaneously objecting to a broad definition of the word "*You*" in *other* litigation before this same Court.  BSI's objections to the overbroad definition of "*You*"

FTL 107,662,637v1 4-19-10

in other litigation and its Motion to Compel based on a similar overbroad definition of the word "You" are each signed under Fed. R. Civ. P. 26(g)(1)(B).  Thus, either its Motion to Compel based on an overbroad definition of the word "You" is sanctionable, or, its objections to the overbroad definition of "You" are sanctionable:  it cannot play by different rules depending on the style of the case before this Court.  In the end, BSI wants to live by a different set of Rules than those which it seeks to apply to its adversaries.

## FACTUAL BACKGROUND

At the time that WAUSA responded to the First Set of Interrogatories on January 29, 2010 and at present, BSI's Amended Complaint was and is the operative pleading.  BSI sued WAUSA for alleged violations of the Maryland Commercial Electronic Mail Act § 14-3001 *et seq*. and the Florida Commercial Electronic Mail Act, § 668.601 *et seq*.  *See* DE 34, Amended Complaint.  BSI alleges that between July 20, 2004 and September 3, 2005, and continuing to date, it received at least 68,300 unsolicited commercial e-mail messages for which it seeks to hold Defendants responsible.  *Id.*, ¶ 62, 67.

It is undisputed that WAUSA was formed on September 22, 2006.  *See* Exhibit A to WAUSA's Memorandum in Opposition to Motion to Compel Complete Answers to Interrogatories.  It is also undisputed that only 586 e-mails of the alleged 68,300 E-Mails At Issue (as of the time of WAUSA's Response to the Request for Production) were supposedly received on or after June 1, 2006 to present and even less were received on or after September 22, 2006.[2]  Thus, less than 1% of the E-Mails At Issue were received after July 1, 2006 and even less after September 22, 2006.  BSI embarks on a fishing expedition for a time frame time two and a half years before WAUSA even existed to seek extensive discovery to connect WAUSA as

---

[2] BSI also filed a Declaration of its President, Paul A. Wagner, claiming that of the e-mails, 454 were received in 2006, 331 were received in 2007, 14 were received in 2008, and that he has not checked in 2009.  *See* Initial Declaration of Paul A. Wagner, DE 77-2, p. 2, ¶¶ 5-8.

the driving force of e-mail campaigns that -- by the chronology -- have nothing to do with its existence.

The touchstone of discovery is whether it is "relevant to any part's claim or defense." *See* Fed. R. Civ. P. 26(b)(1).[3]  "Relevant" evidence is that evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence."  *See* Fed. R. Evid. 401.  BSI's discovery will not make it "more probable or less probable" that WAUSA transmitted the E-Mails At Issue, but is instead using this litigation as a fulcrum to churn up further purported claims against other parties and to further delay WAUSA's day in court to prove that it did not transmit the E-Mails At Issue.  Such an abuse of the court system should not be tolerated.

## ARGUMENT

### I.  WAUSA Properly Responded To Plaintiff's Document Requests.

#### A.  WAUSA's Objection to The Oppressive Definition of the Word "*You*" Is Proper.

##### i.  WAUSA'S CONSTRUCTION OF THE WORD "YOU" COMPLIES WITH THIS COURT'S DISCOVERY GUIDELINES, AS ENDORSED THROUGH THE SCHEDULING ORDER.

In this Court's April 28, 2009 Scheduling Order, the Court directed the parties to adhere to the Discovery Guidelines of the Local Rules.  *See* DE 58, p. 3, ¶ y ("Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules"); Local Rule 104(12) ("Counsel should be familiar with the Discovery Guidelines that are an appendix to these Rules").[4]  BSI's oppressive definition of the word "*You*" violates the definition of the word

---

[3] *See Wong v. Thomas*, 2008 WL 4224923, 05-2588, at *3 (D. N.J., Sept. 10, 2008) (internal citation omitted).

