## IN THE U.S. DISTRICT COURT FOR MARYLAND
### Southern Division

_____

**BEYOND SYSTEMS, INC.**                     \*
                                             \*
       Plaintiff                          \*
                                             \*       **Case No. PJM 08 cv 0921**
    v.                                 \*
                                             \*
**WORLD AVENUE U.S.A., LLC**                 \*
successor by merger to NIUTECH, LLC.,        \*
**DBA The Useful,  et al.**                  \*
                                             \*
       Defendants                         \*
                                             \*

_____

## PLAINTIFF'S REPLY TO DEFENDANT WAUSA'S OPPOSITION TO BSI'S FIRST MOTION FOR ORDER TO COMPEL DEFENDANTS TO PROVIDE COMPLETE PRODUCTION OF DOCUMENTS

       Plaintiff, Beyond Systems, Inc. ("BSI"), by and through undersigned counsel,

files this memorandum in reply to Defendant World Avenue USA, LLC's (WAUSA's)

Opposition to BSI's Motion for Order to Compel WAUSA to Provide Complete

Production of Documents, regarding responses to BSI's first set of Requests for

Production of Documents (Nos. 1 – 26).

       BSI incorporates by reference its motion to compel at DE 307 concerning

WAUSA's responses to interrogatories, as there are overlapping issues among WAUSA's

responses to these two sets of discovery requests.

1

**I.     WAUSA Has Wrongfully Failed to Produce Responsive Documents in Its Possession Due to a Deliberately Narrow and Misleading Re-Interpretation of the Defined Term "You."**

World Avenue U.S.A., LLC (known in this litigation as WAUSA or World Avenue) is one of the entities at the center of the spam-based email marketing organization created by Defendants.  WAUSA uses a system of affiliates and publishers to promote the products and businesses of its customers, while harvesting "leads" by inducing consumers to enter their personal identifying information, enticing them with a variety of offers, including "free" goods and services. WAUSA works with its system of affiliates to pump out endless amounts of unsolicited and misleading commercial email to working email addresses.  WAUSA is apparently immune to the nuisance it creates, judging by its reaction to litigation: it continues its spam-based operations.  Apparently the financial incentive to persist is worth the risk of potential liability.

To aid in its deception, WAUSA conducts business under dozens of corporate names and fictitious names including TheUseful, LLC;  NiuTech, LLC; Niupercent, Inc.; World Avenue, U.S.A., LLC;  World Avenue Holdings, LLC, and others.[1]  Some of these

---

[1] WAUSA's alter egos and trade names, as revealed in the voluminous documents from the Florida Attorney General, include:  NiuTech, LLC, Niupercent, Inc., World Avenue U.S.A., LLC, World Avenue Holdings, LLC, The Useful, LLC, Jinius Corporation, Net Radiance, The Useful.com and Niuniu Ji (d/b/a Emarket Researchgroup, Netprime, Theuseful, Theuseful.com, Earn-Free-Gifts, Get a Gift Online, Online Easter Gifts, Great Gift Rewards, Funny Free Clips, America's Top Brands, Your Smart Rewards, Incentive Reward Center, Superb Rewards, Consumer Incentive Reward, Get Your Free Bracelet, Online Gift Rewards, Premiere Gift Center, Your Exclusive Rewards, Online Mother's Day Gifts, United Opinion Panel, Consumerincentivepromotion, Mychoicerewards.com, Incentivegiftcenter.com, Productopinionpanel.com, 123specialgifts.com,

names reflect the domain names that World Avenue uses to conduct its main business of

lead generation.  World Avenue also uses misleading domain names, misleading trade

names, domain name privacy services that allow registration under false names, and other

methods of deception.  This confusing array of names is part of World Avenue's strategy

to dodge liability under the various consumer protection and anti-spam statutes.

