IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC. )<br>)<br>Plaintiff )<br>v. )<br>)<br>WORLD AVENUE USA, LLC, et al. )<br>Defendants )<br>_____ ) | Case No. PJM 08 cv 0921 |

**DEFENDANT, WORLD AVENUE USA, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS CROSS-MOTION TO HOLD PLAINTIFF IN CONTEMPT OF COURT.**

Defendant, WORLD AVENUE USA, LLC ("WAUSA") hereby files its Reply Memorandum in support of its Cross-Motion to hold Plaintiff BEYOND SYSTEMS, INC. ("BSI") in contempt of Court for violating this Court's May 17, 2010 Order [DE 235] and this Court's August 29, 2009 Confidentiality Order [DE 92, 97], and states:

On June 1, 2010, Plaintiff BSI filed its Motion to seal a self-serving 17-page piece of correspondence authored by BSI regarding discovery. *See* DE 250. On June 2nd, Defendant WAUSA opposed the Motion and filed its Cross-Motion to hold BSI in contempt of Court for violating two Court Orders. *See* DE 255. Specifically, Plaintiff BSI filed under seal correspondence that attempted again to designate references to 70,000 E-Mails At Issue as confidential. As pointed out in the Cross-Motion, this is a violation and contempt of this Court's May 17, 2010 Order [DE 235] that the 70,000 E-Mails At Issue are not confidential and cannot be sealed; and it is a violation and contempt of this Court's August 29, 2009 Confidentiality Order [DE 92, 97]. The briefing on the Motion to Seal closed with the filing of BSI's Reply [DE

287], and WAUSA will not address the merits here, but will only reply to BSI's arguments on Defendant WAUSA's Cross-Motion to Hold Plaintiff in Contempt of Court.[1] *See* DE 287.

BSI argues that WAUSA cannot cross-move for sanctions because WAUSA did not comply with the "safe harbor" provision of Rule 11. WAUSA, however, filed a Cross-Motion to Hold Plaintiff in Contempt of Court, and not a motion for sanctions. Contempt of Court does not implicate Rule 11. *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) ("A civil contempt order has much different purposes than a Rule 11 sanction. Civil contempt is designed to force the contemnor to comply with an order of the court, Rule 11 is designed to punish a party who has already violated the court's rules") (citations omitted). A court can issue sanctions to compel compliance with a Court Order incident to a finding of contempt. *See Landmark Legal Foundation v. EPA*, 272 F. Supp.2d 70, 86 (D.D.C. 2003). If BSI's argument were true, a Court could never *sua sponte* hold a party in contempt of Court for violating its Orders unless the Court first served its own "safe harbor" notice on such party in compliance with Rule 11.

Thus, BSI's Opposition is misplaced.

---

[1] BSI also engages in a self-refuting argument that WAUSA should be sanctioned for moving for sanctions because WAUSA did not follow Rule 11. WAUSA did not move for sanctions, but to hold BSI in contempt of Court, which does not implicate BSI's concerns. BSI's argument on Rule 11, however, would appear to refute its request for sanctions.

2

Dated: July 13, 2010.

        Respectfully submitted,

        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

         /s/
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone: 202-331-3100
        Facsimile: 202-331-3101

        --and--

        Kenneth Horky, Esq.
        Florida Bar No. 691194
        horkyk@gtlaw.com
        John L. McManus, Esq.
        Florida Bar No. 0119423
        mcmanusj@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, P.A.
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, FL 33301
        Telephone: 954-765-0500
        Facsimile: 954-765-1477