## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00921 (PJM) (CBD) |
| | ) | |
| WORLD AVENUE USA, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT WORLD AVENUE USA, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO FOURTH REQUEST FOR PRODUCTION

Defendant World Avenue USA, LLC ("WAUSA") hereby submits its Reply Memorandum in Support of its Motion to Compel Production of Documents Responsive to Fourth Request for Production [DE 271, 272] issued to Plaintiff Beyond Systems, Inc. ("BSI") and in Reply to BSI's Opposition to the Motion to Compel ("Opposition") [DE 322], and states:

**I.      The Motion To Compel Should Be Granted As Unopposed.**

BSI's "Opposition" does not oppose WAUSA's Motion to Compel at all.  BSI makes no effort to defend the four (4) pages of boilerplate objections that it levied at Pages 1-4 of its discovery responses [DE 272-2, pp. 1-4] and that were the subject of WAUSA's arguments at Pages 4-6 of the Memorandum of Law in Support of the Motion to Compel.  *See* DE 272, pp. 4-6.

BSI makes no effort to defend the Byzantine labyrinth of objections that it raised in response to Requests 2-23 [DE 272-2, pp. 5-27] and that were argued by WAUSA at Pages 6-33 of the Memorandum of Law in Support of the Motion to Compel.  *See* DE 272, pp. 6-33.  BSI simply stated the following twenty-two (22) times:  BSI "stands on its prior objections."

Accordingly, WAUSA's Motion should be granted by default.

## II.    The Court Should Compel Production of the "Game Plan" Document.

BSI also resists production of the "game plan" document in Request 1 of WAUSA's Fourth Request for Production in this case on the grounds that the Court in the *Kraft* matter found the document to be privileged.  *See* DE 322, p. 2, ¶ 1.  Aside from the fact that most of the pertinent portions of the moving papers related to the "game plan" document are under seal and not available to WAUSA, BSI's position should be rejected.  In its Response in this action, BSI pretended not to know what the "game plan" document was and expressly represented that no such document existed:

> "***Neither 'game plan' nor 'plan of action' are defined terms, and it is unclear what information the Request is seeking***"
> * * * *
> "***Plaintiff has no responsive documents***."

*See* DE 272-2, p. 4.  Now that WAUSA has pointed out that it was *BSI* who identified the document as a "game plan," BSI has had a miraculous recollection and claims that the very document it previously denied the existence of is not only privileged, but covered by an order in another case.

However, BSI never listed the document on any Privilege Log in this case and, as such, waived any privilege that it now belatedly asserts.   Federal Rule 26(b)(5) provides:

(5) Claiming Privilege or Protecting Trial- Preparation Materials.

 (A) *Information Withheld*. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

   (i) expressly make the claim; and

   (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

2

Guideline 10(d) of the Local Rules states:

In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted objecting to any interrogatory, document request, or part thereof, and information is not provided on the basis of such assertion:

> i. The party asserting the privilege shall, in the objection to the interrogatory, document request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;
>
> ii. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information;
> * * *
> b. For documents:
> (i) the type of document;
> (ii) the general subject matter of the document;
> (iii) the date of the document; and
> (iv) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

In this District, a party has a duty to particularize its claims of privilege.  *Equal Rights Center v. Lion Gables Residential Trust*, Case No. DKC 07-2358, 2010 WL 2483613, at *1, *6 (D. Md. June 15, 2010) (Chasanow, J.); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 264 (D. Md. 2008) (Grimm, J.)  Failure to provide a Privilege Log violates Rule 26(b)(5) and Discovery Guideline 10(d) of the Local Rules and waives the privilege.  *See* Fed. R. Civ. P. 26(b)(5); Local Rules, Discovery Guideline 10(d); *Susko v. City of Weirton*, Case No. 5:-09cv1, 2010 WL 2521423, at *1,  *2 (N.D.W.V. June 21, 2010) ("The plaintiff, however, never supplied a privilege log to allow the magistrate judge to asses the privilege claims, as required by Federal Rule of Civil Procedure 26(b)(5) … The plaintiff's objection, therefore, is improper.").

