**GT GreenbergTraurig**

Sanford M. Saunders, Jr.
Tel. 202.331.3130
Fax 202.331.3101
saunderss@gtlaw.com

July 22, 2010

**VIA CM/ECF**

Magistrate Judge Charles B. Day
United States District Court for the District of Maryland
Greenbelt Division, 6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    *Beyond Systems, Inc. v. World Avenue USA, LLC, et al.,* Case No. 08 cv 0921

Magistrate Judge Day:

    This letter responds to Beyond Systems, Inc.'s ("BSI") Opposition filed yesterday morning at DE 351 in response to Defendant World Avenue USA, LLC's ("WAUSA") Letter dated July 16, 2010 filed at DE 340 and renews our request for a ten (10) minute phone call on WAUSA's Motion for Expedited Discovery filed earlier that day at DE 338.

    The Motion for Expedited Discovery requested expedited production of documents and a privilege log in connection with a Request for Production that WAUSA issued to discover information about its Motion to Dismiss for Fraud on the Court and its Memorandum of Points and Authorities ("Memorandum") in Support of the Motion filed on July 6, 2010 at DE 323, 323-1. WAUSA had asked for a response and production of documents to the Request for Production within seven (7) days, and the production of a privilege log within ten (10) days. A true and correct copy of the Fifth Request for Production of Documents to Plaintiff is attached hereto as Exhibit 1. As explained below, the new revelation contained in BSI's Opposition at DE 351 highlights the need for expedited consideration as requested in its July 16th Letter and Motion for Expedited Discovery.

    **I.**    **BSI's Fraud Upon The Court Continues.**

BSI made the following representation to this Court at DE 351, Page 2:

> *WAUSA is miffed that Plaintiff included the following phrase in some of the subpoenas to non-parties:*
>
> All DOCUMENTS RELATING TO any federal, state, or local government's investigation into the activities of any e-mail marketing firm including Scott Richter/OptInRealBig/Media Breakaway and the Ralsky Spam GangRALSKY SPAM GANG, including inquiries by the Attorney General offices of Florida, New York, and Texas, or by any branch of the

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO**
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS
ZURICH
*OPERATES AS GREENBERG TRAURIG MAHER LLP
**STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
2101 L Street, N.W. ■ Suite 1000 ■ Washington, D.C. 20037 ■ Tel 202.331.3100 ■ Fax 202.331.3101

---

>    *Federal Government including the FBI, the Justice Department or the FTC.*

WAUSA was most certainly not complaining about the above-quoted "phrase in some of the subpoenas to non-parties." Until yesterday, WAUSA had never seen this language.

This quoted language is found nowhere in the text of the 38-page Memorandum, the 28 Exhibits to the Memorandum comprised of 516 pages, and not in the 23 purportedly genuine subpoenas supplied by BSI to WAUSA, and not in the five secret subpoenas that WAUSA has discovered to date. To be certain, the language that WAUSA focuses on in its Memorandum centered on Paragraph 5 of the purported copies of the subpoenas, and on Paragraph 5 of the secret subpoenas that WAUSA later discovered were completely different, and not the language that BSI has now quoted to the Court in its Opposition at Page 2. The difference can be seen below:

| Language of Secret Subpoenas Quoted In WAUSA's Memorandum At DE 323-1, Pages 23-27. | "Phrase" That "Plaintiff included" "In Some Of The Subpoenas To Non-Parties" Quoted In Page 2 of BSI's Opposition At DE 351. |
|---|---|
| *All DOCUMENTS produced to or RELATING TO investigations and/or litigation against **WORLD AVENUE, MAILCOMPANYX, ACCELERATEBIZ**, the **RALSKY DEFENDANTS**, or any other **BULK EMAILER** and RELATING TO illegal marketing, including those by:*<br><br>*a. Any United States Attorney's Office in the United States and/or any of its Territories;*<br>*b. The Federal Bureau of Investigations*<br>\* \* \* \*<br>[emphasis added] | *All DOCUMENTS RELATING TO any federal, state, or local government's investigation into the activities of any e-mail marketing firm including Scott Richter/OptInRealBig/Media Breakaway and the Ralsky Spam GangRALSKY SPAM GANG, including inquiries by the Attorney General offices of Florida, New York, and Texas, or by any branch of the Federal Government including the FBI, the Justice Department or the FTC.* |

Unbelievably, BSI cites document request language that does not even reference either of the named and served defendants in this case -- WAUSA or World Avenue Holdings.[1] Rather than come clean, BSI tries to minimize the significance of its actions by ignoring the language Defendants cited from the secret subpoena they had discovered, quoting from another version of a document request in an entirely different version of still another new, secret subpoena Defendants have never seen before, and creating a straw man defense derived therefrom. In April, the Court ordered BSI to turn over all third-party subpoenas. DE 351 demonstrates BSI has not complied. An expedited ten (10) minute phone call on the Motion for Expedited Discovery should be granted for this reason alone.

