IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC.<br><br>        Plaintiff,<br><br>v.<br><br>WORLD AVENUE USA, LLC, et al.,<br><br>        Defendants. | Case No. 8:08-CV-00921-PJM<br><br>The Honorable Peter J. Messitte<br><br>Magistrate Judge Charles B. Day |

**CONNEXUS'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO INTERVENE TO ACCESS SEALED FILINGS AND IMPROPERLY DESIGNATED MATERIALS, TO CHALLENGE CONFIDENTIALITY, AND FOR OTHER RELIEF**

Plaintiff Beyond Systems, Inc.'s ("BSI") Motion for Extension of Time to file its opposition to Connexus's Motion to Intervene to Access Sealed Filings and Improperly Designated Materials should be denied because BSI failed to show "good cause" and because the extension will prejudice Connexus. First, BSI during meet and confer efforts leading up to its motion admitted that it intends to use the requested extension to file its opposition (or parts of it) to Connexus's pending motion under seal without serving the opposition on Connexus. [Paper No. 354-5.] Using an extension to file an opposition under seal so that the movant cannot reply to it is not "good cause" under FRCP 6(b), and will prejudice Connexus by preventing it from timely preparing its reply and forcing it to file additional motions with this Court to access BSI's opposition just so that Connexus can oppose it. Second, the other reasons for BSI's extension – that "BSI is in the process of responding to a number of currently outstanding motions filed by Defendant WAUSA" and that "Plaintiff's co-counsel is out-of-town on a personal matter" – do not satisfy the "good cause" standard in FRCP 6(b). [Paper No. 354 at 2.] **However, as Connexus explained to BSI's counsel, Connexus <u>agreed</u> to the requested extension if BSI**

**agreed to serve a complete <u>unredacted</u> version of its opposition and any other brief filed under seal incorporated in that opposition, such as BSI's Opposition to World Avenue's Motion to Challenge Confidentiality [Paper No. 345]**.  BSI refused.  Thus, BSI's motion should be denied; alternatively, the Court should order BSI to serve a complete unredacted version of its opposition and all related materials so that Connexus can reply to BSI's opposition without any additional delay that will result if BSI seals its opposition.

## FACTS

On July 6, 2010, Connexus filed a motion seeking access to sealed filings and materials concerning BSI's alleged status as an Internet service provider that BSI improperly designated as "Confidential" under the Stipulated Protective Order in this case. [Paper No. 324].  Connexus demonstrated in its motion that the materials are not "Confidential" under the Stipulated Protective Order, and that Connexus is entitled to the materials under United States Supreme Court precedent because they form the basis of a dispositive motion and are relevant to Connexus's defenses in a related case brought by BSI that is pending in this Court, *Beyond Systems, Inc. v. Kraft Foods, Inc., et al.*, Case No.: 8:08-cv-00409. (Id.)  World Avenue agrees that the materials are not confidential.  Thus, World Avenue filed a motion seeking to de-designate the materials as confidential and joined Connexus's motion. [Paper Nos. 293, 355.]

On July 21, 2010, BSI asked Connexus to consent to a one week extension in which to respond to Connexus's Motion. [Paper No. 345-2.]  Connexus <u>agreed</u> to the extension on the condition that BSI serve Connexus with a complete, <u>unredacted</u> copy of BSI's opposition and sealed briefs cited therein so that Connexus could timely reply to BSI's opposition. [Paper No. 345-3.]  BSI refused, thereby revealing the true reason why BSI seeks an extension:  BSI needs

2

time to file its opposition under seal so that Connexus cannot respond to it.  BSI's extension request should be denied for this reason, and because BSI failed to show "good cause."

## DISCUSSION

FRCP 6(b)(1) states that "When an act may or must be done within a specified time, the court may, for good cause, extend the time."  Thus, BSI must show "good cause" justifies granting the extension it seeks. FRCP 6(b).  BSI cannot meet its burden.

First, BSI admits that it will use the extra week so that it can prepare and then file its opposition to Connexus's motion under seal. [Paper No. 354-5.]  This reason does not even come close to meeting the "good cause" requirement under FRCP 6(b).  Indeed, granting the extension BSI seeks will prejudice Connexus by guaranteeing further delay and wasted resources.  Specifically, Connexus will need to seek relief from this Court to obtain full access to BSI's opposition just so that Connexus can respond to it which, in turn, will delay resolution of Connexus's motion.

Second, BSI's other reasons for its extension – that "BSI is in the process of responding to a number of currently outstanding motions filed by Defendant WAUSA" and that "Plaintiff's co-counsel is out-of-town on a personal matter" – do not establish good cause. *Ebel v. Eli Lilly and Co.*, 248 F.R.D. 208, 209 (S.D. Tex. 2007) ("scheduling conflicts, including a 2-week prior commitment by Plaintiff's counsel outside the country" did not satisfy "good cause" requirement under FRCP 16); *Arnold v. Krause, Inc.*, 232 F.R.D. 58, 65 (W.D.N.Y. 2004) ("litany of personal commitments" did not constitute "good cause" as compliance with deadlines could have been "overcome with a modest degree of foresight").  Here, BSI has two law firms in this case, and coordinates with world-wide firm, Steptoe & Johnson, which represents BSI in the BSI/Kraft litigation.  Further, while one of BSI's lawyers might be unavailable (Steve Ring), BSI's other

lawyer, Mike Rothman, failed to show why he cannot timely respond to Connexus's motion other than perhaps because he needs additional time to comply with the sealing requirements. Thus, BSI's excuses that "BSI is in the process of responding to a number of currently outstanding motions filed by Defendant WAUSA" and that "Plaintiff's co-counsel is out-of-town on a personal matter" does not warrant the relief it seeks either, as they could have been "overcome with a modest degree of foresight."

## CONCLUSION

For these reasons, BSI's motion should be denied. Alternatively, BSI should be ordered to serve a complete and unredacted copy of its opposition and all materials Connexus needs to reply to BSI's opposition.

Respectfully submitted,

Dated: July 23, 2010

/s/
J. Douglas Baldridge (US DC-MD Bar No. 11023)
Lisa Jose Fales (US DC-MD Bar No. 08141)
Ari N. Rothman (US DC-MD Bar No. 17560)
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
*Attorneys for Connexus Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July, 2010, a copy of the foregoing *Connexus's Opposition to Plaintiff's Motion for Extension of Time to File Opposition to Motion to Intervene to Access Sealed Filings and Improperly Designated Materials, to Challenge Confidentiality, and for Other Relief* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system except where otherwise indicated:

| | |
|---|---|
| Stephen H. Ring<br>Law Offices of Stephen H. Ring, P. C.<br>506 Main St., Suite 215<br>Gaithersburg, MD  20878-6571<br>shr@ringlaw.us<br><br>Mike Rothman<br>Law Office of Michael S. Rothman<br>401 E. Jefferson Street, Suite 201<br>Rockville MD  20850<br>mike@mikerothman.com<br>*Counsel for Plaintiff Beyond Systems, Inc.* | Sanford M Saunders , Jr<br>John L McManus<br>Kenneth A Horky<br>Nicoleta Burlacu<br>Greenberg Traurig LLP<br>2101 L St NW Ste 1000<br>Washington, DC 20037<br><br>*Counsel for Defendants* |

                                                /s/
                                           Ari N. Rothman