IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.        )
    Plaintiff                )
                             )
v.                           )   Case No. PJM 08 cv 0921
                             )
WORLD AVENUE USA, LLC, et al.)
    Defendants               )
_____)

**DEFENDANT WORLD AVENUE USA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**

Defendant WORLD AVENUE USA, LLC ("WAUSA"), hereby files its Memorandum of Law in Opposition to Plaintiff, Beyond System, Inc.'s ("BSI") Motion and Memorandum of Law In Support of Its Request For An Extension Of Time ("Motion for Extension") To Respond to Defendant WAUSA's Motion to Dismiss For Fraud On The Court. *See* DE 354 filed 7/22/10. WAUSA does not take lightly its obligation to cooperate reasonably with BSI in accommodating scheduling issues and avoiding bringing such matters before the Court. However, BSI's Motion for Extension should be denied because exigent circumstances mandate a prompt briefing of BSI's Motion to Dismiss For Fraud On The Court.

**I.    The Exigent Circumstances of WAUSA's Motion to Dismiss For Fraud On The Court Require Denial Of BSI's Motion.**

On July 6, 2010, WAUSA filed its Motion to Dismiss for Fraud on the Court and its Memorandum of Points and Authorities in Support of the Motion ("Motion to Dismiss"). *See* DE 323, 323-1. Briefly stated, the Motion to Dismiss for Fraud on the Court arises out of BSI's conduct of discovery where BSI issued secret Rule 45 subpoenas to non-parties, including customers of WAUSA's affiliated companies, that contained false and inflammatory statements

that WAUSA was being investigated by the Federal Bureau of Investigation and US Attorneys' Offices for criminal practices. BSI originally issued at least 23 (and possibly more) secret subpoenas without providing proper notice to WAUSA. *See* Court Order at DE 212. This Court granted WAUSA's Motion to Quash following opposition from BSI. *See* DE 157, 167, and 172. Although this Court issued an Order at DE 212 that BSI shall provide "copies of all original subpoenas with attachments issued to all non-parties," BSI ignored the Court Order for forty (40) days, prompting a second Motion. *See* DE 232, 259, and 337.

Although BSI lied to the Court in its opposition to the second Motion, falsely claiming it had turned over true copies of all the subpoenas, BSI still has not complied by turning over the real versions of all the subpoenas. *See* DE 323, 323-1, 337. As a result, WAUSA is still determining what BSI actually said to the customers of WAUSA's affiliated companies in all the different versions of the secret subpoenas it issued, and the resulting harm that has been done through BSI's publication of false statements in secret subpoenas that WAUSA is under criminal investigation by the Federal Bureau of Investigation and United States Attorney's Offices.

Wednesday, WAUSA discovered that BSI has apparently issued still more versions of subpoenas of which WAUSA does not have a copy. In BSI's filing Wednesday at DE 351, BSI quoted a request from subpoenas it represented had been issued to non-parties. However, WAUSA had never seen such subpoenas. BSI never produced them, despite a Court Order at DE 212. BSI has not come clean about its conduct and this is why WAUSA can not agree to any extension. BSI is under a Court Order to turn over the subpoenas. It has lied to the Court and WAUSA that it has done so (DE 323, 323-1, 337), but the truth is that to this day BSI has not complied with the Order. Without dwelling on BSI's ruthless determination to disobey the Court's Order, and its cynical simultaneous request for more time to respond to the pending

Motion to Dismiss, suffice it to say that WAUSA must have this issue fully aired and resolved as quickly as possible. WAUSA has been smeared.

## II.     BSI Is Making Inconsistent Representations To The Court.

In BSI's filing Wednesday at DE 351, BSI opposed WAUSA's request [DE 340] for a ten (10) minute telephone hearing on WAUSA's Motion for Expedited Discovery [DE 338] on WAUSA's Request for Production directed to the subject matter of its Motion to Dismiss. BSI resists an expedited telephone hearing, arguing BSI should be allowed to respond in the normal course. BSI represented:

> Plaintiff's opposition to the motion [to dismiss] is due Friday, July 23, 2010, the original due date. Plaintiff should be allowed a fair opportunity to state its position in normal course.

The cynicism is evident. On July 21 BSI says it is too busy for a phone hearing because it has to respond on July 23 to the Motion to Dismiss. Yet the very next day BSI shows it has no intention of responding to the Motion to Dismiss on July 23 because it asks for an extension. In an all too familiar pattern, BSI says whatever suits its purpose at the moment, and shamelessly contradicts itself the very next day.

In short, BSI's representation at DE 351 is utterly inconsistent with what it asks for in its Motion for Extension. And most important of all, it is not in the "normal course" to disobey a Court Order to facilitate covering up a scheme that has persisted for seven (7) months, and then expect extensions of time while still disobeying the Order.

## III.    BSI Fails To Demonstrate Good Cause

BSI fails to establish good cause for the extension. For example, it does not cite the unavailability of relevant information. Furthermore, BSI mischaracterizes WAUSA's response to the request. As the Court can see from the attached emails at Exhibit 1, WAUSA did not

"simply refuse" the request, but rather explained to BSI its refusal was based on the fact that BSI previously refused to compromise with WAUSA on the issue of expedited discovery because, in part, its time would be spent in preparing the Opposition for which it now seeks the extension. BSI's prior affirmative reliance on the deadline as a means to avoid discovery contravenes its thin effort to demonstrate good cause for the Court to grant the extension. Its attempt to have it both ways is compounded by the conduct discussed in Section II, above.

Finally, the fact BSI filed for the extension and did not miss the deadline, as it has done in numerous other instances, does not constitute good cause.

No extension should even be considered under the circumstances. The Court should compel BSI to explain itself. For its part, WAUSA cannot consent to further delay resolution of an issue that BSI has concealed ever since BSI first issued these subpoenas in January.

**WHEREFORE**, Defendant WAUSA respectfully requests that the Court deny Plaintiff's Motion for Extension of Time.

Dated: July 23, 2010.

> Respectfully submitted,
>
> ___/s/_____
> Sanford M. Saunders, Jr., Esq.
> USDC, MD #4734
> saunderss@gtlaw.com
> Nicoleta Burlacu, Esq.
> BurlacuN@gtlaw.com
> *Admitted Pro Hac Vice*
> GREENBERG TRAURIG, LLP
> 2101 L Street, NW, Suite 1000
> Washington, DC 20037
> Telephone: 202-331-3100
> Facsimile: 202-331-3101
>
> --and--
>
> Kenneth Horky, Esq.
> Florida Bar No. 691194

4

horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

*Attorneys for World Avenue USA, LLC and World Avenue Holdings, LLC*