# MICHAEL S. ROTHMAN

ATTORNEY AT LAW

401 EAST JEFFERSON STREET
SUITE 201
ROCKVILLE, MARYLAND 20850

TELEPHONE:  (301) 251-9660
FACSIMILE:  (301) 251-9610
mike@mikerothman.com
www.mikerothman.com

May 21, 2010

*VIA FIRST CLASS MAIL AND
  ELECTRONIC MAIL*

Sanford Saunders, Esq.          John L. McManus, Esq.
Greenberg Traurig               Greenberg Traurig, P.A.
2101 L Street, N.W.             401 East Las Olas Boulevard
Suite 1000                      Suite 2000
Washington D.C. 20037           Ft. Lauderdale, FL  33301

> Re:     Beyond Systems, Inc. v. World Avenue USA, LLC, et al.
>         Case No. PJM 08 cv 0921

Dear Mr. Saunders :

This letter comes in response to your Motion to Enforce Court Order at Docket Entry 212, as well as all prior correspondence addressing this issue.  This letter should supplement to my prior attempts to communicate this information, and should not be construed as contradicting any former correspondence on this matter.  I address your prior concerns below, *seriatim*.

## BSI UPDATES ON COMPLIANCE EFFORTS

## [DE 212] CBD Order (4/12/10) re:  WAUSA MOTION TO QUASH EIGHTY-FIVE (85) UNKNOWN SUBPOENAS [DE 157].

Language of the Order :

> Plaintiff shall provide a listing of all non-party subpoenas issued, the status of production for each non-party, and a summary of any discussions held regarding the efforts to obtain the requested materials subsequent to the service or attempted service of each subpoena.  Plaintiff shall also produce copies of all original subpoenas with attachments issued to all non-parties.  For any non-party who has not responded to Plaintiff's subpoena, Plaintiff shall immediately notify said non-party that the Court

1

has quashed the subpoena and that they should not produce the requested material.  Plaintiff is not prohibited from seeking the same material, but must do so in full compliance with the rules of procedure as suggested herein.  Plaintiff shall produce to all parties complete copies of materials received in response to any subpoena issued.

BSI Response :

1.      On December 29, 2009, Plaintiff served a Notice of Issuance of Subpoenas to Non-Parties For Production of Documents without Deposition." *See* Exhibit A-1 [DE 157-1], attached as an exhibit with the present letter.  The list contained the names of non-parties whom BSI intended to issue subpoenas for production of documents without deposition.  BSI also attached to the Notice a copy of a subpoena to Tiggee, LLC (aka DNSMadeEasy.com).  *See* Exhibit A-1 [DE 157-1].

2.      On February 1, WAUSA counsel McManus certified that he sent by email to Plaintiff's counsel a Request for Copies.  *See* Exhibit A-2 [DE 157-2], attached as an exhibit with the present letter.

3.      On Feburary 3 (not two days later), WAUSA, filed a Motion to Quash 85 Unknown Subpoenas.  *See* DE 157.

4.      On February 8 (***three business days later if you don't count the intervening weekend***) BSI produced copies of all the previously served subpoenas to WAUSA counsel of record by email as well as a Notice of Response to Defendant WAUSA's Request for Copies filed not seven days earlier.  *See* Exhibit A-3 [Rothman 02/08/10 email to all WAUSA Counsel of Record sending copies of served subpoenas and Notice], attached as an exhibit with the present letter.

5.      On February 23, BSI filed its Opposition to WAUSA's Motion to Quash, in which it also attached a copy of the Notice.  *See* Exhibit A-4 [DE 167-1], attached as an exhibit with the present letter.

6.      Twenty-three (23) subpoenas were previously served, and the remainder remained unserved prior to the filing of the Motion to Quash 85 Unknown Subpoenas.  Plaintiff did not serve the remainder of the subpoenas prior to the entry of the Court's Order, as stated in the email and certified to by the Notice.  *See* Exhibit A-4 [DE 167-1].

7.      On April 7, 2010, Plaintiff sent WAUSA by email copies of the Notice and Subpoenas for Documents sent to Enom, Western Digital, and Computer Spirit.  *See* Exhibit A-5 [Rothman 04/07/10 email], attached as an exhibit with the present letter.  These were the first subpoenas sent by the Plaintiff after Defendant's Request for Copies was sent on February 7th.

8.     The file attached to the April 7, 2010 email (Exhibit A-5) contained a copy of the Notice of Production of Documents without Deposition, as well as the three Subpoenas noted in the Notice.  *See* Exhibit A-6 [Notice of Production of Documents without Deposition].

9.     On April 12, the Court issued the Order at DE 122.

10.    WAUSA continued to send letters on April 15, 29, and May 13 seeking compliance with the Court's Order at DE 122, although Plaintiff, by and through counsel, had previously communicated the requested information.

11.    I attempted to avert yet another WAUSA motion on a Friday afternoon, by emailing Mr. Saunders of my intention to respond to any remaining concerns when I got back to town Monday morning.  *See* Exhibit A-7.

12.    Nevertheless, bright and early Monday morning, before BSI or I had a chance to respond more fully as promised the prior Friday afternoon, WAUSA filed its Motion to Enforce [DE 232].

## STATUS LISTING

BSI was not attempting to conduct any secret discovery program, as there could be nothing to gain.  Plaintiff has sought open discovery throughout this entire discovery period.  As the Court noted in DE 212, "the 1991 Advisory Committee Notes make clear that the intent of the notice is to provide 'other parties the opportunity to object . . . or to serve a demand for additional documents.'"  Defendant received copies of all subpoenas issued once it sought a Request for Copies.  In any case, WAUSA's rights to object or to serve a demand for additional documents were never jeopardized.

As referenced in the order, please find attached at Exhibit A-8 a chart containing a listing of all non-party subpoenas issued in this case, the status of production for each non-party, and a summary of any discussions held regarding the efforts to obtain the requested materials subsequent to the service or attempted service of each subpoena.  *See* Exhibit A-8.

Plaintiff is also re-producing all documents received pursuant to subpoena from all non-parties in the case, whether previously produced or not.  This production is attached to this production as yet another attachment.

Finally, as per DE 122, BSI has sent a letter to all non-parties who have been served with a subpoena for documents notifying them that the court has quashed the subpoena and that the non-party should not provide the requested materials yet.

As this letter and its attachments address all previous concerns in this area, as well as all the matters raised by WAUSA's Motion to Enforce Compliance [DE 232], please

notify us by the close of business on May 26th, whether you will be withdrawing your Motion.

If you have any questions or would like to discuss this matter further, you can reach me at (301) 251-9660.

Very truly yours,


Michael Rothman

Cc:     Stephen Ring, Esq.

# EXHIBIT A

## IN THE U.S. DISTRICT COURT FOR MARYLAND,
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No. PJM 08 cv 0921 |
| | * | |
| WORLD AVENUE USA, LLC | * | |
| successor by merger to NIUTECH, LLC., | * | |
| DBA □THE USEFUL,□ ET AL. | * | |
| | * | |
| Defendants | * | |

### PLAINTIFF'S NOTICE OF ISSUANCE OF SUBPOENAS
### TO NON-PARTIES FOR PRODUCTION OF DOCUMENTS WITHOUT DEPOSITIONS

Plaintiff, Beyond Systems, Inc., gives notice that subpoenas for production of documents without depositions will be issued to the persons listed below, requiring the production of documents on January 15, 2010, at the locations indicated in the subpoenas, pursuant to Fed. R. Civ. P. 45.

Tiggee, LLC (a.k.a. DNSMadeEasy.com)
Enom, Incorporated (a.k.a. eNom.com)

AOL, Inc.
Blockbuster Online DVD Rental
BMG Music Service
Citibank Mastercard
Clickbooth
Columbia House
DentalPlans.com, Inc
DirectTV
Discover Financial Services
Disney Movie Club
Experian (ConsumerInfo.com)
United Online Web Services, Inc (FreeServers)
InkBlvd
Match.com
Netflix
PetCare RX

Rhapsody America LLC, RealNetworks, Inc (Real Rhapsody)
Stamps.com
Tivo
Video Professor
Vonage
Wallstreet Journal
AccountNow Inc (accountnow.com)
Dentovations Inc (Appera Teeth Whitening)
Morex Marketing Group LLC (Babytobee.com)
Bargain Network, Inc. (Bargain Network Homes for Sale)
Aryval, LLC, Belisi Fashions, Inc. (Belisi Silk Ties)
Think Partnership Inc. (BlogToolKit.com)
Celebrity Squares, LLC
Chase Visa
CheapHomesBlowout.com
Christiandebttrust.com
Corticet Weight Loss
Credithelpexpert.com
CreditReport.com
CurbYourCravings Weight Loss Patch
Diet Health, Inc. (Diet.com)
Direct Brands, Inc.
Dish Network
Adteractive, Inc (Educationadvance.com)_
Empire Media, LLC
Emusic.com Inc
Formula GC Joint Pain Relief
Fosina Offers, Inc. (Fosinaoffers.com, Mongrelinteractive.com)
Gamefly Inc
Kraft Foods, Inc., Kraft Foods International Inc., Kraft Foods Holdings, Inc.
(gevalia.com, tassimodirect.com)
Vict. Th. Engwall & Co., Inc.
Guatemalan Antigua Coffee
International Wine Sellers
Intersections Inc (identityguard.com)
Convertis, LLC (Ivorywhite.com)
Learn Spanish - Advantage Spanish
Longevity HGH Formula
Ymax Communications Corp (magicjack.com)
MediaWhiz™Holdings, LLC (websurveypanels.com)
Excell Now, LLC (MiracleBurn Weight Loss)
national-debt-relief.com
Steel Vault Corporation (nationalcreditreport.com)
NetSpend Corporation (netspend.com)
Nexiderm Sample

2

Syndero, Inc. (onlingo.com)
PredictoMobile, LLC
Publishers Clearinghouse (pch.com)
FreeCollegeScholarships.net, LLC (scholarships4dads.com, scholarshipzone.com)
Peel Inc (Seattle Direct Coffee)
Spectrum Direct Insurance Services, Inc. (spectrumdirect.com)
Metareward Inc. (Star Club Rewards)
StyleMyHouse LLC, VI Direct LLC (stylemyhouse.net)
superiorcashadvances.com
TheHealthInsuranceScout.com
Trancos, Inc. (surveypanelgroup.com)
TrimLife Inc., The Neutraceutical Company LLC (Trim Life)
TVTxtr LLC (TVTxtr.com)
Body Sculpture
Arctic White Teeth Whitening
Wrinkle Reduction Lift Visage Sample

Computer Spirit, Inc.
Seagate Technology (US) Holdings, Inc.
Western Digital Corporation
Wal-mart
Better Business Bureau, Southeastern Florida

Federal Trade Commission
Bill McCollum, Attorney General, Florida
Greg Abbott, Attorney General, Texas

_____/s/_____

Stephen H. Ring
STEPHEN H. RING, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9249

3

_____/s/_____

Michael S. Rothman
E. Jefferson Street
Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

### Certificate of Service

I certify that a copy of the foregoing document was sent on December 29, 2009 via first class mail and email to:

Sanford M. Saunders, Jr.
Greenberg Traurig LLP
2101 L Street, Suite 1000
Washington, DC, 20037
Attorney for Defendants

_____/s/_____

Stephen H. Ring

4

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ MARYLAND

Beyond Systems, Inc., Plaintiff

V.

