IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.           )
                               )
        Plaintiff              )
        v.                     )           Case No.PJM 08 cv 0921
                               )
WORLD AVENUE USA, LLC, et al.  )
        Defendants             )
_____)

**DEFENDANT, WORLD AVENUE USA, LLC'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF BEYOND SYSTEMS, INC.'S
INTERIM MOTION TO SEAL FILING AT DE 345 AND
FOR SANCTIONS**

Defendant, WORLD AVENUE USA, LLC ("WAUSA") hereby files its Memorandum of

Law In Opposition to Plaintiff, BEYOND SYSTEMS, INC.'s ("BSI") Interim Motion to Seal

Filing At DE 345 [DE 346] (the "Motion"), and also requests sanctions, and states:

**I.      Introduction**.

On July 19, 2010, Plaintiff filed its Interim Motion to seal its 14 page Opposition to

WAUSA's Motion to Challenge BSI's Confidentiality Designation of Video Inspections and

Depositions and for Sanctions ("Opposition").  Plaintiff's Motion should be denied because:  (i)

it is a violation and contempt of this Court's August 29, 2009 Confidentiality Order and Local

Rule 105(11); and (ii) it fails to meet the heavy standard in the Fourth Circuit required to shield

documents from public scrutiny.  Plaintiff's abusive over-designation warrants sanctions and the

Court should award WAUSA's reasonable attorneys' fees and costs for opposing Plaintiff's

Interim Motion.

**II.     The Motion Is A Violation Of The August 29, 2009 Confidentiality Order And Local Rule 105(11).**

Plaintiff violates this Court's August 29, 2009 Confidentiality Order by designating its Opposition as Confidential because it provides that a party producing *discovery material* may designate *such material* as confidential *"only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information."* (emphasis added). The Opposition does not include any such "discovery material" or "sensitive personal information, trade secrets or other confidential research, development, or commercial information." Conversely, nothing in the content of the Opposition is subject to sealing, *to wit*: pages 1-2: a summary of argument; page 2-3: a statement of facts of when items were designated Confidential; pages 3-6: citation of caselaw and legal standards; pages 6-7: legal argument; pages 7-end: contains legal argument on why each item designated should be Confidential but is not itself by any stretch of imagination confidential.

The entire designation thus constitutes another example of the consistently abusive confidentiality designation practices that have occurred throughout this case. Those practices serve two improper ends: 1) to impede the free flow of information to litigants Plaintiff fear could use that information against it. And 2) to impose a vast and unnecessary expense on the Defendant in time and money in addressing the indiscriminate and overdesignation of filings as "confidential."

Plaintiff's behavior is not unlike that discussed in *In re Ullico Inc. Litigation*, 237 F.R.D. 314, 317-18 (D.D.C. 2006) (holding that flagrant unwarranted designation of documents that not only exceeded the scope of the two categories (similar to the Protective Order in this case), but also fall into categories of obviously non-confidential, publicly available documents, called into question a party's usage of the "confidentiality" label).

2

Because the Opposition does not include any "discovery material," the Plaintiff must meet the stringent standards of Local Rule 105(11) – which Plaintiff has failed to do.  Local Rule 105(11) states:

> Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection.

Plaintiff has failed to even attempt to meet the standards of Local Rule 105(11), which alone requires denial of its Motion.

**III.    Plaintiff Fails To Meet The Fourth Circuit Test To Seal Public Records.**

Plaintiff's blanket assertion of confidentiality for its Opposition fails to meet the heavy requirements imposed for sealing public records.  The Fourth Circuit has held that "proceedings in civil cases are traditionally open" and that "[s]ealing the discovery process in civil proceedings … sacrifices the traditional interest of the public in obtaining access to civil proceedings…" *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009) (*quoting Virginia Dep't of State Police v. The Washington Post*, 386 F.3d 567, 580 (4th Cir. 2004) and *In re: Grand Jury Subpoena*, 836 F.2d 1468, 1475 n.11 (4th Cir. 1988)).  Indeed, this Court has recognized that "the mere existence of a confidentiality order protecting confidential information, does not guarantee a right to seal all documents claimed to be sensitive." *Minter*, 258 F.R.D. at 123.

The public has a strong interest in full and fair disclosure of BSI's activities.  This District Court has recognized the public interest:

> This is not the type of sensitive business information or trade secrets that courts shield. What the movant is essentially saying-stripped to its essentials-is that it does not want the information it uses in defense of this case to be public, as it feels it would be detrimental to its financial interests in the business community. This urge for secrecy is incompatible with the public resolution of business

> disputes in our open judicial system. Lawsuits and their conduct are of interest to Main Street and Wall Street. Simply because information revealed or used in litigation is arguably detrimental to the financial or business interests of a party does not make that information "sensitive" or a trade secret.

