IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC.　　　　) <br> ) <br> 　　　Plaintiff　　　　　　　　　) <br> 　　　v.　　　　　　　　　　　　) <br> ) <br> WORLD AVENUE USA, LLC, et al. ) <br> 　　　Defendants　　　　　　　) <br> _____ ) | Case No.PJM 08 cv 0921 |

### WORLD AVENUE USA, LLC'S NOTICE OF
### OF SUPPLEMENTAL AUTHORITY

Defendant World Avenue USA, LLC ("WAUSA"), by and through the undersigned counsel, respectfully files this Notice of Supplemental Authority ("Notice") supporting its Reply in support of its Motion to challenge Plaintiff BEYOND SYSTEMS, INC.'s ("BSI") designation of the Video Inspections of the premises located at 1612 Sherwood Road, Silver Spring, Maryland 20902 [DE 266-5 and 267-5]; at 38 Maryland Ave, Unit 333, Rockville, Maryland 20850 [DE 266-8 and 267-8]; at 9501 Anchorage Place, Bethesda, Maryland 20817-4017 [DE 266-9 and 267-9]; at 1837 R Street, NW, Washington, D.C. 20009 [DE 266-12 and 267-12]; the Depositions of Paul A. Wagner [DE 266-52 and 267-52], and of Alton K. Burton [DE 266-53 and 267-53], respectively, collectively "Discovery materials".

This Notice is to alert the Court that despite BSI's argument that deposition of Paul A. Wagner ("ESI deposition") is Confidential, BSI voluntarily disclosed a copy of the transcript to Connexus, defendant in *BSI v. Kraft*, 08-409 litigation ("*Kraft* litigation"). *See* Opp. DE 345 at pp. 1, 13-14.

Specifically, on August 10, 2010, counsel for BSI in *Kraft* litigation produced a complete, un-redacted copy of the transcript of the ESI deposition. A true and correct copy of

the email from S. Bielicki to A. Rothman, dated August 10, 2010 is attached hereto as Exhibit 1. Importantly, previously in denying Connexus' access to the entire ESI deposition, BSI argued WAUSA was in control of the Confidentiality of the ESI deposition and the transcript was Confidential in part. *See* WAUSA's Reply DE 386, at p. 9. Thus, it is obvious that BSI is playing games; claiming that WAUSA is in control of the Confidentiality designation, and then turning around and controlling the Confidentiality designation itself. BSI's inconsistent position is additional proof of its ulterior motive to hide behind its abusive Confidentiality designation of the ESI deposition.

Further, BSI's selective designation and treatment of the discovery materials as Confidential as it wishes and when it wishes is a violation of the Protective Order entered by the Court and constitutes an abuse of process. BSI's actions contradict its own argument made in the Opposition to WAUSA's Motion to challenge Confidential designation. [DE 345.] In particular, BSI argued that:

> Paul Wagner's ESI deposition should also rightly be considered confidential because Wagner had a "good faith" belief that the transcript of his deposition would contain the most sensitive information regarding his client base, his operations, and his proprietary operations. The deposition also revealed the most sensitive details of the operations of BSI's Internet services, the transmission and storage of BSI's data, BSI's network topologies, security measures and access pathways, and the types of disruptive abuse BSI has encountered. For all these reasons, Plaintiff had a good faith belief that the information contained in his ESI deposition represented "sensitive personal information" that should rightly be shielded form public view using the Confidential Designation.

DE 345 at p. 13.

Nonetheless, three weeks after it made the above cited argument, the information in the transcript ceased to be "sensitive personal information" and BSI voluntarily produced the entire transcript to Connexus. Although WAUSA supports Connexus' Motion to Intervene and to

access the Discovery materials, including the transcript of the ESI deposition,[1] BSI's failure to inform the Court that it does not intend to treat the transcript Confidential anymore underscores its complete disregard of the Protective Order and disrespect to this Court. Finally, although the transcript says it is "CONFIDENTIAL IN PART", counsel for BSI, both in this litigation, as well as in *Kraft* were unable to indicate which part of the transcript is confidential and which part is not. *See* email from S. Saunders to S. Ring and M. Rothman dated July 23, 2010, attached as Exhibit 1 to DE 385 and email from S. Bieliki to A. Rothman dated August 13, 2010, attached hereto as Exhibit 2. Although eleven months after the deposition was taken is more then enough time to review the transcript and to select the information that meets the confidentiality definition, BSI deliberately refuses to do it. In any case, if there is any designation that might, arguably still apply, the eleven months period is outside the seven days granted for the designation under the Protective Order and BSI waived its right. *See* Section 1(b) of the Protective Order.

This most recent action reinforces WAUSA's request for sanctions against BSI for its over-designation and abusive imposition of burden on defendants, while it blatantly violates the Protective Order. Therefore, the Court should consider this Supplemental Authority in granting WAUSA's Motion to challenge Confidential designation of Discovery materials.

Thus, the Court should enter an Order de-designating the Video Inspections and Depositions as Confidential, and granting an award of attorneys' fees and costs incurred by World Avenue USA, LLC in litigating the Motion, together with such other and further relief that this Court deems just and proper.

---

[1] DE 324 & 355.

3

Dated: August 16, 2010

Respectfully submitted,

Attorneys for *World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

___s/_____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477