IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.        )
                            )
    Plaintiff               )
    v.                      )        Case No. PJM 08 cv 0921
                            )
WORLD AVENUE USA, LLC, et al. )
    Defendants              )
                            )

**WORLD AVENUE USA, LLC'S MOTION FOR EXTENSION OF TIME TO FILE REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FRAUD ON COURT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Local Rule 105(9), and Rule 6(b)(1), Fed. R. Civ. P., Defendant, World Avenue USA, LLC. ("WAUSA"), by and through undersigned counsel, hereby moves this Honorable Court for an extension of time for the filing of its Reply to Plaintiff, Beyond Systems, Inc.'s ("BSI") Opposition to Defendant's Motion to Dismiss for Fraud on Court. ("Motion to Dismiss"). Counsel for WAUSA requested the extension of time that is the subject of the present Motion from BSI's counsel, but as to 5 p.m. of the date of the filing, counsel for BSI failed to respond.

Pursuant to Fed. R. Civ. P. 6 (b)(1)(B) "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." There is good cause to grant this extension request. Specifically, WAUSA is currently in the process of seeking discovery relating to the Motion to Dismiss, which includes, but is not limited to, a Fifth Request for Production of Documents,[1] two depositions, and third party discovery from the original recipients of BSI's Subpoenas. As counsel for WAUSA represented at the telephone conference

---

[1] See DE 353-1.

1

hearing on July 30, 2010 before Magistrate Judge Day on the Motion for Expedited Discovery, WAUSA requested expedited discovery on the Fifth Request, for specified reasons, including, but not limited to, the need to respond to BSI's Opposition to Motion to Dismiss. See Transcript at pp. 6:14-19; 7:6-9; 21:12-21.[2] The depositions of Amanda Ornitz and Michael S. Rothman have been noticed for August 27 and 31 accordingly. Copies of the notices are attached hereto as Exhibit 1.

The primary problem remains the same as it has been all along. Rather than providing *actual* copies of the full Subpoenas that it served upon the Non-Parties that are the subject of the Motion to Dismiss, as the Court ordered BSI to do at DE 212, BSI has delayed producing any discovery relating to the issue and thereby frustrated the search for the truth. To date, BSI has not produced the copies of the Subpoenas that it actually served upon each of the Non-Parties. Amazingly, BSI represented in its Response to the Fifth Request for Production on Friday, August 13th that: "Without waiving these objections, Plaintiff states that all relevant discoverable documents related to the subpoenas have been produced." *See* Exhibit 2. This is utterly false for two reasons. First, in its Opposition Brief, BSI only attached copies of the first two pages of twelve (12) of the Subpoenas at issue. But BSI did not produce the attachments to any of those twelve (12) Subpoenas, and most certainly did not produce in its Opposition Brief any of the remaining eleven (11) Subpoenas that it also served.

Second BSI is still withholding a third version of the Subpoenas from discovery. Significantly, BSI made the following representation to this Court at DE 351, Page 2:

> *WAUSA is miffed that Plaintiff included the following phrase in some of the subpoenas to non-parties:*

---

[2] WAUSA requested a copy of the transcript of the hearing, and just received it today. WAUSA will supplement its filing with a copy of the transcript as soon as any necessary redactions are performed.

> *All DOCUMENTS RELATING TO any federal, state, or local government's investigation into the activities of any e-mail marketing firm including Scott Richter/OptInRealBig/Media Breakaway and the Ralsky Spam GangRALSKY SPAM GANG, including inquiries by the Attorney General offices of Florida, New York, and Texas, or by any branch of the Federal Government including the FBI, the Justice Department or the FTC.*

BSI has *never* produced a copy of the Subpoena containing this Request, yet BSI falsely represented to this Court that its production is complete. To this day WAUSA has no idea who received this version of the Subpoenas. *See* Exhibit 2.

Third, despite this Court's clear instruction at the July 30 hearing that BSI was to provide a privilege log with its response to WAUSA's Fifth Request for Production, BSI has continued its obstinate refusal to obey the Rules or this Court. Specifically, the following colloquy took place at the hearing:

> Mr. Saunders: Can we direct from the Court that what is due on August 12 is that response includes the privilege log as requested?
>
> The Court: Oh I think that is what the Rule says.

