**IN THE U.S. DISTRICT COURT FOR MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| **BEYOND SYSTEMS, INC.** | * |
| | * |
| **Plaintiff** | * |
| | * |
| v. | *   Case No. PJM 08-cv-0921 |
| | * |
| **WORLD AVENUE U.S.A., LLC** | * |
| successor by merger to NIUTECH, LLC., | * |
| dba "The Useful"et al. | * |
| | * |
| **Defendants.** | * |
| | * |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**
**AND TO QUASH DEPOSITION SUBPOENAS**

Plaintiff, Beyond Systems, Inc., through counsel, moves pursuant to FRCP 26 and 45(c)(3) for a protective order and for an order to quash subpoenas *ad testificandum* issued by Defendant World Avenue U.S.A., LLC ("WAUSA"), as to non-parties Michael S. Rothman, Esquire and Amanda Ornitz. Plaintiff adopts and incorporates by reference the memorandum filed by non-parties Michael S. Rothman, Esquire and Amanda Ornitz at DE 395, and its exhibits.

BSI has standing to challenge the subpoenas and the deposition notice. Fed. R. Civ. P. 45(c)(3) authorizes the issuing Court to quash or modify a subpoena. Pursuant to Fed. R. Civ. P. 45(c)(3)(b), the Court may order this relief "to protect a person subject to ***or affected by a subpoena***." (emphasis added). The Advisory Committee Notes to Rule 45 emphasize that:

> In instances where a ***subpoena requires disclosure of a trade secret or other confidential or commercially sensitive information it should be quashed unless the party serving the subpoena shows a substantial need*** and the court can devise an appropriate accommodation to protect the interests of the party opposing such potentially harmful disclosure.

Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment. Further, it is well-settled that a party has standing to quash a subpoena issued to a nonparty, if the party "claims some personal right or privilege in the information sought by the subpoena." *U.S. v. Idema*, 118 Fed. Appx. 740 (4th Cir. 2005) (unpublished); *Carolina Materials, LLC v. Continental Casualty Co.*, 2009 WL 4611519 (W.D.N.C. 2009) (noting that a party may quash a subpoena served on third party upon making "specific showing of privilege or privacy" regarding the subject documents); *Green v. Sauder Moldings, Inc.*, 223 F.R.D. 304 (E.D. Va. 2004) (observing that party has standing to challenge subpoena served on non-party where "movant claims some personal right or privilege to the documents sought").

BSI asserts that the depositions sought will likely tread on attorney-client and/or work product privileges. This is clear from WAUSA's recent briefing pertaining to its allegations of "subpoena fraud" due to inadvertent discrepancies between different versions of the document schedules attached to the subpoenas. BSI maintains, and does not waive, all privileges arising from and related to the legal services provided by Mr. Rothman and his office to and for the benefit of BSI in this case.

WAUSA has not shown any substantial need to hold the depostions. Copies of them have already been supplied, and WAUSA has distorted the variations in language

into a massive conspiracy. However, no harm has been shown. The first round of subpoenas was rescinded, and replacements (15 in number, after omitting bad addresses) have been reissued and sent out via certified mail.

Plaintiff's strong interest in protecting the confidential and proprietary nature of its information is not mitigated by the existence of the August 20, 2009 Protective Order in this action. As a general rule, the Protective Order is "not a substitute for establishing relevance or need." *See Micro Motion, Inc. v. Kane Steel Co.*, 894 F. 2d 1318, 1324 (Fed. Cir. 1990); *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F. 2d 422, 424 (Fed. Cir. 1993) (quashing subpoena and holding that protective order does not eliminate the requirements of relevance and need for the information) (emphasis added); *R & D Business Systems, Inc. v. Xerox Corp.*, 152 F.R.D. 195, 198 (D. Colo. 1993) (granting motion to quash despite protective order where the discovery party "must still meet the burden of showing the necessity for the information sought"). Rather, a protective order is designed "to prevent harm by limiting disclosure of relevant and necessary information." *Micro Motion*, 894 F. 2d at 1324 (emphasis in original). Accordingly, the August 20, 2009 Protective Order cannot mollify WAUSA's arguments as IT has utterly failed to show that denial of the depositions will cause it to suffer undue hardship. *Am. Standard v. Pfizer, Inc.*, 828 F. 2d 734, 740 (Fed. Cir. 1987); *see Caver v. City of Trenton*, 192 F.R.D. 154, 157 & 164 (D.N.J. 2000) (issuing protective order against subpoena based on irrelevance and privilege, despite plaintiffs' offer of an attorneys' eyes only protective order).

Respectfully submitted,

       /s/                                                                       August 19, 2010
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249


       /s/
Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*


### Certificate of Service

     I certify that a copy of the foregoing documents was served on this 19th day of August 2010, via the ECF system, on all counsel of record.


       /s/
    Stephen Ring