**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
**SOUTHERN DIVISION**

BEYOND SYSTEMS, INC.      )
                                )
     Plaintiff             )
     v.                     )        Case No.PJM 08 cv 0921
                                )
WORLD AVENUE USA, LLC, et al. )
     Defendants      )
_____ )

**DEFENDANT WORLD AVENUE USA, LLC'S REPLY MEMORANDUM IN SUPPORT**
**OF ITS MOTION FOR EXTENSION OF TIME TO FILE REPLY TO PLAINTIFF'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FRAUD ON COURT**

Defendant, WORLD AVENUE USA, LLC ("WAUSA") hereby files its Reply Memorandum in Support of Its Motion for Extension of Time ("Motion for Extension") To File Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss For Fraud On Court [DE 392], and in opposition to Plaintiff's BEYOND SYSTEMS, INC.'s ("BSI") Response and Limited Consent ("Opposition") [DE 393].  WAUSA has asked for an extension of time until 10 days after the completion of the pending discovery relating to the Motion to Dismiss to file its Reply Memorandum in support of the Motion to Dismiss.  *See* DE 392.  Since the filing of the Motion for Extension, the Court has set a hearing date of November 29, 2010 on WAUSA's Motion to Dismiss for Fraud on the Court.  *See* DE 393.  Thus, there is no prejudice to the schedule should the Court extend the briefing deadline as requested, absent BSI's foot dragging and refusing to comply with its obligations for more than 3 months.

1

**I.      "Good Cause" Exists To Extend The Time To File The Reply Memorandum On The Motion to Dismiss Because Denying The Extension Would Effectively Rule On The Pending Motion Without Necessary Discovery.**

**A.      The Pending Discovery Is Relevant To The Motion To Dismiss.**

Briefly stated, the Motion to Dismiss for Fraud on the Court ("Motion to Dismiss") arises out of BSI's conduct of a clandestine campaign of discovery where BSI issued secret subpoenas to non-parties, including customers of WAUSA's affiliated companies, that contained false and inflammatory statements that WAUSA was the target of criminal investigations and litigation by the FBI and unidentified US Attorneys' Offices.

WAUSA's discovery relevant to its Motion was issued both before and after BSI's Opposition and included document requests, some non-party subpoena document productions, and two limited-purpose depositions.  The procedural posture of the discovery is that BSI has objected to the document requests and the depositions, has produced no documents, and, despite its belated promise to do so, has produced no privilege log.  *See* DE 395-396 (filed August 19th); *see* BSI objections to Fifth Request for Production, attached as <u>Exhibit 1</u>.  All of these deficiencies can be completed well within the 3-plus months before the hearing.  Obviously, BSI would prefer the Court to rule on the Motion to Dismiss on an incomplete record.

**B.      WAUSA's Efforts To Avoid An Extension of The Reply Deadline.**

**1.      WAUSA Moved To Expedite The Response To The Fifth Request.**

This delay tactic is exactly what WAUSA tried to avoid.  <u>First</u>, it was for this exact reason that WAUSA moved on July 16th to expedite BSI's response to the Fifth Request for

2

Production (which relates to the Motion to Dismiss) served July 13th.[1]  At the July 30th hearing, Magistrate Judge Day denied the motion to expedite BSI's discovery response, but expressed his intention that BSI's requests and the privilege objections be resolved in the "normal course."  *See* Exhibit 2, Transcript of July 30, 2010 hearing, p. 23, lines 16-19 ("Now, it may be that in retrospect I will feel differently, but I am going to let this discovery request run its normal course and we will deal with any objections and concerns about privilege also on the backside"). Certainly, the Court did not rule on privilege objections at the July 30th hearing.  *Id*.  However, by inviting the Court to deny the Motion for Extension, BSI asks the Court to deny WAUSA the opportunity to introduce whatever evidence that Magistrate Judge Day does permit to be discovered, together with the results of the third party discovery, into WAUSA's Reply Brief.

