Law Offices
# STEPHEN H. RING, P.C.
506 MAIN STREET, SUITE 215
GAITHERSBURG, MARYLAND 20878
Telephone 301-563-9249
Facsimile 301-563-9639

Stephen H. Ring  
*Admitted in MD, DC*

Email: shr@ringlaw.us  
www.nvo.com/ringlaw

March 18, 2010

Magistrate Judge Charles B. Day  
United States District Court  
 for the District of Maryland  
Greenbelt Division  
6500 Cherrywood Lane  
Greenbelt, Maryland 20770

           Re:  **Beyond Systems, Inc. v. World Avenue USA, LLC, et al.**,  
                **Case No. 08 cv 00921 (PJM)(CBD)**

Dear Judge Day:

      I write as counsel for Plaintiff, Beyond Systems, Inc. ("BSI") in response to Mr. Saunders' letter at DE 407 seeking discovery of documents contained in the files of Plaintiff's counsel. More specifically, these are documents World Avenue's Counsel seeks under its Fifth Set of Document Requests ("Fifth Set"), and ostensibly now under the ESI Agreement.

      BSI objects to the relief sought by World Avenue and its counsel in the letter at DE 407 on the following grounds :

      1.     Defendant's counsel misstates the language of the ESI Agreement between the parties as a lever to pry into counsel's files. Defendant is not entitled to the documents it seeks under Section VIII of the ESI Agreement for a number of simple reasons :

           a.     Plaintiff's Counsel is not a "party" to the ESI Agreement;

           b.     The documents requested in Defendant' Fifth Set of Document Requests are not covered by any portion of Section II(c) [Scope of Discovery of Electronically Stored Information] of the ESI Agreement;

           c.     In its purported restatement of Section VII [sic] of the ESI Agreement, World Avenue erroneously quotes,"Any disputes over ESI may be submitted to the Court . . ." *See* DE 407, fn 1. The correct language is in Section VIII, which

Magistrate Judge Charles B. Day
September 8, 2010
Page 2

        states, *inter alia*, "Any disputes *over discovery of* ESI may be submitted to the Court . . ." As the documents World Avenue seeks in its Fifth Request are not the subject of the ESI Agreement, there is no "dispute" within the contemplation of. Section VIII.

    2.    Additionally, Defendant is not entitled to the documents it seeks in the Fifth Set because the Requests exceed the parties' agreed limit of 100 that may be issued by any one party. In fact, that limit was exceeded in the Fourth Set.

    3.    Additionally, Defendant seeks information that is protected by attorney-client privilege, containing confidential communications between attorney and client, opinions and impressions of counsel, and legal advice, and there is no applicable qualification or exception.

    4.    The Discovery sought by Defendant contains attorney work product, including the thoughts, opinions and impressions of counsel. Plaintiff has produced a privilege log, marked confidential, without waiving any objections.

    5.    Defendant's Fifth Set of Document Requests and the related "fraud" motion are primarily for distraction and harassment, are collateral in nature, detract from the core issues of the case, and by their frequency and length, unnecessarily compound the filings in this case. *See* DE 323, with consequent filings by both sides at DE 338, 373, 375, 392, 393, 395, 396, 397, 400, 404, 411 and more.

## The Gravamen of Defendant's Allegations

The Fifth Set of Document Requests is directed at materials in the files of Plaintiff's Counsel. Defendant additionally seeks to depose Plaintiff's co-counsel, Mr. Rothman, and his employee, Ms. Ornitz (See DE 395-5, -6, -7.) The purported justification for the onslaught directed at counsel is that subpoenas served on non-parties by plaintiff's counsel in January, 2010, contain a long *duces tecum* schedule that seeks, among other things, (to paraphrase) documents pertaining to any investigation by government agencies including the FBI. Indeed, the FBI did investigate, and the United States Attorney's Office did prosecute and obtain a conviction from at least one of Defendant's affiliate marketers for their unsolicited commercial email. *See, e.g.*, DE 351.

Defendant argues that the "FBI" reference did not appear in copies of the duces tecum schedule initially provided to Defendant's counsel, and that Defendant only became aware of the "offending requests" when copies of discovery materials with the accompanying subpoenas were produced by the non-parties. Plaintiff's counsel has explained that this discrepancy was inadvertent, and has previously acted to cure it. *See* DE 373. As noted by the Court's letter at DE 414, Defendant has not satisfied the meet and confer requirement as a precondition to the Court's possible consideration of this dispute.

