# GT GreenbergTraurig

Sanford M. Saunders, Jr.
Tel. 202.331.3130
Fax 202.331.3101
saunderss@gtlaw.com

September 9, 2010

**VIA CM/ECF**

Magistrate Judge Charles B. Day
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re:  *Beyond Systems, Inc. v. World Avenue USA, LLC, et al.*
             Case No. PJM 08 cv 0921

Magistrate Judge Day:

On behalf of Defendant World Avenue USA, LLC ("WAUSA"), this letter responds to Plaintiff Beyond Systems, Inc.'s ("BSI") letter to the Court filed on September 8th at DE 415 in response to WAUSA's letter filed on September 3rd at DE 407 regarding a dispute over discovery of Electronically Stored Information ("ESI") requested in WAUSA's Fifth Request for Production of Documents.

WAUSA's September 3rd letter related to the fact that BSI was withholding ESI discovery requested in WAUSA's Fifth Request for Production. WAUSA's letter invoked the expedited procedure for ESI disputes in the parties' Agreement Regarding the Discovery of Electronically Stored Information ("ESI Agreement") adopted by this Court at DE 113-114 & 118. BSI's letter dedicates itself to *avoiding* discussing the ESI discovery issues, and instead focusing on a series of irrelevant and misleading arguments.

First, BSI claims that: "Defendant has not satisfied the meet and confer requirement as a precondition to the Court's possible consideration of this dispute." *See* 9/8/10 Letter, DE 415, p. 2. To be charitable, BSI has misremembered part of a detailed conference call. As set forth in the attached Declaration, BSI's response to World Avenue's Fifth Set of Document Request was included on a preliminary written agenda, addressed by counsel, and memorialized in subsequent emails. *See* attached Exhibit 1, Declaration of Sanford M. Saunders, Jr. Accordingly, the matter is ripe for review by the Court.

Second, BSI asserts that "Plaintiff's Counsel is not a 'party' to the ESI Agreement" and that "Defendant's counsel misstates the language of the ESI Agreement between the parties as a lever to pry into counsel's files." *See* 9/8/10 Letter, DE 415, p. 1. BSI does not identify which language is misstated or explain what it means.

If the point is that BSI can shield documents from discovery if they happen to be in the hands of counsel, BSI is incorrect. The ESI Agreement -- principally sought and

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN**
BOSTON
BRUSSELS**
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO**
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS
ZURICH**

*OPERATES AS GREENBERG TRAURIG MAHER LLP
**STRATEGIC ALLIANCE

drafted by BSI -- defines "BSI" as "Beyond Systems, Inc., and its *attorneys*, employees, agents, and representatives, and all persons acting at its direction or on its behalf." *See* ESI Agreement filed at DE 114-2, p. 3, § I.K, attached as Exhibit 2 (emphasis added). This Definition is consistent with the Court's ruling in an Order issued on June 2, 2010 that required WAUSA -- at BSI's urging -- "to provide responsive information in the hands of its officers, directors, employees, agents, representatives *and attorneys*. See Appendix D, Standard Interrogatories, Local Rules of the United States District Court for the District of Maryland." *See* June 2, 2010 Order, attached as Exhibit 3 (emphasis supplied).[1]

Third, BSI incorrectly claims that the "documents requested in Defendant's Fifth Set of Document Requests are not covered by any portion of Section II(c) [Scope of Discovery of Electronically Stored Information] of the ESI Agreement." *See* 9/8/10 Letter, DE 415, p. 1.

BSI's argument misconstrues the ESI Agreement to limit it to a narrow subset of ESI that the parties agreed to voluntarily exchange in lieu of Fed. R. Civ. P. 26(a)(1) Initial Disclosures. BSI begins the argument by misquoting the title of Section II(c). Section II(c) of the ESI Agreement is titled "Timeframe," not "Scope of Discovery of Electronically Stored Information" as BSI incorrectly represents. *See* Exhibit 2, p. 6. The latter title applies to *all* of Section II from pages 4 through 8 of the ESI Agreement. Section II(C), titled "Timeframe," sets forth lists of ESI that the parties agreed to voluntarily produce in lieu of Fed. R. Civ. P. 26(a)(1) disclosures. *See* Exhibit 2, p. 6 ("Pursuant to the Scheduling Order, this is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made. However, the parties have agreed that the following records and information will be produced within 30 days of ratification by the parties of this ESI Agreement . . .").

