UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

September 9, 2010

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esq.
Stephen H. Ring, PC
506 Main Street, Suite 215
Gaithersburg, MD 20878

Michael Stephen Rothman, Esq.
Law Office of Michael S. Rothman
401 East Jefferson Street, Suite 201
Rockville, MD 20850

Sanford M. Saunders, Jr, Esq.
Nicoleta Burlacu, Esq
Greenberg Traurig, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037

John L. McManus, Esq.
Kenneth A. Horky, Esq.
Greenberg Traurig, PA
401 East Las Olas Blvd, Suite 2000
Fort Lauderdale, FL 33301

Re:  Beyond Systems, Inc. v. World Avenue USA, LLC, et al.
     Civil Action No.: PJM-08-921

Dear Counsel:

The Court has received Plaintiff's Motion for Reconsideration and Clarification ("Plaintiff's Motion") (ECF No. 217). The Court has reviewed Plaintiff's Motion and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons stated below, Plaintiff's Motion is GRANTED IN PART.

**I.      Parties' Arguments**

In the Court Order, granting in part, Defendant, World Avenue USA, LLC's Motion to Quash Plaintiff, BSI's Subpoena Issued to Non-Party DNS Made Easy, this Court restricted the scope of discovery to "those emails sent by Defendant from July 20, 2004 to present, limited to those entities identified in the Amended Complaint." Plaintiff moves for clarification and reconsideration arguing that there is the potential for misinterpretation of the Order and that new information that was not available to Plaintiff now requires a modification.

The Court's Letter Order of April 16, 2010 (the "Court Order") defined the scope of discovery of the subpoena as "emails sent by the Defendant." Plaintiff reasons that this implies that Defendant must have directly caused the emails to be sent. Plaintiff argues that this is not required by statute, or consistent with the language used in the Amended Complaint. Plaintiff also asserts that "new information" supports the need for discovery of beyond the approximately 41 domain names. Defendant argues that the "new information" was available at the time of the

*Beyond Systems, Inc. v. World Avenue USA, LLC*
*Page 2 of 4*
*September 9, 2010*

Court Order. In addition, Defendant claims that Plaintiff's Motion is essentially the same argument that the Court previously heard and rejected.

**II.     Plaintiff has not Satisfied its Burden and Met the Standard for a Motion for Reconsideration of an Interlocutory Order**

The Court Order is an interlocutory order. While not specifically provided for in the Federal Rules of Civil Procedure, motions for reconsideration of an interlocutory order are not unusual in federal practice. Above the Belt, Inc. v. Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Reconsideration of an interlocutory order is within the plenary powers of the Court and can be made "as justice requires." 7 James Wm. Moore et al., Moore's Federal Practice ¶ 60.20 (2d ed. 1966). Federal Rule of Civil Procedure 7 permits a party broad relief including a request that the Court reconsider an order it previously issued. Fed. R. Civ. P. 7; Potter v. Potter, 199 F.R.D. 550, 552 (D. Md. 2001). The Local Rules also provide for similar relief. Local Rule 105.10 (D. Md.).

In the District of Maryland, reconsideration is appropriate only if it satisfies one of three grounds: (1) a change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. Potter, 199 F.R.D. at 552 n.1; see also Jackson v. Geren, 2008 WL 7728653, at *1 (D. Md. 2008).[1] This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an interlocutory order. Am. Canoe Assn. Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003). Plaintiff has not met its burden under the Fourth Circuit's test.

First, Plaintiff does not point the Court to any intervening changes in the controlling law. See Shields v. Shelter, 120 F.R.D. 123, 126 (D. Colo. 1988); see also Above the Belt, Inc. 99 F.R.D. at 101.

Second, Plaintiff attempts to present the 3,000 documents it pursued from the Florida Attorney General's Office ("FL AG") as "newly discovered evidence." Plaintiff argues that "the documents from the [FL AG] … were not in fact available for use in the preparation of the opposition to [Defendant's] motion to quash having arrived after that filing." This statement ignores that the test is not "newly acquired evidence available for use" but rather, new evidence that "could not have been discovered through the exercise of due diligence before the motion was filed." Potter, 199 F.R.D. at 553.

---

[1] This three-part test is analogous to three grounds that the Fourth Circuit recognized for amending a judgment under Rule 59(e). The three grounds for Rule 59(e) are: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997)); see also Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005).

*Beyond Systems, Inc. v. World Avenue USA, LLC*
*Page 3 of 4*
*September 9, 2010*

   In Pacific, the Fourth Circuit reasoned that the district court did not abuse its discretion by reversing its previous entry of judgment when a party wanted to introduce new evidence. 148 F.3d at 404. A party may not rely on new evidence to amend a previous judgment unless there is a valid reason the party did not present the evidence earlier. Id. Similar to Pacific, Plaintiff does not establish "a 'legitimate justification for not presenting' the evidence during the earlier proceeding." Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In Plaintiff's Complaint, filed on April, 11, 2008, Plaintiff refers to a suit filed by the FL AG against Defendant in 2007. Plaintiff provides no explanation for why it just recently pursued evidence it was aware of at the time it filed this action over two years ago.

   Plaintiff presents, neither new evidence that was previously unavailable, nor an acceptable excuse for not pursuing the FL AG documents at an earlier time. Quite simply, Plaintiff wants this Court to make its determination that the documents are "newly-acquired evidence" based on the date Plaintiff received them rather than the date closer in time to the exercise of due diligence. Therefore, Plaintiff's Motion fails on this ground.

   Third, Plaintiff claims a reconsideration is justified because there is a "need to correct clear error or prevent manifest injustice," Potter, 199 F.R.D. at 552. In addition to the documents from the FL AG, Plaintiff points to the "Declaration of Paul Wagner (March, 2010)" and "Denials of concealment by Defendant, in Answer to Amended Complaint." Plaintiff argues that "deception creates the need" for information beyond the original 41 domain names. This essentially is the same argument Plaintiff made previously. Commentators agree: "permitting a motion for reconsideration for only limited grounds protects both the courts and the parties against the burden of repeat arguments by unyielding advocates." 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §4478 (2d ed. 1981). Plaintiff's Motion serves "no function at all, other than reiteration." Above the Belt, Inc. 99 F.R.D. at 101. Thus, Plaintiff's Motion fails on this ground as well.

   On the issue of terminology, Plaintiff claims that the Court Order "appears to equate the terms, 'received from WORLD AVENUE' (used by Plaintiff) with the phrase, 'sent by Defendant' (used in the order)." The Maryland statute states that "[a] person may not initiate the transmission, conspire with another person to initiate the transmission, or assist in the transmission of commercial electronic mail …." MD. Code Ann., Commercial Law § 14-3001 et seq. (West 2010). The Florida statute states that a person may not: "[i]nitiate or assist in the transmission of an unsolicited commercial electronic mail message from a computer located in this state …." Fla. Stat. § 668.60 et seq. (West 2010). To the extent that there is any confusion, emails sent by Defendant include any emails that the Defendant initiated in the transmission of, conspired with another to initiate the transmission of, or assisted in the transmission of.

*Beyond Systems, Inc. v. World Avenue USA, LLC*
*Page 4 of 4*
*September 9, 2010*

### III.   CONCLUSION

      Plaintiff fails to establish any of the three grounds accepted by the District of Maryland as justifications for reconsideration of an interlocutory order.  For the foregoing rationale, the Court GRANTS IN PART Plaintiff's Motion.  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

      Very truly yours,

_____/s/_____
Charles B. Day
United States Magistrate Judge

CBD/sm