IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.           )
                               )
    Plaintiff                  )
  v.                           )     Case No.PJM 08 cv 0921
                               )
WORLD AVENUE USA, LLC, et al.  )
    Defendants                 )
_____)

### DEFENDANT, WORLD AVENUE USA, LLC'S AMENDED LOCAL RULE 104(7) CERTIFICATE

Pursuant to the Court's Order issued on September 7, DE 414, Defendant, WORLD AVENUE USA, LLC ("WAUSA") hereby submits its fully compliant Local Rule 104(7) Certificate concerning its Motion to enforce this Court's Order at Docket Entry 212 and for an award of sanctions and states that it made good faith efforts on multiple occasions both before and after the filing of the motion to work out the subject matter of the motion.

Specifically, on April 15, WAUSA sent a letter to Plaintiff BEYOND SYSTEMS, INC. ("BSI") memorializing the Court Order at DE 212 and reminding BSI that WAUSA expected that BSI's compliance would be forthcoming. A copy of the letter is attached to the Motion as Exhibit "B."

Later, on April 29, WAUSA requested compliance with the Court Order, and warned that it would be filing a motion during the first week of May 2010. A true and correct copy is attached to the Motion as Exhibit "C." In lieu of filing a Motion during the first week of May

1

2010, WAUSA allowed still further time for compliance by BSI with the Court's Order at DE 212.

When more time passed without compliance, WAUSA then sent a third communication on May 13, 2010 asking for BSI to account for its non-compliance with the Order. *See* Exhibit D attached to the Motion.

When BSI's response to the May 13th communication again did not contain the requested information in compliance with the Order, WAUSA again granted still more time to comply until the morning of Monday, May 17, 2010. The response did not contain "the status of production for each non-party, and a summary of any discussions held regarding the efforts to obtain the requested materials subsequent to the service or attempted service of each subpoena." The response further did not contain "complete copies of materials received in response to any subpoenas issued." The response also did not contain "[f]or any non-party who has not responded to Plaintiff's subpoena, Plaintiff shall immediately notify said non-party that the Court has quashed the subpoena and that they should not produce the requested material."

Telephone conferences concerning discovery and other case-related issues were held on May 17th, May 19th, May 20th and 21st. On the telephone on May 17th was Sanford M. Saunders, Jr. on behalf of WAUSA, and Stephen H. Ring on behalf of BSI. On the telephone on May 19th was Sanford M. Saunders, Jr., and Nicoleta Burlacu on behalf of WAUSA and Stephen H. Ring on behalf of BSI. Following the May 19th telephone conference, BSI's counsel sent an e-mail

Case 8:08-cv-00921-PJM   Document 420   Filed 09/12/10   Page 3 of 4


purporting to summarize part of the call and acknowledged that there were "motions to compel in both directions." On the telephone on May 20th was Sanford M. Saunders, Jr. on behalf of WAUSA and Stephen H. Ring on behalf of BSI; this was a brief call. A further telephone conference call was held on Friday, May 21st between Sanford M. Saunders, Jr. and Stephen H. Ring to discuss case-related issues. On either May 19th or May 21st, or both, the topic of BSI's failure to produce documents and disclose of information in compliance with the Order at DE 212 was specifically raised. Counsel for BSI indicated that co-counsel, Michael S. Rothman, was working on the matter, but the issue was not resolved on the telephone call.

Not until May 22nd at 12:51 a.m. and 1:08 a.m. did BSI provide any semblance of attempting to comply with the Order entered at DE 212. Once that production was made on May 22nd, counsel for WAUSA promptly responded on Monday, May 24th, that the production was insufficient and raised some of the reasons why it was insufficient. The production remains incomplete to this day.

Therefore, WAUSA met the requirements of Local Rule 104.7 as counsel conferred by telephone, but an agreement could not be reached. WAUSA should not have had to raise this matter before the Court, but BSI has ignored attempts to resolve the situation on multiple occasions.

FTL 107850138v1 September 12, 2010

Dated:  September 12, 2010.

        Respectfully submitted,

        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        __/s Sanford M. Saunders, Jr._____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477