## IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC.      )
                                 )
      Plaintiff             )
      v.                    )          Case No.PJM 08 cv 0921
                                 )
WORLD AVENUE USA, LLC, et al. )
      Defendants        )
_____ )

## DEFENDANT, WORLD AVENUE USA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO SEEK LEAVE TO FILE SURREPLY

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), by its undersigned counsel, hereby files its Opposition to Plaintiff, BEYOND SYSTEMS, INC.'s ("BSI") Motion to Seek Leave to File Surreply to WAUSA's Reply Memorandum in Support of Its Motion for Partial Summary Judgment ("Motion for Partial Summary Judgment"). DE 408. Plaintiff's Motion should be denied on the grounds that it fails to meet the standard for filing a Surreply.

Specifically, WAUSA did not introduce any new facts in its Reply Memorandum in support of its Motion for Partial Summary Judgment ("Reply") and Plaintiff's Surreply constitutes a rehash of the theories set forth in its Opposition to Motion for Partial Summary Judgment ("Opposition"). Contrary to its contention, Plaintiff does not address in the proposed Surreply matters presented for the first time in WAUSA's Reply. Rather, the proposed Surreply is an excuse to introduce supposedly relevant, but not previously disclosed, customer information and a second Paul Wagner Declaration purportedly responding to the Rebuttal Declaration of Dr. Krawetz. In the Declaration, Mr. Wagner simply re-addresses issues already dealt with

in (i) the Motion for Partial Summary Judgment; (ii) the Opposition; (iii) his first Declaration; and (iv) the Krawetz Declaration appended to the Motion for Partial Summary Judgment.

## I. **FACTUAL BACKGROUND**

On June 11, 2010, WAUSA filed its Motion for Partial Summary Judgment on the grounds plaintiff is not a Maryland internet service provider. DE 266-267. On July 16, 2010, BSI filed its Memorandum in Opposition thereto, and on August 20, 2010, WAUSA filed its Reply Memorandum in Support of its Motion for Partial Summary Judgment. DE 343 and 397. BSI argues that the "Reply raises issues and facts that were not raised in the Motion and could not have been fairly anticipated in BSI's Opposition (DE 343), [sic] and mischaracterizes information in the opposition to the extent that correction is required." Surreply at p. 1. [DE 408-1].

## II. **ARGUMENT**

### A. **Legal Standard**

Local Rule 105(2)(a) provides that unless otherwise ordered by the Court, Surreply memoranda are not permitted to be filed. The Court may permit surreply when the moving party would be unable to contest matters presented to the Court for the first time in the opposing party's reply. *Barrera v. Getty*, Case No. PJM 08-3347, 2009 WL 2499381, at *1 (D. Md. Aug. 13, 2009) (Messitte, J.) (granting motion to file surreply to address *new* evidence in support of the Motion that was not originally filed with the Motion); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003); *United States ex. rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002).

However, a motion for surreply should be denied if there are no new issues or legal theories raised in the reply brief. *Tech USA, Inc. v. Evans*, 592 F. Supp. 2d 82, 861 (D. Md. 2009) (denying motion for leave to file surreply on the grounds that the purported new allegations of fraud were essentially a regurgitation of the previously raised duress claim). When the moving party has not introduced *new* material in its reply in support of its motion, but only made legal arguments based on materials that are already submitted into evidence, a surreply is not warranted. *Susko, LLC v. Cox Enterprises, Inc.*, 2008 WL 4279671 at *1 (Sept. 16, 2008, N.D.W. Va.). For example, in *Interphase Garment Solutions, LLC v. Fox Television Stations, Inc.*, the court denied a motion for seek leave to file a surreply on the grounds that defendants did not raise any new issues of legal theories in their reply that plaintiffs sought to rebut in their surreply, and plaintiffs simply sought to re-open briefing on matters raised in the motion. 566 F. Supp. 2d 460, 475 (D. Md. 2008).

**B.   BSI's Motion Fails to Meet The Standard for Leave To File A Surreply and Constitutes Merely A Second Bite at the Apple**

BSI argues that the Reply "raises issues and facts that were not raised in the Motion and could not have been fairly anticipated in BSI's Opposition." Surreply at p. 1. Further, BSI alleges that its use in the Opposition of the evidence that it failed to disclose in discovery was not improper and the Court should not exclude that evidence. *Id.* Despite the applicable legal standard, Plaintiff fails to identify the new facts or issues introduced by the Opposition or Dr. Krawetz's Declaration. *Id.* at 2. It cannot do so, because WAUSA did not introduce any new facts or legal theories in its Reply. BSI merely attempts to re-open briefing on matters raised in the Motion for Partial

3

Summary Judgment.  Because there are no new facts or issues in WAUSA's Reply Memorandum that necessitate the filing of the Surreply, BSI's Motion should be denied. *Cf. Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998); *Bell v. United States*, 521 F. Supp. 2d 456, 461 (D. Md. 2007) (denying leave to file surreply on the grounds that respondents' reply raises no new matters that warrant a surreply).

BSI's use of the information that it did not previously disclose is not a *new* fact or issue introduced by WAUSA for the first time in its Reply.  Nor can it bootstrap a Surreply based on WAUSA's request to exclude such evidence an issue that could have not been reasonably anticipated by BSI.  After all, it was BSI which, after refusing to provide this information in discovery, introduced this information *for the first time* in its Opposition.  BSI could have reasonably anticipated that WAUSA would request to exclude it pursuant to Rule 37 of the Federal Rules of Civil Procedure.  Similarly, the Rebuttal Declaration of Dr. Krawetz did not introduce any new facts and simply rebutted the information used by BSI in its Opposition or commented on the facts and evidence that were submitted with the Motion for Partial Summary Judgment.

