UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>CHARLES B. DAY<br>UNITED STATES MAGISTRATE JUDGE | U.S. COURTHOUSE<br>6500 CHERRYWOOD LANE<br>GREENBELT, MARYLAND 20770<br>(301) 344-0393<br>FAX (301) 344-0394 |

October 7, 2010

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg Traurig
2101 L Street, NW, Suite 1000
Washington, DC 20037

John L. McManus, Esquire
Kenneth A. Horky, Esquire
Greenberg Traurig
401 E Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301

Re:   Beyond Systems, Inc. v. World Avenue USA, LLC.
      Civil Action No. PJM-08-921

Dear Counsel:

Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has reviewed Defendant World Avenue USA, LLC's Motion to Compel Production of Documents Responsive to Fourth Request for Production ("Defendant's Motion")(ECF No. 271) and the related memoranda thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). The Court hereby GRANTS Defendant's Motion.

Plaintiff has made no effort to defend its boilerplate objections. Plaintiff shall produce all responsive documents to Requests 1 through 23 of the Fourth Request for Production in its possession, custody, or control as defined by Steele Software Systems, Corp. v. DataQuick Info. Sys., Inc., 237 F.R.D. 561, 564 (D. Md. 2006). As the "game plan" document was not listed on a privilege log, it shall be produced.

For each responsive document, Plaintiff shall organize the responsive documents and physically label each document as responsive to individual categories of the Fourth Request for Production of Documents as required by Rule 34(b)(2)(E)(i).

Based on the conduct outlined in the memorandum in support of Defendant's Motion, the Court finds than an award of sanctions is merited and that Plaintiff's Opposition to Defendant's Motion was not substantially justified. Defendant shall has twenty-one (21) days to file a

Declaration of Attorney's Fees and Costs incurred in connection with its Motion.  Plaintiff shall have fourteen (14) days thereafter to file any opposition thereto.

     Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

                                    Very truly yours,

                                          /s/

                                    Charles B. Day
                                    United States Magistrate Judge

CBD/bab