UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

October 8, 2010

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg Traurig
2101 L Street, NW, Suite 1000
Washington, DC 20037

John L. McManus, Esquire
Kenneth A. Horky, Esquire
Greenberg Traurig
401 E Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301

Re:   Beyond Systems, Inc. v. World Avenue USA, LLC.
      Civil Action No. PJM-08-921

Dear Counsel:

      Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has reviewed Defendant World Avenue USA, LLC's Motion to Compel Complete Answers to Third Set of Interrogatories ("Defendant's Motion")(ECF No. 276) and the related memoranda thereto.  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  The Court hereby GRANTS Defendant's Motion.

      Plaintiff shall provide full factual responses to all interrogatories, signed under oath, within seven (7) days.  Plaintiff's failure to do so before serving of Defendant's Motion is unacceptable and is singularly sufficient for the award of sanctions.

**Interrogatory Nos. 1, 2 and 4**   Motion GRANTED.  The Maryland statute indicates that an "interactive computer service provider" means an information service, system or access software provider that provides or enables computer access by multiple users to a computer service.  The statute does not require a minimum number of sales or a degree of profitability.  A nearly identical definition exists under the Florida statute which is also at issue in this case.

|  |  |
|---|---|
|  | While the federal statute applicable in <u>Beyond Systems, Inc. v. Kraft</u>, Civil Action No. PJM-08-409, uses more expansive definitions, it also does not require a minimum number of sales or a degree of profitability. However, the analysis in <u>Gordon v. Virtumundo</u>, 575 F.3d 1040 (9th Cir. 2009) is instructive on the issue of the discovery of revenue and finances of internet service providers. The principles found in <u>Gordon</u> are equally applicable to the state based claims here. Accordingly, Plaintiff shall provide the requested information. |
|  | The period from 2000 to present is equally reasonable given that Plaintiff's claims are dated from 2004 to present. |
| **Interrogatories Nos. 5-12** | Motion GRANTED. These requests are reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P. 26. One of the issues is whether Plaintiff is a lawful provider of internet access. The deposition testimony of an employee from Verizon provides at least a colorable argument that Plaintiff is not a lawful provider. The claimed objections by Plaintiff have either been abandoned or by this order are stricken as having no basis in fact. Plaintiff shall provide full and complete answers to each interrogatory as they relate to Verizon DSL Service or Verizon FIOS for Business Service. |

Based on the conduct outlined in the memorandum in support of Defendant's Motion, the Court finds than an award of sanctions is merited and that Plaintiff's Opposition to Defendant's Motion was not substantially justified. Defendant shall have twenty-one (21) days to file a Declaration of Attorney's Fees and Costs incurred in connection with its Motion. Plaintiff shall have fourteen (14) days thereafter to file any opposition thereto.

Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

Charles B. Day
United States Magistrate Judge

CBD/bab