**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
**SOUTHERN DIVISION**

| | |
|---|---|
| **BEYOND SYSTEMS, INC.** | * |
| | * |
| Plaintiff | * |
| | * |
| v. | *   **Case No. PJM 08 cv 0921** |
| | * |
| **WORLD AVENUE USA, LLC,** et al. | * |
| | * |
| Defendants | * |

### AMENDED CERTIFICATE OF GOOD FAITH EFFORTS TO RESOLVE DISCOVERY DISPUTES PURSUANT TO L.R. 104.7

This amended certificate of good faith efforts to resolve discovery disputes is provided pursuant to L.R. 104.7 and pursuant to the Order at DE 432.[1]

I certify that the following efforts were undertaken in good faith between counsel to address the issues in Plaintiff's Motion for Protective Order at DE 265 (filed June 8, 2010), including written and live communications both before and after the motion was served, regarding the obligation of the third-party defendants to respond to discovery requests:

- March 20, 2010 email from Mr. Ring to Mr. Saunders stating in relevant part, ". . . As to your proposed stipulation received yesterday by email, you are proposing a mix of extensions and shortenings of dates, I believe. You propose that Hypertouch waive its pending motion challenging service, by agreeing to provide discovery responses. I am fairly confident that this part of the proposal will not fly, but am still conferring with my clients on the basket of outstanding discovery issues and will respond further. . ."

---

[1] This amended certificate follows a similar effort to cure a defective certification by Defendants at DE 232, as addressed in the order at DE 414.  Plaintiff submits that the issue addressed here is straightforward and does not lend itself to debate and discussion over the individual discovery requests: Defendants either consent to the stay requested, or not.

- May 18, 2010, letter from Mr. Ring to Mr. Saunders stating in part: "It is our position that neither Joseph Wagner nor Hypertouch are required to respond to written discovery requests until a scheduling order is issued as to them. I believe this same principle was invoked by the defendants earlier in the case. I am hopeful that we can work out a reasonable discovery schedule as to Joe Wagner and Hypertouch, to avoid the need for motions."

- May 19, 2010 telephone conference between Mr. Ring and Mr. Saunders summarized in part in an email on May 20 from Mr. Ring to Mr. Saunders stating in relevant part, "Yesterday we discussed your Ints set 3 and Doc requests set 4 in two discussions, separated by other calls we each took. . . . Plaintiff will also provide another installment of documents, and I expect this will be on or before May 28.  . . . you contend that the discovery clock as to Joe Wagner and Hypertouch is running. I disagree and maintain that the discovery requests served months ago were prior to any obligation for these third-party defendants, whom you have included by way of claims for indemnification as to any liability incurred by the defendants in the suit, to participate, and that the prior scheduling order is so far advanced that it should not be binding on these new participants. Absent consent, we will move for an extension as to Joseph Wagner and Hypertouch on the additional grounds stated in my letter of May 18 . . . "

- Oral response from Mr. Saunders on May 19, 2010 and repeated shortly after that date, stating World Avenue does not agree to any extension of the due dates for Third-party Defendants' responses to discovery requests.

- Copies of BSI's objections to the Magistrate Judge's ruling on materials protected by a joint interest agreement, at DE 350 in the Kraft case, served on counsel via ECF.

- Ongoing discussions between counsel over discovery, including subject matters within the discovery requests to Third-party Defendants that are also within discovery

2

requests addressed to BSI.

- June 1, 2010, lengthy letter at DE 250, 251 addressing and listing Plaintiff's discovery responses and document production, covering material responsive in part to discovery sought from Third-party defendants.

- In person conference between Mr. Ring for Plaintiff, and Mr. Saunders and Mr. McManus for defendants, in Pompano Beach, Florida on September 29, 2010, during which Mr. Ring asked whether counsel would consent to a stay of the third-party defendants' obligations to respond to discovery until after the hearing on the third-party defendants' pending motion to dismiss.  Counsel re-stated defendants' unwillingness to consent to such a stay, in part reaffirming the position they had taken in the May, 2010 communications listed above.

Despite these communications, the parties have been unable to resolve fully their differences on the issues addressed in the motion.


                /s/
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249

*Co-counsel for Plaintiff*


## Certificate of Service

I certify that a copy of the foregoing documents was served on the date of ECF filing, via

the ECF system, on all counsel of record.



                    /s/
Stephen H. Ring