## IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC. )
                 )
     Plaintiff )
     v. )          Case No. PJM 08 cv 0921
                 )
WORLD AVENUE USA, LLC, et al. )
     Defendants )
_____ )

## DEFENDANT, WORLD AVENUE USA, LLC'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), pursuant to Fed. R. Civ. P. 26(c), hereby moves for the entry of a Protective Order as to the Amended Notice of FRCP 30(b)(6) Corporate Deposition served by Plaintiff, BEYOND SYSTEMS, INC. ("BSI"), and in support thereof, states:

## I.     INTRODUCTION

BSI's Amended Notice of FRCP 30(b)(6) Corporate Deposition (the "Notice of Deposition") is its latest act in a parade of intrusive discovery requests that fly in the face of numerous discovery orders in this case. Four times, the Court has squarely considered  -- ***and rejected*** -- BSI's attempts to obtain information pertaining to domain names that were not identified in the e-mails allegedly sent by Defendants to BSI. Four times, the Court has refused to allow discovery into entities that are affiliated with WAUSA, but are not named defendants in BSI's  First Amended Complaint. Yet, BSI's defiance persists in the form of an oppressive,

1

overly broad and unduly burdensome Notice of Deposition directed to WAUSA that again requests the production of the exact information that this Court has repeatedly held is immune from discovery.

Succinctly stated, BSI's Notice of Deposition requests WAUSA produce, pursuant to Fed. R. Civ. P. 30(b)(6), its corporate representative with the most knowledge of a myriad of topics tied to more than one hundred document requests (disingenuously labeled as only three requests). These topics are not relevant to any pending claim by BSI in the underlying case. BSI's Notice of Deposition seeks to depose WAUSA's representative with the most knowledge on the "World Avenue Companies", which it defines as thirty-five entities, ***only two of which*** are named defendants in the underlying action.

The Notice of Deposition contains ***thirty-two (32)*** definitions spanning six (6) pages, requests that WAUSA produce its representative with the most knowledge on ***fifty (50)*** distinct subject matters and contemporaneously seeks the production of what are claimed as three (3) categories of document, but are really more than one hundred, all requiring production of documents for each of those fifty (50) distinct subject matters.

Again, BSI ignores Rule 26's edict that discovery be "reasonably calculated to lead to the discovery of admissible evidence." However, not only is the Notice of Deposition overly broad in contravention of Rule 26, but more importantly, the Notice of Deposition blatantly disregards the strict discovery limits imposed by four (4) prior discovery in this case. Accordingly, the Court should enter a Protective Order.

2

## II.  STATEMENT OF FACTS

### A.  The Maryland Action.

WAUSA , a Florida company, is one of three (3) defendants in an action styled *Beyond Systems, Inc. v. World Avenue USA, LLC, World Avenue Holdings, LLC*, *and Niuniu Ji*, pending in the District of Maryland ("Maryland Action")[1].  The Maryland Action is a case brought by BSI, a serial spam litigator masquerading as an internet service provider for $105 million in supposed "damages" that it inflicted upon itself.  BSI posits itself as a victim of unsolicited commercial e-mail ("UCE"), seeks to collect a statutory damage award for each separate e-mail and asserts that it did nothing to bring such UCE upon itself.

BSI alleges that the Defendants in the Maryland Action, WAUSA and World Avenue Holdings, LLC ("Holdings") initiated, conspired in the initiation, or assisted in the transmission of at least 70,000 commercial electronic mail messages  (the "E-Mails At Issue") to BSI's alleged server(s) in Maryland between July 20, 2004, and September 3, 2005, and continuing to date.  *See* Amended Complaint, ¶ 67, a copy of which is attached as **Exhibit "2."**  BSI seeks relief under the Maryland Commercial Electronic Mail Act, Section 14-3001 *et seq*., which governs e-mails received in Maryland, and the Florida Electronic Mail Communications Act, Section 668.60 *et seq*., Fla. Stat., which governs e-mails sent from Florida.  The discovery in the Maryland Action has demonstrated that BSI is not an internet service provider, that it "seeded"

---

[1] BSI has never made service upon Mr. Ji and there is no current valid summons for him in this matter.

the internet with e-mail addresses hoping to attract commercial email, and that Joseph Wagner, the brother of BSI's owner, operates a similar litigation mill in California named "Hypertouch" and actually collected and forwarded all the E-mails at Issue to BSI, purportedly in Maryland .

