## IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| WORLD AVENUE USA, LLC, et al. | * | |
| | * | |
| Defendants | * | |

### MOTION FOR RECONSIDERATION OF DISCOVERY ORDER AT DE 441 REGARDING PLAINTIFF'S REPONSES TO DEFENDANT WAUSA'S FOURTH SET OF DOCUMENT REQUESTS

Plaintiff, Beyond Systems, Inc., through counsel, respectfully moves for reconsideration of the order at DE 441.  The order appears to overlook Plaintiff's good faith production of materials in response to the document requests, including installments that have been ongoing since the middle of 2009.   Plaintiff's opposition to the motion, which is acknowledged by the Court, is at DE 322.

### I.  Overview

The motion is one of a series filed by WAUSA regarding its five sets of interrogatories and four sets of document requests, all within a few months, in the midst of a flurry of other motions and other activity.[1]  WAUSA was quick to file the motion (responses on May 5, 2010, motion filed June 15, 2010), with a thin meet and confer, and ignored relevant supplementation by Plaintiff.  Production by Plaintiff to date includes a) copies of over 70,000 emails, each of which has received a Bates-style number; b) additional documents in a separate Bates-numbering system that exceeds 18,000 pages; and c) additional supplementation of more than 15,000 pages additional pages.

## II.  The Order

The order states in part:

> Plaintiff has made no effort to defend its boilerplate objections. Plaintiff shall produce all responsive documents to Requests 1 through 23 of the Fourth Request for Production in its possession, custody, or control as defined by Steele Soft ware Systems, Corp. v. DataQuick Info. Sys., Inc., 237 F.R.D. 561, 564 (D. Md. 2006). As the "game plan" document was not listed on a privilege log, it shall be produced.
>
> For each responsive document, Plaintiff shall organize the responsive documents and physically label each document as responsive to individual categories of the Fourth Request for Production of Documents as required by Rule 34(b)(2)(E)(i).
>
> Based on the conduct outlined in the memorandum in support of Defendant's Motion, the Court finds than an award of sanctions is merited and that Plaintiff's Opposition to Defendant's Motion was not substantially justified.

DE 441. Plaintiff addresses each of the major points in the Order below.

## III. Adequacy of Objections.

WAUSA's numerous discovery requests overlap with those in its earlier sets of requests.

As a result, other discovery responses and objections may apply to the current set of document

requests. As stated in Plaintiff's Opposition:

> This Court has already ruled on some of the issues addressed in the motion, by its rulings on other motions in this case and in the related case of Beyond Systems, Inc. v. Kraft Foods, Case No. 8:08-cv-00409-PJM.  BSI has made supplemental production of documents responsive to the document requests and consistent with the Court's discovery rulings, and otherwise stands on its responses and objections. BSI incorporates by reference its opposition to WAUSA's motion to compel regarding BSI's responses to interrogatories, set 3.

DE 322 at 2.  BSI promised it would continue to supplement its production, and has done so, as

detailed below.

---

1  The docket has over 200 entries added since January 10, 2010, creating a dense gauntlet of deadlines.

2

Plaintiff asks the Court to reconsider its evaluation of Plaintiff's objections, as each response includes specific consideration of the corresponding document request. For example, Request 1 seeks the "game plan" memo. Plaintiff objected, stating in part, ". . . Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney client privilege, attorney work product doctrine . . ." This is precisely the issue in the extensive briefing on the discovery of this document in the companion case of BSI v. Kraft Foods, Inc. The briefing on this privilege issue appears at approximately 20 docket entries in the Kraft case, which is before the same members of this Court.2 Plaintiff did not believe it was necessary or a prudent use of the resources of the Court of counsel to import that briefing, and instead, referred the Court to the fact that this issue was being addressed in the Kraft case, understanding that the same ruling would apply in both cases. (See Judge Messitte's order in Kraft at DE 370, and the ECF transmittal of copies to counsel, including counsel for WAUSA, attached as Exhibits 002, 003 and 004.)

