**IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION**

| | |
|---|---|
| **BEYOND SYSTEMS, INC.**            * | |
|     **Plaintiff**            * | |
|                 * | |
|     v.            * | **Case No. PJM 08 cv 0921** |
|                 * | |
| **WORLD AVENUE USA, LLC**            * | |
| successor by merger to NIUTECH, LLC.,            * | |
| **DBA THE USEFUL, ET AL.**            * | |
|                 * | |
|     Defendants            * | |

## PLAINTIFF'S MOTION TO CORRECT MISNOMER

Plaintiff, through counsel, moves to correct a misnomer in the amended complaint (DE 34). Plaintiff named one of the defendants as "World Avenue USA, LLC, successor by merger to Niutech, LLC, dba 'TheUseful,'" in both the original complaint (DE 1) and the amended complaint (DE 34). The entity so named had changed its name to "TheUseful, LLC."[1] Regardless of the name change, the intended defendant is amply described as the successor of Niutech, LLC. Successor status is important because many of the violations alleged in this case occurred under the aegis of Niutech, LLC, and its successor may be found to inherit Niutech's liability.

Defendants contend there exists a second, distinct entity, also named "World Avenue USA, LLC," which is <u>not</u> a successor of Niutech, LLC, and that the answer to the amended complaint was filed by this second entity. In its original answer to the amended complaint this

---

[1] On March 9, 2010 Plaintiff filed a motion for leave to file a second amended complaint naming "TheUseful, LLC" as a defendant along with WAUSA and others, at DE 176, 177. That motion is among those set for a hearing on November 29, 2010. The instant motion is an effort to isolate and obtain an earlier ruling on the important issue of the naming and successor status of "TheUseful, LLC," which may affect other rulings including some on discovery issues.

second entity admitted its status as successor of Niutech, LLC, but it has since taken the position that it is <u>not</u> the successor of Niutech, LLC.  The two "World Avenue" entities at issue use the same federal tax ID number, and have the same office address (1613 NW 136th Avenue, Suite 100, Sunrise, Florida 33323) and the same managing member (World Avenue Holdings, LLC).

Plaintiff contends the shuffling of corporate entities, and the use of the same name for two entities, was done to evade claims in the face of inquiries and legal actions by attorneys general and private claimants.  Plaintiff asserts its claims against all entities that used the name "World Avenue USA, LLC" arising from the conduct alleged in the amended complaint, including their successors in interest, and any entities that were so named but have now changed their names to some other name.  To remove all uncertainty, Plaintiff moves to correct any misnomer that may exist as to the entity that changed its name to "TheUseful, LLC," at the same time preserving all of Plaintiff's claims, without any interruption in the pendency of those claims, as to all entities named "World Avenue USA, LLC."

## I.  Answers to the Amended Complaint.

Defendants, facing inquiries from attorneys general,[2] purported to create two entities with identical names during the summer of 2006.  After motions to dismiss were denied, an answer to the amended complaint was filed at DE 76 on behalf of an entity named "World Avenue USA, LLC" admitting it was the successor of Niutech, LLC.  Shortly thereafter, an amended complaint was filed changing "is" to "was," in stating that the entity "was" the successor of Niutech, LLC.  That defendant has recently unveiled its current theory to the effect that it is separate and distinct from "World Avenue USA, LLC, successor by merger to Niutech, LLC, dba 'TheUseful,' " and

---

2  See Exhibit 001 attached, reflecting the interest of attorneys general in IL, OR, PA, MD, TX.

is not a successor of that entity. [3] Plaintiff has used the longer appellation describing the successor entity to eliminate any doubt that the entity intended was the successor of Niutech, LLC via a merger with World Avenue USA, LLC in June, 2006, as shown by public records that include articles of merger, as further detailed below.

None of the defendants' responses to the complaints, including their five motions to dismiss (at DE 13, 40, 55, 281 and 323) and their two answers, object there has been a failure to join an essential party.

