**Exhibit 006**
**WAUSA's Answers to Interrogatories, Set 2, excerpts.**

## IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> WORLD AVENUE USA, LLC, et al. ) <br> ) <br> Defendants. ) <br> ) | Case No. PJM 08 cv 0921 |

### WORLD AVENUE U.S.A., LLC'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 104 (6) of the Local Rules of the United States District Court for the District of Maryland, Defendant WORLD AVENUE USA, LLC ("WAUSA") hereby provides its answers and objections to Plaintiff Beyond Systems, Inc.'s ("BSI") Second Set of Interrogatories, as follows:

### GENERAL OBJECTIONS

1. WAUSA objects to each Interrogatory Request ("Interrogatory") to the extent that it may be construed as calling for information subject to any claim of privilege, including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. Pursuant thereto, WAUSA and its counsel hereby claim these privileges and object to any such Interrogatory on this basis.

2. WAUSA objects to each Interrogatory to the extent that it may be construed as calling for information which constitutes or contains trade secret, proprietary, confidential, or commercially sensitive information, or other information, the disclosure of which would result in substantial injury to WAUSA.

3.  WAUSA objects to each Interrogatory to the extent that it may be construed as calling for information already in Plaintiff's possession, custody or control, or that is available from public sources on the grounds that such an interrogatory is unduly burdensome and oppressive, and as such, exceeds the bounds of permissible discovery.

Each of these general objections is incorporated into each of the responses set forth below, which responses are made without waiver of any of these general objections.

## OBJECTIONS TO INSTRUCTIONS

1. WAUSA objects to the instruction #7 on the grounds that it exceeds the scope of discovery obligations established under Rule 26 (e) and, thus, is overly broad, unduly burdensome and oppressive. WAUSA further objects to Instruction 7 because it is not included in the Standard Interrogatories Instructions.

2.  WAUSA objects to the requirement to produce documents in native format in Instruction 5(A) for any documents that are not readily accessible or for any documents for which the metadata associated with the document is not at issue or for which native format is not relevant to the issues in the case.

3.  ==WAUSA objects generally to the Interrogatories to the extent that WAUSA was formed on September 22, 2006, and it is not reasonably calculated to lead to the discovery of admissible evidence to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.==

4.  WAUSA further objects to the oppressive and burdensome nature of each and every interrogatory requiring WAUSA to provide information which was either lost or obscured as a result of Plaintiff's own intentional destruction of evidence and/or negligent failure to preserve evidence. Specifically, until February 2008, a timeframe long after the date of virtually

**Pages 3 - 52 were omitted from this exhibit, consisting of excerpts only**