**Exhibit 017**
**K-13 Texas attorney general documents referring to "Niu Tech, LLC" and "World Avenue"**
**(Documents TX AG 1-9, TX AG 28-33)**





STATE OF TEXAS
OFFICE OF THE ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION

# CIVIL INVESTIGATIVE DEMAND

TO: Niu Tech, L.L.C.
     6001 Broken Sound Parkway #300
     Boca Raton, FL 33433

*Via Certified Mail,
Return Receipt Requested*

    Pursuant to the authority of § 17.61 of the TEXAS DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT, § 17.41 *et seq.*, TEX. BUS. & COM. CODE ("DTPA"), you are hereby directed to produce the documentary material listed in Exhibit C. Please review the "Definitions" and "Instructions" applicable to the Civil Investigative Demand. They are labeled as Exhibits A and B, respectively.

    You are to make available the documentary material described in Exhibit C to the person designated below as "authorized agent." This material shall be produced on or before <u>March 21, 2006</u> for inspection and copying at your place of business. In the alternative, copies of the requested material may be sent by courier or certified mail to the Office of Attorney General, 300 W. 15th St., 9th Floor, Austin, TX 78701, and are due on <u>April 7, 2006</u>. **Please contact the authorized agent named below to advise where you wish to produce the materials.**

    This Civil Investigative Demand is relevant to the subject matter of an investigation of possible violations of §§ 17.46(a) and (b) of the DTPA, in the advertising, marketing, and sale of Internet services in Texas.

> **TAKE NOTICE THAT** pursuant to § 17.62, TEX. BUS. & COM. CODE, any person who attempts to avoid, evade, or prevent compliance, in whole or in part, with this directive by removing, concealing, withholding, destroying, mutilating, altering, or by any other means falsifying any documentary material may be guilty of a misdemeanor and on conviction is punishable by a fine of not more than $5,000.00 or by confinement in the county jail for not more than one year, or both.

ISSUED THIS day of March 7, 2006.

_____
Corey David Kintzer
Assistant Attorney General
CONSUMER PROTECTION AND PUBLIC HEALTH DIVISION
300 W. 15th Street, 9th Floor
Austin, Texas 78701

AUTHORIZED AGENT:
**Gary Adkins**
(512) 475-4177
(512) 473-8301 (FAX)

## EXHIBIT A

## DEFINITIONS

1. "Consumer Incentive Promotions," "eMarket Research Group," "you," and "your" means "Niu Tech, L.L.C.," its officers, directors, equity owners, representatives, employees, agents, attorneys, successors, and assigns. The terms also include all natural persons and entities acting or purporting to act on behalf of any of the above, as well as any predecessor, successor, affiliate, subsidiary, parent, or wholly-owned or -controlled entity. The phrase shall be construed to include present and former officers, directors, equity owners, agents, employees, representatives, consultants, attorneys, associates, and all other persons acting or purporting to act on your behalf, and any predecessor, successor, affiliate, or subsidiary entity or person(s), including all present and former officers, directors, agents, employees, and all other persons exercising or purporting to exercise discretion, make policy, or make decisions.

2. Without limiting the term, a document is deemed to be within your "control" if you have ownership, possession, or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

3. "Document" or "documentation" means and includes all written, printed, recorded, and graphic matter, regardless of authorship, both originals and non-identical copies, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing was intended for or transmitted internally by you, or intended for or transmitted to any other person or entity. It includes communications in words, symbols, pictures, photographs, sounds, films, and tapes, as well as information stored in or accessible through computer or other information storage and retrieval systems, together with all codes and/or programming instructions and other materials necessary to understand and use such systems. The term also includes electronic mail or "e-mail," web pages and/or web page source code, as well as facsimile transmissions.

4. As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of this request any answer, response or document that might be deemed outside its scope by another construction.

5. "Any" means any and all.

