IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC, ET AL.** | * | |
| | * | |
| Defendants | * | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS FOR EXTENSION OF TIME

Plaintiff, Beyond Systems, Inc., through counsel, responds to Defendant World Avenue USA, LLC's (WAUSA) motions for extension of time at DE 448, 453 and 463, all seeking extensions of the time for discovery responses as ordered on September 23, 2010. The due date for the motion at DE 448 is November 1, 2010, and the others are later.

Plaintiff files this response so that the Court may have a more complete picture of the equities at play, as the motions portray only one side. Plaintiff is aware that the extension will likely be allowed, as the alternative could be harsh, but asks that the Court consider the facts stated here in balancing the equities in the pending discovery disputes that surround the motion.

1. At the hearing on discovery motions on September 23, 2010 the Court directed the parties to make certain discovery responses and supplemental production.

2. Under the ruling of September 23, Plaintiff was required to produce "embedded images" within 48 hours. Plaintiff did so on September 24, 2010, as shown by the email transmittals attached as Exhibit 001, with samples of the images transmitted, and began preparation of the balance of the materials and information required. During this process, Plaintiff anticipated that more time than the calendar permitted would be needed to complete the task, especially in view

of the upcoming trip to Florida on September 28 for depositions by Plaintiff of six deponents on September 29 and 30.  On September 27, 2010, Plaintiff's counsel therefore asked defendant's counsel via email for consent to an extension of time for the required production and supplemental responses.

    3.   In response to the request for consent, counsel for WAUSA indicated that he would not consent as to any extension for the required production of materials from the files of Plaintiff's counsel related to certain subpoenas that are the focus of WAUSA's motion to dismiss for an alleged "fraud on the court."  The task of assembling those particular items was considerable, as there were two law offices and several computers involved in the preparation of the subpoenas.  That task ultimately required dedicated effort and several attorney-hours to complete.  Having some idea as of the 27th of the time that would be required to complete that task, Plaintiff's counsel was not willing to accept Defendant's condition that production of the subpoena materials must be completed by September 30 (while counsel would be in Florida for the depositions) The intervening 24 hours or so before the trip were needed for deposition preparation, followed by the flight to Florida.  Plaintiff considered Defendant's insistence on rigid adherence to the one-week deadline for this category of materials as unworkable and patently unreasonable.  Any notion of a joint or reciprocal motion was therefore abandoned.

    4.   Plaintiff's counsel flew to Florida on September 28 for the depositions on September 29 and 30, 2010 as planned.   In the early morning of September 30, 2010, from a hotel room, Mr. Ring sent Mr. Saunders another email, with a copy of a draft motion for an extension. Copies of the email and the attached draft motion are attached as Exhibit 003.

    5.   The draft motion states, in part,

      7. Plaintiff has asked for Defendants' consent to an extension of time for the supplemental production required of Plaintiff, to October 14, 2010. Defendants have responded with a qualified consent, indicating that Defendants will consent to a joint request for extension of time for both sides to comply with the Court's directives arising from the hearing of September 23, 2010, but with qualifications. Plaintiff seeks only an extension of time as expressed above, without the additional qualifications sought by Defendants. Under these circumstances, Plaintiff styles this motion as one with Defendants' partial consent.

    6. Because of the qualifications attached to Defendant's consent, Plaintiff did not regard the motion as a joint motion, and thus styled is as "Plaintiff's Motion" with "Partial Consent."

    7. Counsel for defendants acknowledged in a face-to-face meeting on September 30, 2010, while counsel were waiting for a deponent to appear, that the draft motion had been reviewed and that it was satisfactory and accurate in its recitations. This meeting occurred in the main lobby of the Forum Hotel in Pompano Beach, Florida at approximately 2:00 p.m. on September 30, 2010.

    8. Plaintiff filed the motion for an extension of time for its outstanding obligations under the ruling of September 23, 2010. DE 434, attached as Exhibit 003. That motion was granted at DE 460, attached as Exhibit 004. No motion seeking an extension for WAUSA was filed prior to October 14, 2010.

    9. On October 13, 2010, Mr. Saunders sent an email to Mr. Ring stating that his office was assembling materials for production, was having technical difficulties, and therefore needed an extension. No description of the materials that were forthcoming, or the technical difficulties, was provided. No other reason for the extension was offered. No partial production was offered. Although the parties have been cooperative regarding extensions in most instances, the shortness of time before the discovery deadline,

WAUSA's past evasiveness in discovery, and the need for Defendant's supplementation (see Plaintiff's motions to compel at DE 307 and 327) compelled Plaintiff to decline the requested consent and a request to reconsider.  Plaintiff was also aware that that opposing counsel and the Defendants have considerable technical resources, personnel and expertise, and could likely surmount whatever the technical problem might be, in short order.  Defendant had been comfortable letting Plaintiff fend its way out of a time squeeze just two weeks prior.  Copies of the emails between counsel on October 13 and 14 are attached as Exhibit 005.

