IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.         )
                             )
   Plaintiff                )
   v.                       )    Case No. PJM 08 cv 0921
                             )
WORLD AVENUE USA, LLC, et al. )
   Defendants               )
_____ )

**DEFENDANT, WORLD AVENUE USA, LLC AND WORLD AVENUE HOLDINGS, LLC'S NOTICE OF COMPLIANCE**

Defendant, WORLD AVENUE USA, LLC ("WAUSA") and WORLD AVENUE HOLDINGS, LLC ("Holdings") hereby give notice of compliance with the Court's ruling at the September 23, 2010 hearing and at Docket Entry 466 (denying Motion for Extension of Time):

1.  WAUSA has served an Amended Response to the First Set of Interrogatories and to the Second Set of Interrogatories, an Amended Response to the First Request for Production, and an Amended Response to the Second Request for Production.

2.  Holdings has served an Amended Response to the First Set of Jurisdictional Interrogatories.

3.  WAUSA and Holdings have served a Privilege Log covering all substantive requests.

4.  WAUSA and Holdings have served additional responsive documents.

5.  WAUSA and Holdings certify that the production and answers are complete as of this day.

WAUSA and Holdings take the opportunity to advise the Court that BSI misrepresented in its filing last evening at 12:06 a.m. (DE 465) that WAUSA had no extension of time until October 26th, 2010. Indeed, the Court granted WAUSA's *first* Motion for Extension of Time.

Further, BSI neglected to advise that WAUSA's first request for extension was specifically discussed with BSI when BSI originally submitted a draft of the Motion for Extension. WAUSA understood the first extension to apply to both parties, and clearly informed BSI of this fact. In that discussion, BSI did not oppose giving that first extension to WAUSA. For this reason, the Motion for Extension was specifically not limited to an extension to BSI only, a position first announced in discussion during a break in depositions being taken on September 30th.

The only exception was what BSI told the Court in its Motion was a "single" unresolved issue. That issue was the subpoenas, and WAUSA refused to agree to an extension as to those because the Court had ordered their production in April and five (5) months later , they remained unproduced.

For this reason, BSI's diatribe filed at 12:06 a.m. on October 26th was not candid with the Court. WAUSA's counsel, whether located in Russian or on their first day back on the job from a six-day jury trial in federal court in Manhattan, or, on their first day back on the job after their honeymoon, do not appreciate this latest -- but all too typical -- distortion by BSI of the truth.

Dated:  October 26, 2010.

        Respectfully submitted,

        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        */s /*
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 200
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477