IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC, ET AL.** | * | |
| | * | |
| Defendants | * | |

## PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS' CERTIFICATE OF COMPLIANCE

Plaintiff, through counsel, responds to Defendant's "Certificate of Compliance" at DE 467, which is filed on behalf of two of the defendants (WAUSA and Holdings) as follows:

1. The production and supplementation provided by Defendants WAUSA and WAH on the evening of October 26, 2010 are grossly deficient. The few hundred pages produced are largely taken up with material already produced, and there is a significant body of missing information and material such as affiliate identifiers, campaign names, campaign reports, creatives in native format, payments to affiliates, complaints, communications with affiliates, insertion orders showing identification of the parties, actions taken to enforce marketing guidelines, suspensions and terminations of affiliates, and other categories of documents and information as stated in Plaintiff's motions to compel served on WAUSA months ago. (Two of these motions are pending at DE 307 and 327; two are about to be filed.)

2. Defendants' production was obviously thrown together in haste following the order issued on the morning of October 26, 2010 denying Defendant's third request for an extension of time.

3. Defendants had over three weeks to comply with the ruling of September 23, 2010, and were aware of their calendar challenges far in advance, including trials and travel. Defendants are represented by a large law firm with several attorneys and staff assigned to this case, and have rotated counsel into this case as needed in the past.   Defendant sought extensions only at the last minute, fully aware of the quantity of work that would be required for full supplemental responses.  Defendants' attempt to blame Plaintiff for the need for delay in their motions to extend is misplaced: Defendant makes no showing that the relatively meager materials now produced by Defendant as its purported supplemental production were dependent in any way on the supplemental production made by Plaintiff, or that this thin body of informatoin could not have been prepared long ago.

4. Plaintiff worked diligently to meet its deadlines under the ruling of September 23, providing the "embedded images" within 48 hours as directed by the Court, and providing the balance of its supplemental responses and production to meet the Court-approved deadline of October 14, 2010.  By the series of emails with attachments sent to Defendant's counsel on that date, it is apparent that considerable time an deffort were invested by Plaintiff to meet that deadline.  In contrast, Defendant has flaunted the Court's directive first by making not even a proffer or description of any specific information or materials that would be produced, then by characterizing the task as difficult, then by its belated requests for multiple extensions, followed by woefully inadequate responses at the end of the process..

5. Defendants' approach to the suplemental discovery owed is even more troublesome for the following reason: Defendant WAUSA has chosen to hide behind its "Theory of the Two WAUSA's," in which it contends it has no information or documents from the precursor entity, Niutech, LLC, because the successor of that entity was another entity also

named World Avenue USA, LLC, that has since been renamed TheUseful, LLC. Furthermore, while defendant Holdings maintains in this suit it has no active role in the email-driven lead generation business, recent depositions and documents obtained in discovery have shown its active participation.  The ruling of September 23, directing supplementation, was a chance for both entities to come clean. WAUSA could have acknowledged that it is part of the same business operation as the first WAUSA, and that it does in fact have access to the discovery material sought about the lead-generation activities, and could produce it.  Holdings could have acknowledged that it likewise has access to the materials and information sought, which bear on its participation in the business, which in turn may create personal jurisdiction. Instead, both of these Defendants have taken the much more dangerous path, digging in their heels, relying on the theory that they are separate and distinct from the actors who may have created liability, and have no access to the key materials and information Plaintiff has sought in discovery.

      6.      Defendants' conduct is a further aggravation to plaintiff under the following scenario: Merits discovery was permitted to begin by a ruling in March, 2009.  Thereafter the parties exchanged written discovery, took "ESI depositions" of each other, and participated in a settlement effort in December, 2009 that failed.  Merits discovery resumed in earnest in January, 2010.  Plaintiff has been attempting to depose Defendants on the merits since then, without success.  While Plaintiff's side had some calendar challenges in April, 2010, the much larger issue has been the availability of Defendants and their counsel.  Plaintiff issued Rule 30(b)(6) deposition notices to depose Defendants on the merits in January, June and September, 2010, each effort involing several rounds of discussions on available dates.   In each instance, Plaintiff has been frustrated by Defendants' unavailability and/or motions for protective orders.   This cycle needs to be ended, and the depositions taken.  The current discovery deadline is November

15, 2010. Plaintiff has made numerous efforts to take the Rule 30(b)(6) depositions of defendants before that deadline, but is now faced again with calendar challenges attributable to the defendants, and defendants' motions for protective orders, as to these depositions. Having no other choice, Plaintiff is forced to negotiate with Defendants over ways to get these depositions taken, along with a list of non-party depositions that have likewise been pushed back mainly due to the availability of Defendants and their counsel.1  Plaintiff feels that it has been essentially stonewalled in its efforts to take these depositions. This, in combination with Defendants' approach to its discovery obligations under the ruling of September 23, 2010, is especially troublesome.

7.    Defendant misinterprets and mischaracterizes Plaintiff's Response at DE 465, which recites the events leading up to Defendant's third request for an extension of the due date under the ruling of September 23, 2010, and provides exhibits to give a more balanced picture. Obviously, the parties disagreed as to whether the original extension, as finally formulated and filed by Plaintiff, was to include Defendant, or whether Defendant was left free to seek its own extension during the 15 hours or so that remained available for that option after Defndant received Plaintiff's draft of the proposed motion. This difference in views does not constitute "misrepresentation" as alleged by Defendant. However, this issue is mooted by the Court's granting Defendant's first two motions for an extension. Indeed, by the timing of the Court's ruling, Defendant can only speculate as to whether Plaintiff's response had any bearing on the denial of the third request for an extension.

---

[1] Plaintiff was able to take merits depositions of non-parties on September 29 and 30, 2010 in Pompano Beach, Florida, obtaining valuable information that further exposes Defendants' motivation to conceal and evade.

8. Plaintiff's Response to Defendant's request is not a "diatribe" as Defendant alleges; rather, the Response does not strictly "oppose" the extension. It acknowledges that the extension will "likely be allowed." Defendant has over-reacted with hyperbole, as per past practice. Plaintiff has tried to be as objective as possible.

Wherefore, Plaintiff objects to Defendant's Certificate of Compliance and asks that the Court find that Defendants World Avenue USA, LLC and World Avenue Holdings, LLC have failed to comply with the ruling of September 23, 2010, and that they be held in contempt for failure to comply with that ruling. Plaintiff requests leave to file such supplemental memoranda and exhibits as may be appropriate.


    /s/
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639



    /s/
Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

## Certificate of Service

I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.

_____/s/_____
Stephen H. Ring