IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC. )<br>)<br>   Plaintiff )<br>   v. )<br>)<br>WORLD AVENUE USA, LLC, et al )<br>)<br>   Defendants )<br>_____ ) | Case No.PJM 08 cv 0921 |

### DEFENDANT WORLD AVENUE USA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION FOR RECONSIDERATION AND RENEWED MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), hereby files its Memorandum of Law in Opposition to Third-Party Defendants', HYPERTOUCH, INC. ("Hypertouch") and JAMES JOSEPH WAGNER's ("Wagner"), Motion for Reconsideration and Renewed Motion for Protective Order and for Stay of Discovery [DE # 447-1] (the "Motion"), and in support thereof, states:

### INTRODUCTION

Wagner and Hypertouch have moved for reconsideration of this Court's September 29, 2010 Order at DE 432 denying their Motion for Protective Order and Stay of Discovery. Wagner and Hypertouch apparently believe that because they have now certified an attempt to resolve their prior motion, they can re-raise the same tired arguments to avoid discovery. Wagner and Hypertouch have failed to address or move for reconsideration of this Court's Order entered at DE 431, which granted WAUSA's Motion to Compel them to respond to discovery. The Court's Order at DE 431 is not the subject of Wagner and Hypertouch's Motion for

1

Reconsideration at DE 447-1 nor is it even referenced in the Motion for Reconsideration. Wagner and Hypertouch are now in contempt of the Court's Order at DE 431 and should be held in contempt pursuant to Rule 37(b)(2)(A)(vii).

Turning to the "merits" of the Motion for Reconsideration, Wagner and Hypertouch grossly exaggerate the nature of the discovery stay entered in the case of *Beyond Systems, Inc. v. Kraft Foods, Inc., et al.*, Case No. 08-cf-00409 PJM (the "*Kraft* Action" or "*Kraft*") to bolster their dubious claim that a discovery stay is warranted on third party discovery in this case. Specifically, the Motion for Reconsideration -- which explicitly incorporates by reference the arguments in Wagner and Hypertouch's original Motion for Protective Order and Stay of Discovery (the "Motion for Protective Order") [DE 265] -- requests the Court to reconsider its September 29, 2010 Order denying the Motion for Protective Order.[1] Among other things, the Motion claims "a stay as to discovery responses from Movants was entered in the [*Kraft* Action]." [D.E. 447-1, ¶8]. However, the Motion conveniently neglects to candidly advise the Court that the only discovery stay entered in *Kraft* was a voluntary stay.

Further, Wagner and Hypertouch improperly use their Motion to recycle prior arguments first advanced in their Motion for Protective Order. Moreover, their claim that a discovery stay is warranted in light of WAUSA's "multiple motions to dismiss" is without merit. As shown below, federal courts consistently reject the notion that the mere filing of a motion to dismiss warrants a discovery stay. Accordingly, the Court should enter an Order denying the Motion.

---

[1] Similarly, WAUSA incorporates by references the arguments set forth in its Memorandum in Law in Opposition to the Motion for Protective Order and Stay of Discovery. [DE 310].

**FACTUAL BACKGROUND**

WAUSA filed the Third Party Complaint against Wagner and Hypertouch almost a year ago on August 7, 2009. *See* DE 86. Initially Wagner/Hypertouch deliberately wasted this Court's time with a frivolous Motion to Quash Service claiming a host of absurdities including that process was served on a five-year-old child. When this Court disposed of Wagner and Hypertouch's Motion to Quash Service, it found Wagner/Hypertouch's positions "unsupported and … a far cry from the presentation of 'strong and convincing evidence' necessary to prevail on their motion." *See* DE 216 at p. 2, attached as **Exhibit 1**. Therefore, the Court properly denied Wagner/Hypertouch's Motion to Quash Service and ordered them to *answer* the Third Party Complaint within ten days. *Id.*

