IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | \* | |
| | \* | |
| Plaintiff | \* | |
| | \* | |
| v. | \* | **Case No. PJM 08 cv 0921** |
| | \* | |
| **WORLD AVENUE USA, LLC** | \* | |
| successor by merger to NIUTECH, LLC., | \* | |
| **DBA "THE USEFUL," ET AL.** | \* | |
| | \* | |
| Defendants | \* | |

### THIRD-PARY DEFENDANTS, JAMES JOSEPH WAGNER AND HYERTOUCH, INC.'S MOTION FOR PROTECTIVE ORDER AS TO DEPOSITIONS

Third-party Defendants, James Joseph Wagner and Hypertouch, Inc. ("Movants"), through counsel, move for a protective order as to deposition notices and subpoenas issued by Defendant World Avenue USA, LLC ("World Avenue"). The subpoena and notice refer to depositions to be taken on November 1 (for Mr. Wagner) and November 5 (for Hypertouch). Movants reserve all rights asserted in their pending Motion to Dismiss the Third Party Complaint, and do not waive any rights associated with their status under that pending motion. No scheduling order has been issued as to Movants.

### I.  Background

1. Movants filed a motion at DE 265 to stay discovery and for a protective order pending a ruling on their pending motion to dismiss at DE 263. At DE 432 the Court denied the motion at 265 for an inadequate certificate of good faith efforts. A supplemental certificate was then filed with a renewed motion at DE 447, which remains pending. Movants incorporate by reference their filings at DE 265 and 432.

2. For the same reasons that discovery should be stayed as to written discovery requests directed to Movants, their depositions should be stayed. In addition, Movants state that the status of depositions has been in turmoil due to availability of defendant's counsel, and that the parties have each noticed depositions on the same dates during the interval between now and the discovery deadline of November 15, 2010, such that the dates for the principal depositions remain in dispute, with several motions for protective orders having been filed. Defendants' lead counsel has announced his own unavailability as of November 1, 2010 due to travel. It may be impractical or impossible to fit the depositions in before the applicable deadline. In any event, Joseph Wagner, who will be the designee for Movants , Inc., is unavailable on November 1, 2010, and Plaintiff has scheduled other depositions in this case for both November 1 and November 5, 2010.

3. Plaintiff had noted the Rule 30(b)(6) deposition of WAUSA in January and again in June, 2010, but those dates were postponed by Defendants' announced unavailability. Several rounds of discussions on dates were pursued. Defendants essentially blacked out the entire months of August and September for their depositions. Finally, pursuant to an agreement with counsel that was dependent in part of counsel's uncertain travel schedule, the deposition of WAUSA was reset for October 25, 2010. The prior week was lost in part due to counsel's claimed need to prepare that week for the depositions to occur the week of October 25. However, Defendant's counsel recently announced that he was unavailable for the entire week of October 25, and that the depositions Plaintiff had noticed would have to be "pushed back a week," meaning the week of November 1. That became the agreement. Counsel had agreed to alternate weeks for the parties' merits depositions. Now, Defendant has noticed the deposition of Joseph Wagner for November 1, stating he will need several days, and has noticed the deposition of Hypertouch,

2

Inc. for November 5.  Plaintiff has tried repeatedly since January, 2010 to secure dates for Defendants' depositions and has issued notices several times, but has yet to get Defendants to hold still for their depositions.  When asked if another attorney could stand in, Defendants' counsel advises that Defendants insist that he attend all depositions.

   4.   Movants object on the grounds that the notice and subpoena are untimely, not allowing sufficient time between service and the proposed date of the deposition.

## II.  Objections to Subject Matters.

   5.   Movants object to the subject matters proposed in the deposition notice for Movants , Inc., and apply those same objections to the extent that objectionable topics may be addressed in the deposition of Joseph Wagner, as he is the sole member of Movants , LLC.

   6.   Movants object to the extent that Defendants are believed to have copies of depositions of Mr. Wagner and/or Movants , Inc. from other litigation, which would provide them with sufficient examination that many of the subject matters would not need to be repeated in this action.

   7.   Movants object to the extent that the subject matters call for information that is privileged or confidential, or may constitute attorney work product.  Movants also object to the extent that the questioning is undertaken for purposes of harassment or intimidation.

   8.   Movants object  to Defendant's proposal to depose them on 70,000 emails at 30 minutes each, or 5 minutes each; to the proposal to depose them for several days, or more than 7 hours; and to depose them on topics unrelated to the claims and defenses that pertain to the Third-Party Complaint, which asserts claims for indemnification.

   9.    Movants object to all subject matters for testimony to the extent they purport to impose upon them obligations beyond those set forth in the Federal Rules of Civil Procedure

and/or applicable case law.  Movants further object to all subject matters for testimony to the extent they are vague, ambiguous, overly broad, unduly burdensome, oppressive, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Movants object to all subject matters for testimony as overly broad and unduly burdensome in that they are not restricted to a specific time period.

    10. These objections and those that follow are subject to and without waiver of any questions as to the admissibility of the objections, any documents referenced in these objections, or the subject matter of any such documents.  Movants object to the Subject Matters for Testimony to the extent they seek information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or any other doctrine or privilege.

