## IN THE U.S. DISTRICT COURT FOR MARYLAND,
## SOUTHERN DIVISION

BEYOND SYSTEMS, INC.  )
                                             )
   Plaintiff                  )
   v.                              )           Case No. PJM 08 cv 0921
                                             )
WORLD AVENUE USA, LLC, et al. )
   Defendants          )
_____ )

### DEFENDANT, WORLD AVENUE USA, LLC'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), pursuant to Fed. R. Civ. P. 26(c), hereby moves for the entry of a protective order as to the Notice of Deposition of Douglas Kropp, Verizon Fiber Solutions Center served by Plaintiff, BEYOND SYSTEMS, INC. ("BSI"), and in support thereof, states:

On October 15, 2010 BSI sent WAUSA a notice of deposition of Douglas Kropp an employee of Verizon for October 29, 2010. *See* a true and correct copy of the Notice of deposition is attached as Exhibit 1. BSI's notice of deposition contravenes Rule 26. Pursuant to Fed. R. Civ. P. 26(c), the Court has the discretion, for good cause, to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expenses, including ... (A) forbidding the disclosure or discovery." *See* Fed. R. Civ. P. 26(c). If the threshold for good cause is made, the Court has broad discretion to fashion an appropriate order and should deny the request only if the opposing party can show that the protective order will substantially prejudice them. *M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1992). In this case, a protective order is warranted on two independent grounds.

First, BSI failed to identify the relevance of the noticed witness to its case against

WAUSA. In the transmittal email, BSI counsel merely specifies that "[t]his is not a Rule 30(b)(6) deposition." *See* a true and correct copy of the transmittal email from S. Ring to WAUSA counsel dated October 15, 2010 attached hereto as Exhibit 2. Mr. Kropp is neither identified as a person with knowledge of facts relevant to the case in BSI's voluntary disclosure statement nor for any other purpose in BSI's answers to interrogatories. In response to a request for a proffer, BSI counsel acknowledged that Mr. Kropp has no first hand knowledge of BSI's Verizon account, BSI as a company, or of World Avenue or the emails at issue. BSI states that Mr. Kropp is not testifying as a Verizon representative. He will testify about the training Verizon provides for servicing accounts similar to BSI's. *See* a true and correct email from S. Saunders to S. Ring dated October 16, 2010 attached hereto as Exhibit 3. A designated Verizon representative has already testified in a 30(b)(6) deposition in this case. Therein Verizon's representative testified, *inter alia*, that BSI was in violation of its service agreement by using the service to act as an ISP. Absent first hand knowledge or the authority to bind Verizon, Mr. Kopp's testimony cannot lead to the discovery of admissible evidence. Thus, his deposition should be quashed. *See Vasconcellos v. Cybex Int'l, Inc.*, 962 F.Supp. 701, 709 (D. Md. 1997) (noting that a party "has a right to have discovery limited to information that is *directly relevant to the lawsuit*.") (emphasis added). Further, BSI imposes additional costs and burden on WAUSA whose counsel will have to travel to Providence, RI where the deposition is noticed to take place.[1] Thus, WAUSA has shown "good cause" and is entitled to a protective order under Rule 26(c).

Second, BSI intends to depose Mr. Kropp "who is a Verizon employee" presumably on

---

[1] Additionally, this irrelevant deposition is going to be a distraction from the discovery process that is currently under a very tight schedule.

Verizon business matters, therefore by disguising the deposition as a "non Rule 30(b)(6) deposition" BSI cannot exempt itself form the application of the Rule 30 (a)(2)(A)(ii) leave of court requirement. *See* Exhibit 1. Specifically, Verizon designated corporate representative, Tina Dempsey-Jones was already deposed once by both parties. *See* true and correct copy of the cover pages of the deposition transcript attached hereto as Exhibit 4. Pursuant to Rule 30 (a)(2)(A)(ii), Fed. R. Civ. P., "a party must obtain leave of Court ... if the parties have not stipulated to the deposition and ... the deponent has already been deposed in the case." The language of Rule is neither vague, nor fluid. *See In Re Sulfuric Acid Antitrust Litigation*, MDL No. 1536, 2005 WL 1994105, at *1, 2 (N.D.Ill., Aug. 19, 2005) (unreported) (denying motion to compel second deposition on the grounds that plaintiff failed to seek leave of court). "The rule requiring leave of court to take a second deposition applies to an entity that is deposed pursuant to Rule 30(b)(6). Even through a party may be deposing a different corporate representative, it is still seeking a 'second' deposition of the entity." 7 Moore's Federal Practice, § 30. 05[1][c] at 30-30.3 (3rd. Ed. 2005). Thus, pursuant to plain language of the Rule, Plaintiff's Deposition notice of a second Verizon employee is improper because Plaintiff failed to seek leave of court and a protective order is warranted. S*ee State Farm Mutual Automobile Insurance Co. v. New Horizon, Inc.*, 254 F.R.D. 227 (E. D. Pa. 2008) (granting motion for protective order on the grounds that party did not seek leave of court to conduct an additional deposition); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st. Cir. 2001) (affirming the district court's decision to grant a motion for protective order on the ground that the issuance of the second Rule 30(b)(6) deposition without leave of court was improper).

**WHEREFORE,** Defendant, WORLD AVENUE USA, LLC respectfully requests the entry of a protective order, and for such other and further relief that this Court deems just and proper.

Dated: October 28, 2010.

        Respectfully submitted,

        /s/
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone: 202-331-3100
        Facsimile: 202-331-3101

        --and--

Kenneth Horky, Esq.
horkyk@gtlaw.com
John L. McManus, Esq.
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477
*Attorneys for World Avenue USA, LLC*