UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

October 27, 2010

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg Traurig
2101 L Street, NW, Suite 1000
Washington, DC 20037

John L. McManus, Esquire
Kenneth A. Horky, Esquire
Greenberg Traurig
401 E Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301

Re:     Beyond Systems, Inc. v. World Avenue USA, LLC.
        Civil Action No. PJM-08-921

Dear Counsel:

        Pursuant to the referral of this case to me for resolution of discovery disputes, the Court
has reviewed Plaintiff's First Motion for Order to Compel Defendant WAUSA to Provide
Complete Answers to Interrogatories ("Plaintiff's Motion")(ECF No. 307) and the related
memoranda thereto.  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  The Court
hereby GRANTS IN PART Plaintiff's Motion.

**The "You" Objection**

        The Court requires Defendant to provide responsive information in the hands of its
officers, directors, employees, agents, representatives, attorneys and entities within its control.
Given the breadth of Defendant's responses as they relate to its parent and "sister" companies,
the Court finds that Defendant has fulfilled its obligations with respect to this definitional term.
Defendant has provided record evidence and supportive documents for its position.  Plaintiff's
position is lacking in support on the material issue.

*Beyond Systems v World Avenue*
October 27, 2010
Page 2 of 4

## General Objections:

### The 2006 Time Frame

It is clear from Plaintiff's submission that Niutech, LLC fully merged with Defendant in June 2006. Accordingly, to the extent Plaintiff's inquiries predate 2006, Defendant is obligated to provide full factual responses dating to the creation of Niutech, LLC. To the extend Defendant has responded to discovery without the inclusion of information regarding Niutech, LLC, Defendant shall supplement its responses within fourteen (14) days.

### The "Up to Present" Objection

The Court has previously ruled that Plaintiff is entitled to discovery of facts regarding the "E-mails at issue up to the present." The parties also have a continuing duty to timely supplement all discovery in accordance with Fed. R. Civ. P. 26(e).

### The "Burden" and Spoliation Objections

Defendant has a continuing obligation to provide full factual responses to proper questions that have been propounded. Whether spoliation has occurred is an issue for the Court to determine at the appropriate time. To the extent Plaintiff seeks a more substantive response, Plaintiff has failed to pursue production or otherwise to meet Defendant's assertion of the need for burden-shifting.

### The "Sender Identity" Objection

Defendant has fully responded to this request to the satisfaction of the Court. It is Plaintiff that has turned this "inquiry upside down."

### The "No Contract" Objection

Defendant has not lodged an objection.

### The "Sister Company" Objection

Defendant has not limited its description of "sister companies" as described by Plaintiff.

*Beyond Systems v World Avenue*
October 27, 2010
Page 3 of 4

### Answers to Interrogatories

**Interrogatory Nos. 1-7**     Defendant has responded to these interrogatories.

**Interrogatory No. 11**     Defendant has responded to this interrogatory.

**Interrogatory Nos. 13 - 14**     Defendant has responded to these interrogatories.

      Defendant failed to provide full factual responses for discovery relating to the period before 2006 on the premise that it did not exist as an entity before that date.  However, the corporate documents are clear that Defendant merged with Niutech, LLC, and Defendant should have included responses for the fully merged entity in its discovery production.  Accordingly, as Defendant's failure to produce is not "substantially justified," the Court will award sanctions. Plaintiff shall have fourteen (14) days to submit an affidavit in support of fees and costs. Defendant shall then have fourteen (14) days to submit any opposition thereto.

      Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

Charles B. Day
United States Magistrate Judge

CBD/bab