# EXHIBIT "2"

**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. PJM 08 cv 0921 |
| | ) | |
| WORLD AVENUE USA, LLC, et al. | ) | |
| Defendants | ) | |
| _____ | ) | |

## <u>DECLARATION OF JOHN L. MCMANUS</u>

I, JOHN L. MCMANUS, being of full age, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1.      I am a shareholder in the international law firm Greenberg Traurig, P.A. (Greenberg Traurig"), and I work out of the firm's Fort Lauderdale office.  I am one of the lawyers representing World Avenue USA, LLC ("WAUSA") in the above captioned matter.  I submit this Declaration in support of Defendant WAUSA's Application As to Amount of Attorneys' Fees ("Application").

2.      I have reviewed all invoices regarding this Application.

3.      Greenberg Traurig is being compensated on an hourly basis for services rendered in this case.

4.      Greenberg Traurig maintains contemporaneous time records reflecting hours worked on a particular matter.  The following fees have been incurred in connection with the instant action resulting from the Motion to Compel Complete Answers to Third Set of Interrogatories                    directed                    to                    Plaintiff Beyond Systems, Inc. ("BSI").

**LEGAL FEES:**

| Timekeeper | Hours | Rate/Hour | Total |
|---|---|---|---|
| Kenneth A. Horky | 1.90 | $460 | $874.00 |
| John L. McManus | 14.30 | $450 | $6,435.00 |
| Nicoleta Burlacu | 1.50 | $290 | $435.00 |
| **TOTAL** | | | **$7,744.00** |

5.     The attorneys' and paralegal fees set forth above are those accrued through October 8, 2010.

6.     The hourly rates charged in Paragraph 4 are the customary hourly rates charged to clients for services rendered by the individuals involved.

7.     I have reviewed the reasonableness of the attorneys' fees in light of the factors outlined below:

>    (a) time and labor expended;

>    (b) the novelty and difficulty of the questions raised;

>    (c) the skill required to properly perform the legal services rendered;

>    (d) the attorney's opportunity costs in pressing the instant litigation;

>    (e) the customary fee for like work;

>    (f) the attorney's expectation at the out-set of the litigation;

>    (g) the time limitations imposed by the client or circumstances;

>    (h) the amount in controversy and the results obtained;

>    (i) the experience, reputation and ability of the attorney;

>    (j) the undesirability of the case within the legal community in which the

>    suit arose;

2

(k) the nature and length of the professional relationship between attorney and client; and

(l) attorneys' fees awards in similar cases.

8.      In light of the foregoing factors, I believe that the fees sought are reasonable and My conclusion is based on the following analysis.

9.      ***Time and Labor Expended, Novelty and Difficulty of Questions, and Skill Required***.  The motion required considerable time and involved complex questions.  The work began with the drafting of an e-mail communication outlining the issues for discussion in a later telephone conference.  The Memorandum of Points and Authorities ("Memorandum") filed in support of the Motion by WAUSA concerned at least 11 interrogatory answers and was 26-pages long, with at least 26 additional pages of Exhibits.  Far from simply contesting BSI's objections, the Memorandum affirmatively showed that the issues relating to BSI's revenues and its use of Verizon services were directly relevant in this case.  The Memorandum made reference to documents in another legal proceedings, *Beyond Systems, Inc. v. Kraft Foods, Inc.*, Case No. PJM-08-409 (D. Md.), which required mastery of the contents of those documents.

10.     BSI then served a twelve (12) page Memorandum in Opposition [DE 321] and at least 47 pages of attachments.  The Opposition also included an eight (8) page Declaration of Paul A. Wagner [DE 321-2].

11.     The Motion to Compel and Memorandum had focused on Paul A. Wagner's averment in a prior Declaration that BSI "assigns Internet Protocol ('IP') addresses it owns to clients."  In the new Declaration filed at DE 321-2, Mr. Wagner attempted to explain how he did not mean to use the word "assign" in the conventional sense of the English language, but based it

3

on another definition of the word "assign." This, in turn, required WAUSA to involve its expert witness, Dr. Neal A. Krawetz, to address this and other averments by Mr. Wagner.

