IN THE U.S. DISTRICT COURT FOR MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| WORLD AVENUE USA, LLC | * | |
| successor by merger to NIUTECH, LLC., | * | |
| dba The Useful, et al. | * | |
| | * | |
| **Defendants** | * | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ESTABLISHING DEFENDANT WORLD AVENUE USA, LLC AND THEUSEFUL, LLC AS A SINGLE ENTITY OR, IN THE ALTERNATIVE, FOR ENTRY OF AN ORDER OF DEFAULT AGAINST THEUSEFUL, LLC**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | | Procedural Background | 3 |
| II. | | Facts | 7 |
| | A. | The Parties | 7 |
| | B. | Niutech, LLC = WAUSA I = TheUseful, LLC | 10 |
| | C. | THE TWO WAUSA'S:  WAUSA I and WAUSA II | 12 |
| | D. | There is a Unity of Infrastructure and Management | 14 |
| | E. | Defendant Has Continuously Referred to Itself (And Been Referred to) as a Unitary Entity Since 2002 | 15 |
| III. | | Legal Standard for Summary Judgment | 19 |
| IV. | | Florida Law on Mergers and Continuation of Business | 22 |
| V. | | The "Wrong Corporate Entity" Defense | 23 |
| VI. | | The Unified World Avenue Entities | 25 |
| | A. | Successor Liability | 25 |
| | B. | The Entry of Default Against TheUseful, LLC | 26 |
| VII. | | Relief Sought | 27 |
| Exhibits | | | 28 |

Plaintiff, Beyond Systems, Inc. ("BSI"), by and through undersigned counsel, moves for the entry of partial summary judgment to eliminate a cloud of confusion that has been created by Defendants' use of the same name for what they contend are two distinct corporate entities. Specifically, Plaintiff asks this Court to rule that the entity that answered the Amended Complaint under the name "World Avenue USA, LLC," and the entity that was originally formed with that name but quickly changed its name to "TheUseful, LLC," are to be treated as a single entity for purposes of this suit. Alternatively, if the Court finds that these are two separate entities, Plaintiff moves for an order directing the Clerk to enter a default against TheUseful, LLC for its failure to file an answer to the Amended Complaint.

The Amended Complaint accuses the defendants, including "World Avenue USA, LLC," of sending unsolicited bulk commercial email containing falsity and deception to thousands of destinations, including Plaintiff's email servers. Amended Complaint, DE 34 at ¶ 95. Similar conduct has led to substantial monetary claims, judgments and settlements against others. Id. at ¶¶22-26.

A significant number of the emails that give rise to the claims in this suit were sent under email-driven marketing programs directed by Defendant Niutech, LLC, a Florida limited liability company formed in 2002 by Defendant Niuniu Ji. In 2006, Niutech, LLC merged into "World Avenue USA, LLC" (WAUSA), a Delaware limited liability company, which assumed Niutech's liabilities. Mr. Ji executed the document for both sides of that transaction. The Complaint and Amended Complaint name WAUSA, a Delaware limited liability company, as one of the defendants. An entity

1

named "World Avenue USA, LLC," a Delaware limited liability company, filed an answer to the Amended Complaint, admitting it either "is" or "was" the successor of Niutech, LLC.  The same federal tax number has been used by Niutech, LLC, WAUSA (in both of its iterations) and TheUseful, LLC. These three have shared physical addresses and various resources, and the nature of the business has been continuous.  Due to their unavailability, no Rule 30(b)(6) merits deposition has been taken of WAUSA or TheUseful, LLC as of this writing.

In its recent responses to Plaintiff's discovery requests, the defendant that answered the Amended Complaint under the name, "World Avenue USA, LLC," has suddenly flip-flopped, denying it was <u>ever</u> the successor of Niutech.  The answering WAUSA now expounds for the <u>first</u> <u>time</u> on what Plaintiff calls the "Two-WAUSA Theory," walking through a series of carefully coordinated filings in Delaware and Florida in September 2006, whereby the name of the first WAUSA was changed to TheUseful, LLC, and an hour later, the second WAUSA was created.  The answering WAUSA relied on this Two-WAUSA Theory to resist discovery in this suit, seemingly constricted by both blinders and amnesia:  it claims to know almost nothing about the first WAUSA or the "sister" companies described in the complaints, and it has provided almost no information or documents about the email-driven marketing operations under Niutech, LLC.

An entity named "World Avenue USA, LLC" has represented to the public (*and to state and federal regulators in prior litigation*), that it has been in business

2

continuously since 2002, and is the successor in interest by merger to Niutech, LLC.[1] Defendants' own web pages and press releases, as well as the public records filed with the states of Delaware and Florida, contradict Defendants' denial of successor status.

The undisputed facts show that the defendant named "World Avenue USA, LLC" in the Amended Complaint and whose conduct is described therein, is the successor of Niutech, LLC, and was renamed TheUseful, LLC.  This entity is amply identified in the Amended Complaint, regardless of any name change.

The second WAUSA entity, having the same name as the first, has chosen to come forward and file an answer to the Amended Complaint.  If the Court finds that this filing works to shield the first WAUSA, the two should be declared a single entity for purposes of this litigation.  On the other hand, if the Court finds that the two WAUSA entities are distinct, the entity now known as TheUseful, LLC should be found in default for failure to answer the Amended Complaint.

## I.      PROCEDURAL BACKGROUND

Plaintiff filed the instant complaint on April 11, 2008, alleging that the defendants violated state anti-spam statutes by initiating, assisting in the initiation of, or conspiring in the transmission of, thousands of emails to Plaintiff, each containing deception or falsity, beginning on January 1, 2004 and continuing to the present.  Plaintiff identified the lead defendant in the complaint using the descriptor "*WORLD AVENUE U.S.A., LLC dba 'TheUseful,' successor by merger to Niutech, LLC,*" and further alleged that this defendant was a limited liability company formed under the laws of Delaware;

---

1 *See* Ex. AA-8, at 1 located at http://www.worldavenue.com/archive.html?newsid=21 .

maintained its principal place of business in Sunrise, Florida; engaged in an email-driven

lead generation business; and was the successor in interest to Niutech, LLC.  (DE 1;  *see*

*also*, Amended Complaint at DE 34.)

