## IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC.,     )
    )
    Plaintiff,     )
    v.     )     Case No.PJM 08 cv 0921
    )
WORLD AVENUE USA, LLC, et al. )
    )
    Defendants.     )
    )

## WORLD AVENUE U.S.A., LLC'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 104 (6) of the Local Rules of the United States District Court for the District of Maryland, Defendant WORLD AVENUE USA, LLC ("WAUSA") hereby provides its answers and objections to Plaintiff Beyond Systems, Inc.'s ("BSI") Second Set of Interrogatories, as follows:

### GENERAL OBJECTIONS

1.    WAUSA objects to each Interrogatory Request ("Interrogatory") to the extent that it may be construed as calling for information subject to any claim of privilege, including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. Pursuant thereto, WAUSA and its counsel hereby claim these privileges and object to any such Interrogatory on this basis.

2.    WAUSA objects to each Interrogatory to the extent that it may be construed as calling for information which constitutes or contains trade secret, proprietary, confidential, or commercially sensitive information, or other information, the disclosure of which would result in substantial injury to WAUSA.

3.     WAUSA objects to each Interrogatory to the extent that it may be construed as calling for information already in Plaintiff's possession, custody or control, or that is available from public sources on the grounds that such an interrogatory is unduly burdensome and oppressive, and as such, exceeds the bounds of permissible discovery.

Each of these general objections is incorporated into each of the responses set forth below, which responses are made without waiver of any of these general objections.

## OBJECTIONS TO INSTRUCTIONS

1. WAUSA objects to the instruction #7 on the grounds that it exceeds the scope of discovery obligations established under Rule 26 (e) and, thus, is overly broad, unduly burdensome and oppressive.  WAUSA further objects to Instruction 7 because it is not included in the Standard Interrogatories Instructions.

2.     WAUSA objects to the requirement to produce documents in native format in Instruction 5(A) for any documents that are not readily accessible or for any documents for which the metadata associated with the document is not at issue or for which native format is not relevant to the issues in the case.

3.     WAUSA objects generally to the Interrogatories to the extent that WAUSA was formed on September 22, 2006, and it is not reasonably calculated to lead to the discovery of admissible evidence to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.

4.     WAUSA further objects to the oppressive and burdensome nature of each and every interrogatory requiring WAUSA to provide information which was either lost or obscured as a result of Plaintiff's own intentional destruction of evidence and/or negligent failure to preserve evidence.  Specifically, until February 2008, a timeframe long after the date of virtually

every email at issue in this case, Plaintiff routinely spoliated the emails it was collecting as evidence in this case.   Plaintiff did this by deliberately purging the file attachments and all embedded images from those emails.   Those embedded images frequently contained written content including terms and conditions of the promotions, as well as addresses and other identifying information, all of which bear on the claimed illegality of the emails, identification of who sent the emails, and in some cases, the identification of others who might have been involved with the promotions referenced in those emails.   Plaintiff later sought to recreate the evidence it had deliberately destroyed through a process it calls "rendering", which it claims restores that lost content.   In other words, while engaged in collecting evidence it intended to use in a lawsuit it planned to file, Plaintiff deliberately destroyed and then recreated a portion of that evidence.   There is literally no way for WAUSA to ever truly know what Plaintiff has done to the evidence it relies upon in this case.   WAUSA does not make such contentions lightly, and refers the Court to the following as substantiation for this objection:

1.  Plaintiff's Second Amended and Supplemental Responses served September 19, 2008 to Interrogatory 1(i) of Defendant Connexus Corp.'s First Set of Interrogatories to Beyond Systems, Inc., in the matter now styled Beyond Systems Inc. v. Kraft Foods, Inc. et al., Case No. 8:08-CV-00409-PJM:

> "...Prior to February 2008, it was BSI's policy to purge the file attachments and
> embedded images accompanying emails to certain destination addresses every few
> minutes, in part because the images typically consumed more disk space than the emails
> themselves and often contained viruses.  Since February 2008, it is still BSI's policy not
> to retain file attachments, but to retain embedded images."

BSI's principal, Paul Wagner verified this answer based on his own personal knowledge.

In subsequent testimony given at pp. 206-207 of his deposition taken in the same proceeding on June 15, 2009,  Wagner explained that after BSI purged the embedded images, it sought to "render" them back into existence:

"Q. And what exactly can be viewed once an e-mail is deemed renderable?

A. By being renderable, a browser will go out and retrieve images that are referenced in the source code of the e-mails and essentially load and fill in images and place the source code, like as has happened here in Spam 1 as you call it.

Q. What is made visible here in Spam 1 by way of your rendering the e-mail that wouldn't otherwise be visible to someone looking at the e-mail?

A. Good question.  The image becomes visible, but it is also visible to many users who have their e-mail readers turned on or configured to retrieve images that are referenced in the e-mails. In general, BSI does not do that, and ISP's recommend you don't do that, because that signals to the spammer that you have a person, a live person who is viewing the spam, so in general I only do that under controlled forensic settings. I can actually go and retrieve e-mails that are referenced in the e-mails."

