UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| BEYOND SYSTEMS, INC. ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> WORLD AVENUE USA, LLC, ) <br> WORLD AVENUE HOLDINGS, ) <br> LLC, and NIUNIU JI, ) <br> ) <br> Defendants ) <br> _____ ) | CASE NO. 08-cv-0921 (PJM) |

## JOINT MOTION TO ACCEPT JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, Plaintiff Beyond Systems, Inc. ("BSI"), Defendants, World Avenue USA, LLC and World Avenue Holdings, LLC, and, Defendants' affiliate THE USEFUL, LLC ("THE USEFUL") (jointly, "the Parties"), hereby jointly move the Court to accept jurisdiction of THE USEFUL's Motion to Quash Subpoena, originally filed before the United States District Court, for the Southern District of Florida (Case No. 10-mc-61895-KMM). In further support thereof, the Parties state as follows:

BSI served a subpoena *duces tecum* on THE USEFUL, requiring the production of documents, and requiring that THE USEFUL provide a corporate representative to be deposed pursuant to Fed. R. Civ. P. 30(b)(6).

In response to BSI's subpoena, THE USEFUL filed a Motion to Quash the Subpoena before the United States District Court, Southern District of Florida ("the Florida Court"), seeking a protective order consistent with prior rulings by the Court. (Motion to Quash, filed October 7, 2010, attached hereto as Exhibit A.) In particular, THE USEFUL seeks to have BSI's

subpoena quashed or at minimum limited in such a manner as to comply with the Court's Orders of April 16, 2010 (DE 213), June 23, 2010 (DE 303), September 9, 2010 (DE 418), and September 23, 2010 (DE 428). THE USEFUL also filed several ancillary motions requesting expedited consideration due to the short time frames involved. (*See* Case No. 10-mc-61895-KMM; DE 6-7)

On October 20, 2010, the Florida Court stayed the 30(b)(6) deposition pending resolution of this matter. The Florida Court further directed BSI to show cause why the subpoena should not be quashed and/or otherwise limited consistent with other rulings made by this Court, and what pre-trial and trial dates are presently set in the case that are relevant or may be affected by the resolution of the Motion to Quash. (October 20, 2010, Order attached hereto as Exhibit B.)

On October 25, 2010, BSI and THE USEFUL filed a Joint Stipulation Regarding Motion to Quash. (Joint Stipulation, attached hereto as Exhibit C.) BSI and THE USEFUL agreed to bring the matter before the Court, recognizing that it is a more efficient use of judicial resources for the Court presently hearing this case and which issued the four Orders referenced in THE USEFUL's Motion to Quash the Subpoena to decide the issues. *See* World Avenue USA, LLC's Motion for Entry of Protective Order and Incorporated Memorandum of Law (DE 454). The Parties are already aware that the Court will be ruling on these same issues, involving the same Orders, in connection with at least one other deposition, including issues such as the definition of the word "you" and the scope of the deposition going beyond the 41 domain names granted by the Court. *See* DE 231 AND 257.

On October 26, 2010, the Florida Court ordered that the Florida proceeding be held in abeyance until such time that this Court had the opportunity to review the matter (October 26, 2010, Order attached hereto as Exhibit D.)[1]

The Parties understand that BSI will continue issuing non-Maryland subpoenas to employees of Defendants, World Avenue USA, LLC and World Avenue Holdings, LLC, to THE USEFUL or other companies in the World Avenue family, or to other non-parties. Therefore, in order to avoid having to repetitively engage in motion practice in various locales and repeatedly return to this Court with multiple requests that it decide issues based on its own prior Orders and the history of this case, the Parties respectfully request that the Court accept jurisdiction over any such future disputes on all non-Maryland subpoenas to be served by BSI.

WHEREFORE, the Parties respectfully seek an order by the Court, accepting jurisdiction of THE USEFUL's Motion to Quash, and allowing BSI to file its opposition in 7 days from the entry of the Order and THE USEFUL to file its Reply Brief in 14 days.

Dated this 3 day of November 2010.

Respectfully submitted,

GREENBERG TRAURIG, LLP

| /s/ | /s/ |
|---|---|
| Sanford M. Saunders, Jr., Esq. | Stephen H. Ring |
| USDC, MD #4734 | Stephen H. Ring, P.C. |
| saunderss@gtlaw.com | 506 Main Street, Suite 215 |
| Nicoleta Burlacu, Esq. | Gaitherberg, MD 20878 |
| BurlacuN@gtlaw.com | Tel: (301)540-8180 |
| *Admitted Pro Hac Vice* | Fax: (301) 563-9639 |
| GREENBERG TRAURIG, LLP | |

---

[1] On October 27, 2010 the Florida Court closed the case for administrative purposes holding that the parties may move to reopen the case when the stay is lifted. *See* DE 15.

2101 L Street, NW, Suite 1000
Washington, DC 20037
Tel: 202-331-3100
Fax: 202-331-3101

--and--

Kenneth Horky, Esq.

Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Tel: 954-765-0500
Fax: 954-765-1477

*Attorneys for THE USEFUL, LLC and World Avenue USA, LLC, and World Avenue Holdings, LLC*

Michael S. Rothman
Law Office of Michael S. Rothman
401 East Jefferson Street, Suite 201
Rockville, MD 20850
Tel: (301) 251-9610
Fax: (301) 251-9610

*Attorneys for Plaintiff, Beyond Systems, Inc.*

Signed with the permission of S. Ring