## IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC.  )
         )
  Plaintiff      )
  v.         )   Case No. PJM 08 cv 0921
         )
WORLD AVENUE USA, LLC, et al. )
  Defendants    )
_____ )

### DEFENDANT, WORLD AVENUE USA, LLC'S MOTION FOR ENTRY OF PROTECTIVE ORDER REGARDING THE DEPOSITION OF ITS GENERAL COUNSEL AND INCORPORATED MEMORANDUM OF LAW

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), pursuant to Fed. R. Civ. P. 26(c), hereby moves for the entry of a protective order as to the Notice of Deposition of Homer Appleby served by Plaintiff, BEYOND SYSTEMS, INC. ("BSI"), and, as for "good cause," respectfully states as follows:

### I. Summary of Material Facts.

On October 28, 2010, BSI served WAUSA with a Notice of Deposition ("Notice") of Homer Appleby, Esq., General Counsel of Defendant WAUSA and co-Defendant WORLD AVENUE HOLDINGS, LLC ("Holdings"), scheduled for November 12, 2010. *See* a true and correct copy of the Notice attached hereto as Exhibit 1. On that same day, BSI served the General Counsel with a subpoena for the deposition attached hereto as Exhibit 2.

The Notice and Subpoena contravene Federal Rule of Civil Procedure 26 which (i) permits discovery of only relevant information; (ii) limits the discovery of privileged or otherwise protected information; and (iii) forbids the use of the discovery process for harassment or oppression. BSI's attempt to depose WAUSA's and Holdings' General Counsel violates all

three provisions.   Accordingly, pursuant to Fed. R. Civ. P. 26(c)(1)(A), the Court has the discretion, for good cause, to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expenses, including … (A) forbidding the disclosure or discovery." *See* Fed. R. Civ. P. 26(c)(1)(A).  If the threshold for good cause is shown, the Court has broad discretion to fashion an appropriate order and should deny the request only if the opposing party can show that the protective order will substantially prejudice them.  *M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1992).

II.     **The Court Should Issue A Protective Order Because (i) The Deposition Seeks Irrelevant Information; (ii) The Deposition Seeks Privileged And Protected Information; and (iii) The Deposition Seeks To Harass WAUSA.**

In this case, a protective order is warranted.  The facts and circumstances warranting the protective order are set forth in the Declarations of Homer Appleby and Sanford M. Saunders, Jr., and are attached hereto as Exhibits 3 and 4.  Specifically, Homer Appleby is the General Counsel to WAUSA and its co-Defendant World Avenue Holdings, LLC.  *See* Declaration of Homer Appleby, attached hereto as Exhibit 3, ¶ 3.   Mr. Appleby is primarily responsible for the legal aspects of this case on behalf of WAUSA.  *Id.*, ¶ 3.  He is involved in this case on a day-to-day basis.  *Id.*, ¶ 3.  As part of his responsibilities, Mr. Appleby reviews motions, pleadings, electronic mail, correspondence, discovery, documents, and other matters pertaining to the case.  *Id.*, ¶ 4.  He participates frequently in telephone conference calls and meetings with WAUSA and Holdings' outside counsel in this case.  *Id.*, ¶ 4.  He personally reviews substantially all of the documents filed in this case.  *Id.*, ¶ 4.

Mr. Appleby has been involved in this case for over two and a half years.  *Id.*, ¶ 5.  Needless to say, because the docket entries in this case are approaching 500, that involvement is

2

deep, substantial, and extensive. *Id.*, ¶ 5.  By virtue of his extensive involvement in the case, he has detailed knowledge of the facts at issue in this case gleaned through the independent review and selection of the evidence, as well as through the mental impressions and work product conveyed to him by outside counsel. *Id.*, ¶ 6.

Mr. Appleby is an attorney, not a fact witness. *Id.*, ¶ 7.  His job is as General Counsel and he renders legal advice in a capacity as an attorney. *Id.*, ¶ 7.  He drafts legal documents, contracts, and other agreements in a capacity as an attorney rendering legal advice and not as a businessperson. *Id.*, ¶ 7.  The services that he renders are primarily for the purpose of rendering legal advice, and not for giving business advice. *Id.*, ¶ 7.  He is not responsible for transmitting, and he does not transmit, commercial electronic mail. *Id.*, ¶ 7.  Any factual information that he may know about the underlying facts of this case is colored by his mental impressions as an attorney developed both independently and in consultation with WAUSA and Holdings' outside counsel. *Id.*, ¶ 7.

