# EXHIBIT 3

IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC. )<br>    Plaintiff )<br>)<br>v. )<br>)<br>WORLD AVENUE USA, LLC, et al. )<br>    Defendants )<br>_____ ) | Case No. PJM 08 cv 0921 |

## DECLARATION OF HOMER APPLEBY

I, HOMER APPLEBY, hereby declare as follows:

1. My name is Homer Appleby. I am over eighteen (18) years of age. The facts set forth in this Declaration reside within my personal knowledge.

2. I am an attorney admitted to practice law in the State of Florida and have been so admitted since February 3, 2000.

3. As General Counsel to World Avenue Holdings, LLC ("Holdings") and World Avenue USA, LLC ("WAUSA"), I am primarily responsible for the legal aspects of this case. I am involved in this case on a day-to-day basis.

4. As part of my responsibilities, I review motions, pleadings, electronic mail, correspondence, discovery, documents, and other matters pertaining to the case. I participate frequently in telephone conference calls and meetings with WAUSA and Holdings' outside counsel in this case. I personally review substantially all of the documents filed in this case.

5. I have been involved in this case for over two and a half years. Needless to say, because the docket entries in this case are approaching 500, that involvement is deep, substantial, and extensive.

6. By virtue of my extensive involvement in the case, I have detailed knowledge of the facts at issue in this case gleaned through my independent review and selection of the evidence, as well as through the mental impressions and work product conveyed to me by outside counsel.

7. However, to the best of my belief, I am not a fact witness in this case. My job is as General Counsel and I render legal advice in a capacity as an attorney. I draft legal documents, contracts, and other agreements in a capacity as an attorney rendering legal advice and not as a businessperson. The services that I furnish are primarily for the purpose of rendering legal advice, and not for the giving of business advice. I am not responsible for transmitting, and I do not transmit, commercial electronic mail. Any factual information that I may know about the underlying facts of this case is colored by my mental impressions as an attorney developed both independently and in consultation with WAUSA and Holdings' outside counsel.

8. On October 29, 2010, I was served with a subpoena to appear for a deposition in this case on November 12, 2010.

9. It is my understanding that WAUSA's counsel have attempted to secure a proffer of the topics on which I would be expected to testify, but that no such proffer has been provided by BSI.

10. It is my firm belief that Beyond Systems, Inc. ("BSI") can develop no relevant information from me because all of my knowledge is protected by the attorney-client privilege and the work product doctrine. In the event that I were to be compelled to appear for deposition, I believe that an attorney-client privilege or work product doctrine objection would be made in response to virtually every question.

11.     I have a well-founded fear that WAUSA and Holdings could suffer irreparable harm through the disclosure of work product if I answered questions about facts or events and inadvertently disclosed privileged or protected communications or facts that I learned solely through my participation in this case.  Due to my extensive involvement in this case for the last two and a half years, it would be extremely difficult for me to sort out what factual information I learned in my capacity as General Counsel to WAUSA and Holdings.

I hereby declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

November 11, 2010.

*[signature]*
HOMER APPLEBY