# EXHIBIT 4

IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.            )
                                )
      Plaintiff            )
v.                              )      Case No. PJM 08 cv 0921
                                )
WORLD AVENUE USA, LLC, et al.   )
      Defendants           )
_____ )

## DECLARATION OF SANFORD M. SAUNDERS, JR.

I, SANFORD M. SAUNDERS, JR., being of full age, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am a shareholder in the international law firm Greenberg Traurig, P.A. ("Greenberg Traurig") and am the co-managing shareholder of the firm's Washington, D.C. office. I am lead counsel representing World Avenue USA, LLC ("WAUSA") in the above captioned matter.

2. I have discussed the subject of the deposition of WAUSA's General Counsel, Homer Appleby, Esq., with counsel for Beyond Systems, Inc. ("BSI") on numerous occasions prior to issuance of the subpoena. I stated that Mr. Appleby was in-house general counsel and served no role other than general counsel and did not provide non-legal, i.e., business advice. We discussed that this deposition inevitably would lead to our invoking the attorney client privilege and attorney work product doctrine and directing the witness not to answer many, if not most, questions.

3. I asked BSI for a proffer as to the scope of the deposition of Mr. Appleby even before BSI issued its Notice. This request occurred more than two months ago, in email

correspondence to BSI as part of a meet and confer discussion. A true and correct copy of my e-mail is attached. I also raised this issue in multiple conversations with BSI's counsel, S. Ring. The most recent two occurred with on October 18, 2010 and October 19, 2010.

4. BSI counsel provided a general response indicting that he would question Mr. Appleby on a range of issues consistent with the full scope of BSI's discovery requests in this action. I noted that such questions would prompt WAUSA to invoke privilege as previously indicated. BSI counsel remained unwilling to narrow the scope of questions to this witness.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: November 11, 2010

_____
SANFORD M. SAUNDERS, JR.

# EXHIBIT 1

| | |
|---|---|
| **From:** | Saunders, Sanford (Shld-DC-LT) |
| **Sent:** | Friday, September 03, 2010 1:59 PM |
| **To:** | 'shr@ringlaw.us' |
| **Cc:** | Burlacu, Nicoleta (Assoc-DC-LT) |
| **Subject:** | Re: bsi v world; depo sched |

Steve:

Thank you for outlining the issues we discussed at the meet and confer on September 1. However, please let me correct or clarify some of the items characterized therein. In particular, we want to focus on the use of the term "agreed" on behalf of WAUSA because many items were subject to confirmation with our respective clients and certain follow up actions. We also add some additional issues that were raised during our conference call. Most important and as a threshold matter, our general position is that we should start with the depositions of the unaffiliated non-parties first.

We confirm that we agreed to expand the deposition limit to 15 per side and to consider additional depositions depending upon the results of the November 29th hearing. Depending what the court does with you motion to amend the complaint, we would seek a protective order as to many of the listed entities.

We will produce a WAUSA representative to address the "corporate history" of WAUSA and WAUSA only. And we will agree to do so if separately from all the other topics under the condition that no other topic will be addressed during that deposition and that the "corporate history" will not be a topic at the completion of the WAUSA 30(b)(6) deposition. In order to give this provision meaning, we will want an agreement that an instruction not to answer is appropriate for objections as to the scope of a question equivalent to such an instruction in response to a question seeking privileged information.

Regarding the 30(b)(6) deposition of the Useful, we would like to see the topics in advance and the deposition and we will only agree to one such deposition, regardless of whether the Court grants BSI's motion to file Second Amended Complaint. The same goes for any affilated corporate entity named in the Amended Complaint. If the WAUSA topics are to apply, we will review and identify designees based on them and revert back as to substance and timing.

Also, we suggest that it may be easier to go to Florida for the limited WAUSA 30(b)(6) and coordinate it with ex-employees than current employees if we are to do these depositions in September.

Regarding Holdings, our position is the limited jurisdictional discovery allowed by the Court ended with Holding's supplemental production to BSI. BSI's attempt to depose Holdings the second time served as subject of WAUSA's Motion to Quash that was granted by the Court. Further, merits discovery on Holdings is premature because of the pending Motion to Dismiss for Lack of Personal Jurisdiction that is going to be heard on November 29 as well. Absent a court order we will not produce Holdings for a deposition prior to the hearing.

Regarding current employees of WAUSA, we told you that Jeff Richard is unavailable in September, and we need to see the subjects you want to depose Homer Appleby on since he is the general counsel. By the way, I am not sure Jeff Richards is employed by WAUSA. As to accepting service, I need to confirm with the individual employees that GT will accept service.

On the issue of former employees, WAUSA does not waive the attorney client privilege, but as we told you we have no control over them and cannot stop you from reaching out to them.

On WAUSA's demands, we discussed the deposition of Rothman and Ornitz as being a priority for WAUSA since the Motion to Dismiss is set forth for the hearing on November 29 and WAUSA has to yet file its reply. We appreciate you confirming that BSI will not produce Mike Rothman or Ms. Ornitz without a court order or otherwise produce any additional documents in response to our Fifth Set of Document requests related to our Motion to Dismiss for Fraud on Court. We will seek the Court's intervention as to these depositions and BSI's response to the Fifth Request for Documents in an expedited manner.

On Steve Wagner, do you accept service on him on the same grounds you asked us to accept service of the deposition subpoenas on WAUSA's employees?

We confirm that we agreed to depose Paul Wagner later in the litigation, as well as Joe Wagner, and we want to depose Whitley, Lopez, Khalichi in the September/October as possible. We are also ready on September 8-10 for the deposition on DNS Made Easy. On the Privilege log, you confirmed you would be producing one and represented that it might be ready today.   We will reconvene to discuss specific dates in Tuesday.

Any omissions should not be deemed consent.

Best,

Sandy
-------------------------
Sent from my BlackBerry Wireless Handheld