IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC** | * | |
| successor by merger to NIUTECH, LLC., | * | |
| **DBA THE USEFUL, ET AL.** | * | |
| | * | |
| Defendants | * | |

### PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES PURSUANT TO ORDER AT DE 477

Plaintiff, through counsel, files this submission for attorney's fees pursuant to the order at docket entry 477 granting in part Plaintiff's Motion to Compel Defendant Defendant World Avenue USA, LLC ("WAUSA") to Provide Complete Answers to Interrogatories at DE 307.

Plaintiff refers the Court to the attached Declaration of Stephen H. Ring addressing the particulars of the services provided.

**I.  Time Spent in Pursuit of Answers to the Interrogatories**.

BSI issued its first set of 18 interrogatories on July 10, 2009 seeking fundamental information necessary for the further pursuit of this case. Due dates were extended by a series of joint motions and stipulations. During the extensions, there was briefing and discovery on personal jurisdiction, and a round of settlement talks, which failed. WAUSA served its responses to the interrogatories on January 29, 2010. BSI pursued counsel to obtain complete answers, in vain, and then followed with this motion to compel. Due dates for memoranda were extended by consent so that none of them were untimely.

1

## II.  Time Spent on Motion and in Communications with Defendants' Counsel

The communications between counsel regarding the incompleteness and evasiveness of the responses included emails exchanged between Mr. Ring for Plaintiff, and Messrs. Saunders and Ms. Burlacu for Defendant, on many dates including March 11 and 31, May 5, 20 and 28, and July 17, 2010; a detailed 9-page letter from Mr. Ring on June 9, 2010; and telephone conferences on several occasions including the same dates as some of the written communications listed above.  A constant barrier in these communications and efforts to obtain complete discovery was the defendant's insistence that discovery was limited to information pertaining to a single entity formed on September 22, 2006, rather than any precursor entity or group of entities, and that the emails at issue took place only during 2004 and 2005.  The Court has now ruled against Defendant's position on both of these key points, directing that discovery be supplemented accordingly.  Plaintiff is still waiting for Defendant to meet its obligations under the order at DE 477.  The time spent on the motion and related memoranda and exhibits is as listed in the Declaration.

## III.  Calculation of Attorney Time.

Plaintiff respectfully refers the Court to the attached Declaration of Stephen H. Ring providing an itemization of attorney time and sufficient qualifications of counsel to justify the fees claimed.  The attorney's fees sought pursuant to this application are as follows:

    Stephen H. Ring, P.C.                     $6720

_____/s/_____
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639

_____/s/_____   _____November 11, 2010_____
Michael S. Rothman                                Date
401 E. Jefferson Street Suite 201
Rockville, MD 20850
Telephone: (301) 251-9660
Facsimile: (301) 251-9610

*Attorneys for Plaintiff*