IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC. ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No. PJM 08 cv 0921 |
| ) | |
| WORLD AVENUE USA, LLC, et al. ) | |
| Defendants ) | |
| _____ ) | |

**DEFENDANT, WORLD AVENUE USA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF BEYOND SYSTEMS, INC.'S MOTION TO CORRECT MISNOMER**

Defendant, WORLD AVENUE USA, LLC ("WAUSA") hereby submits its Memorandum of Law in Opposition to Plaintiff BEYOND SYSTEMS, INC.'s ("BSI") Motion to Correct Misnomer [DE 459], and states:

I.      **Introduction.**

This Motion represents an attempt to *retroactively* correct mistakes that BSI made two and a half years ago. Since the beginning of this litigation, BSI has been provided discovery responses that WAUSA is not the successor in interest to any company and that WAUSA was formed for the first time in September 2006. BSI waited for two and a half years to attempt to claim, retroactively, that it really intended to name TheUseful, LLC, when it named WAUSA. The law is very clear that a party cannot use a misnomer theory to effectively substitute a new Defendant for the Defendant that it has sued.

BSI already has a Motion to Amend pending to file a Second Amended Complaint and that is set for hearing on November 29th. That Second Amended Complaint names TheUseful, LLC as a defendant such that, if the Motion were granted, it would give BSI the relief sought in this Motion. BSI all but concedes that this Motion to Correct Misnomer is an attempt to leapfrog

the Motion set for November 29th.  *See* DE 459, fn 1.  In doing so, BSI violates the Local Rules by failing to attach a copy of the proposed Amendment.

BSI contends that the current Defendant, WAUSA, is the successor-in-interest to NiuTech, LLC.  However, as shown by the Declaration of Professor Lisa M. Fairfax, the Leroy Sorenson Merrifield Research Professor of Law at The George Washington University Law School, the Declaration of Michael Brant, the Articles of Merger, and other publicly-filed materials of record with the Delaware Department of Corporations and the Florida Department of State, Division of Corporations, WAUSA is not the successor-in-interest to NiuTech, LLC. As explained by Professor Fairfax, the immediate past Director of the Business Law Program at the University of Maryland School of Law, a File Number for a Delaware limited liability company is a "unique identifier."  Declaration of Professor Lisa M. Fairfax ("Fairfax Decl."), ¶ 12.  The Delaware File Number is the corporate law analogy to a car's Vehicle Identification Number (VIN).

The Articles of Merger show that the corporate Delaware File Number (or VIN) for Defendant WAUSA (shown on the left below) is *not* the corporate Delaware File Number (or VIN) for the entity into which NiuTech, LLC merged (shown on the right below).

**Figure 1**



*Delaware*

PAGE 1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "WORLD AVENUE U.S.A., LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-SECOND DAY OF SEPTEMBER, A.D. 2006.

4223730  8300
060870687

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 5062077

DATE: 09-22-06

ARTICLES OF MERGER
by and between

NiuTech, LLC, a Florida limited liability company
and
World Avenue U.S.A., LLC, a Delaware limited liability company

The following Articles of Merger are being submitted in accordance with Section 608.4382, Florida Statutes and pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Company Act.

FIRST: The name, principal address, jurisdiction and entity type of the merging party is as follows:

| Name and Street Address | Jurisdiction | Entity Type |
|---|---|---|
| NiuTech, LLC 6001 Broken Sound Parkway, Suite 200 Boca Raton, FL 33487 | Florida | Limited Liability Company Florida Document #L02000034730 |

SECOND: The exact name, principal address, jurisdiction and entity type of the surviving party is as follows:

| Name and Street Address | Jurisdiction | Entity Type |
|---|---|---|
| World Avenue U.S.A., LLC 6001 Broken Sound Parkway, Suite 200 Boca Raton, FL 33487 | Delaware | Limited Liability Company Delaware File #4131161 |

THIRD: The attached Agreement and Plan of Merger was approved by both the domestic limited liability company and foreign limited liability company that are parties to the merger.

FOURTH: The merger is permitted under the respective laws of all applicable jurisdictions and is not prohibited by the agreement of either limited liability company that is a party to the merger.

FIFTH: The merger shall be effective as of the date the Articles of Merger are filed with the Florida Department of State and the Delaware Department of State.

(((H06000169402 3)))

Therefore, the Court should deny the Motion to Correct Misnomer because there was no misnomer.

