IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.           )
                                          )
    Plaintiff                   )
    v.                                 )         Case No.PJM 08 cv 0921
                                          )
WORLD AVENUE USA, LLC, et al. )
    Defendants          )
_____ )

**DEFENDANT WORLD AVENUE USA, LLC'S LOCAL RULE 104 CERTIFICATE IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE WHY PAUL ANDREW WAGNER AND BEYOND SYSTEMS, INC. SHOULD NOT BE HELD IN CIVIL CONTEMPT OF COURT**

Defendant, WORLD AVENUE USA, LLC ("WAUSA") hereby files its Local Rule 104 Certificate in support of its Motion for Order to Show Cause Why Paul Andrew Wagner and Beyond Systems, Inc. Should Not Be Held In Contempt Of Court ("Motion"), and states:

1.    Counsel for WAUSA states that a good faith effort has been made through verbal and written communications to resolve the Motion, but that all such efforts have been to no avail.

2.    On Wednesday, August 25th, 2010, WAUSA outlined its concerns about BSI's conduct to Mr. David Miller of Tiggee, LLC d/b/a DNS Made Easy ("DNS Made Easy") and copied counsel for Beyond Systems, Inc. ("BSI") and Paul Andrew Wagner ("Wagner"). In the e-mail, WAUSA stated:

> As a party to the case in which the subpoena is issued, we are by separate communication, asking BSI to honor the applicable court Orders and putting BSI on notice that the tactics you have described may well form the basis an Application for an order to show cause why BSI should not be held in contempt.

3.    On Wednesday, August 25, 2010, WAUSA outlined its concerns directly to BSI's and Wagner's counsel and stated:

In addition to, and without waiver of, the foregoing, the course of conduct described above is contumacious based on the terms of Court's April 16th and June 23rd Orders. We request that BSI provide within seven (7) calendar days of its receipt of this communication, a written explanation of why the conduct described in Mr. Miller's electronic mail does not constitute a contempt of court so as to avoid the filing of a Motion for Order to Show Cause and initiation of civil contempt proceedings pursuant to 28 U.S.C. § 636.

4. On Thursday, August 26, 2010, when BSI did not provide an explanation of its conduct, WAUSA stated:

> Appreciate your email and note that my separate email to you regarding Tiggee, LLC d/b/a DNS Made Easy invited you to provide the other "side of the story" you tease out below. At this stage, on its face, Mr. Miller presents a compelling case of conduct aptly described as contumacious. Furthermore, while I am happy to discuss deposition scheduling with you, setting the deposition is not a substitute for BSI's explanation of its approaches to DNS Made Easy, unless we will swear someone from BSI at the same time.
> ****
>
> As for DNS Made Easy, we stand by our request for an explanation why Court intervention is unnecessary. We would prefer to resolve this matter without court intervention, e.g., a proffer or other verification of what BSI demanded and a letter to DNS Made Easy with a copy to us stating that BSI seeks only the information within the scope of the Court's Order. Absent receipt of same, we will have no alternative but to seek Court protection.

5. Correspondence authored by counsel for BSI on August 30, 2010 did not resolve the issue.

6. At an in-person discussion on October 4, 2010, at the deposition of DNS Made Easy, counsel for WAUSA, Sanford M. Saunders, Jr., inquired of counsel for BSI and Wagner, Stephen H. Ring, Esq., as to whether the clients would consent to be held in Contempt of Court based on the testimony of DNS Made Easy at the deposition, and counsel for BSI and Wagner stated that they would not so consent.

7. Prior to filing a Motion to Quash a subpoena directed to Non-Party TheUseful, LLC, counsel for the movant, Sanford M. Saunders, Jr., has spoken by telephone on several

occasions with counsel for BSI, Stephen H. Ring, as well as by electronic mail explaining the position that the subpoena to TheUseful is overbroad, but the parties have been unable to resolve the matter.  As a consequence, on October 7, 2010, TheUseful was forced to file a Motion to Quash in a proceeding filed in the U.S. District Court for the Southern District of Florida, Beyond Systems, Inc. v. World Avenue USA, LLC, Case No. 10-mc-61895-KMM.

8. During verbal discussions, counsel for BSI has expressed the belief that the April 16th Order of the Court does not extend beyond the DNS Made Easy Subpoena, and thus, has no application to TheUseful subpoena.

9. On November 11, 2010, counsel for WAUSA, Sanford M. Saunders, Jr., telephoned and spoke to counsel for BSI, Stephen H. Ring, Esq. and asked whether BSI would consent to being held in contempt of Court for the issuance of TheUseful Subpoena, and counsel advised that he would not so consent.  Counsel for WAUSA also asked whether BSI would consent to being held in contempt in relation to the DNS Made Easy issue, and counsel reiterated that he would not so consent.

Dated:  November  12, 2010.

        Respectfully submitted,
        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        /s John L. McManus
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone:  202-331-3100
        Facsimile:  202-331-3101

        --and--

        Kenneth A. Horky, Esq.
        Florida Bar No. 691194
        horkyk@gtlaw.com
        John L. McManus, Esq.
        Florida Bar No. 0119423
        mcmanusj@gtlaw.com
        Admitted Pro Hac Vice
        GREENBERG TRAURIG, P.A.
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, FL 33301
        Telephone: 954-765-0500
        Facsimile:  954-765-1477