**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
**SOUTHERN DIVISION**

BEYOND SYSTEMS, INC.            )
                               )
    Plaintiff               )
                               )
v.                             )            Case No. PJM 08 cv 0921
                               )
WORLD AVENUE USA, LLC, et al. )
                               )
    Defendants              )
_____ )

**DEFENDANT WORLD AVENUE USA, LLC'S MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF ITS APPLICATION AS TO AMOUNT OF**
**ATTORNEYS' FEES**

Defendant WORLD AVENUE USA, LLC ("WAUSA") hereby submits its Memorandum

of Points and Authorities in Support of its Application As to Amount of Attorneys' Fees

awarded by this Court in its fourth of five Orders sanctioning against BEYOND SYSTEMS,

INC. ("BSI").

**I.**    **Introduction.**

The above sanctions Order arises from BSI's failed efforts to accuse WAUSA of

discovery non-compliance. On January 29, 2010, WAUSA served its Responses to the Request

for Production. *See* DE 327-6. A month and a half later -- after BSI had missed the deadline

under the Local Rules for moving to compel on WAUSA's discovery responses -- BSI filed a

Motion for Extension of Time As To Motions to Compel and Oppositions to Motions to Compel

to resurrect the since-expired deadline. *See* DE 187. On March 18, 2010, WAUSA filed its

Memorandum of Law in Opposition to the Motion for Extension of Time. *See* DE 191.

On April 1, 2010, BSI served its First Motion to Compel Defendants To Provide

Complete Production of Documents. *See* DE 327-3. On April 19, 2010, Defendant WAUSA

served its Memorandum of Law In Opposition To Plaintiff's Motion for Order to Compel

Defendant WAUSA To Provide Complete Production of Documents/Request for Sanctions Pursuant to Rule 37.  See DE 327-7.  BSI served its Reply Memorandum on July 7, 2010, and on that day filed the Motion and associated papers with the Court.  *See* DE 327-9.

The subject Order is but one of six Orders in which BSI and related parties have been sanctioned in this case and its companion case pending in the U.S. District Court for the District of Columbia, *World Avenue USA, LLC v. William J. Wagner*, Miscellaneous No. 09-557 (HHK/AK), (U.S. District Court, District of Columbia) ("District of Columbia Action").  In the companion District of Columbia Action, the Court Order stated:

> Given the revelation of responsive documents during the deposition [of William J. Wagner], Respondent's repeated failure to disclose their existence, and his refusal even now to adequately excuse that failure, this Court finds it appropriate to award Petitioner [World Avenue USA, LLC] costs and attorneys' fees related to responding to this instant renewed motion for sanctions.

*See* District of Columbia Action, DE 21, p. 9.

This Court has also entered Orders sanctioning BSI for its opposition to the Motion to Compel As to WAUSA's Third Set of Interrogatories and in connection with the Motion to Compel Production of Documents Responsive To Fourth Request for Production.  *See* DE 444, 441.  More recently, this Court has sanctioned BSI a fourth time for the filing of its First Motion to Compel Defendant WAUSA to Provide Complete Production of Documents/Request for Sanctions Pursuant to Rule 37.  *See* DE 468.  The Court has sanctioned BSI in connection with a Motion to Seal.  *See* DE 346. The Court has also sanctioned BSI in connection with its overzealous and abusive confidentiality designations intended to shield documents from the public and other litigants.  *See* DE 502.

WAUSA has incurred $4,984.00 in connection with its Opposition to BSI's Motion for Extension of Time to, among other things, file its First Motion to Compel Defendants To Provide

Complete Production of Documents and WAUSA's Memorandum of Law In Opposition to Plaintiff's Motion for Order to Compel Defendant WAUSA To Provide Complete Production of Documents/Request for Sanctions Pursuant to Rule 37.  *See* DE 327-7.  The attorneys' fees and costs are detailed in the Declarations of Sanford M. Saunders, Jr. and John L. McManus.  *See* Exhibits 1-2.

