IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.           )
                               )
    Plaintiff              )
    v.                     )           Case No. PJM 08 cv 0921
                               )
WORLD AVENUE USA, LLC, et al. )
    Defendants             )
_____ )

**DEFENDANT, WORLD AVENUE USA, LLC'S REPLY IN SUPPORT OF ITS MOTION
FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT WITH PARTIAL CONSENT OF THE PLAINTIFF**

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), by its undersigned counsel submits its Reply in support of its Motion for Extension of Time (*with the partial consent of the Plaintiff*) until Monday, November 22, 2010, in which to file its Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment Establishing Defendant World Avenue USA, LLC and TheUseful, LLC as a Single Entity or, in the Alternative, for Entry of an Order of Default Against TheUseful, LLC [DE 480], and states:

In its Opposition Plaintiff, Beyond Systems, Inc. ("BSI") opposes the requested (7) seven day extension. BSI offers four days instead on grounds that it will "leave time before the scheduled hearing date of November 29, 2010." DE 516 at p. 1. Further, Plaintiff alleges that the requested extension should be denied because "the Motion at DE 480 [Plaintiff erroneously cites DE 208] addresses points already briefed by Defendant at DE 504 and 506." *Id.* at pp. 1-2. Both of BSI's arguments should be rejected by the Court.

It ought to be obvious at this point that what is happening is the epitome of "guerrilla" litigation tactics. Specifically, BSI is trying to persuade the Court to add to a long- pending three-hour hearing, encompassing five motions, two more motions. The motions BSI would add

seek $105 million in relief.  BSI would have the Court allow it to serve its Replies on the Court

and WAUSA at the last moment before a holiday weekend to "complete" the briefing process,

thereby giving WAUSA as little time as possible to digest and prepare for oral argument on

whatever the Replies might contain.[1]  The Court itself would be forced to review and analyze the

two motions in a similarly artificially compressed period of time.

BSI should not be permitted to manipulate the judicial system as if it were an alleged

unsolicited email to be "re-transmitted" between servers in California, and elsewhere, and

Maryland.  Nor are unfair advantages to be wrested from an opponent to permit meritless

motions asking for egregious relief to escape the careful scrutiny they deserve - both from the

Court and from BSI's opponent.[2]

The Court will make good use of every minute of the three hours currently set aside for

the five scheduled motions without adding more matters to dilute the time available for each. The

five pending motions include one seeking partial summary judgment, two seeking dismissal with

prejudice of two different parties to the case,[3] and one seeking dismissal of the entire case for

extraordinary misconduct involving after-the-fact creation and backdating of a dozen or more

subpoenas.  This misconduct included passing those subpoenas off to WAUSA as the real thing

and disobeying an entire series of Court Orders by misrepresenting to both Court and counsel

that the newly minted subpoenas were the ones actually served in the case.  They were not.

Comparable behavior does not happen every day - indeed, the undersigned has never seen

it happen before - and that this one motion alone would be sufficient to occupy a substantial

---

[1] Were Sur-Replies necessary or appropriate, it would be an impossibility.
[2] BSI tried the same tactic on the eve of the three-hour discovery hearing Magistrate Judge Day scheduled for September 23, 2010. Magistrate Judge Day declined to hear the eleventh hour motion and instead simply extended the application of a prior ruling limiting the scope BSI's  discovery to matters linked to the emails at issue.
[3] In stark contrast with BSI's motions, the World Avenue Holdings Motion to Dismiss for Lack of Personal Jurisdiction has been fully briefed for 13 months.

portion of the Court's attention.  BSI's motives in trying to add flawed but flamboyant motions to the mix at the eleventh hour are all too obvious.   The Court should reject out of hand this effort to deflect attention and force on-the-fly preparation.

In its papers, BSI fails to mention that its request  was opposed by WAUSA as impeding WAUSA's right to due process and the Court's right to sufficient preparation prior to hearing motions that are fully briefed. As WAUSA stated in its letter to the Court, it "would like to be permitted the opportunity to respond to these two Motions." DE 503 at p. 2.  In its request to include the two additional motions for the hearing on November 29, BSI failed to reveal that even if neither party requested an extension of time to brief these issues, BSI's Reply Memorandum on the Misnomer Motion (DE 459) and its Partial Summary Judgment Motion (DE 480), respectively, would be due *on* the date of the hearing and *after* the hearing.  *Id.*  While BSI may promise to get those Replies in early, that only exacerbates the prejudice.  Nor is it any justification for deviating from the Court's normal processes.

As mentioned above, "squeezing" BSI's two additional motions raising a potential $105 million default judgment would be improper and inequitable.   Furthermore, and with characteristic inconsistency, BSI also argued in correspondence to counsel not previously shared with this Court that it needs to depose WAUSA on its corporate history and Professor Lisa M. Fairfax, the Leroy Sorenson Merrifield Research Professor of Law at The George Washington University Law School and the immediate past Director of the Business Law Program at the University of Maryland School of Law, on a Declaration she gave that is directly relevant to both of the Motions. *See* November 13, 2010 email from Stephen H. Ring, Esq. to Sanford Saunders, Esq. attached hereto as Exhibit "A".  Obviously  BSI does not have all the necessary facts for its

Replies and is simply trying to get a free shot at a hearing it will later seek to reconvene if it fails, thereby improperly wasting judicial resources.

BSI's second argument, that WAUSA does not need any additional time to respond to one of the two motions it seeks to add, its Partial Summary Judgment Motion, maintains that the motion addresses points already briefed by WAUSA in its Opposition to the second of BSI's two motions, the Motion to Correct Misnomer. This similarly misses the point. Although the two filings touch on similar points and theories, the Partial Summary Judgment Motion raises a potential $105 million judgment against a non-party that has never been served with a summons in this case. Moreover, the Partial Summary Judgment Motion, which is 32-pages long and has 18 exhibits, addresses a variety of factual issues outside the scope of the Motion to Correct Misnomer. WAUSA is entitled to make all appropriate arguments in its defense, and whether this will require "extensive new research, or "stretch to any new frontiers of creative writing" is a call that WAUSA would like to make for itself. *See* DE 516 at p. 2. WAUSA understands why BSI would like to prevent it from researching the issues and presenting its arguments cogently and in due course, but that does not mean this Court should give BSI its way.

In good faith and prior to the expiration of the deadline, WAUSA requested a seven day extension of time - until Monday, November 22, 2010 - to file its response. BSI, who previously requested and received by consent eighteen (18) days to file its response to WAUSA's summary judgment motion, and who has had since last June to prepare for the November 29 hearing, had the temerity to seek unfair advantage by offering only four (4) days instead. Its reasons - to dilute much needed hearing time on scheduled, important motions involving extraordinary events BSI would rather not have fully aired, and to allow it to dump its Replies on the two new

motions on WAUSA at the last possible moment to create unfair advantage, are reason enough to deny its request.

WAUSA seeks the Court's protection from this gamesmanship and asks the Court to enter an Order extending the time within which to file its response to Plaintiff's Motion for Partial Summary Judgment Establishing Defendant World Avenue USA, LLC and TheUseful, LLC as a Single Entity or, in the Alternative, for Entry of an Order of Default Against TheUseful, LLC [DE 480] until Monday, November 22, 2010, and requests such other and further relief as this Court deems just and appropriate.

November 16, 2010

Respectfully submitted,
*Attorneys for World Avenue USA, LLC*

/s/ _____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101
--and--
Kenneth A. Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477