## IN THE U.S. DISTRICT COURT FOR MARYLAND,
## SOUTHERN DIVISION

BEYOND SYSTEMS, INC.      )
                              )
    Plaintiff               )
                              )
    v.                      )         Case No. PJM 08 cv 0921
                              )
WORLD AVENUE USA, LLC, et al. )
                              )
    Defendants         )
_____ )

## DEFENDANT, WORLD AVENUE USA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF BEYOND SYSTEMS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ESTABLISHING DEFENDANT WORLD AVENUE USA, LLC AS A SINGLE ENTITY OR, IN THE ALTERNATIVE, FOR ENTRY OF AN <u>ORDER OF DEFAULT AGAINST THEUSEFUL, LLC</u>

Sanford M. Saunders, Jr.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

Kenneth Horky
horkyk@gtlaw.com
John L. McManus
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Telephone:  954-765-0500
Facsimile:  954-765-1477

## TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................iii

I.      INTRODUCTION. .................................................................................................. 1

II.     STATEMENT OF MATERIAL FACTS REQUIRING DENIAL OF BSI'S
        MOTION FOR PARTIAL SUMMARY JUDGMENT...................................... 3

        A.    Material Evidence Concerning Corporate Status Of World Avenue USA,
              LLC and TheUseful, LLC.................................................................................. 3

        B.    Evidence Relevant To Distinct Nature of WAUSA And TheUseful, LLC. .......... 9

        C.    Facts Relating to BSI's Claim That WAUSA Admitted Successor
              Liability.................................................................................................... 13

        D.    Evidence Relevant To BSI's Claim That Name Change Occurred Due To
              Claim Brought By NiuTech, LLC's Former General Counsel. ........................... 15

        E.    Material Facts Relevant To BSI's Assertion At Page 2 That It Recently
              Found Out That WAUSA And TheUseful, LLC Are Distinct Companies. ......... 16

        F.    Material Facts Relevant To Assertions At Pages 15-18 About Florida and
              Texas Attorney General Actions...................................................................... 18

        G.    Material Evidence As To Assertions At Pages 18-19 About California
              Small Claims Case. ....................................................................................... 21

        H.    Material Evidence As To Assertions At Pages 7-10 That Have No Bearing
              On Summary Judgment.................................................................................. 21

III.    APPLICABLE LEGAL STANDARDS. .......................................................... 22

IV.     SUMMARY OF ARGUMENT. ....................................................................... 22

V.      THE COURT SHOULD DENY PARTIAL SUMMARY JUDGMENT ON
        SUCCESSOR LIABILITY............................................................................. 23

        A.    Applicable Legal Standard.............................................................................. 23

        B.    BSI's Mere Continuation of Business Theory Fails. .......................................... 26

        C.    BSI's Federal Employer Identification Number Argument Is Flawed. ................ 29

        D.    Summary Judgment Should Be Denied Because BSI Relies On
              Incompetent Evidence And Speculation........................................................... 30

i

E.    Summary Judgment Should Be Denied Because BSI Has Served Only One Defendant, World Avenue USA, LLC, And TheUseful, LLC Is A Non-Party To This Proceeding.......................................................................................... 31

VI.    BSI'S MISNOMER THEORY SHOULD BE REJECTED. ............................................ 31

VII.    THE COURT SHOULD DENY ENTRY OF A DEFAULT JUDGMENT.................... 35

VIII.    CONCLUSION.............................................................................................................. 36

ii

## TABLE OF AUTHORITIES

### Federal Cases

*Antonio v. Security Services of America, LLC*,
    701 F. Supp.2d 749 (D. Md. 2010), *on reconsideration in part*,
    2010 WL 2858252, at *1 (D. Md. 2010) ............................................................................ 31

*Bank United v. Hamlett*,
    286 B.R. 839, 843 & fn. 3 (W.D. Va. 2002) ................................................................... 34, 35

*Bud Antle, Inc. v. E. Foods, Inc.*,
    758 F.2d 1451 (11th Cir. 1985) (en banc) ............................................................. 23, 25, 26

*CapitalSource Finance, LLC v. Delco Oil, Inc.*,
    608 F. Supp. 2d 655 (D. Md. 2009) ................................................................................. 22

*City of St. Petersburg v. Polyflow, Inc.*,
    2008 WL 5427768, at *1, *3 (S.D. Fla. Dec. 30, 2008) ...................................................... 26

*Cleveland v. Caplaw Enterprises*,
    448 F.3d 518 (2nd Cir. 2006) ...................................................................................... 32, 33

*Coffman v. Cugach Support Servs., Inc.*,
    411 F.3d 1231 (11th Cir. 2005) ....................................................................................... 25

*Coleman v. U.S.*,
    369 Fed. Appx. 459, at *1, *2  (4th Cir. 2010) .................................................................. 22

*Colleton Prep. Academy, Inc. v. Hoover Universal, Inc.*,
    616 F.3d 413 (4th Cir. 2010) .......................................................................................... 35

*Corporate Express Office Products, Inc. v. Phillips*,
    847 So. 2d 406 (Fla. 2003)............................................................................................. 28

*Duval Midwest Auto City, Inc.*,
    425 F. Supp. 1381 (D. Neb. 1977), aff'd, 78 F.2d 721 (8th Cir. 1978) ................................. 33

*Estate of Roberts v. C.I.R.*,
    2010 WL 2942160, at *1, *4 (U.S. Tax Ct. July 21, 2010) .................................................. 29

*Gary Brown & Associates, Inc. v. Ashdon, Inc.*,
    268 Fed. Appx. 837, 2008 WL 612672, at *1, *4  (11th Cir. Mar. 7, 2008) ............. 25, 27, 28

*Margarito v. Life Products Corp.*,
    1998 WL 17332, at *1, *2  (E.D.V.A. April 1, 1998) ......................................................... 33

*Medical Practice Solutions, LLC v. C.I.R.*,
    2010 WL 1780874, at *1, * 7 (U.S. Tax Ct. May 4, 2010) ............................................ 29, 30

*Minutex v. Eaton Yale and Towe, Inc.*,
    57 F.R.D. 476 (E.D.Pa. 1973)........................................................................................ 33

*Morrel v. Nationwide*,
    188 F.3d 218 (4th Cir. 1999) ......................................................................................... 34

*Pine Island Assoc. v. Steven L. Cohen & Assoc.*,
547 So. 2d 255 (Fla. 4th DCA 1989) ................................................................. 24

*S.E.C. v. Lawbaugh*,
359 F. Supp.2d 418 (D. Md. 2005) ..................................................................... 35

*Sims v. Hitachi Construction Truck Manufacturing, Ltd.*,
2010 WL 1582230, at *1, *3 (S.D. Ill. April 20, 2010)............................ 32, 33, 34

*Sook Yoon v. Sebelius*,
2010 WL 4293513, at *1, *3 (D. Md. Nov. 1, 2010) ..................................... 30, 31

## State Cases

*Amjad Munim, M.D., P.A. v. Azar*,
648 So. 2d 145 (Fla. 4th DCA 1994) ............................................................ passim

*Mason v. E. Speer & Associates, Inc.*,
846 So. 2d 529 (Fla. 4th DCA 2003) ................................................................. 26

*Orlando Light Bulb Service, Inc. v. Laser Lighting and Electrical Supply, Inc.*,
523 So. 2d 740 (Fla. 5th DCA 1988)............................................................. 26, 27

## Federal Rules

Fed. R. Civ. P. 4(a)(1)(B) ........................................................................... 32

Fed. R. Civ. P. 56.......................................................................................... 30

Fed. R. Civ. P. 56(e) .................................................................................... 22

Federal Rule of Evidence 1005 .................................................................... 15

Federal Rule of Evidence 201(b) .................................................................. 15

Federal Rule of Evidence 902(4) .................................................................. 15

## Federal Regulations

26 C.F.R. § 301.6109-1(a)(ii)(C) ................................................................. 29

26 C.F.R. § 301.7701-3(a)-(b)(ii) ................................................................ 29

Treasury Regulation § 301.6109(h)(2) ......................................................... 29

Treasury Regulation § 301.7701-3 ............................................................... 29

## Other Authorities

INTERNAL REVENUE MANUAL § 4.31.2.2.17.1(1) (2008)............................................... 29

iv

Defendant, WORLD AVENUE USA, LLC ("WAUSA") hereby submits its Memorandum of Law in Opposition to Plaintiff BEYOND SYSTEMS, INC.'s ("BSI") Motion for Partial Summary Judgment Establishing Defendant World Avenue USA, LLC As A Single Entity Or, In The Alternative, For Entry Of An Order of Default Against TheUseful, LLC [DE 480] ("Motion" or "Motion for Summary Judgment"), and states:

## I.   INTRODUCTION.

BSI's Motion for Summary Judgment is an attempt to misapply Florida successor liability law on mere continuation of business.  The heart of BSI's Motion is its contention that the current Defendant, WAUSA, is the successor-in-interest to NiuTech, LLC.  However, as shown by the Declaration of Professor Lisa M. Fairfax, the Leroy Sorenson Merrifield Research Professor of Law at The George Washington University Law School, the Declaration of Michael Brant, the Articles of Merger, and other publicly-filed materials of record with the Delaware Department of Corporations and the Florida Department of State, Division of Corporations, WAUSA is not the successor-in-interest to NiuTech, LLC.  As explained by Professor Fairfax, the immediate past Director of the Business Law Program at the University of Maryland School of Law, a File Number for a Delaware limited liability company is a "unique identifier." Declaration of Professor Lisa M. Fairfax ("Fairfax Decl."), attached as Exhibit ("Ex.") 14, ¶ 12. The Delaware File Number is the corporate law analogy to a car's Vehicle Identification Number (VIN).

