# EXHIBIT 1

IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.           )
                               )
       Plaintiff               )
v.                             )     Case No. PJM 08 cv 0921
                               )
WORLD AVENUE USA, LLC, et al.  )
       Defendants              )
                               )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF JURISDICTIONAL INTERROGATORY REQUESTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 104 (6) of the Local Rules of the United States District Court for the District of Maryland, Defendant WORLD AVENUE HOLDINGS, LLC ("Holdings") hereby provides its objections to Plaintiff Beyond Systems, Inc.'s ("BSI") Jurisdictional Interrogatory Requests, as follows:

### GENERAL OBJECTIONS

1.     Holdings objects to each Jurisdictional Interrogatory Request ("Interrogatory") to the extent that it may be construed as calling for information subject to any claim of privilege, including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. Pursuant thereto, Holdings and its counsel hereby claim these privileges and object to any such interrogatory on this basis.

2.     Holdings objects to each Interrogatory to the extent that it may be construed as calling for information which constitutes or contains trade secret, proprietary, confidential, or commercially sensitive information, or other information, the disclosure of which would result in substantial injury to Holdings.

the definition to the extent that notwithstanding BSI's claim that it is included in the Standard Interrogatories Definitions, this definition is, in fact, not included.

3. Holdings objects to the definition of "INTERNET ADVERTISING" on the grounds that it is overly broad, unduly burdensome and oppressive, and beyond the scope of limited discovery, permitted by the Court's order dated July 14, 2009, to support BSI's supplemental opposition to Holdings' motion to dismiss for lack of personal jurisdictional. Holdings further objects to this definition on the grounds that Holdings does not originate internet advertisements.

4. Holdings objects to the Definition of the EMAILS AT ISSUE to the extent it included any email not produced as of the date of the Answers.

5. Holdings objects to the Definition of identify to the extent that it is not the Standard Definition, despite the claim that it is. Holdings objects to any requirement to identify the affiliate identifier or referrer identifier, or the principals in control to the extent that exceeds the requirements of Rules 26 and 33.

Each of these objections to definitions and instructions is incorporated into each of the responses set forth below, which responses are made without waiver of any of these objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all PERSONS who provided information that has been incorporated into your responses to these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Pursuant to the Protective Order and Confidentiality Agreement filed with the Court of August 20, 2009 Holdings designates the response to this interrogatory as confidential.

Fidel D. Dhana, employee of Holdings.

Jeff Richard, employee of THEUSEFUL, LLC.

Michael Brant.

**INTERROGATORY NO. 2:**

IDENTIFY all PERSONS located in Maryland, residing in Maryland, or with a registered email address in Maryland who received any commissions and/or compensation in any form from YOU since January 1, 2004. YOU are considered to be on notice about an individual's state of residence pursuant to Md. Code Ann., Com. L. § 14-3002(c).

**RESPONSE TO INTERROGATORY NO. 2:**

Holdings objects to this Interrogatory on the grounds that the term "YOU" is overly broad, unduly burdensome and oppressive, and beyond the scope of the limited discovery, permitted by the Court's order dated July 14, 2009, to support BSI's supplemental opposition to Holdings' motion to dismiss for lack of personal jurisdiction. For purposes of responding to these jurisdictional interrogatory requests, Holdings understands the terms "YOU" to mean Defendant World Avenue Holdings, LLC. Holdings further objects to Plaintiff's interpretation of the Md. Code Ann., Com. L. § 14-3002(c) and to any obligation Plaintiff seeks to impose beyond those provided for under Rules 26 or 33, Fed. R. Civ. P.

Subject to and without waiving the foregoing objection, Holdings responds: Holdings did not exist before June 1, 2006 and has no predecessor entity. Furthermore, Holdings' business activity is limited to that of a holding company, and, thus, it does not engage in the sending or

5

Md. Code Ann., Com. L. § 14-3002(c).

**RESPONSE TO INTERROGATORY NO. 7:**

Holdings objects to this Interrogatory on the grounds that the term "YOU" is overly broad, unduly burdensome and oppressive, and beyond the scope of the limited discovery, permitted by the Court's order dated July 14, 2009, to support BSI's supplemental opposition to Holdings' motion to dismiss for lack of personal jurisdiction. For purposes of responding to these jurisdictional interrogatory requests, Holdings understands the terms "YOU" to mean Defendant World Avenue Holdings, LLC. Holdings further objects to Plaintiff's interpretation of the Md. Code Ann., Com. L. § 14-3002(c) and to any obligation Plaintiff seeks to impose beyond those provided for under Rules 26 or 33, Fed. R. Civ. P.

Subject to and without waiving the foregoing objection, Holdings responds as follows: Holdings did not exist before June 1, 2006. Holdings has no predecessor entity. Furthermore, Holdings cannot answer this interrogatory on the grounds that the website that lists its name is passive and to the extent it permits the submission of suggestions on inquiries, it does not identify the state in which the sender resides or from which he/she is sending the email.

**INTERROGATORY NO. 8:**

IDENTIFY all PERSONS directed, controlled, or employed by YOU who participated or benefited in any fashion from COMMERCIAL E-MAIL sent to a PERSON located in Maryland, residing in Maryland, or with a registered email address in Maryland since January 1, 2004, which shall include the creation, sending, marketing, advertising and customer service of those same e-mails.

**RESPONSE TO INTERROGATORY NO. 8:**

10

Holdings objects to this Interrogatory on the grounds that the term "YOU" is overly broad, unduly burdensome and oppressive, and beyond the scope of the limited discovery permitted by the Court's order dated July 14, 2009, to support BSI's supplemental opposition to Holdings' motion to dismiss for lack of personal jurisdiction. For purposes of responding to these jurisdictional interrogatory requests, Holdings understands the terms "YOU" to mean Defendant World Avenue Holdings, LLC.

