# EXHIBIT 5

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 50-2005-CA-008515-XXXX-MB-AG

STEVEN R. LEVINE,

    Plaintiff,

vs.

NIUTECH, LLC, and NIUNIU JI,

    Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, NIUTECH, LLC ("NiuTech"), and NIUNIU JI ("Niuniu Ji") (collectively "Defendants"), through their undersigned counsel and pursuant to Rule 1.140(b)(6) of the Florida Rules of Civil Procedure, hereby move this Court for an Order dismissing with prejudice Counts I, II and III of the Complaint and Demand for Jury Trial filed on behalf of Plaintiff, STEVEN R. LEVINE ("Levine" or "Plaintiff"). Defendants also move this Court for an Order striking Plaintiff's improper request for punitive damages.

### I.    INTRODUCTION

This action arises out of Levine's claim that he was constructively discharged by NiuTech in retaliation for engaging in "statutorily protected expression by complaining to Niuniu Ji, NiuTech and NiuTech's management and/or principals of the ongoing, [potential] noncompliance with regulatory guidelines." (Compl. ¶¶ 34, 116(a).)



{WP265539;2}

Plaintiff is an attorney licensed by The Florida Bar to practice law in the State of Florida. He was hired by NiuTech as Counsel (to be directly supervised by the General Counsel of NiuTech, Homer Appleby) on October 5, 2004, and resigned from his position on March 31, 2005.

Defendants' allegations include the following: "potential fraud allegations" (Compl. ¶ 34); "potential tax issues" (Compl. ¶ 34); "potentially serious risks that NiuTech committed fraud, false advertising and deceptive/unfair trade practices" (Compl. ¶ 37); actions in contravention of the "newly enacted [internal] Compliance Guidelines" (Compl. ¶ 38); and potential ethical issues related to The Florida Bar (Compl. ¶¶ 43, 72).

On September 8, 2005, Plaintiff filed his Complaint against NiuTech and Niuniu Ji, the founder and President of NiuTech, alleging the following:

Count I: "Constructive Discharge/Termination";

Count II: "Hostile Work Environment";

Count III: "Retaliatory Personnel Action in Violation of Section 448.102, Florida Statutes".

For the reasons more fully set forth below, the Complaint should be dismissed in its entirety against both Defendants, NiuTech and Niuniu Ji, because:

1. There is no individual liability for corporate officers under any of the Counts alleged in the Complaint, including the Florida Whistleblower Act ("FWA"). Therefore, Plaintiff cannot state a cause of action against Niuniu Ji.

2. Plaintiff fails to state a cause of action for Constructive Discharge/Termination against Defendants because Plaintiff has not alleged that Defendants intentionally rendered Plaintiff's working conditions so intolerable that he was compelled to quit voluntarily.

3.   Plaintiff fails to state a cause of action for Hostile Work Environment against Defendants because Plaintiff has not alleged that his work environment was permeated with intimidation, ridicule, and insult, that was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment.

4.   Plaintiff fails to state a cause of action under the FWA against Defendants because Plaintiff has not alleged that he was engaged in statutorily protected expression.

5.   Plaintiff's claim for punitive damages must also be struck as there is no basis for the claim pursuant to the FWA or under common law.

Accordingly, the Complaint must be dismissed in its entirety with prejudice.

## II.   LEGAL ANALYSIS

### A.   Counts I, II, and III Against Defendant, Niuniu Ji, Must Be Dismissed For Failure to State a Cause of Action.

#### 1.   The Individual Defendant, Niuniu Ji, May Not Be Held Liable For a Constructive Discharge Claim Under the Florida Whistleblower Act.

Plaintiff attempts to state a claim against Niuniu Ji, individually, for constructive discharge as a result of alleged retaliation in violation of the FWA. However, only Plaintiff's employer, NiuTech, may potentially be held liable for constructive discharge under the FWA. *See* Fla. Stat. § 448.102 (2005) (providing that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has . . . objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."). *See also Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995). As defined by the FWA, an "employer" is "any private individual, firm, partnership, institution, corporation, or association that employs ten or more persons." Fla. Stat. § 448.101(3) (2005). Plaintiff has not

and cannot allege that Niuniu Ji was his employer, as defined by the FWA, because Niuniu JI did not employ Plaintiff.

