# EXHIBIT 11

IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.,              )
                                   )
    Plaintiff,                     )
    v.                             )     Case No. PJM 08 cv 0921
                                   )
WORLD AVENUE USA, LLC, et al.      )
                                   )
    Defendants.                    )
_____)

### WORLD AVENUE U.S.A., LLC'S CONFIDENTIAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES[1]

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 104 (6) of the Local Rules of the United States District Court for the District of Maryland, Defendant WORLD AVENUE USA, LLC ("WAUSA") hereby provides its objections to Plaintiff Beyond Systems, Inc.'s ("BSI") First Set of Interrogatories, as follows:

### GENERAL OBJECTIONS

1.     WAUSA objects to each Interrogatory Request ("Interrogatory") to the extent that it may be construed as calling for information subject to any claim of privilege, including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. Pursuant thereto, WAUSA and its counsel hereby claim these privileges and object to any such Interrogatory on this basis.

---

[1] The Interrogatory Answers are marked "Confidential" where subject to the Confidentiality Order and indicated by a Black Strike-Through where the Confidential Information is Disclosed.

FTL 107,429,908v8 1-21-10

**CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.**

2. WAUSA objects to each Interrogatory to the extent that it may be construed as calling for information which constitutes or contains trade secret, proprietary, confidential, or commercially sensitive information, or other information, the disclosure of which would result in substantial injury to WAUSA.

3. WAUSA objects to each Interrogatory to the extent that it may be construed as calling for information already in Plaintiff's possession, custody or control, or that is available from public sources on the grounds that such an interrogatory is unduly burdensome and oppressive, and as such, exceeds the bounds of permissible discovery.

Each of these general objections is incorporated into each of the responses set forth below, which responses are made without waiver of any of these general objections.

## OBJECTIONS TO INSTRUCTIONS

1. WAUSA objects to the instruction #7 on the grounds that it exceeds the scope of discovery obligations established under Rule 26 (e) and, thus, is overly broad, unduly burdensome and oppressive. WAUSA further objects to Instruction 7 because it is not included in the Standard Interrogatories Instructions, notwithstanding Plaintiff's claim that it is. *See, e.g.*, footnote 1 of the Interrogatories.

2. WAUSA objects to the requirement to produce documents in native format in Instruction 5(A) for any documents that are not readily accessible or for any documents for which the metadata associated with the document is not at issue or for which native format is not relevant to the issues in the case.

3. WAUSA objects generally to the Interrogatories to the extent that WAUSA was

FTL 107,429,908v8 1-21-10

2

CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.

Greenberg Traurig, P.A. ■ Attorneys at Law ■ 401 East Las Olas Boulevard ■ Suite 2000 ■ Fort Lauderdale, FL 33301 ■ Tel 954.765.0500 ■ Fax 954.765.1477 ■ www.gtlaw.com

formed on September 22, 2006, and it is not reasonably calculated to lead to the discovery of admissible evidence to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.

4. WAUSA further objects to the oppressive and burdensome nature of each and every interrogatory requiring WAUSA to provide information which was either lost or obscured as a result of Plaintiff's own intentional destruction of evidence and/or negligent failure to preserve evidence. Specifically, until February 2008, a timeframe long after the date of virtually every email at issue in this case, Plaintiff routinely spoliated the emails it was collecting as evidence in this case. Plaintiff did this by deliberately purging the file attachments and all embedded images from those emails. Those embedded images frequently contained written content including terms and conditions of the promotions, as well as addresses and other identifying information, all of which bear on the claimed illegality of the emails, identification of who sent the emails, and in some cases, the identification of others who might have been involved with the promotions referenced in those emails. Plaintiff later sought to recreate the evidence it had deliberately destroyed through a process it calls "rendering", which it claims restores that lost content. In other words, while engaged in collecting evidence it intended to use in a lawsuit it planned to file, Plaintiff deliberately destroyed and then recreated a portion of that evidence. There is literally no way for WAUSA to ever truly know what Plaintiff has done to the evidence it relies upon in this case. WAUSA does not make such contentions lightly, and refers the Court to the following as substantiation for this objection:

