# EXHIBIT 13

## IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC.,    )
                               )

    Plaintiff,           )

    v.                  )       Case No.PJM 08 cv 0921
                               )

WORLD AVENUE USA, LLC, et al. )
                               )

    Defendants.       )
                               )

## WORLD AVENUE U.S.A., LLC'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 104 (6) of the Local Rules of the United States District Court for the District of Maryland, Defendant WORLD AVENUE USA, LLC ("WAUSA") hereby provides its answers and objections to Plaintiff Beyond Systems, Inc.'s ("BSI") Second Set of Interrogatories, as follows:

### GENERAL OBJECTIONS

1.     WAUSA objects to each Interrogatory Request ("Interrogatory") to the extent that it may be construed as calling for information subject to any claim of privilege, including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. Pursuant thereto, WAUSA and its counsel hereby claim these privileges and object to any such Interrogatory on this basis.

2.     WAUSA objects to each Interrogatory to the extent that it may be construed as calling for information which constitutes or contains trade secret, proprietary, confidential, or commercially sensitive information, or other information, the disclosure of which would result in substantial injury to WAUSA.

3.     WAUSA objects to each Interrogatory to the extent that it may be construed as calling for information already in Plaintiff's possession, custody or control, or that is available from public sources on the grounds that such an interrogatory is unduly burdensome and oppressive, and as such, exceeds the bounds of permissible discovery.

Each of these general objections is incorporated into each of the responses set forth below, which responses are made without waiver of any of these general objections.

## OBJECTIONS TO INSTRUCTIONS

1. WAUSA objects to the instruction #7 on the grounds that it exceeds the scope of discovery obligations established under Rule 26 (e) and, thus, is overly broad, unduly burdensome and oppressive. WAUSA further objects to Instruction 7 because it is not included in the Standard Interrogatories Instructions.

2.     WAUSA objects to the requirement to produce documents in native format in Instruction 5(A) for any documents that are not readily accessible or for any documents for which the metadata associated with the document is not at issue or for which native format is not relevant to the issues in the case.

3.     WAUSA objects generally to the Interrogatories to the extent that WAUSA was formed on September 22, 2006, and it is not reasonably calculated to lead to the discovery of admissible evidence to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.

4.     WAUSA further objects to the oppressive and burdensome nature of each and every interrogatory requiring WAUSA to provide information which was either lost or obscured as a result of Plaintiff's own intentional destruction of evidence and/or negligent failure to preserve evidence. Specifically, until February 2008, a timeframe long after the date of virtually

*Confidential pursuant to the Confidentiality Agreement*          2

**Answer:**

Subject to and without waiving these objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA already has identified the responsive documents related to this case, and refers Plaintiff, including, but not limited tom the documents produced as part of the production commenced on January 29, 2010, and its previous answers to Interrogatory 17 of the First Set of Interrogatories and Request 27 of the Fist Request for Production of Documents, which are incorporated herein by reference. WAUSA has no responsive information to this Interrogatory beyond what it previously produced.

**Interrogatory Number 4:**

Identify all documents, including email, sent to Defendant Niuniu Ji by you referring or relating to the Emails at Issue.

**Response to Interrogatory No. 4**

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to ask WAUSA to respond to discovery concerning information pre-dating its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created, WAUSA specifically requests cost-

shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

WAUSA further objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

To the extent that this Interrogatory seeks emails that post-date December 22, 2008, WAUSA objects on the grounds said communications are subject to a claim of privilege, including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. Further, WAUSA objects on the grounds that this requests seeks information regarding a non party to this litigations and is a "fishing expedition."

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-commercial e-mail on behalf of WAUSA. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to World Avenue Holdings, LLC, its parent company, and other subsidiaries of World Avenue Holdings, LLC, (hereinafter, a "Sister Company" or "Sister Companies"). WAUSA does not have any emails responsive to the request that pre-date December 22, 2008. Any information documents post dated December 22, 2008 would be covered by the attorney client privilege and work product doctrine.

*Confidential pursuant to the Confidentiality Agreement*

doctrine.

