# EXHIBIT 18

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN W. FERRON, | : |
| Plaintiff, | : Civil Action No. 2:09-cv-520 |
| v. | : Judge Frost |
| WORLD AVENUE HOLDINGS, LLC, | : Magistrate Judge Abel |
| WORLD AVENUE USA, LLC, and | : |
| MEDIA BREAKAWAY, LLC, | : |
| Defendants. | : |

## DEFENDANTS' JOINT MOTION TO DISMISS COMPLAINT OF PLAINTIFF JOHN W. FERRON

Defendants Media Breakaway, LLC, World Avenue Holdings, LLC, and World Avenue USA, LLC (collectively the "Defendants"), by and through undersigned counsel, hereby move to dismiss all three causes of action set forth in the Complaint for Statutory Damages, Declaratory Judgment and Injunctive Relief (the "Complaint") of Plaintiff John W. Ferron ("Ferron") pursuant to Federal Rules of Civil Procedure 9(b) and/or 12(b)(6). As discussed more fully in the Memorandum in Support hereof, all three causes of action should be dismissed because Ferron has failed to plead his claims with the required particularity and because he has failed to state claims upon which relief can be granted. Additionally, Ferron's claims against World Avenue USA, LLC and World Avenue Holdings, LLC should be dismissed because they are barred by the applicable statute of limitations. Finally, World Avenue Holdings, LLC should be dismissed because it is not subject to general or personal jurisdiction in Ohio. So that the parties may address any questions the Court may have in more detail, Defendants respectfully request oral argument on this motion.

A/73077300.1

Respectfully submitted,

/s/ Stephen D. Jones (per e-mail authorization)
Stephen D. Jones  (0018066)
Michael R. Traven (0081158)
Roetzel & Andress, LPA
155 East Broad Street, 12th Floor
Columbus, OH 43215
Telephone: 614.463.9770
Facsimile: 614.463.9792
E-mail:  sjones@ralaw.com; mtraven@ralaw.com

Attorneys for Defendant Media Breakaway, LLC


/s/ John Winship Read
John Winship Read (0030827)
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 E. 9th St.
Cleveland, OH 44114-1724
Telephone: 216-479-6103
Facsimile: 216-937-3737
jwread@vssp.com

Attorney for Defendants
World Avenue Holdings, LLC and
World Avenue USA, LLC

Dated: July 20, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOHN W. FERRON, | : |
| Plaintiff, | : Civil Action No. 2:09-cv-520 |
| v. | : Judge Frost |
| WORLD AVENUE HOLDINGS, LLC | : Magistrate Judge Abel |
| WORLD AVENUE USA, LLC, and | : |
| MEDIA BREAKAWAY, LLC, | : |
| Defendants. | : |

## DEFENDANTS' MEMORANDUM
## IN SUPPORT OF JOINT MOTION TO DISMISS

is the managing shareholder of his own firm, and his lawyers, as his associates, are employed by him. Ferron therefore has control over the litigation strategy in this lawsuit and any attorneys' fees end up back in his pocket as the sole shareholder. For purposes of an award of attorneys' fees, Ferron is a *pro se* litigant. He therefore cannot state a claim for recovery of such fees pursuant to the OCSPA.

## IV. FERRON'S CLAIMS AGAINST WORLD AVENUE USA, LLC AND WORLD AVENUE HOLDINGS, LLC ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

Defendant World Avenue USA, LLC is a limited liability company formed on September 21, 2006 under the laws of the state of Delaware and given Secretary of State file number[28] 4223730 ("World Avenue USA"). Exhibit E (Certificate of Good Standing for World Avenue USA, LLC).

Defendant World Avenue Holdings, LLC is a limited liability company formed on June 1, 2006 under the laws of the state of Delaware and given Secretary of State file number 4168676 ("World Avenue Holdings").[29] Exhibit F (Certificate of Good Standing for World Avenue Holdings, LLC).

TheUseful, LLC is a limited liability company formed as World Avenue USA, LLC on June 26, 2006 under the laws of the state of Delaware and given Secretary of State file number 4181161. Exhibit G (Certificate of Good Standing for TheUseful, LLC). The former World Avenue USA, LLC—the Delaware corporation registered with the file number 4181161—

---

[28] A Delaware corporation's file number is a unique identifier, similar to a "VIN" number for an automobile. It is the first number listed on the bottom left corner of the attached certificates of good standing. When a Delaware corporation changes its name it retains the same file number.

[29] Originally incorporated as World Avenue, LLC, that entity changed its name to World Avenue Holdings, LLC on August 9, 2006.

changed its name to TheUseful, LLC on September 19, 2006. Id. TheUseful is not a party to this action.

