# EXHIBIT 24

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| Beyond Systems, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   8:08-cv-00921 PJM |
| | ) | |
| World Avenue USA, LLC et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Maryland          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  TheUseful, LLC, 1613 NW 136TH AVE, SUITE 100, SUNRISE FL 33323
    Serve: CORPDIRECT AGENTS, INC., 515 EAST PARK AVENUE, TALLAHASSEE FL 32301 US

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

SEE ATTACHED DEPOSITION NOTICE AND STATEMENT OF SUBJECT MATTERS.

| Place:  GREENBERG TRAURIG, LLP,<br>    401 East Las Olas Boulevard, Suite 2000<br>    Fort Lauderdale, FL 33301 | Date and Time:<br><br>    10/26/2010 9:30 am |
|---|---|

The deposition will be recorded by this method:   audio, stenographic, and video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE ATTACHED DEPOSITION NOTICE INCLUDING LIST OF DOCUMENTS TO BE PRODUCED.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    09/22/2010

| *CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ Stephen H. Ring |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Beyond Systems, Inc.,
Plaintiff                                                                    , who issues or requests this subpoena, are:
Stephen H. Ring, Esquire
Law Offices of Stephen H. Ring, P.C., 506 Main Street, Suite 215, Gaithersburg, Maryland 20878 301 563 9249

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  8:08-cv-00921 PJM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                   *Server's signature*

                                        _____
                                                   *Printed name and title*

                                        _____
                                                   *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE U.S. DISTRICT COURT FOR MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | * | |
| | * | |
| Plaintiff, | * | Case No. 8:08-cv-00921-PJM |
| | * | |
| v. | * | |
| | * | |
| WORLD AVENUE U.S.A., LLC et al | * | |
| | * | |
| Defendants. | * | |
| | * | |

---

## AMENDED
## PLAINTIFF'S NOTICE OF FRCP 30(b)(6) CORPORATE DEPOSITION

Plaintiff Beyond Systems, Inc. ("BSI"), through counsel, hereby gives notice that it will

depose the deponent(s) named below at the following time, date and location:

| Deponent | Date | Time |
|---|---|---|
| TheUseful, LLC | October 26, 2010 | 9:30 a.m. |

The deposition(s) will be taken at GREENBERG TRAURIG, LLP, 401 East Las Olas

Boulevard, Suite 2000, Fort Lauderdale, FL 33301 and will be recorded stenographically and by

video and/or audio recording, and will be used for discovery, for evidence at trial, and for all

purposes permitted under applicable law and rules of procedure.   This notice is intended to amend

the deposition notice addressed to the same deponent dated December 19, 2009.

The deposition(s) will continue from day to day until finished.  In the event of adjournment

or rescheduling by agreement or court order, this notice and all related subpoenas shall remain in

full force and effect except as modified by such agreement or order.  Deponents are to provide

designee(s) with the most knowledge of the Subject Matters listed below, to testify on their behalf.

Deponents shall produce at or before the deposition, the materials requested in the document

section below.

## DEFINITIONS

The following definitions apply:

1:   **AFFILIATE(s)** means anyone who promotes or markets products of another in return for a bonus, commission or any other compensation, or to drive traffic to a website; or a network of such persons.

2:   **AGENT(s)** means a PERSON or entity who performs any act for the benefit of another and is subject to the other's direction or control.

3:   **ASSOCIATED ENTITY** means any subsidiary; any parent entity; any successor in interest; any precursor by merger, name change or by any means; entities sharing two or more officers or directors; any entity sharing at least one officer and one director with YOU; any entity whose majority ownership is controlled either directly or indirectly by the same persons who hold majority ownership of YOU; any entity whose day-to-day operations are directed or conducted by the same persons who direct YOUR day-to-day operations; and any entity sharing the same street address, email address, web address or other Internet address with YOU.

4:   **BULK EMAILEMAILERS** means Alan Ralsky, Scott Richter, OptinRealBig.com, Sebastian Barale, MailcompanyX, Inc., Internet Endeavors, Inc., Brainpower Group, Inc., James Sposato, Planetreveue, Inc., Jean-Pierre Gagne, Yair Shalev Szlaifer, NEC Group, Inc., LT Technologies, Inc., Scott Mueller, Acceleratebiz, Incorporated, any AFFILIATE and any AGENT of or collaborator with such persons, and any AFFILIATE and any AGENT of or collaborator with WORLD AVENUE COMPANIES.

