# EXHIBIT 25

**IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION**

BEYOND SYSTEMS, INC., )
)
Plaintiff, )
v. ) Case No.PJM 08 cv 0921
)
WORLD AVENUE USA, LLC, et al. )
)
Defendants. )
)

**WORLD AVENUE U.S.A., LLC'S AMENDED AND SUPPLEMENTAL CONFIDENTIAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES[1]**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 104 (6) of the Local Rules of the United States District Court for the District of Maryland, Defendant WORLD AVENUE USA, LLC ("WAUSA") hereby provides its Amended and Supplemental Answers to Plaintiff Beyond Systems, Inc.'s ("BSI") First Set of Interrogatories, as follows:

---

[1] The Interrogatory Answers are marked "Confidential" where subject to the Confidentiality Order and indicated by a Black Strike-Through where the Confidential Information is Disclosed.

**CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.**

82. All intended or actual recipients of WAUSA deposition and document subpoenas and all third party recipients of BSI's deposition or document subpoenas or targeted deponents of BSI.

83. Discovery is ongoing and WAUSA reserves the right to amend and/or alter this list as it reviews the E-MAILS AT ISSUE.

**Interrogatory Number 2:**

**IDENTIFY all PERSONS (including, but not limited to, any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, vendor and/or YOU) who participated or benefited in any fashion from the EMAILS AT ISSUE, which shall include the creation, sending, marketing, advertising and customer service of those same e-mails.**

**Response to Interrogatory No. 2**

**Objections:**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 21, 2006, and it is impossible to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of

evidence or investigation that should have been preserved by Plaintiff.

WAUSA further objects insofar as BSI objected to identifying which parties sent the EMAILS AT ISSUE upon which it sues, and therefore, prevented WAUSA from answering this Interrogatory. BSI stated in its Interrogatory Answers: "BSI states that it has not completed its investigation of the participants behind each of the EMAILS AT ISSUE, and awaits discovery from Defendant."

WAUSA further objects to the vague and ambiguous nature of the phrase "benefited in any fashion" from the EMAILS AT ISSUE.

WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 21, 2006, and its officers, directors, employees, agents, representatives, and attorneys.

WAUSA further objects to any requirement to identify any subcontractor, advertiser, ad network, affiliate, publisher, vendor to the extent that such information is not in its possession or control.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send commercial e-mail on behalf of WAUSA.

However, WAUSA has access to a Legacy Database which maintains records of each e-

Therefore, WAUSA did not enter into any contracts or agreements with any Person relating to the E-Mails At Issue.

**Interrogatory Number 4:**

**DESCRIBE any and all compensation that YOU paid, agreed to pay, received, or are expected to receive, RELATING to the EMAILS AT ISSUE. YOUR response shall include information sufficient to IDENTIFY the payor and/or payee; the date such payment was made or received or expected to be made or received; the amount of compensation; and identifying information for the INTERNET ADVERTISING Campaign, RELATED to each EMAIL AT ISSUE.**

**Response to Interrogatory No. 4**

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 21, 2006, and it is impossible to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of

evidence or investigation that should have been preserved by Plaintiff. WAUSA incorporates by reference the Declaration of Jeff Richard that substantiates the burden.

WAUSA further objects insofar as BSI objected to identifying which parties sent the EMAILS AT ISSUE upon which it sues, and therefore, prevented WAUSA from answering this Interrogatory. BSI stated in its Interrogatory Answers: "BSI states that it has not completed its investigation of the participants behind each of the EMAILS AT ISSUE, and awaits discovery from Defendant."

WAUSA further objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 21, 2006, and its officers, directors, employees, agents, representatives, and attorneys.

WAUSA further objects to any requirement to identify any payee to the extent that such information is not in its possession or control.

WAUSA objects to that portion of this Interrogatory requiring information concerning INTERNET ADVERTISING insofar general INTERNET ADVERTISING is not at issue in this case, only the EMAILS AT ISSUE.

WAUSA further objects to this Interrogatory as seeking irrelevant information not reasonably calculated to lead to the discovery of admissible evidence insofar as Plaintiff is seeking statutory damages.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the

transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendor vendors to send commercial e-mail on behalf of WAUSA.

