# EXHIBIT 27

## IN THE U.S. DISTRICT COURT FOR MARYLAND,
## SOUTHERN DIVISION

BEYOND SYSTEMS, INC.,                )
                                     )
    Plaintiff,             )
    v.                     )        Case No.PJM 08 cv 0921
                                     )
WORLD AVENUE USA, LLC, et al. )
                                     )
    Defendants.            )
_____ )

## WORLD AVENUE U.S.A., LLC'S AMENDED AND SUPPLEMENTAL ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 104 (6) of the Local Rules of the United States District Court for the District of Maryland, Defendant WORLD AVENUE USA, LLC ("WAUSA") hereby provides its amended and supplemental answers and objections to Plaintiff Beyond Systems, Inc.'s ("BSI") Second Set of Interrogatories, as follows:

## INTERROGATORIES

**Interrogatory Number 1:**

Identify all documents produced by you to the Office of the Attorney General Office of Legal Affairs for the State of Florida, in <u>Office of the Attorney General vs. World Avenue U.S.A., LLC successor by merger to Niutech, LLC, et al</u>, Case No. 07-00927-MB-CA-09 (Palm Beach County Circuit Court).

**Response to Interrogatory No. 1**

    **Objections**

WAUSA objects to this Interrogatory on the grounds that it is overbroad and calls for information not relevant and reasonably calculated to lead to the discovery of admissible

*Confidential pursuant to the Confidentiality Agreement*

named Defendant in this lawsuit formed on September 21, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

### Answer:

Subject to and without waiving these objections, WAUSA is producing the docket of the case, which shows that the case was resolved before any document requests were served and responded to by the Defendant. Accordingly, there are no responsive documents and no information to provide.

## Interrogatory Number 4:

Identify all documents, including email, sent to Defendant Niuniu Ji by you referring or relating to the Emails at Issue.

## Response to Interrogatory No. 4

### Objections

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 21, 2006, and it is impracticable to ask WAUSA to respond to discovery concerning information pre-dating its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

*Confidential pursuant to the Confidentiality Agreement*

WAUSA further objects to the definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 21, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

To the extent that this Interrogatory seeks emails that post-date the filing of this lawsuit, WAUSA objects on the grounds said communications are subject to a claim of privilege, including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. Further, WAUSA objects on the grounds that this requests seeks information regarding a non party to this litigations and is a "fishing expedition."

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-commercial e-mail on behalf of WAUSA. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf.

Any information and documents post dated the filing of this lawsuit would be covered by the attorney client privilege and work product doctrine.

WAUSA refers BSI to the production of documents responsive to this Interrogatory and the Request for Production of Documents.

**Interrogatory Number 5:**

Identify all documents, including email, sent by Defendant Niuniu Ji to you regarding the Emails at Issue.

*Confidential pursuant to the Confidentiality Agreement*

**Response to Interrogatory No. 5:**

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 21, 2006, and it is impracticable to ask WAUSA to respond to discovery concerning information pre-dating its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff.

WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 21, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

To the extent that this Interrogatory seeks emails that post-date the filing of this lawsuit, WAUSA objects on the grounds said communications are subject to a claim of privilege, including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.

**Answer:**

Subject to and without waiving these objections, WAUSA refers BSI to the production of

*Confidential pursuant to the Confidentiality Agreement*

documents responsive to the Interrogatory and the Request for Production of Documents.

**Interrogatory Number 6:**

Describe the purpose of the Compliance Guidelines, who administers it currently, who administered it previously, and who is responsible for its oversight both currently and since January 1, 2004?

**Response to Interrogatory No. 6**

**Objections**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 21, 2006, and it is impracticable to require WAUSA to respond to discovery concerning information pre-dating its existence. WAUSA further objects to this Interrogatory on the grounds that it is vague and ambiguous on the grounds it does not identify "Compliance Guidelines" with particularity, it is vague, and WAUSA does not understand the request. WAUSA further objects on the grounds that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. WAUSA further objects that the Compliance Guidelines to which BSI refers are those of a Sister Company and not those of WAUSA.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA does not contract with outside sponsors, contractors, sub-contractors, advertisers, ad networks, affiliates, publishers, or vendors to send e-commercial e-mail on behalf of WAUSA. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf.

