# EXHIBIT 30

IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.  )
   Plaintiff  )
     )
v.  )   Case No.PJM 08 cv 0921
     )
WORLD AVENUE USA, LLC, et al. )
   Defendants  )
_____ )

## DECLARATION OF JEFF RICHARD

I, Jeff Richard, hereby declare as follows:

1. My name is Jeff Richard. I am over eighteen (18) years of age. The facts set forth in this Declaration reside within my personal knowledge.

2. I am currently employed by ClickGen, LLC. My immediate prior employer was TheUseful, LLC. I have knowledge of NiuTech, LLC and World Avenue Holdings, LLC since joining TheUseful, LLC.

3. By making this Declaration, I do not intend to waive the attorney-client privilege, work product protection, or other protections on behalf of any company.

4. I have reviewed Page 18 of the "Plaintiff's Motion for Partial Summary Judgment Establishing Defendant World Avenue USA, LLC And TheUseful, LLC As A Single Entity, Or, In The Alternative, For Entry Of An Order of Default Against TheUseful, LLC. The second full Paragraph states, in relevant part:

> Indeed, in 2007 Defendants filed documents with the Superior Court of California, Small Claims Division, attesting to the continuing relationship between World Avenue USA, LLC and Niutech, LLC. Specifically, World

1

Avenue USA, LLC's Compliance Manager notes in its motion to dismiss written on company letterhead in June 2007, that it had received complaints from the plaintiff on October 31 and November 1, 2005, and that it had responded to such letters in December 2005. *See* AA-18 (Jeff Richard Compliance Mgr. Ltr dated 06/20/07). As Defendants allege that WAUSA II was created on September 22, 2006, WAUSA II could not have possibly responded to complaints lodged by plaintiff Balsam in 2005. However, in this pleading to the Superior Court of California, World Avenue USA, LLC's Compliance Manager, Jeff Richard, responded on June 20, 2007, that the Company had received complaints from plaintiff Balsam and had responded to such complaints in 2005.

5. BSI's rendition of the facts is incorrect.

6. Daniel L. Balsam sent one letter dated October 31, 2005 to two trade names and made no mention of either NiuTech, LLC or World Avenue USA, LLC. A copy of this letter is attached as Exhibit 1.

7. Daniel L. Balsam then sent two letters dated November 1, 2005 to two trade names and made no mention of either NiuTech, LLC or World Avenue USA, LLC. A copy of these letters found in BSI's productions is attached as Composite Exhibit 2.

8. Daniel L. Balsam then sent two letters dated November 15, 2005. A copy of these two letters found in BSI's productions is attached as Composite Exhibit 3.

9. I responded to the letters in Paragraphs 6 and 7 on December 1, 2005 requesting more information and a copy of my letter is attached as Exhibit 4.

10. To the best of my knowledge, I have no further recollection of hearing from Mr. Balsam until 2007 when Daniel Balsam filed suit against World Avenue USA, LLC.

11. I have recollection of authoring a June 20, 2007 letter in a small claims case in California brought by Daniel Balsam. At the time of authoring the letter, I was not advised by any outside counsel as to the content of the letter, and I responded to the company that had been

2

named by this plaintiff in the small claims case. My letter did not attest to any claimed continuing relationship between World Avenue USA, LLC and Niutech, LLC.

I hereby declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

November 22, 2010.

_____
JEFF RICHARD

3