# EXHIBIT 2

**Daniel L. Balsam**
3145 Geary Blvd. #225
San Francisco, CA 94118
(415) 276-3067

---

November 1, 2005

eMarketResearchGroup
14545 J Military Trail #189
Delray Beach, FL 33484
*Sent via USPS certified mail*

Incentive Reward Center
13900 Jog Road, Ste. 203-251
Delray Beach, FL 33446
*Sent via USPS certified mail*

RE: Unlawful Email Advertising – Violations of California Civil Code § 1770

To Whom It May Concern:

You, your colleagues, and/or your company (collectively, "you") are causing email advertising to be sent to residents of California. Like other California residents, I am protected from such marketing assaults by California's Consumers Legal Remedies Act. Your email messages to me were misleading and unlawful for a number of reasons, not least because of false claims that I requested the email advertising. The email is therefore misleading in violation of California Civil Code § 1770(a)(3). I have reason to believe that you sent or are responsible for the sending of similar email to many other residents of California.

You may remedy the problem of the unlawful advertising in violation of Civil Code § 1770 through a consent judgment providing equitable relief pursuant to California Business and Professions Code § 17500, and payment to me of $1,000. (Note, this does not relieve you of other liability you may have under the law.) I am open to hearing your suggestions if you have another idea about what an appropriate remedy might be, but if we cannot agree on an appropriate remedy, I reserve my right to seek damages of $1,000 per email message and any other relief allowed under the law.

Please let me know within the next thirty days whether you will agree to remedy the unlawful conduct.

Thank you for your prompt attention to this request.

Sincerely,


Daniel L. Balsam

**Daniel L. Balsam**
3145 Geary Blvd. #225
San Francisco, CA 94118
(415) 276-3067

---

November 1, 2005

eMarketResearchGroup
14545 J Military Trail #189
Delray Beach, FL 33484
*Sent via USPS certified mail*

Incentive Reward Center
13900 Jog Road, Ste. 203-251
Delray Beach, FL 33446
*Sent via USPS certified mail*

RE:   Unlawful Email Advertising – Preservation of Evidence

To Whom It May Concern:

This letter accompanies another letter outlining your company's liability for unsolicited advertising sent in violation of California law. I would prefer to avoid litigation, but I recognize that some disputed issues may need to be resolved through court action.

I am notifying you that you must not destroy evidence in your possession and in your possession only. I am referring to marketing materials, databases, email software files, server log files, messages, lists of affiliate codes, correspondence (including via email) or contact notes with your affiliates/principals, affiliate agreements, and records of affiliate payments. Of course, my request does not give you license to destroy other files which you know to be relevant to potential litigation.

Under California Evidence Code § 413, the court can decide that your failure to save evidence is itself evidence of your liability. In addition, the discovery laws provide a broad range of sanctions for conduct that amounts to a "misuse of the discovery process." Code Civ. Proc. § 2023.030. Destruction of evidence in anticipation of a discovery request also violates the law. Such a finding could result in not only the issue being decided against you, but monetary sanctions as well.

The lawyer who represents you in court will almost certainly advise you to preserve the files because participation in the destruction of relevant evidence could subject him or her to disciplinary action before the California State Bar. Your company's attorney will almost certainly realize that "even if the evidence is unfavorable, the negative inferences that would flow from its intentional destruction are likely to harm the client as much or more than the evidence itself." *Cedars-Sinai Med. Ctr. v. Superior Court* (1998) 18 Cal.4th 1, 13.

You may contact me at the above address/telephone number if you have any questions about which evidence is relevant, in addition to that mentioned above.

Sincerely,


Daniel L. Balsam