# EXHIBIT 31

1

IN THE U.S. DISTRICT COURT FOR MARYLAND
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.,            )
                                 )
                                 )
        Plaintiff,               )
                                 )
    vs.                          ) CASE NO. PJM08cv0921
                                 )
WORLD AVENUE USA, LLC successor  )
By merger to NIUTECH, LLC, d/b/a )
"THE USEFUL", et al.             )
                                 )
                                 )
        Defendant.               )
                                 )

COPY

* * *
DEPOSITION OF FIDEL DHANA
* * *

Fort Lauderdale, Florida
August 26, 2009
11:00 o'clock a.m.

```
 1          Deposition of Fidel Dhana, a witness of lawful
 2     age, taken on behalf of the Plaintiff herein, for the
 3     purpose of discovery and for use as evidence in the
 4     above-entitled matter, pending in the U.S. District
 5     Court for Maryland, Southern Division, pursuant to
 6     notice heretofore filed, before Christine de Moraes, a
 7     Notary Public within and for the State of Florida at
 8     Large, at the Law Office of Greenberg Traurig, LLP, 401
 9     East Las Olas Boulevard, Suite 2000, in the City of Fort
10     Lauderdale, County of Broward, State of Florida, on the
11     26th day of August, 2009, commencing at or about 11:00
12     o'clock a.m.
13                           * * *
14          THEREUPON:
15                        FIDEL DHANA
16          A witness of lawful age, being called as a
17     witness by the Plaintiff, having been duly sworn, as
18     hereinafter certified, deposed and testified as follows:
19                      DIRECT EXAMINATION
20          BY MR. ROTHMAN:
21          Q    Good morning, Mr. Dhana.  Is that correct?  Did
22     I pronounce that correctly?
23          A    (Witness nodding his head.)
24          Q    My name is Mike Rothman.  I'm the attorney for
25     the Plaintiff, Beyond Systems Inc.  I'm going to be
```

1   English?

2   A   I speak English.

3   Q   Were you educated in English?

4   A   I was educated in English.

5   Q   How far did you go in school?

6   A   I'm not sure I understand the question.

7   Q   Did you receive an education anywhere?

8   A   I did receive an education.

9   Q   Where did you receive that education?  Off the
10  record please.

11       (Thereupon, after a discussion off the record
12  outside the presence of the witness, the following
13  proceedings were had:)

14       BY MR. ROTHMAN:

15  Q   Back on the record.  Mr. Dhana, can you please
16  state your full name for the record please.

17  A   My name is Fidel Dunbar Dhana.

18  Q   Where are you currently employed?

19  A   I'm employed by World Avenue Holdings, LLC.

20  Q   How long have you been employed there?

21  A   Since 2006.

22  Q   Can you give me an exact date?

23  A   I believe it's May 30, 2006.

24  Q   Did World Avenue Holdings hire you at the time
25  on May 30, 2006?

```
 1   and chief financial officer of World Avenue Holdings.
 2        Q    Mr. Hunter?
 3        A    Mr. Hunter is senior director of business
 4   development for World Avenue Holdings.
 5        Q    Ms. Antillon?
 6        A    Ms. Antillon is the executive assistant to Dale
 7   Baker and Michael Brant.
 8        Q    And Ms. Parlon?
 9        A    I'm not sure what Ms. Parlon's title is, but
10   she's in charge of corporate communications.
11        Q    Now, what does World Avenue Holdings do?
12        A    World Avenue Holdings is a holding company.
13        Q    What does that mean?
14        A    World Avenue Holdings holds the equity of its
15   direct subsidiaries.
16        Q    Who are their direct subsidiaries?
17        MR. SAUNDERS:  Again --
18        MR. ROTHMAN:  An objection --
19        MR. SAUNDERS:  The objection is beyond the
20   scope.  And there's actually some very limited case
21   law here as to whether this is a permissible
22   question in jurisdictional discovery without a
23   foundation for what the subsidiaries do --
24        MR. ROTHMAN:  I didn't ask that question.
25        MR. SAUNDERS:  -- which would be -- well, I'm
```

```
 1    saying that's the problem.  There's no foundation.
 2    It's not necessarily relevant.  And the case law
 3    goes, the question of subsidiaries can be more of a
 4    fishing expedition for other defendants than as to
 5    establish jurisdictional discovery.
 6         That's the problem with the lack of the
 7    foundation, so I'm trying to think of whether we
 8    limit this to any subsidiary that does business in
 9    Maryland and give you that answer and leave the
10    other subsidiaries out of it.
11         Again, there's the objection that it's beyond
12    the scope of the topics, but I'm going to go ahead
13    and answer the question.  You can identify the other
14    subsidiaries.
15         THE WITNESS:  So can you repeat your question.
16         MR. ROTHMAN:  Can you read back the last
17    question.
18         (Thereupon, the last question was read back by
19    the court reporter.)
20         THE WITNESS:  The subsidiaries of World Avenue
21    Holdings are the Useful LLC, World Avenue USA, LLC,
22    World Avenue Ireland Limited, IAD Express.  I can't
23    remember any of the other subsidiaries at this time.
24         BY MR. ROTHMAN:
25    Q    Now, what equitable interest does World Avenue
```

