# EXHIBIT 36

FROM :                           FAX NO. :5619940683              ar. 13 2006 03:52PM P2




**STATE OF TEXAS**
OFFICE OF THE ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION

RECEIVED MAR 10 2006

# CIVIL INVESTIGATIVE DEMAND

TO:  Niu Tech, L.L.C.
6001 Broken Sound Parkway #300
Boca Raton, FL 33433

*Via Certified Mail,*
*Return Receipt Requested*

Pursuant to the authority of § 17.61 of the TEXAS DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT, § 17.41 *et seq.*, TEX. BUS. & COM. CODE ("DTPA"), you are hereby directed to produce the documentary material listed in Exhibit C. Please review the "Definitions" and "Instructions" applicable to the Civil Investigative Demand. They are labeled as Exhibits A and B, respectively.

You are to make available the documentary material described in Exhibit C to the person designated below as "authorized agent." This material shall be produced on or before March 21, 2006 for inspection and copying at your place of business. In the alternative, copies of the requested material may be sent by courier or certified mail to the Office of Attorney General, 300 W. 15th St., 9th Floor, Austin, TX 78701, and are due on April 7, 2006. Please contact the authorized agent named below to advise where you wish to produce the materials.

This Civil Investigative Demand is relevant to the subject matter of an investigation of possible violations of §§ 17.46(a) and (b) of the DTPA, in the advertising, marketing, and sale of Internet services in Texas.

TAKE NOTICE THAT pursuant to § 17.62, TEX. BUS. & COM. CODE, any person who attempts to avoid, evade, or prevent compliance, in whole or in part, with this directive by removing, concealing, withholding, destroying, mutilating, altering, or by any other means falsifying any documentary material may be guilty of a misdemeanor and on conviction is punishable by a fine of not more than $5,000.00 or by confinement in the county jail for not more than one year, or both.

ISSUED THIS day of March 7, 2006.

_____
Corey David Kintzer
Assistant Attorney General
CONSUMER PROTECTION AND PUBLIC HEALTH DIVISION
300 W. 15th Street, 9th Floor
Austin, Texas 78701

AUTHORIZED AGENT:
Gary Adkins
(512) 475-4177
(512) 473-8301 (FAX)

## EXHIBIT A

## DEFINITIONS

1. "Consumer Incentive Promotions," "eMarket Research Group," "you," and "your" means "Niu Tech, L.L.C.," its officers, directors, equity owners, representatives, employees, agents, attorneys, successors, and assigns. The terms also include all natural persons and entities acting or purporting to act on behalf of any of the above, as well as any predecessor, successor, affiliate, subsidiary, parent, or wholly-owned or -controlled entity. The phrase shall be construed to include present and former officers, directors, equity owners, agents, employees, representatives, consultants, attorneys, associates, and all other persons acting or purporting to act on your behalf, and any predecessor, successor, affiliate, or subsidiary entity or person(s), including all present and former officers, directors, agents, employees, and all other persons exercising or purporting to exercise discretion, make policy, or make decisions.

2. Without limiting the term, a document is deemed to be within your "control" if you have ownership, possession, or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

3. "Document" or "documentation" means and includes all written, printed, recorded, and graphic matter, regardless of authorship, both originals and non-identical copies, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing was intended for or transmitted internally by you, or intended for or transmitted to any other person or entity. It includes communications in words, symbols, pictures, photographs, sounds, films, and tapes, as well as information stored in or accessible through computer or other information storage and retrieval systems, together with all codes and/or programming instructions and other materials necessary to understand and use such systems. The term also includes electronic mail or "e-mail," web pages and/or web page source code, as well as facsimile transmissions.

4. As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of this request any answer, response or document that might be deemed outside its scope by another construction.

5. "Any" means any and all.

6. "Showing" and "reflecting" a given subject shall mean any document or communication that constitutes, evidences, contains, embodies, comprises, respects, relates to, concerns, touches upon, incident to, identifies, states, refers to, deals with, comments on, responds to, describes, involves or is in any way pertinent to that subject including but not limited to documents concerning the presentation of other documents.

