**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
**SOUTHERN DIVISION**

BEYOND SYSTEMS, INC. )
)
Plaintiff )
v. ) Case No.PJM 08 cv 0921
)
WORLD AVENUE USA, LLC, et al )
)
Defendants )
_______________________________ )

**DEFENDANT WORLD AVENUE USA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AS TO DEPOSITIONS AND CROSS MOTION TO COMPEL**

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), hereby files its Memorandum of Law in Opposition to Plaintiff's, Beyond Systems Inc., ("BSI"), Motion for Protective Order as to the Rule 30(b)(6) Deposition of its President, Paul Wagner ("Mr. Wagner") [DE 494-1] (the "Motion"), and cross-moves to compel Mr. Wagner's deposition, and in support thereof, states:

## I. INTRODUCTION

Plaintiff's Motion fails to establish any good cause to justify an entry of a protective order. Plaintiff raises numerous general objections to the subject matters identified in the Notice of Deposition and Subpoena, including, without limitation, "attorney work product", "overly broad," "vague," "harassing," and "unduly burdensome". DE 494-1 at pp. 3-4.[1] However, absent an affidavit or other sworn evidence, such conclusory objections do not constitute

[1] Plaintiff also objects multiple times on "the Subject Matter for Testimony to the extent they seek information protected virtue of the rights of Plaintiff and third parties to confidentiality and privacy including the invasion of privacy violation of the California constitution." DE 494-1 at pp. 4,6. WAUSA does not know how to respond to this objection since, to the best of its knowledge, California law is not at issue in this case. WAUSA reserves its right to respond to this objection in the future when and if BSI clarifies what it means.

colorable grounds for entering a protective order preventing the deposition of Paul Wagner. Similarly, Plaintiff's specific objections as to the scope and duration of the deposition are disingenuous and miss the point. Specifically, Plaintiff voluntarily chose the alternative of the deposition to its complete response to WAUSA's First Set of Interrogatories. *See* Transcript of the Court Hearing on Sept. 23, 2010 at pp. 101-106, attached hereto as Exhibit 1. Further, the length of the deposition was already ruled upon by the Court during the same hearing and the deadline for reconsideration of that ruling is now expired. *Id.* BSI's suggestion of two seven hour days pays no heed to what the Magistrate Judge Day ruled and makes it impossible for WAUSA to address each of BSI's 70,000 claims at its deposition. BSI's arguments in the Motion simply ignore the Court's ruling. For these reasons and as detailed below, Plaintiff's Motion should be denied.

## II. <u>FACTUAL BACKGROUND</u>

Plaintiff sued WAUSA more than two and a half years ago for alleged violations of Maryland and Florida anti-spam statutes. *See* DE 34. BSI alleges that each of the 70,000 emails constitute a separate violation and seeks statutory damages in excess of $100 million. However, when confronted with simple questions regarding the alleged 70,000 emails at issue, Plaintiff failed to respond to WAUSA's Interrogatory claiming inapplicable general objections.

At the hearing on WAUSA's Motion to Compel First Set of Interrogatories, Plaintiff agreed to respond to the outstanding multiple issues left answered in its response to Interrogatories in a Federal Rule 30(b)(6) deposition. Thus, the Plaintiff agreed to the deposition of Mr. Wagner as an alternative to its complete answers to WAUSA's First set of Interrogatories. *See* Transcript of the Hearing held on Sept. 23, 2010 at pp. 101-106. Similarly,

during the same hearing, Magistrate Judge Day agreed with WAUSA that it will need more then 7 hours to get complete answers as to the each of the 70,000 emails, estimating at least 15 seconds per email. *Id*. at 104. Accordingly, WAUSA filed its Notice of Deposition and Subpoena intending to cover at the deposition the outlined topics that were left answered by BSI's Interrogatory responses. Rather then finally providing WAUSA the long awaited information that would assist in mounting its defense, BSI in bad faith filed this Motion although neither the scope nor the duration of the proposed deposition of Mr. Wagner was a surprise to BSI. Thus, Plaintiff's objections are inapplicable and should be denied.

