## IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC.     )
                                )
    Plaintiff            )
    v.                   )       Case No.PJM 08 cv 0921
                                )
WORLD AVENUE USA, LLC, et al. )
    Defendants    )
_____ )

## DEFENDANT, WORLD AVENUE USA, LLC'S MOTION FOR LEAVE TO AMEND ONE ALLEGATION IN ANSWER BY INTERLINEATION AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Rule 103(6) of the Local Rules of the District of Maryland, hereby moves the Court for entry of an Order granting WAUSA Leave to Amend its Answer to Plaintiff, BEYOND SYSTEMS, INC.'s ("BSI"), Amended Complaint by Interlineation, on the grounds set forth in the following Memorandum of Law:

### I.      INTRODUCTION.

This is an action brought by a serial spam litigator masquerading as an internet service provider, BSI, for $134 million in supposed damages that it inflicted upon itself.   BSI posits itself as a victim of unsolicited commercial e-mail.   On December 22, 2008, BSI filed the Amended Complaint.  On May 27, 2009, WAUSA filed an Answer to the Amended Complaint ("Answer").  On August 3, 2009, WAUSA moved to correct an allegation in Paragraph 3 of its Answer to clarify the corporate status of WAUSA.  *See* DE 85.

1

BSI has, however, recently unveiled its purported misunderstanding[1] that WAUSA somehow intended to admit that WAUSA *is* a successor-in-interest to another company called NiuTech, LLC.  To be clear, however, WAUSA did not admit that it "is" the successor-in-interest to NiuTech, LLC.  Indeed, that is exactly what the amendment accomplished, to deny that Defendant WAUSA "is" the successor-in-interest to NiuTech.  By not admitting to the word "*is*" contained in the allegation of Paragraph 3 of the Amended Complaint and denying the remaining allegations of that Paragraph, the Amended Answer *denied* that WAUSA *is* a successor-in-interest to NiuTech.  The Amended Answer denied that WAUSA "assumed the liabilities of" NiuTech, LLC. The Amended Answer was intended to convey that a company titled "World Avenue USA, LLC" "was" for three-month period of time in 2006 a successor-in-interest to NiuTech, LLC.  That company was now known as TheUseful, LLC.  That company is not the Defendant named World Avenue USA, LLC in this case.  That allegation is consistent with other specific denials in the Answer that WAUSA is a successor to NiuTech, LLC.  *See infra*. at pp. 6-7.

In this motion, WAUSA seeks to amend the Answer to correct its response to Paragraph 3 of the Amended Complaint to address BSI's newly-discovered "misunderstanding" of the allegation.  Amendment of pleadings is expressly favored, and WAUSA should be permitted to amend the Answer for these purposes.  For the following reasons, this Court should grant WAUSA's Motion for Leave to Amend.

---

[1] The "misunderstanding" is purported because, as detailed below, BSI has recognized WAUSA and TheUseful, LLC as distinct entities throughout the case.

2

## II.     <u>Applicable Legal Standard.</u>

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading, after twenty days from the date of serving the original pleading, with leave of court, which "shall be freely given when justice so requires."  The United States Supreme Court has declared that "this mandate is to be heeded" so that cases are decided on their full merits.  *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Thus, while district courts are afforded discretion to deny amendment, "that discretion is *limited* by the interpretation given Rule 15(a) in *Foman*, 'and by the general policy emodied in the Federal Rules favoring resolution of cases on their merits.'"  *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (emphasis added)). Accordingly, "[a] court may not then use its discretion either arbitrarily, or in a way that undermines the basic policy of the rule." *Davis*, 615 F.2d at 1980.

So strong is the policy favoring amendments that leave to amend will be denied *only* in cases marked by bad faith, dilatory motive, undue delay, futility or repeated failure to cure pleading deficiencies, or in which the opposing party will suffer prejudice.  *Foman*, 471 U.S. at 182; *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001); *Westport Ins. Corp. v. Albert*, No. Civ. A. AW-04-2315, 2005 WL 1308534 (D. Md. May 31, 2005) (considering a motion for leave to amend answer).  "Thus, in exercising its discretion in the matter the Court should focus 'on prejudice or futility or bad faith as the *only* legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigatants.'"  *Island Creek*,

3

832 F.2d at 279 (citing *Davis*, 615 F.2d at 613)). A substantial showing is required to overcome the presumption in favor of allowing amendments. *See Cuffy v. Getty Refining & Marketing Co.*, 648 F. Supp. 802, 806 (D. Del. 1986) ("Prejudice does not mean inconvenience to a party."). As long as they do not unfairly surprise the opposing party or prevent it from presenting its case, amendments should be freely allowed as the case develops. *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir.), *cert. denied*, 493 U.S. 944 (1989). Delay alone is not enough to deny amendment, as it must be coupled with prejudice, bad faith, or futility. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). The liberal standard applies with equal force to an amendment to an answer. *Aetna Casualty & Surety Co. v. Abbott*, 130 F.2d 40, 44 (4th Cir. 1942).

