IN THE U.S. DISTRICT COURT FOR MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC** | * | |
| **successor by merger to NIUTECH, LLC.,** | * | |
| **dba The Useful, et al.** | * | |
| | * | |
| **Defendants** | * | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR
PARTIAL SUMMARY JUDGMENT ESTABLISHING DEFENDANT WORLD
AVENUE USA, LLC AND THEUSEFUL, LLC AS A SINGLE ENTITY OR, IN
THE ALTERNATIVE, FOR ENTRY OF AN ORDER OF DEFAULT AGAINST
THEUSEFUL, LLC**

Plaintiff Beyond Systems, Inc. ("BSI"), by and through undersigned counsel,
hereby files this Reply Memorandum of Law in support of its Motion for Partial
Summary Judgment Establishing Defendant World Avenue USA, LLC and TheUseful,
LLC as a Single Entity or, in the Alternative, for Entry of an Order of Default Against
TheUseful, LLC.  As discussed more fully below, Plaintiff is entitled to entry of
Summary Judgment on the issue of whether Defendant World Avenue USA, LLC and
TheUseful, LLC should be treated as a single entity for purposes of this litigation or, in
the alternative, this Court should enter a Default against TheUseful, LLC.

Defendant's Opposition continues to focus on the hyper-technical defense of
whether Plaintiff has named the correct party.  In addition, Defendant has the temerity to

1

tell Plaintiff who it should treat as the defendant.  However, Defendant's affimative defense of "wrong named party" is entirely misplaced and cannot withstand scrutiny based on Defendant's own filings in this case.  Defendant has intentionally worked to conceal the true identity of the Defendant in this case while simultaneously blocking Plaintiff's access to the information and people who could prove its case.

The Federal Rules are quite clear and are based upon simple notice to the defendant.  In this case, the Defendant has been on notice that it was served with the present lawsuit since at least April 2008.  The Plaintiff adequately described the Defendant in the Complaint and Amended Complaint, placing it on notice of the wrongful conduct alleged as well as the real party in interest.  Plaintiff has consistently described Defendant in terms that should leave no doubt that it has served the correct party.  Plaintiff alleges that it received false or misleading commercial email from the Defendant or one its affiliates beginning in 2004.  Defendant, on the other hand, has chosen to Answer the Complaint on behalf of an entity it claims was only created in 2006.  Such a result is not supportable either by the law or the facts in this case.

For more than two and a half years, Defendant has concealed its relationship to Niutech, LLC.  Now, after discovery has closed, Defendant has alleged in writing for the first time in <u>any</u> pleading that it is not the successor to Niutech, LLC.  *See* DE 528 (Motion for Leave to Amend One Allegation in Answer by Interlineation and Memorandum of Support).  As the Defendant has created a strawman in WAUSA II while simultaneously concealing the real party in interest until after discovery has closed,

2

it should not now be allowed to gain a windfall from its misrepresentations and omissions.  As a result, this Court should find that Defendant World Avenue USA, LLC, now known as TheUseful, LLC, has waived its affirmative defense denying it was the real party in interest and entering a default against it.

## I.    INTRODUCTION

Plaintiff filed the instant complaint on April 11, 2008, alleging that the defendants violated state anti-spam statutes by initiating, assisting in the initiation of, or conspiring in the transmission of, thousands of emails to Plaintiff, each containing deception or falsity, beginning on January 1, 2004 and continuing to the present.  Plaintiff identified the lead defendant in the complaint using the descriptor "*WORLD AVENUE U.S.A., LLC dba 'TheUseful,' successor by merger to Niutech, LLC*," and further alleged that this defendant was a limited liability company formed under the laws of Delaware; maintained its principal place of business in Sunrise, Florida; engaged in an email-driven lead generation business; and was the successor in interest to Niutech, LLC.  (DE 1;  *see also*, Amended Complaint at DE 34.)

