IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. PJM 08 cv 0921 |
| | ) | |
| WAUSA USA, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DECLARATION OF SANFORD M. SAUNDERS, JR.**

I, SANFORD M. SAUNDERS, JR., being of full age, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am a senior shareholder in the international law firm Greenberg Traurig, LLP, and the co-managing shareholder of the firm's Washington, DC office. I am one of the lawyers representing World Avenue USA, LLC ("WAUSA") in the above captioned matter. I submit this Declaration in support of WAUSA's Surreply to Beyond Systems, Inc. ('BSI")'s Reply in support of its Motion to Correct Misnomer.

2. Beyond Systems, Inc. has attached for the Court's reference an e-mail dated February 27, 2010 between members of the defense team:

From: Saunders, Sanford (Shld-DC-L T)
Sent: Saturday, February 27, 2010 6:31 PM
To: Horky, Kenneth (Shld-FTL-LT); McManus, John (Shld-FTL-LT)
Cc: Burlacu, Nicoleta (Assoc-DC-L T)
Subject: FW: bsi v world ave; deadline for amd com pi, joinder

Please see below. Perhaps Monday we file the first certificate of bad faith in connection with our motion for leave to serve additional discovery.
If Ring comes back wi our failure to give him dates for Dale, etc., we can make the Amended Comp argument...
Sandy

3. BSI asserts it interprets this email as confirming the intent of the defense team to rely on the absence of "TheUseful, LLC" as a named defendant as a basis for asserting a limitations defense to the amended complaint.

4. My comment had nothing to do with the issue of the statute of limitations defense. This argument was not raised in WAUSA's limited Opposition to the filing of the Second Amended Complaint. My point went to BSI having no business taking the deposition of Dale Baker when the scope of the BSI's claims were not yet established due to the pendency of an amended pleading. I explained this issue in a later email on April 19th.

"----- Original Message -----
**From:** saunderss@gtlaw.com
**To:** shr@ringlaw.us
**Cc:** burlacun@gtlaw.com
**Sent:** Monday, April 19, 2010 10:45 AM
**Subject:** BSI v World Ave USA


Steve:

We are in receipt of your request to take a merits deposition of World Avenue USA, and separately, your request to file a Third Amended Complaint (or a new "action") that names 27 unidentified parties and requests this firm to accept service of process upon each of those unidentified parties.

At this stage, there are so many problems with BSI's discovery responses, including the failure to provide complete discovery responses to the First, Second, and Third Requests for Production, and the First and Second Sets of Interrogatories, as well as efforts to evade the agreed upon discovery provided for in the ESI Agreement. BSI has repeatedly promised to produce documents, but none has been forthcoming. BSI's productions to date are largely designed to create the impression -- though not the reality -- of compliance and responsiveness. We also have concerns that BSI and those acting on its behalf, have interfered with WAUSA's pursuit of third party discovery. Additionally, Third Party Defendants, whom you also represent, have failed to participate in discovery including that which is directed to the issue of service of process and non-party witnesses have not been completely forthcoming.

Regarding an amended pleading, we are surprised that BSI would consider filing such a Third Amended Complaint given that the Court has not yet ruled on your Motion to File a Second Amended Complaint and the deadline for such amendments expired long ago, and BSI never moved to extend that deadline. Was the Second Amended Complaint simply slapped together in

order to avoid missing the deadline.  Moreover, we cannot respond other than to say "no" to your request because we have not seen a draft of the Third Amended Complaint or new action.

Given the above, a deposition of World Avenue USA at this point is premature both until BSI has rectified the discovery deficiencies outlined above, for example, how can you depose someone regarding the deceptive nature of "re lines" when BSI cannot identify what about them is deceptive and until we know what allegations are being made against World Avenue USA. We also oppose your request to file a Third Amended Complaint, but in any event, we feel that such a deposition would be premature until the Court has ruled upon your Motion to File a Second Amended Complaint and disposition of any motions directed to the Second Amended Complaint.

Furthermore, if past is prologue, we anticipate that the World Avenue USA 30(b)(6) notice will include a voluminous, and possibly excessive, list of topics requiring us to ask you to narrow it or seek a protective order, because World Avenue USA does not send commercial emails.  Even where appropriate, we will need some time to review and identify the appropriate designees. Thus, for the sake of efficiency, we suggest you send us a notice of 30(b)(6) deposition for World Avenue USA, without a fixed date, so that we can get the foregoing process moving.

Best."

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: November 26, 2010

                                                /s/*
                                           Sanford M. Saunders, Jr.

*The signed original will be filed on Monday, November 29, 2010