IN THE U.S. DISTRICT COURT FOR MARYLAND
Southern Division

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | * | |
| | * | |
|    Plaintiff | * | |
| | * | |
| v. | * | Case No. PJM 08 cv 0921 |
| | * | |
| WORLD AVENUE U.S.A., LLC, et al., | * | |
| | * | |
|    Defendants | * | |
| | * | |

**DECLARATION OF NEAL A. KRAWETZ REGARDING THE COMPUTER FORENSICS ASPECTS OF THE AFFIDAVITS OF MICHAEL ROTHMAN AND AMANDA ORNITZ**

I, Neal A. Krawetz, Ph.D, pursuant to 28 U.S.C. §1746 hereby declare under penalty of perjury as follows:

1. I am over 18 years of age and fully competent to testify to the facts set forth in this declaration.

2. I have been asked by World Avenue USA, LLC (WAUSA) to provide a computer forensics opinion on the Affidavit of Michael S. Rothman (July 30, 2010, Document 375-3) and Affidavit of Amanda L. Ornitz (July 30, 2010, Document 375-4) based on the electronically stored information regarding the subpoenas produced by Beyond Systems, Inc. (BSI) on October 14, 2010. My qualifications are set forth in the resume attached as Exhibit 1. Based on my 16+ years of computer forensics experience, I believe that I am qualified to render an opinion on computer forensics matters pertaining to the two affidavits in light of the electronically stored information recently produced.

# Finding 1: The Subpoenas Have Been Backdated

3. The timestamps in the files are inconsistent with the signed subpoenas. Specifically, the

timestamps in the PDF metadata and in the ZIP files for the signed PDF files indicate that the signed documents were scanned on or after February 3, 2010. However, the signature is dated January 8, 2010, while the original documents were apparently issued on January 7 and 8, 2010.

4. The original documents could not have been scanned a month after they were mailed since the attorneys no longer had the original documents. These documents appear to have been backdated since they were signed after the signature date and do not represent the mailed documents.

*Signature line from* `AccountNowSubpoena.pdf` *claiming to be signed "1/8/2010".*

```
ExifTool Version Number         : 8.23
File Name                       : AccountNowSubpoena.pdf
Directory                       : 23 Subpoenas
File Size                       : 320 kB
File Modification Date/Time     : 2010:02:03 12:19:38-05:00
File Permissions                : rwxrwxrwx
File Type                       : PDF
MIME Type                       : application/pdf
PDF Version                     : 1.3
Page Count                      : 2
Creator                         : ScanSnap Manager
Producer                        : Mac OS X 10.5.8 Quartz PDFContext
Create Date                     : 2010:02:03 17:19:38Z
Modify Date                     : 2010:02:03 17:19:38Z
```

*Metadata from* `AccountNowSubpoena.pdf`*, as extracted using ExifTool version 8.23, shows that the PDF was created on February 3, 2010 (*`2010:02:03`*).*

5. In paragraph 15 of both affidavits, Mr. Rothman and Ms. Ornitz state that Mr. Rothman re-signed documents in blue ink. In total, BSI has produced 69 PDF documents that contain signatures in blue ink. All 69 signatures appear in the archives produced on October 14, 2010: `Subpoena Copies MR1.zip` (Home), `Subpoena Copies MR2.zip` (Work), and `Subpoenas MR4.zip` (ALO). The 69 PDFs with backdated signatures are as follows:

