# IN THE U.S. DISTRICT COURT FOR MARYLAND
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 8:08-cv-00921-PJM |
| | * | |
| **WORLD AVENUE U.S.A., LLC et al** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## RESPONSES OF AMANDA L. ORNITZ TO DEFENDANT WORLD AVENUE USA, LLC'S COURT ORDERED INTERROGATORIES IN LIEU OF DEPOSITION

Non-Party and employee of BSI Counsel Amanda L. Ornitz (hereinafter, "Ms. Ornitz"), pursuant to Fed. R. Civ. P. 31, Local Rule 104, and the Court's Order dated November 3, 2010 at DE 490, hereby serves her responses and objections to Defendant World Avenue USA, LLC's ("WAUSA") Interrogatories in lieu of deposition (each individually an "Interrogatory" and collectively the "Interrogatories").

### OBJECTIONS TO INSTRUCTIONS

1.  Ms. Ornitz objects to the Instructions to the extent they purport to impose upon her obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Maryland and/or applicable case law.

1

2. Ms. Ornitz objects to the Instructions to the extent they are vague, ambiguous, overly broad, unduly burdensome, oppressive, and/or not reasonably calculated to lead to the discovery of admissible evidence.

## OBJECTIONS TO DEFINITIONS

1. Ms. Ornitz objects to the definition of the word "identify" as it relates to persons and documents. The listed definition is broader than the Standard Definition contained in the Discovery Guidelines. In addition, Ms. Ornitz further objects to the extent it purports to impose upon her obligations beyond those set forth in the Federal Rules of Civil Procedure and/or applicable case law.

2. Ms. Ornitz objects to the definition of the term "January Subpoenas/Subpoena" as the description does not define the phrase "actual subpoena actually issued" with any specificity. Ms. Ornitz deems the term to mean the subpoena that was actually sent to the intended recipient.

3. Ms. Ornitz objects to the definition of the term "Origin" in that it imposes a duty on the responding party greater than that imposed by the Federal Rules of Civil Procedure, the Local Rules, and the Discovery Guidelines. Respondent will interpret this term to mean that when she wrote or added materials to a prior draft of hers, then it will have originated with her. Information about the person, place, computer, dates of creation and modification, authors, editors and modifiers will be provided to the extent they are known.

## GENERAL OBJECTIONS TO INTERROGATORIES

The following objections are incorporated into the responses to each of the Interrogatories below.

1. Ms. Ornitz objects to the Interrogatories to the extent they purport to impose upon her obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Maryland and/or applicable case law.

2. Ms. Ornitz objects to the Interrogatories to the extent they are vague, ambiguous, overly broad, unduly burdensome, oppressive, and/or not reasonably calculated to lead to the discovery of admissible evidence.

3. The inadvertent disclosure of any privileged information, or inadvertent production of privileged documents or things, shall not be deemed to be a waiver of any applicable privilege with respect to such or any other information, documents, or things.

4. Ms. Ornitz objects to these Interrogatories to the extent that they seek any information the production of which would violate any guaranteed right of privacy afforded to third parties by law, rule or regulation.

5. Ms. Ornitz objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or any other doctrine or privilege.

6. Ms. Ornitz objects to the Interrogatories to the extent that they seek any information the production of which would violate any guaranteed right of privacy afforded to third parties by law, rule or regulation.

7.      Ms. Ornitz objects to the Interrogatories to the extent that they seek to evade applicable limitations on discovery in the *Beyond Systems, Inc. v. World Avenue USA, LLC, et al.* matter.

8.      Ms. Ornitz reserves the right to supplement its objections and/or responses to the Interrogatories.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY 1:**

For each and every page of the PDF's of the February Subpoenas including the "Attachment A [s]" that was not physically scanned into the ScanSnap Manager, identify (as defined above) the Origin of each such page

**ANSWER    :**      Ms. Ornitz objects to the Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege.  Ms. Ornitz further objects to the Interrogatory on the grounds that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the following objections, Ms. Ornitz states that to the best of her knowledge the PDF's of the February Subpoenas originated with Attorney Michael S. Rothman.

