IN THE U.S. DISTRICT COURT FOR MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No. 8:08-cv-00921-PJM** |
| | * | |
| **WORLD AVENUE U.S.A., LLC et al** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## RESPONSES OF BSI COUNSEL MICHAEL S. ROTHMAN TO DEFENDANT WORLD AVENUE USA, LLC'S COURT ORDERED INTERROGATORIES IN LIEU OF DEPOSITION

BSI Counsel and Non-Party Michael S. Rothman (hereinafter, "Attorney Rothman"), pursuant to Fed. R. Civ. P. 31, Local Rule 104, and the Court's Order dated November 3, 2010 at DE 490, hereby serves his responses and objections to Defendant World Avenue USA, LLC's ("WAUSA") Interrogatories in lieu of deposition (each individually an "Interrogatory" and collectively the "Interrogatories").

## OBJECTIONS TO INSTRUCTIONS

1.      Attorney Rothman objects to the Instructions to the extent they purport to impose upon him obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Maryland and/or applicable case law.

2.      Attorney Rothman objects to the Instructions to the extent they are vague, ambiguous, overly broad, unduly burdensome, oppressive, and/or not reasonably calculated to lead to the discovery of admissible evidence.

## OBJECTIONS TO DEFINITIONS

1.      Attorney Rothman objects to the definition of the word "identify" as it relates to persons and documents.  The listed definition is broader than the Standard Definition contained in the Discovery Guidelines.  In addition, Attorney Rothman further objects to the extent it purports to impose upon his obligations beyond those set forth in the Federal Rules of Civil Procedure and/or applicable case law.

2.      Attorney Rothman objects to the definition of the term "January Subpoenas/Subpoena" as the description does not define the phrase "actual subpoena actually issued" with any specificity.  Attorney Rothman will deem the term to mean the subpoena that was actually sent to the intended recipient.

3.      Attorney Rothman objects to the definition of the term "Origin" in that it imposes a duty on the responding party greater than that imposed by the Federal Rules of Civil Procedure, the Local Rules, and the Discovery Guidelines.  Respondent will interpret this term to mean that when he wrote or added materials to a prior draft of his, then it will have originated with him.  Information about the person, place, computer, dates of creation and modification, authors, editors and modifiers will be provided to the extent they are known.

## GENERAL OBJECTIONS TO INTERROGATORIES

2

The following objections are incorporated into the responses to each of the Interrogatories below.

1.      Attorney Rothman objects to the Interrogatories to the extent they purport to impose upon him obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Maryland and/or applicable case law.

2.      Attorney Rothman objects to the Interrogatories to the extent they are vague, ambiguous, overly broad, unduly burdensome, oppressive, and/or not reasonably calculated to lead to the discovery of admissible evidence.

3.      The inadvertent disclosure of any privileged information, or inadvertent production of privileged documents or things, shall not be deemed to be a waiver of any applicable privilege with respect to such or any other information, documents, or things.

4.      Attorney Rothman objects to these Interrogatories to the extent that they seek any information the production of which would violate any guaranteed right of privacy afforded to third parties by law, rule or regulation.

5.      Attorney Rothman objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or any other doctrine or privilege.

6.      Attorney Rothman objects to the Interrogatories to the extent that they seek any information the production of which would violate any guaranteed right of privacy afforded to third parties by law, rule or regulation.

7.      Attorney Rothman objects to the Interrogatories to the extent that they seek discovery concerning Hypertouch, Inc. and thereby seek to evade applicable limitations on discovery in the *Beyond Systems, Inc. v. World Avenue USA, LLC, et al.* matter.

