IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC. )<br>)<br>   Plaintiff )<br>   v. )<br>)<br>WORLD AVENUE USA, LLC, et al )<br>)<br>   Defendants )<br>_____ ) | Case No. PJM 08 cv 0921 |

**DEFENDANT WORLD AVENUE USA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF BEYOND SYSTEMS, INC.'S APPLICATION AS TO <u>AMOUNT OF ATTORNEY'S FEES</u>**

Defendant World Avenue USA, LLC ("WAUSA") hereby submits its Memorandum in Opposition to the Application As To Amount of Attorney's Fees filed by Plaintiff Beyond Systems, Inc. ("BSI") at Docket Entry 500 arising out of the Court Order at Docket Entry 477 awarding BSI its attorneys' fees arising out of Plaintiff BSI's First Motion For Order to Compel Defendant WAUSA To Provide Complete Answers to Interrogatories, and states:

**I.    The Court Should Reject BSI's Application Because The Subject Order at DE 477 Is The Subject of a Motion for Reconsideration**.

Plaintiff BSI has filed an Application for Attorney's Fees in compliance with the Court Order at DE 477, which awarded attorneys' fees for the Motion to Compel Complete Answers to Interrogatories. Plaintiff BSI's Application should be denied for at least three compelling reasons. First, as detailed in Defendant WAUSA's Motion for Reconsideration filed at Docket Entry 504, the Court has been led into error by Plaintiff BSI's incorrect recitation of facts surrounding whether Defendant WAUSA is the successor-in-interest to NiuTech, LLC. WAUSA will not repeat the argument here, but simply refers to its filing at DE 504. For this reason alone, the Court should reject the Application for Attorney's Fees.

## II. The Court Should Reject BSI's Application Because BSI Has Failed To Apportion Its Application Between Successful and Unsuccessful Claims.

Second, BSI has failed to apportion its time between claims in the Motion to Compel on which it was successful and those claims on which it was not successful.  In the Fourth Circuit, attorneys' fees applications must distinguish between successful and unsuccessful claims.  *Grooman v. Northwestern Mutual Life Ins. Co.*, 2003 WL 403349, at *1, *3 (D. Md. 2003) ("Thus, the Court will limit the award of attorneys' fees to the portion of those fees which Plaintiff was able to segregate and identify as incurred in connection with the claim on which he prevailed").  Specifically, BSI's Declaration filed at 500-1, Paragraph 5 states:  "The services I have provided in the above captioned case related to the motion to compel that culminated in the order at DE 477….".  BSI then proceeds to list services for the Motion to Compel, without differentiating between various aspects of the Motion to Compel.

However, the Court did not award attorneys' fees for the entire Motion to Compel.  Indeed, the Court in its Order at DE 477 specifically found in favor of WAUSA on a myriad of issues and found that BSI's Motion to Compel was well-founded as to one issue:  the succcessor-in-interest status of WAUSA.  BSI did not apportion between time spent on those claims that it did not prevail, and time spent on those claims that it did prevail.  Moreover, the successor issue was just a small issue in the overall Motion to Compel.  In contrast, far more time was spent on each of the Interrogatories, which the Court found that WAUSA had responded to, with the sole exception of the successor issue.  As such, the Application is deficient for lack of apportionment and the Application should be denied.

## III. The Court Should Reject BSI's Application Because BSI Has Not Presented Sufficient Contemporaneous Time Records Of The Charges At Issue.

Third, BSI did not attach redacted time records reflecting that the Chart at Paragraph 5 of

the Declaration at DE 500-1 was actually the time that was recorded for the discrete tasks. In this District, counsel seeking attorneys' fees awards are responsible for maintaining such contemporaneous time records. *Plasterer's Local Union No. 96 Pension Plan v. Perry*, 711 F. Supp.2d 472, 477 (D. Md. ) (Messitte, J.) ("When contemplating a motion for attorneys fees and costs a 'fee applicant ... should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims'") (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983)). No such bills have been submitted. There is no averment in the Declaration that the time detail is taken from actual contemporaneous records, as opposed to an after-the-fact recreation of time spent. As such, BSI's Application should be rejected in its entirety.

Dated:  November 29, 2010.

>Respectfully submitted,
>
>*Attorneys for World Avenue USA, LLC*
>
>GREENBERG TRAURIG, LLP
>
>  /s John L. McManus
>Sanford M. Saunders, Jr., Esq.
>USDC, MD #4734
>saunderss@gtlaw.com
>Nicoleta Burlacu, Esq.
>BurlacuN@gtlaw.com
>*Admitted Pro Hac Vice*
>GREENBERG TRAURIG, LLP
>2101 L Street, NW, Suite 1000
>Washington, DC 20037
>Telephone:  202-331-3100
>Facsimile:  202-331-3101
>
>--and--
>
>Kenneth Horky, Esq.
>Florida Bar No. 691194
>horkyk@gtlaw.com
>John L. McManus, Esq.
>Florida Bar No. 0119423
>mcmanusj@gtlaw.com
>*Admitted Pro Hac Vice*
>GREENBERG TRAURIG, P.A.
>401 East Las Olas Boulevard, Suite 2000
>Fort Lauderdale, FL 33301
>Telephone: 954-765-0500
>Facsimile:  954-765-1477