IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 08-921** |
| | * | |
| **WORLD AVENUE USA, LLC, et al.** | * | |
| | * | |
| Defendants | * | |

# **O R D E R**

Upon consideration of Defendant World Avenue Holdings' Motion to Dismiss for Lack of Jurisdiction [Paper No. 55], Plaintiff Beyond Systems' Motion for Leave to File Second Amended Complaint [Paper No. 177], Third-Party Defendant Hypertouch's Motion to Dismiss Third-Party Complaint [Paper No. 263], Defendant World Avenue USA, LLC's Motion for Partial Summary Judgment [Paper No. 266], Defendant World Avenue USA, LLC's Motion to Dismiss for Fraud on the Court [Paper No. 323], Plaintiff's Motion to Correct Misnomer in Amended Complaint [Paper No. 459], Plaintiff's Motion for Partial Summary Judgment [Paper No. 480], various related Motions, and the various Oppositions thereto, oral argument having been held thereon, it is for the reasons stated on the record, this 29th day of November, 2010

   **ORDERED**

    1. This action will be **BIFURCATED** as follows. The parties will first litigate the following three issues: (1) whether Plaintiff Beyond Systems, Inc. is a *bona fide* "interactive computer service provider" entitled to bring suit under the Maryland Commercial Electronic Mail Act ("MD-CEMA"), Md. Code. Ann., Com. Law

§ 14-3001 *et seq.*, and/or the Florida Commercial Electronic Mail Act ("FL-CEMA"), Fla. Stat. § 668.601 *et seq.*; (2) whether Plaintiff Beyond Systems, Inc. is a *bona fide* resident of the state of Maryland within the meaning of the MD-CEMA statute; and (3) the nature of the relationship between Plaintiff Beyond Systems, Inc. and Third-Party Defendant Hypertouch, Inc. A four-day trial on these three issues will be held, with an advisory jury, in the summer of 2011, with a specific trial date to be determined by the Court in due course. Following the trial, assuming the case goes forward, the Court will hold a status conference with the parties to determine the manner in which the case should proceed;

2. Discovery and motions practice as to all issues not within the scope of the trial to be held in the summer of 2011 are hereby **STAYED**, except that any motions currently pending before United States Magistrate Judge Charles Day may proceed until resolved;

3. With respect to discovery regarding the issues within the scope of the trial to be held in the summer of 2011, Defendants may take no more than ten (10) depositions. Defendants may depose Joseph Wagner, Paul Wagner, and Steve Wagner for no more than six (6) hours each. The remaining seven (7) depositions will be limited in duration to one (1) hour each. Unless the parties otherwise agree,

           all depositions may be taken at the law offices of Greenberg Traurig LLP in Washington, D.C.;

4. Counsel for the parties shall confer regarding a discovery schedule as to the issues within the scope of the trial to be held in the summer of 2011, and shall file with the Court a joint proposed discovery schedule within **15 DAYS** of the date of this Order;

5. Defendant World Avenue Holdings' Motion to Dismiss for Lack of Jurisdiction [Paper No. 55] is **DENIED**;

6. Plaintiff's Motion for Leave to File Second Amended Complaint [Paper No. 177] is **GRANTED**. Plaintiff shall serve all newly-named Defendants within the time period provided for in the Federal Rules of Civil Procedure. However, pending further order of the Court, the newly-named Defendants need not file responsive pleadings;

7. Third-Party Defendant Hypertouch's Motion to Dismiss Third-Party Complaint [Paper No. 263] is **DENIED**;

8. Defendant World Avenue USA, LLC's Motion for Partial Summary Judgment [Paper No. 266] is **DENIED**;

9. Defendant World Avenue USA, LLC's Motion to Dismiss for Fraud on the Court [Paper No. 323] is **DENIED**, except that all issues pertaining to the issuance of the challenged subpoenas, including the question of whether sanctions should be imposed on Plaintiff and/or Plaintiff's counsel, may be raised before

        Magistrate Judge Day and/or the Court, and are not otherwise stayed pending the summer 2011 trial;

10. Plaintiff's Motion to Correct Misnomer in Amended Complaint [Paper No. 459] is **MOOT**;

11. Plaintiff's Motion for Partial Summary Judgment [Paper No. 480] is **MOOT**;

12. Plaintiff's Motion to Re-Issue Summons for Defendant Niuniu Ji and to Extend the Time for Service [Paper No. 215] is **GRANTED**. Plaintiff shall serve Defendant Ji within **60 DAYS** of the date of this Order. Should Plaintiff satisfy the Court that Defendant Ji is acting to evade service, the Court will entertain a Motion for Substitute Service as to him;

13. Defendants' Cross-Motion to Dismiss as to Defendant Niuniu Ji for Lack of Service of Process and Failure to Prosecute [Paper No. 227] is **DENIED**;

14. Defendant World Avenue USA, LLC's Unopposed Motion for Enlargement of Time [Paper No. 292] is **MOOT**;

15. Plaintiff's Consent Motion for Extension of Time [Paper No. 331] is **MOOT**;

16. Defendant World Avenue USA, LLC's Motion for Extension of Time to File Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss for Fraud on the Court [Paper No. 392] is **MOOT**;

17. Plaintiff's Motion for Leave to File Sur-Reply [Paper No. 408] is **MOOT**;

18. Plaintiff's Motion for Leave to File Supplemental Exhibit Regarding Participation by Defendant Niuniu Ji [Paper No. 522] is **MOOT**;

19. Plaintiff's Motion for Extension of Time [Paper No. 531] is **GRANTED**;

20. Plaintiff's Motion for Extension of Time for Reply Memorandum [Paper No. 532] is **MOOT**;

21. Defendant World Avenue USA, LLC's Motion for Leave to File Sur-Reply to Plaintiff's Reply in Support of Its Motion to Correct Misnomer [Paper No. 538] is **MOOT**; and

22. Counsel for the parties are **STRONGLY URGED** to consult in good faith and attempt to resolve any differences of opinion before filing pleadings with the Court.

                                       /s/
                             **PETER J. MESSITTE**
                    **UNITED STATES DISTRICT JUDGE**