**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
**SOUTHERN DIVISION**

BEYOND SYSTEMS, INC.                    )
                                        )
    Plaintiff                       )
    v.                              )          Case No. PJM 08 cv 0921
                                        )
WORLD AVENUE USA, LLC, et al.           )
    Defendants                      )
_____         )

**DEFENDANT WORLD AVENUE USA, LLC'S MEMORANDUM OF LAW IN**
**OPPOSITION TO PLAINTIFF BEYOND SYSTEMS, INC.'S MOTION FOR**
**CONFIRMATION OF GOOD FAITH BASIS FOR DISCOVERY**

Defendant World Avenue USA, LLC ("WAUSA"), through undersigned counsel, hereby

respectfully submits its Memorandum in Opposition to Plaintiff Beyond Systems, Inc.'s ("BSI")

Motion for Confirmation of Good Faith Basis for Discovery ("Motion for Confirmation"), and

states:

## I. INTRODUCTION.

Plaintiff BSI's Motion for Confirmation is its fourth attempt to seek a rehearing or

reconsideration of the Court's Order DE 213, dated April 16, 2010 where the Court limited

Plaintiff BSI to the 41 domain names found in the E-Mails At Issue.  In addition to being

redundant, the Motion for Confirmation is untimely. [1]  Like the prior failed attempts at

---

[1] Under the Local Rules, a motion for reconsideration must be filed within fourteen (14) days of the order under challenge. *See* L.R. 105(10).  Here, BSI has filed a "Motion for Confirmation of Good Faith Basis" seeking to undo three or four Court Orders and claims (albeit incorrectly) that it is based on new points.  However, a defeated litigant cannot circumvent time limitations on motions for reconsideration by styling it as a different type of motion.  *Cf. Cinerama, Inc. v. Sweet Music, S.A.*, 482 F.2d 66, 71 (2nd Cir. 1973) (stating that "a defeated litigant cannot circumvent the time limitations on appeal by styling a belated petition for reconsideration as a motion under Rule 60(b)").

reconsideration, it mistakenly claims there is a good faith basis for discovery.[2]   BSI's Motion for Confirmation is based on the wrong premise.   It is irrelevant whether there are other domain names that might belong or relate to WAUSA absent proof those domain names are linked to the Emails at Issue.

The Motion for Confirmation re-argues the same tired points that the Court already considered and rejected in three separate Court Orders on the subject.   *See* DE 213, 303, 418. The essence of the Court's holdings were that the domain names *contained in* the E-Mails At Issue should form the basis of relevant discovery, and not any domain names whatsoever.   *See* DE 213 ("Plaintiff has not demonstrated an entitlement to the additional names under the rules of discovery.   It is apparent that far more entities are identified in Plaintiff's subpoena for documents, than those attested to in Mr. Wagner's declaration as being related to this lawsuit. Plaintiff shall be limited to the discovery of those items set forth in the declaration until some other good faith basis has been established.").   The Motion for Confirmation is a variation of the argument BSI made in its original Motion for Reconsideration and the same argument that BSI made in several of its filings on the issue.   The Court has already rejected this same argument and should reject it again.

BSI's real objective here is to obtain a Court ruling that it was acceptable to exceed the bounds of the Court's prior Orders on discovery without the Court's permission.   BSI filed this Motion in anticipation of WAUSA's filing its Motion to Hold Paul A. Wagner and Beyond

---

[2] WAUSA responds  to Plaintiff's Motion to preserve its rights, however pursuant to this Court's Order DE 544, issued by Judge Messitte on November 30, 2010 all "discovery and motions practice as to all issues not within the scope of the trial to be held in the summer of 2011 are [ ] stayed." DE 544 (2).   Thus, even if the Court rules in BSI's favor, BSI will not have the right to pursue additional information until after it convinces a jury that it is a legitimate ISP, it is a resident of Maryland, and its business is not a construct to manufacture jurisdiction in Maryland. At a bare minimum, the Court should deny the Motion without prejudice to a new determination of relevance following the trial in August 2011.

Systems, Inc. in Contempt of Court for violating Court Orders ("Contempt Motion"). *See* DE 505, 507.   Therein, WAUSA argued that Paul Wagner and BSI should be held in contempt for violating multiple Court Orders limiting BSI to discovery based upon the 41 domain names from the 70,000 E-Mails At Issue identified in Wagner's Declaration.   *Id.* at pp. 15-16.   BSI knew the Contempt Motion was coming because, as part of its good faith meet and confer obligation prior to filing the Contempt Motion, WAUSA discussed it with BSI before BSI filed the Motion for Confirmation.

