IN THE U.S. DISTRICT COURT FOR MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| WORLD AVENUE USA, LLC | * | |
| successor by merger to NIUTECH, LLC., | * | |
| dba The Useful, et al. | * | |
| | * | |
| **Defendants** | * | |

### PLAINTIFF'S RESPONSE TO DEFENDANT WORLD AVENUE USA, LLC'S APPLICATION AS TO AMOUNT OF ATTORNEY'S FEES

Plaintiff Beyond Systems, Inc. ("BSI"), by and through undersigned counsel, objects to Defendant World Avenue USA, LLC's ("WAUSA") Application As to Amount of Attorney's Fees at DE 510.  On its behalf, Plaintiff BSI responds to Defendant's Application for attorney's fees as follows :

### I.      Introduction

Defendant's Application for Attorney's Fees at DE 510 arises from the Court's Order at DE 484 (dated November 1, 2010).  On April 1, 2010, Plaintiff filed its First Motion to Compel Defendant's Complete Production of Documents;  *see* DE 327-3;  and on July 7th it filed its Reply to Defendant's Opposition.  In both Plaintiff's Motion to Compel and the Reply, Plaintiff specified its deficiencies with Defendant's responses to Plaintiff's first set of document requests.

Specifically, Plaintiff notified the Defendant that its Responses to BSI's First

Request for Documents was deficient in the following respects : (1) Defendant wrongfully re-defined the term "YOU" in its Responses to Plaintiff's Requests to provide misleading answers and avoid providing responsive documents (DE 327-3 at pp. 2-3); (2) Defendant wrongfully and without justification shuffled corporate entities and names to prevent discovery of responsive documents from the correctly named company in the Amended Complaint *World Avenue USA, LLC, successor in interest to Niutech, LLC dba The Useful* (DE 327-3 at pp. 3-5); (3) Defendant wrongfully and without justification created a fictional entity with the exact same name at the originally named company that Defendant claims only came into existence after September 21, 2006 (DE 327-3 at pp. 5-6; and that Defendant wrongfully and without justification claimed that it cannot produce responsive documents because Plaintiff was somehow responsible for the spoliation of the evidence (DE 327-3 at pp. 7-11).

In the Court's Order at DE 484, the Court denied Plaintiff's Motion to Compel Defendant's Responses to the First Set of Document Requests (Nos. 1-26). The Court wrote that the Plaintiff's failure to follow the Local Rules and to make a merit-based Motion to Compel Document Responses was not substantially justified. The Order states, in part, the following :

> As to the particular document requests to which Plaintiff seeks to compel better responses, Plaintiff's Motion is grossly deficient. While Plaintiff has provided mere boilerplate argument as to twenty-six categories of documents it seeks to compel, Defendant has provided an itemization of documents actually produced and which appear to be at least arguably responsive. Defendant's itemization has not been disputed in Plaintiff's reply memorandum, and the Court hereby adopts as set forth below the entirety of Defendant's argument:

2

Local Rule 104(8)(a) states: "The memorandum in support of the motion [to compel] shall set forth, as to each response to which the motion is directed, the discovery request, the response thereto, and *the asserted basis for the insufficiency of the resonse*.[sic]" (emphasis added). BSI has just put the same boilerplate as to each of the 26 document requests and not explained why each objection should be overruled and why documents are being withheld from production. WAUSA is left to speculate at what faults that BSI finds in each document response, and accordingly, its Motion should be denied.

Second, it is also clear that BSI's boilderplate [sic] objection is false. Exhibit "A" to this Motion, which contains a Table of documents responsive to the Requests for Production, shows that documents were produced in response to 17 of the Document Requests when BSI represented to this Court that no documents were produced.

*Defendant's Memorandum of Law in Opposition to Plaintiff's Motion* (ECF No. 327-7), p. 15-16.

Defendant's present Application for Attorney's Fees followed at DE 510 claiming expenses of $ 4,984.00 incurred in connection with the filing of the underlying Motion to Compel Discovery filed by the Plaintiff.

## II.      Authority under FRCP 37(a)(4).

FRCP 37(a)(5) describes when the payment of expenses is warranted.

*(5)*      **Payment of Expenses; Protective Orders.**

**(A)**      *If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing).*      If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if :

(i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)    the opposing party's nondisclosure, response, or objection was substantially justified;  or

(iii)   other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

However, Rule 37(a)(4) counsels that an evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or response.  Specifically, the FRCP 37(a)(4) states :

*(4)    Evasive or Incomplete Disclosure, Answer, or Response*.  For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

Fed. R. Civ. P. 37(a)(4).

### III.    Proportionality of Fees Awarded

Defendant has managed to confuse the Court into thinking that Plaintiff said that no documents have been provided, when Plaintiff actually said: that no responsive documents have been provided.

BSI's "boilerplate" objections in fact did provide "the asserted basis for the insufficiency of the resonse [sic]."  For example, every response to an RPD containing "YOU" was deficient as described in BSI's general objection.

Local Rule 104(8)(a) states: "The memorandum in support of the motion [to compel] shall set forth, as to each response to which the motion is directed, the discovery

4

request, the response thereto, and *the asserted basis for the insufficiency of the*

*resonse*.[sic]" (emphasis added)

The Order at D.E. 484 states:

> While Plaintiff has provided mere boilerplate argument as to
> twenty-six categories of documents it seeks to compel, Defendant has
> provided an itemization of documents actually produced and which
> appear to be at least arguably responsive.

