## IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC.     )
                                 )
     Plaintiff              )
     v.                     )         Case No.PJM 08 cv 0921
                                 )
WORLD AVENUE USA, LLC, et al.)
     Defendants          )
_____)
                                 )
WORLD AVENUE USA, LLC,     )
                                 )
     Third Party Plaintiff,     )
                                 )
HYPERTOUCH, INC. and JAMES  )
JOSEPH WAGNER,          )
                                 )
     Third Party Defendants,   )
                                 )
                                 )
_____)

## DEFENDANT WORLD AVENUE HOLDINGS, LLC'S ANSWER TO THE SECOND AMENDED COMPLAINT

Defendant, World Avenue Holdings, LLC (hereinafter referred to as "Holdings"), by and through its undersigned counsel answers the Second Amended Complaint of Plaintiff, Beyond Systems, Inc. as set forth below.  Notwithstanding Plaintiff's use of the term "World Avenue Companies" to refer collectively to the Defendants, *see* Second Amended Complaint, p. 3, in this Answer, "Holdings" refers solely to the individually

1

named Defendant, World Avenue Holdings, LLC. Unless expressly admitted, the allegations are denied as explained in the answer to each paragraph, as follows:

## I.    INTRODUCTION

1. The allegations in Paragraph 1 are legal conclusions, to which no response in required.  To the extent that a response is required, Holdings admits that the Second Amended Complaint purports to seek relief based on alleged violations of MD-CEMA and FL-CEMA but denies that Plaintiff is entitled to any of the relief set forth in its Second Amended Complaint.

## II.    THE PARTIES

2. Holdings admits that, based on the documents presented by BSI, it is incorporated in Maryland, but Holdings specifically denies the allegation that BSI has its principal place of business in Maryland and demands that BSI affirmatively prove this element of its case.  Holdings affirmatively denies the remaining allegations of this Paragraph, including the assertion that BSI is an "interactive computer service provider or an "interactive computer service" and demands that BSI affirmatively prove this element of its case.

3. Holdings admits that World Avenue USA, LLC is a limited liability company formed under the laws of Delaware and that it maintains its principal business offices in Sunrise, Florida.  Holdings denies the remaining allegations of this Paragraph and the allegations of any prior version of this Paragraph.

2

4. Holdings admits that WAH is a limited liability company, but denies the remaining allegations of this Paragraph.

5.   Paragraph 5 does not contain any allegations concerning Holdings and, therefore, no response is required.  All claims against this party have been stayed.  To the extent that a response is necessary, Holdings admits that TheUseful, LLC is a limited liability company but denies the remaining allegations of this Paragraph.  Holdings also reserves its right to move for judgment on the pleadings (following expiry of the stay until after the trial in August 2011) with respect to any remaining contention that World Avenue USA, LLC and TheUseful, LLC are one and the same company insofar as BSI has named them separately, treated them differently, served them separately, and intentionally deleted any allegation that TheUseful, LLC is the successor-in-interest to World Avenue USA, LLC.  The allegations of this Paragraph of the Second Amended Complaint are completely inconsistent with, negate, and refute BSI's previously stated position on the point.  Otherwise, denied.

6.   Paragraph 6 does not contain any allegations concerning Holdings and, therefore, no response is required.  All claims against this party have been stayed.  To the extent that a response is necessary, Holdings denies that WAMI is a limited liability company and further states that the allegations of this Paragraph, like many prior versions of BSI's Complaint, contain an error that is repugnant with and refutes the naming of this Party on Page 1 of the Second Amended Complaint, and as such, the Second Amended

3

Complaint should be dismissed.  Holdings otherwise denies the remaining allegations of this Paragraph.

7.     Paragraph 7 does not contain any allegations concerning Holdings and, therefore, no response is required.  All claims against this party have been stayed.  To the extent that a response is necessary, Holdings admits that WAIP is a limited liability company, but denies the remaining allegations of this Paragraph.

8.     Paragraph 8 does not contain any allegations concerning Holdings and, therefore, no response is required.  All claims against this party have been stayed.  To the extent that a response is necessary, Holdings denies that there is an entity or individual named Niuniu Ji d/b/a Jinius Corporation that is a limited liability company and further states that the allegations of this Paragraph, like many prior versions of BSI's Complaint, contains an error that is repugnant with and refutes the naming of this Party on Page 1 of the Second Amended Complaint, and as such, the Second Amended Complaint should be dismissed.  Jinius is a dissolved Florida corporation.  Holdings otherwise denies the remaining allegations of this Paragraph.

