Law Offices
# STEPHEN H. RING, P.C.
506 MAIN STREET, SUITE 215
GAITHERSBURG, MARYLAND 20878
Telephone 301-563-9249
Facsimile 301-563-9639

Stephen H. Ring  Email: shr@ringlaw.us
*Admitted in MD, DC*  www.nvo.com/ringlaw

December 14, 2010

The Honorable Peter J. Messitte
United States District Court for the District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Greenbelt, MD  20770

        Re: Beyond Systems, Inc. v. World Avenue USA, LLC, et al.
        Case No. 08 cv 00921 PJM

Dear Judge Messitte:

  I write as counsel for Plaintiff to bring an issue the Court's attention as expeditiously as possible. I have conferred with Mr. Saunders, lead counsel for the Defendants, on several occasions over the past week, including a meeting in person last Friday, December 10, 2010 in the offices of a neutral law firm in Bethesda, midway between our offices. We have made significant progress on the proposed Joint Scheduling Order to be submitted to the Court tomorrow as directed in the order at DE 544. Nevertheless, we remain apart on the critical issue that I now raise, and I feel that I must make a record within 14 days of the order.

  The order at DE 544 states in part:

> **ORDERED**
>   1. This action will be **BIFURCATED** as follows. The parties will first litigate the following three issues: (1) whether Plaintiff Beyond Systems, Inc. is a *bona fide* "interactive computer service provider" entitled to bring suit under the Maryland Commercial Electronic Mail Act ("MD-CEMA"), Md. Code. Ann., Com. Law § 14-3001 *et seq.*, and/or the Florida Commercial Electronic Mail Act ("FL-CEMA"), Fla. Stat. § 668.601 *et seq.*; (2) whether Plaintiff Beyond Systems, Inc. is a *bona fide* resident of the state of Maryland within the meaning of the MD-CEMA statute; and (3) the nature of the relationship between Plaintiff Beyond Systems, Inc. and Third-Party Defendant Hypertouch, Inc. A four-day trial on these three issues will be held, with an advisory jury, in the summer of 2011, with a specific trial date to be determined by the

The Honorable Peter J. Messitte
United States District Court for the District of Maryland
December 14, 2010
Page 2 of 3

> Court in due course. Following the trial, assuming the case goes forward, the Court will hold a status conference with the parties to determine the manner in which the case should proceed;
>
> 2. Discovery and motions practice as to all issues not within the scope of the trial to be held in the summer of 2011 are hereby **STAYED**, except that any motions currently pending before United States Magistrate Judge Charles Day may proceed until resolved;
>
> 3. With respect to discovery regarding the issues within the scope of the trial to be held in the summer of 2011, Defendants may take no more than ten (10) depositions. Defendants may depose Joseph Wagner, Paul Wagner, and Steve Wagner for no more than six (6) hours each. The remaining seven (7) depositions will be limited in duration to one (1) hour each. Unless the parties otherwise agree, all depositions may be taken at the law offices of Greenberg Traurig LLP in Washington, D.C.;
>
> 4. Counsel for the parties shall confer regarding a discovery schedule as to the issues within the scope of the trial to be held in the summer of 2011, and shall file with the Court a joint proposed discovery schedule within **15 DAYS** of the date of this Order;

Plaintiff presumably carries the conventional burden of going forward and the burden of proof on the three issues at trial. The discovery specified in paragraph 3 above only addresses Defendant's discovery directed at Plaintiff. Plaintiff reads this as a limit as to the quantity and duration of depositions Defendants may take, and not a comprehensive limit on all discovery. I read the order to permit Plaintiff to take discovery within the parameters of paragraph 2 ("within the scope of the trial"). Defendants' initial draft of the proposed order revealed that they believed that discovery would run in one direction only, despite the Plaintiff's burden of proof at trial. They have now, at 5:30 this evening, indicated a willingness to work out a schedule for mutual depositions, but with various conditions newly proposed, and it is unclear where this exchange will end up.

One of the three issues for the jury trial is the status of BSI as a bona fide service provider. Another is the relationship between Hypertouch, Inc. and Beyond Systems, Inc. Both of these issues tie to the over-arching issues of whether BSI "manufactured" the claims asserted in this case, who inserted the original content, and whether Hypertouch, Inc. "sent" the emails to BSI and should therefore be regarded as a "sender." Defendants have argued these points extensively in their briefs at DE 266 (WAUSA's Motion for Partial Summary Judgment), DE 397 (WAUSA's Reply in Support of DE 266) and DE 332 (WAUSA's Opposition to Hypertouch, Joseph Wagner, Motion to Dismiss). WAUSA relies extensively on the findings and opinions expressed by its expert, Kr. Krawetz, in his technical

The Honorable Peter J. Messitte
United States District Court for the District of Maryland
December 14, 2010
Page 3 of 3

analysis of the "sending" of the emails, and has also proffered statements by its internal expert/consultant, Jeff Richards.

Plaintiff contends that in order to respond to Defendants' challenges on these points, Plaintiff should be entitled to take certain depositions as to the determination of the true "sender" of the emails. Plaintiff contends the true senders were the Defendants and their marketers, also known as publishers or affiliates, who participated in Defendants' marketing campaigns, with Defendants' assistance. Plaintiff should be permitted to equip itself to impeach the theories launched against it on the issues assigned for the August trial. Without this discovery, Plaintiff's fundamental due process rights in the adversary civil justice system would be undermined.

My side understood that the Court's intent was to align the parties to arrive at expeditious resolution of key issues that would determine the future course of the case. The order spells out three depositions of three individual non-parties (Joseph Wagner, Paul Wagner and Steve Wagner are not parties) requested by Defendant. As a matter of equipoise, Plaintiff should likewise be entitled to take three depositions of specified individuals associated with the Defendants for the limited purposes of the trial set for August. As of this writing, Defendant has not agreed to this approach, characterizing it as an attempt to "hijack" the trial and to "circumvent the discovery stay."

Plaintiff now requests express authority from the Court to take depositions of three individuals for 6 hours each, parallel to the 3 depositions of the Wagners. Two of those individuals should be Niuniu Ji, as the founder and architect of the lead generation system used by Niutech and its successors, and Jeff Richard, as a key technical person involved from the early stages. There are numerous references in the documents in this case that justify the selection of these individuals, which Plaintiff can submit if needed. The third knowledgeable individual would be a designee chosen by Defendants from the "affiliate department," which was referenced in the Peterson deposition on September 29, 2010, having knowledge as to how the company actually interacted with, and assisted, the affiliates who Plaintiff contends created and deployed the emails at issue in their promotional campaigns for the World Avenue companies.

Mindful of the Court's admonition at the hearing on November 29 about the multiplication of filings, I have attempted to reach agreement with Mr. Saunders to submit this issue to the Court via a joint letter. He and I agree in principle, as of this evening, that it would be preferable to do a joint letter or a stipulation, but we are still not close to agreement on this issue. Under these circumstances, and with the current deadlines for filing, I feel compelled to write this letter and to protect my client's interests with a motion for clarification of the order at DE 544.

                          Sincerely,

                          /s/

                          Stephen H. Ring