IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | \* | |
| | \* | |
| Plaintiff | \* | |
| | \* | |
| v. | \* | **Case No. PJM 08 cv 0921** |
| | \* | |
| **WORLD AVENUE USA, LLC** | \* | |
| successor by merger to NIUTECH, LLC., | \* | |
| **DBA "THE USEFUL," ET AL.** | \* | |
| | \* | |
| Defendants | \* | |

### PLAINTIFF'S MOTION TO CLARIFY, ALTER, AMEND OR MODIFY ORDER AT DE 544

Plaintiff, through counsel, moves for an order to clarify, alter, amend or modify the order at DE 544 ("the Order"), pursuant to Rules 54(b) and 60. Plaintiff shares the Court's desire to move the case forward, and believes that clarification of certain points will facilitate that goal.

### I.  Introduction.

The Order bifurcates the case, directs that a trial shall be conducted before an advisory jury on three limited issues, and directs that all discovery other than that related to those three issues shall be stayed. The trial has been set for August 9, 2010.

The Order spells out specific discovery that Defendants may take, but does not expressly address what discovery Plaintiff may take. Defendant, as revealed in its initial draft of the Joint Scheduling Order, initially contemplated that the discovery would be in one direction only. Defendant has since indicated a willingness to "consider" allowing Plaintiff to take depositions, but is not willing to commit to specific depositions, and has added terms and conditions on

which the parties have not yet agreed.  Plaintiff needs to be able to take certain discovery to support its position and to oppose and challenge Defendants' arguments.

## II.  Key Provisions in the Order

The Order directs:

1. This action will be **BIFURCATED** as follows. The parties will
first litigate the following three issues: (1) whether Plaintiff
Beyond Systems, Inc. is a *bona fide* "interactive computer service
provider" entitled to bring suit under . . . "MD-CEMA" . . .
and/or . . . "FL-CEMA;" (2) whether Plaintiff Beyond Systems, Inc.
is a *bona fide* resident of the state of
Maryland within the meaning of the MD-CEMA statute; and (3)
the nature of the relationship between Plaintiff Beyond Systems,
Inc. and Third-Party Defendant Hypertouch, Inc. A four-day trial
on these three issues will be held, with an advisory jury . . .
Following the trial, assuming the case goes
forward, the Court will hold a status conference with the parties to
determine the manner in which the case should proceed;

2. Discovery and motions practice as to all issues not within the
scope of the trial to be held in the summer of 2011 are hereby
**STAYED**, except that any motions currently pending before
United States Magistrate Judge Charles Day may proceed until
resolved; . . .

DE 544.

The parties are at odds over what discovery Plaintiff may take, in view of paragraph 2. Defendant initially proposed that the discovery be taken only by Defendants WAUSA and Holdings.  Plaintiff contends that it should be entitled to discovery as well, for the reasons stated below.  Defendant has now indicated a willingness to agree to reciprocal discovery, but has added further terms and conditions that are not yet agreed upon.  In short, counsel have been unable to agree as to precisely what discovery should be permitted to Plaintiff during the next nine months.  Copies of emails between counsel on December 13 and 14, 2010 are attached.

2

### III.  Defendants' Contention that BSI "Manufactured" the Claims, and that Hypertouch "sent" the emails.

Defendants challenge Plaintiff's status as a service provider, contending that Plaintiff "manufactured" the claims for the emails received, and that Hypertouch, Inc., owned by Joseph Wagner, brother of Paul Wagner, who owns Plaintiff BSI, "sent" the emails to Plaintiff. WAUSA has asserted these contentions in the following filings:


DE 266 - WAUSA's Motion for Partial Summary Judgment
   - contends that BSI "manufactures" MD-CEMA claims [p. 14]
   - contends that BSI's ownership claim today is a subterfuge, ..., all serving to collect
     allegedly actionable email to support its fabricated litigation claims. [p. 17]
   - challenges BSI's assertion (Am. Complaint, ¶ 64)that it did nothing to bring the e-mails upon itself. [p. 1]

DE 397 – WAUSA's Reply in Support of DE 266
- contends that by sending emails originally sent to California on to Maryland, BSI has become the computer equivalent of a pedestrian who jumps in front of a moving vehicle in order to sue the driver whom he thinks hit him.  [Reply, p. 2]
- contendsthe recipient e-mail addresses are fictitious and imaginary, not "held"

