**GT GreenbergTraurig**

Sanford M. Saunders, Jr.
Tel. 202.331.3130
Fax 202.331.3101
saunderss@gtlaw.com

December 15, 2010

**VIA CM/ECF**

The Honorable Peter J. Messitte
United States District Court for the District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    *Beyond Systems, Inc. v. World Avenue USA, LLC, et al.*
              Case No. PJM 08 cv 0921
              U.S. District Court for Maryland (Southern Division)

Dear Judge Messitte:

    We write in opposition to the letter filed last night at 7:10 p.m. at DE 565 by Plaintiff Beyond Systems, Inc. ("BSI"). The letter is a disguised motion for reconsideration[1] of your rulings at the November 29th hearing and in your Order entered on November 30th at DE 544. BSI's request should be denied because the requested discovery is contrary to your rulings and your Order, is irrelevant to the issues to be tried in August 2011 and seeks discovery BSI already expressly requested at the hearing on November 29, 2010 which Your Honor rejected. While BSI often moves for reconsideration of Orders entered in this case that it dislikes, we thought Your Honor made it clear on November 29, 2010 that this was to stop. We regret having to respond to BSI's letter.

    The essence of BSI's argument is that it should be able to take depositions and discovery on who "sent" the 70,000 E-Mails At Issue. BSI asks the Court to take the deposition of Niuniu Ji, whom BSI characterizes as "the founder and architect of the lead generation system used by Niutech and its successors, and Jeff Richard, as a key person involved from the early stages." BSI also requests to take an individual in the "affiliate department" about "how the company actually interacted with, and assisted, the affiliates who Plaintiff contends created and deployed the emails at issue in their promotional campaigns for the World Avenue companies."

    This is discovery on the Plaintiff's case in chief, not the limited issues to be tried in August 2011. BSI's request ignores what the Court said in rendering its ruling at the November 29th hearing. As expressed by the Court at the hearing:

---

[1] Albeit a late motion for reconsideration. *See* L.R. 105(10) (a motion for reconsideration shall be filed within fourteen (14) days of the ruling or order).

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO**
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS
ZURICH
*OPERATES AS GREENBERG TRAURIG MAHER LLP
**STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
2101 L Street, N.W. ■ Suite 1000 ■ Washington, D.C. 20037 ■ Tel 202.331.3100 ■ Fax 202.331.3101

___

20 We're going to bifurcate and we'll put all damages
21 issues into a separate trial, **and we'll stop discovery on the**
22 **70,000** and we'll look at the issues of the whole arrangement of
23 BSI. That is, is BSI bona fide a resident of the State of
24 Maryland. And is there, in fact, a scheme between Hypertouch
25 and BSI. And we will try those issues to an advisory jury and
1 I'll make a decision about whether the suit can even go forward.
2 **And then we won't have all the discovery on all the individual**
3 **e-mails at this point, because this is really becoming**
4 **unmanageable, this case.**
5 It's true 78, 68,000 claims were made and that's going
6 to take a long time to go to a trier of fact, and defendants are
7 entitled to discovery as to the 68,000. Every single claim
8 represents presumably a separate claim for damages that's filed
9 by the plaintiff. It's no small potatoes.
10 You brought the suit, Mr. Ring. You're going to have
11 to stand or fall with the suit that you brought, but you can't
12 say that they're obliged to take your representation about
13 whether or not it's misleading. But that said, the easy answer
14 here may be, let's see whether BSI even has the right to go
15 forward in this case. That issue has still not been tried
16 anywhere. As I understand it, the arbitrator decided on the
17 papers.
18 Let's see when you put your best case forward to a
19 trier of fact **whether they agree that you've got a bona fide**
20 **residence here, whether they agree that Mr. Joe Wagner, in fact,**
21 **is doing anything other than manufacturing or sending these**
22 **e-mails to his brother to allow these suits to be brought.**
23 And if you get past that burden and you're
24 legitimately here, then we'll see where we are. **That will take**
25 **care of the issue of discovery on the 70,000 or so e-mails for**
1 **the time being.**

2 MR. RING: Your Honor, does the discovery as to the
3 newly added entities, whether they should be consolidated,
4 whether they are agents of each other or whatever, does that get
5 put on the back burner?
6 THE COURT: Well, I suppose it probably should,
7 shouldn't it? I mean, we're going to see whether you have a
8 right to be here at all. That's really what the issue is right
9 now. **What difference does it make, even if they are involved in**
10 **spam activities, if you don't have a bona fide residence, if**
11 **you've got somebody who is really, in effect, contributing to**
12 **the, quote/unquote, injury that BSI suffers, you may come back**

---

>  13 **with a verdict that says you really don't belong in court at**
>  14 **all. And so it doesn't matter what they've done. You may have**
>  15 **to go after them somewhere else**. Somebody else will have to go
>  16 after them.

*See* Transcript of November 29, 2010 hearing, pp. 90, lines 20-25; p. 91, lines 1-25; p. 92, lines 1-16 (emphasis added), attached as Composite Exhibit A.

