UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE  
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE  
GREENBELT, MARYLAND  20770  
301-344-0632

M E M O R A N D U M

TO:      Counsel of Record

FROM:      Judge Peter J. Messitte

RE:      <u>Beyond Systems, Inc. v. World Avenue USA, LLC, et al.</u>  
            Civil Case No. 08-921

DATE:      December 16, 2010

******

On November 29, 2010, the Court issued an Order bifurcating this action [Paper No. 544]. The Court's Order stayed all discovery and motions practice in this case except as to the following three issues: (1) whether Plaintiff Beyond Systems, Inc. ("BSI") is a *bona fide* "interactive computer service provider" entitled to bring suit under the Maryland Commercial Electronic Mail Act ("MD-CEMA") and/or the Florida Commercial Electronic Mail Act ("FL-CEMA"); (2) whether BSI is a *bona fide* resident of the state of Maryland within the meaning of the MD-CEMA statute; and (3) the nature of the relationship between BSI and Third-Party Defendant Hypertouch, Inc.[1]

Recently, BSI filed a letter to the Court [Paper No. 565] and a Motion to Clarify, Alter, Amend, or Modify Court's Order [Paper No. 568]. In those documents, BSI requests: (1) clarification as to what discovery, if any, BSI may take concerning the three issues articulated in the Court's Order of November 29, 2010; and (2) permission to depose: Defendant Niuniu Ji; Jeffrey Richard, a technical consultant to Defendants; and "the person most knowledgeable about the Defendants' affiliate marketing system, from a technical perspective."

In its Order of November 29, 2010, the Court certainly did not intend to preclude BSI from calling witnesses or submitting exhibits at the evidentiary hearing on the three issues pertinent to the first phase of the bifurcated trial. At the same time, the Court sees no need for BSI to depose Defendants' personnel. Such discovery is precisely of the sort the Court seeks to preclude until after the conclusion of the first phase of the trial.

Accordingly, BSI's Motion to Clarify, Alter, Amend, or Modify Court's Order [Paper No. 568] is **GRANTED IN PART AND DENIED IN PART**. Insofar as this Order provides BSI with additional guidance as to the scope of the Court's November 29, 2010 Order, the request for

---

[1] The Court's Order of November 29, 2010 also permitted the parties to proceed on "any motions currently pending before United States Magistrate Judge Charles Day . . . ."

-2-

clarification is **GRANTED**. The request to depose Defendants' personnel is **DENIED**. Counsel for the parties are advised to adhere to the guidelines established in the Court's bifurcation Order of November 29, 2010, and are again **STRONGLY URGED** to consult in good faith and attempt to resolve any differences of opinion before filing pleadings with the Court.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE
