# DECLARATION OF PAUL A. WAGNER

I, Paul A. Wagner, state the following under oath:

1. I am over 18 years of age, have personal knowledge of the matters stated below unless otherwise indicated, and am competent to testify to the facts set forth in this Declaration. I am providing this affidavit in part to respond to points raised in the motion to compel filed in the U.S. District Court for Washington, D.C. against my father, William J. Wagner.

2. I formed Beyond Systems, Inc. ("BSI") as a Maryland corporation in 1996. Its corporate address is 9501 Anchorage Place, Bethesda, MD 20817.

3. Since 1996, BSI has provided Internet connectivity and interactive computer services, including electronic mail service, to hundreds of known users and many thousands of unknown users, including many users in Maryland.

4. For years, BSI has maintained servers at 1612 Sherwood Road, Silver Spring, MD 20902. BSI currently maintains servers at that address, at 38 Maryland Ave., Unit 333, Rockville, MD 20850 and at 1837 R Street NW, Washington, DC 20009. These servers include e-mail servers that accept and deliver e-mail messages to and from BSI and its clients, and other servers used for BSI and its clients.

5. BSI provides Internet services, technology consulting, and advanced research on emerging technologies. Within these categories are a number of specific services which enable computer access by multiple users to a computer service, including, for example: enterprise architecture (analysis, design, and development); distributed applications (scalability, failover, cross-platform); wireless initiatives (access, solutions, P2P, mobile computing); Internet security (spam, PKI, VPNs, firewalls, survivability); network support (LAN and client/server setup, support & management); and management (strategic planning, marketing, CRM, supply chain).

6. BSI provides Internet access and hosting services for multiple users, including e-mail servers, web servers, DNS servers, e-commerce services, database services, and backup services.

7. BSI has hosted approximately 110 domain names for use by BSI or its clients and it assigns Internet Protocol ("IP") addresses it owns to clients for their use in accessing and providing services via the Internet.

8. The registrations for BSI's domains show BSI's physical address in Maryland. BSI subscribes to upstream broadband services at both of its Maryland server locations, purchasing much more bandwidth than a residential user would normally need. The providers of these services have occasionally, and erroneously, addressed their billing to the owners of the real property at those addresses, as described below. They have been notified that the correct customer name is Beyond System, Inc., and I believe that this billing error has been corrected.

9. On December 21, 2005, I ordered Verizon's business-level Fiber Optic Service ("FiOS") on behalf of BSI at BSI's Point of Presence ("POP") at 1612 Sherwood Road, Silver Spring, MD 20902. I ordered the data-only plan, not associated with any landline telephone number. I requested and was issued 13 static IP addresses from Verizon. Once the FiOS was installed, I verified that the American Registry for Internet Numbers ("ARIN") Whois lookup for the IP addresses fully and accurately reflected the registration of the IP addresses to BSI.

10. Subsequently, on at least two occasions since 2005, Verizon has mistakenly changed the "Customer Name" on the account to "WILLIAM WAGNER" without my advance knowledge and without my permission. To my knowledge, the "Business Name" has always correctly remained "BEYOND SYSTEMS INC." Since I never provided William Wagner's name to Verizon, I presume Verizon obtained his name from Verizon's residential telephone

records as a billee for the landline telephone number at that address. I contacted Verizon on each occasion and had them correct the errant "Customer Name," including most recently in August 2009. This was not an attempt to "mask" involvement of William Wagner per Greenberg's false accusation, because he had no involvement. Rather, it reflects the normal and customary administration of a Maryland corporation's billing records. The registration information for that business account, and any changes thereto, are readily and publicly observable, as both Greenberg and I have noted, and therefore any changes thereto could never "mask" anything."

11. BSI has maintained several servers at the two residences of William Wagner. The server hardware and software are the property of, and belong solely to, BSI. BSI's server programs require administrative passwords to operate, which William Wagner does not have. William Wagner is not authorized by BSI or able to access them. The server files normally are not visible and cannot be accessed from the Desktop interface. Some servers have no monitor, keyboard or mouse attached to them, and are only accessed remotely via an administrative password.

12. BSI does not lease any property from William Wagner.

13. I have relationships with most of the people for whom I understand subpoenas have been issued by World Avenue, USA in the related case of Beyond Systems, Inc. v. World Avenue USA, LLC, et al.,Case No. 8:08-cv-00921, including the following persons:

William J. Wagner, Ph.D. – father of Paul A. Wagner
Diane Wagner - wife of William, mother of Paul A. Wagner
J. Joseph Wagner – brother of Paul A. Wagner
Lisa F. Wagner, JD - wife of J. Joseph Wagner
Steven E. Wagner, JD - brother of Paul A. Wagner
Katka Vlcková - wife of Steven Wagner

Peter Wagner, M.D. – brother of Paul A. Wagner

Alton K. Burton, CPA, JD - registered agent of Beyond Systems, Inc. in Maryland

St. Luke's House – Maryland corporation, employer of Diane Wagner

10. I am aware that my mother is employed as a coordinator of volunteers at St. Luke's House, Inc., an independent non-profit 501(c)(3) organization licensed by the Montgomery County Department of Health and Human Services and the Maryland Mental Hygiene Administration to provide mental health services, and that World Avenue also issued a subpoena to St. Luke's.

11. I have received communications from my family members named above expressing their worry and annoyance at having been targeted with subpoenas, and at being forced to look for records. They have indicated to me that most or all of the records sought do not exist in their possession or control, and in most instances, that they do not understand or recognize the categories of records being sought. I do understand most of the categories of records sought in the subpoenas. To the extent the documents exist and are available, some of them are in the possession or control of BSI. Through counsel, BSI intends to respond appropriately in discovery in the Maryland case. I understand that the response date for written discovery responses has not yet arrived.

12. I am aware that World Avenue, USA, LLC contends that BSI and Hypertouch, Inc. are "serial litigators" and that they "manufacture" spam claims. BSI has been in business nearly twice as long as World Avenue, and nearly twice as long as any state or federal anti-spam statute has been available to it. BSI has never been sued by any person or attorney general for Internet abuse.

Doc. # NY-13108 v.2

13. I am familiar with Hypertouch as a result of my interaction with J. Joseph Wagner over the years that Hypertouch has existed. Hypertouch, Inc., is a small ISP that has operated in California for over a decade. Like BSI and other ISPs, Hypertouch operated and coped with Internet abuse long before it filed any suits against spammers. I have no ownership interest in Hypertouch and Joe has no ownership interest in BSI.

14. To enhance the value and reliability of the services they provide to their respective customers, the two companies provide certain redundant services for each other, including secondary mail, web and domain name server functions. Use of multiple heterogeneous and specialized infrastructures for robustness is customary in the ISP and other industries. BSI and Hypertouch have provided each other services on this basis for many years, starting long before any litigation against alleged spammers. The high traffic volumes created by unwanted commercial email further necessitate this arrangement. BSI's claims against spammers have never been "manufactured," except by the bulk emailers themselves. In particular, neither BSI nor Hypertouch has caused anyone to initiate commercial email that was sent to either entity.

I declare under penalties of perjury that the foregoing statements are true and correct.

Date: December 3, 2009

_____
Paul A. Wagner

Doc. # NY-13108 v.2