# GT GreenbergTraurig

Sanford M. Saunders, Jr.
Tel. 202.331.3130
Fax 202.331.3101
saunderss@gtlaw.com

December 29, 2010

**VIA CM/ECF**

Magistrate Judge Charles B. Day
United States District Court for the District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Greenbelt, Maryland   20770

      Re:    *Beyond Systems, Inc. v. World Avenue USA, LLC, et al.*
             Case No. PJM 08 cv 0921
             <u>U.S. District Court for Maryland (Southern Division)</u>

Magistrate Judge Day:

      At a hearing held before Judge Peter Messitte on November 29, 2010, the Court denied Defendant World Avenue USA, LLC's Motion to Dismiss for Fraud On The Court [DE 323] but echoed some of this Court's previous sentiments [*see*, excerpts of transcripts of July 30, 2010 and September 23, 2010 hearings, attached as Exhibit 1 and 2, and Order at Docket Entry 490, finding substantial justification for inquiry, attached as Exhibit 3] that this was "grievous, grievous misconduct" and referred the issue to this Court as to whether sanctions should be imposed:

> THE COURT: I'm not going to dismiss the case for fraud. That said, I'm not going to otherwise rule that sanctions should not be imposed. I will leave to Judge Day as he completes this issue to determine whether or not the defendant is entitled to monetary sanctions for, with regard to any time that had to be spent to get the information that should have been provided pursuant to Rule 45.
> \*\*\*
> All right. That motion is denied, but again without prejudice to any further ruling that Judge Day may make with regard to those subpoenas that were sent out improperly, all right.

*See* Transcript of November 29, 2010 hearing attached as Exhibit 4.

      Similarly, in the Order at DE 544 (attached as Exhibit 5), the Court held:

---

Defendant World Avenue USA, LLC's Motion to Dismiss for Fraud on the Court [Paper No. 323] is **DENIED**, except that all issues pertaining to the issuance of the challenged subpoenas, including the question of whether sanctions should be imposed on Plaintiff and/or Plaintiff's counsel may be raised before Magistrate Judge Day and/or the Court; and are not otherwise stayed pending the summer 2010 trial.

By this letter, World Avenue USA, LLC ("WAUSA") respectfully requests that this Court take any action it deems appropriate on the Motion to Dismiss for Fraud on the Court, including the imposition of sanctions as suggested by Judge Messitte. The briefing on the matter is complete with the filing of the Motion at DE 323, the Opposition at DE 373, and the Reply Memorandum at DE 539.

WAUSA notes to the Court that Plaintiff Beyond Systems, Inc. ("BSI") thwarted the search for truth on this issue by refusing to answer certain of the Interrogatories directed to Amanda L. Ornitz and Michael S. Rothman and failing to produce the documents ordered by the Court on September 23, 2010 -- these deficiencies are more fully addressed in WAUSA's filing at DE 539. WAUSA will not burden the Court with further briefing on this point, but simply asks that the Court award the relief that the Court deems appropriate, including drawing an adverse inference from BSI's recalcitrance in responding to discovery on the issue and its failure to fully obey this Court's Order concerning those Interrogatories.

Respectfully Submitted,

/s/ Sanford M. Saunders, Jr.

Sanford M. Saunders, Jr.

Enclosures: Excerpted Transcript of July 30, 2010 hearing - Exhibit 1.
Excerpted Transcript of September 23, 2010 hearing - Exhibit 2.
Order at Docket Entry 490 - Exhibit 3.
Excerpted Transcript of November 29, 2010 hearing - Exhibit 4.
Order at Docket Entry 544 - Exhibit 5.