IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
|     Plaintiff | ) | |
|     v. | ) | Case No.PJM 08 cv 0921 |
| | ) | |
| WORLD AVENUE USA, LLC, et al. | ) | |
|     Defendants | ) | |
| _____ | ) | |

**DEFENDANT, WORLD AVENUE USA, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ONE ALLEGATION IN ANSWER BY INTERLINEATION**

Defendant, WORLD AVENUE USA, LLC ("WAUSA") hereby files its Reply Memorandum In Support of Its Motion For Leave To Amend One Allegation In Answer By Interlineation ("Motion"), and respectfully states that its Motion is now moot by reason of the Court's rulings at the November 29, 2010 hearing and the subsequent filing of WAUSA's Answer to the Second Amended Complaint.

On November 23, 2010, WAUSA filed its Motion to amend one allegation in its Answer. *See* DE 528. WAUSA's Motion was well-founded because, at that time, BSI's Amended Complaint was the operative pleading and WAUSA's Amended Answer was the operative Answer.

At the November 29, 2010 hearing, the Court granted (with the consent of WAUSA) BSI's Motion to file a Second Amended Complaint naming WAUSA and TheUseful, LLC as separate parties, and granted WAUSA's request that this amendment be the final amendment by BSI.

At that time, the Court ruled that BSI's Motion for Partial Summary Judgment

1

Establishing Defendant World Avenue USA, LLC As A Single Entity Or, In The Alternative, For Entry Of An Order of Default Against TheUseful, LLC [DE 480] and Motion to Correct Misnomer [DE 459] were moot because, as a result of the Court's ruling, the operative pleading was then the Second Amended Complaint which averred that WAUSA and TheUseful, LLC were disparate entities and both were in the case. The Court stated:

> 22 [The Court]: Now, for present purposes, I've got a Motion for
> 23 Partial Summary Judgment and a Motion to Correct Misnomer in the
> 24 case. And the Motion for Partial Summary Judgment essentially,
> 25 I think, argues that, have you in fact sued the successor in
> 1 interest, the Niutech.
> 2 MR. RING: That is correct, in essence.
> 3 THE COURT: And the answer is now you have sued
> 4 that entity. So the motion, Beyond Systems' Motion for Partial
> 5 Summary Judgment is moot; is it not?
> 6 MR. RING: We ask for relief beyond that.
> 7 THE COURT: What is the relief you're asking for
> 8 beyond that?
> 9 MR. RING: We ask for sanctions for the time and
> 10 energy that has been put into the case that was caused by, we
> 11 say, the charade of having the other entity put forward as the
> 12 entity they want to be the defendant.
> 13 THE COURT: You don't need to respond to that,
> 14 Mr. Saunders.
> 15 MR. SAUNDERS: Thank you, Your Honor.
> 16 THE COURT: All right. The motion, Beyond Systems'
> 17 Motion for Partial Summary Judgment, Paper 480 is moot.
> 18 Now, does that also go to a misnomer, John? Let me
> 19 look at that very briefly.
> 20 (Pause.)
> 21 THE COURT: All right. Here's your Motion to Correct
> 22 Misnomer. Relief sought, plaintiff moves to correct any
> 23 misnomer the Court may find as to the entity that changed its
> 24 name to The Useful, LLC by amending the amended complaint to
> 25 include The Useful, LLC at the same time preserving all
> 1 plaintiff's claim without any interruption of the pendency of
> 2 those claims against all entities named World Avenue arising
> 3 from the facts alleged in the amended complaint. Plaintiff also
> 4 preserves its claims as to the other defendants.
> 5 All right. So the only issue here I'm hearing you say

> 6 is that you don't know the extent to which, if at all, Useful is
> 7 liable for the earliest possible e-mail that was sent.
> 8 MR. RING: We believe they are fully responsible as
> 9 successor in interest of the precursor entity WAUSA, and before
> 10 that Niutech, LLC.
> 11 THE COURT: All right, but your Motion to Correct the
> 12 Misnomer, Paper 459 is also moot. We'll come back and we'll
> 13 look at that issue about who may be responsible for what.

*See* Transcript of November 29, 2010 hearing, p. 31, lines 22-25; p. 32, lines 1-5; p. 33, lines 1-13, attached as Exhibit 1.

On December 1, 2010, BSI filed its Second Amended Complaint.  *See* DE 546.  The Second Amended Complaint contains no allegation that WAUSA is or was the successor-in-interest by merger or otherwise to NiuTech, LLC.  *Id*.  The Second Amended Complaint superseded the Amended Complaint and is now the operative pleading by BSI.

On December 13, 2010, WAUSA filed its Answer to the Second Amended Complaint. *See* DE 560.  The Answer to the Second Amended Complaint supersedes the Amended Answer to the Amended Complaint that WAUSA sought to amend through its Motion.  And, since the Second Amended Complaint contained no allegation that WAUSA is or was the successor-in-interest by merger or otherwise to NiuTech, LLC, there is no need for WAUSA's Motion to Amend.

In short, WAUSA's Motion to Amend has been rendered moot by:  (1) the Court's ruling at the November 29, 2010 hearing granting leave to file the Second Amended Complaint; (2) BSI's filing of the Second Amended Complaint; and (3) WAUSA's filing of its Answer to the Second Amended Complaint.

Accordingly, Defendant World Avenue USA, LLC respectfully requests that, if this Court agrees that the Motion is now moot, that the Court deny the Motion as moot for the

3

reasons set forth herein.

                                   Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

    /s                     
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477