IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
|    Plaintiff | ) | |
| v. | ) | Case No. PJM 08 cv 0921 |
| | ) | |
| WORLD AVENUE USA, LLC, et al. | ) | |
|    Defendants | ) | |
| _____ | ) | |

**DEFENDANT, WORLD AVENUE USA, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF LAST HOLDING IN COURT ORDER AT DE 477**

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), respectfully files its Reply Memorandum in Support of Its Motion For Reconsideration of Law Holding In Court Order at DE 477 [DE 504] ("Motion") and in response to Plaintiff's Opposition [DE 554] ("Opposition"), and states:

     **I.    BSI's Opposition Misapprehends The Nature of the Motion.**

In its Motion, WAUSA asked this Court for reconsideration of its factual conclusion that "the corporate documents are clear that Defendant merged with Niutech, LLC, and Defendant should have included responses for the fully merged entity in its discovery production" and that "Niutech, LLC fully merged with Defendant in June 2006." *See* DE 504.

BSI dedicates the vast majority of its Opposition to arguing that WAUSA *should not* have appeared as a Defendant to respond to BSI's Complaint, but instead that what it calls WAUSA I, or TheUseful, LLC f/k/a World Avenue USA, LLC *should have* responded to BSI's

Complaint.  BSI dedicates a great deal of time rehashing the arguments from its Motion for Partial Summary Judgment Establishing Defendant World Avenue USA, LLC As A Single Entity Or, In The Alternative, For Entry Of An Order of Default Against TheUseful, LLC [DE 480] and its Motion to Correct Misnomer [DE 459].  However, it dedicates very little substantive discussion to the *only* issue of the Motion for Reconsideration, *to wit*, whether "Defendant merged with Niutech, LLC" or "Niutech, LLC fully merged with Defendant in June 2006."

The issue that BSI tried to argue, whether TheUseful, LLC *should have* appeared as a Defendant in this case is now moot as a result of the Court's rulings on November 29, 2010.  *See* § IV, *infra*.  The only issue that is relevant, which is whether WAUSA is a successor-in-interest by merger to NiuTech, LLC, is an issue that can only be answered with a resounding "no."  *See* § II, *infra*.

II.  **BSI Led The Court Into A Misapprehension of The Facts That WAUSA Is A Successor-In-Interest By Merger To NiuTech, LLC.**

BSI does not quarrel that this Court has the power to correct a "misapprehension" of facts on a motion for reconsideration.  *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001).  Nor does BSI rebut the Declaration of Professor Lisa M. Fairfax, the Leroy Sorenson Merrifield Research Professor of Law at The George Washington University Law School and the immediate past Director of the Business Law Program at the University of Maryland School of Law.  *See* DE 504.  Instead BSI credits Professor Fairfax's credentials, praising her "extensive academic credentials."  *See* Opposition, DE 554, p. 11.  BSI does not put forth a single sworn averment

2

that contradicts Professor Fairfax's conclusion that WAUSA is not the successor-in-interest by merger to NiuTech, LLC. Instead, BSI concocts a series of unsupported arguments, all of which should be rejected.

*First*, BSI begins its argument by completely ignoring the significance of a File Number for a Delaware limited liability company. According to Professor Fairfax, a File Number is a "unique identifier." Declaration of Professor Lisa M. Fairfax ("Fairfax Decl."), DE 504, ¶ 12. The Delaware File Number is the corporate law analogy to a car's Vehicle Identification Number (VIN). Instead, BSI just repeats "WAUSA I" and "WAUSA II" multiple times, and ignoring the fact that the Delaware File Number shown for each of the limited liability companies to which it refers is completely different. As shown in the Motion, the Delaware File Number for the World Avenue USA, LLC shown in the Articles of Merger is different than the Delaware File Number for the World Avenue USA, LLC formed on September 21, 2006.

