

Sanford M. Saunders, Jr.
Tel. 202.331.3130
Fax 202.331.3101
saunderss@gtlaw.com

January 11, 2011

**VIA CM/ECF**

Magistrate Judge Charles B. Day
United States District Court for the District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Greenbelt, Maryland   20770

    Re:   *Beyond Systems, Inc. v. World Avenue USA, LLC, et al.*
           Case No. PJM 08 cv 0921
           U.S. District Court for Maryland (Southern Division)

Magistrate Judge Day:

    We refer to Beyond Systems, Inc. ("BSI") filing at DE 587 and respond to each point raised. On December 29th at DE 584, World Avenue USA, LLC ("WAUSA") asked the Court to act on Judge Messitte's ruling at the November 29th hearing referring WAUSA's Motion to Dismiss for Fraud On The Court [DE 323], which had been fully briefed.

    With regard to BSI's position that the Motion to Dismiss [DE 323] had been denied, the portions of the transcript quoted in our letter speak for themselves. Judge Messitte could not have more clearly stated said Motion to Dismiss would be returned to your court room to decide whether other relief was appropriate short of dismissal.

    BSI then used its letter as a platform to claim defaults under Court Orders that -- unlike the Motion to Dismiss -- had never been raised in conferences with counsel for WAUSA. In making its argument, BSI has ignored this Court's multiple directives that the parties shall consult with one another and make every effort possible to resolving issues without the intervention of the Court. Specifically, the Court has made it crystal clear in its Order of November 30, 2010 at DE 544 and its Order of December 16th at DE 573 that the Parties are "**STRONGLY URGED** to consult in good faith and attempt to resolve any differences of opinion before filing pleadings with the Court." (emphasis in original).

_____

Since the November 29, 2010 hearing, WAUSA has abided by this constructive approach. Pursuant to the proposed Joint Scheduling Report filed with the Court at DE 571, on December 21, 2010 WAUSA sent to BSI a comprehensive letter regarding pending discovery issues for discussion with BSI and the parties held a brief telephone conference on December 22nd, with a view toward resuming discussions after the new year. On December 23rd and 26th, BSI responded to the December 21st letter but failed to take the positions it now raises in the January 1st letter to the Court. Moreover, prior to submitting its January 1st letter on these issues, BSI had not conferred on the telephone or in person with WAUSA on these new positions. The parties have been engaging in discussions regarding discovery related to the mini-trial pursuant to the proposed Joint Scheduling Report submitted to the court on December 15th. That dialogue continues today.

Furthermore, in its December 21st letter, BSI took the opposite position to that which it advocates in its January 1st letter. In the December 21st letter, BSI asserted that WAUSA was obligated to comply with DE 477 *when* WAUSA's Motion for Reconsideration was resolved, just as BSI has not produced in response to any Court Orders that are the subject of its multiple Motions for Reconsideration. BSI now "flip-flops" and states that such discovery is already overdue. WAUSA submits that the issue is better resolved after counsel confer on the issue first, which they are doing now and that it is premature to involve the Court.

Finally, in the January 1st letter, BSI raised a second new issue on which it had not previously conferred with WAUSA: that a response to a Third Request for Production is overdue and WAUSA has waived all objections. WAUSA thought this issue was resolved at the November 29th hearing. Although BSI did not identify which production request it was referring to, the Court held a colloquy with BSI on the issue of a pending discovery request by BSI to WAUSA, wherein the Court stayed discovery not relating to the trial:

> 17 THE COURT: Look, just to make it easy, all pending
> 18 motions before Judge Day remain active. That's an exception to
> 19 what I said earlier about staying discovery on the 70,000
> 20 alleged spam mailings.
> 21 MR. RING: And then, Your Honor, logically from
> 22 today's ruling would I be fair in assuming that the defendants
> 23 are required to supplement all their prior discovery as to the
> 24 entities that are now in the case, rather than us issuing new
> 25 sets of discovery?
> 1 MR. SAUNDERS: I'm sorry.
> 2 THE COURT: I'm not sure what you're asking. You want
> 3 to find out what the relationship of one of the newly named
> 4 defendants is to one of the original named defendants?
> 5 MR. RING: The relationships is one thing, but the

