UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| BEYOND SYSTEMS, INC. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 8:08-cv-00921 (PJM) (CBD) |
| WORLD AVENUE USA, LLC, *et al*. | ) |
| Defendants. | ) |

### REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

The United States District Court for the District of Maryland presents its compliments to the Supreme Court of Canada and requests international judicial assistance to obtain evidence to be used in a civil matter proceeding before this court in the above captioned matter, *Beyond Systems, Inc. v. World Avenue USA, LLC, et al*, Case No. 8:08-cv-00921 (PJM) (CBD) (D. Md.). An advisory trial on three limited issues has been set on this matter for August of 2011. A true and correct cop of the Court Order DE #544 is attached hereto as Exhibit 1. Specifically, a four-day trial on these three issues will be held, with an advisory jury, in the summer of 2011, with a specific trial date to be determined by the Court in due course, on the following three issues: (1) whether Plaintiff Beyond Systems, Inc. is a *bona fide* "interactive computer service provider" entitled to bring suit under the Maryland Commercial Electronic Mail Act ("MD-CEMA"), Md. Code. Ann., Com. Law § 14-3001 *et seq.*, and/or the Florida Commercial Electronic Mail Act ("FL-CEMA"), Fla. Stat. § 668.601 *et seq.*; (2) whether Plaintiff Beyond Systems, Inc. is a *bona fide* resident of the state of Maryland within the

meaning of the MD-CEMA statute; and (3) the nature of the relationship between Plaintiff Beyond Systems, Inc. and Third-Party Defendant Hypertouch, Inc.

This Court requests the assistance described herein as necessary in the interests of justice.  The undersigned applicant has the honor to submit the following request:

**(a)  the authority requesting its execution:**

Judge Peter J. Messitte
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770
United States of America

**and the authority requested to execute:**

Superior Court of Quebec (Montréal)
Civil Court Clerk
1, rue Notre-Dame Est
Montréal (Québec)  H2Y 1B6
Telephone: 514 393-2246
Fax: 514 873-4760

**b)  the names and addresses of the parties to the proceedings and their representatives, if any:**

**Plaintiff**

| | | |
|---|---|---|
| **Beyond Systems, Inc.** | represented by | **Stephen Howard Ring** <br> Stephen H Ring PC <br> 506 Main St Ste 215 <br> Gaithersburg, MD 20878 <br> 13015639249 <br> Fax: 13015639639 <br> Email: shr@ringlaw.us |
| | | **Michael Stephen Rothman** <br> Law Office of Michael S Rothman <br> 401 E Jefferson St Ste 201 |

                                                  Rockville, MD 20850
                                                  13012519660
                                                  Fax: 13012519610
                                                  Email: mike@mikerothman.com

V.

**Defendant**

**World Avenue USA, LLC**  represented by  **Sanford M Saunders , Jr**
                                                        Greenberg Traurig LLP
                                                        2101 L St NW Ste 1000
                                                        Washington, DC 20037
                                                        12023313130
                                                        Fax: 12023313101
                                                        Email: saundersS@gtlaw.com

                                                        **John L McManus**
                                                        Greenberg Traurig PA
                                                        401 E Las Olas Blvd Ste 2000
                                                        Fort Lauderdale, FL 33301
                                                        19547688291
                                                        Fax: 19547651477
                                                        Email: mcmanusj@gtlaw.com
                                                        *PRO HAC VICE*

                                                        **Kenneth A Horky**
                                                        Greenberg Traurig PA
                                                        401 E Las Olas Blvd Ste 2000
                                                        Fort Lauderdale, FL 33301
                                                        19547688273
                                                        Fax: 19547651477
                                                        Email: horkyk@gtlaw.com
                                                        *PRO HAC VICE*

                                                        **Nicoleta Burlacu**
                                                        Greenberg Traurig LLP
                                                        2101 L Str NW Ste 1000
                                                        Washington, DC 20037
                                                        12025308536
                                                        Fax: 12023313101

                                      Email: burlacun@gtlaw.com
                                      *PRO HAC VICE*

**Defendant**

**World Avenue Management, Inc.**
*TERMINATED: 06/19/2008*
*formerly known as*
NIUTECH, INC.
*TERMINATED: 06/19/2008*

**Defendant**

**Niuniu Ji**

**Defendant**

**John Does 1-20**

**Defendant**

**World Avenue Holdings**  represented by  **Sanford M Saunders , Jr**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **John L McManus**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Nicoleta Burlacu**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**The Useful, LLC**

**Defendant**

**World Avenue Management, Inc.**

**Defendant**

**World Avenue IP, LLC**

**Defendant**

**Niuniu Ji**
*doing business as*

Jinius Corporation

**Defendant**

**Intrepid Investments, LLC**

**Defendant**

**Q Interactive, Inc.**

**Defendant**

**Vente, Inc.**

**Defendant**

**Bristol Interactive, LLC**
*doing business as*
Kitara Media

V.

