IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC** | * | |
| successor by merger to NIUTECH, LLC., | * | |
| **DBA THE USEFUL, ET AL.** | * | |
| | * | |
| Defendants | * | |

**PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES
PURSUANT TO ORDER AT DE 607**

Plaintiff, Beyond Systems, Inc. through counsel, Stephen H. Ring and Michael C. Rothman, files this submission for attorney's fees pursuant to the order at docket entry 607 denying Defendant World Avenue USA, LLC's ("WAUSA") Motion for Protective Order regarding Plaintiff's subpoena and notice regarding the planned deposition of non-party Douglas Kropp in Rhode Island, and imposing sanctions on WAUSA for interposing a motion "lacking substantial justification." The motion caused the postponement of the deposition for at least several months.

Plaintiff refers the Court to the attached Declaration of Stephen H. Ring addressing the particulars of the services provided.

**I.  Time Spent in Arranging the deposition.**

On October 13 and 14, 2010, Attorney Ring prepared the subpoena and notice for the deposition of Mr. Kropp, for October 29, 2010 at his place of employment, the Verizon Fiber Solutions Center in Providence, Rhode Island. A copy of the deposition notice was timely

1

provided to opposing counsel. After service of process was arranged and effected, a series of emails and telephone conversations followed with Mr. Kropp's counsel, Kelion Kesler, and with Mr. Saunders of Greenberg Traurig, counsel for the defendants. Mr. Kesler was cooperative, and focused on the time and place of the deposition. He did not convey any intent to prevent the deposition from taking place, requested a new date due to calendar conflicts, and was cooperative in agreeing that no second subpoena would be needed for the new date. The communications with Mr. Saunders concerned his client's objections that the deposition notice failed to state the subject matters on which inquiry would be made, and would constitute a second Rule 30(b)(6) deposition of the same corporate witness, despite the fact that neither WAUSA's deposition of a Verizon employee nor the planned Kropp deposition were taken or noted as Rule 30(b)(6) depositions.

## II.  Time Spent Responding to the Motion.

WAUSA filed its Motion for Protective Order (DE 475) on October 28, 2010, and the next week (on November 3) filed a supplement (DE 487) to the motion reversing its prior characterization of its deposition of a Verizon employee as a Rule 30(b)(6) deposition, but still arguing that it should have preclusive effect on the proposed Kropp deposition. WAUSA consented to an extension due to the supplement, and Mr. Ring prepared an opposition to the motion on November 14 and 15, filing it on November 16, 2010. (DE 517).

## III.  Calculation of Attorney Time.

Plaintiff respectfully refers the Court to the attached Declaration of Stephen H. Ring providing an itemization of attorney time and sufficient qualifications of counsel to justify the fees claimed, based on contemporaneous time records. The attorney's fees sought pursuant to

this application are as follows:

      Stephen H. Ring, P.C.                  $3,010

_____/s/_____

Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639

_____/s/_____

Michael S. Rothman
401 E. Jefferson Street Suite 201
Rockville, MD 20850
Telephone: (301) 251-9660
Facsimile: (301) 251-9610

*Attorneys for Plaintiff*