UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| BEYOND SYSTEMS, INC. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 8:08-cv-00921 (PJM) (CBD) |
| WORLD AVENUE USA, LLC, *et al.* | ) |
| Defendants. | ) |

### REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

The United States District Court for the District of Maryland presents its compliments to the Supreme Court of Canada and requests international judicial assistance to obtain evidence to be used in a civil matter proceeding before this court in the above captioned matter, *Beyond Systems, Inc. v. World Avenue USA, LLC, et al*, Case No. 8:08-cv-00921 (PJM) (CBD) (D. Md.). An advisory trial on three limited issues has been set on this matter for August of 2011. A true and correct cop of the Court Order DE #544 is attached hereto as Exhibit 1. Specifically, a four-day trial on these three issues will be held, with an advisory jury, in the summer of 2011, with a specific trial date to be determined by the Court in due course, on the following three issues: (1) whether Plaintiff Beyond Systems, Inc. is a *bona fide* "interactive computer service provider" entitled to bring suit under the Maryland Commercial Electronic Mail Act ("MD-CEMA"), Md. Code. Ann., Com. Law § 14-3001 *et seq.*, and/or the Florida Commercial Electronic Mail Act ("FL-CEMA"), Fla. Stat. § 668.601 *et seq.*; (2) whether Plaintiff Beyond Systems, Inc. is a *bona fide* resident of the state of Maryland within the

meaning of the MD-CEMA statute; and (3) the nature of the relationship between Plaintiff Beyond Systems, Inc. and Third-Party Defendant Hypertouch, Inc.

This Court requests the assistance described herein as necessary in the interests of justice. The undersigned applicant has the honor to submit the following request:

**(a) the authority requesting its execution:**

Judge Peter J. Messitte
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770
United States of America

**and the authority requested to execute:**

Superior Court of Quebec (Montréal)
Civil Court Clerk
1, rue Notre-Dame Est
Montréal (Québec) H2Y 1B6
Telephone: 514 393-2246
Fax: 514 873-4760

**b) the names and addresses of the parties to the proceedings and their representatives, if any:**

<u>Plaintiff</u>

**Beyond Systems, Inc.**   represented by   **Stephen Howard Ring**
Stephen H Ring PC
506 Main St Ste 215
Gaithersburg, MD 20878
13015639249
Fax: 13015639639
Email: shr@ringlaw.us

**Michael Stephen Rothman**
Law Office of Michael S Rothman
401 E Jefferson St Ste 201

2

          Rockville, MD 20850
          13012519660
          Fax: 13012519610
          Email: mike@mikerothman.com

V.

**Defendant**

World Avenue USA, LLC   represented by   **Sanford M Saunders , Jr**
          Greenberg Traurig LLP
          2101 L St NW Ste 1000
          Washington, DC 20037
          12023313130
          Fax: 12023313101
          Email: saundersS@gtlaw.com

          **John L McManus**
          Greenberg Traurig PA
          401 E Las Olas Blvd Ste 2000
          Fort Lauderdale, FL 33301
          19547688291
          Fax: 19547651477
          Email: mcmanusj@gtlaw.com
          *PRO HAC VICE*

          **Kenneth A Horky**
          Greenberg Traurig PA
          401 E Las Olas Blvd Ste 2000
          Fort Lauderdale, FL 33301
          19547688273
          Fax: 19547651477
          Email: horkyk@gtlaw.com
          *PRO HAC VICE*

          **Nicoleta Burlacu**
          Greenberg Traurig LLP
          2101 L Str NW Ste 1000
          Washington, DC 20037
          12025308536
          Fax: 12023313101

Email: burlacun@gtlaw.com
*PRO HAC VICE*

**Defendant**

World Avenue Management, Inc.
*TERMINATED: 06/19/2008*
*formerly known as*
NIUTECH, INC.
*TERMINATED: 06/19/2008*

**Defendant**

Niuniu Ji

**Defendant**

John Does 1-20

**Defendant**

World Avenue Holdings     represented by    **Sanford M Saunders, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John L McManus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicoleta Burlacu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

The Useful, LLC

**Defendant**

World Avenue Management, Inc.

**Defendant**

World Avenue IP, LLC

**Defendant**

Niuniu Ji
*doing business as*

4

Jinius Corporation

**Defendant**

**Intrepid Investments, LLC**

**Defendant**

**Q Interactive, Inc.**

**Defendant**

Vente, Inc.

**Defendant**

**Bristol Interactive, LLC**
*doing business as*
Kitara Media

V.

