**IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC,** et al. | * | |
| | * | |
| Defendants | * | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S SUBMISSION
FOR ATTORNEY'S FEES AT DE 610**

Plaintiff, Beyond Systems, Inc., through counsel, objects to the Application for Attorneys' Fees at DE 610 by Defendant World Avenue USA, LLC (WAUSA). The Application is pursuant to the paperless orders at DE 602 and 605 denying Plaintiff's motion at DE 214 seeking an extension of time for expert disclosures, and granting WAUSA's cross-motion at DE 218. The application seeks some $23,451 in sanctions in addition to WAUSA's other inflated claims for sanctions.

## I.  Introduction.

The Application at DE 610, along with the similar applications at DE 608 and 609, follows a series of over-briefed, excessive and often redundant motions filed by Defendant since January, 2010, driving the docket entries from #144 on January 10, 2010 to escalate to #586 on December 30, 2010. During that interval WAUSA has proceeded at breakneck speed, using resources in its Ft. Lauderdale and Washington, D.C. offices (personnel identified in the fee applications at 474, 479 and 498), to issue discovery requests followed by motions to compel, serve non-parties with subpoenas (over 100 issued by WAUSA at last count), conduct video inspections of at least four residences (and more in 2011), and to conduct video depositions of

non-parties, while filing a steady stream of motions.  At the hearing on November 29, 2010, Judge Messitte admonished counsel for these excessive filings, noting that this case has more docket entries than any other he has handled during his career on the bench, including one lasting eight years.  He also admonished against the length of the filings in this case, referring to some as exceeding 1,000 and even 2,000 pages.

Plaintiff and its counsel have likewise never been in a suit having this many filings in so short a time.  The multiple waves of discovery demands launched by the Defendants, creating a thicket of deadlines followed by quick and voluminous motions to compel, has set the landscape for the current scenario, causing the Court to comment on the frequency and volume of the filings even before the November 29, 2010 hearing.  Plaintiff has been hard pressed to keep up with the frenetic pace of these filings and discovery demands, but has nevertheless produced over a hundred thousand pages of documents that it contends provide almost all of the information sought, and has objected on reasonable grounds to certain of the requests.   WAUSA has capitalized on its own filing frenzy, seeking sanctions at every opportunity, and over-briefing even the smallest perceived flaw in Plaintiff's responses.

WAUSA's application seeks $23,451 in sanctions in connection with its opposition to the motions.

## II.  The Subject Matter for Which Attorneys Fees are Sought.

The Application seeks fees related to counsel's response to the motion for extension of time for expert disclosures.  Plaintiff made disclosures for John Levine and Peter Resnick that were 60 days later than the due date of March 1, 2010., but otherwise compliant.  That date was a remnant from a scheduling order that was obviously unworkable at the time due to the pendancy of motions to dismiss that had delayed discovery, a motion for leave to file an

2

amended complaint that would bring in essential parties, and the void due to Defendants' failures to provide discovery. Key information needed for expert review remained unavailable to Plaintiff and its experts at the time of the due date. These arguments, considered by the Court on the underlying motions, nevertheless bear consideration for purposes of the issue of sanctions. Plaintiff made compliant disclosures as to Messrs. Levine and Resnick more than a year prior to the now-set trial date of August 9, 2011. A new discovery schedule has now been put in place leading to that trial date. Plaintiff contends that under these circumstances the motion at DE 214 and the related filings do not generate a basis for sanctions.

WAUSA has argued that the points raised at DE 214 are baseless. Nevertheless, WAUSA petitions for fees for an elaborate set of services that it now contends were necessary in order to respond. Those services entailed the use of over-qualified counsel for the tasks performed, and excessive hours at excessive rates. The timekeepers include four attorneys, a paralegal and a law clerk. On page 9 of the memorandum, WAUSA argues "The market rate should be determined by evidence of 'what attorneys earn from paying clients for similar services in similar circumstances . . ." However, WAUSA does not present evidence of similar services in spam litigation opposite a small business owner comparable to the instant case. Further, on page 10 the memorandum quotes rates charged by major law firms in Washington, D.C. This case is not pending in Washington, D.C., but in Prince George's County, Maryland.

On page 10 of the memorandum WAUSA argues, "as a result of his vast experience, Mr. Saunders has knowledge of reasonable rates in the relevant community." However, no information is presented as to prevailing rates in Greenbelt, Maryland or in Prince George's County. Mr. Saunders' office is in Washington, D.C., and as is apparent from his qualifications,

3

most of his work is conducted in large cities or in foreign countries, handling cases against multinational or governmental organizations.

On page 14 of the memorandum WAUSA notes that aside from this case, only one other suit filed by BSI has entailed the issuance of an order for sanctions against BSI. This only underscores Judge Messitte's point that the inordinate deluge of filings in this case is indeed an aberration from normal litigation, and an obvious effort to suffocate Plaintiff as the defendants' primary tactic.

