IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC. )<br>)<br>   Plaintiff )<br>   v. )<br>)<br>WORLD AVENUE USA, LLC, et al )<br>)<br>   Defendants )<br>_____ ) | Case No. PJM 08 cv 0921 |

**DEFENDANT WORLD AVENUE USA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF BEYOND SYSTEMS, INC.'S APPLICATION AS TO <u>AMOUNT OF ATTORNEYS' FEES</u>**

Defendant World Avenue USA, LLC ("WAUSA") hereby submits its Memorandum in Opposition to the Application As To Amount of Attorneys' Fees filed by Plaintiff Beyond Systems, Inc. ("BSI") at Docket Entry 621 arising out of the Court's Order at Docket Entry 607. That Order awards BSI its attorneys' fees arising out of WAUSA's Motion for Protective Order regarding BSI's subpoena and notice regarding the planned deposition of non-party Douglas Kropp in Rhode Island.

BSI's Application for Attorneys' Fees should be denied because it is deficient on its face.[1] Specifically, BSI did not attach time records corroborating the Chart at Paragraph 5 of the Declaration at DE 621-1. On the present record, there is no evidence BSI actually spent the time that was recorded for the discrete tasks listed. In this District, counsel seeking attorneys' fees awards are responsible for maintaining such contemporaneous time records. *Plasterer's Local Union No. 96 Pension Plan v. Perry*, 711 F. Supp.2d 472, 477 (D. Md. 2010) (Messitte, J.)

---

[1] WAUSA notes that, although BSI complains that WAUSA's counsel are overqualified in various oppositions to WAUSA's fee submissions [DE# 624-626]. BSI has sued the World Avenue Companies for more than $100 million. It is disingenuous for them to proffers to have filed meritorious claims of such magnitude and then assert defense counsel as overqualified to respond.

("When contemplating a motion for attorneys' fees and costs a 'fee applicant ... should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims'") (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983)).  No such bills have been submitted.  There is also no averment in the Declaration that the time detail is taken from actual contemporaneous records, let alone any glimpse of those records themselves.  Rather, it constitutes an after-the-fact recreation of time spent.  As such, BSI's Application is facially inadequate.

Therefore, the Court should reject BSI's Application on the grounds BSI has not presented sufficient contemporaneous time records of the charges at issue.[2]

Dated:  March 28, 2011.

        Respectfully submitted,

        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        __/s /Sanford M. Saunders, Jr._____
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone:  202-331-3100
        Facsimile:  202-331-3101

        --and--

        Kenneth Horky, Esq.
        Florida Bar No. 691194
        horkyk@gtlaw.com
        John L. McManus, Esq.

---

[2] Moreover, the chart is over inclusive.  BSI seeks to recover for the time it spent originally communicating with the witness and unrelated to responding to WAUSA's motion.

Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477