IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC.         )<br>                              )<br>    Plaintiff                )<br>    v.                        )           Case No.PJM 08 cv 0921<br>                              )<br>WORLD AVENUE USA, LLC, et al. )<br>    Defendants                )<br>_____) | |

### DEFENDANT WORLD AVENUE USA, LLC'S RESPONSE TO PLAINTIFF AND THIRD PARTY DEFENDANTS' MOTION FOR EXTENSION OT TIME [DE 634]

Defendant WORLD AVENUE USA, LLC ("WAUSA"), through its undersigned counsel, responds to Plaintiff BEYOND SYSTEMS, INC. ("BSI") and third-party defendants, HYPERTOUCH, INC. and JOE WAGNER'S ("Hypertouch/Wagner") Motion for Extension of Time for their response to pending discovery requests ("Motion for Extension of Time"). [DE 634] and Notice [DE 635] and states as following:

WAUSA represents to the Court that it consents to BSI's requested extension. As represented by BSI in its Notice at DE 635, the parties conferred and reached an agreement that said extension shall be reciprocal. In connection with revising this deadline, the parties reached agreement concerning related revised dates in the Discovery Schedule previously approved by the Court at DE 613. *See* DE 636, filed April 1, 2011.

Notwithstanding the parties' resolution of the issue surrounding the discovery deadline, WAUSA feels compelled to clarify for the Court that BSI was less than candid when it stated

that the parties were considering "possible modifications of the current discovery schedule." Motion for Extension of Time at p.1. Although the parties had engaged in long discussions about the amendment of the lapsed *dates* on the Discovery Schedule [DE 571] approved by the Court at DE 595 and 613, the modification of the discovery schedule as advocated by BSI has never been "considered" by WAUSA because it would have been a deliberate violation of a Court Order.

In actuality, BSI seeks to evade the Court's order denying BSI's Motion for Determination (DE 214)[1] and granting in part (DE 218) WAUSA's Cross Motion to Exclude Plaintiff's Expert Witnesses. Magistrate Judge Day expressly excluded BSI from designating any expert other than Paul Wagner as a hybrid fact/expert witness. *See* DE 602. Judge Day was unequivocal that the exclusion refers to the mini-trial as well as the trial.[2]

Notwithstanding Judge Day's unambiguous ruling, BSI has been arguing for the last month that the discovery schedule should be amended to include a new date for the experts

---

[1]   Six months after failing to comply with the deadline for designating expert witnesses, BSI filed a motion with the court to "determine" whether the deadline was valid. Judge Day clearly stated that BSI had inexcusably ignored the court ordered deadline and that allowing it to designate an expert witness now would prejudice WAUSA. *See* February 16, 2011 Hearing Transcript at pp. 4-6, 24, 88, attached as part of Composite Exhibit 1.

[2]
```
11. MR. RING: May I also ask, Your Honor, as to the ruling
12. on experts, was that ruling intended to apply simply for the
13. advisory jury trial phase of the case or is that for the
14. duration of the case?
15. THE COURT: I think it's duration. Maybe Judge
16. Messitte will take a different approach as he wades his way
17. through the cases that he's dealing with. But to me the
18. discovery when it was -- the discovery order when it was issued
19. was for everything involved.
```
*Id.*

disclosure. BSI's demand ignores the Court Oder and the prior language in the previously-agreed text providing that any expert designation by BSI in the mini-trial was contingent upon the Court granting BSI's Motion for Determination (DE 214), which was denied. BSI's current effort to insert a new provision for BSI to designate or disclose a new expert in this case, mini-trial or main case, clearly contravenes, and constitutes an end run around Judge Day's Order. If BSI had the option to simply amend the discovery Order, presumably, it would not have filed the Motion for Reconsideration. [DE 611]. Counsel for WAUSA expressed its position in numerous correspondences and conversations with counsel for BSI. *See* Exhibit 2. In particular, WAUSA counsel has noted that the content of the Order was agreed to months ago and WAUSA represented to BSI that it would not agree to include language which it believes flies in the face of the Court's Order. *Id*.

Further, WAUSA requests the Court makes an appropriate annotation that this request for extension of the deadline to provide complete discovery responses to the discovery served in February on the three trial issues be the last one. The August mini-trial is fast approaching and any further extensions of time to provide discovery relevant to the three trial issues will adversely impact WAUSA's preparation for same.

**WHEREFORE**, World Avenue respectfully concedes to BSI's request for extension of time provided that it is the last extension and it is mutual.

Dated:  April 1, 2011.

        Respectfully submitted,

        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

          /s/
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone:  202-331-3100
        Facsimile:  202-331-3101

        --and--

        Kenneth Horky, Esq.
        Florida Bar No. 691194
        horkyk@gtlaw.com
        John L. McManus, Esq.
        Florida Bar No. 0119423
        mcmanusj@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, P.A.
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, FL 33301
        Telephone: 954-765-0500
        Facsimile:  954-765-1477