## Steve Ring

**From:** "Steve Ring" <shr@ringlaw.us>
**To:** "Saunders, Sandy" <saunderss@gtlaw.com>
**Sent:** Friday, February 18, 2011 5:13 PM
**Attach:** Table of docs prod oct 14 2010.pdf
**Subject:** bsi v world; supp discov

Sandy:

I will be sending a series of supplemental discovery responses.  Attached to this email is a table that matches the files provided to you via FTP links in October, 2010 with the corresponding discovery requests.  Forthcoming will also be the declarations, affidavits and expert reports from prior suits, adding to the production of similar materials that was sent to you during the first week of January, 2011.


Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.

## Steve Ring

| | |
|---|---|
| **From:** | "Steve Ring" <shr@ringlaw.us> |
| **To:** | "McManus, John" <mcmanusj@gtlaw.com>; "Burlacu, Nicoletta" <burlacun@gtlaw.com>; "Saunders, Sandy" <saunderss@gtlaw.com> |
| **Sent:** | Thursday, March 10, 2011 6:49 PM |
| **Attach:** | 001 Expert Disclos - Wagner - Mar 10 11, FINAL.pdf; 000 Ltr to ss, enclos PW hybrid rpt, exhs.pdf |
| **Subject:** | bsi v world; hybrid expert disclosure, files 000, 001 |

Counsel:

This is the first of a multi-part series of emails intended to convey eleven files, bearing filenames prefaced 001, 002 etc., plus a cover letter prefaced with 000.

I will attempt to organize the transmission so all attachments fit via email.  I am not aware of any new instructions as to using your FTP site per my request last week,

and the old instructions from 2009 do not appear to work.

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.

## Steve Ring

| | |
|---|---|
| **From:** | "Steve Ring" <shr@ringlaw.us> |
| **To:** | "McManus, John" <mcmanusj@gtlaw.com>; "Burlacu, Nicoletta" <burlacun@gtlaw.com>; "Saunders, Sandy" <saunderss@gtlaw.com> |
| **Sent:** | Thursday, March 10, 2011 7:16 PM |
| **Subject:** | bsi v world ave; hybrid expert, files sent |

Counsel:

This follows the transmission of files 000, 001, 003, 004, 005, 006, 007, 008, 009, 010 and 011 to your email addresses.

My system indicates that these transmissions were successful, but I would appreciate confirmation from your side that all attachments were intact, to be safe.

Files 002 and 012 will be sent later this evening.


Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.

## Steve Ring

**From:** "Steve Ring" <shr@ringlaw.us>
**To:** "McManus, John" <mcmanusj@gtlaw.com>; "Burlacu, Nicoletta" <burlacun@gtlaw.com>; "Saunders, Sandy" <saunderss@gtlaw.com>
**Sent:** Thursday, March 10, 2011 9:11 AM
**Attach:** Overlap list, CH, WA, mar 9 11.pdf
**Subject:** bsi v world; overlap

Counsel:

Attached is a list of overlapping emails claimed in the Kraft litigation and in the World Avenue litigation, as ordered by Judge Day
on February 16, 2011.  This information is reponsive to Interrogatory 3 addressed on page 31 of the transcript.


Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.

## Steve Ring

| | |
|---|---|
| **From:** | "Steve Ring" <shr@ringlaw.us> |
| **To:** | "McManus, John" <mcmanusj@gtlaw.com>; "Burlacu, Nicoletta" <burlacun@gtlaw.com>; "Saunders, Sandy" <saunderss@gtlaw.com> |
| **Sent:** | Friday, March 11, 2011 6:58 PM |
| **Attach:** | World Ave MpSJ Exhibit 15.pdf; World Ave MpSJ Exhibit 1.pdf; World Ave MpSJ Exhibit 14.pdf; Exhibit PW-010 -- 8 pp.pdf |
| **Subject:** | bsi v world ave |

Counsel:

I appreciate again, the offer to use your FTP site for an upload.  As it turns out, after a few rejections due to file size, and the FTP site being offline, I understand that the report and all attachments eventually made it through to you via email and via BSI's web link last night.  If you would like an upload of the entire set to your new FTP site for any reason, I will be happy to oblige if you will provide the steps required, as was done before.

