Law Offices
**STEPHEN H. RING, P.C.**
506 MAIN STREET, SUITE 215
GAITHERSBURG, MARYLAND 20878
Telephone 301-563-9249
Facsimile 301-563-9639

Stephen H. Ring  Email: shr@ringlaw.us
*Admitted in MD, DC*  www.nvo.com/ringlaw

April 22, 2011

Sanford M. Saunders, Jr., Esquire
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037

Re: BSI v. World Avenue, LLC et al.
USDC-MD Case No.PJM 08 cv 0921

Dear Sandy:

This is to respond to your various emails and letters regarding Plaintiff's recent discovery responses, and to address briefly the flaws in Defendants' responses.

For context, under the order at ECF 544 all discovery is stayed, except as to the topics in the discovery motions that were pending as of November 29, 2011, and discovery as to the Three Trial Issues for the August, 2011 trial. Judge Messitte clearly envisioned modest discovery activity during this phase of the case, limiting your depositions to a total of 10, seven of which are limited to one hour each, and setting the trial for four days.

In contrast with the Court's clear intent, Defendants have continued with the ongoing pattern of seeking out every possible dispute, expanding even the smallest nuances briefed in voluminous motions, all under the pretext of trying to "avoid" motions. Consistent with the rain of document hold letters mailed at the beginning of this suit to anyone even remotely associated with the Wagners, and the barrage of document subpoenas that now numbers over 150, the letters rogatory for documents from persons in Canada, video inspections of residences in several states, motions that added over 200 docket entries in 2010 alone, and a constant stream of letters and emails to counsel demanding explanations and criticizing Plaintiff's responses, no matter how thorough the responses have been, the defendants' approach to this case has been absurdly over-done.

Defendants' initial witness list received via hard mail only, this Tuesday, names some 175 persons, including eight attorneys from Steptoe & Johnson, and Mr. Rothman and myself. (It is odd that this list was not emailed per usual practice between our offices, but instead was mailed in hard copy only, with an undated postmark, in what appears to be improper use of a postal meter, and in what

Sanford M. Saunders, Jr., Esquire
GREENBERG TRAURIG, LLP
4/22/2011
Page 2

appears to be an attempt to camouflage a late mailing after the deadline of April 15, 2011 for this disclosure.) The case is set for a four-day jury trial. The absurd over-working and churning of this case is truly astounding. After Judge Messitte's admonishment on November 29 as to the extraordinary number of docket entries (then over 500, now approaching 650), World Avenue has simply re-directed its energies to expand the "limited" discovery into more full-blown quarrels. Defendants issued sets of some 180 additional written discovery requests on February 4, 2011, to which my side has stated objections and responses. World Avenue now seeks out battles over every nuance of those requests as well, in its newly announced plans for still more motions to compel.

I have objected to the defendants' attempts to take depositions via letter. Your letters of December 21, 2010 (39 pages), January 6, 2011 (46 pages) and April 18, 2011 (35 pages), and other letters, along with a flurry of emails, asking a multitude of questions on discovery, are a tad over-bearing. Much of the inquiries you pose under the guise of attempts to "confer" are in fact inquiries beyond the scope of the written discovery requests, simply seeking additional unfettered discovery.

Plaintiff has responded to your formal and informal discovery requests by producing over one hundred thousand pages of documents in installments since 2009, now tabulated by Bates number and corresponding numbered discovery request in a table produced last week, supplementing an earlier Bates listing we provided for our production of documents on October 14, 2010. We would ask that Defendants provide a similar table as to the documents they have produced. The task of selecting, organizing and Bates numbering these documents has been considerable, and some of the supplementation remains ongoing.

Notwithstanding Plaintiff's objections to your attempts to conduct further discovery via letter, I am responding to some of your inquiries in a further good faith effort to minimize motions practice.

1. Income taxes.

You ask about tax returns for taxes paid in D.C., and for other than income taxes. Judge Day specified that the returns would be only for income taxes:

Transcript at 53, l. 15:

MR. RING: If Your Honor is
directing tax returns, I would ask are they federal or state or
both and --
THE COURT: Both.
MR. RING: -- that's income tax returns, I assume?
THE COURT: Yes.
MR. RING: Federal and state?
THE COURT: Um-hm.

Sanford M. Saunders, Jr., Esquire
GREENBERG TRAURIG, LLP
4/22/2011
Page 3

      I am authorized to indicate that BSI has not filed DC income tax returns.

