IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC.        ) | |
|        Plaintiff                        ) | |
| v.                                         ) | Case No. PJM 08 cv 0921 |
|                                              ) | |
| WORLD AVENUE USA, LLC, et al. ) | |
|        Defendants                   ) | |
| _____ ) | |

**DEFENDANT WORLD AVENUE USA, LLC'S AND WORLD AVENUE HOLDINGS, LLC'S MEMORANDUM IN OPPOSITION TO MOTION FOR EXTENSION OF TIME[1]**

Defendants, WORLD AVENUE USA, LLC ("WAUSA") and WORLD AVENUE HOLDINGS, LLC ("Holdings") hereby respond to and oppose the Motion for Extension of Time filed by Plaintiff BEYOND SYSTEMS, INC. ("BSI") on Saturday, April 23, 2011 at 12:24 a.m., and state:

1.  BSI has requested a two-week extension of time until Friday, May 6, 2011 to "meet and confer with counsel for Defendants as to outstanding discovery issues, including objections to Defendants' April discovery responses" and a further two-week and three day extension "until Monday, May 9, for the filing of a further a [sic] certification pursuant to ECF 631 and 644." Motion, p. 6.[2]

---

[1] On Saturday, April 23, 2011 at 12:40 a.m., BSI filed with the Court at DE 648 correspondence between counsel. Local Rules 102 and 105 specify the format of Court documents and motions, and correspondence between counsel filed as a stand-alone document with the Court complies with neither format. Thus, it should be stricken.

[2] Counsel for BSI informed WAUSA of the requested extension just before 4:00 p.m. on Friday, April 22nd. Local Rule 105(9) states: "Before filing a motion to postpone any proceeding or to extend the time for the filing of any document or the taking of any other required action counsel shall attempt to obtain the consent of other counsel and ***shall give notice of the motion to other counsel a reasonable time before presentation of the motion to the Court***." (emphasis added). There was no reasonable notice for this two week and three day extension.

2. This is exactly what the Court stated should not be done at the November 29, 2010 hearing when the Court gave ample notice with the following words:

> Don't look for me to be continuously accommodating,
> Mr. Ring. There's been a lot of extensions, not just in this
> litigation, but in other litigations. You bring the suit. It's
> not as if you're defending. I'd be more sympathetic to a
> defendant who had to try and respond to the suit, but you put
> the suit together. You brought it and then you're in a sense
> asking the Court to slow down with the way the case proceeds.
> so I'll accommodate you this time. I'll be less enthusiastic
> maybe the next time.

*See* Transcript of November 29, 2010 hearing, p. 102, line 25 - p. 103, lines 1-8.

3. BSI informed WAUSA of the requested two-week and three day extension just before 4:00 p.m. on Good Friday, April 22nd. While WAUSA and Holdings are respectful of counsel's right to take a vacation, an extension of this length should be denied for four reasons. First, it would resurrect *expired* deadlines under the Joint Proposed Discovery Schedule [DE 571 - filed 12/15/10], approved at DE 613, as amended by the Partial Joint Proposed Amendment to Discovery Schedule [DE 636 - filed 4/1/11] (collectively, "Joint Discovery Schedule"). Second, it unfairly impacts agreed-upon *prospective* deadlines in the Joint Discovery Schedule for the August 9, 2011 trial. Third, it would unduly compress the Court's time for adjudication of the outstanding motions that were directly relevant to the August Trial. Fourth, it would play into BSI's gamesmanship of denying WAUSA and Holdings critical discovery for the August Trial.

4. *First*, granting a two-week and three day extension would resurrect trial deadlines

that have already expired. For example, the deadline[3] for the meet-and-confer on all outstanding Limited Discovery Issues was on April 15, 2011. *See* DE 636 [Partial Joint Proposed Amendment to Discovery Schedule], p. 2 ("April 15, 2011:  By no later than this date, counsel for BSI, WAUSA, and Holdings shall hold another Conference on all existing Limited Discovery Disputes"); DE 571, p. 1 ("Limited Discovery Disputes means discovery disputes directly to one or more of the [August] Trial Issues."). The date for the filing of the stipulation as to Limited Discovery Disputes was April 22nd. *Id.*, p. 2 ("As to all Limited Discovery Disputes that are not resolved in the Conference, the Parties shall file a Joint Stipulation identifying each Limited Discovery Dispute that has not been resolved").

