IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.            )
                                )
    Plaintiff               )
    v.                      )    Case No. PJM 08 cv 0921
                                )
WORLD AVENUE USA, LLC, et al.   )
    Defendants              )
_____ )

**DEFENDANT WORLD AVENUE USA, LLC'S
EXPEDITED MOTION FOR ORDER TO SHOW CAUSE
AS TO AUGUST TRIAL DISCOVERY**

Defendant, WORLD AVENUE USA, LLC ("WAUSA"), pursuant to 26 U.S.C. §626, hereby respectfully moves for the expedited issuance of an Order to Show Cause as to:[1]

    a)    Why Plaintiff BEYOND SYSTEMS, INC. should not be held in Contempt of Court for direct violation of the Orders at Docket Entry ("DE") 428 dated September 23, 2010, DE 441 dated October 7, 2010, DE 603 dated February 16, 2011, DE 606 dated February 16, 2011, and the rulings entered by Magistrate Judge Charles B. Day at hearings held on September 23, 2010 and February 16, 2011;

    b)    Why Plaintiff BSI's President, Paul A. Wagner ("Wagner"), should not be held in Contempt of Court for direct violations of the rulings entered by Magistrate Judge Day at a hearing held on February 16, 2011; and

    c)    Why Third Party Defendant HYPERTOUCH, INC. ("Hypertouch") should not be held in Contempt for its direct complicity in Plaintiff BSI's violation of the Order at Docket Entry 428 dated September 23, 2010 and the rulings made by Magistrate Judge Day at the September 23, 2010 hearing.

---

[1] WAUSA's efforts to avoid having to file this Motion are detailed in the Local Rule 104 Certification attached as Exhibit 1 to the Memorandum of Points and Authorities.

As remedial sanctions for these numerous Contempts of Court, WAUSA requests that BSI, Wagner, and Hypertouch be Ordered to Show Cause why:

a) BSI's pleadings should not be stricken and its Amended Complaint dismissed with prejudice;

b) In the alternative, why BSI, Wagner, and Hypertouch should not be fined $1,000 per day each for each day that they continue to violate the Court's Orders until such time that they comply, for which let execution issue forthwith; and

c) Wagner should not be ordered to execute IRS Form 4506 for the tax years 2003-2010 and allow counsel for WAUSA to submit it to the IRS for delivery of BSI's federal income tax returns directly to counsel for WAUSA; and

d) Hypertouch should not be ordered to allow immediate access to the location where it moved its Servers in June 2010 for a premises inspection and videotaping; and

e) Adverse inferences should not be drawn against BSI regarding any of the above facts to the extent BSI, Wagner, and Hypertouch cannot vacate their Contempt in time for the orderly conducting of the August Trial; and

f) The Court should not enter an award of reasonable attorneys' fees and costs incurred in once more having to compel compliance with this Court's Orders, and incurred as a result of the numerous violations referenced above.

In Support thereof, WAUSA submits its Memorandum of Points and Authorities filed contemporaneously herewith, and further states:

1. Plaintiff BSI is in contempt of Court for disobeying this Court's Orders dated DE 441 dated October 7, 2010 and DE 606 dated February 16, 2011 and the rulings made by

Magistrate Judge Day at the February 16, 2011 hearing by failing to produce the Game Plan Documents first requested on March 29, 2010.

2. Plaintiff BSI and Wagner are in contempt of Court for disobeying this Court's rulings at the hearing held on February 16, 2011 by (i) producing a hybrid fact/expert report from Paul A. Wagner that directly contravened the Court's rulings on the permissible content of the report; and (ii) continuing to produce multiple copies of new and specifically excluded expert reports from so-called expert witnesses that the Magistrate Judge Day specifically excluded at the February 16, 2011 hearing.

3. Plaintiff BSI is in contempt of Court for disobeying this Court's Order at DE 428 dated September 23, 2010 and the rulings at the September 23, 2010 hearing by supplying false and misleading sworn statements regarding the locations of Hypertouch's Servers in its Supplemental Response to the First Set of Interrogatories served in September 2010, when in reality the Server locations had already been moved in June of 2010.

4. Third Party Defendant Hypertouch is in contempt of Court for being complicit in Plaintiff BSI's false and misleading sworn statement in its Supplemental Response to the First Set of Interrogatories served in September 2010 when Hypertouch knew that its Server locations had moved in June of 2010, and through a variety of stalling tactics and other artifices it did not disclose said locations until April 8, 2011 by which time the deadline for premises inspections had passed.

5. Plaintiff BSI is in contempt of Court for disobeying this Court's Order dated February 16, 2011 and the rulings entered by Magistrate Judge Charles B. Day at a hearing held on February 16, 2011 by failing to produce all documents showing BSI's annual gross revenues

and its annual gross revenues attributable to settlements or judgments, and an unredacted copy of its federal tax returns from years 2003 to date;

**WHEREFORE**, Defendant WORLD AVENUE USA, LLC respectfully requests the issuance of an Order to Show Cause on the grounds set forth above, and for such other and further relief as the Court deems just and appropriate.

Dated:  April 29, 2011.

> Respectfully submitted,
> *Attorneys for World Avenue USA, LLC*
>
> GREENBERG TRAURIG, LLP
>
>    /s John L. McManus
> Sanford M. Saunders, Jr., Esq.
> USDC, MD #4734
> saunderss@gtlaw.com
> Nicoleta Burlacu, Esq.
> BurlacuN@gtlaw.com
> *Admitted Pro Hac Vice*
> GREENBERG TRAURIG, LLP
> 2101 L Street, NW, Suite 1000
> Washington, DC 20037
> Telephone:  202-331-3100
> Facsimile:  202-331-3101
>
> --and--
>
> Kenneth A. Horky, Esq.
> Florida Bar No. 691194
> horkyk@gtlaw.com
> John L. McManus, Esq.
> Florida Bar No. 0119423
> mcmanusj@gtlaw.com
> Admitted Pro Hac Vice
> GREENBERG TRAURIG, P.A.
> 401 East Las Olas Boulevard, Suite 2000
> Fort Lauderdale, FL 33301
> Telephone: 954-765-0500
> Facsimile:  954-765-1477