UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>CHARLES B. DAY<br>UNITED STATES MAGISTRATE JUDGE | U.S. COURTHOUSE<br>6500 CHERRYWOOD LANE<br>GREENBELT, MARYLAND 20770<br>(301) 344-0393<br>FAX (301) 344-0394 |

May 10, 2011

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg Traurig
2101 L Street, NW, Suite 1000
Washington, DC 20037

John L. McManus, Esquire
Kenneth A. Horky, Esquire
Greenberg Traurig
401 E Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301

Re:   Beyond Systems, Inc. v. World Avenue USA, LLC.
      Civil Action No. PJM-08-921

Dear Counsel:

Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has reviewed Plaintiff's Motion to Reconsider Order at DE 602 Regarding Plaintiff's Motion at DE 214 as to Expert Witness ("Plaintiff's Motion")(ECF No. 611) and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). The Court hereby GRANTS IN PART Plaintiff's Motion.

Plaintiff primarily seeks permission to rely on Peter Resnick as an expert for the August 2011 trial. As Plaintiff has never made a required expert disclosure for Mr. Resnick, the automatic sanction of Federal Rule of Civil Procedure 37(c) is applicable. Plaintiff has not demonstrated that a "manifest injustice" would occur by a failure to grant its motion. This portion of Plaintiff's Motion is DENIED.

To the extent that the Court required Paul Wagner's expected testimony to be limited to areas disclosed in writing under Local Rule 104.10, said requirement was erroneous. The Court has determined that Mr. Wagner should be allowed to testify as a hybrid fact expert. Accordingly, Plaintiff correctly notes that prior to December 10, 2010, the Local Rules did not require the identification and/or summary of the facts and opinions to be offered by him. The Court did correctly note that the ultimate decision as to the permitted scope of his expected testimony would be determined by the trial judge. The rulings by this Court regarding his

expected testimony at the hearing of February 16, 2011 are still binding, however, his testimony cannot be limited solely to the areas discussed by the Court.  As there was no disclosure requirement, Mr. Wagner can still be offered as a hybrid fact expert on areas not specifically addressed at the hearing.  This portion of Plaintiff's Motion is GRANTED.

      As for the bifurcation of the trial into three succinct issues, the Court views these issues to be a subset of the original issues that have always been a part of this case.  Namely, the questions framed by Judge Messitte have always been elements, and/or factors, to be established by Plaintiff in its case.  While the parties were given the luxury of developing a new schedule, it does not change the original disclosure obligations that were the subject of the Court's February hearing.  This bifurcation was not a "discovery Mulligan," but a "litigation tailoring" of issues.  This portion of Plaintiff's Motion is DENIED.

      To the extent Plaintiff continues to rely on arguments previously asserted, the Court finds Plaintiff's arguments to be lacking in merit.  Plaintiff has not satisfied any of the requirements necessary for the Court to reconsider its rulings.  See Above the Belt, Inc. v. Bohannan Roofing, Inc., 99 F.R.D. 99 (E.D. Va. 1983).   Accordingly, the balance of Plaintiff's Motion is DENIED.

      Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

                                          Very truly yours,

                                          /s/

                                          Charles B. Day
                                          United States Magistrate Judge