**IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION**

| | |
|---|---|
| BEYOND SYSTEMS, INC. )<br>)<br>  Plaintiff )<br>  v. )<br>)<br>WORLD AVENUE USA, LLC, et al. )<br>  Defendants )<br>_____ ) | Case No. PJM 08 cv 0921 |

**DEFENDANT WORLD AVENUE HOLDINGS, LLC'S AMENDED LOCAL RULE 104 CERTIFICATION REGARDING MOTION TO COMPEL PLAINTIFF BEYOND SYSTEMS, INC. TO PROVIDE COMPLETE ANSWERS TO INTERROGATORIES**

Defendants, WORLD AVENUE HOLDINGS, LLC (**"HOLDINGS"**) hereby submits its Amended[1] Local Rule 104 Certification concerning its Motion to Compel Complete Answers to Interrogatories Relating To August Trial from Plaintiff, Beyond Systems, Inc. ("BSI"), as a result of its failure to respond completely to Holdings' Interrogatories Relating to the August Trial. Holdings submits that it made a good faith effort to resolve the subject matter of this Motion, but all such efforts were unsuccessful.

1  As per the Parties' Joint Discovery Schedule, as amended, at DE 571, 592, 613, and 636, the Parties were to conduct a Limited Discovery Conference on April 15th to discuss all disputed discovery issues relating to the August Trial.

2.  On April 15th, the parties held a one and one-half hour telephonic discovery conference wherein Holding's counsel raised the issue of the deficiency of BSI's interrogatory responses, including the use of improper general objections despite the Court's admonition at the February 16th hearing. In order to make it easier for BSI to assess the asserted deficiencies and

---

[1] This Amended Local Rule 104 Certification amends the Certification currently attached to the Memorandum of Law as Exhibit 1.

for the parties to prepare the joint stipulation due April 22nd provided for in the joint discovery schedule, Holdings agreed to send BSI a letter specifying in writing the deficiencies.

3. On April 19th, Holdings issued said letter addressing a wide variety of discovery issues including the subject matter of this Motion. The letter specifically went through in detail each of BSI's incomplete answer to Interrogatories relating to August Trial.

4. On April 20th, BSI responded to Holdings' counsel on *another* issue and stated that he would not be able to respond to discovery issues at the close of business. *See* Exhibit 1.

5. On Friday, April 22nd, as per the Parties' Joint Discovery Schedule, as amended, at DE 571, 592, 613, and 636, the parties were required to file a stipulation on the discovery issues that they had been unable to resolve at their Limited Discovery Conference on April 15th. On April 22nd, having not heard from BSI, Holdings' counsel forwarded a draft Stipulation of the disputed discovery issues pertaining to the August Trial and included as Issue #10 of said stipulation BSI's Answers to Holdings Interrogatories and individually itemized as items 10.a through 10.g each of the disputed issues pertaining to said Interrogatory Answers. *See* Exhibit 2. Holdings' counsel never heard back from BSI's counsel on its portion of the Stipulation, and thus, it was never filed.

6. Just before 4:00 p.m. on Good Friday, April 22nd, BSI's counsel stated that he would be away from the office during the entire next week, and that BSI would not be able to respond to the discovery issues.

7. Holdings counsel, given that it was Good Friday, suggested the parties extend the deadline for filing discovery motions until Tuesday April 26th. *See* Exhibit 2. Holdings declined to agree to BSI's requested lengthy extension on the grounds it would prejudice preparation for the August Trial. BSI counsel, Mr. Rothman, did not participate in these discussions.

8. On Saturday, April 23rd, BSI's counsel filed in the Court a five (5) page letter purporting to respond to certain discovery issues, but the filing never addressed BSI's Answers to Holdings' Interrogatories. *See* DE 648, attached as Exhibit 3.

9. On Saturday, April 23rd, BSI's counsel served numerous e-mails containing a voluminous set of materials comprised of new, as well as previously-circulated, expert reports from third party experts whom the Court had already excluded as testifying experts at trial. In response, Holdings' counsel noted that BSI had engaged in violating the Court's Orders, rather than complying with them, and that WAUSA could not agree to the lengthy extension proposed by BSI. *See* Exhibit 4. On that same day, BSI moved for a lengthy extension of the discovery schedule.

10. On Monday, May 2, 2011, counsel for BSI telephoned to propose a ten (10) day stay, which counsel for WAUSA rejected due to the prejudice that it would create on the trial schedule.

