IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC, ET AL.** | * | |
| | * | |
| Defendants | * | |

**PLAINTIFF'S SUPPLEMENTAL CERTIFICATION OF ISSUES FOR
IMMEDIATE COURT ATTENTION,
PURSUANT TO THE COURT'S REQUEST AT ECF 661**

Plaintiff provides this supplemental certification of issues pursuant to the Court's request at ECF 661, and to supplement Plaintiff's Certification of Issues at ECF 647.

**I. Specified Discovery Motions Related to Mini-Trial.**

The Court's letter at ECF 661 states in part:

I would like to hear from Plaintiff's counsel if they believe that any of the issues pending for the August hearing date are related to the following pleadings: Plaintiff's Motion to Compel the Production of Documents (ECF No. 483), Plaintiff's Motion for Protective Order (ECF No. 494), and Plaintiff's Motion for Confirmation (ECF No. 496). I would also like to hear the views of defense counsel regarding its letter discussing fraud on the court found at ECF No. 584. The Court is not requiring a further conference regarding these matters, I am merely looking for input from the moving party.

Letter to counsel from Magistrate Judge Day, ECF 661. As to the filings specified above,

Plaintiff responds:

- ECF 483, Memorandum and exhibits in support of Plaintiff's Motion to Compel

Production of Documents, Set 2. The court ruled on this motion at the hearing on March 24,

2011, directing WAUSA to produce documents in response to eight requests. ECF 631.

WAUSA's production is incomplete, and ECF 483 does relate to the mini-trial as described below.

- ECF 494, Plaintiff's motion for protective order as to depositions of Plaintiff and Paul A. Wagner. This motion is moot by virtue of the rulings of November 29, 2010, which set the parameters for depositions that may be taken by the defendants.

- ECF 496, Plaintiff's motion for confirmation of good faith basis for discovery. This motion may be moot if all of Defendant's claims for sanctions related to Plaintiff's efforts to obtain discovery from DNSMadeEasy.com and Tiggee, LLC are denied or dropped. This motion does not relate to the mini-trial.

- ECF 584, Defendant's motion for sanctions regarding subpoenas to non-parties. This issue was resolved at the hearing on February 16, 2011, when the court ruled on Defendants' motion to quash subpoenas, which also sought sanctions:

> The sanction is the quashing of the subpoena.
> Plaintiff will be required to turn over all information and all
> copies of information obtained under the subpoenas and the
> plaintiff is prohibited from making any use of the information
> obtained. Defendants' motion to quash is granted.

Transcript, February 16, 2011 at 66. This motion does not relate to the mini-trial.

## II.  Prior Certification of Discovery Issues Related to Mini-Trial.

The Court had previously requested certification of issues in the order at ECF 631 and in the memorandum at ECF 644. Plaintiff provided a partial certification and a listing of issues at ECF 647, in addition to its certificate of compliance at ECF 646.

On April 6, 2011, WAUSA served responses to document requests that Plaintiff contends are deficient. On April 15, 2011, WAUSA announced that, with respect to the supplemental responses and production ordered by the Court at the hearing of March 24, 2011 in ruling on

ECF 482, WAUSA intended to do the following:

> . . .
> 1.  WAUSA will respond to those items requiring certification by COB next Friday; and
> 2.  To the extent necessary, WAUSA will produce additional documents 30 days from today.
> . . .

Plaintiff objected to this timing, asking that WAUSA not only respond, but make its full production by "Friday" (April 22, 2011).  WAUSA refused, making it impossible to meet and confer on its actual production in any meaningful manner.  WAUSA contends that its production of documents can wait, and that this production does not pertain to the issues for the mini-trial, while at the same time threatening sanctions if Plaintiff moves for enforcement of the order requiring WAUSA to produce.

WAUSA has created a "straddle" in which it first gives its formal responses, then sets its own 30-day clock for "any" production it may choose to make, while arguing that any move to enforce the order in the meantime would be void as untimely since supplementation is pending, or void for failure to "meet and confer" despite the fact that the order is independently enforceable.  Again, even if required, any meet and confer would be hollow without the actual production of the supplemental documents.

