**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
**SOUTHERN DIVISION**

BEYOND SYSTEMS, INC. )
)
Plaintiff )
v. ) Case No. PJM 08 cv 0921
)
WORLD AVENUE USA, LLC, et al. )
Defendants )
_______________________________ )

**DEFENDANT WORLD AVENUE USA, LLC'S AND WORLD AVENUE HOLDINGS, LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE EXPERT WITNESS REPORT OF PAUL A. WAGNER**

Defendants, WORLD AVENUE USA, LLC (**"**WAUSA**"**) and WORLD AVENUE HOLDINGS, LLC (**"**Holdings**"**) hereby submit their Reply in Support of their Motion To Strike (**"**Motion to Strike**"**) Expert Witness Report of Paul A. Wagner submitted on behalf of BEYOND SYSTEMS, INC. (**"**BSI**"**), and in response to BSI**'**s Opposition at DE 667. As is set forth below, BSI has compounded its prior disregard for the Court's Orders regarding experts and further sanctions are warranted. BSI takes any opportunity to disrupt what was supposed to be a phase in the litigation focused on the narrow issues of its legality and of the litigation schemes it pursues.

**I. BSI Erroneously Interprets The Court's May 10, 2011 Order At DE 660 .**

BSI erroneously interprets the Court's May 10, 2011 Order at DE 660 as rescinding all of the Court's rulings made at the February 16, 2011 hearing, and thereby rendering moot the Motion to Strike. *See* Opposition, p. 3, ¶ 2 (". . . . no remnant of those restrictions remains in place"). BSI's interpretation turns the May 10 Order at DE 660 on its head. The Order states in

no uncertain terms that: "***The rulings by this Court regarding his [Paul Wagner's] expected testimony at the hearing of February 16, 2011 are still binding*** . . .". *See* DE 660, pp. 1-2.

The Court actually held that Mr. Wagner's "expected testimony [would not] be limited to areas disclosed in writing under Local Rule 104.10" and that he "can still be offered as a hybrid fact expert on areas not specifically addressed at the hearing." *Id*. Thus, Mr. Wagner can testify on areas outside the scope of his Report; however, this does not mean that those restrictions that the Court placed on the testimony -- whether in the Report or not -- were rescinded. Thus, to the extent that any portion of the Report or trial testimony is *inconsistent* with the still "***binding***" rulings at the hearing, those portions should be stricken. BSI concluded otherwise at its peril, failed to respond to the vast majority of the substance of the Motion, and accordingly, the Motion should be granted by default.

## II. BSI Erroneously Interprets The Court's Restriction On The Use of Litigation Materials To Apply Only To This Litigation, And Allow Free Reign Of Discovery Materials Obtained In Other Litigation, Including Ongoing Litigation.

The Court ruled that Mr. Wagner would only be permitted to "testify as to those areas of his business operation that came to his attention as a result of his business operation, not the litigation materials." *See* Memorandum of Points and Authorities in Support of Motion ("Memorandum"), Comp. Ex. 2, p. 26, lines 3-6. BSI erroneously interprets the Court's ruling to prohibit use of facts and opinions derived from materials in this litigation, but to allow free reign to use litigation materials in the almost sixty other (60) litigation matters with which Mr. Wagner, his brother, and their associated companies have been involved. *See* Opposition, p. 2. The Court's ruling was not so limited, and restricted the testimony to materials reviewed and opinions formed as part of his "day-to-day business operation," but not "litigation materials" or

"the production of discovery."[1] Indeed, it would completely eviscerate the Court's ruling if Mr. Wagner was prohibited from testifying as to litigation materials in this litigation, but was free to testify about materials received in the ongoing *Kraft* litigation.

**III. <u>BSI Creates An Artificial Distinction Having No Application To This Case</u>.**

BSI then asserts that Mr. Wagner could testify as to materials arising from *both* sources (received in day-to-day business and in litigation), but fails to identify even a *single* subject of the Motion to Strike that was derived from ordinary business operations *and* litigation. The objectionable materials consist of expert reports tendered in other litigation, depositions, affidavits and other materials, as well as factual matter derived directly from this litigation. *See*, *e.g.*, Memorandum, Ex. 8 (*citing* p. 28, ¶ 48 ("I have heard the defendants admit as much in open court . . . "); p. 47, ¶ 96 ("I have observed that Alton K. Burton's testimony on this point . . . ."); p. 57, ¶ 142 ("World Ave MpSJ Exhibit 15, p. 7 indicates . . . ."); Memorandum, Ex. 8 (citing pp. 56-58, ¶¶ 56-57 ("I know this because . . . in the email templates . . . obtained by BSI in earlier litigation")); p. 57, ¶ 144 (". . . I am aware that Hypertouch, Inc. entered a settlement with Kraft . . .")); *Id*. (citing p. 19, ¶ 27 ("A suit against an online 'diploma mill', Kennedy Western University, was dismissed for lack of personal jurisdiction . . .")). As such, BSI has failed to

---

[1] The Court stated:

> But it appears to me that he should be tentatively allowed to testify as to those areas of his business operation that came to his attention as a result of his business operation, not the litigation materials. As the materials received were received by the plaintiff and reviewed by Mr. Wagner as part of his day-to-day business operation, that's fair game, but he will not be permitted to speak about information learned only by the production of discovery, and that is principally coming out of the Sullivan v. Glock decision.
>
> * * *
>
> The information is not independent of that derived from litigation and it speaks to the prior discovery. So, that's not going to be part and parcel of this.

*See* Memorandum, Comp. Ex. 2.

support the admissibility of the Report, and it should be stricken.

**IV. <u>BSI Fails To Substantively Address The Grounds In The Motion, And It Should Be Granted By Default</u>.**

BSI has failed to address -- let alone rebut -- the grounds for exclusion of Mr. Wagner's Report. Many of those grounds are firmly reinforced in the Court's May 10, 2011 Order at DE 660. For example, the Court denied *for the second time*, BSI's use of its experts, but Mr. Wagner's Report continues to attempt to introduce their testimony through the back-door by reliance on their statements, declarations, reports, and depositions. For every reason addressed, but not rebutted, in the Motion, the Motion should be granted by default.

Also left unrebutted by BSI is the fact that this is not a case where a second chance is warranted. BSI and Mr. Wagner did not merely rely on the prohibited materials, but affirmatively admitted in their Expert Disclosure that Mr. Wagner drew his "statements of fact and opinion" from those prohibited materials. *See* Memorandum, Ex. 7, p. 1. Thus, nothing short of total exclusion of the opinions set forth in the Report will suffice. This also accords with the Court's May 10, 2011 Order at DE 660 because Mr. Wagner is free to express other expert opinions at trial not contained in the Report provided they are not inconsistent with the Court's February 16, 2011 rulings.

Finally, and Defendants will not belabor the point, Mr. Wagner did deliberately disobey this Court's Order excluding the materials of other expert witnesses by both attaching them as exhibits to his Report and referring to them in his Report. This conduct alone, warrants sanctions, and Defendants have outlined the appropriate sanctions in the Motion to Strike. The Plaintiff and its principal have repeatedly disregarded the Court's rules and Orders. Since the conduct persists event after the entry of numerous discovery sanctions and the Order barring independent experts, more stringent Court action is necessary.

Dated: May 16, 2011.

Respectfully submitted,
*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

___/s John L. McManus________________

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

--and--

Kenneth A. Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
Admitted Pro Hac Vice
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477