IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC.           ) | |
|                                ) | |
|    Plaintiff   ) | |
| v.                             ) | Case No. PJM 08 cv 0921 |
|                                ) | |
| WORLD AVENUE USA, LLC, et al. ) | |
|    Defendants  ) | |
| _____ ) | |

**DEFENDANT WORLD AVENUE USA, LLC'S  MEMORANDUM IN OPPOSITION TO PLAINTIFF BEYOND SYSTEMS, INC.'S MOTION FOR STAY OF ENFORCEMENT**

Defendant, WORLD AVENUE USA, LLC (**"WAUSA"**), hereby opposes Plaintiff BEYOND SYSTEMS, INC.'s (**"BSI"**) Motion For Stay of Enforcement at DE 672,[1] and states:

BSI's reliance on Fed. R. Civ. P. 62(h) to seek a stay of enforcement of the Order at DE 663-1 is without merit.  BSI cites to the Rule, but offers not a single case nor a single factor favoring a stay.  Considered below, those factors mandate denial of BSI's Motion.

"The power to stay execution [under Rule 62(h)] should be exercised with caution and never unless the case is plain and the equity of the party seeking it free from doubt or difficulty." *Gen-Pa Bigli Islem Ltd. Liab. Co. v. Virtual Tech., Inc*., 169 F.R.D. 84, 89 (E.D. Mich. 1996) (denying Rule 62(h) stay where it "could deprive plaintiff of the sum owed to it indefinitely") (*quoting In re: Baldwin-United Corp*., 52 B.R. 142, 145 (Bankr. S.D. Ohio 1985) (*in turn, quoting Robbins Flooring, Inc. v. Federal Floors, Inc*., 445 F. Supp. 4, 13 (E.D. Pa. 1977)). "Courts consider the following factors when deciding whether to grant a motion to stay enforcement of a judgment [under Rule 62(h)]: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably

---

[1] The Motion to Modify ECF 663-1 is moot by reason of the Court's Order entered today at DE 672.

injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Office Depot, Inc. v. Zuccarini*, Case No. C-06-80356, 2007 WL 3481254, at *1, * 1 (N.D. Cal. 2007).

*Vendatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, Case No. C-04-1249, 2008 WL 2790200, at *1, *4 (N.D. Cal. 2008) is on point and instructive. The *Vendatech* plaintiff moved for a Rule 62(h) stay after the Court ordered him to pay sanctions. In denying the Rule 62(h) stay, the court held:

> The court sees no reason, however, why it should use its discretion to allow Subramanian to delay payment of sanctions and attorneys fees based on the possibility that he may eventually recover from St. Paul in state court litigation.

*Id*. at *4.

Other courts have likewise denied Rule 62(h) stays where no compelling showing mandating such a stay was made. See *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 955-56 (9th Cir. 2006) (denying Rule 62(h) stay where movant "cannot show that failure to provide the stay will cause it to suffer greater harm than Dialysist West will face should it be denied this judgment pending resolution of AmerisourceBergen's outstanding claims" and allowing the moving party to obtain a stay would "effectively sanction its self-help tactics"); *Computech Int'l, Inc. v. Compaq Comp. Corp.*, Case No. 02-cv-2628, 2004 WL 2291496, at *1, *5 (S.D.N.Y. 2004) (denying Rule 62(h) stay pending adjudication of judgment pending claims where moving party failed to show insolvency or other grounds for stay).

Here, as in *Vendatech*, *AmerisourceBergen*, and *Computech*, BSI has made no showing whatsoever necessitating a stay and, as in *Vendatech* and *AmerisourceBergen*, issuance of a stay would only embolden BSI's repeated violations of this Court's Orders and the applicable Rules, and effectively reward it for its misconduct. Staying enforcement of the Court's discovery Order

2

FTL 108,156,046v1 5-17-11

would contravene the third factor under *Office Depot,* 2007 WL 3481254, at *1, by allowing BSI to continue violating the Court's Orders, which would substantially injure WAUSA. Finally, the public interest in upholding the sanctity of this Court's Orders is also served by enforcement of the Order at DE 663-1 and denial of BSI's Rule 62(h) stay motion.

Dated: May 17, 2011.

        Respectfully submitted,
        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        ___/s John L. McManus_____
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone: 202-331-3100
        Facsimile: 202-331-3101

        --and--

        Kenneth A. Horky, Esq.
        Florida Bar No. 691194
        horkyk@gtlaw.com
        John L. McManus, Esq.
        Florida Bar No. 0119423
        mcmanusj@gtlaw.com
        Admitted Pro Hac Vice
        GREENBERG TRAURIG, P.A.
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, FL 33301
        Telephone: 954-765-0500
        Facsimile: 954-765-1477