UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

May 19, 2011

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esq.
Stephen H. Ring, PC
506 Main Street, Suite 215
Gaithersburg, MD 20878

Sanford M. Saunders, Jr., Esq.
Nicoleta Burlacu, Esq.
Greenberg Traurig, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037

Michael Stephen Rothman, Esq.
Law Office of Michael S. Rothman
401 East Jefferson Street, Suite 201
Rockville, MD 20850

John L. McManus, Esq.
Kenneth A. Horky, Esq.
Greenberg Traurig, PA
401 East Las Olas Blvd, Suite 2000
Fort Lauderdale, FL 33301

Re: Beyond Systems, Inc. v. World Avenue USA, LLC, et al.
    Civil Action No.: PJM-08-921

Dear Counsel:

     The Court has received Petitioner's World Avenue USA, LLC's Application As To Amount Of Attorney's Fees (ECF No. 497) ("Defendant's Request"). The Court has reviewed Defendant's Request and all related briefings. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons stated below, the Court GRANTS Defendant's Request in the amount of $1,917.50.

     Defendant seeks $2,281.50 in attorneys' fees in connection with the Court's granting of Defendant World Avenue USA, LLC's Motion to Challenge Plaintiff Beyond Systems, Inc.'s Designation Of Video Inspections And Depositions As Confidential And For Sanctions And Incorporated Memorandum of Law.[1] The award to Defendant was specifically for "reimbursement of its fees and expenses incurred." (ECF No. 468). Defendant's Request arises under Fed. R. Civ. P. 37(a)(5)(A). This rule regarding discovery abuses states that: "[i]f the motion is granted . . . the court must, after giving an opportunity to be heard, require the party . . .

---

[1] Defendant discusses other rulings issuing sanctions against Plaintiff in this case and a case in another jurisdiction. For the purpose of the instant award, the Court will confine the focus to Defendant's efforts related to Defendant World Avenue USA, LLC's Motion to Challenge Plaintiff Beyond Systems, Inc.'s Designation Of Video Inspections And Depositions As Confidential And For Sanctions And Incorporated Memorandum of Law.

. whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees."

Plaintiff, Beyond Systems, Inc., ("BSI"), endeavors to position itself under two of the three exceptions mentioned in Rule 37. The relevant portion states that the court shall not order payment if: "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Plaintiff asserts that "its 'response . . . was substantially justified,' and there were sufficient 'other circumstances' in that the designation was made in good faith as described above." Plaintiff's attempt to mitigate sanctions on the basis of "good faith" demonstrates a willful blindness to this Court's previous ruling. The Court in no uncertain terms concluded that "Plaintiff's global request to seal its 14 page memorandum in opposition to a filing by Defendant has no foundation in fact or law." (ECF No. 468). As such, the Court will not assuage Plaintiff's sanctions based on its misplaced belief of good faith.

The underpinnings of the "substantially justified" prong involve a genuine discovery dispute. See Fed. R. Civ. P. 37 advisory committee's note (1970) (stating that often "the dispute over discovery between the parties is genuine." However, the note continues that "in effect . . . expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying [its] point to court." ); See also Bank of Mong. v. M&P Global Fin. Servs., Inc., 258 F.R.D. 514, 522 (S.D. Fla. 2009) (where the Court awarded fees and noted that counsel conceded its failure to comply with discovery requests was not substantially justified.) Plaintiff raises no legitimate basis for its failure to cooperate in discovery. Plaintiff claims that by "virtue of the de-designation of the videos of all of these residences, and the embedding of footage within the ECF filings by Defendant, sections of the footage of these residences are now available to the public via the Internet and Pacer." This argument was seemingly addressed in the Court's previous ruling. In this instance, Plaintiff's assertion is not a reasonable argument and is therefore outside the scope of what is contemplated by the Rule. The Court finds that Plaintiff is not excused from paying expenses associated with Defendant's motion on the basis Plaintiff's conduct was "substantially justified."

Plaintiff also claims "other circumstances" existed but fails to specify what these other circumstances were. The Court fails to see how "other circumstances" in anyway factor in to make an award here unjust. The Court also finds unpersuasive Plaintiff's contention that Defendant "has grossly over-designated, but [Plaintiff] has not yet moved to de-designate this material, [as Plaintiff is] busy responding to the dozens of filings by Defendants, whose strategy is obviously to shift the attack to Plaintiff in the procedural arena." Both parties have engaged in a prolific flurry of filings in this case. Plaintiff cannot cloak itself in the mantel of being a victim of something it shared equally in creating.

