UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

May 24, 2011

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esq.
Stephen H. Ring, PC
506 Main Street, Suite 215
Gaithersburg, MD 20878

Sanford M. Saunders, Jr., Esq.
Nicoleta Burlacu, Esq.
Greenberg Traurig, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037

Michael Stephen Rothman, Esq.
Law Office of Michael S. Rothman
401 East Jefferson Street, Suite 201
Rockville, MD 20850

John L. McManus, Esq.
Kenneth A. Horky, Esq.
Greenberg Traurig, PA
401 East Las Olas Blvd, Suite 2000
Fort Lauderdale, FL 33301

Re: Beyond Systems, Inc. v. World Avenue USA, LLC, et al.
    Civil Action No.: PJM-08-921

Dear Counsel:

The Court has received Petitioner's World Avenue USA, LLC's Application As To Amount Of Attorney's Fees (ECF No. 510) ("Defendant's Request"). The Court has reviewed Defendant's Request and all related briefings. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons stated below, the Court GRANTS Defendant's Request in the amount of $3,842.50.

Defendant seeks $4,984.00 in attorneys' fees in connection with Defendant World Avenue USA, LLC's Memorandum of Law In Opposition To Plaintiff's Motion For Order To Compel Defendant WAUSA To Provide Complete Production Of Documents/Request For Sanctions Pursuant to Rule 37 ("Defendant's Memo") (ECF No. 327-7). Defendant's Memo was in response to Plaintiff's First Motion To Compel Defendants To Provide Complete Production Of Documents. The Court found that Plaintiff's Motion was grossly deficient, providing merely boilerplate arguments to the numerous categories of documents it sought to compel. By contrast the Court found that in Defendant's Memo, Defendant provided an itemization of documents actually produced that was "at least arguably responsive." Moreover, Plaintiff did not dispute Defendant's itemization in its reply memorandum. "Accordingly, as Plaintiff's failure to follow the Local Rules and to make a merit-based Motion is not substantially justified, the Court will award sanctions." Therefore, Defendant's Request arises under Fed. R. Civ. P. 37(a)(5)(A). This rule regarding discovery abuses states that: "[i]f the motion is granted . . . the court must,

*Beyond Systems, Inc. v. World Avenue USA, LLC*
Page 2 of 7
May 24, 2011

after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees."

Plaintiff, Beyond Systems, Inc., ("BSI"), in addition to the provision of the rule sited above, also sites to Fed. R. Civ. P. 37 (a)(4), which is titled "Evasive or Incomplete Disclosure, Answer, or Response." Given Plaintiff's lack of analysis, it seems by implication that Plaintiff seeks to argue a point that it previously raised and the Court squarely rejected. Ironically, those very points served as the basis for the underlying sanctions award in the instant matter. In the instant matter Plaintiff moves yet again for this Court to compel production from Defendant rather than address the adequacy of Defendant's Request. Plaintiff embeds this motion within a section titled "Proportionality of Fees Awarded." Remarkably, not a single case is sited nor is there one sentence dedicated to the issue of "proportionality." Instead, the exact same issues and arguments the Court found to be meritless in the first instance are advanced again. The Court is deeply troubled by Plaintiff's seeming refusal to heed the Court's instruction and course correct. The Court rejects Plaintiff's response in its entirety.

### I. Calculation of Fees

This Court uses a lodestar analysis to determine attorneys' fees awards, an analysis which involves multiplying a reasonably hourly rate by the number of reasonable hours expended. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009), citing Grissom v. Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008). Reasonableness is key in the analysis and the twelve Johnson factors guide the Court in determining what are "reasonable" hours and rates. The twelve Johnson factors are:

> (1) time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work: (6) the attorney's expectation at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; (12) attorneys' fees awards in similar cases.

