**IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION**

BEYOND SYSTEMS, INC.            )
                                )
    Plaintiff                  )
    v.                         )    Case No. PJM 08 cv 0921
                                )
WORLD AVENUE USA, LLC, et al.   )
    Defendants                 )
_____ )

### WORLD AVENUE USA, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT

Defendant, World Avenue USA, LCC ("WAUSA"), by and through undersigned counsel, hereby submits its Memorandum of Points and Authorities in Support of Its Motion for Entry of Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. WAUSA seeks entry of final judgments as to the Orders dated May 11, 2011[ECF 674] and May 16, 2011 [ECF 680], awarding WAUSA Attorneys' Fees and costs in response to BSI's discovery abuses, so WAUSA can initiate the appropriate collection proceedings.

### I.   FACTUAL BACKGROUND

On May 11, 2011, the Court entered an Order [ECF 663-1] granting WAUSA's Application As To Amount of Attorneys' Fees [ECF 473] in the total amount of $10,960.00. On May 16, 2011, the Court corrected a miscalculation of the total amount raised by WAUSA in its letter submission [ECF 664] amending the amount to $8,760.00. [ECF 674]. On May 18, 2011, the Court entered another Order [ECF 680] granting WAUSA's Application As To Amount of Attorneys' Fees [ECF 478] in the total amount of $ 5,580.00. Although not required by the local rules, WAUSA waited fourteen days granted by the Local Rules for moving to reconsider to pass

before seeking entry of final judgments as to these Orders.[1]  *See* Local Rule 105(10) ("Except as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order").

## II.  ARGUMENT

### A.  The Court Should Enter Final Judgments As To Orders ECF 674 and 680

Federal Rules of Civil Procedure 58 requires that "every judgment … must be set out in a separate document, but a separate document is not required for an order disposing of a motion … (3) or attorneys' fees under Rule 54 …." Fed. R. Civ. P. 58(a)(3); *see also Teague v. Bakker*, 213 F. Supp.2d 571, 578-79 (W.D.N.C. 2002) ("[B]ecause motions for [costs] are separate and collateral to any decision on the merits, they should be accorded the same dignity under Rule 58 as judgments on the merits.  Just as a judgment on the merits must always be accompanied by a separate document, so should a district court's order denying or granting a motion for [costs]." (alteration in original) (quoting *Stichting Mayflower Recreational Fonds v. Newpark Resources, Inc.*, 9 F. App'x 932, 934 (10th Cir. 2001).  An order is considered a separate document for the purpose of Rule 58 if it satisfies three requirements: "(1) the order must be self-contained and separate from the opinion; (2) the order must note the relief granted; and (3) the order must omit (or at least substantially omit) the District Court's reasoning for disposing of parties' claims." *United Auto Workers Local 259 Social Sec. Dep't v. Metro Auto Center*, 501 F.3d 283, 287 (3d Cir. 2007) (*quoting In re: Cendant Corp. Sec. Litig.*, 454 F.3d 235, 241 (3d Cir. 2006).  Because the Memorandum Opinion and Orders awarding WAUSA fees are not separate from the opinions

---

[1] The Court entered additional three Orders awarding WAUSA's Applications As To Amount of Attorneys' Fees [ECF 682, 683 and 684]. However, the fourteen days period has not passed as to these Orders and WAUSA does not move for entry of final judgments as to these Orders.

and they contained the Court's reasoning and legal analysis, they do not qualify as judgments. *Id.* at 579.  Therefore, the Court should enter final judgments on these Court Orders.

In addition, Fed. R. Civ. P. 58(b)(1)(B) provides that unless the Court orders otherwise, the clerk must, "without awaiting the court's direction, promptly prepare, sign, and enter the judgment when … (B) the court awards only costs or a sum certain."  The Court's Orders granting WAUSA's Applications As To Amount of Attorneys' Fees awarded sums certain in the amount of $8,760.00 and $5,580.00 and therefore, the Court's Orders does not require a judgment to be set out in a separate document.  However, as no judgments appear on the docket, WAUSA requests that the Court direct the clerk to enter a Final Judgments on the docket.  *See Cedar Creek Oil & Gas Co. v. Fidelity Gas Co.*, 238 F.2d 298 (9th Cir. 1956) (There is no judgment until the clerk makes his docket entry).

## B.  Entry of Final Judgments Avoids the Prejudice of Delay

The rule relating to entry of judgment was adopted for purpose of avoiding prejudice to parties by delay in entry of judgments on the docket.  *Greenwood v. Greenwood*, 234 F.2d 276 (1956).  Enforcement of attorneys' fees orders is predicated on the existence of a final judgment.  As WAUSA stated in its Opposition to BSI's Motion for Staying Enforcement of the Court's Order [ECF 672], WAUSA is entitled to seek enforcement of the Court's fees awarding Orders and to obtain finality.  *See* ECF 675 at pp. 2-3.  BSI itself treats the Court Order awarding attorneys' fees ECF 663-1 as final judgment by filing Motion for Staying Enforcement of Court Order and citing to the Federal Rule staying enforcement of judgments.  Further delay will prejudice WAUSA as it signals BSI that it can delay, or potentially avoid, accountability for its prior violations and enhances the risk such conduct will continue.  Therefore, the Court should grant WAUSA's Motion and entry final judgments as to these Orders.

### III.  CONCLUSION

For the reasons stated above, World Avenue USA, LLC respectfully requests the Court enter Final Judgments against Plaintiff, Beyond Systems, Inc. awarding World Avenue USA, LLC $8,760.00 and $5,580.00 in fees in accordance with the Court's May 11 and May 18, 2011 Orders, or, in the alternative, requests that the Court direct the Clerk to enter such Final Judgments in accordance with Fed. R. Civ. P. 58 (b).

Dated:  June 1, 2011.

        Respectfully submitted,
        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        __/s/_____
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone:  202-331-3100
        Facsimile:  202-331-3101
        and

Kenneth A. Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477