IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC. )<br>)<br>    Plaintiff  )<br>    v.        )<br>)<br>WORLD AVENUE USA, LLC, et al. )<br>    Defendants  )<br>_____ ) | Case No. PJM 08 cv 0921 |

**DEFENDANT WORLD AVENUE HOLDINGS, LLC'S REPLY IN SUPPORT OF
MOTION TO COMPEL COMPLETE ANSWERS TO INTERROGATORIES FROM
THIRD-PARTY DEFENDANT, HYPERTOUCH, INC.
RELATING TO THE AUGUST TRIAL**

Defendant WORLD AVENUE HOLDINGS, LLC ("Holdings"), hereby submits its Reply in Support of its Motion to Compel Complete Answers to Interrogatories Relating To August Trial from Third-Party Defendant, HYPERTOUCH, INC. ("Hypertouch"), and states:

    **I. Holdings Complied With the Local Rules, The Court's Orders, and the Joint Discovery Schedule, And, After Almost A Month Of Effort, Hypertouch Still Won't Supplement Its Answers.**

Hypertouch dedicates the bulk of the first 6 pages of its Opposition to arguing that Holdings failed to conduct a meet-and-confer on its Motion. Hypertouch is incorrect. As per the Parties' Joint Discovery Schedule, as amended, at DE 571, 592, 613, and 636, the Parties were to conduct a Limited Discovery Conference on April 15th to discuss once and for all every disputed discovery issue relating to the August Trial.[1] On April 15th, the parties held a one and one-half hour call wherein Holding's counsel raised the issue of the deficiency of Hypertouch's

---

[1] In BSI's Notice and Partial Certification of Issues For Immediate Court Attention [DE 647- filed April 23, 2011], BSI requested a lengthy extension of time to meet-and-confer. WAUSA opposed the request for extension the next business day at DE 649. The Court denied the requested extension of time at DE 656 for the reasons stated in the opposition. *See* DE 656-filed May 2, 2011.

interrogatory responses. On April 19th, Hypertouch was provided a letter summarizing the deficiencies. On April 22nd, Hypertouch was provided a written stipulation summarizing the deficiencies. Numerous conferences were held, including a 2 hour in-person meeting on May 10th and a 2 ½ hour call on May 11th. *See* Holdings' Amended Local Rule 104 Certification, filed herewith. Despite nearly a month of effort, Hypertouch has still failed to withdraw its General Objections and although it has agreed to supplement some Interrogatory Answers subject to this Motion, it failed provide a complete answer to Interrogatories # 1, 7, 8-10, 13-17, and 19-25. Importantly, the Supplemental Answers to Interrogatories #2, 7, 11, 18 are not signed.[2] *See* Supplemental Answers.

Hypertouch spends five pages in its Opposition outlining the standard set by the Court about the limited discovery in preparation for the August Trial, complaining about Holdings' harassment of Plaintiff and that the Interrogatories are designed "to keep[] a smaller opponent preoccupied and perhaps off balance at times, at least during pre-trial activity." Opp. at pp. 1-2. However, Hypertouch omits that it has been stalling limited discovery related to the trial issues, requesting multiple extensions and unreasonably and unilaterally setting up its own prolonged deadlines. Hypertouch's characterization of the situation is full of misrepresentations. Hypertouch's situation is completely self-inflicted and its arguments should be summarily denied as a smokescreen. With three months left before the scheduled trial, Hypertouch should be compelled to provide fulsome answers that are important for Holdings' trial preparation.

---

[2] Although Hypertouch's counsel stated that "[t]he signature page will follow" it did not specify when, and as of the time of the serving of this Reply none has been provided. *See* Ex. 1, transmittal email from S. Ring dated May 19, 2011.

## II. **Hypertouch Failed To Defend Its General Objections And They Should Be Summarily Overruled.**

Hypertouch lodged 5 pages of General Objections to Holdings' Interrogatories. *See* Memorandum of Points and Authorities ("Memorandum"), Exhibit ("Ex.") 3, pp. 1-5. Holdings addressed them comprehensively at Pages 2-4 of its Memorandum of Law. Hypertouch completely failed to defend its General Objections in its Opposition, and as such, they should be overruled.

## III. **Hypertouch's Objection That Interrogatories Are Better Suited For Depositions Is Inappropriate and Should Be Denied**.

