IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. PJM 08 cv 0921 |
| | ) | |
| WORLD AVENUE USA, LLC, et al. | ) | |
| Defendants | ) | |
| _____ | ) | |

**DEFENDANT WORLD AVENUE USA, LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLETE ANSWERS TO INTERROGATORIES FROM THIRD PARTY DEFENDANT JAMES JOSEPH WAGNER RELATING TO THE AUGUST TRIAL**

Defendant WORLD AVENUE USA, LLC ("WAUSA"), hereby submits its Reply in Support of its Motion to Compel Complete Answers to Interrogatories Relating To August Trial from Third Party Defendant JAMES JOSEPH WAGNER ("Wagner") and states:

**I.    Preliminary Statement.**

Wagner, Beyond Systems, Inc. ("BSI"), and Hypertouch, Inc. ("Hypertouch") cynically continue to try to evade answering key questions that go to the heart of the August Trial, and now, as of 12:02 am last night, it is clear why. For at that late hour -- a year late and long after it should have been produced so the Court could have seen the proof when considering WAUSA's Motion for Partial Summary Judgment -- BSI finally produced key emails showing what WAUSA has claimed all along: that its so-called "presence" in Maryland was a pretense to allow lawsuits and nothing more. *See* Exhibit 2, attached hereto.[1] Thus, all the more important are the questions the Court is being asked to compel these parties to answer now. No complaint

---

[1] The e-mail was produced as a "supplement" to the documents responsive to the Fourth Request for Production of Documents, which was served on March 29, 2010, for which WAUSA filed a Motion to Compel on June 15, 2010 [DE 271] that the Court granted on October 7, 2010 [DE 441], and as to which the Court denied reconsideration on February 16, 2011 [DE 606].

of burden or petty nitpicking should be heard in light of these latest revelations. Similarly, it is now clear why, over and over, BSI, Wagner, and Hypertouch flout the Court's clear prior rulings and continue to seek to limit discovery to 2004 and later. Because, as the new evidence shows, in the early years, they were less savvy about how discovery worked and more openly discussed their schemes in writing. If the Court wants the August Trial to be a full and searching examination of the *bona fides* of this operation, it behooves the Court to order full and immediate answers to all these questions forthwith.

    **II.**    **WAUSA Complied With the Local Rules, The Court's Orders, and the Joint Discovery Schedule, And, After Over A Month Of Effort, Wagner Still Refuses To Comply.**

Wagner dedicates the bulk of the first 6 pages of his Opposition to arguing that WAUSA failed to conduct a meet-and-confer on its Motion. Wagner is incorrect. As per the Parties' Joint Discovery Schedule, as amended, at DE 571, 592, 613, and 636, the Parties were to conduct a Limited Discovery Conference on April 15th to discuss once and for all every disputed discovery issue relating to the August Trial.[2] On April 15th, the Parties held a one and one-half hour call wherein WAUSA's counsel raised the issue of the deficiency of Wagner's interrogatory responses. On April 19th, Wagner was provided a letter summarizing the deficiencies. On April 22nd, Wagner was provided a written stipulation summarizing the deficiencies. Numerous conferences were held, including a 2 hour in-person meeting in Bethesda, Maryland on May 10th and a 2 ½ - 3 hour telephone call on May 11th. *See* WAUSA's Amended Local Rule 104

---

[2] In BSI's Notice and Partial Certification of Issues For Immediate Court Attention [DE 647-filed April 23, 2011], BSI requested a lengthy extension of time to meet-and-confer. WAUSA opposed the request for extension the next business day at DE 649. The Court denied the requested extension of time at DE 656 for the reasons stated in the opposition. *See* DE 656-filed May 2, 2011. Thus, the meet-and-confer period expired and a further extension will seriously impair trial preparation.

2

Certification, filed herewith. At the meeting and telephone call, although it was untimely, Wagner agreed to reconsider his position by May 18. *See* Opposition ("The agreed date for this supplementation is May 18, 2011"). However, May 18th came and went with no supplementation by Wagner, but instead, on May 19th, counsel for Wagner advised that he was busy and would supplement by May 25th, and the supplementation would consist of mainly bates labels of previously-produced documents. Despite nearly a month of effort, Wagner has still failed to withdraw his General Objections and has not amended, supplemented, or re-visited even a single Interrogatory Answer subject to this Motion. Wagner is trying to run out the clock and there simply is no more time for stalling. Wagner's argument should be summarily denied as a smokescreen.

