**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. PJM 08 cv 0921 |
| | ) | |
| WORLD AVENUE USA, LLC, et al. | ) | |
| Defendants | ) | |
| _____ | ) | |

**DEFENDANT WORLD AVENUE USA, LLC'S REPLY IN SUPPORT OF MOTION TO**
**COMPEL COMPLETE ANSWERS TO INTERROGATORIES FROM**
**THIRD-PARTY DEFENDANT, HYPERTOUCH, INC.**
**RELATING TO THE AUGUST TRIAL**

Defendant and Third-Party Plaintiff, WORLD AVENUE USA, LLC ("WAUSA"), hereby submits its Reply in Support of its Motion to Compel Complete Answers to Interrogatories Relating To August Trial from Third-Party Defendant, HYPERTOUCH, INC. ("Hypertouch"), and states:

**I.   WAUSA's Motion is Not Null and Is Timely.**

Rather then properly addressing the deficiencies in its responses, Hypertouch argues that WAUSA's Motion to Compel is three days late as it was served eight days after the meet-and-confer rather than 5 days. Opp. at p. 1. Hypertouch is incorrect for two reasons.

*First*, Hypertouch fails to address -- let alone rebut -- WAUSA's seventeen (17) page Local Rule 104 Certification and together with the supporting Declaration of Sanford M. Saunders, Jr., supporting efforts that WAUSA made to resolve this Motion without having to file it. *See* Memorandum of Points and Authorities ("Memorandum"), Exhibit ("Ex.") 1, Local Rule 104 Certification & Exhibit A thereto (Declaration of Sanford M. Saunders, Jr.). Hypertouch completely ignores the fact that its counsel continued to engage in discovery discussions, continued to promise supplementation that was not forthcoming, and, even after this Motion was

1

filed and at the same time Hypertouch counsel was talking out of both sides of his mouth by arguing that it was untimely, he was insisting that WAUSA still had an obligation to meet-and-confer. *See* Amended Local Rule 104 Certification.

*Second*, Hypertouch complains that the Motion was not timely filed because it was not filed within five (5) days of the Limited Discovery Conference on April 15th. Opp. at p. 1. Hypertouch should be sanctioned for making this assertion as it is factually void. First, Hypertouch's counsel informed WAUSA just before 4:00 p.m. on the fifth business day after the April 15th conference that he was unable to respond to the discovery issues and would be gone for an extended period. *See* Ex. 1, ¶¶ 3-7. Second, while advocating that WAUSA was late based on the five business day period (*see* Opposition, p. 1), Hypertouch *itself* took the position that the five (5) business day period did not apply to it (*see* Ex. 1, attached hereto) and filed its Opposition *outside* the five business day period.

Thus, Hypertouch's arguments should be summarily rejected as a smokescreen.

## II.   Hypertouch Failed To Defend Its General Objections And They Should Be Summarily Overruled.

Hypertouch lodged pages of Objections to Definitions and General Objections to WAUSA's Interrogatories. *See* Memorandum of Points and Authorities ("Memorandum"), Exhibit ("Ex.") 3, pp. 1-5. WAUSA addressed them comprehensively at pages 2-5 of its Memorandum of Law. Hypertouch completely failed to defend its General Objections in its Opposition, and as such, they should be overruled.

## III.   Hypertouch's Objection That Interrogatories Are Better Suited For Depositions Is Inappropriate and Should Be Denied.

Hypertouch alleges that WAUSA's interrogatory requests are "better suited for deposition inquiry" or that "WAUSA may follow up in deposition." Opp. at pp. 2, 14, and 17.

FTL 108,163,254v1 5-19-11

Hypertouch's argument fails because the Federal Rule of Civil Procedure governing interrogatories, requires that each interrogatory "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).  The exception providing the option to produce business records have been narrowly interpreted and in circumstances that do not strictly involve "'business records,' federal courts have generally refused to allow parties to answer interrogatories by referring to outside materials."  *See* Fed. R. Civ. P. 33(d); *Wagner v. The Fishing Company of Alaska, Inc.*, Case No. C06-1634RSL, 2008 WL 2813333, *1 (W.D. Wash. July 18, 2008) (*citing Cont'l Illinois Nat'l Bank &Trust Co. v. Caton*, 136 F.R.D. 682, 687 (D. Kan. 1991) (stating that Rule 33(d) "applies to 'business records' from which raw data and facts can be discovered.  The rule does not mention deposition transcripts, documents or writings that were generated, or discovered, respectively, during the course of prior discovery in the same case, only portions of which may be relevant to the issues for trial") (emphasis in original)); *see also Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D.Ind. 2000) ("It is well established that an answer to interrogatory must be responsive to the question.  It should be complete in itself and should not refer to the pleadings, or to depositions or other interrogatories, as least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers").

Thus, a party may not properly answer an interrogatory by referring generically to testimony given upon deposition. *Starlight Int'l, Inc. v. Herlihy*, 86 F.R.D. 626, 640 ("Incorporation by reference to a deposition is not responsive answer").  A reference to a future deposition contradicts even more the letter and the spirit of discovery rules.  Accordingly, the Court should deny Hypertouch's objections and compel Hypertouch to provide complete answers to WAUSA's interrogatories. *Iliana Surgery and Medical Center, LLC v. Hartford Fire*

FTL 108,163,254v1 5-19-11

*Ins. Co.*, Case No. 2:07-cv-3, 2008 WL 5111358, at *1, * (N.D. Ind. 2008) (rejecting claim that interrogatories are "better suited for a deposition" because, among other things, they "serve a proper function in avoiding unfruitful depositions"); *Krawczyk v. City of Dallas*, Case No. 3:03-CV-0584D, 2004 WL 614842, at *1, *6 (N.D. Tex. 2004) (overruling objection that the information sought is "more suitable" for deposition where plaintiff did not "clarify and explain his objections and provide support for those objections").

