**IN THE U.S. DISTRICT COURT FOR MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| **Plaintiff,** | * | |
| **-vs-** | * | **Case No. 8:08-cv-00921-PJM** |
| **WORLD AVENUE U.S.A., LLC et al** | * | |
| **Defendants.** | * | |

**THIRD PARTY DEFENDANT JAMES JOSEPH WAGNER'S OPPOSITION IN RESPONSE TO DEFENDANT WORLD AVENUE USA, LLC'S MOTION TO COMPEL COMPLETE PRODUCTION OF DOCUMENTS RESPONSIVE TO FIRST REQUEST FOR PRODUCTION**

Third Party Defendant James Joseph Wagner ("Wagner"), by and through undersigned counsel, hereby submits this Opposition in Response to Defendant World Avenue USA, LLC's ("WAUSA") Motion to Compel Complete Production of Documents Responsive to First Request for Production, and on its behalf states as follows:

## I. INTRODUCTION

Defendant WAUSA brings the present Motion to Compel Third Party Defendant Wagner to Provide Complete Production of Documents Responsive to First Request for Production fourteen (14) months after those Requests for Production were first propounded. Defendant acknowledges that it filed the instant Requests for Production of Documents to Third Party Defendant Wagner a very long time ago. However, Defendant argues that its untimeliness is excusable because Plaintiff has refused to provide the

documents requested since the Requests were first served on February 18, 2010. Defendant also alleges the responses are material to the three August Trial issues.

Assuming the facts as described, Defendant's positions are not supportable under any version of the Federal Rules, the Local Rules, the General Scheduling Order, or the August Trial Stipulated Order. Defendant's Motion is untimely and should be denied for that reason alone. Defendant does not get a second chance at discovery because it failed to timely file its first Motion to Compel Production of Documents from Third Party Defendant Wagner. As the Court recently noted, "This bifurcation was not a 'discovery Mulligan,' but a "litigation tailoring" of issues. See DE 660, p. 2.

For all these reasons, Defendant's Motion to Compel should be denied.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. The First Scheduling Order

The first Scheduling Order in this case was issued on April 28, 2009. *See* DE 58. It was further modified by a joint motion of the Parties filed at Docket Entry 64 (granted May 6, 2009, at DE 65); at Docket Entry 127 (granted November 13, 2009, at DE 128); at Docket Entry 243 (granted May 26, 2010 at DE 244). Under the First Scheduling Order (including all its joint stipulations by the Parties), discovery was due to close on November 15, 2010. *See* DE 243.

### B. Defendant's Service of the Requests

On February 18, 2010, Defendant WAUSA served its First Request for Production of Documents to Third Party Defendant Wagner. The Request contained thirty (30) categories of documents to be produced, along with numerous subparts. On

November 15, 2010, Third Party Defendant Wagner timely served its Responses to Defendant WAUSA's First Request for Production of Documents. Pursuant to the Local Rules, under the First Scheduling Order WAUSA's Motion to Compel responses to Third Party Defendant Wagner should have been filed by no later than thirty (30) days following the Party's receipt of the Response. *See* L.R. 104.8(a). *This means the present Motion should have been filed no later than December 29, 2010. Instead, the present Motion was not served until April 27, 2011.*

**C. The Bifurcated August Trial Order**

At the motions hearing on November 29, 2010, Judge Messitte ordered that the case be bifurcated into two phases. During the first phase, the Parties would litigate the following three (3) issues :

(1) whether Plaintiff Beyond Systems, Inc. is a bona fide "interactive computer service provider" entitled to bring suit under the Maryland Commercial Electronic Mail Act ("MD-CEMA"), Md. Code. Ann., Com. Law § 14-3001 et seq., and/or the Florida Commercial Electronic Mail Act ("FL-CEMA"), Fla. Stat. § 668.601 et seq.;

(2) whether Plaintiff Beyond Systems, Inc. is a bona fide resident of the state of Maryland within the meaning of the MD-CEMA statute; and

(3) the nature of the relationship between Plaintiff Beyond Systems, Inc. and Third-Party Defendant Hypertouch, Inc.

