IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
|    Plaintiff | ) | |
|    v. | ) | Case No. PJM 08 cv 0921 |
| | ) | |
| WORLD AVENUE USA, LLC, et al. | ) | |
|    Defendants | ) | |
| _____ | ) | |

**DEFENDANT WORLD AVENUE USA, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLETE PRODUCTION OF DOCUMENTS FROM JAMES JOSEPH WAGNER RESPONSIVE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant/Third Party Plaintiff, WORLD AVENUE USA, LLC ("WAUSA") hereby submits its Reply Memorandum in Support of its Motion to Compel Complete Production of Documents Responsive to First Request for Production from Third Party Defendant, JAMES JOSEPH WAGNER ("Wagner"), and states:

     I.     **WAUSA Did Not Waive Its Motion, And Timely Served It.**

*First*, Wagner complains that the Motion was not timely served within thirty (30) days of Wagner's discovery responses. Wagner fails to address -- let alone rebut -- WAUSA's seventeen (17) page Local Rule 104 Certification and together with the supporting Declaration of Sanford M. Saunders, Jr., supporting the five (5) months of efforts that WAUSA made to resolve this Motion without having to file it. *See* Memorandum of Points and Authorities ("Memorandum"), Exhibit ("Ex.") 1, Local Rule 104 Certification & Exhibit A thereto (Declaration of Sanford M. Saunders, Jr.). Wagner completely ignores the fact that he continued to engage in those discussions, continued to promise supplementation that was not forthcoming, and, even after this Motion was filed and at the same time arguing that it was untimely, he was insisting that WAUSA still had an obligation to meet-and-confer. *See* Amended Local Rule 104 Certification.

As recently as 11:49 p.m. on May 18th, Wagner was asking for *even more* time to supplement his production, which he said would "consist primarily of Bates numbers of documents already produced" -- thereby implicitly admitting that his production is incomplete fourteen (14) months after its service.

Wagner essentially complains that WAUSA tried too hard and too long to resolve this Motion. The linchpin of Wagner's argument is his tortured interpretation of a Local Rule governing disputes that the parties "ha[ve] been unable to resolve informally (by oral or written communications) . . . with the responding party." *See* L.R. 108(a)(1).[1] Of course, the Rule does not address the scenario here where, as of the thirtieth (30th) day, the discussions to resolve the disputes had not yet reached an impasse. Guideline 1(d) of the Discovery Guidelines provides a catch-all guideline that: "In the event that such good faith efforts are unsuccessful, an unresolved dispute should be brought to the Court's attention promptly after efforts to resolve it have been unsuccessful." Given that the efforts have reached an impasse, the motion is timely filed. Any other result would penalize WAUSA's good faith efforts -- the very efforts that the Court mandated and Wagner participated in -- knowing that he had in his back pocket the timeliness assertion he now advocates.

*Second*, Wagner complains that the Motion was not timely filed because it was not filed within five (5) days of the Limited Discovery Conference on April 15th. Opposition, p. 8. Wagner should be sanctioned for making this assertion as it is factually void. First, Wagner's

---

[1] Local Rule 104.8(a) states:

> If a party who has propounded interrogatories or requests for production is dissatisfied with the response to them and has been unable to resolve informally (by oral or written communications) any disputes with the responding party, that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response.

counsel informed WAUSA just before 4:00 p.m. on the fifth business day after the April 15th conference that he was unable to respond to any discovery issues and would be gone for an extended period. *See* Memorandum, Ex. 1, ¶¶ 3-7. Second, while advocating that WAUSA was late based on the five business day period (*see* Opposition, p. 8), Wagner *himself* took the position that the five (5) business day period did not apply to him (*see* Ex. 1, attached hereto) and filed his Opposition outside the five business day period.

*Third*, Wagner complains that the parties never filed a Joint Stipulation on the disputed discovery issues, and this somehow prevents WAUSA from now raising its position. Wagner should be sanctioned for making this assertion as it is factually false. The Joint Stipulation was not filed because Wagner never responded -- and still has yet to do so to this very day. On Friday, April 22nd, as per the Parties' Joint Discovery Schedule, as amended, at DE 571, 592, 613, and 636, the parties were required to file a stipulation on the discovery issues that they had been unable to resolve at their Limited Discovery Conference on April 15th. *See* Amended L.R. 104 Certification. On April 22nd, having not heard from Wagner, WAUSA's counsel forwarded a draft Stipulation of the disputed discovery issues pertaining to the August Trial and included as Wagner's response to the Request for Production. *See* Amended L.R. 104 Certification. WAUSA's counsel never heard back from Wagner's counsel on its portion of the Stipulation, and thus, it was never filed. Wagner cannot not foist his own intransigence as an excuse to deny this Motion.

