**IN THE U.S. DISTRICT COURT FOR MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| **BEYOND SYSTEMS, INC.** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
|     -vs- | *    Case No. 8:08-cv-00921-PJM |
| | * |
| **WORLD AVENUE U.S.A., LLC et al** | * |
| | * |
|     **Defendants.** | * |
| | * |

**THIRD PARTY DEFENDANT HYPERTOUCH, INC'S OPPOSITION IN RESPONSE TO DEFENDANT WORLD AVENUE USA, LLC'S MOTION TO COMPEL COMPLETE PRODUCTION OF DOCUMENTS RESPONSIVE TO <u>FIRST REQUEST FOR PRODUCTION</u>**

Third Party Defendant Hypertouch, Inc. ("Hypertouch"), by and through undersigned counsel, hereby submits its Opposition in Response to Defendant World Avenue USA, LLC's ("WAUSA") Motion to Compel Complete Production of Documents Responsive to First Request for Production, and on its behalf states as follows:

        **I.**        <u>**INTRODUCTION**</u>

Defendant WAUSA brings the present Motion to Compel Third Party Defendant Hypertouch to Provide Complete Production of Documents Responsive to First Request for Production fourteen (14) months after those Requests were first propounded. Defendant acknowledges that it filed the instant Requests for Production of Documents to Third Party Defendant Hypertouch a very long time ago. However, Defendant argues

1

that its untimeliness should be excused because Plaintiff has refused to provide the documents requested since the Requests were first served on February 18, 2011. Defendant also alleges the responses are material to the three August Trial issues.

Assuming the facts as described, Defendant's positions are not supportable under any version of the Federal Rules, the Local Rules, the General Scheduling Order, or the August Trial Stipulated Order. Defendant's Motion is untimely and should be denied for that reason alone. Defendant does not get a second chance at discovery because it failed to timely serve its first Motion to Compel Production of Documents from Third Party Defendant Hypertouch. As the Court recently noted, "This bifurcation was not a 'discovery Mulligan,' but a "litigation tailoring" of issues. *See* DE 660, p. 2.

For all these reasons, Defendant's Motion to Compel should be denied.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

### A.    The First Scheduling Order

The first Scheduling Order in this case was issued on April 28, 2009. *See* DE 58. It was further modified by a joint motion of the Parties filed at Docket Entry 64 (granted May 6, 2009, at DE 65); at Docket Entry 127 (granted November 13, 2009, at DE 128); at Docket Entry 243 (granted May 26, 2010 at DE 244). Under the first Scheduling Order (including all its joint stipulations), discovery was due to close on November 15, 2010. *See* DE 243.

### B.    Defendant's Service of the Requests

On February 18, 2010, Defendant WAUSA served its First Request for Production of Documents to Third Party Defendant Hypertouch. The Request contained

2

Fifteen (15) categories of documents to be requested, along with numerous subparts. On November 15, 2010, Third Party Defendant Hypertouch timely served its Responses to Defendant WAUSA's First Request for Production of Documents. If Defendant WAUSA desired to file a Motion to Compel responses to Third Party Defendant Hypertouch, that Motion should have been served by no later than thirty (30) days following the Party's receipt of the Response. *See* L.R. 104.8(a). *This means the present Motion should have been served no later than December 29, 2010. The instant motion was not served until April 27, 2011.*

### C. The Bifurcated August Trial Order

At the motions hearing on November 29, 2010, Judge Messitte ordered that the case be bifurcated into two phases. During the first phase, the Parties would litigate the following three issues :

(1)  whether Plaintiff Beyond Systems, Inc. is a bona fide "interactive computer service provider" entitled to bring suit under the Maryland Commercial Electronic Mail Act ("MD-CEMA"), Md. Code. Ann., Com. Law § 14-3001 et seq., and/or the Florida Commercial Electronic Mail Act ("FL-CEMA"), Fla. Stat. § 668.601 et seq.;

(2)  whether Plaintiff Beyond Systems, Inc. is a bona fide resident of the state of Maryland within the meaning of the MD-CEMA statute; and

(3)  the nature of the relationship between Plaintiff Beyond Systems, Inc. and Third-Party Defendant Hypertouch, Inc.

*See* Order, DE 544, at ¶ 1.

