**IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION**

BEYOND SYSTEMS, INC.              )
                                  )
    Plaintiff                     )
    v.                            )        Case No. PJM 08 cv 0921
                                  )
WORLD AVENUE USA, LLC, et al. )
    Defendants                    )
_____ )

**DEFENDANT WORLD AVENUE USA, LLC'S REPLY MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL COMPLETE PRODUCTION OF DOCUMENTS FROM
HYPERTOUCH, INC. RESPONSIVE TO FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS**

Defendant/Third Party Plaintiff, WORLD AVENUE USA, LLC ("WAUSA") hereby

submits its Reply Memorandum in Support of its Motion to Compel Complete Production of

Documents Responsive to First Request for Production from Third Party Defendant,

HYPERTOUCH, INC. ("Hypertouch"), and states:

I.      **WAUSA Did Not Waive Its Motion, And Timely Served It.**

*First*, Hypertouch complains that the Motion was not timely served within thirty (30)

days of Hypertouch's discovery responses.  Hypertouch fails to address -- let alone rebut --

WAUSA's seventeen (17) page Local Rule 104 Certification and together with the supporting

Declaration of Sanford M. Saunders, Jr., supporting the five (5) months of efforts that WAUSA

made to resolve this Motion without having to file it.  *See* Memorandum of Points and

Authorities ("Memorandum"), Exhibit ("Ex.") 1, Local Rule 104 Certification & Exhibit A

thereto (Declaration of Sanford M. Saunders, Jr.).  Hypertouch completely ignores the fact that it

continued to engage in those discussions, continued to promise supplementation that was not

forthcoming, and, even after this Motion was filed and at the same time arguing that it was

untimely, it was insisting that WAUSA still had an obligation to meet-and-confer.  *See* Amended

Local Rule 104 Certification.

Hypertouch essentially complains that WAUSA tried too hard and too long to resolve this Motion. The linchpin of Hypertouch's argument is its tortured interpretation of a Local Rule governing disputes that the parties "ha[ve] been unable to resolve informally (by oral or written communications) . . . with the responding party." *See* L.R. 108(a)(1).[1] Of course, the Rule does not address the scenario here where, as of the thirtieth (30th) day, the discussions to resolve the disputes had not yet reached an impasse. Guideline 1(d) of the Discovery Guidelines provides a catch-all guideline that: "In the event that such good faith efforts are unsuccessful, an unresolved dispute should be brought to the Court's attention promptly after efforts to resolve it have been unsuccessful." Given that the efforts have reached an impasse, the motion is timely filed. Any other result would penalize WAUSA's good faith efforts -- the very efforts that the Court mandated and Hypertouch participated in -- knowing that it had in its back pocket the timeliness assertion it now advocates.

*Second*, Hypertouch complains that the Motion was not timely filed because it was not filed within five (5) days of the Limited Discovery Conference on April 15th. Opposition, p. 8. Hypertouch should be sanctioned for making this assertion as it is factually void. First, Hypertouch's counsel informed WAUSA just before 4:00 p.m. on the fifth business day after the April 15th conference that it was unable to respond to any discovery issues and would be gone for an extended period. *See* Memorandum, Ex. 1, ¶¶ 3-7. Second, while advocating that WAUSA

---

[1] Local Rule 104.8(a) states:

> If a party who has propounded interrogatories or requests for production is dissatisfied with the response to them and has been unable to resolve informally (by oral or written communications) any disputes with the responding party, that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response.

was late based on the five business day period (*see* Opposition, p. 8), Hypertouch *itself* took the position that the five (5) business day period did not apply to it (*see* Ex. 1, attached hereto) and filed its Opposition outside the five business day period.

