IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.           )
                               )
    Plaintiff                  )
    v.                         )  Case No. PJM 08 cv 0921
                               )
WORLD AVENUE USA, LLC, et al.  )
    Defendants                 )
_____)

## DEFENDANT WORLD AVENUE USA, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE AS TO PROHIBITED SUMMARY JUDGMENT MOTION

Defendant, WORLD AVENUE USA, LLC ("WAUSA") hereby submits its Memorandum of Points and Authorities in Support Of Its Motion for Order To Show Cause as to why Plaintiff, Beyond Systems, Inc. ("BSI") and its counsel, Stephen H. Ring ("Ring") and Michael S. Rothman ("Rothman") should not be held in civil contempt for violating the Court's ruling made at the November 29th hearing that prohibited further motions for summary judgment in this case, and states as follows:[1]

### I. STATEMENT OF FACTS.

On November 29, 2010, the Court denied WAUSA's Motion for Partial Summary Judgment on the residency of BSI, denied BSI's Motion for Summary Judgment, and denied Third Party Defendant Hypertouch, Inc.'s ("Hypertouch") Motion to Dismiss on whether it was an internet computer service provider. The Court set an advisory jury trial for August 2011 on (1) whether BSI is a *bona fide* "interactive computer service provider"; (2) whether BSI is a *bona fide* Maryland resident; and (3) the nature of the relationship between BSI and Hypertouch, Inc.

---

[1] WAUSA made an effort to resolve this Motion and requested BSI to withdraw the prohibited Motion for Summary Judgment, however, BSI refused to do so. *See* L.R. 104 Certificate, attached as Exhibit 1.

("Three Trial Issues"). *See* DE 544.

The Court was unequivocal about its intention to try this case and its decree to the parties not to file any more summary judgment motions. At the November 29 hearing the Court directed:

> 7. ... I assure you, **I'm not**
> 8 **going to entertain other Motions for Summary Judgment** either.
> 9 **We're going to try this case**. I'm going to push everybody to
> 10 try it and we'll see where we come out. We'll see whether BSI
> 11 and whether Hypertouch really survive as bona fide entities
> 12 here. And if they do, we'll see whether in fact the World
> 13 Avenue entities survive as well.
> 14 But the time has come to put an end to all these
> 15 pre-trial motions. We're going to set this matter in for trial.
> 16 You can file whatever you want, but do not expect to have
> 17 hearings on further motions with respect to these responsive
> 18 parties. We'll make ruling on the papers, but there'll be no
> 19 further hearings in the matter until we get to the matter for
> 20 trial.
> 21 **All these issues are going to be tried at one point.**
> 22 **You either settle this case or you're going to go to trial**, and
> 23 we're going to get one final read on where BSI is and indeed
> 24 where the World Avenue people are.

*See* Transcript of November 29, 2010 hearing, pp. 85, lines 7-24, attached as Exhibit 2.

In direct violation of the Court's November 29th directive, BSI filed a Motion for Summary Judgment on the Three Trial Issues. *See* DE 697. When reminded of the Court's instruction and referred to the transcript of the Court's hearing on November 29th, BSI declined to withdraw the Motion, but moved for a ten (10) day stay of *all* pending motions -- which, though BSI did not so advise the Court, included several fully-briefed discovery motions filed by Defendants that bear directly on the August 2011 trial. *See* DE 698. Based on their flouting this Court's clear decree at the November 29, 2010 hearing, BSI and its counsel should be held in civil contempt and sanctioned.

2

## II. LEGAL STANDARD.

The purpose of civil contempt is "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (*citing Connolly v. J.T. Ventures,* 851 F.2d 930, 932 (7th Cir. 1988)). Those losses include all losses "germinating from [the] misconduct." *Id.* at 259. A finding of civil contempt requires a showing, by clear and convincing evidence, of (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had at least constructive knowledge of such violations; and (4) that the movant suffered harm as a result. *See, e.g., Ashcroft v. Conoco, Inc.,* 218 F.3d 288, 301 (4th Cir. 2000). Willfulness is not an element of civil contempt. *General Motors,* 61 F.3d at 258.

Once civil contempt is found, the only remaining issue is one of remedy. The appropriate remedy for civil contempt is within the court's broad discretion. *Id.* at 259. District Courts are specifically granted great deference when civil contempt concerns a violation of the District Court's own order. *See JTH Tax, Inc. v. H&R Block Eastern Tax Serv., Inc.,* 359 F.3d 699, 704 (4th Cir. 2004) ("When a district court's decision is based on an interpretation of its own order, our review is even more deferential because district courts are in the best position to interpret their own orders."); *Folk v. Wallace,* 394 F.3d 240 (4th Cir. 1968) (holding attorneys' fees to be a valid remedy in a civil contempt action).

## III. ARGUMENT

### A. BSI And Its Counsel Committed Civil Contempt.

BSI and its counsel have committed civil contempt. Each was physically present at the

3

November 29th hearing where the Court decreed that it would not entertain any other Motions for Summary Judgment. *See* Exhibit A. BSI and its counsel directly violated the Court's decree by nevertheless filing a Motion for Summary Judgment. *See* DE 697. Defendants have been harmed by BSI and its counsel's violations of the Court's November 29th ruling, have already been forced to file a letter [DE 699] and prepare this Motion in response to the prohibited Motion for Summary Judgment, and will be further harmed if they are forced to incur the time and expense of formally responding to the prohibited Motion for Summary Judgment. Moreover, the Court's time will be wasted as well if it does not immediately enforce its decree to the parties.

**B.     Severe Sanctions Are Warranted.**

BSI and its counsel's current filing of the Motion for Summary Judgment is a textbook example of contumacious conduct. On November 29, 2010, the Court noted that while BSI filed numerous cases, it routinely avoided trial and the final adjudication of several issues regarding whether it had the right to assert claims under MD-CEMA. The Court mandated that the parties focus their efforts and excluded the filing of dispositive motions. The trial issues finally would be heard and resolved by a jury. BSI now seeks to subvert the Court's carefully crafted process.

The Plaintiff has stepped over the line many times in this case. Monetary sanctions against BSI now totaling $34,480 have had no effect.[2] The Court could not have been more clear on November 29, 2010, and at this point, BSI and its counsel are brazenly ignoring the Court. After being previously sanctioned on eight different occasions in this case, as shown by the prohibited Motion for Summary Judgment, the behavior has nevertheless actually grown more defiant. The Court should hold BSI and its counsel in civil contempt, strike the Motion for Summary Judgment, and impose sanctions.

---

[2] Plaintiff has yet to pay an actual sanction for its continued misconduct, and seems undeterred by the existing reality that it will have to do so.

## IV.     CONCLUSION.

BSI has committed serial sanctionable conduct in this action. BSI's behavior has not improved, indeed, it has worsened. The Court could not have been clearer that the parties should not file any further Motions for Summary Judgment. BSI's latest filing leaves no doubt that it prefers to disobey this Court, waste the Court and the Defendants' time, and disrupt the August trial. The letter to the Court was particularly disingenuous for failing to tell the Court what the Motions BSI sought to stay actually were. This type of conduct can only be deterred by unequivocal measures. For the foregoing reasons the Court should hold BSI and its counsel in civil contempt, strike the prohibited Motion for Summary Judgment, and enter an award of sanctions in the form of attorneys' fees and costs incurred as a result of their misconduct.

Dated: June 2, 2011.

Respectfully submitted,
*Attorneys for World Avenue USA, LLC*

GREENBERG TRAURIG, LLP

    /s /
Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

--and--

Kenneth A. Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
Admitted Pro Hac Vice
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477