UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF                                                                    U.S. COURTHOUSE
CHARLES B. DAY                                                          6500 CHERRYWOOD LANE
UNITED STATES MAGISTRATE JUDGE                             GREENBELT, MARYLAND 20770
                                                                                (301) 344-0393
                                                                            FAX (301) 344-0394

June 10, 2011

**VIA ELECTRONIC FILING**                 Sanford M. Saunders, Jr., Esquire
                                                          Nicoleta Burlacu, Esquire
Stephen Howard Ring, Esquire            Greenberg Traurig
Stephen H. Ring, P.C.                        2101 L Street, NW, Suite 1000
506 Main Street, Suite 215                 Washington, DC 20037
Gaithersburg, Maryland 20878
                                                          John L. McManus, Esquire
Michael S. Rothman, Esquire              Kenneth A. Horky, Esquire
Law Office of Michael S. Rothman       Greenberg Traurig
401 E. Jefferson Street, Suite 201        401 E Las Olas Boulevard, Suite 2000
Rockville, Maryland 20850                  Fort Lauderdale, Florida 33301

Re:    Beyond Systems, Inc. v. World Avenue USA, LLC.
        Civil Action No. PJM-08-921

Dear Counsel:

       Pursuant to the referral of this case to me for resolution of discovery disputes, before the
Court is Defendant, World Avenue USA, LLC's Motion for Reconsideration of Last Holding in
Court Order at DE 477 and Incorporated Memorandum of Law ("Defendant's Motion")(ECF No.
504) and the opposition and reply thereto.  No hearing is deemed necessary.  Local Rule 105.6
(D. Md.).  The Court hereby GRANTS Defendant's Motion.  This Order renders moot the
Court's previous decision to award Plaintiff fees and expenses incurred in conjunction with the
Court's Order under ECF 477.

       The Court made a determination that sanctions were appropriate following its review of
Plaintiff's First Motion for Order to Compel Defendant WAUSA to Provide Complete Answers
to Interrogatories ("Plaintiff's Motion").  The Court was of the view that while Defendant
provided full responses to discovery, including materials from various "Sister Companies," that
Defendant erroneously failed to produce discovery for the period before 2006.  The Court found
that "the corporate documents are clear that Defendant merged with NiuTech, LLC, and
Defendant should have included responses for the fully merged entity in its discovery
production. Accordingly, as Defendant's failure to produce is not 'substantially justified,' the
Court will award sanctions."  The Court now makes a "course correction."

       The Court finds Defendant's Motion on the tortured history of the various entities at issue

to be persuasive.  Defendant has provided a supportive record and statements under oath for its position.  Defendant correctly notes in its reply briefing that Plaintiff has not challenged any of the probative facts by way of record evidence or affidavit.  The Court is now satisfied that the present Defendant is not the entity which merged with NiuTech, LLC.  The Court agrees with the conclusion that its previous decision was based upon a "misapprehension of the facts concerning a merger of NiuTech, LLC into WAUSA that never occurred."  See Potter v. Potter, 199 F.R.D. 550 (D. Md. 2001).

Substantively, the Court finds that NiuTech, LLC and its successor TheUseful, LLC, are under the "Sister Companies" designation to which Defendant was obligated to produce responsive information.  In fact, in its responsive briefing on the original motion, Defendant claims it has produced all responsive information held by TheUseful, LLC.  To be clear, the Court is requiring the production of discovery regarding the TheUseful, LLC, and the required production includes information which precedes the 2006 period.  The Court reaches this conclusion regardless of the so-called willingness of one entity to "volunteer" its presence in this lawsuit over the rightful place of its "twin sister," and regardless of the filing of the original and Amended Complaints.  The discovery sought in Plaintiff's Motion was required to be produced, and appears to have been produced.

The only modification of substance needed here, is the impact of the Court's "course correction."  The only change is that the Court need not engage in a "substantial justification" analysis about an award of sanctions.[1]  The end result is that Defendant has demonstrated that it has not violated the rules of discovery, unless it has failed to produce discovery regarding TheUseful, LLC for the requisite period.  On this record, the Court has no basis to believe that Defendant has not fully complied.

Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

Charles B. Day
United States Magistrate Judge

---

[1] Even assuming that the Court has erred again in its conclusion about the "shifting sands" of the corporate existence, death and/or mergers of the entities in play, at best the result would be a finding of "substantial justification" that would make the award of sanctions unjust.