UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

June 17, 2011

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg Traurig
2101 L Street, NW, Suite 1000
Washington, DC 20037

John L. McManus, Esquire
Kenneth A. Horky, Esquire
Greenberg Traurig
401 E Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301

Re:   Beyond Systems, Inc. v. World Avenue USA, LLC.
      Civil Action No. PJM-08-921

Dear Counsel:

      Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Defendant's Letter Request dated November 29, 2010 ("Defendant's Request")(ECF No. 584).  The Court has reviewed Defendant's Request and the opposition thereto and finds that Defendant is entitled to the award of fees and expenses incurred regarding the issuance of subpoenas by Plaintiff to various non-parties in this litigation.

      The Court is concerned about the efforts Defendant had to expend in order to obtain information that should have been provided pursuant to Fed. R. Civ. P. 45.  Plaintiff's conduct unnecessarily created issues regarding discovery, which led to a diversion of resources by Defendant.  Defendant seeks sanctions which would include an adverse inference against Plaintiff.  The Court finds such a sanction to be inappropriate.  Nonetheless, fairness requires financial compensation.

      On April 12, 2010, the Court granted Defendant's Motion to Quash 85 Subpoenas.  The Court found that Plaintiff had failed to provide to Defendant descriptive information about the subpoenas.  The descriptive information would have enabled Defendant to object to the issuance of the subpoenas, if necessary.  At that time, the Court did not find the award of sanctions to be appropriate given the lack of clarity in the rules of procedure.

      Thereafter, Plaintiff was required to provide to Defendant copies of all subpoenas and attachments. Plaintiff supposedly did so. Within months however, Defendant obtained evidence demonstrating that Plaintiff had issued <u>multiple</u> <u>versions</u> of subpoenas. Plaintiff did not provide copies of these different versions to Defendant. In the attachments to the subpoenas, Plaintiff made false inferences and/or assertions of federal investigations and illegal activities by Defendant. Plaintiff also created new subpoenas with attachments deleting much of the false information while representing that these newer versions were "genuine." However, these "genuine" versions were not the same as those Defendant obtained directly from the non-parties, demonstrating that Plaintiff's versions were, at a minimum, inaccurate.

      The Court conducted additional hearings regarding the subpoenas on July 30, 2010 and September 23, 2010. Following the September hearing, the Court ordered production of all electronically stored information regarding the issuance of these subpoenas. Thereafter, Defendant sought to depose Plaintiff's counsel and a staff member regarding the issuance of the subpoenas. The Court found that Defendant had "identified a substantial justification" for its inquiry, but would only allow Defendant to propound interrogatories.

      The Court is persuaded that Defendant has endured unnecessary hardship to its reputation and incurred unnecessary expenses while trying to obtain "genuine" copies of subpoenas and attachments to which it is entitled under the Rules. On this record, the Court will not address the possibility of injury to Defendant's reputation. Nonetheless, the Court intends to fully compensate Defendant for its investigation into this debacle.

      Plaintiff has had ample opportunity to be heard on all of these issues. This Court intends to make an award of sanctions. Defendant shall have fifteen (15) days to submit an affidavit in support of all efforts made to secure copies of the subpoenas to nonparties. After the filing of Defendant's affidavit, Plaintiff shall have fifteen (15) days thereafter to file an opposition thereto.

      Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

                                            Very truly yours,

                                            /s/

                                            Charles B. Day
                                            United States Magistrate Judge