IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC** | * | |
| successor by merger to NIUTECH, LLC., | * | |
| **DBA "THE USEFUL," ET AL.** | * | |
| | * | |
| Defendants | * | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR CONTEMPT AT ECF 700**

Plaintiff opposes Defendant WAUSA's motion for contempt at ECF 700.  There is no basis for a finding of contempt against Plaintiff or its counsel.

WAUSA argues that the filing of Plaintiff's motion for summary judgment on June 1, 2011 at ECF 697 was in violation of a court order, and that it is therefore sanctionable via a finding of contempt.  The Court denied Plaintiff's motion for summary judgment on June 3, 2011 at ECF 701, long before WAUSA's response was due.  This ruling moots WAUSA's motion for contempt, filed June 2, 2011, and the analysis should end there.

If further consideration of the issue is required, Plaintiff notes that the order relied upon by WAUSA (ECF 544) does not modify the rights of a party to file a motion under FRCP 56. The Court has now, in the order at ECF 701, set forth explicit procedures for motions, requiring a two-page motion for leave before any other motion may be filed.  Plaintiff has followed this procedure at ECF 706 regarding another motion, and leave was granted at ECF 708.  No such modified procedures were in place as of June 1, 2011.

1

The order at ECF 544 states in part, "Discovery and motions practice as to all issues <u>not within the scope of the trial</u> to be held in the summer of 2011 are hereby **STAYED** . . ." (Underlining added.)  Plaintiff's motion for summary judgment filed at ECF 697 was expressly limited to the Three Trial Issues.

Under the case authority cited by WAUSA, there is no basis for a finding of civil contempt.  At p. 3 of its memorandum, WAUSA cites *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (citing *Connolly v. J.T Ventures*, 851 F.2d 930,932 (7th Cir. 1988)), stating that a finding of civil contempt requires a showing, by clear and convincing evidence, of (1) the existence of a valid <u>decree</u> of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had at least constructive knowledge of such violations; and (4) that the movant suffered harm as a result. See, e.g., *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 30 1 (4th Cir. 2000).   A decree is an order.  The order at issue, at ECF 544, does not restrict the right of a party to file a motion under FRCP 56.

WAUSA also argues at p. 4 of its memorandum, "On November 29,2010, the Court noted that while BSI filed numerous cases, it routinely avoided trial and the final adjudication of several issues regarding whether it had the right to assert claims under MD-CEMA. The Court mandated that the parties focus their efforts and excluded the filing of dispositive motions. The trial issues finally would be heard and resolved by a jury."  BSI has not shied from any jury trial and does not do so now.  Rather, as WAUSA fully knows from the extraordinarily broad discovery it has been allowed in this case, including discovery as to annual settlement figures

despite confidentiality clauses insisted upon by other defendants, most of the viable defendants opposite Plaintiff in spam litigation have settled rather than risk trial.

Plaintiff's motion for summary judgment was filed after a flood of filings by WAUSA, containing a stream of diatribes against Plaintiff, consistent in tone with their filings throughout this case. Plaintiff and its counsel have never experienced this quantity or frequency of filings, or the repetitious and detailed waves of discovery sought in this case, and admit that they have struggled to keep up. The motion for summary judgment was intended, in addition to demonstrating facts and law on which a judgment might ultimately be based, to provide a consolidated filing demonstrating the validity of Plaintiff's claims against the wave of negative commentary poured into the record by Defendants.

Plaintiff notes that the mini-trial calls for the use of an advisory jury, leaving open the likelihood of later rulings; that the Court has the inherent power to rule on jurisdictional issues at any time; that no other filing by any party is tailored to the Three Trial Issues; that the Court may reserve consideration of a Rule 56 motion until trial or later; and that a motion denied or deferred may sometimes be renewed at a later time. Regardless of the time when the Court may elect to consider the motion, Plaintiff did not interpret the Court's statements on the record on November 29, 2010 to prohibit the filing of such a motion. Further, the motion serves as a preview of Plaintiff's case at trial, which some defendants would regard as a distinct benefit. Plaintiff's motion for summary judgment was not intended in any fashion to be contemptuous, or to be an affront to the Court's rulings or authority, contrary to the characterizations in WAUSA's motion for contempt.

Plaintiff requests that the motion at ECF 700 be denied.

_____/s/_____
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
MD Bar Id. No. 04731764; USDC, MD: #00405
Telephone: 301-563-9249


_____/s/_____
Michael S. Rothman
401 E. Jefferson Street
Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

## Certificate of Service

I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.



_____/s/_____
Stephen H. Ring