## IN THE U.S. DISTRICT COURT FOR MARYLAND
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **-vs-** | * | **Case No. 8:08-cv-00921-PJM** |
| | * | |
| **WORLD AVENUE U.S.A., LLC et al** | * | |
| | * | |
| **Defendants.** | * | |
| _____ | * | |

### PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

Plaintiff, BEYOND SYSTEMS, INC. ("BSI"), pursuant to 28 U.S.C. § 636 and the order of June 10, 2011 at ECF 708, files this abbreviated motion for an order to show cause why Defendant WORLD AVENUE USA, LLC ("WAUSA") should not be held in contempt.

At the hearing on March 24, 2011 on Plaintiff's motion to compel (ECF 482), Magistrate Judge Day ordered Defendant to respond fully to eight (8) interrogatories ("INTs"), and, by order at ECF 678, to produce documents.[1]   Despite BSI's requests after the rulings to avoid the need for this motion, as procedurally required, Defendant has failed to comply fully.

Since discovery began, Defendant has dodged critical parts of Plaintiff's discovery requests concerning the creation and transmission of the emails claimed, and identification of the persons involved. "WAUSA" poses as a new entity created after most of the emails were sent, distinct from the defendants described in the complaints, and denies that is has knowledge or documents in critical areas.  Documents from discovery belie this ruse. This Court recently

---

[1]  Plaintiff's Second Set of Interrogatories; hearing of March 24, 2011 on ECF 482 [Interrogatories *9* (Tr. at 64:5-8); *11* (p. 65:5-8); 13 (p. 66:1-2); *14* (pp. 66:3-4; 66:15-16); *15* (p. 67:11); *32* (p. 68:18-24); *34* (p. 70:2-8);  and *37* (pp. 70-71)]. Document requests *10* (Tr. at 64:5-8); *12* (p. 65:5-8); *16* (pp. 66:3-4; 66:15-16);  *17* (p. 67:11);  *32* (p. 68:18-24); *34* (p. 70:2-19);  and *37* (pp. 70-71)].  See, Plaintiff's motion to compel regarding document requests, set 2 (motion at ECF 483, order at ECF 678).

stated:

> NiuTech, LLC and its successor TheUseful, LLC, are under the "Sister Companies" designation to which Defendant was obligated to produce responsive information . . . ***[T]o be clear, the Court is requiring the production of discovery regarding TheUseful, LLC, and the required production includes information which precedes the 2006 period***. . . . The discovery sought in Plaintiff's Motion was required to be produced, and ***appears*** to have been produced . . . Defendant has demonstrated it has not violated the rules of discovery, ***unless it has failed to produce discovery regarding TheUseful, LLC for the requisite period***. [ECF 707, at p. 2 (emphasis added)]

Thus, the Court clearly requires Defendant to produce responsive materials concerning TheUseful, LLC (including its pre-2006 incarnation, Niutech, LLC), and specifically sets the standard for any violation if Defendant has "**failed to produce**" the discovery so delineated. The Court's rulings are amply supported by the record, demonstrating World Avenue's use of a hodge-podge of fictitious names, domain names, street addresses, Private Mail Boxes ("PMBs") at UPS Stores, and their reliance on shared employees, knowledge, premises, and equipment.[2]

Defendant has contemptuously "**failed to produce**" the required discovery and is on thin ice.

Plaintiff objected to Defendant's evasive supplemental responses and cited examples of shared knowledge and control of information across the World Avenue entities, in a 48-page letter filed at ECF 670, and a separate 26-page letter after WAUSA's meager supplementation of May 20, 2011 (interrogatories) and May 23, 2011 (documents) (collectively, "SUPP2"), asking

---

[2] A small sample of the evidence of these features: Documents "BSI SUBPOENAS MAY 2010 - 1 to 96" (various street addresses in emails turn out to be UPS Store Private Mail Boxes); a rotation of domain names described at Peterson Dep., 24:13-26:13; 80:6-81:6; 120:16-121:6; 94:20-96:12; 157:21-158:14 (excerpts filed at ECF 496-19); thousands of World Avenue domains, Wagner Declaration ECF 426-1, at 13; WAUSA insistence on a list of entities to be released in FL AG action, BSI FL AG 774 of 3292; interrelation among entities further shown at ECF 459, 464; fictitious names, trade names used by World Avenue entities, WAUSA 00142-156, WAUSA 00313-14; ECF 564-2; ECF 176; email of 11/21/04 to Mr. Ji from Jeff Love stating, ""Here's the current 'whois' information that is now entered for all our registered domains (as of two weeks ago) including emarketresearchgroup.com. . . . Name: Customer Service. . . "  FL AG 1829; further direct involvement of Mr. Ji in other documents marked confidential; co-founder Peterson's testimony that the Defendants, and especially Niuniu Ji, helped him create promotions identified in the Emails at Issue.  DEP at 8, 85-89; ECF 480-13.

