UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**PETER J. MESSITTE**                                                                 6500 CHERRYWOOD LANE
UNITED STATES DISTRICT JUDGE                                              GREENBELT, MARYLAND  20770
                                                                                                             301-344-0632

M E M O R A N D U M

TO:         Counsel of Record

FROM:     Judge Peter J. Messitte

RE:         <u>Beyond Systems, Inc. ("BSI") v. World Avenue USA, LLC ("World Avenue")</u>
              Civil Case No. 08-921

DATE:     July 8, 2011

******

This Memorandum confirms the decisions made during the pre-trial conference held on July 7, 2011:

1. Regarding any pending motions that *must* be resolved prior to the commencement of the August 9, 2011 trial, the moving party shall, for each such motion, file a **ONE-PAGE** summary of the motion by Monday, July 11, 2011. The opposing party shall then have until Wednesday, July 13, 2011 to file a **ONE-PAGE** response to each motion. Replies will *not* be permitted. On Friday, July 15, 2011, beginning at 9:30 a.m., Magistrate Judge Charles B. Day will conduct a hearing on the pending motions and will, prior to the conclusion of the hearing, issue a final ruling as to each.

2. With respect to BSI's Motion for Order to Show Cause [Paper No. 714], for which BSI was previously given leave to file a four-page brief in support, World Avenue shall be permitted to file a four-page response. However, because the Motion for Order to Show Cause need not be resolved prior to the August 9, 2011 trial, World Avenue shall have until September 2, 2011 to file its response, and the Motion will *not* be considered by Magistrate Judge Day during the hearing scheduled for July 15, 2011.

3. Rulings on any motions pertaining to sanctions and/or attorneys' fees will be **DEFERRED** until after the conclusion of the August 9, 2011 trial.

4. Consistent with Magistrate Judge Day's prior rulings, BSI shall **PRODUCE** un-redacted versions of the 2006 and 2008 "game plan" documents. However, with respect to any e-mail messages referencing—or otherwise related to—the "game plan" documents, BSI may produce appropriately redacted copies. That said, un-redacted copies of such e-mails shall be provided to Magistrate Judge Day at the hearing scheduled for July 15, 2011, at which time he will determine whether they, too, must be produced. World Avenue will not be permitted to conduct further depositions concerning the contents of any "game plan" or related documents. Additionally, all "game plan" documents shall remain

     **UNDER SEAL** and shall not be disclosed to any other persons or entities, including parties in related lawsuits.

5. World Avenue's Motion for Order to Show Cause as to Prohibited Summary Judgment Motion [Paper No. 700] is **MOOT**.

6. The Court will not permit discovery, nor any introduction of evidence, by either party, regarding Greenberg Traurig LLP's alleged status as a "client," "customer," or "user" of BSI.

7. Because the Court has limited the trial scheduled to begin on August 9, 2011 to three issues related to BSI's status as a resident of Maryland and as a *bona fide* "interactive computer service provider," discovery regarding World Avenue, its officers, or its employees will not be permitted in advance of the August 9 trial.

8. Consistent with Magistrate Judge Day's prior rulings, BSI may not call Peter W. Resnick, who was untimely designated as an expert witness, as a fact witness at trial.

9. The upcoming deposition of Dr. Neal Krawetz shall be limited to six (6) hours in duration, unless the parties *mutually* agree to an extension of that time limit.

10. The Court holds that evidence regarding the legality of BSI's operation of a home-based business may be relevant to its status as a resident of Maryland and/or as a *bona fide* "interactive computer service provider." In this regard, World Avenue shall be limited to reading into evidence any ordinance that it contends establishes the legality *vel non* of home businesses in Montgomery County, Maryland. However, should BSI attempt to demonstrate that Montgomery County permits unlicensed businesses to operate out of homes, it shall be required to call a witness to that effect, and World Avenue may then call its own witness in rebuttal.

11. The parties shall submit proposed voir dire, jury instructions, and verdict forms to each other and to the Court by Monday, August 1, 2011.

12. The parties shall have until the morning of the first day of trial to submit final witness lists, final exhibit lists, and proposed findings of fact and conclusions of law. In preparing final witness and exhibit lists, the parties shall remain mindful of the short duration of the trial (four days) and shall make every effort to reduce their lists to those witnesses and exhibits that are truly required to try the three issues articulated by the Court in its Order of November 29, 2010. The parties shall also work together in advance of trial to resolve any issues pertaining to the authentication of exhibits.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

                                                      /s/
                                           PETER J. MESSITTE
                                   UNITED STATES DISTRICT JUDGE