# IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC.            )
                                )
    Plaintiff               )
    v.                      )    Case No. PJM 08 cv 0921
                                )
WORLD AVENUE USA, LLC, et al.   )
    Defendants              )
_____  )

## DEFENDANT WORLD AVENUE HOLDINGS, LLC'S SUMMARY BRIEF ON ITS MOTION TO COMPEL COMPLETE ANSWERS TO INTERROGATORIES FROM HYPERTOUCH, INC. RELATING TO THE AUGUST TRIAL (ECF 686)

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, P.A.**
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

Dated: July 11, 2011.

                                /s Sanford M. Saunders, Jr.

Hypertouch, Inc. ("Hypertouch) avoids providing a specific answer to Interrogatory 1 regarding the alleged services it provided to BSI.  Hypertouch quibbles that the Interrogatory does not require detail, but it overlooks the defined term, "Specificity", which requires the detail requested here.  Hypertouch likewise avoids answering Interrogatory 7, which seeks its revenues received from Computer-Related Services rendered to Persons. Joe Wagner admitted on Friday that the sole document he produced (HYP0014725) "does not reflect all Hypertouch income" (Transcript of 7/8/11 deposition, p. 177, lines 10-11), and the document is not for the full time period. Hypertouch likewise fails to provide detail about time spent on his education versus Hypertouch in Interrogatory 8, claiming that his educational work will support Hypertouch.

Hypertouch also failed to answer Interrogatories 9-10 and 13 asking about Hypertouch's involvement with the Honeypots, communications with BSI about Honeypots and actions to monitor receipt of e-mail at the Honeypots E-Mail Addresses.  Instead, he re-wrote the question and answered his own question.  Likewise, Hypertouch's answers to Interrogatories 14 and 16 seeking information relating to shared "customers" of BSI and Hypertouch, are non-responsive.[1]

Hypertouch's answer to Interrogatories 15 and 17 regarding the forwarding of the emails by Hypertouch to BSI and communication with BSI regarding ownership of hypertouch.com are incomplete by Hypertouch's own admission.  Hypertouch's Answers to Interrogatories 19-23, which inquire about its relation with purported "customers" are again evasive and non-descript. Finally, Hypertouch's Answer to Interrogatories 24-25, which seek the names of servers of BSI/Hypertouch that each company *cannot* access, is also evasive.  Hypertouch should be compelled to answer Interrogatories 1, 7-10, 13, 15, 17, and 19-25.

---

[1] This information is particularly important to the August trial issues because the corporate representative of St. Luke's House, one supposed "customer" Hypertouch alleges it services, testified that he does not know Joe Wagner and Hypertouch does not and never provided any services to St. Luke's House. *Id.* at p. 132, lines 11-13; Transcript of Deposition of J. Clark, St. Luke's House, at pp. 35, lines 8-9; 65, lines 4-18.