# IN THE U.S. DISTRICT COURT FOR MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC.       )
                           )
   Plaintiff              )
  v.                        )    Case No. PJM 08 cv 0921
                           )
WORLD AVENUE USA, LLC, et al. )
   Defendants             )
_____)

## DEFENDANT WORLD AVENUE USA, LLC'S SUMMARY BRIEF ON ITS MOTION TO COMPEL COMPLETE ANSWERS TO INTERROGATORIES FROM JAMES JOSEPH WAGNER RELATING TO THE AUGUST TRIAL (ECF 687)

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Burlacu, Esq.
BurlacuN@gtlaw.com
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101

Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, P.A.**
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile:  954-765-1477

Dated: July 11, 2011.

           /s Sanford M. Saunders, Jr.

James Joseph Wagner ("Wagner") avoids answering Interrogatories 2 and 3, which seek data on the consulting services he provides BSI. The Answer does not identify *what* the services are at all, *when* they were rendered, and in connection with *what* litigation. Wagner also avoids answering Interrogatory 5, which required him to identify shared computer servers used by BSI and Hypertouch. Instead, Wagner leaves the answer shrouded in a mystery of Internet Protocol Addresses and machine names with no context or detail whatsoever. Wagner likewise failed to provide detail on the origin of *his* version of the Sambar server software in Interrogatory 8. The detail is critical because the Sambar license explicitly prohibits Hypertouch's claimed use. Wagner's responses to Interrogatories 12 and 13 are also deficient because he provided no detail about Hypertouch's services to the International Conference on Rehabilitation Robotics, Phamily.com and Kien Pham, but provided only vagaries such as "e-mail" and "hosting."

Wagner avoided answering Interrogatories 15, 16, and 18 which sought information on the remote access to Hypertouch/BSI servers from outside of Maryland. BSI, Hypertouch, and Wagner file declarations whenever they want about their electronic communications with servers in Maryland and their presence in Maryland, but when asked to pinpoint the specific information, they have no further information to provide.

Wagner also failed to provide responsive information to Interrogatories 20 and 21 seeking information about Hypertouch's wireless hotspots and services rendered out of Wagner's Massachusetts residence respectively. Wagner even promised to re-visit his Answer, but failed to do so. Finally, Interrogatory 24 requests information on persons *who actually use* a domain name provided by Hypertouch, which assists in answering the Court's question about the nature of Hypertouch's business. Hypertouch failed to provide a real answer, and on May 18th, promised to re-visit the Answer, but never did so.