IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION

BEYOND SYSTEMS, INC.           )
                               )
    Plaintiff             )
v.                             )   Case No. PJM 08 cv 0921
                               )
WORLD AVENUE USA, LLC, et al. )
    Defendants            )
_____)

### DECLARATION OF SANFORD M. SAUNDERS, JR.

I, SANFORD M. SAUNDERS, JR., being of full age, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am a shareholder in the international law firm Greenberg Traurig, P.A. ("Greenberg Traurig"), and I work out of the firm's District of Columbia office. I am one of the lawyers representing World Avenue USA, LLC ("WAUSA") in the above captioned matter. I submit this Declaration in compliance with the Court Order at Docket Entry 711.

2. I have reviewed all invoices regarding this Application.

3. Greenberg Traurig is being compensated on an hourly basis for services rendered in this case.

4. Greenberg Traurig maintains contemporaneous time records reflecting hours worked on a particular matter. The following fees have been incurred in connection with the instant action resulting from Plaintiff Beyond Systems, Inc.'s ("BSI") issuance of multiple secret third party subpoenas and Defendant WAUSA's discovery of these subpoenas and efforts to

discover the extent of the wrongdoing. *See* Defendant's Motion to Dismiss [DE 323] and the Court's June 17, 2011 Order awarding sanctions [DE 711].

## LEGAL FEES:

| Timekeeper | Hours | Rate/Hour | Total |
|---|---|---|---|
| Sanford M. Saunders, Jr. | 85.5 | $625 | $53,437.50 |
| Kenneth A. Horky | 207.0 | $460 | $95,220.00 |
| John L. McManus | 172.3 | $450 | $77,535.00 |
| Justin Angelo | 66.2 | $330 | $21,846.00 |
| Patricia M. Casey | 47.3 | $230 | $10,879.00 |
| Nicoleta Timofti | 199.2 | $290 | $57,768.00 |
| Jozef S. Przygrodzki, Law Clerk | 21.8 | $220 | $ 4,796.00 |
| Barry A. Dotson, Paralegal | 51.0 | $205 | $10,455.00 |
| **TOTAL** | | | **$331,936.50** |

5.  The attorneys' and paralegal fees set forth above are those accrued through November 29, 2010.

6.  I am familiar with the hourly rates charged by each of the personnel involved in this case. The hourly rates charged in Paragraph 4 are the customary hourly rates charged to clients for services rendered by the individuals involved. Through my more than twenty-five (25) years of litigation practice, I am also familiar with the customary hourly rates charged by attorneys of similar experience in the District of Maryland as well as in the surrounding District of Columbia metropolitan area.

7.  Moreover, the hourly rates charged in this case are within the range of hourly rates charged by attorneys with similar skill and experience in this jurisdiction.

8.  I have reviewed the reasonableness of the attorneys' fees in light of the factors outlined below:

    (a) time and labor expended;

    (b) the novelty and difficulty of the questions raised;

2

      (c) the skill required to properly perform the legal services rendered;

      (d) the attorney's opportunity costs in pressing the instant litigation;

      (e) the customary fee for like work;

      (f) the attorney's expectation at the out-set of the litigation;

      (g) the time limitations imposed by the client or circumstances;

      (h) the amount in controversy and the results obtained;

      (i) the experience, reputation and ability of the attorney;

      (j) the undesirability of the case within the legal community in which the suit arose;

      (k) the nature and length of the professional relationship between attorney and client; and

      (l) attorneys' fees awards in similar cases.

9.     In light of the foregoing factors, I believe that the fees sought are reasonable and my conclusion is based on the following analysis.

10.     ***Time and Labor Expended, Novelty and Difficulty of Questions, and Skill Required***. The activities involved in unearthing the truth required considerable time and effort to uncover the actual facts as well as analyzing complex procedural and substantive legal questions. As the Court is painfully familiar, the issue began in December 2009 when, on the 29th at 6:47 p.m., BSI foreshadowed its intent to "seek documents related to FBI investigations allegedly linked to WAUSA." It continued with the issuance of secret subpoenas in January 2010, and the production of phantom subpoenas in February 2010. It then continued with hearings to a) secure copies of the various versions of the subpoenas on September 23, 2010, b) secure discovery from Mr. Rothman and BSI regarding the issuance of the subpoenas, c) the hearing on the Motion to

Dismiss on November 29, 2010, and d) to quash the re-issued offending subpoenas in February 2011 that BSI had the effrontery to issue again and claim the Court told it to do so. Finally, in June 2011, the court issued its Order (DE 711) stating that the it intended to "fully compensate the defendants for this debacle".

11. In my more than twenty-five years of legal practice, I have never experienced such an egregious misuse and abuse of the subpoena power or of the procedural rules. At every turn, BSI thwarted the search for the truth and origin of these Subpoenas. If the cost of securing the truth appears high, then the blame can only be placed at BSI's doorstep. BSI engaged in a cover-up and the extensive motions practice followed.

12. ***Opportunity Costs in Pressing the Current Litigation***. This case effectively includes more than 70,000 separate claims and a damages demand of more than $100 million dollars. Needless to say, the defense of such a case is extremely time-consuming. In particular, the resources involved in discovering and exposing this "debacle" and pursuing relief were extraordinary.

