### IN THE U.S. DISTRICT COURT FOR MARYLAND,
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Case No. PJM 08 cv 0921** |
| | * | |
| **WORLD AVENUE USA, LLC** | * | |
| successor by merger to NIUTECH, LLC., | * | |
| **DBA "THE USEFUL," ET AL.** | * | |
| | * | |
| Defendants | * | |

### CERTIFICATE OF COMPLIANCE

Plaintiff, Beyond Systems, Inc., and Third-party Defendants, Hypertouch, Inc. and James Joseph Wagner, through counsel, file this certificate of compliance regarding the status of discovery following the Court's rulings of July 15, 2011, the transcript having become available on July 22, 2011.[1]

The Court ordered that certain information regarding computer equipment was to be provided to Defendants within five days.  That production was made in timely fashion. Regarding other information defendant wanted before the deposition of Paul Wagner, the Court stated:

> THE COURT:
> 20 I will suggest this to the Defense. If there are certain
> 21 things that you would like to have faster, for purposes of
> 22 the deposition, send Plaintiff a letter immediately because I
> 23 made rulings that cover the waterfront, but you may have some
> 24 stuff that you really need for an upcoming deposition.
> 25 If they can accommodate you, I expect them to give
> that priority as you have requested.

---

[1] Dialogue between counsel has been excerpted and included in the text of this filing, rather than create a voluminous filing with attachments in view of the Court's recent admonitions.  However, the full text of the communications between counsel remains available for production or filing if needed.

Transcript of July 15, 2011 at 168 – 169. (Emphasis added.)

The hearing on July 15 ran all day.   That evening Plaintiff and the Third-Party defendants began assembling supplemental information as ordered by the Court.  On July 15 and 16, no "letter" was received from Defendants pursuant to the Court's suggestion quoted above. On Sunday, July 17, 2011 at 3:26 p.m. Mr. Ring sent Mr. Saunders an email that begins, "Defendants preliminary witness [sic – should read "exhibit"] list contains 387 entries, some of which embrace dozens or even hundreds of pages . . ., " asking that the list be pared down and that descriptive titles be applied to supplement the Bates numbers that appeared alone.  In response to this email, on July 18, 2011 at 10:44 a.m., Mr. Saunders sent an email, stating, "Thank you for your email. We will take a look at your suggestion . . . The supplemental BSI interrogatory responses, in particular nos. 1-2 and 8, are important for us to have prior to the deposition . . . If we do not have the material we will reserve time to reconvene the deposition the week of the 25th."

At 11:23 a.m. that same day, Mr. Ring responded, stating, "In your email below you specify only items 1, 2 and 8 . . .  Upon production of the specified items as ordered, we will object to any attempt to reconvene the deposition after Thursday."  (The specified items were in the interrogatories addressed at ECF 666.)  Then, at 1:34 pm that same day, Mr. Saunders sent another email greatly expanding his request, stating

> Pursuant to the Court's ruling on Friday, finding Beyond Systems, Inc. ("BSI"), James Joseph Wagner (Joe Wagner) and Hypertouch, Inc. ("Hypertouch")'s answers to World Avenue USA, LLC ("WAUSA") and World Avenue Holdings, LLC ("Holdings") interrogatories incomplete or deficient, please find below the list of the items WAUSA and Holdings need for its immediate review for the preparation of deposition of Paul Wagner on Thursday. You agreed in Court to provide this information no later by COB on Tuesday.  As you can see, BSI has to provide complete answers to four interrogatories only, answers to which will also assist Paul Wagner properly prepare for his deposition. The majority of the work

has to be done by Joe Wagner/Hypertouch and we except them to work diligently with counsel to provide complete answers as ordered by the Court.  Finally, we expect information responsive to the rest of interrogatories ordered by the court to be answered before the due date of the designation of exhibits by the parties.

