**IN THE U.S. DISTRICT COURT FOR MARYLAND,
SOUTHERN DIVISION**

BEYOND SYSTEMS, INC.      )
     Plaintiff          )
                          )
     v.                  )       Case No.PJM 08 cv 0921
                          )
WORLD AVENUE USA, LLC, et al. )
     Defendants      )
_____)

**DEFENDANT WORLD AVENUE USA, LLC'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF BSI'S "INTERNET SERVICES" OUTSIDE THE PERIOD AT ISSUE
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Fed. R. Evid. 702, Defendant WORLD AVENUE USA, LLC ("WAUSA")

hereby respectfully files this Motion *in Limine* to exclude evidence of Plaintiff Beyond Systems,

Inc.'s ("BSI") alleged "internet services" prior to April, 2004 and after November, 2010 on the

grounds that such evidence is outside the relevant timeframe during which BSI must establish

that it is a *bona fide* internet computer service provider and a corporate resident of the state of

Maryland.  Any services provided other than between April 11, 2004 and December 26, 2009 are

outside the timeframe during which BSI alleged it received the emails at issue in BSI's Second

Amended Complaint and should be excluded from the litigation.  ECF 544, 176, ¶ 79.

Furthermore, the evidence is more prejudicial than probative because it is likely to confuse the

jury as to the true scope of BSI's actions during the time frame it allegedly received the emails at

issue and should be excluded under Fed. R. Evid. 403.[1]

---

[1] Evidence related to BSI's activity outside of the period may be admissible for some other legitimate reason, e.g., demonstrating collaboration between BSI and Hypertouch for the filing of lawsuits in Maryland and BSI's claiming the District of Columbia as its business address.

**A.  Evidence of BSI Activity Prior to April 11, 2004 and After December 26, 2009 is Irrelevant Under Rule 401 and Inadmissible Under Rule 402, FRE**

1.      Under Fed. R. Evid. Rules 401 and 402, to be admissible, "evidence [must] hav[e] [a] tendency to make the existence of any fact that is of consequence to the determination of the action more…or less probable…." *See* Fed. R. Evid. 401, 402.

2.      The August trial issues involve: (1) whether BSI is a *bona fide* "interactive computer service provider" (ICSP"); (2) whether BSI is a *bona fide* resident of the state of Maryland; and (3) the nature of the relationship between BSI and Hypertouch, Inc. ("Hypertouch").  ECF 544.

3.      BSI alleges that it has received the unsolicited commercial emails at issue in this case beginning on or about April 11, 2004. ECF 176, ¶ 79.

4.      The Court granted BSI's Second Amended Complaint on November 29, 2010. ECF 544.   The Court limited BSI's case against WAUSA to the 70,000 emails at issue then produced by BSI between April 2004 and December 26, 2009, noting that "as to the litigation thus far, the cap is now at the 70,000." *See* Transcript of September 23, 2010 Court Hearing, p. 9, lines 18-19.

5.      Thus, the issues of whether BSI was a *bona fide* ICSP and a Maryland corporate resident as well as the nature of BSI's relationship with Hypertouch relationship prior to April 11, 2004 and after December 26, 2009 are not at issue.  Therefore, any evidence outside this timeframe is irrelevant and inadmissible under Fed. R. Evid. Rules 401  It does not "hav[e] [the] tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

**B.  The Court Should Exclude Evidence Prior to April 2004 and After November 2010 Under Rule 403, FRE Because It  Would Unduly Confuse the Jury**

6.      Even if evidence prior to April 11, 2004 and after December 26, 2009 was deemed relevant, the Court has the discretion to exclude such evidence where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *Glaros v. H.H. Robertson Co.,* 797 F.2d 1564, 1572-73. (Fed. Cir. 1986) (the exclusion of evidence that "would have injected frolics and detours and would have required introduction of counter-evidence, all likely to create side issues that would have unduly distracted the jury from the main issues.").

7.      Should the evidence come in, there should be a limiting instruction that they are relevant for the purpose of background only.   Fed. R. Evid. 105.  WAUSA will provide a jury instruction in this regard.

### CONCLUSION

Therefore, because any services BSI provided  prior to April 11, 2004 and after December 26, 2009 are not at issue in the August Trial, introduction of evidence regarding same has no probative value.  In sum, it is irrelevant and inadmissible and must be excluded.  Even if such evidence were deemed relevant for other purposes, in order to prevent confusion of the issues the Court should issue a limiting instruction clarifying that the evidence is not to be considered as evidence that BSI was a *bona fide* ISP. For all these reasons, the Court should grant World Avenue, USA, LLC's Motion *in Limine* and exclude evidence prior to April 11, 2004 and after December 26, 2009.

Dated: August 1, 2011.

3

Respectfully submitted,


_____/s/_____

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Timofti, Esq.
TimoftiN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

--and--
Kenneth HorKy, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone:  954-765-0500
Facsimile: 954-765-1477

*Attorneys for World Avenue USA, LLC*