**IN THE U.S. DISTRICT COURT FOR MARYLAND,**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. PJM 08 cv 0921 |
| | ) | |
| WORLD AVENUE USA, LLC, et al. | ) | |
|     Defendants | ) | |
| _____ | ) | |

**DEFENDANT WORLD AVENUE USA, LLC'S MOTION *IN LIMINE* TO PRECLUDE SPAM-RELATED EVIDENCE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Pursuant to Rule 702, FRE, Defendants WORLD AVENUE USA, LLC ("WAUSA") and WORLD AVENUE HOLDINGS, LLC ("Holdings") hereby respectfully file this Motion *in Limine* to preclude Plaintiff Beyond Systems, Inc. ("BSI") from (a) offering evidence that WAUSA and Holdings sent the E-Mails at Issue; and (b) referring to WAUSA and Holdings, and any other defendant, by the derogatory name/term "SPAMer(s)" on the grounds that there has been no finding in this matter that Defendants initiate the transmission, conspire with another person to initiate the transmission, or assist in the transmission of any of the E-Mails At Issue or that such E-Mails At Issue are unsolicited misleading commercial emails violative of Maryland Commercial Electronic Mail Act, Md. Code. Ann., Com. Law § 14-3001 *et seq.*, and/or the Florida Commercial Electronic Mail Act, Fla. Stat. § 668.601 *et seq.*[1] Moreover, whether Holdings and/or WAUSA sent, or authorized, the E-Mails At Issue or whether the E-Mails At Issue constitute SPAM are outside the scope of the mini-trial. Defendants will be unduly prejudiced by introduction of evidence regarding the sender of the E-Mails At Issue because it is

---

[1] The derogatory name/term "SPAMer(s)" includes variants thereto and any reference to Holdings or WAUSA authorizing or otherwise directing the sending of unsolicited or deceptive electronic mail.

not a trial issue.  Defendants will also be unduly prejudiced by references to either entity as a "SPAMer" during the trial, and, accordingly, BSI and Hypertouch should be barred from doing so.

1.	The issues to be litigated at the August Trial are: (1) whether BSI is a *bona fide* "interactive computer service provider" (ICSP"); (2) whether BSI is a bona fide Maryland resident; and (3) the nature of the relationship between BSI and Hypertouch, Inc. ECF 544, ¶1.

2.	The Court stayed "[d]iscovery … as to all issues not within the scope of the trial." *Id.* at ¶2.  Responding to BSI's repeated attempts to take discovery from WAUSA on issues unrelated to the Three Trial Issues, at the Pre-Trial conference, the Court held that "[b]ecause the Court has limited the trial scheduled to begin on August 9, 2011 to three issues related to BSI's status as a resident of Maryland and as a *bona fide* 'interactive computer service provider,' discovery regarding World Avenue, its officers, or its employees will not be permitted in advance of the August 9 trial." ECF 722, ¶7.  Therefore, no evidence on the issues of whether any Defendant sends SPAM or the E-Mails At Issue should be presented at the August Trial.

3.	BSI's hybrid witness, Paul Wagner refers in his report to the 70,00 Emails At Issue in this case as being SPAM. See P. Wagner Hybrid Report at ¶ 38. Mr. Wagner has done so despite the Court's numerous rulings and statements that the August Trial is not about whether Defendants ever sent unsolicited commercial emails/SPAM.

4.	WAUSA and Holdings, have reason to believe that BSI will attempt to distract the jury and the Court's attention from the Three Trial Issues by referring to the Defendants as senders of SPAM or SPAMers. However, because no discovery has been allowed at to this issue and no proof on point is allowed to be presented during the August trial, BSI should be precluded

from introducing any evidence that Defendants initiate the transmission, conspire with another person to initiate the transmission, or assist in the transmission of any of the E-Mails At Issue or using any SPAM related derogatory terms when it refers to Defendants or those it claims act on Defendants' behalf.. The Court should instruct BSI to refer to WAUSA and Holdings by the term "internet marketing companies."

Dated: August 1, 2011.

                                       Respectfully submitted,

                                       _____/s/_____

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
Nicoleta Timofti, Esq.
TimoftiN@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

--and--
Kenneth Horky, Esq.
Florida Bar No. 691194
horkyk@gtlaw.com
John L. McManus, Esq.
Florida Bar No. 0119423
mcmanusj@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone:  954-765-0500
Facsimile: 954-765-1477

*Attorneys for World Avenue USA, LLC*