UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

July 29, 2011

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esq.
Stephen H. Ring, PC
506 Main Street, Suite 215
Gaithersburg, MD 20878

Michael Stephen Rothman, Esq.
Law Office of Michael S. Rothman
401 East Jefferson Street, Suite 201
Rockville, MD 20850

Sanford M. Saunders, Jr, Esq.
Nicoleta Burlacu, Esq
Greenberg Traurig, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037

John L. McManus, Esq.
Kenneth A. Horky, Esq.
Greenberg Traurig, PA
401 East Las Olas Blvd, Suite 2000
Fort Lauderdale, FL 33301

Re:  Beyond Systems, Inc. v. World Avenue USA, LLC, et al.
      Civil Action No.: PJM-08-921

Dear Counsel:

        Pursuant to the referral of this case to me for resolution of discovery disputes, the Court
has received the email messages referencing – or otherwise related to – the "game plan memo"
documents per Judge Messitte's Order during the pre-trial conference of July 8, 2011
memorialized at ECF No. 722.   The Court has reviewed the unredacted versions of these
messages and finds that these documents should be produced to Defendant.  No hearing is
deemed necessary.  Local Rule 105.6 (D. Md.).

        The "game plan emails" are presented in three batches.  Batch one reflects
correspondence by Paul Wagner in a related stayed case, Beyond Systems, Inc. v. Kraft Foods,
case number PJM-08-409.  Batch two generally reflects correspondence among the Wagner
brothers and Mr. Ring.  Batch three appears to be the subject of the batch one email
correspondence.

        The Court finds that any claim of privilege to these documents, collectively referred to as
the "game plan emails," has been waived.  At the motions hearing on Feb. 16, 2011, this Court
stated in relevant part:

        Number one, the game plan memo, at first the plaintiff indicated that it had no responsive
        documents.  That was set forth in electronic case file No. 272-2.  Then plaintiff had
        claimed privilege but never provided a privilege log.  Therefore, it was waived.

*Beyond Systems, Inc. v. World Avenue USA, LLC*
*Page 2 of 2*
*July 29, 2011*

And plaintiff's reliance on the pleadings and the rulings in the Kraft litigation is misplaced.  The court has never made a finding of mutual applicability of discovery here.  The privilege must be asserted at every juncture or you run the risk of losing it.

(Tr. 87).

The same rationale that was applied to the "game plan memos" should be applied here.  If a privilege log is required to for the underlying memos, the same is required of the emails to which they relate.

Fed. R. Civ. P. 26 (b)(1) confines the scope of discovery to all non-privileged relevant information.  Rule 26 further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  But the rule also states that for "good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  The 2000 Amendment indicates that the "good-cause standard warranting broader discovery is meant to be flexible."

Therefore, the Court will provide to Defendant unredacted copies of the original "game plan emails" provided to this Court at the July 15, 2011 motions hearing under cover of a separate letter.

Some of the documents provided include Bates-stamp numbers, others do not.  For the sake of clarity, the Court has renumbered all of the documents by hand.  These documents will be provided to both Plaintiff and Defendant but will not appear on CM/ECF.  Despite the informal nature of this letter, it should be flagged and docketed as an Order of the Court.

Very truly yours,


_____/s/_____
Charles B. Day
United States Magistrate Judge


CBD/sm