UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

August 1, 2011

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esq.
Stephen H. Ring, PC
506 Main Street, Suite 215
Gaithersburg, MD 20878

Sanford M. Saunders, Jr., Esq.
Nicoleta Burlacu, Esq.
Greenberg Traurig, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037

Michael Stephen Rothman, Esq.
Law Office of Michael S. Rothman
401 East Jefferson Street, Suite 201
Rockville, MD 20850

John L. McManus, Esq.
Kenneth A. Horky, Esq.
Greenberg Traurig, PA
401 East Las Olas Blvd, Suite 2000
Fort Lauderdale, FL 33301

Re:  Beyond Systems, Inc. v. World Avenue USA, LLC, et al.
      Civil Action No.: PJM-08-921

Dear Counsel:

The Court has received Defendant World Avenue USA, LLC's Application As To Amount Of Attorney's Fees ("Defendant's Request") (ECF No. 609). The Court has reviewed Defendant's Request and all related briefings. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons stated below, the Court GRANTS Defendant's Request in the amount of $5,700.00.

Defendant seeks $10,874.00 in attorneys' fees in connection with Defendant World Avenue USA, LLC's Memorandum Of Law In Opposition To Plaintiff Beyond Systems, Inc.'s Motion for Reconsideration. (ECF No. 444). A hearing was held on February 16, 2011, at which the Court denied Plaintiff's motion for reconsideration and invited Defendant to file an affidavit in support of sanctions against Plaintiff. Therefore, Defendant's Request arises under Fed. R. Civ. P. 37(a)(5)(B). This rule regarding discovery abuses states: "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."

Plaintiff begins its objection by asserting that Defendant's Request, along with other requests, follows "in a series of over-briefed, excessive and often redundant motions filed by

Defendant since January, 2010, driving the docket entries from #144 on January 10, 2010 to #586 on December 30, 2010." Plaintiff's observation is not germane to the reasonableness of Defendant's Request.

The underlying motion for these sanctions is a motion for reconsideration filed by Plaintiff. As this Court acknowledged at the hearing, there is nothing in the Federal Rules of Civil Procedure that necessarily places a limit on the number of times a party may file a motion for reconsideration.[1] Federal Rule of Civil Procedure 7 permits a party broad relief including a request that the Court reconsider an order it previously issued. Fed. R. Civ. P. 7; Potter v. Potter, 199 F.R.D. 550, 552 (D. Md. 2001). The Local Rules also provide for similar relief. Local Rule 105.10 (D. Md.). In the District of Maryland, reconsideration is appropriate only if it satisfies one of three grounds: (1) a change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. Potter, 199 F.R.D. at 552 n.1; see also Jackson v. Geren, 2008 WL 7728653, at *1 (D. Md. 2008).

Here the Court concluded that there was "[no] basis for reconsideration" and that Plaintiff's Motion for Reconsideration must be denied. The Court explained that:

> I again agree with the defense that [Plaintiff's request] is not a real reconsideration. Number one, the game plan memo, at first Plaintiff indicated that it had no responsive documents. That was set forth in electronic case file No. 272-2. Then Plaintiff had claimed privilege but never provided a privilege log. Therefore it was waived.

> And Plaintiff's reliance on the pleadings and the rulings in the Kraft litigation is misplaced. The court has never made a finding of mutual applicability of discovery here. The privilege must be asserted at every juncture or you run the risk of losing it.

> The gist of it is that I do not find a basis for reconsideration. So I must deny the motion.

(Tr. 87, ECF No. 609-4).

Substantively, Plaintiff seeks a reduction based on the "portion of the discovery sought that was found to be deficient." Plaintiff's proportionality argument misconstrues the underlying principle as this Court has applied it. In EEOC v. Bardon, Inc., 2010 WL 989051 (D. Md. 2010) (Slip Copy), the Court's award was based on a finding that the defendant prevailed upon 52% of its motion to compel. In the instant matter, the Court makes no such finding of partial victory and finds no reason to reduce the award. The Court does not share Plaintiff's view that "the

---

[1] The underlying Court Order is an interlocutory order and while not specifically provided for in the Federal Rules of Civil Procedure, motions for reconsideration of an interlocutory order are not unusual in federal practice. Above the Belt, Inc. v. Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

*Beyond Systems, Inc. v. World Avenue USA, LLC*
*Page 3 of 9*
*August 1, 2011*

Court [should] take into account the multiple pending motions and discovery activity that was ongoing" during Defendant's fourth set of document requests. (ECF No. 625 at 4-5). Therefore, the Court rejects Plaintiff's proportionality argument.