[4] The Court should note that Defendant World Avenue USA, LLC faithfully adhered to the definition of the word "*You*" in the Discovery Guidelines of the Local Rules.  *See* ¶ 10, World Avenue USA First Set of Interrogatories to BSI; ¶ 7, World Avenue USA First Request for Production to BSI; ¶ 7, World Avenue USA Second Request for Production to BSI.

"You" in the Discovery Guidelines, as endorsed by this Court's Scheduling Order and the Local

Rules, as follows:

| Definition of the Word "You" in the Local Rules | Plaintiff's Definition of the Word "You" |
|---|---|
| 9.  *You/Your: The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives and attorneys.* | 8.   *YOU and YOUR is understood to mean defendants WORLD AVENUE U.S.A., LLC ("WAUSA"); WORLD AVENUE HOLDINGS, LLC ("WAH"); WORLD AVENUE MANAGEMENT, INC. ("WAM"); and/or NIUNIU JI, both in their individual and/or collective capacity, as well as their former and current employees, attorneys, accountants, agents, affiliates and representatives, including corporate affiliates, subsidiaries and parent corporations.* |
| Local Rules, Appendix A, Discovery Guidelines, Standard Interrogatories, Definitions, p. 94; Local Rules, Discovery Guidelines, Standard Requests for Production, Definitions, p. 100, ¶ 7. | Plaintiff's First Set of Interrogatories, p. 6, ¶ 8; |

> ii.  <u>BSI SEEKS TO APPLY DIFFERENT RULES TO OVERBROAD DEFINITIONS OF THE WORD "*YOU*" IN OTHER DISCOVERY BEFORE THIS COURT.</u>

BSI disingenuously objects to the limiting construction of its overbroad definition of the

word "*You*," but fails to candidly advise this Court that it routinely objects to the same

terminology used in other parties' discovery.  For example, in the case of *Beyond Systems Inc. v.*

*Kraft Foods, Inc., et al*., Case No. 08-409 also pending before this Court, which also involves

one of the twenty-plus spam cases that BSI has filed, BSI objected to the expansive definition of

the word "*You*" as follows:

| Definition of the Word "You" In Other Parties' Discovery | Plaintiff's Objection in that Litigation |
|---|---|
| (Interrogatories not available) | *3. BSI objects to the definition of "BSI," "you," and "your" insofar as these definitions are not limited to Plaintiff Beyond Systems, Inc., or natural persons or entities within the control of Plaintiff.* |
| Connexus 1st Interrogatories to BSI in *Beyond Systems Inc. v. Kraft Foods, Inc., et al.*, Case No. 08-409 | DE 139, p. 7-17, ¶ 1,2,3 in *Beyond Systems Inc. v. Kraft Foods, Inc., et al.*, Case No. 08-409 |
| *2. The term "BSI" means Plaintiff Beyond Systems, Inc., including its shareholders, employees, agents, attorneys, consultants, representatives, and officers, including any person who served in any such capacity at any time, and/or all other persons acting or purporting to act on its behalf, and including Paul Wagner.* | *1A. Steptoe objects to the definition of "BSI" as overly broad; unduly burdensome; oppressive; purporting to impose upon it obligations beyond those set forth in the Federal Rules of Civil Procedure and/or applicable case law; not relevant to any party's claim or defense; and not reasonably calculated to lead to the discovery of admissible evidence; and requesting information not within its knowledge, possession, custody, or control.* |
| DE 162, p. 40-47, ¶ 1, 2 in *Beyond Systems Inc. v. Kraft Foods, Inc. et al.*, Case No. 08-409. | DE 162, p. 60-63, ¶ Intro, 1A in *Beyond Systems Inc. v. Kraft Foods, Inc. et al.*, Case No. 08-409 (Objections of Steptoe & Johnson, counsel for BSI) ("This letter also sets forth the objections of Steptoe on behalf of Paul Wagner; Beyond Systems, Inc. . . . ."). |
| *The terms "BSI," "you," and "your" shall mean Plaintiff Beyond Systems, Inc., including its shareholders, employees, agents, attorneys, consultants, representatives, and officers, including any person who served in any such capacity at any time, and/or all other persons acting or purporting to act on its behalf.* | *3. BSI objects to the definition of "BSI," "you," and "your" insofar as these definitions are not limited to Plaintiff Beyond Systems, Inc., or natural persons or entities within the control of Plaintiff.* |
| DE 214, p. 56-68, ¶ 1 in *Beyond Systems Inc. v. Connexus Corp. et al.*, Case No. 08-1039, Central District of California | DE 215, p. 701-720, ¶ 1,2,3 in *Beyond Systems Inc. v. Connexus Corp. et al.*, Case No. 08-1039, Central District of California |