WAUSA and its alter-ego entities have been the subject of at least two

independent investigations by State attorneys general (Florida and Texas) into

Defendants' misleading practices using unsolicited and commercial email.[2]  Since the

issuance of Plaintiff's first set of document requests, Plaintiff has received responses

from Florida and Texas to public information act requests.  While most of the documents

generated by those investigations have been designated as confidential by World Avenue

under Florida and Texas privacy statutes, a considerable number of the PIA documents

---

Topgiftincentives.com, Exprewards.com, Myselectgifts.com, Incentive gift center, My
choice rewards, Product Opinion Panel, 123 Special Gifts, Top Gift Incentives, My
Select Gifts, Program Reward Center, Online Reward Center, Choice Survey Group, My
Premium Rewards, American Survey Panel, Online Survey Panel, EMarket Ads,
National Survey Panel, Credit for 1 Year, Consumer Taste Panel, Brand Survey Panel,
Shield Your PC, National Issue Panel, Smart Gift Rewards, My First Savings Bond, My
Great Rewards, Premium Products Online, Consumer Gift Center, Exclusive Gift Center,
Exclusive Gift Cards, My Great Incentives, Consumers Choice Rewards, Reward Gift
Center, My Cool Rewards, Top Choice Incentives, My Exclusive Rewards, My Supreme
Rewards, Premium Holiday Gifts, Reward Center USA, Exp Rewards, Jinius, Free Hot
Gifts, I Got My Free Gift, Hot Gift Zone, Online Promo for You, and others.  Each of
these business names uses the following street address: 6001 Broken Sound Parkway,
Suite 200, Boca Raton, FL 33487 (Palm Beach County).   BSI FL AG 35, -215, -945.

[2]  *See* BSI FL AG 0046 Check to State of Florida from WAUSA in the Amount of $
1,000,000, in settlement).

were not so protected.  Not surprisingly, these documents place Defendants WAUSA and JI at the center of the email-based marketing operations at issue in the present suit.[3]

The investigation conducted by the State of Florida's Office of the Attorney General revealed that Defendant WAUSA and Niuniu Ji ran an Internet-based incentive promotions advertising and affiliate marketing program.  Defendants made money advertising its promotions over the Internet using its affiliate marketing program, while simultaneously compiling and using its own lists of email addresses.  *See* BSI FL AG 2955 (Peterson deposition).  Due to division of functions, few employees grasp the entire picture of the business model.  BSI FL AG 17.

WAUSA (formerly Niutech, LLC, *see* above) relied on commercial email messages offering "free" gifts.  In fact the gifts were not free, but required purchases of other products or services.  (*See, e.g.,* Declaration of Michelle Huerta, at BSI FL AG 0002; interview notes, employee Anne Marie Foster, at BSI FL AG 00012.)  Ji was apparently aware that the email advertisements were deceptive.  (*See* Damon Abramson notes, at BSI FL AG 00014).  JI's email scheme was to offer a "free" gift but to require so many web page visits and form completions that "fulfillment" (actual delivery of the "gift") was relatively rare.  (*See* Matthew Cohen interview at BSI FL AG 00015.)   JI's companies meanwhile reaped a bounty for each name they "submitted."  BSI FL AG 00015.  WAUSA received $0.90 for a customer's name and zip code, or up to $3.00 for a

---

[3] Bates numbering applied to those documents reads "BSI FL AG 1 of 3292," e.g., but will be shortened here to "BSI FL AG _____."

4

full postal address.  BSI FL AG 17.  There was a training manual that showed how leads

were obtained and sold.  BSI FL AG 16.  Handling angry customers who complained

about deception over the word, "free," the employees were instructed not to give out the

physical address of the office.  BSI FL AG 16.

     Mr. Ji's operations, known collectively as "World Avenue," grew from 10

employees to 230 in 2006.  BSI FL AG 22.  At that time the business generated 3 to 5

million customer leads per month.  BSI FL AG 22.  The company was paid "as little as a

nickel per lead . . . and as much as $50 to $75 per lead for a mortgage refinance lead."

BSI FL AG 22.   The various trade names used by WAUSA have generated thousands of

consumer inquiries and hundreds of complaints. BSI FL AG 23.   World Avenue has an

"unsatisfactory" rating with the local Better Business Bureau of South Florida, who

prompted the attorney general to initiate the investigation that led to the enforcement

action. BSI FL AG 23, 2448.