In its Order that excused BSI's complete failure to respond to the subject Motion to Compel, this Court expressly warned BSI:  "Chances are, however, that similar circumstances in

the future will be met with harsher results." *See* DE 304, p. 2, ¶ 2.  Having not served any Privilege Log that covered the "game plan" document and, in fact, denying in writing that it existed [DE 272-2, p. 4], BSI should be precluded from claiming privilege.  As stated in the Court's Order, this request should be "met with harsher results."  DE 304, p. 2, ¶ 2.  BSI has waived any privilege as to the "game plan" document by playing games on whether it actually existed and then utterly failing to serve a Privilege Log.  The Court should order production.

### III.    BSI Should Be Compelled To Produce Documents In Its Possession, Custody, Or Control.

In its Responses to Requests 13 and 22 of its Opposition [DE 322, pp. 4, 6] and Paragraphs 4 and 7 of the Declaration of Paul Wagner [DE 322-1, p. 2], BSI states that it does not have copies of checks, some of which are of recent vintage.  In response to Requests 2 through 23, BSI states that it will only produce those documents that "are in BSI's possession." *See* Opposition, DE 322, pp. 2-7, ¶¶ 2-23.

This is not the standard for production.  BSI is obligated to produce all documents in its "possession, custody, or control."  *See* Rule 34(a)(1).  "'Control'" has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought on demand." *See Steele Software Systems, Corp. v. DataQuick Info. Sys., Inc.*, 237 F.R.D. 561, 564 (D. Md. 2006) (Grimm, J.).  BSI cannot seriously contend that it lacks the "legal right, authority, or practical ability" to ask its bank for copies of checks deposited in its account.  Thus, BSI should be compelled to produce all documents in its possession, custody, or control, including the requested checks.

## IV.    BSI Should Be Compelled To Label The Documents Responsive To Each Of The Requests.

Rule 34 requires that the documents be produced "in the usual course of business or must organize and label them to correspond to the categories in the request."  *See* Rule 34(b)(2)(E)(i). BSI has, in the past, failed to comply with this dictate.  It is not sufficient to point to a mountain of documents and state that said documents are responsive to several of the requests for production.   Rule 34(b)(2)(E)(i) means what it says:  the documents themselves must be organized and labeled to correspond to the categories in the Request.  *See Porreca v. Mitchell L. Morgan Management, Inc.*, Case No. JLM 08-1924, 2009 WL 400626, at *1, *3 (D. Md. Feb. 13, 2009) (Motz, J.) ("In Plaintiffs' response to Defendants' requests for document production, rather than organizing and labeling the documents to correspond to the categories in the request as required by Rule 34(b)(2)(E)(I) of the Federal Rules of Civil Procedure, they merely respond 'see attached documents' for every request, even when there are no corresponding documents attached"); *T.N. Taube Corp. v. Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 456 (W.D.N.C. 1991) ("Here, Defendant obviously has the ability to inform Plaintiff which of the produced documents respond to particular requests for production….As such the Court believes the purposes of discovery, and basic considerations of fairness, require Defendant to organize the documents produced on 1 October 1990 in a manner clearly indicating which of these documents respond to Plaintiff's specific requests for production"); *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 528 (S.D.W.V. 2007) ("There is no indication that Plaintiff produced its Rule 26(a)(1) disclosures as they were kept in the usual course of business or that they were otherwise organized and labeled").  The organization and labeling requirement is particularly important to pinpoint which of the supposed customers for which BSI is actually producing documents.

5

### V.      BSI Should Be Sanctioned Pursuant To Rule 37.

BSI should be sanctioned under Rule 37 for two reasons.   First, because WAUSA's Motion should be granted, and BSI's Opposition was not "substantially justified."   Second, because BSI has not produced the documents requested in the Fourth Request.  By its own *new* Responses in its Opposition, in response to 22 of 23 requests, BSI states that "supplemental production will be made."  *See* Opposition, DE 322, pp. 2-7, ¶¶ 2-23.  When a party provides the requested discovery only after a motion to compel is filed, Rule 37 mandates sanctions unless substantial justification is demonstrated.  *See* Fed. R. Civ. P. 37.

Rule 37 provides:

> If the motion is granted-**or if the disclosure or requested discovery is provided after the motion was filed**-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees.

(emphasis added).

In the Fourth Circuit, an award of sanctions depends on the following factors:   (1) whether the non-complying party acted in bad faith; (2) the prejudice suffered by the other party; (3) the need for deterrence; and (4) the effectiveness of less drastic sanctions."  *See Porreca v. Mitchell L. Morgan Management, Inc*., Case No. JLM 08-1924, 2009 WL 400626, at *1, *3 (D. Md. Feb. 13, 2009).