---

[1] BSI's failure to include WAUSA or World Avenue Holdings in the cited request raises a question of whether it is issuing subpoenas actually intended to elicit admissible evidence.

## II. The Truth Is Not "Collateral."

BSI calls this a "collateral" issue. It is terribly wrong for two reasons. As a threshold matter, defying a Court's Order for forty days is not "collateral." DE 212. Now there is evidence in BSI's own filing that the Court's Order has been defied for more than ninety days. Moreover, a subpoena is a Court Order.[2] It is axiomatic that the abuse of a Court Order is not "collateral."

This Court previously ordered BSI to correct its failure to follow rules allowing parties the privilege to act on the Court's behalf in issuing subpoenas. BSI has flouted the Order and, in doing so as revealed in DE 351, has caused greater harm than initially perceived. BSI tried to cover up both wrongful acts - abusing the subpoena privilege and disobeying the Court's April Order - by 1) producing to WAUSA bogus Subpoenas that were materially different than the Subpoenas secretly served on non-parties, *see* Comparison below; and 2) lying to the Court by claiming the bogus Subpoenas were the real ones it actually served. In both instances, BSI's conduct was designed to conceal BSI's asking in the secret Subpoenas about non-existent FBI and U.S. Attorney's Office investigations against WAUSA. BSI sought to conceal this language because it feared the consequences should the truth become known. Still fearing those consequences, BSI now seeks to minimize what it did as "collateral" to the case. Yet there can be nothing "collateral" about abusing the subpoena privilege, disobeying a Court Order and lying to the Court to avoid getting caught.

---

[2] *See Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D. Md. 2001) ("Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court").

[Side-by-side comparison of two subpoenas with annotations:

Left: "Bogus Subpoena Produced February 8, 2010" — United States District Court, District of Maryland, Beyond Systems, Inc., Plaintiff v. World Avenue USA, LLC, et al., Defendants. Subpoena in a Civil Case. Annotations: "Box Checked"; "Note the 'S.'"; "No 'S' on word 'Plaintiff'"; "Bogus Subpoena Signature Materially Different".

Right: "Secret Subpoena Issued January 8, 2010" — same caption. Annotations: "Box Circled/Unchecked"; "Note no '.' after 'S'"; "Use of word 'Plaintiffs'"; "Secret Subpoena Signature Materially Different".]

### III.  BSI's Assertions to The Court Are Not Undisputed.

Finally, BSI tries to justify the content of the secret Subpoenas by stating that ""[i]t is undisputed that … that Mr. Ralsky was a marketer for World Avenue before he began his federal prison term." DE 351, p. 2, ¶ 6.  Contrary to BSI's statement, its allegation is not undisputed and BSI is on notice of same because WAUSA denied the allegation in its Answer.[3]  What is undisputed is that BSI -- in a stunning continuation of the misconduct -- has again violated its duty of candor to the Court by claiming WAUSA was "miffed" about an entirely different

---

[3] BSI apparently lifted hearsay assertions from an internet web site in order to accuse WAUSA of being linked with Ralsky.

Magistrate Judge Charles B. Day
July 22, 2010
Page 5

---

question than the one WAUSA cited in its Motion to Dismiss, evidently in hopes of diverting attention to a different question that BSI may feel is less offensive.

It is very harmful to have someone use secret judicial process to falsely tell others that one is being investigated by the FBI. This very harmful action has been knowingly and intentionally concealed, and the Defendant needs expedited relief now that it has begun to realize what has been done to it. We respectfully request ten (10) minutes of the Court's time on an expedited basis to consider the Motion for Expedited Discovery at DE 338, which requests a shortening of the time to produce documents and a privilege log for a Request for Production that would otherwise be due on August 12th.

Respectfully Submitted,

/s Sanford M. Saunders, Jr.

Sanford M. Saunders, Jr.

cc: Stephen H. Ring, Esq.
Michael Rothman, Esq.
Nicoleta Burlacu, Esq.
Kenneth A. Horky, Esq.
John L. McManus, Esq.