World Avenue U.S.A., LLC, et al., Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  08-cv-0921 (PJM)

TO:    Tiggee, LLC (a.k.a. DNSMadeEasy.com)
    10809 Melanie Court, Oakton, VA 22124
    c/o Steven Christopher Job, Registered Agent
    10809 Melanie Court, Oakton, VA 22124

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents to be produced are listed in Attachment A, attached.

| PLACE    STEPHEN H. RING, PC, 506 Main Street, Suite 215, Gaithersburg, Maryland 20878    301-963-9639 | DATE AND TIME 1/15/2010 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 12/29/2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen H. Ring, 506 Main Street, Suite 215, Gaithersburg, Maryland 20878  301 963 9639

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A

## For DNSMadeEasy and Enom

The Definitions and Instructions that appear below form an integral part of the specific requests for the production of documents that follow, and must be read in conjunction therewith. It is expected that the Definitions and Instructions set forth will be followed in searching for and producing documents responsive to the specific requests for production. Where any defined word or phrase is used in a specific request for the production of documents, it is to be interpreted as defined.

## DEFINITIONS

1.    The terms "YOU" and "YOUR" means the person to whom the attached subpoena is addressed and any of its former and current employees, agents, owners or successor entities, including any mail box stores located at this address under any other name.

2.    "DOCUMENT" means all written or graphic matter including all writings, however produced or reproduced, of every kind and description, however denominated, in your actual or constructive possession, custody, care, or control, including, but not limited to the originals (or copies where originals are unavailable), of notices, correspondence, papers, including working papers, electronic mail (including any attachments), telegrams, telexes, facsimiles, notes, or sound recordings or other memorials of any type of personal or telephone conversations or of meetings or conferences, minutes of committee meetings, memoranda, inter- or intra-office communications, calendars, diaries, daily logs, records, reports, studies, estimates, surveys, written forecasts, analyses, contracts, licenses, agreements, charts, graphs, indexes, database or other electronic records, statistical records, data sheets, data processing cards, computer printouts, computer discs, videotapes, motion pictures, or things similar to any of the foregoing, however denominated.

   a.    Document is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.

   b.    A draft or other non-identical copy is a separate document within the meaning of this term. Any document bearing any marks which are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests.

   c.    If a document responsive to this subpoena is or was created, manipulated and/or stored as in an electronic format, you are to produce the electronic document in its original electronic form on CD-ROM or DVD media along with a detailed description of the files produced.

   d.    Documents are to be produced in their native form with metadata attached,(including System Meta-Data, Substantive Meta-Data, and Embedded Meta-Data) whenever the documents exist in that format. If

documents are not available in the format just described, they may be produced in PDF Normal format (with searchable, copyable text) where the original document has symbolic content; the original document should be converted into PDF Normal format in a manner that preserves the symbolic content. If the original document does not contain symbolic digital content (such as documents existing on paper only), the document shall be scanned if necessary and produced in PDF Image Only format. Paper format shall only be used where specified by the requester, and at the requester's expense.

3.      The term "PERSON" means any natural person, legal entity, or business entity, including, but not limited to, any corporation, partnership, unincorporated association, joint venture, sole proprietorship, government agency, or any other organization or group of individuals.

4.      The term "IDENTITY" means the name, company, address, telephone number, fax number, e-mail address or other identifying information for a particular PERSON.

5.      The term "RELATING TO" means concerning, relating to, referring to, describing, evidencing, or constituting.

6.      "WORLD AVENUE" shall mean World Avenue U.S.A., LLC and any of its former and current employees, officers, consultants, agents, affiliates, representatives, corporate affiliates, subsidiaries, and parent corporations (including, but not limited to, World Avenue Holdings, LLC; World Avenue Management, Inc.; The Useful, LLC; Niupercent, Inc.; Net Radiance, LLC; World Avenue IP, LLC; World Avenue, LLC; Apercent, LLC; World Avenue (Bermuda) Limited Corp.; Infrastructure International Limited Corp.; LAD Express; World Avenue Services, LLC; Niuniu Ji; America's Top Brands; Consumer Incentive Promotions; Get Special Gifts; Gift Online; Hot Gift Zone; Incentive Reward Center; Mesa Media; My Choice Rewards; My Cool Rewards; National Survey Panel; ProductOpinionPanel; Superb Rewards; Top Consumer Gifts; Your Smart Rewards or eMarket Research Group).

7.      The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the requested topic all responses that might otherwise be construed to be outside its scope and are not to be interpreted in such a manner as to exclude any information within the scope.

8.      The terms "all," "any" and "each" are to be construed as all, any and each.

9.      All singular terms include the plural, and all plural terms include the singular.

10.     The relevant time period for documents to be produced is January 1, 2004 to present.

## INSTRUCTIONS

A.      These instructions and definitions should be construed to require responses based upon the information available to your counsel as well as additional attorneys, representatives, investigators, and others acting on your behalf.

B.      Documents to be produced include documents, wherever located, in your possession, custody, or control.

C.      You are to produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices.

D.      If a responsive document is or was created, manipulated and/or stored as in an electronic format, it is to be produced in its original electronic form on CD-ROM or DVD media along with a detailed description of the files produced.

E.      If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

F.      If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you.

G.      If you object to any subpart of a request for information or object to providing certain information requested, state the objection and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

H.      If you are unable to produce a document or property requested, state in writing why you cannot produce the document or the property and, if your inability to produce the document or the property is because it is not in your possession or the possession of a person from whom you could obtain it, state the name, address, and telephone number of any person you believe may have the original or a copy of any such document or property.

I.      If any of the following requests for documents cannot be answered in full after exercising due diligence to secure the requested documents, you shall so state and answer to the extent possible, specifying reasons for any inability to answer the remainder and stating whatever information you have concerning the unanswered portions.  If any answers are qualified in any particular manner, you shall set forth the details of such qualification.

## DOCUMENTS TO BE PRODUCED PURSUANT TO SUBPOENA

1. All DOCUMENTs RELATED to any of the following domain names:

SuperbRewards.com
travel-ncs.com
123SpecialGifts.com
AmericanSurveyPanel.com
AmericasTopBrands.com
BrandSurveyPanel.com
ChoiceSurveyGroup.com
ConsumerGiftCenter.com
ConsumerIncentivePromot.com
ConsumerIncentivePromotions.com
ConsumerIncentiveReward.com
ConsumerTastePanel.com
Consumerincentivepromotion.com
ConsumersChoiceRewards.com
CreditFor1Year.com
EMarketResearch.com
Earn-Free-Gifts.com
EarnFreeGifts.com
EatOutTodayFree.com
EmarketAds.com
EmarketResearchGroup.com
ExclusiveGiftCards.com
ExclusiveGiftCenter.com
ExpRewards.com
Family-Offer.com
FreeHotGifts.com
FunnyFreeClips.com
GetSpecialGifts.com
GetSpecialGiftsInternet.com
GetYourFreeBracelet.com
GetaGiftOnline.com
GiftRewardCenter.com
GreatGiftRewards.com
Homegardenoffer.com
HotGiftZone.com
IGotMyFreeGift.com
IncentiveGiftCenter.com
IncentiveReward.com
IncentiveRewardCenter.com
Jinius.com
JiniusCorporation.com