*Minter*, 258 F.R.D. at 124.

Plaintiff has set forth no compelling interest that justifies the sealing of its Opposition. Plaintiff's only conceivable interest is to shield its activities from discovery by other litigants it is suing or plans to sue. This issue has been decided adversely to Plaintiff in this Court's May 17, 2010 Order [DE 235], which Plaintiff has chosen to blithely ignore. Plaintiff has filed in excess of twenty (20) actions falsely claiming to be injured by "unsolicited" commercial e-mail that in truth it actively seeks to receive. The public has a strong, compelling interest in delving into precisely the type of discovery that Plaintiff now seeks to wrongfully seal from public view.

Furthermore, the Stipulated Protective Order requires that a party, as well as a non-party designate information confidential "when such person *in good faith* believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information." Section 1(a) (emphasis added). Thus, pursuant to the Protective Order and Rule 26 of the Federal Rules of Civil Procedure, Plaintiff's designation of information as "confidential" is governed by "an overarching requirement of good-faith." *In re Ullico Inc. Litigation*, 237 F.R.D. at 317. Plaintiff, again, violated the good-faith requirement.

### IV.   The Court Should Impose Sanctions.

As the Court is aware, Plaintiff engages in substantial overuse of the Confidentiality label. Specifically, Plaintiff designated as Confidential 68,300 emails that are the basis for its claims, and the Court granted WAUSA's Motion to Challenge this designation. DE 235. Plaintiff has never bothered to de-designate those emails as it was ordered to do. Rather, Plaintiff has continued to abuse the Confidentiality designation in new filings without lifting a

finger to correct what the Court has specifically found to be prior abusive overuse. Plaintiff's latest abusive designation of its entire Opposition as confidential imposes an obvious burden on WAUSA unless, as noted above, it throws its hands up in despair and lets Plaintiff flaunt the system.   WAUSA tried to avoid filing this opposition and requested BSI remove the confidentiality designation of the Opposition and file the documents in the open docket to no avail.  *See* email correspondence between S. Saunders and S. Ring, and Mike Rothman dated July 23, 2010 attached hereto as Exhibit 1.  Plaintiff's ignoring WAUSA's request underscores its bad faith designation and left WAUSA no alternative but to bring this to the Court.

Plaintiff deserves to be held accountable as its repetitive behavior justifies imposition of sanctions for massive over-designation.  *See Del Campo v. American Corrective Counseling Services, Inc.*, No. C-01-21151 JP (PTV), 2007 WL 3306496 (Nov. 6, 2007, N. D. Cal.); *Humphreys v. Regents of The Univ. of Calif.*, No. C-04-03808 SI (EDL), 2006 U.S. Dist. LEXIS 97906 (Nov. 14, 2006, N.D. Cal.);  *see also In re Ullico*, 237 F.R.D. at 319 (ordering the designating party abusing confidentiality designation to pay challenging party reasonable expenses, including attorneys' fees, incurred in bringing the motion).

The Court should sanction Plaintiff's abusive behavior and award WAUSA's reasonable attorneys' fees and costs incurred in opposing Plaintiff's Interim Sealing Motion.  Or, the Court should expect Plaintiff to continue behaving exactly the same way in future filings.  Plaintiff's actions are intentional, and it knows perfectly well what the Court has already ruled on the subject.  Yet Plaintiff persists.  Plaintiff is thus taking a calculated risk, counting on both the Defendant and the Court being too busy and preoccupied with other matters to calling it to

account for this behavior.[1]  Unless this Court makes a point of this issue Plaintiff's tactics will have succeeded.

**WHEREFORE**, Defendant WORLD AVENUE USA, LLC respectfully requests that the Court enter an Order: (i) denying the Motion to Seal; (ii) unsealing any sealed filings made unilaterally by BEYOND SYSTEMS, INC.; (iii) awarding WAUSA's reasonable attorneys' fees and costs incurred with opposing Plaintiff's Interim Sealing Motion; and (iv) granting such other and further relief as this Court deems just and appropriate to ensure no further repetition of this behavior.

Dated:  August 5, 2010.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

_/s/_
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194

---

[1] On July 30, 2010, the US District Court for the District of Columbia sanctioned William Wagner, represented by Plaintiff's counsel, for his abuse of motion practice, *i.e.,* the failure to "meet and confer", the failure to cite authorities for his baseless assertions that World Avenue improperly took discovery from William Wagner, and for his "repeated failure to disclose" the existence of documents responsive to Defendant's subpoena, thereby "prejudicing" Defendant and forcing Defendant "to engage in unnecessary expenditure of time and expense because of [William Wagner's] recalcitrance." A true and correct copy of the Order is attached hereto as Exhibit 2.

horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477