*See* Transcript at p. 24:10-13.

Notwithstanding this instruction and, as the Court pointed out, the requirements of the Rules, BSI has justified WAUSA's every concern expressed at the July 30 hearing and refused to provide a privilege log (or anything else) in response to WAUSA's Fifth Request for Production. Specifically, BSI responded:

> "Objects to the request for a privilege log because the requests exceed the allowed number and are void *ab initio*."

*See* p. 2, paragraph 3, Exhibit 2.

In mantra-like fashion, BSI responded the same way, over and over, to each category of requested materials in WAUSA's Fifth Request for Production of Documents. Briefly summarized, BSI's Responses say:

a) nearly all the requested materials are privileged;

b) that WAUSA is asking too many questions, so it can't have a privilege log or anything else;

c) that BSI had already said everything it wanted to say about the matter in its prior productions, a declaration of counsel, a letter of retraction (that it failed to produce) and in two new sets of subpoenas it issued right after the July 30 hearing that once again accuse WAUSA of being the target of a non-existent federal investigation; and

d) that BSI has already produced all the Subpoenas, a representation as amazing in its audacity as it is obvious in its untruth.

*Id.*

BSI's Responses merit their own motion to compel and request for sanctions, which will be filed separately. But for purposes of this Motion for Extension of Time, the Court should note that BSI has not done what it was told to do at the July 30 hearing, even though virtually every single one of its responses to each category of materials covered by the Fifth Request for Production claimed the responsive materials were privileged. Instead, BSI has stonewalled right down the line.

Meanwhile, BSI has had the effrontery to reissue all the Subpoenas twice, that is to say, TWO ADDITIONAL TIMES EACH, on each of the original recipients. BSI blandly explained that the Court's April 12 Order allows BSI to reissue them, while ignoring that when the Court issued that Order, no one knew what the Subpoenas really said because BSI had written new

ones that said something different, backdated some or all of them and passed them off as if they were the real thing.

It should go without saying that this behavior is without precedent and merits a Reply that fully presents to this Court all available information about what BSI has done. Unfortunately, since BSI persists in its serial misrepresentations to this Court that it has produced all the Subpoenas when, in fact, it never has, WAUSA has itself been forced to go subpoena the original recipients for copies of what BSI actually served on them. There is no other way. BSI simply will not give them up.

As of this date, none of the responsive documents to WAUSA's third party discovery have been received. This delay is entirely of BSI's own making - it has not -- after eight (8) months -- provided a copy of what it actually served on all of the non-parties. Moreover, on August 13, WAUSA received BSI's iron curtain of objections to the Fifth Request for Production which will necessitate a separate adjudication from the Court. For these reasons, WAUSA is not inclined to file its Reply Memorandum until it has the benefit of the discovery served and can show the Court everything that BSI has worked so hard to conceal. The additional discovery will serve to shed further light on BSI's conduct and its proffered explanations.

**WHEREFORE**, WAUSA respectfully requests the Court grant an extension to file its Reply Memorandum until seven days after the completion of the two noticed depositions, receipt of the entire document production and complete privilege log responsive to the Fifth Request for Production of Documents, and receipt of all third party discovery subpoenaed materials, whichever occurs last.

> Respectfully submitted,
> *Attorneys for World Avenue USA, LLC*
> GREENBERG TRAURIG, LLP
> _____/s/ John L. McManus_____
> Sanford M. Saunders, Jr., Esq.
> USDC, MD #4734
> saunderss@gtlaw.com
> Nicoleta Burlacu, Esq.
> BurlacuN@gtlaw.com
> *Admitted Pro Hac Vice*
> GREENBERG TRAURIG, LLP
> 2101 L Street, NW, Suite 1000
> Washington, DC 20037
> Telephone: 202-331-3100
> Facsimile: 202-331-3101
> --and--
> Kenneth Horky, Esq.
> Florida Bar No. 691194
> horkyk@gtlaw.com
> John L. McManus, Esq.
> Florida Bar No. 0119423
> mcmanusj@gtlaw.com
> *Admitted Pro Hac Vice*
> GREENBERG TRAURIG, P.A.
> 401 East Las Olas Boulevard, Suite 2000
> Fort Lauderdale, FL 33301
> Telephone: 954-765-0500
> Facsimile: 954-765-1477