**2.      WAUSA's Early Attempts To Confer On The Two Depositions.**

Second, it was for this exact reason that, with the notice of the two deposition notices and subpoenas on August 4th, counsel for WAUSA attempted to confer on whether any objections existed to the depositions by no later than August 10th, and well in advance of the August 27th

---

[1] *See* DE 338 (Motion for Limited Expedited Discovery); DE 340 (Letter requesting hearing on Motion; DE 351-353 (BSI's Opposition to Hearing; DE 373, 375 (BSI's Opposition to Motion for Expedited Discovery); Transcript of July 30, 2010 hearing, attached as Exhibit 2, at pp. 6:14-19; 7:6-9; 21:12-21.

and 31st depositions.  *See* Exhibit 3, attached hereto.[2]  Instead, BSI waited until fifteen (15) days

later when it filed its objections late in the evening on August 19th.  *See* DE 395-396.

> **3.**     **WAUSA's Efforts To Request Genuine Copies of The Subpoenas.**

Third, WAUSA did everything it could to cause BSI to produce genuine copies of the

subpoenas that it had issued to non-parties, but was ignored by BSI.  Thus, on August 10th,

WAUSA requested that BSI file for the Court a copy of the complete "subpoenas" that BSI

referenced in its Opposition -- since BSI filed only the first two pages and not the complete

subpoenas.  *See* Exhibit 4.  No such documents have been provided or filed.

> **4.**     **BSI's Misrepresentations To The Court That It Has Disclosed All Information Pertaining To The Motion to Dismiss.**

> **a.**     **The Representations At The July 30th Hearing.**

Fourth, BSI made misrepresentations to the Court at the July 30 hearing on the Motion

for Leave To Take Expedited Discovery.  Specifically, BSI unequivocally represented to the

Court that it had fully complied with the Court's prior order of April 12, 2010, which required

that it provide "a summary of any discussions held regarding the efforts to obtain the requested

---

[2] The e-mail communication stated, in part:

> Depositions of counsel, when appropriate as in these circumstances, may raise issues that are best resolved in advance.  Accordingly if you have are any issues with the taking of these depositions, please also let us know by the close of business on Tuesday, August 10, 2010, so we have time to have those issues heard by Magistrate Judge Day along with any issues pertaining to Beyond Systems, Inc.'s pending response to World Avenue USA, LLC's outstanding Fifth Request for Production of Documents, and prior to the convening of the above-noticed depositions.

*See* Exhibit 3, attached hereto.

4

materials subsequent to the service or attempted service of each subpoena." *See* DE 212. The following representations were made:

> The Court:   Let me put you over to a different place and that is the production of the materials that I ordered back in April, have you fully complied with that?
> Mr. Rothman:  Absolutely.

*See* Exhibit 2, Transcript of July 30, 2010 hearing, p. 17, lines 14 - 17.

BSI's counsel continued further as follows:

> Mr. Rothman:  Anything that has been sent out and received since your April 22nd order [sic] and even before that as I detailed in my previous letter of compliance has been sent to the defendants.  They have received everything.  We received a subpoena from some information from last act, they have received that. They have received some information --- and that has been sent to them, so they are in possession of everything that has been sent to them.  So, they are in possession of everything that has been in our possession.
> I also have done, although you didn't require it, I
> did a chart that was attached to my May 22nd compliance
> letter, it is attached as Exhibit A8 and that is a complete
> listing of every single contact I had with any non-party to
> that point.
> So, it is our belief and I believe I can show it
> that we were in 100 percent compliance with your April 12th
> order at [D]E 212.

*Id.*, p. 17, line 24 - p. 18, line 16.  Unfortunately, these representations were utterly false.

### b.      The Direct Brands Communications Withheld By BSI.

Just three days ago, WAUSA filed with the Court in its Motion to Quash Fifteen (15) Non-Party Subpoenas for Production of Documents [DE 400], the text of a brand new communication never before turned over by BSI.   In this email to a customer of one of WAUSA's affiliates, Direct Brands, BSI falsely told Direct Brands that:

> I would also like to send you a copy of the sponsor page that I referenced where World Avenue and MailCompanyX has appropriated the Direct Brand name and used it in connection with their advertisements.  I will forward that as soon as I get it.