BSI has properly and timely stated its objections and responses to the Defendant's Fifth Set.

Magistrate Judge Charles B. Day
September 8, 2010
Page 3

Defendant World Avenue USA, LLC has exceeded the agreed limit of 100 document requests that any one party may issue, as implicitly admitted in counsel's letter at DE 407, page 3, item "*Fourth.*" WAUSA does not deny its overage, but attempts to justify it by stating that Plaintiff's sets of 27 and 39 document requests include subparts that bring the number over 100. WAUSA did not previously raise this objection to BSI's document requests. In fact, WAUSA provided non-responses to most of plaintiff's document requests, prompting motions to compel that are now pending.[1] World Avenue should not be permitted to use the ESI agreement to litigate its Motion to Compel the Fifth Set. This is not the purpose of the ESI Agreement, and represents a gross expansion of the purpose of that Agreement between the parties.

WAUSA tortures the rationale applied in the Shaffer case to justify invocation of the "fraud/crime" exception to the attorney-client privilege, but understandably fails to cite any case that is close to the instant scenario on the facts. (there apparently are none.) Shaffer is instructive by setting a standard for candor by government counsel, and by its distance from the facts here.

In U.S. v. Shaffer Equip. Co., 796 F. Supp. 938 (S.D. W.Va. 1992); *aff'd in part, rev'd in part*, vacated and remanded, 11 F.3d 450 (4th Cir. 1993), Robert E. Caron, the EPA's On-Scene Coordinator, misrepresented his credentials in applying for his position at the EPA. Attorneys for both the EPA and Department of Justice were aware of those prior misrepresentations and a pending criminal investigation of Mr. Caron's alleged perjury, but they did not inform the court or opposing counsel of the prior misrepresentation, and filed a motion for summary judgment including affidavits by Caron and involving an administrative record in which Caron participated substantially. The defendants moved for dismissal of the case with prejudice and sanctions against several participating AUSA's, based on violation of the duty of candor as set forth in the local version of Model Rule 3.3. The trial court granted both motions, holding that lead counsel for the United States, their supervisors, and counsel for the EPA involved in preparing the case for trial, had all violated the duty of candor.

For a period in excess of four months, Counsel for the United States failed to inform the Court of a pending criminal investigation by the Office of the Inspector General regarding Caron's testimony in an unrelated 1988 criminal case. Moreover, Government lawyers also elected to file a motion for

---

[1] WAUSA provided meager responses to some of the requests, but repeatedly hid behind the objection: "WAUSA further objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Request to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys." Public records indicate that WAUSA is the successor by merger of Niutech, LLC, which was formed in 2002, and that the articles of merger clearly state that WAUSA assumed all of Niutech's liabilities. See DE 200-4. Plaintiff alleges that Niutech was active in the events that give rise to the claims asserted in this suit until it merged with WAUSA in 2006. The "Niutech-WAUSA" merger may be the Defendants' own "fraud on the court."

Magistrate Judge Charles B. Day
September 8, 2010
Page 4

summary judgment predicated on Mr. Caron's affidavit, without allusion to the substantial questions about his credibility raised by Justice's own client agency.  On appeal, the Fourth Circuit recognized the misconduct and remanded for the imposition of sanctions short of dismissal, indicating that trial courts must exercise inherent powers with great restraint due to the absence of statutory or other articulated limits.  With this background, the court recognized a crime/fraud exception to attorney-client privilege and work product protection.

     The differences between <u>Shaffer</u> and the instant case are plain:  In <u>Shaffer</u>, the Fourth Circuit noted gross misconduct by government attorneys and ongoing, knowing concealment of material facts from the court.  Moreover, the credentials of the government expert were material to the underlying issues in the case.  Here, there are none of these aggravating factors.  Indeed, Plaintiff's counsel has endeavored to rectify the situation since the discrepancy was first brought to the attention of Plaintiff's counsel.  There has been no showing of facts that create the extreme and rare circumstance of the crime-fraud exception.  WAUSA's own representations indicate that it in fact received copies of the duces tecum schedules served on the non-parties, although belatedly.

     For all the above reasons, Defendant's Request for a hearing at DE 407 is unnecessary.  The ESI Agreement does not pertain to the subject matter and documents sought by Defendant.  The Fifth Set exceeds the agreed limit of 100 document requests.  And Defendant has not demonstrated any reason for the Court to schedule a hearing on the ESI question.

                                             Sincerely,

                                                /s/

                                           Stephen H. Ring


cc:    All counsel of record via ECF and via email.