However, Section II(C) ["Timeframe"] does not limit discoverable ESI to those topics that the parties voluntarily exchanged in that subsection. Instead, ESI is much more broadly defined on Page 1 of the ESI Agreement as "electronically stored information" and covers all discovery requests. *See, e.g.*, Section III(A)(1) ("The parties will produce the information in Native format with all meta data intact, (including System Meta-Data, Substantive Meta-Data, and Embedded Meta-Data) whenever the documents exist in that format."). For this reason, the ESI Agreement speaks of ongoing obligations, and not simply obligations that end 30 days after the ESI Agreement is signed (when the voluntary disclosures were to be made).

Fourth, BSI asserts that in WAUSA's "purported restatement of Section VII [sic] of the ESI Agreement, World Avenue erroneously quotes, "Any disputes over ESI may be submitted to the Court . . ." *See* DE 407, fn. 1. The correct language is in Section is in Section VIII, which states, *inter alia*, "Any disputes over discovery of ESI may be submitted to the Court. . ."

---

[1] The underlying premise of BSI's objection is also wrong as the ESI is not exclusively in the hands in BSI's counsel. WAUSA detailed the facts at length in its filings at DE 410, pp. 4-7, and 413-1, pp. 4-7, how much of the ESI is in BSI's own hands.

We regret the typographical error.[2] Both parties are quoting the exact same language of the ESI Agreement, so it is unclear what the point is. BSI then goes on to state that "As the documents World Avenue seeks in its Fifth Request are not the subject of the ESI Agreement, there is no "'dispute' within the contemplation of Section VIII." *See* DE 415, p. 2. This appears to be a rehash of BSI's argument that "attorneys" are not covered by the ESI Agreement that BSI itself drafted to include "attorneys," as well as its misplaced contention that the ESI Agreement is limited to the voluntary productions that the parties agreed to make in lieu of Rule 26(a)(1) disclosures -- both of which are addressed above.

Fifth, BSI states that WAUSA seeks information that is protected by the attorney-client privilege and work product doctrine. *See* 9/8/10 Letter, DE 415, p. 2. This assertion is simply a repetition of BSI's objections that led to WAUSA's letter in the first place. BSI underscores the reason for a hearing because it does not address at all WAUSA's arguments that the ESI it seeks is not privileged and that BSI stipulated in the ESI Agreement that such System Meta-Data "is less likely to involve issues of work product and/or privilege." *See* Exhibit 2, p. 8, § III.A.1.

Sixth, BSI contends that "Defendant is not entitled to the documents that it seeks in the Fifth Set because the Requests exceed the parties' agreed limit of 100 that may be issued by any one party. In fact, that limit was exceeded in the Fourth Set." *See* DE 415, p. 2. BSI failed to be candid with the Court in its Objections to the Fifth Request by mentioning that BSI itself propounded 214 discovery request and exceeded the 100 discovery request limit almost a full year prior to the service of WAUSA's Fifth Request for Production. BSI says this is irrelevant because "WAUSA did not previously raise this *objection.*" *See* DE 415, p. 3.

WAUSA disagrees with BSI's manner of counting the requests because, as previously explained to BSI's counsel, merely placing a letter in front of a request such as date or time for purposes of organization does not mean it is counted as a separate request. But more substantively, what BSI is saying should be held self-refuting. It does not contest that it exceeded the limit it refers to by more than double. Nor does it contest it exceeded it more than a year ago It simply argues that no matter what it did, the agreement is only binding for the other side. And it makes this argument in a situation where WAUSA had to issue the discovery, which consisted of just eleven categories, due to misconduct committed by BSI. Adding insult to injury, BSI now seeks to trivialize that misconduct while resisting any further inquiry into it