In support of its Surreply, BSI filed an additional Declaration of Paul Wagner that constitutes his twelfth Declaration in this case and 47th Declaration in the history of BSI and Hypertouch, Inc. litigations.  Paul Wagner's Declaration does not address any issues that could have not been addressed in BSI's Opposition and constitutes an improper attempt on behalf of BSI and its President to have the last word before the oral argument.  BSI and Paul Wagner had the opportunity in the Opposition to support his first Declaration with the arguments and facts it now seek to introduce on the record.  The Surreply would not provide BSI with its *first chance* to address any of the

4

issues.  *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (denying

motion for leave to file surreply on the grounds, *inter alia*, plaintiff had already had

ample opportunity to contest defendants' challenge).  The Court should not tolerate

such a conduct and should deny BSI leave to file the Surreply and strike Paul Wagner's

Declaration.

### C. BSI's Newly Introduced Evidence Should  Be Excluded

WAUSA argued in its Reply that BSI's disclosure of evidence for the first time

in support of its Opposition is untimely and should be excluded.[1]  Reply at pp. 21-24.

Specifically, in support of its Opposition, BSI submitted the Declarations of Paul

Wagner [DE 344-3] and James Joseph Wagner [DE 344-14], which attest to a wide

variety of issues on which BSI did not provide promised discovery, objected to

discovery, or both.  Reply at p. 22.  BSI has forced WAUSA to file motions to compel

BSI to provide discovery on WAUSA's First Set of Interrogatories [DE 209], its Third

Set of Interrogatories [DE 276, 277, 278, 279, 280, 321, 347, 348], its First Request for

Production [DE 207, 208], its Third Request for Production [DE 297, 298, 299, 300,

301], its Fourth Request for Production [DE 271, 272, 273, 274, 275, 322, 341, 388],

---

[1] Although this information does not create a factual dispute, it nonetheless should be excluded because BSI failed to properly disclose it during discovery.  It is undisputed that WAUSA requested this information from BSI on multiple occasions.  For example, Request 10 of the First Request for Production of Documents asks for "all documents reflecting the identity of all email accounts, the identity of the real Person or Persons the email account is assigned to, and the configuration (what types of accounts, e.g. forwarding, POP3, IMAP, forward, mirror, Autoresponder, catch-all, etc and any Communigate/SIMS RULES assigned) of all email accounts that received the EMAILS AT ISSUE and all email accounts that have ever existed and exist now that are owned, controlled, or provided by BSI." *See* Composite Exhibit 4.  BSI failed to produce any responsive information hiding behind a laundry list of general objections.  Nonetheless, in the Wagner Declaration, Mr. Wagner stated that by agreement between BSI and Yahoo!, "paulawagner@yahoo.com belongs to BSI at this time." *See* P. Wagner Decl., ¶25.

and its First Request for Production to Third Party Defendants [DE 230, 231, 263, 265, 310, 332].  Notwithstanding BSI's standing on its objections and requiring all of these matters to be briefed before the Court, BSI seeks to introduce through the two Wagner Declarations the evidence that it previously withheld in response to WAUSA's interrogatories and document requests.  Reply at p. 22.  WAUSA moved to exclude this information from the Court's consideration on the summary judgment issue because BSI's failure to previously supplement its discovery responses and provide WAUSA with copies of this information was not substantially justified nor was it harmless. Reply at p. 24.

To justify filing of the Surreply, BSI argues that its previous failure to disclose this information was proper because "the time frame and subject matters applicable to the responses were limited in part by rulings", but it fails to point out which ruling. Surreply at p. 1.  Further, BSI argues that the Motion raises points outside those limitations that were properly and timely addressed in the Opposition, but BSI's argument misses the point -- BSI failed to disclose this information and instead hid behind boilerplate objections, including objections that providing such information was overly burdensome, and turned around and used this evidence in the Opposition.  *Id.* BSI cannot have it both ways.

Moreover, BSI's argument that "ongoing disputes over those responses and objections are subject of pending motions to compel" does not justify BSI's duplicitous actions.  *Id.*  BSI's argument that discovery "has involved several installments by way of supplementation" is irrelevant since none of the installments or supplementation included the newly introduced evidence.  *Id.*  Finally, BSI's assertion that "the

6

documents sought in discovery are voluminous and require considerable labor and time to assemble and organize for production, even in electronic formats" is misplaced since BSI is the Plaintiff in this multimillion dollar suit and it was not burdensome for BSI to assemble and organize this evidence when it sought to use it in the Opposition. *Id.* Thus, BSI's list of excuses as to why it did not timely disclose the alleged facts in discovery before the filing of its Opposition are inapplicable and, in fact, support WAUSA's argument that the evidence should be excluded.

### III.  <u>CONCLUSION</u>

For the reasons stated above, WORLD AVENUE USA, LLC respectfully requests the Court deny Plaintiff's Motion to Seek Leave to File Surreply, and for such other and further relief that this Court deems just and proper.

Dated:  September 20, 2010.

Respectfully submitted,
*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

___/s/_____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101
--and--
Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com

7

John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477