**B.** **The Maryland Court's Limitation Of Discovery.**

The Maryland Court has limited BSI's attempts at free-ranging discovery in the Maryland Action to the 41 internet domain names that BSI has alleged are found in the E-Mails At Issue.

**1.** **The April 16, 2010 Order.**

On April 16, 2010, the Court entered an Order granting in part WAUSA's Motion to Quash Plaintiff BSI's Subpoena Issued to a Non-Party, DNS Made Easy. *See* **Exhibit 3**.

> Plaintiff [BSI] seeks information regarding approximately 163 domain names. Defendant [WAUSA] points out, however, that pursuant to Paul A. Wagner's [BSI's President] declaration under oath, only approximately 41 of these domain names have appeared in the "e-mails at issue." While Defendant cannot suggest an interest in the balance of the domain names or in any burden of production, it is equally true that Plaintiff has not demonstrated an entitlement to the additional names under the rules of discovery. It is apparent that far more entities are identified in Plaintiff's subpoena for documents, than those attested to in Mr. Wagner's declaration as being related to this lawsuit. Plaintiff shall be limited to the discovery of those items set forth in the declaration until some other good faith basis has been established. Any effort by Plaintiff to go beyond the parameters of good faith discovery may run afoul of the principles of Fed. R. Civ. P. 11.

**2.** **The June 23, 2010 Order.**

Notwithstanding the unambiguous language of the April 16th Order (Exhibit 3), BSI asked the Court to rule on its Motion to Compel DNS Made Easy to Respond Fully To Subpoena For Document Production, and as a result, the Court issued a June 23, 2010 Order. *See* **Exhibit**

4

**4**.  The Order states:

> In large measure the issues resolved in Plaintiff's Motion have been addressed under this Court's Order of April 16, 2010 [Exhibit 3 above], resolving Defendant World Avenue USA, LLC's Motion to Quash Plaintiff BSI's Subpoena Issued to Non-Party DNSMADEEASY found at Docket Item No. 159.  For purposes of clarity, the Court herein **reaffirms** the rulings made in that matter.  Non-party DNSMADEEASY.COM, LLC ("DNS") will be required to produce responsive documents limited to those entities identified in the Amended Complaint and specifically set forth in Paul A. Wagner's Declaration Under Oath as being directly related to World Avenue USA, LLC, its former or current employees, officers, agents, and representatives.

### 3.     The September 9, 2010 Order.

Not satisfied with being rejected twice in Court Orders, BSI moved for reconsideration of the April 16th Order, which was denied in an Order dated September 9, 2010.  *See* **Exhibit 5**. That Order stated that which held that BSI failed to establish grounds for reconsideration and clarified language in the prior Order of April 16th:

> To the extent that there is any confusion, emails sent by Defendant include any emails that the Defendant initiated in the transmission of, conspired with another to initiate the transmission of, or assisted in the transmission of.
> ***
> Plaintiff fails to establish any of the three grounds accepted by the District of Maryland as justifications for reconsideration of an interlocutory order.

### 4.     The September 23, 2010 Order.

BSI also tried again with another non-party to go beyond the 41 domain names that BSI itself had identified as being associated with the E-Mails At Issue.  That attempt was denied on September 23, 2010 in a paperless Order as the Court reaffirmed and adopted the same rationale as in its April 16, 2010, June 23, 2010, and September 9, 2010 Orders (*see* **Exhibit 6**):

MOTION to Quash *Plaintiff, BSI's Subpoena Issued to Non-Party Enom Incorporated* filed by World Avenue USA, LLC - "GRANTED" to the same extent that the Court Granted [217][2]

**5.      The June 2, 2010 Order.**

The Court also established limits on BSI's attempts to define the word "You" in its

discovery to include a myriad of other entities in a June 2, 2010 Order (*see* **Exhibit 7**):

> The Court finds the Local Rules of the Court instructive on this issue.  The Court requires Defendant to provide responsive information in the hands of its officers, directors, employees, agents, representatives and attorneys.  See Appendix D, Standard Interrogatories, Local Rules of the United States District Court for the District of Maryland.