Request 2 seeks information about the Prince Hanoi Hotel, a client for which BSI provided services. Plaintiff states in the responses, "Subject to the foregoing objections, including the General Objections above which are all incorporated herein by reference, Plaintiff responds as follows: Plaintiff will produce responsive, non-privileged documents dated January 1, 2004 or later, as per the ESI agreement between the Parties. Plaintiff had promised it would produce documents in installments as it was able to retrieve and produce, and has done so, and did

---

2  The briefing in Kraft over the privilege issue as asserted over this same document can be found at Kraft docket entries 209, 210, 211, 290, 303, 305, 314, 315, 317, 329, 344, 349, 350, 352, 355, 357, 358, 362, 363, 364, 365, 386 and 396. The ruling on protection under a joint interest agreement as to privilege asserted over certain documents in Kraft is also under Rule 72 review. DE 396.

produce responsive documents on this item. Plaintiff further addresses the Prince Hanoi Hotel in

the Declaration of Paul Wagner at DE 322-1, stating,

> 5. Request 2 asks about a purported major "customer" of BSI, the Prince Hanoi
> Hotel in Vietnam. BSI has never characterized the Prince Hotels in Hanoi as
> being a "major" customer or a minor customer. The Hotel's web site does in fact
> operate on BSI's premises. BSI and Hypertouch each serve the Prince Hotels in
> different capacities. BSI has provided DNS and web hosting services for
> princehotelhanoi.com.

> 6. The Hotel web site running on BSI's premises is still in use. The order
> form was functional during 2005 and 2006, during the period when most of the
> emails giving rise to this suit were sent. My understanding is that most bookings
> are made via telephone and email. An alternative web site,
> http://hanoiprincehotel.com, is hosted in Vietnam. The second site goes down
> periodically, while http://www.princehotelhanoi.com stays up.

BSI has produced 6 documents related to the Prince Hanoi Hotel, including a letter via First-

Class Mail to the Hotel in Hanoi, Vietnam.  WAUSA asks for documents that "show[] that the

Prince Hanoi Hotel is aware that BSI, as opposed to Hypertouch, is rendering said services."

This curious wording limits the scope, and requires interpretation as to what the document

reveals about another person's "awareness."  BSI has produced the documents it believes are

responsive.

   Request 8. Services by BSI to Feshenko.

BSI promised to produce, and indeed produced one document at BSI-JiCos-017618 to -017669.

   Request 9. Services by BSI to St. Luke's House.

 BSI promised to produce docs, and did produce 19 documents relating to St. Luke's.

   Request 10. Power outage at St. Luke's House.

BSI objected to the vagueness of the Request -- i.e., "All document [sic] showing all power

outages of St. Luke's House or other service interruptions within the last four (4) years..."  BSI

promised to produce documents, and did produce 19 documents relating to St. Luke's.

Request 12. Services by BSI to Pronto Labels.

BSI promised it would produce, and did produce 7 documents relating to Pronto Labels.

Request 17. Services by BSI to YWCH.

BSI promised it would produce docs, and did produce 7 documents relating to YWCH.

Request 18. YWCH's knowledge of BSI's services.

BSI objected to the Request "on the ground that it is vague, overbroad, compound, and unduly burdensome."  The Request seeks: "18. All documents showing that Young Woman's Christian Home actually knows that BSI is providing services to it."  BSI promised it would produce, and did produce 7 documents relating to YWCH.

Request 19. Services by BSI to Barcroft Human Power Vehicles.

BSI promised to produce, and did produce 8 documents relating to Barcroft HPV.

Request 20. Services by BSI to all of its customers.