## II.   The "non-successor" theory

In its responses to merits discovery during 2010, World Avenue USA, LLC ("WAUSA") has denied that it is a successor of any entity, contending it was only formed on September 22, 2006 as shown by certain public records.  See Exhibit 008 (also marked as K-2.) Other public records show a date of creation for an entity by the same name on June 22, 2006.  Exhibit 009 (also marked as K-2a). The June filing was no accident: the certificate of formation was filed in Delaware within weeks of another Delaware filing that created "World Avenue, LLC," using the same document format, and the same Delaware address and registered agent.  Exhibit 010 (also marked as K-2b).  The merger documents and others provide further confirmation of the existence of the June-born WAUSA.

---

[3] WAUSA has stated in its Opposition to Plaintiff's Motion to Compel Responses to Interrogatories, Set 2 (attached as Exhibit 002), fn. 2 on p. 4, that it reserves the right to file its amended answer.  In fact, WAUSA's motion for leave to file its amended answer at DE 85 was granted at DE 105, giving the amended answer filing status under L.R. 6(a). That Opposition is also WAUSA's first exposition of its "non-successor" theory, other than its more laconic objections on this point in its prior discovery responses, quoted in this memorandum.

The WAUSA that denies it is a successor entity has taken the position in discovery that it does not know, and cannot know, any facts prior to September 22, 2010, its purported date of creation, despite its close relationship with a bevy of other entities under the same roof. It likewise denies that it has access to documents, data, and records created before that date. As a result, Plaintiff has been forced to invest considerable time and effort challenging WAUSA's resistance to discovery. (See, e.g., Plaintiff's motions to compel at DE 307, 327.)

In its responses dated April 19, 2010 to Plaintiff's first set of interrogatories, WAUSA states:

> The record is clear and undisputed that the entity that BSI sued -- World Avenue USA, LLC -- was formed on September 22, 2006. *See* Exhibit "A," attached hereto. <u>The record is devoid of any evidence that WAUSA is the successor in interest to any other company</u>.

Exhibit 005, DE 307-4 at 10. [Emphasis added.] This supposed new WAUSA has arbitrarily ignored the description of WAUSA in the complaint and has selected itself as "the entity that BSI sued," despite the fact that it describes itself as missing the key ingredient: successor status. In this sense, the second WAUSA may be seen as a "volunteer" who has stepped forward, while its "twin sister" who has been renamed, remains an equally serious target.

In its responses to Plaintiff's second set of interrogatories, in the section entitled "Objections to Instructions," WAUSA states:

> 3. WAUSA objects generally to the Interrogatories to the extent that WAUSA was formed on September 22, 2006, and it is not reasonably calculated to lead to the discovery of admissible evidence to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.

Exhibit 006, Responses, at 2.   This objection is repeated more or less verbatim throughout the responses.

The Amended Complaint (DE 34) describes WAUSA as the successor entity of Niutech, LLC.  Id. at 2-3.  WAUSA's status as successor of Niutech, LLC by merger is confirmed in the secretary of state filings at Plaintiff's Exhibits 007 – 013 (also marked as K-1 through K-5, filed at DE 423-2 through -6), attached.  A substantial number of the emails claimed in this suit were sent during the time that Niutech was in existence.

WAUSA walks through its version of the merger and name change in its Opposition to Motion to Compel Plaintiff's Interrogatories Set 2, excerpts of which are attached as Exhibit 002.

WAUSA pays particular attention to the hours and minutes involved in the very closely timed changes in corporate status on which it relies, in connection with the two Delaware limited liability companies at issue.  WAUSA notes that on September 19, 2006 at 2:13 p.m., World Avenue USA, LLC changed its name to TheUseful, LLC by a filing with the Delaware Secretary of State, Department of Corporations.  (WAUSA Exhibit 7, Certificate of Amendment of Certificate of Formation).

WAUSA contends that "the named Defendant in this case, World Avenue USA, LLC, is a Delaware limited liability company formed on September 21,[1] 2006 at 11:51 a.m. . . ."  (This argument leaps over the fact that the description of WAUSA as the successor in interest of Niutech, LLC leaves no doubt that the entity being described is the one later named TheUseful, LLC, and that the name change is trivial, and does not impair the existence of the entity.)  WAUSA then points to the formation papers filed with Delaware, its Exhibit 9.   WAUSA argues

5

that at the time "the Defendant" was formed, there was no entity in Delaware or Florida called World Avenue USA, LLC.