6. "Showing" and "reflecting" a given subject shall mean any document or communication that constitutes, evidences, contains, embodies, comprises, respects, relates to, concerns, touches upon, incident to, identifies, states, refers to, deals with, comments on, responds to, describes, involves or is in any way pertinent to that subject including but not limited to documents concerning the presentation of other documents.

7. "Relate," "related," and "relating" mean and include all information that in any manner or form is relevant in any way to the subject matter in question, including, without limitation all information that, directly or indirectly, contains, records, reflects, summarizes, evaluates, refers to, indicates, comments upon, or discusses the subject matter or that in any manner states the background of, or was/were the basis or bases for, or that record, evaluate, comment upon, relate to, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at your conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or determination(s).

8. "Identifying" means to give a reasonable, detailed description thereof. When referring to a person, it includes providing a present or last known address, telephone number, title or position, and place of employment, and, if previously or presently employed by you, the date he or she was hired and the date he or she was terminated, if applicable.

# EXHIBIT B

## INSTRUCTIONS

1. Unless otherwise stated, the scope of this Civil Investigative Demand (CID) relates to all actions or omissions of action since January 1, 2004.

2. It is not sufficient to fail to provide documents if you can obtain them from persons reasonably available to you or under your control.

3. If the requested information is stored only on software or otherwise is "computer-based information," you are directed either to produce the raw data along with codes and programs necessary for translating it into usable form by The Office of the Attorney General of Texas, or to produce the information in a finished usable form. In either case, you must include all necessary glossaries, keys, indices, and software necessary for interpretation of the material.

4. Each document and other tangible thing produced shall be clearly designated as to which Request, and each sub-part of a Request, that it satisfies.

5. In any situation in which it is not clear in which capacity you are responding, you are to designate all relevant capacities.

BSI TX AG 0004 of 33

# EXHIBIT C

1. Produce documents reflecting your authority to do business in Texas. Include but do not limit your response to articles of incorporation or association, amendments thereto, filings of name changes, assumed name certificates, doing business as records filed with any county, certificates of authority and all other documents submitted to or issued by any Texas state or local governmental entity as a predicate for engaging in business.

2. Produce documents identifying all Texas customers who have registered via your website(s) to receive an "account", whether currently closed or active, with Consumer Incentive Promotions or eMarket Research Group for the purpose of receiving a good or service from Niu Tech, L.L.C. or any companies under its control or direction.

3. Produce documents identifying all names under which you have conducted business, including active and dead corporate entities and assumed names (d/b/a's) under which you have offered "free, promotional, or incentive gifts."

4. Produce a sample copy of all contract forms, rules, and disclaimers used by you in offering your Consumer Incentive Promotions and eMarket Research Group goods or services.

5. Produce documents identifying all third-party entities from whom consumers may acquire any goods or services, thereby satisfying any requirement necessary to obtain any goods or services from Niu Tech, L.L.C or any companies under its control.

6. Produce documents constituting any agreements or contracts between you and any affiliates or third-party entities identified in response to request No. 5 above.

7. Produce documents showing any communication between you and any third-party entities identified in response to request No. 5 above regarding Texas consumers.

8. Produce documents identifying all third-party affiliates who have received compensation from you since January 1, 2005 for the referral of customers to your website(s).

9. Produce documents reflecting any advertising used to offer or promote Consumer Incentive Promotions or eMarket Research Group offers, goods, or services. Include, but do not limit your response to print advertisements, television or radio commercials, copies of websites, pop-up or pop-under ads, banner ads, and electronic mail.

10. Produce a sample copy of any scripts, training manuals, or other instructional material provided to owners, managers, or employees of Niu Tech, L.L.C. who respond to consumer inquiries.

11. Produce documents identifying all Texas consumers who have received from you any "free" product or promotional "gift." Include in your response documents identifying what such product or gift was received.