10.  Defendant has refused to consent to extensions for Plaintiff on several occasions, invoking its own rule that it will not consent where a deadline has already expired.  Plaintiff relied on that same principle on October 13-14, as no timely request for an extension by WAUSA had been filed.

11.  On October 14, 2010, after considerable investment of time and effort, Plaintiff issued the supplemental production and responses required by the ruling of September 23, 2010, and filed certifications of compliance with the Court.  DE 450, 451.

12.  Defendant has sought to portray Plaintiff as dilatory and deficient in its discovery responses.  Plaintiff has filed motions for reconsideration of the rulings that have accepted those characterizations of Plaintiff, pointing to the considerable production of documents and information made by Plaintiff throughout discovery, much of it beyond the literal scope required, and much of it produced earlier than required.  Although Plaintiff's memoranda are not the tomes filed by Defendants,  its production of actual

information and documents has been extensive, in contrast with WAUSA's relatively meager production, and its obvious withholding of critical information and documents.

13.     The recent round of production by Plaintiff, in compliance with the rulings of September 23, 2010, was made diligently and with the investment of considerable time and effort to meet the extended deadline, after a timely motion to extend.  In contrast, Defendant has now sought extensions (of an expired deadline) via three motions, and has failed to make any supplemental production of the documents or information it was supposedly gathering on October 13, 2010.  WAUSA first asked for an extension to October 14 (DE 448 filed <u>on</u> October 14), then to October 26 (at DE 453, filed on October 15, a day <u>after</u> the previously requested deadline), and then to October 29 (at DE 463, filed on October 25).  WAUSA has asked for the Court's graces to the extreme, in seeking the extension for its long-overdue production.

14.     One important issue behind the current set of discovery disputes, addressed in several recent filings, is WAUSA's insistence that it is not the successor of Niutech, LLC; that it cannot know, and does not have access to, information or documents pertaining to the operations of Niutech (under whose aegis a large number of the emails were sent), or of the World Avenue "sister companies" that operate the lead generation business at issue; that it is distinct from an entity that cleverly bore the same name ("World Avenue USA, LLC," also a Delaware LLC) but cleverly changed its name to 'TheUseful, LLC," which entity is named in the pending second amended complaint; and that its sharing of the same federal tax ID number, physical address, personnel and other resources, does not render it a unity with any of the other "World Avenue" family

5

of companies, and that it is not a representative or agent of any other entity. This "stove-pipe" approach, which has gained some traction with the Court, has frustrated Plaintiff's efforts in discovery. With the taking of the first merits deposition by Plaintiffs on September 29, 2010 (after long delays in scheduling largely due to the availability of the opposition), there was extensive exposure of the inner workings of WAUSA's lead generation business, confirming that a tremendous amount of information and documents have been withheld by Defendants in discovery as argued in Plaintiff's motions to compel.

15. The issues addressed here are colored in part by the fact that WAUSA has aggressively sought monetary sanctions against Plaintiff for supposed lapses in discovery. As noted, Plaintiff has challenged the rulings in that vein via motions for reconsideration. Plaintiff has approached discovery by producing documents and materials, which require considerable time to organize, review and evaluate, while its formal responses and memoranda may be less glamorous than the Defendants'. However, the Defendants have done the opposite: they have withheld a plethora of information in discovery, while investing in mammoth briefs and compendiums to attack Plaintiff. (Including, for example a 200 page report by Dr. Krawetz, WAUSA's expert, plus supplements.)

16. WAUSA's side of the table has considerable resources with which to assemble its discovery responses, and there is no excuse for their continuing delay. The outstanding discovery owed by WAUSA is important on several issues in Plaintiff's case (payments made to spammers, affiliate ID numbers, creatives in native format,

identification of email campaigns, etc. See Plaintiff's motions to compel at DE 307, 327, and two about to be filed.)  Any imposition of sanctions in this case should be against WAUSA for its failures in discovery, rather than against Plaintiff.

Wherefore, Plaintiff asks that all of the above be considered in this Court's rulings on The requested extension, and on all pending discovery issues.

/s/
_____
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639

/s/
_____
Michael S. Rothman
E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

### Certificate of Service

I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.

/s/
_____
Stephen H. Ring