Figuratively thumbing their nose at the Court and WAUSA, they did indeed answer the Third Party Complaint on May 10, 2010, but then filed a Motion to Dismiss on June 8, 2010. *See* DE 263-1. Hypertouch and Wagner have used their baseless Motion to Dismiss as an excuse to file a separate motion to stay *all* discovery as to the Third Party Defendants pending ruling on their Motion to Dismiss. *See* DE 230 and 310. After the parties briefed the baseless Motion to Stay, the Court entered its September 29, 2010 Order denying the Motion to Stay (attached as **Exhibit 2**):

> PAPERLESS ORDER Denying Third-party Defendants James Wagner and Hypertouch, Inc.'s Motion for Protective Order and to Stay Discovery. (ECF #265). The requisite certificate of counsel pursuant to Local Rule 104.7 has not been filed. To the extent counsel's "Certificate of Good Faith Efforts" is an attempt to do so, it is deficient as there is no representation that a "conference" ever occurred. Electronic and written correspondence is insufficient."

*See* DE 432.

3

On that same date, the Court entered an Order granting WAUSA's Motion to Compel Third Party Defendants to respond to discovery. *See* DE 431 (attached as **Exhibit 3**):

> PAPERLESS ORDER granting in part and denying in part [230] Motion to Compel. Third-party Defendants obligation to respond to the request for production of documents did not arise until the Court's discovery order was issued on May 27, 2010, a date subsequent to the filing of this motion. ***Third-party Defendants now have an obligation to respond and to assert any appropriate objections***.

*See* Exhibit 3 (DE 431) (emphasis added).

Having been twice ordered to respond, Wagner and Hypertouch, waited another 13 days, and now have filed *yet another* two page Motion for Reconsideration that rehashes the same rejected arguments. But that Motion for Reconsideration is only directed to the Court's Order at DE 432 [Exhibit 2], and completely ignores the Court's Order at DE 431 [Exhibit 3]. To this very day, Hypertouch and Wagner have violated the Court's Order at DE 431.

## LEGAL STANDARD

Although motions for reconsideration of a non-final order are governed by Federal Rule 54(b), Fed. R. Civ. P., the Court may consider the reasons in Federal Rule 60(b) in deciding a motion for reconsideration of a non-final order. *Mitchell-Tracey v. United General Title Ins. Co.*, Case No. WDQ-05-1428, 2010 WL 18377723, at *1, *2 (D. Md. May 5, 2010); *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, Case No. RDB-08-3388, 2010 WL 1529195, at *1, *1-*2 (D. Md. April 15, 2010); *Mateti v. Activus Financial, LLC*, Case No. DKC 2008-0540, 2009 WL 3633339, at *1, *5 (D. Md. 2009) (*citing Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.3d 1462, 1472 (4th Cir. 1991)).

Under Rule 60(b), the following are grounds for reconsideration: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly-discovered evidence that, with

4

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" (4) "the judgment is void;" (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;" or (6) "any other reason that justifies relief." *AGV Sports Group*, 2010 WL 1529195, at *2 (*quoting* Rule 60(b), Fed. R. Civ. P.).

"Motions for reconsideration are an extraordinary remedy which should be used sparingly." *AGV Sports Group*, 2010 WL 1529195, at *1-*2 (internal quotations omitted); *American Ass'n of Blood Banks v. Boston Paternity, LLC*, Case No. DKC 2009-2046, 2009 WL 3379893, at *1, *4 (D. Md. 2009) (*citing Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999)). For this precise reason, motions to reconsider are limited to specific circumstances:

> The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (*citing Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983) (emphasis in original)); a*ccord, Shanklin v. Seals*, 2010 WL 178016, at *1, *2-*3 (E.D. Va. May 3, 2010) (limiting motions for reconsideration).