    11.   The inadvertent disclosure of any privileged information, or inadvertent production of privileged documents or things, shall not be deemed to be a waiver of any applicable privilege with respect to such or any other information, documents, or things. Movants object to the Subject Matters for Testimony to the extent they seek information protected virtue of the rights of Movants and third parties to confidentiality and privacy including the invasion of privacy in violation of the California constitution. Movants object to all of the subject matters for testimony as overly broad and unduly burdensome in that they are not restricted to a specific time period. Movants  reserve the right to supplement these objections and/or responses to the Subject Matters for Testimony.

      SM 1. Subpoena issue.

Movants object to this Subject Matter for Testimony on the grounds that it is overly broad; is unduly burdensome; is harassing; seeks testimony not relevant to a party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence; and

seeks testimony regarding information which is protected from discovery or disclosure by virtue of the rights of Movants and third parties to confidentiality and privacy. Movants further objects to this Subject Matter for Testimony on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege.

SM 2. Hypertouch as ISP per Amended Complaint.

Movants object to this Subject Matter as unintelligible as framed because Hypertouch is not mentioned in BSI's Amended Complaint. Movants object to the Subject Matter for Testimony to the extent they seek information protected virtue of the rights of Movants and third parties to confidentiality and privacy including the invasion of privacy in violation of the California constitution.

As to SM 3 – 9, Movants object to the extent these SM's seek information protected virtue of the rights of Movants and third parties to confidentiality and privacy including the invasion of privacy in violation of the California constitution; to the extent they are unreasonably broad and undefined; and to the extent the determination of sources and identities of persons involved depends on information that Defendants have not produced.

SM 3. False subject lines, "from" lines, etc. for 68,300+ emails at issue.

SM 4. Allegations "WAUSA" and "Holdings" or others initiated, conspired to initiate emails at issue.

SM 5. Assertions WAUSA and Holdings knew E-Mails At Issue were illegal.

SM 6. Whether E-Mails At Issue were unsolicited and not implied consent.

SM 9. Allegations that the E-Mails At Issue were sent by [spammer list] of any defendant named in this case

SM 11. Origin and source of the E-Mails At Issue.

SM 7. Ownership, configuration, etc.

Movants adopt all of the objections above and further object to the Subject Matter for Testimony to the extent they seek information protected virtue of the rights of Movants and third parties to confidentiality and privacy including the invasion of privacy in violation of the California constitution.

SM 8. Damages sustained by Beyond Systems, Inc. ("BSI") or Movants

SM 10. Any settlement or proposed settlement with MCX, Barale, Internet Endeavours.

Movants object on the grounds of attorney client privilege and work product, as well as confidentiality pursuant to any agreement that may have applied.

SM 12. All IP Addresses used by BSI or Hypertouch, and BSI's compliance with T&C of upstream ISPs.

SM 13. The lawful zoning, regulation, and oversight of BSI's locations

Movants object as this SM is overly broad, unduly burdensome, oppressive, and/or not reasonably calculated to lead to the discovery of admissible evidence.

SM 14. The purpose, interplay and networking of BSI & Movants 's computer systems

SM 15. The level of administrative access BSI and Movants have to each others systems

SM 16. The operation of any BSI or Movants servers (at any time) at various address

SM 18. The actions taken by Movants to prevent spam.

SM 17. The operation, control, and ownership of [list of] domain names;

SM 24. Persons responsible for the design, HTML source code for web pages.

SM 28. Each computer-related service rendered to each alleged claimed customer.

6

Movants adopt all of the objections above and further object to this SM is overly broad, unduly burdensome, oppressive, and/or not reasonably calculated to lead to the discovery of admissible evidence. Movants object to the intrusion into the privacy of non-parties. Movants object to the Subject Matter for Testimony to the extent they seek information protected virtue of the rights of Movants and third parties to confidentiality and privacy including the invasion of privacy in violation of the California constitution.

    SM 19. Actions by Movants , Wagners, to opt in for testing.

    SM 20. Actions by Movants , Wagners, to attract email.

    SM 21. Plan of action.

Movants adopt all of the objections above and further object to this Subject Matter for Testimony on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege.

    SM 22.  Saving all content.

    SM 23. Analysis of the E-Mails At Issue including all clickthroughs, etc.

    SM 25. The T&C, Privacy, Uptime, of BSI customers must execute

    SM  26. Operations of Movants, customers, knowledge

    SM  27. Movants' business addresses and principal offices.

    SM 29. Rendering of the images, tampering

    SM 30. Actions taken by Movants  to investigate the Emails At Issue.

    SM 31. Components of Movants 's and BSI's income from 2000 to present

Movants object that the SM is vague, ambiguous, overly broad, unduly intrusive, andnot reasonably calculated to lead to the discovery of admissible evidence.

    SM 32. Other spam suits.

Movants object that the SM is vague, ambiguous, overly broad, unduly intrusive, andnot reasonably calculated to lead to the discovery of admissible evidence.

SM 33. The existence of personal jurisdiction over Holdings

SM 34. All Expert Reports and any disputes with any of the contents of any of Defendants' Expert Reports.

Respectfully Submitted,

_____/s/_____
Stephen H. Ring
STEPHEN H. RING, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639

_____/s/_____
Michael S. Rothman
E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610
Attorneys for Plaintiff

*Counsel for Third-Party Defendants James Joseph Wagner and Hypertouch, Inc.*