12.     WAUSA then filed a thirteen (13) page Reply Memorandum at DE 347 pointing out the deficiencies of BSI's response to the Third Set of Interrogatories and the Memorandum in Opposition.

13.     ***Opportunity Costs in Pressing the Current Litigation***.  This case is quickly approaching 500 docket entries since its filing in April of 2008.  Needless to say, this type of case is extremely time-consuming, and the time involved in the preparation of the subject Motion to Compel was likewise time consuming.  Moreover, WAUSA's counsel efficiently responded as the vast majority of the time sought is for work performed by myself.  Where applicable, other attorneys were involved in looking at discrete issues, such as Kenneth A. Horky and Nicoleta Burlacu's involvement.  For his part, Mr. Saunders was involved in serving as the primary point of contact with BSI on the issues, and his time is not being sought.

14.     ***The Customary Fee For Like Work***.  The hourly rates sought are the customary rates charged for the individuals involved to this client as well as other clients.  Based on my communications with lead counsel, Sanford M. Saunders, Jr., as well as my review of legal publications with the customary hourly rates charged by attorneys of similar experience in the area, I believe that the hourly rates set forth above are reasonable and in line with the customary legal fees in the relevant community.

15.     ***The Results Obtained and The Amount in Controversy.***  BSI claims damages in excess of $100,000,000.  The results obtained were second to none, as the Order both granted the Motion to Compel, as well as awarded sanctions to WAUSA.

4

16.     ***Nature and Length of the Professional Relationship Between Attorney and Client***.  Sanford M. Saunders, Jr. and Nicoleta Burlacu have been involved in this action representing WAUSA since the inception of the action.  Fort Lauderdale counsel, Kenneth A. Horky and I, are involved in this action because they are each based in close proximity to the client.  Moreover, both Mr. Horky and I have been involved directly or indirectly in this action since after its inception.  Mr. Horky and I have represented other corporate affiliates of WAUSA since approximately 2006 and 2007, respectively.

17.     ***Experience, reputation and ability of the attorneys***.  The attorneys representing WAUSA have approximately 74 years of combined legal experience in domestic or international law.  The principal attorney handling the matter, Sanford M. Saunders, Jr., has substantial experience with this type of matter and has been recognized by Chambers as a leading litigator in DC and after becoming the head of the DC litigation section in 2007, Chambers, for the first time in 2008, recognized it as a "go to" firm in the District of Columbia.  Kenneth A. Horky is a 1986 graduate of the Florida State University College of Law and specializes in complex commercial litigation.  I am a 1997 graduate of the University of Florida College of Law and also practice in complex commercial litigation.  As noted, Mr. Horky and I have been engaged in advising WAUSA and other associated companies in this field for several years.  For her part, Nicoleta Burlacu is a 2000 law school graduate, who, after completing her Master's in 2001, obtained an LL.M in International and Comparative Law in 2006 from The George Washington University Law School.  Ms. Burlacu practiced as a foreign attorney with Greenberg Traurig, LLP, from 2006 until January 2008, when she was admitted to the Bar of New York.  Ms. Burlacu has approximately ten years of experience practicing foreign and international law, including

5

working as a Staff Attorney for the U.S. Department of Justice, Criminal Division, Office of Overseas Prosecutorial Development, Assistance and Training. Ms. Burlacu has been practicing in private practice since her New York bar admission in January 2008.

18.     *Attorneys' Fee Awards In Similar Cases*.  Based on our review of other similar cases involving BSI, we have not located any amounts actually awarded for attorneys' fees against BSI.  We are aware of one pending application in *Beyond Systems, Inc. v. Kraft Foods, Inc.*, Case No. PJM-08-409 (D. Md.).  I am also aware of a second pending application against William J. Wagner, the father of BSI's principal, Paul A. Wagner, in *World Avenue USA, LLC v. William J. Wagner*, Miscellaneous No. 09-557 (HHK/AK), in the U.S. District Court for the District of Columbia.  This Court has entered one more Order for sanctions against BSI in favor of WAUSA, and WAUSA will be filing its application in due course.  I believe that the fact that this Court has entered three awards of sanctions against BSI, and the District of Columbia Court has entered a fourth against a BSI-related individual, weighs heavily in favor of the reasonableness of the award sought herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: October 29, 2010

John L. McManus

6