The Amended Complaint alleges that many of the emails claimed were sent

during 2004 and 2005 under the aegis of the entity known as Niutech, LLC.  There is **no**

**dispute** that Niutech, LLC merged with World Avenue USA, LLC in 2006.  There is **no**

**dispute** that World Avenue USA, LLC accepted responsibility for the acts of Niutech,

LLC following the merger by the very terms of the Articles of Merger.  There is also **no**

**dispute** that World Avenue USA, LLC changed its name to "TheUseful, LLC."[2]

> *Defendants filed an Answer to the Amended Complaint on behalf of Defendant*
> *World Avenue USA, LLC at DE 76, which states* :

> 3.      World Avenue admits that it is a limited liability company formed
> under the laws of Delaware and that it maintains its principal business offices
> in Sunrise, Florida, <u>and that it is the successor in interest to Niutech, LLC</u>
> <u>through Articles of Merger</u>. . . .

> *The Amended Answer at DE 85-3 states* :

> 3.      World Avenue admits that it is a limited liability company formed
> under the laws of Delaware and that it maintains its principal business offices
> in Sunrise, Florida, and that **it ~~is~~was the successor in interest to Niutech,**
> **LLC through Articles of Merger . . . .**

**[Strikeout in original; emphasis added.]**

---

2 On March 9, 2010, Plaintiff filed an unopposed motion for leave to file a second
amended complaint naming "TheUseful, LLC" as a defendant along with WAUSA and
others, at DE 176, 177.  That motion is among those set for a hearing on November 29,
2010.  The instant motion is an effort to isolate and obtain an earlier ruling on the issues
presented herein, which bear on other rulings including discovery issues.

4

The only alteration in its entire Amended Answer was the replacement of the word "is" with the word "was" as shown above.  The definition of World Avenue remained unchanged in both answers and Defendants responded accordingly.  Moreover, despite their claim of non-successor status, Defendants do not dispute that WAUSA I (TheUseful, LLC) and WAUSA II have the same Federal Employer Identification Number ("FEIN");  the exact same location [the same street address and suite number (1613 NW 136th Avenue, Suite 100, Sunrise, Florida 33323)];  and the same membership (World Avenue Holdings, LLC) – clearly intimating that the Two WAUSA's should be regarded as a single entity.

The Defendants began distinguishing the entity that answered the Amended Complaint from TheUseful, LLC (WAUSA I) in 2010.  On January 29, 2010, in its responses to BSI's first set of interrogatories ("AI") and first requests for production of documents, WAUSA objected to Plaintiff's discovery requests by re-defining the term "You" in the Requests.  Specifically, Defendants wrote  :

> For purposes of responding to these interrogatory requests,[3] WAUSA understands the terms "YOU" and "YOUR" to mean Defendant World Avenue USA, LLC, the named Defendant in this case formed on September 22, 2006.

WAUSA then objected to Plaintiff's interrogatory requests noting that compliance was "impossible" :

> WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and *it is impossible to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence*.

---

3 Defendant's objection in its Answers to the First Set of Interrogatories and in its Responses to Plaintiff's First Set of Document Requests each recite "these interrogatory requests."

WAUSA raised similar objections in its Responses to Plaintiff's First Set of Document Requests.  Specifically, WAUSA stated :

> WAUSA construes this Request to seek information from World Avenue USA, LLC, the named Defendant in this case formed on September 22, 2006.
>
> WAUSA further objects to the time scope of this Request for Production insofar as it was only formed for the first time on September 22, 2006, *and information prior to that time is irrelevant*.

On October 11, 2010, WAUSA served its Opposition to Plaintiff's Motion to Compel Responses to Plaintiff's Second Set of Interrogatories and Document Requests. That Opposition asserts that the answer to Plaintiff's Amended Complaint was filed on behalf of a second, distinct entity also named "World Avenue USA, LLC," **("WAUSA II")** which was <u>never</u> a successor of Niutech, LLC.  Defendant further contends that WAUSA II cannot know and does not have access to information or documents relating to WAUSA I;  TheUseful, LLC;  Niutech, LLC, or any of the so-called "sister companies" within the World Avenue family of companies.

Through its misleading responses and blatant omissions, the defense has attempted to persuade this Court to accept WAUSA II as the primary defendant and to limit Plaintiff's discovery requests accordingly.  S*ee e.g.,* DE 257.  However, the plain language of the Court's Order at DE 257, combined with the pattern interrogatory definitions recommended by the Local Rules, clearly permit Plaintiff to discover information held by WAUSA's agents, representatives and attorneys.  *See* DE 257 at pp. 2.[4]  Nevertheless, the Two WAUSA Theory has been used by the defense to deny

---

4 "Plaintiff is, however, entitled to full discovery regarding Defendant's "agents."  Equally true, Defendant's willingness to provide information under the definition is far too limited.  The Court finds the

6

Plaintiff access to discovery materials within the possession, custody, and control of the

successor entity, seriously impairing Plaintiff's discovery.   Two of Plaintiff's motions to

compel, which in large part attack WAUSA's resistance under its Two WAUSA Theory,

are pending at DE 307 and 327.

## II.  FACTS

### A.  THE PARTIES

As alleged in the pleadings and further supported by documents produced in

discovery, BSI is a Maryland corporation that owns and operates facilities and

infrastructure, including servers and other communications devices, for providing

interactive computer services to its customers.  These interactive computer services

include, among other things, access to the Internet, access to BSI-hosted Internet services

(such as e-commerce services, access to database services and backup services) and

exchange email.  By virtue of the services it provides to its users, BSI is an "interactive

computer service provider" under Maryland's Commercial Electronic Mail Act, and an

"interactive computer service" under Florida's Electronic Mail Communications Act.