Based on the above spoliation and purported recreation of evidence admitted to by the Plaintiff, WAUSA objects to each and every interrogatory purporting to require it to identify the persons responsible for creating or transmitting the emails at issue in this case, or the content of those emails, all of which have been adulterated and revised in ways unknowable to WAUSA. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

*Confidential pursuant to the Confidentiality Agreement*        4

## OBJECTIONS TO DEFINITIONS

1.      WAUSA objects to the definition of "YOU" and "YOUR," on the grounds that it is overly broad, unduly burdensome and oppressive.  WAUSA further objects to this definition on the grounds that it renders several of the interrogatories unintelligible.  WAUSA further objects to this definition on the grounds that it seeks information protected from disclosure by the attorney-client privilege or work product doctrine.  WAUSA further objects to the Definition because it is far broader than the Definition in the Standard Interrogatories Definitions.  Pursuant to the Court's Order dated June 2, 2010, DE 257, for purposes of responding to these interrogatory requests, WAUSA understands the terms "YOU" and "YOUR" to mean Defendant World Avenue USA, LLC, the named Defendant in this case formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

2.      WAUSA objects to the definition of "RELATE(s) or REFER(s)" on the grounds that it is overly broad, and therefore unduly burdensome.  WAUSA further objects to this definition on the grounds that it seeks information protected from disclosure by the attorney-client privilege or work product doctrine.  WAUSA further objects to the definition to the extent that it is not included in the Standard Interrogatories Definitions.

3.      WAUSA objects to the definition of "INTERNET ADVERTISING" on the grounds that it is overly broad, unduly burdensome and oppressive, as well as irrelevant because general INTERNET ADVERTISING is not at issue, and only the EMAILS AT ISSUE are at issue.

4.      WAUSA objects to the Definition of "Documents" as it is not the Definition in the Standard Interrogatories.  WAUSA objects to any requirement in Paragraph 4(1), 4(2), and 4(3) to the extent that it exceeds the requirements of Rules 26 and 33 of the Federal Rules of Civil Procedure.

5.     WAUSA objects to the Definition of the "EMAILS AT ISSUE" to the extent that it includes any e-mail not produced as of the date of these Answers or any data not contained in the links released to WAUSA's counsel.

6.     WAUSA objects to the Definition of "IDENTIFY" to the extent that it is not the Standard Definition.  WAUSA objects to any requirement to identify the affiliate identifier or referrer "identifier" or the principals in control, to the extent that it exceeds the requirements of Rules 26 and 33 of the Federal Rules of Civil Procedure.

Each of these objections to definitions and instructions is incorporated into each of the responses set forth below, which responses are made without waiver of any of these objections.

## INTERROGATORIES

### Interrogatory Number 1:

Identify all documents produced by you to the Office of the Attorney General Office of Legal Affairs for the State of Florida, in <u>Office of the Attorney General vs. World Avenue U.S.A., LLC successor by merger to Niutech, LLC, et al</u>, Case No. 07-00927-MB-CA-09 (Palm Beach County Circuit Court).

### Response to Interrogatory No. 1

#### Objections

WAUSA objects to this Interrogatory on the grounds that it is overbroad and calls for information not relevant and reasonably calculated to lead to the discovery of admissible evidence. WAUSA also objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege or the work product doctrine.  WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

WAUSA further objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

### Answer:

Subject to and without waiving these objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA already has identified the responsive documents related to this investigation, and refers Plaintiff, including, but not limited to, the documents produced as part of the production commenced on January 29, 2010, which are incorporated herein by reference. WAUSA has no responsive information to this Interrogatory beyond what it previously produced.

### Interrogatory Number 2:

Identify all documents relating to the "smoking gun" email referenced in Paragraph 35 of the lawsuit captioned, Steven R. Levine vs. Niutech, LLC, Case No. Case No. 05-008515-MB-AG (Palm Beach Circuit Court) (BSI FL AG 3210 of 3292).

### Response to Interrogatory No. 2

#### Objections

WAUSA objects to this Interrogatory on the grounds that it is overbroad and calls for information not relevant and reasonably calculated to lead to the discovery of admissible evidence. WAUSA also objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege or the work product doctrine. WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

**Answer:**

Subject to and without waiving these objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA already has identified the responsive documents related to this case, and refers Plaintiff, including, but not limited to, the documents produced as part of the production commenced on January 29, 2010, which are incorporated herein by reference. WAUSA has no responsive information to this Interrogatory beyond what it previously produced.

**Interrogatory Number 3:**

Identify all documents produced by you to the Defendant in the lawsuit captioned, <u>Steven R. Levine vs. Niutech, LLC,</u> Case No. Case No. 05-008515-MB-AG (Palm Beach Circuit Court).

**Response to Interrogatory No. 3**

**Objections**

WAUSA objects to this Interrogatory on the grounds that it is overbroad and seeks documents not relevant and reasonably calculated to lead to the discovery of admissible evidence. WAUSA also objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client or the work product privileges. WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to in Plaintiff in prior discovery responses.

WAUSA further objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

**Answer:**

Subject to and without waiving these objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA already has identified the responsive documents related to this case, and refers Plaintiff, including, but not limited tom the documents produced as part of the production commenced on January 29, 2010, and its previous answers to Interrogatory 17 of the First Set of Interrogatories and Request 27 of the Fist Request for Production of Documents, which are incorporated herein by reference. WAUSA has no responsive information to this Interrogatory beyond what it previously produced.

**Interrogatory Number 4:**

Identify all documents, including email, sent to Defendant Niuniu Ji by you referring or relating to the Emails at Issue.

**Response to Interrogatory No. 4**

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to ask WAUSA to respond to discovery concerning information pre-dating its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created, WAUSA specifically requests cost-

shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

WAUSA further objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

To the extent that this Interrogatory seeks emails that post-date December 22, 2008, WAUSA objects on the grounds said communications are subject to a claim of privilege, including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. Further, WAUSA objects on the grounds that this requests seeks information regarding a non party to this litigations and is a "fishing expedition."

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-commercial e-mail on behalf of WAUSA. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to World Avenue Holdings, LLC, its parent company, and other subsidiaries of World Avenue Holdings, LLC, (hereinafter, a "Sister Company" or "Sister Companies"). WAUSA does not have any emails responsive to the request that pre-date December 22, 2008. Any information documents post dated December 22, 2008 would be covered by the attorney client privilege and work product doctrine.