Mr. Appleby's knowledge is protected by the attorney-client privilege and the work product doctrine. *Id.*, ¶ 10.  In the event that he were to be compelled to appear for deposition, an attorney-client privilege or work product doctrine objection would be made in response to virtually every question. *Id.*, ¶ 10.  The Court could be drawn into multiple discovery disputes concerning such questions.  Mr. Appleby has a well-founded fear that WAUSA and Holdings could suffer irreparable harm through the disclosure of work product if he answered questions about facts or events and inadvertently disclosed privileged or protected communications or facts that he learned solely through his participation in this case. *Id.*, ¶ 10.  Due to his extensive involvement in this case for the last two and a half years, it would be extremely difficult for him

3

to sort out what factual information he learned in his capacity as General Counsel to WAUSA and Holdings. *Id.,* ¶ 10.

BSI's actions in setting the deposition betray that the purpose of the deposition is for harassment. Anticipating that such a deposition would lead inevitably to defending counsel's repeated invocation of the attorney-client privilege and attorney work product doctrine, WAUSA asked BSI for a proffer as to the scope of the deposition of Mr. Appleby even before BSI issued its Notice. *See* Declaration of Sanford M. Saunders, Jr., ¶ 3, attached as Exhibit 4 ("Saunders Decl."). This request occurred more than two months ago, in email correspondence to BSI as part of a meet and confer discussion. *See* Saunders Decl., ¶ 3 & Exhibit 1 (containing a true and correct copy of an email from S. Saunders to S. Ring, dated September 3, 2010). WAUSA's counsel also raised the issue of Mr. Appleby during meet and confer conversations. *See also* LR 104 (7) Certificate filed concomitantly with this motion.

However as of the time of the filing of this motion BSI failed to delineate any proposed areas of inquiry or topic areas for questions for Mr. Appleby, or otherwise to meaningfully respond. Saunders Decl., ¶ 4. BSI's lack of cooperation and good faith suggests this deposition of counsel is for the sole purpose of harassment. It will certainly be unduly burdensome on both Defendants and the Court since information known to Mr. Appleby related to WAUSA is covered by the attorney client privilege and the work product doctrine. *See NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 154 (1975) (holding that the attorney-client privilege applies to in-house counsel just as it would apply to any other attorney). *N.F.A. Corp. v. Riverview Narrow Fabrics,* 117 F.R.D. 83, 85 (M.D.N.C. 1987) ("Because deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes

4

good cause for obtaining a Rule 26 (c.), Fed. R. Civ. P., protective order unless the party seeking the deposition can show both the propriety and need for the deposition."). In this case, BSI failed to even attempt to show either propriety or need for the deposition of Mr. Appleby. Worse, BSI's failure to respond to a legitimate question of topic and scope suggests it has no intention of being bound by any limits, meaning that if this deposition proceeds the Court is highly likely to be called on to adjudicate multiple if not dozens of privilege or work product objections. In a case with close to 500 docket entries and which clearly occupies a significant amount of attention from this Court, it was improper for BSI to force this dispute before the Court without engaging in a dialogue to tender the topics on which Mr. Appleby would be examined. It is precisely through this type of dialogue that the parties can avoid the filings in this case from continuing to multiply. Yet, that is exactly what BSI avoided doing. Its failure to do so smacks of harassment and strongly supports the issuance of a Protective Order. Therefore, the Court should issue a Protective Order.

Further, any other inquiry into any non-legal work of Mr. Appleby, if there was any, can not be designed to lead to the discovery of admissible evidence and will be irrelevant as Mr. Appleby does not have any personal knowledge regarding the 70,000 Emails at Issue in this case. Sending commercial emails is not part of Mr. Appleby's job. *See* Appleby Dec. at ¶ 7. This also warrants quashing of his deposition. *See Vasconcellos v. Cybex Int'l, Inc.*, 962 F.Supp. 701, 709 (D. Md. 1997) (noting that a party "has a right to have discovery limited to information that is *directly relevant* to the lawsuit.") (emphasis added). Thus, WAUSA has shown "good cause" and is entitled to a protective order under Fed. R. Civ. P. 26(c).