## II.    Statement of Material Facts Regarding The Corporate Status of Defendant WAUSA and NiuTech, LLC.

BSI's Motion is replete with a half-cooked set of facts regarding corporate statuses. The following are the material facts regarding the corporate status of NiuTech, LLC and Defendant

3

WAUSA drawn from materials cited in public records. *See also* Declaration of Michael Brant ("Brant Decl.").

1.     NiuTech, LLC was an unincorporated business that came into existence on January 1, 2001 in the State of North Carolina. *See* Fairfax Decl., ¶ 7 & Exhibit 1, p. 3 (Certificate of Conversion of NiuTech, LLC).

2.     On December 24, 2002 at 12:35 p.m., a Certificate of Conversion was filed with the State of Florida Division of Corporations to convert NiuTech from an unincorporated business in North Carolina to a <u>Florida</u> limited liability company called NiuTech, LLC. *See* Fairfax Decl., ¶ 8 & Exhibit 1.

3.     On that date, NiuTech, LLC filed its Articles of Organization with the State of Florida Division of Corporations. *See* Fairfax Decl., ¶ 9 & Exhibit 1. The identifier at the top of the filing was L02000034730. *See* Fairfax Decl., ¶ 9 & Exhibit 1.

4.     On June 26, 2006 at 2:14 p.m., a company called World Avenue USA, LLC was formed under the laws of the State of Delaware as a limited liability company and given Secretary of State File Number **4181161**. *See* Fairfax Decl., ¶ 10 & Composite Exhibit 2 (Certificate of Good Standing for TheUseful, LLC and Certificate of Formation filed June 26, 2006).

5.     The  entity referred to in the above paragraph is *not* the Defendant in this case. Fairfax Decl., ¶ 11.

6.     A Delaware corporation's file number is a unique identifier and every Delaware corporation has a different file number. Fairfax Decl., ¶ 12. It is the first number on the bottom left corner of the Certificates of Good Standing (*see* Fairfax Decl., ¶ 12 & Exhibit 2, p. 1) and the

top right corner of the Certificate of Formation (*id.*, ¶ 12 & Exhibit 2, p. 1).  When a Delaware corporation changes it name, it retains the same file number.  Fairfax Decl., ¶ 12.

7.      On June 29, 2006 at 9:13 a.m., a Certificate of Merger was filed with the State of Delaware that merged NiuTech, LLC, the Florida limited liability company, into World Avenue USA, LLC, a Delaware limited liability company bearing File Number **4181161**.  Fairfax Decl., ¶ 13 & Exhibits 2-3.  As the surviving company, the newly-merged World Avenue USA, LLC had the identical File Number **4181161**.  *See* Fairfax Decl., ¶ 13 & Composite Exhibit 2 and Exhibit 3 (Certificate of Merger filed June 29, 2006).

8.      Thus, NiuTech, LLC, the Florida limited liability company, was merged into World Avenue USA, LLC, the Delaware limited liability company bearing File Number 4181161.  *See* Fairfax Decl., ¶ 14 & Composite Exhibit 2 and Exhibit 3.

9.      On June 29, 2006 at 8:53 a.m., the Articles of Merger were filed with the State of Florida identifying NiuTech, LLC, bearing Florida document #L02000034730 as being merged into World Avenue USA, LLC, Delaware File # **4181161**.  *See* Fairfax Decl., ¶ 15 & Exhibit 4.

10.     Following this transaction, the corporate status of NiuTech, LLC was shown in the records of the State of Florida Division of Corporations as "inactive" because it had "merged."  *See* Fairfax Decl., ¶ 16 & Exhibit 5, p. 1.

11.     On August 9, 2006 at 9:16 a.m., World Avenue USA, LLC filed an Application by Foreign Limited Liability Company For Authorization to Transact Business in Florida.  *See* Fairfax Decl., ¶ 17 & Exhibit 6.

12.     On September 19, 2006 at 2:13 p.m., World Avenue USA, LLC -- the Delaware limited liability company registered with the file number **4181161** -- filed a Certificate of Amendment to its Certificate of Formation to change its name to TheUseful, LLC in the records

of the Delaware Department of Corporations. *See* Fairfax Decl., ¶ 18 & Exhibit 7 (Certificate of Amendment of Certificate of Formation).

13.     The Delaware Department of Corporations document reflecting the prior change of name in Delaware was filed with the State of Florida Division of Corporations on September 21, 2006 at 10:20 a.m. *See* Fairfax Decl., ¶ 19 & Exhibit 8. The company by then known as TheUseful in Delaware filed the amendment in Florida to reflect the prior name change in Delaware. The document listed "World Avenue USA, LLC" as the "Name of limited liability company as it appears on the records of the Florida Department of State," but attached the Delaware record showing its File Number of 4181161 and its name, TheUseful, LLC. TheUseful, LLC remains an existing limited liability company in good standing. *See* Fairfax Decl., ¶ 11.