## II.   Applicable Legal Standard.

### A.   The Lodestar Method And The *Johnson* Factors.

"This Court uses a lodestar analysis to determine attorneys' fees awards, an analysis which involves multiplying the number of reasonable hours expended by a reasonable hourly rate." *Trustees of the National Automatic Sprinkler Industry Welfare Fund v. Fire Sprinkler Specialties, Inc.*, Case No. RWT-08-1890, 2010 WL 723803, at *1, *1 (D. Md. Feb. 23, 2010) (Day, J.) (*citing Robinson v. Equifax Info. Serv.*, 560 F.3d 235, 243 (4th Cir. 2009)). "Reasonableness is key in this analysis and the twelve *Johnson* factors guide the Court in determining what are 'reasonable' hours and rates." *Id.* (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989)).  The twelve *Johnson* factors are:

> (1) time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectation at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; (12) attorneys' fees awards in similar cases.

*Trustees,* 2010 WL 723803, at *1 (*citing Johnson*, 488 F.2d at 714).

This Court has instructed that it finds *Johnson* factors one, three and nine most

persuasive. *Id*. The U.S. Supreme Court has instructed that the most critical factor in determining the reasonableness of time spent and hourly rate billed is the "degree of success obtained." *See Dahn World Co., Ltd. v. Chung*, Case No. RWT 06-2170, 2009 WL 277603, at *1, *3 (D. Md. Feb. 5, 2009) (Titus, J.) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)).

Once the movant has sustained its burden of showing that the "claimed rate and number of hours are reasonable, the resulting product is presumed to be the 'reasonable fee' to which counsel is entitled." *Deigert v. Baker*, Case No. RDB-09-00392, 2010 WL 3860639, at *1, *5 (D. Md. Sept. 30, 2010).

### B.    The Guidelines.

"[T]he Court also relies upon the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, Appendix B, Local Rules (D.Md.)." [the "Guidelines"] *Trustees,* 2010 WL 723803, at *1. However, the Guidelines are guidelines only and must yield to the *Johnson* factors established by case law when appropriate:

> These rates are intended solely to provide practical guidance to lawyers and judges when requesting, challenging and awarding fees. The factors established by case law obviously govern over them. One factor that might support an adjustment to the applicable range is an increase in the cost of legal services since the adoption of the guidelines. The guidelines, however, may serve to make the fee petition less onerous by narrowing the debate over the range of a reasonable hourly rate in many cases.

*See* Guidelines, § 3.

Thus, where the factors in the caselaw justify an hourly rate higher than those set forth in the Guidelines, an hourly rate in excess of the Guidelines is appropriate. For example, in *Instant Tax Service 10060, LC v. TCA Financial, LLC*, Case No. PJM-08-2364, 2009 WL 2579806, at *1, *4 (D. Md. Aug. 17, 2009) (Messitte, J.), the Court awarded hourly rates of $590 and $580

for two partners, an hourly rate of $520 per hour for an associate, and an hourly rate of $310 for a law clerk. This Court stated: "While these rates are on the high side, the Court finds them to be not out of range from the hourly rates charged by other large law firms with clients throughout the United States and abroad." *Id.*

Likewise, in *Bethesda Asset Services, Inc. v. Bank of New York*, Case No. PJM 00-2116, 2005 WL 2106083, at *1,*35-*36 (D. Md. Aug. 30, 2005) (Connelly, J.), the court found that a partner rate of $495 per hour, a 7-year associate rate of $335 per hour, and a legal assistant/paralegal rate of $150 per hour was appropriate. In doing so, the court drew on its experience in "examining other lawyers' invoices in other cases," "fee discussions with lawyers at professional gatherings," and "a review of legal periodicals in the Washington metropolitan area." *Id.* at 36.

Moreover, in *Whitaker v. Navy Federal Credit Union*, Case No. RDB-09-cv-2288, 2010 WL 3928616, at *1, *6 (D. Md. Oct. 4, 2010), the court awarded $450 per hour for a partner, which is above the Guidelines, where it was justified by the experience of the attorney. Further, in *Johannssen v. District No. 1-Pacific Coast Distric*t, Case No. AMD 96-2355, 2001 WL 770987, at *1, *5 fn 2 (D. Md. July 10, 2001), the court deviated from the Guidelines and awarded a higher fee where the evidence showed that the customary fee for like work was higher than the Guidelines.