The Articles of Merger show that the corporate Delaware File Number (or VIN) for Defendant WAUSA (shown on the left below) is *not* the corporate Delaware File Number (or VIN) for the entity into which NiuTech, LLC merged (shown on the right below).

### Figure 1



**Delaware**

PAGE 1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "WORLD AVENUE U.S.A., LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-SECOND DAY OF SEPTEMBER, A.D. 2006.



4223730  8300

060870687

AUTHENTICATION: 5062077

DATE: 09-22-06

Harriet Smith Windsor
Harriet Smith Windsor, Secretary of State

**ARTICLES OF MERGER**
by and between

co2-3u73o

NiuTech, LLC, a Florida limited liability company
and
World Avenue U.S.A., LLC, a Delaware limited liability company

The following Articles of Merger are being submitted in accordance with Section 608.4382, Florida Statutes and pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Company Act.

**FIRST:** The name, principal address, jurisdiction and entity type of each merging party is as follows:

| Name and Street Address | Jurisdiction | Entity Type |
|---|---|---|
| NiuTech, LLC 6001 Broken Sound Parkway, Suite 200 Boca Raton, FL 33487 | Florida | Limited Liability Company Florida Document #L02000034730 |

**SECOND:** The exact name, principal address, jurisdiction and entity type of the surviving party is as follows:

| Name and Street Address | Jurisdiction | Entity Type |
|---|---|---|
| World Avenue U.S.A., LLC 6001 Broken Sound Parkway, Suite 200 Boca Raton, FL 33487 | Delaware | Limited Liability Company Delaware File #4181161 |

**THIRD:** The attached Agreement and Plan of Merger was approved by both the domestic limited liability company and foreign limited liability company that are parties to the merger.

**FOURTH:** The merger is permitted under the respective laws of all applicable jurisdictions and is not prohibited by the agreement of either limited liability company that is a party to the merger.

**FIFTH:** The merger shall be effective as of the date the Articles of Merger are filed with the Florida Department of State and the Delaware Department of State.

(((H06000169402.3)))

Moreover, as shown by the Deposition of Fidel D. Dhana, Chadd Schlotter, Eric L. Santelices, Dale Harrod, Christopher Cardona, and the Declarations of Michael Brant, Jeff Richard, and Fidel Dhana, as well as the Interrogatories and discovery responses of record, and the admissions of BSI, the evidence is simply overwhelming that WAUSA is not the same entity

2

as TheUseful, LLC, and WAUSA is not liable as a successor-in-interest to TheUseful, LLC. Therefore, the Court should deny the Motion for Summary Judgment as there is no successor liability as a matter of law.

Through a misnomer theory, BSI also attempts to *retroactively* correct mistakes that BSI claims it made two and a half years ago.  Since the beginning of this litigation, BSI has been provided discovery responses that WAUSA is not the successor in interest to any company and that WAUSA was formed for the first time in September 2006.  BSI waited for two and a half years to attempt to claim, retroactively, that it really intended to name TheUseful, LLC, when it named WAUSA.  This is despite the fact that seven months ago, BSI filed a motion to amend to *add* TheUseful, LLC as a new party.  The law is very clear that a party cannot use a misnomer theory to effectively substitute a new defendant for the defendant that it has sued.  For the same reason, the Court should reject BSI's attempt to seek a default judgment against TheUseful, LLC because that company was never served with process and BSI's service of a summons upon WAUSA cannot do double-duty for service upon TheUseful, LLC.

## II.   STATEMENT OF MATERIAL FACTS REQUIRING DENIAL OF BSI'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

### A.   Material Evidence Concerning Corporate Status Of World Avenue USA, LLC and TheUseful, LLC

BSI's Motion is replete with a half-cooked set of facts regarding corporate statuses.  The following are the material facts regarding the corporate status of NiuTech, LLC and Defendant WAUSA drawn from materials cited in public records.

1.   NiuTech, LLC was an unincorporated business that came into existence on January 1, 2001 in the State of North Carolina.  *See* Ex. 14, Fairfax Decl., ¶ 7 & Ex. 1 thereto, p. 3 (Certificate of Conversion of NiuTech, LLC).

3

2.      On December 24, 2002 at 12:35 p.m., a Certificate of Conversion was filed with the State of Florida Division of Corporations to convert NiuTech from an unincorporated business in North Carolina to a <u>Florida</u> limited liability company called NiuTech, LLC.  *See* Fairfax Decl., ¶ 8 & Ex. 1 thereto.

3.      On that date, NiuTech, LLC filed its Articles of Organization with the State of Florida Division of Corporations.  *See* Ex. 14, Fairfax Decl., ¶ 9 & Ex. 1 thereto.  The identifier at the top of the filing was L02000034730.  *See* Fairfax Decl., ¶ 9 & Ex. 1 thereto.

4.      On June 26, 2006 at 2:14 p.m., a company called World Avenue USA, LLC was formed under the laws of the State of Delaware as a limited liability company and given Secretary of State File Number **4181161**.  *See* Fairfax Decl., ¶ 10 & Composite Ex. 2 thereto (Certificate of Good Standing for TheUseful, LLC and Certificate of Formation filed June 26, 2006).

5.      The  entity referred to in the above paragraph is *not* the Defendant in this case. Fairfax Decl., ¶ 11.

6.      A Delaware corporation's file number is a unique identifier and every Delaware corporation has a different file number.  Fairfax Decl., ¶ 12.  It is the first number on the bottom left corner of the Certificates of Good Standing (*see* Fairfax Decl., ¶ 12 & Ex. 2 thereto, p. 1) and the top right corner of the Certificate of Formation (*id.*, ¶ 12 & Ex. 2 thereto, p. 1).  When a Delaware corporation changes it name, it retains the same file number.  Fairfax Decl., ¶ 12.

7.      On June 29, 2006 at 9:13 a.m., a Certificate of Merger was filed with the State of Delaware that merged NiuTech, LLC, the Florida limited liability company, into World Avenue USA, LLC, a Delaware limited liability company bearing File Number **4181161**.  Fairfax Decl., ¶ 13 & Ex. 2-3 thereto.  As the surviving company, the newly-merged World Avenue USA, LLC

4

had the identical File Number **4181161**.  *See* Fairfax Decl., ¶ 13 & Composite Ex. 2 and Ex. 3 thereto (Certificate of Merger filed June 29, 2006).

8.      Thus, NiuTech, LLC, the Florida limited liability company, was merged into World Avenue USA, LLC, the Delaware limited liability company bearing File Number 4181161.  *See* Fairfax Decl., ¶ 14 & Composite Ex. 2 and Ex. 3 thereto.

9.      On June 29, 2006 at 8:53 a.m., the Articles of Merger were filed with the State of Florida identifying NiuTech, LLC, bearing Florida document #L02000034730 as being merged into World Avenue USA, LLC, Delaware File # **4181161**.  *See* Fairfax Decl., ¶ 15 & Ex. 4 thereto.

10.     Following this transaction, the corporate status of NiuTech, LLC was shown in the records of the State of Florida Division of Corporations as "inactive" because it had "merged."  *See* Fairfax Decl., ¶ 16 & Ex. 5 thereto, p. 1.

11.     On August 9, 2006 at 9:16 a.m., World Avenue USA, LLC filed an Application by Foreign Limited Liability Company For Authorization to Transact Business in Florida.  *See* Fairfax Decl., ¶ 17 & Ex. 6 thereto.

12.     On September 19, 2006 at 2:13 p.m., World Avenue USA, LLC -- the Delaware limited liability company registered with the file number **4181161** -- filed a Certificate of Amendment to its Certificate of Formation to change its name to TheUseful, LLC in the records of the Delaware Department of Corporations.  *See* Fairfax Decl., ¶ 18 & Ex. 7 thereto (Certificate of Amendment of Certificate of Formation).

13.     The Delaware Department of Corporations document reflecting the prior change of name in Delaware was filed with the State of Florida Division of Corporations on September 21, 2006 at 10:20 a.m.  *See* Fairfax Decl., ¶ 19 & Ex. 8 thereto.  The company by then known as

5

TheUseful in Delaware filed the amendment in Florida to reflect the prior name change in Delaware. The document listed "World Avenue USA, LLC" as the "Name of limited liability company as it appears on the records of the Florida Department of State," but attached the Delaware record showing its File Number of 4181161 and its name, TheUseful, LLC. TheUseful, LLC remains an existing limited liability company in good standing. *See* Fairfax Decl., ¶ 11.

14.     The named Defendant in this case, World Avenue USA, LLC, is a Delaware limited liability company formed on September 21, 2006 at 11:51 a.m. and given Secretary of State file number **4223730** ("WAUSA"). *See* Fairfax Decl., ¶ 20 & Composite Ex. 9 thereto (Delaware Certificate of Formation and Delaware Certificate of Good Standing for World Avenue USA, LLC).

15.     The Delaware Certificate of Formation and Good Standing indicates that the Certificate of Formation for WAUSA was the only document in the Delaware records for World Avenue USA, LLC, indicating that the only World Avenue USA, LLC in existence as of September 21, 2006 was the World Avenue USA, LLC bearing the File Number 4223730. Fairfax Decl., ¶ 21 & Composite Ex. 9 thereto.

16.     On Monday, September 25, 2006 at 9:04 a.m., World Avenue USA, LLC filed an Application by Foreign Limited Liability Company For Authorization To Transact Business in Florida. *See* Fairfax Decl., ¶ 22 & Ex. 10 thereto.

17.     On April 11, 2008, BSI filed this case naming World Avenue USA, LLC. At that time, the only entity named World Avenue USA, LLC was the entity bearing File Number **4223730** and formed on September 21, 2006. Fairfax Decl., ¶ 23 & Ex. 10 thereto. All of the

6

foregoing transactions are contained in the public record.  *See* Fairfax Decl., ¶ 23 & Ex. 1-10 thereto.