Subject to and without waiving the foregoing objection, Holdings responds. Holdings did not exist before June 1, 2006 and has no predecessor entity. There are separate entities within the corporate structure in which Holdings serves as a holding company, THEUSEFUL, LLC, does engage in the sending and receipt of Commercial E-Mail and internet advertising. Pursuant to Rule 33 (d) the most recent redacted corporate structure for Holdings and its subsidiaries is attached. Pursuant to the Protective Order and Confidentiality Agreement filed with the Court of August 20, 2009, Holdings designates the corporate structure confidential. However, Holdings' business activity is limited to that of a holding company, and, thus, it does not engage in the sending or receipt of Commercial E-mail as defined herein. Therefore, Holdings has no information responsive to this interrogatory.

**INTERROGATORY NO. 9:**

IDENTIFY all PERSONS with whom YOU have entered into a contract or Agreement RELATING to the sending of COMMERCIAL E-MAIL, whether or not the Internet is expressly mentioned in the contract or agreement, and state the nature of the services to be provided under each agreement.

**RESPONSE TO INTERROGATORY NO. 9:**

11

to the present (this description should include the contact within the organization, when the entity's services were used, the nature of the services provided, and all documents RELATING to those PERSONS) : MailCompanyX; Planet Revenue, Inc.; Internet Endeavours, Inc.; Sebastian Barale; Client Logic Corporation; Sitel Corporation; 0C3 Networks & Web Solutions, LLC; Kraft Foods, Inc.; AccelerateBiz, Inc.; AccelerateBiz.com; New World Interactive; Intermedia Marketing Group, LLC; JPG Consulting, Inc.; Value Click, Inc.; Hydra Media Group, Inc.; Alchemy Digital Media Solutions, Inc.; Broadvision Media, Inc.; Connexus Corp. (or predecessors Vendare Media Corp. and NetBlue, Inc.); Azoogle,, Inc.; SubscriberBASE, Inc.; IncentaClick Media Group LLC; World Avenue Holdings, LLC; World Avenue Management. Inc.; and Niunu Ji.

**RESPONSE TO INTERROGATORY NO. 20:**

Holdings objects to this Interrogatory on the grounds that the term "YOUR" is overly broad, unduly burdensome and oppressive, and beyond the scope of the limited discovery, permitted by the Court's order dated July 14, 2009, to support BSI's supplemental opposition to Holdings' motion to dismiss for lack of personal jurisdiction. For purposes of responding to these jurisdictional interrogatory requests, Holdings understands the terms "YOUR" to mean Defendant World Avenue Holdings, LLC. Furthermore, Holdings objects to the interrogatory on the grounds the term "relationship" is vague and ambiguous.

Subject to and without waiving the foregoing objection, Holdings responds as follows: There is no "relationship" between Holdings and other enumerated persons except that World Avenue Management, Inc. and Niunu Ji are members of Holdings.

**INTERROGATORY NO. 21:**

DESCRIBE the purpose of WAH is and the purpose of World Avenue U.S.A., LLC, and how they are distinct, as referenced in Paragraph 5 of the Fidel D. Dhana Affidavit, attached as Exhibit I to World Avenue Holdings, LLC's Motion to Dismiss the Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 21:**

Subject to and without waiving any of the foregoing objections, Holdings responds as follows: Holdings operates as a holding company for multiple entities. World Avenue USA serves as a management and service company, whereas Holdings holds the members' interests in World Avenue USA, LLC and other entities. Holdings currently provides management oversight services to World Avenue USA, LLC and other World Avenue companies.

**INTERROGATORY NO. 22:**

DESCRIBE how WAH earns its revenue as referenced in Paragraph 5 of the Fidel D. Dhana Affidavit, attached as Exhibit 1 to WAH Motion to Dismiss the Amended Complaint, and describe what portion of YOUR revenue is earned from Maryland residents or PRODUCTS, INTERNET ADVERTISING, OR COMMERCIAL E-MAIL sent to PERSONS located in Maryland, residing in Maryland, or with a registered email address.

**RESPONSE TO INTERROGATORY NO. 22:**

Holdings objects to this Interrogatory on the grounds that "…revenue is earned from Maryland residents" or PRODUCTS, INTERNET ADVERTISING, or COMMERCIAL E-MAIL sent to PERSONS located in Maryland, residing in Maryland or with a registered address in Maryland" is vague and ambiguous.

Subject to and without waiving the foregoing objection, Holdings responds: As a holding company to World Avenue USA, LLC and affiliated companies, Holdings generates revenues from management oversight services and does not derive revenue from any commercial activities as understood to be described above.

Respectfully submitted,
*Attorneys for World Avenue Holdings, LLC*

GREENBERG TRAURIG, LLP

*/s/ Sanford Saunders (N.B.)*
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

## VERIFICATION

I, Fidel D. Dhana, of full age and under penalty of perjury, declare and state as follows:

I am the Vice President of Finance and Corporate Controller for World Avenue Holdings, LLC, a defendant in this action and the responding party to these interrogatories, and I make this verification for that reason. I have read the foregoing DEFENDANT WORLD AVENUE HOLDINGS, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF JURISDICTIONAL INTERROGATORY REQUESTS and know the content thereof, and, from my own personal knowledge and/or upon information and belief, the same are true.

I verify under penalty of perjury under the laws of the State of Maryland that the foregoing is true and correct.

Executed this 24th day of August 2009 at Sunrise, Florida

_____
Fidel D. Dhana