The Eleventh Circuit has consistently held that the employer – not an individual corporate representative of the employer – may be held liable for violations of employment laws, such as Title VII. In *Smith*, the plaintiff sued the chairman of a county board of commissioners and the county commissioner, individually and in their official capacities, for violation of the Age Discrimination in Employment Act (the "ADEA"), and Title VII of the Civil Rights Act of 1964. *Smith*, 45 F.3d at 403. However, the *Smith* court stated that the defendants could not be held individually responsible for violations of either the ADEA or Title VII because they were not considered her employer – the county was her employer. *Id.* at 403 n.4 (citing *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir.) ("[T]he ADEA limits civil liability to the employer."), cert. denied, 513 U.S. 1058 (1994); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (same), cert. denied, *Miller v. La Rosa*, 510 U.S. 1109 (1994)). Thus, the Eleventh Circuit held that the ADEA and Title VII claims applied only to the employer. *Id.*

The rationale in *Smith* has also been applied to eliminate a constructive discharge claim against an individual. *Collier v. Clayton County Community Service Board*, 236 F. Supp. 2d 1345 (N.D. Ga. 2002). In *Collier*, the plaintiff sued her employer and the individual members of the employer's board of directors for, *inter alia*, race discrimination and retaliation under Title VII, and constructive discharge in retaliation for plaintiff's Title VII protected conduct. *Id.* at 1349, 1359. With regard to plaintiff's constructive discharge claim, she alleged that she was

subjected to intolerable treatment that was done in retaliation for her filing a race discrimination claim, which is protected activity under Title VII. *Id.* at 1377. Plaintiff further alleged that the retaliation resulted in her constructive discharge. *Id.* In deciding whether the individual defendants could be held liable for this claim, the court held that since the constructive discharge claim was made under Title VII, only the plaintiff's employer could be held liable. *Id.* (citing *Smith*, 45 F.3d at 403 n.4).

The facts of *Collier* are analogous to the instant case. Just as in *Collier*, the Plaintiff in this action claims he was constructively discharged as a result of retaliation. Plaintiff's constructive discharge claim is tied to the alleged retaliation he was subjected to because he refused to participate in Defendants' alleged unlawful activity, which Plaintiff alleges was protected activity under the FWA. As the Eleventh Circuit indicated in *Smith*, only the employer may be held liable under Title VII or ADEA claim. Likewise, under Florida law, only an employer may be held liable under a FWA claim. Fla. Stat. § 448.102 (2005).

In accordance with the rationale stated in both *Smith* and *Collier*, the individual Defendant, Niuniu Ji, may not be held liable for a constructive discharge claim that is brought under the FWA. Therefore, Count I against Defendant Niuniu Ji must be dismissed with prejudice for failure to state a claim.

### 2. The Individual Defendant, Niuniu Ji, May Not Be Held Liable Under a Hostile Work Environment Claim.

Plaintiff alleges that he was subjected to a hostile work environment because he objected to Defendants' potentially illegal practices. However, Count II fails to state a claim against Defendant, Niuniu Ji, for Hostile Work Environment for the same reasons that Count I fails. As previously stated, the individual Defendant, Niuniu Ji, may not be held liable for violation of the

Steven R. Levi[ne] v. NiuTech, LLC and Niuniu Ji
Case No. 50-2005-CA-008515-XXXX-MB-AG
Defendants' Motion to Dismiss Complaint and Demand for Jury Trial

FWA because he is not an "employer" as defined by the FWA. Fla. Stat. § 448.101(3). Furthermore, even if Defendant, Niuniu Ji, was Plaintiff's employer – which he was not – Plaintiff failed to allege that Niuniu Ji was Plaintiff's employer. Thus, Plaintiff cannot state a cause of action against Defendant Niuniu Ji, individually, for a claim of hostile work environment brought under the FWA.

3. **The Florida Whistleblower Act Claim Against Defendant, Niuniu Ji, Must Fail Because He is Not an Employer As Defined By the Act.**

Count III fails to state a claim against Defendant, Niuniu Ji, for retaliation in violation of the FWA. Niuniu Ji is not subject to liability under the FWA because he is not an "employer". As previously discussed the FWA defines an "employer" as "any private individual, firm, partnership, institution, corporation, or association that employs ten or more persons." Fla. Stat. § 448.101(3). Plaintiff has not and cannot allege that Niuniu Ji was his employer because Niuniu Ji did not employ Plaintiff.