    1. Plaintiff's Second Amended and Supplemental Responses served September 19, 2008

FTL 107,429,908v8 1-21-10

3

**CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.**

58. Hydra, 8800 Wilshire Boulevard, Beverly Hills, California 90211. Knowledge of lawsuits by BSI.

59. Connexus, 2141 Rosecrans Avenue, Suite 2020, El Segundo, California 90245. Knowledge of lawsuits by BSI.

60. Computer Services Langenbach GMBH d/b/a Joker.com, Hansaallee 191-193 40549, Düsseldorf, Germany. Knowledge of BSI alleged registrations.

61. Guy & Stephane Genilloud, Hasengarten 50 Oberursel, D61440 Germany, or Feldbergstrasse 16, D65779, Germany, or CH1740 Neyruz, Kelkheim, Switzerland. Knowledge of alleged BSI activity.

62. Every living human being identified as a recipient of the 68,300 E-MAILS AT ISSUE.

63. All tenants known and unknown at 1612 Sherwood Road, Silver Spring, Maryland 20902. Knowledge of alleged use of real property allegedly rented for BSI purposes.

64. Fidel D. Dhana, CPA, World Avenue Holdings, LLC, 1613 NW 136th Ave, Suite 100, Sunrise, FL 33323. Knowledge of jurisdictional allegations in Amended Complaint.

65. Dale Baker, World Avenue Holdings, LLC, 1613 NW 136th Ave, Suite 100, Sunrise, FL 33323. Knowledge of the business of WAUSA.

66. Jeff Richard, TheUseful, LLC, 1613 NW 136th Ave, Suite 100, Sunrise, FL 33323. Knowledge of the business of WAUSA.

67. Chadd Schlotter, World Avenue USA, LLC, 1613 NW 136th Avenue, Suite 100, Sunrise, Florida 33323. Knowledge of the Electronically Stored Information of WAUSA.

FTL 107,429,908v8 1-21-10                    14
**CONFIDENTIAL   INFORMATION   UNDER   CONFIDENTIALITY   ORDER DESIGNATED BY BLACK STRIKE-THROUGH.**

Greenberg Traurig, P.A. ■ Attorneys at Law ■ 401 East Las Olas Boulevard ■ Suite 2000 ■ Fort Lauderdale, FL 33301 ■ Tel 954.765.0500 ■ Fax 954.765.1477 ■ www.gtlaw.com

identify the affiliate identifier or referrer "identifier" or the principals in control, to the extent that it exceeds the requirements of Rules 26 and 33 of the Federal Rules of Civil Procedure.

Each of these objections to definitions and instructions is incorporated into each of the responses set forth below, which responses are made without waiver of any of these objections.

## INTERROGATORIES

### Interrogatory Number 1:

IDENTIFY all PERSONS who are likely to have personal knowledge of any fact alleged in the Amended Complaint or in your Answer to the Amended Complaint, and state the subject matter of the personal knowledge possessed by each such PERSON.

### Response to Interrogatory No. 1

1. Paul A. Wagner, 1837 R Street N.W., Washington, D.C. Alleged knowledge of allegations of Amended Complaint.

2. Alton Kirkpatrick Burton, 9501 Anchorage Place, Bethesda, Maryland 20817. Alleged knowledge of purported use of his residence as a BSI principal office.

3. Michael Whitley a/k/a Michael Langley Whitley a/k/a Michael L. Whitley a/k/a Mike Whitley, 510 North Royal Street, Alexandria, Virginia 22314. Alleged Vice President of BSI.

4. William J. Wagner, 1612 Sherwood Road, Silver Spring, Maryland 20902 and 38 Maryland Avenue, Unit 333, Rockville, Maryland 20850-0341. Knowledge of alleged use of real property owned and controlled by him for BSI purposes.

5. James Joseph Wagner a/k/a Joe Wagner, 417 Oak Grove Avenue, Apartment A, Menlo Park, California 94025-3246 or 17 Greenfield Street, Lowell, MA 01851-4008, or the PO

**CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.**

68.   Discovery is ongoing and WAUSA reserves the right to amend and/or alter this list as it reviews the E-MAILS AT ISSUE.