**Answer:**

Subject to and without waiving these objections, WAUSA avers this request is duplicative with Interrogatory No. 4 and WAUSA incorporates by reference its answer thereto.

**Interrogatory Number 6:**

Describe the purpose of the Compliance Guidelines, who administers it currently, who administered it previously, and who is responsible for its oversight both currently and since January 1, 2004?

**Response to Interrogatory No. 6**

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and it is impracticable to require WAUSA to respond to discovery concerning information pre-dating its existence. WAUSA further objects to this Interrogatory on the grounds that it is vague and ambiguous on the grounds it does not identify "Compliance Guidelines" with particularity, it is vague, and WAUSA does not understand the request. WAUSA further objects on the grounds that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-commercial e-mail on behalf of WAUSA. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to

*Confidential pursuant to the Confidentiality Agreement*            12

function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA avers that it does not administer "Compliance Guidelines" as part of its business.

**Interrogatory Number 7:**

Describe the basis of your contention in Paragraph 7 of the Respondent's Answer to Petition to Compel Compliance filed in <u>Office of the Attorney General vs. World Avenue U.S.A., LLC successor by merger to Niutech, LLC, et al</u>, Case No. 07-00927-MB-CA-09 (Palm Beach County Circuit Court) admitting that "Ji indirectly owns, manages, or controls World Avenue."

**Response to Interrogatory No. 7**

**Objections.**

WAUSA objects to this Interrogatory on the grounds that it is vague and calls for information subject to the attorney-client privilege and work product doctrine.

**Answer:**

Subject to and without waiving the foregoing objection, WAUSA avers: WAUSA is a wholly-owned subsidiary of World Avenue Holdings, LLC. World Avenue Holdings, LLC is a subsidiary of World Avenue Management Inc. Niuniu Ji is a member of World Avenue Management, LLC. WAUSA incorporates by reference its prior answers, including, but not limited, to Interrogatory 15 of Plaintiff's First set of Interrogatories and refers Plaintiff to the documents produced in response thereof pursuant to Rule 33 of the Federal Rules of Civil Procedure. WAUSA has no responsive information to this Interrogatory beyond what it previously produced.

*Confidential pursuant to the Confidentiality Agreement*          13

**Response to Interrogatory N0. 27:**

**Objections.**

WAUSA objects to the overbroad definition of the term "YOUR" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects to this Interrogatory on the grounds that the term "promote your business" is vague and overbroad. Further, WAUSA objects to this Interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA avers that it does not have any information responsive to this Interrogatory.

**Interrogatory Number 28:**

Describe all occasions where "tactics to deliberately falsify email headers with the intent to deceive the recipient and/or the ISP" [WAUSA-006685] have been used or suspected

by anyone of being used in internet advertising on your behalf, any response from you,

and all related documents.

**Response to Interrogatory No. 28:**

   **Objections.**

   WAUSA objects to the overbroad definition of the term "YOU" and "YOUR" insofar as

it is overbroad.  Accordingly, WAUSA construes this Interrogatory to refer to World Avenue

USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers,

directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

   WAUSA objects to this Interrogatory to the extent that WAUSA was formed on

September 22, 2006, and it is impracticable to require WAUSA to respond to discovery

concerning e-mails transmitted predating its existence.

   WAUSA objects to this Interrogatory on the grounds that it vague and burdensome as the

Plaintiff quotes out of context.  Further, WAUSA objects to this Interrogatory on the grounds

that it is not relevant and not reasonably calculated to lead to the discovery of admissible

evidence.

   **Answer:**

   Subject to and without waiving these objections, WAUSA does not engage in the

transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor,

sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET

ADVERTISING.  WAUSA does not control, run, operate, or pay any third party to send

commercial e-mail on its behalf.  The nature of WAUSA's business is to function as a services

company, which renders human resources, accounting, and technology services to other Sister

Companies and its parent company.  WAUSA incorporates by reference its prior answers to

Plaintiff's First set of Interrogatories. WAUSA avers that is has no information responsive to this request beyond the documents produced in response to previous discovery.