Ferron filed his original complaint in Case No. 322 on May 1, 2006. *Ferron v. VC E-Commerce Solutions, Inc.*, Case No. 2:06-cv-322 (S.D.Ohio) ("Case No. 322") See Case No. 322 at Docket No. 2. On December 20, 2007, Ferron amended his complaint in Case No. 322 and added "Theuseful.com" as a defendant. *See* Case No. 322 at Docket No. 126. TheUseful, which owns the internet domain name, "Theuseful.com," appeared and filed responsive motions.[30]

Ferron did not object to TheUseful's appearance in Case No. 322 before that action was dismissed without prejudice on June 3, 2008.

Ferron did not assert any claims against World Avenue USA or World Avenue Holdings in Case No. 322.

On May 19, 2009, Ferron filed his Complaint in the current action. Ferron's re-filed Complaint names two defendants that he did not sue in Case No. 322, World Avenue USA and World Avenue Holdings. Both of Ferron's lawsuits—Case No. 322 and this one—allege that certain emails that he received from theuseful.com on or before on May 4, 2006 violate OCSPA.

Claims for damages under OCSPA have an absolute two-year statute of limitations. *Bales v. Isaac*, 2nd Dist. No. 2003-CA-99, 2004-Ohio-4677, ¶ 11, citing *Nations Credit v. Pheanis*, 656 N.E.2d 998 (Ohio App. 2 Dist. 1995); *see Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 404, fn. 12 (6th Cir. 1998); *Lloyd v. Buick Youngstown, GMC*, 686 N.E.2d

---

[30] The facts relating to the organization of World Avenue USA, World Avenue Holdings and TheUseful that are set forth in this paragraph and the three which precede it have been verified in Exhibit H, the attached Declaration of Fidel D. Dhana, Vice President of Finance and Corporate Controller of World Avenue Holdings, LLC. Exhibit H also underpins the argument that World Avenue Holdings has never done business in Ohio and is not susceptible to suit here that is contained in Section VI, *infra*.

350, 353 (Ohio App. 7 Dist. 1996); *Cypher v. Bill Swad Leasing Co.*, 521 N.E.2d 1142, 1144 (Ohio App. 10 Dist. 1987).

No discovery rule applies to OCSPA claims. *Price v. EquiFirst Corp.*, 2009 WL 917950, *7 (N.D.Ohio 2009); *Bales*, No. 2003-CA-99, 2004-Ohio-4677 at ¶¶ 12-14; *Nations Credit*, 656 N.E.2d at 1000-01; *Cypher*, 521 N.E.2d at 1144.

The two-year limitations period begins at the time of the "occurrence of the violation which is the subject of suit." Ohio Revised Code § 1345.10(C).

The limitations period for each email that is the subject of this lawsuit began to run on the date the violation allegedly occurred, *i.e.*, when Ferron received it. Ferron's OCSPA claims in this case and in Case No. 322 are based on the content of emails received between October 24, 2005 and May 4, 2006. Therefore, the statute of limitations for each of Ferron's claims expired on May 4, 2008, prior to the dismissal of Case No. 322.

Ohio's savings statute, Ohio Revised Code § 2305.19, allows plaintiffs to re-file an action within one-year if the original action was dismissed without prejudice after the statute of limitations had expired. Ohio's savings statute only applies where the original action and a re-filed action are substantially the same. *Children's Hosp. v. Dept. of Public Welfare*, 433 N.E.2d 187, 189-90 (Ohio 1982). A re-filed action is not substantially the same "when the parties in the original action and those in the new action are different." *Id.*

> [T]here is no authority to subject a party in whose favor the statute of limitations has run to liability in a second lawsuit after dismissing an earlier lawsuit in which that party was neither originally named as a party defendant nor made so by amendment.

*Dietrich v. Widmar*, 8th Dist. No. 85069, 2005-Ohio-2004.

An affiliation or relationship between two defendants does not allow a plaintiff to swap defendants in a re-filed action. For example, in *Children's Hosp. v. Dept. of Public Welfare, supra*, the court dismissed a hospital that had not been sued originally but which was named in the re-filed action, holding that regardless of whether a doctor named in the original action was an agent or employee of the hospital, the savings statute did not allow the plaintiff to name the hospital in the re-filed action. *See also Galli v. State of Ohio Architect's Office*, No. 2002-01977, 2002-Ohio-1718 (Ohio Ct. Cl. 2002). Similarly, the savings statute does not allow a plaintiff to bring a re-filed action against a different defendant even where the defendants share the same address. *Dietrich v. Widmar*, No. 85069, 2005-Ohio-2004 (Ohio App. 8 Dist. 2005) (savings statute does not allow a plaintiff to bring a re-filed action against the husband/owner of the car when the original action was filed against the wife/driver of the car). Shared management between two defendants also does not allow a plaintiff to re-file against a different defendant. *Ralich v. Lowrey*, No. 20859, 2002-Ohio-3408 (Ohio App. 9 Dist. 2002) (savings statute does not allow plaintiff to bring a re-filed action against a different partner in the same firm).