5:   **COMMERCIAL EMAILEMAIL** means electronic mail that promotes PRODUCTS for sale, lease, rental, exchange, gift offer, or other disposition, or is initiated for the purpose of such promotion.

2

6:     **COMMUNICATION** means the transmittal of information by any means.

7:     **COMPUTER** means any electronic device capable of storing or transmitting data via automated means, or any machine capable of manipulating data according to a set of instructions.

8:     **DATA** means information of any type, and includes all types of electronic files, records and communications.

9:     **DESCRIBE** means to give a full and detailed written account by providing all facts relevant to the topic at issue.

10:    **DOCUMENT** is synonymous in meaning and equal in scope to the term, "document," as used in Fed. R. Civ. P. 34(a) and includes "writings" as defined below. The terms "writings," "recordings," and "photographs" are equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document." Production of documents shall include all responsive documents in your possession, custody or control. Any responsive documents that were created, manipulated and/or stored in an electronic format shall be produced in their original electronic form along with a detailed description of the files produced. Documents are to be produced in their Native form with meta-data included.

11:    **EMAILS CLAIMED** means the COMMERCIAL EMAIL messages that were part of any campaign promoting YOUR business, sent to Plaintiff or received by Plaintiff. **EMAILS CLAIMED** includes emails from YOU, from any of your AFFILIATED ENTITIES, from YOUR contractors, sub-contractors, advertisers, AGENTS, ad networks, AFFILIATES, publishers, and/or vendors, and from anyone promoting YOUR business, since July 20, 2004, up

3

to the present day, and continuing up to and including the date of the entry of any final, non-appealable judgment.

11.    **ESI** means electronically stored information, and shall be interpreted broadly to include all data and information of any type that has been stored in any electronic format on any medium designed or used for the storage of data. **ESI SUBJECTS** shall mean the creation, preservation, management and/or control of **ESI**, as well as the content of the ESI.

12:    **IDENTIFY,** when referring to DOCUMENTS, means to state (i) the type of document; (ii) its general subject matter; (iii) the date on which the document was created; and, (iv) the author(s), addressee(s), and recipient(s) or, alternatively, to produce the document in accord with applicable rules of procedure.

13:    **IDENTIFY** when referring to PERSONS, means to state (i) a natural person's full name, present or last known address, employment title, alphanumeric code or nickname (such as an affiliate identifier or referrer identifier), and the present or last known place of employment; (ii) an entity's complete legal business name; and (iii) the last known business phone numbers, address, and (iv) for an entity, identification of its principals officers and managing agents.

14:    **INTERNET ADVERTISING** means the marketing, advertising or promotion of a PRODUCT via the Internet, and shall be construed to include COMMERCIAL EMAIL.

15:    **LEAD GENERATION** means the process of obtaining names and addresses of prospective or actual customers for products and services.

16:    **LEAD GENERATION CAMPAIGN** means the disbursement, distribution or transmissions of multiple commercial email messages containing substantially similar

4

advertisements or promoting substantially similar PRODUCTS, for the purpose of lead generation.

17:     **PROMOTIONAL CAMPAIGN** means the disbursement, distribution or transmission of advertisements via the Internet, containing substantially similar advertisements or promoting substantially similar PRODUCTS.

18:     **MANAGEMENT** shall mean direction, control and/or supervision of data, data systems, computer systems, organizations, groups of persons, or individual human beings.

19:     **PARTY** means a party to this suit.

20:     **PERSON** means any natural person, business entity, legal entity or governmental entity or association, and includes all forms of corporations, limited liability companies, partnerships and unincorporated associations.

21:     **PRODUCT(s)** means products and services offered or sold by YOU or by others, that generate revenue to YOU or for YOUR benefit; as well as subscriptions or offers intended to generate sales that directly or indirectly result in revenue to YOU.

22:     **PROMOTIONAL CAMPAIGN** means the dissemination, redirection or publication of information that promotes products or services.

23:     **RELATE, RELATES, RELATING, or RELATED** means pertaining to, referring to, or connected with in any way, and is to be construed broadly. DOCUMENTS that relate to a particular subject are DOCUMENTS that mention, describe, constitute, discuss, memorialize, refer to, reflect, depict, illustrate, evidence, or constitute in any way, directly or indirectly, the specified subject.

24:     **SPONSOR(s)** means any PERSON who has paid or agreed to pay YOU or WORLD AVENUE COMPANIES a bonus, commission or any other compensation RELATING

5

to the promotion or marketing of products or services, COMMERCIAL EMAIL, INTERNET
ADVERTISING or LEAD GENERATION.