However, WAUSA has access to a Legacy Database which maintains records of each e-mail address to which an e-mail communication was transmitted as part of a commercial e-mail campaign by the Sister Company. WAUSA compared the contents of the Legacy Database to the e-mail address recipients of the E-Mails At Issue. None of the e-mail addresses in the Legacy Database matched any of the e-mail addresses in the E-Mails At Issue. Because the email addresses in the EMAILS AT ISSUE are not in the Legacy Database, none of the E-Mails At Issue could have been transmitted by any IP Address owned by WAUSA. For the same reason, none of the E-Mails At Issue could have been transmitted from a Sister Company.

Accordingly, based on this investigation, WAUSA and no other Sister Company to WAUSA transmitted the E-Mails At Issue. Moreover, WAUSA did not, and based on this investigation, and to the best of WAUSA's knowledge, no other Sister Company or parent company of WAUSA received or paid any compensation as a result of any of the E-Mails At Issue.

Therefore, WAUSA did not enter into any contracts or agreements with any Person relating to the E-Mails At Issue, and therefore, WAUSA did not pay, agree to pay, receive, or expect to receive any funds relating to the E-Mails At Issue.

**Interrogatory Number 5:**

**DESCRIBE with particularity the various methods by which a PERSON who received COMMERCIAL E-MAIL from YOU (or an entity controlled, run, operated, or**

**paid by YOU) since January 1, 2004, could contact YOU directly or indirectly to either opt out, unsubscribe, make a claim, complaint, or comment regarding the COMMERCIAL E-MAIL. If you contend that a contractor, customer, or other entity received such COMMUNICATIONS on YOUR behalf, IDENTIFY the PERSON responsible for handling those COMMUNICATIONS, and when they handled such duties.**

**Response to Interrogatory No. 5**:

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 21, 2006, and it is impossible to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff. WAUSA incorporates by reference the Declaration of Jeff Richard that substantiates the burden.

WAUSA objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the

process opt out requests, unsubscribe requests, claims, complaints, or comments and WAUSA does not hire persons who are responsible to track the opt-out requests, unsubscribe requests, claims, complaints, notice of violations and/or lawsuits from recipients of WAUSA's commercial e-mail because WAUSA does not transmit commercial e-mail.

WAUSA does have knowledge of some of the systems of its Sister Companies. Generally, claims, complaints, and lawsuits are handled by the Legal Department, which is contractually serviced by WAUSA's server located at 1613 N.W. 136th Avenue, Sunrise, Florida 33323. Lawsuits are contained in the Legal Department's privileged files at 1613 N.W. 136th Avenue, Sunrise, Florida 33323. Customer inquiries for email campaigns by a Sister Company are contained in the possession of the Customer Service Department of the Sister Company at 1613 N.W. 136th Avenue, Sunrise, Florida 33323. WAUSA is aware that opt-out requests and unsubscribe requests to the Sister Company are handled by an automated process of the Sister Company. WAUSA is aware that claims, complaints, and notices of violation and lawsuits are handled by the Legal Department of the Sister Company. WAUSA is aware that it is also possible that complaints to the Sister Company are referred to the Compliance Department of the Sister Company. WAUSA is also aware that the Sister Company retains Lashback for e-mail monitoring purposes, including unsubmonitor and brandalert. In addition to Lashback, WAUSA is aware that the Sister Company uses E-Mail Analyst for e-mail monitoring services.

**Interrogatory Number 8:**

**IDENTIFY and DESCRIBE with particularity any action taken by YOU to detect, track, prevent, investigate, disqualify, reduce and/or eliminate abusive conduct by YOUR**

**contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, and/or vendors in connection with COMMERCIAL E-MAIL or INTERNET ADVERTISING.**

**Response to Interrogatory No. 8**

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 21, 2006, and it is impossible to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff. WAUSA incorporates by reference the Declaration of Jeff Richard that substantiates the burden.

WAUSA objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 21, 2006, and its officers, directors, employees, agents, representatives, and attorneys.

WAUSA further objects to any discovery that exceeds the scope of the E-MAILS AT ISSUE insofar as the general COMMERCIAL E-MAIL or INTERNET ADVERTISING of Defendants is not at issue, only the E-MAILS AT ISSUE.