WAUSA avers that it does not administer "Compliance Guidelines" as part of its business.

*Confidential pursuant to the Confidentiality Agreement*

Notwithstanding, WAUSA has some knowledge of the business of a Sister Company. WAUSA understands that a Sister Company created certain guidelines for marketing of electronic mail. WAUSA understands that the purpose of guidelines was to ensure that electronic mail marketing met legal and best practices standards. WAUSA understands that the Compliance Department is responsible for the enforcement and monitoring of the guidelines.

**Interrogatory Number 7:**

Describe the basis of your contention in Paragraph 7 of the Respondent's Answer to Petition to Compel Compliance filed in <u>Office of the Attorney General vs. World Avenue U.S.A., LLC successor by merger to Niutech, LLC, et al</u>, Case No. 07-00927-MB-CA-09 (Palm Beach County Circuit Court) admitting that "Ji indirectly owns, manages, or controls World Avenue."

**Response to Interrogatory No. 7**

**Objections.**

WAUSA objects to this Interrogatory on the grounds that it is vague and calls for information subject to the attorney-client privilege and work product doctrine.

**Answer:**

Subject to and without waiving the foregoing objection, WAUSA avers: WAUSA is a wholly-owned subsidiary of World Avenue Holdings, LLC. World Avenue Holdings, LLC is a subsidiary of World Avenue Management Inc. Niuniu Ji is a member of World Avenue Management, LLC. WAUSA incorporates by reference its prior answers, including, but not limited, to Interrogatory 15 of Plaintiff's First set of Interrogatories and refers Plaintiff to the documents produced in response thereof pursuant to Rule 33 of the Federal Rules of Civil Procedure. WAUSA has no responsive information to this Interrogatory beyond what it

*Confidential pursuant to the Confidentiality Agreement*

**Interrogatory Number 26:**

Identify all documents, including communications, relating to suspected or actual deception, falsity or fraud in advertising or email.

**Response to Interrogatory No. 26**

**Objections.**

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 21, 2006, and it is impracticable to require WAUSA to respond to discovery concerning e-mails transmitted pre-dating its existence.

Moreover, WAUSA further objects to the oppressive and burdensome nature of this Interrogatory which, even if limited to the period subsequent to WAUSA's formation would nevertheless require substantial hours of investigative work, a burden further heightened by Plaintiff's own intentional and/or negligent failure to preserve evidence. In the alternative, in the event that the Court rules that WAUSA must respond to the discovery requests, as a result of Plaintiff's conduct and the oppressive burden created as a result, WAUSA specifically requests cost-shifting as a precondition of responding to any Interrogatory which requires production of evidence or investigation that should have been preserved by Plaintiff. Further, WAUSA objects to this request on the grounds that it is vague and ambiguous as it seeks documents related to amorphous general topics.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING. WAUSA does not control, run, operate, or pay any third party to send

*Confidential pursuant to the Confidentiality Agreement*

commercial e-mail on its behalf.   Accordingly, WAUSA does not have any information responsive to this Interrogatory.

**Interrogatory Number 27:**

Identify all documents related to hijacked mail servers or otherwise compromised computers suspected or known to promote any of your business, and YOUR response thereto.

**Response to Interrogatory No. 27**

**Objections.**

WAUSA objects to the overbroad definition of the term "YOUR" insofar as it is overbroad.   Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 21, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects to this Interrogatory on the grounds that the term "promote your business" is vague and overbroad. Further, WAUSA objects to this Interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING.   WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf.

WAUSA has searched its compliance database for evidence of "hijack," "hijacked" and

*Confidential pursuant to the Confidentiality Agreement*

WAUSA objects to this Interrogatory on the grounds that it oppressive and burdensome. Further, WAUSA objects to this Interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Answer:**

Subject to and without waiving these objections, WAUSA does not engage in the transmission of commercial e-mail and WAUSA has not contracted with any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, and/or vendor relating to INTERNET ADVERTISING. WAUSA does not control, run, operate, or pay any third party to send commercial e-mail on its behalf.