1   World Avenue Holdings employees would be involved.
2        Q    Can you give me an example?
3        A    If the Useful had to or wanted to procure goods
4   and services over ten thousand dollars, then that
5   decision would involve someone from World Avenue
6   Holdings.
7        Q    Now, the Useful, LLC, one of World Avenue
8   Holdings subsidiaries, they're an advertising and media
9   company, correct?
10            MR. SAUNDERS:  I'm going to object to the
11       extent that it goes beyond the scope of the subject
12       matters, but go ahead and answer.
13            THE WITNESS:  The Useful is an internet
14       marketing company.
15            BY MR. ROTHMAN:
16       Q    Do you know how the Useful, LLC markets to its
17  customers?
18            MR. SAUNDERS:  Object again as to the scope of
19       the question as being beyond the subject matters,
20       the subject matters listed in the Notice of
21       Deposition for the Holdings witness.
22            Again, ask Counsel to proffer --
23            BY MR. ROTHMAN:
24       Q    You can go ahead and answer.
25            MR. SAUNDERS:  -- why Counsel is declining to

```
 1    proffer what subject matter this question relates
 2    to, but go ahead and answer.
 3          THE WITNESS:  I'm sorry.  Can you repeat the
 4    question.
 5          MR. ROTHMAN:  Would you mind?
 6          (Thereupon, the last question was read back by
 7    the court reporter.)
 8          THE WITNESS:  I am aware at a very high level
 9    how the Useful markets to its customers.
10          BY MR. ROTHMAN:
11     Q    What is your understanding?
12     A    The Useful employs employees a variety of
13    internet tools whether web display, e-mail or otherwise
14    to generate the leads for sales on behalf of the
15    customers.
16     Q    Now, how does -- well, let's start with the
17    Useful.  Does World Avenue Holdings, the officers of
18    World Avenue Holdings have any contacts with the
19    officers of the Useful or do you regularly meet with the
20    officers of the Useful?
21          MR. SAUNDERS:  Objection to the form, compound
22    question.
23          BY MR. ROTHMAN:
24     Q    I can break it up if you need me to.
25     A    Could you please.
```

```
 1            MR. SAUNDERS:  Object to the form of the
 2     question as vague and ambiguous.
 3            BY MR. ROTHMAN:
 4       Q    How does the Useful generate these leads?
 5            MR. SAUNDERS:  Objection as to the form of
 6     the question.  Go ahead and answer.
 7            THE WITNESS:  Repeat your question for me.
 8            BY MR. ROTHMAN:
 9       Q    How does the Useful market to people?
10       A    The Useful employs a variety of internet tools
11     to market to its customers.
12       Q    What are those tools?
13            MR. SAUNDERS:  I'm going to object.  The
14     question is outside the scope of the subject matter
15     and the topics.  The witness is not here to testify
16     -- well, I don't want to make a speaking objection.
17     It is outside the scope.
18            I ask Counsel to proffer what subject matter
19     topic this question falls under for the record.
20            MR. ROTHMAN:  I did numerous times.
21            MR. SAUNDERS:  No, you haven't.
22            BY MR. ROTHMAN:
23       Q    But you can go ahead and answer unless your
24     Counsel instructs you not to.
25            MR. SAUNDERS:  Let the record reflect that
```

1   World Avenue Holdings and World Avenue USA are separate
2   entities which maintain their own records and exist for
3   different purposes. This is in paragraph five. Do you
4   see?
5      A   Uh-huh.
6      Q   I wanted to know what you meant by that.
7   What's the purpose of World Avenue Holdings as distinct
8   from World Avenue USA?
9      MR. SAUNDERS: I'm going to object, asked and
10  answered. Go ahead.
11     THE WITNESS: World Avenue Holdings is a
12  holding company whose purpose is to hold the equity
13  of its subsidiaries and provide high level
14  management oversight.
15     World Avenue USA, LLC is a professional service
16  firm that provides shared services primarily
17  accounting and finance, HR, and technology services
18  to other subsidiaries and companies within the
19  group.
20     BY MR. ROTHMAN:
21     Q   Would you describe -- would you describe
22  Holdings as a professional services firm?
23     A   I would describe Holdings as a holding company.
24     Q   What does that mean to you?
25     A   An entity that holds the equity of its