7. "Relate," "related," and "relating" mean and include all information that in any manner or form is relevant in any way to the subject matter in question, including, without limitation all information that, directly or indirectly, contains, records, reflects, summarizes, evaluates, refers to, indicates, comments upon, or discusses the subject matter or that in any manner states the background of, or was/were the basis or bases for, or that record, evaluate, comment upon, relate to, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at your conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or determination(s).

8. "Identifying" means to give a reasonable, detailed description thereof. When referring to a person, it includes providing a present or last known address, telephone number, title or position, and place of employment, and, if previously or presently employed by you, the date he or she was hired and the date he or she was terminated, if applicable.

# EXHIBIT B

## INSTRUCTIONS

1. Unless otherwise stated, the scope of this Civil Investigative Demand (CID) relates to all actions or omissions of action since January 1, 2004.

2. It is not sufficient to fail to provide documents if you can obtain them from persons reasonably available to you or under your control.

3. If the requested information is stored only on software or otherwise is "computer-based information," you are directed either to produce the raw data along with codes and programs necessary for translating it into usable form by The Office of the Attorney General of Texas, or to produce the information in a finished usable form. In either case, you must include all necessary glossaries, keys, indices, and software necessary for interpretation of the material.

4. Each document and other tangible thing produced shall be clearly designated as to which Request, and each sub-part of a Request, that it satisfies.

5. In any situation in which it is not clear in which capacity you are responding, you are to designate all relevant capacities.

# EXHIBIT C

1. Produce documents reflecting your authority to do business in Texas. Include but do not limit your response to articles of incorporation or association, amendments thereto, filings of name changes, assumed name certificates, doing business as records filed with any county, certificates of authority and all other documents submitted to or issued by any Texas state or local governmental entity as a predicate for engaging in business.

2. Produce documents identifying all Texas customers who have registered via your website(s) to receive an "account", whether currently closed or active, with Consumer Incentive Promotions or eMarket Research Group for the purpose of receiving a good or service from Niu Tech, L.L.C. or any companies under its control or direction.

3. Produce documents identifying all names under which you have conducted business, including active and dead corporate entities and assumed names (d/b/a's) under which you have offered "free, promotional, or incentive gifts."

4. Produce a sample copy of all contract forms, rules, and disclaimers used by you in offering your Consumer Incentive Promotions and eMarket Research Group goods or services.

5. Produce documents identifying all third-party entities from whom consumers may acquire any goods or services, thereby satisfying any requirement necessary to obtain any goods or services from Niu Tech, L.L.C or any companies under its control.

6. Produce documents constituting any agreements or contracts between you and any affiliates or third-party entities identified in response to request No. 5 above.

7. Produce documents showing any communication between you and any third-party entities identified in response to request No. 5 above regarding Texas consumers.

8. Produce documents identifying all third-party affiliates who have received compensation from you since January 1, 2005 for the referral of customers to your website(s).

9. Produce documents reflecting any advertising used to offer or promote Consumer Incentive Promotions or eMarket Research Group offers, goods, or services. Include, but do not limit your response to print advertisements, television or radio commercials, copies of websites, pop-up or pop-under ads, banner ads, and electronic mail.

10. Produce a sample copy of any scripts, training manuals, or other instructional material provided to owners, managers, or employees of Niu Tech, L.L.C. who respond to consumer inquiries.

11. Produce documents identifying all Texas consumers who have received from you any "free" product or promotional "gift." Include in your response documents identifying what such product or gift was received.

12. Produce documents reflecting complaints which have been submitted to you by residents of the State of Texas regarding any of your "free" product or promotional "gift" offers. Include, but do not limit your response to:

    a.    All complaints and commemorations thereof (where the complaint was delivered by telephone, for example, provide notes of all such telephone conversations);
    b.    All documents generated by you in response to the above complaints; and
    c.    All documents commemorating resolution of those complaints.

13. Produce documents of all terms and conditions of all of your offers of goods or services to consumers.

14. Produce documents constituting your privacy policy regarding consumer information.

15. To the extent not provided in this request or in response to previous requests, produce sample copies of any other disclosure forms or written information provided to current or prospective customers or otherwise maintained by you or your affiliates relating to Consumer Incentive Promotions and eMarket Research Group.