## III. ARGUMENT

Plaintiff does not show "good cause" under Fed. R. Civ. P. 26(C) to obtain a protective order preventing Mr. Wagner's deposition from proceeding. Plaintiff's claims that the subject matters identified in the Deposition Notices are "overly broad", "unduly burdensome," and "protected by the attorney-client privilege" are without merit, as BSI fails to substantiate these assertions by affidavit or other sworn evidence. As Plaintiff has failed to establish "good cause," the Court should enter an Order denying the Motion.

### A. Standard for Protective Order under Fed. R. Civ. P. 26(C)

Pursuant to Fed. R. Civ. P. 26(c), the Court has the discretion, for good cause, to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense, including … (A) forbidding the disclosure or discovery." It is well-settled that "Rule 26(c) places the burden of persuasion on the party seeking the protective order." *Cipollone v. Liggett Group, Inc.,* 785 F. 2d 1108 (3d. Cir. 1986). In other words, "the standard for issuance of a protective order is high." *Minter v. Wells Fargo Bank, N.A.,* 258 F.R.D. 118 (D. Md. 2009).

Indeed, "[t]o overcome the presumption the party seeking the protective order must show good cause by demonstrating a particular need for protection. ***Broad allegations of harm, unsubstantiated by specific examples*** or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone,* 785 F. 2d at 1121 (emphasis added); *see also S.E.C. v. Dowdell*, 144 Fed. Appx. 716 (10th Cir. 2005) (emphasizing that "[c]onclusory or stereotypical assertions are insufficient to show good cause"); Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 2035 (2d ed. 2009) (noting that "[c]ourts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause").

**B. The Scope and the Duration of the Rule (30(b)(6) Deposition of Paul Wagner Is Reasonable And Has Been Ruled By the Court.**

Plaintiff's objection as to the length of the deposition of Paul Wagner is meritless. On the issue of the duration of the 30(b)(6) deposition of Mr. Wagner, Magistrate Judge Day has already ruled on the issue, as evidenced by the following:

> MR. SAUNDERS: And, Your Honor, I think it's safe to say it may also be -- we'll see if we can work it out with counsel. We will need more than seven hours.
> THE COURT: You might. You just might in this case, yes. I can't argue with you there.
> So, as to No. 1, that motion is denied. As to No. 2, that goes to the header information, I believe.
> ****
> MR. SAUNDERS: Your Honor, it still leaves us shooting at a moving target because what we'll find out is we have options A, B, C and D, and now we have to go through 70,000 times in order to provide that -- get that information. It's their burden. They're going to have to --
> THE COURT: It's their burden to answer the question, yes. It is their burden to answer the question. All I'm shaping is the form, because I do think that they can answer that question as to any particular e-mail in the space of five to 15 seconds. Conversely, it's going to take a bit longer to write and edit and fax and put it in an answer to interrogatory

> to you in a different way.
> MR. SAUNDERS: Your Honor, if we're going to set ground rules, then that -- and maybe we need to come back and set ground rules for the 30(b)(6) deposition -- that the witness they produce is going to provide a definitive answer as to all these questions for 70,000 e-mails at that deposition, then that may work. But what I'm afraid of --
> ***
> MR. SAUNDERS: My understanding -- and I appreciate Your Honor's effort to do it this way -- is that under Rule 30 a deponent is only required to answer what the deponent recalls at the moment sitting in the deposition.
> THE COURT: Oh, no, no. A 30(b)(6) deponent is required to do the investigation and speak on behalf of the corporation.
> MR. SAUNDERS: He's to be -- if we can cover that with a topic, we can turn these into a topic for the deposition, in essence, 70,000 times?
> THE COURT: Yes, that's what it amounts to. Now, if the plaintiff decides that they'd rather do it with the longhand in writing, I'll give you that election. I'm just trying to save everybody some time and effort. But, Mr. Ring, you tell me what is your preference.
> MR. RING: We prefer to let it go through in deposition.
> THE COURT: There you have it.
> MR. RING: We think we've already given sufficient information anyway, but we'll do it in deposition.

*See* Transcript of the Hearing held on Sept. 23, 2010 at pp. 101-106.