### III.   Argument.

#### A.   Amendment Is Warranted.

The Court should permit a minor amendment to Paragraph 3 of the Amended Answer due to BSI's newly-unveiled purported "misunderstanding" of the import of the Paragraph. There is no undue delay, prejudice, bad faith, or futility that prevents the amendment from occuring.

Paragraph 3 of the Amended Complaint alleged:

3.   Defendant WAUSA is a limited liability company formed under the laws of Delaware, and maintaining its principal business offices in Sunrise, Florida. **As a result of a merger, WAUSA is the successor in interest to, and has assumed the liabilities of, NIUTECH, LLC**. WAUSA conducts business on a regular basis in Maryland.

WAUSA's Amended Answer stated:

3.   World Avenue admits that it is a limited liability company formed under the laws of Delaware and that it maintains its principal business offices in Sunrise, Florida, and that it *was* the successor in interest to Niutech, LLC through Articles of Merger. ***World Avenue denies the remaining***

4

*allegations of this Paragraph.*

To be clear, WAUSA did not admit that it "*is*" the successor-in-interest to NiuTech, LLC. WAUSA did not admit the allegation that it "has assumed the liabilities of NiuTech, LLC." Instead, WAUSA "denie[d]" that allegation.  The Amended Answer was intended to convey that a company titled "World Avenue USA, LLC" "was" a successor-in-interest to NiuTech, LLC. That company was now known as TheUseful, LLC.

The amendment would simply clarify the allegation as follows:

3.     World Avenue admits that it is a limited liability company formed under the laws of Delaware and that it maintains its principal business offices in Sunrise, Florida, and that [a company called World Avenue USA, LLC (Delaware File Number 4181161)] was the successor in interest to Niutech, LLC through Articles of Merger.  World Avenue denies the remaining allegations of this Paragraph.

Even when a party moves for summary judgment, the standard for amendment does not change.  *See Martin v. Sands*, 62 F. Supp.2d 196, 199 (D. Mass. 1999).  The court should grant amendment, even where an allegation is being used for summary judgment, if injustice would result.  *Id*. ("The most persuasive argument for allowing Defendants' Motion to Amend lies with fundamental fairness concerns.  If Defendants were not allowed to amend, Gerald Sands would automatically be held liable for violating the FDCPA, although he claims, and his deposition testimony supports to some extent that he was not responsible for the collection letters at issue").

This case is even far more compelling than *Martin*.  Here, unlike *Martin*, there is no admission of liability as the allegation did not admit that WAUSA "is" a successor-in-interest to NiuTech, and expressly denied the allegation that it "is" a successor-in-interest to NiuTech.  The allegation here, by denying the remaining allegations of this Paragraph, also denied that

5

WAUSA is responsible for the liabilities of NiuTech.  In other words, BSI is arguing the very inference that the allegation denies.

In *Martin*, as in this case, the evidence in this case supports that *this* Defendant WAUSA is not the successor-in-interest to NiuTech, LLC, but that, for a short period of time from June 26, 2006 to September 19, 2006, a company called World Avenue USA, LLC was the successor-in-interest to WAUSA.  Pursuant to the Declaration of Professor Lisa M. Fairfax, the Leroy Sorenson Merrifield Research Professor of Law at The George Washington University Law School and the immediate past Director of the Business Law Program at the University of Maryland School of Law, the Declaration of Michael Brant, the Articles of Merger, and other publicly-filed materials of record with the Delaware Department of Corporations and the Florida Department of State, Division of Corporations, the Defendant, WAUSA, is not the successor-in-interest to NiuTech, LLC.  *See*, *e.g.*, Exhibits 14 and 16 to DE 525.

### B.   BSI Is Not Prejudiced Because The Amendment Is Consistent With The Remaining Denials In The Answer.

Indeed, the allegation is entirely consistent with the remainder of the Answer, which repeatedly denies that WAUSA merged with NiuTech.  Paragraph 6, BSI alleged:

> 6.      JI executed ***articles of merger*** as the sole representative for ***WAUSA and NIUTECH, LLC***.  JI, and the entities controlled by JI, including WAUSA, WAH and some of the JOHN DOE defendants to be identified specifically when their true names are known, are referred to hereinafter in this Amended Complaint collectively as "WORLD AVENUE."

(emphasis added).

WAUSA responded:

> 6. World Avenue admits that JI is the chairman of World Avenue and a signatory of the Articles of Merger, and ***denies the remaining allegations of the Paragraph 6.***

6

(emphasis added).

In Paragraph 31, BSI alleges:

> 31.     The Better Business Bureau of Southeast Florida has also identified accurate information about ***NIUTECH, LLC,*** one of JI's companies ***and which later merged into WAUSA***, listing various trade names, fictitious names, and domain names of Niutech, several of which appear in the emails at issue in this case. *See* Exhibit 18, pp. 1-2.

(emphasis added).