The Amended Complaint also alleged that many of the emails claimed were sent during 2004 and 2005 under the aegis of the entity known as Niutech, LLC.  There is **no dispute** that Niutech, LLC merged with World Avenue USA, LLC in 2006.  There is **no dispute** that World Avenue USA, LLC *accepted responsibility and liability* for the acts of Niutech, LLC following the merger by the terms of the Articles of Merger.  There is

also **no dispute** that World Avenue USA, LLC changed its name to "TheUseful, LLC."[1]

Finally, there is **no dispute** that the Defendant World Avenue USA, LLC admitted in its

Answer that the Defendant "was" the successor to Niutech, LLC.

Defendant filed an Answer to the Amended Complaint on behalf of Defendant

World Avenue USA, LLC at DE 76, which states :

> 3.      World Avenue admits that it is a limited liability company formed
> under the laws of Delaware and that it maintains its principal
> business offices in Sunrise, Florida, *and that it **is** the successor in
> interest to Niutech, LLC through Articles of Merger*

The only change in the Amended Answer to the Amended Complaint at

DE 85-3 states :

> 3.      World Avenue admits that it is a limited liability company formed
> under the laws of Delaware and that it maintains its principal
> business offices in Sunrise, Florida, *and that it **was** the successor
> in interest to Niutech, LLC through Articles of Merger*

**[Strikeout in original; emphasis added.]**

The only alteration in the entire Amended Answer was the replacement of the

word "is" with the word "was" as shown above.  The definition of "World Avenue"

remained unchanged in both answers and Defendant responded pursuant to the Federal

Rules of Civil Procedure, the Local Rules for the United States District Court of

Maryland, and the Maryland Rules of Professional Conduct, which governs the ethical

conduct of all attorneys admitted to the Maryland Bar.

---

1 On March 9, 2010, Plaintiff filed an unopposed motion for leave to file a second
amended complaint naming "TheUseful, LLC" as a defendant along with WAUSA and
others, at DE 176, 177.  That motion is among those set for a hearing on November 29,

Despite their subsequent claim of non-successor status, Defendant does not dispute that WAUSA I (TheUseful, LLC) and WAUSA II have the same Federal Employer Identification Number ("FEIN");  the exact same corporate address [the same street address and suite number (1613 NW 136th Avenue, Suite 100, Sunrise, Florida 33323)];  and the same membership (World Avenue Holdings, LLC) – clearly intimating that the Two WAUSA's should be regarded as a single entity.

On October 11, 2010, WAUSA filed its Opposition to Plaintiff's Motion to Compel Responses to Plaintiff's Second Set of Interrogatories and Document Requests and described for the first time in detail the logical inconsistency that plagues Defendant now.  In its recitation of the facts, Defendant reasoned how it "was" the successor in interest to Niutech, LLC, while simultaneously denying access to discovery on the grounds that it doesn't know anything about Niutech, LLC.  Not surprisingly, Defendant also contends that it ***cannot know and is incapable of possessing access to information or documents relating to WAUSA I;  TheUseful, LLC;  Niutech, LLC, or any of the so-called "sister companies" within the World Avenue family of companies***.

In defending against Plaintiff's attempts to discover more about the Defendant entity known as World Avenue USA, LLC ("WAUSA I"), Defendant has repeatedly sought to limit discovery on the grounds that WAUSA II was only created in 2006.  S*ee e.g.,* DE 257.  At the exact same time, an entity named "World Avenue USA, LLC" represented to the public (*and to state and federal regulators in prior litigation*), that it

---

2010.

5

has been in business continuously since 2002, and that it is the successor in interest by merger to Niutech, LLC.  Defendant's own web pages and press releases, as well as the public records filed with the states of Delaware and Florida, contradict Defendant's denial of successor status.