| Files from Home archive Last modified Feb. 8, 2010 | Files from Work archive Last modified Feb. 8, 2010 | Files from ALO archive Last modified Feb. 3, 2010 |
|---|---|---|
| Account.Now.pdf | Account.Now.pdf | AccountNowSubpoena.pdf |
| AOL.pdf | AOL.pdf | AOLSubpoena.pdf |
| Blockbuster.pdf | Blockbuster.pdf | BlockbusterOnlineDVDSubpoena.pdf |
| BMG.pdf | BMG.pdf | BMGMusicSubpoena.pdf |
| Body.Sculpture.pdf | Body.Sculpture.pdf | BodySclupctureSubpoena.pdf |
| Citibank.MC.pdf | Citibank.MC.pdf | CitibankMCSubpoena.pdf |
| Columbia.House.CTC.pdf | Columbia.House.CTC.pdf | ColumbiaHouseSubpoenaCTC.pdf |
| Columbia.House.PA.pdf | Columbia.House.PA.pdf | ColumbiaHouseSubpoenaPA.pdf |
| Direct.Brands.pdf | Direct.Brands.pdf | DFSSubpoenaCTI.pdf |
| Direct.TV.pdf | Direct.TV.pdf | DFSSubpoenaOwner.pdf |
| Discover.FS.CTI.pdf | Discover.FS.CTI.pdf | DirectBrandsSubpoena.pdf |
| Discover.FS.Owner.pdf | Discover.FS.Owner.pdf | DirectTVSubpoena.pdf |
| Dish.Network.pdf | Dish.Network.pdf | DishNetworkSubpoena.pdf |
| Experian.pdf | Experian.pdf | ExperianSubpoena.pdf |
| Intersections.pdf | Intersections.pdf | IntersectionsSubpoena.pdf |
| Kraft.Global.Tassimo.Direct.pdf | Kraft.Global.Tassimo.Direct.pdf | KraftFoodSubpoena.pdf |
| Kraft.pdf | Kraft.pdf | MatchSubpoena.pdf |
| Match.com.pdf | Match.com.pdf | NetflixSubpoena.pdf |
| Netflix.pdf | Netflix.pdf | RhapsodySubpoena.pdf |
| Rhapsody.pdf | Rhapsody.pdf | StarClubRewardsSubpoena.pdf |
| Star.Club.Rewards.pdf | Star.Club.Rewards.pdf | StyleMyHouseSubpoena.pdf |
| Style.My.House.pdf | Style.My.House.pdf | TassimodirectSubpoena.pdf |
| Vonage.pdf | Vonage.pdf | VonageSubpoena.pdf |

6.    I conclude that these are not the original files that were sent to third-party subpoena recipients because the signatures were backdated and the scans were created after the third-party subpoenas were sent.

## Finding 2:  BSI Explanations for Its Actions Is Inaccurate And BSI Understated The Number Of Subpoenas Re-signed in February 2010

7.    In their affidavits, both Michael Rothman and Amanda Ornitz understate the number of subpoenas that were re-signed in February 2010.

8.    In paragraph 15, Mr. Rothman states that he only re-signed twelve non-party subpoenas. The first two pages of the 12 subpoenas are listed by Mr. Rothman in his Exhibit A. Similarly, Amanda Ornitz's affidavit, paragraph 15, states that she watched Mr. Rothman re-sign only 12 of the 23 subpoenas. Neither Mr. Rothman nor Ms. Ornitz mentions re-signing any of the other 11 subpoenas.

9. In paragraph 9 of both Affidavits, both Mr. Rothman and Ms. Ornitz state that the remaining 11 original subpoenas from January 2010 are in BSI's Counsel's possession. The implication is that these 11 original subpoenas did not need to be re-signed. However, this is not the case – **Mr. Rothman re-signed at least 3 additional subpoenas** for which he stated that he already had the original.

10. Document 323-29 contains the subpoena that Netflix received. This subpoena came *from* Netflix; BSI has not provided any copies of the subpoena *sent to* Netflix. Mr. Rothman did not include Netflix as one of the 12 re-signed documents, so the document provided by BSI should be the same as the document sent to Netflix. However, the metadata and appearance (signature, date, and checkmarks) are clearly different, indicating that (1) Mr. Rothman re-signed a copy of the Netflix subpoena, and (2) Mr. Rothman failed to identify Netflix as one of the re-signed documents.

*Checkmarks, signature, and hand-written date from Document 323-29, addressed to Netflix. BSI has not produced any copies of the document that was sent to Netflix. Netflix returned this document to WAUSA.*

*Checkmarks, signature, and date from* `NetflixSubpoena.pdf` *are different from the document returned by Netflix. This document, produced by BSI, was not identified in Michael Rothman's or Amanda Ornitz's affidavits as one of the re-signed versions. According to the PDF metadata, this document was created on February 3, 2010 at 11:57:33 am EST.*

11. Similar to the Netflix subpoena, the subpoenas returned by Kraft Food, Inc. and

Match.com are different than the subpoenas produced by BSI. The actual subpoenas are hand-dated "1/7/10" while the BSI-produced documents have printed dates "1/8/2010". In addition, the signatures are different, the checkmarks are different, and most importantly, neither Mr. Rothman nor Ms. Ornitz identified Kraft or Match.com as being re-signed.

*Document 323-28, showing the checkmark, signature and hand-written date as provided by Kraft.*

`KraftFoodSubpoena.pdf` *as produced by BSI in February and October 2010. The signature, date, and top checkmark are different from the subpoena sent to Kraft.*

*Document 323-24, showing the checkmark, signature and hand-written date as provided by Match.com.*

`MatchSubpoena.pdf` *as produced by BSI in February and October 2010. The signature, date, and top checkmark are different from the subpoena sent to Match.com.*

12.    Of the 23 subpoenas, Mr. Rothman and Ms. Ornitz only identified 12 as being re-signed. Of the 11 remaining subpoenas, three subpoena recipients have provided copies, and all three copies have been identified as having different dates and signatures. These additional three documents produced by BSI were re-signed by Mr. Rothman, even though he did not identify them as being re-signed.