**INTERROGATORY 2:**

With respect to your statement in Paragraph 5 of your Declaration that *"[t]hat same day I mailed twenty-three (23) subpoenas to the non-party entities at their addresses of record,"* Identify (as defined above) the Origin of "Attachment A" to the January Subpoenas.

**ANSWER:** Ms. Ornitz objects to the Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege. Ms. Ornitz further objects to the Interrogatory on the grounds that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the following objections, Ms. Ornitz states that to the best of her knowledge the January Subpoenas originated with Attorney Michael S. Rothman.

**INTERROGATORY 3:**

State the Configuration of the computer(s) on which "Attachment A" to the January Subpoenas was created, modified, and finalized.

**ANSWER:** The computer is an Apple iMac Intel Duo 2 Core, running OS 10.5.8. It is owned by Michael S. Rothman and the Law Office of Michael S. Rothman. Both he and I use the computer.

**INTERROGATORY 4:**

With respect to your statement in Paragraph 15 of your declaration that *"[f]or the twelve (12) non-party subpoenas in which the originals were inadvertently sent to the recipients, I watch [sic] Mr. Rothman re-sign in blue ink the first page of what we believed to be the exact same subpoenas duces tecum, including the Attachment A, issued to those same non-parties on January 8, 2010,"* Identify (as defined above) the Origin of the "Attachment A" for the February Subpoenas.

**ANSWER:** Ms. Ornitz objects to the Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege. Ms. Ornitz further objects to the Interrogatory on the grounds that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the following objections, Ms. Ornitz states that to the best of her knowledge the February Subpoenas originated with Attorney Michael S. Rothman.

**INTERROGATORY 5:**

Identify (as defined above) why it was necessary to re-sign the first two (2) pages of the February Subpoenas, as stated in Paragraph 15 of your Declaration, if you already had copies of those same subpoenas, as stated in Paragraph 9 of your Declaration.

**ANSWER:** Ms. Ornitz objects to the form of the Interrogatory in that it misstates the substance of her Declaration. On or about February 1, the Law Office of Michael S.

Rothman received a Request for Copies from Defendants. To respond to the Request, Mr. Rothman asked me to make electronic .pdf copies of our hard copy files for the twenty-three (23) subpoenas served on recipients. Once I examined my files, I realized that I inadvertently mailed the original signed hard copies of twelve (12) of the original twenty three (23) subpoenas to the intended recipients by mail. We could distinguish the originals from the copies because the signed subpoena forms had been signed by Mr. Rothman in blue ink. For the twelve (12) subpoenas in which I had inadvertently sent the originals to the recipients, I only had black and white copies of the subpoenas themselves without the Attachment A. I only made copies of the two-page subpoena form because we were having technical difficulties with our scanner. To save time and needless frustration, Mr. Rothman directed me to only scan in the two-page signed subpoena. Electronic copies of the Attachment A could be appended later electronically using Adobe Acrobat.

      For the twelve (12) recipients that had been inadvertently sent the original subpoenas, Mr. Rothman directed me to print out the exact same two-page subpoena form from my computer that I created in January. As Adobe Acrobat Version 6.0 would not print these subpoenas, I needed to open the documents using Apple Preview Version 4.1. This computer application seems to have interpreted the checkmarks in the saved prior Adobe Acrobat version to circles in the Preview version. There were no other changes to the subpoenas made by Mr. Rothman or myself.

**INTERROGATORY 6:**

With respect to your statement in Paragraph 13 of your Declaration that *"[t]he Preview program, however changed the 'check mark' shown on the left side of Defendant's MTD, Figure 1, to a 'circle' on the shown [sic] on the right side of Defendant's MTD, Figure 1,"* explain how some of the January Subpoenas received by the third parties had circles on the boxes (Exhibit 1 attached).

**ANSWER:** Ms. Ornitz objects to the form of the Interrogatory in that it requires speculation regarding computer code that is beyond her knowledge. Ms. Ornitz is not an expert in computers and has no idea about the differences between the various .pdf readers and why they might render characters in different fashions.