8.      Attorney Rothman reserves the right to supplement its objections and/or responses to the Interrogatories.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY 1:

State the Origin of all subpoenas in this case containing the following language in BSI's submission at DE 351, Page 2 (attached as Exhibit 1)  :

> *All DOCUMENTS RELATING TO any federal, state, or local government's investigation into the activities of any e-mail marketing firm including Scott Richter/OptInRealBig/Media Breakaway and the Ralsky Spam Gang RALSKY SPAM GANG, including inquiries by the Attorney General offices of Florida, New York, and Texas, or by any branch of the Federal Government including the FBI, the Justice Department or the FTC.*

**ANSWER    :**      Attorney Rothman objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege.  Attorney Rothman further objects to this Interrogatory on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the preceding objections, Attorney Rothman states that he has no knowledge about the origin of the cited passage.  To the best of his recollection and subsequent investigation, Attorney Rothman states that Attorney Stephen Ring placed this passage in the Opposition.  After subsequent investigation, Attorney Rothman notes that this passage was not included in any of the subpoenas issued by Plaintiff BSI to any subpoena recipient.

## INTERROGATORY 2:

Identify (as defined above) which of the draft or final January or February Subpoenas were transmitted to, edited, reviewed, commented upon, or approved by Paul Wagner.

**ANSWER:**    Attorney Rothman objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege.  Attorney Rothman further objects to this Interrogatory on the ground that the information it seeks is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

## INTERROGATORY 3:

Describe the Origin of the "Doc. # NY-20712 v. 4" found at the bottom of the Match.com and Kraft January Subpoenas (Exhibit 2 and 3).

**ANSWER:**   Attorney Rothman objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege.  Attorney Rothman further objects to this Interrogatory on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the present objections, Attorney Rothman sees only one reference to "Doc. # NY-20712 v.4" on page BSI (Non-Party Subpoena Responses) 000056.  Mr. Rothman has no first hand knowledge as to how this footer got into the document. Moreover, he did not place the footer into the document.

## INTERROGATORY 4:

Identify (as defined above) every Person who reviewed any version of Request 5 (reprinted below) on "Attachment A" to the January Subpoenas before they were mailed or served, and the date on which such Persons reviewed any such versions of Request 5.

> *"All DOCUMENTS produced to or RELATING TO investigations and/or litigations against WORLD AVENUE, MAILCOMPANYX, ACCELERATEBIX, the RALSKY DEFENDANTS, or any other BULK EMAILER and RELATING TO illegal marketing including those by:*
>
> > *a.*     *Any United States Attorney's Office in the United States and/or any of its Territories;*
> >
> > *b.*     *The Federal Bureau of Investigations."*

**ANSWER:** Attorney Rothman objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege. Attorney Rothman further objects to this Interrogatory on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the present objection, BSI's Counsel reviewed the Request prior to and including January 7, 2010 before it was mailed to the Subpoena Recipients.

**INTERROGATORY 5:**

Identify (as defined above) all Persons who reviewed the version of Attachment A actually served on the Subpoena Recipients of the January Subpoenas before they were mailed or served.

**ANSWER:** Attorney Rothman objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege. Attorney Rothman further objects to this Interrogatory on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the present objection, BSI's counsel reviewed the Request prior to and including January 7, 2010 before it was mailed to the Subpoena Recipients.

**INTERROGATORY 6:**

With respect to your averment in Paragraph 16 of your Declaration, that you "electronically compiled the 'Attachment A' saved in each of the twenty-three (23) files that I created on my office computer for each non-party recipient", Identify (as defined above) all circumstances regarding the creating and modification of "Attachment A" to the February Subpoenas that would explain why they are different than the "Attachment A" served or mailed with the January Subpoenas.

**ANSWER:**     Attorney Rothman objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege.  Attorney Rothman further objects to this Interrogatory on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

On or about February 1, the Law Office of Michael S. Rothman received a Request for Copies from Defendants.  To respond to the Request, my office went to make electronic .pdf copies of our hard copy files for the twenty-three (23) subpoenas served on recipients.  Once he examined the hard copy files, he realized that the office had inadvertently mailed the original signed hard copies of twelve (12) of the original twenty

three (23) subpoenas to the intended recipients by mail. The originals are distinguishable from the copies because the signed subpoena forms had been signed by Mr. Rothman in blue ink. For the twelve (12) subpoenas in which the Office had inadvertently sent the originals to the recipients, Mr. Rothman only had black and white copies of the subpoenas themselves without the Attachment A. Mr. Rothman directed Ms. Ornitz to only made copies of the two-page subpoena form because we were having technical difficulties with our scanner at the time. To save time and needless frustration, Mr. Rothman directed Ms. Ornitz to only scan in the two-page signed subpoena. Electronic copies of the Attachment A could be appended later electronically using Adobe Acrobat.