## II.     PROCEDURAL HISTORY.

BSI has filed a virtual mountain of paper in this Court on the subjects of the Motion for Confirmation, and the Court has reviewed the mountain of paper and issued appropriate Orders. BSI now seeks to build the mountain anew with another foot-high stack of paper, most of which is re-filed copies of earlier documents.   The issue started with BSI's service of an oppressive and overbroad subpoena on non-party, DNS Made Easy.   WAUSA originally filed its Motion to Quash on February 5 at DE 159.   On February 23, BSI filed its Memorandum of Law in Opposition at DE 169, an Affidavit of Paul A. Wagner Regarding Domain Name Registration and DNS Service on February 23 at DE 168, and a Motion to Compel to DNS Made Easy at DE 166.   On March 12, WAUSA filed its Reply Brief (and Declaration of Chadd Schlotter) at DE 185, and DNS Made Easy filed its Memorandum in Opposition at DE 184.   BSI filed its Reply Brief on March 30 at DE 198.   BSI filed the Reply Brief a second time (pursuant to Motion) on March 31 at DE 202.   Not content with simply having fully briefed the issues once, BSI filed a Supplement on April 1 at DE 203, and attached a "Second Affidavit of Paul Wagner Regarding Domain Name Registration and DNS Service" at DE 204.   The Court entered its Order on April 16 [DE 213], finding that "Plaintiff seeks information regarding approximately 163 domain

names" and "Plaintiff shall be limited to the discovery of those items set forth in the declaration until some other good faith basis has been established." *See* DE 213, p. 2.

Not content with this Court's ruling on BSI's legion of filings, on May 1, 2010, BSI filed its eighth paper on the issue, a Motion for Reconsideration (one of 4 motions for reconsideration filed in this and the companion action pending in the District of Columbia), contending that it needed to present "newly-discovered evidence" to the Court in the form of documents it had received in a public records request to the Attorney General from a three-year old case against WAUSA.

While this was going on, and notwithstanding the unambiguous language of the April 16th Order, BSI asked the Court to rule on its Motion to Compel DNS Made Easy to Respond Fully To Subpoena For Document Production, and as a result, the Court issued a June 23, 2010 Order (the "June 23rd Order").  The June 23rd Order states:

> In large measure the issues resolved in Plaintiff's Motion have been addressed under this Court's Order of April 16, 2010 [Exhibit 1 above], resolving Defendant World Avenue USA, LLC's Motion to Quash Plaintiff BSI's Subpoena Issued to Non-Party DNSMADEEASY found at Docket Item No. 159.  For purposes of clarity, the Court herein reaffirms the rulings made in that matter.  Non-party DNSMADEEASY.COM, LLC ("DNS") will be required to produce responsive documents limited to those entities identified in the Amended Complaint and specifically set forth in Paul A. Wagner's Declaration Under Oath as being directly related to World Avenue USA, LLC, its former or current employees, officers, agents, and representatives.

Shortly thereafter, the Court denied BSI's Motion for Reconsideration of the April 16th Order in an Order dated September 9, 2010 (the "September 9 Order").

Undaunted by the Court's clear rulings, BSI again tried, with still another non-party, to go beyond the 41 domain names that BSI had itself identified as being associated with the E-Mails At Issue.  This attempt was denied on September 23, 2010 in a paperless Order (the

"September 23rd Order").  There, the Court reaffirmed and adopted the same rationale as in its April 16th, June 23rd and September 9th Orders.

Refusing to take no for an answer (no matter how many times it is said), BSI has now re-filed much of the same mountain of paperwork and rehashed similar arguments, once again hoping for a different result.

## III.   ARGUMENT.

The Court has established clear parameters for discovery in this case and BSI offers no reason to deviate from these rulings.[3]  Most recently, on September 23, Magistrate Judge Day confined BSI to the 70,000 E-Mails At Issue and ruled that BSI had to file a Motion with the District Court if it wanted to add to the 70,000 E-Mails At Issue (the "September 23rd Ruling"):

> THE COURT: Well, let me make this easy for you. To the extent that you've got new incoming domain name names and other e-mails coming in that you think are attributable to the defense, fine. Do what you have been doing. ***But as to the litigation thus far, the cap is now at the 70,000 that we've been talking about for the last couple of years***. ***To the extent that you believe you've got some others that are attributable to the defense, file a motion. Judge Messitte or someone will rule upon that motion as to whether or not you get to explore those additional issues, those additional facts, and have an additional year or two***, whatever is necessary to complete the discovery trail that you all have been engaged in for some time.

*See* Excerpted Transcript of September 23, 2010 hearing, DE 507-6.