The Order goes on to adopt Defendant's argument, including the following:

> Exhibit "A" to this Motion, which contains a Table of documents
> responsive to the Requests for Production, shows that documents were
> produced in response to 17 of the Document Requests when BSI
> represented to this Court that no documents were produced.

Plaintiff propounded 27 RPDs in Set 1.  Defendant apparently misled the Court to

overlook the fact that (1) the Defendant produced no documents for 27 - 17 and that (2)

Plaintiff dutifully (in Defendant's words) "represented to this Court that no documents

were produced."  Plaintiff cannot be more particular about the deficiencies of those 10

non-responses.

In Exhibit "A," Defendant claims to have responded as to the following 17 RPDs:

RPD 5
RPD 7
RPD 9
RPD 10
RPD 11
RPD 12
RPD 13
RPD 14
RPD 15
RPD 16
RPD 17
RPD 18
RPD 19

RPD 20
RPD 24
RPD 25
RPD 26

Defendant asserts that it produced documents for those 17 requests, but it failed to state why the specific documents were responsive, while Plaintiff described that they were non-responsive.

It is impractical for Plaintiff to describe "what faults that BSI finds in each document response" for each and every spurious, non-responsive document that WAUSA included in its production. Moreover, Plaintiff's counsel is aware that motions to expand the number of pages for memoranda are not always granted.  For example, BSI's MOTION to Expand Page Limit for Reply Memorandum at DE 482-24 re [483] Local Rule, filed at [491] on November 5, 2010, was denied at [493] on that same day.  BSI's motion to compel is 44 pages long.  For such reasons of economy and lucidity, Plaintiff used language describing sets of documents, rather than individual documents.  For example, Plaintiff's Interrogatory No. 13, Set 1 seeks obviously relevant documents:

> REQUEST FOR PRODUCTION NO. 13:
> All original creative artwork and advertising work (including template emails, graphics, images, any other HTML, and ad copy) that YOU provided to or received from any contractor, subcontractor, advertiser, ad network, affiliate, publisher, and/or vendor since January 1, 2004, or that was otherwise used in COMMERCIAL EMAIL and/or INTERNET ADVERTISING.

With this request, BSI seeks the email templates (including Subject lines, From lines and images) that Defendant disseminated to its affiliates, who used them in their bulk email campaigns.

6

However, as Defendant's Exhibit "A" confirms, Defendant produced only an 11-page response in WAUSA 000416 - WAUSA 000426.  (See Exhibit XXX)  As can be seen, the 11 pages contain only 3 documents, which describe the terms of service of World Avenue's own incentive awards programs on its own web pages at http://www.consumerincentivepromotions.com/...  Such documents are not "provided to or received from any contractor, subcontractor, advertiser, ad network, affiliate, publisher, and/or vendor" at all; rather, the consumer clicking on a URL in the email would, if they persisted, see such web pages on World Ave's own site.  World Avenue produced no email templates at all.

Moreover, the documents have been redacted (see for instance WAUSA 000416, 000418, 000419, 000423, 000424 and 000426).  They, like nearly all documents produced by WAUSA, are not in native format (here, as .html pages), as called for in the ESI Agreement.

Plaintiff stated these three objections for this request in its Motion to Compel at D.E. 327-3:

> BSI's OBJECTION TO RESPONSE:
> No responsive documents have been provided. Documents provided by Defendant in response to the Request are deficient in all respects. Defendant must supplement production to comply with the Request as written. Plaintiff demands full production of all document requested in their entirety and without redaction or interference and according to the terms of the ESI Agreement between the parties.

BSI objected, item by item, that numerous documents produced by WAUSA were similarly deficient.

As for the 10 RPDs for which Defendant produced nothing, there is no further

particularity Plaintiff could achieve.  Therefore Plaintiff hereby moves for the Court to

compel production of documents responsive to RPDs 1-4, 6, 8, 21-23 and 27, with

sanctions, thereby showing that it has indeed...

> adopt[ed] its rulings regarding the general specific objections to
> discovery as set forth in its Letter Order dated October 27, 2010
> regarding Plaintiff's First Motion for Order to Compel Defendant WAUSA
> to Provide Complete Answers to Interrogatories.

## IV.    Reasonableness

WAUSA bears the burden of proving the reasonableness of its fee submission. In

"order to calculate a fee award, '[the court] must determine: (1) the reasonableness of the

hourly rate charged; and (2) the reasonableness of the hours expended on the litigation.'"

*Electronic Transaction Sys. Corp. v. Prodigy Partner Ltd., Inc.*, 2009 WL 3273920, at

*1, *2 (D.D.C. October 9, 2009) quoting Woodland v. Viacom, 255 F.R.D. 278, 280-81

(D.D.C. 2008))

World Avenue submits claims for five timekeepers and a total of some $12,600 in

fees.  Some of the entries are excessive, such as the "fifth lengthy piece of

correspondence" by Mr. McManus. The multiple rounds of edits on the motion to compel

also seem excessive. The experience base for asserting the reasonableness of the hourly

rates charged appears to derive

Respectfully Submitted,

_____/s/_____          _____

Stephen H. Ring                                                      date

Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639


_____/s/_____          _____

Michael S. Rothman, Esq.                                       date
401 E. Jefferson Street Suite 201
Rockville, MD 20850
USDC MD Fed. Bar No. 14578
Telephone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*