9.     Paragraph 9 does not contain any allegations concerning Holdings and, therefore, no response is required.  All claims against this party have been stayed.  To the extent that a response is necessary, Holdings admits that INTREPID is a limited liability company formed under the law of the U.S. Virgin Islands, but denies the remaining allegations of this Paragraph.

4

10.     Paragraph 10 does not contain any allegations concerning Holdings and, therefore, no response is required.  All claims against this party have been stayed.  To the extent that a response is necessary, Holdings states that Plaintiff has once again named the wrong party and that the allegations of this Paragraph, like many prior versions of BSI's Complaint, contains an error, and as such, upon the expiry of the stay until after the August 2011 trial, the Second Amended Complaint should be dismissed.  Specifically, Q Interactive, Inc. was converted into Q Interactive, LLC.  Holdings otherwise denies the remaining allegations of this Paragraph.

11.     Paragraph 11 does not contain any allegations concerning Holdings and, therefore, no response is required.  All claims against this party have been stayed.  To the extent that a response is necessary, Holdings states that Plaintiff has once again named the wrong party and that the allegations of this Paragraph, like many prior versions of BSI's Complaint, contains an error, and as such, upon the expiry of the stay until after the August 2011 trial, the Second Amended Complaint should be dismissed.  Specifically, Vente, Inc. was converted into Vente, LLC.  Holdings otherwise denies the remaining allegations of this Paragraph.

12.     Paragraph 12 does not contain any allegations concerning Holdings and, therefore, no response is required.  All claims against this party have been stayed.  To the extent that a response is necessary, Holdings states that Plaintiff has once again named the wrong party insofar as Holdings admits that Bristol Interactive was formed under the law of the U.S. Virgin Islands, but that the company merged with Kitara Media, LLC, a

5

Delaware limited liability company, leaving the surviving company as Kitara Media, LLC.  The allegations of this Paragraph 12, like many prior versions of BSI's Complaint, contains an error, and as such, upon the expiry of the stay until after the August 2011 trial, the Second Amended Complaint should be dismissed.  The remaining allegations of this Paragraph are denied.

13.  Paragraph 13 does not contain any allegations concerning Holdings and therefore, no response is necessary.  All claims against this party have been stayed.[1]  To the extent that a response is necessary, Holdings denies this allegation.

14.  Paragraph 14 does not contain any allegations concerning Holdings and, therefore, no response is required.  Further, the announced intention to amend to add other parties has been denied by Court ruling on November 29, 2010, and therefore, these allegations are without effect and should be stricken..  To the extent that this Paragraph is directed at Holdings, the allegations are denied.

15.  To the extent that this Paragraph is directed at Holdings, the allegations are denied.

16.  Paragraph 16 does not contain any allegations concerning Holdings and, therefore, no response is required.  Further, the announced intention to amend to add other parties has been denied by Court ruling on November 29, 2010, and therefore, these

---

[1] Holdings' position is that under Paragraph 6 of the Court Order at DE 544, all claims against newly-named Defendants are stayed, except as necessary to serve them under Paragraphs 6 and 12 of the Order. This applies equally to claims against Niuniu Ji d/b/a Jinius Corporation.

6

allegations are without effect and should be stricken. To the extent that this Paragraph is directed at Holdings, the allegations are denied.

### III.    JURISDICTION AND VENUE

17. Holdings admits that the Court has subject matter jurisdiction over this matter in that Plaintiff avers there exists diversity among the parties and the amount in issue is over $75,000.  All claims against parties other than Holdings and Holdings have been stayed.  To the extent a response is necessary, Holdings specifically denies the allegations that Plaintiff is a resident of Maryland and that Holdings, TheUseful, WAIP, and JINIUS are "corporations formed under the laws of Delaware," and states that the allegations of this Paragraph, like many prior versions of BSI's Complaint, contain an error that is repugnant with and refutes the naming of these Parties on Page 1 and/or Page 4 of the Second Amended Complaint, and as such, the Second Amended Complaint should be dismissed.  Holdings denies that it regularly conducts business in the State of Maryland and is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations concerning other Defendants set forth in Paragraph 17 and therefore the allegations should be deemed denied.