DE 332 WAUSA's Opposition to Hypertouch, Joseph Wagner, Motion to Dismiss
- contends Joseph Wagner and Hypertouch, not WAUSA, were the senders [p. 1]
- Contends Hypertouch is not an ICS, just manufactured litigation, did not deliver emails to customers [p. 2]
- Contends Wagner and Hypertouch added original content [p. 2]]
- Contends that but for the actions of Wagner/Hypertouch BSI would not have received the certain of the emails claimed [p. 6]
- Contends Wagner/Hypertouch added to and changed the original content to the emails that were sent to BSI  [p. 10]
- Denies connection to Ralsky, implications [p. 17]
- Kraft ruling on Joseph Wagner/Hypertouch's role should apply [p. 19]
- Contends Hypertouch is not an ICS under the CDA.  [p. 19, 20]
- Contends  JW/Hypertouch may have added false information [p. 20]

Plaintiff's response to defendants' assertions is that the emails in fact were both "manufactured" and "sent" by Defendants and their marketers, rather than by Hypertouch. Plaintiff should be permitted to take discovery to challenge Defendants' contentions on this

3

issue.  Following the parameters set for Defendants' depositions, Plaintiff should be permitted to select three individuals from Defendants' camp to be deposed on the relevant issues.  The first would be Defendant Niuniu Ji, who is the founder and the architect of the lead generation system that is the backbone of the Defendants' business.  The second would be Jeffrey Richard, who has been a technical consultant with Defendants since approximately 2002.  The third individual would be the person most knowledgeable about the Defendants' affiliate marketing system, from a technical perspective.

Defendants contend that the WAUSA that has answered the complaints in this case is not the successor of Niutech, LLC as described in the complaints, but a newer entity that has no knowledge or documents relevant to the email campaigns at issue back to 2004.  Defendants should be directed to put forth, as deponent #3, a designee of the current successor of Niutech, LLC, consistent with the allegations in the complaints.

## IV.  Consitutional Issues.

While Plaintiff appreciates the opportunity to try this case before a jury as early as possible, Plaintiff is compelled to raise the issue of whether rights under FRCP 39c and the Seventh Amendment may be jeopardized by the use of an advisory jury trial on issues that may be triable before a binding jury.  We are concerned that these rights may be in further jeopardy where discovery rights between the parties are uneven.

Plaintiff anticipates that even though the advisory jury's findings are not binding, the findings that the Court may make as a result of that same trial will nevertheless persist through subsequent hearings, and may ultimately shape the case for its presentation before a binding jury.  It is thus essential that there be equity in the procedures leading up to trial, so the parties have equal chance to be fully equipped.  The focus on Plaintiff's status is not a reason to deny

Plaintiff equal standing in discovery; in fact, it may be a reason to insist on parity.  Plaintiff is entitled to question its critics, and to prepare impeachment evidence.  Plaintiff suggests that permitting parallel guidelines and limits on depositions to both sides will remove the concerns about due process.

Some courts have held that all issues triable by a jury as a matter of right should be presented to a binding jury acting as trier of fact, and not to an advisory jury, as a matter of right under the Seventh Amendment.   Wright & Miller, Federal Practice and Procedure, Chapter  7. 9 Fed. Prac. & Proc. Civ. § 2335 (3d ed.)

### V.  Legal Standard for Motion to Alter, Modify or Amend Order

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments, providing that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

The Fourth Circuit has not enunciated the precise standard that should govern a motion for reconsideration of an interlocutory order under Rule 54(b). Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1472 (4th Cir.1991). In Fayettville, the Fourth Circuit declined to "thoroughly express [its] views on the interplay of Rules 60, 59 and 54," but suggested that at least parts of the Rule 60(b) standard may be referenced by a district court in determining whether it should reconsider an interlocutory order. Id. at 1470. Thus, the court's analysis is guided by Rule 60(b) but is not bound by its strictures. Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003) ("Motions for reconsideration of interlocutory orders are not

subject to the strict standards applicable to motions for reconsideration of a final judgment.").

Rule 60(b)(6) allows for modification of an order "for any other reason justifying relief . . ."


      /s/
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249


      /s/
Michael S. Rothman
401 E. Jefferson Street
Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

## Certificate of Service

    I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.


      /s/
Stephen H. Ring

6