In fact, BSI asked to take this exact type of discovery at the hearing, and the Court could not have been clearer in rejecting that request:

>  21 MR. RING: And then, Your Honor, logically from
>  22 today's ruling would I be fair in assuming that the defendants
>  23 are required to supplement all their prior discovery as to the
>  24 entities that are now in the case, rather than us issuing new
>  25 sets of discovery?
>  1 MR. SAUNDERS: I'm sorry.
>  2 THE COURT: I'm not sure what you're asking. You want
>  3 to find out what the relationship of one of the newly named
>  4 defendants is to one of the original named defendants?
>  5 MR. RING: The **relationships is one thing, but the**
>  6 **identity of their marketers, the advertising content, all the**
>  7 **day-to-day operation of what we call their spam-based marketing**
>  8 **operation. There's a trove of information we have not been**
>  9 **given, and that would move this case along. That's what we**
>  10 **need**.
>  11 THE COURT: **That doesn't really go to the issue that I**
>  12 **want to focus on, which is whether you have a bona fide**
>  13 **residence and whether Hypertouch and BSI are in the business of**
>  14 **bringing these suits**. That's all we're going to try in June.
>  15 You don't need to get those answers right now.
>  16 It's not pending right now. It's something you're
>  17 asking for. No, we'll defer on that. That's the kind of
>  18 discovery which we'll wait on.

*See* Transcript, p. 106, lines 21-25; p. 107, lines 1-18, attached as Composite Exhibit A (emphasis added).

The above colloquy explicitly rejected what BSI's letter requests. But to be clear on a related issue, BSI also misstates to the Court when it implies that WAUSA opposes all discovery by BSI. WAUSA simply maintains that all discovery must relate to the three issues for trial, and these three requested depositions do not relate to the three issues for trial. In fact,

*before* BSI filed its letter with the Court, WAUSA promised to deliver a revised Joint Scheduling Order that would accommodate BSI's concerns. *See* Exhibit B attached hereto. That revised Joint Scheduling Order was delivered last night *before* BSI filed its second motion for reconsideration on this exact same matter, at DE 565. *See* Exhibit C attached hereto.

We do not understand why BSI felt it necessary to make yet another Court filing when, by its own admission, the discussion of the proposed Joint Scheduling Order was incomplete at the time. In fact, we presented a draft Joint Scheduling Order to BSI's counsel on Friday, December 10th, and instead of presenting us with written comments or a redline of the Order, BSI filed a letter and a motion with you. We finally got comments today, after BSI filed its letter and motion, both seeking reconsideration. This approach is contrary to the Court's admonition at the November 29th hearing that the parties cooperate and limit this type of excessive filing. Here, BSI not only filed its letter on the point, but also filed a motion early the next day at DE 565 needlessly repeating the same points and questioning whether this Court even had the authority to conduct the trial. WAUSA's counsel met with BSI's counsel for two hours in person and took the laboring oar to draft and present a proposed Joint Scheduling Order to BSI. Instead of presenting substantive changes or a redline, BSI needlessly made two filings with the Court in a clear attempt to complicate the litigation. We saw no reason to revisit an issue already resolved by the Court in an extremely explicit colloquy at hearing and remain mystified how discovery from any World Avenue entity is relevant to the issues set for trial in August. Cooperation as directed by the Court is impossible when BSI accepts concessions such as all those WAUSA agreed to, but then files a letter and a motion as to those issues WAUSA disagreed with because it heard the Court say "No" when BSI asked to do the same thing at the November 29 hearing. Cooperation is not capitulation and a license to launch motions.

We noted at the outset that this letter is a *de facto* motion for reconsideration and we regretted having to send this letter. The Court clearly mandated that the November 29th hearing was the dawn of a new day to this litigation. BSI's renewed letter writing and motions offensive sets the case back on an undesirable path. The issues therein, setting aside for the moment that they were already decided, could have been raised in conjunction with finalizing the joint scheduling order. Motions such as this one multiply the parties' cost and consume the Court's time by requiring three briefs on the underlying motion as well as three more briefs on BSI's motion for reconsideration, not to mention the "supplements" that BSI continually files on each motion. For example, this is at least the *seventh* time that BSI and its *alter ego*, Hypertouch, Inc. have filed papers seeking to revisit the wisdom of unambiguous Court Orders. *See* DE 217, 447, 449, 455, 496, 565. These Motions each begat an opposition and a Reply thus totaling 18 docket entries. Here, the Court made unambiguous rulings at the November

---

29th hearing that BSI will not obey. This conduct can only be deterred by harsh measures. We request that the Court impose a fine of $10,000 upon BSI for its filing of this letter and the Motion at DE 568 to deter further frivolous filings.

                                              Respectfully Submitted,

                                              */s/ Sanford M. Saunders, Jr.*

                                              Sanford M. Saunders, Jr.

Enclosure
cc:    Nicoleta Burlacu, Esq.
       Kenneth A. Horky, Esq.
       John L. McManus, Esq.
       Stephen H. Ring, Esq.
       Michael Rothman, Esq.