*Second*, BSI argues that "WAUSA's status as successor of Niutech, LLC by merger is confirmed in the secretary of state filings at Plaintiff's Exhibits 007-013 (also marked as K-1 through K-5, filed at DE 432-2 through 6), attached." Opposition, DE 554, p. 6. It recites some of these filings at Page 9 of the Opposition. However, these are the very same Secretary of State filings that Professor Fairfax explains establish that WAUSA is *not* the successor-in-interest to NiuTech, LLC because the entity that BSI speaks of bears a different Delaware File Number. BSI is essentially arguing that the documents bear the name of World Avenue USA, LLC, but

3

completely ignores the distinction of the different Delaware File Number. BSI concedes -- through its complete silence on the point -- that the Delaware File Number is dispositive.

*Third*, BSI focuses on the time changes of the filings by which TheUseful, LLC and WAUSA revealed changes to their structure and/or naming to the general public. Opposition, DE 554, p. 6. Regardless of the timing of the changes, the fact remains that the two entities (Defendant TheUseful, LLC and Defendant World Avenue USA, LLC) are *different* Delaware limited liability companies. BSI argues that WAUSA's argument is based on "the particular name used at the moment" and that a name change does not "eras[e] the existence of the entity." Opposition, p. 7.

Quite the opposite, WAUSA's argument is based on corporate law and the substance of which corporate entities merged or did not merge with NiuTech, LLC. For example, BSI does not contest that under Delaware law, "a limited liability company formed under this chapter shall be a separate legal entity, *the existence of which as a separate legal entity shall continue until cancellation of the limited liability company's certificate of formation*." *See* DE ST TI 6 § 18-103(b) (emphasis added). BSI also does not contest that when a "certificate of merger" has been approved by the Secretary of State that "certificate of merger" is conclusive. *See* DE ST TI 6 § 18-206(a)(1). Here, that certificate of merger shows the merger of a *different* limited liability company bearing a *different* Delaware File Number than WAUSA.

*Fourth*, BSI argues that an entity by the name of World Avenue USA, LLC was formed

4

in June 2006, and that the June filing was no accident because another entity was created called World Avenue, LLC. Opposition, DE 554, p. 4. Although this does nothing to prove that WAUSA is a successor-in-interest by merger to NiuTech, LLC, WAUSA agrees that an entity called World Avenue USA, LLC n/k/a TheUseful, LLC was formed in June 2006. As explained in the Declaration of Michael Brant, the World Avenue name was a brand name that was used for a holding company called World Avenue Holdings, LLC. *See* DE 504. This does nothing to prove that WAUSA is a successor-in-interest to NiuTech, LLC.

*Finally*, BSI states that the "corporate history of Niutech, LLC and World Avenue USA, LLC has been briefed extensively in Plaintiff's filings," but it does not identify where in those filings that this Court may discern any admissible facts to prove Professor Fairfax and WAUSA's other Declarants wrong.

### III.  BSI Does Not Deny That Its Filings Led The Court Into The Misapprehension of The Facts.

BSI does not rebut WAUSA's argument that the misapprehension occurred as a result of BSI's statements in its Memorandum in Support of Plaintiff's First Motion For Order To Compel Defendant WAUSA To Provide Complete Answers To Interrogatories ("Motion to Compel"), and the Reply Memorandum [DE 307-14] ("Reply"), and that the truth was evident in the Exhibits to the parties' filings. BSI argued to the Court in its Motion to Compel that "[d]ocuments from the Florida Secretary of State official website demonstrate a long and confusing history of corporate filings for the World Avenue companies." DE 307-14. BSI then

5

"sandbagged" in its Reply Memorandum filed on June 25, 2010 at DE 307-14, and that which was "unclear" in its Memorandum of Law suddenly became clear: "On June 29, 2006 Mr. Ji signed for both sides of a merger of Niutech, LLC into World Avenue USA, LLC (WAUSA), including the Articles of Merger (BSI SOS 81)." *See* DE 307-14.

    **IV.**    **BSI's Arguments Regarding The Amended Answer And Which Party *Should Have* Answered The Complaint Are Now Moot By Reason Of The Court's November 29, 2010 Rulings.**

BSI dedicates the majority of its Opposition to arguing that TheUseful, LLC *should have* appeared as the answering Defendant in this case. To make that argument, it places great reliance on the allegations of WAUSA's Answer and Amended Answer. However, as a result of the Court's ruling on November 29th, that issue is now moot and irrelevant.