_____

>    6 identity of their marketers, the advertising content, all the
>    7 day-to-day operation of what we call their spam-based marketing
>    8 operation. There's a trove of information we have not been
>    9 given, and that would move this case along. That's what we
>    10 need.
>    11 THE COURT: That doesn't really go to the issue that I
>    12 want to focus on, which is whether you have a bona fide
>    13 residence and whether Hypertouch and BSI are in the business of
>    14 bringing these suits. That's all we're going to try in June.
>    15 You don't need to get those answers right now.
>    16 It's not pending right now. It's something you're
>    17 asking for. No, we'll defer on that. That's the kind of
>    18 discovery which we'll wait on.
>    19 MR. RING: We have asked for it, Your Honor.
>    20 THE COURT: What?
>    21 MR. RING: We have asked for it in pending discovery.
>    22 In the interrogatories and document requests we have issued from
>    23 day one, we have three sets, we have asked for all this
>    24 information.
>    25 THE COURT: No, right now, I think we're talking about
>    1 pending motions and rulings. Any other discovery you've asked
>    2 for, I'm going to stay. We're not going to -- I'm trying to
>    3 limit this case and get it down to the key issues right now.
>    4 If there's a pending motion or motions, they will be
>    5 ruled on and they must be complied with as an exception to the
>    6 general proposition that we're going to focus on the residency
>    7 issue and the Hypertouch involvement, and that all discovery can
>    8 be related to that in terms of deposing individuals and so on
>    9 and so forth. Other discovery will be stayed, and that's where
>    10 we're going to end up.[1]

Thus, since all of the Third Request for Production relates to issues that are completely irrelevant to the trial, WAUSA understood it to be stayed.  BSI never raised this newly-minted position with WAUSA on the telephone or in person, but instead raised it for the first time in its filing at DE 587.

The Court reinforced its November 29th ruling in its Order issued on December 16th (DE 573) on BSI's Motion to Clarify, Alter, Amend, or Modify Court's Order (DE 588).   In the Motion to Clarify, as a fall-back position, BSI sought much of the same discovery denied at the

_____
[1] BSI filed the complete transcript of this hearing at DE 587.

Magistrate Judge Charles B. Day
January 11, 2011
Page 4

_____

November 29th hearing on the grounds it was relevant to the three trial issues. Judge Messitte denied the motion in less than 24 hours and ruled: "Such discovery is precisely of the sort the Court seeks to preclude until after the conclusion of the first phase of the trial." *See* DE 573 (filed 12/16/10), p. 1. Like a child playing one parent off against another, BSI now seeks to secure similar relief from this Court.

Finally, BSI failed to be candid with this Court that its demand for compliance with the Third Request for Production represents a second "flip-flop" by BSI. As the Court may recall, WAUSA and BSI previously agreed to extend to 100 the number of document requests that could be served upon one another. When *WAUSA* served upon *BSI* a Fifth Request for Production, BSI objected to the Request in its entirety, taking the position that WAUSA's document requests, including lettered sub-parts, were 106 requests, excluding the Fifth Request. BSI then advocated to the Court that WAUSA had exceed the permitted number of 100 document requests and made this argument in its submission filed with the Court. *See* DE 415 (letter from BSI counsel filed 9/8/10 to Magistrate Judge Day) ("Additionally, Defendant [WAUSA] is not entitled to the documents it seeks in the Fifth Set because the Requests exceed the parties' agreed limit of 100 that may be issued by any one party") (emphasis added).

In fact, based on BSI's argument made in its September 8th letter at DE 415, the Court made the following ruling at the September 23, 2010 hearing:

> The defense did not obtain consent of the court to exceed the limitations as expressed by the plaintiff on the number of document requests. So, for a lot of reasons, those aspects of this letter request or this letter motion to compel will be denied.

*See* Transcript of September 23, 2010 hearing, p. 94, lines 2-6.

BSI now declares its right to serve more than 100 document requests upon WAUSA without permission. Prior to the subject discovery request -- BSI's Third Request for Production -- BSI itself had already propounded *214* document requests on WAUSA and WAUSA had responded to all of them. BSI itself served a First Request for Production with 27 numbered requests and 148 lettered sub-parts, and a Second Request for Production with 39 additional numbered requests, for a total of 214 discovery requests. The Third Request would bring BSI's total discovery requests up to **259**. Accordingly, WAUSA believes that the Third Request is a ***nullity*** as WAUSA has not agreed to respond to 259 document requests and the Court specifically upheld the 100 document request limit at the September 23, 2010 hearing in reliance on BSI's written submission at DE 415 that there was an "agreed limit of 100 that may be issued by any one party."

_____

      BSI was not candid with the Court at the November 29, 2010 hearing in failing to inform Judge Messitte of the position that BSI took at DE 415 that there was an "agreed limit of 100 that may be issued by any one party" and of the ruling made by this Court at the September 23rd hearing.

      In any event, the issue of a default stated in BSI's January 1st letter is moot insofar as WAUSA has served its response to the Third Request for Production.

                                 Respectfully Submitted,

                                   /s/ Sanford M. Saunders, Jr.

                                   Sanford M. Saunders, Jr.