**ThirdParty Plaintiff**

| | | |
|---|---|---|
| **World Avenue USA, LLC** *Successor by Merger to NIUTECH, LLC.* | represented by | **Sanford M Saunders , Jr** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **John L McManus** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Kenneth A Horky** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Nicoleta Burlacu** (See above for address) *ATTORNEY TO BE NOTICED* |

V.

**ThirdParty Defendant**

| | | |
|---|---|---|
| **Hypertouch, Inc.** | represented by | **Stephen Howard Ring** (See above for address) *LEAD ATTORNEY* |

|  |  |  |
|---|---|---|
|  |  | **Michael Stephen Rothman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **ThirdParty Defendant** |  |  |
| **James Joseph Wagner** | represented by | **Stephen Howard Ring**<br>(See above for address)<br>*LEAD ATTORNEY* |
|  |  | **Michael Stephen Rothman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Counter Claimant** |  |  |
| **Hypertouch, Inc.** | represented by | **Michael Stephen Rothman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

| | | |
|---|---|---|
| **World Avenue USA, LLC**<br>*Successor by Merger to NIUTECH, LLC.* | represented by | **Sanford M Saunders , Jr**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|  |  | **John L McManus**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Kenneth A Horky**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Nicoleta Burlacu**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Counter Claimant** |  |  |
| **James Joseph Wagner** | represented by | **Michael Stephen Rothman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.
**Counter Defendant**

| | |
|---|---|
| **World Avenue USA, LLC**  represented by | **Sanford M Saunders , Jr** |
| *Successor by Merger to* | (See above for address) |
| *NIUTECH, LLC.* | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |
| | |
| | **John L McManus** |
| | (See above for address) |
| | *ATTORNEY TO BE NOTICED* |
| | |
| | **Kenneth A Horky** |
| | (See above for address) |
| | *ATTORNEY TO BE NOTICED* |
| | |
| | **Nicoleta Burlacu** |
| | (See above for address) |
| | *ATTORNEY TO BE NOTICED* |

**c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto:**

Plaintiff alleges that WAUSA violated the Maryland Commercial Electronic Mail Act §14-3001 *et seq.* ("MD-CEMA") or the Florida Commercial Electronic Mail Act, §668.601 *et seq.* ("FEMCA"). According to the Plaintiff it is a Maryland corporation which maintains its servers in Maryland and constitutes an interactive computer service provider under MD-CEMA and an internet service provider under FEMCA, providing computer services and Internet access to multiple users. Here, BSI alleges that Defendants initiated, conspired in the initiation, or assisted in the transmission of 70,000 unsolicited commercial e-mails to its server in Maryland since April 14, 2004, and that the commercial electronic mail messages contained false or misleading information in their subject lines, and/or false information as to their origin and or transmission paths,

7

that had the capacity, tendency or effect of deceiving the recipient. Second Amended Complaint ant paras 14, 45-49, DE # 546. Plaintiff seeks permanent injunctive relief and judgment in the amount of $ 72,000,000 calculated at $500 per email received as a recipient and $1,000 per e-mail received as an ISP under MD-CEMA plus $500 per email under FEMCA.

WAUSA's defense are, *inter alia*, that BSI is not a *bona fide* "interactive computer service provider" entitled to bring suit under the MD-CEMA, and/or the FL-CEMA, BSI is a *bona fide* resident of the state of Maryland within the meaning of the MD-CEMA statute; and Hypertouch sent the alleged unsolicited emails to BSI and both companies exist for the sole purpose of manufacturing litigations.

**d) the evidence to be obtained or other judicial act to be performed:**

WAUSA seeks to serve a subpoena *duces tecum* on Ben Haller.

**e) the names and addresses of the persons to be produce documents pursuant to the subpoena *duces tecum*:**

Ben C. Haller
350 rue Roy Est,
Montreal, QC
H2W1M9, Canada
Tel. (514).836.1831
Fax. (514).398.3185

**f) the subject-matter of the subpoena *duces tecum*:**

The purpose of subpoena is to request Ben Haller to produce documents relevant to Mr. Haller's use of Hypertouch's alleged ISP's services and that test the veracity of his

statements made in the Declaration introduced to the Court by Hypertouch/Joe Wagner in support of their Motion to Dismiss Third Party Complaint at DE # 377-6.  A true and correct copy of the said Declaration is attached hereto as Exhibit 2.  Ben Haller should also be asked to submit an affidavit authenticating the records.