**ThirdParty Plaintiff**

| | | |
|---|---|---|
| **World Avenue USA, LLC**<br>*Successor by Merger to NIUTECH, LLC.* | represented by | **Sanford M Saunders , Jr**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **John L McManus**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Kenneth A Horky**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Nicoleta Burlacu**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**ThirdParty Defendant**

| | | |
|---|---|---|
| **Hypertouch, Inc.** | represented by | **Stephen Howard Ring**<br>(See above for address)<br>*LEAD ATTORNEY* |

                                **Michael Stephen Rothman**
                                (See above for address)
                                *ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**James Joseph Wagner**    represented by  **Stephen Howard Ring**
                                (See above for address)
                                *LEAD ATTORNEY*

                                **Michael Stephen Rothman**
                                (See above for address)
                                *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Hypertouch, Inc.**    represented by  **Michael Stephen Rothman**
                                  (See above for address)
                                *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**World Avenue USA, LLC**  represented by  **Sanford M Saunders , Jr**
*Successor by Merger to*                            (See above for address)
*NIUTECH, LLC.*                                   *LEAD ATTORNEY*
                                *ATTORNEY TO BE NOTICED*

                                **John L McManus**
                                (See above for address)
                                *ATTORNEY TO BE NOTICED*

                                **Kenneth A Horky**
                                (See above for address)
                                *ATTORNEY TO BE NOTICED*

                                **Nicoleta Burlacu**
                                (See above for address)
                                *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**James Joseph Wagner**    represented by  **Michael Stephen Rothman**
                                (See above for address)
                                *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

| | |
|---|---|
| **World Avenue USA, LLC**  represented by | **Sanford M Saunders , Jr** |
| *Successor by Merger to* | (See above for address) |
| *NIUTECH, LLC.* | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |
| | |
| | **John L McManus** |
| | (See above for address) |
| | *ATTORNEY TO BE NOTICED* |
| | |
| | **Kenneth A Horky** |
| | (See above for address) |
| | *ATTORNEY TO BE NOTICED* |
| | |
| | **Nicoleta Burlacu** |
| | (See above for address) |
| | *ATTORNEY TO BE NOTICED* |

**c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto:**

Plaintiff alleges that WAUSA violated the Maryland Commercial Electronic Mail Act §14-3001 *et seq.* ("MD-CEMA") or the Florida Commercial Electronic Mail Act, §668.601 *et seq.* ("FEMCA"). According to the Plaintiff it is a Maryland corporation which maintains its servers in Maryland and constitutes an interactive computer service provider under MD-CEMA and an internet service provider under FEMCA, providing computer services and Internet access to multiple users. Here, BSI alleges that Defendants initiated, conspired in the initiation, or assisted in the transmission of 70,000 unsolicited commercial e-mails to its server in Maryland since April 14, 2004, and that the commercial electronic mail messages contained false or misleading information in their subject lines, and/or false information as to their origin and or transmission paths,

7

that had the capacity, tendency or effect of deceiving the recipient. Second Amended Complaint ant paras 14, 45-49, DE # 546. Plaintiff seeks permanent injunctive relief and judgment in the amount of $ 72,000,000 calculated at $500 per email received as a recipient and $1,000 per e-mail received as an ISP under MD-CEMA plus $500 per email under FEMCA.

WAUSA's defense are, *inter alia*, that BSI is not a *bona fide* "interactive computer service provider" entitled to bring suit under the MD-CEMA, and/or the FL-CEMA, BSI is a *bona fide* resident of the state of Maryland within the meaning of the MD-CEMA statute; and Hypertouch sent the alleged unsolicited emails to BSI and both companies exist for the sole purpose of manufacturing litigations.

**d) the evidence to be obtained or other judicial act to be performed:**

WAUSA seeks to serve a subpoena *duces tecum* on Ben Haller.

**e) the names and addresses of the persons to be produce documents pursuant to the subpoena *duces tecum*:**

Ben C. Haller
350 rue Roy Est,
Montreal, QC
H2W1M9, Canada
Tel. (514).836.1831
Fax. (514).398.3185

**f) the subject-matter of the subpoena *duces tecum*:**

The purpose of subpoena is to request Ben Haller to produce documents relevant to Mr. Haller's use of Hypertouch's alleged ISP's services and that test the veracity of his

8

statements made in the Declaration introduced to the Court by Hypertouch/Joe Wagner in support of their Motion to Dismiss Third Party Complaint at DE # 377-6. A true and correct copy of the said Declaration is attached hereto as Exhibit 2. Ben Haller should also be asked to submit an affidavit authenticating the records.

**g) the documents to be produced:**

1. Documents that refer or relate to Mr. Haller being a customer of Hypertouch.

2. Documents that refer or relate to Mr. Haller using Hypertouch's Internet Services since 2000 and Hypertouch providing his Internet connectivity.

3. Documents that refer or relate to Mr. Haller's communication with Joe Wagner/Hypertouch and Paul Wagner/BSI.

4. Documents that show the services rendered by Hypertouch for the Stick Software domain.

5. Documents that constitute, refer or relate to communications between Ben Haller, and his agents or legal representatives and James Joseph Wagner and/or Hypertouch, and his agents or legal representatives, concerning Mr. Haller's alleged use of Hypertouch's Internet services since 2000.

**h) any requirement or special form to be used:**

The Supreme Court of Quebec (Montreal) to issue all process and documents necessary to require Mr. Haller to produce all documents in his possession, custody and control identified at (g) above.

Please notify this Court and the above mentioned counsel of record when and where the examination is to be conducted.

The Court expresses its willingness to provide similar assistance to judicial authorities of Canada and will ~~require counsel to~~ reimburse the costs incurred in executing this rogatory letter.

DATE OF REQUEST              ~~March 8, 2011~~  March 15, 2011

SIGNATURE AND SEAL
OF THE REQUESTING
AUTHORITY

_____  Charles B. Day – U.S. Magistrate Judge
~~The Hon. Judge Peter J. Messitte~~

10