### III.  Authority under FRCP 37(a)(4).

FRCP 37(a)(4) restricts the permissible scope of sanctions as follows:

> (4) Expenses and Sanctions.
> (A) If the motion is granted or if the disclosure or requested
> discovery is provided after the motion was filed,
> the court shall, after affording an opportunity to be heard,
> require the party or deponent whose conduct necessitated
> the motion or the party or attorney advising such conduct
> or both of them to pay to the moving party the reasonable
> expenses incurred in making the motion, including attorney's
> fees, unless the court finds that the motion was filed
> without the movant's first making a good faith effort to
> obtain the disclosure or discovery without court action, <u>or
> that the opposing party's nondisclosure, response, or objection
> was substantially justified, or that other circumstances
> make an award of expenses unjust.</u>

[Emphasis added.] Plaintiff contends that its "response . . . was substantially justified," and there were sufficient "other circumstances" in that the motion for reconsideration was filed in good faith. The motion (dated October 14, 2010) addressed the limitations of the ruling <u>Gordon v. Virtumumdo</u>, which was relied upon by the Court in its ruling on the scope of permissible discovery as to financial impact. Plaintiff's argument for reconsideration as to this element was

4

shortly thereafter validated by the ruling in <u>Hypertouch v. ValueClick</u> on February 4, 2011, erasing "adverse effect" as an element of a cause of action under the California anti-spam statute, which is similar in relevant respects to MCEMA.  The motion also pointed out several instances in which Plaintiff believed, in good faith, that its compliance with certain of the discovery requests had been met and that reconsideration under the standards in <u>Jackson v. Geren</u>, 2008 WL 7728653, at 1 (D. Md. 2008) had been met.   A large portion of the information that the Court ordered had been previously provided in the prior responses and in documents produced.

### IV.  Proportionality of any fees that may be awarded, to work caused by any deficiencies

Plaintiff asks that the Court apportion any award that might be made pursuant to the Application according to the portion of the discovery sought that was found to be deficient. Plaintiff asks that in allocating any award of sanctions, the Court take into account the multiple pending motions and discovery activity that was ongoing.  Plaintiff asks that the Court apply the same principles on proportionality as in  <u>EEOC  v. Bardon, Inc.</u> in the ruling of March 12, 2010, Civil Action No. RWT-08-1883.  Exhibit 1, Attached.

### V. Reasonableness

WAUSA bears the burden of proving the reasonableness of its fee submission.  In "order to calculate a fee award, '[the court] must determine: (1) the reasonableness of the hourly rate charged; and (2) the reasonableness of the hours expended on the litigation.'" *Electronic Transaction Sys. Corp. v. Prodigy Partner Ltd., Inc.*, 2009 WL 3273920, at *1, *2 (D.D.C. October 9, 2009) quoting Woodland v. Viacom, 255 F.R.D. 278, 280-81 (D.D.C. 2008)). waived."

World Avenue submits claims for several timekeepers seeking over $10,000 in fees in

responding to what it contends were baseless arguments. (Plaintiff disagrees with the characterization.) However, the fee applications are outrageous. They are unreasonable, are excessive for the work reasonably required, and for the work actually done. The experience base for asserting the reasonableness of the hourly rates charged appears to derive from the activities of an international law firm in the District of Columbia rather than the prevailing rates in Greenbelt, Maryland.

World Avenue submits claims for Nicoleta Burlacu, who is over-qualified for the tasks assigned. She holds a JD, a Master's degree and an LL.M in International and Comparative Law, and practiced as a foreign attorney with Greenberg Traurig, LLP, from 2006 until January 2008, when she was admitted to the Bar of New York. She has ten years of experience practicing foreign and international law, including working as a Staff Attorney for the U.S. Department of Justice, Criminal Division, Office of Overseas Prosecutorial Development, Assistance and Training. Those credentials are far beyond what would be needed to pursue the discovery matters at issue. Mr. Horky is likewise over-qualified for the task at hand.

The complexity, novelty and risk factors for the work at issue weigh toward the low end of any scale. There was no significant degree of complexity or "extensive effort" involved.

WAUSA states that the standards require WAUSA to exercise "billing judgment," quoting:

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, "billing judgment" is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

Heard v. District of Columbia, 2006 WL 2568013, at *1, *7 (D.D.C. 2006) (quoting Hensley v. Eckerhart, 461 U.S. 424, 464 (1983)).  Here, the hours not "reasonably expended" should be excluded.

## VI.  Conclusion.

Plaintiff asks that the Court forego an award of sanctions as to the motion at DE 214 and all related filings.   The lack of prejudice, the disclosure far in advance of trial, and the nascent status of merits discovery from Defendants were critical factors in this evaluation.

If sanctions are nevertheless to be issued, Plaintiff contends that the Application is based on over-worked, over-briefed filings, and the fees sought are grossly disproportionate to the nature and complexity of the task.  Plaintiff requests that any award of attorney's fees be reduced accordingly, and further reduced so as to be proportional to the specific deficiencies actually found, relative to the information that was in fact provided in Plaintiff's responses.  Plaintiff further requests that any award pursuant to the Application be deferred until Plaintiff's requests for sanctions against Defendants have been ruled upon, and that any enforcement be deferred until after a ruling as to all claims on the merits in this case.


            /s/
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249


      /s/
Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Atorneys for Plaintiff, Beyond Systems, Inc.*

## Certificate of Service

    I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.

      /s/
Stephen H. Ring

## List of Exhibits

1    Letter of December 23, 2010

1    Letter of December 26, 2010

3    Letter of January 14, 2011

4    Ruling in <u>EEOC v. Bardon, Inc.,</u> March 12, 2010, Civil Action No. RWT-08-1883