We would like to clarify and correct the following:

1) at p. 28:   ". . . all of whom offer catch-all accounts.  (See Exhibit PW-002 at BSI-JiCos-017195 to BSI-JiCos-017303.)"
[should read "Exhibit PW-001."]

2) Three exhibits referenced in the report but not attached to it are World Avenue's own Exhibits 1, 14 and 15 to its motion for summary judgment at DE 266.  Those 3 are now attached to this email.

3)  Mr. Wagner wishes to provide a more complete copy of the document marked Exhibit PW-010, extending it from three to eight pages, now attached.

4)  The series of exhibits sent as separate pdf files named "344-2 Exhibit G-2" etc. are also included within item 8 in my letter of March 10.

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.

## Steve Ring

**From:** "Steve Ring" <shr@ringlaw.us>
**To:** "Saunders, Sandy" <saunderss@gtlaw.com>
**Sent:** Thursday, March 17, 2011 11:28 PM
**Subject:** bsi v world; discov issues

Sandy:

I am aware of the need to send you the balance of the additional discovery directed by Judge Day at the February 16 hearing.  In the absence of a specific due date, I was aiming for 30 days, which would fall tomorrow.  I would like to stretch that to Monday.  Likewise, as mentioned in my email earlier today, I would like to extend the time I had offered as the date for my letter on Hypertouch/Joe Wagner responses to 2010 WAUSA discovery requests to Monday.  Let me know if you see a problem on either of these items.

We are looking at the agreed extended date of Friday the 25th for reciprocal responses to the February 2011 requests.  My side appears to be on target for that date at this point, barring any surprises or interruptions.

Judge Day has offered dates for a hearing on BSI's motion to compel as to interrogs set 2.  of the 3 dates offered, two of which were next week, I opted for March 29 in part due to our discovery work on the board for next week.

I had asked John McManus for some detail on the alleged evasion of service by three non-parties, in connection with the issuance of new subpoenas.  I belive there is some variation in the subject mattes from the original versions, and the new ones are outside the deadline.  We reserve the right to challenge them on timeliness, but would like some proffer of the alleged evasion.

There may be a few other discovery issues we need to discuss as well.

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.

## Steve Ring

**From:**      "Steve Ring" <shr@ringlaw.us>
**To:**        "Saunders, Sandy" <saunderss@gtlaw.com>
**Sent:**      Monday, March 21, 2011 9:48 PM
**Attach:**    Ltr to ss re H, JW prod, mar 21 11.pdf
**Subject:**   bsi v world ave; ltr re 2010 discovery H, JW

Sandy:

Attached is my response to your requests for additional documents from
the third-party defendants related to the 2010 requests, per our prior discussions on point.

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.

## Steve Ring

**From:**     "Steve Ring" <shr@ringlaw.us>
**To:**       "Saunders, Sandy" <saunderss@gtlaw.com>
**Sent:**     Monday, March 21, 2011 11:15 AM
**Subject:**  bsi v world ave; talk

Sandy:

We missed by voice last week.  I suggest that we target a time slot to connect, to avoid more tag.

I can do 4 or 5 pm today.

Am due in court tomorrow morning but should be flexible in afternoon.

If you have a list of topics, please send. I believe you have one from me from last week, and I may add a couple of items.


Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.

## Steve Ring

| | |
|---|---|
| **From:** | "Steve Ring" <shr@ringlaw.us> |
| **To:** | "McManus, John" <mcmanusj@gtlaw.com>; "Burlacu, Nicoletta" <burlacun@gtlaw.com>; "Saunders, Sandy" <saunderss@gtlaw.com> |
| **Sent:** | Wednesday, March 23, 2011 12:52 PM |
| **Attach:** | AI of BSI to wausa set 3, SUPP mar 22 11.pdf; AI of BSI to wausa set 3, SUPP mar 22 11, final, sig.pdf |
| **Subject:** | Fw: bsi v world ave; BSI AI to wausa set 3, supp |

Counsel:

Per my email of March 22 shown below, attached please find another copy of the BSI's supplemental responses to wausa's rogs set 3, with the mailing date shown on the final page.


Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.


----- Original Message -----
**From:** Steve Ring
**To:** Saunders, Sandy
**Sent:** Tuesday, March 22, 2011 2:19 PM
**Subject:** bsi v world ave; BSI AI to wausa set 3, supp

Sandy:

Attached please find BSI's supplemental responses to WAUSA's interrogatories, set 3, signed by Paul Wagner.