      2.  Menhart communications.

      Mr. Menhart passed the bar in 2006. He was employed as an associate in my office during part of 2006 and 2007. I can provide the specific dates as a matter of informal discovery, as there are no formal requests for this information.

      3.  NEIT Solutions.

      NEIT Solutions signed an engagement agreement with my office during 2006, and thus became a client. I will be happy to provide the specific date as a matter of informal discovery, as there are no formal requests for this information.

      4.  Overlap emails.

      Plaintiff has provided a list, in addition to the copies among larger files during 2009 and 2010, and isolated copies in a small file limited to the 480-odd overlaps, concerning those emails claimed by BSI in this case that it claimed in any other case, involving multiple senders.

      5.  Hybrid Expert report.

      The report is not "replete with references" to Messrs. Resnick, Levine or their opinions as you have alleged. Messrs. Resnick and Levine are mentioned in paragraphs 83 and 84, which we will delete if this will solve the perceived problem. Please point to any other references you find by page and line.

      7. Pending motions for consideration.

      You have asked our position on which matters require the Court's attention, listing them as follows:

          1.    WAUSA states that the Motion for Reconsideration of Order at DE 602 filed by BSI at DE 611 and DE 612, and responded to by WAUSA at DE 629, does relate to the three issues set for trial in August 2011 and does require immediate resolution.

      Plaintiff agrees, on condition that this motion be considered jointly with the motion at ECF 638.

Sanford M. Saunders, Jr., Esquire
GREENBERG TRAURIG, LLP
4/22/2011
Page 4

      2.     WAUSA states that the Motion for Protective Order Regarding the Deposition of its General Counsel at DE 499 does not relate to the three issues set for trial in August 2011 and does not require immediate resolution.

      Plaintiff agrees that this motion does not require immediate resolution.

      3.     WAUSA states that the Motion for Reconsideration of the Last Holding in the Court Order at DE 477 at DE 504 does not relate to the three issues set for trial in August 2011 and does not require immediate resolution.

      Plaintiff's Response: The motion at 504 concerns the ruling as to WAUSA as a successor by merger of Niutech, LLC. This issue is not stayed, and is properly before the court as pending as of November 29, 2010. This issue may also bear on some of the opinions expressed by Defendants' expert at the mini-trial. It is impossible to predict at this point exactly how this issue may impact the Three Trial Issues. We therefore cannot agree that the issue is unrelated to the Three Trial Issues. Furthermore, this issue has independent standing under the carve-out at 544. Plaintiff asks that it be considered by the Court under that carve-out for pending motions that are to be ruled upon and resolved, and pursuant to Judge Day's announcement at the hearing on March 24 that he would rule on all issues at 482 to resolution.

      4.     WAUSA states that in the most direct sense, the Motion for Order to Show Cause Why Paul Andrew Wagner and Beyond Systems, Inc. Should Not Be Held in Civil Contempt of Court at DE 505 does not relate to the three issues set for trial in August 2011 and does not require immediate resolution.

      Plaintiff agrees that no immediate court action is needed.

8. Privilege log.

While we believe the sender and recipient information is clear from documents produced, we will refine the log to include more detail. There may be other amendments needed as well.

By my count, there are at least three dozen emails and letters from your office to mine since the February 16 hearing, some containing voluminous attachments. You have added another 15-page letter just today. I believe that most of your points of inquiry on pending discovery issues are covered above and in Plaintiff's discovery responses and document production, but will continue to review and respond.

In our communications today you proposed a postponement of the date for the stipulation on pending discovery issues from today to next Tuesday. That date is set by a jointly proposed amendment to the joint discovery schedule, which awaits court approval. I indicated that I need more time, as I will

Sanford M. Saunders, Jr., Esquire
GREENBERG TRAURIG, LLP
4/22/2011
Page 5

be out of the country (leaving tomorrow, returning May 1) and will need until May 6 to respond further. I asked for your consent to this extension. Hearing none thus far, I expect that I will be filing a motion seeking that extension later tonight. For clarity, I interpret the abbreviated briefing schedule for discovery issues as starting after the meet and confer, which has not concluded. Plaintiff has objections to Defendants' responses to our February 4 sets of discovery requests, and will provide a written statement of those objections in detail on or before May 6, 2011.

At the hearing on March 24, 2011, the Court directed defendants to produce documents responsive to seven requests. Today you provided a supplemental set of responses, but they are grossly deficient. I will address those deficiencies further by May 6.

Sincerely,

/s/

Stephen H. Ring