5.  BSI seeks to resurrect the deadline that expired ten (10) days ago and push that deadline another two weeks into the future -- effectively moving the deadline by 21 days beyond what the parties stipulated in the Joint Discovery Schedule. In the Motion, for the first time, BSI mentions that it has unspecified issues with WAUSA's discovery responses served back on April 6th, and even dating back to March 24th, 2011, that were supposed to be raised in the meet-and-confer on April 15th. *See* Motion, p. 2 ("On April 6, 2011, WAUSA served responses to document requests that Plaintiff contends are deficient"); p. 3 ("Plaintiff requests an extension of time for the review of <u>all</u> of Defendants' responses and production received since March 24, 2011"). By contrast, WAUSA and Holdings not only raised their concerns in the April 15th meet-and-confer, but also sent a letter further elucidating their concerns. The purpose of the

---

[3] BSI states that the Partial Joint Proposed Amendment to Discovery Schedule "has yet to be affirmed by any Court ruling," as though this entitles BSI to ignore its own stipulation. WAUSA and Holdings do not take the stipulation as lightly for it is not only ordered by the Court, but also endorsed by the Local Rules. *See* DE 544, ¶ 4 ("Counsel for the parties …. Shall file with the Court a joint proposed discovery schedule within FIFTEEN days of the date of this Order"); Local Rules, Appendix A, Guideline 2 (". . . .attorneys are encouraged to enter into written discovery stipulations to supplement the Court's scheduling order.").

meet-and-confer deadline on April 15th was to bring Limited Discovery Disputes directly pertaining to the August Trial to a close before the deposition phase began to avoid precisely this situation.

6. *Second*, if this extension of time is granted, WAUSA and Holdings would be unduly prejudiced in preparations for the trial set to begin during the week of August 9 -- which is less than four (4) months away.  The Joint Discovery Schedule called for depositions for the August Trial to begin in April 2011.[4]  BSI now seeks to postpone that period until at least May 9th or beyond, effectively shrinking the period of time that WAUSA and Holdings have to depose such witnesses.  This, in turn, would have ripple impacts upon the disclosure of a witness list on May 31st, the depositions of other fact witnesses to be held in June 2011, the fact discovery cutoff on June 30th, and expert discovery in July 2011.  *See* DE 636.

7. *Third*, the requested two week and three day extension to certify outstanding discovery disputes would unduly compress the time that the Court has to adjudicate those disputes.  At the March 24th hearing, and again on April 20th [DE 644], the Court instructed the parties to certify those motions that were directly relevant to the August Trial so that the Court could adjudicate those motions as expeditiously as possible.[5]  In short, the Court asked the parties to certify what needs to be ruled on for the August Trial.  Until the parties give the Court

---

[4] *See* DE 636 [Partial Joint Proposed Amendment to Discovery Schedule], p. 2 ("April-June 2011:  The Group I witnesses shall be deposed, including the seven (7) non-party depositions specified in Paragraph 3 of the Court's Pre-Trial Order.").  The Joint Proposed Discovery Schedule defined Group I witnesses as "non-party, non-expert witnesses other than the individuals named in Group II other than a witness associated with or employed by a party."  *See* DE 571- filed 12/15/10, p. 1.

[5] The Court stated:

> So I'm going to ask both of you to engage in that process as quickly as possible and to file those Certificates of Conference as quickly as possible.

Transcript of March 24, 2011 hearing, p. 9, lines 12-14.

that notification, there will be no rulings.  The requested extension frustrates the schedule and compresses the time that the Court expected to have to rule on the issues prior to trial.