11. On Monday, May 2, 2011, the Court denied BSI's requested extension of time. *See* DE 656.

12. On Wednesday, May 4, 2011, counsel for Holdings, Sanford M. Saunders, Jr., placed a telephone call and left a voice mail message with counsel for BSI to discuss, *inter alia*, discovery issues. *See* Exhibit 5, p. 5.

13. On Wednesday, May 4, 2011, BSI responded to the voice mail with an e-mail, and sought to hold a meeting to conduct what it termed meet-and-confer (although the meet-and-confer extension was denied per Court Order at DE 656) the following Monday, May 9th. *See* Exhibit 5, p. 4.

14. On Wednesday, May 4, 2011, counsel for Holdings responded to note that the further delay until Monday was unacceptable. *See* Exhibit 5, p. 4. On that same date, counsel for Holdings noted that the need for delay was all created by BSI since it had focused on meritless motions and serving expert reports for experts whose opinions had been excluded at trial. Counsel for Holdings further noted that there was no need for BSI to keep delaying, and that it already had Holdings' position of record on what was wrong with the discovery responses. *See* Exhibit 5, pp. 1-3.

15. On May 5, 2011, BSI served its Opposition to Holdings' Motion to Compel, and did not offer even a single concession, supplementation, or agreement to modify the Interrogatory Answers. Instead, the Opposition dedicated itself to complaining about the supposed lack of a good faith conference, while, at the same time, insisting that each of its Answers were complete and did not need to be changed.

16. On Sunday, May 8, 2011, counsel for Holdings' advised counsel for BSI that counsel had Holdings' positions on the discovery, and that the purpose of the meeting should be to discuss modified positions of BSI from those set forth in the original discovery responses. *See* Exhibit 6, p. 4.

17. On Monday, May 9, 2011, counsel for BSI addressed the meeting, but failed to advise whether it was prepared to modify its original discovery responses. *See* Exhibit 6, p. 3.

18. On Monday, May 9, 2011, counsel for BSI addressed in separate written correspondence multiple pieces of discovery, but did not agree to amend one, save a promise that, as to a discovery request that is not part of the subject Motion, "[a] review will be made to determine if there is additional responsive information."

19. On Monday, May 9, 2011, counsel for Holdings again asked counsel for BSI, Hypertouch and Joe Wagner whether they were prepared to modify its original discovery responses or state that the responses would not be changed. BSI/Hypertouch and Joe Wagner did not answer the question.

20. On Tuesday, May 10, 2011, counsel for Holdings and counsel for BSI held a face-to-face meeting for over two (2) hours and discussed discovery issues, but counsel for BSI did not address or agree to withdraw or modify the discovery responses to Holdings' discovery. Present at the meeting were Sanford M. Saunders, Jr. on behalf of Holdings and Stephen H. Ring on behalf of BSI, Hypertouch and Joe Wagner. Counsel addressed the Hypertouch and Joe Wagner discovery.

21. On Wednesday, May 11, 2011, counsel for BSI sent yet another letter addressing discovery issues, but again failed to address the Holdings' discovery to BSI or even offer to amend, supplement, or re-visit any Interrogatory Answer in dispute.

22. On Wednesday, May 11, 2011, counsel for Holdings and counsel for BSI held a telephone call for over two and one-half (1/2) hours and discussed discovery issues, but counsel for BSI did not agree with withdraw or modify the discovery responses to Holdings' discovery. Present on the telephone call were Sanford M. Saunders, Jr. on behalf of Holdings and Stephen H. Ring on behalf of BSI, Hypertouch and Joe Wagner. Counsel addressed the Hypertouch and Joe Wagner discovery.

23. As a result of BSI's delay tactics, intransigence, and outright refusal to consider amendment or supplementation of its discovery responses, the issues remain as stated by Holdings nearly a month ago, *to wit*, whether BSI should be compelled to provide complete Answers to Interrogatories 1-2, 8, 10, 14-15, 17, and 23-25.

Dated:  May 12, 2011.

        Respectfully submitted,
        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        ___/s John L. McManus_____
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone:  202-331-3100
        Facsimile:  202-331-3101

        --and--

        Kenneth A. Horky, Esq.
        Florida Bar No. 691194
        horkyk@gtlaw.com
        John L. McManus, Esq.
        Florida Bar No. 0119423
        mcmanusj@gtlaw.com
        Admitted Pro Hac Vice
        GREENBERG TRAURIG, P.A.
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, FL 33301
        Telephone: 954-765-0500
        Facsimile:  954-765-1477