Plaintiff has sent WAUSA a letter explaining the deficiencies in WAUSA's responses, stating that WAUSA is in contempt for its failure to comply with the rulings of March 24, 2011, and asking WAUSA to cure its position by making full production on the eight categories ordered.  WAUSA has remained insolent in refusing to change its position.  Plaintiff contends that there has been no expiration of any date for enforcement of the order, which can be enforced via motion or by the Court *sua sponte*.

Plaintiff contends that the materials ordered on March 24 are due for immediate production because 1) the duty to produce them exists regardless of any demonstrated relation to the Three Trial Issues under the carve-out in the order at ECF 544 for matters pending before Magistrate Judge Day as of November 29, 2011, to be carried forth to "resolution;" 2) Judge Day announced at the hearing on March 24 that all issues at ECF 482 would be resolved further to the order at 544; and 3) at least some of the materials for which production has been ordered will relate to the issues set for the mini-trial.

The ruling on March 24, 2011 directed WAUSA to provide full responses to plaintiff's interrogatories. We paraphrase the ruling as follows:

Interrogatory 9. Identify all persons who own, rent, lease, use or allow others to use the domain names and/or other fictitious entities listed in Plaintiff's Exhibit 38 at docket entry 176. GRANT in part, limited to 41 domain names.

Interrogatory 11. Identify all of your employees, officers, contractors or affiliates who have worked for more than one of your companies or sister companies concurrently or consecutively and, for each such person, identify the companies and dates of work. GRANT in part.

Interrogatory 14. Identify any person who created or produced any of the Emails at Issue. GRANT.

Interrogatory 15. Identify all employees who have been terminated or left your company since January 1, 2004. GRANT

Interrogatory 32. Identify all signed versions of the contracts at WAUSA-006509 through WAUSA-006675. GRANT

Interrogatory 34. Identify all persons (including, but not limited to, any sponsor, contractor, sub-contractor, advertiser, ad network, affiliate, publisher, vendor and/or you) who participated or benefited in any fashion from the emails giving rise to this suit identified since January 29, 2010, which shall include the creation, sending, marketing, advertising and customer service of those same e-mails. GRANT.

Interrogatory 37. Identify and describe for each email giving rise to this suit identified since January 29, 2010 in the Amended Complaint:
(a) Who provided the text and/or graphics for each e-mail or web page received?

4

(b) Who approved the final content of the e-mail and/or web page received?
(c) Who made the final decision to send each e-mail and/or web page received?
(d) Who initiated and/or assisted in the transmission of each e-mail or web page received?
(e) Who received or would have received compensation as a result of any sales procured by each e-mail or web page received?
GRANT.

WAUSA contends Hypertouch "sent" the emails to Plaintiff. Defendants' expert, Dr. Krawetz, says the mere rerouting will add some characters to the headers, and this marks Hypertouch as the "sender." Plaintiff retorts that Dr. Krawetz' own report shows the modification of headers is trivial, and that Hypertouch does not become a "sender" by merely routing them to their addressee. The information sought at least in Interrogatories 9, 14 and 37 is directly relevant to the identification of the true "senders" of the emails.

The Court issued an order at ECF 573 stating that Plaintiff was not entitled to depose defendants' personnel for purposes of the mini-trial. This ruling has been misinterpreted by defendants to preclude any inquiry by Plaintiff into who is behind the emails claimed in this case, or who may be the "sender." However, the ruling at ECF 573 does not address that point. Plaintiff needs the information as to how to attribute the emails to their source, to rebut the contention that Hypertouch was the "sender."

### III. Sucessor Status Relates to Issues One and Three for the Mini-Trial.

In its filing at ECF 647, Plaintiff stated its position on which of several outstanding motions required the Court's attention for purposes of the Mini-trial, including ECF 504.