Finally, the Court will not entertain any arguments by Plaintiff regarding proportionality in this instance. The Court rejects Plaintiff's proportionality argument.

## I. Calculation of Fees

This Court uses a lodestar analysis to determine attorneys' fees awards, an analysis which involves multiplying a reasonably hourly rate by the number of reasonable hours expended. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009), citing Grissom v. Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008). Reasonableness is key in the analysis and the twelve Johnson factors guide the Court in determining what are "reasonable" hours and rates. The twelve Johnson factors are:

> (1) time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work: (6) the attorney's expectation at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; (12) attorneys' fees awards in similar cases.

See Robinson, 560 F.3d at 243; Barber v. Kimbrell's Inc., 577 F.2d 216, 226, n.28 (4th Cir. 1978) (where the court adopted the factors established in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)). In determining the reasonableness of the fees requested, the Court also relies upon the Guidelines in Appendix B, of the Local Rules (D. Md.) (the "Guidelines"), which will be discussed in greater detail below.

For the analysis in the instant case, the Court finds Johnson factors one, two, three and nine most persuasive. Turning to factor one, it is clear that the amount of time and effort invested by Defendant's attorneys was significant. Factor two is applicable because this case involves some unique challenges, especially those that stem from the underlying controversy: whether certain emails were sent by a particular corporate entity or received by a particular email address. Factor three is relevant because of the various parent and subsidiary corporate identities implicated. Finally, the experience, reputation and ability of the attorney will be a relevant factor in virtually every case. The more experienced an attorney, the more efficiently he or she is expected to perform. Likewise, one would expect the more experienced attorney to charge higher fees when compared to an inexperienced attorney.

Defendant's primary support for the reasonableness of the billing rates of counsel is offered by the declarations of two attorneys: Sanford M. Saunders, Jr. and John L. McManus. Standing alone, the Court finds these declarations are insufficient. Parties seeking fee awards generally must submit affidavits from non-trial counsel attesting to the reasonableness of their rates. In addition, Defendant provides an article from The National Law Journal. Unfortunately, the majority of this document is illegible. As best the Court can tell, it appears to provide a list of law firms and the rates charged by partners therein. This is offered as support for the general

fees charged in the geographic market. However, it does not speak to the issue of what is customary in the particular area of law involved here. Defendant also provides a summary chart, stating the date, the name of the attorney, a description of the task being performed, the amount of hours to complete said task or tasks, and the total being charged, which synthesizes the redacted copies of time records kept. Ultimately the appropriate amount for an award of attorney's fees is a matter that is left to the discretion of the Court. Both the reasonableness of the hourly billing rates and the reasonableness of the hours incurred are discussed in turn.

## II. Reasonable Billing Rate

When submitting a fee petition, a party should submit affidavits from other attorneys attesting to the reasonableness of the hourly rates. Robinson, 560 F.3d at 245; Grissom, 549 F.3d 313. In both cases, the Fourth Circuit found that the moving party had not provided sufficient evidence of the reasonableness of the hourly rates proposed and both cite the use of affidavits as the preferred method of doing so. The Grissom court stated that the affidavits were necessary because they ensured that the hourly rates requested by the party "coincided with the then prevailing market rates of attorneys in the Eastern District of Virginia of similar skill and for similar work, which our case law required him to do." Grissom, 549 F.3d at 323. See also Robinson, 560 F.3d at 245.