See Robinson, 560 F.3d at 243; Barber v. Kimbrell's Inc., 577 F.2d 216, 226, n.28 (4th Cir. 1978) (where the court adopted the factors established in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)). In determining the reasonableness of the fees requested, the Court also relies upon the Guidelines in Appendix B, of the Local Rules (D. Md.) (the "Guidelines"), which will be discussed in greater detail below.

*Beyond Systems, Inc. v. World Avenue USA, LLC*
Page 3 of 7
May 24, 2011

      For the analysis in the instant case, the Court finds <u>Johnson</u> factors one, two, three and nine most persuasive. Turning to factor one, it is clear that the amount of time and effort invested by Defendant's attorneys was significant. Factor two is applicable because this case involves some unique challenges, especially those that stem from the underlying controversy: whether certain emails were sent by a particular corporate entity or received by a particular email address. Factor three is relevant because of the various parent and subsidiary corporate identities implicated. Finally, the experience, reputation and ability of the attorney will be a relevant factor in virtually every case. The more experienced an attorney, the more efficiently he or she is expected to perform. Likewise, one would expect the more experienced attorney to charge higher fees when compared to an inexperienced attorney.

      Defendant's primary support for the reasonableness of the billing rates of counsel is offered by the declarations of two attorneys: Sanford M. Saunders, Jr. and John L. McManus. Standing alone, the Court finds these declarations are insufficient. Parties seeking fee awards generally must submit affidavits from non-trial counsel attesting to the reasonableness of their rates.

      In addition, Defendant provides an article from <u>The National Law Journal</u>. Before simply reciting rates charged by various firms, the author notes that "[t]his year's results of <u>The Law Journal's</u> annual billing survey indicated that, although law firms upped their rates at a slower pace compared with last year's increases, they still exacted a higher price for their labor from clients, even amid an unraveling economy." This comment would seem to suggest that the rates contained therein, while perhaps the "norm," are not necessarily reasonable. (Monday, December 8, 2008, S1-S8). Despite this information, the Court has found no sound reason to deviate from its practice of adhering to the reasonable hourly rates provided in the Local Rules.

      Defendant also provides a summary chart, stating the date, the name of the attorney or paralegal, a description of the task being performed, the amount of hours to complete said task or tasks, and the total being charged, which synthesizes the redacted copies of time records kept. Ultimately the appropriate amount for an award of attorney's fees is a matter that is left to the discretion of the Court. Both the reasonableness of the hourly billing rates and the reasonableness of the hours incurred are discussed in turn.

## II.  Reasonable Billing Rate

      When submitting a fee petition, a party should submit affidavits from other attorneys attesting to the reasonableness of the hourly rates. <u>Robinson,</u> 560 F.3d at 245; <u>Grissom</u>, 549 F.3d 313. In both cases, the Fourth Circuit found that the moving party had not provided sufficient evidence of the reasonableness of the hourly rates proposed and both cite the use of affidavits as the preferred method of doing so. The <u>Grissom</u> court stated that the affidavits were necessary because they ensured that the hourly rates requested by the party "coincided with the then prevailing market rates of attorneys in the Eastern District of Virginia of similar skill and for similar work, which our case law required him to do." <u>Grissom</u>, 549 F.3d at 323. <u>See also</u> <u>Robinson</u>, 560 F.3d at 245.

*Beyond Systems, Inc. v. World Avenue USA, LLC*
Page 4 of 7
May 24, 2011

      While affidavits are the preferred evidence of understanding reasonableness in the context of prevailing market rates, "in the absence of sufficient documentation, the court may rely on its own knowledge of the market." Costar Grp. v. Loopnet, Inc., 106 F. Supp. 2d 780, 788 (D. Md. 2000). See also Hensley v. Eckerhart, 461 U.S. 424, 433 (inadequate information is not necessarily fatal; a court may instead adjust fees accordingly). The Court may supplement with its own knowledge because it "is itself an expert on the question of reasonableness and . . . may form an independent judgment either with or without the aid of witnesses as to value." Id., at 788 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)). In the District of Maryland, this market knowledge is embedded in the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, Appendix B, Local Rules (D. Md.) (the "Guidelines"). This Court's Local Rules are instructive on the range of reasonable hourly rates based on counsel's years of experience. While the Guidelines are not binding, generally this Court presumes that a rate is reasonable if it falls within these ranges.[1] In light of this, Defendant has provided sufficient information for this Court to determine whether the proposed attorneys' fees are reasonable.