Hypertouch alleges that Holdings' interrogatory requests are "better suited for deposition inquiry" or that it "may follow up in deposition." Hypertouch's argument fails because the Federal Rule of Civil Procedure governing interrogatories, requires that each interrogatory "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). The exception providing the option to produce business records have been narrowly interpreted and in circumstances that do not strictly involve "'business records,' federal courts have generally refused to allow parties to answer interrogatories by referring to outside materials." *See* Fed. R. Civ. P. 33(d); *Wagner v. The Fishing Company of Alaska, Inc.*, Case No. C06-1634RSL, 2008 WL 2813333, *1 (W.D. Wash. July 18, 2008) (*citing Cont'l Illinois Nat'l Bank &Trust Co. v. Caton*, 136 F.R.D. 682, 687 (D. Kan. 1991) (stating that Rule 33(d) "applies to 'business records' from which raw data and facts can be discovered. The rule does not mention deposition transcripts, documents or writings that were generated, or discovered, respectively, during the course of prior discovery in the same case, only portions of which may be relevant to the issues for trial") (emphasis in original)); *see also Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) ("It is well established that an answer to interrogatory must be responsive to the question.

It should be complete in itself and should not refer to the pleadings, or to depositions or other interrogatories, as least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers").

Thus, a party may not properly answer an interrogatory by referring generically to testimony given upon deposition. *Starlight Int'l, Inc. v. Herlihy*, 86 F.R.D. 626, 640 ("Incorporation by reference to a deposition is not responsive answer").  A reference to a future deposition contradicts even more the letter and the spirit of discovery rules.  Accordingly, the Court should deny Hypertouch's objections and compel Hypertouch to provide complete answers to Holdings' interrogatories.  *U.S. v. Health Alliance of Greater Cincinnati*, Case No. 1:03-cv-00167, 2010 WL 54754, at *1, *2-3 (S.D. Ohio Jan. 6, 2010) (rejecting government's claim that "it prefers to answer interrogatories instead of deposition questions" because "[t]he government, like any other party, must comply with the rules of discovery, and cannot dictate to its adversary which discovery tools should be used"); *Iliana Surgery and Medical Center, LLC v. Hartford Fire Ins. Co.*, Case No. 2:07-cv-3, 2008 WL 5111358, at *1, * (N.D. Ind. 2008) (rejecting claim that interrogatories are "better suited for a deposition" because, among other things, they "serve a proper function in avoiding unfruitful depositions"); *Krawczyk v. City of Dallas*, Case No. 3:03-CV-0584D, 2004 WL 614842, at *1, *6 (N.D. Tex. 2004) (overruling objection that the information sought is "more suitable" for deposition where plaintiff did not "clarify and explain his objections and provide support for those objections").

### IV. Hypertouch's Answer to Interrogatory 1 Is Still Deficient

Interrogatory 1 seeks an answer concerning the services provided by Hypertouch to BSI. Hypertouch abandons all of its objections to Interrogatory 1 (although they were comprehensively addressed at pages 5-7 of the Memorandum), and makes just three arguments.

First, Hypertouch quibbles that the Interrogatory uses the word "Identify", rather than "Describe," and therefore, the scant answer that it provided is sufficient. Opposition, p. 6. However, it overlooks the fact that the Interrogatory uses a second defined term, "Specificity", which requires that he provide the detail requested here. Moreover, the fact that the Local Rules define the term "Identify" *with respect to documents and persons* does not mean that the term is devoid of all meaning in the English language when used *in connection with events*.

Second, Hypertouch makes a new objection not previously raised in his Response (Memorandum, Ex. 3, pp. 5-7) -- and therefore waived[3] -- that the information sought in the Interrogatory is more suited for deposition. Opposition, p. 6. This is an invalid basis to deny discovery. *See* § III, *supra*. In making this argument, Hypertouch implicitly admits that there is more detail that can be provided in response to the Interrogatory. Providing such information up front in an Interrogatory would assist in streamlining Hypertouch's President's (Joseph Wagner)

---

[3] *Zornes v. Specialty Indus., Inc.*, 166 F.3d 1212, 1998 WL 886997, at *1, *2 & fn. 3 (4th Cir. 1998) (unpublished) (affirming dismissal of case with prejudice for discovery violations where Magistrate Judge had held that failure to timely respond to discovery requests constituted a waiver of any objections that plaintiff had to any of the requests); *Mezu v. Morgan State Univ.*, 269 F.R.D. 565 (D. Md. Oct. 22, 2010) (holding that assertion of improperly-raised objections to discovery requests unsupported by particularized facts waived all such objections); *Washington D.C. Cement Masons Welfare Fund v. Rapid Response Constr.*, Case No. WMN-08-3434, 2009 WL 2578986, at *1, *2 (D. Md. 2009) (holding that defendants waived discovery objections to request for production where discovery objections were due on May 14, 2009, but the responses were not served until May 21, 2009, and denying motion for extension of time to serve discovery responses, *nunc pro tunc*); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 356 (D. Md. 2008) (holding that the failure to object with particularity to a document request waives the objection); *Sabol v. Brooks*, 469 F. Supp.2d 324 (D. Md. 2006) ("Under Rule 34, failure to make particularized objections to document requests constitutes a waiver of those objections"); *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005) (holding that party responding to a discovery request who fails to assert specific, non-boilerplate and particularized objections waives the objections); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38 (D. Md. 2000) (holding that a party responding to a discovery request who fails to allege specific facts showing the nature and extent of the burden or who asserts a privilege without supporting it, waives the objection) (internal citations and quotations omitted); Fed. R. Civ. P. 34(b).

six hour deposition.