### III. Wagner Failed To Defend His General Objections And They Should Be Summarily Overruled.

Wagner lodged five (5) pages of General Objections to WAUSA's Interrogatories. *See* Memorandum of Points and Authorities ("Memorandum"), Exhibit ("Ex.") 3, pp. 1-5. WAUSA addressed them comprehensively at Pages 2-4 of its Memorandum. Wagner completely failed to defend his General Objections in his Opposition, and as such, they should be overruled.

### IV. Wagner's Answers to Interrogatories 2-3 Are Still Deficient

Wagner abandons all of his objections to Interrogatories 2-3 (although they were comprehensively addressed at pages 6-7 of the Memorandum), and makes just two arguments. First, Wagner quibbles that the Interrogatory uses the word "Identify", rather than "Describe," and therefore, the scant answer that he provided is sufficient. Opposition, p. 7. However, he overlooks the fact that the Interrogatory uses a second defined term, "Specificity", which requires that he provide the detail requested here. Moreover, the fact that the Local Rules define

3

the term "Identify" *with respect to documents and persons* does not mean that the term is devoid of all meaning in the English language when used *in connection with events*.

Second, Wagner makes a new objection not previously raised in his Response (Memorandum, Ex. 3, pp. 5-7) -- and therefore waived[3] -- that the information sought in the Interrogatory is more suited for deposition. Opposition, p. 7. This is an invalid basis to refuse to answer discovery. *U.S. v. Health Alliance of Greater Cincinnati*, Case No. 1:03-cv-00167, 2010 WL 54754, at *1, *2-3 (S.D. Ohio Jan. 6, 2010) (rejecting government's claim that "it prefers to answer interrogatories instead of deposition questions" because "[t]he government, like any other party, must comply with the rules of discovery, and cannot dictate to its adversary which discovery tools should be used"); *Iliana Surgery and Medical Center, LLC v. Hartford Fire Ins. Co.*, Case No. 2:07-cv-3, 2008 WL 5111358, at *1, * (N.D. Ind. 2008) (rejecting claim that interrogatories are "better suited for a deposition" because, among other things, they "serve a

---

[3] *Zornes v. Specialty Indus., Inc.*, 166 F.3d 1212, 1998 WL 886997, at *1, *2 & fn. 3 (4th Cir. 1998) (unpublished) (affirming dismissal of case with prejudice for discovery violations where Magistrate Judge had held that failure to timely respond to discovery requests constituted a waiver of any objections that plaintiff had to any of the requests); *Mezu v. Morgan State Univ.*, 269 F.R.D. 565 (D. Md. Oct. 22, 2010) (holding that assertion of improperly-raised objections to discovery requests unsupported by particularized facts waived all such objections); *Washington D.C. Cement Masons Welfare Fund v. Rapid Response Constr.*, Case No. WMN-08-3434, 2009 WL 2578986, at *1, *2 (D. Md. 2009) (holding that defendants waived discovery objections to request for production where discovery objections were due on May 14, 2009, but the responses were not served until May 21, 2009, and denying motion for extension of time to serve discovery responses, *nunc pro tunc*); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 356 (D. Md. 2008) (holding that the failure to object with particularity to a document request waives the objection); *Sabol v. Brooks*, 469 F. Supp.2d 324 (D. Md. 2006) ("Under Rule 34, failure to make particularized objections to document requests constitutes a waiver of those objections"); *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005) (holding that party responding to a discovery request who fails to assert specific, non-boilerplate and particularized objections waives the objections); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38 (D. Md. 2000) (holding that a party responding to a discovery request who fails to allege specific facts showing the nature and extent of the burden or who asserts a privilege without supporting it, waives the objection) (internal citations and quotations omitted); Fed. R. Civ. P. 34(b).

proper function in avoiding unfruitful depositions"); *Krawczyk v. City of Dallas*, Case No. 3:03-CV-0584D, 2004 WL 614842, at *1, *6 (N.D. Tex. 2004) (overruling objection that the information sought is "more suitable" for deposition where plaintiff did not "clarify and explain his objections and provide support for those objections"). In making this argument, Wagner implicitly admits that there is more detail that can be provided in response to the Interrogatory. Providing such information up front in an Interrogatory would assist in streamlining Wagner's six hour deposition.

### V.     Wagner's Answer to Interrogatory 5 Is Still Deficient

Once again, Wagner abandons all of his objections to Interrogatory 5 (although they were comprehensively addressed at pages 8-9 of the Memorandum), and makes just two arguments. First, he again insists that the Interrogatory uses the word "Indentify", rather than "Describe," and therefore, the scant answer that he provided is sufficient. Opposition, pp. 7-8. As discussed at pages 3-4, this is an invalid objection.