### IV.   Hypertouch's Answers to Interrogatories 1 -2 Are Still Deficient

Hypertouch's Answers to Interrogatories 1 and 2 referring to the past and present locations of servers are still incomplete.  Hypertouch spends five and a half pages arguing how the information it provided is sufficient, but at the same time it implies that fulsomeness of the information is unnecessary and irrelevant because WAUSA conducted its inspections and the deadline for inspections passed.  Opp. at p. 4. However, none of these arguments apply and immunize Hypertouch from misleading WAUSA into wasting its resources.

Further, Hypertouch's objection that this information is within custody and control of WAUSA's officers and directors because of alleged answers of other parties to this lawsuit is inapposite.  *See Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 456 (2nd Cir. 1975) ("It is no objection to interrogatories . . .  that the information sought is within the knowledge of the interrogating party") (*quoting Bowles v. Safeway Stores*, 4 F.R.D. 469, 470 (W.D. Mo. 1945)); *Moore v. Rees*, Case No. 06-CV-22-KKC, 2007 WL 1035013, at *1, *2 (E.D. Ky. 2007) (rejecting objection to discovery request that information was already in control of requesting party); Wright & Miller, 8 FED. PRAC. & PROC., § 2014 (2010) (stating that "knowledge is no bar to use of the tools authorized by Rules 26 to 36").

Given that Interrogatories 1-2 are relevant, not duplicative, Hypertouch's objections to

*FTL 108,163,254v1 5-19-11*

Interrogatories 1-2 should be overruled and a full answer required.[1]

## V. Hypertouch's Answers to Interrogatories 5 and 6 Remain Evasive

Hypertouch fails to address the fundamental flaw with its Answer to Interrogatories 5 and 6. WAUSA asked for the payments by BSI/Paul Wagner to Hypertouch/Joseph Wagner -- which is relevant to the relationship between the two companies (Trial Issue Three). However, Hypertouch limited its response to those payments that were "related to the *operations* of BSI or Hypertouch." (emphasis added). The Interrogatory was not limited to "operations of BSI or Hypertouch." Instead, the Interrogatory asked for *all* payments.

Hypertouch's remaining arguments also fail. *First*, Hypertouch claims it has no further responsive information, but its representation is qualified by the way it has re-phrased the question: Hypertouch has limited its response to payments related to the "operations of BSI or Hypertouch," and excluded other payments. *Second*, Hypertouch claims that WAUSA did not ask for the Specificity it now demands. Opp. at p. 12. The Interrogatory could not be clearer, and called on Hypertouch to "Identify" "with Specificity, the reason(s) for such payments." BSI's three to five word descriptions miss the mark. Third, Hypertouch fails to defend its objection that this Interrogatory duplicates prior interrogatories -- it refers to a response somewhere -- leaving the identity of that Answer a mystery. Thus, Hypertouch should be compelled to give a complete answer.

## VI. Hypertouch's Answers to Interrogatories 12, 14 and 21 Are Still Non-Responsive

Rather then identifying responsive information on the issue of "honeypots" and "Seeded

---

[1] Hypertouch ridiculously argues that WAUSA should have known and "neglected to mention that a possible motive for Hypertouch's move [of the servers] was the facts that the Vargases had a baby on the way, and needed the storage room used by Hypertouch" when the video inspection clearly shows that the basement storage room is used as a cellar by Vargases. Opp. at p. 7.

FTL 108,163,254v1 5-19-11

Email Addresses" Hypertouch argues that inapplicable objections such that Wagner will testify at depositions and WAUSA did not ask for the Specificity it now demands. Opp. at pp. 12-13-15, and 17. As stated above, and in WAUSA's Motion to Compel, none of these objections apply and Hypertouch should be compelled to provide complete answer. *Supra* at pp. 2-4, 5; Motion at pp. 20-25.

### VII.   Hypertouch's Answer to Interrogatories 15 Remain Insufficient.[2]

Hypertouch argues that it fully responded as to "why" the domain name hypertouch.com was registered with a postal address of 235 Belmont Ave., Redwood City, CA 94061, yet the registrant was BSI, but at the same time it alleges that it need not answer because the original interrogatory request did not ask for "why" and WAUSA "raises multiple follow-up questions, that are more suitable for a deposition." Opp. at p. 15.  However, it is obvious that WAUSA's question was "why" and, as stated above, Hypertouch's objection that somehow a future deposition excuses it from providing a complete answer to interrogatory is wrong. *See supra* at pp. 2-4, 5.  For all the reasons stated in WAUSA's Motion to Compel Hypertouch should be asked to provide a complete answer to this interrogatory.  Motion to Compel at pp. 21-24.

For the foregoing reasons, BSI should be compelled to provide complete and non-evasive Answers to Interrogatories 1-2, 5-6, 12, 14-15, and 21 and should be sanctioned.

---

[2]  Hypertouch makes no effort to defend the barrage of objections it lodged to these Interrogatories, and thus, such objections should be overruled.

*FTL 108,163,254v1 5-19-11*

Dated: May 19, 2011.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

___/s/_____
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

7