*See* Order, DE 544, at ¶ 1.

To cap the First Phase of the case, the Court ordered that in August 2011, the Court would hold a four-day trial on these three issues before an advisory jury. As the Defendants had conducted extensive discovery leading up to the Motion's Hearing on

November 29th, the Court placed limits on the amount of additional discovery that Defendants could take leading up to the August Trial. In particular, Defendants :

> May depose Joseph Wagner, Paul Wagner, and Steve Wagner for no more than six (6) hours each. The remaining seven (7) depositions will be limited in duration to one (1) hour each. Unless the parties otherwise agree, all depositions may be taken at the law offices of Greenberg Traurig LLP in Washington, D.C.:

*See* Order, DE 544, at ¶ 1.

The August Trial Order also noted that further discovery within the scope of the three (3) issues would be governed by the Proposed Scheduling Order that the parties would jointly file within fifteen (15) days of the Motions Hearing. *See* Order, DE 544, at ¶ 4 (emphasis added). However, the Court noted that :

> Discovery and motions practice as to all issues not within the scope of the trial to be held in the summer of 2011 are hereby **STAYED**, except that any motions currently pending before United States Magistrate Judge Charles Day may proceed until resolved.

*See* DE 544, at ¶ 2 (emphasis in original).

**D. The Proposed Orders for the August Trial**

Pursuant to the Court's Order, the Plaintiff BSI and Defendants WAUSA and HOLDINGS filed a Proposed Joint Discovery Schedule for the August Trial. *See* DE 571 (filed 12/15/10). ***Neither of the Third Party Defendants Hypertouch nor James Joseph Wagner were a party to the Proposed Discovery Schedule or the Amended Proposed Discovery Schedule***. Under the initial August Trial Scheduling Order, the initial Conference on Limited Discovery Disputes was to be held by no later than December 22, 2010. On January 7, 2011, the Parties extended the date for filing the

stipulations that came out of the Limited Discovery Dispute Conference to January 13th. *See* DE 592, at p. 1 (granted on January 20, 2011, at DE 595).

However, the Parties never filed the Joint Stipulation with the Court "informing the Court of each specific existing Limited Discovery Dispute that has been resolved." *See* DE 571 (Joint Proposed Discovery Schedule 12/15/10) (Jan. 7, 2011 deadline). Instead, Counsel for Defendants sent a thirty-nine (39) page letter, attached to Defendant's Motion as Exhibit C, containing a long list of Third Party Defendant's deficient discovery responses to Mr. Ring via letter. *See* DE 593 (referencing a WAUSA letter dated December 21, 2010).

In its own January 11, 2011 correspondence filed with the Court, Defendant itself noted that the Conference regarding the Limited Discovery Disputes was still ongoing and no Stipulation had been filed. Specifically, it noted :

> Pursuant to the proposed Joint Scheduling Report filed with the Court at DE 571, ***on December 21, 2010 WAUSA sent to BSI a comprehensive letter regarding pending discovery issues for discussion with BSI and the parties held a brief telephone conference on December 22nd, with a view toward resuming discussions after the new year***. On December 23rd and 26th, BSI responded to the December 21st letter but failed to take the positions it now raises in the January 1st letter to the Court. Moreover, prior to submitting its January 1st letter on these issues, BSI had not conferred on the telephone or in person with WAUSA on these new positions. The parties have been engaging in discussions regarding discovery related to the mini-trial pursuant to the proposed Joint Scheduling Report submitted to the court on December 15th. ***That dialogue continues today.***

*See* DE 593 (emphasis added).