*Fourth*, Wagner complains that the Motion was filed fourteen (14) months after the discovery requests were served. Wagner neglects to mention that he delayed his responses for nine (9) months, and the remaining five (5) months were spent trying to force Wagner to

supplement his production without Court intervention.  *See* Memorandum, Ex. 1, Local Rule 104 Certification; Amended L.R. 104 Certification.

## II. Wagner Failed To Defend His General Objections And They Should Be Summarily Overruled.

Wagner lodged 4 1/2 pages of General Objections to WAUSA's Request.  *See* Memorandum, Ex. 4, pp. 1-5.  WAUSA addressed them comprehensively at Pages 5-7 of its Memorandum.  Other than repeating them again (Opposition, p. 9), Wagner completely failed to defend his General Objections in his Opposition, and as such, they should be overruled.

Wagner also agrees -- through his complete silence -- that he waived all of his objections to the First Request when he filed a Rule 12(b)(6) motion to dismiss after he filed his responsive pleading and moved for a stay based on that nullity (*see* Memorandum, p. 3), and again waived the objections when, after nine (9) months of dilatory motions, he failed to respond to it in a timely manner.  *See* Memorandum, p. 4 & footnote 2.

## III. Wagner's Response To Requests 7 and 21 Remains Deficient.

Wagner's objections that these requests are overbroad and irrelevant should be overruled because WAUSA directly rebutted these objections in its Memorandum (*see* Memorandum, pp. 8-11), and rather than respond, Wagner just repeats them again.  *See* Opposition, p. 9.

Wagner then contradicts himself.  On one hand, Wagner states that he has complied by "produ[cing] documents that contain the street addresses of some of its clients.  See HYP-WAUSA-0019467."  Opposition, p. 10.  The document is non-responsive because providing addresses of clients does not equate to providing addresses of Computer Equipment.  HYP-WAUSA-0019467 is a Joseph Wagner Declaration dated in September 2008 and does not identify the location of any server.  On the other hand, Wagner states that "Hypertouch did not create or retain documents identifying the locations of deployed equipment." Opposition, p. 10.

But, the sample document that Wagner cites disproves his assertion. The example cited, HYP-WAUSA-0017897, a bill from MegaPath in February 2008, identifies 9 Eagle Hill Terrace, Redwood City, California 94062 -- the same address that Hypertouch has identified in Interrogatory Answers as a former location of its servers.

Wagner claims that he should not have to produce documents or label those he produced as responsive to this Request because "Defendants already know"[2] the answer and the answer would be "best handled during a deposition,"[3] which are invalid objections. Opposition, p. 10. Second, as evidence of the knowledge, Wagner points to "customer's declarations" filed in the "Summer of 2010" in support of "Hypertouch's Motion to Dismiss." Opposition, p. 10. None of these "customer declarations" identify an address as a location of Hypertouch Computer Equipment [*see* DE 377-3 through 377-8], and Wagner should be sanctioned for representing otherwise.

Wagner also asserts that Hypertouch's Answers to Interrogatories providing the street

---

[2] *Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 456 (2nd Cir. 1975) ("It is no objection to interrogatories . . . that the information sought is within the knowledge of the interrogating party") (*quoting Bowles v. Safeway Stores*, 4 F.R.D. 469, 470 (W.D. Mo. 1945)); *Moore v. Rees*, Case No. 06-CV-22-KKC, 2007 WL 1035013, at *1, *2 (E.D. Ky. 2007) (rejecting objection to discovery request that information was already in control of requesting party); Wright & Miller, 8 FED. PRAC. & PROC., § 2014 (2010) (stating that "knowledge is no bar to use of the tools authorized by Rules 26 to 36").