To cap the First Phase of the case, the Court ordered that in August 2011, the Court would hold a four-day trial on these three issues before an advisory jury. As the

Defendants had conducted extensive discovery leading up to the Motion's Hearing on November 29th, the Court placed limits on the amount of additional discovery that Defendants could take leading up to the August Trial. In particular, Defendants :

> May depose Joseph Wagner, Paul Wagner, and Steve Wagner for no more than six (6) hours each. The remaining seven (7) depositions will be limited in duration to one (1) hour each. Unless the parties otherwise agree, all depositions may be taken at the law offices of Greenberg Traurig LLP in Washington, D.C.:

*See* Order, DE 544, at ¶ 1. The August Trial Order also noted that further discovery within the scope of the three issues would be governed by the Proposed Scheduling Order that the parties would jointly file within Fifteen (15) days of the Motions Hearing. *See* Order, DE 544, at ¶ 4 (emphasis added).

> However, the Court noted that :
>
> Discovery and motions practice as to all issues not within the scope of the trial to be held in the summer of 2011 are hereby **STAYED**, except that any motions currently pending before United States Magistrate Judge Charles Day may proceed until resolved.

*See* DE 544, at ¶ 2 (emphasis in original).

### D.     The Proposed Orders for the August Trial

Pursuant to the Court's Order, the Plaintiff BSI and Defendants WAUSA and HOLDINGS filed a Proposed Joint Discovery Schedule for the August Trial. *See* DE 571 (filed 12/15/10). ***Neither of the Third Party Defendants Hypertouch nor James Joseph Wagner were a party to the Proposed Discovery Schedule or the Amended Proposed Discovery Schedule***. The first scheduled date under the initial August Trial Scheduling Order was the Conference on Limited Discovery Disputes (to be held by no

4

later than December 22, 2010).  On January 7, 2011, the Parties extended the date for filing the stipulations that came out of the Limited Discovery Dispute Conference to January 13th.  *See* DE 592, at p. 1 (granted on January 20, 2011, at DE 595).

However, the Parties never filed the Joint Stipulation with the Court "informing the Court of each specific existing Limited Discovery Dispute that has been resolved." *See* DE 571 (Joint Proposed Discovery Schedule 12/15/10) (Jan. 7, 2011 deadline). Instead of a Conference, Counsel for Defendants sent a thirty-nine (39) page letter, attached to Defendant's Motion as Exhibit C, containing a long list of Third Party Defendant's deficient discovery responses to Mr. Ring via letter.  *See* DE 593 (referencing a WAUSA letter dated December 21, 2010).  In its own January 11, 2011 correspondence filed with the Court, Defendant itself noted that the Conference regarding the Limited Discovery Disputes was still ongoing and no Stipulation had been filed. Specifically, it noted :

> Pursuant to the proposed Joint Scheduling Report filed with the Court at DE 571, ***on December 21, 2010 WAUSA sent to BSI a comprehensive letter regarding pending discovery issues for discussion with BSI and the parties held a brief telephone conference on December 22nd, with a view toward resuming discussions after the new year***. On December 23rd and 26th, BSI responded to the December 21st letter but failed to take the positions it now raises in the January 1st letter to the Court. Moreover, prior to submitting its January 1st letter on these issues, BSI had not conferred on the telephone or in person with WAUSA on these new positions. The parties have been engaging in discussions regarding discovery related to the mini-trial pursuant to the proposed Joint Scheduling Report submitted to the court on December 15th. ***That dialogue continues today.***

*See* DE 593 (emphasis added).

5

On April 1, the Parties filed a superceding Partial Joint Proposed Amendment to Discovery Schedule extending certain discovery dates within the First Proposed Scheduling Order. *See* DE 636 (Partial Joint Proposed Amendment to Discovery Schedule) (filed 04/01/11). In that extension, the Parties agreed to not only move the time for filing a Joint Stipulation regarding the existing Limited Discovery Disputes to February 4th (which date had already passed), but also added another date for the Parties to hold another Conference on all existing Limited Discovery Disputes. As to those Limited Discovery Disputes that were resolved in the Conference, supplementation could occur within the next fourteen (14) days. *See* DE 636 (April 22, 2011 Deadline).

For those Limited Discovery Disputes not resolved in the Conference, the Parties were to file a Joint Stipulation identifying each Limited Discovery Dispute that were not resolved and for which a Motion was not already pending. *See* DE 636 (April 22, 2011 Deadline). As to all such unresolved Limited Discovery Dispute issues, any Motions filed would be briefed on an expedited basis as follows :

> The Motion shall be served within five (5) business days of the Conference, the Opposition shall be served within five (5) business days of the Motion, and the Reply shall be served within five (5) business days of the Opposition.