*Third*, Hypertouch complains that the parties never filed a Joint Stipulation on the disputed discovery issues, and this somehow prevents WAUSA from now filing its Motion. Hypertouch should be sanctioned for making this assertion as it is factually false. The Joint Stipulation was not filed because Hypertouch never responded -- and still has yet to do so to this very day. On Friday, April 22nd, as per the Parties' Joint Discovery Schedule, as amended, at DE 571, 592, 613, and 636, the parties were required to file a stipulation on the discovery issues that they had been unable to resolve at their Limited Discovery Conference on April 15th. *See* Amended L.R. 104 Certification. On April 22nd, having not heard from Hypertouch, WAUSA's counsel forwarded a draft Stipulation of the disputed discovery issues pertaining to the August Trial and included as Hypertouch's response to the Request for Production. *See* Amended L.R. 104 Certification. WAUSA's counsel never heard back from Hypertouch's counsel on its portion of the Stipulation, and thus, it was never filed. Hypertouch cannot not foist its own intransigence as an excuse to deny this Motion.

*Fourth*, Hypertouch complains that the Motion was filed fourteen (14) months after the discovery requests were served. Hypertouch neglects to mention that it delayed its responses for nine (9) months, and the remaining five (5) months were spent trying to force Hypertouch to supplement its production without Court intervention. *See* Memorandum, Ex. 1, Local Rule 104 Certification; Amended L.R. 104 Certification.

**II.     Hypertouch Failed To Defend Its General Objections And They Should Be Summarily Overruled.**

Hypertouch lodged 4 pages of General Objections to WAUSA's Request. *See*

Memorandum, Ex. 4, pp. 1-4.  WAUSA addressed them comprehensively at Pages 5-7 of its Memorandum.   Other than repeating them again (Opposition, p. 9), Hypertouch completely failed to defend its General Objections in its Opposition, and as such, they should be overruled.

Hypertouch also agrees -- through its complete silence -- that it waived all of its objections to the First Request when it filed a Rule 12(b)(6) motion to dismiss after it filed its responsive pleading and moved for a stay based on that nullity (*see* Memorandum, p. 3 & fn. 2), and again waived the objections when, after nine (9) months of dilatory motions, it failed to respond to it in a timely manner.  *See* Memorandum, p. 4 & footnote 3.

### III.   Hypertouch's Response To Requests 1 and 4 Remain Deficient.

Hypertouch should be compelled to produce the communications between it and BSI relating to their joint spam operations and litigation operations, as well as their exchange of communications relating to their lawsuits.   Hypertouch's objections that these requests are overbroad and irrelevant should be overruled because WAUSA directly rebutted these objections in its Memorandum (*see* Memorandum, pp. 8-10), and rather than respond, Hypertouch just repeats them again.  *See* Opposition, p. 10.  Hypertouch asserts that the communications between BSI and Hypertouch are not relevant although the third trial issue is the nature of the relationship between them.  *See* DE 544, ¶ 2.

Hypertouch's assertion that it has "produced all information in its possession, custody, or control regarding [each] Request" is provably wrong.  Opposition, p. 10.  First, Hypertouch asserted privilege over the documents in its Objections, but when faced with the argument that it waived privilege by failing to provide a Privilege Log, Hypertouch is suddenly silent on the privileged documents.  Second, there are a number of communications that communications that Hypertouch has failed to produce, including those communications discussing their "Game

Plan." Third, Hypertouch has never complied with Rule 34 by identifying those documents responsive to this Request which Hypertouch concedes -- by its silence -- is required. Thus, Hypertouch should be compelled to produce responsive documents, including the purported privileged documents, as well as identify those in its productions that are responsive to these Requests.

### IV.   Hypertouch's Response to Request 5 Remains Deficient.

Hypertouch's argument on Request 5 reflects the culmination of a fourteen (14) month runaround on WAUSA's attempts to get Hypertouch and Wagner's prior testimony, depositions, reports, and affidavits. WAUSA provided Hypertouch with a listing of *sixty (60) lawsuits* in which Wagner, Hypertouch, BSI or Paul Wagner were involved. *See* Memorandum, Ex. 1, ¶¶ 23-24, Ex. C-D. As recently as January 14, 2011, Hypertouch stated that it will "continue retrieving them from archives" and will "check archives" and "provide more installments as we gather these items." *See* Memorandum, Ex. 12, pp. 5, 10. After representing and admitting that *there are more documents* on January 14, 2011, Hypertouch now beats a hasty retreat from its January 14th position and represents that Wagner and Hypertouch "have already produced such documents." Opposition, p. 11. This is a misrepresentation, as the transcripts, Declarations, and reports for the nearly sixty (60) lawsuits have not been produced.