WAUSA to cure its breaches.

WAUSA's response to INT 9 gives incomplete information on just 37 domain names. It fails to state that it has identified all persons who have ever owned, rented, leased, used or allowed others to use (including advertisers, affiliates and consumers) any of the items in Exhibit 38 (list of domain names attached to the interrogatories). WAUSA evades, objecting to the word "use," although WAUSA itself uses the terms, "use," and "permitted to use," in its own interrogatories (See No. 7 of Set 1, and No. 18 for August trial.)

INTS 11 and 15 (seeking shared employee information). WAUSA fails to give all current or past "employment title, alphanumeric code or nickname (such as an affiliate identifier or referrer identifier), and the present or last known place of employment [i.e., legal name and address, business phone numbers, and principals in control if known]," for each person, as required under the definition of "Identify" in the interrogatories.) This should include any concurrent or consecutive titles, codes or employers. "Company Code" on document WAUSA 09164 is vague and undefined. For No. 15, the reason for departure should be stated. Conspicuously absent are the names, Christopher Peterson and Niuniu Ji and others that appear in documents.

INTs 13 and 14: WAUSA fails to identify who created (whether in part or in whole), produced or sent the Emails at Issue, instead, giving partial identification by trade name only, of nine advertising networks that it contends were "likely" to have been involved in emails containing ten of its own domain names, ignoring all other emails. Defendants have long created templates provided to their "affiliates" (marketers) for use in the promotional bulk emails (see, e.g., Peterson deposition at. 85-89; "Niuniu had the final say." (Id. at 87), paid the affiliates, assisted and communicated with them, and had to know them. WAUSA fails to identify its

marketers Scott Richter, Sebastian Barale/PlanetRevenue or a person commonly known as "the AccelerateBiz spammer," or to admit its own involvement with the Emails at Issue.[3]

INT 32: WAUSA's "signed versions of the contracts at WAUSA-006509 through WAUSA-006675" have blanks for "Contract Party #1," except vendor LashBack (not a marketer) and one other signature.  WAUSA 09172 to 09338 also have blank signature lines.

INT 34: See exceptions to No. 11.  Defendants tracked all emails sent by them and by their affiliates, "it is still done that way," and the records are kept in the "Control Panel" system "forever."  [DEP. at 81-84]

INT 37a: The response should indicate where an Email at Issue matches templates, image names or other of Defendants' records. Per ECF 483, WAUSA should produce all related documents, including such templates and images.   INT 37b: SUPP2 ignores WAUSA's involvement in providing the creatives (designed and approved by Defendants) and assistance, and in paying the publishers.  INT 37c: With few exceptions, "each ad was suppose to come back and be ... approved," including From and Subject lines.  [DEP, pp. 61, 135-136]  INT 37d and 37e: SUPP2 ignores Defendants' clear involvement.   The document requests track the interrogatories.

The requests at issue. bear on whether Plaintiff "manufactured" its claims or sent/directed the Emails at Issue to itself, as Defendants argue (Issue 3), and the initiation of emails from within Florida (part of Issue 1).   The motion to compel was pending as of Judge Messitte's November 30th Order at ECF 544, and thus not stayed, and was to proceed "to resolution."

---

[3]  Click-throughs produced by Plaintiff indicate the involvement of known marketers. Mr. Peterson testified, "Planet Revenue was one of the larger producing affiliates." (DEP at 176). Some click-throughs particularly led to Mr. Richter.  Documents received from one of the UPS Stores used by Defendants noted it had requested a callback from NiuTech because of multiple "people showing up looking for iPod" (one of the "free" offers); and noted that on 6/22/2005 the "FBI came in to get info on the boxholder." (Document "BSI SUBPOENAS May 2010 - 21.")

Respectfully submitted:


_____/s/_____                              _____/s/_____
Michael S. Rothman, Esq.                       Stephen H. Ring, Esq
USDC MD Bar No. 14568                          Stephen H. Ring, P.C.
401 E. Jefferson Street, Suite 201             USDC MD Bar No. 00405
Rockville, MD 20850                            506 Main Street, Suite 215
Phone: (301) 251-9660                          Gaithersburg, MD 20878
Fax: (301) 251-9610                            Phone: (301) 540-8181

*Attorneys for Plaintiff*