13. ***The Customary Fee For Like Work***. The hourly rates sought are the customary rates charged for the individuals involved to this client as well as other clients. Based on my experience and my review of legal publications with the customary hourly rates charged by attorneys of similar experience in the area, the hourly rates set forth above are reasonable and in line with the customary legal fees in the relevant community in the District of Maryland.

14. ***The Results Obtained and The Amount in Controversy.*** BSI claims damages in excess of $100,000,000. The results obtained were second to none, as the Court found the situation to be a "debacle" and that WAUSA was entitled to an award of monetary sanctions from BSI.

15. *Nature and Length of the Professional Relationship Between Attorney and Client*. Fort Lauderdale counsel, Kenneth A. Horky and John L. McManus, are involved in this action because each are based in close proximity to the client and have represented other corporate affiliates of WAUSA since approximately 2006 and 2007, respectively. I and Nicoleta Timofti have been involved in this action representing WAUSA since the inception of the action, and, I have prior experience successfully defending a client against a BSI manufactured law suit.

16. *Experience, reputation and ability of the attorneys*. The attorneys representing WAUSA have approximately 74 years of combined legal experience in domestic or international law. I, the principal attorney handling the matter, have substantial experience with this type of matter and have been recognized by Chambers as a leading litigator in DC and after becoming the head of the DC litigation section in 2007, Chambers, for the first time in 2008, recognized it as a "go to" firm in the District of Columbia. Kenneth A. Horky is a 1986 graduate of the Florida State University College of Law and specializes in complex commercial litigation. John L. McManus is a 1997 graduate of the University of Florida College of Law and also practices in complex commercial litigation. As noted, Mr. Horky and Mr. McManus have been engaged in advising WAUSA and other associated companies in this field for several years. For her part, Nicoleta Timofti is a 2000 law school graduate, who, after completing her Master's in 2001, obtained an LL.M in International and Comparative Law in 2006 from The George Washington University Law School. Ms. Timofti practiced as a foreign attorney with Greenberg Traurig, LLP, from 2006 until January 2008, when she was admitted to the Bar of New York. Ms. Timofti has approximately ten years of experience practicing foreign and international law, including working as a Staff Attorney for the U.S. Department of Justice, Criminal Division, Office of Overseas Prosecutorial Development, Assistance and Training. Ms. Timofti has been

practicing in private practice since her New York bar admission in January 2008. Justin Angelo is an Associate with Greenberg Traurig. He is a graduate of the University of Miami School of Law and was admitted to practice in 2004. Patricia M. Casey is an Associate with Greenberg Traurig. She is a graduate of the Georgetown University School of Law and was admitted to practice in 2009.

17. A paralegal in Fort Lauderdale, Mr. Barry Dotson, also assisted with the matter. Mr. Dotson has approximately 26 years of experience as a paralegal and has been working on this case for two years. Mr. Dotson has been working with Greenberg Traurig for approximately 13 years.

18. A law clerk in Washington, D.C., Jozef Przygrodzki, also assisted with the matter. Mr. Przygrodzki is a February 2010 graduate *cum laude* of Georgetown University Law School, and was admitted to the Maryland bar in June 2010. Mr. Przygrodzki has worked with Greenberg Traurig, LLP for 6 years, has fifteen total years of experience as a paralegal, and has been involved in the underlying litigation for the past two years.

19. ***Attorneys' Fee Awards In Similar Cases***. Based on our review of other similar cases involving BSI, we have not located any other amounts actually awarded for attorneys' fees against BSI. We are aware of one pending application in *Beyond Systems, Inc. v. Kraft Foods, Inc.*, Case No. PJM-08-409 (D. Md.). I am also aware of a second pending application against William J. Wagner, the father of BSI's principal, Paul A. Wagner, in *World Avenue USA, LLC v. William J. Wagner*, Miscellaneous No. 09-557 (HHK/AK), in the U.S. District Court for the District of Columbia. This Court has entered a total of nine awards of sanctions against BSI, and fixed the precise amount of sanctions in six orders that total $39,982.00 in attorneys' fees and costs. I believe that the fact that this Court has entered nine awards of sanctions against BSI, and

the District of Columbia Court has entered a further award against a BSI-related individual, weighs heavily in favor of the reasonableness of the award sought herein. However, we believe that the Court noted that it did not have before it specific evidence of reasonable rates from other attorneys in the relevant legal community. Thus, we have submitted a Declaration from Joseph P. Esposito, Esq. of Hunton & Williams, LLP.

20. During the course of reviewing the receipt of the subpoena and the productions by BSI, we consulted with our expert witness, Neal A. Krawetz, Ph.D. Dr. Krawetz evaluated the computer forensics of the productions of subpoenas by BSI, consulted with WAUSA's counsel, and prepared a full report on the computer forensic aspects of the purported copies of the subpoenas produced by BSI. The work by Dr. Krawetz was submitted to the Court, and we believe that the work of Dr. Krawetz was reasonably necessary for us to understand exactly how the subpoenas were modified before such subpoenas were produced to WAUSA, as shown by the computer forensic report submitted by Dr. Krawetz. I am familiar with the hourly rate and charges submitted by Dr. Krawetz, and based on my more than 25 years of legal experience, this is a reasonable rate for an expert of his experience and expertise.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: July 12, 2011

*/s/ Sanford M. Saunders*

_____
Sanford M. Saunders, Jr.