1. WAUSA's Motion to Compel Complete Answers to Interrogatories from BSI [ECF 666]:
Interrogatories 1, 2 [regarding location and dated of commencement where BSI is storing its computer equipment], 8 [regarding BSI's privileges to access Hypertouch's computer equipment], and 25 regarding BSI's paid customers].

2. Holdings' Motion to Compel Complete Answers to Interrogatories from Hypertouch, relating to trial issues [ECF 686]:
Interrogatories 14 and 16 [related to shared customers of BSI and Hypertouch], 15 and 17 [regarding the forwarding of the emails by Hypertouch to BSI and communications regarding ownership of hypertouch.com],  and 24 [regarding the numbers of the servers of BSI/Hypertouch that each company cannot access].

3. WAUSA's Motion to Compel Complete Answers to Interrogatories from James Joseph Wagner, relating to trial issues [ECF 687]:
Interrogatories 2, 3 [regarding the services and consultancy work related to litigation provided by Joe Wagner to BSI], and 5 [regarding geographic location of servers since 2000 to present].

4. WAUSA's Motion to Compel Complete Answers to Interrogatories from Hypertouch, relating to trial issues [688]:
Interrogatories 1, 2 [related to BSI's computer equipment], 5 and 6 [related to payments between BSI/Paul Wagner and Hypertouch/Joe Wagner].

While considerable other activity and planning were underway on other issues in

this case, Plaintiff continued to prepare supplemental responses and on July 20 Mr. Ring

sent a series of emails to defendants' counsel as follows:

---

**From**: Steve Ring <shr@ringlaw.us>
**To**: Timofti, Nicoleta (Assoc-DC-LT); McManus, John (Shld-FTL-LT); Saunders, Sanford (Shld-DC-LT)
**Sent**: Wed Jul 20 11:33:59 2011
**Subject**: bsi v wa; docs

Counsel:

My clients have been working on the supplemental responses and documents required under the Court's rulings of last Friday, July 15.

3

I understand that the court clerks had some problem uploading their audio recording of the hearing to the transcriber service, and that preparation of the transcript has been delayed. Accordingly, we are working from our notes rather than the transcript. I understood the Court's directive to be that we must produce certain items within five days, and that defendants were to specify via letter those items needed before the deposition of Paul Wagner. We received your email of July 18 listing those items. We expect to have an installment of supplemental Bates numbered documents to you within the next two

hours, and expect to have supplemental responses pursuant to your email of July 18, by 5 pm today. In any event, we anticipate that we will be in full compliance with the rulings of last Friday, within the time limits that have been set by the Court.

---

**Sent:** Wednesday, July 20, 2011 1:26 PM
**To:** Burlacu, Nicoletta; McManus, John; Saunders, Sandy
**Subject:** bsi v wa; supp docs, series

Counsel:

I am about to start a series of transmissions of supplemental documents and responses, pursuant to the Court's Rulings last Friday, July 15, and pursuant to Mr. Saunders' letter of two days ago, July 18.
We will provide a table matching documents to requests later today, as the first priority is to get you the documents themselves. . . .

---

**From:** Steve Ring <shr@ringlaw.us>
**Sent:** Wednesday, July 20, 2011 1:35 PM
**To:** Burlacu, Nicoletta; McManus, John; Saunders, Sandy
**Subject:** bsi v wa; supp docs july 20 11, set 1
**Attachments:** supp_docs-20110720-part_1_of_2.zip

Counsel:

Attached is set 1 of today's transmission of supplemental documents, consisting of
Bates nos. BSI-JiCos-128596 – 650. As indicated earlier, we will provide a table matching
The documents to numbered document requests later today.
Additional documents, and supplemental responses to interrogatories, will follow.

---

**From:** Steve Ring <shr@ringlaw.us>
**Sent:** Wednesday, July 20, 2011 1:36 PM
**To:** Burlacu, Nicoletta; McManus, John; Saunders, Sandy
**Subject:** bsi v wa; supp docs july 20 11, set 2
**Attachments:** supp_docs-20110720-part_2_of_2.zip

Counsel:

Attached is set 2 of today's transmission of supplemental documents, consisting of
Bates nos. BSI-JiCos-128655 – 718.