Plaintiff next argues against the reasonableness of the fees sought by describing Defendant's efforts to resolve the discovery issue with long letters as serving "two ulterior motives: a) a peg on which to hang charges for additional time, and b) a means to obtain discovery beyond the scope that has been formally requested." (ECF No. 625 at 5). This observation has very little to do with the reasonableness of the hours claimed or the hourly rates Defendant seeks. Plaintiff categorically denotes Defendant's Request as being "excessive for the work reasonably required and the work actually done." In addition, Plaintiff objects to the hourly rate Defendant seeks but fails to present the Court with an example of an hourly rate it deems is reasonable.

## I.  Calculation of Fees

This Court uses a lodestar analysis to determine attorneys' fees awards, an analysis which involves multiplying a reasonably hourly rate by the number of reasonable hours expended. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009), citing Grissom v. Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008). Reasonableness is key in the analysis and the twelve Johnson factors guide the Court in determining what are "reasonable" hours and rates. The twelve Johnson factors are:

> (1) time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work: (6) the attorney's expectation at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; (12) attorneys' fees awards in similar cases.

See Robinson, 560 F.3d at 243; Barber v. Kimbrell's Inc., 577 F.2d 216, 226, n.28 (4th Cir. 1978) (where the court adopted the factors established in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)). In determining the reasonableness of the fees requested, the Court also relies upon the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, Appendix B, Local Rules (D. Md.) (the "Guidelines"), which will be discussed in greater detail below.

For the analysis in the instant case, the Court finds Johnson factors one, two, three and nine most persuasive. Turning to factor one, it is clear the amount of time and effort invested by Defendant's attorneys was significant. Factor two is applicable because this case involves some

unique challenges, especially those that stem from the underlying controversy: whether certain emails were sent by a particular corporate entity or received by a particular email address. Factor three is relevant because of the various parent and subsidiary corporate identities implicated. Finally, the experience, reputation and ability of the attorney will be a relevant factor in virtually every case. The more experienced an attorney, the more efficiently he or she is expected to perform. Likewise, one would expect the more experienced attorney to charge higher fees when compared to an inexperienced attorney.

Defendant's primary support for the reasonableness of the billing rates of counsel is offered by the declarations of attorneys Sandford Saunders and John McManus. Standing alone, the Court finds these declarations are insufficient. Parties seeking fee awards generally must submit affidavits from non-trial counsel attesting to the reasonableness of their rates. Defendant also provides a summary chart, stating the date, the name of the attorney, a description of the task being performed, the amount of hours to complete said task or tasks, and the total being charged, which synthesizes the contemporaneous time records kept. Ultimately the appropriate amount for an award of attorney's fees is a matter left to the discretion of the Court. Both the reasonableness of the hourly billing rates and the reasonableness of the hours incurred are discussed in turn.

## II.  Reasonable Billing Rate

When submitting a fee petition, a party should submit affidavits from other attorneys attesting to the reasonableness of the hourly rates. Robinson, 560 F.3d at 245; Grissom, 549 F.3d 313. In both cases, the Fourth Circuit found that the moving party had not provided sufficient evidence of the reasonableness of the hourly rates proposed and both cite the use of affidavits as the preferred method of doing so. The Grissom court stated that the affidavits were necessary because they ensured that the hourly rates requested by the party "coincided with the then prevailing market rates of attorneys in the Eastern District of Virginia of similar skill and for similar work, which our case law required him to do." Grissom, 549 F.3d at 323. See also Robinson, 560 F.3d at 245.