| | |
|---|---|
| *See* preceding entry | *3. BSI objects to the definition of "BSI," "you," and "your" insofar as these definitions are not limited to Plaintiff Beyond Systems, Inc., or natural persons or entities within the control of Plaintiff.* |
| DE 214, p. 56-68, ¶ 1 in *Beyond Systems Inc. v. Connexus Corp. et al.*, Case No. 08-1039, Central District of California | DE 215, p. 725-749, ¶ 1,2,3 in *Beyond Systems Inc. v. Connexus Corp. et al.*, Case No. 08-1039, Central District of California |

BSI's *Alice in Wonderland*-like[5] argument requires the word "*You*" to mean what BSI "choose[s] it to mean-neither more nor less." In the end, BSI cannot enforce two sets of Rules: one for its definitions, and one for other parties' definitions.

      iii.  WAUSA HAS PROPERLY PROVIDED INFORMATION ABOUT ITS PARENT COMPANY, HOLDINGS, AND OTHER SUBSIDIARIES OF HOLDINGS.

To be clear, WAUSA has provided information in its possession, custody, or control about other companies that are related to it, including its parent company and all of the other subsidiaries of its parent company. WAUSA is a subsidiary of co-Defendant Holdings. WAUSA is one of several subsidiaries of Holdings. For ease of reference and in lieu of naming each of those subsidiaries in every single Response, WAUSA refers to all of those other subsidiaries of Holdings as a "Sister Company." *See* Response to Request for Production, p. 14 (defining "Sister Company" or "Sister Companies" as the "subsidiaries of World Avenue Holdings, LLC").

In its Document Responses, after making it clear in its Interrogatory Answers that

---

[5]     "When I use a word," Humpty Dumpty said in rather a scornful tone, "it means just what I choose it to mean-neither more nor less."

"The question is," said Alice, "whether you *can* make words mean so many different things."

"The question is," said Humpty Dumpty, "which is to be master-that's all."

Lewis Carroll, ALICE'S ADVENTURES IN WONDERLAND AND THROUGH THE LOOKING GLASS 169-71 (1981).

*FTL 107,662,637v1 4-19-10*

WAUSA did not and does not transmit commercial electronic mail or the E-Mails At Issue, WAUSA has produced documents relating to Holdings and those other subsidiaries of Holdings. In fact, most of the responsive documents are not strictly relating to WAUSA, but relate to Holdings and other subsidiaries of Holdings, primarily, TheUseful.  For example:

- WAUSA 00001-00004 are responsive to Request 11 and provide a document retention policy for WAUSA, its parent company, and its Sister Companies.

- WAUSA 00005-00029 are responsive to Request 24 and provide documents relating to a Sister Company, TheUseful, and other companies.

- WAUSA 00083-00141 are responsive to Request 15 and provides documents relating to WAUSA, Holdings, and the Sister Companies.

- WAUSA 00142-00156 are responsive to Request 5 relating to fictitious names and provide information about numerous other companies other than WAUSA.  In fact, none of the fictitious names are registered to WAUSA.

- WAUSA 00157-00211 are responsive to Request 17 and 26 and provide documents relating to TheUseful and other companies.

- WAUSA 00212-00229 are responsive to Request 19 and provide documents relating to TheUseful.

- WAUSA 00241-00299 are responsive to Request 20 and provide documents relating exclusively to TheUseful.

- WAUSA 00316-00415 are responsive to Request 12 and 20 and provide documents relating exclusively to TheUseful.

- WAUSA 00427-00615 are responsive to Request 20 and provide documents relating exclusively to TheUseful.