     This history of WAUSA is intended to demonstrate its central position in the

business operations that generate the emails that give rise to the claims in this suit; and

that WAUSA should not be permitted to avoid responding to discovery and producing

documents under the pretext that it did not directly "send" the emails.  WAUSA has used

a welter of corporate names that has been intentionally set up to frustrate and confuse

enforcement efforts, but WAUSA itself has participated in and directed the key activities,

and has been in a position of responsibility and control in the business scheme at issue.

**II.    WAUSA Cannot Re-write a Document Request to Favor Its Interests.**

        In its Opposition, WAUSA makes the unsupportable claim that  "WAUSA has nothing to do with the E-Mails at Issue."  *See* Opp. at 10 and 12.  Defendant is plainly in possession of the requested documents pertaining to the Emails at Issue, including the date, time, contents, and financial arrangements for sending those emails to Plaintiff.  WAUSA was the primary target of the investigations by the attorneys general of Florida and Texas involving marketing practices driven by the same email content as in this case, and issued the settlement check in the Florida action.  See Exhibit F-3, attached.  Defendants' constant refrain that it "had nothing to do with the Emails at Issue", strains credulity.  *See* Opp. at 3 & 5.

        **A.      Defendants Niuniu Ji, Niutech, LLC, and WAUSA**

        From his college dorm room, Defendant Niuniu Ji began a small online marketing venture that was never profitable and essentially ceased functioning as a going venture in 2002.  *See* EXHIBIT F-1, BSI FL AG at 759.  JI then turned his attention to the "lead generation" business, gathering and selling names, postal addresses and email addresses from various categories of prospective customers, via the Internet.  JI's scheme generates three million to five million leads each month for its 100 advertisers.  JI's auction-style rate system now reaps returns ranging from as low as $.05 to $75 (for a mortgage lead) for each prospect.  *See* EXHIBIT F-1, BSI FL AG at 760.

        With the aid of his father, Yuandon Ji, a systems engineer and entrepreneur, *see* EXHIBIT F-1, BSI FL AG at 759;  as well as Defendant's present counsel, Greenberg

Traurig LLP, JI created a collection of over two dozen corporate entities generating many millions of dollars in sales annually.  *See* EXHIBIT F-1, BSI FL AG at 13, 22.  At present, the main base of operations for the Ji entities is a 36,000 square foot office space in Sunrise, Florida.  *See* EXHIBIT F-1, BSI FL AG at 2015 et seq.)

Spurred in part by litigation and demands for truth in advertising, JI has spread his operations across a confusing assortment of entities, complicating efforts by Attorney's General and private plaintiffs to enforce the laws against consumer fraud and abuse of the Internet, including anti-spam laws.

### B.     WAUSA Is Misleading This Court Regarding Its Date of Formation

The shell game played by WAUSA with corporate names has been under the direction and control of Defendant Niuniu JI, who remains unserved.[4]   WAUSA's evasive conduct in discovery must be considered in view of its position in Mr. Ji's manipulation of his corporate entities.

On December 24, 2002, Niuniu Ji, as a member of NiuTech, LLC, filed with the Florida Secretary of State a Certificate of Conversion along with Articles of Organization for NiuTech, LLC, both signed by Mr. Ji himself.  The Certificate recites that the "unincorporated business immediately prior to the filing of this document was: NiuTech LLC," and that the unincorporated business first came into being on January 1, 2001 in North Carolina.  *See* EXHIBIT F-1, BSI FL AG at 1849 (also stamped WA0003653).

---

4  Mr. Ji has moved to the US Virgin Islands.  Counsel refuses to accept service.  A motion to reissue summons is pending. Without the issuance of a new summons, the case

7

Also on December 24, 2002, Defendant Ji filed Articles of Organization for NiuTech, LLC with the Florida Secretary of State, fixing JI as the sole member of the LLC.  Homer Appleby was listed as the Registered Agent.  *See* EXHIBIT F-1, BSI FL AG at 1850 ["the registered" (sic)].

On January 6, 2006, JI signed articles of merger, merging Apercent, Inc. into NiuTech, Inc., and an Agreement and Plan of Merger for both entities on both sides of the transaction.  *See* EXHIBIT F-2, BSI SOS at 45-50.

On June 29, 2006, JI executed a series of documents in another merger, this time merging NiuTech, LLC into World Avenue USA, LLC (WAUSA).  These documents included articles of merger. (See DE 307-7, BSI SOS at 81, three signatures by JI at 83) and a Plan of Merger (four signatures by JI at 85).