A court need not award sanctions if the conduct is "substantially justified."  *See Kemp v. Harris*, 263 F.R.D. 293, 296 (D. Md.).   Conduct is "substantially justified" where there is a "genuine dispute" or if "reasonable persons could differ."  *Id*.   Substantial justification can include making meritorious objections.  *Id*.  "However, parties must sufficiently argue that they were substantially justified."  *Id*.  Here, BSI did not do so.  Instead of defending its objections,

BSI stated twenty-two (22) times that it "stands on its prior objections," but made no effort to defend the objections against the challenges in the Motion to Compel.  *See* Opposition, DE 322, pp. 2-7, ¶¶ 2-23.  It instead just stated that "[t]o the extent responsive non-privileged documents exist," "supplemental production will be made" at some unspecified time in the future.  *Id.*

In the end, 109 days after the Fourth Request was served and 72 days after BSI responded to it, BSI still does not know if responsive non-privileged documents exist and BSI still has not produced *any* of the documents or told the Court *when* the documents would be produced.

Were this an isolated incident, the Court would be justified in denying sanctions. However, BSI's conduct in lodging objections in its Response to the Fourth Request, failing to produce any documents despite numerous efforts to work out the Motion, failing to even respond to the Motion to Compel, and then filing an Opposition which "stands on its prior objections," but makes no effort to defend them and again promises a future "supplemental production," is egregious.  This is particularly so because when the Court excused BSI's complete failure to respond to the Motion to Compel, the Court expressly warned:  "Chances are, however, that similar circumstances in the future will be met with harsher results."  *See* DE 304, p. 2, ¶ 2.  The Court's warning has not been heeded.

Further, this case has been replete with examples of BSI not obeying the rules, taking specious positions, ignoring Court orders, ignoring deadlines and generally doing whatever it pleases.  Many times the Defendants have asked the Court to impose sanctions to curtail this behavior.  Many times the Court has noted in Orders that BSI's conduct was either borderline sanctionable or, in fact, over the line -- yet, in many instances, the Court has expressly stated that it was refraining from the imposition of sanctions.  *See*, *e.g.*, DE 183, p. 3 ("Plaintiff was permitted to pursue discovery, and here, its approach was inappropriate.  Plaintiff's attempt at a

'mulligan' was immediately frustrated by the quick action of Defendant.  As the Court will prohibit Plaintiff from conducting the depositions it seeks, the Court is satisfied that further court action by way of sanctions, while extremely tempting, is not required"); DE 212, p. 2 ("Given the lack of clarity in the Rules, the Court finds that the award of fees and expenses to be inappropriate in the circumstances"); DE 213, p. 2 ("Plaintiff shall be limited to the discovery of those items set forth in the declaration until some other good faith basis has been established. Any effort by Plaintiff to go beyond the parameters of good faith discovery may run afoul of the principles of Fed. R. Civ. P. 11"); DE 234, p. 2 ("Given the resolution of this motion, the court does not find sanctions to be appropriate"); DE 305 ("Accordingly, the scope of the ESI deposition here shall be limited to the negotiated definitions of the ESI Agreement. There shall be no "bleeding over" into merits discovery under this notice. Plaintiff is limited to the discovery of the location and the nature of electronically stored information. As presently drafted, the ESI deposition notice goes far beyond the scope of the ESI Agreement and is impermissible.").[1]

---

[1] At a July 14, 2009 hearing, the Court warned Plaintiff:

> You know you folks [BSI] are becoming regular visitors of my court in a way that somehow inappropriately, I think, monopolizes the time of the Court. You're back on jurisdictional issues again and a gain. I think you've got to tighten your game a little bit. This time around certainly is a good example of it, because we have to scramble through to see exactly how these folks get into the case. … I think you guys have been sloppy on this, I really do. You may have a case to make, but you've just let it go on this jurisdictional issue … You folks seem to be in this business right now of suing spammers so-to-speak, what you believe to be spammers. If you're in the business, you've got to be much more careful on the jurisdictional issue because it's tortuous.

*See* DE 121, Exhibit 1, 29:22-30:03; 38:20-23; 48:17-22.

Because BSI's conduct in responding -- or, more accurately, not responding -- to the Fourth Request for Production is not "substantially justified," the Court should enter an award of sanctions.  *See* Rule 37.

Dated this 16th day of July 2010.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*


   /s John L. McManus             
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

FTL 107,769,182v1  115318.010500