MarketResearchGroup.com
MyChoiceRewards.com
MyCoolRewards.com
MyExclusiveRewards.com
MyFirstSavingsBond.com
MyGreatIncentives.com
MyGreatRewards.com
MyPremiumRewards.com
MySelectGifts.com
MySupremeRewards.com
NIUTech.com
NationalIssuePanel.com
NationalSurveyPanel.com
NetRadiance.com
NiuPercent.com
NiuTechLLC.com
NiuniuJi.com
OnlineEasterGifts.com
OnlineGiftRewards.com
OnlineMothersDayGifts.com
OnlinePromoforYou.com
OnlineRewardCenter.com
OnlineSurveyPanel.com
PremiereGiftCenter.com
PremiumHolidayGifts.com
PremiumProductsOnline.com
ProductOpinionPanel.com
ProductResearchPanel.com
ProgramRewardCenter.com
RewardCenterUSA.com
RewardGiftCenter.com
ShieldYourPC.com
SmartGiftRewards.com
TheUseful.com
TopChoiceIncentives.com
TopGiftIncentives.com
Toy-Offer.com
UnitedOpinionPanel.com
YourExclusiveRewards.com
YourSmartRewards.com
claimyourcamera.com

consumerincentivepromotio.com
consumerincentiverewards.com
dbestdeals.net
eatoutfreetoday.com
eatoutonus.com
electronicspresent.com
expertsavings.com
expsavings.com
freecameraonus.com
freecameraprovider.com
freecamerasource.com
freedinnerpass.com
freedinnersource.com
freedvddept.com
freedvdtoday.com
freeelectronicscenter.com
freeelectronicsdepot.com
freeelectronicsonus.com
freeelectronicssource.com
freeentertainmentsource.com
freeentertainmenttoday.com
freefoodprovider.com
freefoodsource.com
freefuelcard.com
freefuelcoupon.com
freegamessource.com
freegasonus.com
freegasprovider.com
freegassource.com
freegiftcardprovider.com
freegiftcardsource.com
freegiftprovider.com
freegiftreward.com
freegiftsource.com
freemp3playerprovider.com
freemp3playersource.com
freemusictoday.com
freepodsource.com
freepresentdepot.com
freerestaurantprovider.com
freerestaurantsource.com

freeshoppingprovider.com
freeshoppingsource.com
getafreedinner.com
getyourfreedvds.com
giftcardpresent.com
giftelectronics.com
great-offers.net
greatwebmaster.com
hipsavings.com
holidayshoppingrewards.com
homeimprovementonus.com
iwantmyfreelaptop.com
mp3playerprovider.com
mp3playersource.com
myfreedinner.com
myfreemp3player.com
mymp3playersource.com
mypodprovider.com
netprime.com
specialgiftcards.com
specialgiftreward.com
specialgiftrewards.com
supersweepscenter.com
surveyrewards.com
sweepscenter.com
theuseful-16.com
theuseful-19.com
topconsumergifts.com
veryspecialthings.net
yourdvdplayer.com
yourfreedinner.com
yourfreegascard.com
yourfreegascards.com
yourfreemoviepass.com
yourfreemp3player.com
yourfreemusiccds.com
yourfreepencam.com
yourgascard.com
yourgascards.com
yourmp3player.com

2.   All DOCUMENTs RELATED to the registration of the domain names listed above.

3.   All DOCUMENTs RELATED to the purchase, lease or use of the domain names listed above.

4. All DOCUMENTs RELATED to the sale, resale, exchange or ownership of the domain names listed above.

5. All DOCUMENTs RELATED to hosting or provision of DNS service or any other service for the domain names listed above.

6. All DOCUMENTs RELATED to or complaints related to the domain names listed above.

7. All DOCUMENTs RELATED to the identification of, or communications with, any person who registered, purchased, leased, sold, resold, owned or used any of the domain names listed above, or received or paid for any service related to those domain names.

8. All DOCUMENTs RELATED to any person besides YOU who registered, purchased, leased, sold, resold, owned or used any of, or received any service for, the domain names listed in the previous document request, including any records of domain name registrations.

9. All DOCUMENTs RELATED to WORLD AVENUE not produced in the previous requests, including any records of any other domain name registrations.

10. All DOCUMENTs RELATED to WORLD AVENUE.

# EXHIBIT B

IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.        )
                            )
        Plaintiff           )
        v.                  )        Case No. PJM 08 cv 0921
                            )
WORLD AVENUE USA, LLC, et al. )
        Defendants          )
                            )

### DEFENDANT'S WORLD AVENUE USA, LLC'S REQUEST FOR COPIES

Defendant WORLD AVENUE USA, LLC ("World Avenue"), through its undersigned counsel and pursuant to Rule 45, Fed. R. Civ. P., hereby requests that Plaintiff, BEYOND SYSTEMS, INC., provide legible copies of 1) all signed subpoenas issued by Plaintiff to third parties and 2) all documents produced to Plaintiff by third parties.

1

Greenberg Traurig, P.A. ▪ Attorneys at Law ▪ 401 East Las Olas Boulevard ▪ Suite 2000 ▪ Fort Lauderdale, FL 33301 ▪ Tel 954.765.0500 ▪ Fax 954.765.1477 ▪ www.gtlaw.com

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

_____/s John L. McManus_____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by E-mail this 1st day of February, 2010, on: Stephen H. Ring, Esq., shr@ringlaw.us, Stephen R. Ring, P.C., 506 Main Street, Suite 215, Gaithersburg, Maryland 20878, and Michael S. Rothman, Esq., mike@mikerothman.com, Law Office of Michael S. Rothman, 401 E. Jefferson Street, Suite 201, Rockville, Maryland 20850.

/s John L. McManus
JOHN L. McMANUS

3

**From:** Michael Rothman <rothmans1@mac.com>
**Subject:** **Fwd: Beyond Systems, Inc. v. World Avenue USA, LLC, Response to Request for Copies**
**Date:** February 8, 2010 8:52:36 PM EST
**To:** Michael Rothman <mike@mikerothman.com>
▶  2 Attachments, 18.3 MB

Begin forwarded message:

**From:** Mike Rothman <mike@mikerothman.com>
**Date:** February 8, 2010 7:59:28 PM EST
**To:** <saunderss@gtlaw.com> <saunderss@gtlaw.com>
**Cc:** burlacun@gtlaw.com, McManusJ@GTLAW.com, HorkyK@gtlaw.com, Steve Ring <shr@ringlaw.us>
**Subject: Beyond Systems, Inc. v. World Avenue USA, LLC, Response to Request for Copies**

Counsel,

Please find attached notice copies of Plaintiff Beyond Systems, Inc.'s non-party subpoenas served this case, as well as a Response to Defendant's *Request for Copies* sent on February 1st.  In the interest of saving paper, I will not be sending hard copies.  Please let me know if you would require one.

Best,

Mike Rothman



BSI.Respons....pdf (90.7 KB)

COMBINED ...ILE (18.2 MB)

Law Office of Mike Rothman
401 East Jefferson Street
Suite 201
Rockville, MD  20850
301.251.9660 (phone)
301.251.9610 (fax)

EXHIBIT 1

## IN THE U.S. DISTRICT COURT FOR MARYLAND
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| **Plaintiff,** | * | **Case No. 8:08-cv-00921-PJM** |
| **v.** | * | |
| **WORLD AVENUE USA, LLC et al** | * | |
| **Defendants.** | * | |

---

## PLAINTIFF'S RESPONSE TO DEFENDANT WORLD AVENUE USA, LLC'S REQUEST FOR COPIES

Pursuant to Defendant World Avenue USA, LLC's ("WORLD AVENUE") Request for Copies served on February 1, 2009 via email, Plaintiff Beyond Systems, Inc. ("BSI"), by and through undersigned counsel, hereby responds that it is providing the following under separate cover letter to Sanford M. Saunders, Jr. by electronic mail :

1)      signed subpoenas issued by Plaintiff to all third parties;  and

2)      any documents its has received thus far pursuant to said subpoena.

This will confirm that WORLD AVENUE has received copies and responses of all outstanding subpoenas and responses.

Respectfully submitted,

*Attorneys for Plaintiff Beyond Systems, Inc.*


_____/s/_____
Michael Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman

401 E. Jefferson Street, Suite 201
Rockville, MD 20850
mike@mikerothman.com
Phone: (301) 251-9660
Fax: (301) 251-9610


_____/s/_____
Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, Maryland 20876
(301) 540-8180
shr@ringlaw.us


Dated: February 8, 2010



### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of February 2010, a copy of the foregoing was

served by electronic mail, upon the below-named counsel :


Sanford M. Saunders, Jr., Esq.
GREENBERG TRAURIG, LLP
2101 L Street, N.W.
Suite 1000
Washington, DC 20037
saunderss@gtlaw.com

Nicoleta Burlacu, Esq. (admitted pro hac vice)
GREENBERG TRAURIG, LLP
2101 L Street, N.W.
Suite 1000
Washington, DC 20037
burlacun@gtlaw.com

Kenneth Horky, Esq.
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL  33301
horkeyk@gtlaw.com

John L. McManus, Esq.
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL  33301
mcmanusj@gtlaw.com

*Attorneys for World Avenue USA, LLC*

_____/s/_____
Michael S. Rothman

**From:** Mike Rothman <mike@mikerothman.com>
**Subject:** **BSI Subpoena to eNom, Computer Spririt, and Western Digital and Notice of Production of Documents without Deposition**
**Date:** April 7, 2010 5:09:20 PM EDT
**To:** "Saunders Sanford M." <saunderss@gtlaw.com>, "McManusJ@GTLAW.com>" <McManusJ@GTLAW.com>
**Cc:** "burlacun@gtlaw.com>" <burlacun@gtlaw.com>
▶ 1 Attachment, 2.7 MB

Counsel,

Please find the attached served today.