*See* <u>Exhibit 5</u>, attached hereto.   This communication was withheld in the "chart" that BSI

represented "*is a complete listing of every single contact I had with any non-party to that point*":



BSI's Chart (shown on the left above) purports to contain a column containing BSI's communications in furtherance of obtaining documents from Direct Brands, but BSI's summary omits a key communication (shown on the right above) in which it offered to provide materials to Direct Brands in order to inflame it against WAUSA. Although the Chart mentions a February 17th phone call, it does not mention a separate contact in the February 17th e-mail. The

Court's Order was unequivocal:  it required a summary of *any* discussions.  By failing to list this February 17th e-mail, BSI violated to the Court's April 12th Order.   Accordingly, its representations to the Court at the July 30th hearing were false.

This communication (Exhibit 5) was only produced to WAUSA when it was forced by BSI's continuing misrepresentations to this Court to issue its own subpoenas to the same third parties to get complete and genuine copies of all the subpoenas issued to those companies and the correspondence between BSI and the customers.  For although that is both a) what BSI was ordered to produce  by this Court's April 12 Order, and b) what BSI falsely told the Court on July 30, 2010 it had produced, the truth is BSI has never complied but instead continues to this day to try to evade disclosure of its improper discovery tactics.

The e-mail quoted above was part of a chain of emails from and to BSI's counsel's computer email address created after BSI served a subpoena on Direct Brands.  Its content reveals why BSI failed to disclose it.  Clearly, the purpose of the email was not to gather evidence responsive to a previously served subpoena, but instead was to convey an offer by BSI to the subpoenaed party to provide it with something in order to make trouble between WAUSA, its affiliates, and their customers.  And since the material in question was an email chain between BSI and the customer, it was available to BSI for disclosure as ordered by the Court on April 12th.

This most recent email exchange with Direct Brands is material that BSI should have, but did not, produce.  This email exchange should have been readily accessible on BSI's counsel's computer.  BSI's misrepresentations to this Court on July 30, 2010 were designed to reassure the Court that there was no need for urgency, that its Order had been obeyed, that BSI had done everything it had been told to do, and that WAUSA's motion to expedite discovery could be

safely denied.  And those misrepresentations were successful because the motion to expedite was indeed denied.  Now BSI seeks to profit from its own misconduct by preventing an extension of time for WAUSA's Reply, all in order to avoid WAUSA's completion of the chore of gathering up the evidence of what really happened -- both from BSI and from the non-party subpoena recipients -- in order to let the Court make a fully informed decision on what BSI really did.

### c.      The Kraft Communications Withheld By BSI.

In addition to misrepresenting the production of the Direct Brands communications, BSI also misrepresented the production of communications relating to the Kraft Foods Subpoena. BSI represented to the Court on July 30th that "[t]hey [WAUSA] have received everything", "they are in possession of everything that has been in our possession," and the Chart provided to WAUSA on May 22nd "*is a complete listing of every single contact I had with any non-party to that point*".  *See* Exhibit 2, Transcript of July 30, 2010 hearing, p. 17, line 24 - p. 18, line 16.  To make it worse, BSI filed a Declaration later that same day that stated:

> In accordance with the Compliance Letter and on the same day, May 22nd (but in a different email and sixteen minutes later), I sent Defendant's Counsel a copy of **all** the **responses** BSI had received from **any** non-party, **whether previously served upon WAUSA or not**, in an effort to resolve any remaining issues with WAUSA regarding compliance with DE 212.  See MTD, Ex. 23 [DE 323-24 (p. 2 of 76).

*See* DE 373-3, p. 5 of 54, ¶ 24 (emphasis added).

All of these representations to the Court were not true.

BSI's May 22nd Chart that it issued to comply (belatedly) with the Court's April 12th Order listed a subpoena to Kraft Foods, Inc. and under the Column for "Summary of Discussions Held" the entry for Kraft Foods, Inc. states:  "No Discussions Held."  *See* DE 323, p. 67 of 71. Likewise, the documents produced that BSI's agent declared under penalty of perjury was a

"copy of all the responses" did **not** include any response from Kraft.  *See* DE 323-24, Exhibit 23 to Motion to Dismiss, pp. 3 of 76 to p. 76 of 76 (Bates Stamped by WAUSA BSI (Non-Party Subpoena Responses) 000001-000074.

These representations were untrue as Kraft Foods had sent by e-mail and U.S. Mail a letter to BSI dated January 24, 2010 that contained a listing of objections and stated:

> This letter is a follow-up to our discussion of last week and sets forth Kraft Foods, Inc.'s ("Kraft") objections to the subpoena served on its registered agent on January 11, 2010.