Seventh, BSI accomplishes that trivialization by contending that the Fifth Request for Production is "primarily for distraction and harassment, [c]ollateral in nature, and detract[s] from the core issues of the case." *See* 9/8/10 Letter, DE 415, p. 2. The Court has scheduled WAUSA's Motion to Dismiss for Fraud On The Court as part of a three-hour hearing on November 29, 2010. Because it relates to the Motion to Dismiss, the Court's

---

[2] The contrast is striking between BSI's treatment of the significance of a typographical error versus its accusation that WAUSA makes too much out of BSI's admitted intentional misrepresentation about the authenticity of Subpoenas.

action in setting the hearing makes the Fifth Request for Production at the "core issues of the case."

Eighth, BSI does not address the ESI issues in WAUSA's Fifth Request for Production. Instead, BSI re-argues the application of the Fourth Circuit decision in *U.S. v. Shaffer Equip. Co.*, 11 F.3d 450 (4th Cir. 1993). *Shaffer* is significant because it sets forth the six criteria to be considered in exercising the inherent power to dismiss a case for fraud on the Court. *Id.* at 462-63. WAUSA used *Shaffer* to show that its ESI discovery requests are relevant to the six criteria, and are therefore relevant discovery. For example, *Shaffer* requires an assessment of "the degree of the wrongdoer's culpability" and "the extent of the client's blameworthiness." *Id.* BSI asserts it had no hand in the misconduct. The ESI discovery requests go to the unexplained footers (such as "Doc. # NY-20712 v. 4) and other forensic artifacts in the Subpoenas. BSI has tried to make an explanation for the genesis of the first two pages of 12 of the 22 Subpoenas at issue, but offers no explanation for the attachments to the 22 Subpoenas, which are one of the most important part of the documents. By refusing both depositions and discovery, BSI is attempting to avoid ever having to give a full explanation at of what it did.. Suffice to say BSI's analysis of *Shaffer* is a misdirected attempt to prejudge the result of the November 29th hearing and part of its trip, stumble and delay discovery tactics designed to ensure the hearing occurs without the Court having before it the full particulars of exactly what happened. Clearly, BSI does not quarrel that the ESI is relevant to the *Shaffer* factors; instead, BSI just contends that it should prevail on the ultimate issue under *Shaffer* -- which is an issue for another day.

Ninth, while BSI notes it provided a privilege log, but the log is clearly defective. For example, it fails to mention that for no apparent reason it cut the log off on January 12, 2010, which is 3 weeks before the backdated Subpoenas were prepared and presented to WAUSA as if they were the actual Subpoenas.

Finally, BSI contends that "WAUSA's own representations indicate that it in fact received copies of the duces tecum schedules served on the non-parties, although belatedly." *See* 9/8/10 Letter, DE 415, p. 4. BSI does not identify what "representations" it is referring to, but WAUSA's letter was abundantly clear that BSI did not produce the duces tecum schedules served on the non-parties and that BSI affirmatively misrepresented the status of its production at a hearing before this Court on July 30, 2010. Indeed, to this day WAUSA does not have copies of all the Subpoenas and the documents they generated, and this is one of the things sought in the Fifth Request. One of BSI's recent filings even quotes from a version of these Subpoenas WAUSA has never seen before [DE 351, p. 2]. Characteristically, when WAUSA pointed that out, BSI dropped an iron curtain on further discussion of the topic, never mentioning it again. To once again be charitable, telling the Court that WAUSA now has copies of all the Subpoenas is simply untrue.

The parties expressly agreed to an expedited hearing procedure for exactly this type of discovery under the ESI Agreement. BSI should not be permitted to renege on that Agreement by making arguments sidestepping the core issues, or by misportraying demonstrable facts like whether a meet and confer occurred or whether WAUSA already has the discovery it seeks. WAUSA does not have that discovery. Accordingly, WAUSA

requests a conference call with the Court to address the disputes over discovery of ESI in the letters.

                Respectfully Submitted,

                /s Sanford M. Saunders, Jr.

                Sanford M. Saunders, Jr.

Enclosures