**6.      The September 23, 2010 Ruling.**

At a September 23, 2010 hearing held the day after that BSI served its Notice of

Deposition on WAUSA, the Magistrate Judge confined BSI to the 70,000 E-Mails At Issue and

ruled that BSI had to file a Motion with the District Court if it wanted to add to the 70,000 E-

Mails At Issue:

> THE COURT: Well, let me make this easy for you. To the extent that you've got new incoming domain name names and other e-mails coming in that you think are attributable to the defense, fine. Do what you have been doing. ***But as to the litigation thus far, the cap is now at the 70,000 that we've been talking about for the last couple of years***. ***To the extent that you believe you've got some others that are attributable to the defense, file a motion. Judge Messitte or someone will rule upon that motion as to whether or not you get to explore those additional issues, those additional facts, and have an additional year or two***, whatever is necessary to complete the discovery trail that you all have been engaged in for some time.

---

[2] Docket Entry 217 is the Motion relating to the other non-party DNS Made Easy.

6

*See* Excerpted Transcript of September 23, 2010 hearing, attached as **Exhibit 8**.

### C.      The Notice of Deposition.

Despite being rebuffed four (4) times by the Court, BSI served the overbroad and oppressive Notice of Deposition on September 22, 2010, demanding that WAUSA produce its 30(b)(6) corporate representative for deposition on October 25, 2010.   On its face, the Notice of Deposition is overly broad, unduly burdensome and harassing, and clearly flouts the Court's strict discovery limits.  In the Notice of Deposition, BSI defines World Avenue Companies as:

> World Avenue USA, LLC, any entity trading as World Avenue, any entity trading as TheUseful, any entity trading as Bravatas, LLC, or Bravatas LLC, TheUseful, LLC, World Avenue Holdings, LLC, Niupercent, Inc., Net Radiance, LLC, World Avenue Management, Inc., World Avenue IP, LLC, World Avenue, LLC, Apercent, LLC, Jinius Corporation, Intrepid Investments, LLC, Q Interactive, Inc., Vente Inc., Bristol Interactive, LLC, any entity trading as Kitara Media, World Avenue (Bermuda) Limited Corp., Infrastructure International Limited Corp., World Avenue Services, LLC, Gift Reward Center, LLC, Magnacent, LLC, Warwick Interactive, LLC, Q Holdings Inc., Magdalen Holdings, Inc., Right Mail Marketing, LLC, Vente Holdings, LLC, Postmaster Direct, ThruChannel, LLC, Niutech, LLC, Ji Holdings, LLC, any entity trading as LAD Express, and any entity trading as IAD Express.

While the Amended Complaint only names WAUSA, Niuniu Ji, and Holdings, the Notice of Deposition requests that WAUSA produce its representative with the most knowledge on *thirty-five other* entities. This requirement and the definition above contravene yet another ruling in this case prohibiting BSI from defining one company to include all other companies to which it may have any conceivable relationship.  *See* Exhibit 7.

Accordingly, BSI's Notice of Deposition not only requests that WAUSA produce for

deposition its corporate representative with the "most knowledge" on 50 topics pertaining to 33 entities that are non-parties to the Maryland Action, but it also includes document requests lacking reasonable particularity. Further, the Notice of Deposition, on its face, requests that WAUSA produce documents that BSI has allegedly requested from ***any*** party and/or non-party in the Maryland Action, but not yet received. As the Notice of Deposition violates prior orders of the Court, a protective order is warranted.