The request seeks: "20. For each person or entity that BSI claims as a "customer" or "client" as those terms are used in the Reports and Declarations of Paul A. Wagner, all documents showing that those "customers" or "clients" actually know that BSI is providing services to them, ..."  BSI objected that this Request is "vague, overbroad, compound, and unduly burdensome.  Plaintiff further objects on the grounds that the Request cannot be answered by Plaintiff because it inquires about subjective knowledge of a third person or party."  All documents showing BSI's services to all clients (since 1/1/2004) would be most of the documents in its possession.  BSI possesses roughly one billion emails for which BSI has served a client.  BSI promised to produce documents, and it did produce at least tens of thousands of documents reflecting its services to clients.  Plaintiff asks that the Court rule that this production is sufficient, as it would

be impractical to produce the entire group of documents requested if the Request is taken literally.

Request 22. A copy of the first invoice rendered to Keivan Khalachi by BSI.

BSI promised it would produce this, and did.

Request 23. All documents showing the address...

BSI objected to this Request on the ground that it is "vague,overbroad, compound, and unduly burdensome."  The Opposition states:"BSI's stands on its prior objections that the term "address" is vague and overbroad in the context of this Request. Such term could include street addresses, email addresses, web addresses and IP addresses. Plaintiff further objects to this Request in that by seeking the equivalent of all documents showing a BSI address is vague and hugely overbroad."

BSI promised it would produce documents, and has produced dozens of invoices.

## IV. Game Plan Memo

The "game plan" memorandum was found by Judge Messitte in the <u>Kraft</u> case to be protected by attorney-client privilege, and not discoverable.  See Order at DE 370, dated June 16, 2010, stating in part "9. BSI's Motions for Return of Inadvertently Produced Privileged Document [Paper Nos. 290 and 303] are **GRANTED.**"  Excerpts from the transcript of that hearing are attached, with the order and the ECF giving notice of the order to WAUSA's counsel in this case, who attended the Kraft hearing on June 14, 2010.

Objections in this case relied in part on the Kraft ruling.  The inclusion of that item in a discovery log would add nothing, as the existence of the memo was already known to all concerned.

6

## **VI.  Labeling**

The requirement to "physically label each document" creates considerable confusion, and a major dilemma.  The parties have agreed pursuant to the ESI Agreement and for practical considerations, to produce the documents in this case in digital form. Almost allof the documents originate in digital form. Both sides have produced thousands of pages.  Bates numbering has been applied electronically, so there has been no reason to print in hard copy the voluminous documents involved.  The requirement to "physically label each document" is unclear.  If the Court is requiring that each page now be printed on paper, and that a label then be applied, this would be impractical, if not impossible.  Plaintiff asks that electronic Bates numbering be required.  A table listing requests and responsive documents should be accepted as a means to connect documents to the requests.

## **VI.  Information provided to Defendant prior to the Ruling.**

This Court has consistently ruled in other discovery rulings that the bracketed time interval for discovery is limited, in most instances, to three or four years prior to the filing of suit. This is also reflected in the <u>Kraft</u> timeframe: 2005 to 2010.  (See Kraft order at DE 233, re-filed in this case by WAUSA at DE 277-4.)  Plaintiff suggests that the Court's prior rulings on the time frame were appropriate on this point, and that forcing Plaintiff to divulge this information for years farther into the past is unduly intrusive and of no probative value.3

---

3 The Court has also restricted the subject matter in the instant case as follows:

>  THE COURT: This document request shall be limited to the claims and defenses set forth in the complaint and the answer. The claim here goes to the e-mails at issue, which we're talking about the 70,000.  Am I misunderstanding?
>  MR. SAUNDERS: Your Honor, it's in all of the requests, that that's what we're talking about.

As listed in the notice of supplemental production at DE 250, Plaintiff provided

supplemental production not reflected in the documents WAUSA filed with the motion to

compel on June 15, 2010, as follows:

1.  Letter of May 15, 2010 from Mr. Ring to Mr. Saunders stating in part:

BSI's document responses to your set 4 were issued on May 5, 2010, only 12 days ago. BSI is in

the process of gathering additional documents and will be producing them as soon as possible.
We do not consider the timing for our responses as unreasonable, and would ask your patience as
this next round of documents is prepared for production. As you know, we made an installment
of some 16,000 pages of documents last week including "click-through" pages, among other
things.