In other words, Defendant Niuniu Ji, who signed most of the papers for the merger, the the name change, and the creation of WAUSA II, effected the name change on September 21, 2006 at 10:20 a.m., as if that change erased the existence of the entity. By defendants' logic, for 1 hour and 31 minutes (between the name change at 10:20 a.m. and the creation of the new entity at 11:51 a.m.), the name, "World Avenue USA, LLC" did not apply to any entity in Florida or Delaware. WAUSA's analysis hinges on the particular name used at the moment, which is a superficial element easily changed, rather than the more substantial features of the make-up of the corporation and its role as a continuation of a going concern.

### III. Inconsistencies in WAUSA's Contentions as to Successor Status.

The Answer filed on behalf of Defendant World Avenue USA, LLC at DE 76 (Exhibit 014) states:

> 3. World Avenue admits that it is a limited liability company formed under the laws of Delaware and that it maintains its principal business offices in Sunrise, Florida, <u>and that it is the successor in interest to Niutech, LLC through Articles of Merger</u>. . . .

The Amended Answer at DE 85-2 (attached as Exhibit 015) states:

> 3. World Avenue admits that it is a limited liability company formed under the laws of Delaware and that it maintains its principal business offices in Sunrise, Florida, and that <u>it ~~is~~was the successor in interest to Niutech, LLC through Articles of Merger</u>. . . .

[Strikeout in original; emphasis added.] The sole change in the entire Amended Answer, filed August 3, 2009, appears to be the replacement of "is" with "was" as shown above.

The name change from WAUSA to TheUseful, LLC in Florida was accomplished by the filing of two documents with the Florida Secretary of State on September 21, 2006: an application for WAUSA as a foreign entity (formed in Delaware) to conduct business in Florida, BSI SOS 88; and an amendment to the foreign application to change the name of WAUSA to TheUseful, LLC.  Exhibit 012 at 3 (also marked K-4 , BSI SOS 91).

It is clear that the original answer was filed on behalf of the entity named "World Avenue USA, LLC" that is the successor of Niutech, LLC by merger.  The Amended Complaint amply describes the entity, even including "The Useful" as part of the description. The same Federal Employer ID number (FEIN 26-0004483) is shown in the filings with the Florida Secretary of State for Niutech, LLC, World Avenue USA, LLC, and TheUseful, LLC.   All of these entities, except the now inactive Niutech, LLC, list the same physical address of 1613 NW 136TH Ave, Suite 100, Sunrise FL 33323. Exibits 008, 011, 012 (also marked K-2, K-3, K-4), attached.

The confirmed merger of Niutech, LLC into World Avenue USA, LLC in June, 2006 is incongruous with WAUSA's argument that it first came into existence on September, 22, 2006. WAUSA's pretense that it has no information prior to September 22, 2006 is likewise without basis, as it inherited Niutech's assets and liabilities, and stands in its place as a repository of records for the prior entity, which was clearly in spam-related litigation for years, and was therefore under a duty to preserve records pertaining to e-mail driven marketing.

The essential details of the merger, leaving WAUSA as the successor entity of Niutech, LLC, are the following:  On June 22, WAUSA was created by the filing of a Certificate of Formation with the Delaware Secretary of State.  Exhibit 009 (also marked K-2a).  On June 29,

2006 Defendant Niuniu Ji signed for both sides of the merger of Niutech, LLC into World Avenue USA, LLC (WAUSA). He signed the Articles of Merger (BSI SOS 81, three signatures by Mr. Ji at -83) and an Agreement and Plan of Merger (four signatures by Mr. Ji at -85). The Articles of Merger very clearly identify World Avenue USA, LLC as a "Delaware Limited Liability Company;" show both entities at the same address, which at that time was 6001 Broken Sound Parkway, Suite 200, Boca Raton, Florida 33487; and recite in paragraph 3 that responsibility was transferred to WAUSA for the prior acts of Niutech, and that the merged entity, Niutech, LLC, was eliminated. Exhibit 008 (also marked K-2) at 5. The Agreement and Plan of Merger, publicly filed along with the Articles, provides in paragraph 3 that the "Surviving Entity shall be subject to all the . . . . liabilities of the Constitutent Entities," and that all of the "liabilities and obligations of the respective Constituent Entities shall thenceforth attach to the Surviving Entity and may be enforced against it to the same extent as if . . . incurred by it." Further, all of the "acts, plans, policies, contracts, approvals and authorizations" of the old entity were assumed by the new one. Id.