12. Produce documents reflecting complaints which have been submitted to you by residents of the State of Texas regarding any of your "free" product or promotional "gift" offers. Include, but do not limit your response to:

BSI TX AG 0005 of 33

    a.    All complaints and commemorations thereof (where the complaint was delivered by telephone, for example, provide notes of all such telephone conversations);
    b.    All documents generated by you in response to the above complaints; and
    c.    All documents commemorating resolution of those complaints.

13. Produce documents of all terms and conditions of all of your offers of goods or services to consumers.

14. Produce documents constituting your privacy policy regarding consumer information.

15. To the extent not provided in this request or in response to previous requests, produce sample copies of any other disclosure forms or written information provided to current or prospective customers or otherwise maintained by you or your affiliates relating to Consumer Incentive Promotions and eMarket Research Group.

ATTORNEY GENERAL OF TEXAS
GREG ABBOTT

September 19, 2006

**VIA FACSIMILE (214) 665-5976 AND
VIA FIRST CLASS U.S. MAIL**

Mr. Hugh E. Hackney
Greenberg Traurig
2200 Ross Avenue; Suite 5200
Dallas, TX 75201

Re:   Additional Documents Request

Dear Mr. Hackney:

As you know, our office has for several months been reviewing Niu Tech's business practices related to their various, internet-based "free-gift" programs. As a follow-up to our conversation on September 18, 2006, I am sending this letter is to facilitate the production of desired documents with an explanation of some of the requests from our March 7th, 2006 CID and to make additional requests as an extension of that CID.

**March 7th, 2006 CID**

The CID defined Consumer Incentive Promotions and eMarket Research Group as Niu Tech, L.L.C. However, many of the responses seemed to have been limited to only Consumer Incentive Promotions and eMarket Research Group. When we refer to Consumer Incentive Promotions or eMarket research Group, we mean Niu Tech, L.L.C, which is to include any name or URL it uses for any of its promotional programs. The following explanations pertain to Exhibit C of the CID:

In paragraph 2 we requested the production of documents identifying all Texas customers who have registered for an account to receive free, promotional, or incentive gift merchandise from any website owned, operated, controlled, or registered by Niu Tech. For example, this request includes Texas accounts created from eatoutfreetoday.com, freegamessource.com, myselectgifts.com, and any of the other numerous websites attributed to Niu Tech.

In paragraph 3 we asked for a list of other names under which Niu Tech L.L.C. is offering free, promotional, or incentive gifts. For purposes of this request, we consider each and every URL or web address that Niu Tech is using or has used to fall under the rubric of "other names under which you have conducted business." In addition to what has already been produced, please provide us with a complete list of all URLs that Niu Tech has used or is using to offer free, promotional, or incentive gifts.

Bates Stamped items NIUTECH000003-NIUTECH000005 are the Program Requirements for only a laptop computer. However, in Paragraph 4, we requested "all contract forms, rules, and disclaimers." We are requesting the production of all such items used by Niu Tech for all of its free, promotional, and incentive gift offers. For example, the program requirements for a "free $100 Chili's Gift Card" are different than that of a laptop computer. Additionally, we have discovered that the wording and format of some of the Program Requirements and of the Terms and Conditions (Bates Stamped items NIUTECH000006-NIUTECH000010) have changed or have been updated. Please produce all versions, both outdated and updated, of any and all

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548 TEL: (512)463-2100
WEB: WWW.OAG.STATE.TX.US
*An Equal Employment Opportunity Employer · Printed on Recycled Paper*

BSI TX AG 0007 of 33

Program Requirements and the Terms and Conditions of participation.

In paragraph 5 we requested a list of companies for which Niu Tech lists offers on its free, promotional, or incentive gift offer websites. For example, to participate in a promotional offer, customers can get a Discover card, sign up with Columbia House, or join Netflix all through links Niu Tech provides. Please produce a list of companies making promotional offers on Niu Tech's websites such as Discover, Columbia House, and Netflix.