The rationale for limiting motions for reconsideration to situations where (i) "the Court has patently misunderstood a party;" (ii) "has made a decision outside the adversarial issues;"

(iii) "an error not of reasoning but of apprehension;" or (iv) "a controlling or significant change in the law or facts since the submission of the issue to the Court" were eloquently explained by Chief Magistrate Judge Grimm in his opinion in *Potter*, 199 F.R.D. at 553:

> The logic of these cases is apparent. When parties file a motion with the court, they are obligated to insure that it is complete with respect to facts, law and advocacy. Once a court has issued its ruling, unless one of the specific grounds noted above can be shown, that should end the matter, at least until appeal. Were it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court-not to mention its patience. Hindsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order. It is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it. In the relatively rare instances when there has been an intervening change in the controlling law, or the court has made a clear error in its initial ruling, or new facts have surfaced, that could not have been discovered through the exercise of due diligence before the motion was filed, then a request for reconsideration can perform a valuable function, allowing the court quickly to correct a clear error or injustice, and sparing the parties the need to appeal.

Thus, when a motion for reconsideration merely asks the Court to change its mind, the motion should be denied. *Mitchell-Tracey*, 2010 WL 18377723, at *2. (*citing Pritchard v. Wal-Mart Stores, Inc.*, 3 Fed Appx. 52, 2001 WL 101473, at *1, *1 (4th Cir. 2001) (unpublished)). Similarly, "a party cannot get reconsideration on the basis of case law or evidence available at the time of the court's order." *Mitchell-Tracey*, 2010 WL 18377723, at *2; *AGV Sports Group*, 2010 WL 1529195, at *2; *Mateti,* 2009 WL 3633339, at *5.

## SUMMARY OF ARGUMENT

Hypertouch and Wagner's Motion for Reconsideration should be summarily denied because they have violated this Court's Order at DE 431, and should be held in contempt. Hypertouch and Wagner's Motion misconstrues the purpose of a reconsideration motion by

6

relying upon arguments previously rejected by the Court in its September 29, 2010 Order. *See* September 29, 2010 Order, attached as Exhibit 2. The Motion -- for the first time -- predicates its request for a stay and/or protective order on Defendants WAUSA and World Avenue Holdings, LLC ("Holdings") filing multiple motions to dismiss. However, Hypertouch and Wagner cannot advance *new* arguments on a motion for reconsideration. Moreover, the mere filing of a motion to dismiss does not, standing alone, warrant a stay of discovery. Accordingly, the Court should deny Wagner and Hypertouch's Motion and issue an order finding them in civil contempt.

## ARGUMENT

### A. Third Party Defendants Are Bound By The Court's Order At DE 431, Which They Did Not Move To Reconsider, And Which They Have Violated.

Wagner and Hypertouch did not move for reconsideration of the Court's Order at DE 431 and their motion for reconsideration at DE 447-1 did not mention the Order at DE 431. A motion for reconsideration is "strictly construed" and "narrowly applied." *Mahmud v. Kaufman*, 496 F. Supp. 266, 270 (S.D.N.Y. 2007). By definition, the Motion for Reconsideration, being strictly construed, does not ask for reconsideration of an Order that it does not mention.

As the Court's Order at DE 431 has been ignored, sanctions are appropriate. A motion to compel discovery, such as the motion granted by the Court's Order at DE 431, is a motion brought pursuant to Rule 37(a)(1), which permits a party to move to compel discovery. *See* Fed. R. Civ. P. 37(a)(1). The Court's Order at DE 431 is an order "to provide or permit discovery", which is described in Rule 37(b)(2)(A). *See* Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(A) permits the Court to enter sanctions based on a failure to obey a court order. *Id*. Several of the sanctions listed therein are appropriate, including holding Wagner and Hypertouch in contempt,

striking their pleadings, rendering a default judgment, and preventing these disobedient parties from supporting their designated claims or defenses, including at the upcoming November 29, 2010 hearing where the Court will hear their Motion to Dismiss. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii), (iii), (vi) & (vii).

### B. Third Party Defendants Fail to Meet the Standard for Reconsideration Of The Court's Order At DE 432.

"A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F. 3d 1005 (10th Cir. 2000); *see also see also In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F.Supp. 261, 267 (N.D.Ill. 1992) (stressing that "[m]otions to reconsider are not at the disposal of parties who want to rehash old arguments"). .