As detailed in the pleadings, Defendants operate an "Affiliate Marketing

Network" that acts as an intermediary between the affiliates (or publishers) and the

merchants or brands the Network has been hired to promote.[5]  Affiliate Marketing is a

popular marketing model with merchants (or brands) because it relies upon a "pay for

---

Local Rules of the Court instructive on this issue. The Court requires Defendant to provide responsive
information in the hands of its officers, directors, employees, agents, representatives and attorneys. *See*
Appendix D, Standard Interrogatories, Local Rules of the United States District Court for the District of
Maryland."  Letter of Opinion (Magistrate Judge Day), located at DE 257 at p. 2.
5 *See e.g.* Exhibit AA-2, http://en.wikipedia.org/wiki/Affiliate_programs (for a description of the affiliate

performance" model -- meaning that a merchant does not incur a marketing expense until an agreed upon milestone has been achieved (e.g., new customer, application, click, etc.).

Yet, the "pay for performance" model is far from ideal because it requires a constant source of new customers to function efficiently.  Since at least 2004, the Niutech/World Avenue business has used bulk email as its primary medium for generating a substantial number of leads at a comparatively low cost.  *See* AA-14 (Peterson Dep.), 7:14-8:4; 151:6-152:5.  In order to circumvent spam filters and deceive users into viewing the email advertisements, World Avenue and its bulk emailers constantly altered the promotional emails using an array of domain names, email addresses, and landing pages.  *See* AA-14 (Peterson Dep.), 24:13-26:13; 80:6-81:6.

As operators of an Affiliate Marketing Network dependent upon bulk email, Defendants must maintain considerable infrastructure, including an inventory of numerous IP addresses and domain names, to immediately replace those online assets that become associated with Internet abuse and "blacklisted."  To circumvent the blacklists, complaints and investigations triggered by bulk email, WAUSA rotates through thousands of domain names, trade names, IP Addresses, trade names[6] and

---

marketing system.
6 *See e.g.*, Declaration of Paul A. Wagner Regarding Additional Public Disclosures of World Avenue Domain Names, filed 09/22/10 at DE 426-1, at p. 13, under the section entitled "2,537 World Avenue domains are registered to 494 purported registrants (owners)."

corporate identities.[7]   See Ex. AA-14, (Peterson Deposition) 120:16-121:6; 94:20-96:12; 157:21-158:14.

Through bulk commercial email, Defendants attract new "leads" by offering "Free iPods" and other "gifts" to potential consumers, enticing them to "landing pages" where they are asked to enter their Personal Identifying Information (or "PII"), which is then sold to advertisers.   At the same time, defendants attempt to avoid the substantial legal liabilities that can be imposed under the anti-spam statutes by creating and maintaining a large collection of identities, including corporate names and trade names, and thousands of domain names.   Many of the trade names are not registered with the State of Florida.   The domain names were mostly registered by out-of-state fictitious business names and proxy services.

According to public documents filed with Delaware and Florida, the businesses formerly and/or currently known as NiuTech, LLC;  World Avenue USA, LLC; and TheUseful, LLC, are merely a continuation of the single corporate entity that holds itself out as "WORLD AVENUE," for purposes of successor liability.[8]   These entities share the

---

7  On September 8, 2010, Selling Source, LLC, a Delaware corporation with principal offices in Las Vegas, NV, announced "that it has completed the acquisition of Kitara Media and The Q Interactive Network, which includes seven affiliated digital marketing businesses and web properties, including Q Interactive, ClickGen, CoolSavings, Vente, Postmaster Direct, ThruChannel and Right Mail Marketing."  *See* Exhibit AA-15.

   BSI's proposed Second Amended Complaint, which has not yet been accepted for filing, names the following entities, now being acquired by Selling Source, as new Defendants :  INTREPID INVESTMENTS, LLC; Q INTERACTIVE, INC.; VENTE, INC.; and BRISTOL INTERACTIVE, LLC d/b/a KITARA MEDIA.  According to the press release captured from www.sellingsource.com (the web site has since been taken offline), Dale Baker, the current president of a number of Ji Companies, is the "newly appointed Chief Executive Officer of Selling Source." According to his LinkedIn.com profile, Niuniu Ji has been "Member of the Board of Directors at Selling Source LLC" since last month.  *See* Exhibit AA-16.

8  As Plaintiff argues alternatively, this Court may find that Defendant is part of a "family" of companies engaged in one or more joint ventures.  *See e.g.*, AA-16 at p. 1 (Under the "Experience" Section, Ji lists

same FEIN, common corporate officers or managing agents, physical location and space, infrastructure and employees.  Regardless of the name change from NiuTech, LLC;  to World Avenue USA, LLC;  to the TheUseful, LLC, the business has operated a continuous, common venture over time, under all three of its banners.

### B.       NIUTECH, LLC = WAUSA I  = THEUSEFUL, LLC

NiuTech, LLC began as an unincorporated North Carolina business on January 1, 2001.  *See* Ex. AA-3 (BSI FL AG 1849 of 3292).  In 2002, that business was converted into a Florida limited liability company under the name, Niutech, LLC.  *See* Ex. AA-3 at 1 (BSI FL AG 1850 of 3292)(WA0003653).  On June 29, 2006, the same law firm now representing Defendants in this action filed Articles of Merger with the Florida Secretary of State on behalf of NiuTech, LLC and World Avenue U.S.A., LLC ("**WAUSA I**").  *See* Ex. AA-3 at pp. 11-16.  Defendant Niuniu Ji, executed the Articles of Merger as managing member of both the merging and surviving LLC's, and as president of the common corporate parent, Niupercent, Inc.  *See* Ex. AA-3 at pp. 11-16.  Niuniu Ji and Niupercent, Inc were the only two members of both Niutech, LLC and WAUSA I.