**Interrogatory Number 5:**

Identify all documents, including email, sent by Defendant Niuniu Ji to you regarding the Emails at Issue.

**Response to Interrogatory No. 5:**

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to ask WAUSA to respond to discovery concerning information pre-dating its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

To the extent that this Interrogatory seeks emails that post-date December 22, 2008, WAUSA objects on the grounds said communications are subject to a claim of privilege, including, but not limited to, the attorney-client privilege and/or the attorney work product

doctrine.

### Answer:

Subject to and without waiving these objections, WAUSA avers this request is duplicative with Interrogatory No. 4 and WAUSA incorporates by reference its answer thereto.

## Interrogatory Number 6:

Describe the purpose of the Compliance Guidelines, who administers it currently, who administered it previously, and who is responsible for its oversight both currently and since January 1, 2004?

## Response to Interrogatory No. 6

### Objections

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to require WAUSA to respond to discovery concerning information pre-dating its existence. WAUSA further objects to this Interrogatory on the grounds that it is vague and ambiguous on the grounds it does not identify "Compliance Guidelines" with particularity, it is vague, and WAUSA does not understand the request. WAUSA further objects on the grounds that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

### Answer:

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-commercial e-mail on behalf of WAUSA. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to

*Confidential pursuant to the Confidentiality Agreement*        12

function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA avers that it does not administer "Compliance Guidelines" as part of its business.

**Interrogatory Number 7:**

>Describe the basis of your contention in Paragraph 7 of the Respondent's Answer to Petition to Compel Compliance filed in <u>Office of the Attorney General vs. World Avenue U.S.A., LLC successor by merger to Niutech, LLC, et al</u>, Case No. 07-00927-MB-CA-09 (Palm Beach County Circuit Court) admitting that "Ji indirectly owns, manages, or controls World Avenue."

**Response to Interrogatory No. 7**

>**Objections.**

WAUSA objects to this Interrogatory on the grounds that it is vague and calls for information subject to the attorney-client privilege and work product doctrine.

>**Answer:**

Subject to and without waiving the foregoing objection, WAUSA avers: WAUSA is a wholly-owned subsidiary of World Avenue Holdings, LLC. World Avenue Holdings, LLC is a subsidiary of World Avenue Management Inc. Niuniu Ji is a member of World Avenue Management, LLC. WAUSA incorporates by reference its prior answers, including, but not limited, to Interrogatory 15 of Plaintiff's First set of Interrogatories and refers Plaintiff to the documents produced in response thereof pursuant to Rule 33 of the Federal Rules of Civil Procedure. WAUSA has no responsive information to this Interrogatory beyond what it previously produced.

**Interrogatory Number 8:**

Identify all the "Affiliate Marketers" or "Affiliates" mentioned in Paragraph 14 (BSI FL AG 3207 of 3292), <u>Steven R. Levine vs. Niutech, LLC</u>, Case No. Case No. 05-008515-MB-AG (Palm Beach Circuit Court).

**Response to Interrogatory No. 8**

**Objections**

WAUSA objects to this Interrogatory on the grounds that it is vague, not relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, WAUSA objects to this Interrogatory to the extent it requires WAUSA to "identify" information regarding allegations made by a plaintiff in a complaint filed in an unrelated matter.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-commercial e-mail on behalf of WAUSA. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA was not part of this litigation and does not have the information to identify those references by a Plaintiff in an unrelated litigation regarding "Affiliate Marketers" or "Affiliates." WAUSA further incorporates by reference its prior answers to Plaintiff's First set of Interrogatories.

**Interrogatory Number 9:**

Identify all the persons or entities who own, rent, lease, use or allow others to use the

domain names and/or other fictitious entities listed in Plaintiff's Exhibit 38 at docket

entry 176.

**Response to Interrogatory No. 9**

**Objections:**

WAUSA objects to the time frame of this Interrogatory insofar as WAUSA was formed

on September 22, 2006 and is not a successor to any entity. WAUSA objects to the definition of

the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to

refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September

22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at

p. 2.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this

Interrogatory which, even if limited to the period subsequent to WAUSA's formation would

nevertheless require substantial hours of investigative work, a burden further heightened by

Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the

event that the Court rules that WAUSA must respond to the discovery requests, as a result of

Plaintiff's conduct and the oppressive burden created, WAUSA specifically requests cost-

shifting as a precondition of responding to any Interrogatory which requires production of

evidence or investigation that should have been preserved by Plaintiff.

WAUSA further objects to any domain names, trade names, fictitious names, or websites

that are not listed in the E-MAILS AT ISSUE or in the Paul A. Wagner Affidavit filed in

Opposition to the Motion to Dismiss filed by World Avenue Holdings, LLC insofar as such documents are a "fishing expedition" not related to the E-MAILS AT ISSUE.

WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA incorporates by reference its prior answers, including, but not limited to, those to Interrogatory 11 of Plaintiff's First set of Interrogatories and refers Plaintiff to the documents produced in response thereof and to ESI Agreement pursuant to Rule 33 of the Federal Rules of Civil Procedure, and the documents produced as being responsive to Request No. 4 of Plaintiff's First Request of Production of Documents. WAUSA has no responsive information to this Interrogatory beyond what it previously produced.

**Interrogatory Number 10:**

Identify and describe all documents in your possession, custody or control that were created before September 22, 2006.

**Response to Interrogatory No. 10**

**Objections.**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on

September 22, 2006, and it is impracticable to require WAUSA to respond to discovery concerning documents pre-dating to its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation. WAUSA objects to the overbroad definition of the term "YOUR" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects to interrogatory to the extent it is calling for information subject to a claim of privilege, including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.