5

III.   **The Court Should Be Guided By The Substantive And Procedural Distinctions Between The Deposition Of Michael Rothman, Esq. And Of Homer Appleby, Esq.**

This Court is no doubt aware that it was WAUSA who opposed a protective order to prevent the deposition of Plaintiff's counsel, Michael S. Rothman. However, the substantive and procedural differences between the deposition of Michael S. Rothman and Mr. Appleby are stark and clear. The deposition of Mr. Rothman was directly relevant to WAUSA's Motion to Dismiss for Fraud On The Court, which is set for hearing on November 29, 2010. Mr. Rothman was the primary actor in the chain of events that are the focal point of that Motion. Significantly, the Court made an express finding in its November 3, 2010 Order at DE 490 that: "....*Defendant has identified a substantial justification for inquiry*." BSI has not presented any evidence whatsoever that even approaches a justification -- let alone a "*substantial justification*." Unlike the situation with BSI regarding the back-dated Subpoenas and the applicability of the crime/fraud exception to the attorney client privilege, there has been no suggestion by BSI that Mr. Appleby did anything wrong. If anything, this deposition seems to be retaliation for the situation caused by BSI's actions with respect to the subpoenas.

Indeed, one of the leading cases cited by the Court in its decision to grant Mr. Rothman's motion for protective order in part (over WAUSA's opposition) involved an in-house counsel to a litigant. *See* DE 490, p. 2 (*citing Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) (stating that the attorney at issue, Ms. Burns, was "employed by AMC as an attorney in its Litigation Department, and she was assigned specifically to the case at bar as AMC's supervising 'in-house counsel.'")). *Shelton* was cited by BSI, the same litigant which now seeks to avoid its precepts.

6

Moreover, the differences of the procedural posture of the deposition of Mr. Rothman and deposition of Mr. Appleby are also worth noting. WAUSA recognized the issues inherent in deposing counsel and attempted to confer, but was ignored by BSI. Specifically, when noticing the subpoena to Mr. Rothman, WAUSA attempted to confer on the subject matters of the deposition of Mr. Rothman that same day. Specifically, on August 4, 2010 with the service of the Notices, WAUSA attempted to confer on the content of the depositions in the following written communication:

> Depositions of counsel, when appropriate as in these circumstances, may raise issues that are best resolved in advance. Accordingly if you have are any issues with the taking of these depositions, please also let us know by the close of business on Tuesday, August 10, 2010, so we have time to have those issues heard by Magistrate Judge Day along with any issues pertaining to Beyond Systems, Inc.'s pending response to World Avenue USA, LLC's outstanding Fifth Request for Production of Documents, and prior to the convening of the above-noticed depositions.

*Fifteen days later*, BSI's Counsel telephoned for the first time at 2:47 p.m. on the same day Movants filed their Motion for Protective Order respecting the deposition of Mr. Rothman, followed by a "show" e-mail at 3:21 p.m. that day. *See, e.g.*, DE 395. And, when WAUSA opposed the Motion for Protective Order, it listed the subject matters of the deposition, which the Court then recited in its Order. *See* November 3, 2010 Order at DE 490. BSI's complete lack of effort to confer of the subject matters of the Rothman deposition mirrors its complete absence of effort to confer on the subject matters of the Appleby deposition. Conversely, WAUSA's rejected attempts to confer on the subject matters of the Rothman deposition echoes its rebuffed efforts to confer on the subject matters of the Appleby deposition.

**IV.   Conclusion.**

A deposition of Mr. Appleby is inappropriate as a matter of law because BSI seeks to discover irrelevant information, invade the attorney-client privilege and the work product doctrine, and harass WAUSA and Holdings.

WAUSA strongly believes that the distinctions between the situation of Mr. Rothman and Mr. Appleby justify the complete entry of a Protective Order preventing Mr. Appleby's deposition.   If, however, the Court disagrees and believes that inquiry of Mr. Appleby is appropriate, were suitable subject areas ever to be identified, and to date they have not been, a more appropriate means of inquiry would be written questions as the Court previously ruled with respect to Mr. Rothman and Ms. Ornitz.   *See* Order dated November 3, 2010 at DE 490. WAUSA very respectfully requests an award of sanctions pursuant to Rule 37, and in weighing this request, prays that the Court bear in mind BSI's complete lack of efforts to confer on this and other occasions.

**WHEREFORE,** Defendant, WORLD AVENUE USA, LLC respectfully requests the entry of a protective order preventing BEYOND SYSTEMS, INC. from taking the deposition of WAUSA and HOLDINGS' General Counsel, Homer Appleby, Esq. and for an entry of an award of attorneys' fees and costs pursuant to Rule 37.   In the alternative, if the Court deems relevant inquiry of Mr. Appleby to be appropriate, that such inquiry only occur after a subject list is tendered and, if such subject list is found to be appropriate, that the inquiry be conducted upon Interrogatories, and requests such other and further relief that this Court deems just and proper.

8

Dated: November 11, 2010

Respectfully submitted,

_____/s/_____

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
horkyk@gtlaw.com
John L. McManus, Esq.
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477
*Attorneys for World Avenue USA, LLC*