14.     The named Defendant in this case, World Avenue USA, LLC, is a Delaware limited liability company formed on September 21, 2006 at 11:51 a.m. and given Secretary of State file number **4223730** ("WAUSA"). *See* Fairfax Decl., ¶ 20 & Composite Exhibit 9 (Delaware Certificate of Formation and Delaware Certificate of Good Standing for World Avenue USA, LLC).

15.     The Delaware Certificate of Formation and Good Standing indicates that the Certificate of Formation for WAUSA was the only document in the Delaware records for World Avenue USA, LLC, indicating that the only World Avenue USA, LLC in existence as of September 21, 2006 was the World Avenue USA, LLC bearing the File Number 4223730. Fairfax Decl., ¶ 21 & Composite Exhibit 9.

16.     On Monday, September 25, 2006 at 9:04 a.m., World Avenue USA, LLC filed an Application by Foreign Limited Liability Company For Authorization To Transact Business in

Florida. *See* Fairfax Decl., ¶ 22 & Exhibit 10.

17.     On April 11, 2008, BSI filed this case naming World Avenue USA, LLC. At that time, the only entity named World Avenue USA, LLC was the entity bearing File Number **4223730** and formed on September 21, 2006. Fairfax Decl., ¶ 23 & Exhibit 10. All of the foregoing transactions are contained in the public record. *See* Fairfax Decl, ¶ 23 & Exhibits 1-10.

18.     Based on the above-disclosed public records, World Avenue USA, LLC, file number 4223730, is not the successor-in-interest by reason of the merger transaction to NiuTech, LLC. Fairfax Decl., ¶ 24. Nor is it the same entity as TheUseful. *Id.*, ¶ 24. Instead, TheUseful, LLC is the successor-in-interest by merger to NiuTech, LLC. Fairfax Decl., ¶ 24; Brant Decl., ¶ 8.

19.     The corporate history is further explained by the following facts. First, the trade name "TheUseful" or "TheUseful.com" was always the commercial marketing side of the business and was associated with NiuTech, LLC. Brant Decl., ¶ 4. NiuTech, LLC, doing business as TheUseful, engaged in the business of internet marketing. *Id.*, ¶ 4.

20.     Second, further proof of the fact that TheUseful, LLC is the successor-in-interest by merger to NiuTech, LLC is shown by its connection with the trade name, TheUseful. On May 17, 2004, NiuTech, LLC registered TheUseful.com as a fictitious name. *See* Brant Decl., ¶ 4 & Exhibit 2. On August 4, 2005, NiuTech, LLC registered TheUseful as a fictitious name. *See* Brant Decl., ¶ 4 & Exhibit 1. Thus, it makes perfect sense that TheUseful is the successor-in-interest to NiuTech, LLC because NiuTech, LLC was associated with the name TheUseful since May 17, 2004. *See* Brant Decl., ¶ 4 & Exhibit 1-2.

21.     In contrast, the Defendant, World Avenue USA, LLC has not registered

TheUseful or, for that matter, any trade name. *See* Opposition to Motion to Compel, DE 307-9, p. 10 of 20.

22.     These fictitious names were registered because NiuTech, LLC wanted to make it clear to the public, as well as the State of Florida, that the brand name "TheUseful" was associated with NiuTech, LLC.  Brant Decl., ¶ 4.

23.     During the summer of 2006, it was decided to expand on a second existing brand, World Avenue.  Brant Decl., ¶ 5.  This brand name, "World Avenue" was valuable to the company because it was actually purchased from another unrelated company.  *Id.*, ¶ 5.  The decision was tied to the expansion of the overall business.  *Id.*, ¶ 5.  As such, World Avenue Holdings, LLC was formed with a number of subsidiaries below it placed to perform various aspects of the overall business.  *Id.*, ¶ 5.  World Avenue Holdings, LLC was formed originally as World Avenue, LLC, but the name was modified to World Avenue Holdings, LLC to better reflect the nature of that particular business as a holding company, and to avoid confusion with its subsidiaries by clearly delineating the function in the name of the company.  Brandt Decl., ¶ 5.

24.     The Defendant in the above case, World Avenue USA, LLC was so named to retain the brand identity associated with the words "World Avenue."  Brant Decl., ¶ 5.