### III.  WAUSA Is Entitled To An Award of $4,984.00 In Reasonable Attorneys' Fees Against BSI.

#### A.  The Hourly Rates Sought Are Reasonable In The District of Maryland Legal Market.

##### 1.  The Saunders and McManus Declarations Support The Reasonableness Of The Hourly Rates Involved.

The Saunders and McManus Declarations attest that the hourly rates sought in this matter are the customary rates charged for the legal services rendered.  *See* Declaration of Sanford M. Saunders, Jr. ("Saunders Decl."), ¶¶ 3-4; Declaration of John L. McManus ("McManus Decl.", ¶ 11.  The Court is entitled to receive evidence that the reasonable hourly rate in the district is the hourly rate of what was actually charged.  *See Depaoli v. Vacation Sales Assocs., LLC*, 489 F.3d 615, 622 (4th Cir. 2007) ("The market rate should be determined by evidence of 'what attorneys earn from paying clients for similar services in similar circumstances,' which, of course, may include evidence of what the plaintiff's attorney actually charged his client").

Moreover, the independent evidence supports that the hourly rates charged are, in fact, reasonable in this District.  Mr. Saunders is a 27-year practitioner, is admitted to the Maryland Bar, and routinely practices in this U.S. District Court.  Mr. Saunders is the Co-Managing Shareholder of Greenberg Traurig's District of Columbia office.  As a result of his vast experience, Mr. Saunders has knowledge of reasonable rates in the relevant community.  The Saunders Declaration further avers that the hourly rates sought are customary in the District of Maryland legal market.  Saunders Decl., ¶ 4.  The McManus Declaration avers that the hourly rates are customary as well.  McManus Decl., ¶ 11.

##### 2.  The NATIONAL LAW JOURNAL's Annual Survey of Billing Rates Attests To The Reasonableness of The Hourly Billing Rates At Issue Here.

The reasonableness of the hourly billing rates of the attorneys involved is also supported

by the National Law Journal's annual survey of billing rates.  *See* Leigh Jones, *Law Firm Fees Defy Gravity*, NATIONAL LAW JOURNAL (Dec. 8, 2008), attached as Exhibit 3.  For example, billing rates at Steptoe & Johnson, LLP based in Washington, D.C. -- a firm that BSI has retained in connection with certain of its litigation in the District of Maryland -- has billing rates at $350 to $895 for partners and $210 to $685 for associates.  *Id.*, p. S-4.[1]  The billing rates at Arent Fox based in Washington, D.C., range from $410 to $710 for partners and $260 to $465 for associates.  *Id.*, p. S. 2.  The  billing rates at Dickstein Shapiro based in Washington, D.C., range from $475 to $895 for partners and $250 to $475 for associates.  *Id.*, p. S. 2.  The billing rates at Patton Boggs based in Washington, D.C., range from $360 to $990 for partners and $244 to $535.  *Id.*, p. S-4.

### 3.     The Hourly Rates Are Reasonable Under The Particular Circumstances of This Case.

Given the foregoing, the hourly rates charged for the attorneys involved are reasonable in this District.  Mr. Saunders, who has more than 27 years of experience, has been recognized in Chambers and Partners' *2009 Chambers USA Guide* as one of the leading litigators in the country.  Most recently 2010, Mr. Saunders was recognized for his litigation expertise in the 2010 edition of *Legal 500 United States*, an internationally-recognized client referral guide.  Although Mr. Saunders worked on the matter, his time is not being sought in this Motion.

The work began with work performed primarily by an associate, Nicoleta Burlacu.  BSI filed a Motion for Extension of Time As To Motions to Compel and Oppositions to Motions to Compel to resurrect the since-expired deadline.  *See* DE 187.  On March 18, 2010, WAUSA filed

---

[1] WAUSA made this same point in its Application for Fees when the District Court for the District of Columbia awarded sanctions against William J. Wagner (father of BSI principal, Paul A. Wagner) and William J. Wagner -- represented by the same counsel representing BSI here -- did not dispute that these are Steptoe & Johnson's rates.

its Memorandum of Law in Opposition to the Motion for Extension of Time.  *See* DE 191.  Ms. Burlacu took the lead in drafting the Opposition to the Motion for Extension of Time.  Ms. Burlacu is a 2000 law school graduate, who, after completing her Master's in 2001, obtained an LL.M in International and Comparative Law in 2006 from The George Washington University Law School.  McManus Declaration, ¶ 14.  Ms. Burlacu practiced as a foreign attorney with Greenberg Traurig, LLP, from 2006 until January 2008, when she was admitted to the Bar of New York.  *Id.*, ¶ 14.  Ms. Burlacu has ten years of experience practicing foreign and international law, including working as a Staff Attorney for the U.S. Department of Justice, Criminal Division, Office of Overseas Prosecutorial Development, Assistance and Training.  *Id.*, ¶ 14.  Ms. Burlacu has been practicing in private practice since her New York bar admission in January 2008.  *Id.*, ¶ 14.  Ms. Burlacu has been working on this case for over two years, and is admitted *pro hac vice* in this case.  *Id.*, ¶ 14.  Ms. Burlacu spent 6.1 hours at a $290 hourly rate. *Id.*, ¶ 4.