18.     Based on the above-disclosed public records, World Avenue USA, LLC, file number 4223730, is not the successor-in-interest by reason of the merger transaction to NiuTech, LLC.  Fairfax Decl., ¶ 24.  Nor is it the same entity as TheUseful.  *Id*., ¶ 24.  Instead, TheUseful, LLC is the successor-in-interest by merger to NiuTech, LLC.  Fairfax Decl., ¶ 24; Ex. 16; Declaration of Michael Brant ("Brant Decl."), ¶ 8.

19.     The corporate history is further explained by the following facts.  First, the trade name "TheUseful" or "TheUseful.com" was always the commercial marketing side of the business and was associated with NiuTech, LLC.  *See* Ex. 16-Brant Decl., ¶ 4.  NiuTech, LLC, doing business as TheUseful, engaged in the business of internet marketing.  *Id*., ¶ 4.

20.     Second, further proof of the fact that TheUseful, LLC is the successor-in-interest by merger to NiuTech, LLC is shown by its connection with the trade name, TheUseful.  On May 17, 2004, NiuTech, LLC registered TheUseful.com as a fictitious name.  *See* Ex. 16-Brant Decl., ¶ 4 & Ex. 2 thereto.  On August 4, 2005, NiuTech, LLC registered TheUseful as a fictitious name.  *See* Ex. 16-Brant Decl., ¶ 4 & Ex. 1 thereto.  Thus, it makes perfect sense that TheUseful is the successor-in-interest to NiuTech, LLC because NiuTech, LLC was associated with the name TheUseful since May 17, 2004.  *See* Ex. 16-Brant Decl., ¶ 4 & Ex. 1-2 thereto.

21.     In contrast, the Defendant, World Avenue USA, LLC has not registered TheUseful or, for that matter, any trade name.  *See* Ex. 11, p. 40, ¶ 1 (Answer to Interrogatory 11-"WAUSA has not owned, operated, controlled, or registered any trade names or fictitious names and no other company has required the permission of WAUSA to 'allow' it to use any trade name or fictitious names"); Opposition to Motion to Compel, DE 307-9, p. 10 of 20.

22.     These fictitious names were registered because NiuTech, LLC wanted to make it clear to the public, as well as the State of Florida, that the brand name "TheUseful" was associated with NiuTech, LLC. *See* Ex. 16, Brant Decl., ¶ 4.

23.     During the summer of 2006, it was decided to expand on a second existing brand, World Avenue.   Brant Decl., ¶ 5.   This brand name, "World Avenue" was valuable to the company because it was actually purchased from another unrelated company. *Id.*, ¶ 5.   The decision was tied to the expansion of the overall business. *Id.*, ¶ 5.   As such, World Avenue Holdings, LLC was formed with a number of subsidiaries below it placed to perform various aspects of the overall business. *Id.*, ¶ 5.   World Avenue Holdings, LLC was formed originally as World Avenue, LLC, but the name was modified to World Avenue Holdings, LLC to better reflect the nature of that particular business as a holding company, and to avoid confusion with its subsidiaries by clearly delineating the function in the name of the company.   Brandt Decl., ¶ 5.

24.     The Defendant in the above case, World Avenue USA, LLC was so named to retain the brand identity associated with the words "World Avenue."  Brant Decl., ¶ 5.

25.     At the same time, and because it represented a distinct aspect of the overall business, TheUseful, LLC co-existed as another subsidiary of World Avenue Holdings, LLC. *Id.*, ¶ 7.  World Avenue USA, LLC and TheUseful, LLC are each subsidiaries of World Avenue Holdings, LLC. *Id.*, ¶ 7.

26.     As of November 10, 2010, TheUseful, LLC is a validly existing limited liability company under the laws of Delaware.  *See* Ex. 15 (Certified record of Delaware Department of Corporations).

    **B.**    **Evidence Relevant To Distinct Nature of WAUSA And TheUseful, LLC.**

27.    "World Avenue USA serves as a management and service company, whereas [World Avenue] Holdings[, LLC] holds the members' interests in World Avenue USA, LLC and other entities." *See* Ex. 1 (Defendant World Avenue Holdings, LLC's Answers dated August 24, 2009 to Plaintiff's First Set of Jurisdictional Interrogatory Requests), p. 26, Interrogatory Answer 21. "The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other subsidiaries of World Avenue Holdings, LLC." *See* Ex. 11, p. 16, ¶ 5 (Interrogatory Answer 2); Ex. 13, p. 10, ¶ 3 (Interrogatory Answer 4). WAUSA "is a professional service firm that provides shared services primarily accounting and finance, HR, and technology services to other subsidiaries and companies within the group." *See* Ex. 31, Deposition of Fidel D. Dhana taken August 26, 2009 ("Dhana Tr."), p. 92, lines 15-19. WAUSA "is a services company" that "provide[s]," among other things, "technology resources for customers," including "people, servers [and] band width." *See* Deposition of Chadd Schlotter taken February 18, 2010 ("Schlotter Tr."), p. 25, lines 17-20. WAUSA has a "Finance Group," or "accounting" group. *See* Ex. 31, Dhana Tr., p. 92, lines 15-19; Ex. 32, Schotter Tr., p. 28, lines 3-4. WAUSA has a "IT Department" or "technology." *See* Ex. 31, Dhana Tr., p. 92, lines 15-19; Ex. 32, Schlotter Tr., p. 32, lines 1-5.

28.    The purpose of WAUSA was well-known among employees. Former NiuTech, LLC employee, Dale S. Harrod, testified that it was a "common understanding" that "World Avenue USA, LLC" was a "services company" that was "just being established" when he left in August 2006. *See* Ex. 34, Deposition of Dale S. Harrod taken September 30, 2010 ("Harrod Tr."), p. 6, lines 9-10; p. 23, lines 7-16. Another former NiuTech employee, Christopher J. Cardona, who worked through July of 2006, testified that World Avenue USA, LLC was a "new

9

brand." *See* Ex. 35, Deposition of Christopher J. Cardona taken September 30, 2010 ("Cardona Tr."), p. 6, line 21-22; p. 7, lines 1-2; p. 61, lines 19-22; p. 62, lines 1-3.

29.     WAUSA's assets are distinct from those of TheUseful, LLC.  WAUSA owns servers that are not TheUseful's servers. *See* Ex. 32, Schlotter Tr., p. 10-11.  BSI was provided a listing of WAUSA's servers, and BSI examined WAUSA's designee extensively on the listing. *See*, *e.g*., Ex. 32, Schlotter Tr., p. 95-96, 113-114.   The servers are maintained by the Network and Security Group of WAUSA.  *See* Ex. 32, Schlotter Tr., p. 32, lines 13-22.   The servers that are WAUSA servers "have nothing to do with the business of TheUseful[, LLC]."  *See* Ex. 32, Schlotter Tr., p. 65, lines 4-6.  WAUSA has provided to BSI its Internet Protocol [IP] addresses, and those IP addresses are not TheUseful's IP addresses.  *See* Ex. 32, Schlotter Tr., p. 187, lines 15-22.  WAUSA has provided to BSI its registered domain names, and those domain names are not TheUseful's domain names.  *See* Ex. 32, Schlotter Tr., p. 226, lines 13-17.

30.     WAUSA provides "technology services" to TheUseful, LLC, including "[m]onitoring and maintaining of servers for TheUseful," which include "[W]eb servers, database servers, and administrative servers."  *See* Ex. 32, Schlotter Tr., p. 65, lines 8-16; Ex. 33, Deposition of Eric L. Santelices ("Santelices Tr."), p. 64, line 2.  In rendering services to other companies, such as TheUseful, LLC, employees of WAUSA would "fill out [a form] every month, that showed a percentage of time that we dedicated to each of our companies, or projects."  *See* Ex. 33, Santelices Tr., p. 64, lines 5-8.  The servers of TheUseful as described by Mr. Schlotter are located in a different data center in Miami, and not at the Sunrise office.  *See* Ex. 32, Schlotter Tr., p. 18-20.  One former employee of NiuTech, LLC deposed by BSI, Mr. Dale S. Harrod, testified that NiuTech, LLC had a "fulfillment warehouse."  *See* Ex. 34, Harrod Tr., p. 16-17.

31.     As it relates to this case, WAUSA "does not engage in the transmission of commercial e-mail." *See* Ex. 11, p. 16, ¶ 5 (Interrogatory Answer describing distinct nature of WAUSA's business); Ex. 13, p. 10, ¶ 3 (Interrogatory Answer 4); Ex. 27, p. 7, ¶ 1 (Interrogatory Answer 26); Ex. 32, Schlotter Tr., p. 309, lines 1-2 ("World Avenue USA does not send commercial email").    WAUSA "does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send [c]ommercial e-mail on behalf of WAUSA." *See* Ex. 11, p. 16, ¶ 5 (Answer to Interrogatory 2); Ex. 13, p. 10, ¶ 3 (Interrogatory Answer 4); Ex. 25, p. 3, ¶ 1 (Interrogatory Answer 2); Ex. 27, p. 7, ¶ 1 & p. 8, ¶ 1 (Interrogatory Answer 26 and 27).    WAUSA "has not contracted with any sponsor, contractor, sub-contractor advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING." *See* Ex. 13, p. 35, ¶ 3; Ex. 27, p. 7, ¶ 2 (Interrogatory Answer 26). WAUSA does not "participat[e] in any advertising." *See* Ex. 32, Schlotter Tr., p. 123, lines 6-9. WAUSA has not "used [any] master advertising agreement[s]." *See* Ex. 32, Schlotter Tr., p. 125, lines 14-15. WAUSA does not "control, run, operate, or pay any third party to send commercial e-mail on behalf of WAUSA." *See* Ex. 11, p. 24, ¶ 4; Ex. 13, p. 10, ¶ 3 (Interrogatory Answer 4); Ex. 27, p. 8, ¶ 1 & p. 8, ¶ 3 (Interrogatory Answer 26 and 27). WAUSA does not administer "Compliance Guidelines" for commercial e-mail because it sends no commercial e-mail. *See* Ex. 13, p. 13, ¶ 1 (Answer to Interrogatory 6); Ex. 32, Schlotter Tr., p. 309, lines 17-20.