In addition, Niuniu Ji may not be held individually liable under the FWA for alleged retaliation done in his representative capacity for NiuTech. The Fourth District Court of Appeal recently affirmed an order dismissing two individual defendants from a whistleblower case that was strikingly similar to the instant case. *See Tracey-Meddoff v. J. Altman Hair*, 899 So. 2d 1167, 1167 (Fla. 4th DCA 2005). In *Tracey-Meddoff*, the plaintiff sued the corporation she was employed by, as well as two individuals who were the sole owners, directors, officers, and shareholders of the corporation, for violation of the FWA. *Id.*

The plaintiff in *Tracey-Meddoff* alleged that the defendant corporation was the plaintiff's employer, and the individual defendants were the "sole owners, directors, officers and shareholders" of the corporation. *Id.* The plaintiff did not allege that the individual defendants

Case 8:08-cv-00921-PJM   Document 525-5   Filed 11/22/10   Page 8 of 18

Steven R. Levi___, NiuTech, LLC and Niuniu Ji
Case No. 50-2005-CA-008515-XXXX-MB-AG
Defendants' Motion to Dismiss Complaint and Demand for Jury Trial

were the plaintiff's employer within the meaning of the FWA. *Id.* The appellate court reviewed the meaning of an "employer" as defined by the FWA, and determined that the FWA does not extend individual liability to corporate officers, directors or shareholders of an employer. *Id.* at 1168.

Just like the plaintiff in *Tracey-Meddoff*, Plaintiff in the instant case also alleges that he was employed by the corporate Defendant, NiuTech, and fails to allege that the individual Defendant, Niuniu Ji, was his employer. In Paragraph 6 of the Complaint, Plaintiff alleges that he "began employment with NiuTech as an Assistant General Counsel." Importantly, nowhere in the Complaint does Plaintiff allege that Niuniu Ji was Plaintiff's employer.

In accordance with the holding in *Tracey-Meddoff*, Plaintiff has not and cannot allege that Defendant, Niuniu Ji, is individually liable under the FWA as Plaintiff's employer. Thus, Defendant, Niuniu Ji, is not subject to liability under the FWA, and Count III against Defendant, Niuniu Ji, must be dismissed with prejudice for failure to state a cause of action.

**B.   Count I Against Defendant, NiuTech, Must Be Dismissed Because Plaintiff Cannot State a Cause of Action For Constructive Discharge/Termination.**

Even if all three counts are not dismissed as to Defendant, Niuniu Ji, based on the foregoing argument, the entire Complaint must still be dismissed with prejudice against both Defendants for failure to state a cause of action.

Count I must be dismissed because Plaintiff has not stated a cause of action for constructive discharge. To state a claim for constructive discharge, "the plaintiff must allege that the employer intentionally rendered the working conditions so intolerable that the employee was compelled to quit involuntarily." *Patterson v. Wal-Mart Stores, Inc.*, No. 99-6-CIV-T-17B, 1999 WL 1427751, at *7 (M.D. Fla. Dec. 22, 1999) (citing *Buckley v. Hosp. Corp. of Am., Inc.*, 758

Steven R. Levine v. NiuTech, LLC and Niuniu Ji
Case No. 50-2005-CA-008515-XXXX-MB-AG
Defendants' Motion to Dismiss Complaint and Demand for Jury Trial

F.2d 1525, 1530 (11th Cir. 1985)); *see Webb v. Florida Health Care Mgmt. Corp.*, 804 So. 2d 422, 424 (Fla. 4th DCA 2001).

Plaintiff alleges that he was forced to resign from his job "[a]s a result of working conditions created by Niuniu and NiuTech, and the difficult situation they created for Plaintiff's employment." (Compl. ¶ 103.) However, nowhere in the Complaint does Plaintiff allege that either NiuTech or Niuniu Ji intentionally created the working conditions that Plaintiff contends caused the "difficult situation". *See Patterson*, 1999 WL 1427751, at *7.