**Interrogatory Number 2:**

**IDENTIFY all PERSONS (including, but not limited to, any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, vendor and/or YOU) who participated or benefited in any fashion from the EMAILS AT ISSUE, which shall include the creation, sending, marketing, advertising and customer service of those same e-mails.**

**Response to Interrogatory No. 2**

**Objections:**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impossible to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

WAUSA further objects insofar as BSI objected to identifying which parties sent the EMAILS AT ISSUE upon which it sues, and therefore, prevented WAUSA from answering this

FTL 107,429,908v8 1-21-10                                15
**CONFIDENTIAL   INFORMATION   UNDER   CONFIDENTIALITY   ORDER DESIGNATED BY BLACK STRIKE-THROUGH.**

Interrogatory. BSI stated in its Interrogatory Answers: "BSI states that it has not completed its investigation of the participants behind each of the EMAILS AT ISSUE, and awaits discovery from Defendant."

WAUSA further objects to the vague and ambiguous nature of the phrase "benefited in any fashion" from the EMAILS AT ISSUE.

WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006.

WAUSA further objects to any requirement to identify any subcontractor, advertiser, ad network, affiliate, publisher, vendor to the extent that such information is not in its possession or control.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-commercial e-mail on behalf of WAUSA. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other subsidiaries of World Avenue Holdings, LLC (hereinafter, a "Sister Company" or "Sister Companies") its parent company.

However, WAUSA has access to a Legacy Database of a Sister Company which maintains records of each e-mail address to which an e-mail communication was transmitted as

FTL 107,429,908v8 1-21-10    16
**CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.**

Greenberg Traurig, P.A. ■ Attorneys at Law ■ 401 East Las Olas Boulevard ■ Suite 2000 ■ Fort Lauderdale, FL 33301 ■ Tel 954.765.0500 ■ Fax 954.765.1477 ■ www.gtlaw.com

relating to the E-Mails At Issue.

**Interrogatory Number 4:**

DESCRIBE any and all compensation that YOU paid, agreed to pay, received, or are expected to receive, RELATING to the EMAILS AT ISSUE. YOUR response shall include information sufficient to IDENTIFY the payor and/or payee; the date such payment was made or received or expected to be made or received; the amount of compensation; and identifying information for the INTERNET ADVERTISING Campaign, RELATED to each EMAIL AT ISSUE.

**Response to Interrogatory No. 4**

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impossible to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

FTL 107,429,908v8 1-21-10         20
CONFIDENTIAL   INFORMATION   UNDER   CONFIDENTIALITY   ORDER DESIGNATED BY BLACK STRIKE-THROUGH.

Greenberg Traurig, P.A. ■ Attorneys at Law ■ 401 East Las Olas Boulevard ■ Suite 2000 ■ Fort Lauderdale, FL 33301 ■ Tel 954.765.0500 ■ Fax 954.765.1477 ■ www.gtlaw.com

WAUSA further objects insofar as BSI objected to identifying which parties sent the EMAILS AT ISSUE upon which it sues, and therefore, prevented WAUSA from answering this Interrogatory. BSI stated in its Interrogatory Answers: "BSI states that it has not completed its investigation of the participants behind each of the EMAILS AT ISSUE, and awaits discovery from Defendant."

WAUSA further objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006.

WAUSA further objects to any requirement to identify any payee to the extent that such information is not in its possession or control.

WAUSA objects to that portion of this Interrogatory requiring information concerning INTERNET ADVERTISING insofar general INTERNET ADVERTISING is not at issue in this case, only the EMAILS AT ISSUE.

WAUSA further objects to this Interrogatory as seeking irrelevant information not reasonably calculated to lead to the discovery of admissible evidence insofar as Plaintiff is seeking statutory damages.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendor vendors to send e-commercial e-mail on behalf of WAUSA. The nature of WAUSA's business is to

FTL 107,429,908v8 1-21-10
21
**CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.**

Greenberg Traurig, P.A. ■ Attorneys at Law ■ 401 East Las Olas Boulevard ■ Suite 2000 ■ Fort Lauderdale, FL 33301 ■ Tel 954.765.0500 ■ Fax 954.765.1477 ■ www.gtlaw.com

function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company.