**Interrogatory Number 29:**

Describe all occasions where you sought to ascertain whether there has been an intent to deceive through the "tactics" referenced in the previous Interrogatory.

**Response to Interrogatory No. 29:**

**Objections.**

WAUSA's incorporates by reference the Objections made to previous Interrogatory.

**Answer:**

WAUSA's incorporates by reference the Answer made to previous Interrogatory.

**Interrogatory Number 30:**

How have deceptive tactics in email advertising been "damaging" to you [per WAUSA-006685] or caused "confusion" among consumers [per WAUSA-006687]?

**Response to Interrogatory No. 30:**

**Objections.**

WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects to this Interrogatory on the grounds that it oppressive and burdensome. Further, WAUSA objects to this Interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Answer:**

*Confidential pursuant to the Confidentiality Agreement*

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf. The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA incorporates by reference its prior answers to Plaintiff's First set of Interrogatories. WAUSA has been damaged be deceptive tactics in the form of legal fees and the diversion of employee man-hours as a result of the abuse of the internet by BSI, Hypertouch, Joe Wagner, Paul Wagner, Steve Wagner and William Wagner and their apparent scheme to manufacture jurisdiction in Maryland for lawsuits concerning allegedly unsolicited and deceptive emails.

**Interrogatory Number 31:**

Describe your "legitimate business practices" [WAUSA-006685] and how you

determined that they were "legitimate."

**Response to Interrogatory No. 31:**

**Objections.**

WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 22, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects to this Interrogatory on the grounds that it oppressive and burdensome. Further, WAUSA objects to this Interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Answer:**

The nature of WAUSA's business is to function as a services company, which renders human resources, accounting, and technology services to other Sister Companies and its parent company. WAUSA complies with all applicable state and federal laws, including and not limited to those regarding payment of its registration fees, work place safety, the maintenance of appropriate work environment, equal employment opportunities, and the withholding of taxes. WAUSA incorporates by reference its prior answers to Plaintiff's First set of Interrogatories.

**Interrogatory Number 32:**

Identify all signed versions of the contracts at WAUSA-006509 through WAUSA-006675.

**Response to Interrogatory No. 32:**

**Objections.**

WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

**Answer:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA produced the signed copy of the agreement it has, labeled WAUSA-006674-Confidential. The remaining documents are standard form commercial agreements that have been used, or offered for, negotiation from time to time by Sister Companies.

*Confidential pursuant to the Confidentiality Agreement*      39

WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

**Answer:**

Subject to and without waiving the foregoing objections, WAUSA responds as follows: WAUSA is a company formed under the laws of and registered in the State of Delaware. WAUSA was formed on September 22, 2006. WAUSA's office is located at 1613 NW 136th Avenue, Suite 100, Sunrise, Florida 33323. WAUSA is a wholly-owned subsidiary of World Avenue Holdings, LLC. WAUSA incorporates by reference its prior answers, including, but not limited, to Interrogatory No. 15 of Plaintiff's First set of Interrogatories.

As to Sections marked Objections:

Greenberg Traurig, LLP

As to Sections marked Answer:

WORLD AVENUE USA, LLC

By: _____

Its: SENIOR SECURITY ARCH.

*Confidential pursuant to the Confidentiality Agreement*            51

STATE OF ___Florida___ )
                        ) ss.:
COUNTY OF ___Broward___ )

 The foregoing instrument was acknowledged before me this __29th__ day of __June__, 2010 by __Chadd Schlotter__, as __SENIOR SECURITY ARCH__ of WORLD AVENUE USA, LLC. (He/she is (personally) known to me or has produced _____ as identification.

NOTARY SEAL

Notary: __Damaris Vallejo__
Print Name: __Damaris Vallejo__
Notary Public, State of __Florida__
My commission expires: __March 15, 2014__



**DAMARIS VALLEJO**
MY COMMISSION # DD971517
EXPIRES March 15, 2014
(407) 398-0153   FloridaNotaryService.com