These precedents mandate that this court dismiss Ferron's claims against World Avenue USA and World Avenue Holdings on statute of limitations grounds, Ohio's savings statute notwithstanding. More than three years separate the date Ferron received the most current of the allegedly actionable emails and the commencement of this action (May 4, 2006-May 19, 2009). Those emails allegedly came from the web address "Theuseful.com." Neither World Avenue USA nor World Avenue Holdings has ever owned that website. It is owned by a non-party to this case, TheUseful. Exhibit H.

TheUseful (Del. File No. 4181161), World Avenue USA (Del. File No. 4223730) and World Avenue Holdings (Del. File No. 4168686) are separate entities. All are in good standing

with the state of Delaware. Each was formed on a different date and is separately registered with a unique file number. All were registered with the State of Delaware prior to December 20, 2007 when Ferron amended his complaint in Case No. 322 to include TheUseful. Ferron is a lawyer whose practice seems to focus on alleged OCSPA violations. *See* Exhibit B, *supra*. A sophisticated litigant such as he could have figured out that the company that he sued in Case No. 322 is a different entity than either of the "World Avenue" entities that he sued in this action. And, while Ohio's savings statue might have allowed Ferron to re-file the claims that he brought against TheUseful in Case No. 322, it does not allow him to sue either World Avenue USA or World Avenue Holdings, because (1) they are not TheUseful and (2) Ferron brought this action after May 4, 2008, the date by which the statute of limitations expired.

Accordingly, Ferron's claims against both World Avenue USA and World Avenue holdings should be dismissed with prejudice, for they were filed too late.

### V.   WORLD AVENUE HOLDINGS, LLC IS NOT SUBJECT TO GENERAL OR PERSONAL JURISDICTION IN OHIO

A federal district court may exercise personal jurisdiction over a nonresident defendant if it is "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002)). Many courts have concluded that Ohio's long-arm statute, Ohio Revised Code § 2307.382, authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *In re Telectronics Pacing Systems, Inc.*, 953 F.Supp. 909, 913 (S.D. Ohio 1997); *Nationwide Mutual Ins. Co. v. Tryg Intern. Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996), citing *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988). A court's exercise of personal jurisdiction over a nonresident defendant satisfies due process requirements if the defendant has "minimum

# Exhibit E

# Delaware

PAGE 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT "WORLD AVENUE U.S.A., LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE NOT HAVING BEEN CANCELLED OR REVOKED SO FAR AS THE RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT BUSINESS.

THE FOLLOWING DOCUMENTS HAVE BEEN FILED:

CERTIFICATE OF FORMATION, FILED THE TWENTY-FIRST DAY OF SEPTEMBER, A.D. 2006, AT 11:51 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID LIMITED LIABILITY COMPANY, "WORLD AVENUE U.S.A., LLC".

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN PAID TO DATE.

4223730  8310

090688516

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 7411296

DATE: 07-10-09

# Exhibit F

# Delaware

PAGE 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT "WORLD AVENUE HOLDINGS, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE NOT HAVING BEEN CANCELLED OR REVOKED SO FAR AS THE RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT BUSINESS.

THE FOLLOWING DOCUMENTS HAVE BEEN FILED:

CERTIFICATE OF FORMATION, FILED THE FIRST DAY OF JUNE, A.D. 2006, AT 5:41 O'CLOCK P.M.

CERTIFICATE OF AMENDMENT, CHANGING ITS NAME FROM "WORLD AVENUE, LLC" TO "WORLD AVENUE HOLDINGS, LLC", FILED THE NINTH DAY OF AUGUST, A.D. 2006, AT 3:23 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID LIMITED LIABILITY COMPANY, "WORLD AVENUE HOLDINGS, LLC".

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN PAID TO DATE.

4168676  8310

090688523

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 7411303

DATE: 07-10-09

# Exhibit G

# *Delaware*

PAGE  1

## *The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT "THEUSEFUL, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE NOT HAVING BEEN CANCELLED OR REVOKED SO FAR AS THE RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT BUSINESS.

THE FOLLOWING DOCUMENTS HAVE BEEN FILED:

CERTIFICATE OF FORMATION, FILED THE TWENTY-SIXTH DAY OF JUNE, A.D. 2006, AT 2:14 O'CLOCK P.M.

CERTIFICATE OF MERGER, FILED THE TWENTY-NINTH DAY OF JUNE, A.D. 2006, AT 9:13 O'CLOCK A.M.

CERTIFICATE OF AMENDMENT, CHANGING ITS NAME FROM "WORLD AVENUE U.S.A., LLC" TO "THEUSEFUL, LLC", FILED THE NINETEENTH DAY OF SEPTEMBER, A.D. 2006, AT 2:13 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID LIMITED LIABILITY COMPANY, "THEUSEFUL, LLC".

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN PAID TO DATE.

4181161  8310

090688511

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 7411293

DATE: 07-10-09