25:  **WORLD AVENUE COMPANIES** means World Avenue USA, LLC, any entity
trading as "World Avenue," any entity trading as "The Useful," any entity trading as "Bravatas,
LLC" or "Bravatas LLC," The Useful, LLC, World Avenue Holdings, LLC,  Niupercent, Inc.,
Net Radiance, LLC,  World Avenue Management, Inc., World Avenue IP, LLC, World Avenue,
LLC, Apercent, LLC,  Jinius Corporation, Intrepid Investments, LLC, Q Interactive, Inc., Vente,
Inc., Bristol Interactive, LLC, any entity trading as Kitara Media, World Avenue (Bermuda)
Limited Corp., Infrastructure International Limited Corp., World Avenue Services, LLC, Gift
Reward Center, LLC, Magnacent, LLC, Warwick Interactive, LLC, Q Holdings, Inc., Magdalen
Holdings, Inc., Right Mail Marketing, LLC, Vente Holdings, Inc., Postmaster Direct,
ThruChannel, LLC, Niutech, LLC, Ji Holdings, LLC, any entity trading as LAD Express, and
any entity trading as IAD Express.

26:  "World Avenue USA, LLC" includes the entity by that name that has used
Federal Tax Identification Number 26-0004483 and the entities by that name referenced in
documents WAH0011 – 15; at Docket Entries 34-22 and 109-18; in documents BSI SOS 1-7 and
51; in the merger documents at BSI SOS 81; the entity by that name that was the successor of
NiuTech, LLC by merger as indicated in BSI SOS 81 – 85; and the entity that changed its name
to "The Useful, LLC" as shown in documents BSI SOS 91-92.

27:  "NiuTech, LLC" includes the entity by that name that was formed in 2002 and the
entity that was merged into World Avenue USA, LLC in 2006 as indicated in BSI SOS 81 – 85.

28:      "The Useful, LLC" includes the entity that has used Federal Tax Identification Number 26-0004483 and the entity identified as having changed its name from "World Avenue USA, LLC" to "The Useful, LLC" as shown in documents BSI SOS 91-92.

29:      "Niupercent, Inc." includes the entity by that name that was the successor of Apercent, Inc. by merger as shown in BSI SOS 45-47.

30:      **YOU and YOUR** means the deponent, including all **AGENTS, ASSOCIATED ENTITIES, AFFILIATES,** predecessors, successors, assignees, and subsidiaries, and when applied to DOCUMENTS, DATA, or knowledge, further includes those items in the possession or control of YOUR attorneys, accountants, representatives, corporate affiliates, and/or anyone over whom YOU had control during the relevant time period.

31:      The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

32:      The **relevant time period** is from January 1, 2004 to the present, unless otherwise specifically indicated.

All other words used below have the definitions given in the Amended Complaint, or if not so defined, the meanings customarily applied in normal usage.

## SUBJECT MATTERS

### a. Corporate Structure

1. The corporate structures, histories and functions of YOU and each of the WORLD AVENUE COMPANIES, including formation, mergers, name changes, ownership, and management and control, from date of formation to the present.

2. The sharing or provision of officers, directors, members, employees, physical equipment, software, physical premises, physical property, intellectual property, trade names, domain names, street addresses, email addresses, web addresses, IP addresses, other Internet addresses, electronic equipment, storage media, onsite or off-site services, financial services, or assets of any type, between and among the WORLD AVENUE COMPANIES.

3. Functions and services performed by YOU and each of the WORLD AVENUE COMPANIES.

4. The access to and transfer of documents and data between or among YOU and the WORLD AVENUE COMPANIES, including such transfers related to mergers.

5. The preservation or destruction of documents that have been in the possession, custody or control of YOU or the WORLD AVENUE COMPANIES and are relevant to any complaint, litigation or government investigation in which YOU or the WORLD AVENUE COMPANIES have been involved.

### b. Promotional and Lead Generation Campaigns

6. All PROMOTIONAL CAMPAIGNS and LEAD GENERATION CAMPAIGNS that YOU or any WORLD AVENUE COMPANY managed, assisted, participated in or have knowledge of, including those that included or resulted in the EMAILS CLAIMED.

7. All PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS designed or intended to generate revenues for YOU or for any WORLD AVENUE COMPANY either directly or indirectly, including those that included or resulted in the EMAILS CLAIMED.