WAUSA further objects to the vague and undefined term "abusive."

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendor vendors to send commercial e-mail on behalf of WAUSA.

As such, WAUSA does not specifically take actions to detect, track, prevent, investigate, disqualify, reduce and/or eliminate abusive conduct by its contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, and/or vendors because it has no such persons.

WAUSA, however, is aware of actions taken by one of its Sister Companies to detect, track, prevent, investigate, disqualify, reduce and/or eliminate abusive conduct by its contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, and/or vendors. Those systems include the fact that one of its Sister Companies that engaged in the business of commercial e-mail complied with the CAN-SPAM Act and other laws in any campaign sponsored by it by, among other things maintaining an address for unsubscribe links; maintaining checks to identify affiliates prior to first contracting with affiliates; maintaining a "vetting" process for new affiliates; providing training on CAN-SPAM and other laws; hiring personnel who are familiar with laws; providing "suppression files" of e-mails that have opted-out of campaigns;

maintaining a compliance ticket system; implementing economic disincentives to violations; maintaining an Acceptable Use Policy outlining what is permissible; entering into terms and conditions in commercial contracts outlining what is permissible; maintaining a DomainTools account; using seeded e-mails to monitor commercial e-mail; reacting to consumer inquiries and complaints; requiring publishers to electronically re-confirm their compliance with key guidelines and laws at the inception of each campaign; requiring downloading of suppression files within seven (7) days of any delivery; maintaining and investigating previously identified offending parties who attempt to jump from publisher to publisher; distributing global notices to all publishers concerning previously identified offending parties who attempt to jump from publisher to publisher; handling complaints from SpamCop and ISP's; terminating or disciplining the offending parties involved in violations, investigating complaints, educating others, and maintaining an address for receipt of customer complaints and responding to customer complaints. WAUSA is also aware that one of its Sister Companies contracted for services rendered by Gift Reward Center, LLC, 1613 N.W. 136th Avenue, Sunrise, Florida 33323, since on or about approximately April 2005, for the handling of customer inquiries. WAUSA is also aware that a Legal Department at 1613 N.W. 136th Avenue, Sunrise, Florida 33323, handles customer complaints. WAUSA is also aware that one of its Sister Companies that has engaged in the business of commercial e-mail has contracted with LashBack and E-Mail Analyst for the purpose of monitoring commercial e-mail activities. WAUSA is also aware that one of its Sister Companies that has engaged in the commercial e-mail business has a Compliance Department at 1613 N.W. 136th Avenue, Sunrise, Florida 33323, that monitors,

reports, and enforces the Acceptable Use Policy of the Sister Company. WAUSA is aware that the Compliance Department of the Sister Company employed individuals with experience in staffing abuse desks at major ISP's. In addition, there are other methods that are confidential and proprietary.

**Interrogatory Number 9:**

**IDENTIFY and DESCRIBE with particularity the circumstances and procedures by which YOU have issued warnings or termination notices to any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor with whom YOU entered into an agreement for INTERNET ADVERTISING, beginning in January 1, 2004 to the present.**

**Response to Interrogatory No. 9**

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 21, 2006, and it is impossible to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of

As to Sections marked Objections:

Greenberg Traurig, P.A.

______________________________

As to Sections marked Answer:

WORLD AVENUE USA, LLC

By: ______________________________
Its: ______________________________

STATE OF FLORIDA )
) ss.:
COUNTY OF BROWARD )

The foregoing instrument was acknowledged before me this 26th day of October, 2010 by CHAD D SCHLOTTER, as authorized agent of WORLD AVENUE USA, LLC. He/she is personally known to me or has produced ______________________________ as identification.

Notary: ______________________________
Print Name: STACY SIMMONS
Notary Public, State of FLORIDA
My commission expires: March 21, 2014

NOTARY SEAL

STACY SIMMONS
MY COMMISSION # DD969591
EXPIRES March 21, 2014
(407) 398-0153 FloridaNotaryService.com

**CONFIDENTIAL INFORMATION UNDER CONFIDENTIALITY ORDER DESIGNATED BY BLACK STRIKE-THROUGH.**