WAUSA incorporates by reference its prior answers to Plaintiff's First set of Interrogatories. WAUSA has been damaged by deceptive tactics in the form of legal fees and the diversion of employee man-hours as a result of the abuse of the internet by BSI, Hypertouch, Joe Wagner, Paul Wagner, Steve Wagner and William Wagner and their apparent scheme to manufacture jurisdiction in Maryland for lawsuits concerning allegedly unsolicited and deceptive emails. WAUSA has been potentially damaged by searching for the source of emails with incorrect information in them.

**Interrogatory Number 31:**

Describe your "legitimate business practices" [WAUSA-006685] and how you determined that they were "legitimate."

**Response to Interrogatory No. 31**

**Objections.**

WAUSA objects to the overbroad definition of the term "YOU" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA,

*Confidential pursuant to the Confidentiality Agreement*

LLC, the named Defendant in this lawsuit formed on September 21, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects to this Interrogatory on the grounds that it oppressive and burdensome. Further, WAUSA objects to this Interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

### Answer:

WAUSA complies with all applicable state and federal laws, including and not limited to those regarding payment of its registration fees, work place safety, the maintenance of appropriate work environment, equal employment opportunities, and the withholding of taxes. WAUSA incorporates by reference its prior answers to Plaintiff's First set of Interrogatories.

## Interrogatory Number 32:

Identify all signed versions of the contracts at WAUSA-006509 through WAUSA-006675.

## Response to Interrogatory No. 32

### Objections.

WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.    WAUSA further objects as the Request is not limited to the E-Mails At Issue.  WAUSA further objects that BSI is not entitled to discover any "affiliate list" of any Sister Company to WAUSA.

### Answer:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA produced the signed copy of the agreement it has, labeled WAUSA-006674-Confidential.  The remaining

*Confidential pursuant to the Confidentiality Agreement*

WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

**Answer:**

Subject to and without waiving these objections, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, WAUSA already has identified the responsive documents reflecting lawsuits in which a party called World Avenue USA, LLC is named and refers Plaintiff, including, but not limited, answers to Interrogatory 17 and Request 27 of Plaintiff's Fist set of Interrogatories and First Request for Documents.

**Interrogatory No. 38**

If you or any portion of your company is located overseas or in a United States Territory or Foreign Territory or country, identify and describe those companies and identify its purpose and any relation, if any, to you.

**Response to Interrogatory No. 39**

WAUSA objects to the overbroad definition of the term "YOU" and "YOUR" insofar as it is overbroad. Accordingly, WAUSA construes this Interrogatory to refer to World Avenue USA, LLC, the named Defendant in this lawsuit formed on September 21, 2006, its officers, directors, employees, agents, representatives and attorneys. *See* DE 257 at p. 2.

WAUSA objects this Interrogatory on the grounds that it is unduly burdensome because it is duplicative and calls for the production of documents already provided to Plaintiff in prior discovery responses.

**Answer:**

Subject to and without waiving the foregoing objections, WAUSA responds as follows:

*Confidential pursuant to the Confidentiality Agreement*

WAUSA is a company formed under the laws of and registered in the State of Delaware. WAUSA was formed on September 21, 2006. WAUSA's office is located at 1613 NW 136th Avenue, Suite 100, Sunrise, Florida 33323. WAUSA is a wholly-owned subsidiary of World Avenue Holdings, LLC. WAUSA incorporates by reference its prior answers, including, but not limited, to Interrogatory No. 15 of Plaintiff's First set of Interrogatories.

*Confidential pursuant to the Confidentiality Agreement*

<u>As to Sections marked Objections:</u>

Greenberg Traurig, P.A.

_____

<u>As to Sections marked Answer:</u>

WORLD AVENUE USA, LLC

By: _____
Its: _____

STATE OF ___FLORIDA___ )
                        ) ss.:
COUNTY OF ___BROWARD___ )

    The foregoing instrument was acknowledged before me this 26th day of October, 2010 by CHADD SCHLOTTER , as authorized agent of WORLD AVENUE USA, LLC. He/she is personally known to me or has produced _____ as identification.

NOTARY SEAL

Notary: _____
Print Name: ___STACY SIMMONS___
Notary Public, State of ___FLORIDA___
My commission expires: ___March 21, 2014___



STACY SIMMONS
MY COMMISSION # DD969591
EXPIRES March 21, 2014
(407) 398-0153      FloridaNotaryService.com

*Confidential pursuant to the Confidentiality Agreement*