Thus, Magistrate Judge Day estimated it would take five (5) to fifteen (15) seconds for each email. At 15 seconds per email, that equals 4 emails per minute, equaling 240 per hour. That amounts to 291.6 hours to cover all 70,000 emails, exclusive of breaks and any other topics that need to be covered. *Id.* At the lower end of Magistrate Judge Day's estimate of 5 seconds per email, which would only be achievable if your BSI engaged in the diligent pre-deposition investigation that the Court required, it would still take 97 hours to cover all 70,000 emails, again exclusive of breaks and other topics requiring discussion. Breaking this down to 8 hour days of

actual time spent in deposition, it will take between 12 to 36 business days to complete the email portion of the deposition, again, exclusive of other topics that have to be covered.[2] By way of a partially analogous parallel, Mr. Wagner was deposed for 7 days in the *Kraft* case, but that case involved many emails that had already been sued on once before and a chart that had been revised several times, which allowed saving some time. Neither of those factors applies in the present case since BSI elected before the Court to go the deposition route. Plaintiff's offering of "14 hours for all purpose" is a complete disregard of the Court's ruling.[3]

Similarly, the deposition subjects are comprised primarily of the topics that BSI failed to address and to respond in WAUSA's First Set of Interrogatories. *See supra* at p. 6; Exhibit 1. These topics go to the core of BSI's case and Plaintiff willingly volunteered to address these topics in its Rule 30(b)(6) deposition. *Id.* Thus, Plaintiff's objection as to the scope is inapposite and its Motion should be denied.

**C. The Motion Relies on Broad Assertion of Harm Absent Any Specific Examples.**

Plaintiff's Motion is replete with broad and conclusory allegations without specific examples or reasoning. As an example, the Motion claims that the subject matters identified in the deposition notices are "unduly burdensome", "overly broad," or "harassing" without citing any specific examples. DE 494-1 at p. 4.

---

[2] Counsel for WAUSA discussed with BSI counsel the length of the proposed deposition in an email dated October 9, 2010, as well as in verbal discussions.

[3] Plaintiff's argument that Mr. Wagner should be deposed for 14 hours "for all purposes, for all his capacities, whether as a fact witness, a Rule 30(b)(6) designee, or an expert or any type (hybrid or otherwise)" is an abuse of Federal Rules of Civil Procedure. DE 494-1 at p. 3. Plaintiff cannot have its sole Shareholder/President "wear multiple hats", but at the same time hide behind time limitations. A professional plaintiff, such as BSI, should know it better.

Plaintiff's Motion also fails to provide "articulated reasoning" that justifies a protective order. Indeed, the Motion does not cite a single case that authorized a protective order in similar circumstances. The Motion lacks specific examples of "annoyance, embarrassment or undue burden", as well as case authority supporting its position. Accordingly, the Court should summarily deny the Motion.

**D. The Motion Does Not Substantiate BSI's General Objections of Overbreadth, Harassment or Undue Burden with an Affidavit or other Sworn Proof.**

Plaintiff's Motion also claims that the subject matters in the deposition notice are "unduly burdensome," "harassing," and "overly broad". DE 494 at pp. 3, 4. As a general rule, "general objections are not useful to the court ruling on a discovery motion." *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash.*, 103 F.R.D. 52 (D.D.C. 1984). "The resisting party must show specifically how a general objection applies to the discovery request." *Huff v. Huff*, 2006 WL 2356042, at *1 (N.D. Ga. 2006). Indeed, "merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will ***not*** suffice to state a proper objection." *Cappetta v. GC Services Ltd. Partnership*, 2008 WL 5377934, at *1 (E.D. Va. 2008) (noting that "[t]he mere fact that responding to a discovery request will require the objecting party to expend considerable time, effort…is an insufficient basis to object to a relevant discovery request") (emphasis added).

In fact, this very court described an objection for "unduly burdensome" or "overly broad" as follows:

> With respect to assertions of unreasonable burden or expense, as well as privilege as a basis to refuse requested discovery, Rule 26(b)(5) of the Federal Rules of Civil Procedure and Discovery Guideline 9(c)….impose an affirmative duty on the objecting party ***to particularize with facts, not conclusory statements***, the basis for these objections. Thus, conclusory assertions of burden or cost are insufficient.

*Marens v. Carrabba's Italian Grill, Inc*., 196 F.R.D. 35 (D. Md. 2000). "The party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence." *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495 (D. Md. 2000) (holding that "defendant's assertions of harassment, burden, prejudice, and expense are generalized, non-specific objections, which are insufficient to prevent the requested discovery"); *United Oil Co., Inc. v. Parts Associates, Inc*., 227 F.R.D. 404 (D. Md. 2005) (overruling objection that a discovery request was burdensome where party failed to establish burden "with the requisite specificity and formal affidavit").