WAUSA responded:

> 31.     World Avenue admits that in Paragraph 31 Plaintiff purportedly cites to the Better Business Bureau Company Report*.  **To the extent directed at World Avenue, the allegations in Paragraph 31 are denied**. To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

(emphasis added).

In Paragraph 32, BSI alleged:

> 32.     Exhibit 19 accurately depicts a San Francisco Chronicle article connecting "***theUseful***," a name that appears frequently in the emails at issue in this case, to ***WORLD AVENUE***.

WAUSA responded:

> 32. World Avenue admits that the Exhibit 19 purportedly depicts a San Francisco Chronicle article. ***To the extent directed at World Avenue, the allegations in Paragraph 32 are denied***.  To the extent the allegations are directed at others, World Avenue is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

(emphasis added).

C.   **There Is No Prejudice To BSI Because BSI Has Treated The Two Entities (WAUSA and TheUseful, LLC) As Separate Throughout The Case And Because BSI Itself Seeks To File A Second Amended Complaint That Would Supersede The Allegations Upon Which BSI Relies.**

Further, there is no prejudice to BSI because BSI has known that the two entities are distinct throughout the case. BSI was informed on August 26, 2009 of the various subsidiaries of co-Defendant World Avenue Holdings, LLC, including, but not limited to, that the TheUseful, LLC and World Avenue USA, LLC, were two of these different subsidiaries. *See* Exhibit 31 to DE 525 (Deposition of Fidel D. Dhana taken August 26, 2009). BSI was also informed in Interrogatory Answers dated August 24, 2009 that TheUseful and WAUSA were distinct. "World Avenue USA serves as a management and service company, whereas [World Avenue] Holdings[, LLC] holds the members' interests in World Avenue USA, LLC and other entities." *See* Exhibit to DE 525 (Defendant World Avenue Holdings, LLC's Answers dated August 24, 2009 to Plaintiff's First Set of Jurisdictional Interrogatory Requests), p. 26, Interrogatory Answer 21.

On January 29, 2010, and countless times since then, BSI was informed that WAUSA was formed in September 2006. *See* Exhibit 11 to DE 525 (WAUSA's Confidential Answers to Plaintiff's First Set of Interrogatories, p. 3, ¶ 1 & p. 47, ¶ 2); Exhibit 12 to DE 525 (World Avenue USA, LLC's Confidential Response dated January 29, 2010 to Plaintiff's First Request for Production of Documents, p. 2, ¶ 4); Exhibit 13 to DE 525, p. 2, ¶ 3 & p. 51, ¶ 2 (World Avenue USA, LLC's Answers dated June 29, 2010 to Plaintiff's Second Set of Interrogatories); Exhibit 17 to DE 525, p. 7, ¶ 3 (World Avenue USA, LLC's Response dated June 29, 2010 to Plaintiff's Request for Production of Documents); Exhibit. 25 to DE 525, p. 2, Interrogatory

8

Answer 2 (World Avenue USA, LLC's Amended and Supplemental Confidential Answers dated October 26, 2010 to Plaintiff's First Set of Interrogatories); Exhibit 27 to DE 525, p. 2, Answer to Interrogatory 4, ¶ 1 & p. 12, Answer to Interrogatory 39, ¶ 1 (World Avenue USA, LLC's Amended and Supplemental Answers dated October 26, 2010 to Plaintiff's Second Set of Interrogatories).

BSI's newly-minted assertion that it just learned that WAUSA and TheUseful, LLC are distinct entities is directly contrary to its actions in this case. For example, BSI issued and served in Florida a Federal Rule 45 third party subpoena to TheUseful, LLC on September 22, 2010 -- thereby recognizing that TheUseful, LLC is a third party, and not a party, to this case. *See* Exhibit 24 to DE 525. In BSI's brief filed at DE 108, BSI specifically acknowledged the existence of The Useful, LLC and World Avenue USA, LLC as distinct entities. *See* DE 108, p. 6.

Likewise, BSI served ***seven months ago*** a motion to add TheUseful, LLC as a party to this case -- in addition to WAUSA. *See* DE 177, 177-2. If granted, TheUseful, LLC and WAUSA would file an Answer and/or motion directed to the Second Amended Complaint that would be consistent with this amendment. Thus, there is no prejudice.

No reason for denial of leave to amend exists in this case. WAUSA has acted in good faith. Moreover, WAUSA has not unduly delayed requesting leave to amend, nor will BSI be unduly prejudiced if leave is granted.

Pursuant to Local Rule 103(6)(a), a copy of the proposed Amendment by Interlineation to Answer is attached hereto.

## Conclusion

For the foregoing reasons, WAUSA requests that this Court enter an order granting WAUSA leave to amend its Answer by Interlineation.

**WHEREFORE**, Defendant World Avenue USA, LLC, moves this Court for entry of an Order accepting the attached Amendment by Interlineation to Answer as duly filed, and request such other and further relief as this Court deems appropriate.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

_____/s_____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

10