Finally, Defendant's own Compliance Manager did not get the memorandum that World Avenue USA, LLC was now called TheUseful, LLC.  In a September 21, 2007 declaration before the Superior Court of California, Mr. Jeff Richard attested upon oath and under penalty of perjury that he was the Manager of Compliance and Assessment for World Avenue USA, LLC.  *See* Ex. CC-1, (Balsam Affidavit, Ex. 4).  If Defendant's theory were correct, no one at World Avenue USA, LLC should have been the Compliance Manager, because WAUSA was nothing but a services company.  In reality, Defendant continued to refer to itself as World Avenue USA, LLC until at least 2008, if not to the present day.  Plaintiff has noted the deposition of Chris Peterson, in particular, that indicated the same lack of regard for corporate name.  Plaintiff's Exhibit AA-14; ECF No. 480-13 at 75:5-23; 79:13-80:5; 152:6-153:20;  168:5-169:6; 185:15-20; 201:22-202:3; 215:6-216:3; and 259:7-20.

As a result, Plaintiff's Motion for Summary Judgment must be granted. Defendant has played fast and loose with its corporate names and trade names since 2004.  Whether the company is referred to as Niutech, LLC f/k/a World Avenue USA, LLC n/k/a TheUseful, LLC or as "*World Avenue USA, LLC dba 'TheUseful,' successor by merger to Niutech, LLC*," is of little importance under the Federal Rules of Civil

6

Procedure.  With the arrival of notice pleading in the federal rules in 1938, a defendant was held to be on notice of the claims against it if plaintiff made a plain, clear statement of the cause of action.  If defendant failed to come forward and Answer after being placed on notice of the claims against it, defendant was deemed to have waived its right to the affirmative defense of "wrong party."

Through its deliberate omissions and intentional obfuscations, Defendant has not only waived its right to such a claim, it has deprived of this Court of the ability to determine the truth or falsity of Plaintiff's claims by playing this public charade with its name.  In doing so, it has needlessly and vexatiously prolonged this litigation for more than two and a half years without permitting Plaintiff to take a single merits deposition of a principal in this case.  Defendant should be ashamed and should suffer the ultimate default for its careless use of the Court's resources.

## II.    ARGUMENT

### A.    Notice Pleading and the Federal Rules of Civil Procedure

#### 1.    Rule 11 of the Federal Rules of Civil Procedure

Rule 11 requires an attorney or pro se litigant who signs pleadings to make a reasonable inquiry into the factual and legal support for the allegations and prohibits the filing of pleadings for an improper purpose, such as harassment, delay, or coercion.  Fed. R. Civ. P. 11;  *see Cooter & Gell v. Harmar Corp.*, 496 U.S. 384, 393 (1990).  For a complaint to be reasonable, the attorney or pro se litigant must have uncovered "some information to support the allegations in the complaint." *Brubaker v. City of Richmond*,

943 F.2d 1363, 1373 (4th Cir. 1991). Under Rule 11, an attorney's signature on a

pleading signifies that

> to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, *and that it is not interposed to harass or to cause unnecessary delay or needless increase in the cost of litigation.*

Fed.R.Civ.P. 11 (emphasis added).

**2.      Rule 8(b) of the Federal Rules of Civil Procedure**

Under Rule 8(b) of the Federal Rules of Civil Procedure, litigants are required to

avoid complicated forms of pleading and defenses in favor of simplicity :

> (b)      Defenses; Admissions and Denials.
>
>> (1)      In General. In responding to a pleading, a party must:
>>
>>> (A)      state in short and plain terms its defenses to each claim asserted against it; and
>>>
>>> (B)      admit or deny the allegations asserted against it by an opposing party.
>>
>> (2)      *Denials--Responding to the Substance.* A denial must fairly respond to the substance of the allegation.
>>
>>               *      *      *
>>
>> (6)      *Effect of Failing to Deny.* ***An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied.*** If a responsive pleading is not required, an allegation is considered denied or avoided.