13.     The remaining eight subpoenas are unaccounted for (Vonage, Dish Network, Blockbuster Online, Tassimo Direct, Body Sculpture, Intersections, and two for Discover Financial Services); BSI has not provided copies of the original documents with metadata dates prior to February 2010, and the subpoena recipients have not provided copies of the documents. It is reasonable to believe that all 23 subpoenas were re-signed by Michael Rothman in February 2010, even though BSI only identified 12 as being re-signed.

14.     In paragraphs 12 and 15 of the affidavits, both Michael Rothman and Amanda Ornitz emphasize that Mr. Rothman re-signed 12 forms in blue ink. However, all 23 of the subpoena forms produced in February 2010 were signed in blue ink. All 23 of the forms have the same signature date ("1/8/2010") and the same PDF metadata date indicating that the files were scanned in on February 3, 2010.

15.     On October 14, 2010, BSI produced a set of <u>unsigned</u> forms that are in a ready-to-print format. Of the 23 subpoena forms, only one (`SubpoenaDiscoverFinancialServices2.pdf`) was last modified on January 8, 2010. All others were modified in February. The file dates do not match the claim that only 12 forms were re-signed in February since 22 of the 23 pre-signed PDF forms were modified in February 2010. The dates when the pre-signed forms were last modified are as follows (ordered by date):

```
2010-01-08 11:13:21-05:00 SubpoenaDiscoverFinancialServices2.pdf
2010-02-02 16:25:02-05:00 SubpoenaNetflix.pdf
2010-02-02 16:27:20-05:00 SubpoenaVonage.pdf
2010-02-03 09:04:22-05:00 SubpoenaDiscoverFinancialServices.pdf
2010-02-03 09:11:53-05:00 SubpoenaDishNetwork.pdf
2010-02-03 09:16:17-05:00 SubpoenaKraftFoods.pdf
2010-02-03 09:18:30-05:00 SubpoenaBlockbuster.pdf
2010-02-03 09:20:49-05:00 Subpoenatassimodirect.com.pdf
2010-02-03 09:22:37-05:00 Subpoenabodysculpture.pdf
2010-02-03 09:24:55-05:00 SubpoenaIntersections.pdf
2010-02-03 09:27:42-05:00 SubpoenaDirectTV.pdf
2010-02-03 09:29:46-05:00 SubpoenaExperian.pdf
2010-02-03 09:33:03-05:00 SubpoenaStarClubRewards.pdf
2010-02-03 09:44:07-05:00 SubpoenaCitibankMC.pdf
2010-02-03 09:50:25-05:00 SubpoenaBMGMusic.pdf
2010-02-03 09:52:38-05:00 SubpoenaColumbiaHouse.pdf
2010-02-03 09:54:24-05:00 SubpoenaColumbiaHouse2.pdf
```

```
2010-02-03 09:56:30-05:00 SubpoenaRhapsody.pdf
2010-02-03 10:01:35-05:00 SubpoenaAccountNow.pdf
2010-02-03 10:06:24-05:00 SubpoenaDirectBrands.pdf
2010-02-03 10:08:33-05:00 SubpoenaStyleMyHouse.pdf
2010-02-03 10:10:48-05:00 SubpoenaAOL.pdf
2010-02-03 10:52:54-05:00 SubpoenaMatch.pdf
```