Without waiving said objections, on or about February 1, the Law Office of Michael S. Rothman received a Request for Copies from Defendants. To respond to the Request, Mr. Rothman asked me to make electronic .pdf copies of our hard copy files for the twenty-three (23) subpoenas served on recipients. Once I examined my files, I realized that I inadvertently mailed the original signed hard copies of twelve (12) of the original twenty three (23) subpoenas to the intended recipients by mail. We could distinguish the originals from the copies because the signed subpoena forms had been signed by Mr. Rothman in blue ink. For the twelve (12) subpoenas in which I had inadvertently sent the originals to the recipients, I only had black and white copies of the subpoenas themselves without the Attachment A. This was because we were having technical difficulties with our scanner.

To save time and needless frustration, Mr. Rothman directed me to only scan in the two-page signed subpoena. Electronic copies of the Attachment A could be appended

later electronically using Adobe Acrobat.  For the twelve recipients that had been inadvertently sent the original subpoenas, Mr. Rothman directed me to print out the exact same two-page subpoena form from my computer that I created in January.  As Adobe Acrobat Version 6.0 would not print these subpoenas, I needed to open the documents using Apple Preview Version 4.1.  This computer application seems to have interpreted the checkmarks in the saved prior Adobe Acrobat version to circles in the Preview version.  There were no other changes to the subpoenas made by Mr. Rothman or myself.  I created the subpoenas using Adobe Acrobat 6.0, but the older version of Adobe would not allow me to print the subpoenas I had previously saved.  I had to save the subpoenas and use Apple's Preview to open and print the subpoenas.  Preview automatically changed check marks into circles on the subpoena.  If I did not manually change the circles back to check marks, they remained circles when the subpoenas were printed for signature.

**INTERROGATORY 7:**

Identify (as defined above) the Origin of any Microsoft Word and other word processor version of "Attachment A" to the January Subpoenas, including Model.Attachment.A.MSR.fina.pdf (attached as <u>Exhibit 2</u>)

**ANSWER:**     Ms. Ornitz objects to the Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege.  Ms. Ornitz further objects to the Interrogatory on the grounds that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant has not

9

identified any compelling reason why its request for this information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the following objections, Ms. Ornitz states that to the best of her knowledge any Word Document, including Model.Attachment.A.MSR.fina.pdf , originated with Attorney Michael S. Rothman.

**INTERROGATORY 8:**

State the precise software and version of all software (e.g. Apple preview, Adobe Acrobat Reader, and Microsoft Word) used to create or edit the January and February Subpoenas.

**ANSWER:** The computer is an Apple iMac Intel Core 2 Duo, running OS 10.5.8. It is owned by Michael S. Rothman and the Law Office of Michael S. Rothman. Both he and I use the computer. Adobe Acrobat Version 6.0 (January Subpoenas); Apple Preview, Version 4.1 (January Subpoenas); Microsoft Word for Mac 2004 (January Subpoenas); Adobe Acrobat Version 9.0 (February Subpoenas); Apple Preview, Version 4.1 (February Subpoenas); Microsoft Word for Mac 2004 (February Subpoenas).

**INTERROGATORY 9:**

State the Configuration of the ALO computer(s) (referenced in the Beyond Systems, Inc. production)

**ANSWER:** The computer is an Apple iMac Intel Core 2 Duo, running OS 10.5.8. It is owned by Michael S. Rothman and the Law Office of Michael S. Rothman. Both he and I use the computer. Adobe Acrobat Version 6.0 (January Subpoenas); Apple Preview,

Version 4.1 (January Subpoenas);  Microsoft Word for Mac 2004 (January Subpoenas);  Adobe Acrobat Version 9.0 (February Subpoenas);  Apple Preview, Version 4.1 (February Subpoenas);  Microsoft Word for Mac 2004 (February Subpoenas).

**INTERROGATORY 10:**

Identify (as defined above) every Person who reviewed any version of Request 5 (reprined below) on "Attachment A" to the January Subpoenas before they were mailed, and the date on which such Persons reviewed Request 5.