For the twelve (12) recipients that had been inadvertently sent the original subpoenas, Mr. Rothman directed Ms. Ornitz to print out the exact same two-page subpoena form from her computer that created in January. As Adobe Acrobat Version 6.0 would not print these subpoenas, Ms. Ornitz needed to open the documents using Apple Preview Version 4.1. This computer application seems to have interpreted the checkmarks in the saved prior Adobe Acrobat version to circles in the Preview version. There were no other changes to the subpoenas made by Mr. Rothman or Ms. Ornitz.

On February 8, 2010, Mr. Rothman purchased a full copy of the Adobe Acrobat Pro Version 9 to avoid a repeat of the problem.

As described in Paragraphs 15 and 16 of Mr. Rothman's Declaration, for the twelve (12) non-party subpoenas in which the originals were inadvertently sent to the recipients, Mr. Rothman re-signed the first page of what we believed to be the <u>exact</u> <u>same</u> subpoenas *duces tecum* (including the Attachment A) issued to those same non-parties on

January 8, 2010. Mr. Rothman electronically compiled the "Attachment A" saved in each of the twenty-three (23) files created on his <u>office</u> computer for each non-party recipient, with the electronic copy of the signed two-page subpoenas sent to him by Ms. Ornitz to create a complete file for emailing to the Defendant. At the time, Mr. Rothman believe that he was merely compiling an electronic copy of the subpoena that had been previously sent to each non-party recipient on January 8th.

The versions of Attachment A are different in the January Subpoenas and the February Subpoenas because Mr. Rothman inadvertently attached the wrong version of Attachment A from his own hard drive when he was attempting to compile the documents into a single .pdf file to send to the Defendants on February 8, 2010. As noted in Mr. Rothman's Declaration, between February 5th and 7th, the Washington Metropolitan area received ***nearly twenty (20) inches of snow***, closing most area facilities. During the blizzard, Mr. Rothman worked from his <u>home</u> computer much of the time, while most of his electronic files remained at the office. He sent multiple copies of the subpoenas, including the Attachment A's, between both his home and office computer during that time. Copies of the various revisions to Attachment A have been provided to Defendant as retrieved from both my home and office computers. In the process of compiling copies of the various two-page signed subpoenas with the Attachment A to be sent to opposing counsel pursuant to the February 1 Request for Copies, Mr. Rothman inadvertently attached the wrong Attachment A to the signed subpoena forms.

**INTERROGATORY 7:**

Explain why you created "Attachment A" for the February Subpoenas when,

based on your production of the documents Model.Attachment.A.MSR.fina.pdf (attached

as <u>Exhibit 4),</u> you already had Attachment A from the January Subpoenas.

**ANSWER:**     Attorney Rothman objects to this Request on the ground that it seeks

information protected from disclosure by the attorney-client privilege, attorney work-

product doctrine, or other related doctrine or privilege.  Attorney Rothman further objects

to this Interrogatory on the ground that it is irrelevant and seeks information that is not

reasonably calculated to lead to the discovery of admissible evidence.  Defendant has not

identified any compelling reason why its request for this information is anything more

than a fishing expedition or how it would yield any information that would be useful to

any defense or claim it may have.

In addition, Attorney Rothman objects to the form of the interrogatory in that it

presupposes that he created Attachment A in the February version of the subpoenas after

the January Subpoenas with an Attachment A had already been sent out.  This is not

factually correct.  The electronic versions of Attachment A for the February Subpoenas

was inadvertently attached and sent to the Defendants.  With many versions of

Attachment A floating between his home computer and office computer, Mr. Rothman

inadvertently attached the wrong Attachment A to the signed subpoena forms scanned in

by Ms. Ornitz, my assistant when compiling the .pdfs into a single document to send to

the Defendant.