### A.   BSI's Claim of Evidence In the Motion for Confirmation Does Not Demonstrate that Domain Names Beyond Those 41 Are Relevant To the Emails At Issue

BSI argues that it has evidence that justifies its actions in seeking discovery beyond the 41 domain names.  First, BSI argues that it has a good faith basis because of the discovery of "additional domain names tied to the E-Mails At Issue…. raising the total to 305."  Motion, p. 9.

---

[3] A detailed description of the Court Orders and BSI's attempts to reconsider these is described in WAUSA's Contempt Motion.  DE 505, 507 at pp. 205.

If this sounds familiar, that is because it is the exact same argument that BSI tried to raise in numerous other papers.   Indeed, BSI is unapologetic about that.   It cites to numerous other Declarations that were already filed long ago.   *See* Motion (citing DE 303, 168, 204, 203, 217-4).

What has not changed is the soundness of the reasoning to reject BSI's position.   This is a case about the content of electronic mail, and not about internet advertising.   The relevant domains are those that appear in the E-Mails At Issue, and the Court has made the ruling that only those 41 are relevant.   At the September 23rd hearing, Magistrate Judge Day advised BSI that the cap was at 70,000 E-Mails At Issue.   At the November 29th hearing, Judge Messitte advised BSI that the Second Amended Complaint was its final amendment.   BSI's attempt to go beyond the 41 domain names is simply a continuing attempt to inject more domains and more claimed e-mails into this case.

First, Plaintiff re-files a Declaration of Paul Wagner that attempts to circumvent the Court's holding by stating that there are 305 domain names referenced in the E-Mails At Issue or *in some unspecified landing pages that are somehow tied in some unknown way to the E-Mails At Issue*.   *See* DE 496-6, Declaration of Paul A. Wagner, ¶¶ 4,5 ("I have compared the 4,482 domain names against domain names that appear in the emails received by BSI or in landing pages linked to those emails.   This comparison resulted in matches for 297 domain names.   I have compared the 297 domain names to the list of 40 domain names (miscounted as 41) previously identified in filings in this case, for which DNSMadeEasy, LLC has provided DNS service.   After eliminating names that appear on both lists, there was a total of 305 unique domain names").

Therein, Mr. Wagner clouds the issues by purposefully not identifying *which* of the domains are in which of the E-Mails At Issue and which ones are identified in some internet web

page that is separate and distinct from the e-mails.  To be certain, this is a case about electronic mail and not internet advertising on internet sites.  This is virtually the same argument that BSI made the first time it moved for reconsideration.  At that time, it argued that focusing purely on the content of the E-Mails At Issue overlooks links and sites that may be tied to the E-Mails At Issue.  On February 27, 2010, Mr. Wagner averred that there are 715,000 World Avenue domains.  *See* DE 168, p. 13, ¶ 35.  For example, that argument and the reasoning underlying it was rejected by the Court when it denied BSI's Motion for Reconsideration. *See* DE 418.  This is precisely the argument that BSI is making now.

Second, BSI contends that a new good faith basis is shown by the production of May 31, 2010 by Tiggee, LLC d/b/a DNS Made Easy of documents relating to "World Avenue, LLC." Motion, p. 9.  Once again, this is more of the same.  BSI's own Motion admits that on February 4, 2010, Mr. Steven Job of Tiggee, LLC d/b/a DNS Made Easy filed a Declaration stating that the account was under the name "World Avenue, LLC."  Motion, p. 22.  The information produced on May 27th was simply the document already attested to by Mr. Job.

This information is nothing new.  That information was produced by DNS Made Easy *before* BSI's May 31, 2010 correspondence to the Court asking it to rule on its Motion to Compel as to DNS Made Easy.  *See* DE 248.  BSI actually notes the production in its letter.  *See* DE 248, p. 2.  This information was also produced by DNS Made Easy before BSI filed its Reply Memorandum on its Motion for Reconsideration of this Court's Order regarding DNS Made Easy (DE 213) on June 3, 2010 at DE 258.  As further proof of the fact that BSI is filing re-worded versions of the same motions over and over again, in that Reply Brief, BSI stated: "Plaintiff has provided the good faith basis for discovery from Tiggee beyond the 41 domain names…."  *See* DE 258, p. 3 of 13.  This information was also available to BSI on June 7, 2010

when it filed its Opposition [DE 261] to the Motion to Quash as to the subpoena issued to non-party Enom.   In short, BSI's purported "new" basis for discovery is simply old information previously briefed by BSI and dressed up under the style of a new "Motion for Confirmation." The Court rejected that as any basis for undoing all of its prior discovery Orders.