18. Holdings affirmatively denies that venue is proper insofar as discovery has shown that the Plaintiff is not located in or resident of Maryland and the "events giving rise to the present claims" were improperly manipulated by Plaintiff and those with whom it acts in conspiracy.  Holdings denies the remaining allegations of Paragraph 18.

7

## IV.   UNSOLICITED, COMMERCIAL EMAIL

**A.     Unsolicited Commercial Email Unfairly Shifts the Cost Burden from Sender to Recipient.**

19. The allegations in Paragraph 19 set forth a legal conclusion and, therefore, no response is required.  To the extent a response is necessary, Holdings is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations and the allegations should be deemed denied.

20. Plaintiff sets forth a partial interpretation of the law in Paragraph 20. Accordingly, no response is required.  To the extent that a response is required, Holdings admits that Plaintiff purports to quote selected portions of the Maryland Code Ann., Commercial Law §14-3001(b)(1) but denies the remaining allegations of this Paragraph.

21. Plaintiff sets forth a partial interpretation of the law in Paragraph 21. Accordingly, no response is required.  To the extent that a response is required, Holdings admits that Plaintiff purports to quote selected portions of the Maryland Code Ann., Commercial Law §14-3002(b), but denies that the provisions are correctly summarized and denies the remaining allegations of this Paragraph.

22. Plaintiff sets forth a partial interpretation of the law in Paragraph 22. Accordingly, no response is required.  To the extent that a response is required, Holdings admits that Plaintiff purports to quote selected portions of the Florida Statutes Annotated § 668.602(14), but denies that the provisions are correctly summarized and denies the remaining allegations of this Paragraph.

8

23. Plaintiff sets forth a partial interpretation of the law in Paragraph 23. Accordingly, no response is required.  To the extent that a response is required,  Holdings admits that Plaintiff purports to quote selected portion of the Florida Statutes Annotated § 668.603 but denies that the provisions are correctly summarized and denies the remaining allegations of this Paragraph.

24. Paragraph 24 does not contain any allegations concerning Holdings and, therefore, no response is required.  To the extent a response is necessary, Holdings is without sufficient knowledge or information to form a belief as to the truth of Paragraph 24 and, therefore, the allegations should be deemed denied.

**B.      Recent Litigation.**

25. Paragraph 25 does not contain any allegations concerning Holdings, is completely irrelevant and should be stricken,  and, therefore, no further response is required.   To the extent that a response is necessary, Holdings is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, the allegations should be deemed denied.

## V.      FACTUAL BACKGROUND

**A.      Plaintiff Beyond Systems, Inc.**

26. Holdings denies that BSI is an "interactive computer service provider" or an "interactive computer service," and demands that BSI affirmatively prove this element of its case.  Holdings denies the remaining allegations of Paragraph 26.

27. Denied.

9

**B.     The World Avenue Companies**

28. Denied.

29. Holdings admits the existence of a Florida Attorney General press release, but denies the content thereof.   To the extent directed at Holdings, the allegations in Paragraph 29 are denied.

30. Denied.

31.  Denied.

32.  Denied.

**C.     The World Avenue Companies Use of Spam as a Business/Marketing Tactic**

33.  Denied.

34.  Denied.

35.  Denied.

36.  Denied.

37.    Denied.   Holdings  specifically  denies  that  BSI  has  received  e-mails  on servers  in  Maryland  because  said  e-mails  were  received  outside  of  Maryland  and  the destination  of  the  e-mails  was  improperly  manipulated  by  BSI  and  those  with  whom  it has conspired.

38.  Denied.

39. Denied.  In fact, BSI and those in conspiracy with BSI transmitted virtually all the  e-mails  at  issue  in  this  case  from  California  to  Maryland  in  order  to  improperly manipulate the jurisdiction of this Court to manufacture a claim.

10

40. Denied.

41. Denied.

42. Denied.

43. Holdings is without knowledge, and therefore denies allegations as to opt-out links received by BSI.  Otherwise, denied.

44.  Holdings denies that any of the allegations of this Paragraph are actionable insofar as regulation of the content of the messages is not covered by MD-CEMA or FL-CEMA and any attempt to do so is pre-empted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C. §§ 7701 *et seq*.  Otherwise, denied.