On November 23, 2010, WAUSA filed its Motion to amend one allegation in its Answer. *See* DE 528 ("Motion to Amend"). That Motion to Amend related to the precise issue now raised by BSI. At the November 29, 2010 hearing, the Court granted (with the consent of WAUSA) BSI's Motion to file a Second Amended Complaint naming WAUSA and TheUseful, LLC as separate parties, and granted WAUSA's request that this amendment be the final amendment by BSI.

At that time, the Court ruled that BSI's Motion for Partial Summary Judgment Establishing Defendant World Avenue USA, LLC As A Single Entity Or, In The Alternative, For Entry Of An Order of Default Against TheUseful, LLC [DE 480] and Motion to Correct

Misnomer [DE 459] were moot because, as a result of the Court's ruling, the operative pleading was then the Second Amended Complaint which averred that WAUSA and TheUseful, LLC were disparate entities and both were in the case. The Court stated:

> 22 [The Court]: Now, for present purposes, I've got a Motion for
> 23 Partial Summary Judgment and a Motion to Correct Misnomer in the
> 24 case. And the Motion for Partial Summary Judgment essentially,
> 25 I think, argues that, have you in fact sued the successor in
> 1 interest, the Niutech.
> 2 MR. RING: That is correct, in essence.
> 3 THE COURT: And the answer is now you have sued
> 4 that entity. So the motion, Beyond Systems' Motion for Partial
> 5 Summary Judgment is moot; is it not?
> 6 MR. RING: We ask for relief beyond that.
> 7 THE COURT: What is the relief you're asking for
> 8 beyond that?
> 9 MR. RING: We ask for sanctions for the time and
> 10 energy that has been put into the case that was caused by, we
> 11 say, the charade of having the other entity put forward as the
> 12 entity they want to be the defendant.
> 13 THE COURT: You don't need to respond to that,
> 14 Mr. Saunders.
> 15 MR. SAUNDERS: Thank you, Your Honor.
> 16 THE COURT: All right. The motion, Beyond Systems'
> 17 Motion for Partial Summary Judgment, Paper 480 is moot.
> 18 Now, does that also go to a misnomer, John? Let me
> 19 look at that very briefly.
> 20 (Pause.)
> 21 THE COURT: All right. Here's your Motion to Correct
> 22 Misnomer. Relief sought, plaintiff moves to correct any
> 23 misnomer the Court may find as to the entity that changed its
> 24 name to The Useful, LLC by amending the amended complaint to
> 25 include The Useful, LLC at the same time preserving all
> 1 plaintiff's claim without any interruption of the pendency of
> 2 those claims against all entities named World Avenue arising
> 3 from the facts alleged in the amended complaint. Plaintiff also

> 4 preserves its claims as to the other defendants.
> 5 All right. So the only issue here I'm hearing you say
> 6 is that you don't know the extent to which, if at all, Useful is
> 7 liable for the earliest possible e-mail that was sent.
> 8 MR. RING: We believe they are fully responsible as
> 9 successor in interest of the precursor entity WAUSA, and before
> 10 that Niutech, LLC.
> 11 THE COURT: All right, but your Motion to Correct the
> 12 Misnomer, Paper 459 is also moot. We'll come back and we'll
> 13 look at that issue about who may be responsible for what.

*See* Transcript of November 29, 2010 hearing, p. 31, lines 22-25; p. 32, lines 1-5; p. 33, lines 1-13, attached as Exhibit 1.

On December 1, 2010, BSI filed its Second Amended Complaint. *See* DE 546. The Second Amended Complaint contains *no* allegation that WAUSA is or was the successor-in-interest by merger or otherwise to NiuTech, LLC. *Id*. The Second Amended Complaint superseded the Amended Complaint and is now the operative pleading by BSI.