**g) the documents to be produced:**

1.	Documents that refer or relate to Mr. Haller being a customer of Hypertouch.

2.	Documents that refer or relate to Mr. Haller using Hypertouch's Internet Services since 2000 and Hypertouch providing his Internet connectivity.

3.	Documents that refer or relate to Mr. Haller's communication with Joe Wagner/Hypertouch and Paul Wagner/BSI.

4.	Documents that show the services rendered by Hypertouch for the Stick Software domain.

5.	Documents that constitute, refer or relate to communications between Ben Haller, and his agents or legal representatives and James Joseph Wagner and/or Hypertouch, and his agents or legal representatives, concerning  Mr. Haller's alleged use of Hypertouch's Internet services since 2000.

**h) any requirement or special form to be used:**

The Supreme Court of Quebec (Montreal) to issue all process and documents necessary to require Mr. Haller to produce all documents in his possession, custody and control identified at (g) above.

Please notify this Court and the above mentioned counsel of record when and where the examination is to be conducted.

The Court expresses its willingness to provide similar assistance to judicial authorities of Canada and will reimburse the costs incurred in executing this rogatory letter.

DATE OF REQUEST          March 8, 2011

SIGNATURE AND SEAL
OF THE REQUESTING
AUTHORITY

_____
The Hon. Judge Peter J. Messitte

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| Plaintiff | * | |
| v. | * | Civil No. **PJM 08-921** |
| **WORLD AVENUE USA, LLC, et al.** | * | |
| Defendants | * | |

## ORDER

Upon consideration of Defendant World Avenue Holdings' Motion to Dismiss for Lack of Jurisdiction [Paper No. 55], Plaintiff Beyond Systems' Motion for Leave to File Second Amended Complaint [Paper No. 177], Third-Party Defendant Hypertouch's Motion to Dismiss Third-Party Complaint [Paper No. 263], Defendant World Avenue USA, LLC's Motion for Partial Summary Judgment [Paper No. 266], Defendant World Avenue USA, LLC's Motion to Dismiss for Fraud on the Court [Paper No. 323], Plaintiff's Motion to Correct Misnomer in Amended Complaint [Paper No. 459], Plaintiff's Motion for Partial Summary Judgment [Paper No. 480], various related Motions, and the various Oppositions thereto, oral argument having been held thereon, it is for the reasons stated on the record, this 29th day of November, 2010

**ORDERED**

    1.    This action will be **BIFURCATED** as follows. The parties will first litigate the following three issues: (1) whether Plaintiff Beyond Systems, Inc. is a *bona fide* "interactive computer service provider" entitled to bring suit under the Maryland Commercial Electronic Mail Act ("MD-CEMA"), Md. Code. Ann., Com. Law

-1-

§ 14-3001 *et seq.*, and/or the Florida Commercial Electronic Mail Act ("FL-CEMA"), Fla. Stat. § 668.601 *et seq.*; (2) whether Plaintiff Beyond Systems, Inc. is a *bona fide* resident of the state of Maryland within the meaning of the MD-CEMA statute; and (3) the nature of the relationship between Plaintiff Beyond Systems, Inc. and Third-Party Defendant Hypertouch, Inc. A four-day trial on these three issues will be held, with an advisory jury, in the summer of 2011, with a specific trial date to be determined by the Court in due course. Following the trial, assuming the case goes forward, the Court will hold a status conference with the parties to determine the manner in which the case should proceed;

2. Discovery and motions practice as to all issues not within the scope of the trial to be held in the summer of 2011 are hereby **STAYED**, except that any motions currently pending before United States Magistrate Judge Charles Day may proceed until resolved;

3. With respect to discovery regarding the issues within the scope of the trial to be held in the summer of 2011, Defendants may take no more than ten (10) depositions. Defendants may depose Joseph Wagner, Paul Wagner, and Steve Wagner for no more than six (6) hours each. The remaining seven (7) depositions will be limited in duration to one (1) hour each. Unless the parties otherwise agree,

        all depositions may be taken at the law offices of Greenberg Traurig LLP in Washington, D.C.;

4. Counsel for the parties shall confer regarding a discovery schedule as to the issues within the scope of the trial to be held in the summer of 2011, and shall file with the Court a joint proposed discovery schedule within **15 DAYS** of the date of this Order;

5. Defendant World Avenue Holdings' Motion to Dismiss for Lack of Jurisdiction [Paper No. 55] is **DENIED**;

6. Plaintiff's Motion for Leave to File Second Amended Complaint [Paper No. 177] is **GRANTED**. Plaintiff shall serve all newly-named Defendants within the time period provided for in the Federal Rules of Civil Procedure. However, pending further order of the Court, the newly-named Defendants need not file responsive pleadings;