Confirmation of the transmittal date, today, will be shown on another copy of the final page, to follow.


Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.

## Steve Ring

| | |
|---|---|
| **From:** | "Steve Ring" <shr@ringlaw.us> |
| **To:** | "McManus, John" <mcmanusj@gtlaw.com>; "Burlacu, Nicoletta" <burlacun@gtlaw.com>; "Saunders, Sandy" <saunderss@gtlaw.com> |
| **Sent:** | Friday, March 25, 2011 12:44 PM |
| **Attach:** | Overlap list, CH, WA, mar 9 11.pdf; 481_unique_overlapping_emails.zip |
| **Subject:** | Fw: bsi v world; overlap; supp docs |

Counsel:

As further supplementation of Plaintiff's response to WAUSA's Interrogatory 3 addressed on page 31 of
the transcript of the hearing of February 16, 2011,
I am now attaching a zip file containing the Bates-numbered pdf copies of the overlapping emails.  A list
of these overlapping emails, by Bates number, was provided to you via the email shown below, on
March 10, 2011. Copies of these overlapping emails were previously produced within the
larger sets of documents containing all emails claimed in both cases, as requested in other discovery
requests.


Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.



----- Original Message -----
**From:** Steve Ring
**To:** McManus, John ; Burlacu, Nicoletta ; Saunders, Sandy
**Sent:** Thursday, March 10, 2011 9:11 AM
**Subject:** bsi v world; overlap

Counsel:

Attached is a list of overlapping emails claimed in the Kraft litigation and in the World Avenue
litigation, as ordered by Judge Day
on February 16, 2011.  This information is reponsive to Interrogatory 3 addressed on page 31 of the
transcript.



Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249

Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.

## Steve Ring

| | |
|---|---|
| **From:** | "Steve Ring" <shr@ringlaw.us> |
| **To:** | "McManus, John" <mcmanusj@gtlaw.com>; "Burlacu, Nicoletta" <burlacun@gtlaw.com>; "Saunders, Sandy" <saunderss@gtlaw.com> |
| **Sent:** | Friday, March 25, 2011 12:44 PM |
| **Attach:** | Overlap list, CH, WA, mar 9 11.pdf; 481_unique_overlapping_emails.zip |
| **Subject:** | Fw: bsi v world; overlap; supp docs |

Counsel:

As further supplementation of Plaintiff's response to WAUSA's Interrogatory 3 addressed on page 31 of the transcript of the hearing of February 16, 2011,
I am now attaching a zip file containing the Bates-numbered pdf copies of the overlapping emails.  A list of these overlapping emails, by Bates number, was provided to you via the email shown below, on March 10, 2011. Copies of these overlapping emails were previously produced within the larger sets of documents containing all emails claimed in both cases, as requested in other discovery requests.


Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.



----- Original Message -----
**From:** Steve Ring
**To:** McManus, John ; Burlacu, Nicoletta ; Saunders, Sandy
**Sent:** Thursday, March 10, 2011 9:11 AM
**Subject:** bsi v world; overlap

Counsel:

Attached is a list of overlapping emails claimed in the Kraft litigation and in the World Avenue litigation, as ordered by Judge Day
on February 16, 2011.  This information is reponsive to Interrogatory 3 addressed on page 31 of the transcript.



Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249

Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.

Law Offices

# STEPHEN H. RING, P.C.

506 MAIN STREET, SUITE 215
GAITHERSBURG, MARYLAND 20878
Telephone 301-563-9249
Facsimile 301-563-9639

Stephen H. Ring                                                       Email: shr@ringlaw.us
*Admitted in MD, DC*                                                  www.nvo.com/ringlaw


March 27, 2011


Sanford M. Saunders, Jr., Esquire
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037

Re: BSI v. World Avenue, LLC et al.
USDC-MD Case No.PJM 08 cv 0921

Dear Sandy:

Judge Messitte's order at DE 544 was meant to simplify the case, not make it more complicated. I believe that your 180 new written discovery requests (plus subparts) dated February 4, 2011, the majority of which are addressed to the third-party defendants, contravene the Court's intent. By contrast, Plaintiff served 21 new interrogatories and 18 document requests, also on February 4, 2011. You and I have agreed to an extended response date of April 1, 2011 for both sides.