8. BSI has not acted diligently to meet the Court's deadline on the certification of those discovery motions that needed to be ruled on for trial.  After not hearing from the Plaintiff, on April 7, 2011 at 5:53 p.m., counsel for WAUSA/Holdings forwarded to counsel for BSI/Hypertouch, Inc. ("Hypertouch")/James Joseph Wagner ("Wagner") a listing regarding pending Motions that complied with the Court's directive at the March 24, 2011 hearing.  After ***thirteen (13) days*** of not receiving a response, counsel for WAUSA/Holdings inquired again on the listing previously forwarded to counsel for BSI/Hypertouch/Wagner as to why no response to the April 7th listing had been received.  In its April 20th communication, counsel for WAUSA/Holdings requested a written response by close of business that day given that the Court ruling had issued twenty-seven (27) days earlier and that the written listing had been pending with Counsel for BSI/Hypertouch/Wagner for thirteen (13) days. In response, BSI/Hypertouch/Wagner Counsel for BSI/Hypertouch/Wagner disagreed that it had made "no response" to counsel for WAUSA/Holdings' "arguments about discovery," but failed to identify where it had made any response, objections to, or comments on the April 7th listing.  WAUSA and Holdings filed their Certifications on April 20th.  *See* DE 645.

9. BSI requests resurrection of this deadline and extension to May 9th to provide its full certification.  The requested extension would place considerable pressure upon the Court to adjudicate, in an ever-narrowing window of time prior to trial, those new disputes that BSI concocted in the next two weeks and three days.  Thus, the Motion should be denied in the interests of judicial administration.

10. *Fourth*, granting the extension would parlay into BSI's gamesmanship of denying WAUSA and Holdings discovery until the eleventh hour to prejudice their ability to take meaningful depositions and prepare for trial. For example, WAUSA requested the "Game Plan documents" on March 29, 2010, and the Court ordered them produced on October 7, 2010 [DE 441] and again on February 23, 2011 [DE 606], but BSI has still not produced them. The Court ordered BSI's tax returns to be produced on February 23rd, but BSI only produced them, in redacted form, on April 19th. The Court ordered BSI to disclose server locations in September 2010, and BSI served false and misleading Interrogatory Answers that disguised the fact that Hypertouch's servers had been moved *en masse* back in June 2010. The truth was only disclosed by Hypertouch on April 8th *after* the expiration of the February 4th discovery deadline in the Joint Discovery Schedule for inspection of premises.[6] WAUSA and Holdings also propounded discovery on BSI and its *alter ego*, Hypertouch, on February 4th that was directly relevant to the August Trial, only to be met with a set of completely non-responsive discovery objections, including those re-cycled from prior BSI discovery responses that had been repeatedly rejected by the Court. WAUSA timely raised its Limited Discovery Disputes pertaining to that February 4th discovery, but BSI dallied on its response until its request for a two week extension was made just before 4 p.m. on last Friday, and its partial, substantive response was filed on Saturday at DE 648, thereby precluding even WAUSA from acting under the Joint Discovery Schedule.

11. The dilatory pattern continued with BSI's expert discovery. The Court unequivocally rejected BSI's excluded BSI's purported expert witnesses[7] on February 23rd. In response to BSI's request for clarification at the hearing, the Court ruled that these so-called

---

[6] *See* DE 636, p. 2 ("February 4, 2011: By no later than this date, requests for inspection of premises (accompanied by subpoena for inspection of premises if directed to a third party) that are directly relevant to the Trial Issues may be issued.").

[7] These include John Levine, John Klensin, and Peter Resnick.

10. *Fourth*, granting the extension would parlay into BSI's gamesmanship of denying WAUSA and Holdings discovery until the eleventh hour to prejudice their ability to take meaningful depositions and prepare for trial. For example, WAUSA requested the "Game Plan documents" on March 29, 2010, and the Court ordered them produced on October 7, 2010 [DE 441] and again on February 23, 2011 [DE 606], but BSI has still not produced them. The Court ordered BSI's tax returns to be produced on February 23rd, but BSI only produced them, in redacted form, on April 19th. The Court ordered BSI to disclose server locations in September 2010, and BSI served false and misleading Interrogatory Answers that disguised the fact that Hypertouch's servers had been moved *en masse* back in June 2010. The truth was only disclosed by Hypertouch on April 8th *after* the expiration of the February 4th discovery deadline in the Joint Discovery Schedule for inspection of premises.[6] WAUSA and Holdings also propounded discovery on BSI and its *alter ego*, Hypertouch, on February 4th that was directly relevant to the August Trial, only to be met with a set of completely non-responsive discovery objections, including those re-cycled from prior BSI discovery responses that had been repeatedly rejected by the Court. WAUSA timely raised its Limited Discovery Disputes pertaining to that February 4th discovery, but BSI dallied on its response until its request for a two week extension was made just before 4 p.m. on last Friday, and its partial, substantive response was filed on Saturday at DE 648, thereby precluding even WAUSA from acting under the Joint Discovery Schedule.