Plaintiff disagrees with WAUSA's position on the Motion at ECF 504 for Reconsideration of the Last Holding in the Court Order at DE 477. The motion at 504 concerns the Court's well-reasoned finding that the WAUSA described in the complaint (including its exhibits, which are

5

deemed part of the complaint and eliminate any doubt) is a successor by merger of Niutech, LLC. This issue is not stayed, and is properly before the Court as it was pending as of November 29, 2010. The successorship issue relates to Mini-Trial Issues 1 (bona fide service provider) and 3 (the relationship between Hypertouch and BSI).

Regarding Issue 3, we start with the defendants' contention that Hypertouch "sent" the emails claimed, to Plaintiff, and is therefore the "sender," rather than defendants acting through their marketers. This "attribution" issue pervades all spam litigation: To whom should the offending emails be attributed, and who bears responsibility for their transmission? While this is obviously an issue on the merits, it also relates to Mini-Trial Issue 3. Plaintiff and the third-party defendants should be permitted to explain the basis for their rebuttal of the contention that Hypertouch "sent" the emails, pointing to the evidence that reveals who is actually behind them, following the trail back to WAUSA as the successor of Niutech, LLC, under a plethora of trade and domain names. The successorship issue is properly considered by the Court under that carve-out for pending motions that are to be ruled upon and resolved, and pursuant to Judge Day's announcement at the hearing on March 24 that he would rule on all issues at ECF 482 to resolution.

Closely related to the attribution issue is the contention by defendants that Plaintiff and Hypertouch "manufactured" the claims asserted in this case, which relates to Mini-Trial Issue 1: whether BSI is a "bona fide" service provider under the two state statutes, or simply "manufactures" claims. Plaintiff should be allowed to rebut this contention by demonstrating that the emails were in fact generated as part of Defendants' marketing scheme, through the marketers' use of graphics, links and tools provided by the Defendants, and that the emails were addressed to Plaintiff's domains at the time of initiation by defendants' marketers, that WAUSA and its alter-egos paid the marketers for the results of their email transmissions, and that neither the emails nor the claims

arising from them were "manufactured" in any sense by Plaintiff or by Hypertouch. Because WAUSA, as the successor of Niutech, LLC, has used many alter-egos, trade names and domain names, but the new WAUSA that defendants newly created in 2006 as a supposed computer service company not involved in marketing, it is essential that the successor status of WAUSA be confirmed to allow complete proof of the basis for Plaintiff's rebuttal of defendants' "manufactured claims" contention.

A third reason for determining the successor question before the Mini-Trial is that defendants' expert, Dr. Neal Krawetz, argues that Plaintiff is not a true service provider because, among other things, Plaintiff either does not filter incoming messages, or does not filter them as well as Dr. Krawetz believes should be done. This raises the question: Which emails should Plaintiff filter? Dr. Krawetz argues, essentially, that the claims against Defendants in this case would not exist if Plaintiff had simply filtered the offending emails on which the claims are based. This raises an obvious question: What features in the emails should Plaintiff have targeted for purposes of filtering, and how should Plaintiff have known that the emails are attributable to Defendants? (In other words, Plaintiff should now better than to allow the defendants' spam to get through.) Plaintiff should be permitted to address this issue at the Mini-trial, with the successor status of WAUSA decided.

### III. Miscellaneous

Plaintiff agrees with WAUSA that the Motion for Order to Show Cause Why Paul Andrew Wagner and Beyond Systems, Inc. Should Not Be Held in Civil Contempt of Court at DE 505 does not relate to the three issues set for trial in August 2011 and does not require immediate resolution.

Defendants' filing at DE 668 challenges the timing of Plaintiff's certification as to pending motions in need of the Court's attention. The court's directive to counsel at ECF 661, requesting positions on specific filings, controls as to timeliness.

_____/s/_____
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249
Facsimile: 301-563-9639

_____/s/_____
Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 251-9660   Fax: (301) 251-9610

*Attorneys for Plaintiff*

## Certificate of Service

I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.

_____/s/_____
Stephen H. Ring