While affidavits are the preferred evidence of understanding reasonableness in the context of prevailing market rates, "in the absence of sufficient documentation, the court may rely on its own knowledge of the market." Costar Grp. v. Loopnet, Inc., 106 F. Supp. 2d 780, 788 (D. Md. 2000). See also Hensley v. Eckerhart, 461 U.S. 424, 433 (inadequate information is not necessarily fatal; a court may instead adjust fees accordingly). The Court may supplement with its own knowledge because it "is itself an expert on the question of reasonableness and . . . may form an independent judgment either with or without the aid of witnesses as to value." Id., at 788 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)). In the District of Maryland, this market knowledge is embedded in the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, Appendix B, Local Rules (D. Md.) (the "Guidelines"). This Court's Local Rules are instructive on the range of reasonable hourly rates based on counsel's years of experience. While the Guidelines are not binding, generally this Court presumes that a rate is reasonable if it falls within these ranges.[2] In light of this, Defendant has provided

---

[2] Footnote 6 in Appendix B, Local Rules (3) provides important insight regarding the purpose and use of the fee ranges in the Local Rules:

> These rates are intended solely to provide practical guidance to lawyers and judges when requesting, challenging and awarding fees. The factors established by case law obviously govern over them. One factor that might support an adjustment to the applicable range is an increase in the cost of legal services since the adoption of the guidelines. The guidelines, however, may serve to make the fee petition less onerous by narrowing the debate over the range of a reasonable hourly rate in many cases.

Appendix B, Local Rules (3) n.6 (D. Md.).

sufficient information for this Court to determine whether the proposed attorneys' fees are reasonable.

Defendant seeks compensation for work performed by Kenneth Horky, John McManus, Sanford Saunders, and Jozef Przgrodski, each of whom has an hourly rate that exceeds the Guidelines. Defendant cites various cases as support for their respective rates. As the Court explains below, each case is distinguishable from the facts presented here.

Defendant notes that in Instant Tax Serv. 10060, LLC v. TCA Fin., LLC, 2009 WL 2579806 (D. Md. 2009), this Court stated: "[w]hile these rates are on the high side, the Court finds them to be not out of range from the hourly rates charged by other large firms with clients throughout the United States and abroad." A critical aspect is that the sanctions came under Rule 11. The Court found that the "primary purpose of sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous suit." Id. at *3 (citing In re Kunstler, 914 F.2d 505, 524 (4th Cir. 1990)). By contrast, the underlying aim of Rule 37 is to compensate the moving party for having to file an unnecessary motion. Defendant has not demonstrated why it should be permitted to exceed the Guidelines.

In Bethesda Asset Servs., Inc. v. The Bank of N.Y., 2005 WL 2106083 (D. Md. 2005) the Court did not use the Guidelines as a basis for determining the reasonableness of attorneys' fees. Instead the Court relied exclusively on its own experience in "examining other lawyers' invoices in other cases, fee discussions with lawyers at professional gatherings, and a review of legal periodicals in the Washington metropolitan area." Id. at *36. However, after the Court reviewed each invoice submitted, it reasoned that the invoices demonstrated "that the expenditures for fees and expenses were necessary to achieve the successful results obtained by the plaintiffs. Further, the amounts expended were reasonable considering the qualifications and ability of counsel, the complexity of the issues, and the scope and amount of work entailed in presenting the plaintiff's case." Id. at *37. While this Court acknowledges that the effort to get the cooperation of Plaintiff in discovery is not insignificant, the situation here involves a single motion that is rather straightforward – Plaintiff sought to seal materials without a legitimate basis for doing so. Even assuming arguendo that it was something less than straightforward, the instant matter is not analogous to the complexity, scope or amount of work entailed in presenting an entire case.

Defendant next cites Whitaker v. Navy Fed. Credit Union, 2010 WL 3928616 (D. Md. 2010) (Slip Copy). Defendant notes that the Court permitted a fee that was above those presumed reasonable in the Guidelines "where it was justified by the experience of the attorney." The Court is not persuaded that the case here involves such unique issues that it requires experience to justify an above the Guidelines award.

Defendant states that in Johannssen v. District No. 1-Pacific Coast District, 2001 WL 770987 (D. Md. 2001) the "court deviated from the Guidelines and awarded a higher fee where the evidence showed that the customary fee for like work was higher than the Guidelines." This case, and subsequently the statutory authority for the Court to award fees in its discretion, arose under an Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1053(a).

The Court reasoned that "as the Fourth Circuit has held, different policies undergird the fee shifting provisions of ERISA, on the one hand, and those of federal civil rights statutes, on the other hand." Id. at *5. (Citation omitted.) The Court noted that "[t]hose differences are particularly salient in this case and they militate against calculating fees at current rates." Id. None of the rationales in that case apply here. Lastly, while the rates may have exceeded those provided in the Guidelines at the time the request was made, the Court noted that such figures were consistent with the next version of the Local Rules to be effective six months later. Id. at *5 n.2 ("In fact, the Local Guidelines have been revised upward, effective July 1, 2001, to reflect the increase in the prevailing attorney's fees in this region.")