      Defendant seeks compensation for work performed by Kenneth Horky, John McManus, and Barry Dotson, each of whom has an hourly rate that exceeds the Guidelines. Defendant cites various cases as support for their respective rates. As the Court explains below, each case is distinguishable from the facts presented here.

      Defendant notes that in Instant Tax Serv. 10060, LLC v. TCA Fin., LLC, 2009 WL 2579806 (D. Md. 2009), this Court stated: "[w]hile these rates are on the high side, the Court finds them to be not out of range from the hourly rates charged by other large firms with clients throughout the United States and abroad." A critical aspect is that the sanctions came under Rule 11. The Court found that the "primary purpose of sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous suit." Id. at *3 (citing In re Kunstler, 914 F.2d 505, 524 (4th Cir. 1990)). By contrast, the underlying aim of Rule 37 is to compensate the moving party for having to file an unnecessary motion. Defendant has not demonstrated why it should be permitted to exceed the Guidelines.

---

[1] Footnote 6 in Appendix B, Local Rules (3) provides important insight regarding the purpose and use of the fee ranges in the Local Rules:

> These rates are intended solely to provide practical guidance to lawyers and judges when requesting, challenging and awarding fees. The factors established by case law obviously govern over them. One factor that might support an adjustment to the applicable range is an increase in the cost of legal services since the adoption of the guidelines. The guidelines, however, may serve to make the fee petition less onerous by narrowing the debate over the range of a reasonable hourly rate in many cases.

Appendix B, Local Rules (3) n.6 (D. Md.).

*Beyond Systems, Inc. v. World Avenue USA, LLC*
Page 5 of 7
May 24, 2011

   In <u>Bethesda Asset Servs., Inc. v. The Bank of N.Y.</u>, 2005 WL 2106083 (D. Md. 2005) the Court did not use the Guidelines as a basis for determining the reasonableness of attorneys' fees. Instead the Court relied exclusively on its own experience in "examining other lawyers' invoices in other cases, fee discussions with lawyers at professional gatherings, and a review of legal periodicals in the Washington metropolitan area." <u>Id</u>. at *36. However, after the Court reviewed each invoice submitted, it reasoned that the invoices demonstrated "that the expenditures for fees and expenses were necessary to achieve the successful results obtained by the plaintiffs. Further, the amounts expended were reasonable considering the qualifications and ability of counsel, the complexity of the issues, and the scope and amount of work entailed in presenting the plaintiff's case." <u>Id.</u> at *37. While this Court acknowledges that the effort to get the cooperation of Plaintiff in discovery is not insignificant, the situation here involves a single motion that is rather straightforward – Plaintiff sought to seal materials without a legitimate basis for doing so. Even assuming arguendo that it was something less than straightforward, the instant matter is not analogous to the complexity, scope or amount of work entailed in presenting an entire case.

   Defendant next cites <u>Whitaker v. Navy Fed. Credit Union</u>, 2010 WL 3928616 (D. Md. 2010) (Slip Copy). Defendant notes that the Court permitted a fee that was above those presumed reasonable in the Guidelines "where it was justified by the experience of the attorney." The Court is not persuaded that the case here involves such unique issues that it requires experience to justify an above the Guidelines award.