Third, although the deficiencies in the documents that it identified as responsive were identified in the Memorandum, Hypertouch relies on the right of privacy in the California Constitution so that it can redact information in its documents.  However, Hypertouch never provided a privilege log, nor any support for the right of privacy it asserts, and thus, any such privilege was waived (per the authorities cited in the Memorandum that Hypertouch did not contest).

### V. Hypertouch's Answer to Interrogatory 7 Is Still Deficient.

Interrogatory 7 sought the total revenues that Hypertouch received as a result of Computer-Related Services rendered to Persons.  Hypertouch first argues that the Interrogatory requires no answer, based on its quibble with the word "Identify," which, as described above, is meritless.  Hypertouch next argues that the Interrogatory is not relevant.  However, as pointed out in the Memorandum, this issue has been ruled on repeatedly by the Court.

Third, Hypertouch identifies a single summary document (HYP0014725/HYP-WAUSA-0019469) created for the *Kraft* Action that purported to show its litigation and non-litigation proceeds.   Hypertouch does not deny  that the document it produced was for another litigation.  Hypertouch does not deny that the document it produced was completely inaccurate because it is contradicted by Hypertouch's own records.  Hypertouch does not deny that the document is only through the year 2008 and does not include 2009 or 2010.

Fourth, Hypertouch relies on its Supplemental Answer in which, instead of providing the information requested, it mentions that, at some unidentified point in the past, it received stock options of an unnamed quantified and an unspecified value for a company called Thinkwest. The Supplemental Answer is wholly insufficient, and Hypertouch should be compelled to

provide a complete answer.

### VI. <u>Hypertouch's Answer to Interrogatory 8 Is Still Deficient</u>

Just like with its answer to Interrogatory 1, Hypertouch abandons all of its objections to Interrogatory 8, making the two similar arguments. *See supra* at pp. 5-6.  Hypertouch's third argument also not previously raised in its Response -- and therefore similarly waived -- is that Holdings "fails to state why Mr. Wagner's educational activities [are] 'directly relevant to the Trial Issues." Opposition, p. 9.  Hypertouch's argument is contradicted by Joe Wagner counsel's representations that Joe Wagner's dissertation is absorbing all his time in a way that he is incapable to meet the discovery deadlines and obligations in this case, which creates a reasonable inference that he has no time for Hypertouch's business-related endeavors (including services allegedly rendered to BSI as its client) except to forward the emails from California to Maryland in order to manufacture jurisdiction.  A responsive answer to this Interrogatory is directly relevant to the relationship between BSI and Hypertouch, which is going to be tried during the August trial.

### VII. <u>Hypertouch's Answers to Interrogatories 9-10 and 13 Are Non-Responsive.</u>

As identified in the Memorandum, Hypertouch and Wagner maintain "Honeypots" at fourteen (14) specific internet pages in order to attract e-mail to their Servers so that they can bring lawsuits based on such spam.  Interrogatories 9-10, and 13 ask about Hypertouch's involvement with the Honeypots, communications with BSI about the Honeypots, and actions to monitor receipt of e-mail at the Honeypot E-Mail Addresses.  Rather then identifying responsive information on the issue of "Honeypots", Hypertouch argues inapplicable objections such that Wagner will testify at depositions and Holdings did not ask for the Specificity it now demands. Opp. at pp. 11-13.  As stated above, and in Holdings' Motion to Compel, none of these

objections have any merit and Hypertouch should be compelled to provide a complete answer. *See supra* at pp. 3-4; Memorandum in Support at pp. 11-13.

Hypertouch then attempts to "informally supplementats" [sic] its Answer, but even in its unsworn version, Hypertouch fails to answer the questions posed. *See* Opposition, p. 11. What Hypertouch calls its "Answer" is actually its attempt to re-define the question. Holdings asked about fourteen specific websites that it defined as "Honeypots," and Hypertouch dedicated its response to trying to dispel the notion that there was anything wrong with a Honeypot. Finally, Hypertouch's response that it "does not have the information requested," is non-sensical. Opposition, p. 11. Hypertouch admits only one sentence earlier that it did place e-mail addresses into the websites. For it to now claim that it cannot identify how that was done is unworthy of belief given its admission.