Second, Wagner argues that Interrogatory Answer 4 answers Interrogatory 5. Wagner's Answer to the Interrogatory is actually: "See #4 above." *See* Memorandum, Ex. 3, p. 8. Interrogatory 4 asked Wagner to identify the IP Addresses used by both BSI and Hypertouch. However, Interrogatory 5 is a different question and asks about shared Servers used by BSI and Hypertouch. Wagner's Answer to Interrogatory 4 does not describe the actual Server, and, as explained in the Memorandum, there is a difference between an IP Address and a Server -- a distinction that Wagner's Opposition does not address at all.

VI. **Wagner's Answer to Interrogatory 12 Is Still Deficient.**

Wagner does not contest in his Opposition the relevance to the August Trial of BSI and Hypertouch's use of Sambar software for which the license was limited to "academic, research and internal business purposes only . . .". *See* Memorandum, Ex. 8. Instead, he states that "he does not know when the software was actually downloaded, but that the purchase date was approximately January 23, 2002." Opposition, p. 8. First, this assertion is not even contained in the Interrogatory Answer and Wagner did not bother to supplement his Answer to include this information. Nor does he identify the documents that substantiate the purchase under Rule 34. More importantly, the Answer lacks the details that WAUSA is seeking regarding the alleged purchase of the software, such as which software version was purchased, and the applicable license agreement.

VII. **Wagner's Answers to Interrogatories 12 and 13, Relating to the International Conference on Rehabilitation Robotics and Kien Pham, Are Still Deficient**.

By not rebutting WAUSA's arguments on the relevance of Interrogatories 12 and 13 (*see* Memorandum, pp. 11-13), Wagner now concedes the relevance to the August Trial of these two Interrogatories. Instead, Wagner again insists that the Interrogatory uses the word "Identify", rather than "Describe," and therefore, the scant answer that he provided is sufficient. Opposition, pp. 7-8. As discussed at pages 3-4, this is an invalid objection. Wagner next claims

that WAUSA knows what he means, which is likewise an invalid objection.[4]

Finally, Wagner's newly-minted (and therefore, waived) objection that the matter is better suited for deposition is meritless. *Health Alliance*, 2010 WL 54754, at *2-3; *Iliana Surgery*, 2008 WL 5111358, at *1; *Krawczyk,* 2004 WL 614842, at *6.

### VIII. Wagner's Answers to Interrogatories 15-16 Are Still Deficient.

Interrogatories 15 and 16 go to the heart of the first trial issue, which is BSI's status as a resident of Maryland, and its access to Maryland-based servers through remote software from computers located outside of Maryland. Before proceeding to rebut the phalanx of objections -- both old and new -- that Wagner levies against these two Interrogatories, it is necessary to step back and point out the unfairness of what Wagner now advocates. The position of BSI, Hypertouch, and Wagner in this case is that they can file declarations whenever they want about their electronic communications with servers in Maryland and their presence in Maryland (*see* Memorandum, Ex. 11, Declaration filed DE 344-3 *quoted at* Memorandum, pp. 15-16), but that, when asked to pinpoint the specific information, they have no further information to provide. They even go so far as to deny that BSI was ever asked to "quantize" the "amount of time in each location," thereby implying that they could easily do so if the question would only be asked. *See id*. Yet, when the time comes, they deny over and over that they have the ability to answer this Interrogatory.

---

[4] *Weiss v. Chrysler Motors Corp*., 515 F.2d 449, 456 (2nd Cir. 1975) ("It is no objection to interrogatories . . . that the information sought is within the knowledge of the interrogating party") (quoting *Bowles v. Safeway Stores*, 4 F.R.D. 469, 470 (W.D. Mo. 1945)); *UMoore v. Rees*, Case No. 06-CV-22-KKC, 2007 WL 1035013, at *1, *2 (E.D. Ky. 2007) (rejecting objection to discovery request that information was already in control of requesting party); Wright & Miller, 8 FED. PRAC. & PROC., § 2014 (2010) (stating that "knowledge is no bar to use of the tools authorized by Rules 26 to 36").

This question matters a great deal. Where the Wagners actually are when they remotely access their servers goes to the heart of the August trial issues. And there is direct evidence that the Wagners deliberately and knowingly locate servers in Maryland just to be able to sue in that state. They have discussed it among themselves in email communications. *See* Exhibit 1. Thus the Wagners' ability to remotely access those servers, the frequency with which they do so and the proportion of their time actually spent in Maryland compared to elsewhere are extremely probative of the core issues in this trial. They must not be allowed to shrug off precise questions that will prove what is actually happening because those kinds of questions are the entire point of this trial. The Court should order a complete answer to these questions forthwith.