On April 1, the Parties filed a superceding Partial Joint Proposed Amendment to

Discovery Schedule extending certain discovery dates within the First Proposed Scheduling Order. *See* DE 636 (Partial Joint Proposed Amendment to Discovery Schedule) (filed 04/01/11). In that extension, the Parties agreed to not only move the time for filing a Joint Stipulation regarding the existing Limited Discovery Disputes to February 4th (which date had already passed), but also added another date for the Parties to hold another Conference on all existing Limited Discovery Disputes. As to those Limited Discovery Disputes that were resolved in the Conference, supplementation could occur within the next fourteen (14) days. *See* DE 636 (April 22, 2011 Deadline).

For those Limited Discovery Disputes not resolved in the Conference, the Parties were to file a Joint Stipulation identifying each Limited Discovery Dispute that were not resolved and for which a Motion was not already pending. *See* DE 636 (April 22, 2011 Deadline). As to all such unresolved Limited Discovery Dispute issues, any Motions filed would be briefed on an expedited basis as follows :

> The Motion shall be served within five (5) business days of the Conference, the Opposition shall be served within five (5) business days of the Motion, and the Reply shall be served within five (5) business days of the Opposition.

*See* DE 636 (April 22, 2011 Deadline).

### E. Joint Stipulations Regarding the Conference on Limited Discovery Disputes

In its letter of April 18th, Defendants note that the Parties attended a "meet-and-confer" regarding the Limited Discovery Disputes at issue in the present matter on Friday, April 15th. *See* **Exhibit A**, Saunders Ltr dated 04/18/11. While Defendants noted that the letter "summarizes issues that have been in play since last year," *see*

Exhibit A, at p. 1, the Parties never filed a Joint Stipulation as a result of the April 15, 2011 meeting -- ***and none exists to this day***.

However, Defendant WAUSA cites a thirty-five (35) page summary letter from opposing counsel dated April 18, 2011 (referenced as "April 19th" in the Motion to Compel) as evidence that it has met its conference obligations. Both the letter and the Rule 104 Certification attached to the instant Motion to Compel declare that a telephonic conference occurred on April 15, 2011. For all these alleged correspondence and phone calls between the Parties, it is undisputed that there was no agreement amongst the Parties as to which matters had been resolved and which matters remained unresolved.[1] And there had certainly been no agreement that Defendant WAUSA's Motion to Compel Wagner's First Request for Production of Documents was timely or that it would survive the Court's November 30th Court Order.

**F. The Six (6) Motions to Compel Discovery Responses**

On April 27th, Defendants served six (6) Motions to Compel on Plaintiff BSI and Third Party Defendant Wagner and Hypertouch, comprising 811 pages worth of material, which did not include an additional 142 page "show cause" motion. While the Parties and Third Parties held Conferences regarding the matters still at issue in the August Trial, there have been no joint stipulations filed by the Parties or Third Party Plaintiffs or

[1] Defendant indicates that its letter of April 18th is supplementation for written correspondence between the parties dated December 21, 2010; January 6, 2011; March 25, 2011; April 6, April 7, April 11, April 13, April 14, and May 13, 2011; as well as telephone calls held in March-April 2010; the week of May 17, 2010, including May 19, 2010; the week of December 26, 2010; January 4, 5, 10, 11, 12, 14, 18, 25, 26, 27, and 28, 2011; February 1 through 16, 2011; February 23, 2011, and the week that followed; as well as April 11, 2011.

Defendants regarding the matters still in dispute and/or those that have been resolved.

If Defendant maintains that the present Motion to Compel was filed pursuant to the supposed Limited Discovery Conference held on April 15th, then the present Motion to Compel is untimely. According to the Amended Joint Proposed Discovery Schedule for the August Trial (*which has not yet been granted by this Court*), the Motion should have been filed no later than April 22nd. *See* DE 636 (April 22, 2011 Deadline). Regardless, Third Party Defendants were not parties to this August Trial Scheduling Order.

If the instant Motion to Compel discovery falls under the Original Discovery Order(s) not including the "litigation tailoring" which accompanied the August Trial Order, then under the Federal Rules, the Local Rules, and the Scheduling Order in this case, Defendant's Motion to Compel is untimely by more than four (4) months.