[3] *U.S. v. Health Alliance of Greater Cincinnati*, Case No. 1:03-cv-00167, 2010 WL 54754, at *1, *2-3 (S.D. Ohio Jan. 6, 2010) (rejecting government's claim that "it prefers to answer interrogatories instead of deposition questions" because "[t]he government, like any other party, must comply with the rules of discovery, and cannot dictate to its adversary which discovery tools should be used"); *Iliana Surgery and Medical Center, LLC v. Hartford Fire Ins. Co.*, Case No. 2:07-cv-3, 2008 WL 5111358, at *1, * (N.D. Ind. 2008) (rejecting claim that interrogatories are "better suited for a deposition" because, among other things, they "serve a proper function in avoiding unfruitful depositions"); *Krawczyk v. City of Dallas*, Case No. 3:03-CV-0584D, 2004 WL 614842, at *1, *6 (N.D. Tex. 2004) (overruling objection that the information sought is "more suitable" for deposition where plaintiff did not "clarify and explain his objections and provide support for those objections").

addresses of certain servers also provides an adequate answer. First, this does not answer Request 21 at all, which asks for the communications with the owners or lessees of the locations where Hypertouch housed its Computer Equipment concerning the placement and operation of the Servers. Second, this is not a complete answer to Request 7 because the Interrogatory Answer does not identify whether the other Computer Equipment (other than Servers) was stored. Third, those Answers to Interrogatories are themselves the subject of a motion to compel because they are deficient. Fourth, as to Request 7, this information in an Interrogatory by another party (Hypertouch) was only provided after five (5) months of effort to force Wagner and Hypertouch to comply with discovery and, thus, sanctions are appropriate.

### IV. Wagner's Response to Request 10 Remains Deficient.

Wagner abandons all of his objections to Request 10, which seeks information regarding the Administrative Permissions to access Hypertouch Servers. Wagner states that he "does not maintain records identifying which Person(s) are given permissions or rights to access Hypertouch's Servers," but that "Hypertouch, by and through its officers James Joseph Wagner is the only one with permission to" access Hypertouch servers. Opposition, p. 10. Wagner then contradicts himself to state that "Third-Party Defendant has noted that BSI does have certain permissions to access Hypertouch's Servers." *Id*., p. 11. However, Wagner and Hypertouch's own production shows that they have files showing BSI's and Paul Wagner's access to the Hypertouch Computer Equipment, but Wagner and Hypertouch have not produced all the documents, and certainly, have not labeled the documents that they produced in response to the categories of the Request. *See* Exhibit 2 (Paul Wagner Log-In Account to Hypertouch Server).

Finally, while simultaneously complaining that this Motion is untimely by five (5) months, Wagner argues that the Request for Production has been complied with by the

Interrogatory Answers served by BSI, Hypertouch, and Wagner on *April 8, 2011* -- five months *after* Wagner argues he already complied in November 2010.  First, this is an invalid response because a party cannot pick and chose the discovery form to which he wants to respond.[4]  Second, those Answers are the subject of separate motions to compel.

### V.     Wagner's Response to Request 12 Remains Deficient.[5]

Wagner abandons all of his objections to Request 12 addressed at length by WAUSA (see Opposition, p. 12; Memorandum, pp. 15-16.  Instead, he incorporates in Hypertouch's argument on Request for Production 15 to Hypertouch.  *See* Opposition, p. 12.[6]  None of those responses have any merit.  First, Wagner's argument is self-refuting.  He claims, on one hand, that "there are no documents that demonstrate Wagner worked for Hypertouch on a webpage" and that "Wagner had no reason to keep records for himself on the work he did for himself," but, at the same time, "Hypertouch has provided all information in its possession, custody, or control."  *See* footnote 4, *supra*.  First, as argued at length in the Memorandum -- and conceded by Wagner through his silence on the issue -- Wagner was required to label the documents to correspond to

---

[4] *Health Alliance*, 2010 WL 54754, at *2-3 (S.D. Ohio Jan. 6, 2010) (rejecting government's claim that "it prefers to answer interrogatories instead of deposition questions" because "[t]he government, like any other party, must comply with the rules of discovery, and cannot dictate to its adversary which discovery tools should be used").

[5] WAUSA concedes that Request 11, relating to Lisa Wagner, is not relevant to the August Trial, and will not be continuing to move to compel on Request 11 at this time.

[6] That argument states, in its entirety:

> This request [Request 15 of First Request for Production of Documents to Hypertouch, Inc. from WAUSA] is substantially similar to WAUSA's MTC RRPD No. 12 (2010) from Hypertouch.  [sic].  In addition, Hypertouch has provided all information in its possession, custody, or control so there is nothing to produce.  There are no documents that demonstrate Wagner worked for Hypertouch on a webpage.  Wagner had no reason to keep records for himself on the work he did for himself.  This information is very specific, however, and is best discovered through the use of depositions.

the categories of the Request, which he has failed to do.  *See* Memorandum, pp. 10-11.