*See* DE 636 (April 22, 2011 Deadline).

### E. Joint Stipulations Regarding the Conference on Limited Discovery Disputes

In its letter of April 18th, Defendants note that the Parties attended a "meet-and-confer" regarding the Limited Discovery Disputes at issue in the present matter on Friday, April 15th. *See* Saunders Ltr dated 04/18/11. While Defendants noted that the

6

letter "summarizes issues that have been in play since last year," *see* Exhibit A, at p. 1, the Parties never filed a Joint Stipulation as a result of the April 15, 2011 meeting -- ***and none exists to this day***.

However, Defendant WAUSA cites a thirty-five (35) page summary conference letter from opposing counsel dated April 18, 2011 (referenced as "April 19th" in the Motion to Compel) as evidence that it has met its obligations. Both the letter and the Rule 104 Certification attached to the instant Motion to Compel declare that a telephonic conference occurred on April 15, 2011. For all these alleged correspondence and phone calls between the Parties, it is undisputed that there was no agreement amongst the Parties as to which matters had been resolved and which matters had been unresolved.[1] And there had certainly been no agreement that Defendant WAUSA's Motion to Compel Hypertouch's First Request for Production of Documents was timely or that it would survive the Court's November 30th Court Order.

### F.     The Six (6) Motions to Compel Discovery Responses

On April 27th, Defendants filed six (6) Motions to Compel comprising 811 pages worth of material, not including an additional 142 page "show cause" motion. While the Parties and Third Parties have held Conferences regarding the matters still at issue in the August Trial, there have been no Stipulations filed by

---

[1] Defendant indicates that its letter of April 18th is supplementation for written correspondence between the parties dated December 21, 2010; January 6, 2011; March 25, 2011; April 6, April 7, April 11, April 13, April 14, and May 13, 2011; as well as telephone calls held in March-April 2010; the week of May 17, 2010, including May 19, 2010; the week of December 26, 2010; January 4, 5, 10, 11, 12, 14, 18, 25, 26, 27, and 28, 2011; February 1 through 16, 2011; February 23, 2011, and the week that followed; as well as April 11, 2011.

the Parties regarding the matters still in dispute and those that have been resolved. If Defendant maintains that the present Motion to Compel was filed pursuant to the supposed Limited Discovery Conference held on April 15th, then the present Motion to Compel is untimely. According to the Amended Joint Proposed Discovery Schedule for the August Trial (which has not yet been granted by this Court), the Motion should have been filed no later than April 22nd. *See* DE 636 (April 22, 2011 Deadline).

If the instant Motion to Compel discovery falls under the Original Discovery Order(s) not including the "litigation tailoring" which accompanied the August Trial Order, then under the Federal Rules, the Local Rules, and the Scheduling Order in this case, Defendant's Motion to Compel is untimely by more than four (4) months.

### G. The Court's Admonitions Against Abusive Discovery Practices

At the Motions Hearing on November 29th, Judge Messitte warned the parties about the pattern of excessive filings in this case and its desire to see real progress on the merits of the issues between the parties or work at settling the case :

> *[W]e're going to get to this case on the merits. I'm telling you, we're going to get there and I'm going to make you do it, or you're going to settle it before that. And if you don't settle it, fine, but no more of this thousand paper, 2000 paper filing. It's just not helping things. Let's find out what's going on in all this business right now.*

*See* **Exhibit B** at 97:6-11.

> *I'm not going to make this a case where one or two large law firms on the defense side get to flood the law firm on the plaintiff's side by overwhelming them with paper. That's not going to happen in this case.*

8

*See* Messitte Tr. 11/29/10 hearing, at 102:8-11.

### III.     HYPERTOUCH'S RESPONSES

#### A.     General Objections

Hypertouch generally objects to Defendant's Requests on the basis of the breadth of the Requests, the burdensome nature of the overbroad Requests, the fact that the Requests will not lead to the discovery of admissible evidence, and that the Requests do not pertain to the three (3) trial issues.  These General Objections are all well taken and carefully directed to Defendant's Requests.  Hypertouch has already produced many gigabytes of data to Defendant WAUSA on November 15, 2010 and thereafter in support of its prior responses to the First Request for Production of Documents.  Although the Defendant WAUSA failed to timely serve a Motion to Compel Discovery, nevertheless it now asserts that despite its untimeliness that its Motion to Compel should be granted.