Hypertouch's objections that these requests are overbroad should be overruled because WAUSA directly rebutted these objections in its Memorandum (*see* Memorandum, pp. 11-12), and rather than respond, Hypertouch just repeats them again. *See* Opposition, p. 11. Hypertouch's position that the Request is not related to the August Trial is belied by the six hour deposition limit that Hypertouch convinced the Court to issue. See DE 544 [Trial Order], p. 2, ¶ 3 ("Defendants may depose Joseph Wagner . . . for no more than six (6) hours each"). The

transcripts of prior testimony will assist in narrowing and focusing questioning to fit within the six hour window.  The Court should order Hypertouch to adhere to the representations in its January 14, 2011 letter, identify all responsive documents, or otherwise certify that, of the sixty (60) lawsuits, only these 3 documents exist and are responsive.

### V.       Hypertouch's Response to Request 6 Remains Deficient.

Hypertouch continues to argue that Request 6, which seeks documents on the litigation and non-litigation proceeds of Hypertouch, is not relevant to the August Trial.  This issue has already been decided three times,[2] and Hypertouch should again be sanctioned for re-plowing the same grounds already adjudicated.  Hypertouch claims that the issue has not been decided for it, but this is a distinction without a difference.  The documents are directly relevant to the question posed by Judge Messitte at the November 29, 2010 hearing which is whether "Mr. Joe Wagner, in fact, is doing anything other than manufacturing and sending these e-mails to his brother to allow these suits to be brought."  *See* November 29, 2010 hearing Transcript.  As to its remaining objections, Hypertouch literally repeats its objections, but does not defend or explain them, notwithstanding that such objections were comprehensively addressed by WAUSA at pages 13-14 of its Memorandum.  *See* Opposition, p. 11 ("Hypertouch repeats its objections . . .").

Hypertouch states that it is "willing to produce non-privileged documents sufficient to identify non-confidential yearly revenues and gross aggregate revenues."  Opposition, p. 12.  Notably, Hypertouch does not even try to assert that had produced all documents.  *Id*.  Instead, it has produced only a single summary document (HYP0014725/HYP-WAUSA-0019469) created for the *Kraft* Action that purported to show its litigation and non-litigation proceeds.

---

[2] *See* Memorandum, Ex. 11, DE 544, pp. 1-2; Memorandum, Ex. 5, February 16, 2011 hearing, p. 72, lines 25-p. 73, lines 1-2; Memorandum, Ex. 16, DE 233 in *Kraft* Action.

Hypertouch does not refute -- and therefore concedes -- that the document it produced was for another litigation.  Hypertouch does not refute -- and therefore concedes -- that the document it produced was completely inaccurate because it is contradicted by Hypertouch's own records.  *Compare* Memorandum, Ex. 7 *with* Memorandum, Ex. 9-10.  Hypertouch does not refute -- and therefore concedes -- that the document is only through the year 2008 and does not include 2009 or 2010.  *See* Memorandum, Ex. 7.  In fact, Hypertouch itself admitted that it would supplement as to those years.  *See* Memorandum, Ex. 12, p. 9.  Hypertouch should be compelled to produce documents to show gross and net proceeds and all federal and state tax returns from 2003 to date.

### VI.    Hypertouch's Production In Response To Request 9 Is Deficient.

WAUSA sought in Request 9 the documents reflecting the E-Mails At Issue that were forwarded, mirrored, or re-directed BSI.  Hypertouch states that it has complied by producing routing tables for just two of the domains where the E-Mails At Issue were received.  However, the documents it identifies CONFIDENTIAL-Hyp-WAUSA-0019580-Hyp-WAUSA-0019582.pdf and CONFIDENTIAL-Hyp-WAUSA-0019617-Hyp-WAUSA-0019260.pdf are literally riddled with redactions, all without any privilege log.  Hypertouch should be compelled to produce responsive documents for all of the relevant domains without redaction.