---

**From:** Steve Ring <shr@ringlaw.us>
**Sent:** Wednesday, July 20, 2011 4:39 PM
**To:** Saunders, Sandy
**Subject:** bsi v wa; supp ai, computer equip

Sandy:
I am about to send you supplemental answers to 666, but am waiting for final edits and signature.
To avoid further delay, I am now dropping into this email the information that will be in the answers,
applicable to Interrogatories 1 and 2 of 666, regarding location and dates of BSI Computer Equipment.

**Computer Equipment at 38 Maryland Ave., Rockville, MD 20850**
Innoband Technology, Inc.
Model: 8012-R1
S/N  . . . . F083H27EAB . . .
P/N 2245-2-8012 . . .
Dates: approx. . . .
[Full serial and part numbers were included where available.  The email included several pages of
descriptions of equipment.]

---

**From:** Steve Ring <shr@ringlaw.us>
**Sent:** Wednesday, July 20, 2011 5:04 PM
**To:** Burlacu, Nicoletta; McManus, John; Saunders, Sandy
**Subject:** bsi v wa; BSI supp AI to WAH nos 1, 2 in 666
**Attachments:** Supp AI of BSI to WAH 666 Ints 1-2 -- signed.pdf

Counsel:

Attached, please find signed supplemental responses of BSI to WAH rogs, re ECF 666. . . ..

---

**From:** Steve Ring <shr@ringlaw.us>
**Sent:** Wednesday, July 20, 2011 6:14 PM
**To:** Burlacu, Nicoletta; McManus, John; Saunders, Sandy
**Subject:** bsi v wa; more coming

My clients continue to work on their responses, and have not finalized. Will send to you as soon as
possible.

---

**From:** Steve Ring <shr@ringlaw.us>
**Sent:** Wednesday, July 20, 2011 8:41 PM
**To:** Burlacu, Nicoletta; McManus, John; Saunders, Sandy
**Subject:** bsi v wa; supp AI of HYP to WAH, 686, preview

Sandy:
A preview of 686, Hypertouch AI to WAH, 686:

**INTERROGATORY 14:**
Identify with Specificity all Customers of BSI/Paul Wagner that are also Customers of
Hypertouch/Joseph Wagner.

The answer will be: none.

**INTERROGATORY 24:**
Identify each Server owned by Hypertouch/Joseph Wagner that BSI and/or Paul
    A.  Wagner do not have Permission to access directly or remotely.

The answer will be: 8. (The Court required a number only, not full identification.)

The remainder of the answers in that set at 686 are not yet complete. The entire set of supplements for
686 will follow when completed and signed, which I expect within an hour.

---

**From:** Steve Ring <shr@ringlaw.us>
**Sent:** Thursday, July 21, 2011 12:55 AM
**To:** Burlacu, Nicoletta; McManus, John; Saunders, Sandy
**Subject:** bsi v wa; 688
**Attachments:** Supp AI of H to WA 688 no sig.pdf

Counsel:

Attached is an unsigned copy of the supplemental responses of Hypertouch, regarding WAUSA's
interrogatories Addressed in the motion at ECF 688. I believe most of the contents were conveyed to you
via separate emails earlier this evening. A signed version of the final will be transmitted as soon as
possible.

---

**From:** Steve Ring <shr@ringlaw.us>
**Sent:** Thursday, July 21, 2011 1:22 AM
**To:** Burlacu, Nicoletta; McManus, John; Saunders, Sandy
**Subject:** bsi v wa; 688 final signed
**Attachments:** Supp AI of H to WA 688 sig-final.pdf

Counsel:

Attached is a signed final of supplemental answers of Hypertouch to WAUSA's interrogatories
Referenced at ECF 688, limited to those items listed in Mr. Saunders' email of July 18.
Please discard the prior unsigned version, as there have been minor additional changes in the final.
Stephen H. Ring