While affidavits are the preferred evidence of understanding reasonableness in the context of prevailing market rates, "in the absence of sufficient documentation, the court may rely on its own knowledge of the market." Costar Grp. v. Loopnet, Inc., 106 F. Supp. 2d 780, 788 (D. Md. 2000). See also Hensley v. Eckerhart, 461 U.S. 424, 433 (inadequate information is not necessarily fatal; a court may instead adjust fees accordingly). The Court may supplement with its own knowledge because it "is itself an expert on the question of reasonableness and . . . may form an independent judgment either with or without the aid of witnesses as to value." Id., at 788 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)). In the District of Maryland, this market knowledge is embedded in the Guidelines. The Guidelines are instructive on the range of reasonable hourly rates based on counsel's years of experience. While the Guidelines are not binding, generally this Court presumes a rate is reasonable if it falls within

*Beyond Systems, Inc. v. World Avenue USA, LLC*
*Page 5 of 9*
*August 1, 2011*

these ranges.[2]  In light of this, Defendant has provided sufficient information for this Court to determine whether the proposed attorneys' fees are reasonable.

Defendant seeks compensation for work performed by four attorneys and two support staff.[3]  The four attorneys, Sanford Saunders, Kenneth Horky, and John McManus, each claim an hourly rate that exceeds the Guidelines.  The two members of the support staff, Jozef Przgrodzki and Barry Dotson, claim hourly rates that exceed the Guidelines as well.  Defendant cites various cases as support for their respective rates.  As the Court explains below, each case is distinguishable from the facts presented here.

Defendant notes that in Instant Tax Serv. 10060, LLC v. TCA Fin., LLC, 2009 WL 2579806  (D. Md. 2009), this Court stated: "[w]hile these rates are on the high side, the Court finds them to be not out of range from the hourly rates charged by other large firms with clients throughout the United States and abroad."  A critical aspect is that the sanctions came under Rule 11.  The Court found the "primary purpose of sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous suit."  Id. at *3 (citing In re Kunstler, 914 F.2d 505, 524 (4th Cir. 1990)).  By contrast, the underlying aim of Rule 37 is to compensate the moving party for having to file or respond to an unnecessary motion.  Defendant has not demonstrated why it should be permitted to exceed the Guidelines.

In Bethesda Asset Servs., Inc. v. Bank of N.Y., 2005 WL 2106083 (D. Md. 2005), the Court did not use the Guidelines as a basis for determining the reasonableness of attorneys' fees. Instead the Court relied exclusively on its own experience in "examining other lawyers' invoices in other cases, fee discussions with lawyers at professional gatherings, and a review of legal periodicals in the Washington metropolitan area."  Id. at *36.  However, after the Court reviewed each invoice submitted, it reasoned the invoices demonstrated "that the expenditures for fees and expenses were necessary to achieve the successful results obtained by the plaintiffs.  Further, the amounts expended were reasonable considering the qualifications and ability of counsel, the complexity of the issues, and the scope and amount of work entailed in presenting the plaintiff's case."  Id. at *37.  While this Court acknowledges that the effort to get the cooperation of Plaintiff in discovery is not insignificant, the situation here involves a motion for reconsideration.  Even assuming arguendo it was time consuming and something less than

---

[2] Footnote 6 in Appendix B, Local Rules (3)  provides important insight regarding the purpose and use of the fee ranges in the Local Rules:

> These rates are intended solely to provide practical guidance to lawyers and judges when requesting, challenging and awarding fees.  The factors established by case law obviously govern over them.  One factor that might support an adjustment to the applicable range is an increase in the cost of legal services since the adoption of the guidelines.  The guidelines, however, may serve to make the fee petition less onerous by narrowing the debate over the range of a reasonable hourly rate in many cases.

Appendix B, Local Rules (3) n.6 (D. Md.).

[3] Defendant also seeks fees for a law clerk and paralegal, both of whom also have rates that exceed the Guidelines.

*Beyond Systems, Inc. v. World Avenue USA, LLC*
*Page 6 of 9*
*August 1, 2011*

straight forward, the instant matter is not analogous to the complexity, scope or amount of work entailed in presenting an entire case.