- WAUSA 00631-01081 are responsive to Request 25 and provide documents relating exclusively to TheUseful.

- WAUSA 01082-01101 are responsive to Request 17 and 24 and provide documents relating exclusively to TheUseful.

- WAUSA 01103-01123 are responsive to Request 9 and provide documents relating to WAUSA and Holdings.

- WAUSA 01124-01198 are responsive to Request 26 and provide documents

9

relating to WAUSA, Holdings, and TheUseful.

- WAUSA 05588-06508 are responsive to Requests 19 and 20 and provide documents relating to TheUseful.

In fact, one of the issues raised by BSI's oppressive definition of "You" is that once documents are produced by WAUSA, BSI incorrectly assumes that the documents are in fact WAUSA's documents, rather than the parent company or Sister Company that actually is the generator of and subject of such documents. This misuse of document productions highlights the need for a limit to BSI's definition of the word "You."

### iv. BSI's Incorrect Factual Recitation Regarding WAUSA Does Not Change The Applicable Standard.

BSI predicates its overbroad definition of the word "You" on an lengthy, incorrect and incomplete recitation of corporate history. *See* Motion, pp. 3-6. There is only one fact that is important: BSI filed a $100 million lawsuit against WAUSA, and it now complains when the defendant that it chose to sue answers under oath that it has nothing to do with the E-Mails At Issue.

First, BSI complains because it claims WAUSA has not provided information about Holdings, World Avenue IP, LLC, World Avenue Services, LLC, TheUseful, LLC, and World Avenue Management, Inc. Motion, p. 3. Holdings is the parent company to WAUSA, and World Avenue IP, LLC, World Avenue Services, LLC, and TheUseful, LLC are some of the Sister Companies that WAUSA already provided information about, as discussed above in Section I.Aiii. World Avenue Management, Inc. is neither a parent company, subsidiary, or sister company to WAUSA -- but instead, the parent of WAUSA's parent company, that BSI originally sued, then dismissed, and now is trying to sue again.

Second, Holdings has not withheld information as BSI claims.  Motion, p. 3.  BSI claims that Holdings withheld information about its status at its deposition.  To the contrary, Holdings responded to questions at an all-day deposition and this Court quashed BSI's attempt to re-depose Holdings again.  *See* DE 212.

Moreover, the co-Defendant, Holdings, is not "closely intertwined" with the operations of its subsidiaries, as BSI suggests.  Motion, p. 4.  In fact, Holdings does *not* get involved in the day-to-day operations of its subsidiaries.  *See* Transcript of Fidel D. Dhana ("Dhana Tr.") Tr., 121:18-20, filed at DE 108-2.  Specifically, Holdings employees do not get involved and are not involved with decisions regarding sending e-mails by a subsidiary, TheUseful.  *Id.*, 43:2-4.  Holdings does not send e-mails as part of any promotional or lead generation campaign.  *Id.*, 68:8-9.  Holdings does not own URL's or IP addresses.  *Id.*, 86:13-14.  Holdings does not decide what type of media a subsidiary will engage in and it does not get involved in decisions about who its subsidiaries use for "[their]" marketing campaigns.  *Id.*, 70:2-5; 70:16-18.

Third, BSI incorrectly states that "[t]he name, 'TheUseful' is registered with the Florida Secretary of State as a trade name owned by WAUSA."  *See* Motion, p. 3.  In fact, World Avenue USA, LLC has no fictitious names registered with the Florida Secretary of State, and "TheUseful" is not registered to it.  *See* Exhibits "B" and "C" to WAUSA's Memorandum in Opposition to Motion to Compel Complete Answers to Interrogatories.