On August 6, 2006, JI signed an application by WAUSA as a foreign entity (Delaware) to conduct business in Florida.  *See* EXHIBIT F-2, BSI SOS at 23.  On September 21, 2006, JI signed an amendment of the foreign application to change the name of WAUSA to TheUseful, LLC.  *See* EXHIBIT F-2, BSI SOS at 88.

WAUSA states a general objection on the ground that it did not exist prior to September 21, 2006.  However, the merger of June, 2006 makes WAUSA a successor by merger of Niutech, and Mr. Ji signed for both sides of the transaction.  Under paragraph 3 of the articles of merger, WAUSA assumed the responsibilities of Niutech and became the surviving entity.  (BSI FL SOS 84).  This clearly creates continuity and successor

---

against him remains in limbo.  (DE 215.)

entity liability such that WAUSA should be held accountable for the conduct of Niutech, and should respond to discovery requests that encompass the conduct of Niutech.

In its opposition to the motion to compel documents, WAUSA states at p. 11: "The record is clear and undisputed that the entity that BSI sued -- World Avenue USA, LLC -- was formed on September 22, 2006. See Exhibit "A" to WAUSA's Memorandum in Opposition to Motion to Compel Complete Answers to Interrogatories. The record is devoid of [p. 12] any evidence that WAUSA is the successor in interest to any other company.

In the attached letter of June 9, 2010 from Stephen Ring to Sanford Saunders (attached as Exhibit F-4), WAUSA was asked to explain or withdraw its objection attempting to limit its responses to documents and events after September 22, 2006, which do not address or explain away its status as a successor entity, as shown by the public filings.   Plaintiffs' counsel are not aware of any response from Defendants' counsel that explains the objection or withdraws it as requested.  The emails at issue were transmitted between 2004 and the present, spanning the merger date.

Mr. Ji has also been listed in annual reports as an officer or director of the following additional entities: Infrastructure International, LLC (name change, foreign entity, 2009, at BSI SOS 99); Jinius Corporation (annual reports 2005 – 2009, sole officer listed, BSI SOS 102); Magnacent, LLC (annual reports 2004 – 2009, sole officer listed, BSI SOS 104); Niutech, LLC (annual reports 2002 – 2006, merger, BSI SOS 106); Q Holdings, Inc. (listed as director, 2008, 2009; BSI SOS 108); Vente Holdings, Inc.

(listed as director, 2009, BSI SOS 114).  All of the entities named above are alleged to be involved in JI's online marketing operations, driven by commercial email similar to that received by Plaintiff.

The Florida Attorney General's Office conducted its investigation of the JI/NIUTECH/WAUSA/USEFUL organization over many months, and obtained statements from several of WAUSA's ex-employees.  Some of the investigation documents remain confidential and have not been yet turned over to BSI by the Defendants in discovery in the present litigation.  Plaintiff obtained the public documents that have been produced in this suit using a Florida public information request.

In the Florida Attorney General Litigation, the OAG subpoenaed documents from Niutech, LLC and NIUNIU JI.  Pursuant to that Subpoena, the State of Florida moved the Court to Compel Niutech and JI to respond to the State's Request for Documents.  In NIUTECH and JI's "Answer to Petition to Compel Compliance with Subpoena *Duces Tecum,*" filed by Defendant's present counsel, Defendants WAUSA and Niuniu Ji stated the following with regard to Mr. Ji's control of WAUSA successor by merger to Niutech, LLC :

> 7.     With respect to the first sentence of paragraph 7, Respondents admit that Ji is an individual over the age of 21 and, at times, resided in Palm Beach County, Florida but deny that he presently resides in Palm Beach County, Florida. ***With regard to the second sentence, Respondents admit that Ji indirectly owns, manages or controls World Avenue.***

*See* F-1, BSI FL AG at 3143.

10

Thus, the Respondents in the Florida Attorney General Litigation admitted that "World Avenue," the shorthand name in that action for WAUSA, fka Niutech, LLC, was owned, managed or controlled by Defendant Niuniu Ji.