Best,

Mike Rothman



BST.Subpoen....pdf (2.7 MB)


Law Office of Michael S. Rothman
401 East Jefferson Street, #201
Rockville, Maryland 20850
phone: 301.251.9660
fax: 301.251.9610
email: mike@mikerothman.com
web: www.mikerothman.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____  )
                                 )
BEYOND SYSTEMS, INC.             )
                                 )
    Plaintiff,               )
                                 )
    v.                       )    Case No. 8:08-cv-00921 (PJM) (CBD)
                                 )
WORLD AVENUE USA, LLC, *et al.*  )
                                 )
    Defendants.              )
_____  )

## NOTICE OF PRODUCTION OF DOCUMENTS WITHOUT DEPOSITION

YOU ARE NOTIFIED that the undersigned will issue the attached Subpoena Duces Tecum Without Deposition directed to the following individuals who is not parties to this action to produce the items listed at the time and place specified in the attached Subpoenas, under Rule 45, Federal Rules of Civil Procedure, for the production of documents and things as noted on said Subpoena Duces Tecum Without Deposition:

| NAME | DATE and TIME | LOCATION |
|---|---|---|
| Enom, Incorporated<br>c/o Sarah Akhtar<br>15801 NE 24th St.<br>Bellevue, WA 98008 | Friday<br>May 7, 2010<br>10:00 a.m. (EST) | Michael S. Rothman, Esq.<br>401 East Jefferson St.<br>Suite 201<br>Rockville MD 20850 |
| Computer Spirit, Inc.<br>c/o Phillip Ng<br>2649 Townsgate Rd<br>Ste 200<br>Thousand Oaks , CA 91361 | Friday<br>May 7, 2010<br>10:00 a.m. (EST) | Michael S. Rothman, Esq.<br>401 East Jefferson St.<br>Suite 201<br>Rockville MD 20850 |
| Western Digital<br>Corporation, 20511 Lake<br>Forest Drive,<br>Lake Forest, CA 92630-<br>7741 | Friday<br>May 7, 2010<br>10:00 a.m. (EST) | Michael S. Rothman, Esq.<br>401 East Jefferson St.<br>Suite 201<br>Rockville MD 20850 |

Date April 7, 2010             Respectfully submitted,

_____/s/_____

Michael S. Rothman
401 E. Jefferson Street
Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

## Certificate of Service

I HEREBY CERITFY that on the 7th day of April 2010 a true and correct copy of the foregoing was served by E-mail and U.S. Mail to:

Sanford M. Saunders, Jr. Esq.
Greenberg Traurig, LLP
2101 L Street NW
Suite 1000
Washington DC 20037
saunderss@gtlaw.com

Kenneth Horky, Esq
Greenberg Traurig, LLP
401 East Las Olas Blvd
Suite 2000
Fort Lauderdale FL 33301
horkyk@gtlaw.com

John L. McManus, Esq.
Greenberg Traurig, LLP
401 East Las Olas Blvd
Suite 2000
Fort Lauderdale FL 33301
mcmanusj@gtlaw.com

_____/s/_____
Michael S. Rothman

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Western District of Washington

Beyond Systems, Inc., Plaintiff

V.

**SUBPOENA IN A CIVIL CASE**

World Avenue U.S.A., LLC, et al., Defendants

Case Number:[1]  US Dist Ct MD 08-cv-0921 (PJM)

TO:  Enom, Incorporated
c/o Sarah Akhtar
15801 NE 24th Street, Bellevue, WA 98008

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A included with this Subpoena.

| PLACE    Robert J. Siegel, Esq. P.O. Box 25817, Seattle, WA 98165-1317<br>Phone No. 888-839-3299 | DATE AND TIME<br>5/7/2010 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *(Attorney for Plaintiff)* | DATE<br>4/7/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael S. Rothman, Esq., 401 East Jefferson Street, Suite 201, Rockville, Maryland 20850
Phone: 301-251-9660

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A TO SUBPOENA

Pursuant to Fed. R. Civ. P. 45, you are to produce the following documents for inspection and copying at the date and time indicated in the attached subpoena or at such other time and place as may be agreed upon by counsel.

## INSTRUCTIONS

A.     These instructions and definitions should be construed to require responses based upon the information available to you, your counsel, and additional attorneys, representatives, investigators, or others acting on your behalf.

B.     Documents to be produced include documents, wherever located, in your possession, custody, or control.

C.     You are to produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices.

D.     If a responsive document is or was created, manipulated and/or stored as in an electronic format, it is to be produced in its original electronic form on CD-ROM or DVD media along with a detailed description of the files produced.

E.     If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

F.     If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you.

G.     If you object to any subpart of a request for information or object to providing certain information requested, state the objection and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

H.     If you are unable to produce a document or property requested, state in writing why you cannot produce the document or the property and, if your inability to produce the document or the property is because it is not in your possession or the possession of a person from whom you could obtain it, state the name, address, and telephone number of any person you believe may have the original or a copy of any such document or property.

I.     If any of the following requests for documents cannot be answered in full after exercising due diligence to secure the requested documents, you shall so state and answer to the extent possible, specifying reasons for any inability to answer the remainder and stating whatever

information you have concerning the unanswered portions. If any answers are qualified in any particular manner, you shall set forth the details of such qualification.

## DEFINITIONS

    1.    **YOU** and **YOUR** means the person or entity to whom the attached subpoena is addressed, its former and current employees, shareholders, officers, consultants, attorneys, accountants, agents, affiliates and representatives, including corporate affiliates, subsidiaries, and parent corporations, and all other persons acting or purporting to act on their behalf.

    2.    **AFFILIATE(s)** is defined as any entity authorized and/or retained to promote or market products of another in return for a bonus, commission or other compensation, or to drive internet traffic to a website.

    3.    **AGENT(s)** is defined as a PERSON or entity that has agreed to provide some service or do some act for YOUR benefit and who is subject in any form to YOUR direction or control.

    4.    **COMMERCIAL E-MAIL** means electronic mail that advertises or promotes a product or service for sale, lease, rental, exchange, gift offer, or other disposition.

    5.    **COMMUNICATION** means the transmittal of information by any means.

    6.    **COMPUTER** means any electronic device capable of storing or transmitting data via automated means, or any machine capable of manipulating data according to a set of instructions. COMPUTER expressly includes devices located outside of any premises owned or controlled by YOU, devices that may be leased or borrowed, and devices located in premises owned or controlled by data or server management services.

    7.    **DESCRIBE** means to give a full and detailed written account by providing all facts relevant to the topic at issue.

    8.    **DOCUMENT(S)** means any hand written or graphic writing, or any unique file containing a digital, video, photographic or audio recording.

    **DOCUMENT** is defined in the following requests to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing." Electronically stored information ("ESI"), including electronic mail in any form, is deemed to be included within the definition of the term "DOCUMENT." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

    a.    A draft or non-identical copy is a separate document within the meaning of the term "DOCUMENT."

b. You are to produce all documents in your possession, custody or control, including those documents maintained by any AGENT, contractor, vendor or AFFILIATE over which you have control.

c. If a responsive document was created, manipulated and/or stored in an electronic format, you are to produce the electronic document in its original electronic form along with a detailed description of the files produced.

d. Documents are to be produced in their Native form with meta-data included (including System Meta-Data, Substantive Meta-Data, and Embedded Meta-Data) whenever the documents exist in that format. If documents are not available in the format just described, they may be produced in PDF Normal format (with searchable, copyable text) where the original document has symbolic content; the original document should be converted into PDF Normal format in a manner that preserves the symbolic content. If the original document does not contain symbolic digital content (such as documents existing on paper only), the document shall be scanned if necessary and produced in PDF Image Only format. Paper format shall only be used where specified by the requester, and at the requester's expense.

9.    **ESI** means Electronically Stored Information in any form.

10.    **IDENTIFY (when referring to DOCUMENTS):** When referring to documents, to "IDENTIFY" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

11.    **IDENTIFY (when referring to PERSONS or incorporated or unincorporated entities ):** When referring to a PERSON, as defined below to include any natural person or any business, legal or governmental entity or association, including corporations and unincorporated entities, the term "IDENTIFY" requires YOU to state the natural person's full name, present or last known address, employment title, alphanumeric code or nickname (such as an affiliate identifier or referrer identifier), and the present or last known place of employment. When referring to a business, entity or association, it is sufficient to state the complete legal business name of the entity (to the extent possible), and state the last known business phone numbers, address, and, if known, the principals in control. Once a person or entity has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

12.    **INTERNET ADVERTISING** means the marketing, advertising or promotion of a PRODUCT via the Internet, and shall be construed to include COMMERCIAL E-MAIL.

13.    **LEAD GENERATION** means the process of obtaining names and addresses of prospective customers for products and services.

14.     **MAILCOMPANYX** shall mean MailCompanyX and any of its former and current employees, officers, consultants, agents, affiliates, representatives, corporate affiliates, subsidiaries, and parent corporations (including, but not limited to, Sebastian Barale; Sebastian Barale, LLC; Brainpower Group, Inc.; Planet Revenue, Inc. a.k.a. XpowerSoftware, Inc.; Internet Endeavors, Inc.; HostnetCA; domdaeoa.com; domdaeob.com; domdaeof.com; gatheringproducttesters.info; hcndifone.com; howdoyoulikeit.info; joinemailoffers.info; keepandtestthem.info; keepthemforfree.info; lngd-ll.com; neededproducttesters.info; needyouropinion.info; opinionsneeded.info; producttestersneeded.info; producttestersoffers.info; producttestersrecruit.info; producttesterswanted.info; producttestersweneed.info; producttesterswewant.info; recruitingproducttesters.info; testandkeepthem.info; testkeepfree.info; testourproducts.info; wantedproducttesters.info; weneedproducttesters.info; wewantproducttesters.info or youropinionwanted.info).

15.     **PERSON** is defined as any natural person or any business, legal or governmental entity or association, including both incorporated and unincorporated entities.

16.     **PRODUCT(s)** means products, services, subscriptions or offers that YOU advertise, either directly or indirectly, or assist in promoting for sale, lease, rental, exchange, gift offer, or other disposition on behalf of third parties.

17.     **PROMOTIONAL CAMPAIGN** means the dissemination, redirection or publication of information that promotes products or services.

18.     **RELATE, RELATES, RELATING, or RELATED** means DOCUMENTS and/or COMMUNICATIONS that mention, describe, constitute, discuss, memorialize, contain, reflect, depict, evidence, constitute or refer in any way, directly or indirectly, to the specified topic or topics.

19.     **WORLD AVENUE** shall mean World Avenue U.S.A., LLC and any of its former and current employees, officers, consultants, agents, affiliates, representatives, corporate affiliates, subsidiaries, and parent corporations (*including, but not limited to, World Avenue Holdings, LLC; World Avenue Management, Inc.; TheUseful, LLC; Niupercent, Inc.; Net Radiance, LLC; World Avenue IP, LLC; World Avenue, LLC; Apercent, LLC; World Avenue (Bermuda) Limited Corp.; Infrastructure International Limited Corp.; LAD Express; World Avenue Services, Inc.; Niutech, LLC; Bristol Interactive, LLC (d/b/a Kitara Media); Intrepid Investments, LLC; thruchannel; Niuniu Ji; America's Top Brands; Consumer Incentive Promotions; Get Special Gifts; Gift Online; Hot Gift Zone; Incentive Reward Center; Mesa Media; My Choice Rewards; My Cool Rewards; National Survey Panel; ProductOpinionPanel; Superb Rewards; Top Consumer Gifts; Your Smart Rewards or eMarket Research Group*), from January 1, 2004 to the present.