*See* Exhibit 7, attached hereto.

A simple side-by-side comparison of the Chart (DE 323-23, p. 67 of 71) and the January 24, 2010 Kraft Letter (Exhibit 7) shows that Paragraph 24 of the Declaration submitted by BSI (*see* DE 373-3, p. 5 of 54, ¶ 24) and the three representations made by BSI to the Court at the July 30th hearing (*see* Exhibit 2, Transcript of July 30, 2010 hearing, p. 17, line 24 - p. 18, line 16) were not the truth:

**BSI's May 22, 2010 Chart**

BSI v. WORLD AVE U.S.A., LLC

BSI Status of Contacts Regarding Non-Party Subpoenas

| Subp. No. | Non-Party Subpoena Issued to : | Registered Agent and Address | Status of Production | Summary of Discussions Held |
|---|---|---|---|---|
| 1. | Match.com  836 Park Ave 2nd Floor  Baltimore MD 21201 | National Registered Agents, Inc of MD  836 Park Ave 2nd Floor  Baltimore MD 21201 | Date Sent: 1/7/10  Due Date: 2/19/10 | No Discussions Held  Correspondence Received 2/18/10  Unable to locate any accounts responsive to the subpoena |
| 2. | NetFlix  836 Park Ave 2nd Floor  Baltimore MD 21201 | National Registered Agents, Inc of MD  836 Park Ave 2nd Floor  Baltimore MD 21201 | Date Sent: 1/7/10  Due Date: 2/19/10 | No Discussions Held  Objections Received 2/9/10 |
| 3. | Vonage  351 West Camden St  Baltimore MD 21201 | The Corporation Trust Incorporated  351 West Camden St  Baltimore MD 21201 | Date Sent: 1/7/10  Due Date: 2/19/10 | No Discussions Held  Letter received 1/14/10 |
| 4. | Discover Financial Services  929 Burlington Dr.  Waldorf MD 20602 | Dorothy Westberry (Owner)  929 Burrington Dr.  Waldorf MD 20602 | Date Sent: 1/7/10  Due Date: 2/19/10 | No Discussions Held |
| 5. | Dish Network  7 St. Paul St. Suite 1660  Baltimore MD 21202 | CSC Lawyers Incorporated Service Co.  7 St. Paul St. Suite 1660  Baltimore MD 21202 | Date Sent: 1/7/10  Due Date: 2/19/10 | No Discussions Held  Letter received 1/12/10  Two different companies with the similar names |
| 6. | Kraft Foods, Inc  351 West Camden St  Baltimore MD 21201 | The Corporation Trust Incorporated  351 West Camden St  Baltimore MD 21201 | Date Sent: 1/7/10  Due Date: 2/19/10 | No Discussions Held |
| 7. | Blockbuster Online DVD | CSC Lawyers Incorporated Service Co. | Date Sent: 1/7/10 | No Discussions Held |

---

**January 24, 2010 Kraft Letter to BSI**

## THE LAW OFFICE OF DARRELL J. GRAHAM, LLC

53 WEST JACKSON BOULEVARD, SUITE 1334
CHICAGO, ILLINOIS 60604

January 24, 2010

**By Email to mike@mikerothman.com**
**U.S. Mail to**

Michael S. Rothman, Esq.
The Law Office of Michael Rothman
401 E. Jefferson St., Suite 201
Rockville, Maryland 20850

Re:  Kraft/Subpoena In World Avenue Case—Objections

Dear Michael:

This letter is a follow-up to our discussion of last week and sets forth Kraft Foods, Inc.'s ("Kraft") objections to the subpoena served on its registered agent on January 11, 2010.

**Objection To The Subpoena Generally:**

Moreover, while BSI claims that in its July 30th, 2010 Declaration it was previously "unaware that any versions of the non-party subpoenas I sent to Defendant on February 8th were different in any respect from the subpoenas I actually sent to the non-party recipients on January 8th," this communication shows that, on January 24, 2010, BSI had been specifically informed that "[t]he subpoena is vague and confusing in that there are two Exhibit A's attached to the subpoena and it is unclear which Exhibit A Beyond Systems is referring to." *Compare* DE 373-3, ¶ 26 (Declaration) *with* Exhibit 7. That is the reason why this communication was not disclosed.