### III.   <u>SUMMARY OF ARGUMENT</u>

The Court should enter a Protective Order in favor of WAUSA as the Notice of Deposition, on its face, requests information that this Court has repeatedly held is exempt from discovery.   Further, BSI's Notice of Deposition requests WAUSA to produce its corporate representative with the "most knowledge" on matters involving up to 35 entities that are non-parties to the Maryland Action on 50 topics as detailed in 32 definitions.   Moreover, BSI's document requests violate the "reasonable particularity" requirement of Rule 34 by requesting the production of documents that "relate to" 50 subject and 34 other entities. Thus,  WAUSA has shown "good cause" and is entitled to a protective order under Rule 26(c).

### IV.   <u>ARGUMENT</u>

**A.    The Notice of Deposition Improperly Requires WAUSA's Corporate Representatives To Be Prepared On Fifty Overbroad Topics and Thirty-Two <u>Definitions.</u>**

**1.    The Court's Power To Issue A Protective Order.**

Pursuant to Fed. R. Civ. P. 26(c), the Court has the discretion, for good cause, to issue an

order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expenses, including … (A) forbidding the disclosure or discovery." *See* Fed. R. Civ. P. 26(c).  If the threshold for good cause is made, the Court has broad discretion to fashion an appropriate order and should deny the request only if the opposing party can show that the protective order will substantially prejudice them.  *M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1992).

## 2. The Court May Protect a Party From an Oppressive 30(b)(6) Deposition.

A 30(b)(6) notice containing numerous categories seeking irrelevant, overbroad, and duplicative information can be limited by the court.  *E.E.O.C. v. Vail Corp.*, 2008 WL 5104811, at *1 (D. Colo. 2008) (granting protective order on 30 topics in notice where many of the remaining topics were "unnecessarily duplicative, burdensome or otherwise inappropriate"); *McBride v. Medicalodges, Inc*., 250 F.R.D. 581 (D. Kan. 2008) (granting protective order where notice was overly broad in temporal and geographic scope and party seeking discovery failed to meet burden to show relevance); *Krasney v. Nationwide Mut. Ins. Co*., 2007 WL 4365677, at *1 (D. Conn. 2007) (granting protective order on overbroad notice that contained "amorphous" categories); *Jordan v. Equifax Info. Svcs*., 2005 WL 327066, at *1 (N.D. Ga. 2005) (limiting notice to exclude those topics that are oppressive, burdensome, and unnecessary); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task.  To avoid liability, the noticed party must designate persons

knowledgeable in the areas of inquiry listed in the notice.  Where, as here, the defendant cannot

identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible");

*Lipari v. U.S. Bancorp., N.A.*, 2008 WL 4642618, at *1, *6 (D. Kan. 2008) (granting protective

order where topics were overbroad and not described with reasonable particularity and covered

"Plaintiff's Petition", "all documents…related to the conduct of its agents").

> **3.** **The Court Should Issue A Protective Order For the Notice of Deposition Flouts Prior Discovery Orders, is Overly Broad and Unduly Burdensome.**

>> **a.** **The Scope of the 35 Entities, 50 Topics, and the World Avenue Companies Renders the Notice of Deposition Oppressive.**

Here, the oppressive scope of the Notice of Deposition is apparent on its face.  The

Notice of Deposition requests that WAUSA produce its corporate representative with the most

knowledge on not only its business dealings, but on the business dealings and 49 other topics

relating to 34 other persons and entities. The objectionable language on "World Avenue

Companies" permeates the entire Notice of Deposition and is found in Requests 1-7, 11, 13, 15-

17, 22, 25, 27-30, 31-37, 39-43, 46-49.  It is unreasonable and unduly burdensome to anticipate

that a corporate representative of WAUSA would have substantial knowledge of the "corporate

structures" or "data sharing" of disparate entities who have no involvement in the Maryland

Action.