2.  Email dated May 16, 2010 from Mr. Ring to Greenberg Traurig:

Counsel:

Via the following link, we are producing additional documents:

http://www.beyondsystems.net/UCE/WorldAve/BSI-JiCos-000001_to_BSI-JiCos-016599.zip
(145 MB)

These documents are intended as supplemental production in reponse to the following discovery
requests:

Interrogatory set 1: No. 2, 3, 4, 5, 11, 16.
Interrogatory set 2: Nos. 1, 2.
Document requests, set 1: No. 3.
Document requests, set 2: No. 38.
Document requets, set 3: Nos. 1, 2, 4, 5, 6, 12, 13, 14, 15.

Due to redundancy and overlap between and among your discovery requests, these documents
may be responsive to additional requests beyond those listed above.

There may be some redundancy among the documents (e.g. documents from the Florida
Secretary of State) as they have been used by BSI and by counsel in different configurations for
different purposes at different times. The newly produced documents include Richter-related
pages and click-throughs that I understand have not been previously produced.

---

Transcript of hearing on discovery motions, September 23, 2010, at 46.  (The emails claimed
began in 2004.)

3.  Email dated May 29, 2010 from Mr. Ring to Greenberg Traurig:

Counsel:

This is a continuation of the supplemental discovery responses that began yesterday. I had intended to finish the current supplementation yesterday, but there were some unforseen interruptions and I am now continuing the process over this Memorial Day Weekend - I would ask your patience as we send additional responses and installments of documents. Additional documents are now produced via the following link:

http://www.beyondsystems.net/UCE/WorldAve/BSI-SubpoenaToBalsam-000001_to_002521.zip (105 MB)

These documents consist of items received via subpoena in the Kraft case from Daniel Balsam, and are produced in the order in which they were received. They cover a variety of topics. At the very least, they cover facts that reinforce the allegations in the complaints as to wrongdoing by World Avenue.

4.  Email dated May 30, 2010 from Mr. Ring to Greenberg Traurig:

"Counsel:

Plaintiff now produces additional documents via the following link:

http://www.beyondsystems.net/UCE/WorldAve/BSI-JiCos-016600_to_BSI-JiCos-016775.zip (15 MB)

containing click-throughs on World Ave emails. These documents are produced in response to at least WAUSA's RPD set I, Nos. 3 and 4; RPD set II Nos. 16, 28; RPD set III No. 12.

May 30, 2010

Counsel:

Attached please find a supplemental response by BSI to two interrogatories and one document request.

This is intended as a courtesy copy subject to final amendment after further review by BSI. Upon finalization, the client will sign, and a signd copy will be produced."

5.  Email May 31, 2010:

Counsel:

This will serve as supplemental production of documents, as part of the series of installments that started May 28. BSI is now producing documents via the following link:

http://www.beyondsystems.net/UCE/WorldAve/BSI-K0000031_to_BSI-K0004235.zip (159 MB)

This zip file includes BSI-K0003178 - 3262, which were previously produced, but are included as part of the larger numerical sequence in this zip file. The documents produced at the above link include log files, click-throughs including landing pages, services and communications between BSI and Hypertouch services and communications between BSI and Hypertouch, domain and IP address information, configuration and account information, complaints, service disruption/degradation discussions, email handling, anti-spam features, documents from earlier litigation, evidence of spam-related costs, invoices from vendors, invoices to clients, other client

-------------------------------------

## VII.  Conclusion.

Plaintiff requests that the rulings at DE 441 be revised as described above.  Plaintiff

requests leave to file exhibits via supplement to this Motion.

_____/s/_____
Stephen H. Ring
STEPHEN H. RING, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249

_____/s/_____
Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Atorneys for Third-party Defendants Hypertouch, Inc. and James Joseph Wagner*

## Certificate of Service

I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.

_____/s/_____
Stephen H. Ring