     By virtue of the public documents, it is clear that WAUSA existed in June, 2006, that it became the successor to Niutech, LLC, and that it assumed the assets and liabilities of the old entity. Florida law further establishes the survivor as the repository of all assets and liabilities of the predecessor entity(ies), and requires the termination of the predecessors. Florida Statutes, Corporations, Sec 607. 1106, Effect of Merger or Share Exchange. ("(1)(c) The surviving corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each corporation party to the merger"). See also, section 1101, "Merger." Exhibit 014 (also marked K-6), attached.

After 2006, until its 2010 discovery responses in this suit, WAUSA has continued to hold itself out publicly as the successor of Niutech. For example, in the action filed by WAUSA to preclude later disclosure of documents that had been produced during the Florida attorney general action in 2006-07, WAUSA names itself, "World Avenue USA, LLC, successor by merger to Niutech, LLC." Exhibit 015 (also K-8, FL AG 2179-87.) The petition in that action seeks a confidential designation for documents WAUSA identifies as, "Niutech 00014 - 42, 0044-10571, 10744-15745, 0016209-220, 0016510-16642 and WA001369-3651, WA003659 – 4025." WAUSA has not produced any documents numbered as high as 10,571 or 16,642, as referenced in that action, as WAUSA contends now that it is not the entity that was involved there.

The Amended Complaint at DE 34 names as a defendant, "World Avenue U.S.A., LLC, successor by merger to Niutech, LLC, dba 'TheUseful'." This same phrase was used to identify World Avenue in the Florida attorney general proceedings. See Exhibit 016 (also marked K-11, FL AG 211-213). In the Texas attorney general investigation, the entity is referred to as "Niu Tech, LLC" See Exhibit 017 (also marked K-13, TX AG 1-9) attached, and as simply "World Avenue." (Id. at TX AG 28-33). In those actions, subpoenas and document requests were propounded and answered using those names, without any protest that the attorneys general had named the wrong entities. The settlement check for $1,000,000 in the Florida AG action was written by WUASA. Exhibit 018 (also marked K-14, FL AG 0046).

The trade name, "TheUseful" has been used continuously in an email-based lead-generation business since the year 2000, as shown by World Avenue websites. See Exhibit 013 (also marked K-5). It has also been registered as a trade name of Niutech, LLC, Exhibit 008

9

(also marked K-2) at 23, further confirming the continuity of the entity from Niutech, LLC to WAUSA to TheUseful, LLC.

### IV. Applicable Law

The unusual situation before the Court involves two entities that have been created under precisely the same name, operated by the same people at the same location, in the same business venture, having the same registered agent and the same legal counsel. Plaintiff regards them both as being named in the amended complaint, and as having been served. DE 5, Affidavit of Service with exhibits. Only one of them has chosen to respond to the suit. This scenario does not involve a request for joinder because Plaintiff regards both WAUSA entities as having been named and served. It is not a classic misnomer because the name, "World Avenue USA, LLC" was correctly spelled. The only modification sought is to recognize the name change. This type of modification is ordinarily allowed:

> Courts generally allow amendments to change or correct the name of a party, whether corporation or individual, where the change does not have the effect of substituting another party, and the court conceives it has jurisdiction. As explained by the Fourth Circuit,
>
> Under modern practice, … [w]here the proper party is before the court, although there under a wrong name, and if the plaintiff, he is the party having the cause of action, and, if the defendant is the party the plaintiff intended to sue and did sue, and the court considers such defendant within its jurisdiction, an amendment of process and pleading will be allowed to change or correct the name of either plaintiff or defendant to cure the misnomer.

<u>A.H. Fischer Lumber Co. v. A.H. Fischer Co., Inc.</u>, 162 F.2d 872, 873 (4th Cir. 1947) (denying dismissal and permitting amendment where the word "Inc." was omitted from party's name and "Lumber" was added where "[t]he defendant was engaged in some branch of the lumber or

woodworking business, there was no other corporation in the locality with a similar name, and nobody was misled in the first case"); see also <u>Hemphill Contracting Co. v. United States</u>, 34 Fed. Cl. 82, 86 (Fed. Cl. 1995) (granting motion to amend to correct misnomer of plaintiff from "Hemphill Contracting Company, Inc." to "Hemphill Contracting Co., Inc.").