In paragraph 6 we requested documents reflecting any agreement(s) between Niu Tech and any companies making offers on any of Niu Tech's websites. For example, we want to see what arrangements Niu Tech has with companies (Discover, Columbia House, and Netflix, for example) to which Niu Tech is driving its online-customers.

In paragraph 9 we requested any type of advertisement that Niu Tech currently owns or has had created for the purpose of offering free, promotional, or incentive gifts. Those advertisements include but are not limited to any email or pop-up ad Niu Tech has sent or has paid for to be sent to consumers offering any free, promotional, or incentive gift, if such documents are in Niu Tech's possession. This request is in response to consumers alleging that they have received advertisement emails and pop-up ads linked to web addresses leading back to Niu Tech.

In paragraph 11 we requested documents identifying all of Niu Tech's Texas customers that received a free product or promotional gift. In case there was any misunderstanding, I wanted to clarify that the response was not to be limited to Consumer Incentive Promotions and eMarket Research Group. Our request was for all of Niu Tech's Texas customers regardless of what promotional website they were using.

In paragraph 12 we requested all complaints that Niu Tech has received from Texas customers. However, aside from a few BBB complaints you submitted, we received from you a sheet of what Niu Tech has dubbed "inquiries." We are requesting that Niu Tech separate the complaints from the list of inquiries we received and designate them as "complaints." Please also provide a summary of the customers' complaints.

**Additional Requests**

We request that, as an extension to our March 7th, 2006 Civil Investigative Demand, your client provide the following additional documents for our review:

1. Produce documents reflecting any designations, identification numbers, or any other identifying name or number every entity, company, corporation, partnership, or any other organization uses to identify you to acknowledge when you have listed their offers on any of your websites or when your customers have successfully satisfied their offers through links from your website.

2. Pursuant to your ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Produce any and all notes any of your employees have made regarding any Texas customer calls. Notes are to include but not limited to the reason the customer called in the first place ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and the date of the resolution.

3. Pursuant to you ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Produce any and all notes any of your employees have made regarding any Texas customer calls that have been transferred for review.

4. Produce documents reflecting your internal policy for emailing consumers advertisements and/or

offers of "gifts" or "free" merchandise.

We appreciate Niu Tech's cooperation to date in providing documents pursuant to our March 7th, 2006 CID. After examining the above requests, please contact me to discuss your expected time line for production. As always, thank you for your cooperation in this matter.

Sincerely,


Corey David Kintzer
Assistant Attorney General
Consumer Protection and Public Health Division
(512) 936-0585 (telephone)
(512) 322-0578 (facsimile)
corey.kintzer@oag.state.tx.us (e-mail)

BSI TX AG 0009 of 33



## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

July 15, 2008                                           *VIA First Class Mail and*
                                                       *Electronic Mail*

Mr. Hugh E. Hackney
Greenberg Traurig
2200 Ross Avenue; Suite 5200
Dallas, TX 75201
Email: hackneyh@gtlaw.com

Re:   World Avenue's Representations Regarding Settlement

Dear Mr. Hackney:

It has come to our attention that World Avenue has launched an advertising campaign through Google regarding the outcome of our recent settlement. In those advertisements, World Avenue represents that the Texas Attorney General has given World Avenue an "Out Standing Commendation" and "Sides" with World Avenue as a "Quality Leader."

We are shocked and disappointed that World Avenue is making such representations. During our lengthy discussions with you and your client, we made it clear that the AVC with World Avenue was not to be used to suggest that the Texas Attorney General approves of World Avenue's business practices. Indeed, as I am sure you recall, Mr. Niuniu Ji was adamant that World Avenue would not make such claims.

World Avenue's representations are in clear violation of the Texas DTPA. At a minimum, such representations are misleading and cause confusion or misunderstanding as to the sponsorship, approval, or certification of World Avenue's services. To avoid further violations of the DTPA and immediate legal action from our office, we demand that World Avenue immediately remove all advertisements suggesting that the Texas Attorney General has in any way approved of World Avenue's business practices.