"[T]he basis for the second motion must not have been available at the time the first motion was filed." *L & W Innovations, LLC v. Linli Const., Inc.*, 2009 WL 189942 (D. Col. 2009); *see also Wayne-Dalton Corp. v. Amarr Co.*, 2008 WL 1930786 (N.D. Ohio 2008) (emphasizing that "[m]otions for reconsideration are not substitutes for appeals nor are they vehicles whereby a party may present arguments inexcusably omitted in prior proceedings"). In other words, "the Court's opinions are **not intended as mere first drafts**, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282 (N.D. Ill. 1988) (emphasis added).

Applying the above principles, Hypertouch and Wagner fail to establish even colorable grounds for reconsideration. The Motion, *inter alia*, explicitly incorporates their arguments in its

8

Motion for Protective Order. In other words, Hypertouch and Wagner use the Motion to "rehash" arguments already considered -- ***and rejected*** -- by the Court in its September 29, 2010 Order.

Moreover, Hypertouch now argue that a stay of discovery is warranted given that Defendants allegedly "precipitated substantial delays in the discovery of this case" by filing numerous motions to dismiss. [DE 447-1, ¶7]. WAUSA's motions to dismiss for failure to state a claim [DE 13-filed 6/19/08, DE 40-filed 2/2/09] and Holdings' motions to dismiss for lack of personal jurisdiction [DE 55-filed 4/15/09] were filed long before Hypertouch and Wagner filed their most recent Motion to Dismiss [DE 263-filed 6/8/10] and their most recent Motion for Stay [DE 265-filed 6/8/10]. Here, Hypertouch and Wagner advance an argument that they omitted in the Motion for Protective Order. *Id*. The above precedent makes clear that Hypertouch and Wagner cannot use a reconsideration motion for this purpose.

     **C.**    **The Pendency of A Motion to Dismiss Does Not Warrant a Stay of Discovery.**

Although Wagner and Hypertouch claim that a discovery stay was entered in the *Kraft* Action, they fail to candidly advise the Court that this stay resulted from a ***Joint*** Stipulation to Stay Discovery. [*Kraft Action*, D.E. #356, attached as **Exhibit 4**]. Indeed, the Court, in the *Kraft* Action, ***denied*** unilateral attempts by a party to stay discovery. [*Kraft Action*, D.E. #370, attached as **Exhibit 5**]. On June 16, 2010, the Court, in the *Kraft Action*, entered an Order deeming moot Connexus/Hydra's Motion to Stay Discovery and for Protective Order. *Id*. Similarly, on that same day, the Court entered an Order denying Wagner and Hypertouch's

9

Motion to Bifurcate Third Party Trial and Stay Discovery Pending Resolution of Underlying Action. *Id.*[2].

Indeed, the Court in the *Kraft* case specifically denied the grounds raised in Hypertouch's and Wagner's Motion to Dismiss upon which their request for a discovery stay is predicated. In doing so, the Court specifically reasoned that discovery was necessary on the issues raised by the Third Party Complaint:

> 20 [THE COURT] In short, the suggestion is by the third-party
> 21 plaintiff that *all the arguments raised by the third-party*
> 22 *defendants are factual issues* that cannot be resolved on a
> 23 Motion to Dismiss, and the Court agrees that the Motion to
> 24 Dismiss in whole or part is denied, and that *discovery should go*
> 25 *forward on that point as appropriate,* and we'll see where we are
> 1 as to that.
> ****
> 8 THE COURT: Okay. Well, I'll deny the motion, enter
> 9 an order today.

*See* **Exhibit 6**, Excerpted Transcript of October 19, 2009 hearing in *Kraft*, p. 39, lines 20-25, p. 30, lines 1, 8-9 (emphasis added). Later, the Court issued a formal Order denying Wagner and Hypertouch's Motion. See DE 230, attached as **Exhibit 7**.