Under the Agreement and Plan of Merger, Niutech, LLC and WAUSA I became "Constitutent Entities."  *See* Ex. AA-3 at 14.  Under the merger, Niutech, LLC was extinguished (the "Merged LLC") and WAUSA I became the successor entity (the "Surviving Company").  *See* Ex. AA-3 at 12, 14 at ¶ 3(a).  All corporate records and assets of the predecessor company, Niutech, LLC, vested with WAUSA I by agreement of the parties.  *See* Ex. AA-3 at 12, 14 at ¶ 3(a).  Under the Articles of Merger, WAUSA I

---

himself as "Chairman" of "World Avenue."

assumed the debts, liabilities, and obligations of NiuTech, LLC as the Surviving

Company :

> **[T]he Surviving Company shall be subject to all the contractual restrictions, disabilities, and duties of the Constituent Entities; and all debts, liabilities, and obligations of the respective Constituent Entities shall thenceforth attach to the Surviving Company and may be enforced against it to the same extent as if said debts, liabilities and obligations had been incurred or contracted by it.**

Ex. AA-3 at 12, 14 at 14 ¶ 3(c).

On September 21, 2006, WAUSA I applied to the Florida Department of State to

change its name to, "TheUseful, LLC," confirming the name change it filed in Delaware.

*See* Ex. AA-3 at p. 19.

The name change and merger took place during the closing phases of a whistle

blower suit by one of Niutech's former in-house attorneys.  In his lawsuit against

NiuTech, LLC, Steven A. Levine claimed that the Company persisted in deceptive

marketing practices despite his advice to the contrary;  that those practices spawned

lawsuits;  and that Niutech had retaliated against him for standing up against its deceptive

practices.  *See* Ex. AA-19, FL AG 2124 (letter of September 8, 2005 from Levine's

attorneys);  FL AG 377-398 (Levine complaint filed in Palm Beach County, FL);  FL AG

2154 (June 21, 2006 order for mediation);   FL AG 2148 (Order of dismissal of July 13,

2006).   It also came as the Florida Attorney General was gearing up for its investigation.

(*See* Exhibit AA-20, FL AG 2448 (May 19, 2006 communications with Better Business

Bureau regarding consumer complaints);  FL AG 2792 (August 31, 2006 internal memo,

gathering affidavits from consumers).

11

On April 11, 2008, Plaintiff BSI filed the present action against the following defendants :  (1)  "World Avenue U.S.A., LLC successor by merger to Niutech, LLC dba "TheUseful";  (2)  "World Avenue Holdings, LLC";  (3)  Niuniu JI;  and (4) "John Does 1-20".  *See* Compl. at DE 1.

## C.   THE TWO WAUSA'S:  WAUSA I and WAUSA II

In its Opposition to Plaintiff's Motion to Compel Responses to its Second Set of Document Requests, served to BSI on October 11, 2010, Defendant describes in writing for the first time its theory that Plaintiff sued an entity that was not the successor by merger to Niutech, LLC.  Specifically, Defendant explains:

> On June 26, 2006 at 2:14 p.m., a company called World Avenue USA, LLC was formed under the laws of the State of Delaware as a limited liability company and given Secretary of State File Number **4181161** . . . ***This entity is not the Defendant in this case***.  A Delaware corporation's file number is a unique identifier, similar to a "VIN" number for an automobile  . . . When a Delaware corporation changes it name, it retains the same file number.

*See* Exhibit AA-4 [Section II(A)] at p. 4 (*emphasis added*).

Defendant insists that the World Avenue USA, LLC described in the complaint is **<u>not</u>** this first WAUSA I, but is a second entity having the identical name, formed in September 2006 (WAUSA II).  Defendant avers that during the One hour and Thirty-One Minutes between the name change from World Avenue USA, LLC (WAUSA I) to TheUseful, LLC, there was no entity named World Avenue USA, LLC.  As a result, Plaintiff must have meant to sue the other World Avenue USA, LLC, allegedly created on September 22, 2006 ("**WAUSA II**").

This argument ignores three critical factors :   (1)  the description of World Avenue USA, LLC in the Complaint and Amended Complaint as successor of Niutech, LLC by merger, as well as the detailed allegations of fact that refer directly Niutech, LLC and the surviving company;   (2)  the fact that World Avenue USA, LLC has not changed corporate form, identity or management (e.g., the two WAUSA's share the same Federal Employer Identification Number (FEIN);[9]  the same address, and the same corporate officers);  and (3)  WAUSA's admission in its Answer to the Amended Complaint that it is and was the successor to NiuTech, LLC.

Defendant's Opposition to Plaintiff's Motion to Compel distinguishes WAUSA I and WAUSA II in the following manner :

> On September 19, 2006 at 2:13 p.m., World Avenue USA, LLC -- the Delaware limited liability company registered with the file number **4181161** -- changed its name to TheUseful, LLC in the records of the Delaware Department of Corporations. See Exhibit 7 (Certificate of Amendment of Certificate of Formation). The Delaware Department of Corporations document reflecting the prior change of name in Delaware was filed with the State of Florida Division of Corporations on September 21, 2006 at 10:20 a.m.  See Exhibit 8.

> The named Defendant in this case, World Avenue USA, LLC, is a Delaware limited liability company formed on September 21, 2006 at 11:51 a.m. and given Secretary of State file number **4223730** ("WAUSA") . . . At the time the Defendant was formed, there was no entity in Delaware or Florida called World Avenue USA, LLC.  It was the only World Avenue USA, LLC as of September 21, 2006 because the Delaware records had been updated on September 19, 2006.

*See* Exhibit AA-3 [Section II(A)] at p. 4 (*citation and footnote omitted*).  Thus, Defendants insert WAUSA II as the entity filing an Answer to the Amended Complaint,

---

9 The two businesses have the same FEIN -- 260004483.  *See* Exhibit AA-3.

despite the facts that Plaintiff's description in the pleadings, as well as the unity of location, employees, and corporate management;  plainly reference WAUSA I as the properly named Defendant.