### Answer:

Subject to and without waiving these objections, WAUSA avers that absent more direction and the identification of relevant subject matter, WAUSA cannot answer this request.

### Interrogatory Number 11:

Identify all of your employees, officers, contractors or affiliates who have worked for more than one of your companies or sister companies concurrently or consecutively and, for each such person, identify the companies and dates of work.

### Response to Interrogatory No. 11

### Objections.

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to require WAUSA to respond to discovery concerning information pre-dating its existence.

WAUSA objects to the overbroad definition of the term "YOU" and "YOUR" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

**Answer:**

Subject to and without waiving these objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA already has identified its employees in its prior discovery responses and incorporates by reference its prior answers, including, but not limited to, Interrogatories Nos. 1 and 15 of Plaintiff's First set of Interrogatories, and Supplemental Production of World Avenue Holdings, LLC pursuant to Court Order, dated June 2, 2010.

**Interrogatory Number 12**

Identify and describe all documents referring or relating to BSI, Hypertouch, their clients, their attorneys, family members, friends, or other associates of James Joseph Wagner or Paul Wagner, including communications.

**Response to Interrogatory No. 12.**

**Objections.**

WAUSA objects to this Interrogatory on the grounds that it is vague and overbroad. WAUSA objects to interrogatory to the extent it is calling for information subject to a claim of privilege, including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. WAUSA further objects to the vague and ambiguous nature of the terms "clients, attorneys, family members, friends, or other associates" of BSI or Hypertouch and "other associates or James Joseph Wagner or Paul Wagner."

**Answer:**

Confidential pursuant to the Confidentiality Agreement                     18

This request seems solely designed to seek copies of documents covered by attorney-client privilege and work-product doctrine.  This request cannot be answered without Plaintiff, Hypertouch, Paul Wagner and Joe Wagner providing the names of all their "clients, attorneys, family members, friends, or other associates."

Subject to and without waiving these objections, WAUSA answers that it has no non-privilege responsive information pre-dating this litigation.  Additionally, pursuant to Federal Rules of Civil Procedure, WAUSA provided Plaintiff copies of all third party discovery requests and responses, and communications in this case and refers Plaintiff to those documents.

**Interrogatory Number 13:**

For each email identified in Plaintiff's production with Bates Numbers SPAM-W000001 through SPAM-W081981, identify and describe the legal name and address of the sender of the email.

**Response to Interrogatory No 13:**

**Objections.**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to require WAUSA to respond to discovery concerning e-mails transmitted pre-dating its existence.

WAUSA also objects to this Interrogatory to the extent it refers to emails that are not among the Emails at Issue as it defined in Plaintiff's Amended Complaint.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the

*Confidential pursuant to the Confidentiality Agreement*          19

event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

WAUSA further objects insofar as BSI objected to identifying which parties sent the EMAILS AT ISSUE upon which it sues, and therefore, prevented WAUSA from answering this Interrogatory. BSI stated in its Interrogatory Answers: "BSI states that it has not completed its investigation of the participants behind each of the EMAILS AT ISSUE, and awaits discovery from Defendant."

### Answer

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-commercial e-mail on behalf of WAUSA. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and World Avenue Holdings, LLC, its parent company. WAUSA further avers that Hypertouch is the sender of the Emails at Issue to BSI. WAUSA incorporates by reference its prior answers to Plaintiff's First set of Interrogatories.

### Interrogatory Number 14:

Identify any person who created or produced any of the Emails at Issue.

### Response to Interrogatory No 14:

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to require WAUSA to respond to discovery

*Confidential pursuant to the Confidentiality Agreement*      20

concerning e-mails transmitted pre-dating its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

WAUSA further objects insofar as BSI objected to identifying which parties sent the EMAILS AT ISSUE upon which it sues, and therefore, prevented WAUSA from answering this Interrogatory. BSI stated in its Interrogatory Answers: "BSI states that it has not completed its investigation of the participants behind each of the EMAILS AT ISSUE, and awaits discovery from Defendant."

WAUSA objects to this Interrogatory on the grounds that Plaintiff has this information in its custody and control. WAUSA further objects to the vague and ambiguous nature of the terms "created" and "produced" the EMAILS AT ISSUE.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-commercial e-mail on behalf of WAUSA. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to Sister

Companies and World Avenue Holdings, LLC, its parent company.  WAUSA incorporates by reference its prior answers to Plaintiff's First set of Interrogatories.

**Interrogatory Number 15:**

Identify all employees who have been terminated or left your company since January 1, 2004.

**Response to Interrogatory No. 15:**
**Objections.**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impossible to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.  WAUSA objects to the overbroad definition of the term "YOUR" insofar as it is overbroad.  Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

**Answer:**

Subject to and without waiving these objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure,  WAUSA already has identified its employees in its prior answers and incorporates by reference the documents produced in response to Interrogatories Nos. 1 and 15 of Plaintiff's First set of Interrogatories.

**Interrogatory Number 16:**

Identify and describe your contention that Plaintiff BSI consented to receive the Emails at Issue.

**Response to Interrogatory No. 16:**

**Objections.**

WAUSA objects to this Interrogatory on the grounds that it is vague and overbroad. WAUSA objects to the overbroad definition of the term "YOUR" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

**Answer:**

Subject to and without waiving these objections, WAUSA states, *inter alia*, that BSI agreed to accept email from Hypertouch and Joe Wagner. Furthermore, BSI has disabled or otherwise purposefully engaged in various practices designed to assure that spam reaches its servers and client email accounts. BSI has taken affirmative steps to interfere with potential efforts to avoid spam being sent to its servers or purported "client accounts," such as not using spam filters. Additionally, pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA refers Plaintiff to the Initial Expert Report of Dr. Neal Krawetz (*see* Sections 5, 6 and 9) and the responsive documents produced, including, but not limited to Request 10 of the First Request for Documents, which are incorporated by reference.