25.     At the same time, and because it represented a distinct aspect of the overall business, TheUseful, LLC co-existed as another subsidiary of World Avenue Holdings, LLC. *Id.*, ¶ 7.  World Avenue USA, LLC and TheUseful, LLC are each subsidiaries of World Avenue Holdings, LLC.  *Id.*, ¶ 7.

### III.   The Court Should Deny The Motion To Correct Misnomer.

#### A.   The Court Should Deny The Motion To Correct Misnomer Because BSI Did Not Name TheUseful, LLC.

BSI asserts that it should be entitled to *retroactively* amend its Amended Complaint to name TheUseful, LLC as the intended target Defendant after two and a half years of litigation. BSI asserts that it effectively named TheUseful, LLC and that Defendant WAUSA is a volunteer. BSI is incorrect on both points. The defendant in a lawsuit is named in the summons which must be "directed to the defendant." *See* Fed. R. Civ. P. 4 (a)(1)(B). The existence of various descriptors after the name of the "defendant" does not add additional parties to the suit or change the name of the defendant. For example, the recitation of facts in *Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 520 (2nd Cir. 2006) notes that the plaintiff named the defendant as "Charles Bisuito, a general partner of Caplaw [Enterprises] (sued as 'Charles Bisuito d/b/a Caplaw Enterprises')." The plaintiff took the position that Caplaw Enterprises was a party to the suit because of the "d/b/a" designation. The district court held that the "'doing business as' designation was insufficient to name Caplaw as a defendant." *Id.*[1]

Here, the Summons named "**WORLD AVENUE USA, LLC**" as Defendant, but added the verbiage "successor by merger to NIUTECH, LLC" and DBA "The Useful." *See* Summons at DE 5. The Summons commanded service upon "**WORLD AVENUE USA, LLC**" at "CorpDirect Agents, Inc., 515 East Park Avenue, Tallahassee, Florida 32301." Under the rationale of the district court's reasoning in *Cleveland*, 448 F.3d at 520, the existence of the dba designations did not change which defendant was named.

---

[1] The *Cleveland* opinion by the Second Circuit actually deals with the subsequent case, and the Second Circuit did not expressly pass on the issue.

Moreover, on the date that BSI filed this case (April 11, 2008), naming World Avenue USA, LLC, the only entity named World Avenue USA, LLC was the entity bearing File Number **4223730** and formed on September 21, 2006.  Fairfax Decl., ¶ 23 & Exhibit 10.  If BSI had checked the records, it would have seen that there was only one entity by that name formed in September of 2006 which was not a successor to any other entity.  *Id.*  Moreover, if BSI had checked the records, it would have seen that the fictitious name TheUseful was not registered to WAUSA.  *See* Brant Decl., ¶ 4 & Exhibits 1-2.

### B.   BSI's Motion Should Be Denied Because The Cited Cases Are Distinguishable.

Both cases cited by BSI are is distinguishable from the situation with TheUseful and WAUSA.  Specifically, in *A.H. Fisher Lumber Co. v. A.H. Fisher Co., Inc.*, the court granted amendment consisting of inclusion of the word "Lumber" in the corporate name of the defendant and "Inc."  162 F.2d 872, 873 (4th Cir. 1949).  The court noted that "nobody was misle[d] in the first case" and "[p]rocess was served upon one of the defendant's officers; and then its attorney came into court with a special appearance, neither he nor anyone else had any doubt that the defendant was the corporation intended to be named as defendant."  *Id.*  Further, in the case of the use of word "Inc.", it "was merely descriptive of the defendant as being a corporation."  *Id.*  The court distinguished the case *sub judice* from "one ...of an amendment which would bring the defendant into the case *for the first time* and  might prejudice its right to rely on the statute of limitations".  *Id.* at. 874 (emphasis added).

This is precisely what BSI is trying to do here.  By camouflaging its Motion into one to correct a mere misnomer, it intends to bring TheUseful, LLC, a separate and distinct entity, for the first time into a case that was on file for more then two and a half years.  It is a purposefully

10

mischaracterized Motion to Amend the Amended Complaint, as well as the now-pending Second Amended Complaint.

Similarly, in *Hemphill Contracting Company v. United States*, the court granted plaintiff's request to amend the caption from "Co." to "Company" noting that "the disparity between the disputed corporation names is characterized more as a very thin crack than a chasm ... [i]n much of this Nation "Co." is a well-known abbreviation for "Company". 34 Fed. Cl. 82, 86 (Fed. Cl. 1995). Unlike the *Hemphill* situation, in this case, the misnomer is nor a "minor technicality", but the addition of a wholly-disparate party not named in the Summons or any Amended Complaint.