The reasonableness of Ms. Burlacu's $290 hourly rate is even more pronounced when compared with the hourly rates charged for her peer group (based on years of private practice of domestic law).  Hogan & Hartson based in Washington, D.C., bills out third year associates at $360 per hour.  *See* Exhibit 3, p. S-5.  Dickstein Shapiro bills out third year associates at $350 to $395 per hour.  *Id.*, p. S-5.  Steptoe & Johnson, LLP bills out third year associates at $355 per hour.  *Id.*, p. S-6.  Patton Boggs bills out third year associates at $350 per hour.  *Id.*, p. S-6.

Mr. McManus, a Shareholder who drafted the Opposition to the Motion to Compel, is a 1997 graduate of the University of Florida College of Law having practiced law for 13 years in the areas of commercial litigation in federal and state courts.  McManus Declaration, ¶ 14.  Mr. McManus's hourly rate is $450 per hour.  *Id.*, ¶ 4.  Mr. McManus was particularly well-suited to

working on this matter since he has been involved in this case for the last two years.  *Id.*, ¶ 14.
Mr. McManus has been representing WAUSA or other associated companies since prior to the
inception of this litigation, and is extremely familiar with the issues involved.  *Id.*, ¶ 14.  Mr.
McManus is based in Fort Lauderdale, Florida, close to the offices of the two Defendants,
WAUSA and World Avenue Holdings, LLC ("Holdings").  *Id.*, ¶¶ 13-14.  Mr. McManus spent
5.30 hours in drafting the Opposition to the Motion to Compel.  *Id.*, ¶ 4.

Kenneth A. Horky, a Shareholder who also edited the Opposition to the Motion for
Extension of Time, is a 1986 graduate of the Florida State University College of Law having
practiced for 24 years in the area of commercial litigation.  *Id.*, ¶ 14.  Mr. Horky is also based out
of Greenberg Traurig's Fort Lauderdale office, close to the offices of WAUSA and Holdings.
*Id.*, ¶¶ 13-14.   Mr. Horky has represented WAUSA or other associated companies since
approximately 2006.  *Id.*, ¶¶ 13-14.   Mr. Horky has been involved in this case for the past two
years. *Id.*, ¶ 14.  Mr. Horky worked on the matters at hand for two-tenths (2/10) of an hour at a
$460 hourly rate.  *Id.*, ¶ 4.

A paralegal, Barry Dotson, also assisted with the assembly and listing for the Court of all
of the documents that WAUSA had produced that BSI misrepresented had not been produced.
Mr. Dotson has approximately 26 years of experience as a paralegal and has been working on
this case for two years.  Mr. Dotson has been working with Greenberg Traurig for approximately
13 years.  Mr. Dotson spent 3.60 hours on these materials.  *Id.*, ¶ 4.

### B.      The Hours Expended Were Reasonable.

#### 1.      WAUSA Has Met Its Burden To Show Reasonableness.

WAUSA has satisfied its burden to show the reasonableness of the hours expended in (i)
opposing the Motion for Extension of Time; (ii) evaluating the Motion to Compel; and (iii)

preparing the Opposition to the Motion to Compel.  WAUSA has submitted the McManus Declaration and the Saunders Declaration attesting to the reasonableness of the attorneys' fees incurred.  *See* Exhibits 1-2.  WAUSA is also submitting a Chart detailing exactly what the attorneys did for each hour or portion thereof for which recovery is sought.  *See* Exhibit 4. Greenberg Traurig maintains contemporaneous time records of hours (or portions thereof) dedicated toward particular matters based on six minute increments.  WAUSA has also submitted redacted photocopies of the bills for the work performed reflecting the actual timekeepers and task descriptions for time worked.  *See* Exhibit 5.[2]

This evidence more than demonstrates reasonableness and creates a presumption that the hours expended are reasonable.  *See Holbrook v. District of Columbia*, 305 F. Supp.2d 41, 45-46 (D.D.C. 2004) ("Plaintiffs have demonstrated that the number of hours expended on particular tasks was reasonable. Plaintiffs' counsel submitted time records that show the specific tasks she performed, the hours she expended on each task (calculated in tenth-hour segments), and the date each task was performed. She also submitted a detailed affidavit explaining the hours claimed for each task identified by DCPS as unreasonable in its Disputed Items List").