32.     In contrast, TheUseful, LLC is engaged in a different business.  TheUseful, LLC *does* engage in the business of Commercial electronic mail.  *See* Ex. 1, p. 11, Interrogatory Answer 8 ("[t]here are separate entities within the corporate structure in which Holdings serves as a holding company, THEUSEFUL, LLC, does engage in the sending and receipt of

11

Commercial E-Mail and internet advertising"); *see also* Ex. 3 (Defendant World Avenue Holdings, LLC's Responses dated August 24, 2009 to Plaintiff's First Set of Requests for Production of Documents), p. 11, Response No. 8 (disclosing that TheUseful, LLC sends commercial electronic mail); Ex. 10 (Defendant World Avenue Holdings, LLC's Amended Response dated October 26, 2010 to Plaintiff's First Set of Jurisdictional Interrogatory Requests, p. 2, Interrogatory 8 ("....TheUseful, LLC does engage in the sending and receipt of Commercial E-Mail and internet advertising"); Ex. 26, p. 2, Interrogatory Answer 8, ¶ 2 (Defendant's Amended Response dated October 26, 2010 to Plaintiff's First Set of Jurisdictional Interrogatory Requests). When known as NiuTech, LLC, TheUseful was also engaged in commercial e-mail. *See* Ex. 34, Harrod Tr., p. 7, lines 7-15.

33.     TheUseful, LLC is an internet marketing company. *See* Ex. 31, Dhana Tr., p. 40, lines 13-14. TheUseful, LLC does receive "unsubscribe requests at its Compliance Department, at its Customer Service Department, or on any of its promotional websites." *See* Ex. 11, p. 25, ¶ 3 (Answer to Interrogatory 5). TheUseful, LLC employs "a variety of internet tools whether web display, e-mail or otherwise to generate the leads for sales on behalf of the customers." Dhana Tr., p. 41, lines 12-15. TheUseful, LLC does administer guidelines for marketing of electronic mail. *See* Ex. 27, p. 6, ¶ 1. TheUseful, LLC does administer an internet registration path, while WAUSA does not. *See* Ex. 33, Santelices Tr., p. 60, lines 10-14; Ex. 34, Harrod Tr., p. 8, lines 1-3; Ex. 35, Cardona Tr., p. 7, lines 3-6.

34.     TheUseful, LLC has separate employees from WAUSA. See Ex. 1, Interrogatory Answer 1 (identifying employee of TheUseful, LLC); Ex. 11, p. 14, Interrogatory Answer 1, ¶¶ 66-67 (Interrogatory Answer identifying distinct employees of WAUSA and TheUseful, LLC); Ex. 32, Schlotter Tr., p. 9, lines 15-21; p. 11, lines 13-18; p. 13, lines 1-2, 14-18; p. 14,

lines 1-2, 9-11; p. 70, lines 5-10; p. 71, line 19; p. 72, lines 1-2, 19; p. 202, lines 12-22 (identifying employees of WAUSA); Ex. 34, Harrod Tr., p. 27, lines 1-2, 9-12, 15-21 (identifying employee of NiuTech); Ex. 35, Cardona Tr., p. 7, lines 10-14; p. 64, lines 8-13 (identifying employees of NiuTech).

35.     Although BSI makes much ado of the name "World Avenue" as applying to both companies, the name TheUseful, LLC was also "displayed either in a logo or on the wall or on stationary."  *See* Ex. 33, Santelices Tr., p. 62, lines 20-22; p. 63, lines 1-3.  The name, TheUseful, LLC was clearly displayed on "purchase orders" and "logos."  *See* Ex. 33, Santelices Tr., p. 63, lines 5-10.

> **C.     Facts Relating to BSI's Claim That WAUSA Admitted Successor Liability.**

36.     BSI has, however, recently unveiled its misunderstanding that WAUSA somehow intended to admit that WAUSA *is* a successor-in-interest to NiuTech, LLC.  To be clear, however, WAUSA did not admit that it "is" the successor-in-interest to NiuTech, LLC.  *See* DE 76.  Indeed, that is exactly what an amendment to its Answer accomplished, to deny that Defendant WAUSA "is" the successor-in-interest to NiuTech.  *See* DE 85.  By not admitting to the word "*is*" contained in the allegation of Paragraph 3 of the Amended Complaint and denying the remaining allegations of that Paragraph, the Amended Answer ***denied*** that WAUSA *is* a successor-in-interest to NiuTech.  *Id*.  The Amended Answer denied that WAUSA "assumed the liabilities of" NiuTech, LLC.  *Id*.  The Amended Answer was intended to convey that a company named "World Avenue USA, LLC" "was" for three-month period of time in 2006 a successor-in-interest to NiuTech, LLC.  *Id*.  That company was now known as TheUseful, LLC.  That company is not the Defendant named World Avenue USA, LLC in this case.  BSI picks out a stray allegation in the Answer, and ignores numerous other denials, including a specific denial.

37.     Paragraph 3 of the Amended Complaint alleged:

3.      Defendant WAUSA is a limited liability company formed under the laws of Delaware, and maintaining its principal business offices in Sunrise, Florida.  **As a result of a merger, WAUSA is the successor in interest to, and has assumed the liabilities of, NIUTECH, LLC**.  WAUSA conducts business on a regular basis in Maryland.

DE 34, ¶ 3 (emphasis added).

WAUSA's Amended Answer stated:

3.      World Avenue admits that it is a limited liability company formed under the laws of Delaware and that it maintains its principal business offices in Sunrise, Florida, and that it *was* the successor in interest to Niutech, LLC through Articles of Merger.  *World Avenue denies the remaining allegations of this Paragraph.*

DE 85, ¶ 3 (emphasis added).

38.     Indeed, the allegation is entirely consistent with the remainder of the Answer,

which repeatedly denies that WAUSA merged with NiuTech.  Paragraph 6, BSI alleged:

6.      **JI executed articles of merger as the sole representative for WAUSA and NIUTECH, LLC**. JI, and the entities controlled by JI, including WAUSA, WAH and some of the JOHN DOE defendants to be identified specifically when their true names are known, are referred to hereinafter in this Amended Complaint collectively as "WORLD AVENUE."

DE 34, ¶ 6 (emphasis added).

WAUSA responded:

6.      World Avenue admits that JI is the chairman of World Avenue and a signatory of the Articles of Merger, and *denies the remaining allegations of the Paragraph 6.*

DE 85, ¶ 6 (emphasis added).

In Paragraph 31, BSI alleges:

31.     The Better Business Bureau of Southeast Florida has also identified accurate information about *NIUTECH, LLC, one of JI's companies and which later merged into WAUSA*, listing various trade names, fictitious names, and domain names of Niutech, several of which appear in the emails at issue in this case. *See* Ex. 18, pp. 1-2.

DE 34, ¶ 31 (emphasis added).

14

WAUSA responded:

31.    World Avenue admits that in Paragraph 31 Plaintiff purportedly cites to the Better Business Bureau Company Report. ***To the extent directed at World Avenue, the allegations in Paragraph 31 are denied***. To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

DE 85, ¶ 31 (emphasis added).

In Paragraph 32, BSI alleged:

32.    Ex. 19 accurately depicts a San Francisco Chronicle article connecting "theUseful," a name that appears frequently in the emails at issue in this case, to WORLD AVENUE.

DE 34, ¶ 32.

WAUSA responded:

32.    World Avenue admits that the Ex. 19 purportedly depicts a San Francisco Chronicle article. ***To the extent directed at World Avenue, the allegations in Paragraph 32 are denied***.  To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

DE 85, ¶ 32 (emphasis added).

> **D.    Evidence Relevant To BSI's Claim That Name Change Occurred Due To Claim Brought By NiuTech, LLC's Former General Counsel.**

39.    On September 8, 2005, the former General Counsel to NiuTech, Steven R. Levine, filed suit against NiuTech, LLC and Niuniu Ji seeking damages for constructive discharge, hostile work environment, and retaliatory personnel action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  *See* Ex. 4 (attaching Certified copy of Complaint).[1]   On November 10, 2005, NiuTech, LLC and Niuniu Ji filed a motion to

---

[1] Pursuant to Federal Rule of Evidence 201(b), WAUSA respectfully requests the Court to admit and/or take judicial notice of the Certified copies of the court records referenced in this Memorandum and Exhibits thereto.  The records are admissible because they are Certified public records under Federal Rule of Evidence 902(4) and Federal Rule of Evidence 1005.

15

dismiss with prejudice the entire Complaint for failure to state a cause of action.  *See* Ex. 5 (Certified copy of Motion to Dismiss Complaint and Demand for Jury Trial).   The Court dismissed the Complaint on February 10, 2006, but granted leave to amend the Complaint by February 24, 2006.  *See* Ex. 6 (Certified copy of Order granting Motion to Dismiss dated February 10, 2006).  The docket reveals that -- contrary to the Order granting leave to amend by February 24, 2006 -- Mr. Levine never amended the complaint that had been dismissed by the Circuit Court.  *See* Ex. 8 (Certified copy of Docket of Steven R. Levine v. NiuTech, LLC). Instead, after a mediation was postponed for several months, the case was reported settled on July 3, 2006 and an Order of Dismissal with Prejudice was entered on July 13, 2006.  *See* Ex. 7 (Certified copy of Order of Dismissal With Prejudice); Ex. 7 (Certified Court Docket).   By the time that the name change to "TheUseful, LLC" and the formation of defendant WAUSA occurred in September 2006, the Levine case was a distant memory having been dismissed with prejudice months before -- with no operative pleading in existence since February of 2006. Thus, BSI's assertion that "[t]he name change…took place during the closing phases of a whistle blower suit" by Levine is just flat-out false.  *See* Motion for Summary Judgment, p. 11.