Furthermore, even if Plaintiff is allowed to amend his Complaint to allege that Defendants intentionally created such working conditions, Plaintiff still will not be able to state a claim for constructive discharge. Plaintiff fails to allege - and cannot allege - facts that rise to the level of "intolerable" working conditions. Plaintiff has not and cannot allege that he received a demotion, a salary cut, was transferred or lost benefits as a result of his objections to Defendants' alleged violations of law, or that any other terms or conditions of his employment were intolerable.

Plaintiff has merely alleged that: 1) he was "removed from responsibilities and duties which he was previously obligated to perform"; 2) his legal opinions were "completely ignored" by Defendants; and 3) he felt "uncomfortable, unwanted and unnecessary." (Compl. ¶¶ 108-109.) Even if Plaintiff's allegations were true, "dissatisfaction with a work assignment is, as a matter of law, normally not so intolerable as to be a basis for constructive discharge." *Tidwell v. Meyer's Bakery, Inc.*, 93 F.3d 490, 496 (8th Cir. 1996) (citing *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994)). A feeling of being unfairly criticized, or difficult or unpleasant working conditions are also not so intolerable as to compel a reasonable person to resign. *Id.*

Steven R. Levitas v. NiuTech, LLC and Niuniu Ji
Case No. 50-2005-CA-008515-XXXX-MB-AG
Defendants' Motion to Dismiss Complaint and Demand for Jury Trial

Accordingly, Plaintiff has not and cannot state a cause of action for constructive discharge, and Count I must be dismissed with prejudice.

### C. Count II Against Defendant, NiuTech, Must Be Dismissed Because Plaintiff Cannot State a Cause of Action For Hostile Work Environment.[1]

Plaintiff claims he was subjected to a hostile work environment in retaliation for his objection to Defendants' alleged violations of law – an objection which Plaintiff asserts is protected activity under the FWA. However, Count II must be dismissed because Plaintiff's allegations are insufficient to state a hostile work environment claim based on a violation of the FWA.

Hostile work environment claims are typically tied to harassment or discrimination claims, such as race discrimination or sex discrimination (i.e., sexual harassment). As such, there are no Florida or Eleventh Circuit cases discussing hostile work environment claims that are tied to claims under the FWA. However, Eleventh Circuit case law regarding sex discrimination provides persuasive standards for use in a FWA claim. To establish a hostile work environment claim, "a plaintiff must show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Rojas v. Florida*, 285 F.3d 1339, 1344 (11th Cir. 2002) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)).

---

[1] It is interesting to note that the allegations contained in Count I (Constructive Discharge/Termination) and Count II (Hostile Work Environment) are exactly the same. Despite the very different pleading and proof requirements under these separate and independent causes of action, Plaintiff has failed to recognize these distinct causes of action and plead them appropriately.

- 9 -

Case 8:08-cv-00921-PJM   Document 525-5   Filed 11/22/10   Page 11 of 18

Steven R. Levi[...]s. NiuTech, LLC and Niuniu Ji
Case No. 50-2005-CA-008515-XXXX-MB-AG
Defendants' Motion to Dismiss Complaint and Demand for Jury Trial

In *Rojas*, plaintiff, a state employee, sued the State of Florida for discriminatory discharge on the basis of sex under Title VII, hostile work environment, and retaliation for complaining about sex-based disparity in pay. *Id.* at 1341. In support of plaintiff's hostile work environment claim, plaintiff alleged that she was "treated coolly and made to feel unwelcome," and that another employee was treated differently when he committed workplace infractions that were different from plaintiff's workplace infractions. *Id.* at 1344. The Eleventh Circuit affirmed summary judgment in favor of defendant because the plaintiff did not show enough evidence to create a genuine issue of material fact on whether the standard enunciated in *Harris* was satisfied. *Id.*

Plaintiff failed to allege facts sufficient to support a hostile work environment claim under the Eleventh Circuit standard stated in *Rojas*. Plaintiff claims that he was subjected to a hostile work environment because he was not allowed "to continue acting as Assistant General Counsel" as a result of his objection to Defendants' alleged potential violations of law. (Compl. ¶ 108.) To support his claim, Plaintiff alleges that he was "removed from responsibilities and duties which he was previously obligated to perform," his legal opinions were "completely ignored" by Defendants, and Defendants "did not seek his advice or [sic] any legal issues and deliberately excluded him from meetings concerning legal issues and strategies." (Compl. ¶¶ 108, 111.) As a result of Defendants' alleged actions, Plaintiff claims he felt "uncomfortable, unwanted and unnecessary." (Compl. ¶ 109.)