However, WAUSA has access to a Legacy Database of its Sister Company which maintains records of each e-mail address to which an e-mail communication was transmitted as part of a commercial e-mail campaign by the Sister Company. WAUSA has compared the contents of the Legacy Database to the e-mail address recipients of the E-Mails At Issue. None of the e-mail addresses in the Legacy Database match to any of the e-mail addresses in the E-Mails At Issue. Because the email addresses in the EMAILS AT ISSUE are not in the Legacy Database, WAUSA has determined based on investigation, and to the best of WAUSA's knowledge, that none of the EMAILS AT ISSUE could have been transmitted by the Legacy mail system from any Sister Company. For the same reason, none of the E-Mails At Issue could have been transmitted from a Sister Company.

Accordingly, based on this investigation, WAUSA and no other Sister Company to WAUSA transmitted the E-Mails At Issue. Moreover, WAUSA did not, and based on this investigation, and to the best of WAUSA's knowledge, no other Sister Company or parent company of WAUSA received or paid any compensation as a result of any of the E-Mails At Issue.

Therefore, WAUSA did not enter into any contracts or agreements with any Person relating to the E-Mails At Issue, and therefore, WAUSA did not pay, agree to pay, receive, or expect to receive any funds relating to the E-Mails At Issue.

FTL 107,429,908v8 1-21-10                                22
**CONFIDENTIAL     INFORMATION     UNDER     CONFIDENTIALITY     ORDER DESIGNATED BY BLACK STRIKE-THROUGH.**

Greenberg Traurig, P.A. ■ Attorneys at Law ■ 401 East Las Olas Boulevard ■ Suite 2000 ■ Fort Lauderdale, FL 33301 ■ Tel 954.765.0500 ■ Fax 954.765.1477 ■ www.gtlaw.com

**Interrogatory Number 5:**

DESCRIBE with particularity the various methods by which a PERSON who received COMMERCIAL E-MAIL from YOU (or an entity controlled, run, operated, or paid by YOU) since January 1, 2004, could contact YOU directly or indirectly to either opt out, unsubscribe, make a claim, complaint, or comment regarding the COMMERCIAL E-MAIL. If you contend that a contractor, customer, or other entity received such COMMUNICATIONS on YOUR behalf, IDENTIFY the PERSON responsible for handling those COMMUNICATIONS, and when they handled such duties.

**Response to Interrogatory No. 5:**

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impossible to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

*FTL 107,429,908v8 1-21-10*                                23
CONFIDENTIAL   INFORMATION   UNDER   CONFIDENTIALITY   ORDER
DESIGNATED BY BLACK STRIKE-THROUGH.

Greenberg Traurig, P.A. ■ Attorneys at Law ■ 401 East Las Olas Boulevard ■ Suite 2000 ■ Fort Lauderdale, FL 33301 ■ Tel 954.765.0500 ■ Fax 954.765.1477 ■ www.gtlaw.com

WAUSA objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006.

WAUSA further objects to any discovery that exceeds the scope of the E-MAILS AT ISSUE insofar as the general COMMERCIAL E-MAIL of Defendants is not at issue in this case. WAUSA objects to the Interrogatory to the extent that the information is not in its possession, custody, or control.

WAUSA objects to that part of the Interrogatory regarding an "entity controlled, run, operated, or paid by YOU" insofar as it is grossly overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendor vendors to send e-commercial e-mail on behalf of WAUSA. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company.