8

8.     All COMMERCIAL EMAIL that was or is part of any PROMOTIONAL CAMPAIGN or LEAD GENERATION CAMPAIGN described in the preceding subject matters.

9.     All AFFILIATES, AGENTS, BULK EMAILERS, publishers, SPONSORS, advertisers, vendors or anyone RELATED to any PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS, including campaigns that included or resulted in the EMAILS CLAIMED.

10.    All AFFILIATES, AGENTS, BULK EMAILERS, publishers, SPONSORS, advertisers, vendors or anyone who have initiated or assisted in the transmission of emails as part of any PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS, including campaigns that included or resulted in the EMAILS CLAIMED.

11.    Any complaint, response, opt-out request, inquiry or investigation RELATING TO COMMERCIAL EMAIL or RELATING TO BULK EMAILERS, received by YOU or WORLD AVENUE COMPANIES, and all responses.

12.    All landing pages to which emails that were in PROMOTIONAL or LEAD GENERATION CAMPAIGNS linked, including those campaigns that included or resulted in the EMAILS CLAIMED, and all landing pages to which the EMAILS CLAIMED linked.

13.    All websites which YOU or any WORLD AVENUE COMPANY have owned, operated, controlled, relied upon, copyrighted, or in which YOU or a WORLD AVENUE COMPANY have held a financial interest, either directly or indirectly, including landing pages that were linked to the EMAILS CLAIMED.

14.    The ad copy, creatives and templates RELATING to emails in any PROMOTIONAL or LEAD GENERATION CAMPAIGN that included or resulted in the EMAILS CLAIMED, including any such materials used in the "To:" lines, "From:" lines,

9

"Subject:" lines, or message bodies of such emails, email templates in HTML and text formats, and images embedded or referenced in such emails.

15.     All creative artwork and advertising work including template emails, graphics, images, any other HTML, landing pages and ad copy, used in PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS RELATED to YOU or any WORLD AVENUE COMPANY, including all such material in the EMAILS CLAIMED.

16.     Access to creatives or any other content offered by YOU or any other WORLD AVENUE COMPANY or its AGENT, in connection with PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS.

17.     The use of UPS stores or private mail boxes for addresses that appear in emails or domain name registrations relating to any PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS RELATED TO YOU or any WORLD AVENUE COMPANY, including all such addresses displayed in the EMAILS CLAIMED.

18.     Contracts of any description or type relating to any PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS.

19.     Payment of commissions or compensation related to PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS.

20.     Complaints about unwanted emails or their content RELATED to any PROMOTIONAL CAMPAIGN or LEAD GENERATION CAMPAIGN, and complaints about emails in any such campaigns that included or resulted in the EMAILS CLAIMED.

21.     Opt-out requests related to emails in any PROMOTIONAL CAMPAIGN or LEAD GENERATION CAMPAIGN that included or resulted in the EMAILS CLAIMED.

22.     All responses by YOU, any WORLD AVENUE COMPANY, or any of YOUR

AGENTS, AFFILIATES and/or ASSOCIATED ENTITIES, via email or the Internet, to any of

the complaints or opt-out requests referenced in the preceding two subject matters.

23.     COMMUNICATIONS between YOU any anyone relating to PROMOTIONAL

CAMPAIGNS or LEAD GENERATION CAMPAIGNS, including campaigns that included or

resulted in the EMAILS CLAIMED.

24.     Identification of all PERSONS who may have knowledge of the subject matters

described in this list.

25.     Identification of all PERSONS who participated in the creation of content for any

of PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS RELATED to

YOU or any WORLD AVENUE COMPANY, including all such campaigns that included or

resulted in the EMAILS CLAIMED.

26.     All facts pertaining to the initiation or assistance in the transmission of

commercial emails from a computer located in Florida as part of PROMOTIONAL

CAMPAIGNS or LEAD GENERATION CAMPAIGNS, including all such campaigns that

included or resulted in the EMAILS CLAIMED, and any assistance rendered in connection with

the transmission of such emails.

### c. Domain Names; Trade Names

27.     Identification, registration, use and ownership of the trade names, domain names,

IP addresses and URL's used in PROMOTIONAL CAMPAIGNS or LEAD GENERATION

CAMPAIGNS RELATED to YOU or any WORLD AVENUE COMPANY, including those

campaigns that included or resulted in the EMAILS CLAIMED.

11

28.     Identification, use and ownership of the trade names, domain names, IP addresses and URL's used in or on landing pages in PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS that generated revenues for YOU or any WORLD AVENUE COMPANY, including those campaigns that included or resulted in the EMAILS CLAIMED.