In its Motion, Plaintiff objects, *inter alia*, that the subject matters identified in the deposition notices are "overly broad", "harassing", "not relevant to a party's claim or defense" and "unduly burdensome". *See* DE 494-1 at pp. 3-4. However, the Motion does not set forth the underlying grounds for BSI's objections. Further, Plaintiff fails to substantiate its objections with an affidavit or other reliable evidence. On its face, Plaintiff's general objections are improper and do not justify the entry of a protective order.

**E. Plaintiff Also Improperly Raises a Blanket Attorney Client Privilege and Work Product Doctrine Objection.**[4]

Plaintiff also alleges that "the Subject Matter for Testimony…seek information protected from disclosure by the attorney - client privilege, attorney work - product doctrine, or any other doctrine or privilege." *See* DE 494-1. "Blanket claims of privilege are disfavored." *Nguyen v. Excel Corp.*, 197 F. 3d 200 (5th Cir. 1999); *Holifield v. U.S.,* 909 F. 2d 201 (7th Cir. 1990) (noting

[4] This situation is to be distinguished from the Declaration and specific factual averments that supported WAUSA's request at DE 499 for a protective order respecting the deposition of its corporate General Counsel.

that blanket objection that certain documents were protected by attorney - client privilege supported by "brief conclusory summations" is insufficient to prohibit production). "The party asserting the attorney client privilege or work product doctrine has the burden of showing why it applies." *Twigg v. Pilgrim's Pride Corp.*, 2007 WL 676208, at *1 (N.D.W.V. 2007) (holding that "defendant's objections based on the attorney client privilege and work product doctrine were also improper since defendant failed to show in any way why the material should be subject to protection").

Here, Plaintiff raises a blanket attorney - client and work product objection to prevent the taking of the deposition of Mr. Wagner. DE 494-1 at pp. 3-4. The Motion, however, does not explain why the subject matters violate the attorney-client and work product privilege. On its face, the privilege objections are improper.

Further, it is premature for Plaintiff to seek a protective order regarding certain subject matters in advance of the deposition. Indeed, "[c]ourts addressing this issue have generally declined to uphold attorney-client and work-product objections to topics set out in Rule 30(b)(6) notices unless the requested topics, on their face, call for testimony invading the attorney-client privilege or attorney work product doctrine." *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581 (D. Kan. 2008) (denying the defendant's motion for protective order on attorney - client and work product grounds regarding certain subject matters listed in a Rule 30(b)(6) deposition notice) *see also Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.,* 236 F.R.D. 524 (D. Kan. 2006) (holding blanket assertions of privilege before any questions have been asked at a Rule 30(b)(6) deposition are premature); *In re Kelton Motors, Inc.*, 130 B.R. 183, 184 (Bankr. D. Vt. 1991) (noting that "although Trustee may object to questions during the deposition that are indeed

protected by the work product doctrine, Trustee's defensive posture [in seeking a protective order] is premature").

Likewise, Plaintiff seeks a protective order on privilege grounds in advance of the deposition of Mr. Wagner. DE 494-1 at pp. 3-4. If Plaintiff contends that a certain question violates the attorney-client privilege or work product doctrine, it can contemporaneously object to these questions at the deposition. However, Plaintiff cannot raise a blanket objection of attorney-client and work product privilege to prohibit the taking of its Rule 30(b)(6) deposition. "The circumstances are rare which justify an order that a deposition not be taken at all, and the existence of privilege is not one of those circumstances." *Scovill Mfg. Co. v. Sunbeam Corp.*, 61 F.R.D. 598 (D. Del. 1973). Hence, the Court should deny the Motion.

**WHEREFORE,** WORLD AVENUE USA, LLC respectfully requests the entry of an Order denying Plaintiff, Beyond Systems, Inc.'s Motion for Protective Order as to the Rule 30(b)(6) Deposition of Paul Wagner, and directing Mr. Wagner sit for the deposition for the amount of time previously determined on September 23rd hearing and for such other and further relief that this Court deems just and proper.

Dated: November 22, 2010.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

__/s John L. McManus___________________

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477