Fed. R. Civ. P. 8(b) (emphasis added)

**3.      Failure to Adequately Deny an Averment Is an Admission**

Under the Federal Rules, a party must either admit an allegation, deny an allegation in total, or admit such portion of the allegation that is true and deny the remainder sufficient to make clear to the plaintiff what is being denied and what is being admitted.  *See* Fed. R. Civ. P. 8(b).  If a defendant desires to raise an affirmative defense of "wrong party in interest," it must do so in its Answer or the matter will be deemed admitted.  *See Am. Color & Chem. Co. v. Tenneco Polymers, Inc.*, 918 F. Supp. 945 (USDC SC 1995).  If defendant fails to raise such an affirmative defense with enough specificity to alert the Plaintiff that the averment is denied, it will be considered an avoidance under Rule 8(c).  *See Tenneco*, 918 F. Supp. at 958.  Defendant's failure to plead the affirmative defense of "wrong party" waives the defense.  *See id.* ("[M]otions relating to the status of a party should be made without delay in order to protect the Court and the parties from wastefully spending significant amounts of their limited resources of time and money preparing and trying a case against a purportedly misidentified party.")

> It is hornbook law that a defendant has a duty to give the opposing party notice of it's affirmative defenses and a chance to develop evidence and offer arguments to controvert them . . . This duty stems from *Rule 8(c)*'s core purpose to act as a safeguard against surprise and unfair prejudice.

*Marine Office of Am. Corp. v. Lilac Marine Corp*, 296 F. Supp. 2d 91, 99 (USDC PR 2003).

In *Zelinski v. Philadelphia Piers, Inc.*, a Federal Court found that the jury was entitled to an instruction that the defendant owned the forklift that caused the accident and his agent was operating the forklift on that day.  *See Zelinski*, 139 F. Supp. 408, 411 (E.D. PA 1956).  In a personal injury suit, defendant generally denied a paragraph in the

9

complaint that alleged that a forklift "owned, operated, and controlled" by it and its employees was negligently driven so that it hit and injured the plaintiff.  In fact, unknown to plaintiff, defendant had sold its business and transferred its employees to a third party prior to the accident, retaining only ownership of the forklift.  By the time the plaintiff learned of these facts, it was too late under the applicable statute of limitations to sue the third party.  Plaintiff argued that the defendant's denial was ineffective and should be treated as an admission for purpose of the action.

The Court found that the defendant failed to specifically deny the "operated and controlled" allegations contained in the quoted paragraph deprived plaintiff of warning that he had sued the wrong defendant.  Although defendant's denial was literally true,[2] it did not "fairly meet the substance of the averments denied."  *See* Rule 8(b).  Not only should defendant have admitted ownership, but it should also have admitted that the forklift hit and injured the plaintiff, which was known to it from an accident report. Although a defective denial should not automatically be deemed an admission under the federal rules, the circumstances, compounded by a misleading and inaccurate answer to interrogatories during discovery, justified finding the defendant equitably estopped from denying ownership and agency for purposes of the action.  *See Zelinski*, 139 F. Supp. at 413.  To allow defendant to profit from its omission would have been unfair and deprived plaintiff of his right of action.  *Id.*

**B.     BSI Never Knew There Was a Difference Between WAUSA I and WAUSA**

---

2 Because plaintiff used conjunctions to connect different averments, the entire paragraph was true literally only if all all its conjoined averments were true.

10

II.

Defendant focuses a great deal of its Opposition on the fact that the Plaintiff

should have been aware that there was a difference between WAUSA I and WAUSA II

n/k/a TheUseful, LLC.  The Opposition argues :

> Since the beginning of this litigation, BSI has been provided discovery
> responses that WAUSA is not the successor in interest to any company and
> that WAUSA was formed for the first time in September 2006. BSI waited
> for two and a half years to attempt to claim, retroactively, that it really
> intended to name TheUseful, LLC, when it named WAUSA.

Opp. at 3.

The facts, however, do not support such a claim.  As the Court is well aware,

Plaintiff named *World Avenue USA, LLC dba 'TheUseful,' successor by merger to

Niutech, LLC* as the Defendant in April 2008.  On May 27, 2009, the Defendant served an

Answer to the Complaint admitting that it "is" the successor in interest to Niutech, LLC

through the Articles of Merger.  *See* Def's Answer to Amend. Compl., DE 76 at ¶ 3.