16.     The last template form has a modification date that is approximately one hour before the first scan of a "signed in blue ink" document was created. According to the metadata found in the PDF files, the first signed document was scanned into the computer on February 3, 2010 at 11:55:27 am EST (`2010-02-03 11:55:27-05:00`). The dates and times when each of the "signed in blue ink" documents were scanned in is as follows:

```
Claimed Originals:
2010-02-03 11:55:27 MatchSubpoena.pdf
2010-02-03 11:57:33 NetflixSubpoena.pdf
2010-02-03 11:58:52 VonageSubpoena.pdf
2010-02-03 11:59:44 DFSSubpoenaCTI.pdf
2010-02-03 12:00:48 DFSSubpoenaOwner.pdf
2010-02-03 12:03:47 DishNetworkSubpoena.pdf
2010-02-03 12:04:45 KraftFoodSubpoena.pdf
2010-02-03 12:05:47 BlockbusterOnlineDVDSubpoena.pdf
2010-02-03 12:08:27 TassimodirectSubpoena.pdf
2010-02-03 12:10:13 BodySclupture Subpoena.pdf
2010-02-03 12:11:20 IntersectionsSubpoena.pdf

Re-signed:
2010-02-03 12:12:27 DirectTVSubpoena.pdf
2010-02-03 12:13:30 ExperianSubpoena.pdf
2010-02-03 12:14:38 StarClubRewardsSubpoena.pdf
2010-02-03 12:15:28 CitibankMCSubpoena.pdf
2010-02-03 12:16:11 BMGMusicSubpoena.pdf
2010-02-03 12:17:15 ColumbiaHouseSubpoenaCTC.pdf
2010-02-03 12:17:52 ColumbiaHouseSubpoenaPA.pdf
2010-02-03 12:18:46 RhapsodySubpoena.pdf
2010-02-03 12:19:38 AccountNowSubpoena.pdf
2010-02-03 12:20:25 DirectBrandsSubpoena.pdf
2010-02-03 12:21:17 StyleMyHouseSubpoena.pdf
2010-02-03 12:21:59 AOLSubpoena.pdf
```

17.     The last 12 documents (highlighted in bold, `DirectTVSubpoena.pdf` at 12:12 to `AOLSubpoena.pdf` at 12:21) are the documents that Mr. Rothman claims to have re-signed. In contrast, BSI claims to have original copies of the first 11 documents, but has not produced them.

18.     It is my opinion that BSI has provided no evidence to support Michael Rothman's claim

that he re-signed only 12 of the 23 documents. Based on the subpoena copies produced on October 14, 2010:

(1) The metadata shows that all 23 copies of the signed two-page subpoena form were scanned and created on February 3, 2010.

(2) All 23 subpoenas were signed in blue ink.

(3) BSI has only produced parts (the first two pages) for 12 of the 23 allegedly original subpoenas. BSI has not produced any of the full, original subpoenas (two-page form with Attachment A) that were submitted to the 23 identified third-party recipients.

(4) All but one of the unsigned PDF forms was modified on February 2-3, 2010. Most of these forms were modified a few minutes apart, and the last of these forms was modified approximately one hour before all of the signed documents were scanned into the computer.

19. There is no indication that 11 documents were signed on one date and 12 documents were signed on another date. BSI has not produced any subpoena copies that would validate its claims that only 12 subpoena signature forms were re-signed in February 2010. Moreover, the evidence clearly shows that at least 3 of the remaining 11 subpoenas (15 of the 23) were also re-signed by Michael Rothman.

20. It is my conclusion that Michael Rothman definitely re-signed 15 of the 23 subpoena forms, and he likely re-signed all 23 documents in February 2010. The number of re-signed documents does not match the number claimed in both affidavits. Both affidavits contain false information because they report fewer re-signed documents.

## Finding 3: BSI Has Not Produced Any Of The Full Subpoenas

21.     Each subpoena contains two parts: a two-page form and an Attachment A that defines the items to be produced. In paragraph 9 of Michael Rothman's affidavit, and paragraph 9 of Amanda Ornitz's affidavit, they both state that the "remaining eleven (11) subpoenas" are in BSI's Counsel's possession. BSI has not produced these 11 original subpoenas.

22.     To date, BSI has only produced parts of the subpoenas that were sent to the third-party recipients. For example, Exhibit A from both the Michael Rothman and Amanda Ornitz affidavits only includes the two-page signature sheets from 12 of the 23 subpoenas. These 12 documents lack Attachment A.

## Finding 4:  BSI's Explanations Are Inaccurate Because The Description Of The February Subpoenas Is Actually For Subpoenas Created In January

23.     Michael Rothman states in paragraph 12 that he asked "Mr. Ornitz" (I assume that "Mr." it a typographical error and he is referring to Ms. Ornitz) to reprint the first two pages of the subpoenas. In paragraph 13, he wrote:

> Ms. Ornitz explained to me that she was able to use another .pdf reader ("Preview") to open the electronic files of the non-party subpoenas to re-print only the two-page subpoenas. The Preview program, however, changed the "check mark" shown on the left side of Defendant's MTD, Figure 1, to a "circle" on the shown on the [sic] right side of Defendant's MTD, Figure 1.