> *"All DOCUMENTS produced to or RELATING TO investigations and/or litigation against WORLD AVENUE, MAILCOMPANYX, ACCELERATEBIX, the RALSKY DEFENDANTS, or any other BULK EMAILER and RELATING TO illegal marketing, including those by:*
>
> *a.    Any United State's Attorney's Office in the United States and/or any of its Territories;*
>
> *b.    The Federal Bureau of Investigations."*

**ANSWER:**    Ms. Ornitz objects to the Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege.  Ms. Ornitz further objects to the Interrogatory on the grounds that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant has not identified any compelling reason why its request for this information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

**INTERROGATORY 11:**

State the location of all photocopies and computer copies of the "Attachment A[s]" to the January Subpoenas that were made when you mailed out the January Subpoenas (as alleged in Paragraph 5 of your Declaration).

**ANSWER:** Photocopies of the documents were in a file folder I created listed by Subpoena recipient. Computer copies were contained on the Apple iMac located at my desk.

## INTERROGATORY 12:

Identify (as defined above) all Persons with whom you or Michael Rothman Communicated regarding the January or February Subpoenas (including drafts and revisions) from start to finish.

**ANSWER:** Ms. Ornitz objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege. Ms. Ornitz further objects to this Interrogatory on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant has not identified any compelling reason why its request for this information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

## INTERROGATORY 13:

State all Procedures for the computer backups on each of the ALO, Home and Office computers (referenced in the Beyond Systems, Inc. productions).

**ANSWER:** The Computer on my desk at the office does not have any procedure for "backup", which I am interpreting to mean storage of a copy of the data contained on the principal computer.

**INTERROGATORY 14:**

Identify (as defined above) all versions of "Attachment A" to the January and February Subpoenas that you found when you searched the backups on the ALO, Home and Office computers (referenced in the Beyond Systems, Inc productions).

**ANSWER:** There were no versions found on the backups on the computer. The only saved copies I had are detailed in my Declaration, Paragraphs 9-14.

**INTERROGATORY 15:**

Identify (as defined above) each Person who reviewed any prior version of Request 5 (reprinted in Interrogatory 10) on "Attachment A" to the January Subpoenas, the date of each review and what the prior version stated.

**ANSWER:** Ms. Ornitz objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege. Ms. Ornitz further objects to this Interrogatory on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant has not identified any compelling reason why its request for this information is nothing more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

**VERIFICATION**

I, Amanda L. Ornitz, declare and state as follows:

    I am an employee of one of the attorneys of record for Plaintiff Beyond Systems, Inc. ("BSI"), Michael S. Rothman, and I am authorized to sign this verification in the case of *Beyond Systems, Inc. v. World Avenue U.S.A., LLC et al., CV 08-0921 (PJM),* filed in the United States District Court for the District of Maryland.

    All matters set forth herein are within my personal knowledge. The information contained within these responses is drawn from pertinent business records and from my own knowledge and information, and based thereon I believe the information contained in these responses is true and correct.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed November 23, 2010 in the State of Maryland.

*[signature]*
Amanda L. Ornitz

November 24, 2010

Respectfully submitted,

_____/s/_____
Michael S. Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610
mike@mikerothman.com

_____/s/_____

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithisburg, Maryland 20878
Phone: (301) 563-9249
Fax: (301) 563-9639
shr@ringlaw.us

*Attorneys for Amanda L. Ornitz*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of November 2010, a copy of the foregoing was sent by electronic mail and served upon the counsel named below :

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
GREENBERG TRAURIG, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
202-331-3100
202-331-3101

John L McManus, Esq.
Greenberg Traurig PA
401 E Las Olas Blvd Ste 2000
Fort Lauderdale , FL 33301
19547688291
Fax: 19547651477
Email: mcmanusj@gtlaw.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

Kenneth A Horky
Greenberg Traurig PA
401 E Las Olas Blvd Ste 2000
Fort Lauderdale , FL 33301
19547688273
Fax: 19547651477
Email: horkyk@gtlaw.com

PRO HAC VICE
ATTORNEY TO BE NOTICED

Nicoleta Burlacu
Greenberg Traurig LLP
2101 L Str NW Ste 1000
Washington , DC 20037

Attorney[s] for World Avenue USA, LLC

                                                                    _____/s/_____
                                                                         Michael S. Rothman