**INTERROGATORY 8:**

With respect to your averment in Paragraph 26 of your Declaration that: *"I was unaware that any of the versions of the non-party subpoenas I sent to Defendant on February 8th were different in any respect from the subpoena I actually sent to the non-party recipients on January 8th,"* Identify (as defined above) all reasons why you did not know the differences after receiving the letter dated January 24, 2010 from counsel for Kraft Foods, Inc. (attached at <u>Exhibit 5</u>), stating that "[t]he subpoena is vague and confusing in that there are two Exhibits A's attached to the subpoena and it is unclear which Exhibit A Beyond Systems is referring to".

**ANSWER:**     Attorney Rothman objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege.  Attorney Rothman further objects to this Interrogatory on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the preceding objections, I do not specifically recall reviewing or focusing on the "two Attachment A" issue cited by Mr. Graham in his letter until after the instant dispute arose.

## INTERROGATORY 9:

With respect to your averment in Paragraph 17 of your Declaration that "[m]y email records also indicate that I sent multiple copies of the subpoenas, including the

Attachment A's, between both my home and office computer during that time," Identify (as defined above) each of the "multiple copies" that were not produced in BSI's production.

**ANSWER:**     Attorney Rothman objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege.  Attorney Rothman further objects to this Interrogatory on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Subject to the present objections, Attorney Rothman has produced all non-privileged copies of the January Subpoenas and February Subpoenas contained on his home and office computers.  The "multiple copies" identified in Paragraph 17 of my Declaration were the Attachment A's that had been electronically compiled into the discovery provided to Defendant.

**INTERROGATORY 10:**

With respect to the Privilege Log (attached as <u>Exhibit 6)</u> communications listed between December 29, 2009 and January 8, 2010, Identify (as defined above) each Subpoena Recipient that Paul Wagner identified or suggested.

**ANSWER:**     Attorney Rothman objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-

product doctrine, or other related doctrine or privilege. Attorney Rothman further objects to this Interrogatory on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

**INTERROGATORY 11:**

Identify (as defined above) the Origin of the versions of the "Attachment A[s]" (attached as Exhibit 7).

**ANSWER:**   Attorney Rothman objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege. Attorney Rothman further objects to this Interrogatory on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Without waiving said objection, Attorney Rothman recalls that this version of Attachment A was drafted by him and subsequently modified in favor of other more expansive versions. This version was eventually served upon Defendant in error.

**INTERROGATORY 12:**

Identify (as defined above) all Persons who reviewed, communicated regarding, modified or approved the "Attachment A[s]" attached as <u>Exhibit 7</u>.

**ANSWER:**    Attorney Rothman objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege. Attorney Rothman further objects to this Interrogatory on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

Without waiving said objection, Attorney Rothman believes this was one of the versions of Attachment A drafted by him and subsequently discarded in preparing the final versions of the subpoenas for service on non-parties, in favor of other more expansive versions. The less expansive version was eventually served upon Defendant in error.

**INTERROGATORY 13:**

Identify (as defined above) the Origin of any Microsoft Word or other word processor version of "Attachment A" to the January Subpoenas, including Model.Attachment.A.MSR.fina.pdf attached at <u>Exhibit 4</u>.

**ANSWER:**    Attorney Rothman objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege. Attorney Rothman further objects

to this Interrogatory on the ground that it is irrelevant and seeks information that is not

reasonably calculated to lead to the discovery of admissible evidence.  Defendant has not

identified any compelling reason why its request for this information is anything more

than a fishing expedition or how it would yield any information that would be useful to

any defense or claim it may have.

Without waiving said objection, Attorney Rothman states that the Attachment A

to the January Subpoenas, including Model.Attachment.A.MSR.fina.pdf, originated with

him.