Third, BSI points to deposition testimony taken on September 29, 2010 showing alleged deception by World Avenue.   For example, BSI points to deposition testimony of one Chris Peterson, a former employee of NiuTech, LLC, who BSI states testified about domain names going dead and then being changed to new domain names.   Motion, p. 28.   BSI states that Mr. Peterson testified about "hundreds of domain names." *Id*., p. 28.

BSI misses the point, and this Court's rulings show it.   Mr. Peterson did not testify that the "hundreds of domain names" were in the E-Mails At Issue.   He did not testify that the domain names that went dead were in the E-Mails At Issue.   In fact, he testified that he knew nothing about the 70,000 E-Mails At Issue.   *See* Exhibit 1, attached hereto.

More importantly, this type of evidence was already before the Court when it ruled on the Motion to Quash and the Motion for Reconsideration.   *See* Declaration of Paul A. Wagner, DE 168, pp. 6-8.   This type of evidence provides no basis to change the Court's rulings that the E-Mails At Issue are limited, the pleadings are limited to the Second Amended Complaint, and that the discovery is limited to the 41 domain names in the E-Mails at Issue.   It is exactly this type of evidence that would unduly expand the scope of discovery that this Court rejected in its multiple orders on the issue.

BSI then points to the depositions of Eric Santelices and Dale S. Harrod taken September 29 and 30, 2010, respectively.   However, Mr. Harrod simply confirms that another company TheUseful, LLC sent out e-mail, and not WAUSA.   *See* Transcript at p. 23 2:9; attached hereto

as Exhibit 2 (testifying that World Avenue USA was a service company). Fourth, BSI points to the testimony of Chadd Schlotter as allegedly demonstrating that WAUSA has access to the creatives. However, none of these witnesses testified that additional domains are relevant to the E-Mails at Issue.

Fifth, BSI points to documents produced by the Texas and Florida Attorney General in response to public records requests. However, these documents were the subject of a specific Court Order dated September 9, 2010, DE 418, wherein the Court found that these documents specifically were not new grounds for reconsideration of the Court's Order. BSI has no grounds for filing them again to support a fourth attempt to undo this Court's Orders.

### B. BSI's Motion for Confirmation Is Moot As Long As It Relies On BSI's Misnomer Argument

BSI next argues that the Court's Order at DE 477 should serve as a new good faith basis for discovery. In that Order, the Court held that the corporate documents are clear that WAUSA is the successor-in-interest to NiuTech, LLC.[4] In its Order dated November 29, 2010, DE 544 the Court found that BSI's Motion to Correct Misnomer in Amended Complaint [DE 459] is moot and granted Plaintiff's Motion to filed Second Amended Complaint. DE 544 (6) and (10). In the same Order, the Court stayed all discovery and motion practice as to all issues not within the scope of the trial to be held in August 2011, which is focused on BSI's purported status as a *bona fide* ISP, its supposed status as a Maryland resident, and its conspiracy with Hypertouch, Inc. and James Joseph Wagner to manufacture its claims in this case and jurisdiction in Maryland. *Id.* at 2. Thus, although BSI's Motion for Confirmation is pending before this Court,

---

[4] WAUSA moved for reconsideration of that Order at DE 504, and respectfully refers the Court to that Motion. Meanwhile, the Second Amended Complaint clarifies that the newly named defendant TheUseful LLC is a successor to NiuTech, not the named defendant WAUSA.

BSI cannot engage in any discovery unrelated to the very narrow issues set forth by the Court for trial in August 2011.  Therefore, BSI's Motion for Confirmation is moot.

### C.    BSI's Motion for Confirmation Does Not Excuse BSI's Contempt of Multiple Court Orders.

Finally, BSI's Motion for Confirmation does not excuse BSI's secretive conduct in cajoling non-party DNS Made Easy to violate this Court's Orders by using the subpoena power to produce documents in excess of those the Court ordered to be produced.  As detailed in WAUSA's Contempt Motion filed at DE 505 and 507, BSI has violated the Court's Orders by trying to manipulate DNS Made Easy into producing documents beyond the 41 domain names at issue.  This is despite the fact that there is no doubt of BSI's clear and unambiguous understanding of the scope of the Court's Orders and its public statement that the "Court has narrowed the scope of the subpoena to DNS to just 41 domain names."  DE 258.  WAUSA will not repeat its argument made in the Contempt Motion, but simply notes here that the Motion for Confirmation has no impact on BSI's preexisting contempt of Court because at the time the conduct occurred, no Court Order permitted BSI to engage in the conduct that it engaged in with DNS Made Easy.

**WHEREFORE,** WORLD AVENUE USA, LLC respectfully requests the Court deny Plaintiff BSI's Motion for Confirmation of Good Faith Basis For Discovery.

Dated: December 6, 2010

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

/s/_____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.

BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

and

Kenneth A. Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477