45. Denied.

46.  Denied.  Holdings denies that Plaintiff is entitled to allege beyond "at least" 70,000 e-mails because the Plaintiff's ability to amend further has been denied by Court ruling on November 29, 2010.

47. Denied.

48.  Holdings admits that BSI will be required to prove each and every one of the elements of the violation of law as to each and every one of the e-mails, and demands strict proof thereof.   Holdings otherwise denies each and every allegation of this Paragraph.

49. Denied.

**1.      Highly-Incentivized Lead Generation Business Model**

11

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Holdings is without knowledge, and therefore denies, the allegations about an e-mail that Plaintiff allegedly received. And in fact, BSI targeted one or more of the Defendants for litigation in Maryland by entering personal identifying information into various websites in the deliberate hope that Defendants would send it e-mails in Maryland. When e-mails were received elsewhere, BSI and others in conspiracy with it forwarded them to Maryland themselves. Otherwise, denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## 2. THE WORLD AVENUE COMPANIES Employ Third Party Marketing Agents to Send Spam on its Behalf

60. Holdings admits that Plaintiff purports to quote Homer Appleby and denies the remainder of the allegations.

61. To the extent that the allegations in Paragraph 61 are directed at Holdings, Holdings admits that Plaintiff purports to cite http://www.theuseful.com website and denies the remaining allegations of this Paragraph.

12

62. To the extent that the allegations in Paragraph 62 are directed at Holdings, denied.

**3.      The WORLD AVENUE COMPANIES Conduct Business Using Fictitious and/or Assumed Names to Conceal Their Identities.**

63. To the extent that the allegations in Paragraph 63 are directed at Holdings, denied.

64. To the extent directed at Holdings, Holdings denies the allegations in Paragraph 64.  To the extent the allegations are directed at others, Holdings is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

65. Holdings admits that Plaintiff purportedly cites a GAO Report to the Subcommittee on Courts, the Internet, and Intellectual Property, House of Representatives, November 2005, and therefore no response is required.  To the extent a response is necessary, Holdings is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore they should be deemed denied.

66. To the extent directed at Holdings, Holdings admits that Plaintiff attaches what it purports to be Whois queries and denies the remaining of the allegations in Paragraph 66.  To the extent the allegations are directed at others, Holdings is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

67. To the extent directed at Holdings, allegations in Paragraph 67 are denied.

13

68. Paragraph 68 does not contain any allegations concerning Holdings and, therefore, no response is required.  To the extent a response is necessary, denied.

69. Paragraph 69 does not contain any allegations concerning Holdings and, therefore, no response is required.  To the extent a response is necessary, Holdings admits that Plaintiff purports to attach a copy of a document titled "Terms and Conditions" and denies the remaining allegations.

70. Paragraph 70 does not contain any allegations concerning Holdings and, therefore, no response is required.  To the extent a response is necessary, Holdings admits that Plaintiff purports to cite the registration information regarding an entity called Net Radiance LLC from the Florida Secretary of State and denies the remaining allegations. To the extent the allegations are directed at others, Holdings is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed  denied.

71. Paragraph 71 does not contain any allegations concerning Holdings and, therefore no response is required.  To the extent directed at Holdings and a response is required, Holdings admits that it is the Managing Member of World Avenue USA, LLC and that Plaintiff purports to attach a copy of certain registration information regarding World Avenue Holdings, LLC from the Florida Secretary of State, but denies that Niupercent, Inc. is currently the Managing Member of World Avenue Holdings and denies the remaining allegations of this Paragraph.

72.   To the extent directed at Holdings, denied.

14

73.   Paragraph 73 does not contain any allegations concerning Holdings, and, therefore, no response is required.   To the extent a response is necessary, denied. To the extent the allegations are directed at others, Holdings is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

74.   Paragraph 74 does not contain any allegations concerning Holdings and, therefore, no response is required.   To the extent a response is necessary, Holdings admits that Plaintiff purports to cite a San Francisco Chronicle article and denies the remaining allegations.

75.   Denied.

**4.      WORLD AVENUE is Non-Compliant with Advertising Laws and Ethical Guidelines.**

76. Holdings admits that the Florida Attorney General sued World Avenue USA, LLC and that Plaintiff purports to attach a press release of August 23, 2007 and denies the remaining allegations of Paragraph 76.