On December 13, 2010, WAUSA filed its Answer to the Second Amended Complaint. *See* DE 560. The Answer to the Second Amended Complaint supersedes the Amended Answer to the Amended Complaint that WAUSA sought to amend through its Motion to Amend. And, since the Second Amended Complaint contained no allegation that WAUSA is or was the successor-in-interest by merger or otherwise to NiuTech, LLC, there is no need for WAUSA's Motion to Amend.

Likewise, since there is no operative pleading containing any of the allegations now raised by BSI in its Opposition about WAUSA being a successor-in-interest, its arguments on this point are now moot because those pleadings are non-operative and have no impact.

### V.   BSI's Remaining Arguments Are Irrelevant And Meritless.

The Motion requests the Court to reconsider its holdings that "the corporate documents are clear that Defendant merged with Niutech, LLC, and Defendant should have included responses for the fully merged entity in its discovery production" and that "Niutech, LLC fully merged with Defendant in June 2006." *See* DE 504.  Since it is now clear that BSI led the Court into a misapprehension of the facts that even BSI -- through its silence -- concedes can be remedied through reconsideration, the Motion should be granted.

BSI raises a series of other arguments in an attempt to divert the Court from this clear result, but none of those arguments impact whether through the corporate documents WAUSA is the successor-in-interest by merger to NiuTech, LLC.  For example, BSI rehashes the "evidence" in its Motion for Partial Summary Judgment Establishing Defendant World Avenue USA, LLC As A Single Entity Or, In The Alternative, For Entry Of An Order of Default Against TheUseful, LLC [DE 480], but that so-called evidence is without merit.

*First*, BSI argues that WAUSA and TheUseful, LLC have the same federal employer identification number and federal taxpayer identification number.  As briefed in detail in WAUSA's Memorandum Of Law In Opposition To Plaintiff Beyond Systems, Inc.'s Motion For

9

Partial Summary Judgment Establishing Defendant World Avenue USA, LLC As A Single Entity Or, In The Alternative, For Entry Of An Order Of Default Against TheUseful, LLC (*see* DE 525), as single member limited liability companies, WAUSA and TheUseful, must use the federal taxpayer and employer identification number of their parent company, World Avenue Holdings, LLC.  *See* 26 C.F.R. § 301.7701-3(a)-(b)(ii); INTERNAL REVENUE MANUAL § 4.31.2.2.17.1(1) (2008) ("An LLC that has only one member may be treated as a disregarded entity"); 26 C.F.R. § 301.6109-1(h)(2); *Estate of Roberts v. C.I.R.*, 2010 WL 2942160, at *1, *4 (U.S. Tax Ct. July 21, 2010) ("Petitioners are correct that CTI Leasing, LLC, being a single-member disregarded entity, was not required to have and/or use an EIN"); *Medical Practice Solutions, LLC v. C.I.R.*, 2010 WL 1780874, at *1, * 7 (U.S. Tax Ct. May 4, 2010) ("….a disregarded entity's employment tax liability is the liability of the LLC's sole member").

*Second*, BSI points to the naming status of WAUSA in suits brought by the Texas and Florida Attorney Generals.  BSI's unsworn allegation was the subject of uncontested Declarations filed with WAUSA's Opposition to BSI's Partial Summary Judgment Motion.  *See* DE 525.

*Third*, BSI points to the use of a trade name, TheUseful.  BSI's unsworn allegation is the subject of an unrebutted Declaration filed by Michael Brant with the Motion.  *See* DE 504. BSI's unsworn allegation was also the subject of uncontested Declarations filed with WAUSA's Opposition to BSI's Partial Summary Judgment Motion.  *See* DE 525.

Accordingly, World Avenue USA, LLC respectfully requests that the Court grant reconsideration of the last holding of its Order at Docket Entry 477 that WAUSA is the successor-in-interest by merger to NiuTech, LLC.

Dated: December 30, 2010

        Respectfully submitted,

        _____/s/_____
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone:  202-331-3100
        Facsimile:  202-331-3101

        --and--

        Kenneth Horky, Esq.
        horkyk@gtlaw.com
        John L. McManus, Esq.
        mcmanusj@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, FL 33301
        Telephone: 954-765-0500
        Facsimile:  954-765-1477
        *Attorneys for World Avenue USA, LLC*