7. Third-Party Defendant Hypertouch's Motion to Dismiss Third-Party Complaint [Paper No. 263] is **DENIED**;

8. Defendant World Avenue USA, LLC's Motion for Partial Summary Judgment [Paper No. 266] is **DENIED**;

9. Defendant World Avenue USA, LLC's Motion to Dismiss for Fraud on the Court [Paper No. 323] is **DENIED**, except that all issues pertaining to the issuance of the challenged subpoenas, including the question of whether sanctions should be imposed on Plaintiff and/or Plaintiff's counsel, may be raised before

Magistrate Judge Day and/or the Court, and are not otherwise stayed pending the summer 2011 trial;

10. Plaintiff's Motion to Correct Misnomer in Amended Complaint [Paper No. 459] is **MOOT**;

11. Plaintiff's Motion for Partial Summary Judgment [Paper No. 480] is **MOOT**;

12. Plaintiff's Motion to Re-Issue Summons for Defendant Niuniu Ji and to Extend the Time for Service [Paper No. 215] is **GRANTED**. Plaintiff shall serve Defendant Ji within **60 DAYS** of the date of this Order. Should Plaintiff satisfy the Court that Defendant Ji is acting to evade service, the Court will entertain a Motion for Substitute Service as to him;

13. Defendants' Cross-Motion to Dismiss as to Defendant Niuniu Ji for Lack of Service of Process and Failure to Prosecute [Paper No. 227] is **DENIED**;

14. Defendant World Avenue USA, LLC's Unopposed Motion for Enlargement of Time [Paper No. 292] is **MOOT**;

15. Plaintiff's Consent Motion for Extension of Time [Paper No. 331] is **MOOT**;

16. Defendant World Avenue USA, LLC's Motion for Extension of Time to File Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss for Fraud on the Court [Paper No. 392] is **MOOT**;

17. Plaintiff's Motion for Leave to File Sur-Reply [Paper No. 408] is **MOOT**;

18. Plaintiff's Motion for Leave to File Supplemental Exhibit Regarding Participation by Defendant Niuniu Ji [Paper No. 522] is **MOOT**;

19. Plaintiff's Motion for Extension of Time [Paper No. 531] is **GRANTED**;

20. Plaintiff's Motion for Extension of Time for Reply Memorandum [Paper No. 532] is **MOOT**;

21. Defendant World Avenue USA, LLC's Motion for Leave to File Sur-Reply to Plaintiff's Reply in Support of Its Motion to Correct Misnomer [Paper No. 538] is **MOOT**; and

22. Counsel for the parties are **STRONGLY URGED** to consult in good faith and attempt to resolve any differences of opinion before filing pleadings with the Court.


/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT 2

**THIRD-PARTY DEFENDANTS' REPLY**
**JULY 30, 2010**

**EXHIBIT H-13**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>WORLD AVENUE U.S.A., LLC )<br>successor by merger to NIUTECH, LLC., )<br>dba "The Useful" et al. )<br>)<br>)<br>Defendants. )<br>_____)<br>)<br>WORLD AVENUE USA, LLC, )<br>)<br>Third-Party Plaintiff )<br>)<br>v. )<br>)<br>JAMES JOSEPH WAGNER, et al. )<br>)<br>Third-Party Defendants )<br>) | Case No. PJM 08-cv-0921 |

## DECLARATION OF BEN HALLER PURSUANT TO 28 U.S.C. § 1746

I, Ben Haller, declare:

1. I am over eighteen (18) years of age.

2. I have been a customer of Hypertouch, Inc. using its Internet services since 2000.

3. In the past, Hypertouch provided my Internet connectivity.

4. I use Hypertouch Internet services on a daily basis.

5. I run Stick Software, whose products have run on hundreds of thousands of computers.

6. I use Hypertouch's mail servers to send out my newsletter to a mailing list that at times has had over 3000 recipients.

7. For the first few years, Hypertouch hosted a number of my domains including those for Stick Software as well as my photography gallery.

8. When I needed more bandwidth for people to download Stick Software products, I switched to a large commercial hosting company for both my web site and email needs. When I switched away from Hypertouch's mail servers, I immediately noticed a dramatic increase in the amount of spam sent to my account. When discussing this with Joe Wagner, he pointed out that Hypertouch's mail servers are avoided by a number of major spammers that may now no longer be avoiding sending to my domain(s).

9. I use multiple "@hypertouch.com" email addresses for role accounts e.g. for domain registrations.

10. Since almost the only legitimate email sent to these role account addresses would be domain renewal notices every few years, well over 99% of email to that address is spam. However it is vital and indeed required that these addresses be real, working email addresses, as they have been since 2001.

   I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 29th day of July, 2010 at 8:58 AM.

7/29/2010
Date

Ben Haller