The reason for this letter is to address the Defendants' issuance of written discovery requests to the third-party defendants, in addition to those that were issued in 2010. The Discovery Schedule submitted on December 16, 2011 (DE 571), names BSI, WAUSA and Holdings as the only parties to that agreement. Those parties have amended the schedule once by consent, but neither side has proposed the inclusion of the third-party defendants as named parties to that limited schedule, which is designed for the mini-trial only. (No scheduling order has ever been issued in this case that would provide for the third-party defendants to designate expert witnesses, for example.) Depositions of the Wagners, including Joe Wagner, were specifically addressed by Judge Messitte on November 29, 2010, leaving the provisions as to written discovery to be formulated by counsel, and the third-party defendants were left out.

Defendants have not been without ample opportunity to obtain written discovery from and about Hypertouch and Joseph Wagner, having served discovery requests in this case as follows:

Interrogatories from WAUSA to BSI, Set 1 (17), issued July 2009 (1-17)
Document Requests from WAUSA to BSI, Set 1, issued July 2009, 1-20
Interrogatories, WAUSA to BSI, Set 2 (1-11) issued 2/18/10
Document Requests, WAUSA to BSI, Set 2 (1 – 39)
Document Requests, WAUSA to BSI Set 3 (1 – 15) dated Feb 18 10

Sanford M. Saunders, Jr., Esquire
GREENBERG TRAURIG, LLP
March 27, 2011
Page 2

      Document Requests, WAUSA to Hypertouch, (1 – 15), dated Feb 18 10, with 13 subparts (See
DE 230-1)
      Interrogatories from WAUSA to BSI, Set 3 (1 – 12) dated  March 19, 2010
      Document Requests, WAUSA to Joe Wagner (1-30) dated March 19, 2010
      Document Requests, set 4, WAUSA to BSI, issued 3/29/10, 1-23
      Document Requests, set 5, from WAUSA to BSI, July 13, 2010

      The new sets that were issued on February 4, 2011, now pending under the mutual extension, are
as follows:

| | |
|---|---|
| Interrogatories: | WAH to BSI (25) |
| | WAH to Hypertouch, set 1 (23) |
| | WAH to Joseph Wagner (25) |
| | WAUSA to Hypertouch (22) |
| | WAUSA to Joseph Wagner (25) |
| | |
| Document Requests: | WAH to BSI (27) |
| | WAH to Joseph Wagner (27) |
| | WAUSA to Hypertouch, set 2 (4) |

      With subparts, the February 4 sets create more than 180 new requests.  The use of World Avenue
Holdings, which has asserted no claims against Hypertouch or Joe Wagner, as a proponent of discovery
requests to the third-party defendants, is clearly a device to compound the number of requests issued.
Regardless, the third-party defendants should not be obligated to respond to the new sets for the reasons
stated above and below.

      During the relatively short time the third-party defendants have been required to participate in
discovery, a substantial volume of information about them has already been provided to the Defendants.
The order of September 29, 2010 at DE 431 states in part, ". . .Third-party Defendants' obligation to
respond to the request for production of documents did not arise until the Court's discovery order was
issued on May 27, 2010, a date subsequent to the filing of this motion. Third-party Defendants now have
an obligation to respond and to assert any appropriate objections."

      Hypertouch and Joe Wagner issued responses and objections to the document requests, and
produced documents on November 15, 2010, including 5 DVDs containing over 33 gigabytes of data,
thousands of pages of documents. That production included documents bearing Bates numbers Hyp-
WAUSA-0000001 through Hyp-WAUSA- 0096816, which include substantial documents on the
internal operations of Hypertouch and its communications with others. WAUSA did not issue a motion
to compel as to the third-party defendants' responses, and therefore waived its objections to the
responses.  My office has nevertheless provided additional discovery informally in a good faith effort to
comply with the spirit of the discovery rules.