11. The dilatory pattern continued with BSI's expert discovery. The Court unequivocally rejected BSI's excluded BSI's purported expert witnesses[7] on February 23rd. In response to BSI's request for clarification at the hearing, the Court ruled that these so-called

---

[6] *See* DE 636, p. 2 ("February 4, 2011: By no later than this date, requests for inspection of premises (accompanied by subpoena for inspection of premises if directed to a third party) that are directly relevant to the Trial Issues may be issued.").

[7] These include John Levine, John Klensin, and Peter Resnick.

expert witnesses were excluded from the August Trial and the main trial. The Court also denied that "good cause" was shown to amend the Scheduling Order. BSI moved for reconsideration [DE 611], moved *again* to amend the Scheduling Order [DE 638], and included the excluded experts' opinions and exhibits in Paul A. Wagner's expert report as though Magistrate Judge Day had never ruled on the issue. Despite precise instructions to the contrary from Magistrate Judge Day at the February 23, 2011 hearing, Paul A. Wagner's expert hybrid fact/expert report included the very materials that the Court ordered him *not* to include -- litigation materials, a hodgepodge of other affidavits and reports, as well as references, reports, and exhibits from the excluded experts. To add insult to injury, on Saturday, April 23rd, 2011 -- *at the same time that it had requested this Court to grant it a two week and three day extension of time* -- BSI served new, voluminous reports from the same *excluded* experts, Resnick and Levine, and included a copy of the very same reports that the Court had *already* ruled on and excluded at the February 23, 2011 hearing.

12.     For the above-described four reasons, BSI's request for a two-week and three day stay in the case should be denied. This scheduling matter impacting just *one* of BSI's *two* counsel of record could have -- and should have -- been raised far in advance of Good Friday and by no later than the time of the submission of the April 1st Partial Joint Proposed Amendment to Discovery Schedule so that the parties could cooperatively discuss it, but instead WAUSA and Holdings learned of the two week and three-day requested extension just before 4:00 p.m. on Good Friday, April 22nd. In the absence of proper advance notice of the extension or a showing of good cause to amend the Joint Discovery Schedule, the extension must be denied. However, WAUSA and Holdings have no objection to an extension of time until April 26, 2011 for the

filing of a certification regarding ECF 631 and 644.[8]

**WHEREFORE,** WORLD AVENUE USA, LLC respectfully requests the entry of an Order denying Plaintiff BEYOND SYSTEMS, INC.'s requested two-week and three day extension of time as to all expired and prospective deadlines, but granting it until April 26, 2011 for the further filing of a certification pursuant to ECF 631 and 644.

---

[8] BSI has a separate complaint about discovery responses served on April 22nd in compliance with the Court's Order on March 23rd. BSI is not prejudiced by denial of its Motion regarding those discovery responses. First, the April 22nd discovery responses have nothing to do with the August Trial, and BSI cannot even articulate in its Motion why the discovery is relevant to the August Trial. *See* Motion [DE 647], p. 3, ¶ 1 (". . . .it is far from clear at this point that the materials for which production has been ordered will not come into play during the mini-trial"). The April 15th and April 22nd dates Partial Joint Proposed Amendment to Discovery Schedule [DE 636] relate to "Limited Discovery Disputes," which is disputes relating to the August Trial. Second, since BSI had not received the discovery of which it complains at the time of the April 15th meet-and-confer called for under the Partial Joint Proposed Amendment to Discovery Schedule, BSI could not have raised its objections regarding those April 22nd discovery responses at the time of the April 15th conference in any event, and loses nothing if the extension is denied.

Dated:  April 25, 2011.

        Respectfully submitted,
        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        ____/s John L. McManus_____
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone:  202-331-3100
        Facsimile:  202-331-3101

        --and--

        Kenneth A. Horky, Esq.
        Florida Bar No. 691194
        horkyk@gtlaw.com
        John L. McManus, Esq.
        Florida Bar No. 0119423
        mcmanusj@gtlaw.com
        Admitted Pro Hac Vice
        GREENBERG TRAURIG, P.A.
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, FL 33301
        Telephone: 954-765-0500
        Facsimile:  954-765-1477