Defendant has not presented the Court with anything that persuades it to deviate from the figures provided in the Guidelines. While Defendant notes cases decided in the Fourth Circuit and in the District of Maryland that found the situation warranted going beyond the rates published in the Local Rules, these cases are each distinguishable. These cases notwithstanding, the result here would remain the same as Defendant has not demonstrated a satisfactory basis to permit rates higher than the Guidelines under these circumstances. Further, even if the Court were to conclude that said cases were binding, Defendant fails to show how the situation in those cases is analogous to the circumstances here, thus warranting the fees it seeks to recover here. The four attorneys and one paralegal for whom fees are sought are discussed individually below.

Nicoleta Burlacu graduated from law school in 2000. She received her L.L.M. in 2006. It appears from Mr. McManus' Declaration that she then worked for Greenberg Traurig, LLP from 2006 to 2008. She was admitted to the New York bar in 2008. While the Guidelines are fashioned in terms of "years admitted to the bar," the Court accepts Defendant's representation that she has ten years of experience and includes her international law experience for purposes of determining her reasonable hourly billing rate. As such, the Court finds $290.00 per hour reasonable as it is within the Guidelines.

Kenneth Horky has 24 years of experience. The Guidelines provide that $275-440 is reasonable for an attorney with more than 15 years of experience. Defendant does not provide the Court with any evidence or other information that persuades it to go beyond the range provided by the Local Rules. Therefore the Court finds the reasonable rate for Mr. Horky is $400.00 per hour for the work performed in connection with Defendant's Request.

John McManus has 13 years of experience. The Guidelines provide that the reasonable rate for an individual with his experience is between $225 – 300. As such the Court will apply a rate of $300.00 per hour for the work performed in connection with Defendant's Request.

Sanford Saunders has more than 27 years of experience. The Court will allow a rate of $400.00 per hour.

Jozef Przgrodzki has 15 years of experience as a paralegal. While Mr. Przgrodski was admitted to the Maryland bar in June 2010, here is services are being sought as that of a paralegal. The Guidelines provide that the reasonable rate for an individual with his experience is between $95 – 115. As such the Court will apply a rate of $115.00 per hour for the work performed in connection with Defendant's Request.

### III.  Reasonable Hours

Defendant has the burden of demonstrating that the fees and hours requested are reasonable. Costar Group, 106 F. Supp. 2d at 788.  Contemporaneous time records are the preferred method to account for the hours requested by a moving party. Costar Group, 106 F. Supp. 2d at 788.  However, summary charts can be sufficient. Id. (Noting a summary chart was adequate, though contemporaneous time records are ideal).  An adequate summary chart must include enough information for the Court to rule on the reasonableness of the award; "the records must specify, for each attorney, the date, the hours expended and the nature of the work done." Id. Cf. Hensley v. Eckerhart, 461 U.S. 424, 437 n. 12 (1983) (a party "is not required to record in great detail how each minute of his time was expended.  But at least counsel should identify the general subject matter of his time expenditures.").  Here, the Court finds Defendant's summary chart and contemporaneous time records are reasonable.  Together they provide the Court an adequate description of each task worked on, the attorney working on the task, the date, and the amount of time spent on the specific task.  The Court provides a summary of those invoice entries below but substitutes the hourly rates with the Court's reasonable hourly rates, which are consistent with those found in the Local Rules.

| NAME | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Nicoleta Burlacu, Esq. | 4 | $290.00/hr | $1,160.00 |
| Kenneth Horky, Esq. | .5 | $400.00/hr | $200.00 |
| John McManus, Esq. | 1 | $300.00/hr | $300.00 |
| Sanford Saunders, Esq. | .5 | $400.00/hr | $200.00 |
| Jozef Przgrodzki, paralegal | .5 | $115.00/hr | $57.50 |
|  |  |  |  |
| TOTALS |  |  | $1,917.50 |

### V.  Conclusion

For the reasons stated herein, the Court awards Defendants fees in the total of $1,917.50.  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

/s/

Charles B. Day

United States Magistrate Judge