   Defendant has not presented the Court with anything that persuades it to deviate from the figures provided in the Guidelines. While Defendant notes cases decided in the Fourth Circuit and in the District of Maryland that found the situation warranted going beyond the rates published in the Local Rules, these cases are each distinguishable. These cases notwithstanding, the result here would remain the same as Defendant has not demonstrated a satisfactory basis to permit rates higher than the Guidelines under these circumstances. Further, even if the Court were to conclude that said cases were binding, Defendant fails to show how the situation in those cases is analogous to the circumstances here, thus warranting the fees it seeks to recover here. The three attorneys and one paralegal for whom fees are sought are discussed individually below.

   Nicoleta Burlacu graduated from law school in 2000. She received her L.L.M. in 2006. It appears from Mr. McManus' Declaration that she then worked for Greenberg Traurig, LLP from 2006 to 2008. She was admitted to the New York bar in 2008. While the Guidelines are fashioned in terms of "years admitted to the bar," the Court accepts Defendant's representation that she has ten years of experience and includes her international law experience for purposes of determining her reasonable hourly billing rate. As such, the Court finds $290.00 per hour reasonable as it is within the Guidelines.

   Kenneth Horky has 24 years of experience. The Guidelines provide that $275-400 is reasonable for an attorney with more than 15 years of experience. Defendant does not provide the Court with any evidence or other information that persuades it to go beyond the range provided by the Local Rules. Therefore the Court finds the reasonable rate for Mr. Horky is $400.00 per hour for the work performed in connection with Defendant's Request.

*Beyond Systems, Inc. v. World Avenue USA, LLC*
*Page 6 of 7*
*May 24, 2011*

John McManus has 13 years of experience. The Guidelines provide that the reasonable rate for an individual with his experience is between $225-300. As such the Court will apply a rate of $300.00 per hour for the work performed in connection with Defendant's Request.

Barry Dotson has approximately 26 years of experience as a paralegal. The Guidelines provide that the reasonable rate for an individual with his experience is between $95-115. As such the Court will apply a rate of $115.00 per hour for the work performed in connection with Defendant's Request.

### III. Reasonable Hours

Defendant has the burden of demonstrating that the fees and hours requested are reasonable. Costar Group, 106 F. Supp. 2d at 788. Contemporaneous time records are the preferred method to account for the hours requested by a moving party. Costar Group, 106 F. Supp. 2d at 788. However, summary charts can be sufficient. Id. (Noting a summary chart was adequate, though contemporaneous time records are ideal). An adequate summary chart must include enough information for the Court to rule on the reasonableness of the award; "the records must specify, for each attorney, the date, the hours expended and the nature of the work done." Id. Cf. Hensley v. Eckerhart, 461 U.S. 424, 437 n. 12 (1983) (a party "is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.").

Here, the Court finds Defendant's summary chart and contemporaneous time records are reasonable. Together they provide the Court an adequate description of each task worked on, the attorney working on the task, the date, and the amount of time spent on the specific task. Considerable effort was required to address the many meritless allegations by Plaintiff's that responsive documents had not been produced. The Court finds that the hours invoiced by Defendant to accomplish this task are reasonable. The Court provides a summary of those invoice entries below but substitutes the hourly rates with the Court's reasonable hourly rates, which are consistent with those found in the Local Rules.

| NAME | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Nicoleta Burlacu, Esq. | 6 | $290.00/hr | $1,740.00 |
| Kenneth Horky, Esq. | .5 | $400.00/hr | $200.00 |
| John McManus, Esq. | 5 | $300.00/hr | $1,500.00 |
| Barry Dotson, paralegal | 3.5 | $115.00/hr | $402.50 |
|  |  |  |  |
| TOTALS |  |  | $3,842.50 |

*Beyond Systems, Inc. v. World Avenue USA, LLC*
*Page 7 of 7*
*May 24, 2011*

## IV.  Conclusion

      For the reasons stated herein, the Court awards Defendants fees in the total of $3,842.50. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

                                                 _____/s/_____

                                               Charles B. Day

                                               United States Magistrate Judge

CBD/sm