### VIII. Hypertouch's Answers to Interrogatories 14 and 16 Are Non-Responsive

Interrogatories 14 and 16 seek information relating to shared "customers" of BSI and Hypertouch, which is relevant to the Three Trial Issues. By not rebutting Holdings' arguments on the relevance of Interrogatories 14 and 16 (*see* Memorandum, pp. 16-17, Hypertouch now concedes the relevance to the August Trial of these two Interrogatories. Instead, Hypertouch argues that Joe Wagner will testify at deposition which is not a valid objection. *See* Supra at pp. 3-4. Further, Hypertouch states that it will "supplement its answers with emails from 13 clients who voluntarily agreed to be identified as such who have received email services." Opp. at p. 13. However, as of the time of the serving this Reply, Hypertouch failed to do so. In its Supplemental Answers, Hypertouch did not address Interrogatories 14 and 16 at all. Hypertouch should be compelled to provide responsive information on customers of BSI and also of Hypertouch because it goes to the heart of one of the August trial issues.

### IX. Hypertouch's Answer to Interrogatory 15 Is Still Deficient

As with previous answers, Hypertouch objects to providing responsive information by arguing that Joe Wagner will testify as to this information because discussions between Hypertouch and BSI regarding archiving, forwarding , or retransmitting electronic mails sent to hyeprtouch.com "would happen in real time ask that changes were occurring with no record kept" Opp. at pp. 13-14.  However, as stated above this is an invalid objection. *See supra* at pp. 3-4.  Further, although Hypertouch's next statement is that "it will supplement with further description of the types of discussion," (*Id.* at p. 14) no such further supplementation was made.  The Supplemental Answers do not mention Interrogatory 15 at all.  Thus, by its own admission, Hypertouch's Answer to Interrogatory 15 is incomplete.

### X. Hypertouch's Answer to Interrogatory 17 Is Still Deficient

Hypertouch fails to provide any communication with BSI regarding ownership of hypertouch.com and any answer made in this case as to the "ownership" of hypertouch.com does not identify any discussions.  Further, although Hypertouch's next statement is that "it will supplement the response to this interrogatory pursuant to the conference between counsel," (*Id.* at p. 14), no such further supplementation was made.  The Supplemental Answers do not address Interrogatory 17.  This information is relevant for the August mini-trial and should be provided.  By Hypertouch's own admission, its Answer to Interrogatory 17 is incomplete and it should be compelled to provide the complete Answer it promised.

### XI. Hypertouch's Answer to Interrogatories 19-23 Are Still Deficient

Hypertouch failed to provide fulsome answers to Interrogatories 19-23 and failed to supplement its answers.  Rather, Hypertouch raises the same invalid objections that each Interrogatory uses the word "Identify", rather than "Describe," and therefore, the scant answer

that it provided is sufficient. Opposition, p. 16, 17, 19 and 13. As discussed above, this is an invalid objection. This information is more relevant and needed from Hypertouch since Holdings has facing difficulties obtaining discovery from these purported customers.

Finally, Hypertouch admits that its responses are incomplete, but it has done nothing about them. As to Interrogatory 19, Hypertouch states that it "will supplement its responses," but, when the time came to serve Supplemental Answers, it failed to do so. As to Interrogatory 20, although Hypertouch states that there is no need to provide a more fulsome Answer because it "has fully responded", it states that it "*may* elect to expand on its answer". Opposition at pp. 16, 17, 18, 19, and 20 (emphasis added). Hypertouch should be compelled to supplement its Answers.

## XII. Hypertouch's Answers to Interrogatories 24 and 25 Are Still Deficient

Hypertouch failed to provide fulsome answers to Interrogatories 24 and 25 that ask for Hypertouch's servers that BSI cannot access and BSI servers that Hypertouch does not have permission to access. Rather, just like with the rest of its purported Answers, Hypertouch raises the same invalid objections that Interrogatory uses the word "Identify", rather than "Describe," and therefore, the scant answers that it provided are sufficient. Opposition, pp. 21-22. As discussed above, these objections are invalid.

For the foregoing reasons, Hypertouch should be compelled to provide complete and non-evasive Answers to Interrogatories 1, 7, 8-10, 13-17, and 19-25, and it should be sanctioned.

Dated: May 19, 2011.

        Respectfully submitted,

        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        __/s/_____
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone:  202-331-3100
        Facsimile:  202-331-3101

        --and--

        Kenneth Horky, Esq.
        Florida Bar No. 691194
        horkyk@gtlaw.com
        John L. McManus, Esq.
        Florida Bar No. 0119423
        mcmanusj@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, FL 33301
        Telephone: 954-765-0500
        Facsimile:  954-765-1477