As for Wagner's remaining objections, they are thoroughly invalid. First, Wagner again insists that the Interrogatory uses the word "Identify", rather than "Describe," and therefore, the scant answer that he provided is sufficient. Opposition, pp. 7-8. As set forth above, pp. 3-4, this is an insufficient objection. Second, Wagner insists that the time frame be curtailed to 2004 to date, although this same issue has been decided over and over again by the Court against BSI. *See* Memorandum, Ex. 4, February 16, 2011 hearing transcript, p. 72, lines 25-p. 73, lines 1-2; Memorandum, Ex. 9, DE 444, pp. 1-2. This is also an important point, because as the date of Exhibit 1 above illustrates, in the early years when they first embarked on their scheme to manufacture lawsuits, the Wagners were relatively unsophisticated about discovery. As a result they discussed these matters quite openly by email. Later, they realized they could be required to turn over these highly probative communications in discovery, and they curtailed them. Hence the effort to artificially limit discovery to 2004 and later though the scheme itself began years earlier. The Court should not be misled into allowing them to hide some of the most important evidence of their true intentions, purpose and function.

Fourth, Wagner then claims, as to Interrogatory 16, which asks for the instances on which Wagner or Hypertouch have remotely accessed a Hypertouch/Wagner or BSI/Paul Wagner Server in Maryland, "Hypertouch believes that has never occurred."  Opposition, p. 10.  Of course, this is not in the Interrogatory Answer in which Wagner represented that he *could not* answer the question.  As all of these objections are without merit, Wagner should be compelled to provide a complete answer.

IX.     **Wagner's Answer to Interrogatory 18 Is Still Deficient**.

Wagner's Answer to Interrogatory 18 remains insufficient, and he has made no effort to defend his objections (notwithstanding such objections being addressed in the Memorandum at Page 19).  Instead, he again insists that the Interrogatory uses the word "Identify", rather than "Describe," and therefore, the scant answer that he provided is sufficient.  Opposition, pp. 7-8.  As set forth above, pp. 3-4, this is an insufficient answer.  Wagner then states that he was going to supplement the Answer, but he failed to do so within the time agreed by the parties and we are out of time for further delay.  Given the lack of remaining time and Wagner's penchant for arguing waiver when briefs are not timely served, WAUSA is submitting its Reply Brief.

X.      **Wagner's Answer to Interrogatories 20 and 21 Are Still Deficient**.

Wagner has made little or no effort to defend his relevance objections to Interrogatories 20 and 21; instead, he simply states again that he "questions the relevance of this information to the Three Trial Issues."  Opposition, p. 12.  These questions are directly relevant to the nature of the relationship between BSI and Hypertouch and whether "Mr. Joe Wagner, in fact, is doing anything other than manufacturing or sending these e-mails to his brother to allow these suits to be brought."  *See* Memorandum, Ex. 5, transcript of November 29, 2010 hearing.  Interrogatory 20 seeks the information on Hypertouch's wireless hotspots, and Interrogatory 21 seeks

information on the services rendered out of Wagner's Massachusetts residence. Wagner does not deny that his answers are insufficient, and and promised, but failed, to supplement his answer with more detail by May 18th. Given time constraints and his track record of claiming waiver, WAUSA is submitting its Reply Brief.

### XI. Wagner's Answer To Interrogatory 24 Is Still Deficient.

Interrogatory 24 requests information on persons *who actually use* a domain name provided by Hypertouch, which assists in answering the Court's question about the nature of Hypertouch's business. *See* Memorandum, Ex. 5, transcript of November 29, 2010 hearing. Wagner does not defend his objections, which were addressed at Page 22 of the Memorandum. Nor does he contend that his Answer is sufficient. Instead, he promised to supplement his Answer on May 18th, but once again, he failed to do so.

For the foregoing reasons, Wagner should be compelled to provide complete and non-evasive Answers to the foregoing Interrogatories, and he should be sanctioned for his evident pattern of calculated delay and obstruction to providing highly pertinent information needed for the August Trial.

Dated: May 19, 2011.

        Respectfully submitted,

        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        __/s/_____
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone:  202-331-3100
        Facsimile:  202-331-3101

        --and--

        Kenneth Horky, Esq.
        Florida Bar No. 691194
        horkyk@gtlaw.com
        John L. McManus, Esq.
        Florida Bar No. 0119423
        mcmanusj@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, FL 33301
        Telephone: 954-765-0500
        Facsimile:  954-765-1477