**G. The Court's Admonitions Against Abusive Discovery Practices**

At the Motions Hearing on November 29th, Judge Messitte warned the parties about the pattern of excessive filings in this case and its desire to see real progress on the merits of the issues between the parties or work at settling the case :

> *[W]e're going to get to this case on the merits. I'm telling you, we're going to get there and I'm going to make you do it, or you're going to settle it before that. And if you don't settle it, fine, but no more of this thousand paper, 2000 paper filing. It's just not helping things. Let's find out what's going on in all this business right now.*

*See* **Exhibit B** at 97:6-11.

> *I'm not going to make this a case where one or two large law firms on the defense side get to flood the law firm on the plaintiff's side by overwhelming them with paper. That's not going to happen in this case.*

*See* Tr. 11/29/10 hearing, **Exhibit B** at 102:8-11.

## III. WAGNER'S RESPONSES IN OPPOSITION

### A. General Objections

Wagner's General Objections to breadth, the burdensome nature of the overbroad requests, the objections as to relevance, and the objections that the Requests for Production do not pertain to the three (3) trial issues are all well taken and carefully directed to Defendant's Requests. WAGNER has produced many gigabytes of data to Defendant WAUSA on November 15, 2010. Although the Defendant WAUSA failed to timely file a Motion to Compel Discovery, nevertheless it asserts that its Motion to Compel should be granted. Defendant has made no showing that any further documents exist in Wagner's possession, custody, or control, as is its burden. As the Court stayed all further discovery pursuant to the November 20, 2010 August Trial Order, *see* DE 544, at ¶ 2, there is no reason for this Court to inquire any further.

### B. Specific Objections

#### 1. Request for Production Numbers 7 and 21

**Documents regarding Hypertouch Server Locations**

These requests are overbroad, not reasonably tailored to lead to the discovery of admissible evidence, and encompass information irrelevant to the three Mini Trial Issues. Neither WAGNER nor Hypertouch keeps records of the "exact location(s)" of every piece of equipment belonging to Hypertouch since 1997. Wagner already objected to the overbroad and non-specific nature of this Request for Production. This is nothing more

than a fishing expedition by Defendant, who has no reason to believe that Wagner has not provided all information in its possession, custody, or control.

WAGNER produced documents that contain the street addresses of some of its clients. See Hyp-WAUSA-0019467. As a small business with a single corporate officer, Hypertouch did not create or retain documents identifying the locations of deployed equipment. Even upstream network providers do not reflect the actual location of machines, *see e.g.* Hyp-WAUSA-0017897 (a billing record of the DSL provider for Eagle Pass which does not list location of any specific servers).

Defendants already know the locations of Hypertouch's equipment, as many of the information is already reflected in its Witness List for the August Trial. Defendants are well aware of the two Points of Presence ("POP") in California that Hypertouch because it filed customer's declarations in support of its Hypertouch's Motion to Dismiss in the Summer of 2010. If the Defendant has specific further questions about the locations or configurations of the Servers or Computer Equipment, this would be best handled during a deposition.

**2. Request for Production Number 10**

**Documents re Permissions to access Hypertouch's Mail or DNS Servers.**

Wagner does not maintain records identifying which Person(s) are given permissions or rights to access Hypertouch's Servers. Hypertouch, by and through its officer James Joseph Wagner is the only one with permission "to access any Hypertouch owned Server for the purpose of creating email accounts @hypertouch.com, reasonabledoubt.com, @hasit.com, @has-it.com." Third-Party Defendant has noted that

BSI does have certain permissions to access Hypertouch's Servers. Wagner's further Responses to this Request for Production of Documents can be found in the following :

1) Interrog. WAH to BSI, dated Feb 4 2011, 1-25, for August Trial (Interrog. No. 8)

2) Interrog. WAH to JJW, dated Feb. 4 2011 for August Trial (1-22) (Int. 17 & 18)

3) Interrog from WAUSA to Hypertouch Feb 4 2011for August Trial (1-22) (Int. 4)