Second, Wagner's claim that there "are no documents that demonstrate Wagner worked for Hypertouch on a webpage" is absurd.  The e-mail addresses embedded in the source code of the web pages that Wagner and Hypertouch use to perpetuate their spam litigation enterprise are hypertouch e-mail addresses and the web pages state that they are "design[ed] and host[ed]" by Hypertouch, as shown by the following sample source code:

```
<HTML><HEAD><TITLE>Metrik Properties Homepage</TITLE>
<meta name="email" content="outahere3@hyperbackup.com">
<meta name="email" content="quiesce1@hyperbackup.com">
<meta name="email" content="saveit0@hyperbackup.com">
<meta name="email" content="whrereareyou@hypertouch.com">
<meta name="email" content="unlikely7@hyperbackup.com">
<meta name="email" content="wwwmaster1@hyperbackup.com">
<meta name="email" content="metrikproperties@hyperbackup.com">
</HEAD><BODY><h2>Under construction...</h2><hr>
<img align=right src="http://www.metrikproperties.com/session/pagecount?page=metrikproperties"> <font color="666666">
Graphic design and hosting by <a href="http://www.hypertouch.com"></font><font color="663366"><b>Hypertouch</b></font></a><font color="663366" size=-3>&#174 </font> Inc.<br><a href="mailto:info@hypertouch.com"><font color="666666">info@hypertouch.com</font></a><!--<a href="mailto:catcher0@hyperbackup.com"><a href="mailto:exempt4@hyperbackup.com"><a href="mailto:gotcha@hyperbackup.com"><a href="mailto:whoareyou@hypertouch.com"><a href="mailto:idoubtit7@hyperbackup.com"><a href="mailto:metrikproperties2@hyperbackup.com"><a href="mailto:krispy8@hyperbackup.com"> --></BODY> </HTML>
```

*See* http://www.metrikproperties.com.

Finally, Wagner's objection that that the information sought is better suited to a deposition is meritless.  *See* cases cited in footnote 2, *supra*.

## VI. Wagner's Response to Request 15 Remains Deficient.

Request 15 seeks the documents concerning Wagner's registration of any e-mail address on any website defined in Paul Wagner's Declarations in this case.  The Request goes to the issue of Wagner/Hypertouch's enrolling or registering e-mail addresses in websites so that they could receive e-mails and sue on them.  *See* examples given in Memorandum, p. 17 and Ex. 9.

Wagner's objections that these requests are overbroad and irrelevant should be overruled because WAUSA directly rebutted these objections in its Memorandum (*see* Memorandum, pp. 16-17), and rather than respond, Wagner just repeats them again. *See* Opposition, p. 12.

Wagner's argument is to re-define the Request as asking about Wagner's registrations on *BSI's* or *Hypertouch's* web sites. Opposition, p. 12. The request is clear and refers to the domains referenced in Paul Wagner's Declarations in this case. The Memorandum gave examples of the registrations at issue, and Wagner just ignored the question. Wagner should be compelled to respond, as is abundantly clear from his argument, that he has misconstrued the Request.

### VII.  Wagner's Response to Request 18 Remains Deficient.

Wagner should be compelled to provide the documents on the <u>purchase</u>, <u>installation</u>, <u>and use</u> of anti-spam software on Hypertouch's Servers. Wagner attempts to distinguish the finding of the *Gordon* court that use of such software is one of the hallmarks of a *bona fide* internet service provider. *See* Memorandum, p. 18 (*quoting Gordon v. Virtumundo*, 575 F.3d 1040, 1052, 1054-55 (9th Cir. 2009)); Opposition, p. 13. Wagner argues that *Gordon* is distinct because it concerned CAN-SPAM, and not a state statute. *Id*. The Court has already been down this road four times and rejected this argument,[7] and Wagner should be sanctioned for forcing the Court to re-tread it again.

Wagner then states that he has produced "document<u>s</u> evidencing installation by

---

[7] *See* DE 444 ("The principles found in *Gordon* are equally applicable to the state-based claims here"); Transcript of February 16, 2011 hearing, p. 49, lines 19-22 & p. 52, lines 7-13 (granting discovery despite BSI's argument that ". . . to the extent that the Court was guided in the past by the Gordon v. Virtumundo case or the standards in CAN-SPAM, we urge the Court to reconsider that"); DE 606 (Order denying motion for reconsideration of DE 444); DE 233 in *Kraft* Action, Order dated October 21, 2009 ("While the statute in *Gordon* is not controlling here, the Court's reasoning may be helpful in discerning the true harm inflicted upon Beyond Systems, Inc.").