However, Defendant has made no showing that any further documents exist or that any such documents are in Wagner's possession, custody, or control -- as is its burden.  As the Court stayed all further discovery pursuant to the November 20, 2010 August Trial Order, *see* DE 544, at ¶ 2, there is no reason for this Court to inquire any further.  The Motion should be denied.

#### B.     Specific Objections

##### 1.     Requests for Production Numbers 1 and 4

**Requests 1 and 4.  Communications re Claims.**

Request for Production Number One seeks, "All documents reflecting communications between [Hypertouch] or James Joseph Wagner and Paul Wagner or BSI or anyone else relating to the filing of this or any other lawsuit, claims against World Avenue, or the EMAILS AT ISSUE.  This Request is overbroad and cannot logically be limited to any reasonable interpretation permitting a response.  Defendant has produced all information in its possession, custody or control regarding the Request.  At the very least, this Request is not reasonably related to any of the three trial issues for the August Trial.

Similarly, Request for Production Number Four seeks, "A copy of all documents concerning all lawsuits that you or James Joseph Wagner have brought concerning commercial e-mail from 1997 to present."  This Request is also overbroad and cannot logically be limited to any reasonable interpretation permitting a response.  Defendant has produced all information in its possession, custody or control regarding the Request.  At the very least, this Request is not reasonably related to any of the three trial issues for the August Trial.

WAUSA asserts that this information is needed because "this is at the heart of the upcoming trial, which concerns whether BSI and its alter ego, Hypertouch, are professional plaintiffs masquerading as internet service providers."  However, Hypertouch's conduct, apart from its interactions with BSI, is not at issue in the upcoming trial.

**2.      Request for Production Number 5**

This Request is a subset of Request No. 1, and seeks a copy of each transcript of testimony given in Hypertouch's corporate capacity. Accordingly, Hypertouch incorporates by reference its responses and objections to Requests Nos. 1 and 4. At the very least, this Request is not reasonably related to any of the three trial issues for the August Trial. While Hypertouch may tangentially be related to the three (3) trial issues by virtue of its relationship with BSI, it is not a defendant in this case. Hypertouch's obligation to respond to Defendant's Requests for Production must be tempered with the intrusive nature of the Requests and its relationship to the very limited discovery for the August Trial. Further answering, Hypertouch has provided all documents in its possession, custody, or control.

### 3. Requests for Production Number 6

The present Request seeks :

A copy of all documents reflecting the portion of your annual gross revenues for each year from 2003 to the present which are attributable to settlements or judgments obtained by you and/or James Joseph Wagner during the course of litigation in which you and/or James Joseph Wagner brought any claims related to commercial e-mail.

Hypertouch repeats its objections to the instrusiveness of the Request, the burdensome nature of the Request, the overbreadth of the Request, the confidential and/or privileged nature of the information requested, and the fishing expedition that Defendant is taking Hypertouch and this Court on with regard to this Third Party Defendant. While the underlying case involves BSI, Defendant is seeking intrusive financial information from a Third Party Defendant.

11

Defendant notes that this Court has made rulings in this case and the Kraft case regarding the discoverability of certain financial information. However, this Court did not make these rulings for this Third Party Defendant. Plaintiff BSI has primary involvement in this case. Third Party Defendant Hypertouch does not have the same discovery obligations and its importance to this litigation stems only from the three (3) issues now set for trial in August. In its explanation of its need for the documents, Defendant WAUSA expands its inquiry into revenues to include "expenses." Defendant notes in its Motion that "the documents do not support Hypertouch's expenditure of costs in order to develop and maintain its infrastructure, infrastructure, which is necessary to understand the overall financial model" and "there is no evidence of litigation vs. non-litigation expense from which the jury could understand Hypertouch's profit motive in remaining open for business." Such is an impermissible attempt to circumvent the limited discovery now available in the First Phase of the Bifurcated Trial.

Hypertouch has already stated that it "willing to produce non-privileged documents sufficient to identify non-confidential yearly revenues and gross aggregate revenues." Hypertouch's motivation for staying in business is to continue to provide services for its users and to develop haptic peripherals. Hypertouch is self-funded. Defendant is not entitled to the information it now seeks because its Motion is untimely, and it is exceeding the limited discovery available in this phase of the trial.