### VII.    Hypertouch's Response to Request 10 Is Deficient.

Hypertouch argues that it has produced all documents in its possession responsive to Request 10, which seeks documents relating to the services provided by Hypertouch to BSI, and vice-versa.  However, Hypertouch fails to respond to any of the several examples of documents that it failed to produce raised in the Memorandum.  *See* Memorandum, pp. 19-20.  For example, the Court ordered BSI to produce the "Game Plan" documents on October 7, 2010 at DE 441 and

on February 16, 2011 at DE 606, but Hypertouch has failed to produce those documents in their entirety.  Finally, Hypertouch's position that the information is better sought in a deposition is without merit.[3]

### VIII.   Hypertouch's Production In Response to Requests 11-14 Is Deficient.

Hypertouch's responses as to Requests 11 through 14 are, as a whole, deficient. Hypertouch does not rebut -- and therefore concedes -- that Rule 34 requires it to identify documents produced to certain categories of the Request.  Indeed, the Court so ordered when Hypertouch was compelled to respond to the Fourth Request for Production.  In violation of this requirement, Hypertouch states that the documents it references are "a representative sample of the documents that are responsive to Request 12."  Opposition, p. 15.

Request 11 sought the documents relating to the "registration, ownership, maintenance, operation, and control" of hypertouch.com.  This is significant because BSI claims to be the owner of the domain name hypertouch.com, although that domain name contains the trademarked name of "hypertouch."  *See* Memorandum, p. 23.  Hypertouch responded by producing massive files of a domain registrar containing information for virtually all domains in the internet.  *See*, *e.g.*, Opposition (*citing* com.zone-2004-02-28.gz).  This is a discovery abuse, and is the functional equivalent of producing a telephone book (or more accurately, a building

---

[3] *U.S. v. Health Alliance of Greater Cincinnati*, Case No. 1:03-cv-00167, 2010 WL 54754, at *1, *2-3 (S.D. Ohio Jan. 6, 2010) (rejecting government's claim that "it prefers to answer interrogatories instead of deposition questions" because "[t]he government, like any other party, must comply with the rules of discovery, and cannot dictate to its adversary which discovery tools should be used"); *Iliana Surgery and Medical Center, LLC v. Hartford Fire Ins. Co.*, Case No. 2:07-cv-3, 2008 WL 5111358, at *1, * (N.D. Ind. 2008) (rejecting claim that interrogatories are "better suited for a deposition" because, among other things, they "serve a proper function in avoiding unfruitful depositions"); *Krawczyk v. City of Dallas*, Case No. 3:03-CV-0584D, 2004 WL 614842, at *1, *6 (N.D. Tex. 2004) (overruling objection that the information sought is "more suitable" for deposition where plaintiff did not "clarify and explain his objections and provide support for those objections").

full of telephone books) in response to a request for a telephone phone number.  Not only is the practice abusive, it also fails to answer the request for documents on the control of hypertouch.com.  These Internet files have nothing to do with which party -- BSI or Hypertouch -- actually "controls" hypertouch.com, which is precisely the issue that Hypertouch is so artfully dodging.

Request 12(a) sought the purchaser of the Servers, but Hypertouch only identified Hyp-WAUSA-0019110-Hyp-WAUSA-0019115 as responsive documents, which are AMEX reports from January 2004 to June 2008, which is not the time frame of the Request.  Request 12(b) sought the Specifications (or setup) for each Hypertouch Server.  Hypertouch identified Hyp-WAUSA-0019116-0019126 as responsive documents, but the document is heavily redacted at pages 19121 through 19123, and Hypertouch has never, to date, provided a privilege log.  By not rebutting the authorities cited in the Memorandum, Hypertouch concedes that it has waived any privilege by failing to serve its privilege log.