---

**From:** Steve Ring <shr@ringlaw.us>
**Sent:** Wednesday, July 20, 2011 10:33 PM
**To:** Burlacu, Nicoletta; McManus, John; Saunders, Sandy
**Subject:** bsi v wa
**Attachments:** Supp AI of BSI to WAH no 8 666 -signed.pdf

Counsel:
Attached is BSI's supplemental response to WAH interrogatory no. 8 in the set at addressed at ECF 666.
• • •

---

**From:** Steve Ring <shr@ringlaw.us>
**Sent:** Wednesday, July 20, 2011 10:36 PM
**To:** Burlacu, Nicoletta; McManus, John; Saunders, Sandy
**Subject:** bsi v wa; 666, nos 1, 2, 8, 25
**Attachments:** Supp AI of BSI to WAH 666 Ints 1-2 -- signed.pdf; Supp AI of BSI to WAH no 8 666 -
signed.pdf; Supp AI of BSI to WAH no 25 666 -signed.pdf

Counsel:

Attached are BSI's supplemental responses to WAH interrogatories addressed at ECF 666, signed.
. . .

---

Thus, Plaintiff produced the required information as to computer equipment within the

five days required by the Court, and provided responses to Interrogatories 1, 2, 8 and 25

referenced at ECF 666 prior to the deposition as requested by Defendant, although not required

by any order.  This production was made after Defendants waited nearly 3 days following the

hearing to specify their requests as suggested by the Court, which came only after prompting

from Plaintiff.  Furthermore, most of the <u>additional</u> interrogatories specified by Defendant (in

their expanded, second list) were provided prior to the deposition of Paul Wagner, making good

faith efforts in installments as demonstrated by the emails from counsel, despite the absence of

any order requiring such production before the deposition. Third-party Defendants have also

produced the specified responses to the interrogatories referenced at ECF 686 and 688.  The

balance of the information required by the Court will also be produced as ordered.

Defendants have filed a letter at ECF 749 painting Plaintiff's side as flaunting the Court's

rulings and seeking to re-open the deposition of Paul Wagner. That letter was "conferred" and

7

signed by defendants' counsel with great fanfare across the deposition table immediately before the deposition of Paul Wagner on July 21, attended all day by four attorneys and one technical consultant for defendants.

Defendants chose to spend their time at the deposition of Paul Wagner on collateral issues, making scant use of the voluminous documents previously produced in this case, and scant use of items obtained via orders to compel. The questions concerned such collateral issues as small claims cases filed by Mr. Wagner in Washington, D.C. in 2002, unrelated to commercial electronic mail.  Mr. Wagner was subjected to detailed, repetitive and argumentative questions on trivial, irrelevant points.  The inquiry included, for example, a long session on an isolated pornographic spam advertisement sent by marketers in defendants' industry in the year 2000, that was archived among thousands of other bulk email solicitations, having nothing to do with the emails involved in this case.  This topic, which also consumed at least 30 minutes in the deposition of James Wagner while WAUSA displayed the image on a large wall monitor, was in each instance a futile effort to try to intimidate the witness.

With 11 minutes remaining of the allotted 6 hours for the deposition of Paul Wagner, WAUSA asserted its intent to run 7 hours, despite having already taken depositions of Joe Wagner and Paul Wagner under the 6-hour limit set in the order at ECF 544. WAUSA called a recess, read the order, and after perfunctory questions as to Plaintiff's opinions, closed the deposition as the clock reached 6 hours.

Plaintiff was limited to 6 hours in its deposition of Defendants' expert, Neal Krawetz, although defendants' counsel dumped roughly 50 GB of material on Plaintiff shortly beforehand.

Defendants deposed Joe Wagner, Steve Wagner and Paul Wagner for 6 hours each

pursuant to the order at ECF 544.  Plaintiff regards the deposition of Paul Wagner as ended.

Plaintiff has met its deadlines for the supplemental discovery required thus far, and continues to prepare additional supplementation as required by the Court's rulings.