Defendant next cites <u>Whitaker v. Navy Fed. Credit Union</u>, 2010 WL 3928616 (D. Md. 2010) (Slip Copy).  Defendant claims the Court permitted a fee that was above those presumed reasonable in the Guidelines "where it was justified by the experience of the attorney."  The Court is not persuaded the case here involves such unique issues that it requires experience to justify an above the Guidelines award.

Defendant states that in <u>Johannssen v. District No. 1-Pacific Coast District</u>, 2001 WL 770987 (D. Md. 2001) the "court deviated from the Guidelines and awarded a higher fee where the evidence showed that the customary fee for like work was higher than the Guidelines."  This case, and subsequently the statutory authority for the Court to award fees in its discretion, arose under an Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1053(a). The Court reasoned that "as the Fourth Circuit has held, different policies undergird the fee shifting provisions of ERISA, on the one hand, and those of federal civil rights statutes, on the other hand."  <u>Id.</u> at *5.  (Citation omitted.)  The Court concluded "[t]hose differences are particularly salient in this case and they militate against calculating fees at current rates."  <u>Id.</u> None of the rationales in that case apply here.  Lastly, while the rates may have exceeded those provided in the Guidelines at the time the request was made, the Court found such figures were consistent with the next version of the Local Rules to be effective six months later.  <u>Id.</u> at *5 n.2 ("In fact, the Local Guidelines have been revised upward, effective July 1, 2001, to reflect the increase in the prevailing attorney's fees in this region.")

Defendant has not presented the Court with anything that persuades it to deviate from the figures provided in the Guidelines.  While Defendant notes cases decided in the Fourth Circuit and in the District of Maryland that found the situation warranted going beyond the rates published in the Local Rules, these cases are each distinguishable.  These cases notwithstanding, the result here would remain the same as Defendant has not demonstrated a satisfactory basis to permit rates higher than the Guidelines under these circumstances.  The four attorneys and two paralegals for whom fees are sought are discussed individually below.

Nicoleta Burlacu graduated from law school in 2000.  She received her L.L.M. in 2006. It appears from Mr. McManus' declaration that she then worked for Greenberg Traurig, LLP from 2006 to 2008.  She was admitted to the New York bar in 2008.  While the Guidelines are fashioned in terms of "years admitted to the bar," the Court accepts Defendant's representation that she has ten years of experience and includes her international law experience for purposes of determining her reasonable hourly billing rate.  As such, the Court finds $300.00 per hour reasonable as it is within the Guidelines.

John McManus has 13 years of experience.  The Guidelines provide that the reasonable hourly rate for an individual with his experience is between $225–300.  As such, the Court will apply a rate of $300.00 per hour for his work performed in connection with Defendant's Request.

Kenneth Horky has 24 years of experience.  The Guidelines provide that $275-400 is a reasonable hourly range for an attorney with more than 15 years of experience.  Defendant does not provide the Court with any evidence or other information persuading it to go beyond the range provided by the Local Rules.  Therefore the Court finds the reasonable rate for Mr. Horky is $400.00 per hour for the work performed in connection with Defendant's Request.

Sanford Saunders has more than 27 years of experience.  The Court will allow a rate of $400.00 per hour.

Jozef Przgrodzki has 15 years of experience as a paralegal.  While, Mr. Przgrodski was admitted to the Maryland bar in June 2010, the nature of the work being performed is that of a paralegal.  Therefore, the Court finds in this instance it is reasonable to apply a paralegal rate of $115.00 per hour for the work performed.

Barry Dotson has approximately 26 years of experience as a paralegal.  The Guidelines provide that the reasonable hourly rate for an individual with his experience is between $95-115.  As such the Court will apply a rate of $115.00 per hour for his work performed in connection with Defendant's Request.

### III.  Reasonable Hours

Defendant has the burden of demonstrating that the fees and hours requested are reasonable.  Costar Group, 106 F. Supp. 2d at 788.  Contemporaneous time records are the preferred method to account for the hours requested by a moving party.  However, summary charts can be sufficient.  Id.  (Noting a summary chart was adequate, though contemporaneous time records are ideal).  An adequate summary chart must include enough information for the Court to rule on the reasonableness of the award; "the records must specify, for each attorney, the date, the hours expended and the nature of the work done."  Id.  Cf. Hensley v. Eckerhart, 461 U.S. 424, 437 n. 12 (1983) (a party "is not required to record in great detail how each minute of his time was expended.  But at least counsel should identify the general subject matter of his time expenditures.").