### B.  WAUSA's Objection to The Time Frame of The Document Request.

#### i.  OBJECTION TO PRE-SEPTEMBER 22, 2006 INFORMATION.

The record is clear and undisputed that the entity that BSI sued -- World Avenue USA, LLC -- was formed on September 22, 2006.  *See* Exhibit "A" to WAUSA's Memorandum in Opposition to Motion to Compel Complete Answers to Interrogatories..  The record is devoid of

any evidence that WAUSA is the successor in interest to any other company. The record is also clear from the Interrogatory Answers that WAUSA has nothing to do with the E-Mails At Issue. The other entity to which BSI refers is now called TheUseful, LLC, and is one of the Sister Companies for which documents have been produced. Regardless of whether *other* companies existed prior to the creation of WAUSA, the fact is that BSI filed a $100 million lawsuit against WAUSA claiming it was responsible for the E-Mails At Issue -- only 1% of which even existed after WAUSA was formed. BSI is hoping that its smokescreen will obfuscate the complete disconnect between its allegations and the time frame of the E-Mails At Issue.

ii. WAUSA's Objection to "Up to Present" Information.

WAUSA understands that the Court has ruled at DE 213 that information "up to the present" is relevant, and will not re-argue the point here. However, to be clear, the materials referenced in the Motion to Compel at pages 6-7 relating to e-mails in 2009 were produced *after* WAUSA responded to discovery on January 29, 2010. BSI had included an instruction in its Interrogatories that the defined term "E-Mails At Issue" includes all e-mails produced later in discovery. WAUSA stands on this part of the objection, and believes that it has no obligation to supplement when the response is complete when made. *See* Fed. R. Civ. P. 26(e).

## C. **WAUSA's Objections on Spoliation and Burden Are Proper.**

In its Answers, WAUSA objected to the Answers to Interrogatories to the extent that there was spoliation of evidence and requested cost-shifting, and also objected on the ground of burden. In its Motion, BSI has mischaracterized the first objection, and failed to rebut to the second objection.

12

i.   THE SPOLIATION OBJECTION.

WAUSA specifically objected to BSI's admitted practice of destroying "embedded images" (actual images contained within the E-Mails At Issue) and "attachments" (external files associated with each of the E-Mails At Issue).   WAUSA quoted deposition testimony of BSI where it specifically admitted to these practices.   *See* Response to Request for Production, pp. 2-4.[6]

In its Motion, BSI admits to destroying the embedded images and attachments, but claims -- on an *unsworn* basis -- that the sole means that an attachment can be tied to an email is the line "C:\ProgramFiles\Qualcomm\Eudora\Attach2010\SomeDocument.pdf" appearing in the e-mail. It also claims that embedded images are shown only by a certain line of text.   Based on its unsworn proof, BSI contends that because only 9 such instances exist, WAUSA's spoliation argument should be limited to the 9 instances only.

Aside from the unsworn nature of BSI's assertions, BSI's logic is flawed because the two mechanisms for stripping of attachments and embedded images are not the forensic fingerprints of a discarded attachment or embedded image.   There are other E-Mails At Issue where attachments are listed, but the content has been removed not mentioned in BSI's Motion.   For example, SPAM-W080144 lists the following embedded images that have been stripped:

```
------=_Part_989_841894156066
Content-Type: message/external-body;
access-type=local-file;
name=Embedded\274292.gif
Content-ID: <5359577293148768499>
Content-Type: image/gif; name=274292.gif
Content-Transfer-Encoding: base64
------=_Part_989_841894156066
Content-Type: message/external-body;
access-type=local-file;
```

---

[6] BSI begins its argument by trying to rebut a straw man argument that WAUSA did not make.  BSI tries to argue that it had no obligation to preserve "links" or URL's located within the E-Mails At Issue.  This is not the issue raised by WAUSA at this time.  The issue raised by WAUSA is physical attachments or embedded images within the E-Mails At Issue.

```
name=Embedded\274290.gif
Content-ID: <5375951254423510299>
Content-Type: image/gif; name=274290.gif
Content-Transfer-Encoding: base64
```

Thus, the Court should reject BSI's argument and find that cost-shifting is appropriate due to BSI's intentional conduct in deleting information from the E-Mails At Issue.[7]  BSI's analogy of the "scoundrel who shoots out all of the windows" misses the mark.  Motion, p. 7.  In this case, the alleged violation is suing based on the supposedly deceptive nature of the e-mails (or bullets) themselves, while intentionally stripping out embedded images and attachments that contain disclosures relating to the e-mail.  For example, BSI's example at Page 10 contains at least three files named "DISCLAIMER.gif," suggesting that the e-mail once contained a legal disclaimer.