III.   **WAUSA's Failure to Respond Fully to BSI's Request for Production of Documents Is Legally Indefensible.**

WAUSA argues that it is not required to respond to BSI's document requests under the meaning of "you" in the Discovery Guidelines of the Local Rules. *See* WAUSA Opp. at 3 & 5. Even if the definition of the word "You" or "Your" is revised as suggested by World Avenue under the Local Rules, WAUSA is nevertheless required to turn over documents in the possession of its *agents, representatives, and attorneys*. *See* Opp. at 6.

BSI originally defined the term "YOU" as follows :

8.      YOU and YOUR is understood to mean defendants WORLD AVENUE U.S.A., LLC ("WAUSA"); WORLD AVENUE HOLDINGS, LLC ("WAH"); WORLD AVENUE MANAGEMENT, INC. ("WAM"); and/or NIUNIU JI, both in their individual and/or collective capacity, as well as their former and current employees, attorneys, accountants, agents, affiliates and representatives, including corporate affiliates, subsidiaries and parent corporations.

In its responses, WAUSA created an entirely new definition of "YOU" :

1.      WAUSA objects to the definition of "YOU" and "YOUR," on the grounds that it is overly broad, unduly burdensome and oppressive. . . . For purposes of responding to these interrogatory requests, WAUSA understands the terms "YOU" and "YOUR" to mean Defendant World Avenue USA, LLC, the named Defendant in this case formed on September 22, 2006.

11

*See* WAUSA's Responses at 5 - 6.

WAUSA has admitted that Defendant Ji was in control of Niutech, LLC, *supra*;  Niutech, LLC merged with the Delaware entity World Avenue U.S.A., LLC and became the surviving entity.  Under the Agreement of Merger, WAUSA, as the surviving organization, assumed the rights, responsibilities, and documents of the prior entity, according to the merger agreement filed with the State of Delaware.

Subsequently, WAUSA changed its name to TheUseful, LLC, which now apparently has no fictitious names.  *See* Opp. Exibits B & C.  WAUSA now ignores its status as successor of Niutech and its renaming, and denies any affiliation with Defendant Niuniu Ji and the emails that give rise to this suit.

## IV.   The Spoliation Objection

WAUSA contends BSI has discarded "embedded content" within some of the emails.  This issue is rebutted in Paul Wagner's report of May 4, 2010, at pages 3 and 4.  (Attached as Exhibit F-5.)  Even if this were a legitimate concern, it affects a total of only 16 emails among those giving rise to this suit.  Id. at 6.

## V.   The "Burden" Objection

In its opposition, World Avenue has demonstrated its ability to determine the origin of one email from a given affiliate.   Using the confirmed features in that email, the attribution of similar emails from the same affiliate will be relatively easy.  For example,

2,551 substantially similar emails were sent on March 29, March 30 and April 4, 2005 from varying IP addresses between 66.55.191.33 and 66.55.191.246.  All 2,551 emails contain the header "X-Mailer: Version 5..."  BSI contends that (1) the emails were sent by MailCompanyX and (2) World Avenue hired MailCompanyX to do so.

All together, 57,305 substantially similar emails were sent between 3/29/2005 and 9/3/2005 from a few narrow ranges of IP addresses, and contain the header "X-Mailer: Version 5..."  BSI contends that all of these were sent by MailCompanyX with assistance from World Avenue.

## VI.   **Sanctions are Appropriate**

The Court should compel full production as requested, and should impose sanctions against WAUSA for its evasion in discovery, especially in view of the unsustainable denial of its status as a successor entity.

Respectfully Submitted,

_____/s/_____                                July 7, 2010
Stephen H. Ring
**Stephen H. Ring, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639

13

<u>        /s/        </u>
Michael S. Rothman, Esq.
401 E. Jefferson Street Suite 201
Rockville, MD 20850
USDC MD Fed. Bar No. 14578
Telephone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*


## <u>EXHIBITS</u>

F-1     Selected Documents from the files of the Office of the Florida Attorney General

F-2     Selected Documents from the Florida Secretary of State, Office of Corporations

F-3     Settlement check in Florida Attorney General action; WAUSA

F-4     letter of June 9, 2010 from Stephen Ring to Sanford Saunders

F-5     Report of Paul Wagner, May 3, 2010