20.     The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all"; "any" means "any and all."  Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine or neuter form shall include each of the other genders.

The **time period** covered by the request for production within this notice is from January 1, 2004 to the present, unless otherwise specifically indicated.  The time period is intended to cover conduct that may have been ongoing prior to the period of limitations.

All other words used below have the definitions given in the Amended Complaint, or if not so defined, the meanings customarily applied in normal usage.

## DOCUMENTS TO BE PRODUCED

1.    All DOCUMENTS REFERRING or RELATING TO any of the following

domain names, including identifying information regarding the registration, purchase, lease, sale,

resale, exchange, ownership, use, hosting, provision of service or complaints :

SuperbRewards.com
travel-ncs.com
123SpecialGifts.com
AmericanSurveyPanel.com
AmericasTopBrands.com
BrandSurveyPanel.com
ChoiceSurveyGroup.com
ConsumerGiftCenter.com
ConsumerIncentivePromot.com
ConsumerIncentivePromotions.com
ConsumerIncentiveReward.com
ConsumerTastePanel.com
Consumerincentivepromotion.com
ConsumersChoiceRewards.com
CreditFor1Year.com
EMarketResearch.com
Earn-Free-Gifts.com
EarnFreeGifts.com
EatOutTodayFree.com
EmarketAds.com
EmarketResearchGroup.com
ExclusiveGiftCards.com
ExclusiveGiftCenter.com
ExpRewards.com
Family-Offer.com
FreeHotGifts.com
FunnyFreeClips.com
GetSpecialGifts.com
GetSpecialGiftsInternet.com
GetYourFreeBracelet.com
GetaGiftOnline.com

GiftRewardCenter.com
GreatGiftRewards.com
Homegardenoffer.com
HotGiftZone.com
IGotMyFreeGift.com
IncentiveGiftCenter.com
IncentiveReward.com
IncentiveRewardCenter.com
Jinius.com
JiniusCorporation.com
MarketResearchGroup.com
MyChoiceRewards.com
MyCoolRewards.com
MyExclusiveRewards.com
MyFirstSavingsBond.com
MyGreatIncentives.com
MyGreatRewards.com
MyPremiumRewards.com
MySelectGifts.com
MySupremeRewards.com
NIUTech.com
NationalIssuePanel.com
NationalSurveyPanel.com
NetRadiance.com
NiuPercent.com
NiuTechLLC.com
NiuniuJi.com
OnlineEasterGifts.com
OnlineGiftRewards.com
OnlineMothersDayGifts.com
OnlinePromoforYou.com

OnlineRewardCenter.com
OnlineSurveyPanel.com
PremiereGiftCenter.com
PremiumHolidayGifts.com
PremiumProductsOnline.com
ProductOpinionPanel.com
ProductResearchPanel.com
ProgramRewardCenter.com
RewardCenterUSA.com
RewardGiftCenter.com
ShieldYourPC.com
SmartGiftRewards.com
TheUseful.com
TopChoiceIncentives.com
TopGiftIncentives.com
Toy-Offer.com
UnitedOpinionPanel.com
YourExclusiveRewards.com
YourSmartRewards.com
claimyourcamera.com
consumerincentivepromotio.com
consumerincentiverewards.com
dbestdeals.net
eatoutfreetoday.com
eatoutonus.com
electronicspresent.com
expertsavings.com
expsavings.com
freecameraonus.com
freecameraprovider.com
freecamerasource.com
freedinnerpass.com
freedinnersource.com
freedvddept.com
freedvdtoday.com
freeelectronicscenter.com
freeelectronicsdepot.com
freeelectronicsonus.com
freeelectronicssource.com
freeentertainmentsource.com
freeentertainmenttoday.com
freefoodprovider.com
freefoodsource.com
freefuelcard.com
freefuelcoupon.com
freegamessource.com

freegasonus.com
freegasprovider.com
freegassource.com
freegiftcardprovider.com
freegiftcardsource.com
freegiftprovider.com
freegiftreward.com
freegiftsource.com
freemp3playerprovider.com
freemp3playersource.com
freemusictoday.com
freepodsource.com
freepresentdepot.com
freerestaurantprovider.com
freerestaurantsource.com
freeshoppingprovider.com
freeshoppingsource.com
getafreedinner.com
getyourfreedvds.com
giftcardpresent.com
giftelectronics.com
great-offers.net
greatwebmaster.com
hipsavings.com
holidayshoppingrewards.com
homeimprovementonus.com
iwantmyfreelaptop.com
mp3playerprovider.com
mp3playersource.com
myfreedinner.com
myfreemp3player.com
mymp3playersource.com
mypodprovider.com
netprime.com
specialgiftcards.com
specialgiftreward.com
specialgiftrewards.com
supersweepscenter.com
surveyrewards.com
sweepscenter.com
theuseful-16.com
theuseful-19.com
topconsumergifts.com
veryspecialthings.net
yourdvdplayer.com
yourfreedinner.com

yourfreegascard.com                  yourfreepencam.com
yourfreegascards.com                 yourgascard.com
yourfreemoviepass.com                yourgascards.com
yourfreemp3player.com                yourmp3player.com
yourfreemusiccds.com

## DOCUMENT REQUEST NO. 2

All DOCUMENTS REFERRING or RELATING TO any person besides YOU who

registered, purchased, leased, sold, resold, owned or used any of or received any service for the

domain names listed in the previous document request, including any records of domain name

registrations.

## DOCUMENT REQUEST NO. 3

All DOCUMENTS REFERRING or RELATING TO WORLD AVENUE not produced

in response to the previous requests, including any records of any other domain name

registrations, complaints, or other communications.

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
Central District of California

Beyond Systems, Inc., Plaintiff

**SUBPOENA IN A CIVIL CASE**

V.

World Avenue U.S.A., LLC, et al., Defendants

Case Number:[1]  08-cv-0921 (PJM)

TO:  Computer Spirit, Inc.
     2649 Townsgate Road, Ste 200,Thousand Oaks, CA 91361
     c/o Agent for Service  Phillip Ng

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A included with this Subpoena.

| PLACE | DATE AND TIME |
|---|---|
| Steptoe & Johnson, LLP, 2121 Ave of the Stars, Ste. 2800 Century City, CA 90067  310-734-3200 | 5/7/2010 10:00 am |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael S. Rothman*    (Attorney for Plaintiff) | 4/7/2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael S. Rothman, Esq., 401 East Jefferson Street, Suite 201, Rockville, Maryland 20850
Phone: 301-251-9660

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                                  SIGNATURE OF SERVER

                                                          _____
                                                          ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A TO SUBPOENA

Pursuant to Fed. R. Civ. P. 45, you are to produce the following documents for inspection and copying at the date and time indicated in the attached subpoena or at such other time and place as may be agreed upon by counsel.

## INSTRUCTIONS

A.      These instructions and definitions should be construed to require responses based upon the information available to you, your counsel, and additional attorneys, representatives, investigators, or others acting on your behalf.

B.      Documents to be produced include documents, wherever located, in your possession, custody, or control.

C.      You are to produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices.

D.      If a responsive document is or was created, manipulated and/or stored as in an electronic format, it is to be produced in its original electronic form on CD-ROM or DVD media along with a detailed description of the files produced.

E.      If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

F.      If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you.

G.      If you object to any subpart of a request for information or object to providing certain information requested, state the objection and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

H.      If you are unable to produce a document or property requested, state in writing why you cannot produce the document or the property and, if your inability to produce the document or the property is because it is not in your possession or the possession of a person from whom you could obtain it, state the name, address, and telephone number of any person you believe may have the original or a copy of any such document or property.

I.      If any of the following requests for documents cannot be answered in full after exercising due diligence to secure the requested documents, you shall so state and answer to the

extent possible, specifying reasons for any inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If any answers are qualified in any particular manner, you shall set forth the details of such qualification.

## DEFINITIONS

1.      **YOU** and **YOUR** means the person or entity to whom the attached subpoena is addressed, its former and current employees, shareholders, officers, consultants, attorneys, accountants, agents, affiliates and representatives, including corporate affiliates, subsidiaries, and parent corporations, and all other persons acting or purporting to act on their behalf.

2.      **AFFILIATE(s)** is defined as any entity authorized and/or retained to promote or market products of another in return for a bonus, commission or other compensation, or to drive internet traffic to a website.

3.      **AGENT(s)** is defined as a PERSON or entity that has agreed to provide some service or do some act for YOUR benefit and who is subject in any form to YOUR direction or control.

4.      **COMMERCIAL E-MAIL** means electronic mail that advertises or promotes a product or service for sale, lease, rental, exchange, gift offer, or other disposition.

5.      **COMMUNICATION** means the transmittal of information by any means.

6.      **COMPUTER** means any electronic device capable of storing or transmitting data via automated means, or any machine capable of manipulating data according to a set of instructions. COMPUTER expressly includes devices located outside of any premises owned or controlled by YOU, devices that may be leased or borrowed, and devices located in premises owned or controlled by data or server management services.

7.      **DESCRIBE** means to give a full and detailed written account by providing all facts relevant to the topic at issue.

8.      **DOCUMENT(S)** means any hand written or graphic writing, or any unique file containing a digital, video, photographic or audio recording.

        **DOCUMENT** is defined in the following requests to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing." Electronically stored information ("ESI"), including electronic mail in any form, is deemed to be included within the definition of the term "DOCUMENT." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

        a. A draft or non-identical copy is a separate document within the meaning of the term "DOCUMENT."