### d. The Seven Other Communications Of Which BSI "Cannot Locate A Copy."

Unlike BSI, the recipients of WAUSA's subpoenas are complying and turning over material such as that quoted above. At least seven other examples of unproduced communications[3] between BSI and subpoena recipients have been previously referenced in WAUSA's earlier filings on these issues; BSI's sole explanation for failing to produce all seven was an unexplained assertion in the Declaration filed in opposition to WAUSA's Motion to Dismiss for Fraud on the Court that BSI "cannot locate a copy of" those documents. *See* DE 373-3, p. 6, ¶ 28. No explanation was given for why BSI "cannot locate a copy of" the documents. *Id*. Worse, although BSI declared under penalty of perjury that it "could not locate" all 7 letters, each one of them was listed on its May 22nd Chart. *See* Chart filed by BSI at DE

---

[3]      The seven unproduced documents consist of a January 11, 2010 letter from Intersections, Inc., a January 11, 2010 letter from Citibank MasterCard, a January 11, 2010 letter from StyleMyHouse, a January 12, 2010 letter from Dish Network, a January 12, 2010 letter from Blockbuster Online DVD, a January 12, 2010 letter from AccountNow, and a January 21, 2010 letter from Vonage. These are all documents listed in the "chart" that is a "complete listing of every single contact [BSI] had with any non-party to that point." *See* Chart filed by BSI at DE 373-2 & Exhibit 2 attached hereto, Transcript of July 30, 2010 hearing, p. 18, lines 14-16.

373-2.  BSI's failure to explain why it did not produce the 7 letters presumably would be part of the full explanation BSI promised the Court would be forthcoming later that very same day when, on July 30, 2010, it opposed expedited discovery and promised the Court that all would be explained in the filing it planned to make later that same night.  *See* Exhibit 2, Transcript of July 30, 2010 hearing, p. 10, lines 16-18.

In sum, although WAUSA did everything that it could to bring the discovery pertinent to the Motion to Dismiss to a close prior to the date for its Reply Memorandum, it has been thwarted at every turn by BSI's unscrupulous tactics, facile misrepresentations to the Court and willingness to suppress evidence in direct violation of a standing Court Order.  If this is not grounds for an extension of time, what ever could or should be grounds for an extension?

BSI should not be rewarded by being allowed to short-circuit further inquiry into its actions so that the full scope of its misconduct does not come to light at the three-hour hearing scheduled by the Court on November 29, 2010.  BSI asks the Court to deny the extension of time and require WAUSA to close the briefing on the Motion to Dismiss nearly 95 days before the hearing and while the discovery is still pending.  BSI has misled the Court in order to position itself to make this request.  While granting the extension would allow for the orderly briefing and adjudication of issues pertinent to discovery on the pending Motion to Dismiss denying the extension would effectively reward misconduct by granting all of BSI's objections to the discovery without any opportunity for a hearing to WAUSA.  BSI's opposition to the extension is detrimental to this Court's efforts to render a decision based on all of the facts, and not just those that BSI chooses to selectively disclose.

**II.    A Brief Extension of Time to Complete Discovery Pertinent To The Motion to Dismiss Is Warranted Because BSI Has Not Complied With A Court Order [DE 212] And Discovery Requests Pertaining To The Motion To Dismiss.**

   **A.    Further Discovery Is Needed Because BSI Has Not Fully Disclosed What Happened.**

BSI represents to the Court that there is no reason for discovery regarding the Motion to Dismiss.  In addition to everything said above, several other points must also be made.   First, BSI has most certainly not produced full copies of the subpoenas that it issued to the third parties.  The Court already made this finding on April 12 at DE 212: "Despite the best efforts of Defendant, its attempts to obtain full copies of the subpoenas and attachments have been less than complete."  BSI then filed on July 30th two Declarations that attached what purported to be the first two pages of twelve subpoenas, but not any of the other subpoenas and not the attachments to the subpoenas -- which were the whole point of the Motion to Dismiss.  *See* DE 373.