>> **b.** **BSI's Definitions Render the Notice of Deposition Grossly Overbroad And Are Violative Of A Fifth Specific Court Order.**

Further, BSI does not stop at an objectionable definition of the "World Avenue Companies" as including 35 entities of which WAUSA's corporate representative is expected to have knowledge.  Instead, BSI offers an expanded definition of "You" or "Your" for purposes of expanding it to all "AGENTS, ASSOCIATED ENTITIES, AFFILIATES, predecessors, successors, assignees, and subsidiaries, among other things.  In turn, the word "Agents" is defined as "a PERSON or entity who performs any act for the benefit of another and is subject to the other's direction or control."  *See* Exhibit 1, p. 2, ¶2.  The words "Associated Entity," "Affiliate" are similarly overbroad.  *See id.*, p. 2, ¶ 1, 3.  These offending definitions are found in topics 1, 3-7, 9-11, 13, 15-17, 22-23, 25, and 27.  *See* Exhibit 1.  The Notice of Deposition includes definitions that attempt to circumvent the restrictions in the Court's Order of June 2, 2010.  *See* Exhibit 7. Thus, the Court should enter a Protective Order.

> **c.      BSI's Attempt To Extend The Issues In The Maryland Case Beyond The E-Mails At Issue Violates A Specific Court Ruling.**

Moreover, while the Maryland Action involves the E-Mails At Issue which were allegedly sent by WAUSA and Holdings to BSI in Maryland, BSI's Notice of Deposition is not confined to the E-Mails At Issue.  Instead, BSI uses the term "Email Claimed", which is:

> The COMMERCIAL EMAIL messages that were part of any campaign ***promoting YOUR business***, sent to Plaintiff *or* received by Plaintiff.  EMAILS CLAIMED includes emails from ***YOU***, from any of ***your AFFILIATED ENTITIES***, from ***YOUR contractors, sub-contractors, advertisers, AGENTS, ad networks, AFFILIATES, publishers, and/or vendors, and from anyone promoting YOUR business***, since ***July 30, 2004***, up to the present day, and continuing up to and including the date of the entry of any final, non-appealable judgment.

11

*See* Exhibit 1, p. 3-4, ¶ 10.  The Court expressly limited this type of discovery on September 23, 2010. BSI cannot circumvent that ruling by seeking that same information in the Notice of Deposition.   -- .  *See* Exhibit 8. BSI is limited to discovery of the E-mails at Issue -- discovery requests directed at additional e-mails is "not reasonably calculated to lead to the discovery of admissible evidence" as illustrated by the September 23rd Order.  Accordingly, a protective order is warranted.

**d.      BSI's Attempt To Go Beyond E-Mails Is Grossly Overbroad.**

While this case involves the E-Mails At Issue sent to BSI, BSI's Notice of Deposition goes far beyond e-mail and extends to any "Internet Advertising," "Promotional Campaign," "Lead Generation Campaign," "Commercial E-Mail," and "Products," regardless of whether (i) they relate to the E-Mails at issue in the Maryland Action; (ii) the two Defendants in the Maryland Action sent them; or (iii) BSI ever even saw the "Internet Advertising," "Promotional Campaign," "Lead Generation Campaign," "Commercial E-Mail," or "Products."  *See* Exhibit 1. Each of these definitions is similarly overbroad.  *See* Exhibit 1, p. 4, ¶ 15; p. 5, ¶22; p. 4, ¶ 15; p. 5, ¶ 21; p. 2, ¶ 5.  These objectionable terms are included in Subject Matters 6-12, 14-21, 23, 25-33, 37, 39, 41-43, 46-47.

**e.      The Overbreadth of The Topics Renders It Impossible To Prepare A 30(b)(6) Witness.**

Other topics are simply impossible to prepare a witness to meet.  For example, topic 48 is "All information contained in any documents YOU or WORLD AVENUE COMPANIES have

12

received from anyone in discovery in this suit, including documents received via subpoena." See Exhibit 1, p. 15.  Topic 49, requires knowledge of "Participation by YOU and by any WORLD AVENUE COMPANY in any of the conduct, actions, events and transactions described in each of the preceding [48] paragraphs." *Id*.  Topic 50 is "[t]he subjects of all discovery requests and subpoenas propounded by Plaintiff to any party or non-party in this case".  *Id*.  Topic 24 is "[i]dentification of all PERSONS who may have knowledge of the subject matters described in [the 50 topics of] this list." *Id*., p. 11.  Having to prepare a witness to respond to questions about these topics would pose an impossible task which alone merits a protective order.  Read literally, BSI's Notice would require WAUSA to prepare to testify about events that have not yet occurred.