### V. Consequence of Denial of Successor Statuts

Despite all the evidence that the WAUSA named as a defendant in this suit is the entity that stands as successor of Niutech, LLC, the entity that has responded to this suit under the name "World Avenue USA, LLC" denies that it is that successor. Because the defendants elected to create two entities with identical names and identical registered agents, both entities have been served. It is clear that the successor entity is controlled by the same group of people, and despite ample notice far beyond mere service of process, has elected not to respond to this suit. Even under Defendants' analysis, TheUseful, LLC <u>is</u> the original WAUSA. This leaves TheUseful, LLC open for entry of default.

### VI. Relief Sought.

For the reasons stated above, Plaintiff moves to correct any misnomer the Court many find as to the entity that changed its name to "TheUseful, LLC," by amending the amended complaint to include "TheUseful, LLC," at the same time preserving all of Plaintiff's claims, without any interruption in the pendency of those claims, against all entities named "World Avenue USA, LLC" arising from the facts alleged in the amended complaint. Plaintiff also preserves its claims as to all other defendants named and described in the complaints.

| | |
|---|---|
| ___/s/_____ | October 22, 2010 |

Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639


___/s/_____
Michael S. Rothman
401 E. Jefferson Street Suite 201
Rockville, MD 20850
Telephone: (301) 251-9660 Fax: (301) 251-9610

*Attorneys for Plaintiff*

## Exhibits

001 - Attorney general communications: IL, OR, PA, MD, TX

002 – WAUSA Opposition to Motion to Compel, Plaintiff's Interrogatories Set 2, excerpts, with Exhibits 1 – 10.

003 – Answer to Complaint, DE 76, excerpts

004 - DE 85-2 Amended Answer of WAUSA, excerpts

005 - WAUSA's Answers to Interrogatories, Set 1, DE 307-4, excerpts.

006 - WAUSA's Answers to Interrogatories, Set 2, excerpts.

007 - K-1 Declaration of Stephen H. Ring, authenticity of documents from secretaries of state

008 - K-2  Niutech documents. (BSI SOS 106, 107 of 117; 2003 to 2006 annual reports; DE 202-7, pp. 1-11 FL SOS filings, merger; WA003718-20, TheUseful.com as fictitious name of Niutech, LLC.)

009 - K-2a Certificate of Formation of WAUSA, Delaware SOS, June 22, 2006.

010 - K-2b Certificate of Formation of WA, Delaware SOS, June 1, 2006.

011 - K-3  WAUSA documents from FL Secretary of State (Including at 4, September 21, 2006 Application by WAUSA as a foreign entity (Delaware) to conduct business in Florida, signed Defendant Niuniu Ji, also at BSI SOS 88).

012 - K-4  TheUseful, LLC documents from FL Secretary of State (Including, at 3, September 21, 2006 Amendment of foreign application, changing the name of  WAUSA to TheUseful, LLC.  Also BSI SOS 91.)

013 - K-5  Websites for TheUseful.com, 2002 - 2008

014 - K-6  Florida Statutes, Corporations, Sec 607.1101 and -.1106, mergers

015 - K-8 August, 2008, WAUSA petition to seal; WAUSA names itself,  "World Avenue USA, LLC, successor by merger to Niutech, LLC." Documents FL AG 2179-87.

016 - K-11 (at p. 14) FL Attorney General Second Amended Complaint at FL AG 211-13, excerpts

017 - K-13 Texas attorney general documents referring to "Niu Tech, LLC" and "World Avenue"
(Documents TX AG 1-9, TX AG 28-33)

018 - K-14  WAUSA check for $1,000,000 in Florida AG action; Document FL AG 0046

### Certification of Request for Consent

I certify that on October 21, 2010 I exchanged emails with Sanford Saunders, Esquire, counsel for defendants, in an effort to obtain his consent to the relief sought in the foregoing motion.  As of this writing, no such consent has been obtained.

_____/s/_____
Stephen H. Ring
Co-counsel for Plaintiff