Further, as part of our inquiry into this matter, we request the following documents:

1. Produce copies of all advertisements wherein the Texas Attorney General, the Texas Attorney General's office, a Texas State Attorney, or World Avenue's settlement with Texas is mentioned or referenced.
2. Produce copies of all advertisements that link to World Avenue's press release regarding its settlement with the Texas Attorney General's office.
3. Produce copies of all advertisements wherein the Florida Attorney General, the Florida Attorney General's office, a Florida State Attorney, or World Avenue's settlement with Florida is mentioned or referenced.

*POST OFFICE BOX 12548 AUSTIN, TEXAS 78711-2548 TEL: (512) 463-2100 WWW.OAG.STATE.TX.YS*
*AN EQUAL EMPLOYMENT OPPORTUNITY EMPLOYER · PRINTED ON RECYCLED PAPER*

BSI TX AG 00028 of 33

4. Produce copies of all invoices for each advertisement produced in your response to paragraphs 1 and 2 above.

5. Produce copies of all internal correspondence, memos, or other documents regarding the design and approval for each advertisement produced in your response to paragraphs 1 and 2 above.

6. Produce copies of all correspondence you have had with Google or any other publishers related to the advertisements produced in your response to paragraphs 1-3 above.

We would like to arrange a meeting with you and your client, at our offices here in Austin, to further discuss this matter and an appropriate resolution. Please let us know by July 22nd what dates you and your client would be available to meet during the week of July 28th.

Sincerely,

Corey David Kintzer
Assistant Attorney General
Consumer Protection and Public Health Division
(512) 936-0585 (telephone)
(512) 322-0578 (facsimile)
corey.kintzer@oag.state.tx.us (e-mail)


CC: Dale Baker (email)
CC: Niuniu Ji (email)

POST OFFICE BOX 12548 AUSTIN, TEXAS 78711-2548 TEL: (512) 463-2100 WWW.OAG.STATE.TX.YS
AN EQUAL EMPLOYMENT OPPORTUNITY EMPLOYER · PRINTED ON RECYCLED PAPER

BSI TX AG 00029 of 33

**From:** Corey Kintzer
**To:** HackneyH@gtlaw.com
**Date:** 7/30/2008 11:23 AM
**Subject:** Requesting additional documents

Hugh,

Per your request, I am writing to inform you of the additional documents we requested during our conference call with you and your client yesterday. In addition to the documents we requested in our July 15th letter to you and your client, we request the following documents:

1. Produce any documents reflecting the policies or procedures World Avenue uses to guide the approval of advertisements.

2. Identify the person(s) responsible for creating and approving the advertisements that state

   a. "Texas Attorney General Out Standing Commendation of World Avenue," and

   b. "Texas State Attorney Sies with World Avenue as Quality Leader."

   Include in your response the job title(s) and job description(s) of the person(s) you identify in response to this paragraph.

Thank you for arranging the conference call yesterday and taking the time to speak with us regarding our concerns. If you have any questions or concerns, please do not hesitate to contact me.

Corey David Kintzer
Assistant Attorney General
Office of the Attorney General
Consumer Protection & Public Health Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-0585 (telephone)
(512) 473-8301 (facsimile)



## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

May 7, 2009

**VIA First Class Mail**

Mr. Hugh E. Hackney
Greenberg Traurig
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Email: hackneyh@gtlaw.com

Re:   Advertisement Linking to www.onlinerewardcenter.com

Dear Mr. Hackney:

As we discussed over the telephone, as part of our continuing investigations of companies making "free" claims, we recently discovered some advertisements that lead us to believe that your client is in violation of their Assurance of Voluntary Compliance.