Moreover, "[d]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, 1992 WL 276913 (S.D.N.Y. 1992); *Sygenta Seeds, Inc. v. BTA Branded, Inc.,* 2007 WL 3256848 (N.D. Ill. 2007) (holding that "defendants must assert something more than the mere existence of a motion to dismiss to support a claim of good cause to request a complete stay of discovery"). "Discovery, should be stayed, however,

---

[2] On August 27, 2010, BSI Filed its Motion for Protective Order Staying Production of Privileged Documents Pending Resolution of BSI's Objection to Magistrate's Order Compelling Production. [*Kraft Action*, D.E. #396]. To date, the Court has yet to rule on this motion.

10

only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Hachette Distribution, Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356 (E.D.N.Y. 1991).

On its face, Hypertouch and Wagner's Motion For Reconsideration fails to set forth why Defendants' multiple motions to dismiss justify a stay of discovery. Indeed, Defendants' various motions to dismiss do not raise "purely questions of law that are dispositive". To the contrary, the Court held that the Motion to Dismiss raised questions of fact. Thus, a stay of discovery is not only improper, but directly contrary to the Court's ruling in *Kraft*.

### D. The "Extremely Tight Schedule" Does Not Merit A Stay of Third Party Discovery.

Hypertouch and Wagner then claim that a discovery stay is warranted because the parties are facing a "series of depositions" that "create an extremely tight schedule" and will "render it virtually impossible to provide full responses for Movants." *See* DE 447-1, p. 2. Apparently, this "tight schedule" only works one-way. The same counsel representing Movants claims, on one hand, that the "tight schedule" precludes Hypertouch and Wagner from complying with discovery [DE 447-1, p. 2], while, on the other hand, it found the time to draft an extensive seven (7) page response brief with six (6) exhibits to oppose WAUSA's request for an extension of time to complete its discovery obligations. *See* DE 465. The response brief was filed at 12:06 a.m. on October 26th -- just over seven (7) hours after the motion for extension was filed. *Id*.

### CONCLUSION

In the end, Hypertouch and Wagner seek to secure an improper procedural advantage. Discovery has been pending to them for many months. Hypertouch and Wagner first filed a specious Motion to Dismiss based on insufficient service of process claiming that a five year old

11

child was served with process, which was denied by the Court.  After being ordered to file an Answer, Hypertouch and Wagner then filed an Answer *and* later, a *second* Rule 12(b)(6) motion to dismiss *after* the filing of the Answer.  Hypertouch and Wagner would like to deny all discovery on the very issue that the Court held in the *Kraft* Action was a "factual" issue.  Hypertouch and Wagner have now been twice ordered to respond to discovery and yet *again*, refuse to do so.  The Court should order them to respond yet again, and sanction them for ignoring its Order at DE 431.

**WHEREFORE,** WORLD AVENUE USA, LLC respectfully requests the entry of an Order denying Third-Party Defendants', HYPERTOUCH, INC. and JAMES JOSEPH WAGNER's Motion for Reconsideration and Renewed Motion for Protective Order and for Stay of Discovery, for entry of sanctions under Rule 37(b)(2)(A)(vii), (vi), (iii), or (ii), and for such other and further relief that this Court deems just and proper.

FTL 107898826v1 October 27, 2010

Dated:  October 27, 2010.

      Respectfully submitted,

      *Attorneys for World Avenue USA, LLC*

      GREENBERG TRAURIG, LLP

        /s John L. McManus
      Sanford M. Saunders, Jr., Esq.
      USDC, MD #4734
      saunderss@gtlaw.com
      Nicoleta Burlacu, Esq.
      BurlacuN@gtlaw.com
      *Admitted Pro Hac Vice*
      GREENBERG TRAURIG, LLP
      2101 L Street, NW, Suite 1000
      Washington, DC 20037
      Telephone:  202-331-3100
      Facsimile:  202-331-3101

      --and--

      Kenneth Horky, Esq.
      Florida Bar No. 691194
      horkyk@gtlaw.com
      John L. McManus, Esq.
      Florida Bar No. 0119423
      mcmanusj@gtlaw.com
      *Admitted Pro Hac Vice*
      GREENBERG TRAURIG, P.A.
      401 East Las Olas Boulevard, Suite 2000
      Fort Lauderdale, FL 33301
      Telephone: 954-765-0500
      Facsimile:  954-765-1477