## D.   THERE IS A UNITY OF INFRASTRUCTURE AND MANAGEMENT

Defendants' sleight-of-hand in creating and substituting WAUSA I with WAUSA II was done with the full complicity of Defendant's present management, and aided by present counsel.  On June 29, 2006, Defendant Niuniu Ji, executed the Articles of Merger for both sides of the transaction in a merger of two limited liability companies, one organized under the laws of Delaware and operating in Florida as a foreign corporation (World Avenue USA, LLC aka WAUSA I) and one organized as a Florida limited liability company (Niutech, LLC). Under the Agreement and Plan of Merger, incorporated into the Articles of Merger by reference, Niutech, LLC (the Merged LLC) merged into World Avenue USA, LLC aka WAUSA I (the Surviving LLC).   *See* Ex. AA-3 at pp. 12, 14 at ¶ 3(a).

Defendant Niuniu Ji likewise executed the application of WAUSA II to transact business in Florida.  *See* Ex. AA-5 at p. 4.  Niutech, LLC; World Avenue USA, LLC; and TheUseful, LLC all report the same Federal Employer ID number (FEIN 26-0004483) with the Florida Secretary of State.  In addition, all of these entities, except the now inactive Niutech, LLC, list the same physical address of 1613 NW 136TH Ave, Suite 100, Sunrise FL 33323.  *See* Exhibit AA-5 at pp. 4, 7 (WAUSA) and AA-6 at pp. 3, 5, and 6 (NIUTECH/WAUSA/THEUSEFUL) attached.

14

**E.**     **DEFENDANT HAS CONTINUOUSLY REFERRED TO ITSELF (AND BEEN REFERRED TO) AS A UNITARY ENTITY SINCE 2002.**

The Amended Complaint describes Defendant as, "World Avenue U.S.A., LLC, successor by merger to Niutech, LLC, dba 'TheUseful'." On its own website, Defendant describes itself as being in continuous existence since 2002. Specifically:

> **About Us**
>
> **Since its inception in 2002**, World Avenue has been a leading provider of performance-based interactive marketing solutions, specializing in lead generation and customer acquisition . . . World Avenue, with offices in the United States, Canada, and the Caribbean, continues to expand its international reach and presence. Privately-owned, debt free, profitable, and rapidly expanding, **World Avenue makes it headquarters in beautiful Sunrise, just fifteen miles from Fort Lauderdale Beach!**

*See* Exhibit AA-7 (downloaded on 10/19/10 and located at www.worldavenue.com/about.html) (emphasis added).

Defendant describes its beginnings as an unincorporated North Carolina entity in its Opposition to Plaintiff's Motion to Compel Responses to the Second Set of Document Requests as follows :

> On December 24, 2002 at 12:34 p.m., a Certificate of Conversion was filed with the State of Florida Division of Corporations to convert NiuTech from an unincorporated business in North Carolina to a Florida limited liability company called NiuTech, LLC.

Similarly, in a press release posted on its website, Defendant announced that on January 16, 2008, the Office of the Attorney General for the State of Florida closed its year-long investigation into allegations regarding its advertising activities. As Defendant noted :

> Florida Attorney General Closes Investigation, Will Dismiss Lawsuit Against World Avenue USA, LLC

15

Sunrise, Florida, January 16, 2008 –

Following a year long investigation into allegations regarding its advertising activities, the Office of the Attorney General of the State of Florida has closed the investigation and will be dismissing its lawsuit against **World Avenue USA, LLC (formerly NiuTech), dba TheUseful and Niuniu Ji, the company's chairman.**

*See* Exhibit AA-8 (downloaded on 10/19/10 and located at http://www.worldavenue.com/archive.html?newsid=21) (emphasis added).

In another press release located on its website dated May 15, 2008,

Defendant describes itself as having resolved a civil investigation in Texas :

World Avenue USA, LLC ... today announced that it has entered into a voluntary agreement with the Texas Attorney General's office which closes the civil investigation into the wording of some of the company's advertisements.

The civil investigation by the Texas Attorney General's Office which began in May of 2006 focused on the usage of the word "free" as it pertained to the receipt and retention of goods or services by consumers.

*See* Exhibit AA-9 (downloaded on 10/19/10 and located at

http://www.worldavenue.com/archive.html?newsid=20).  Thus, even after the name

change, World Avenue USA, LLC continued to refer to itself as the successor of Niutech,

LLC.

During investigations made by the Office of the Attorney General for the States of

Florida and Texas, Defendants were described in the following fashion:

| Investigating State AG Office | Named Defendant |
|---|---|
|  |  |

| | |
|---|---|
| Florida Office of the Attorney General | Second Amended Complaint filed on August 30, 2007:<br><br>12.    Defendant WORLD AVENUE, LLC, is a Delaware Limited Liability Company. It is the successor by merger to NIUTECH, LLC, a Florida Limited Liability Company. As reflected Defendants' filings with the Secretary State, *WORLD AVENUE, has formally changed its name to THEUSEFUL, LLC. That is, THEUSEFUL, LLC, is not registered with the Florida Secretary State as a separate and distinct entity from WORLD AVENUE, LLC.  These Defendants have been headquartered, at all pertinent times, in Palm Beach County, Florida.*<br><br>*See* AA-10 (emphasis added) |
| Texas Office of the Attorney General | As Niu Tech, LLC, in the March 7, 2006, Civil Investigative Demand (CID);  and as "World Avenue" in the follow up letter of rebuke by the Texas Attorney General's Office on July 15, 2008.<br><br>*See* AA-11. |

Defendants did not protest in either state Attorney General action that the document requests and/or the civil investigative demands by the States were unreasonable in scope or named the wrong party.  Instead, Defendants reached a voluntary agreement in both attorney general actions.  In the Florida Attorney General investigation, Defendants announced on its own web pages that "World Avenue USA, LLC [made] a $ 1 million contribution to The Department of Florida Legal Affairs' Revolving Trust Fund."  *See* Exhibit AA-8 at p. 2.  On January 16, 2008, Defendants wrote a check to the Florida Legal Affairs' Revolving Trust Fund in the amount of $ 1,000,000 ( One Million Dollars ).  *See* Exhibit AA-13 (FL AG 0046).  The account

17

holder for the check was listed as ***World Avenue USA, LLC, at 1613 NW 136th Avenue,***

***Suite 100, Sunrise, Florida 33323***.

Defendants still continue to describe World Avenue USA, LLC as the successor

to Niutech, LLC in its current job announcements.  In particular, Defendants' recent job

announcement for an "Infrastructure Engineer" appeared on the website

MathmaticsJobs.org.  *See* AA-17 (Job Announcement MathematicsJobs.org)

(downloaded on October 27, 2010).  Specifically, Defendants' announcement states :

> **Since its inception in 2002**, **World Avenue** has been a leading provider of
> performance-based interactive marketing solutions, specializing in lead
> generation and customer acquisition. Privately owned, profitable, debt free
> and rapidly expanding, World Avenue makes its headquarters in beautiful
> suburban Sunrise, just fifteen miles from the Fort Lauderdale Beach! As we
> continue to grow, so do our staffing needs.