**Interrogatory Number 17:**

For each email at issue, identify any "original content" that you allege that Hypertouch or BSI inserted into the email and describe all facts in support of your claims.

**Response to Interrogatory No. 17:**

**Objections.**

WAUSA objects to this Interrogatory on the grounds that it is vague and overbroad. WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.  WAUSA notes many of the e-mails state "this message was transferred using a trial version of Communigate," which indicates third party involvement.

**Answer:**

Subject to and without waiving these objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA refers Plaintiff to the Initial Expert Report of Dr. Neal Krawetz which is incorporated by reference. *See* Sections 3 and 4.

**Interrogatory Number 18:**

For each email at issue, identify any "original content" you allege that Hypertouch or BSI inserted into the email and was not created by an automatic technical process in the course of Hypertouch's or BSI's transmission, routing, relaying, handling, or storing of the email.

**Response to Interrogatory No. 18:**

   **Objections.**

   WAUSA objects to this Interrogatory on the grounds that it is vague and overbroad. WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

   **Answer:**

   Subject to and without waiving these objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA refers Plaintiff to the Initial Expert Report of Dr. Neal Krawetz which is incorporated by reference. *See* Sections 3 and 4.

**Interrogatory Number 19:**

   Identify all documents related to the sender of any of the emails giving rise to this suit.

**Response to Interrogatory No. 19:**

   **Objections.**

   WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impossible to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.

   Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the

event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

WAUSA further objects insofar as BSI objected to identifying which parties sent the EMAILS AT ISSUE upon which it sues, and therefore, prevented WAUSA from answering this Interrogatory.  BSI stated in its Interrogatory Answers:  "BSI states that it has not completed its investigation of the participants behind each of the EMAILS AT ISSUE, and awaits discovery from Defendant."

WAUSA objects to this Interrogatory on the grounds that it is vague and overbroad. WAUSA further objects to the vague and ambiguous nature of the terms "sender' and "emails giving rise to this suit".  Furthermore, WAUSA objects to the request to the extent it seeks documents protected by attorney-client privilege or work-product doctrine.  Further, WAUSA objects on the grounds that the request is duplicative with Interrogatory 12.

**Answer:**

Subject to and without waiving these objections, WAUSA avers Hypertouch and Joe Wagner sent the emails and any responsive documents are related to the defense of this litigation. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA incorporates by reference its response to including, but not limited to Interrogatory 12 and refers Plaintiff to the Initial Expert Report of Dr. Neal Krawetz, which are incorporated by reference. *See* Sections 5, 6 and 9.

**Interrogatory Number 20:**

Identify which emails at issue you contend were sent to a "spamtrap" email address, and

provide all facts supporting your contention.

**Response to Interrogatory No. 20:**

**Objections.**

WAUSA objects to this Interrogatory on the grounds that it is vague and overbroad.
WAUSA objects to the overbroad definition of the terms "YOU" and "YOUR" insofar as it is
overbroad.  Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA,
LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors,
employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

**Answer:**

Subject to and without waiving these objections, WAUSA refers BSI to its production of
the Emails at Issue.  In addition, pursuant to Rule 33 of the Federal Rules of Civil Procedure,
WAUSA refers Plaintiff to the Initial Expert Report of Dr. Neal Krawetz (*see* Sections 5, 6 and
9), and Paul Wagner, ESI Testimony, taken on September 17, 2009, which is incorporated by
reference.

**Interrogatory Number 21:**

For each violation alleged by Plaintiff in every email giving rise to this suit that you

contend does not violate the Maryland or Florida antispam statutes, describe all facts that

support your contention.

**Response to Interrogatory No. 21:**

**Objections.**

WAUSA objects to this Interrogatory on the grounds that Plaintiff failed to indentify "each violation ... in every email" and, thus, WAUSA cannot answer this request. WAUSA further objects to the vague and ambiguous nature of the term "emails giving rise to this suit".

**Answer:**

Subject to and without waiving these objections, WAUSA avers, *inter alia*, that BSI affirmatively consented to the receipt of the Emails at Issue by virtue of its agreement and or relationship with Hypertouch and Joe Wagner and, as such, cannot claim that it is in receipt of same in violation of MD-CEMA and FCEMA. Additionally, the Emails at issue were not sent to Maryland from a computer in Florida, and as such, do not violate the Maryland and Florida antispam statutes. Further, pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA refers Plaintiff to the Initial Expert Report of Dr. Neal Krawetz (*See* Sections 5, 6 and 90), and WAUSA's Motion for Partial Summary Judgment , DE 266 and 267 and incorporates them by reference herein.

**Interrogatory Number 22:**

Identify all documents, including communications, referring or relating to advertising or creative content that has ever been used in From: lines, Subject: lines or message bodies (e.g., in HTML or plaintext formats) on behalf of YOU, including on behalf of any "Sister Company."

**Response to Interrogatory No. 22:**

**Objections.**

WAUSA objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the

named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to require WAUSA to respond to discovery concerning e-mails transmitted pre-dating its existence. Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory and that it is not limited to the Emails at Issue. Also, WAUSA objects to this request on the grounds that it is overbroad in that it calls for production of documents related to every email or draft email of WAUSA without limitation to the time, scope or content, and includes emails that are not subject to a claim by BSI.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-commercial e-mail on behalf of WAUSA. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA incorporates by reference its prior answers to Plaintiff's First set of Interrogatories.

**Interrogatory Number 23:**

For each email at issue, identify any email that you contend was a transactional message, was a relationship message, was sent to the recipient with the recipient's affirmative consent, was sent to the recipient with the recipient's implied consent, and who gave such consent to whom.