The test for determining whether the "misnomer" rule is applicable is whether it is reasonable to conclude that plaintiff *had in mind* the proper entity or person, merely made a mistake as to name, and actually served the entity or person intended; or whether plaintiff *actually meant* to serve and sue a different person. *Minutex v. Eaton Yale and Towe, Inc.*, 57 F.R.D. 476, 479 (E.D.Pa. 1973) (noting that there is no "misnomer" when "the effect of the requested amendment is to substitute for the named corporate defendant an entirely new corporation"). In other words, a misnomer is where the right entity is served and is before the court, but the party's name is incorrectly stated. *See Margarito v. Life Products Corp.*, 1998 WL 17332, at *1, *2 (E.D.V.A. April 1, 1998) (internal citation omitted). It is ***not*** where the wrong defendant is before the court and the plaintiff wants to substitute a new defendant for the old one. *Id.* In the instant case, it is clear that there is not present a case of "misnomer" and BSI did not

initially have in mind TheUseful, LLC as the entity to be sued. TheUseful is a different and distinct entity and Plaintiff intended to sue WAUSA.[2]

### C.       Strong Policy Rationales Compel Denial of The Motion.

Granting Plaintiff's Motion would work a manifest injustice. First, it would deprive TheUseful, LLC of its valuable statute of limitations defense, as well as other defenses, that would potentially foreclose BSI's claims. Second, if BSI's request for a retroactive default is granted, it would subject TheUseful, LLC to judgment without due process. Third, it would reward BSI for its complete lack of diligence when it filed the Complaint over two and a half years ago. The only entity named, World Avenue USA, LLC, was the entity bearing File Number **4223730** and formed on September 21, 2006. Fairfax Decl., ¶ 23 & Exhibit 10. There was no public record showing that this entity was merged. To the contrary, the public records affirmatively showed that the only merged entity was TheUseful, LLC. *Id.* The law currently encourages litigants to be diligent when filing their Complaints (Fed. R. Civ. P. 4 (a)(1)(B) *Cleveland*, 448 F.3d at 520) and does not relieve them from the consequences of their indolence. *Minutex*, 57 F.R.D. at 479; *Margarito*, 1998 WL 17332, at *2. BSI seeks to reverse that calculus and not only correct, but actually profit from its mistakes. With amazing effrontery, BSI actually asks this Court to enter a default against a brand new party it never named. Its request is based

_____

[2] BSI takes out of context a statement in WAUSA's Answer to Amended Complaint about its corporate status. To be clear, WAUSA's Answer to Amended Complaint did not admit that it "is" a successor-in-interest to NiuTech, LLC and denied the remaining allegations of the Paragraph. In using the past-tense verbiage, WAUSA was conveying that an entity called World Avenue USA, LLC (bearing Delaware File Number 4181161) *was* a successor-in-interest to NiuTech, LLC for the period of time from June 29, 2006 at 9:13 a.m. to September 19, 2006 at 2:13 p.m., but that this entity was now known as TheUseful, LLC, and was not WAUSA (bearing File Number 4223730). To clarify this even further, WAUSA will amend further its Answer. BSI has been clear elsewhere in discovery that it was formed in September 2006 and it is not the successor-in-interest to any entity.

12

on an objectively false premise -- a merger that never occurred -- and should be denied.

**D.    BSI Violates The Local Rules By Filing A Disguised Motion To Amend Without Attaching A Copy of the Proposed Amendment.**

Finally, BSI's Motion, which effectively seeks to amend its Amended Complaint and now-pending Second Amended Complaint, attempts to circumvent the Local Rules. Local Rule 103(6)(a) states: "Whenever a party files a motion requesting leave to file an amended pleading, the original of the proposed amended pleading shall accompany the motion." Local Rule 103(6)(c) states: "Unless otherwise ordered by the Court, the party filing an amended pleading shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type."

**IV.    Conclusion.**

Plaintiff's Motion is a bare-knuckled attempt to mislead the Court in order to simultaneously fix its own mistakes while denying a new Defendant due process and should be denied. Because Plaintiff had no substantial justification for filing this Motion, and indeed could only succeed if it were able to affirmatively mislead the Court, the Court should award sanctions. Thus, the Court should deny the Motion to Correct Misnomer.

Dated: November 12, 2010

Respectfully submitted,

_____/s/_____

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

--and--

Kenneth Horky, Esq.
horkyk@gtlaw.com
John L. McManus, Esq.
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477
*Attorneys for World Avenue USA, LLC*