## 2. The Complexity of The Matter Required Intensive and Extensive Effort.

Counsel's time and effort spent in preparing the Opposition to the Motion to Compel was reasonable.  The Motion to Compel itself was a 44-page brief that addressed a 50-page Response to the Request for Production.  *See* DE 327-3.  In the Motion to Compel, BSI falsely stated to the Court:  "*No responsive documents have been provided*" approximately seventeen (17) times.

---

[2] Exhibit 4 details the work performed except as follows.  In the Columns at the far right, the undersigned have caused to be inserted a sub-total of hours (or portions thereof) for the work performed and a sub-total of monies due for the work performed.  This is necessary because the actual time entries on the bills (Exhibit 5) necessarily include work performed on other tasks unrelated to the Motion to Compel, which have been excluded from the time entries on Exhibit 4.

This was despite the fact that WAUSA's documents were produced with Cover Sheets designating which categories of the Request for Production to which the documents were responsive.   WAUSA compiled a listing of all of the Cover Sheets showing the documents produced in response to each of the Requests for Production and filed it with the Court. Defendant WAUSA filed a discrete 17-page Opposition to the Motion to Compel.  Based on the misrepresentations to the Court made seventeen (17) times, WAUSA asked for sanctions.

### 3.        The Results In Other Cases.

This Court does look at attorneys' fees awards in other cases in determining a reasonable fee.  *Trustees*, 2010 WL 723803, at *1.  WAUSA has located at least 23 other cases filed by BSI in this District and in other Courts.   *See* Exhibit 6 (attaching http://www.beyondsystems.net/spam_cases.html).   Of all of those cases, WAUSA only has knowledge of one other Order granting sanctions against BSI.  *See* DE 401 in *Beyond Systems, Inc. v. Kraft Foods, Inc.*, Case No. 8:08-CV-00409-PJM (D. Md.).  The amount of that award has not been determined as of the filing of this Application.  Thus, setting aside the *six* Court Orders for sanctions entered against BSI and William J. Wagner in this case and the companion District of Columbia case, the granting of sanctions against BSI is virtually unprecedented.  This speaks volumes about the quality of advocacy that led to the result that BSI now disparages.

Moreover, in a recent case that WAUSA has been able to locate in which a court has awarded fees against a plaintiff in the context of alleged unsolicited commercial e-mail, the court awarded attorneys' fees sought in the amount of $806,978.84.  *See ASIS Internet Services v. Optin Global, Inc.*, Case No. C 05-05124 JCS, 2010 WL 2035327, at *1, *3 (N.D. Cal. May 19, 2010).

## IV.   Conclusion.

In light of the conduct outlined above, the Court should enter the requested award of attorneys' fees.  BSI filed a Motion to Compel that misrepresented to the Court seventeen (17) times about the status of production.  This was not a mere error; indeed, the documents were produced with Cover Sheets designating the Requests to which the documents were responsive. BSI was evidently hoping that its accusation would be overlooked in the torrent of materials that it filed.  Having caused those attorneys' fees to be incurred, BSI cannot now be heard to complain of the quality of the advocacy that led to its being sanctioned.  Accordingly, this Court should issue an Order awarding $4,984.00 in attorneys' fees, plus post-judgment interest, against BSI, and reserving jurisdiction to order further sanctions if BSI moves for reconsideration. *See* 28 U.S.C. 1961(a).

**WHEREFORE**, WORLD AVENUE USA, LLC respectfully requests entry of an Order awarding $4,984.00 in attorneys' fees against Plaintiff BEYOND SYSTEMS, INC. to be paid in 14 days, with interest accruing at the statutory rate under 28 U.S.C. § 1961(a) on all unpaid amounts until the same are paid, and for such other and further relief as this Court deems just and appropriate.

Dated: November 15, 2010

Respectfully submitted,
*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

   /s John L. McManus
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477