### E.   Material Facts Relevant To BSI's Assertion At Page 2 That It Recently Found Out That WAUSA And TheUseful, LLC Are Distinct Companies.

40.    BSI falsely states:  "The Defendants began distinguishing the entity that answered the Amended Complaint from TheUseful, LLC (WAUSA I) in 2010."  Motion, p. 5.  BSI was informed long ago of the corporate origins of WAUSA.  BSI was informed on August 26, 2009 of the various subsidiaries of co-Defendant World Avenue Holdings, LLC, including, but not limited to, that the TheUseful, LLC and World Avenue USA, LLC, were two of these different subsidiaries.  *See* Ex. 31, Dhana Tr., p. 32, lines 20-23.

41.     BSI was informed in Interrogatory Answers dated August 24, 2009 that TheUseful and WAUSA were distinct.  "World Avenue USA serves as a management and service company, whereas [World Avenue] Holdings[, LLC] holds the members' interests in World Avenue USA, LLC and other entities."  *See* Ex. 1 (Defendant World Avenue Holdings, LLC's Answers dated August 24, 2009 to Plaintiff's First Set of Jurisdictional Interrogatory Requests), p. 26, Interrogatory Answer 21.  BSI was likewise informed that "[t]here are separate entities within the corporate structure in which Holdings serves as a holding company, THEUSEFUL, LLC, does engage in the sending and receipt of Commercial E-Mail and internet advertising."  *See* Ex. 1, p. 11, Interrogatory Answer 8; *see also* Ex. 3 (Defendant World Avenue Holdings, LLC's Responses dated August 24, 2009 to Plaintiff's First Set of Requests for Production of Documents), p. 11, Response No. 8 (disclosing that TheUseful, LLC sends commercial electronic mail); Ex. 10 (Defendant World Avenue Holdings, LLC's Amended Response dated October 26, 2010 to Plaintiff's First Set of Jurisdictional Interrogatory Requests), p. 2, Interrogatory 8 ("….TheUseful, LLC does engage in the sending and receipt of Commercial E-Mail and internet advertising"); Dhana Tr., p. 40, lines 13-14.

42.     On January 29, 2010, and countless times since then, BSI was informed that WAUSA was formed in September 2006.  *See* Ex. 11 (WAUSA's Confidential Answers to Plaintiff's First Set of Interrogatories, p. 3, ¶ 1 & p. 47, ¶ 2); Ex. 12 (World Avenue USA, LLC's Confidential Response dated January 29, 2010 to Plaintiff's First Request for Production of Documents, p. 2, ¶ 4); Ex. 13, p. 2, ¶ 3 & p. 51, ¶ 2 (World Avenue USA, LLC's Answers dated June 29, 2010 to Plaintiff's Second Set of Interrogatories); Ex. 17, p. 7, ¶ 3 (World Avenue USA, LLC's Response dated June 29, 2010 to Plaintiff's Request for Production of Documents); Ex. 25, p. 2, Interrogatory Answer 2 (World Avenue USA, LLC's Amended and Supplemental

17

Confidential Answers dated October 26, 2010 to Plaintiff's First Set of Interrogatories); Ex. 27, p. 2, Answer to Interrogatory 4, ¶ 1 & p. 12, Answer to Interrogatory 39, ¶ 1  (World Avenue USA, LLC's Amended and Supplemental Answers dated October 26, 2010 to Plaintiff's Second Set of Interrogatories).

43.     BSI's newly-minted assertion that it just learned that WAUSA and TheUseful, LLC are distinct entities is directly contrary to its actions in this case.  For example, BSI issued and served in Florida a Federal Rule 45 third party subpoena to TheUseful, LLC on September 22, 2010 -- thereby recognizing that TheUseful, LLC is a third party, and not a party, to this case. *See* Ex. 24.  Likewise, BSI served seven months ago a motion to add TheUseful, LLC as a party to this case -- in addition to WAUSA.  *See* DE 177, 177-2.  In BSI's brief filed at DE 108, BSI specifically acknowledged the existence of The Useful, LLC and World Avenue USA, LLC as distinct entities.  *See* DE 108, p. 6.

### F.     Material Facts Relevant To Assertions At Pages 15-18 About Florida and Texas Attorney General Actions.

44.     On August 22, 2007, the Florida Attorney General filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, an action styled *Office of the Attorney General, Department of Legal Affairs, State of Florida, Plaintiff, v. World Avenue U.S.A., LLC, and Niuniu Ji*, Case No. 50-2007-CA-013940-XXXXMB, naming World Avenue USA, LLC as a defendant.  *See* Ex. 19 (Certified Copy of Complaint).  On August 30, 2007, the Florida Attorney General filed a Second Amended Complaint.  *See* Ex. 20 (Certified Copy of Second Amended Complaint).  BSI quotes from an allegation of a pleading in an August 30, 2007 Second Amended Complaint filed in that same case, and states that "Defendants did not protest …. that the Stat[e] … named the wrong party."  Motion for Summary Judgment p. 17, ¶ 1.  However, the court docket reveals that neither WAUSA nor Niuniu Ji filed an answer or

18

responsive pleading.  *See* Ex. 9 (Certified Copy of Court Docket).  Thus, BSI's assertion is inconsequential.

45.      An Assurance of Voluntary Compliance was agreed to with World Avenue USA, LLC -- the entity that was named by the Florida Attorney General.  *See* Ex. 2 (Assurance of Voluntary Compliance with World Avenue USA, LLC).  At the time of the Florida Attorney General Action, the collective intention was to resolve the matters as quickly as reasonably possible, and not to engage in litigation over the proper naming of the parties to the civil investigation.  *See* Ex. 28, Declaration of Michael Brant dated November 22, 2010, ¶ 4.  The Assurance of Voluntary Compliance did not admit any allegations.  *See* Ex. 2.  On February 6, 2007, Plaintiff's Voluntary Dismissal was filed and the case was closed.  *See* Ex. 21 (Certified Copy of Plaintiff's Voluntary Dismissal).

46.      BSI refers to the check from the Florida Attorney General action, which it asks the Court to infer as showing an admission that TheUseful, LLC is the same company as World Avenue USA, LLC.  *See* Motion, pp. 17-18.  No such admission can be drawn.  The check for the settlement of the investigations was cut on behalf of World Avenue USA, LLC because that is the entity name that appeared on the Assurance of Voluntary Compliance that the accounting department received as support for the payments.  *See* Ex. 29, Declaration of Fidel Dhana dated November 22, 2010, ¶ 4.

47.      As with the Florida Attorney General action, BSI quotes from papers about the Texas Attorney General and complains that "Defendants did not protest that … the States … named the wrong party."  Motion, p. 17.  BSI has it wrong twice.

48.      WAUSA did not litigate with the Texas Attorney General such details as the naming of the proper party, but brought the matter to settlement as soon as practicable.  The

Texas investigation was first directed toward NiuTech, LLC. *See* Ex. 36 (Civil Investigative Demand by Texas Attorney General). At the time of the Texas Attorney General investigation, the collective intention was to resolve the matters as quickly as reasonably possible, and not to engage in litigation over the proper naming of the parties to the civil investigation. *See* Ex. 28, Declaration of Michael Brant dated November 22, 2010, ¶ 4. Indeed, the court docket reflects no litigation activity except the approval of the Assurance of Voluntary Compliance. *See* Ex. 23 (Certified Copy of Court Docket and Certified Copy of Order Approving Assurance of Voluntary Compliance dated May 14, 2008).

49.     In a separate Assurance of Voluntary Compliance entered in July of 2010, the Assurance of Voluntary Compliance named both World Avenue USA, LLC and TheUseful, LLC and the operative terms of the Assurance of Voluntary Compliance applied directly to TheUseful, LLC. *See* Ex. 37. In the second matter, there was no court proceeding except the approval of the Assurance of Voluntary Compliance. *See* Ex. 22 (Certified Copy of Court Docket and Certified Copy of Order dated July 13, 2010 Approving Assurance of Voluntary Compliance).

50.     In another action where the claim was contested and not immediately settled, like the Attorney General lawsuit, WAUSA specifically asserted the same position on July 20, 2009, but BSI neglected to bring that to the attention of the Court. *See* Ex. 18 (Exhibits of Defendants' Joint Motion to Dismiss Complaint of Plaintiff John W. Ferron, pp. 27-28 in *John W. Ferron v. World Avenue Holdings, LLC, World Avenue USA, LLC et al.*, Civil Action No. 2:09-cv-520, United States District Court for the Southern District of Ohio, Eastern Division).

**G.     Material Evidence As To Assertions At Pages 18-19 About California Small Claims Case.**

51.     At Pages 18-19, BSI claims that responses to a Small Claims Case in California show the successor liability.  BSI's recitation of facts and the inference it draws therefrom are unsupported by any declaration or affidavit.  BSI's facts are incorrect.  *See* Ex. 30, Declaration of Jeff Richard dated November 22, 2010, ¶ 5.   The true facts are set forth in the Richard Declaration, and fully rebut BSI's incorrect accusations.  *Id*., ¶¶ 5-11.