Plaintiff's allegations that he felt uncomfortable and ignored, and that his work responsibilities were reduced, simply do not rise to the level of a hostile work environment. Nowhere in the Complaint does Plaintiff allege that he was intimidated, ridiculed, insulted at work, or that his discomfort or the reduction in work responsibilities created "an abusive working

Case 8:08-cv-00921-PJM   Document 525-5   Filed 11/22/10   Page 12 of 18

Steven R. Levin v. NiuTech, LLC and Niuniu Ji
Case No. 50-2005-CA-008515-XXXX-MB-AG
Defendants' Motion to Dismiss Complaint and Demand for Jury Trial

environment." *See Rojas*, 285 F.3d at 1344; *see also McMillan v. Regeneration Technologies, Inc.*, 243 F. Supp. 2d 1324, 1330 (M.D. Fla. 2002) (granting defendant's motion for summary judgment because plaintiff failed to establish hostile work environment claim based on her assertion that she was shunned and alienated by her coworkers); *Padron v. BellSouth Telecommunications, Inc.*, 196 F. Supp. 2d 1250, 1260 (S.D. Fla. 2002) (granting defendant's motion for summary judgment because plaintiff failed to establish hostile work environment claim based on her assertion that defendant harassed plaintiff by routinely reprimanding and threatening plaintiff with disciplinary action). Accordingly, Plaintiff has not sufficiently stated a cause of action for a hostile work environment claim, and Count II must be dismissed.

D.  **Count III Against Defendant, NiuTech, Must Be Dismissed Because Plaintiff Cannot State a Cause of Action for Violation of the Florida Whistleblower Act.**

Plaintiff claims that his constructive discharge and the hostile work environment were a retaliatory personnel action in violation of the FWA. However, as set forth below, Plaintiff's allegations are insufficient to state a claim for violation of the FWA.

Pursuant to the FWA, "[a]n employer may not take any retaliatory personnel action against an employee because the employee has . . . objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102 (2005). The purpose of the FWA is "to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public." *Jenkins v. Golf Channel*, 714 So. 2d 558, 563 (Fla. 5th DCA 1998). To make a prima facie case for retaliation in violation of the FWA, the plaintiff must prove that: 1) he engaged in statutorily protected expression; 2) he suffered an adverse employment action; and 3) the adverse employment action was causally linked to the statutorily protected activity. *See Sierminiski v.*

Case 8:08-cv-00921-PJM   Document 525-5   Filed 11/22/10   Page 13 of 18

Steven R. Levin v. NiuTech, LLC and Niuniu Ji
Case No. 50-2005-CA-008515-XXXX-MB-AG
Defendants' Motion to Dismiss Complaint and Demand for Jury Trial

*Transsouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000) (citing *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998)); *White v. Purdue Pharma, Inc.*, 369 F. Supp. 2d 1335, 1336 (M.D. Fla. 2005).

### 1. Plaintiff Cannot State A Claim That He Was Engaged in Statutorily Protected Expression.

Plaintiff has failed to allege the first prong – that he was engaged in statutorily protected expression. Plaintiff has not alleged that Defendant, NiuTech, took retaliatory action against Plaintiff because he objected to, or refused to participate in, any activity, policy, or practice of Defendant which was *actually* in violation of a law, rule, or regulation. Fla. Stat. § 448.102(3) (2005); *White*, 369 F. Supp. at 1339 (emphasis added). Plaintiff has merely alleged that Defendants were engaged in numerous "potential" violations of law. Moreover, Plaintiff's "reasonable belief" that he was being asked to participate in illegal activity or conduct is not enough to prove a violation of the FWA. *White*, 369 F. Supp. 2d at 1338.