However, WAUSA has access to a Legacy Database of a Sister Company which maintains records of each e-mail address to which an e-mail communication was transmitted as part of a commercial e-mail campaign by that Sister Company. WAUSA has compared the

**CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.**

Greenberg Traurig, P.A. ■ Attorneys at Law ■ 401 East Las Olas Boulevard ■ Suite 2000 ■ Fort Lauderdale, FL 33301 ■ Tel 954.765.0500 ■ Fax 954.765.1477 ■ www.gtlaw.com

contents of the Legacy Database to the e-mail address recipients of the E-Mails At Issue. None of the e-mail addresses in the Legacy Database match to any of the e-mail addresses in the E-Mails At Issue. Because the email addresses in the EMAILS AT ISSUE are not in the Legacy Database, WAUSA has determined based on investigation, and to the best of WAUSA's knowledge, that none of the EMAILS AT ISSUE could have been transmitted by the Legacy mail system from any Sister Company. For the same reason, none of the E-Mails At Issue could have been transmitted from a Sister Company.

Accordingly, based on this investigation, WAUSA and no other Sister Company or parent company to WAUSA transmitted the E-Mails At Issue. Moreover, WAUSA does not transmit commercial e-mail and therefore is not responsible for, and does not, receive opt-out complaints.

WAUSA is also aware that a Sister Company complies with the CAN-SPAM Act in any campaign sponsored by it by, among other things, maintaining an address for unsubscribe links; providing "suppression files" of e-mails that have opted-out of campaigns; and maintaining an address for receipt of customer complaints and responding to customer complaints. WAUSA is also aware that one of its Sister Companies have contracted for services rendered by Gift Reward Center, LLC, 1613 N.W. 136th Avenue, Sunrise, Florida 33323, since on or about April 2005, for the handling of customer inquiries. WAUSA is aware that its Sister Company may also receive unsubscribe requests at its Compliance Department, at its Customer Service Department, or on any of its promotional websites.

FTL 107,429,908v8 1-21-10
25
**CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.**

Greenberg Traurig, P.A. ■ Attorneys at Law ■ 401 East Las Olas Boulevard ■ Suite 2000 ■ Fort Lauderdale, FL 33301 ■ Tel 954.765.0500 ■ Fax 954.765.1477 ■ www.gtlaw.com

Interrogatory Number 11:

IDENTIFY all domain names, trade names, fictitious names, and/or websites that YOU have owned, operated, controlled, used, administered, or allowed others to use or operate by proxy, since January 1, 2004, and the nature and dates of such activity.

Response to Interrogatory No. 11

Objections:

WAUSA objects to the time frame of this Interrogatory insofar as WAUSA was formed on September 22, 2006 and is not a successor to any entity. WAUSA objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006.

WAUSA objects to the vague and ambiguous nature of the terminology "controlled, used, administered, or allowed others to use or operate by proxy."

WAUSA further objects to any domain names, trade names, fictitious names, or websites that are not listed in the E-MAILS AT ISSUE or in the Paul A. Wagner Affidavit filed in Opposition to the Motion to Dismiss filed by World Avenue Holdings, LLC insofar as such documents are a "fishing expedition" not related to the E-MAILS AT ISSUE.

Answer:

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to

FTL 107,429,908v8 1-21-10

39

CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.

other Sister Companies.

WAUSA has not owned, operated, controlled, or registered any trade names or fictitious names and no other company has required the permission of WAUSA to "allow" it to use any trade name or fictitious name. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Fed. R. Civ. P., WAUSA is producing a copy of the corporate Domain Names or Websites that WAUSA has owned, operated, controlled, administered, or allowed others to use or operate by proxy.

**Interrogatory Number 12:**

**DESCRIBE the process by which YOU currently assign a unique identifier (or "ID") to a sponsor, advertiser, ad network, affiliate, publisher, contractor, sub-contractor, and/or vendor RELATED to COMMERCIAL E-MAIL and/or INTERNET ADVERTISING, and provide specific details REGARDING whether this process has changed, and how it has changed, since January 1, 2004.**

**Response to Interrogatory No. 12**

**Objections:**

WAUSA objects to the time frame of this Interrogatory insofar as WAUSA was formed on September 22, 2006 and is not a successor to any entity. WAUSA objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this action formed on September 22, 2006.

FTL 107,429,908v8 1-21-10                           40
CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.