29.     Names, addresses and any other contact information YOU have used in the Whois registration of domain names used in PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS RELATED to YOU or any WORLD AVENUE COMPANY, for the owner, administrative, technical or billing identities, and the dates of such use.

30.     YOUR authority, direction, control, management and right to exercise control, over PERSONS, AGENTS, or ASSOCIATED ENTITIES who have participated in PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS, including those campaigns that included or resulted in the EMAILS CLAIMED, and have generated revenues to YOU or any WORLD AVENUE COMPANY, either directly or indirectly.

### d. Operations

31.     Policies and procedures for PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS RELATED to YOU or any WORLD AVENUE COMPANY, either directly or indirectly.

32.     Oversight of PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS RELATED to YOU or any WORLD AVENUE COMPANY, either directly or indirectly.

33.     Sales taxes owed or paid to the State of Maryland by YOU or by any WORLD AVENUE COMPANY that participated in PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS.

12

34.    Any use by PERSONS in Maryland of any trade names or domain names RELATED to YOU or any WORLD AVENUE COMPANY.

35.    The conduct of YOU or of any WORLD AVENUE COMPANY as an online distribution center or management center for incentive awards.

36.    The use of, or reliance on, bulk commercial email by YOU or by any WORLD AVENUE COMPANY, or any AGENT, AFFILIATE or PUBLISHER, to market PRODUCTS.

37.    Business models and commission tracking and payment systems for any PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS that have generated revenues to YOU or any WORLD AVENUE COMPANY, either directly or indirectly.

38.    Services provided by interactive computer service providers in connection with the activities described in this list of Subject Matters.

39.    The reliance on or use of false or misleading information as to origin and/or transmission path, false or misleading subject lines, and false HELO parameters,  in emails that were part of any PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS RELATED to YOU or any WORLD AVENUE COMPANY, either directly or indirectly.

40.    The use of fictitious, false, non-existent or proxy registrant names for the registration of domain names, by YOU and by any WORLD AVENUE COMPANY.

41.    The identification and roles of all PERSONS who have participated in any PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS that have generated revenues to YOU or to any WORLD AVENUE COMPANY, either directly or indirectly.

42.    The creation, maintenance, management and contents of all DOCUMENTS or data relating to any PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS

that have generated revenues to YOU or any WORLD AVENUE COMPANY, either directly or indirectly.

43.     The creation, maintenance, management and contents of all databases and/or software related to the sale of PRODUCTS offered by YOU or any WORLD AVENUE COMPANY, and any offers of "free" PRODUCTS by YOU or any WORLD AVENUE COMPANY, through the use of emails having the same advertising content as the EMAILS AT ISSUE.

44.     The location and accessibility of all records containing information described in this list of Subject Matters, regardless of whether such records are readily accessible, and identification of the custodians of all such records.

### e. Other

45.     The process by which YOU examined YOUR records, including the records of AGENTS, AFFILIATES, SPONSORS and/or ASSOCIATED ENTITIES, to determine whether YOU have possession or control over any materials or information requested by Plaintiff in discovery in this case.

46.     Any prior consent from Plaintiff or any other PERSON, to the receipt of emails that were part of any PROMOTIONAL CAMPAIGNS or LEAD GENERATION CAMPAIGNS RELATED to YOU or any WORLD AVENUE COMPANY, either directly or indirectly, including those campaigns that included or resulted in the EMAILS CLAIMED.

47.     Any efforts undertaken by YOU or by any WORLD AVENUE COMPANY to avoid the transmission of COMMERCIAL EMAIL containing false origin, path of transmission, or subject line information.

48.     All information contained in any documents YOU or WORLD AVENUE COMPANIES have received from anyone in discovery in this suit, including documents received via subpoena.

49.     Participation by YOU and by any WORLD AVENUE COMPANY in any of the conduct, actions, events and transactions described in each of the preceding paragraphs.

50.     The subjects of all discovery requests and subpoenas propounded by Plaintiff to any party or non-party in this suit.

## DOCUMENTS TO BE PRODUCED

1.     All documents that RELATE to the subject matters listed above.

2.     All documents that RELATE to participation by YOU or WORLD AVENUE COMPANIES in any of the conduct, actions, events and transactions described in each of the subject matters described above.

3.     All documents previously requested in document requests from Plaintiff that have not yet been produced.

_____/s/_____                                September 22, 2010
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249
Facimile: 301-563-9639

15

_____/s/_____
Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*