Three months later on August 3, 2009, Defendant sought leave of Court to Amend its

Answer to the Amended Complaint.  *See* DE 85 (Motion for Leave to File an Answer).

In that Amended Answer, Defendant changed its answer to admit that it "was" the

successor in interest to Niutech, LLC through the Articles of Merger. Not surprisingly,

Defendant did not give a reason in its Motion for asking the Court for leave to file the

Amended Answer.  It only argued that the presumption was in favor of granting such

amendments.  *See* DE 85 at ¶ 3.

Whether Defendants Answer that World Avenue USA, LLC "is" the successor in

11

interest to Niutech, LLC or "was" the successor in interest to Niutech, LLC is of little

import.  One is the present tense conjugation of the verb "To Be" ("is") and one is the

past tense of the verb "To Be" ("was").  The result is the same.  The logical import of the

Answer is that World Avenue USA, LLC was, *either now or in the past*, the successor in

interest to Niutech, LLC through Articles of Merger.  There is no logical support for

Defendant's reading of this Answer as a denial of Defendant's successor-in-interest

status.  *See* Opp. at ¶ 36.  This is true even with the declaration of Professor Lisa M.

Fairfax, the immediate past director of the University of Maryland's Business Law

Program.

Defendant's discovery responses made its Answer to the Amended Complaint

even more puzzling.  Inm its responses to BSI's first set of interrogatories ("AI") and first

requests for production of documents on January 29, 2010, WAUSA objected to

Plaintiff's discovery requests by re-defining the term "You" in the Requests.

Specifically, Defendant wrote  :

> For purposes of responding to these interrogatory requests,[3] WAUSA
> understands the terms "YOU" and "YOUR" to mean Defendant World
> Avenue USA, LLC, the named Defendant in this case formed on September
> 22, 2006.

WAUSA then objected to Plaintiff's interrogatory requests noting that compliance

was "impossible" :

---

[3] Defendant's objection in its Answers to the First Set of Interrogatories and in its Responses to Plaintiff's
First Set of Document Requests each recite "these interrogatory requests."

WAUSA objects to this Interrogatory to the extent that WAUSA was formed on September 22, 2006, and *it is impossible to require WAUSA to respond to discovery concerning e-mails transmitted prior to its existence*.

WAUSA raised similar objections in its Responses to Plaintiff's First Set of

Document Requests.  Specifically, WAUSA stated :

WAUSA construes this Request to seek information from World Avenue USA, LLC, the named Defendant in this case formed on September 22, 2006.

WAUSA further objects to the time scope of this Request for Production insofar as it was only formed for the first time on September 22, 2006, *and information prior to that time is irrelevant*.

It was not until October 11, 2010, more than two and a half years into this case,

that Defendant noted for the first time in writing that it did not consider itself a successor-

in-interest to Niutech, LLC.  On that date, Defendant WAUSA served its Opposition to

Plaintiff's Motion to Compel Responses to Plaintiff's Second Set of Interrogatories and

Document Requests.  In that Opposition, Defendant asserted that the answer to Plaintiff's

Amended Complaint was filed on behalf of a second, distinct entity also named "World

Avenue USA, LLC," **("WAUSA II")** which was never a successor of Niutech, LLC.

Defendant further contends that WAUSA II cannot know and does not have access to

information or documents relating to WAUSA I;  TheUseful, LLC;  Niutech, LLC, or any

of the so-called "sister companies" within the World Avenue family of companies.

During that same time, Defendant has filed four Motions to Dismiss the case [DE

13];  [DE 40]; [DE 55]; [DE 323] (present motion);  one Partial Motion for Summary

Judgement [DE 266];  three Motions to Quash depositions or subpoenas, [DE 104], [DE

13

157], and [DE 323];  and one Motion to Compel Compliance, [DE 232], all while simultaneously preventing access to its own discoverable information on the absurd "stovepipe" theory that none of the World Avenue family of companies, housed in the same Florida office complex, has any relevant information about any other World Avenue company.