24.     There are four different types of checkmarks found in the various copies of the subpoenas. The different checkmarks were created by different applications and under different circumstances. Specifically:

| | |
|---|---|
| ☑ YOU ARE COMMANDED | A hand-drawn checkmark. This is only seen in the subpoenas hand-dated "1/7/10" and returned by three of the third-party subpoena recipients, and in two of the alleged original signature documents provided in Exhibit A of both affidavits. |
| ⓞ YOU ARE COMMANDED | A black circle. This only appears when using Apple Preview, and only when the box is unchecked. This appears in 10 of the 12 signature pages in Exhibit A of both affidavits. Both affidavits allege that these are copies of documents that were sent out in January 2010. |
| ☑ YOU ARE COMMANDED | A small, computer-generated checkmark. Adobe Acrobat Reader and Apple Preview create this checkmark. However, Apple Preview will only show this checkmark if the document has never been saved. |
| ☑ YOU ARE COMMANDED | A large, thick, computer-generated checkmark. This checkmark only appears when Apple Preview has previously saved the document. This checkmark only appears in one of the re-signed subpoena forms for Discover Financial Services. |

25.     The cause and presence of the different computer-generated checkmark notations contradicts the order of events claimed by Michael Rothman and Amanda Ornitz in their subpoenas. Specifically:

- Both Mr. Rothman and Ms. Ornitz state that the checkmarks change to circles because they switched from "Adobe Acrobat Reader" to "Apple Preview" in February 2010. However, subpoenas sent in January (their Exhibit A) have circles that could only be created by Apple Preview. Their description of the events is false.

- Both Mr. Rothman and Ms. Ornitz state that they could not save the PDF forms in January 2010. However, the black circles in the January subpoenas means that Apple Preview was used, and Apple Preview could save the documents.

- Both Mr. Rothman and Ms. Ornitz state that they were unable to save their changes made to the form. However, the thick black checkbox seen in the Discover Financial Services signature page (`Discover.FS.Owner.pdf`, scanned in on February 3, 2010 and last modified on February 8, 2010) could only have been created if the original,

unsigned document was previously saved using Apple Preview. Therefore, the not only could save, but had successfully saved at least one form.

26. In their affidavits, Mr. Rothman and Ms. Ornitz both describe a series of events that they claim lead up to the different subpoena creation in February 2010. The events detailed in paragraphs 6, 9, 10, 11, 12, 13, and 15 of both affidavits could not have occurred as they describe.

## Finding 5:  Amanda Ornitz Lied About Saving Changes To the January 2010 Subpoenas

27. In paragraph 6 of her affidavit, Amanda Ornitz states:

> Unbeknownst to me, the electronic file used to create the non-party subpoenas was saved using Adobe Acrobat <u>Reader</u> software, which by design is not the full version of the Adobe Acrobat software and cannot and [sic] save information to the file.

28. The paragraph starts with "Unbeknownst to me" indicating that Ms. Ornitz was unaware that Adobe Acrobat could not save changes to the PDF form. All versions of Adobe Acrobat clearly warn that changes cannot be saved. The warning appears multiple times:

- A warning appears when text is first entered into the PDF document (image from Adobe Reader 6.0, but similar warnings appear in all later versions of the software):[1]



---

[1] Adobe Reader 6.0 is the software and version that Mr. Rothman said was used to create the subpoena forms. He stated this in his November 24, 2010 answer to Interrogatory #6 (page 9 of his reply). Adobe Reader 9 is the current version. This example shows that all Adobe Reader versions since at least 6.0 generate these warnings.

- A warning appears whenever the document is saved (image from Adobe Reader 6.0, but similar warnings appear in all later versions of the software):



- In later versions of Reader, such as Adobe Acrobat Reader 9.3.3, the warning appears as a colored bar above the document:



29.     Adobe Acrobat Reader repeatedly gives warnings. These warnings inform the user that data entered into the form will not be saved. For saving and editing, the user cannot proceed without acknowledging the warnings.

30.     In contrast to Adobe Acrobat Reader, the Apple Preview PDF viewer is capable of saving changes to the form. As identified in Finding 4 and shown in Exhibit A of both affidavits, Apple Preview was used in January 2010, so the forms could have been saved. Moreover, as identified in Finding 4, at least one form was saved using Apple Preview, so Ms. Ornitz was using software that had the ability to save in January 2010.

31.     Thus, I conclude that it is not possible for Amanda Ornitz to edit the form with Adobe Acrobat Reader and be unaware that text entered into the form would not be saved. Moreover, since she used Apple Preview, the text entered into the form could have been saved.

## Conclusion

This declaration is based on my analysis of the provided information.

I hereby declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: November 26, 2010

Neal Krawetz, Ph.D.
Hacker Factor Solutions
P.O. Box 270033
Fort Collins, CO  80527-0033