**INTERROGATORY 14:**

Explain why upon serving the February Subpoenas you did not disclose that you

claimed not to have originals of the first two (2) pages of the January Subpoenas or

attempt to get copies of them from those Subpoena Recipients on whom you served then

on, instead of preparing new documents and back-dating them.

**ANSWER:**    Attorney Rothman objects to this Request on the ground that it seeks

information protected from disclosure by the attorney-client privilege, attorney work-

product doctrine, or other related doctrine or privilege.  Attorney Rothman further objects

to this Interrogatory on the ground that it is irrelevant and seeks information that is not

reasonably calculated to lead to the discovery of admissible evidence.  Defendant has not

identified any compelling reason why its request for this information is anything more

than a fishing expedition or how it would yield any information that would be useful to

any defense or claim it may have.

Attorney Rothman understood that under the Federal Rules of Evidence, Rule 1001, an "original" of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it. "If data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original." In addition, a "duplicate" is a counterpart produced by the same impression as the original, or from the same matrix "or by mechanical or electronic re-recording . . . or by other equivalent techniques which accurately reproduces the original." *See* FRE Rule 1001(3) & (4).

It was Attorney Rothman's intention to send Defendant a duplicate of the original subpoenas sent to recipients. Under the Federal Rules, the originals were supposed to be kept in his possession. When the Office sent Defendant copies of these originals, Attorney Rothman realized that they had inadvertently mailed the only hard copies of the originals in our possession to twelve (12) of the subpoena recipients without retaining the originals, as required by the Federal Rules. *See* Rothman Decl. ¶¶ 9-15. Attorney Rothman believed he was re-signing a duplicate of the twelve (12) subpoenas, so he was not concerned that he would be "back-dating" documents. I was unaware there was any discrepancy between the January subpoenas and the February Subpoenas sent to Defendant.

## INTERROGATORY 15:

Identify (as defined above) each Person who reviewed any prior version of Request 5 (reprinted in Interrogatory 4) on "Attachment A" to the January Subpoenas, the date of each review and what the prior version stated.

**ANSWER:**   Attorney Rothman objects to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege.   Attorney Rothman further objects to this Interrogatory on the ground that it is irrelevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.   Defendant has not identified any compelling reason why its request for this information is anything more than a fishing expedition or how it would yield any information that would be useful to any defense or claim it may have.

## VERIFICATION

I, Michael S. Rothman, declare and state as follows:

I am one of the attorneys of record for Plaintiff Beyond Systems, Inc. ("BSI"), and I am authorized to sign this verification in the case of *Beyond Systems, Inc. v. World Avenue U.S.A., LLC  et al., CV 08-0921 (PJM),* filed in the United States District Court for the District of Maryland.

All matters set forth herein are within my personal knowledge.  The information contained within these responses is drawn from pertinent business records and from my own knowledge and information, and based thereon I believe the information contained in these responses is true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed November 24, 2010 in the State of Maryland.

_Michael S. Rothman_
Michael S. Rothman

November 24, 2010

Respectfully submitted,

_____/s/_____
Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Phone: (301) 563-9249
Fax: (301) 563-9639
shr@ringlaw.us

*Attorney for Michael S. Rothman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of November 2010, a copy of the

foregoing was sent by electronic mail and served upon the counsel named below :

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
GREENBERG TRAURIG, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
202-331-3100
202-331-3101

John L McManus, Esq.
Greenberg Traurig PA
401 E Las Olas Blvd Ste 2000
Fort Lauderdale , FL 33301
19547688291
Fax: 19547651477
Email: mcmanusj@gtlaw.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

Kenneth A Horky
Greenberg Traurig PA
401 E Las Olas Blvd Ste 2000
Fort Lauderdale , FL 33301
19547688273
Fax: 19547651477
Email: horkyk@gtlaw.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

Nicoleta Burlacu
Greenberg Traurig LLP
2101 L Str NW Ste 1000
Washington , DC 20037

Attorney[s] for World Avenue USA, LLC

Michael S. Rothman