77. Holdings admits that World Avenue USA, LLC signed an Assurance of Voluntary Compliance with the Florida Attorney General and that Plaintiff purports to attach a press release of January 16, 2008, and denies the remaining allegations of Paragraph 77.

78. To the extent that the allegations in Paragraph 78 are directed at Holdings, Holdings admits that Plaintiff purports to attach a copy of a Direct Marketing Association list, and denies the remaining allegations.

15

**D.     THE EMAILS AT ISSUE**

79. To the extent that the allegations in Paragraph 79 are directed at Holdings, Holdings denies the allegations and notes that virtually all of the emails Plaintiff is referring to were sent to it by a relative of one of the individuals who owns Plaintiff. This is part of a pattern of recurring conduct where Plaintiff, its owner Paul Andrew Wagner, and his brothers Steven Wagner, Esq. and Joseph Wagner continually seek to make money by manufacturing lawsuits in various Courts throughout the United States.

80. Denied.   Plaintiffs have been forbidden by Court ruling on November 29, 2010 to add any additional e-mails to this case.

81. Denied.   Plaintiff actively sought to receive the e-mails in order to create a lawsuit.   This is Plaintiff's primary, if not sole, business.

82. To the extent that the allegations in Paragraph 82 are directed at Holdings, Holdings admits that Plaintiff purports to attach 4 e-mails and denies the remaining allegations.

83. To the extent that the allegations in Paragraph 83 are directed at Holdings, Holdings denies the allegations.   Holdings notes that virtually all of the e-mails Plaintiff is referring to were sent to it by a relative of one of the individuals who owns Plaintiff, as further described in Paragraph 79 above.

84. To the extent that the allegations in Paragraph 84 are directed at Holdings, Holdings denies the allegations. To the extent the allegations are directed at others,

16

Holdings is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they are denied.

85.   To the extent that the allegations in Paragraph 85 are directed at Holdings, Holdings admits that Plaintiff attaches a declaration of Paul A. Wagner and denies the remaining allegations. To the extent the allegations are directed at others, Holdings is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they are denied.

86.   To the extent that the allegations in Paragraph 86 are directed at Holdings, Holdings is without knowledge and therefore denies what "Plaintiff discovered."   The remaining allegations of this Paragraph are denied.

87.   To the extent that the allegations in Paragraph 87 are directed at Holdings, denied.  Moreover, Plaintiff deliberately seeks to avoid being listed on suppression lists or other "opt-out" lists that would prevent it from receiving such e-mails and in fact pursues and embraces the "deluge" of e-mails of which it complains.  To the extent the allegations are directed at others, Holdings is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they are denied.

88.   To the extent that the allegations in Paragraph 88 are directed at Holdings, denied.   To the extent the allegations are directed at others, Holdings is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they are denied.

17

89.   To the extent that the allegations in Paragraph 89 are directed at Holdings, denied.

90. Paragraph 90 does not contain any allegations concerning Holdings, and, therefore, no response is required.  To the extent a response is necessary, Paragraph 90 is denied.

## VI.   FALSITY AND DECEPTION

91. Denied.

### A.   Deceptive Subject Lines

92. Paragraph 92 does not contain any allegations concerning Holdings and, therefore, no response is required.  To the extent a response is necessary, Holdings admits that Plaintiff purports to cite to a FTC report and denies the remaining allegations.  To the extent the allegations are directed at others, Holdings is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore they should be deemed denied.

93. Denied.

94. Denied.

95. Paragraph 95 does not contain any allegations concerning Holdings and, therefore, no response is required.  To the extent a response is necessary, Holdings admits that Plaintiff purports to attach some, but not all, of the FTC guidelines applicable at a particular point in time on the use of the word "Free", and denies the remaining allegations.

18

96. Paragraph 96 does not contain any allegations concerning Holdings and, therefore, no response is required.  To the extent a response is necessary, Holdings admits that Plaintiff purports to cite to some, but not all, of the FTC guidelines applicable at a particular point in time on the use of the word "Free," and denies the remaining allegations.

97. Paragraph 97 does not contain any allegations concerning Holdings and, therefore, no response is required.  To the extent a response is necessary, Holdings admits that Plaintiff purports to cite to a FTC report and denies the remaining allegations.