Sanford M. Saunders, Jr., Esquire
GREENBERG TRAURIG, LLP
March 27, 2011
Page 3


Further, despite the stay on discovery unrelated to the Three Trial Issues, WAUSA has proceeded with inspections of persons associated with Hypertouch in 2011, in addition to the four BSI-oriented inspections of premises in D.C. and Maryland in 2010, although without a clear connection to the Three Trial Issues.  WAUSA has also served document subpoenas on Hypertouch clients, friends, and Joe Wagner's thesis advisor, Prof. Machiel Van der Loos, for document requests that do not mention BSI, and do not seem to relate to the third Trial Issue (the relationship between BSI and Hypertouch).  The new discovery requests issued February 4, 2011 to Hypertouch/Joe Wagner address the business practices and ISP status of Hypertouch, unrelated to BSI, and unrelated to Hypertouch's relationship to BSI.  The court did not designate the ISP status of Hypertouch as one of the Three Trial Issues.

Hypertouch also produced the voluminous documents pertaining to the Stamps.com arbitration. WAUSA nevertheless served a subpoena on Stamps.com for the same documents, and produced an initial version representing that it was an accurate copy of what had been received.  Upon further inquiry from me, a second copy "exactly as received" from Stamps.com was produced.  There are significant differences between the two sets:

The second version "exactly as received" by WAUSA from Stamps.com contained just 11 documents with descriptive original filenames, comprising only 6.4 MB zipped. Instead of providing a copy of that production as required, WAUSA had massaged the data before producing it: the initial production by WAUSA contained over 40509 individual undifferentiated pages in scrambled disarray, with the text not only modified, but grossly incomplete.  For example, for the email "exactly as received" from Stamps.com at WAUSA-3rd-Party-30001, having a true date of June 7, 2005, WAUSA's initial production  shows a date of June 8, 2005.  The total number of characters given in the WAUSA version is just 444 characters. The actual email that Stamps.com produced to WAUSA contains 3,356 characters.

In its continuing attempts to pursue persons associated with Hypertouch, WAUSA recently purported to "reissue" a subpoena to Alex Feshenko.   However, the second copy provided by WAUSA has a different "Attachment A" list of documents to be produced, containing 14 instead of 9 in the prior version of the subpoena.  Thus, this is not simply a "reissuance" of a subpoena, but a new one, and is in violation of the agreed deadlines for issuance of subpoenas to non-parties.

Hypertouch has also produced declarations identifying the two different California customers who are currently receiving internet connectivity from Hypertouch. Despite the lack of relevance to any of the Three Trial Issues, WAUSA chose to inspect one of those locations.  (Even the new interrogatories do not request the locations of Hypertouch's servers in California; but this point of fact is not one of the Three Trial Issues.)   Hypertouch also produced transcripts of prior testimony of Joseph Wagner, and his declarations from prior cases.

Sanford M. Saunders, Jr., Esquire
GREENBERG TRAURIG, LLP
March 27, 2011
Page 4

My letter of March 21, 2011 contains further review of the discovery sought from Hypertouch and Joe Wagner.  I continue to maintain that the bulk of the detailed information you have requested, including the questions contained in your letters of December 21, 2010 and the fist week of January, 2011, is more appropriate for a deposition.

Please advise when you are available on Monday or Tuesday to discuss the above by phone.


Thank you.


Sincerely,

/s/


Stephen H. Ring

## Steve Ring

**From:**     "Steve Ring" <shr@ringlaw.us>
**To:**       <saunderss@gtlaw.com>
**Sent:**     Monday, March 28, 2011 12:03 AM
**Subject:**  Re: BSI World Avenue -- Discovery Issues

Sandy:

Responding to your questions below:

1)  Overlap.  My client advises that the overlap file we produced to you containing just under 500 pairings, contains all overlaps between the emails claimed in BSI v WAUSA and all other suits by BSI, as far as he can determine based on a search of all available data.

2)  Server locations.
BSI's servers have been consistently located at the 3 addresses you filmed:

1612 Sherwood Road, Silver Spring, MD 20909
38 Maryland Avenue Unit 333, Rockville, MD 20850
1837 R Street NW, Washington, DC 20009

I believe you covered this extensively in the ESI deposition of Paul Wagner in September, 2009.

To answer your further questions, informally, Plaintiff indicates:

BSI does not know the street addresses that correspond with Hypertouch's IP addresses.
BSI has never had any servers hosted on Hypertouch's IP addresses, and does not have servers in California.


Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.