**3. Request for Production Number 11**

**Documents re Business Relationship between Hypertouch, Lisa Fitzgerald and reasonabledoubt.com.**

There are no responsive documents to this Request. There is no "business relationship between the entities named, and WAUSA offers no reason how this information is related to the Mini Trial Issue. There exist no "spam-forwarding services provided by Lisa Fitzgerald Wagner to Hypertouch." Each email, including all spam handled by Hypertouch, is routed to exactly one recipient for each recipient address the sender gives when transmitting the message. None of the EMAILS AT ISSUE were forwarded by Lisa Fitzgerald Wagner, but rather were received only by BSI. Defendant WAUSA has no basis for concluding that because Lisa Wagner receives malicious payload laden spam with other random @hypertouch.com email address in the visible "To:" line, that she in fact has anything to do with those other @hypertouch.com addresses.

Many of Hypertouch's servers, including mail.reasonabledoubt.com, have multiple names : "mail.reasonabledoubt.com" appears in the headers of some of the

EMAILS AT ISSUE because that is the primary domain name Hypertouch gave to that mail server for the reasons provided in its Interrogatory Response on the matter.

**4. Request for Production Number 12**

This request is substantially similar to WAUSA's MTC RRPD No. 15 (2010) from Hypertouch. Wagner incorporates those entire responses and objections here.

**5. Request for Production Number 15**

**Documents re "Registration" of Email Addresses on Web Sites.**

This Request is so extraordinarily overbroad that no answer will be sufficient. This Request represents the height of discovery harassment. The Request for Production demands that Third-Party Defendant Wagner provide all documents, communications, and correspondence of any kind concerning access and registration on any "web site defined in any of Paul Wagner's Declarations filed in this action." The Request makes no sense as written, and certainly makes no sense as interpreted. First, no web site is “defined” and it is unclear from the Request exactly what the Defendant is asking. For the sake of clarity, Wagner and Hypertouch did not participate in the "registration of any email address on any web site" controlled by Paul Wagner and the access to BSI’s website is well documented. Wagner therefore has no such documents as to BSI's web sites.

Regarding Hypertouch's access to or registration of any email address on its own web sites, this subject is substantially similar to WAUSA's MTC RRPD No. 15 (2010) from Hypertouch. Wagner incorporates those entire responses and objections here.

**6. Request for Production Number 18**

**Documents re Anti-Spam Software.**

In its Motion, WAUSA asserts that "This Request is directly relevant to the question of the bona fide operation of Hypertouch and BSI, as explained in *Gordon v. Virtumundo*." *See* MTC, at p. 18. However, the *Gordon* decision concerned CAN-SPAM, and is not a state statute. *Virtumundo* had already conceded that Gordon had standing under the Washington state anti-spam statute.

On the other hand, Wagner stated in his initial response that "documents sufficient to show use will be produced." In support, Wagner has produced documents evidencing installation by Hypertouch of software. *See e.g.,* CONFIDENTIAL-Hyp-WAUSA-0019583, and Pollustop placing spam filter results in the headers of emails. *See e.g.* Hyp-WAUSA-0022557.

**7. Request for Production Number 25**

**Statements by Joe Wagner.**

This Request is clearly overbroad. It seeks essentially every signed or spoken statement ever made by WAGNER since 1997, not narrowed by subject matter. It is a classic fishing expedition. WAGNER and Hypertouch have already produced such documents in this action. Wagner has produced the following documents which are responsive to this Request : 1) CONFIDENTIAL-Hyp-WAUSA-0019467-Hyp-WAUSA-0019469.pdf; 2) Hyp-WAUSA-0096879-Hyp-WAUSA-0096901.pdf; 3) Hyp-WAUSA-0096817-Hyp-WAUSA-0096863.pdf