Hypertouch of software" (Opposition, p. 13), but the one document he actually identifies (CONFIDENTIAL-HYP-WAUSA-0019583) is heavily redacted and only shows the ultimate e-mail addresses to which e-mails transmitted to certain aliases are re-routed, but not the installation, purchase, or use of anti-spam software.

Wagner identifies a *single* e-mail in 2007 (Hyp-WAUSA-0022557) in which Pollustop, an anti-spam product, appears in the header. Wagner's reluctance to provide responsive documents, or identify all of those responsive documents that he claims to have produced, is an attempt to hide the fact that, contrary to *Gordon*, neither Hypertouch nor BSI **use** anti-spam software. Out of the approximately 70,000 E-Mails At Issue, there are a grand total of 61 e-mails that contain the header "X-Pollustop: No license found, only first 5 messages were scanned." The *Gordon* Court found it compelling that "Gordon purposefully refuses to implement spam filters in a typical manner or otherwise make any attempt to **block** allegedly unwanted spam or **exclude** such messages from users' email inboxes." *Gordon*, 575 F.3d at 1052 (emphasis added). That is the exact situation here as Wagner has specifically admitted that Hypertouch "has configured its servers to accept all emails" and its "virus check and spam filter" merely "*label*" -- as opposed to "***block***" or "***exclude***" -- "suspect emails, unless a customer specifically requests other action." See Declaration of Joseph Wagner dated February 18, 2010 filed at DE 263-2, p. 1, ¶ 3.

VIII.   **Wagner's Response to Request 25 Remains Deficient.**

Wagner's objections that these requests are overbroad should be overruled because WAUSA directly rebutted these objections in its Memorandum (*see* Memorandum, pp. 19-20), and rather than respond, Wagner just repeats them again. *See* Opposition, p. 9.

Wagner's argument on Request 25 reflects the culmination of a fourteen (14) month

runaround on WAUSA's attempts to get Wagner's prior testimony, depositions, reports, and affidavits. As recently as January 14, 2011, Wagner stated that he will "continue retrieving them from archives" and will "check archives" and "provide more installments as we gather these items." *See* Memorandum, Ex. 10, pp. 5, 10. After representing and admitting that there are more documents on January 14, 2011, Wagner now beats a hasty retreat from his January 14th position and represents that he and Hypertouch "have already produced such documents." Opposition, p. 13. WAUSA provided Wagner with a listing of **sixty (60) lawsuits** in which Wagner, Hypertouch, BSI or Paul Wagner were involved. *See* Memorandum, Ex. 1, ¶¶ 23-24, Ex. C-D. Of the almost sixty lawsuits, Wagner says he complied by producing: (1) CONFIDENTIAL-HYP-WAUSA-0019467-HYP-WAUSA--0019469.pdf (a 3 page Declaration signed by Wagner dated September 10, 2008 not styled in any case); (2) HYP-WAUSA-0096879-HYP-WAUSA-0096901.pdf (a single transcript in one small claims case); and (3) HYP-WAUSA-0096817-HYP-WAUSA-0096863.pdf (a single deposition in the Kennedy-Western case). The Court should order Wagner to adhere to the representations in his January 14, 2011 letter, identify all responsive documents, or otherwise certify that, of the remaining fifty-eight (58) lawsuits, there are no other existing documents.

    **IX.**    **Wagner's Response to Request 26 Remains Deficient.**

Wagner continues to argue that Request 26, which seeks documents on the litigation and non-litigation proceeds of Hypertouch, is not relevant to the August Trial. This issue has already been decided three times,[8] and Wagner should again be sanctioned for re-plowing the same grounds already adjudicated. The documents are directly relevant to the question posed by Judge

---

[8] *See* Memorandum, Ex. 11, DE 544, pp. 1-2; Memorandum, Ex. 5, February 16, 2011 hearing, p. 72, lines 25-p. 73, lines 1-2; Memorandum, Ex. 16, DE 233 in *Kraft* Action.

Messitte at the November 29, 2010 hearing which is whether "Mr. Joe Wagner, in fact, is doing anything other than manufacturing and sending these e-mails to his brother to allow these suits to be brought." *See* November 29, 2010 hearing Transcript.