### 4.    Request for Production Number 9

Defendant's allegation that Hypertouch manufactured or created these emails and sent them to BSI is laughable. While Defendant is entitled to documents from

Hypertouch that would reflect that it did not manufacture the emails and send them to BSI, Defendant's request is far broader. The request seeks "All documents reflecting each of the EMAILS AT ISSUE." This request is irrelevant and nonsensical all at the same time. It is incapable of limitation in its current iteration.

      First, there are no documents that would prove the negative that Hypertouch did not create the EMAILS AT ISSUE. It is simple logic that one cannot prove a negative, which only reinforces the witch hunt Defendant now creates. Next, the Court has already ruled that none of the parties are obligated to produce server logs. Accordingly, it would be doubly unfair to require a Third Party Defendant to provide logs when not even the parties were required to provide server logs. Finally, Hypertouch has already produced the information sought. Hypertouch produced the routing table in CONFIDENTIAL-Hyp-WAUSA-0019580-Hyp-WAUSA-0019582.pdf and in CONFIDENTIAL-Hyp-WAUSA-0019617-Hyp-WAUSA-0019620.pdf, which includes the Rules used for routing email to BSI. This table shows that the routing is based purely on sender specified recipient email address and that no routing is done based upon email content or based upon the identity or affiliation of the sender.

      **5.**      **Request for Production Number 10**

      Hypertouch has provided all the information in its possession, custody, or control. There are no written agreements or contracts between BSI and Hypertouch. However, the documents produced already in this case by Hypertouch and BSI are replete with information reflecting the nature of the services between the Parties. Much of this information can be found in the header of each email at issue passing first through

Hypertouch's mail servers for delivery to BSI. This information is very specific, however, and is best discovered through the use of depositions.

### 6. Requests for Production Numbers 11 through 14

#### a. Request Number 11.

The following documents already produced by Hypertouch are a representative sample of the documents that are responsive to Request Number 11. The root zone master files for the .COM TLD (Top Level Domain) that were used by the entire Internet for .COM domains authoritatively show the maintenance, operation, and control of domain hypertouch.com. The following files were produced:

```
com.zone-2004-02-28.gz
com.zone-2004-06-09.gz
com.zone-2004-10-11.gz
com.zone-2005-01-19.gz
com.zone-2005-03-18.gz
com.zone-2005-06-11.gz
com.zone-2005-09-30.gz
com.zone-2006-03-04.gz
com.zone-2006-05-27.gz
com.zone-2006-11-17.gz
com.zone-2007-01-04.gz
com.zone-2007-03-09.gz
com.zone-2007-06-13.gz
com.zone-2007-09-11.gz
com.zone-2008-01-08.gz
com.zone-2008-03-16.gz
com.zone-2008-07-07.gz
com.zone-2009-03-20.gz
com.zone-2009-08-17.gz
com.zone-2009-12-27.gz
com.zone-2010-03-07.gz
com.zone-2010-05-27.gz
com.zone-2010-09-01.gz
```

        **b.**    **Request Number 12**

The following documents already produced by Hypertouch are a representative sample of the documents that are responsive to Request Number 12 :

show server console running :

CONFIDENTIAL-Hyp-WAUSA-0019116-Hyp-WAUSA-0019126.pdf,

Receipts :

CONFIDENTIAL-Hyp-WAUSA-0018313-Hyp-WAUSA-0018314.pdf
CONFIDENTIAL-Hyp-WAUSA-0019099-Hyp-WAUSA-0019105.pdf

American Express expenses report :

CONFIDENTIAL-Hyp-WAUSA-0019110-Hyp-WAUSA-0019113.pdf
CONFIDENTIAL-Hyp-WAUSA-0019114-Hyp-WAUSA-0019115.pdf

        **c.**    **Request Number 13**

The following documents already produced by Hypertouch are a representative sample of the documents that are responsive to Request Number 13 :

Shows Megapath, AT&T and Comcast provisioning orders.