Request 14(b) sought documents evidencing the current and past IP Addresses mapped to the Domains as defined by the Zone Files resident on the Hypertouch and/or BSI Servers. Hypertouch failed to produce the Zone Files resident on the Servers, but instead listed another set of massive internet files.  *See*, *e.g.*, Opposition (*citing* com.zone-2004-02-28.gz).  These massive files do not represent Hypertouch's or BSI's zone files, but instead are the files of a domain registrar, Verisign.  Hypertouch also identified a set of documents that were so heavily redacted as to render them virtually unreadable (CONFIDENTIAL-Hyp-WAUSA-0019580-Hyp-WAUSA-0019582-CONFIDENTIAL-Hyp-WAUSA-0019617-Hyp-WAUSA-0019620.pdf), despite the fact that Hypertouch never provided any privilege log, and therefore, waived privilege claims.   Accordingly, Hypertouch should be compelled to produce responsive

documents.

### IX.     Hypertouch's Production in Response To Request 15 Is Deficient.

Request 15 seeks the documents underlying BSI and Hypertouch's scheme to manufacture spam litigation by maintaining dormant websites with e-mail addresses embedded in the source code.  Hypertouch abandons all of its objections to Request 15 addressed at length by WAUSA (*see* Opposition, pp. 17-18; Memorandum, pp. 25-26).  None of its responses have any merit.  First, Hypertouch's argument is self-refuting.  It claims, on one hand, that "there are no documents that demonstrate Wagner worked for Hypertouch on a webpage" and that "Wagner had no reason to keep records for itself on the work he did for itself," but, at the same time, "Hypertouch has provided all information in its possession, custody, or control."  First, as argued at length in the Memorandum -- and conceded by Hypertouch through its silence on the issue -- Hypertouch was required to label the documents to correspond to the categories of the Request, which it has failed to do.  *See* Memorandum, pp. 10-11.

Second, Hypertouch's claim that there "are no documents that demonstrate Hypertouch worked for Hypertouch on a webpage" is absurd.  The e-mail addresses embedded in the source code of the web pages that Wagner and Hypertouch use to perpetuate their spam litigation enterprise are hypertouch e-mail addresses and the web pages state that they are "design[ed] and host[ed]" by Hypertouch, as shown by the following sample source code:

```
<HTML><HEAD><TITLE>Metrik Properties Homepage</TITLE>
<meta name="email" content="outahere3@hyperbackup.com">
<meta name="email" content="quiesce1@hyperbackup.com">
<meta name="email" content="saveit0@hyperbackup.com">
<meta name="email" content="whrereareyou@hypertouch.com">
<meta name="email" content="unlikely7@hyperbackup.com">
<meta name="email" content="wwwmaster1@hyperbackup.com">
<meta name="email" content="metrikproperties@hyperbackup.com">
</HEAD><BODY><h2>Under construction...</h2><hr>
<img                                                     align=right
src="http://www.metrikproperties.com/session/pagecount?page=metrikproperties">          <font
color="666666">
Graphic   design   and   hosting   by   <a   href="http://www.hypertouch.com"></font><font
```

color="663366"><b>Hypertouch</b></font></a><font color="663366" size=-3>&#174 </font>
Inc.<br><a                          href="mailto:info@hypertouch.com"><font
color="666666">info@hypertouch.com</font></a><!--<a
href="mailto:catcher0@hyperbackup.com"><a   href="mailto:exempt4@hyperbackup.com"><a
href="mailto:gotcha@hyperbackup.com"><a    href="mailto:whoareyou@hypertouch.com"><a
href="mailto:idoubtit7@hyperbackup.com"><a
href="mailto:metrikproperties2@hyperbackup.com"><a
href="mailto:krispy8@hyperbackup.com"> --></BODY> </HTML>

*See* http://www.metrikproperties.com.

At a bare minimum, Hypertouch should be producing every web page into which

it or Wagner programmed the embedded e-mail addresses into the source code.

Finally, Hypertouch's objection that that the information sought is better suited to a

deposition is meritless.  *See* cases cited in footnote 2, *supra*.

Accordingly, Hypertouch should be compelled to produce responsive documents and

label them to correspond to the categories of the Request, as well as identify all existing

documents that correspond to the categories of the Request, as well as issue sanctions for the

reasons set forth in this Reply and in the Memorandum.

Dated: May 19, 2011.

Respectfully submitted,

*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

  /s/
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

--and--

Kenneth A. Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477