Regarding the requirement to produce tax returns and documentation of litigation recoveries, Plaintiff is preparing its supplementation with the following understanding: At the February 16, 2011 hearing the Court ruled on a motion to compel as to certain of WAUSA's Document Requests, Set 3 ("9. A copy of all documents reflecting your annual gross revenues for each year from 2003 to the present. 10. A copy of all documents reflecting the portion of your annual gross revenues for each year from 2003 to the present which are attributable to settlements or judgments obtained by you and/or Paul Wagner during the course of litigation in which you and/or Paul Wagner brought any claims related to commercial e-mail.") At the hearing on February 16, 2011, the Court ruled as follows:

At p.  47:

> THE COURT: Let's try a different place. While I may
> disagree with you as to what it says in its clarity, what I just
> heard from your opposing counsel is we'll gladly take tax
> returns. . . .  I understand. I understand. That's late
> arriving, but it is an accommodation. Spirit of compromise.
> And does that work for you? . . .

At p. 52, line 25:

> THE COURT:
>
> I'm going to require the tax documents unless you can produce all the documents
> as required by this document request, which reflect the annual gross revenues for
> each year from 2003 to present. That's No. 9. And No. 10, the portion of annual
> gross revenues for each year from 2003 to present attributable to settlements or
> judgments obtained. Now, you don't have to prepare anything. To the extent that
> these documents exist, you have to produce them. I think the tax documents

probably get us a long way with respect to No. 9. I don't know if that's true with
No. 10. But the simple import of both of these requests is produce all documents.

At the hearing on July 15, the Court ruled as follows:

At p. 43:
> 14 MR. RING: Your Honor has ruled, but I understood
> 15 that the situation of the ruling before was that the
> 16 Plaintiff was either to produce supporting documents or
> 17 produce the tax returns.
> 18 THE COURT: He was required to produce all of the
> 19 supporting documents or if he couldn't, give the tax returns.
> 20 Yes.
> 21 MR. RING: And he did produce the tax returns.
> 22 THE COURT: In a redacted form, but yes.
> 23 MR. RING: So now the ruling is that it is going to
> 24 be both the tax returns and the supporting documents?
> 25 THE COURT: Well the ruling is that he is going to
> p. 44:
> produce the unredacted form and he is going to produce an
> 2 affidavit as to saying he had all these documents or he
> 3 didn't have all these documents. And his tax guy is going to
> 4 say he had -- basically we have no other documents.
> 5 Therefore the spreadsheet as represented as being the only
> 6 thing left in the world is true. I have a concern that we
> 7 have an Excel spreadsheet representing as being the only new
> 8 document that exists.
> 9 MR. RING: All right. Now if we can go back to the
> 10 ruling before, Your Honor. If there are other documents are
> 11 they getting produced?
> 12 THE COURT: If the affidavits, any of them, come
> 13 back and say I've got other stuff. There are other documents
> 14 out there, they are going to be produced and there is going
> 15 to be probably more sanctions to flow because there has been
> 16 a clear representation to the Court there ain't nothing else.
> 17 This is all we have got. And that I find difficult.

Plaintiff has produced approximately 200 pages of tax returns. There was a single, two-line redaction on one page. Defendants made a furor over that redaction, and Plaintiff explained its minor nature. Now Plaintiff understands the Court is requiring production of the supporting documents for requests 9 and 10, in addition to the tax returns, without redactions.

Plaintiff certifies that it has made supplementation of its discovery as descried above, and

is continuing to assemble additional information for production as ordered.

_____/s/_____

Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
USDC, MD: #00405
Telephone: 301-563-9249

_____/s/_____

Michael S. Rothman
401 E. Jefferson Street
Suite 201
Rockville, MD 20850
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff*

## Certificate of Service

I certify that a copy of the foregoing documents was served on the date of ECF filing, via
the ECF system, on all counsel of record.

_____/s/_____

Stephen H. Ring