At first blush, the Court was troubled by Defendant's Request seeking $10,874.00 in connection with an opposition to a motion for reconsideration.  The issue being that most if not all of the work had been completed previously.  But Defendant claims that after the closing of briefing on the Motion for Reconsideration, more work was done on the part of Defendant:

[Defendant] sent a thirty-nine page letter that addressed, among other things, the discovery that was the subject of the Motion for Reconsideration at Pages 24-29.  On December 23rd and December 26th, counsel for BSI responded, but did not agree to resolve the Motions for Reconsideration.  On January 6, 2011, counsel for WAUSA sent a follow-up 47-page letter . . . that detailed, among other things, the issues with the

Motions for Reconsideration at Pages 44-45.  In addition to the foregoing, there were multiple e-mails back and forth between counsel, as well as follow-up correspondence and telephone conferences on the issues.

(EFC No. 609-1 at 2).

After considering Defendant's explanation, and rereading all related briefings, the Court is satisfied that a net reduction is warranted on this basis.  This is due to the fact that the work here overlaps in many regards with previous documents.  The preparation for the hearing and the work done in this instance is such that the Court finds it overly duplicative and redundant of those previous efforts.  Reasonable minds might differ on this point; however there is no dispute that because of Plaintiff's conduct, Defendant was required to engage in a motions practice that it otherwise would not have.  Therefore the Court will reduce the overall award by 25% on this basis.  The Court will also administer a reduction for a separate reason as discussed below.

The Guidelines permit compensation for the attendance of more than one lawyer "where justified," at an inter-office conference.  Appendix B, Local Rules (2)(d) (D. Md.).  However, the general approach is that only one lawyer is compensated for attendance at a conference, whether it be with a client, third party or intra-office.  Absent adequate "justification," the Court subscribes to the general approach that one lawyer will be compensated for a conference.  Here it appears there was an intra-office conference in connection with the motion and related hearing, which is specifically related to Defendant's Request.  Therefore, the Court will allocate the time for the meeting to Mr. Saunders only.

Those issues notwithstanding, the Court finds Defendant's summary chart and contemporaneous time records are reasonable.  Together they provide the Court an adequate description of each task worked on, the attorney working on the task, the date, and the amount of time spent on the specific task.  The Court finds that in general the hours invoiced by Defendant to accomplish the tasks are reasonable.  The Court provides a summary of the invoice entries for all individuals involved below, which reflects the minutes subtracted for everyone in attendance at the "conference" save Mr. Saunders.  In addition, the hourly rates have been substituted with the Court's reasonable hourly rates, which are consistent with those found in the Local Rules.

| NAME | HOURS | RATE | AMOUNT |
|------|-------|------|--------|
| Nicoleta Burlacu, Esq. | 7.0 | $300.00/hr | $2,100.00 |
| John McManus, Esq. | 2.7 | $300.00 | $810.00 |
| Kenneth Horky, Esq. | 2.4 | $400.00/hr | $960.00 |
| Sanford Saunders, Esq. | 5.3 | $400.00/hr | $2,120.00 |
| Jozef Przygrodzki, Esq. | 3.3 | $115.00/hr | $379.50 |
| Barry Dotson, paralegal | 10.7 | $115.00/hr | $1230.50 |
|  |  |  |  |
| **TOTALS** (before reduction) |  |  | $7,600.00 |
| **25% reduction** ($1,900) |  |  | $5,700.00 |

*Beyond Systems, Inc. v. World Avenue USA, LLC*
*Page 9 of 9*
*August 1, 2011*

## IV.  Conclusion

For the reasons stated herein, the Court awards Defendant fees in the total of $5,700.00. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.


_____/s/_____

Charles B. Day
United States Magistrate Judge


CBD/sm/del