### ii.   THE BURDEN OBJECTION.

In its General Objections, WAUSA further objected to the burden upon WAUSA -- which did not transmit the E-Mails At Issue -- in figuring out for BSI who actually transmitted the E-Mails At Issue and other information.  In its Document Response, WAUSA requested cost-shifting as a precondition of responding to the Document Request as it related to other companies.  In Interrogatory Answers 13, 21, and 23, WAUSA provided further quantitative data showing the burdensomeness of the Request.  WAUSA further supplements this record with the Declaration of Jeff Richard, attached as Exhibit D to WAUSA's Memorandum in Opposition to Motion to Compel Complete Answers to Interrogatories, which shows the burden involved.  In its Motion, BSI did not seriously challenge or question the need for cost-shifting.

---

[7] BSI also claims that its conduct is cured because its principal, Paul A. Wagner, "rendered" some of the embedded images in another case.  The relevance of that testimony on "rendering" in the other case is of no relevance to this case.  BSI's principal testified in the *Kraft* action that it was BSI's practice to destroy attachments and embedded images prior to February 2008.  Nowhere in the quoted testimony in the *Kraft* case cited in the Motion does Wagner suggest that he applied the "rendering" process to the E-Mails At Issue in this case.

FTL 107,662,637v1 4-19-10

**D. WAUSA's Objections To The Requests for Production Directed To It Are Proper.**

BSI then lists WAUSA's Objections to the Definitions of the First Request for Production, but does not identify what, if anything, is wrong with each of the Objections or why each should be overruled. Because BSI failed to articulate any rationale, its Motion should be overruled.

**E. BSI's Objection To WAUSA's Document Responses Are False And Contradictory.**

For its argument to the 26 categories of the Request for Production of Documents, BSI simply repeats the following statement 26 times:

> No responsive documents have been provided. Documents provided by Defendant in response to the Request are deficient in all respects. Defendant must supplement production to comply with the Request as written. Plaintiff demands full production of all document [sic] requested in their entirety and without redaction or interference and according to the terms of the ESI Agreement between the parties.

*See* Motion to Compel, pp. 13-18, 20-24, 26-32, 35, 37-43.

This is insufficient and violative of the Rules. First, this argument made as to each of the 26 Requests is insufficient. Local Rule 104(8)(a) states: "The memorandum in support of the motion [to compel] shall set forth, as to each response to which the motion is directed, the discovery request, the response thereto, and *the asserted basis for the insufficiency of the response*." (emphasis added). BSI has just put the same boilerplate as to each of the 26 document requests and not explained why each objection should be overruled and why documents are being withheld from production. WAUSA is left to speculate at what faults that BSI finds in each document response, and accordingly, its Motion should be denied.

15

Second, it is also clear that BSI's boilerplate objection is false. Exhibit "A" to this Motion, which contains a Table of documents responsive to the Requests for Production, shows that documents were produced in response to 17 of the Document Requests when BSI represented to this Court that no documents were produced.

## II.  The Court Should Impose Sanctions.

The Court should impose sanctions within its inherent power and pursuant to Rule 37 for BSI's service of its Motion to Compel. In the Motion, BSI made repeated false and contradictory statements (quoted above) as to 17 of the Document Requests. The record evidence is that WAUSA *did* make a production of documents responsive to 17 of the 26 Document Requests, and lodged objections to the remaining Requests or responded that no documents existed. Rule 37(a)(5)(B) provides for the payment to the party who opposes a Motion to Compel of "reasonable expenses incurred in opposing the motion, including attorney's fees." Given the 17 false statements that "[n]o responsive documents have been provided," and the meritless nature of the Motion to Compel, this Court should impose sanctions pursuant to Rule 37 and its inherent power.

16

Dated:  April 19, 2010.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC and World Avenue Holdings, LLC*

GREENBERG TRAURIG, LLP

___*/s John L. McManus*_____

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

FTL 107,662,637v1 4-19-10