2

b. You are to produce all documents in your possession, custody or control, including those documents maintained by any AGENT, contractor, vendor or AFFILIATE over which you have control.

c. If a responsive document was created, manipulated and/or stored in an electronic format, you are to produce the electronic document in its original electronic form along with a detailed description of the files produced.

d. Documents are to be produced in their Native form with meta-data included (including System Meta-Data, Substantive Meta-Data, and Embedded Meta-Data) whenever the documents exist in that format. If documents are not available in the format just described, they may be produced in PDF Normal format (with searchable, copyable text) where the original document has symbolic content; the original document should be converted into PDF Normal format in a manner that preserves the symbolic content. If the original document does not contain symbolic digital content (such as documents existing on paper only), the document shall be scanned if necessary and produced in PDF Image Only format. Paper format shall only be used where specified by the requester, and at the requester's expense.

9.     **ESI** means Electronically Stored Information in any form.

10.     **IDENTIFY (when referring to DOCUMENTS):** When referring to documents, to "IDENTIFY" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

11.     **IDENTIFY (when referring to PERSONS):** When referring to a PERSON, as defined below to include any natural person or any business, legal or governmental entity or association, including corporations and unincorporated entities, the term "IDENTIFY" requires YOU to state the natural person's full name, present or last known address, employment title, alphanumeric code or nickname (such as an affiliate identifier or referrer identifier), and the present or last known place of employment. When referring to a business, entity or association, it is sufficient to state the complete legal business name of the entity (to the extent possible), and state the last known business phone numbers, address, and, if known, the principals in control. Once a person or entity has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

12.     **INTERNET ADVERTISING** means the marketing, advertising or promotion of a PRODUCT via the Internet, and shall be construed to include COMMERCIAL E-MAIL.

13.     **LEAD GENERATION** means the process of obtaining names and addresses of prospective customers for products and services.

3

14. **MAILCOMPANYX** shall mean MailCompanyX and any of its former and current employees, officers, consultants, agents, affiliates, representatives, corporate affiliates, subsidiaries, and parent corporations (including, but not limited to, Sebastian Barale; Sebastian Barale, LLC; Brainpower Group, Inc.; Planet Revenue, Inc. a.k.a. XpowerSoftware, Inc.; Internet Endeavors, Inc.; HostnetCA; domdaeoa.com; domdaeob.com; domdaeof.com; gatheringproducttesters.info; hcndifone.com; howdoyoulikeit.info; joinemailoffers.info; keepandtestthem.info; keepthemforfree.info; lngd-ll.com; neededproducttesters.info; needyouropinion.info; opinionsneeded.info; producttestersneeded.info; producttestersoffers.info; producttestersrecruit.info; producttesterswanted.info; producttestersweneed.info; producttesterswewant.info; recruitingproducttesters.info; testandkeepthem.info; testkeepfree.info; testourproducts.info; wantedproducttesters.info; weneedproducttesters.info; wewantproducttesters.info or youropinionwanted.info).

15. **PERSON** is defined as any natural person or any business, legal or governmental entity or association, including both incorporated and unincorporated entities.

16. **PRODUCT(s)** means products, services, subscriptions or offers that YOU advertise, either directly or indirectly, or assist in promoting for sale, lease, rental, exchange, gift offer, or other disposition on behalf of third parties.

17. **PROMOTIONAL CAMPAIGN** means the dissemination, redirection or publication of information that promotes products or services.

18. **RELATE, RELATES, RELATING, or RELATED** means DOCUMENTS and/or COMMUNICATIONS that mention, describe, constitute, discuss, memorialize, contain, reflect, depict, evidence, constitute or refer in any way, directly or indirectly, to the specified topic or topics.

19. **WORLD AVENUE** shall mean World Avenue U.S.A., LLC and any of its former and current employees, officers, consultants, agents, affiliates, representatives, corporate affiliates, subsidiaries, and parent corporations (*including, but not limited to, World Avenue Holdings, LLC; World Avenue Management, Inc.; TheUseful, LLC; Niupercent, Inc.; Net Radiance, LLC; World Avenue IP, LLC; World Avenue, LLC; Apercent, LLC; World Avenue (Bermuda) Limited Corp.; Infrastructure International Limited Corp.; LAD Express; World Avenue Services, Inc.; Niutech, LLC; Bristol Interactive, LLC (d/b/a Kitara Media); Intrepid Investments, LLC; thruchannel; Niuniu Ji; America's Top Brands; Consumer Incentive Promotions; Get Special Gifts; Gift Online; Hot Gift Zone; Incentive Reward Center; Mesa Media; My Choice Rewards; My Cool Rewards; National Survey Panel; ProductOpinionPanel; Superb Rewards; Top Consumer Gifts; Your Smart Rewards or eMarket Research Group*), from January 1, 2004 to the present.

20. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

4

The **time period** covered by the request for production within this notice is from January 1, 2004 to the present, unless otherwise specifically indicated. The time period is intended to cover conduct that may have been ongoing prior to the period of limitations.

All other words used below have the definitions given in the Amended Complaint, or if not so defined, the meanings customarily applied in normal usage.

## DOCUMENTS TO BE PRODUCED

1.      All DOCUMENTS RELATED to the purchase, lease, ownership, transfer or use

by any PERSON other than YOU of any of the following computers or hard drives :

> Computer #1
> Computer Name: LinuxDB
> Computer Manufacturer: Computer Spirit Inc.
> Computer SN: 35788
>
> > Hard Drive #1
> > HDD Manufacturer: Western Digital
> > HDD Model: WD1500AHFD-00RAR1
> > HDD Serial Number: WMAP41068861
> >
> > Hard Drive #2
> > HDD Manufacturer: Western Digital
> > HDD Model: WD2500JB Recertified
> > HDD Serial Number: WMANK5466617
>
> Computer #2
> Computer Name: AUX
> Computer Manufacturer: Custom Build
> Computer SN: 0917PES01IDN1
>
> > Hard Drive #3
> > HDD Manufacturer: Maxtor
> > HDD Model: MX4K040K2
> > HDD Serial Number: 672167320574

2.      All DOCUMENTS and/or COMMUNICATIONS REFERRING or RELATING

TO MAILCOMPANYX, which shall include any reference to the following :

> a.      contracts entered into with MAILCOMPANYX;
>
> b.      financial records of transactions with MAILCOMPANYX;

5

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Central District of California

Beyond Systems, Inc., Plaintiff

V.

World Avenue U.S.A., LLC, et al., Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  08-cv-0921 (PJM)

TO:  Western Digital Corporation
     20511 Lake Forest Drive, Lake Forest, CA 92630-7741
     Serve On:  CSC-Lawyers Incorporating Service, 2730
     Gateway Oaks Drive, Suite 100, Sacramento, CA 958333

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A included with this Subpoena.

| PLACE   Steptoe & Johnson, LLP, 2121 Ave of the Stars, Ste. 2800 Century City, CA 90067 310-734-3200 | DATE AND TIME 5/7/2010 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   *Michael S. Rothman*  (Attorney for Plaintiff) | DATE 4/7/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael S. Rothman, Esq., 401 East Jefferson Street, Suite 201, Rockville, Maryland 20850
Phone:  301-251-9660

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
        The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A TO SUBPOENA

Pursuant to Fed. R. Civ. P. 45, you are to produce the following documents for inspection and copying at the date and time indicated in the attached subpoena or at such other time and place as may be agreed upon by counsel.

## INSTRUCTIONS

A.     These instructions and definitions should be construed to require responses based upon the information available to you, your counsel, and additional attorneys, representatives, investigators, or others acting on your behalf.

B.     Documents to be produced include documents, wherever located, in your possession, custody, or control.

C.     You are to produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices.

D.     If a responsive document is or was created, manipulated and/or stored as in an electronic format, it is to be produced in its original electronic form on CD-ROM or DVD media along with a detailed description of the files produced.

E.     If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

F.     If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you.

G.     If you object to any subpart of a request for information or object to providing certain information requested, state the objection and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

H.     If you are unable to produce a document or property requested, state in writing why you cannot produce the document or the property and, if your inability to produce the document or the property is because it is not in your possession or the possession of a person from whom you could obtain it, state the name, address, and telephone number of any person you believe may have the original or a copy of any such document or property.

I.     If any of the following requests for documents cannot be answered in full after exercising due diligence to secure the requested documents, you shall so state and answer to the

1

extent possible, specifying reasons for any inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If any answers are qualified in any particular manner, you shall set forth the details of such qualification.

## DEFINITIONS

1.     **YOU** and **YOUR** means the person or entity to whom the attached subpoena is addressed, its former and current employees, shareholders, officers, consultants, attorneys, accountants, agents, affiliates and representatives, including corporate affiliates, subsidiaries, and parent corporations, and all other persons acting or purporting to act on their behalf.

2.     **AFFILIATE(s)** is defined as any entity authorized and/or retained to promote or market products of another in return for a bonus, commission or other compensation, or to drive internet traffic to a website.

3.     **AGENT(s)** is defined as a PERSON or entity that has agreed to provide some service or do some act for YOUR benefit and who is subject in any form to YOUR direction or control.

4.     **COMMERCIAL E-MAIL** means electronic mail that advertises or promotes a product or service for sale, lease, rental, exchange, gift offer, or other disposition.

5.     **COMMUNICATION** means the transmittal of information by any means.

6.     **COMPUTER** means any electronic device capable of storing or transmitting data via automated means, or any machine capable of manipulating data according to a set of instructions. COMPUTER expressly includes devices located outside of any premises owned or controlled by YOU, devices that may be leased or borrowed, and devices located in premises owned or controlled by data or server management services.

7.     **DESCRIBE** means to give a full and detailed written account by providing all facts relevant to the topic at issue.

8.     **DOCUMENT(S)** means any hand written or graphic writing, or any unique file containing a digital, video, photographic or audio recording.

**DOCUMENT** is defined in the following requests to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing." Electronically stored information ("ESI"), including electronic mail in any form, is deemed to be included within the definition of the term "DOCUMENT." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

    a.   A draft or non-identical copy is a separate document within the meaning of the term "DOCUMENT."