Second, the discovery is beginning to reveal BSI's true purpose in sending the Subpoenas to the 23 non-parties.  As outlined above, a glimpse of the real purpose for BSI's issuance of the Subpoenas is shown in its private correspondence with the non-parties following the issuance of the first round of secret subpoenas in January 2010.   For example, in the text of the correspondence to Direct Brands mentioned above, which was dated February 17, 2010, BSI stated that "World Avenue and MailCompanyX has [sic] appropriated the Direct Brand name and used it in connection with their advertisements.  I will forward that as soon as I get it."  *See* Exhibit 5.  The correspondence is particularly revealing because BSI issued it fourteen (14) days after BSI had refused to provide genuine copies of the subpoenas to the non-parties.  But this correspondence is also revealing because of what it is about -- or rather, what it is not about.

13

This case is about e-mails.  A "sponsor page" is not an e-mail; it is other internet advertising. This case is not about "sponsor page[s]."  The correspondence shows that BSI is trying to hijack a legal process to try to prejudice these parties against WAUSA based on phantom infractions in internet "advertisements," but having nothing to do with electronic mail or this case.  It is precisely for the discovery of items of correspondence, such as the document above, that an extension of time to permit discovery to be concluded, is necessary.

Third, there appears to be still a *third* version of the 23 subpoenas that BSI has not produced.  BSI made the following representation to this Court in its filing at DE 351, Page 2:

> *WAUSA is miffed that Plaintiff included the following phrase in some of the subpoenas to non-parties:*
>
> *All DOCUMENTS RELATING TO any federal, state, or local government's investigation into the activities of any e-mail marketing firm including Scott Richter/OptInRealBig/Media Breakaway and the Ralsky Spam GangRALSKY SPAM GANG, including inquiries by the Attorney General offices of Florida, New York, and Texas, or by any branch of the Federal Government including the FBI, the Justice Department or the FTC.*

*See* DE 351, p. 2.

The quoted language is found nowhere in the text of WAUSA's 38-page Memorandum filed in support of the Motion to Dismiss, the 28 Exhibits to the Memorandum comprised of 516 pages, not in the 23 purportedly genuine subpoenas supplied by BSI to WAUSA, and not in the five secret subpoenas that WAUSA has discovered to date.  The quoted language is also not found in any of the text of or exhibits to the Opposition to the Motion to Dismiss filed by BSI. *See* DE 373.  Given its duty of candor, BSI surely would have retracted the representation at DE 351, Page 2, had it been untrue.  Thus, WAUSA can only conclude that a third version of the subpoenas exists has not yet been produced to this day.  More discovery is needed.

14

### B.     The Motion to Dismiss Is Not Collateral.

In the transcript of the hearing before the Court, BSI admitted that it had affixed a

signature to at least a dozen subpoenas that bore the printed date of "1/8/2010" to the right of that

signature even though the subpoenas were signed sometime between February 1st and February

8th, which is after WAUSA requested copies (*i.e.*, *it "back-dated" the subpoenas*)[4]:

> 5 MR. ROTHMAN: So, **when we went back on February 1st**
> 6 when the Defendants made a request for copies, we went back
> 7 and I wanted her to go ahead and scan in all of the originals
> 8 that we had including the Attachment A which were attached to
> 9 all of these 23 subpoenas.
> 10 It turns out that we had inadvertently sent 12 of
> 11 the original 23, sent the originals instead of the copies, so
> 12 I instructed her to go ahead and use our old files.
> 13 The ones that we had previously made before and
> 14 just get a blue ink copied **to be signed and sent out and**
> 15 **attached to the file but they were sent to the Defendants on**
> 16 **February 8th**.
> 17 But, what happened was that in opening the old file
> 18 it appears that they were stored in Adobe Acrobat Reader
> 19 which apparently is a PDR reader that Adobe offers to the
> 20 public in general that does not allow you to save information
> 21 to it, it only keeps a temporary copy of the last five years.
> 22 So, I didn't have an original electronic copy of
> 23 the original file sent out and it turns out that she wasn't
> 24 even able to open those files using Adobe Acrobat.
> 25 So, she had to go ahead and use another PDF reader
> 1 which is Preview and she opened that up and that is what
> 2 turned the check mark into a circle, that is why you see the
> 3 difference in the check mark versus the circle.
> 4 There were no other changes nor was there intended
> 5 to be any other changes. There is no changed intended, it
> 6 was just a blue ink copy.