     **B.**     **BSI Cannot Employ a Notice of Deposition To Fish for New Claims Against Non-Parties To The Maryland Action.**

     **1.**     **The Notice of Deposition Can Only Seek Relevant Information.**

     BSI's Notice of Deposition, which seeks information about other disparate entities and topics, is facially irrelevant to the Maryland Action in which only WAUSA, Holdings, and Ji are the named Defendants.  As a preliminary matter, BSI's Notice of Deposition is governed by the discovery limits set forth in Rule 26.  In other words, any documents requested in the Notice of Deposition must be "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1).  Discovery simply may not be had regarding a matter that is "not relevant to the subject matter in the pending action." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318,

13

1323 (Fed. Cir. 1990).   The burden of demonstrating relevance rests with BSI, as the party

seeking discovery from WAUSA.   *Echostar Communications Corp. v. The New Corporation,*

*Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998).

> **2.      The Scope of BSI's Discovery is Limited to the Claims and Defenses
> Pending Before the Court.**

Federal Rule of Civil Procedure 26(b) governs the scope of discovery, and states

"[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim

or defense of any party." The Advisory Committee's notes to the 2000 amendment of Rule 26

make clear that discovery must focus on "the ***actual claims and defenses*** involved in the action"

and that parties have "***no entitlement to discovery to develop new claims or defenses that are***

***not already identified in the pleadings***."   *See* Rule 26, Advisory Committee Notes, 2000

Amendment (emphasis added); *Johns Hopkins University v. Datascope Corp.*, 2007 WL

1450367, at *1 (D. Md. 2007) (denying the plaintiff's motion to compel given its failure to

demonstrate that the requests fall within the scope of discovery under Rule 26) (emphasis

added); *see also Behler v. Hanlon,* 199 F.R.D. 553 (D. Md. 2001) (noting that "the revised scope

of discovery adopted on December 1, 2000, the scope of discovery ***was narrowed*** to cover facts

that are not privileged that are relevant to the claims and defenses raised in the pleadings"); *AG-*

*Innovations, Inc. v. U.*S., 82 Fed. Cl. 69 (Fed. Cl. 2008) (opining that "[u]nder the current

14

standard, courts are advised to focus upon ***the specific claims or defenses*** when determining the scope of discovery") (emphasis added).

### 3. The Subjects Are Tailored Solely To Develop New Claims.

However, BSI's Notice of Deposition exceeds the specific claims and defenses pending before the Court. The vast majority of the listed subject matters reference 33 entities and persons that are not named defendants in BSI's Amended Complaint -- the operative pleading on the date of service of the Notice of Deposition. BSI's discovery aimed at these non-parties is plainly improper under Rule 30(b)(6). *See e.g., Barrington v. Mortgage IT, Inc.*, 2007 WL 4370647, at *1, *6 (S.D. Fla. 2007); *Steil v. Humana Kansas City, Inc*., 197 F.R.D. 442, 445 (D. Kan. 2000) ("Plaintiff has not carried his burden of showing the relevancy, in an insurance contract action, of his discovery request seeking information ***on other companies affiliated with defendant or other group health insurance plans issued by these affiliated companies***") (emphasis added); *McCann v. Bay Ship Management, Inc.*, No. Civ-A-00-1430, 2000 WL 1838714, at *1, *1 (E.D. La. 2000) (rejecting discovery request where it did not relate to a claim or defense and no showing of good cause was made); *McBride*, 250 F.R.D. at 584 (denying companywide inquiry on 30(b)(6) notice involving disparate facilities). To date, BSI has made no showing justifying its voluminous discovery requests on the 33 other entities. As such, the Notice of Deposition is not "reasonably calculated to lead to the discovery of admissible evidence", and a protective order is proper.