For example, the enclosed advertisement for a free Apple iPhone recently came to our attention. (See attached CD BS# WA00002). As you can see, the advertisement contains an audio component that states, "Congratulations. You've been selected to receive a free Apple iPhone." The advertisement contains no audio disclosures and the only textual disclosures on the advertisement are in a font substantially smaller than the rest of the text on the advertisement, stating "details apply." Further, there are no disclosures stating that a purchase or purchases may be required. We also encountered a similar advertisement for a free Ipod Nano. (See attached CD BS# WA00001). In that advertisement, there is also an audio component that states, "Click here to get a free 16 gigabyte Ipod Nano." Again, there are no audio disclosures and the small textual disclosure only states, "details apply participation required."

When we started to investigate the advertisements, we were surprised (and disappointed) to discover that many of the advertisements, including those enclosed with this letter, linked to the Web site www.onlinerewardcenter.com, a Web site that appears to resolve back to World Avenue. We further noticed that the landing page to which the advertisement links also fails to include language located in close proximity to the word "free" indicating that a purchase or purchases may be required.

Consequently, we believe your client is currently violating paragraphs 20(A) and (B) of the May 14, 2008 AVC. Pursuant to paragraph 28 of the AVC, please consider this letter notice of the conduct we believe to be in violation of the AVC.

POST OFFICE BOX 12548 AUSTIN, TEXAS 78711-2548 TEL: (512) 463-2100 WWW.OAG.STATE.TX.US
AN EQUAL EMPLOYMENT OPPORTUNITY EMPLOYER · PRINTED ON RECYCLED PAPER

BSI TX AG 00031 of 33

In light of the possible foregoing violation, we are also requesting that, on or before May 25, 2008, your client produce the following documents:

1. Produce a list of all incentive promotion Web sites World Avenue owns, operates, or controls;
2. Produce copies of all agreements World Avenue or any of its affiliates have with LM Networks and Liquid Media;
3. Produce copies of all landing page variations for www.onlinerewardcenter.com covering the time period from August 12, 2008 to the present;
4. Produce a list of all Texas consumers that have registered an account with World Avenue since August 12, 2008 through the Web site www.onlinerewardcenter.com; and
5. Produce all consumer complaints that World Avenue has received since August 12, 2008.

We appreciate your continued cooperation and hope we are able resolve all of the concerns we have brought to your attention. Before we can recommend an amendment to the previous AVC, however, the situation regarding the advertisement linking to www.onlinerewardcenter.com must be addressed and resolved.

Please do not hesitate to contact me if you have any questions or concerns.

Sincerely,

Corey David Kintzer
Assistant Attorney General
Consumer Protection and Public Health Division
(512) 936-0585 (telephone)
(512) 322-0578 (facsimile)
corey.kintzer@oag.state.tx.us (e-mail)

Enclosed: Website Capture of Online Reward Center, BS# WA00001 and WA00002.

POST OFFICE BOX 12548 AUSTIN, TEXAS 78711-2548 TEL: (512) 463-2100 WWW.OAG.STATE.TX.YS
AN EQUAL EMPLOYMENT OPPORTUNITY EMPLOYER · PRINTED ON RECYCLED PAPER

BSI TX AG 00032 of 33

**From:**     Corey Kintzer
**To:**       hackneyh@gtlaw.com
**CC:**       Terrie Cooper
**Date:**     6/10/2009 10:03 AM
**Subject:**  Additional documents request

Hugh,

As we discussed on the phone, we would like World Avenue to produce documents reflecting the steps that were taken to inform its marketing partners and affiliates of the terms of the previous AVC. We would also like World Avenue to produce documents reflecting what has been done to monitor its marketing partners' compliance with the AVC and what remedial actions have been taken.

Thank you for your continued cooperation. If you have any questions or concerns, please do not hesitate to contact me.

Sincerely,


Corey David Kintzer
Assistant Attorney General
Office of the Attorney General
Consumer Protection & Public Health Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-0585 (telephone)
(512) 473-8301 (facsimile)