*See* AA-17 (Job Announcement MathmaticsJobs.org) (emphasis added).

Indeed, in 2007 Defendants filed documents with the Superior Court of

California, Small Claims Division, attesting to the continuing relationship between World

Avenue USA, LLC and Niutech, LLC.  Specifically, World Avenue USA, LLC's

Compliance Manager notes in its motion to dismiss written on company letterhead in

June 2007, that it received complaints from the plaintiff on October 31 and November 1,

2005, and that it had responded to such letters in December 2005.  *See* AA-18 (Jeff

Richard Compliance Mgr. Ltr dated 06/20/07).  As Defendants allege that WAUSA II

was created on September 22, 2006, WAUSA II could not have possibly responded to

complaints lodged by plaintiff Balsam in 2005.  However, in this pleading to the Superior

Court of California, World Avenue USA, LLC's Compliance Manager, Jeff Richard,

responded on June 20, 2007, that the Company had received complaints from plaintiff

Balsam and responded to such complaints in 2005.

Recently, Plaintiff deposed Christopher Peterson, one of Defendant's original

employees.  Mr. Peterson ran Defendants WAUSA I's Affiliate Marketing Department,

the Media Buying Department, and the Sales Department from 2004-06.  *See* Exhibit

AA-14 (Peterson Depo.) at pp. 8:1-4.  Mr. Peterson noted that his employer used the

"TheUseful" name since 2004-05.  *See* Exhibit AA-14 (Peterson Depo.) at pp. 79:17-21.

Finally, the name, "TheUseful.com" has been used continuously in an email-

based lead-generation business housed with others among the Defendant's businesses

(both incorporated and unincorporated) since the year 2004, as identified in the fictitious

name registrations.  *See* Exhibit AA-3 at pp. 22-23.

Moreover, Defendant Niuniu Ji (the still unserved president and managing

member of Defendant WAUSA I and WAUSA II) is also unsure of what to call the

WAUSA entity.  In his biography on a well-known networking site on the Internet known

as "LinkedIn," Defendant Ji refers to his corporate conglomeration as "World Avenue"

and claims to be the Chairman of such entity.  *See e.g.*, AA-16 at p. 1 (Under the

"Experience" Section, Ji lists himself as "Chairman" of "World Avenue" from May 2003

to the Present).

### III.     LEGAL STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure requires that summary judgment

"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party." *Strong v. Dyar*, 573 F. Supp. 2d 880, 884 (D. Md. 2008). It must also draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Summary judgment is appropriate only if a rational trier of fact could not find for the non-moving party in light of the record as a whole." *Schafer v. Maryland*, 555 F. Supp. 2d 572, 577 (D. Md. 2008) (citing *Anderson*, 477 U.S. at 248-49). The non-moving party cannot rely on "mere allegations or denials." *Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting *Anderson*, 477 U.S. at 248).

Instead, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis and internal quotation marks and citations omitted). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Perez v. Mountaire Farms, Inc.*, 601 F. Supp. 2d 670, 673 (D. Md. 2009) ("Material facts are those that may affect the outcome of the case.").

BSI, as the moving party, has the burden of demonstrating, using any of the means listed in Rule 56(c), that no there is no genuine dispute of material fact that Defendant's businesses known as NIUTECH, LLC, WORLD AVENUE USA, LLC; and THEUSEFUL, LLC, are part of a single entity and are nothing more than a mere continuation of the same corporation for purposes of successor liability. *CapitalSource*

20

*Finance, LLC v. Delco Oil, Inc.*, 608 F. Supp. 2d 655, 660 (D. Md. 2009) (citations omitted).

Once BSI meets its initial burden of showing that no genuine issues of material fact are in dispute, the burden shifts to Defendant, as the nonmoving party, to present specific facts to prove that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. at 317, 324  (1986).  To create a genuine issue of material fact suitable for trial, Defendant must present "sufficient evidence favoring Defendant for a jury to return a favorable verdict for it.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted);  *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,  475 U.S. 574, 586-87 (1986).

Consequently, Defendant must do more than "simply show that there is some metaphysical doubt as to the material facts."  *Cremi v. Brown*, 955 F. Supp. 499, 506 (D. Md. 1997) (citing *Matsushita*, 475 U.S. at 586).  If Defendant cannot provide any specific support for its contention that its businesses NIUTECH, LLC; WORLD AVENUE USA, LLC; and THEUSEFUL, LLC are distinct corporate entities apart from one another, then summary judgment must be granted in BSI's favor on this issue.  *Contech Stormwater Solutions, Inc. v. Baysaver Technologies, Inc.*, 534 F. Supp. 2d 616, 622 (D. Md. 2008) (*citing Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003)).

District courts have an "affirmative obligation . . . to prevent 'factually unsupported claims ***and defenses***' from proceeding to trial."  *Felty v. Graves-Humphreys*

21

*Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (*quoting Celotex*, 477 U.S. at 323) (emphasis added).  Here, there is no genuine dispute of material fact that Defendant's businesses known as NIUTECH, LLC; WORLD AVENUE USA, LLC; and THEUSEFUL, LLC, are part of a single corporate entity and are a mere continuation of the same corporation (or a joint venture among limited liability companies) for purposes of successor liability and discovery.