**Response to Interrogatory No. 23:**

**Objections.**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to require WAUSA to respond to discovery concerning e-mails transmitted pre-dating its existence. WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA further objects insofar as BSI objected to identifying which parties sent the EMAILS AT ISSUE upon which it sues, and therefore, prevented WAUSA from answering this Interrogatory. BSI stated in its Interrogatory Answers: "BSI states that it has not completed its investigation of the participants behind each of the EMAILS AT ISSUE, and awaits discovery from Defendant."

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-commercial e-mail on behalf of WAUSA. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. All Emails at Issue were sent with the recipient's consent to the extent they are emails transmitted by Hypertouch to BSI. WAUSA refers BSI to its production of the Emails at Issue. In addition, pursuant to Rule 33 of the Federal Rules of

Civil Procedure, WAUSA refers Plaintiff to the Initial Expert Report of Dr. Neal Krawetz which is incorporated by reference. *See* Sections 5, 6 and 9.

**Interrogatory Number 24:**

State all facts and identify all documents supporting your contentions in the previous Interrogatory.

**Response to Interrogatory No. 24:**

**Objections.**

WAUSA objects to the overbroad definition of the term "YOUR" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

**Answer:**

Subject to and without waiving these objections, WAUSA refers Plaintiffs to its prior answers to Plaintiff's First set of Interrogatories. Further, all the emails were sent with recipient's consent to the extent they are emails transmitted by Hypertouch to BSI. Furthermore, pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA cites to the deposition transcript of Paul Wagner ESI Deposition, taken on September 17, 2009 and refers Plaintiff to the Initial Expert Report of Dr. Neal Krawetz which is incorporated by reference. *See* Sections 5, 6 and 9.

**Interrogatory Number 25:**

Identify all documents related to any publisher, affiliate, middleman, advertiser, sister

company, parent company, subsidiary or other email-related vendor you have terminated,

suspended, warned or given notice of a complaint.

**Response to Interrogatory No. 25:**

### Objections

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on

September 22, 2006, and it is impracticable to require WAUSA to respond to discovery

concerning e-mails transmitted pre-dating its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this

Interrogatory which, even if limited to the period subsequent to WAUSA's formation would

nevertheless require substantial hours of investigative work, a burden further heightened by

Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the

event that the Court rules that WAUSA must respond to the discovery requests, as a result of

Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests

cost-shifting as a precondition of responding to any Interrogatory which requires production of

evidence or investigation that should have been preserved by Plaintiff.

WAUSA objects to the overbroad definition of the term "YOU" insofar as it is

overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA,

LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors,

employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING.   WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf.  The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company.   Accordingly, WAUSA does not have any information responsive to this request.  Additionally, pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA incorporates by reference its prior answers, including, but not limited to, Interrogatories 2, 3, 8, 9, and 10 of the Plaintiff's First set of Interrogatories.

**Interrogatory Number 26:**

Identify all documents, including communications, relating to suspected or actual deception, falsity or fraud in advertising or email.

**Response to Interrogatory No. 26:**

**Objections.**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to require WAUSA to respond to discovery concerning e-mails transmitted pre-dating its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.   Further, WAUSA objects to this request on the grounds that it is vague and ambiguous as it seeks documents related to amorphous general topics.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING.   WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf.  The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company.   Accordingly, WAUSA does not have any information responsive to this Interrogatory.

**Interrogatory Number 27:**

Identify all documents related to hijacked mail servers or otherwise compromised computers suspected or known to promote any of your business, and YOUR response thereto.

**Response to Interrogatory N0. 27:**

**Objections.**

WAUSA objects to the overbroad definition of the term "YOUR" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects to this Interrogatory on the grounds that the term "promote your business" is vague and overbroad. Further, WAUSA objects to this Interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA avers that it does not have any information responsive to this Interrogatory.

**Interrogatory Number 28:**

Describe all occasions where "tactics to deliberately falsify email headers with the intent to deceive the recipient and/or the ISP" [WAUSA-006685] have been used or suspected

by anyone of being used in internet advertising on your behalf, any response from you, and all related documents.

**Response to Interrogatory No. 28:**

    **Objections.**

WAUSA objects to the overbroad definition of the term "YOU" and "YOUR" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to require WAUSA to respond to discovery concerning e-mails transmitted predating its existence.

WAUSA objects to this Interrogatory on the grounds that it vague and burdensome as the Plaintiff quotes out of context. Further, WAUSA objects to this Interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

    **Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA incorporates by reference its prior answers to

Plaintiff's First set of Interrogatories. WAUSA avers that is has no information responsive to this request beyond the documents produced in response to previous discovery.

**Interrogatory Number 29:**

Describe all occasions where you sought to ascertain whether there has been an intent to deceive through the "tactics" referenced in the previous Interrogatory.

**Response to Interrogatory No. 29:**

**Objections.**

WAUSA's incorporates by reference the Objections made to previous Interrogatory.

**Answer:**

WAUSA's incorporates by reference the Answer made to previous Interrogatory.

**Interrogatory Number 30:**

How have deceptive tactics in email advertising been "damaging" to you [per WAUSA-006685] or caused "confusion" among consumers [per WAUSA-006687]?

**Response to Interrogatory No. 30:**

**Objections.**

WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects to this Interrogatory on the grounds that it oppressive and burdensome. Further, WAUSA objects to this Interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA incorporates by reference its prior answers to Plaintiff's First set of Interrogatories. WAUSA has been damaged be deceptive tactics in the form of legal fees and the diversion of employee man-hours as a result of the abuse of the internet by BSI, Hypertouch, Joe Wagner, Paul Wagner, Steve Wagner and William Wagner and their apparent scheme to manufacture jurisdiction in Maryland for lawsuits concerning allegedly unsolicited and deceptive emails.