**H.     Material Evidence As To Assertions At Pages 7-10 That Have No Bearing On Summary Judgment.**

52.     At pages 7 through 10 of the Motion for Summary Judgment, BSI includes a number of allegations about "affiliate" marketing, which has nothing to do with the Motion. Although irrelevant, the facts are inaccurate.  WAUSA does not "control, run, operate, or pay any third party to send commercial e-mail on behalf of WAUSA."  *See* Ex. 11, p. 24, ¶ 4; Ex. 25, p. 10, ¶ 2 (Answer to Interrogatory 8).   "WAUSA and no other Sister Company [subsidiary of co-Defendant World Avenue Holdings, LLC] transmitted the E-Mails At Issue."  *See* Ex. 11, p. 22, ¶ 2 (Answer to Interrogatory 4); Ex. 25, p. 6, ¶ 3.   "WAUSA did not, and … to the best of WAUSA's knowledge, no other Sister Company or parent company of WAUSA received or paid any compensation as a result of any of the E-Mails At Issue."  *See* Ex. 11, p. 22, ¶ 2 (Answer to Interrogatory 4); Ex. 25, p. 6, ¶ 3 (Answer to Interrogatory 4).   "WAUSA did not enter into any contracts or agreements with any Person relating to the E-Mails At Issue."  *See* Ex. 11, p. 22, ¶3 (Answer to Interrogatory 4); Ex. 25, p. 4, ¶ 1 (Answer to Interrogatory 3).   "WAUSA did not pay, agree to pay, receive, or expect to receive any funds relating to the E-Mails At Issue".  *See* Ex. 11, p. 22, ¶ 3 (Answer to Interrogatory 4); Ex. 25, p. 6, ¶ 3 (Answer to Interrogatory 4). "WAUSA does not transmit commercial e-mail and therefore is not responsible for, and does not, receive opt-out complaints."  *See* Ex. 11, p. 25, ¶ 2 (Answer to Interrogatory 5).   "WAUSA

has not owned, operated, controlled, or registered any trade names or fictitious names and no other company has required the permission of WAUSA to "allow" it to use any trade name or fictitious names". *See* Ex. 11, p. 40, ¶ 1 (Answer to Interrogatory 11); Opposition to Motion to Compel, DE 307-9, p. 10 of 20.  WAUSA "has not contracted with any sponsor, contractor, sub-contractor advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING."  See Ex. 13, p. 35, ¶ 3.  WAUSA "complies with all applicable state and federal laws, including and not limited to those regarding payment of its registration fees, work place safety, the maintenance of appropriate work environment, equal employment opportunities, and the withholding of taxes." *See* Ex. 13, p. 39, ¶ 2 (Answer to Interrogatory 31); Ex. 27, p. 10, ¶ 2 (Answer to Interrogatory 31).

### III.   <u>APPLICABLE LEGAL STANDARDS.</u>

BSI as the moving party, has the burden to demonstrate, via any of the means listed in Rule 56(c), that no genuine issue of material fact exists.  *CapitalSource Finance, LLC v. Delco Oil, Inc.*, 608 F. Supp. 2d 655, 660 (D. Md. 2009) (citations omitted).  The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party.  *Coleman v. U.S.*, 369 Fed. Appx. 459, at *1, *2 (4th Cir. 2010).

Once BSI has met its initial burden of showing that no genuine issues of material fact are in dispute, the burden then shifts to Plaintiff, as the nonmoving party, to present specific facts to prove that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. at 317, 324 (1986).

### IV.   <u>SUMMARY OF ARGUMENT.</u>

BSI's Motion for Summary Judgment on the issue of successor liability by virtue of the mere continuation of business doctrine should be denied because BSI has failed to meet the elements of that doctrine at every conceivable level.  BSI's Motion for Summary Judgment

should also be denied because BSI has failed to support the Motion with competent evidence as recognized by the law of this Court. BSI's Motion for Summary Judgment should also be denied because BSI has failed to serve TheUseful, LLC and BSI's Summons served on WAUSA cannot do double-duty for another new defendant. BSI's newly-found "misnomer" theory should be denied because BSI is misapplying the theory and the application of the theory is belied by BSI's motion filed seven months ago to add TheUseful, LLC as a party to the case. BSI's request for entry of a default should also be denied as TheUseful, LLC was never served with process, and the case has been actively litigated by WAUSA -- the only entity with that name when it was served.

## V.    THE COURT SHOULD DENY PARTIAL SUMMARY JUDGMENT ON SUCCESSOR LIABILITY.

### A.    Applicable Legal Standard.

BSI's entire Motion is premised on the "mere continuation of business" theory set forth in *Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145, 154 (Fla. 4th DCA 1994) and *Bud Antle, Inc. v. E. Foods, Inc.*, 758 F.2d 1451, 1458 (11th Cir. 1985) (*en banc*). BSI cites those cases for the proposition that a corporation cannot commit a tort and avoid liability through corporate transformation in form only, and that a "successor corporation" is liable for its "predecessor's debts" when the "successor corporation is merely a continuation or reincarnation of the predecessor corporation under a different name." Motion, p. 22. Yet, even a cursory review of those cases shows that they have no application whatsoever to these facts.

In *Munim*, the sole shareholder of a corporate medical practice (Amjad Munim, M.D., P.A.) opened up a new corporation (Pulmonary and Critical Care Associates of Ft. Lauderdale, P.A.) only twelve days after the entry of an adverse judgment against the old corporation. *Munim*, 648 So. 2d at 148. The new practice serviced the same patients, opened up in the same

23

office, used the same furniture, medical and office equipment, and retained the same staff as the old corporation. *Id*. The court found that "[t]he medical practice of Pulmonary Associates is essentially identical to that of Munim, P.A." *Id*. The same officer was the sole shareholder and president of each. *Id*. at 151. Patients scheduled to be seen at the old corporation were seen by the new corporation's employees. *Id*. Significantly, the sole shareholder of the old corporation testified under oath that the old corporation had ceased operations when the new corporation was created. *Id*.

The court held that although a "successor corporation" is not automatically liable for the debts of a "predecessor corporation," liability can be imposed where "the successor is a mere continuation of the predecessor." *Id*. at 151. The court held that this occurs where "[t]he 'purchasing corporation' is merely a 'new hat' for the seller, with the same or similar entity or ownership." *Id*. at 154. "The key element of a continuation is a "common identity of the officers, directors and stockholders in the selling and purchasing corporation." *Id*. The test for a mere continuation of business is:

> A de facto merger occurs when one corporation is absorbed by another, i.e., there is a continuity of the selling corporation evidenced by things as the same management, personnel, assets, location and stockholders. "The bottom line question is whether each entity has run its own race, or whether, there has been a relay-style passing of the baton from one to the other."

*Munim*, 648 So. 2d at 154 (*quoting 300 Pine Island Assoc. v. Steven L. Cohen & Assoc.*, 547 So. 2d 255, 256 (Fla. 4th DCA 1989) (*in turn quoting Orlando Light Bulb Serv., Inc. v. Laser Lighting and Elec. Supply, Inc.*, 523 So. 2d 740, 742 n. 1 (Fla. 5th DCA 1988)). The *Munim* court concluded that the old corporation "ceased rendering medical services shortly after the judgment was entered against it," "[t]he next day the baton was passed to the new P.A. which commenced full operations," and "provided the same type of medical services in the same officer

24

with the same files, patients, nurses, clerical help, office manager and the same major player." *Id*. at 154.

The second case on which BSI relies is an appeal from a jury verdict to the Eleventh Circuit. *See Bud Antle*, 758 F.2d at 1451. In *Bud Antle*, a new corporation was held liable for the debts of the old corporation after the old corporation incurred a substantial liability and effectively ceased doing business. *Id*. at 1454-55. The Eleventh Circuit held that all four theories for successor liability in Florida, including mere continuation of business, "require a transfer of assets in order to hold the acquiring corporation liable." *Id*. at 1457. The Eleventh Circuit rejected the mere continuation of business theory because even though some of the old corporation's officers may have been employed by the new corporation, "mere employment is insufficient to warrant application of the continuation exception." *Id*. at 1459.

The Eleventh Circuit revisited the successor liability exception in *Gary Brown & Associates, Inc. v. Ashdon, Inc*., 268 Fed. Appx. 837, 843, 2008 WL 612672, at *1, *4 (11th Cir. Mar. 7, 2008). The Eleventh Circuit held that the "theory of successorship fails from the outset as GBA does not establish a successor-predecessor relationship between" the two entities. *Gary Brown*, 268 Fed. Appx. at 843, 2008 WL 612672, at *4. The Eleventh Circuit noted that there was "no transfer or merger of assets" between the two entities. *Id*. (*citing Coffman v. Cugach Support Servs., Inc*., 411 F.3d 1231, 1237 (11th Cir. 2005). Significantly, the Eleventh Circuit held that successor liability was not appropriate where the 'successor' was "formed as a separate company" and the 'predecessor' "continued its business and did not dissolve subsequent to [the successor's] formation." *Id*. The Eleventh Circuit cited *Munim* as a case where, among other things, "the new company began when the old company ceased, and the new company provided the same services to the same clients while using the same staff". *Id*. at *5.

25

In *Orlando Light Bulb Service, Inc. v. Laser Lighting and Electrical Supply, Inc.*, 523 So. 2d 740 (Fla. 5th DCA 1988) -- the case cited in *Munim* -- the court also rejected a mere continuation of business theory. Significantly, the court held that "there is no factual support for Laser's assertion that [the successor corporations] acquired all or even substantially all of [the predecessor's] assets." *Id*. at 743. The court also found it significant that, during the time that the successor was running, the predecessor corporation "continued to function." *Id*. at 743.