The Complaint contains numerous allegations of Defendants' "potential" violations of law. In paragraph 37, Plaintiff alleges that he submitted a memorandum to Defendants regarding "*potentially* serious risks that NIUTECH committed fraud, false advertising and deceptive/unfair trade practices." Plaintiff further alleges that "NIUTECH's practices were *potentially* in violation of applicable laws and regulations." (Compl. ¶ 38.) (emphasis added). The Complaint also suggests that Defendants were *potentially* engaging in deceptive and unfair trade practices. (Compl. ¶¶ 48-52). However, nowhere in the Complaint does Plaintiff allege that Defendants were *actually* committing fraud, violating the Federal Trade Commission Act, or violating the Florida Deceptive and Unfair Trade Practices Act.

Steven R. Levi... v. NiuTech, LLC and Niuniu Ji
Case No. 50-2005-CA-008515-XXXX-MB-AG
Defendants' Motion to Dismiss Complaint and Demand for Jury Trial

Plaintiff also illogically contends that he was subjected to *potential* liability for ethical violations as a result of Defendants' *potential* violations of law. (*See* Compl. ¶¶ 43, 72). (emphasis added). Plaintiff claims that he was placed in a situation where he was unable to fulfill his ethical obligations to NiuTech, as required by the Rules Regulating The Florida Bar, because Defendants refused to enforce NiuTech's contracts with third parties, and ignored Plaintiff's opinions regarding the legality of NiuTech's practices. (*See* Compl. ¶¶ 42-44, 61-62, 72.) However, the Second District Court of Appeals has recently held that the rules governing the conduct of members of The Florida Bar are not "laws, rules, or regulations" within the meaning of the FWA. *Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So. 2d 787, 791 (Fla. 2d DCA 2005).

In *Snow*, an attorney sued her former law firm for violations of the FWA. *Id.* The plaintiff alleged that she was terminated by the firm in retaliation for her reporting her former supervisor's illegal conduct to the State Attorney, which plaintiff alleged was protected activity under the FWA. *Id.* at 790. The plaintiff's allegations of violations of the FWA were based on her interpretation that the Rules Regulating the Florida Bar qualify as a "law, rule, or regulation" under the FWA. *Id.* However, the *Snow* court rejected plaintiff's argument. The court interpreted the term "law, rule, or regulation" as stated in the FWA, and determined that "[t]he rules governing the conduct of members of The Florida Bar do not flow from either a legislatively enacted statute, ordinance, or administrative rule." *Id.* at 790-91. Therefore, the court affirmed dismissal of the complaint on grounds that the Rules Regulating the Florida Bar are not considered laws, rules, or regulations as defined by the FWA. *Id.* at 791.

In accordance with *Snow*, any contention that Plaintiff was retaliated against because he objected to any violation of the ethical rules binding members of The Florida Bar does not form

Steven R. Levin, NiuTech, LLC and Niuniu Ji
Case No. 50-2005-CA-008515-XXXX-MB-AG
Defendants' Motion to Dismiss Complaint and Demand for Jury Trial

the basis of an FWA claim. In the absence of any allegations that Defendants actually violated a "law, rule or regulation," as defined in *Snow*, Plaintiff has failed to allege that he engaged in any statutorily protected activity.

2. **Plaintiff Cannot State A Claim That He Suffered An Adverse Employment Action.**

As set forth in Section B above, Plaintiff fails to allege in his Complaint – and cannot allege – that he received a demotion, salary cut, was transferred or lost benefits as a result of his objections to Defendants' alleged violations of law. Simply stated, he has not alleged, and cannot prove, that he suffered any adverse employment action which is required under the law. Absent proof of an adverse employment action, Plaintiff's attempted claim under the FWA again must fail for failure to state a claim.

3. **Since Plaintiff Cannot State A Claim For "Statutorily Protected Expression" Or "Adverse Employment Action", Logic Holds That He Cannot Show A Causal Link Between These Elements.**

Since Plaintiff cannot state a claim that he was engaged in any statutorily protected expression, and further cannot state a claim that he suffered any adverse employment action, it logically follows that Plaintiff cannot prove a causal link between these required showings. In fact, the absence of merely one of these required showings is sufficient to destroy Plaintiff's claim under the FWA. *See generally Sierminiski*, 216 F.3d at 950. In this case, Plaintiff cannot even state a claim for one of these required showings, let alone all three.