Greenberg Traurig, P.A. ■ Attorneys at Law ■ 401 East Las Olas Boulevard ■ Suite 2000 ■ Fort Lauderdale, FL 33301 ■ Tel 954.765.0500 ■ Fax 954.765.1477 ■ www.gtlaw.com

maintains records of each e-mail address to which an e-mail communication was transmitted as part of a commercial e-mail campaign by the Sister Company. WAUSA has compared the contents of the Legacy Database to the e-mail address recipients of the E-Mails At Issue. None of the e-mail addresses in the Legacy Database match to any of the e-mail addresses in the E-Mails At Issue. Because the email addresses in the EMAILS AT ISSUE are not in the Legacy Database, WAUSA has determined based on investigation, and to the best of WAUSA's knowledge, that none of the EMAILS AT ISSUE could have been transmitted by the Legacy mail system from any Sister Company. For the same reason, none of the E-Mails At Issue could have been transmitted from a Sister Company.

**Answer:**

Accordingly, based on this investigation, WAUSA and no other Sister Company or parent company to WAUSA transmitted the E-Mails At Issue. The final decision to send each e-mail was not that of WAUSA or its Sister Companies because WAUSA does not transmit commercial electronic mail and neither WAUSA nor any of its Sister Companies transmitted the EMAILS AT ISSUE. Moreover, WAUSA did not, and, based on this investigation and to the best of WAUSA's knowledge, no other Sister Company of WAUSA received or paid any compensation as a result of any of the E-Mails At Issue.

**Interrogatory Number 15:**

IDENTIFY and DESCRIBE YOUR corporate organizational structure, including the location and function of all YOUR companies, offices and personnel.

**Response to Interrogatory No. 15**

**Objections:**

FTL 107,429,908v8 1-21-10

46

CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.

WAUSA objects to this Interrogatory on the grounds that the term "YOU" and "YOUR" is overly broad, unduly burdensome and oppressive. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this case formed on September 22, 2006. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other affiliate companies. As phrased, the Interrogatory requires a description of the employment function of every employee at WAUSA, comprising a relatively small number of managerial and administrative service providers who do not engage in sending commercial email.

**Answer:**

Subject to and without waiving the foregoing objections, WAUSA responds as follows: WAUSA is a company formed under the laws of and registered in the State of Delaware. WAUSA was formed on September 22, 2006. WAUSA's office is located at 1613 NW 136th Avenue, Suite 100, Sunrise, Florida 33323. WAUSA is a wholly-owned subsidiary of World Avenue Holdings, LLC. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA will produce business records containing further information responsive to this interrogatory.

**Interrogatory Number 16:**

**If you contend that an EMAIL AT ISSUE was not transmitted by YOU (or a contractor, sub-contractor, advertiser, ad network, affiliate, publisher, contractor, subcontractor and/or vendor controlled, operated or paid by YOU), then DESCRIBE in detail why and how you reach such conclusion. Please identify the COMMERCIAL EMAIL and/or INTERNET ADVERTISING to which YOU are referring, and the characteristics and/or details that lead YOU to such conclusion.**

FTL 107,429,908v8 1-21-10

47

CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.

<u>As to Sections marked Objections:</u>

Greenberg Traurig, LLP

_____

<u>As to Sections marked Answer:</u>

WORLD AVENUE USA, LLC

By: _____
Its: Senior Security Architect

STATE OF  FLORIDA         )
                          ) ss.:
COUNTY OF  BROWARD        )

The foregoing instrument was acknowledged before me this 26th day of January 2010 by HANS SCHLOTTER, as SNR SECURITY ARCHITECT of WORLD AVENUE USA, LLC. He/she is personally known to me or has produced _____ as identification.

NOTARY SEAL
STACY SIMMONS
MY COMMISSION # DD531090
EXPIRES: Mar. 21, 2010
FTL 107,408,908v8 1-2 Florida Notary Service.com

Notary: _____
Print Name: STACY SIMMONS

54

CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.

Notary Public, State of ___FLORIDA___
My commission expires: ___3/21/10___

**CONFIDENTIAL   INFORMATION   UNDER   CONFIDENTIALITY   ORDER DESIGNATED BY BLACK STRIKE-THROUGH.**