**C.     Defendant World Avenue USA, LLC f/k/a Niutech, LLC n/k/a TheUseful, LLC Has Been on Notice of the Present Lawsuit Since It Was Filed.**

The entity called WAUSA I (successor to Niutech, LLC, later named TheUseful, LLC) has been on ample notice of the claims against it as alleged in the complaint and the amended complaint.

**1.     Changing "is" to "was" does not change successor status.**

Defendants, facing inquiries from attorneys general,[4] purported to create two entities with identical names during the summer of 2006.  Plaintiff has used the longer appellation describing the successor entity to eliminate any doubt that the entity intended was the successor of Niutech, LLC via a merger with World Avenue USA, LLC in June, 2006, as shown by public records that include articles of merger, as further detailed below.

None of the defendants' responses to the complaints, including their five motions to dismiss (at DE 13, 40, 55, 281 and 323) and their two answers, object there has been a failure to join an essential party.

---

4  *See* Exhibit 001 attached, reflecting the interest of attorneys general in IL, OR, PA, MD, TX.

14

## 2.      Defendant's Variations on the "non-successor" theory

Defendant contends that "the named Defendant in this case, World Avenue USA, LLC, is a Delaware limited liability company formed on September 21,[1] 2006 at 11:51 a.m. . . . ."   This argument leaps over the fact that the description of Defendant World Avenue USA, LLC, as the successor in interest of Niutech, LLC in the Amended Complaint, along with Defendant's failure to deny the defined term "World Avenue USA, LLC", leaves no doubt that the entity being described is the one later named TheUseful, LLC.  Defendant points to the formation papers filed with Delaware, its Exhibit 9.   WAUSA argues that at the time "the Defendant" was formed, there was no entity in Delaware or Florida called World Avenue USA, LLC.

In other words, Defendant Niuniu Ji, who signed most of the papers for the merger, the name change, and the creation of WAUSA II, effected the name change on September 21, 2006 at 10:20 a.m., as if that change erased the existence of the entity. By Defendant's logic, for 1 hour and 31 minutes (between the name change at 10:20 a.m. and the creation of the new entity at 11:51 a.m.), the name, "World Avenue USA, LLC" did not apply to any entity in Florida or Delaware.   Defendant's analysis hinges on the particular name used at the moment, which is a superficial element easily changed, rather than the more substantial features of the make-up of the corporation and its role as a continuation of a going concern.

---

The confirmed merger of Niutech, LLC into World Avenue USA, LLC in June, 2006 is incongruous with Defendant's argument that it first came into existence on September, 22, 2006.  The essential details of the merger, leaving WAUSA I as the successor entity of Niutech, LLC, are shown in Plaintiff's "K" series of exhibits at DE 464 and 482.  On June 22, 2006 WAUSA I was created by the filing of a Certificate of Formation with the Delaware Secretary of State.  Exhibit 009 (also marked K-2a).  On June 29, 2006 Defendant Niuniu Ji signed for both sides of the merger of Niutech, LLC into World Avenue USA, LLC (WAUSA I).  He signed the Articles of Merger (BSI SOS 81, three signatures by Mr. Ji  at -83) and an Agreement and  Plan of Merger (four signatures by Mr. Ji at -85).

The Articles of Merger very clearly identify World Avenue USA, LLC as a "Delaware Limited Liability Company;" show both entities at the same address, which at that time was 6001 Broken Sound Parkway, Suite 200, Boca Raton, Florida 33487; and recite in paragraph 3 that responsibility was transferred to WAUSA for the prior acts of Niutech, and that the merged entity, Niutech, LLC, was eliminated. Exhibit 008 (also marked K-2) at 5.   The Agreement and Plan of Merger, publicly filed along with the Articles, provides in paragraph 3 that the "Surviving Entity shall be subject to all the . . . . liabilities of the Constituent Entities,"  and that all of the "liabilities and obligations of the respective Constituent Entities shall thenceforth attach to the Surviving Entity and may be enforced against it to the same extent as if . . . incurred by it."   Further, all of the

"acts, plans, policies, contracts, approvals and authorizations" of the old entity were assumed by the new one. Id.