**B.      Deceptive From Lines**

98. To the extent directed to Holdings, denied.

99. To the extent directed to Holdings, denied.

100.  To the extent directed to Holdings, denied.

101. To the extent directed to Holdings, denied.

102. To the extent directed to Holdings, denied.

103. To the extent directed to Holdings, denied.

**C.      Deceptive Registration of Sending Domain Names**

104. To the extent directed to Holdings, denied.

105. To the extent directed to Holdings, denied.

106. As to the e-mails referenced in the Second Amended Complaint, denied, and as to all other unproduced e-mails alleged by Plaintiff, Holdings is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore

19

they are denied.  To the extent directed to other e-mails, all such claims based on such e-mails are precluded by Court ruling on November 29, 2010.

**D.    Deceptive Information about Origin or Transmission Path in Message Body**

107. To the extent directed to Holdings, denied.

108. To the extent directed to Holdings, denied.

109. To the extent directed to Holdings, denied.

**E.    Other Forged Header Information**

110. Paragraph 110 does not contain any allegations concerning Holdings and, therefore, no response is required.  To the extent a response is necessary, Holdings admits that Plaintiff purports to cite to a portion of a FTC report, and denies the remaining allegations of this Paragraph.

111. Paragraph 111 does not contain any allegations concerning Holdings and, therefore, no response is required.  To the extent a response is necessary, Holdings denies the remaining allegations of this Paragraph as phrased.  Holdings specifically denies the last sentence of this Paragraph.

112. To the extent directed to Holdings, denied.

113.  To the extent directed to Holdings, denied.  As to all allegations regarding MailCompanyX, BSI has failed and refused to participate in or respond to discovery directed to the documents in its possession and, as such, its allegations should be stricken.

20

114.   To the extent directed to Holdings, denied.  As to all allegations regarding MailCompanyX, BSI has failed and refused to participate in or respond to discovery directed to the documents in its possession and, as such, its allegations should be stricken.

115. To the extent directed to Holdings, denied.  Further, by the time any of the e-mails at issue arrived in Maryland, their sender was known to BSI since they were all sent to Maryland by Third Party Defendant Hypertouch, Inc., owned by Joseph Wagner, the brother of BSI's owner Paul Andrew Wagner.

## VII.  MD-CEMA

116. Holdings admits that Plaintiff purports to quote selectively and misleadingly from MD-CEMA.  Otherwise, denied.

117. To the extent directed to Holdings, denied.

118. To the extent directed to Holdings, denied.

119. To the extent directed to Holdings, denied.

120. To the extent directed to Holdings, denied.

121. To the extent directed to Holdings, denied.

122. To the extent directed to Holdings, denied.

123. To the extent directed to Holdings, denied.

## VIII.   FL-CEMA

124. Admitted that the Paragraph 124 cites to selected portions of FL-CEMA, but the remaining allegations of this Paragraph are denied.

FTL 107,956,153v1 12-13-10

125. Holdings incorporates by reference its answers to Paragraphs 1-124 above, as if fully set forth herein.

126. To the extent directed to Holdings, denied.

127. To the extent directed to Holdings, denied.

## IX.   COUNTS

### Count I - MCEMA

128. Holdings incorporates by reference its answers to Paragraphs 1-127 above, as if fully set forth herein.

129. To the extent directed to Holdings, denied.

### Count II - FL CEMA

130. Holdings incorporates by reference its answers to Paragraphs 1-129 above, as if fully set forth herein.

131. To the extent directed to Holdings, denied.

### PRAYER FOR RELIEF

Holdings denies that Plaintiff is entitled to any of the relief set forth in the ad *damnum* clause.  All allegations not specifically admitted above are hereby generally denied.

### AFFIRMATIVE AND OTHER DEFENSES

Subject to its Reponses to the allegations set forth in Plaintiff's Second Amended Complaint, and without waiving its right to raise additional defenses at a later time,

22

Holdings identifies the following affirmative defenses and other defenses to Plaintiff's claims against Holdings.

## AFFIRMATIVE DEFENSE No. 1

Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

## AFFIRMATIVE DEFENSE No. 2

Without relieving Plaintiff of its affirmative obligation to prove each and every element of its case including, but not limited to, its standing under MD-CEMA and FL-CEMA, its residency, and its lack of conspiracy with Hypertouch, Inc. and James Joseph Wagner, Plaintiff lacks standing to bring a claim.