----- Original Message -----
From: saunderss@gtlaw.com
To: shr@ringlaw.us
Cc: burlacun@gtlaw.com
Sent: Friday, March 25, 2011 5:21 PM
Subject: BSI World Avenue -- Discovery Issues

Steve:

The following is to address two open discovery issues where we are concerned BSI is not in compliance with its obligations.  To avoid any possible of misunderstanding based on our conversations and my prior emails, this e-mail constitutes another -- and final -- effort to try to resolve outstanding discovery issues.  Throughout this litigation, WAUSA has made good faith efforts -- both in writing and via telephone -- to try to secure BSI's compliance with its discovery obligations, but for the most part has been forced to resort to motions to compel.  We would prefer that BSI, Hypertouch, and Joseph Wagner comply with their discovery obligations rather than force us to move to compel and asking, again, for sanctions.

1.  We are in receipt of your "overlap" list responsive to the Court's ruling on February 16th on Request 3 of the Third Request for Production.  As previously mentioned, the production of the Kraft/Connexus emails does not on its face satisfy the court's order.

The Third Request for Production, Request 3, asked for "All emails upon which suit is or was brought by you in the Kraft action or in any action brought by you that are identical to any of the E-MAILS AT ISSUE."  The response is limited to the Kraft/Connexus case, and does not cover all other cases.

When we spoke on Tuesday, you stated the email at issue may not overlap with any other BSI/Hypertouch litigation and that you had to consult with BSI on the issue.  Please let us know when BSI will provide the answer and, ultimately, the answer itself.

2.  At the September 23rd hearing, Judge Day granted WAUSA's Motion to Compel Complete Answers to Interrogatory 13, which required BSI to identify the physical locations of its Servers.  BSI had responded to prior discovery with only the city, and not the physical location of the Servers.  As a result of the hearing, BSI supplemented its Answer, but still did not provide the physical locations of the servers, and only identified the city in which the servers purported to be situated.


Based on the recent premises inspections, it appears BSI is concealing the location of the Servers and preventing WAUSA from having discovery as to the physical location and characteristics of the Servers and related equipment.  For example, Mr. Vargas at the Upland Road address was unable to identify any Servers in his residence and, for that matter, did not know what BSI was.


BSI's apparent effort to hide the Servers coincides with similar efforts by Hypertouch and Wagner.  In WAUSA's First Request for Production to James Joseph Wagner, WAUSA requested:


7. All documents, communications and correspondence that specify the exact location(s), including the postal address, where Hypertouch now or in the past has physically housed or houses, or has installed any Servers, computers, computer networks, peripheral devices and Internet connectivity/bandwidth services.


        Instead of agreeing to provide such documents, Wagner re-worded the request and narrowed the categories of documents in which he would provide a response:

OBJECTIONS AND RESPONSES:

Wagner objects on the grounds that the request is overbroad ("all documents") and is not reasonably tailored to lead to the discovery of admissible evidence. Wagner further objects to the extent the documents sought have already been produced in discovery.  Wagner objects to the extent the request seeks information protected from disclosure by confidentiality, trade secret, privacy, the attorney-client privilege, attorney work-product doctrine, or any other doctrine or privilege. Subject to these objections, and without waiving them Wagner is willing to produce sufficient documents to identify the locations of servers that are related to the EMAILS AT ISSUE.

Finally, in WAUSA's First Request for Production to Hypertouch, WAUSA requested:

12. All documents reflecting the ownership, possession, maintenance, and operation of the Subject Servers, including, but not limited to:

(a) Documents evidencing the identity of the purchaser of the Subject Servers and documents reflecting that the ownership of the Subject Servers is currently titled in BSI or Hypertouch;

(b) Documents evidencing the Specifications for each Subject Server;

(c) Documents reflecting rules on the Subject Servers for validation and processing of incoming emails including HELO/EHLO protocols; and

(d) Documents evidencing whether Rotation, reuse, recycling, and electronic shredding of information contained on the Subject Servers occurred after the first of the EMAILS AT ISSUE were received.

Instead of agreeing to produce the documents that would show which person currently possesses the Servers, Hypertouch dodged the request by re-wording it:

OBJECTIONS AND RESPONSES:

Hypertouch objects on the grounds that the request is overbroad, vague, unintelligible and is not reasonably tailored to lead to the discovery of admissible evidence. Hypertouch further objects to the extent the documents sought have already been produced in discovery. Hypertouch objects to the extent the request seeks information in the possession of another party [I.e. non-Hypertouch servers at that address] Hypertouch objects to the extent the request seeks information protected from disclosure by confidentiality, trade secret, privacy, the attorney-client privilege, attorney work-product doctrine, or any other doctrine or privilege.  Subject to these objections, and without waiving them, Hypertouch will produce responsive documents sufficient to demonstrate Hypertouch's status as an ISP.