**8. Request for Production Number 26**

**Documents re "Allocation" of Litigation and Nonlitigation Proceeds for**

**Hypertouch.**

The Request seeks "A copy of all documents reflecting the allocation of litigation proceeds and nonlitigation proceeds for Hypertouch, Inc. for the period from January 1, 2000 to present." As discussed in the previous objections, this Request is clearly overbroad and bears no relevance to the three trial issues set for August. Defendant Wagner is a Third-Party Defendant. In all its bluster, WAUSA provides no explanation as to why this Request has any bearing on the August Trial issues. Equally as puzzling, WAUSA does not seek documents reflecting the proceeds, but rather reflecting the allocation of litigation proceeds. Based on the wording of this Request, it is impossible to determine what information is being requested. In addition, Defendant makes no effort to define "allocation of litigation proceeds and non litigation proceeds. As a result, this Request is incapable of being answered even under a common understanding of those words used in the Request. With the level of specificity discussed in the Motion, Defendant's numerous questions are best addressed in deposition where Defendant can tailor the question.

Defendant WAUSA has failed to show any connection between Hypertouch's finances and BSI's. Indeed, as Hypertouch's and BSI's answers to Interrogatories show, the only payments between them have been from BSI for reimbursement or contracting work some 8 to 11 years ago. This is a classic fishing expedition by WAUSA.

**9. Request for Production Number 27**

**Documents re Your Use and Permission to Use Verizon FIOS for Business and Verizon DSL Services.**

Wagner has provided all responsive documents to this Request in its possession, custody, or control. As has been stated numerous times, Third Party Defendant Wagner is not aware that Paul Wagner purchased Verizon DSL on December 21, 2005. Nor is Wagner aware that Paul Wagner spoke about "Verizon DSL Service" as "fully set forth by Paul Wagner in Affidavits filed in this and other actions and more fully defined in the Verizon Terms of Service produced in this action." On the other hand, Wagner has subsequently discovered that BSI did subscribe to Verizon FiOS on or around December 21, 2005.

Wagner has no documents relating to BSI's Verizon DSL Services, other than those produced by Defendants. The documents that have been produced by Defendant simply reflect Wagner's use of Verizon FIOS for Business. In total, Defendant's Request is so grossly overbroad that the Request cannot be answered. In particular, Defendant's Request asks for "All documents" reflecting Wagner's use of Verizon FIOS for Business, both in his individual capacity and as president of Hypertouch. This Request, when taken on its face, would require the production of millions of emails that used BSI's mail or DNS services on a secondary or other basis, and all documents reflecting transactions of Hypertouch servers co-located with BSI.

The Court has never ordered that Wagner must submit to such burdensome and irrelevant production.

## CONCLUSION

For all these reasons, Defendant World Avenue USA, LLC's Motion to Compel Complete Production of documents should be denied.

Respectfully submitted :

/s/ 05/11/11

Michael S. Rothman, Esq. Date
USDC MD Bar No. 14568
401 E. Jefferson Street
Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

/s/ 05/11/11

Stephen H. Ring, Esq. Date
Stephen H. Ring, P.C.
USDC MD Bar No. 00405
506 Main Street, Suite 215
Gaithersburg, MD 20878
Phone: (301) 540-8181

*Attorneys for Third Party Defendant*
*James Joseph Wagner*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of May 2011, a copy of the foregoing was served upon the counsel named below via electronic mail :

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
GREENBERG TRAURIG, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
202-331-3100
202-331-3101

John L McManus, Esq.
Greenberg Traurig PA

401 E Las Olas Blvd Ste 2000
Fort Lauderdale , FL 33301
19547688291
Fax: 19547651477
Email: mcmanusj@gtlaw.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

Kenneth A Horky
Greenberg Traurig PA
401 E Las Olas Blvd Ste 2000
Fort Lauderdale , FL 33301
19547688273
Fax: 19547651477
Email: horkyk@gtlaw.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

Nicoleta Burlacu
Greenberg Traurig LLP
2101 L Str NW Ste 1000
Washington , DC 20037

Attorney[s] for World Avenue USA, LLC

__________/s/_________________
Michael S. Rothman