After lodging a thrice-rejected argument, Wagner tries a new one not even contained in his objections to Request 26 (*see* Memorandum, Ex. 4, p. 13, ¶ 26) and therefore waived,[9] which is that he doesn't understand what is meant by the "allocation" of litigation and non-litigation proceeds. *See* Opposition, p. 14. Wagner's newly-minted confusion did not prevent him from producing a summary document (HYP0014725/HYP-WAUSA-0019469) created for the *Kraft* Action that purported to show the allocation of litigation and non-litigation proceeds.

Wagner places complete reliance on his relevance argument, and does not refute at all that the document he produced is deficient. Specifically, Wagner does not refute -- and therefore concedes -- that the document he produced was for another litigation. Wagner does not refute --

---

[9] *Zornes v. Specialty Indus., Inc.*, 166 F.3d 1212, 1998 WL 886997, at *1, *2 & fn. 3 (4th Cir. 1998) (unpublished) (affirming dismissal of case with prejudice for discovery violations where Magistrate Judge had held that failure to timely respond to discovery requests constituted a waiver of any objections that plaintiff had to any of the requests); *Mezu v. Morgan State Univ.*, 269 F.R.D. 565 (D. Md. Oct. 22, 2010) (holding that assertion of improperly-raised objections to discovery requests unsupported by particularized facts waived all such objections); *Washington D.C. Cement Masons Welfare Fund v. Rapid Response Constr.*, Case No. WMN-08-3434, 2009 WL 2578986, at *1, *2 (D. Md. 2009) (holding that defendants waived discovery objections to request for production where discovery objections were due on May 14, 2009, but the responses were not served until May 21, 2009, and denying motion for extension of time to serve discovery responses, *nunc pro tunc*); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 356 (D. Md. 2008) (holding that the failure to object with particularity to a document request waives the objection); *Sabol v. Brooks*, 469 F. Supp.2d 324 (D. Md. 2006) ("Under Rule 34, failure to make particularized objections to document requests constitutes a waiver of those objections"); *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005) (holding that party responding to a discovery request who fails to assert specific, non-boilerplate and particularized objections waives the objections); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38 (D. Md. 2000) (holding that a party responding to a discovery request who fails to allege specific facts showing the nature and extent of the burden or who asserts a privilege without supporting it, waives the objection) (internal citations and quotations omitted); Fed. R. Civ. P. 34(b).

and therefore concedes -- that the document he produced was completely inaccurate because it is contradicted by Hypertouch's own records. *Compare* Memorandum, Ex. 12 *with* Memorandum, Ex. 14-15. Wagner does not refute -- and therefore concedes -- that the document is only through the year 2008 and does not include 2009 or 2010. In fact, Wagner himself admitted that he would supplement as to those years. *See* Memorandum, Ex. 10, p. 9. Wagner should be compelled to produce documents to show gross and net proceeds and all federal and state tax returns from 2000 to date.

### X.     Wagner's Response to Request 27 Remains Deficient.

Wagner should be compelled to provide responsive documents to Request 27 relating to his use of Verizon FIOS for Business and Verizon DSL, which the Court has ruled is relevant given the testimony of Verizon's representative in this case. *See* Memorandum, Ex. 11, DE 444, pp. 1-2. Wagner states that he "has provided all responsive documents to this Request in its [sic] possession, custody, or control," and "[t]he documents that have been produced by Defendant simply reflect Wagner's use of Verizon FIOS for Business." Opposition, p. 15. Wagner nowhere identifies where these documents are located. Likewise, his objections of burden are unsupported by affidavit or other evidence, and as such, should be rejected.

Accordingly, Wagner should be compelled to produce responsive documents and label them to correspond to the categories of this Request, as well as identify all existing documents that correspond to the categories of this Request, as well as issue sanctions for the reasons set forth in this Reply and in the Memorandum.

Dated: May 19, 2011.

        Respectfully submitted,

        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        /s/
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        Nicoleta Burlacu, Esq.
        BurlacuN@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone:  202-331-3100
        Facsimile:  202-331-3101

        --and--

        Kenneth A. Horky, Esq.
        Florida Bar No. 691194
        horkyk@gtlaw.com
        John L. McManus, Esq.
        Florida Bar No. 0119423
        mcmanusj@gtlaw.com
        *Admitted Pro Hac Vice*
        GREENBERG TRAURIG, LLP
        401 East Las Olas Boulevard, Suite 2000
        Fort Lauderdale, FL 33301
        Telephone: 954-765-0500
        Facsimile:  954-765-1477