Hyp-WAUSA-0017897-Hyp-WAUSA-0017899
CONFIDENTIAL-Hyp-WAUSA-0019110-Hyp-WAUSA-0019113.pdf
CONFIDENTIAL-Hyp-WAUSA-0019114-Hyp-WAUSA-0019115.pdf

        **d.**    **Request Number 14**

The following documents already produced by Hypertouch are a representative sample of the documents that are responsive to Request Number 14 :

CONFIDENTIAL-Hyp-WAUSA-0019580-Hyp-WAUSA-0019582.pdf
CONFIDENTIAL-Hyp-WAUSA-0019617-Hyp-WAUSA-0019620.pdf
com.zone-2004-02-28.gz
com.zone-2004-06-09.gz
com.zone-2004-10-11.gz

com.zone-2005-01-19.gz
com.zone-2005-03-18.gz
com.zone-2005-06-11.gz
com.zone-2005-09-30.gz
com.zone-2006-03-04.gz
com.zone-2006-05-27.gz
com.zone-2006-11-17.gz
com.zone-2007-01-04.gz
com.zone-2007-03-09.gz
com.zone-2007-06-13.gz
com.zone-2007-09-11.gz
com.zone-2008-01-08.gz
com.zone-2008-03-16.gz
com.zone-2008-07-07.gz
com.zone-2009-03-20.gz
com.zone-2009-08-17.gz
com.zone-2009-12-27.gz
com.zone-2010-03-07.gz
com.zone-2010-05-27.gz
com.zone-2010-09-01.gz
net.zone-2004-02-28.gz
net.zone-2004-06-09.gz
net.zone-2004-10-11.gz
net.zone-2005-01-19.gz
net.zone-2005-03-18.gz
net.zone-2005-06-11.gz
net.zone-2005-09-30.gz
net.zone-2006-01-03.gz
net.zone-2006-03-04.gz
net.zone-2006-03-04.gz
net.zone-2006-05-27.gz
net.zone-2006-05-27.gz
net.zone-2006-11-17.gz
net.zone-2007-01-04.gz
net.zone-2007-03-09.gz
net.zone-2007-06-13.gz
net.zone-2007-09-11.gz
net.zone-2008-01-08.gz
net.zone-2008-03-16.gz
net.zone-2008-06-14.gz
net.zone-2009-03-20.gz
net.zone-2009-08-17.gz
net.zone-2009-12-27.gz

```
net.zone-2010-03-07.gz
net.zone-2010-05-27.gz
net.zone-2010-09-01.gz
org.zone-2004-02-28.gz
org.zone-2004-06-09.gz
org.zone-2004-09-01.gz
org.zone-2004-12-03.gz
org.zone-2005-01-19.gz
org.zone-2005-03-13.gz
org.zone-2005-06-11.gz
org.zone-2005-09-30.gz
org.zone-2006-01-09.gz
org.zone-2006-02-20.gz
org.zone-2006-11-17.gz
org.zone-20060304.gz
org.zone-20060527.gz
org.zone-20061202.gz
org.zone-20070105.gz
org.zone-20070309.gz
org.zone-20070613.gz
org.zone-20070911.gz
org.zone-20080108.gz
org.zone-20080316.gz
org.zone-20080614.gz
org.zone-20090320.gz
org.zone-20090819.gz
org.zone-20091228.gz
org.zone-20100307.gz
org.zone-20100528.gz
org.zone-20100803.gz
```

### 7.    Request for Production Number 15

This request is substantially similar to WAUSA's MTC RRPD No. 12 (2010) from Hypertouch. In addition, Hypertouch has provided all information in its possession, custody, or control so there is nothing to produce. There are no documents that demonstrate Wagner worked for Hypertouch on a webpage. Wagner had no reason to

17

keep records for himself on the work he did for himself. This information is very specific, however, and is best discovered through the use of depositions.

## CONCLUSION

For all these reasons, Defendant World Avenue USA, LLC's Motion to Compel Complete Production of Documents Responsive to First Request for Production from Hypertouch should be denied.

Respectfully submitted :

| | |
|---|---|
|      /s/                   |    05/11/11          |
| Michael S. Rothman, Esq. | Date |

USDC MD Bar No. 14568
401 E. Jefferson Street
Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

| | |
|---|---|
| /s/                     |    05/11/11          |
| Stephen H. Ring, Esq. | Date |

Stephen H. Ring, P.C.
USDC MD Bar No. 00405
506 Main Street, Suite 215
Gaithersburg, MD 20878
Phone: (301) 540-8181

*Attorneys for Third Party Defendant Hypertouch, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May 2011, a copy of the foregoing Reply was served upon the counsel named below via electronic mail :

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
GREENBERG TRAURIG, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
202-331-3100
202-331-3101

Attorney for World Avenue USA, LLC

                                                _____/s/_____
                                                     Michael S. Rothman