2

14.    **MAILCOMPANYX** shall mean MailCompanyX and any of its former and current employees, officers, consultants, agents, affiliates, representatives, corporate affiliates, subsidiaries, and parent corporations (including, but not limited to, Sebastian Barale; Sebastian Barale, LLC; Brainpower Group, Inc.; Planet Revenue, Inc. a.k.a. XpowerSoftware, Inc.; Internet Endeavors, Inc.; HostnetCA; domdaeoa.com; domdaeob.com; domdaeof.com; gatheringproducttesters.info; hcndifone.com; howdoyoulikeit.info; joinemailoffers.info; keepandtestthem.info; keepthemforfree.info; lngd-ll.com; neededproducttesters.info; needyouropinion.info; opinionsneeded.info; producttestersneeded.info; producttestersoffers.info; producttestersrecruit.info; producttesterswanted.info; producttestersweneed.info; producttesterswewant.info; recruitingproducttesters.info; testandkeepthem.info; testkeepfree.info; testourproducts.info; wantedproducttesters.info; weneedproducttesters.info; wewantproducttesters.info or youropinionwanted.info).

15.    **PERSON** is defined as any natural person or any business, legal or governmental entity or association, including both incorporated and unincorporated entities.

16.    **PRODUCT(s)** means products, services, subscriptions or offers that YOU advertise, either directly or indirectly, or assist in promoting for sale, lease, rental, exchange, gift offer, or other disposition on behalf of third parties.

17.    **PROMOTIONAL CAMPAIGN** means the dissemination, redirection or publication of information that promotes products or services.

18.    **RELATE, RELATES, RELATING, or RELATED** means DOCUMENTS and/or COMMUNICATIONS that mention, describe, constitute, discuss, memorialize, contain, reflect, depict, evidence, constitute or refer in any way, directly or indirectly, to the specified topic or topics.

19.    **WORLD AVENUE** shall mean World Avenue U.S.A., LLC and any of its former and current employees, officers, consultants, agents, affiliates, representatives, corporate affiliates, subsidiaries, and parent corporations (*including, but not limited to, World Avenue Holdings, LLC; World Avenue Management, Inc.; TheUseful, LLC; Niupercent, Inc.; Net Radiance, LLC; World Avenue IP, LLC; World Avenue, LLC; Apercent, LLC; World Avenue (Bermuda) Limited Corp.; Infrastructure International Limited Corp.; LAD Express; World Avenue Services, Inc.; Niutech, LLC; Bristol Interactive, LLC (d/b/a Kitara Media); Intrepid Investments, LLC; thruchannel; Niuniu Ji; America's Top Brands; Consumer Incentive Promotions; Get Special Gifts; Gift Online; Hot Gift Zone; Incentive Reward Center; Mesa Media; My Choice Rewards; My Cool Rewards; National Survey Panel; ProductOpinionPanel; Superb Rewards; Top Consumer Gifts; Your Smart Rewards or eMarket Research Group*), from January 1, 2004 to the present.

20.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

4

The **time period** covered by the request for production within this notice is from January 1, 2004 to the present, unless otherwise specifically indicated.  The time period is intended to cover conduct that may have been ongoing prior to the period of limitations.

All other words used below have the definitions given in the Amended Complaint, or if not so defined, the meanings customarily applied in normal usage.

## DOCUMENTS TO BE PRODUCED

1.      All DOCUMENTS RELATED to the purchase, lease, ownership, transfer or use by any PERSON other than YOU of any of the following computers or hard drives  :

Hard Drive #1

HDD Manufacturer: Western Digital
HDD Model: WD1500AHFD-00RAR1
HDD Serial Number: WMAP41068861

Hard Drive #2

HDD Manufacturer: Western Digital
HDD Model: WD2500JB Recertified
HDD Serial Number: WMANK5466617

2.      All DOCUMENTS and/or COMMUNICATIONS REFERRING or RELATING TO MAILCOMPANYX, which shall include any reference to the following :

      a.      contracts entered into with MAILCOMPANYX;

      b.      financial records of transactions with MAILCOMPANYX;

5

**From:** Mike Rothman <mike@mikerothman.com>
**Subject: Re: BSI v World Avenue**
**Date:** May 14, 2010 6:08:32 PM EDT
**To:** <saunderss@gtlaw.com> <saunderss@gtlaw.com>
**Cc:** <shr@ringlaw.us>, <burlacun@gtlaw.com>

Sandy :

I am on my way out of town and I wanted to respond to your message before I left.  I agree that we can resolve this without resort to motion, as you suggest below.  I hope you can wait until Monday for my full response to your questions raised below.

To answer your initial questions, on February 1st, you received a copy of all the third party subpoenas that had been served in this case up until that time.  The remainder on the Notice list had not been served prior to the Court's order granting your Motion to Quash.  To date, you have received copies of all subpoenas served.

In addition, BSI has been in contact with Tiggee and has informed them of the Court's order and the reduction to 41 domain names.  Those domain names have been provided to Tiggee and they are in the process of responding to the Subpoena.  This contact was last made and received on April 29th.  As you know, BSI has filed a Motion to Reconsider Judge Day's ruling regarding Tiggee.

With regard to your recent request for copies, we just received a response from Western Digital.  It appears that it went to another office by mistake.  Regardless, I will be producing documents pursuant to your request for copies on May 3rd.

With regard to your Motion to Quash the Enom subpoena, our objections to Judge Day's prior order with Tiggee will be virtually the same for Enom.

I hope this answers some of your immediate questions.  I will be sending out a more complete email when I return on Monday.  If you would like to speak by phone then, I would be happy to do so.

Best,

Mike Rothman

Law Office of Michael S. Rothman
401 East Jefferson Street, #201
Rockville, Maryland 20850
phone: 301.251.9660
fax: 301.251.9610
email: mike@mikerothman.com
web: www.mikerothman.com

On May 13, 2010, at 4:25 PM, <saunderss@gtlaw.com>
<saunderss@gtlaw.com> wrote:

Steve and Mike:

This is a final note to you to avoid the filing of a Motion on a matter that the parties should be able to resolve amongst themselves without Court intervention. As you recall on April 12, 2010, the Court issued an Order at DE 212 quashing the 85 unknown Subpoenas and ordering compliance by BSI. As part of the Motion to Quash that the Court granted, we had previously argued the fact that BSI's written attempt at compliance with our Request for Copies raised more questions than it answered and was insufficient. That correspondence relating to BSI's Response to the Request for Copies was ignored. On April 16, we sent a letter memorializing the Court Order at DE 212. Later, on April 29, we asked for your compliance with the Court Order at DE 212. In that correspondence, we warned that we would be filing a motion "next week," which would have been last week. Although the Court Order did not specify a time for compliance, a reasonable time for compliance was certainly implicit in the Order, and that reasonable time has now long passed.

This is not a matter that we should have to raise before the Court, but BSI's

violation of the Court Order at DE 212 and BSI's failure to participate in Local Rule 104(10) communications cannot go unnoticed. This note is to let you know that we will be filing a Motion tomorrow to enforce the Court Order because we believe that (i) BSI has violated the Order by not complying within a reasonable time; and (ii) that BSI has violated Local Rule 104(10) by failing to respond to and ignoring our good faith efforts to work out the subject matter of a dispute, as evidenced by our letters of April 16 and April 29th.

We believe that BSI's conduct in causing the Motion to Quash to be filed in the first instance was unnecessary and, quite frankly, unprofessional. Since BSI has now violated a Court Order and defiantly refuses to address or acknowledge its non-compliance, we will ask the Court in the Motion to now issue an award of sanctions as a result of BSI's violation of the Court's Order. We also believe that the facts show that BSI's non-compliance with the Court Order is willful because BSI continues to file motions and other papers with the Court, all while ignoring WAUSA's efforts to resolve this matter.

In light of the prior requests, please provide an update as requested by close of business, Friday May 14, 2010.

Best,

Sandy

**Sanford M. Saunders, Jr.**
Shareholder
Greenberg Traurig LLP | 2101 L Street N.W. | Washington, D.C. 20037
Tel 202.331.3130 | Fax 202.261.0150
saunderss@gtlaw.com | www.gtlaw.com



USA LAW FIRM OF THE YEAR, CHAMBERS GLOBAL AWARDS 2007

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our

email administrator directly, please send an email to postmaster@gtlaw.com.

BSI v. WORLD AVE U.S.A., LLC

BSI Status of Contacts Regarding Non-Party Subpoenas

| Subp. No. | Non-Party Subpoena Issued to : | Registered Agent and Address: | Status of Production | Summary of Discussions Held |
|---|---|---|---|---|
| 1. | Match.com<br><br>836 Park Ave 2nd Floor Baltimore MD 21201 | National Registered Agents, Inc of MD<br><br>836 Park Ave 2nd Floor Baltimore MD 21201 | **Date Sent:** 1/7/10<br><br>**Due Date:** 2/19/10 | No Discussions Held<br><br>Correspondence Received 2/18/10 Unable to locate any accounts responsive to the subpoena |
| 2. | Netflix<br><br>836 Park Ave 2nd Floor Baltimore MD 21201 | National Registered Agents, Inc of MD<br><br>836 Park Ave 2nd Floor Baltimore MD 21201 | **Date Sent:** 1/7/10<br><br>**Due Date:** 2/19/10 | No Discussions Held<br><br>Objections Received 2/9/10 |
| 3. | Vonage<br><br>351 West Camden St Baltimore MD  21201 | The Corporation Trust Incorporated<br><br>351 West Camden St Baltimore MD  21201 | **Date Sent:** 1/7/10<br><br>**Due Date:** 2/19/10 | No Discussions Held<br><br>Letter received 1/14/10 |
| 4. | Discover Financial Services<br><br>929 Barrington Dr. Waldorf MD 20602 | Dorothy Westberry (Owner)<br><br>929 Barrington Dr. Waldorf MD 20602 | **Date Sent:** 1/7/10<br><br>**Due Date:** 2/19/10 | No Discussions Held |
| 5. | Dish Network<br><br>7 St. Paul St. Suite 1660 Baltimore MD  21202 | CSC Lawyers Incorporated Service Co.<br><br>7 St. Paul St. Suite 1660 Baltimore MD  21202 | **Date Sent:** 1/7/10<br><br>**Due Date:** 2/19/10 | No Discussions Held<br><br>Letter received 1/12/10 Two different companies with the similar names |
| 6. | Kraft Foods, Inc<br><br>351 West Camden St Baltimore MD  21201 | The Corporation Trust Incorporated<br><br>351 West Camden St Baltimore MD  21201 | **Date Sent:** 1/7/10<br><br>**Due Date:** 2/19/10 | No Discussions Held |
| 7. | Blockbuster Online DVD | CSC Lawyers Incorporated Service Co. | **Date Sent:** 1/7/10 | No Discussions Held |