---

[4] *See* MERRIAM-WEBSTER DICTIONARY ("to put a date earlier than the actual one on" (www.merriam-webster.com); THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE, (4th ed. 2000) ("To mark or supply with a date that is earlier than the actual date"); http://www.investorwords.com/6415/backdating.html ("Assigning a document an earlier date than when the document was actually created. This is often illegal.").

7 **THE COURT**: So, you are not telling me that you
8 **signed two different documents**?
9 MR. ROTHMAN: **That I signed two different —**
10 THE COURT: **You signed twice for the same document**?
11 MR. ROTHMAN: **I signed twice for the same document,**
12 **when I created it a second time yes I signed the exact signed**
13 **subpoena that I thought I was signing the first time**.

*See* Exhibit 2, Transcript of p. 16, lines 5-25; p. 17, lines 1-13 (emphasis added).

This is not collateral. A subpoena is a Court Order.[5] Court Orders are not "collateral." It is axiomatic that it is wrong to back-date a single Court document. It is beyond comprehension to back-date a dozen or more Court documents. *See* DE 323-15. The impropriety is exacerbated by the production on February 8th of those dozen or more back-dated Court documents to one's adversary as though they were the real Court documents and not to disclose the underlying problem. *See* DE 323-15. It is wrong to represent to the Court in a filing on February 23rd that Defendants received "copies of all the original signed subpoenas" when they were the back-dated subpoenas. *See* DE 167, p. 2, ¶ 7. The wrong is compounded by representing to the Court in a second filing on June 3rd that the February 8th subpoenas were the "previously served

---

[5] *See Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D. Md. 2001) ("Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court").

16

subpoenas" when they were the back-dated subpoenas.  *See* DE 212; DE 259.[6]  Further discovery is fitting.

### C.      BSI Misconduct Is Ongoing.

On August 9th, BSI issued fifteen (15) new non-party subpoenas (the "New Subpoenas") that again maliciously libeled WAUSA's business reputation by falsely stating that WAUSA is under criminal investigation by the United States Attorney's Office and the Federal Bureau of Investigation ("FBI"), and falsely implied that WAUSA conducts business with a criminal ring convicted under federal indictment known as the "Ralsky Defendants."   As mentioned above, WAUSA has filed a Motion to Quash the new Subpoenas on August 23rd at DE 400.   BSI attempts to excuse its August 9th issuance of the 15 non-party subpoenas by pointing to language in this Court's April 12th Order at DE 212 stating:  "Plaintiff is not prohibited from seeking the same material, but must do so in full compliance with the rules of procedure as suggested herein."  However, at the time that the Court entered the Order, BSI had not been candid with the Court that the subpoenas that were then before the Court were *not* the ones issued to the non-

---

[6] At DE 259, BSI stated:

> On February 8 … BSI produced copies of the ***previously served subpoenas*** to WAUSA counsel of record by email as well as a Notice of Response to Defendant WAUSA's Request for Copies filed not seven days earlier.  See Exhibit A-3 [Rothman 02/08/10 email to all WAUSA Counsel of Record sending copies of served subpoenas…].

*See* DE 259, June 3, 2010 Plaintiff's Memorandum of Law in Support of its Opposition to Defendant World Avenue USA, LLC's Motion to Enforce Order at DE 212 And For Sanctions, p. 3 (emphasis added).

parties.[7]   Having tricked the Court and the Defendant, BSI now heaps new harm upon the Defendant and uses an Order entered while it was tricking the Court as its excuse to inflict the new harm.  This behavior is outrageous.

> **D.      The DNS Made Easy d/b/a Tiggee Subpoena Has Nothing To Do With The Extension Of Time.**

Finally, although it has nothing to do with the matter at hand, BSI asks the Court to deny the Motion because "WAUSA dedicated considerable energy toward derailing a subpoena directed to non-party DNS Made Easy."  Opposition [DE 393], p. 1.  Although it is entirely irrelevant to whether an extension should be granted for the Reply, the truth is that after BSI filed ***seven (7) submissions in opposition*** (DE 166, 168, 169, 198, 202, 203, 204),[8] the Court

---

[7] Specifically, the Court was not aware of the true nature of the Subpoenas because BSI represented to the Court in an Opposition to WAUSA's Motion to Quash Eighty-Five (85) Unknown Subpoenas filed on February 23rd that:

> Defendant received **copies of all the original signed subpoenas before the original return date listed in the subpoenas**, as well as the documents received pursuant to those subpoenas.
>
> * * *
>
> On February 8th, BSI served a response to the Defendant's Request for Copies, which included **electronic copies of the twenty-two (22) Non-Party Subpoenas Duces Tecum**, along with any documents received pursuant to said subpoenas.