### D. The Notice's Document Requests Are Not Reasonably Particular.

15

Further, Document Requests 1 and 2 in the Notice of Deposition are not reasonably particular regarding the documents to be produced. Document Requests 1 and 2 in the Notice of Deposition state as follows:

> 1.      All documents that **relate to** the [50] subject matters listed above.
> 2.      All documents that **relate to** participation by YOU or WORLD AVENUE COMPANIES in any of the conduct, actions, events and transactions described in each of the [50] subject matters described above.

Effectively, BSI has propounded 100 discovery requests by tying Requests 1 and 2 to the 50 subject matters. BSI also ignores that discovery requests employing omnibus terms such as "relate to," *when applied in a context of an overbroad discovery request*, are objectionable. *Lipari v. U.S. Bancorp, N.A.*, 2008 WL 4642618 (D. Kan. 2008); *see also In re Urethane Antitrust Litigation*, 2008 WL 110896, at *1 (D. Kan. 2008) (holding that a discovery request is overly broad and unduly burdensome on its face if it uses terms such as "relating to" as "such broad language make[s] arduous the task of deciding which of numerous documents may conceivably fall within its scope"); *Robbins v. Camden City Bd. of Education*, 105 F.R.D. 49 (D.N.J. 1985) (holding that a document request for all documents that refer or relate to the plaintiff was too broad as "a copy of every document in [the defendant's] possession could conceivably refer or relate to the plaintiff"); *Parsons v. Jefferson-Pilot Corp.,* 141 F.R.D. 408 (M.D.N.C. 1992) (noting that "broad and undirected requests for all documents which relate in any way to the complaint are regularly stricken as too ambiguous").

16

As explained by a federal court in *Audiotext Communications v. U.S. Telecom, Inc.*, 1995

WL 18759 (D. Kan. 1995):

> Requests should be reasonably specific, allowing the respondent to readily identify what is wanted. Requests which are worded too broadly or are too all inclusive of a general topic function like a giant broom, sweeping everything in their path, useful or not. They require the respondent either to guess or ***move through mental gymnastics which are unreasonably time-consuming and burdensome*** to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request. The court does not find that reasonable discovery contemplates that kind of wasteful effort.

(emphasis added). *Accord*, *Parrot, Inc. v. Nicestuff Distributing Intern., Inc.*, 2009 WL 197979,

at *1 (S.D. Fla. 2009) (subpoena was overly broad where it sought "all documents ***relating***

thereto") (emphasis added).

Here, Document Requests 1 and 2 are overly broad and unduly burdensome for

requesting  WAUSA to produce documents that "relate to" numerous subject matters. WAUSA

cannot reasonably determine whether a document "relates to" a particular subject matter.   In

addition, Document Request No. 3 requests that WAUSA produce:

> 3.      All documents previously requested in document requests from Plaintiff that have not yet been produced.

In short, Document Request No. 3 asks WAUSA to produce documents that BSI

previously requested, but did not receive . In other words, BSI expects WAUSA to comply with

all 200 discovery requests, regardless of outstanding objections not yet ruled upon by the Court.

17

Furthermore, read literally, BSI asks WAUSA to produce documents from any party and/or non-party in the Maryland Action.  This request clearly is duplicative.

**WHEREFORE,** Defendant, WORLD AVENUE USA, LLC respectfully requests the entry of a protective order, and for such other and further relief that this Court deems just and proper.

Dated:  October 21, 2010.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

  */s / Sanford M. Saunders, Jr.*
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*

18

GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 200
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-14

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so. Specifically, counsel for the movant, Sanford M. Saunders, Jr., has spoken by telephone on several occasions with counsel for BSI, Stephen H. Ring, as well as by electronic mail explaining the position that the subpoena is overbroad, but the parties have been unable to resolve the matter.

*Sanford M. Saunders, Jr.*