### IV.    FLORIDA LAW ON MERGERS AND CONTINUATION OF BUSINESS

The merger between Niutech, LLC and World Avenue USA, LLC was between a Florida LLC and a Delaware LLC, both maintaining their principal offices in Florida. The merger documents were filed with the Florida Secretary of State.  Florida law governs.

Under Florida law, the imposition of liability upon a successor corporation is based upon the principle that no corporation should be permitted to commit a tort or breach of contract and avoid liability through corporate transformation in form only. *Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145, 154 (Fla. 4th DCA 1994).  A continuation of business resulting in liability of the successor corporation for its predecessor's debts occurs when the successor corporation is merely a continuation or reincarnation of the predecessor corporation under a different name. *Munim*, 648 So. 2d at 154 (citing *Bud Antle, Inc. v. E. Foods, Inc.*, 758 F.2d 1451, 1458 (11th Cir. 1985 ) (*en banc*)).

Liability should be imposed where the purchasing corporation is merely a 'new hat' for the seller, with the same or similar management or ownership.  *See Bud Antle*,

758 F.2d at 1458-59.  In determining whether one corporation is a continuation of

another, the test is whether there is a continuation of the corporate entity of the seller --

not whether there is a continuation of the seller's business operation.  Id. at 1458.  The

key element of a continuation is a common identity of the officers, directors and

stockholders in the selling and purchasing corporation.  Id at 1458-59.

## V.     THE "WRONG CORPORATE ENTITY" DEFENSE.

In an abundance of caution, Plaintiff has filed a separate Motion to Correct

Misnomer, treating the WAUSA I/TheUseful, LLC renaming maneuver as the root cause

of a mere misnomer.  See filing at DE 459.  The Fourth Circuit has commented on the

"games" that corporate defendants play to evade lawsuits, based on inaccuracies in

naming them, despite ample notice by supporting language in the complaint.  In *Morrel v.*

*Nationwide*, the court observed,

> Nationwide first argues that the default judgment against its insured,
> The Miller Group Construction Company, Inc., is defective because the
> Application to Correct or Vacate, filed in the United States District Court for
> the District of Columbia, which gave rise to this judgment, failed to name,
> and was not served on, its insured.  *Nationwide grounds this argument on the*
> *fact that the Application named as a defendant "The Miller Group*
> *Construction Company," rather than "The Miller Group Construction*
> *Company" as the party served.*
>
> *Nationwide's argument is premised on a thin reed -- a misnomer in*
> *the spelling of the name of its insured -- and is meritless.* It has long been the
> rule in this circuit that service of process is not legally defective simply
> because the complaint misnames the defendant in some insignificant way.
> As we recognized many years ago :
>
> "A suit at law is not a children's game, but a serious effort on the part
> of adult human beings to administer justice; and the purpose of process is to
> bring parties into court. If it names them in such terms that every intelligent
> person understands who is meant it has fulfilled its purpose; and courts

23

should not put themselves in the position of failing to recognize what is apparent to everyone else.  As a general rule the misnomer of a corporation in a notice, summons or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled. *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir.1947) (citations omitted).

Here, there is simply no possibility that Paul Miller, the president of the insured corporation who accepted service on its behalf, did not understand that the Application filed by the Morrels naming "The Miller Group Construction Company" sought to bring The Miller Group into court. Indeed, we have held that the inclusion of an unnecessary "Inc." in a defendant's name does not make the complaint defective.  See A.H. Fischer Lumber Co., 162 F.2d at 873.   The absence of an appropriate "Inc." is likewise irrelevant here.

Moreover, the body of the Application refers to both the construction project performed by the Contractor and the ensuing arbitration, to which the Contractor was indisputably a party.  Perhaps most significantly, a copy of the construction contract giving rise to this entire controversy was attached to the Application; the contract is between the Morrels and "The Miller Group Construction Co. Inc." **If there was any confusion as to what business entity the Application sought to name, the allegations in the Application and its attachments dispelled that confusion.**  See Barsten v. Department of Interior, 896 F.2d 422, 423 (9th Cir.1990) (<u>technical misnaming of defendant insignificant where complaint and accompanying documents make defendant's identity clear</u>); Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082 (9th Cir.1983) (same).

Finally, Nationwide's own correspondence with the Morrels points out the unlikelihood that the Application could have caused any confusion. In its letter of August 22, 1997, Nationwide refers to its insured alternately as "The Miller Group Construction Company, Inc." and "The Miller Group Construction Company."  *Having used these terms interchangeably itself, it is somewhat disingenuous of Nationwide to argue that the one term accurately identifies its insured, while the other refers to "another company" altogether. We therefore conclude that the Contractor was properly brought into the Morrels' suit.* A.H.Fischer Lumber Co., 162 F.2d at 873.

188 F.3d 218, 222 (4th Cir. 1999); [*Emphasis added*.]  The parallels to the instant case are clear: the content of the complaint, in addition to the naming of the defendant, amply describe World Avenue USA, LLC as the successor entity that participated in email-driven lead generation campaigns that spawned the emails claimed in this case.  The name in the complaint includes thephrase, "dba 'The Useful'."  The insertion of WAUSA II as the Defendant in this litigation, when viewed in the context of pending claims by Attorneys' General and private litigants, fits under the "games" criticized by the Fourth Circuit, above.