**Interrogatory Number 31:**

Describe your "legitimate business practices" [WAUSA-006685] and how you

determined that they were "legitimate."

**Response to Interrogatory No. 31:**

**Objections.**

WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects to this Interrogatory on the grounds that it oppressive and burdensome. Further, WAUSA objects to this Interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Answer:**

The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA complies with all applicable state and federal laws, including and not limited to those regarding payment of its registration fees, work place safety, the maintenance of appropriate work environment, equal employment opportunities, and the withholding of taxes. WAUSA incorporates by reference its prior answers to Plaintiff's First set of Interrogatories.

**Interrogatory Number 32:**

Identify all signed versions of the contracts at WAUSA-006509 through WAUSA-006675.

**Response to Interrogatory No. 32:**

**Objections.**

WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

**Answer:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA produced the signed copy of the agreement it has, labeled WAUSA-006674-Confidential. The remaining documents are standard form commercial agreements that have been used, or offered for, negotiation from time to time by Sister Companies.

**Interrogatory Number 33:**

Identify all affiliate networks with whom you have had a contract and all records of

payments to of from them since January 1, 2004.

**Response to Interrogatory No. 33:**

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on

September 22, 2006, and it is impracticable to require WAUSA to respond to discovery

concerning e-mails transmitted pre-dating its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this

Interrogatory which, even if limited to the period subsequent to WAUSA's formation would

nevertheless require substantial hours of investigative work, a burden further heightened by

Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the

event that the Court rules that WAUSA must respond to the discovery requests, as a result of

Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests

cost-shifting as a precondition of responding to any Interrogatory which requires production of

evidence or investigation that should have been preserved by Plaintiff.

WAUSA objects to the overbroad definition of the term "YOU" insofar as it is

overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA,

LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors,

employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA further objects insofar as BSI objected to identifying which parties sent the

EMAILS AT ISSUE upon which it sues, and therefore, prevented WAUSA from answering this

Interrogatory. BSI stated in its Interrogatory Answers: "BSI states that it has not completed its

investigation of the participants behind each of the EMAILS AT ISSUE, and awaits discovery from Defendant."

WAUSA further objects to any requirement to identify any subcontractor, advertiser, ad network, affiliate, publisher, vendor to the extent that such information is not in its possession or control.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA avers that is has no information responsive to this Interrogatory. Accordingly, WAUSA incorporates by reference its prior answers, including, but not limited, to Interrogatory No. 4 of Plaintiff's First set of Interrogatories and Request No. 4 of the First Request for Production of documents.

**Interrogatory Number 34:**

Identify all persons (including, but not limited to, any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, vendor and/or you) who participated or benefited in any fashion from the emails giving rise to this suit identified since January 29, 2010, which shall include the creation, sending, marketing, advertising and customer service of those same e-mails.

**Response to Interrogatory No. 34:**

### Objections

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to require WAUSA to respond to discovery concerning e-mails transmitted pre-dating its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

WAUSA further objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA further objects insofar as BSI objected to identifying which parties sent the EMAILS AT ISSUE upon which it sues, and therefore, prevented WAUSA from answering this Interrogatory. BSI stated in its Interrogatory Answers: "BSI states that it has not completed its investigation of the participants behind each of the EMAILS AT ISSUE, and awaits discovery from Defendant."

WAUSA further objects to any requirement to identify any subcontractor, advertiser, ad

network, affiliate, publisher, vendor to the extent that such information is not in its possession or

control. WAUSA objects on the grounds that the terms "who participated or benefited" , "the

emails giving rise to this suit, "and "benefited in any fashion" from the EMAILS AT ISSUE are

vague and ambiguous.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the

transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor,

sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET

ADVERTISING. WAUSA does not control, run, operate, or pay any third party to send

commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services

company, which renders human resources, accounting, and technology services to other Sister

Companies and its parent company. WAUSA avers that is has no information responsive to this

request beyond what it has previously produced. Accordingly, WAUSA incorporates by

reference its prior answers, including, but not limited to, Interrogatory No: 2 of Plaintiff's First

set of Interrogatories.

**Interrogatory Number 35:**

Identify all persons (including, but not limited to, sponsors, contractors, sub-contractors,

advertisers, ad networks, affiliates, publishers, and/or vendors) with whom you have

entered into a contract or agreement relating to the emails giving rise to this suit

identified since January 29, 2010, whether or not the Internet is expressly mentioned in

the contract or agreement, and state the nature of the services to be provided under each

agreement.

*Confidential pursuant to the Confidentiality Agreement*          43

**Response to Interrogatory No. 35:**

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to require WAUSA to respond to discovery concerning e-mails transmitted pre-dating its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

WAUSA further objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA further objects insofar as BSI objected to identifying which parties sent the EMAILS AT ISSUE upon which it sues, and therefore, prevented WAUSA from answering this Interrogatory. BSI stated in its Interrogatory Answers: "BSI states that it has not completed its investigation of the participants behind each of the EMAILS AT ISSUE, and awaits discovery from Defendant."

WAUSA further objects to any requirement to identify any subcontractor, advertiser, ad network, affiliate, publisher, and/or vendor to the extent that such information is not in its possession or control.  WAUSA objects on the grounds that the term "the emails giving rise to this suit" is vague and ambiguous.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING.  WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf.  The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company.  WAUSA avers that is has no information responsive to this request beyond what it has previously produced.  Accordingly, WAUSA incorporates by reference its prior answers to including, but not limited to Interrogatory No: 3 of Plaintiff's First set of Interrogatories.