Likewise, in *Mason v. E. Speer & Associates, Inc.*, 846 So. 2d 529, 533 (Fla. 4th DCA 2003), the court held that no mere continuation of business theory was applicable even where the two corporations were wholly owned by one individual, provided the same services, used the same employees, and even used the same office, telephone, and stationary. The second corporation was set up only days after a judgment against the first corporation. The court held that the theory failed because there was no showing of any transfer of property from one corporation to the other. *Id*. at 533; *accord*, *City of St. Petersburg v. Polyflow, Inc.*, 2008 WL 5427768, at *1, *3 (S.D. Fla. Dec. 30, 2008) (denying summary judgment where record showed disputed issues of material fact on successor liability).

### B.     BSI's Mere Continuation of Business Theory Fails.

Applying the foregoing caselaw to the material evidence, it is clear that BSI's mere continuation of business theory fails on almost every conceivable level. First, the record is entirely devoid of even a shred of evidence that NiuTech, LLC f/k/a World Avenue USA, LLC n/k/a TheUseful, LLC transferred any assets or property to Defendant World Avenue USA, LLC. The very cases cited by BSI require a transfer of assets as the key element of the application of the mere continuation of business theory, but BSI fails to put forth a scintilla of evidence supporting any transfer. *See Munim*, 648 So. 2d at 154; *Bud Antle*, 758 F.2d at 1457; *Mason*, 846 So. 2d at 533; *Orlando Light Bulb*, 523 So. 2d at 743.

Second, BSI's mere continuation theory fails because the predecessor entity, TheUseful, LLC, never ceased doing business and one company was not "absorbed" by the other. *Gary Brown*, 268 Fed. Appx. at 843, 2008 WL 612672, at *4; *Orlando Light Bulb*, 523 So. 2d at 743; *Munim*, 648 So. 2d at 154. To use the words of the *Munim* court, there was no baton passed because TheUseful, LLC stayed in the race and there was no *reincarnation* because NiuTech, LLC f/k/a World Avenue USA, LLC n/k/a TheUseful, LLC never died. *Munim*, 648 So. 2d at 154. Indeed, as of November 10, 2010, it is a valid Delaware limited liability company. *See* Ex. 15.

Third, the element of avoiding liability through transformations in form is entirely absent here. *Munim*, 648 So. 2d at 154. As discussed above, the Levine case was a distant memory by the time of the name change to TheUseful, LLC and organization of World Avenue USA, LLC on September 21, 2006. *See* Ex. 4-8. Likewise, the Texas and Florida Attorney General cases were addressed and settled. *See* Ex. 2, 9, 19, 20, 28, 36. As to BSI's allegations that the Florida Attorney General proceeding was "gearing up" at the time of the name change and organization of WAUSA, there is no a shred of evidence offered by BSI to support this. Motion, p. 11. The unauthenticated documents it attaches to its Motion are internal Florida Attorney General documents. *See* Ex. AA-20.

Fourth, the element of providing the same "services" also fails. *Munim*, 648 So. 2d at 154; *Gary Brown*, 268 Fed. Appx. at 843, 2008 WL 612672, at *4. The evidence is clear that WAUSA provides services, while TheUseful is an internet marketing company. *See*, *supra*., at pp. 9-13, ¶¶ 27-35. The purpose is different. *Id*. at ¶¶ 27, 33. The activities are different. *Id*. at ¶¶ 31-32. The employees are different. *Id*. at ¶ 34. The assets are different. *Id*. at ¶ 29. The trade names are different. *Id*. at p. 7, ¶¶ 19-21. The record evidence shows a clear distinction

27

between the two companies.  BSI's so-called evidence of the use of the brand "World Avenue" fails to provide any basis for successor liability under Florida law any more than Coca-Cola's reference to itself as "Coca-Cola" or the "Coca-Cola Companies" renders it the successor of all 306 subsidiaries referenced in its most-recent public filings.  *See*, *e.g.*, http://www.thecoca-colacompany.com/index.html.  Indeed, the declarations and testimony show that the "TheUseful" name was differentiated from "World Avenue."  *See*, *supra.*, at p. 7, ¶ 19-24, 28 & p. 13, ¶ 35.

Fifth, the element of having the same employees also fails.  *Munim*, 648 So. 2d at 154; *Gary Brown*, 268 Fed. Appx. at 843, 2008 WL 612672, at *4.   The evidence is clear that the employees of TheUseful, LLC are distinct from those of WAUSA.  *See*, *supra.*, at p. 12, ¶ 34. Thus, on virtually every level, BSI has failed to show that Defendant World Avenue USA, LLC is a mere continuation of TheUseful, LLC.  Although both TheUseful, LLC and WAUSA are each owned by the same holding company, World Avenue Holdings, LLC, and operate from the same office complex, this is irrelevant given the complete failure of BSI to show that any of the key *Munim* factors apply.

Tucked away in a footnote, BSI argues that "Plaintiff argues alternatively, this Court may find that Defendant is part of a 'family' of companies engaged in one or more joint ventures." *See* Motion, p. 9 & p. 26.  BSI cites to no law that holds that Defendant World Avenue USA, LLC can be held liable as a partner, joint venture, or agent for TheUseful, LLC.  The Florida Supreme Court has firmly rejected any theory of successor liability except mere continuation of business and three other exceptions -- none of which even remotely resembles BSI's "joint venture" theory.  *See Corporate Express Office Products, Inc. v. Phillips*, 847 So. 2d 406, 412 (Fla. 2003).

FTL 107,926,937v1 11-22-10

## C.     BSI's Federal Employer Identification Number Argument Is Flawed.

BSI's argument at Pages 7 and 25 that WAUSA and TheUseful, LLC are the same entity because they both use the same Federal Employer Identification Number [FEIN] profoundly misconstrues tax law.  For limited liability companies such as WAUSA and TheUseful, LLC, the IRS requires the use of an employer identification number.  26 C.F.R. § 301.6109-1(a)(ii)(C) ("Any person other than an individual…that is required to furnish a taxpayer identifying number must use an employer identification number").

WAUSA and TheUseful, LLC are single member limited liability companies solely owned by World Avenue Holdings, LLC.  *See* Ex. 16, Declaration of Michael Brant, ¶ 7.  A single member LLC can either elect "to be disregarded as an entity separate from its owner," or, failing such election, a single member LLC is automatically "[d]isregarded as an entity separate from its owner if it has a single owner."  *See* 26 C.F.R. § 301.7701-3(a)-(b)(ii); INTERNAL REVENUE MANUAL § 4.31.2.2.17.1(1) (2008) ("An LLC that has only one member may be treated as a disregarded entity").

Treasury Regulation § 301.6109(h)(2) mandates that a "single owner entity that is disregarded as an entity separate from its owner under § 301.7701-3, must use its owner's taxpayer identifying number (TIN) for federal tax purposes."  *See* 26 C.F.R. § 301.6109-1(h)(2). Thus, as single-member LLC's, neither WAUSA nor TheUseful, LLC were required to have and/or use a Federal Employer Identification Number distinct from that of World Avenue Holdings, LLC.  *See Estate of Roberts v. C.I.R.*, 2010 WL 2942160, at *1, *4 (U.S. Tax Ct. July 21, 2010) ("Petitioners are correct that CTI Leasing, LLC, being a single-member disregarded entity, was not required to have and/or use an EIN"); *Medical Practice Solutions, LLC v. C.I.R.*, 2010 WL 1780874, at *1, * 7 (U.S. Tax Ct. May 4, 2010) ("….a disregarded entity's employment tax liability is the liability of the LLC's sole member").

29

Here, both TheUseful, LLC and World Avenue USA, LLC have the same Federal Employer Identification Number because "they are disregarded entities for federal tax purposes and are each reported on a consolidated return." *See* Ex. 16, Declaration of Michael Brant, ¶ 10. Because World Avenue Holdings, LLC files a consolidated return that includes both TheUseful, LLC and World Avenue USA, LLC, both of the entities are able to use the same tax identification number. *Id.*, ¶¶ 9-10.

> **D.**   **Summary Judgment Should Be Denied Because BSI Relies On Incompetent Evidence And Speculation.**

BSI's Motion for Summary Judgment filed at DE 480 is accompanied of 18 documents found on the internet (*see*, *e.g.*, Ex. 1, 4-5, 6-8, 13-15) produced in discovery (*see*, *e.g.*, 2, 11, 18), and one deposition (Ex. 12) that has nothing to do with the Motion because the employee therein was not employed at the time of the merger, the name change, or the organization of WAUSA. *See* Motion, DE 480-13, Ex. 12, p. 168, lines 21-22; p. 169, lines 1-2. No affidavit or declaration authenticates the Exhibits. No affidavit or declaration from a person with personal knowledge attests to any of BSI's allegations in the Motion. No affiant or declarant avers that TheUseful, LLC and WAUSA are one entity. No affiant or declarant states that the elements for successor liability have been met. Instead, BSI just files a hodgepodge of internet downloads and discovery documents, and makes conclusory legal arguments about them.

This is not a competently supported Motion for Summary Judgment. *See Sook Yoon v. Sebelius*, 2010 WL 4293513, at *1, *3 (D. Md. Nov. 1, 2010) (Day, J.). Rule 56(e)(1) states that a supporting affidavit must be made "on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." *See* Rule 56, Fed. R. Civ. P. "[U]nsworn, unauthenticated

documents cannot be considered on a motion for summary judgment." *Sook Yoon*, 2010 WL 4293513, at *3. For example, BSI has simply attached some documents produced in discovery (*see*, *e.g.*, Exhibits 2, 11, 18). "Rule 56 and Fourth Circuit jurisprudence make clear that the Court cannot merely rely on documents produced in discovery." *Sook Yoon*, 2010 WL 4293513, at *5. Most importantly, although the Motion is a series of legal commentaries on downloaded internet documents and discovery documents, "hearsay statements or conclusory statements with no evidentiary basis cannot support" "a motion for summary judgment." *Antonio v. Security Services of America, LLC*, 701 F. Supp.2d 749, 758 (D. Md. 2010). Here, there is not one affiant or declarant who will stand behind BSI's Motion, whereas a mountain of evidence consisting of deposition, sworn interrogatory answers, and declarations provide the true facts. Accordingly, BSI's Motion for Summary Judgment should be denied without consideration because the evidence supporting it is incompetent.