Accordingly, Count III must be dismissed with prejudice for failure to state a cause of action.

Steven R. Levin v. NiuTech, LLC and Niuniu Ji
Case No. 50-2005-CA-008515-XXXX-MB-AG
Defendants' Motion to Dismiss Complaint and Demand for Jury Trial

E.   **Plaintiff's Request for Punitive Damages Must Be Struck As Improper.**

Plaintiff's prayer for relief improperly seeks punitive damages as a result of Defendants' alleged violation of the FWA, and the alleged constructive discharge and hostile work environment that resulted from the purported FWA violation. The FWA provides various statutory remedies for violations of its provisions, including injunction, reinstatement of position, reinstatement of benefits, lost wages, lost benefits, and "any other compensatory damages allowable at law." Fla. Stat. § 448.103(2). However, punitive damages are not available under the FWA. *Branche v. Airtran Airways, Inc.*, 314 F. Supp. 2d 1194, 1195 (M.D. Fla. 2004) ("the plain and unambiguous language of [Section 448.103(2)] precludes an award of punitive damages for violation of the FWA"). Had the Florida legislature intended for punitive damages to be a recoverable form of damages under the FWA, it would have expressly provided for punitive damages in the statute. It did not. Therefore, Plaintiff's request for punitive damages is improper, and Defendants request that the Court enter an Order striking Plaintiff's request for punitive damages.

F.   **The Complaint Must be Dismissed With Prejudice.**

Plaintiff cannot state a cause of action against Defendants and, therefore, the Complaint should be dismissed in its entirety with prejudice. If it is apparent that the complaint cannot be amended to state a cause of action, the complaint should be dismissed with prejudice. *See Gladstone v. Smith*, 729 So. 2d 1002, 1003 (Fla. 4th DCA 1999). Plaintiff's attempt to state a cause of action not only contains pleading deficiencies and errors of law, but even if taking as true all facts alleged in the Complaint, Plaintiff clearly cannot state a cause of action on any grounds against either Defendant.

Steven R. Levin v. NiuTech, LLC and Niuniu Ji
Case No. 50-2005-CA-008515-XXXX-MB-AG
Defendants' Motion to Dismiss Complaint and Demand for Jury Trial

Thus, Plaintiff cannot state a cause of action against either Defendant even if Plaintiff were given an opportunity to amend. Furthermore, resolution of these Counts requires only statutory interpretations involving pure issues of law. Accordingly, each of these claims fails to state a cause of action, for a multitude of reasons, and must be dismissed with prejudice.

### III.  CONCLUSION

Based on the foregoing, Defendants, NIUTECH, LLC and NIUNIU JI, respectfully request that this Court enter an Order dismissing with prejudice the entire Complaint filed in this action, enter an Order striking Plaintiff's request for punitive damages, and for all further relief as this Court deems just.

Respectfully submitted,

*[signature]*

Eric A. Gordon
Florida Bar No. 071341
Sarah M. Yoho
Florida Bar No. 0889741
**AKERMAN SENTERFITT**
*Attorneys for Defendants, NiuTech, LLC and Niuniu Ji*
Esperante Building, Suite 400
222 Lakeview Avenue
West Palm Beach, FL 33401
Telephone:    (561) 653-5000
Facsimile:    (561) 659-6313
E-Mail:    eric.gordon@akerman.com

Steven R. Levin v. NiuTech, LLC and Niuniu Ji<br>
Case No. 50-2005-CA-008515-XXXX-MB-AG<br>
Defendants' Motion to Dismiss Complaint and Demand for Jury Trial

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November _10th_, 2005 a true and correct copy of the foregoing was served by facsimile and U.S. Mail on: Jan Douglas Atlas, Esq., Adorno & Yoss, LLP, 350 East Las Olas Blvd., Suite 1700, Fort Lauderdale, FL 33301-4217.

_____
Eric A. Gordon

STATE OF FLORIDA · PALM BEACH COUNTY
I hereby certify that the foregoing is a true copy of the record in my office.
THIS _18_ DAY OF _Nov_, 20_10_
SHARON R. BOCK
CLERK & COMPTROLLER
By _____
DEPUTY CLERK