By virtue of the public documents, it is clear that WAUSA existed in June, 2006, that it became the successor to Niutech, LLC, and that it assumed the assets and liabilities of the old entity.  Florida law further establishes the survivor as the repository of all assets and liabilities of the predecessor entity(ies), and requires the termination of the predecessors.  Florida Statutes, Corporations, Sec 607. 1106, Effect of Merger or Share Exchange. ("(1)(c) The surviving corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each corporation party to the merger").  See also, section 1101, "Merger."  Exhibit 014 (also marked K-6), attached.   This chronology has now been traced and re-traced in several memoranda filed by the parties.

### 3.    WAUSA entities are on notice of claims.

The Amended Complaint at DE 34 placed all World Avenue USA, LLC entities, as well as their successors, on notice of the claims asserted. This same phrase was used to identify World Avenue in the Florida attorney general proceedings. *See* Exhibit 016 (also marked K-11, FL AG 211-213).  In the Texas attorney general investigation, the entity is referred to as "Niu Tech, LLC" *See* Exhibit 017 (also marked K-13, TX AG 1-9) attached, and as simply "World Avenue." (Id. at TX AG 28-33).   In those actions, subpoenas and document requests were propounded and answered using those names, without any protest that the attorneys general had named the wrong entities.   The settlement check for $1,000,000 in the Florida AG action was written by World Avenue

USA, LLC.  Exhibit 018 (also marked K-14, FL AG 0046).  Defendant states that the only reason World Avenue USA, LLC wrote the check was because that was the name on the AVP.  This is Plaintiff's exact point :  responsibility = liability.

Even Defendant recognizes the absurdity of its position that Defendant WAUSA I was not named in the Amended Complaint.  Defendant takes great pains in its Opposition to declare that the strawman World Avenue USA, LLC allegedly created in 2006 was simply a services company.  *See* Opp. at ¶¶ 27-31.  And that TheUseful, LLC (WAUSA I) is really the Internet marketing company that Plaintiff should have named.  *See* Opp. at ¶¶ 32-34.  Such a distinction highlights Defendant's complete lack of internal logic in Answering on behalf of an entity that did not participate in the activities alleged in the Amended Complaint, nor did it even exist at that time.  As a result, Defendant's decision to hold out WAUSA II as the Answering party is without logic or merit and is unsupportable in fact or in law.

## V.    CONCLUSION

For all these reasons, Plaintiff respectfully requests that this Court enter Sumary Judgment in favor of the Plaintiff Establishing Defendant World Avenue USA, LLC and TheUseful, LLC as a Single Entity or, in the Alternative, for Entry of an Order of Default Against TheUseful, LLC.  Defendant has demonstrated that it was clearly on notice of the claims at issue.  The only party who would suffer prejudice by the actions in this case would be the Plaintiff.  Defendant has intentionally concealed the real party in interest in

this case through its deliberate omissions.  It should not be permitted to profit from those

actions.

Respectfully submitted,

_____/s/_____          _____11/25/10_____
Stephen H. Ring                                              Date
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249


_____/s/_____          _____11\/25/10_____
Michael S. Rothman, Esq.                               Date
Law Office of Michael S. Rothman
USDC, MD # 14568
401 E. Jefferson Street
Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

**Certificate of Service**

I certify that a copy of the foregoing documents was served on this 25th day of
November 2010, via the ECF system, on all counsel of record.


_____/s/_____
Michael S. Rothman

**EXHIBITS**

19

CC-1   BALSAM EXHIBIT (