## AFFIRMATIVE DEFENSE No. 3

All or some portions of the Plaintiff's claim or the statutes on which Plaintiff bases its claims are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. §§ 7701 *et seq*.

## AFFIRMATIVE DEFENSE No. 4

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches.

## AFFIRMATIVE DEFENSE No. 5

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## AFFIRMATIVE DEFENSE No. 6

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## AFFIRMATIVE DEFENSE No. 7

23

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## AFFIRMATIVE DEFENSE No. 8

Plaintiff's injury is self-inflicted.  In addition, if any damages have resulted, Plaintiff failed to mitigate.

## AFFIRMATIVE DEFENSE No. 9

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AFFIRMATIVE DEFENSE No. 10

To the extent that any of the emails at issue contain any representations, such representations were not made for the purpose of misleading Plaintiff, inducing Plaintiff to rely on them, or to act or refrain from acting in reliance thereon.

## AFFIRMATIVE DEFENSE No. 11

To the extent that any of the emails at issue contain any representations, although Holdings did not send or transmit the E-Mails At Issue, all such representations were made with a good faith belief in their truth.

## AFFIRMATIVE DEFENSE No. 12

Although Holdings did not send or transmit the E-Mails At Issue, other companies affiliated with Holdings established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited, misleading or legally noncompliant  commercial email advertisements.

## AFFIRMATIVE DEFENSE No. 13

24

To the extent that any of the subject emails contain any representations, such representations are rendered immaterial as a matter of law and, therefore, non-actionable, by other disclosures contained within the body of the email or in accompanying links.

### AFFIRMATIVE DEFENSE No. 14

To the extent that any of the subject emails contain any representations, Holdings was not responsible for any deceptive or misleading information in the alleged emails. Holdings cannot be held liable for the unilateral acts or omissions of independent third parties.

### AFFIRMATIVE DEFENSE No. 15

Without relieving Plaintiff of its affirmative obligation to prove each and every element of its case including, but not limited to, its standing under MD-CEMA and FL-CEMA, its residency, and its lack of conspiracy with Hypertouch, Inc. and James Joseph Wagner, Plaintiff is not an Interactive Computer Service Provider under Maryland Commercial Law Code §§ 14-3001, *et seq.*

### AFFIRMATIVE DEFENSE No. 16

Without relieving Plaintiff of its affirmative obligation to prove each and every element of its case including, but not limited to, its standing under MD-CEMA and FL-CEMA, its residency, and its lack of conspiracy with Hypertouch, Inc. and James Joseph Wagner, Plaintiff is not an Interactive Computer Service under the Florida Electronic Communications Act, Section 668.60 *et seq.*

### AFFIRMATIVE DEFENSE No. 17

Without relieving Plaintiff of its affirmative obligation to prove each and every element of its case including, but not limited to, its standing under MD-CEMA and FL-CEMA, its residency, and its lack of conspiracy with Hypertouch, Inc. and James Joseph Wagner, Plaintiff's claims under the Florida Electronic Communications Act, Section 668.60 *et seq.* are barred to the extent that the emails were not sent from a computer in Florida.   Conversely, Plaintiff's claims under Maryland Commercial Law Code §§ 14-3001 *et seq.* are barred to the extent that the emails were not sent to Maryland, but instead to California or elsewhere.

### AFFIRMATIVE DEFENSE No. 18

Plaintiff's claims for relief under the Florida Electronic Communications Act, Section 668.60 *et seq.* and Maryland Commercial Law Code §§ 14-3001 *et seq.* are barred to the extent that the penalties contained therein and the application thereof, facially and as applied, violate the Due Process clause of the United States Constitution and the Florida Constitution.

### AFFIRMATIVE DEFENSE No. 19

Plaintiff's claim under the Florida Electronic Communications Act, Section 668.60 *et seq.* is barred to the extent that Holdings did not either substantially assist or support the transmission of any email that violated the Act, and was without knowledge, actual or imputed, that any third party was engaged or about to engage in an act or practice that violated the Act.