BSI has now had six months to comply, and Hypertouch and Wagner have now had at least three and a half months to reconsider their objections to the discovery.  Accordingly, unless we receive an affirmative responses from you and a binding production date by the close of business Monday, we will file motions to compel on these points.

Best,

Sandy

--------------------------------------------------------------------------------

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

--------------------------------------------------------------------------------

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.

----- Original Message -----
**From:** saunderss@gtlaw.com
**To:** shr@ringlaw.us
**Cc:** burlacun@gtlaw.com
**Sent:** Friday, March 25, 2011 5:21 PM
**Subject:** BSI World Avenue -- Discovery Issues

Steve:

The following is to address two open discovery issues where we are concerned BSI is not in compliance with its obligations.  To avoid any possible of misunderstanding based on our conversations and my prior emails, this e-mail constitutes another -- and final -- effort to try to resolve outstanding discovery issues.  Throughout this litigation, WAUSA has made good faith efforts -- both in writing and via telephone -- to try to secure BSI's compliance with its discovery obligations, but for the most part has been forced to resort to motions to compel.  We would prefer that BSI, Hypertouch, and Joseph Wagner comply with their discovery obligations rather than force us to move to compel and asking, again, for sanctions.

1.  We are in receipt of your "overlap" list responsive to the Court's ruling on February 16th on Request 3 of the Third Request for Production.  As previously mentioned, the production of the Kraft/Connexus emails does not on its face satisfy the court's order.

The Third Request for Production, Request 3, asked for "All emails upon which suit is or was brought by you in the Kraft action or in any action brought by you that are identical to any of the E-MAILS AT ISSUE."  The response is limited to the Kraft/Connexus case, and does not cover all other cases.

When we spoke on Tuesday, you stated the email at issue may not overlap with any other BSI/Hypertouch litigation and that you had to consult with BSI on the issue.  Please let us know when BSI will provide the answer and, ultimately, the answer itself.

2.  At the September 23rd hearing, Judge Day granted WAUSA's Motion to Compel Complete Answers to Interrogatory 13, which required BSI to identify the physical locations of its Servers.  BSI had responded to prior discovery with only the city, and not the physical location of the Servers.  As a result of the hearing, BSI supplemented its Answer, but still did not provide the physical locations of the servers, and only identified the city in which the servers purported to be situated.

Based on the recent premises inspections, it appears BSI is concealing the location of the Servers and preventing WAUSA from having discovery as to the physical location and characteristics of the Servers and related equipment. For example, Mr. Vargas at the Upland Road address was unable to identify any Servers in his residence and, for that matter, did not know what BSI was.

BSI's apparent effort to hide the Servers coincides with similar efforts by Hypertouch and Wagner. In WAUSA's First Request for Production to James Joseph Wagner, WAUSA requested:

7. All documents, communications and correspondence that specify the exact location(s), including the postal address, where Hypertouch now or in the past has physically housed or houses, or has installed any Servers, computers, computer networks, peripheral devices and Internet connectivity/bandwidth services.

Instead of agreeing to provide such documents, Wagner re-worded the request and narrowed the categories of documents in which he would provide a response:

OBJECTIONS AND RESPONSES:
Wagner objects on the grounds that the request is overbroad ("all documents") and is not reasonably tailored to lead to the discovery of admissible evidence. Wagner further objects to the extent the documents sought have already been produced in discovery. Wagner objects to the extent the request seeks information protected from disclosure by confidentiality, trade secret, privacy, the attorney-client privilege, attorney work-product doctrine, or any other doctrine or privilege. Subject to these objections, and without waiving them Wagner is willing to produce sufficient documents to identify the locations of servers that are related to the EMAILS AT ISSUE.