BSI v. WORLD AVE U.S.A., LLC

### BSI Status of Contacts Regarding Non-Party Subpoenas

| | | | | |
|---|---|---|---|---|
| | Rental<br>1201 Elm St.<br>Dallas TX 75270 | 7 St. Paul St. Suite 1660<br>Baltimore MD 21202 | **Due Date:** 2/19/10 | Letter Received 1/12/10 – Two companies with the same name |
| 8. | Tassimodirect.com<br><br>Kraft Foods Global, Inc<br><br>800 Westchester Ave<br>Rye Brook NY 1073 | The Corporation Trust Incorporated<br><br>351 West Camden St<br>Baltimore MD 21201 | **Date Sent:** 1/7/10<br><br>**Due Date:** 2/19/10 | No Discussions Held |
| 9. | Body Sculpture<br><br>2531 Uniontown Rd<br>Westminster MD 21157 | David Krolicki<br><br>2531 Uniontown Rd<br>Westminster MD 21157 | **Date Sent:** 1/7/10<br><br>**Due Date:** 2/19/10 | No Discussions Held |
| 10. | Intersections Inc<br><br>351 West Camden St<br>Baltimore MD 21201 | The Corporation Trust Incorporated<br>351 West Camden St Baltimore MD 21201 | **Date Sent:** 1/7/10<br><br>**Due Date:** 2/19/10 | No Discussions Held<br><br>Letter Received 1/11/10 – Not registered agent |
| 11. | Direct TV<br><br>2230 E. Imperial Hwy<br>El Segundo CA 90245 | CSC Lawyers Incorporated Service Co.<br><br>7 St. Paul St. Suite 1660<br>Baltimore MD 21202 | **Date Sent:** 1/8/10<br><br>**Due Date:** 2/19/10 | No Discussions Held |
| 12. | Discover Financial Services<br><br>2500 Lake Cook Rd<br>Riverwoods, IL 60016 | The Corporation Trust Incorporated<br><br>351 West Camden St<br>Baltimore MD 21201 | **Date Sent:** 1/8/10<br><br>**Due Date:** 2/19/10 | No Discussions Held |
| 13. | Experian/<br>ConsumerInfo.com<br><br>475 Anton Blvd<br>Costa Mesa CA 92626 | The Corporation Trust Incorporated<br><br>351 West Camden St<br>Baltimore MD 21201 | **Date Sent:** 1/8/10<br><br>**Due Date:** 2/19/10 | No Discussions Held<br><br>Letter received 1/11/10<br><br>Not listed in records |
| 14. | Experian Information Solutions (a.k.a Star Club Rewards)<br><br>475 Anton Blvd | The Corporation Trust Incorporated<br><br>351 West Camden St<br>Baltimore MD 21201 | **Date Sent:** 1/8/10<br><br>**Due Date:** 2/19/10 | No Discussions Held<br><br>Letter received 1/21/10<br><br>Letter said Experian Information |

BSI v. WORLD AVE U.S.A., LLC

### BSI Status of Contacts Regarding Non-Party Subpoenas

|  |  |  |  |  |
|---|---|---|---|---|
|  | Costa Mesa CA 92626 |  |  | Solutions, Inc. has no responsive documents |
| 15. | Citibank Mastercard<br><br>399 Park Ave<br>NY NY 10043 | The Corporation Trust Incorporated 351 West Camden St Baltimore MD 21201 | **Date Sent:** 1/8/10<br><br>**Due Date:** | No Discussions Held<br><br>Letter received 1/11/10 – Not listed in recs. |
| 16. | BMG Music Service<br><br>Direct Brands, Inc<br>1 Penn Plaza<br>250 W. 34th St. 4th Floor<br>NY NY 10119 | Corporation Trust Company<br>1209 Orange St.<br>Wilmington DE 19801 | **Date Sent:** 1/8/10<br><br>**Due Date:** 2/19/10 | No Discussions Held<br><br>Letter received 1/12/10 – No records of BMG Music Service |
| 17. | Columbia House<br><br>Direct Brands, Inc<br>1 Penn Plaza<br>250 W. 34th St. 4th Floor<br>NY NY 10119 | Corporation Trust Company<br>1209 Orange St.<br>Wilmington DE 19801 | **Date Sent:** 1/8/10<br><br>**Due Date:** 2/19/10 | No Discussions Held<br><br>Letter received 1/12/10 – Subpoena returned due to records showing multiple Columbia House entities. |
| 18. | Columbia House<br><br>Belinda Showers<br>1225 S. Market St<br>Mechanicsburg PA 17055 | Belinda Showers<br>1225 S. Market St<br>Mechanicsburg PA 17055 | **Date Sent:** 1/8/10<br><br>**Due Date:** 2/19/10 | No Discussions Held |
| 19. | Rhapsody America, LLC<br><br>Real Networks, Inc<br>11600 Sunrise Valley Dr.<br>Suite 200<br>Reston VA 20191 | Real Networks, Inc<br>11600 Sunrise Valley Dr.<br>Suite 200<br>Reston VA 20191 | **Date Sent:** 1/8/10<br><br>**Due Date:** 2/19/10 | No Discussions Held |
| 20. | AccountNow, Inc<br><br>Corporation S<br><br><br>Service Company<br>2711 Centerville Rd | Corporation Service Company<br>2711 Centerville Rd<br>Suite 400<br>Wilmington DE 19808 | **Date Sent:** 1/8/10<br><br>**Due Date:** 2/19/10 | No Discussions Held<br><br>Letter received 1/12/10<br>Not registered agent |

BSI v. WORLD AVE U.S.A., LLC

BSI Status of Contacts Regarding Non-Party Subpoenas

|   | | | | |
|---|---|---|---|---|
| | Suite 400<br>Wilmington DE 19808 | | | |
| 21. | Direct Brands, Inc<br><br>Direct Brands, Inc<br>1 Penn Plaza<br>250 W. 34th St. 4th Floor<br>NY NY 10119 | Corporation Trust Company<br>1209 Orange St.<br>Wilmington DE 19801 | **Date Sent:** 1/8/10<br><br>**Due Date:** 2/19/10 | 1/12/10 Correspondence Received<br><br>Spoke with Steve Hayes on 2/17/10; Here is his info:   Steven M. Hayes Hanly Conroy Bierstein Sheridan   Fisher & Hayes LLP 112 Madison Avenue New York, NY 10016 212.784.6414 (Direct) 917.533.3811 (Mobile) 212.213.5949 (Fax) shayes@hanlyconroy.com www.hanlyconroy.com   He just received the Subpoena.  Production date was supposed to be 2/19.  Moved date by consent to 3/15; 03/08/10, spoke with Hayes, needed two more weeks.  Postponed until new response date of 3/29/10, says he does have some records involving TheUeful, LLC |
| 22. | StyleMyHouse, LLC<br><br>135 Townsend St<br>Suite 626<br>San Francisco CA 94110 | Corporation Service Company<br>2711 Centerville Rd<br>Suite 400<br>Wilmington DE 19808 | **Date Sent:** 1/8/10<br><br>**Due Date:** 2/19/10 | No Discussions Held<br><br>Letter received 1/11/10<br>Two companies with similar names |
| 23. | America Online, Inc<br><br>770 Broadway NY NY 10003 | Corporation Service Company<br>2711 Centerville Rd<br>Suite 400<br>Wilmington DE 19808 | **Date Sent:** 1/8/10<br><br>**Due Date:** 2/19/10 | Spoke with Courtney Barton of AOL Legal on 2/3/10 and 2/16/10;  She told me that AOL has no relationship with World Avenue;  that the AOL 30 day music trial was free anyway, but that it was an old logo they were still protecting.  (703) 265-7249. |
| 24. | Western Digital<br><br>20511 Lake Forest Dr.<br>Lake Forest CA 92630 | Corporation Service Company<br>2730 Gateway Oaks Dr<br>Suite 100<br>Sacramento CA 958333 | **Date Sent:** 4/7/10<br><br>**Due Date:** 5/7/10 | Spoke with T. Kevin Roosevelt  at Finlayson Williams Tofer Roosevelt & Lilly, LLP.  Gave him extensions to respond with objections. |

BSI v. WORLD AVE U.S.A., LLC

BSI Status of Contacts Regarding Non-Party Subpoenas

| | | | | |
|---|---|---|---|---|
| 24. | Western Digital<br><br>20511 Lake Forest Dr.<br>Lake Forest CA 92630 | Corporation Service Company<br>2730 Gateway Oaks Dr<br>Suite 100<br>Sacramento CA 958333 | **Date Sent:** 4/7/10<br><br>**Due Date:** 5/7/10 | Spoke with T. Kevin Roosevelt  at Finlayson Williams Tofer Roosevelt & Lilly, LLP.  Gave him extensions to respond with objections.<br><br>Correspondence received (4 pages) Dated 5/7/10 |
| 25. | Computer Spirit, Inc<br><br>2649 Townsgate Rd,<br>Suite 200<br>Thousand Oaks, CA 91361 | Phillip Ng<br>2649 Townsgate Rd,<br>Suite 200<br>Thousand Oaks, CA 91361 | **Date Sent:** 4/7/10<br><br>**Due Date:** 5/7/10 | No Discussions Held |