*See* DE 167, p. 2, ¶ 7 (emphasis added).

As we now know from BSI's admissions at the July 30, 2010 hearing, the subpoenas before the Court on which the April 12th Order was based were not the "copies of the original signed subpoenas", but were back-dated subpoenas signed between February 1 and February 8, some or all of which have a different attachment of documents to be produced.  *See* Exhibit 2, Transcript of July 30, 2010 hearing, 16, lines 5-25; p. 17, lines 1-13.

[8] WAUSA's "considerable energy" consisted of two filings -- a motion and a reply [DE 159, DE 185] -- which, as discussed above, the Court granted in part.

GRANTED in part WAUSA's Motion to Quash on April 16th.  DE 213  ("Defendant's Motion is hereby GRANTED IN PART").  In the Order, the Court made it clear that:  "Any effort by Plaintiff to go beyond the parameters of good faith discovery may run afoul of the principles of Fed. R. Civ. P. 11."  *See* DE 213, p. 2 (emphasis added).

After the Court granted the Motion to Quash [DE 213] in part, BSI moved for reconsideration, which WAUSA opposed and to which BSI replied [DE 217, 237, 258]. Subsequent to the briefing of BSI's motion for reconsideration, the Court confirmed the scope of its April 16th Order at DE 213 in a June 23rd Order that granted a motion to compel as to DNS Made Easy.  *See* DE 303 ("In large measure the issued raised in Plaintiff's Motion have been addressed under this Court's Order of April 16, 2010, resolving Defendant World Avenue USA, LLC's Motion to Quash Plaintiff BSI's Subpoena Issued To Non-Party DNSMADEEASY found at Docket Item No. 159.  For purposes of clarity, the Court herein reaffirms the rulings made in that matter").[9]  Thus, not only did WAUSA not go out its way to derail the DNS Made Easy Subpoena, but the DNS Made Easy Subpoena has absolutely nothing to do with whether this Court should extend the time for the Reply Brief on the Motion to Dismiss to permit discovery

---

[9] The June 23rd Order, entered after the full briefing on the Motion for Reconsideration, reconfirmed the scope of the April 16th Order granting in part WAUSA's Motion to Quash, and thereby resolved, at least implicitly, the Motion for Reconsideration of the April 16th Order.

19

unrelated to DNS Made Easy to proceed.[10]

### III.   Conclusion.

Far from short-circuiting the inquiry, the Court should shine sunlight, that "best of disinfectants"[11] upon BSI's conduct and permit further inquiry into its behavior.  This is best accomplished by permitting discovery to occur and allowing WAUSA to brief that discovery in its to-be-filed Reply Brief in support of its Motion to Dismiss.

Accordingly, WAUSA respectfully requests the entry of an Order granting an extension of time until ten (10) days after the receipt of the discovery responses and depositions, and for such other and further relief that this Court deems just and proper.

---

[10]   Unfortunately, it appears from an e-mail exchange between DNS Made Easy's Executive Vice President and BSI's counsel that BSI continues to engage in similar deception there too. Specifically, two Court Orders were entered on April 16 and June 23rd limiting a subpoena to DNS Made Easy to discovery of documents relating to 41 domain names, BSI privately met with DNS Made Easy's personnel, who are not represented by legal counsel, and according to an e-mail from DNS Made Easy's Executive Vice President (*see* attached Exhibit 6), tried to persuade DNS Made Easy that the Court's Orders were not limited in the manner set by the Court but rather, required DNS Made Easy to give BSI everything it wanted.

[11]   As Justice Louis D. Brandeis stated:

> Publicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman.

Louis D. Brandeis, Other People's Money-and How the Bankers Use It, p. 92 (1914).

Dated:  August 26, 2010.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

   /s John L. McManus
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

21