## VI.     THE UNIFIED WORLD AVENUE ENTITIES

### A.     Successor Liability

Defendant does not dispute that Niutech, LLC (a Florida limited liability company) merged into World Avenue USA, LLC (a Delaware limited liability company), which then changed its name to TheUseful, LLC (a Delaware limited liability company).  However, Defendant disputes that Plaintiff BSI correctly sued Defendant, when the complaint was filed on April 11, 2008. The following chart aligns the differences side-by-side.

| CATEGORIES | NIUTECH, LLC/WAUSA, LLC/THEUSEFUL, LLC | WAUSA, LLC (DE SoS # 4223730)[WAUSA II] |
|---|---|---|
| Name Asserted by Defendant WORLD AVENUE | TheUseful, LLC fka World Avenue USA, LLC, successor by merger to Niutech, LLC | World Avenue USA, LLC |
| Address on 4/11/08 | 1613 NW 136th Avenue, Suite 100, Sunrise, Florida 33323 | 1613 NW 136th Avenue, Suite 100, Sunrise, Florida 33323 |
| FEI Number | 26-0004483 | 260004483 |

25

| CATEGORIES | NIUTECH, LLC/WAUSA, LLC/THEUSEFUL, LLC | WAUSA, LLC (DE SoS # 4223730)[WAUSA II] |
|---|---|---|
| Date of Formation | January 1, 2001 to Present | September 21/22/25, 2006 |
| State of Incorporation | Delaware limited liability company | Delaware limited liability company |
| Members | World Avenue Holdings, LLC | World Avenue Holdings, LLC |
| Current Status | Active | Active |

Because the two entities have the same FEIN, the same location, and the same LLC members, the entities are indistinguishable and should be designated as a single entity by this Court.  In the alternative, they should be regarded as partners in a partnership, or as a joint venture, and as agents for each other.

**B.      Entry of Default Against TheUseful, LLC**

FRCP 4(a) provides, in relevant part:

**Rule 4. Summons**

(a)      FORM. The summons shall be signed by the clerk . . . It shall also state the time within which the defendant  must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint.

**FRCP 55 provides, in relevant part:**

(a)      ENTRY. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

26

TheUseful, LLC (which is the new name of WAUSA I) was properly served by virtue of service on its registered agent, with sufficient identification in the description of the entity named as the Defendant.  Such description put TheUseful, LLC (WAUSA I) on notice of Plaintiff's claims alleged against it in this suit, as well as the date ranges of the alleged violations.  *See* DE 5.  Accordingly, if the Court rules that TheUseful, LLC (WAUSA I) is distinct from WAUSA II, the Court should enter an order of default against TheUseful, LLC for its failure to respond to the Amended Complaint.

The Fourth Circuit has a "strong policy" that "cases be decided on their merits," id. (citing *United States v. Shaffer Equip. Co*., 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive  party.  *See SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v.  Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

## VII.    RELIEF SOUGHT

For all of the reasons stated above, Plaintiff, Beyond Systems, Inc. respectfully requests that this Court enter summary judgment finding that World Avenue USA, LLC and TheUseful, LLC are one and the same entity for purposes of this suit.  In the alternative, Plaintiff requests that an order be entered directing the Clerk to enter a default pursuant to Rule 55(b) as to TheUseful, LLC for failure to file an Answer to the Amended Complaint.  Plaintiff maintains, and does not waive, its claims against all entities named "World Avenue USA, LLC" arising from the events alleged in the amended complaint.

Respectfully submitted,


_____/s/_____          October 29, 2010
Stephen H. Ring                                         Date
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639




_____/s/_____          October 29, 2010
Michael S. Rothman                                  Date
401 E. Jefferson Street Suite 201
Rockville, MD 20850
USDC, MD # 14568
Telephone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

## **EXHIBITS**


AA-2        Copy of Wikipedia page explaining Affiliate Marketing
            http://en.wikipedia.org/wiki/Affiliate_programs (for a description of the
            affiliate

AA-3        Documents received from the Office of the Florida Attorney General
            pursuant to a Freedom of Information Act Request (BSI FL AG 1849 of
            3292).

AA-4        Defendant World Avenue USA, LLC's Memorandum in Opposition to
            Plaintiff's Motion to Compel Complete Production In Response to
            Plaintiff's Second Set of Document Requests.

28

AA-5            World Avenue USA, LLC filings with the Florida Secretary of State

AA-6            TheUseful, LLC filings with the Florida Secretary of State

AA-7            *See* Exhibit AA-7 (downloaded on 10/19/10 and located at
                www.worldavenue.com/about.html)

AA-8            *See* Exhibit AA-8 (downloaded on 10/19/10 and located at
                http://www.worldavenue.com/archive.html?newsid=21)

AA-9            *See* Exhibit AA-9 (downloaded on 10/19/10 and located at
                http://www.worldavenue.com/archive.html?newsid=20)

AA-10           Office of the Florida Attorney General, v. World Avenue USA, LLC, a
                Delaware Limited Liability Corporation, Successor by Merger to Niutech,
                LLC, a Florida Limited Liability Corporation, and Niuniu Ji, an
                Individual, 2007-013940xxxxmd AD (Aug. 30, 2007), Second Amended
                Complaint.

AA-11           State of Texas, Office of the Attorney General, Consumer Protection
                Division, Civil Investigative Demand sent to Niutech, LLC, 6001 Broken
                Sound Parkway, Boca Raton, FL  33433 (March 7, 2006)

AA-13           Documents received from the Office of the Florida Attorney General
                pursuant to a Freedom of Information Act Request (BSI FL AG 0046)

AA-14           Deposition of Christopher Peterson, Wednesday, September 29, 2010, pp.
                1- 274

AA-15           Press Release dated September 8, 2010, "Selling Source Complete
                Acquisition of Kitara Media and The Q Network."

AA-16           Linked In Page of Defendant Niuniu Ji (website located at
                www.linkedin.com)

AA-17           Job Announcement from website MathematicsJobs.org) (downloaded on
                October 27, 2010).

AA-18           Letter from Jeff Richard, World Avenue USA, LLC, Compliance Mgr.
                (Ltr dated 06/20/07).

AA-19           FL AG 2124 (letter of September 8, 2005 from Levine's attorneys);  FL
                AG 377-398 (Levine complaint filed in Palm Beach County, FL);  FL AG

2154 (June 21, 2006 order for mediation);   FL AG 2148 (Order of dismissal of July 13, 2006)

AA-20          FL AG 2448 (May 19, 2006 communications with Better Business Bureau regarding consumer complaints);  FL AG 2792 (August 31, 2006 internal memo, gathering affidavits from consumers).

### Certificate of Service

I certify that a copy of the foregoing documents was served on this 29th day of October 2010, via the ECF system, on all counsel of record.

_____/s/_____
          Michael S. Rothman

30