**Interrogatory Number 36:**

Describe any and all compensation that you paid, agreed to pay, received, or are expected to receive, relating to the emails giving rise to this suit identified since January 29, 2010.  Your response shall include information sufficient to identify the payor and/or payee; the date such payment was made or received or expected to be made or received; the amount of compensation; and identifying information for the Internet Advertising Campaign, related to each email giving rise to this suit identified since January 29, 2010.

**Response to Interrogatory No. 36:**

### Objections

To the extent that this Interrogatory applies to EMAILS AT ISSUE, WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to require WAUSA to respond to discovery concerning e-mails transmitted pre-dating its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory. WAUSA further objects insofar as "emails giving rise to this suit" is vague and undefined. WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA further objects to any discovery that exceeds the scope of the E-MAILS AT ISSUE insofar as the general INTERNET ADVERTISING of Defendants is not at issue. WAUSA further objects to this Interrogatory as seeking irrelevant information not reasonably calculated to lead to the discovery of admissible evidence insofar as Plaintiff is seeking statutory damages. WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

### Answer:

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-

commercial e-mail on behalf of WAUSA.  The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company.  WAUSA avers that is has no information responsive to this request beyond what it has previously produced.  Accordingly, WAUSA incorporates by reference its prior answers, including, but not limited to, Interrogatory No: 4 of Plaintiff's First set of Interrogatories.

**Interrogatory Number 37:**

Identify and describe for each email giving rise to this suit identified since January 29, 2010 in the Amended Complaint:

(a) Who provided the text and/or graphics for each e-mail or web page received?

(b) Who approved the final content of the e-mail and/or web page received?

(c) Who made the final decision to send each e-mail and/or web page received?

(d) Who initiated and/or assisted in the transmission of each e-mail or web page received?

(e) Who received or would have received compensation as a result of any sales procured by each e-mail or web page received?

**Response to Interrogatory No. 37:**

**Objections:**

WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad.  Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2. WAUSA objects to the terminology "initiated and/or assisted in the transmission" insofar as it is undefined.

WAUSA further objects to the phrase "email giving rise to this suit" as vague and undefined and being outside the scope of Emails at Issue in this case. WAUSA further objects to the phrase "email or web page received" as it is incomprehensible which web page or email is being referenced.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

### Answer:

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-commercial e-mail on behalf of WAUSA. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA avers that is has no information responsive to this Interrogatory. WAUSA incorporates by reference its prior answers, including, but not limited to, Interrogatory No: 14 of Plaintiff's First set of Interrogatories.

**Interrogatory Number 38:**

Identify and describe any lawsuit or civil enforcement action brought by any

governmental entity, either federal, state, or local, against you.

**Response to Interrogatory No. 38:**

**Objections:**

WAUSA objects to the overbroad definition of the term "YOU" insofar as it is

overbroad.  Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA,

LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors,

employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

**Answer:**

Subject to and without waiving these objections, and pursuant to Rule 33 of the Federal

Rules of Civil Procedure, WAUSA already has identified the responsive documents reflecting

complaints in which a party called World Avenue USA, LLC is named and refers Plaintiff to

prior answers, including, but not limited to, Interrogatory 17 and Request 27 of Plaintiff's First

set of Interrogatories and First Request for Documents.

**Interrogatory Number 39:**

Identify and describe any lawsuit or consumer protection action brought any person

against you for false or misleading commercial email or business practices using

electronic mail.

**Response to Interrogatory No. 39:**

**Objections:**

WAUSA objects to this Interrogatory on the grounds that the term  "YOU" is overly

broad, unduly burdensome and oppressive. For purposes of responding to these  Interrogatories,

WAUSA understands the terms "YOU" and "YOUR" to mean Defendant World Avenue USA, LLC, the named Defendant in this case formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

### Answer:

Subject to and without waiving these objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA already has identified the responsive documents reflecting lawsuits in which a party called World Avenue USA, LLC is named and refers Plaintiff to, , but not limited, to answers to Interrogatory 17 and Request 27 of Plaintiff's First set of Interrogatories and First Request for Documents.

### Interrogatory Number 40:

If you or any portion of your company is located overseas or in a United States Territory or Foreign Territory or country, identify and describe those companies and identify its purpose and any relation, if any, to you.

### Response to Interrogatory No. 40:

WAUSA objects to the overbroad definition of the term "YOU" and "YOUR" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

**Answer:**

Subject to and without waiving the foregoing objections, WAUSA responds as follows: WAUSA is a company formed under the laws of and registered in the State of Delaware. WAUSA was formed on September 22, 2006.  WAUSA's office is located at 1613 NW 136th Avenue, Suite 100, Sunrise, Florida 33323.  WAUSA is a wholly-owned subsidiary of World Avenue Holdings, LLC.  WAUSA incorporates by reference its prior answers, including, but not limited, to Interrogatory No. 15 of Plaintiff's First set of Interrogatories.

As to Sections marked Objections:

Greenberg Traurig, LLP

As to Sections marked Answer:

WORLD AVENUE USA, LLC

By:_____
Its: SENIOR SECURITY ARCH.

STATE OF _Florida_ )
) ss.:
COUNTY OF _Broward_ )

    The foregoing instrument was acknowledged before me this _29th_ day of _June_, 2010 by _Chadd Schlotter_, as _SENIOR SECURITY ARCH_ of WORLD AVENUE USA, LLC. (He/she is (personally) known to me or has produced _____ as identification.

NOTARY SEAL

Notary: _Damaris Vallejo_
Print Name: _Damaris Vallejo_
Notary Public, State of _Florida_
My commission expires: _March 15, 2014_



DAMARIS VALLEJO
MY COMMISSION # DD971517
EXPIRES March 15, 2014
(407) 398-0153   FloridaNotaryService.com

*Confidential pursuant to the Confidentiality Agreement*