> **E.    Summary Judgment Should Be Denied Because BSI Has Served Only One Defendant, World Avenue USA, LLC, And TheUseful, LLC Is A Non-Party To This Proceeding.**

BSI seeks summary judgment against two Defendants, yet, only World Avenue USA, LLC has been served with process in this case. Even BSI does not go as far as to claim that its single summons served both distinct companies. BSI essentially seeks a court adjudication affecting the rights of TheUseful, LLC without first joining it as a party to this proceeding or serving process upon it. Accordingly, BSI's Motion for Summary Judgment is fatally defective.

## VI.    BSI'S MISNOMER THEORY SHOULD BE REJECTED.

Ironically, while BSI claims that the facts of its summary judgment motion are undisputed, BSI asserts at Pages 23-24 that it made an error for which it should be entitled to *retroactively* amend its Amended Complaint to name TheUseful, LLC as the intended target Defendant after two and a half years of litigation. Curiously, at the time that BSI first sought to

amend its Amended Complaint on March 9, 2010, BSI never asserted its misnomer theory. Instead, it filed a separate motion to add TheUseful, LLC as a party-defendant, thereby admitting that TheUseful was never originally served and was not originally named in the Amended Complaint.  *See* DE 177-filed 3/09/10, p. 3, ¶ 17 ("The Second Amended Complaint adds additional parties including Defendants TheUseful, LLC…."); p. 3, ¶ 16 ("The Second Amended Complaint …. represents the Plaintiff's attempt to include all the relevant parties…."); see DE 177-2, p. 4, ¶ 3 (naming WAUSA), ¶ 5 (naming TheUseful).

BSI's newly-minted theory lacks merit.  The defendant in a lawsuit is named in the summons which must be "directed to the defendant."  *See* Fed. R. Civ. P. 4(a)(1)(B).  The existence of various descriptors after the name of the "defendant" does not add additional parties to the suit or change the name of the defendant.  For example, the recitation of facts in *Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 520 (2nd Cir. 2006) notes that the plaintiff named the defendant as "Charles Bisuito, a general partner of Caplaw [Enterprises] (sued as 'Charles Bisuito d/b/a Caplaw Enterprises')."  The plaintiff took the position that Caplaw Enterprises was a party to the suit because of the "d/b/a" designation.  The district court held that the "'doing business as' designation was insufficient to name Caplaw as a defendant." *Id.*[2]

Likewise, in *Sims v. Hitachi Construction Truck Manufacturing, Ltd.*, 2010 WL 1582230, at *1, *3 (S.D. Ill. April 20, 2010), the court held that "differences in the 'd/b/a' designation did not effect the status or identity of the real party in interest."  The court further held:

> The designation "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who does business under some other name.  Doing business under another name does not create an entity distinct from the person operating the business.

---

[2] The *Cleveland* opinion by the Second Circuit actually deals with the subsequent case, and the Second Circuit did not expressly pass on the issue.

*Sims*, 2010 WL 1582230, at *3 (*quoting Duval Midwest Auto City, Inc.*, 425 F. Supp. 1381, 1387 (D. Neb. 1977), *aff'd*, 78 F.2d 721 (8th Cir. 1978)).

The test for determining whether the "misnomer" rule is applicable is whether it is reasonable to conclude that plaintiff *had in mind* the proper entity or person, merely made a mistake as to name, and actually served the entity or person intended; or whether plaintiff *actually meant* to serve and sue a different person. *Minutex v. Eaton Yale and Towe, Inc.*, 57 F.R.D. 476, 479 (E.D.Pa. 1973) (noting that there is no "misnomer" when "the effect of the requested amendment is to substitute for the named corporate defendant an entirely new corporation").  In other words, a misnomer is where the right entity is served and is before the court, but the party's name is incorrectly stated. *See Margarito v. Life Products Corp.*, 1998 WL 17332, at *1, *2 (E.D.V.A. April 1, 1998) (internal citation omitted).  It is ***not*** where the wrong defendant is before the court and the plaintiff wants to substitute a new defendant for the old one. *Id.*

Here, it is clear that there is not present a case of "misnomer" and BSI did not initially have in mind TheUseful, LLC as the entity to be sued. TheUseful is a different and distinct entity and Plaintiff intended to sue WAUSA.  The Summons named "**WORLD AVENUE USA, LLC**" as Defendant, but added the descriptors "successor by merger to NIUTECH, LLC" and DBA "The Useful."  *See* Summons at DE 5.  The Summons commanded service upon "**WORLD AVENUE USA, LLC**" at "CorpDirect Agents, Inc., 515 East Park Avenue, Tallahassee, Florida 32301."  Under the rationale of the district court's reasoning in *Cleveland*, 448 F.3d at 520, and *Sims*, 2010 WL 1582230, at *3, the existence of the descriptors did not change which defendant was named.

33

Moreover, on the date that BSI filed this case (April 11, 2008), naming World Avenue USA, LLC, the only entity named World Avenue USA, LLC was the entity bearing File Number **4223730** and formed on September 21, 2006.  Fairfax Decl., ¶ 23 & Ex. 10.  If BSI had checked the records, it would have seen that there was only one entity by that name formed in September of 2006 which was not a successor to any other entity.  *Id*.  Moreover, if BSI had checked the records, it would have seen that the fictitious name TheUseful was *not* registered to WAUSA. *See* Brant Decl., ¶ 4 & Ex. 1-2.

For this reason, BSI's reliance on *Morrel v. Nationwide*, 188 F.3d 218, 222 (4th Cir. 1999) is misplaced. *Morrel* was not an about-face after two and a half years of litigation. Instead, in *Morrel*, an insurer argued that a default judgment issued against its insured was defective because the underlying application containing the defendant's name was missing an "Inc." at its end.  *Id*. at 224.  The Fourth Circuit held that service of process was not defective because the defendant was misnamed in some insignificant way (lack of "Inc.").  The court held that the defendant should have known that the "Inc" was intended because the underlying contract was attached and identified the "Inc."  The court also noted that it was disingenuous of the insurer to claim a defect in the "Inc." when the insured's own correspondence used the corporate name with and without an "Inc."  *Id*.

*Morell* does not hold that a named defendant whose accurate legal company name was used in a summons and complaint can be substituted or a completely different company after two and a half years of litigation.  Indeed, in *Bank United v. Hamlett*, 286 B.R. 839, 843 & fn. 3 (W.D. Va. 2002), the court drew this precise distinction.  The plaintiff in that case incorrectly styled the complaint as "Hamlett v. United Bank of Texas" when it apparently meant "Hamlett v. Bank United."  *Id*. at 841.  The court held that a situation of naming "a completely incorrect

34

party in the caption" and held that this defect in service was "substantial" whereas the defect in *Morell* was *de minimis*. *Id*. at 843 fn. 3. Accordingly, BSI's attempt to obtain summary judgment on an issue which, on one hand, it claims is clear and undisputed, while, on the other, claiming it is a "misnomer", should be rejected.

## VII. THE COURT SHOULD DENY ENTRY OF A DEFAULT JUDGMENT.

In the ultimate absurdity, BSI then seeks a default judgment against TheUseful, LLC in the event that the Court denies summary judgment. Motion, p. 27. This is despite the fact that seven months ago BSI sought leave of Court to file a Second Amended Complaint, contending that it was adding TheUseful, LLC to the pleading. *See* DE 177-filed 3/09/10, p. 3, ¶ 17 ("The Second Amended Complaint adds additional parties including Defendants TheUseful, LLC…."); p. 3, ¶ 16 ("The Second Amended Complaint …. represents the Plaintiff's attempt to include all the relevant parties…."); see DE 177-2, p. 4, ¶ 3 (naming WAUSA), ¶ 5 (naming TheUseful). At the time, BSI never asserted that TheUseful, LLC *already was* a party to the case.

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). That policy is no less applicable where, after two and a half years of litigation, BSI flip-flops on whether it named TheUseful, LLC at the start.

BSI's misapplies *S.E.C. v. Lawbaugh*, 359 F. Supp.2d 418, 421 (D. Md. 2005) for the proposition that a default judgment may be appropriate where "the adversary process has been halted because of an essentially unresponsive party." In *Lawbaugh*, the defendant was served and, after his motion to dismiss was denied, the defendant took no action for six months. Here, TheUseful, LLC was never served, and this case has been heavily litigated and now exceeds 500 docket entries. Accordingly, because -- by BSI's own admission at DE 177 and DE 177-2 --

TheUseful, LLC needed to be added as a party to this case, a default cannot be entered against an unserved non-party.

VIII.   <u>CONCLUSION.</u>

Plaintiff's Motion is based on legal conclusions, conjecture, and speculation, and not evidence.   The overwhelming evidence -- contained in depositions, interrogatory answers, declarations, and other admissible discovery -- shows that WAUSA and TheUseful, LLC are not one entity and that successor liability theory has no application whatsoever.   Accordingly, the Motion, together with the accompanying attempt to default on a non-existent summons, should be denied.

*FTL 107,926,937v1 11-22-10*

Dated: November 22, 2010

Respectfully submitted,

_____/s/_____

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
horkyk@gtlaw.com
John L. McManus, Esq.
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477
*Attorneys for World Avenue USA, LLC*

FTL 107,926,937v1 11-22-10