### AFFIRMATIVE DEFENSE No. 20

26

Plaintiff voluntarily accepted receipt of some or all of the emails at issue in the Second Amended Complaint, and one of its business objectives is to generate the purported basis to file lawsuits and secure money from lawsuits based on such emails.[2] As such, it voluntarily consented expressly or impliedly to receive the e-mails.  Based on the foregoing and other conduct and activities to be determined during the course of this action, any and all violations and/or damages caused by Plaintiff were caused, in whole or in part, by Plaintiff's own conduct, by the conduct of persons or entities with regard to whom Plaintiff is legally responsible, and/or by the conduct of persons or entities with regard to whom Holdings is not legally responsible, and not by any alleged conduct on the part of Holdings.

## AFFIRMATIVE DEFENSE No. 21

Plaintiff took efforts to facilitate the receipt of the emails at issue in the Second Amended Complaint, and to block any efforts to prevent the sending of such e-mails to Plaintiff, and one of its business objectives is to generate the purported basis to file lawsuits and secure money from lawsuits based on such emails.   Based on the foregoing and other conduct and activities to be determined during the course of this action, any and all violations and/or damages caused by Plaintiff were caused, in whole or in part, by Plaintiff's own conduct, by the conduct of persons or entities with regard to whom Holdings is not legally responsible, and not by any alleged conduct on the part of Holdings.

---

[2] Holdings reserves its right to file its Counterclaims when the stay imposed by Court Order expires.

**AFFIRMATIVE DEFENSE No. 22**

Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative negligence or fault or contributory negligence.

**AFFIRMATIVE DEFENSE No. 23**

To the extent that the alleged conduct was caused by third parties over which Holdings has no control in violation of applicable agreements, Holdings is entitled to contribution or indemnity from such third parties.

**AFFIRMATIVE DEFENSE No. 24**

Without relieving Plaintiff of its affirmative obligation to prove each and every element of its case including, but not limited to, its standing under MD-CEMA and FL-CEMA, its residency, and its lack of conspiracy with Hypertouch, Inc. and James Joseph Wagner, Plaintiff is not a recipient under Maryland Commercial Law Code Sections 14-3001 *et seq*.

**AFFIRMATIVE DEFENSE No. 25**

Holdings did not send or initiate the transmission of the E-Mails At Issue in this case.

**AFFIRMATIVE DEFENSE No. 26**

Plaintiff has sued the wrong party in bad faith, without substantial justification because Plaintiff knew or should have known that Holdings did not send or initiate the transmission of the emails at issue in this case.

**AFFIRMATIVE DEFENSE No. 27**

28

Without relieving Plaintiff of its affirmative obligation to prove each and every element of its case including, but not limited to, its standing under MD-CEMA and FL-CEMA, its residency, and its lack of conspiracy with Hypertouch, Inc. and James Joseph Wagner, Plaintiff is not a resident of Maryland and is therefore not entitled to file suit under MD-CEMA.

### AFFIRMATIVE DEFENSE No. 28

Without relieving Plaintiff of its affirmative obligation to prove each and every element of its case including, but not limited to, its standing under MD-CEMA and FL-CEMA, its residency, and its lack of conspiracy with Hypertouch, Inc. and James Joseph Wagner, Plaintiff is not a *bona fide* ISP and is therefore not entitled to sue as one under either MD-CEMA or FL-CEMA.

### AFFIRMATIVE DEFENSE No. 29

As admitted by BSI at the November 29, 2010 hearing in this case, not a single one of the E-Mails At Issue was sent to or received by a human being, and accordingly, BSI fails to state a claim upon which relief may be granted.

### AFFIRMATIVE DEFENSE No. 30

BSI does not control, manage, or operate the Hypertouch.com domain nor is it the owner of the hasit.com domain.

### AFFIRMATIVE DEFENSE No. 31

The Court lacks personal jurisdiction over Holdings.

**WHEREFORE,** Defendant World Avenue USA, LLC requests entry of judgment in its favor, an award of its attorneys' fees and costs, and such other and further relief as this Court deems appropriate.

Dated: December 13, 2010.

Respectfully submitted,

GREENBERG TRAURIG, LLP


_____/s/_____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
Nicoleta Burlacu, Esq.
New York Bar No. 4570305
(Admitted *Pro Hac Vice*)
GREENBERG TRAURIG, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
202-331-3100
202-331-3101

Attorney for World Avenue USA, LLC

--and--

Kenneth A. Horky, Esq.

30

Florida  Bar No. 691194
(Admitted *Pro Hac Vice*)
John L. McManus
Florida Bar No. 0119423
(Admitted *Pro Hac Vice)*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

31