Finally, in WAUSA's First Request for Production to Hypertouch, WAUSA requested:

12. All documents reflecting the ownership, possession, maintenance, and operation of the Subject Servers, including, but not limited to:
(a) Documents evidencing the identity of the purchaser of the Subject Servers and documents reflecting that the ownership of the Subject Servers is currently titled in BSI or Hypertouch;
(b) Documents evidencing the Specifications for each Subject Server;
(c) Documents reflecting rules on the Subject Servers for validation and processing of incoming emails including HELO/EHLO protocols; and
(d) Documents evidencing whether Rotation, reuse, recycling, and electronic shredding of information contained on the Subject Servers occurred after the first of the EMAILS AT ISSUE were received.

Instead of agreeing to produce the documents that would show which person currently possesses the Servers, Hypertouch dodged the request by re-wording it:

OBJECTIONS AND RESPONSES:
Hypertouch objects on the grounds that the request is overbroad, vague, unintelligible and is not reasonably tailored to lead to the discovery of admissible evidence. Hypertouch further objects to the extent the documents sought have already been produced in discovery. Hypertouch objects to the extent the request seeks information in the possession of another party [I.e. non-Hypertouch servers at that address] Hypertouch objects to the extent the request seeks information protected from disclosure by confidentiality, trade secret, privacy, the attorney-client privilege, attorney work-product doctrine, or any other doctrine or privilege. Subject to these objections, and without waiving them, Hypertouch will produce responsive documents sufficient to demonstrate Hypertouch's status as an ISP.

BSI has now had six months to comply, and Hypertouch and Wagner have now had at least three and a half months to reconsider their objections to the discovery. Accordingly, unless we receive an affirmative responses from you and a binding production date by the close of business Monday, we will file motions to compel on these points.

Best,

Sandy

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments),

unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

## Steve Ring

| | |
|---|---|
| **From:** | "Steve Ring" <shr@ringlaw.us> |
| **To:** | "Saunders, Sandy" <saunderss@gtlaw.com> |
| **Sent:** | Tuesday, March 29, 2011 12:36 AM |
| **Subject:** | bsi v world ave; order at 631 |

Sandy:

Under the order at DE 631, "Counsel are to identify those issues needing immediate resolution in light of the bifurcation of the case."  I interpret this as another indication from the court that long motions are not welcome at this point in the case. I see my request for an expert disclosure mechanism to be included in any modification of the current discovery schedule as one such issue, "needing immediate resolution."  I imagine your request for modification of dates is another.
 I suggest we submit a joint request for resolution of such issues, and that we do so promptly.

Under the Discovery Schedule, the mechanism for submission of disputes is as follows: "As to all Limited Discovery Disputes that are not resolved in the Conference [several conferences are included in the schedule], the Parties shall file a Joint Stipulation identifying each Limited Discovery Dispute that has not been resolved. As to all Limited Discovery Disputes that are not resolved in the Conference for which a Motion is not already pending, any Motions filed shall be briefed on an expedited basis as follows: The Motion shall be served within seven(7) business days of the Conference, the Opposition shall be served within seven(7) business days of the Motion, and the Reply shall be served within seven (7) business days of the Opposition."

Judge Day's directive at  DE 631 suggests a quicker mechanism than the 7-day cycle in the Discovery Schedule.   I would suggest that we describe our differences in a joint stipulation or even a joint letter or report, in concise form without a lot of rhetoric, pursuant to the order, and ask for prompt resolution without lengthy motions practice.

Please let me know when you will be available on Tuesday (it is now just past midnight, early Tues. a.m.) to discuss this.

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.

## Steve Ring

**From:**     "Steve Ring" <shr@ringlaw.us>
**To:**        "Saunders, Sandy" <saunderss@gtlaw.com>
**Sent:**     Tuesday, April 05, 2011 9:24 PM
**Attach:**   AI of BSI to wausa 3rd Supp set 3, No. 1 sig.pdf
**Subject:**  bsi v world ave; AI of BSI to wausa 3rd supp to set 3 No. 1, gross proceeds, costs

Sandy:


Attached please find Plaintiff's Third Supplemental Response to WAUSA's Interrogatories, Set 3, No. 1 concerning gross proceeds and costs.  This supplemental response further amends the response provided
via email on March 22 (signature page added on March 23, 2011), and corrects some of the figures.



Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Ph 301-563-9249
Fx 301-563-9639
shr@ringlaw.us
If this message was received in error, please delete it and notify the sender.
This office does not consent to delivery of any advertisements via email or facsimile.